IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C. A. No. 04-343-JJF |
| TATUNG CO.; | ) |
| TATUNG COMPANY OF AMERICA, INC.; and | ) |
| VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**VIEWSONIC CORPORATION'S MOTION TO FILE
SURREPLY TO LG.PHILIPS' REPLY BRIEF IN
SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

I.   **Introduction.**

On February 17, 2005, Plaintiff, LG.Philips LCD Co., Ltd. ("LPL") filed its Reply Brief in Support of Motion for Preliminary Injunction ("Reply" D.I. 170.). In violation of both Delaware Local Rule 7.1.3(c)(2) and this Court's Stipulated Order[1], LPL improperly included new material in the Reply, including a new declaration from LPL's expert witness William Bohannon. (D.I. 171.)

ViewSonic respectfully requests that the Court either ignore the new matter or permit ViewSonic to file a surreply to address certain of this new material. A copy of the proposed surreply is attached hereto as Exhibit 1.

---

[1] On November 30, 2004, the Court entered a Stipulated Order stating, "LPL has until and including February 4, 2005 to serve and file its reply brief and declarations (subject to LR 7.1.3(c)(2)) in support of LPL's motion for preliminary injunction." (D.I. 97.) On January 10, 2005, the parties submitted a new Stipulation that proposed changes to the deposition and reply brief due dates. (D.I. 114.) The new Stipulation contained the same language regarding Rule 7.1.3 as the November 30, 2004 Order. The parties have not yet received a signed copy from the Court.

II.  **The Improper New Material.**

The Reply contains substantial new material, including:

- A definition for "rear mountable" and related analysis;

- A significantly modified definition of "housing" and related analysis;

- A significantly modified definition of "first frame" and related analysis;

- A significantly modified definition of "fastening element" and related analysis;

- Arguments in the Reply that address for the first time ViewSonic's defense of invalidity, including Paragraphs 5 through 143 of the Fourth Declaration of William Bohannon, which provides expert testimony for the first time on ViewSonic's defense of invalidity;

- A new definition of what constitutes "one of ordinary skill in the art" for purposes of the patents-in-suit; and

- Analysis of parts of the VX900 previously ignored by LPL as irrelevant to its infringement analysis.

III. **Under Principles Of Fairness And Due Process, ViewSonic Should Be Allowed To File A Surreply Addressing The New Material.**

The new material included in LPL's Reply is not only substantial, it significantly alters the arguments raised by LPL in its opening brief that ViewSonic addressed in its answering brief. In fact, the Reply reads like an entirely new opening brief. By raising new facts, evidence, and arguments, LPL has substantially prejudiced ViewSonic's right to fairly defend itself against the motion for preliminary injunction.

Local Rule 7.1.3(c)(2) clearly provides: "The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair

2

opening brief." Moreover, in the Stipulated Order, LPL agreed – and the Court so ordered – that LPL would be bound by this Local Rule: "LPL has until and including February 4, 2005 to serve and file its reply brief and declarations (subject to LR 7.1.3(c)(2)) in support of LPL's motion for preliminary injunction." (D.I. 97; emphasis added).

Case law also provides that where new evidence is presented in a party's reply brief or affidavit in further support of its motion, and the new evidence is not stricken, the nonmoving party should be permitted to respond to the new matters before the court rules on the motion. *See, e.g., Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992); *Cia Petrole Caribe, Inc., v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985); *Seay v. Tennesee Valley Authority*, 339 F.3d 454, 481-482 (6th Cir. 2003). ViewSonic requests that it be allowed to respond to at least some of the new material in the Reply before the Court rules on the motion for preliminary injunction.

Indeed, particularly surprising is the submission of a new 143-paragraph declaration from LPL's expert witness, William Bohannon setting forth for the first time opinions regarding ViewSonic's defense of invalidity. (D.I. 171.) When ViewSonic deposed Mr. Bohannon before filing its Answering brief, ViewSonic attempted to ask Mr. Bohannon about the scope of his construction of four claim terms and his opinion in his declaration that the patents-in-suit were valid. To assist with this questioning, ViewSonic planned to use drawings of certain prior art structures. LPL's counsel instructed Mr. Bohannon not to answer any of these questions, claiming that Mr. Bohannon had not been retained to opine on the patents' validity. (D.I. 44, 53-55, 58.)

3

As the Court may recall, ViewSonic moved to compel further deposition testimony from Mr. Bohannon on these issues. (D.I. 44.) LPL vehemently opposed the motion, arguing that further testimony on claim construction was not warranted and that Mr. Bohannon had not been retained to opine on the issue of validity. (D.I. 53-55.) The Court denied ViewSonic's motion. (D.I. 92.) Not surprisingly, as the Court can see from Mr. Bohannon's new 143-paragraph declaration that "further clarifies" the scope of his claim term definitions and opines on validity, LPL took full advantage of ViewSonic being foreclosed from cross-examining Mr. Bohannon on these issues.

## IV. Conclusion.

ViewSonic respectfully requests that if the Court is not inclined to disregard LPL's Reply in its entirety, that instead, the Court accept for filing ViewSonic's Surreply (attached as Exhibit 1) addressing certain of LPL's new material raised in its Reply. Pursuant to Local Rule 7.1.1, counsel for ViewSonic contacted counsel for LPL to see whether LPL would consent to the relief requested herein, but LPL would not consent to the requested relief.

OF COUNSEL:

Scott R. Miller
Tracy R. Roman
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400

Dated: March 1, 2005

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Telephone: (302) 984-6000

*Attorneys for Defendant
ViewSonic Corporation*

672124 / 28203

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 1, 2005, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

Jeffrey S. Goddess
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070

I hereby certify that on March 1, 2005, I have Federal Expressed the foregoing document(s) to the following non-registered participants:

Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
Andrew J. Park
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006

Robert C. Weems
Julian M. Baum
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

David E. Moore

672130v1