IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; et al., <br><br> Defendants. | Civil Action No. 04-343-JJF |

**PLAINTIFF LG.PHILIPS LCD CO., LTD.'S
MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO TATUNG DEFENDANTS' MOTION TO DISMISS
AS TO JURISDICTIONAL ISSUES**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") respectfully requests an enlargement of the March 7, 2005 deadline to file an answering brief responding to the Motion To Dismiss for Lack of Personal Jurisdiction filed by Defendants Tatung Company ("Tatung") and Tatung Company of America, Inc. ("Tatung America") (the "Tatung Defendants") (D.I. 16.).[1]

In November 2004, this Court entered orders granting LPL's motion for jurisdictional discovery (D.I. 88) and extending the time for LPL to brief the jurisdictional issues raised in the motion to dismiss until after jurisdictional discovery was completed (D.I. 90). The Tatung Defendants, however, have avoided and delayed jurisdictional discovery. On February 25, 2005, the Court appointed former Judge Poppiti as a Special Master to resolve these issues (D.I. 178).

LPL believes that the Court's appointment of the Special Master implicitly extends the March 7, 2005 deadline for filing LPL's answering brief until after resolution of the

---

[1] LPL already has filed a partial answering brief regarding the Tatung Defendants' dismissal arguments concerning issues other than jurisdiction, including technical process and service issues (D.I. 40).

578374v1

jurisdictional discovery issues so that LPL has the benefit of the discovery it needs to brief the jurisdictional issues. Otherwise, the appointment of the Special Master would serve no useful purpose. Judge Poppiti has scheduled an initial conference for March 9. Judge Poppiti will thus only begin to resolve the timing and scope of jurisdictional discovery after the March 7 deadline has expired.

The Court has broad authority to grant an enlargement of time for good cause. More specifically, the Court may properly enlarge a pending deadline when, as here, LPL has sought an enlargement of time before the deadline expires. *See* Fed. R. Civ. P. 6(b).[2] This Court has ruled that LPL is entitled to jurisdictional discovery; further, this Court has ruled that LPL should have until after the completion of jurisdictional discovery to submit its brief concerning personal jurisdiction. Accordingly, LPL respectfully requests that the Court enter an order formally enlarging the time for LPL to file its brief on personal jurisdiction until fifteen (15) days after the completion of jurisdictional discovery, as determined by the Special Discovery Master.

LPL's counsel conferred with Tatung's counsel in an effort to agree to enlarge the time for LPL to file its Answering Brief. While consenting generally to the extension of time, Tatung's counsel insisted on extending the deadline to a date certain. Because the process before the Special Discovery Master is just beginning, because the parties have little control over the Special Discovery Master's calendar, and because the history of this case demonstrates that obtaining any ordered discovery from the Tatung Defendants will continue to be problematic, LPL believes that setting the deadline at a definite point after the completion of discovery makes more sense than an arbitrary date certain that may need to be extended repeatedly.

---

[2] Rule 6(b) provides in relevant part that "the court for cause shown may at any time in its discretion" order a deadline set by rule, notice, or order of court to be "enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order." Fed. R. Civ. P. 6(b)(1).

578374v1

For the foregoing reasons, LPL respectfully requests an enlargement of time to file its Answering Brief on personal jurisdiction in response to the motion to dismiss (D.I. 16) until and including 15 (fifteen) days after the completion of jurisdictional discovery, as determined by the Special Discovery Master.

March 4, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk

Richard D. Kirk (#922)
222 Delaware Avenue – 9th Floor
Wilmington, DE 19899-5130
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

578374v1

3