IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | Civil Action No. 04-343-JJF |
| v. | |
| TATUNG COMPANY; et al., | |
| Defendants. | |

**PLAINTIFF LG.PHILIPS LCD CO. LTD.'S OPPOSITION TO DEFENDANT VIEWSONIC CORPORATION'S MOTION TO FILE SURREPLY**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") opposes ViewSonic Corporation's ("ViewSonic") Motion To File Surreply to LG.Philips' Reply Brief in Support of Motion for Preliminary Injunction (D.I. 179). The Court should disregard ViewSonic's surreply, which was improperly filed with its motion contrary to Del. L.R. 7.1.2(c).[1] ViewSonic's motion also should be denied because LPL has not unfairly raised any new matter in its reply papers and ViewSonic has all of the discovery from Mr. Bohannon that it originally requested.

I. **VIEWSONIC SEEKS AN IMPERMISSIBLE "SECOND BITE AT THE APPLE" ON ISSUES THAT VIEWSONIC HAS PREVIOUSLY BRIEFED**

ViewSonic's motion to file a surreply misconstrues Local Rule 7.1.3(c)(2). This rule prohibits a party from unfairly asserting an entirely new argument on reply, which would prevent

---

[1] The Court has ordered the parties not to file motions. (D.I. 93.) ViewSonic's filing also violates Del. L.R. 7.1.2.(c) and the Court should disregard the surreply. *See Kondrath v. Arum*, 881 F. Supp. 925, 927 n.2 (D. Del. 1995). In *Kondrath*, this Court ignored a surreply brief filed with a motion to file surreply because Rule 7.1.2.(c) "prohibits a party from filing a sur-reply brief without prior approval of the court, unless the brief advises the court of cases decided after the final brief was filed or after oral argument." *Kondrath*, 881 F. Supp. at 927 n.2. The rule states: "No additional briefs, affidavits, or other papers in support of or in opposition to the motion shall be filed without prior approval of the Court, except that a party may call to the Court's attention and briefly discuss pertinent cases decided after a party's final brief is filed or after oral argument." Del. L.R. 7.1.2.(c).

579181v1

the opposing party from responding to the new argument. *See In re Student Finance Corp.*, No. 02-11620, Civ. A. 03-507 JJF, 2004 WL 609329, *3 n.4 (D. Del. Mar. 23, 2004) (explaining that Rule 7.1.3(c)(2) avoids what would otherwise amount to "impermissible sandbagging") (citations omitted). LPL did no such thing.

To the contrary, all of LPL's reply brief arguments, and all of the statements in Mr. Bohannon's declaration filed with the reply brief, respond to ViewSonic's Answering Brief. As this Court recently concluded in another case, "everything in plaintiffs' reply memorandum is either in the original brief or in response to defendants' arguments in opposition of plaintiffs' motion." *In re Fleming Cos., Inc.*, 316 B.R. 809, 815 n.3 (D. Del. 2004). ViewSonic thus has failed to show any violation of Local Rule 7.1.3(c)(2). *See id.* What ViewSonic really wants is to have the last word. The Court should deny ViewSonic's motion to file a surreply brief.

A.  **LPL Did Not Reserve Any New Material for Its Reply Brief**

Seeking to have the final word, ViewSonic unpersuasively contends that because LPL's reply papers address the newly introduced arguments asserted by ViewSonic in its brief, LPL has raised "new material" and filed a "new declaration" of expert William Bohannon. D.I. 179 at 1. Under ViewSonic's reading of Rule 7.1.3, a party would **always** be entitled to file a surreply because every reply brief -- by definition -- responds to the arguments newly asserted by the opposing party in an answering brief. Instead, Rule 7.1.3 should be construed consistent with its intended purpose of preventing a moving party from introducing a new issue that is beyond the scope of the opening brief and the answering brief. To qualify as prohibited new matter, therefore, a reply brief must raise new subject matter that unfairly prevents the opposing party from responding. LPL's reply brief and declaration do not include any such new matter.

In LPL's opening brief, LPL properly relied on the presumption of validity. ViewSonic had not even asserted its specific prior art in this case before LPL filed its opening brief. At that

579181v1

2

time, and at the time of Mr. Bohannon's deposition, Mr. Bohannon had not considered or analyzed any validity issues or prior art. LPL made very clear, however, that LPL reserved the right to use Mr. Bohannon or any other experts on validity (or other future issues) at the appropriate time. *See, e.g.*, LPL's Answering Brief, D.I. 53 at 4; Decl. of Daniel Jarcho, D.I. 55 at ¶7 ("The Court has not entered any scheduling order in this case and LPL reserves the right, consistent with applicable court rules, to designate any and all experts, to expand the scope of Mr. Bohannon's testifying work, and to seek additional relief based on other infringing products, as LPL deems appropriate."). Likewise, in denying ViewSonic's motion to compel, this Court noted that "Plaintiff's expert, William Bohannon, has not yet filed an Expert Report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)." D.I. 92. This Court further agreed with LPL that ViewSonic had received the discovery to which it had agreed, ruling that "the discovery that ViewSonic Corp. requests in its Motion exceeds the scope of the parties' stipulation." D.I. 92.

In the same bullet-point format adopted in ViewSonic's motion (p. 2), LPL shows below that all of the alleged "Improper New Material" is well within the scope of the prior briefing:

- "Rear Mountable": ViewSonic introduced an erroneous definition for the term "rear mountable" in its Answering Brief. (D.I. 64 at 12.) ViewSonic's expert, Mr. Brinkerhoff, relied on a completely different but equally erroneous definition in his declarations. (D.I. 66 ¶¶10, 20, 24, 50, 63, 81, 98, 114, 131, 139; D.I. 100, tab 2 ¶ 6). The definition of "rear mountable" set forth in LPL's Reply Brief (D.I. 170 at 3) and in the Fourth Declaration of William Bohannon (D.I. 171 ¶ 11) merely rebuts ViewSonic's erroneous definitions.

- "Housing" and "First Frame": LPL defined both "housing" and "frame" in LPL's Opening Brief. (D.I. 3 at 10-11.) ViewSonic's expert distorted these definitions in his analysis of certain prior art references. Mr. Bohannon merely clarifies these terms in his Fourth Declaration in response to the misuse of these terms by Mr. Brinkerhoff. With regard to the more specific term "first frame," it was ViewSonic that raised an issue over the meaning of this term in its Answering Brief. (D.I. 64 at 14-17.) LPL did not define this term in its reply brief, but simply restated the language of the asserted claims to rebut ViewSonic's arguments. (D.I. 170 at 4.)

- "Fastening Element": ViewSonic's expert, Mr. Brinkerhoff, first defined the term "fastening element." (D.I. 66 ¶10; D.I. 100, tab 2 ¶ 6.) His definition was inaccurate and over broad. Because ViewSonic relies on this inaccurate definition for its invalidity

argument, Mr. Bohannon responded with an appropriate definition of "fastening element." (D.I. 171 ¶ 12.)

- LPL's Position on Validity: ViewSonic's Answering Brief asserts, for the first time, ViewSonic's validity arguments and prior art references. (D.I. 64 at 27-36.) ViewSonic's arguments rely on Mr. Brinkerhoff's declarations, which address ten alleged prior art documents and/or devices, and 32 different interpretations of that alleged prior art. (D.I. 66; D.I 100 at tab 2.) In LPL's Reply Brief, LPL merely responds to ViewSonic's newly asserted prior art. (D.I. 170 at 8-15.) Furthermore, the Fourth Declaration of William Bohannon addresses the validity and prior art issues, and only those issues, raised by ViewSonic and Mr. Brinkerhoff. (D.I. 171 ¶¶ 5-143.)

- "One of Ordinary Skill in the Art": In its Answering Brief, ViewSonic argues that the asserted claims are invalid under 35 USC § 103. (D.I. 64 at 33-36.) In setting forth the law, ViewSonic refers to one "having ordinary skill in the art." (D.I. 64 at 34.) However, in analyzing the validity of the asserted claims, neither ViewSonic nor Mr. Brinkerhoff ever defines who this person is or what this person would have known given the alleged prior art, as required in a proper and complete validity analysis. Although ViewSonic's analysis is thus deficient (as explained in LPL's brief, D.I. 170 at 11), LPL and its expert properly responded on reply to ViewSonic's § 103 argument, by defining "one of ordinary skill in the art." ViewSonic's failure to define this term does not mean it is a new issue because Mr. Bohannon provided a definition; it simply means that ViewSonic's validity analysis was *prima facie* improper and incomplete.

- Analysis of Additional VX900 Parts: ViewSonic cites nothing that shows that LPL's Opening Brief ignored any relevant infringement issues. In its Opening Brief, LPL provided a full and complete infringement analysis of the VX900 monitor, based on the declaration of William Bohannon. (D.I. 3 at 11-23; D.I. 5 at 19-25.) In its reply brief, LPL properly rebuts, in order, each of ViewSonic's non-infringement arguments. (D.I. 170 at 1-8.)

**B.     LPL's Validity Arguments Respond To ViewSonic's Validity Arguments**

    **1.     ViewSonic, Not LPL, Introduced New Validity Issues**

LPL's reply brief validity arguments -- the sole issue addressed in depth by ViewSonic's motion -- respond directly to the validity arguments asserted in ViewSonic's Answering Brief. ViewSonic somehow finds it unusual that LPL addressed the merits of the invalidity arguments raised -- for the first time in this case -- in ViewSonic's Answering Brief. Specifically, ViewSonic complains that LPL's expert, Mr. Bohannon, responded to the validity issues addressed by ViewSonic's expert, Mr. Brinkerhoff. ViewSonic complains, for example, that Mr. Bohannon was not designated as LPL's expert on validity issues at the time of his deposition. *See* D.I. 179 at 3. As LPL explained when opposing ViewSonic's motion to compel Mr.

579181v1

4

Bohannon to answer questions about validity (an issue not then considered by Mr. Bohannon) and prior art (that Mr. Bohannon had never seen), LPL originally designated Mr. Bohannon as its expert only on infringement issues. *See* LPL's Answering Brief in Opposition to ViewSonic's Motion to Compel, D.I. 53 at 3-4. Indeed, when ViewSonic deposed Mr. Bohannon, he specifically testified that he originally was "not retained to offer an opinion on the validity of the patents." Bohannon Dep. at 29, attached to Decl. of Daniel Jarcho, D.I. 55, Ex. 1. Because Mr. Bohannon was not originally retained as an expert on validity, Mr. Bohannon's declaration filed with LPL's opening brief in support of the motion for preliminary injunction addresses only infringement issues, not validity issues.

### 2. LPL Provided All of the Discovery that ViewSonic Requested, Including Mr. Bohannon's Deposition

LPL provided exactly the discovery, including deposition testimony, to which ViewSonic agreed. LPL and ViewSonic stipulated to the scope and timing of discovery, including Mr. Bohannon's deposition. ViewSonic expressly agreed that Mr. Bohannon's deposition would relate only to his opinions in his first declaration, which related solely to infringement. *See* D.I. 28 ¶ 2 (limiting scope of deposition to Mr. Bohannon's declaration). Because validity was not specifically contested when LPL filed its opening brief, LPL had no reason to submit any expert validity analysis with its opening brief.

ViewSonic's argument that it was prevented from "cross-examining" Mr. Bohannon at his deposition is meritless -- he necessarily could not be cross-examined about validity opinions that he had not even formed yet. ViewSonic cited liberally to Mr. Bohannon's deposition in its Answering Brief. Further, ViewSonic fails to explain how Mr. Bohannon's validity analysis is unfair. ViewSonic has its own validity expert and fully briefed its validity arguments. What ViewSonic really wants is to have the last word on the subject. Mr. Bohannon's contrary

opinions are not new, prejudicial matter just because Mr. Bohannon's analysis is more complete and persuasive than the declaration of ViewSonic's expert. Indeed, LPL could have used an expert other than Mr. Bohannon to address the same validity and prior art issues. ViewSonic does not (and cannot) explain how using Mr. Bohannon instead of retaining an entirely new expert violates Local Rule 7.1.3(c)(2).

### 3. ViewSonic Relies on Distinguishable Cases from Other Courts

ViewSonic cites three cases outside of this District that do not support its motion. D.I. 179 at 3. In *Litton Industries*, for example, the court denied a motion to strike a reply affidavit that responded "to matters placed in issue by [the opposing party] in its opposition brief and d[id] not spring upon [the opposing party]" any new matter. 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992). The reasoning in *Litton Industries* applies here: "[c]learly, reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues." *Id.*[2]

### 4. ViewSonic Has Failed To Show Any Unfair Surprise or Prejudice

LPL has not unleashed any new issues in its reply papers. LPL fully argued all of the relevant preliminary injunction elements in its opening brief. ViewSonic responded by asserting

---

[2] ViewSonic's two other cases are distinguishable on multiple grounds. First, ViewSonic waived any argument about not having deposition testimony when it agreed to depose Mr. Bohannon on his infringement opinions, the only opinions that existed at the time. In addition, in *CIA. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.,*, the court found that it was improper for the district court to have relied on summary judgment reply papers that were not permitted under the briefing schedule and were not filed until the day of the hearing, with no opportunity to respond. 754 F.2d 404, 409-10 (1st Cir. 1985). These circumstances do not resemble the briefing in this case. Similarly, in *Seay v. Tennessee Valley Authority*, the court merely enforced Fed. R. Civ. P. 56(c), which precludes entry of summary judgment based on newly introduced evidence on reply without affording the party opposing summary judgment an opportunity to respond. 339 F.3d 454, 481 (6th Cir. 2003). This rule does not apply here, nor can ViewSonic show that it was deprived of an opportunity to brief the issues.

a broad range of arguments contesting each of these elements, especially as to infringement and validity. ViewSonic implicitly accuses LPL of failing to anticipate ViewSonic's Answering Brief arguments in LPL's opening brief. ViewSonic has it backwards. After filing its opening brief, LPL properly analyzed the arguments that ViewSonic made and LPL responded to each of those arguments. Because both parties have had a full and fair opportunity to brief these issues, and because LPL has only briefed the same issues that ViewSonic briefed in its Answering Brief, there is no prejudice to ViewSonic.

## CONCLUSION

For the foregoing reasons, LPL respectfully requests that the Court deny ViewSonic's motion to file a surreply. The Court should reject ViewSonic's attempt to prejudice LPL by supplementing ViewSonic's Answering Brief with additional arguments on the same issues already briefed. Further, the rules make clear that LPL is entitled to the final brief on its motion.[3]

LPL also respectfully reiterates its pending request for a hearing on its motion for preliminary injunction.

March 10, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk

Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 429-4208
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

---

[3] If the Court were inclined to allow further briefing by ViewSonic, LPL requests an opportunity to file a responsive brief addressing ViewSonic's surreply arguments. This, however, simply shows the folly of allowing ViewSonic to try to get in the last word in the first place.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 10, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Jeffrey S. Goddess, Esq.
Jessica Zeldin, Esquire
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by email and first class mail to the following non-registered participants:

Julian M. Baum, Esq.
Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Scott Miller, Esq.
Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

Richard D. Kirk (rk0922)

571447v1