UNREPORTED CASE CITED IN

**PLAINTIFF LG.PHILIPS LCD CO. LTD.'S OPPOSITION TO DEFENDANT
VIEWSONIC CORPORATION'S MOTION TO FILE SURREPLY**

Westlaw.

Not Reported in F.Supp.2d
2004 WL 609329 (D.Del.)
**(Cite as: 2004 WL 609329 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
In re: STUDENT FINANCE CORPORATION,
Debtor.
STUDENT FINANCE CORPORATION, Plaintiff,
v.
ROYAL INDEMNITY CO., Defendant.
**No. 02-11620, Civ.A. 03-507 JJF, 02-6803 LK.**

March 23, 2004.

L. Jason Cornell, of Fox Rothschild LLP,
Wilmington, Delaware, Hal Baume, of Fox
Rothschild LLP, Lawrenceville, New Jersey, David
A. Gradwohl, Andrew W. Bonekemper, and
Anthony P. DeMichele, of Fox Rothschild LLP,
Lansdale, Pennsylvania, for Plaintiff/Debtor Student
Finance Corporation, of counsel.

Lawrence C. Ashby, Philip Trainer, Jr., and
Gregory A. Taylor, of Ashby & Geddes,
Wilmington, Delaware, Michael H. Barr, Peter D.
Wolfson, and Kenneth J. Pfaehler, of Sonnenschein
Nath & Rosenthal, New York, New York, Alan S.
Gilbert, of Sonnenschein Nath & Rosenthal,
Chicago, Illinois, for Defendant Royal Indemnity
Company, of counsel.

*OPINION*

FARNAN, J.

**\*1** Presently before the Court is Defendant Royal
Indemnity Company's ("Royal") Motion To
Dismiss. (D.I.6.) [FN1] For the reasons set forth
below, the Court will grant in part and deny in part
Royal's Motion.

> FN1. The docket item numbers referenced
> herein are the docket items in the
> adversary proceeding *Student Finance*

*Corporation v. Royal Indemnity Co.,*
Adversary Proceeding Number 02-06803
LK.

BACKGROUND

This is an adversary proceeding arising from the
Chapter 11 bankruptcy filing *In re Student Finance
Corporation.* The parties to this adversary
proceeding stipulated to the withdrawal of the
reference to the bankruptcy court, which was
granted by Chief Judge Robinson. The instant
action was subsequently assigned to this Court.

Student Finance Corporation ("SFC") engages in
the origination and purchasing of student loans,
primarily for truck driving school students. [FN2]
SFC, along with its affiliates, obtained funds to
purchase and originate student loans from
warehouse lines of credit provided by the
Wilmington Trust Co. and PNC Bank. Once SFC
exhausted these warehouse lines of credit, SFC and
its affiliates packaged loans it purchased or
originated into portfolios and sold them on the
secondary market (the "securitizations") to financial
institutions or insurance companies. To continue
selling its portfolios on the secondary market, SFC
required credit risk insurance which it obtained
from AIG. In 1999, AIG discontinued this line of
insurance. Thereafter, SFC obtained credit risk
insurance from Royal.

> FN2. As the instant motion is a motion to
> dismiss, the Court has taken the facts from
> SFC's Complaint.

Royal continued to provide SFC with credit risk
insurance for its securitizations through November
of 2001. In December of 2001, SFC alleges that
Royal verbally agreed to issue it one more credit
risk insurance policy. In February of 2002, Royal
was told by its parent company to discontinue
issuing credit risk insurance. Royal subsequently
announced that it was exiting the credit risk
insurance business; however, SFC alleges that
Royal assured it that Royal would issue one last
policy. SFC alleges that Royal later stated that it

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 609329 (D.Del.)
**(Cite as: 2004 WL 609329 (D.Del.))**

Page 2

would only consider doing so if SFC executed two promissory notes (the "Notes") whereby SFC agreed to borrow approximately twelve million dollars from Royal that would be used to make forbearance payments to Wells Fargo, who was the trustee of the securitizations. All the proceeds of the Notes went directly to Wells Fargo.

SFC alleges that after it complied with Royal's request Royal never issued SFC the credit risk insurance policy as promised. SFC alleges that, in reliance on Royal's promises, it continued to approve and fund student loans. In its Complaint (D.I.1), SFC asserts six claims against Royal. This is Royal's Motion to Dismiss Counts I and II pursuant to Rule 9(b) and Counts I-VI pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARDS OF REVIEW
### I. Rule 9(b)

Rule 9(b) requires a party alleging fraud or mistake to plead with particularity the circumstances constituting its claims. Fed.R.Civ.P. 9(b). The intent behind Rule 9(b) is to give defendants notice of the claims against them and to reduce the number of frivolous actions. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir.1997). Rule 9(b) does not require the recitation of "every material detail of the fraud such as date, location and time[; however,] plaintiffs must use 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir.2002) (quoting *In re Nice Sys .*, 135 F.Supp.2d 551, 557 (D.N.J.2001)).

### II. Rule 12(b)(6)

**\*2** A motion to dismiss tests the legal sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts "must accept as true the factual allegations in the [c]omplaint and all reasonable inferences that can be drawn therefrom." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir.2000). A court will grant a motion to dismiss only when it appears that a plaintiff could prove no set of facts that would entitle him or her to

relief. *Id.*

## DISCUSSION
### I. Whether SFC Has Pled With Particularity Fraud And Negligent Misrepresentation

Royal contends that Counts I, negligent misrepresentation, and II, fraud, of SFC's Complaint should be dismissed because SFC has failed to plead these claims with particularity as required by Rule 9(b). Royal contends that SFC's Complaint does not identify the speaker of the alleged misrepresentations nor, with one exception, to whom the false statements were made. Royal also contends that SFC asserts only generalized and conclusory descriptions of misrepresentations made by Royal. SFC responds that the Rule 9(b) standard is generous in the Third Circuit and that its allegations of fraud and negligent misrepresentation satisfy Rule 9(b)'s requirements. In addition, SFC requests, in the event the Court agrees with Royal, that it be granted leave to amend its Complaint.

After reviewing the Complaint in light of the Rule 9(b) standards recited above, the Court concludes that SFC has failed to satisfy the pleading requirements of Rule 9(b). Nowhere in its Complaint does SFC identify the speaker of Royal's alleged misrepresentations. This is a failure to satisfy the particularity requirements of Rule 9(b). *See Klein v. Gen. Nutrition Co., Inc.*, 186 F.3d 338, 345 (3d Cir.1999) (stating that Rule 9(b) "requires, at a minimum, that the plaintiff identify the speaker of the fraudulent statements .") Although SFC contends that, according to *Brown v. SAP America, Inc.*, 1999 WL 803888 (D.Del. Sept. 13, 1999), a plaintiff need not identify the speaker of the alleged misrepresentation to satisfy Rule 9(b)'s requirements, to the extent *Brown'*s holding conflicts with *Klein v. General Nutrition Co., Inc.*, the Court declines to extend *Brown* to the facts in this case. *See also F.D.I.C. v. Bathgate*, 27 F.3d 850, 876 (3d Cir.1994) (holding that a failure to identify the speaker of alleged misrepresentations amounted to a failure to satisfy Rule 9(b)); *Liafail, Inc. v. Learning 2000, Inc.*, 2002 WL 31667861, at \*4 (D.Del. Nov. 25, 2002).

The Court also concludes that SFC's allegations of material omissions fail to satisfy Rule 9(b)'s pleading requirements. SFC bases, in part, its fraud

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 609329 (D.Del.)
(Cite as: 2004 WL 609329 (D.Del.))

and negligent misrepresentation claims on material omissions by Royal, yet never identifies what facts withheld by Royal induced SFC to act. Moreover, although courts cannot expect plaintiffs to have access to information sufficient to satisfy a detailed application of Rule 9(b) in all cases, in the instant case, SFC does not contend that information it needs to satisfy Rule 9(b)'s particularity requirements is exclusively within Royal's control. *See F.D.I.C.,* 27 F.3d at 876. Therefore, SFC has given the Court no reason to relax "the normally rigorous particularity rule" based upon lack of knowledge or control. *Burlington,* 114 F.3d at 1418 . Accordingly, to the extent Counts I and II of SFC's Complaint are based on material omissions by Royal, the Court concludes that SFC has failed to satisfy Rule 9(b). [FN3]

> FN3. Royal also contends that *Brug v. The Enstar Group, Inc.,* 755 F.Supp. 1247 (D.Del.1991), and *Brown v. The Buschman Co.,* 2002 WL 389139 (D.Del.2002), compel the Court to dismiss Counts I and II of SFC's Complaint for failure to adequately plead scienter. Because the Court concludes that *Brug* and *Brown* are distinguishable from the facts in this case, the Court disagrees. The plaintiffs in *Brug* and *Brown* made only general averments, without any supporting facts, of intent or scienter. *Brug,* 755 F.Supp. at 1254-55; *Brown,* 2002 WL 389139, at *8. Therefore, the *Brug* and *Brown* courts concluded that they had no choice but to dismiss the plaintiffs' claims. In this case, however, SFC has identified facts by which the Court infers intent. In paragraphs 31 and 33 of its Complaint (D.I.1), SFC alleges that Royal indicated that it would extend additional credit risk insurance following its announcement that it was leaving the credit risk insurance business if SFC would agree to borrow money from Royal to be used in making forbearance payments to Wells Fargo. SFC alleges that it complied with Royal's condition, but that Royal never extended additional credit risk insurance. The Court concludes that these facts are sufficient by which to infer intent or scienter.

*3 In sum, the Court concludes that Counts I and II of SFC's Complaint fail to satisfy the pleading requirements of Rule 9(b). [FN4]

> FN4. In its reply brief (D.I.18), Royal contends for the first time that all of SFC's claims are based on allegations of fraud, and therefore, if the Court finds that SFC has failed to properly plead Counts I and II, then all of SFC's claims must be dismissed. Without addressing the merits of Royal's arguments, the Court concludes that Royal is not entitled to dismissal of the remaining claims of SFC's Complaint on Rule 9(b) grounds. Rule 7.1.3 of the Local Rules for the District of Delaware ("Local Rule 7.1.3") provides that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." D. Del. L.R. 7.1.3(c)(2). The practice of reserving arguments for reply briefs "amounts to impermissible 'sandbagging.'" ' *Rockwell Tech., LLC v. Spectra-Physics Lasers, Inc.,* 2002 WL 531555 (D.Del. March 26, 2002) (quoting *Jordan v. Bellinger,* 2000 U.S. Dist. LEXIS 19233, *18 (D. Del. April 28, 2000)). By waiting until its reply brief to assert that all of SFC's claims should be dismissed pursuant to Rule 9(b), Royal has violated Local Rule 7.1.3. Accordingly, the Court rejects Royal's attempt to dismiss SFC's remaining claims under Rule 9(b).

II. Whether Counts I-VI State A Claim Upon Which Relief May Be Granted

*A. Counts I And II, Negligent Misrepresentation And Fraud*

Under Delaware law, to state a claim of common law fraud a plaintiff must plead: 1) a false representation made by the defendant, usually one of fact; 2) the defendant's knowledge or belief that the statement was false; 3) an intent to induce the plaintiff to act; 4) the plaintiff's justifiable reliance upon the representation; and 5) damage to the plaintiff as a result. *Stephenson v. Capano Dev., Inc.,* 462 A.2d 1069, 1074 (Del.1983). The only difference between an action for fraud and negligent

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

misrepresentation is that, with a claim of negligent misrepresentation, the plaintiff need not plead that the defendant knew or believed that his or her statement was false or that he or she proceeded in a reckless disregard for the truth. *Id.* By its Motion, Royal seeks to dismiss Counts I and II for failure to plead elements 1, 4, and 5.

### 1. *Statement Of A Material Fact*

Royal contends that SFC has not adequately pled the existence of a material fact because the statements SFC alleges were false or negligent concern future undertakings. (D.I. 7 at 8.) SFC responds that the Court should not be persuaded by Royal's arguments because a claim for fraud may be based upon statements of future results.

Under Delaware law, "[o]pinions and statements as to probable future results are not generally fraudulent even though they relate to material matters." *Esso Standard Oil Co. v. Cunningham,* 114 A.2d 380, 383 (Del. Ch.1955); *Craft v. Bariglio,* 1984 WL 8207, at *8 (Del. Ch. March 1, 1984). Applying this principle and the Rule 12(b)(6) standard of review to the allegations in SFC's Complaint, the Court concludes that it would be premature to dismiss Counts I and II for failure to plead a material fact.

In its Complaint, SFC alleges that after Royal made a public announcement that it was leaving the credit risk insurance business, "Royal continued to represent to SFC that one more policy *would* be issued to SFC." (D.I. 1 at ¶ 31) (emphasis added). Further, SFC alleges that Royal contacted SFC's CEO and "told him that Royal would consider providing credit risk insurance for another securitization if SFC agreed to borrow money from Royal to be used to make 'forbearance payments' to Wells Fargo." *Id.* at ¶ 33. Taken as true, SFC's assertions constitute more than mere "[o]pinions and statements as to probable future results." *See Esso Standard,* 114 A.2d at 383. Thus, the Court concludes that the combined effect on SFC of Royal's statements of intent to issue a new policy suffice, for the purposes of this Motion, to plead the existence of misstatements or negligent misrepresentations made to induce SFC to borrow money from Royal.

### 2. *Justifiable Reliance*

*4 Royal contends that SFC has not pled justifiable reliance because, in the circumstances of this case, a reasonable person would not have relied upon a verbal commitment that Royal would issue an additional credit risk insurance policy. In response, SFC contends that its reliance upon Royal's misrepresentations was justifiable because, unlike the precedent relied upon by Royal, in this case there was no written agreement between the parties that made Royal's oral assurances unworthy of SFC's reliance.

Delaware courts follow the Restatement's definition of justifiable reliance. *See Lock v. Schreppler,* 426 A.2d 856, 863 (Del.Super.1981), *superceded by statute in part on other grounds as stated in, Amato & Stella Assoc. v. Florida North Inv ., Ltd.,* 678 F.Supp. 445, 448 (D.Del.1988). In order to plead justifiable reliance based on a statement of intention, a plaintiff must allege facts demonstrating that "the intention is material and the recipient has reason to believe that it will be carried out." Restatement (Second) of Torts § 544 (1977). Applying these standards to SFC's Complaint, the Court concludes that SFC has adequately pled justifiable reliance in order to survive dismissal.

Royal directs the Court to *Debakey Corp. v. Raytheon Service Co .,* 2000 WL 1273317 (Del. Ch. Aug. 25, 2000), for support of its contention that SFC failed to adequately plead justifiable reliance. [FN5] In *Debakey,* the plaintiff sued for fraudulent inducement because of an oral promise by defendants that they would provide funding in excess of $2 million to the parties' joint venture. 2000 WL 1273317, at *22. A subsequent written contract, however, stated that the defendants had the right to unilaterally decide not to extend funding once the $2 million limit was reached. *Id.* Once the $2 million limit was reached, the defendants declined to extend the plaintiffs additional funding. *Id.*

> FN5. Royal does not contest that the statements at issue are material.

Following a bench trial, the *Debakey* court concluded that the written contract precluded the plaintiff from establishing justifiable reliance. *Id.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 609329 (D.Del.)
(Cite as: 2004 WL 609329 (D.Del.))

Page 5

The court reasoned that reliance on the defendants' prior oral representations that they would provide funding in excess of $2 million when a subsequent express contract "unambiguously" permitted the defendants to terminate the joint venture "once the $2 million funding limit was reached" was unreasonable. *Id.*

The Court concludes that *Debakey* is both factually and procedurally distinguishable from the instant case. Here, unlike *Debakey*, there is no express contract that would make SFC's reliance on Royal's oral representations unjustifiable. Further, the *Debakey* court reached its conclusions after a bench trial and post-trial briefing, clearly not subject to the liberal 12(b)(6) standard of review. When reviewing SFC's Complaint under the correct standard of review, the Court concludes that SFC has adequately pled justifiable reliance. As noted above, SFC alleges that Royal made two statements to it indicating Royal's intent to issue a new credit risk insurance policy. (D.I. 1 at ¶ 31, 33.) Further, SFC alleges that Royal made these two representations following Royal's public announcement that it was exiting the credit risk insurance business (D.I. 1 at ¶ 29), thereby justifying SFC's belief that Royal would issue one more policy despite its announcement.

**\*5** Based on these allegations, the Court cannot conclude that SFC could prove no set of facts establishing justifiable reliance. *See Langford,* 235 F.3d at 47. Accordingly, the Court will deny Royal's Motion to Dismiss Counts I and II for failure to plead justifiable reliance.

### 3. Damages

The Court is not persuaded by Royal's contention that SFC has failed to plead damages as a result of Royal's allegedly fraudulent and negligent misrepresentations. In paragraph 36, SFC alleges that it borrowed over $12 million from Royal "that provided no benefit to SFC." (D.I.1.) Further, in paragraph 45, SFC alleges that based on Royal's misrepresentations, Royal continued to receive pecuniary benefits that it was not entitled to from SFC's business. *Id.* Based on these allegations, the Court concludes that SFC has pled damages that are a consequence of Royal's alleged misrepresentations and false statements.

### 4. Duty To Speak

Royal also contends that SFC has failed to state a claim of fraud or negligent misrepresentation because, to the extent SFC bases Counts I and II on material omissions by Royal, SFC has not alleged that Royal had a duty to speak. In Delaware, a duty to speak may arise from circumstances other than a fiduciary or confidential relationship. *See Matthews Office Designs, Inc. v. Taub Inv.,* 647 A.2d 382 (Del.1993) (relying on the Restatement (Second) of Torts § 551(2) (1976) for the circumstances in which a duty to speak may arise). In relevant part, the Restatement (Second) of Torts § 551 provides that a party to a business transaction has a duty to exercise reasonable care to disclose: 1) information known due to the existence of a confidential or fiduciary relationship; 2) information that if undisclosed will cause its partial statements of facts to be misleading; or 3) facts basic to the transaction "if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts." *Id.; see also Mentis v. Delaware Am. Life Ins. Co.,* 1999 WL 744430 (Del.Super. July 28, 1999) (holding that a duty to speak may arise from a pre-existing relationship between the parties or from a partial disclosure of facts that requires further disclosure to prevent a misleading impression) (citations omitted).

Royal moves to dismiss Counts I and II only on the basis that SFC has not alleged the existence of a confidential or fiduciary relationship between the parties. Therefore, the Court will deny Royal's Motion because Royal has not established, under all the circumstances articulated by Section 551 of the Restatement (Second) of Torts, that SFC has failed to plead facts sufficient to establish a duty to speak.

### B. Count III, Breach Of The Duty Of Good Faith And Fair Dealing

Royal contends that Count III of SFC's Complaint, breach of the duty of good faith and fair dealing, should be dismissed because there was no contract by which a covenant of good faith and fair dealing may be implied. In response, SFC contends that it has alleged facts sufficient to support its breach of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 609329 (D.Del.)
(Cite as: 2004 WL 609329 (D.Del.))

Page 6

the duty of good faith and fair dealing claim because the case Royal relies upon implied a covenant of good faith and fair dealing before the execution of any written contract. Further, SFC contends that part of its good faith and fair dealing claim involves actions that took place after the Notes were executed.

*6 Delaware courts recognize an implied covenant in contracts requiring the parties to act with good faith toward the other party with respect to their contract. *Katz v. Oak Indus. Inc.,* 508 A.2d 873, 880 (Del. Ch.1986) (citing Restatement (Second) of Contracts, § 205 (1981)). A party must "act reasonably to fulfill the intent of the parties to the agreement." *Gloucester Holding Corp. v. U.S. Tape & Sticky Prod., LLC,* 832 A.2d 116, 128 (Del. Ch.2003) (quoting *Kelly v. McKesson HBOC, Inc.,* 2002 WL 88939 at * 10 (Del.Super.Jan. 16, 2002)). Applying these principles to the allegations in SFC's Complaint, the Court will grant Royal's Motion to Dismiss SFC's claim for breach of the duty of good faith and fair dealing.

SFC contends that it has sufficiently alleged a claim for breach of the duty of good faith and fair dealing because it alleged in its Complaint that "at the time the parties negotiated the Notes, SFC reasonably expected Royal to issue the new policy based on Royal's misrepresentations and omissions." (D.I. 14 at 21.) SFC alleges that its reasonable expectations are based upon Royal's representations to SFC's CEO that Royal would consider providing additional credit risk insurance for another securitization if SFC executed the Notes that Royal would use to make forbearance payments to Wells Fargo. (D.I. 1 at ¶ 33.) SFC further alleges that it executed the Notes requested by Royal, but that Royal never fulfilled its promise to issue a new credit risk insurance policy. *Id.* at ¶ 59-60.

The Court concludes that SFC's allegations are complaints about Royal's bad faith in bargaining or negotiation, and therefore, do not fall within the scope of the duty of good faith and fair dealing in contracts. *See* Restatement (Second) of Contracts § 205 comment (c) (1981). "The duty of good faith is ... not imposed on parties until they have reached agreement and does not bind them during their earlier negotiations." E. Allen Farnsworth, 2

*Farnsworth on Contracts* § 7.17 (2d ed.2001). SFC's allegations involve contract invalidating claims dealing with fraudulent inducement or fraud, not breach of the duty of good faith and fair dealing. Accordingly, the Court will grant Royal's Motion to Dismiss Count III of SFC's Complaint for failure to state a claim upon which relief may be granted on grounds of breach of the duty of good faith and fair dealing.

### C. *Count IV. Unjust Enrichment*

Royal contends that Count IV, unjust enrichment, should be dismissed because payment of the loan proceeds was carried out as contemplated by the parties. Further, Royal contends that because unjust enrichment is a quasi-contract claim, it is not available when, as here, an express contract covers the same subject matter. SFC responds that it has sufficiently pled an action for unjust enrichment because actions for unjust enrichment are permitted when the validity of a contract is challenged, as in the instant case.

*7 "Unjust enrichment is 'the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Total Care Physicians, P.A. v. O'Hara,* 798 A.2d 1043, 1056 (Del.Super.2001) (quoting *Fleer Corp. v. Topps Chewing Gum, Inc.,* 539 A.2d 1060, 1062 (Del.1988)). " 'The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." ' *Id.* (quoting *Jackson Nat'l Life Ins. Co. v. Kennedy,* 741 A.2d 377, 393 (Del. Ch.1993). Applying these principles to the facts alleged in SFC's Complaint, the Court concludes that SFC has adequately alleged facts in support of its unjust enrichment claim to survive Royal's Motion to Dismiss.

The Court is not persuaded by Royal's contention that SFC may not maintain a claim for unjust enrichment because the parties executed documents, i.e. the Notes, providing for payment to Wells Fargo. Although the Court agrees with the general contract principle cited by Royal, in this case, SFC alleges that the Notes should be rescinded because

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 609329 (D.Del.)
(Cite as: 2004 WL 609329 (D.Del.))

Page 7

of fraudulent statements and omissions made by Royal. Therefore, accepting SFC's factual allegations, the Court concludes that SFC's unjust enrichment claim must survive the instant motion because if the Notes are rescinded due to fraudulent conduct or omissions, there is no valid contract that would preclude SFC's unjust enrichment theory.

Further, the Court rejects Royal's assertion that SFC has failed to allege that Royal received any unjust retention of a benefit. Royal contends that because the parties specifically contemplated that the proceeds from the Notes would be paid to Wells Fargo, SFC cannot now complain of any unfairness that may have resulted from that agreement. SFC is not, however, merely complaining that Wells Fargo received the benefit of the proceeds of the Notes; instead, SFC asserts that Royal was unjustly enriched because Royal induced SFC to act by making promises Royal never intended to keep. Accordingly, the Court will deny Royal's Motion to Dismiss Count IV.

D. *Counts V. Rescission, and VI, Declaratory Judgment*

Royal contends that Counts V, rescission, and VI, declaratory judgment, should be dismissed because these claims are based upon previous paragraphs in the Complaint that are defective for reasons it stated with respect to Counts I-IV. The Court disagrees.

Delaware law recognizes fraudulent inducement as one means by which a party may rescind an agreement. *Norton v. Poplos,* 443 A.2d 1, 4 (Del.1982). The elements of fraudulent inducement are 1) a false statement or misrepresentation; 2) that the defendant knew was false or made with reckless indifference to the truth; 3) the statement induced the plaintiff to enter the agreement; 4) the plaintiff's reliance was reasonable; and 5) the plaintiff was injured as a result. *Lord v. Souder,* 748 A.2d 393, 402 (Del.2000) (citing *Stephenson,* 462 A.2d at 1074).

**\*8** The Court concludes that SFC has alleged facts sufficient to support its claim for rescission due to fraudulent inducement. In its Complaint, SFC alleges that Royal knew that representations and omissions it made to SFC were false, that it acted reasonably in reliance on these representations, and

that it was injured. (D.I. 1 at ¶ 30-36.) These allegations support a claim for rescission due to fraudulent inducement. [FN6]

> FN6. As noted above, the Court has concluded that SFC's Complaint, for the purposes of the Rule 12(b)(6) Motion, alleges a material fact, justifiable reliance, and the damages elements of an action for fraud.

The Court also concludes that SFC has alleged facts sufficient to support its declaratory judgment claim. Count VI of SFC's Complaint asserts that SFC is entitled to a declaratory judgment that the Notes are null and void because it was fraudulently induced into their execution. As the Court has concluded, SFC has alleged facts adequate to support a claim for fraudulent inducement, and therefore, the Court will deny Royal's Motion to Dismiss Count VI of SFC's Complaint.

CONCLUSION

For the reasons discussed, the Court concludes that Counts I and II of SFC's Complaint do not satisfy Rule 9(b)'s pleading requirements, and therefore, must be dismissed. Further, the Court concludes that Count III of SFC's Complaint must be dismissed pursuant to Rule 12(b)(6). The Court also concludes that Counts I, II, and IV-VI state a claim for which relief may be granted.

An Order consistent with this Opinion will be entered.

ORDER

At Wilmington, this 23rd day of March, 2004, for the reasons discussed in the Opinion issued this date;

NOW THEREFORE, IT IS HEREBY ORDERED that:
  1) Royal Indemnity Co.'s ("Royal") Motion to Dismiss (D.I.6) Counts I and II of Student Finance Corporation's ("SFC") Complaint pursuant to Rule 9(b) is *GRANTED;*
  2) Royal's Motion to Dismiss (D.I.6), pursuant to Rule 12(b)(6), with respect to:
  a) Count III of SFC's Complaint is *GRANTED;*
  b) Counts I, II, IV-VI of SFC's Complaint is *DENIED.*
  3) SFC shall file an Amended Complaint within

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.