IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG CO.; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION <br><br> Defendants. | Civil Action No. 04-343 (JJF) <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO THE COUNTERCLAIMS
OF TATUNG COMPANY OF AMERICA**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby files its Reply to the Counterclaims of Defendant Tatung Company of America ("Tatung America"), in the above titled action. Except to the extent expressly and specifically admitted herein, LPL denies each and every allegation contained in the Counterclaims.

1.   Upon information and belief, Tatung America is not a corporation organized under the laws of Taiwan, Republic of China, with its principal place of business in Taipei, Taiwan, but is a California corporation, with a place of business in Long Beach, California.

2.   LPL admits that LPL is a corporation organized under the laws of the Republic of Korea.

3.   LPL admits that this Court has jurisdiction over the subject matter of this action (although not necessarily on each and every basis alleged). LPL also admits that venue in this District is proper. LPL denies the remaining allegations, if any, contained in paragraph 3 of the Counterclaims.

4. LPL admits that there is an actual and justiciable controversy between LPL and Tatung America with respect to the LG.Philips Patents-In-Suit, United States Patent No. 6,498,718 (the "'718 Patent") and United States Patent No. 6,501,641 (the "'641 Patent"), but otherwise denies the remaining allegations, if any, contained in paragraph 4 of the Counterclaims.

DECLARATORY JUDGMENT COUNTER-CLAIMS

COUNT ONE (THE '718 PATENT)

5. LPL denies the allegations contained in paragraph 5 of the Declaratory Judgment Counterclaims.

6. LPL denies the allegations contained in paragraph 6 of the Declaratory Judgment Counterclaims.

7. LPL denies the allegations contained in paragraph 7 of the Declaratory Judgment Counterclaims. By way of further response, LPL requests that the Court strike the allegations of paragraph 7 as superfluous and irrelevant to the purported counterclaims for declaratory judgment.

COUNT TWO (THE '641 PATENT)

8. LPL denies the allegations contained in paragraph 8 of the Declaratory Judgment Counterclaims.

9. LPL denies the allegations contained in paragraph 9 of the Declaratory Judgment Counterclaims.

10. LPL denies the allegations contained in paragraph 10 of the Declaratory Judgment Counterclaims. By way of further response, LPL requests that the Court strike the allegations of

paragraph 10 as superfluous and irrelevant to the purported counterclaims for declaratory judgment.

11. LPL denies that Tatung America is entitled to any of the relief requested in its Prayer for Relief.

## PLAINTIFF'S AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") asserts the following affirmative defenses to the Counterclaims alleged by Tatung Company of America, Inc. ("Tatung America"):

12. As a first Affirmative Defense to the Counterclaims, LPL alleges that Tatung America fails to state a claim for a judgment declaring the '718 Patent invalid. *See, e.g., Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050-51 (N.D. Cal. 2004).

13. As a second Affirmative Defense to the Counterclaims, LPL alleges that Tatung America fails to state a claim for a judgment declaring the '641 Patent invalid. *See, e.g., Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050-51 (N.D. Cal. 2004).

14. As a third Affirmative Defense to the Counterclaims, LPL alleges that Tatung America fails to state a claim for an injunction or any other equitable relief or remedy concerning Count One or the '718 Patent.

15. As a fourth Affirmative Defense to the Counterclaims, LPL alleges that Tatung America fails to state a claim for an injunction or any other equitable relief or remedy concerning Count Two or the '641 Patent.

## PLAINTIFF'S OBJECTIONS TO INSUFFICIENT DEFENSES

Tatung America has withdrawn, with prejudice, its first, second, third, and fourth affirmative defenses. *See* D.I. 188. As set forth below, LPL objects to each and every remaining defense as improper and insufficient, and requests that the Court strike these defenses.

587124v1

16. Tatung America's purported fifth affirmative defense of non-infringement as to the '718 Patent should be stricken as improperly pled and insufficient in law and/or fact, because it is merely a denial of liability and not an affirmative defense.

17. Tatung America's purported sixth affirmative defense of invalidity as to the '718 Patent should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-3577 DLJ, 1996 WL 467293, *13 (N.D. Cal. July 24, 1996).

18. Tatung America's purported seventh affirmative defense of non-infringement as to the '641 Patent should be stricken as improperly pled and insufficient in law and/or fact, because it is merely a denial of liability and not an affirmative defense.

19. Tatung America's purported eighth affirmative defense of invalidity as to the '641 Patent should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-3577 DLJ, 1996 WL 467293, *13 (N.D. Cal. July 24, 1996).

20. Tatung America's purported ninth affirmative defense of laches should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. For example, Tatung America fails to allege that any delay occurred after the time when LPL was aware of Tatung America's infringing conduct, and fails to allege the circumstances of any prejudice or how any prejudice was caused by LPL. *See, e.g., Meyers v. Asics Corp.*, 974 F.2d 1304 (Fed. Cir. 1992); *see also Symbol Techs., Inc. v. Proxim Inc.*, No. Civ. 01-801-SLR, 2004 WL 1770290 (D. Del. July 28, 2004).

21. Tatung America's purported tenth affirmative defense of estoppel should be stricken as improperly pled and insufficient in law and/or fact, contrary to the requirements of

587124v1

4

the Federal Rules of Civil Procedure. *See, e.g., Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004); *Raines v. Switch Mfg.*, 44 U.S.P.Q.2d 1195 (N.D. Cal. 1997); *see also Symbol Techs., Inc. v. Proxim Inc.*, No. Civ. 01-801-SLR, 2004 WL 1770290 (D. Del. July 28, 2004); *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-3577 DLJ, 1996 WL 467293, *13 (N.D. Cal. July 24, 1996).

22.  Tatung America's purported eleventh affirmative defense of unclean hands should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Raines v. Switch Mfg.*, 44 U.S.P.Q.2d 1195 (N.D. Cal. 1997). For example, Tatung America fails to allege that any misconduct relates specifically to the subject of this action <u>and</u> the same defendant. *See Safe Bed Techs. Co. v. KCI USA, Inc.*, No 02 C 0097, 2003 WL 21183948, *5 (N.D. Ill. May 20, 2003).

23.  Tatung America's purported twelfth affirmative defense related to marking and notice should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. For example, there is no allegation that LPL produced or sold the patented product in the U.S. at any relevant time or why the statute applies. *See, e.g., Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1219-20 (Fed. Cir. 2002); *see also Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 262 F. Supp. 2d 358 (D. Del. 2003). The statute also does not apply to patents directed only to a method or process, such as the '718 Patent. Further, the statute does not bar claims but, instead, relates only to damages and does not operate retroactively. *See, e.g., Tulip Computers Int'l B.V. v. Dell Computer Corp.*, Civ. A. No. 00-981-KAJ, 2003 WL 1606081, **13-16 (D. Del. Feb. 4, 2003), *adopted in part*, 2003 WL 21011157 (D. Del. May 1, 2003), *rejected in part*, 262 F. Supp. 2d 358 (D. Del. 2003). In any event, LPL's filing of an action for infringement constitutes notice. *See* 35 U.S.C. §287(a).

587124v1

24. Tatung America's purported thirteenth affirmative defense of patent misuse should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Raines v. Switch Mfg.,* 44 U.S.P.Q.2d 1195 (N.D. Cal. 1997).

25. Tatung America's purported fourteenth affirmative defense of inequitable conduct should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 9(b); *EMC Corp. v. Storage Tech. Corp.,* 921 F. Supp. 1261 (D. Del. 1996). Further:

    a. Tatung America makes the allegation on belief, rather than fact, when it alleges failure to disclose prior art "believed to be known to plaintiff, its employees, and agents" and alleges other prior art omissions on "information and belief." Yet, Tatung America improperly fails to allege any basis for its purported belief, e.g. how or why it believes that any individual associated with the filing and prosecution of LPL's Patents-in-Suit was aware of and failed to disclose information material to patentability. *See Magarl, L.L.C. v. Crane Co.,* No. IP 02-0478-C-T/L, 1:03-CV-01255-JDT-TW, 2004 WL 2750252, *12 (S.D. Ind. Sept. 29, 2004); and

    b. Tatung America makes broad, general allegations using the terms "various LCD monitors and devices," "including," and "such as", which fail to provide fair notice to LPL of alleged inequitable conduct and, accordingly, all such terms are improper and should be stricken. *See, e.g., id.* at *13; *Safe Bed Techs. Co. v. KCI USA, Inc.,* No 02 C 0097, 2003 WL 21183948, *3 (N.D. Ill. May 20, 2003).

## JURY DEMAND

LPL requests a jury trial as to all issues, claims, counterclaims, and defenses as to which jury trial is proper.

587124v1

WHEREFORE, LG.Philips LCD Co., Ltd. respectfully requests that the Court enter judgment in its favor, and against Tatung Company of America, Inc., with respect to each and every defense and counterclaim asserted by Tatung Company of America, Inc., and that the Court further award LG.Philips LCD Co., Ltd. all of its attorneys' fees, costs, and expenses.

May 9, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 9, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Jeffrey S. Goddess, Esq.
Jessica Zeldin, Esquire
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and first class mail to the following non-registered participants:

Julian M. Baum, Esq.
Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Scott Miller, Esq.
Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

571447v1