IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG.PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-343-JJF |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| and VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

**1.      Pre-Discovery Disclosures.**

The parties will exchange by July 29, 2005, the information required by Fed. R. Civ. P.

26(a)(1) and D. Del. LR 16.2.

**2.      Joinder of other Parties.**

All motions to join other parties shall be filed on or before January 17, 2006.

**3.      Discovery.**

(a)      Exchange and completion of contention interrogatories, identification of

fact witnesses and document production shall be commenced so as to be completed by June 30,

2006.

(b)    No party shall serve more than 40 interrogatories on any other party,

including contention interrogatories.

(c)    No party shall serve more than 50 requests for admission on any other

party, other than for authenticity of documents.

(d)    **[The parties could not agree on the following provision:**

(i)    <u>Plaintiff's proposal</u>:  Maximum of 12 depositions by Plaintiff and

12 depositions by the combined Defendants, excluding expert depositions.

(ii)    <u>Defendants' proposal</u>:  Plaintiff shall be limited to 84 hours of

examination of fact witnesses (i.e. excluding expert depositions); Each defendant shall be limited

to 84 hours of examination of fact witnesses (i.e. excluding expert depositions).  No fact witness

or designee under Rule 30(b)(6) for whom English is their first language shall be deposed for

more than seven hours.  No fact witness or designee under Rule 30(b)(6) for whom English is not

their first language shall be deposed for more than 10.5 hours.  Notwithstanding the foregoing

limitations, the inventors of the patents-in-suit may be deposed for up to 21 hours total, which

shall be consecutive, if possible.

(iii)    <u>The parties agree that</u>: Depositions may commence after the

discovery required by Paragraph 3(a, b and c) is completed, or June 1, 2006 (whichever is

earlier) and shall be completed by November 17, 2006.  The limits on the number, length, and

timing of non-expert depositions may be modified by agreement of the parties or by Order of the

Court, for good cause.]

(e)    **[The parties could not agree on the following provision**:

(i)    <u>Plaintiff's proposal</u>:  On or before January 31, 2007, the parties

shall serve expert reports on all issues for which a party bears the burden of proof.  On or before

March 15, 2007, the parties shall serve rebuttal expert reports. All such reports shall be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

(ii)    Defendants' proposal: Reports from experts required by Fed. R. Civ. P. 26(a)(2) on any issue on which the party bears the burden of proof shall be served within 30 days after the court issues its Markman ruling; rebuttal reports and/or reports on issues on which the party does not bear the burden of proof shall be served within 45 days after the service of the opening expert reports.]

(f)    Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

(g)    Discovery previously conducted by the parties shall not count against any limits on discovery imposed above or under the Federal or Local rules of procedure.

(h)    **[The parties are unable to agree on the following provision**:

(i)    Plaintiff's proposal: The Temporary Protective Order entered for jurisdictional discovery having expired, and the Court having expressly limited the purpose and duration of the Temporary Protective Order in response to Plaintiff's objections to such an order as inappropriate and prejudicial, any party may move for entry of a new protective order.

(ii)    Defendants' proposal: The Temporary Protective Order previously entered is adopted as the Protective Order in this action.]

4.    **Discovery Disputes.**

By Order dated February 25, 2005, the Court appointed Vincent J. Poppiti as Special Master to address disputes related to jurisdictional discovery. All discovery disputes shall be submitted first to the special master pursuant to the order of reference. The parties shall present

discovery disputes to the Special Master as set forth in the Special Master Discovery Dispute Procedures dated March 24, 2005.

### 5.    Amendment of the Pleadings.

All motions to amend the pleadings shall be filed on or before January 17, 2006.

### 6.    Case Dispositive Motions.

Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before August 31, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

### 7.    Markman.

**[The parties could not agree on the following provision:**

(a)    <u>Plaintiff's proposal</u>: A Markman Hearing will be held on June 1, 2007. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

(b)    <u>Defendants' proposal</u>: A Markman Hearing will be held on February 1, 2007. Briefing on the claim construction issues shall be completed as follows: Each party shall exchange a list of terms believed to require construction by September 8, 2006. Each party shall exchange proposed constructions of the disputed terms by September 25, 2006. The parties shall file with the Court a single chart showing each party's proposed construction of the claims at issue together with the intrinsic evidence supporting that construction on October 13, 2006.

Opening Briefs for each party will be filed October 27, 2006, Response Briefs December 15, 2006. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.]

8.    **Applications by Motion.**

(a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)    No facsimile transmissions will be accepted.

(c)    No telephone calls shall be made to Chambers.

(d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9.    **Pretrial Conference and Trial.**

After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

**10.    Settlement.**

Pursuant to 28 U.S.C. § 636, the Court refers this case to Magistrate Judge Thynge for exploring the possibility of settlement.  Magistrate Judge will schedule a settlement conference to be held within 90 days from the date of this Order, or as soon thereafter as is practicable, on the calendar of the Magistrate Judge.

_____                    _____
            DATE                                                   UNITED STATES DISTRICT JUDGE