IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG PHILIPS LCD CO., LTD., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 04-343-JJF |
| v. | : | |
| | : | |
| TATUNG CO., TATUNG COMPANY | : | |
| OF AMERICA, INC., and VIEWSONIC | : | |
| CORPORATION, | : | |
| | : | |
| Defendants | : | |
| | : | |

## DECLARATION OF ROBERT C. WEEMS

Jeffrey S. Goddess (Del. Bar. No. 630)
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
Tel: 302-656-4433
Fax: 302-658-7567

OF COUNSEL:
Julian M. Baum
Robert C. Weems
BAUM & WEEMS
58 Katrina Lane
San Anselmo, CA 94960
Tel: 415-460-1791
Fax: 415-457-9157

September 6, 2005

I, Robert C. Weems, declare:

1. Attached hereto as Exhibit 1 are true and correct copies of selected correspondence by or between the parties to this action.

2. Attached hereto as Exhibit 2 are select discovery responses provided by Tatung Company and Tatung Company of America.

3. The Motion to Compel and supporting documents filed by L.G.Philips LCD Co., Ltd. on February 7, 2005, was first received by lead counsel for Tatung Company of America and Tatung Company on February 9, 2005 during the course of Mr. Sun's deposition. That Motion was served on local counsel after hours on February 7, 2005 and by overnight carrier on my office. The Motion was not received due to the travel schedule necessitating counsel's travel departure prior to the time for delivery by the selected overnight service.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the United States. Executed September 6, 2005, at San Anselmo, California.

*[signature]*

# EXHIBIT 1

# McKenna Long & Aldridge LLP
### Attorneys at Law

Atlanta  
Denver  
Los Angeles  
Philadelphia  

San Diego  
San Francisco  
Washington, DC  
Brussels  

1900 K Street, NW • Washington, DC 20006  
202.496.7500 • Fax: 202.496.7756  
www.mckennalong.com

DANIEL G. JARCHO  
(202) 496-7382  

EMAIL ADDRESS  
djarcho@mckennalong.com

July 16, 2004

BY FACSIMILE

Robert C. Weems  
Baum & Weems  
58 Katrina Lane  
San Anselmo, CA 94960

Re: *LG.Philips LCD Co., Ltd. v. Tatung Co., Tatung Company of America, Inc., and ViewSonic Corporation*, No 04-343-JJF

Dear Mr. Weems:

As we have discussed, LG.Philips LCD Co., Ltd. ("LPL") would like to obtain discovery from Tatung Company and Tatung Company of America, Inc. (and their affiliates) (collectively "Tatung") before responding to Tatung's motion to dismiss. In addition, we anticipate that LPL will need some discovery from third parties, the scope of which will depend to some extent on what information we receive from Tatung. This letter generally summarizes the subject areas on which LPL needs discovery to respond to Tatung's motion.

### Interrogatory Subjects

- Tatung's sales volume and revenue and the amount of sales volume and revenue derived, directly or indirectly, from sales and shipments to customers in the U.S. or Delaware

- The networks and channels through which Tatung's products are exported, imported and distributed for ultimate sale and use in the United States or Delaware, including but not limited to: (1) internal relationships between and among various Tatung companies; (2) the persons and facilities involved in marketing, shipping, selling, and/or distributing Tatung's products; and (3) relationships between and among Tatung and other companies.

- The location of Tatung's U.S. sales, marketing and production operations, including personnel and offices, and marketing campaigns directed to the U.S. and Delaware markets.

Robert C. Weems
July 16, 2004
Page 2

- Identification of Tatung's product lines, including but not limited to flat panel display products, the extent to which such products are offered for sale and/or sold in the U.S. or Delaware, and the extent to which such products use rear mounting.

- Tatung's relationship (direct or through intermediaries) with all manufacturers of Tatung's products including, for example, the factual basis for the statement that Tatung "has been supplying a large number of monitors to computer manufacturer and retailer Gateway 2000." *Tatung Co. of Am. v. Shen*, No. B144282, 2003 WL 1784511, at *1 (Cal. Ct. App. Apr. 3, 2003).

- The extent to which Tatung's flat panel display products are offered for sale in Delaware and/or can be purchased by Delaware customers.

- The extent to which Tatung designs its products to comply with U.S. specifications and requirements, or otherwise attempts to ensure that its products comply with U.S. law (including, but not limited to, participation in industry/trade groups or meetings).

- The extent to which Tatung representatives travel to or conduct business in the U.S. or Delaware.

- The extent to which state and federal courts in the U.S. have exercised jurisdiction over Tatung (or over claims brought by Tatung in U.S. courts).

- The extent to which Tatung is incorporated in, registered to do business in, or otherwise has received any benefits under, the laws of any U.S. jurisdiction, including but not limited to Delaware.

- Tatung's other contacts with the U.S. or Delaware (including, for example, via Tatung's website(s), property leasing or ownership, transacting business, hiring employees or others, borrowing money, participating in litigation or administrative proceedings, etc.).

- The facts and statements set forth in declarations submitted by Tatung concerning personal jurisdiction.

**Document Request Subjects**

- Documents concerning some or all of the discovery subjects listed above (including, for example, correspondence, agreements, and other documents concerning the manufacture, distribution, importation, marketing, advertising, offering, and/or sale of Tatung products available to purchasers in the U.S. and Delaware).

**Deposition Subjects**

- LPL anticipates the need to depose one or more Tatung representatives who are knowledgeable regarding some or all of the discovery listed above.

Robert C. Weems
July 16, 2004
Page 3

### Third Party Discovery

- LPL anticipates the need for limited discovery directed to third parties that purchase, distribute, and/or sell Tatung products. For example, LPL may need discovery from stores in Delaware concerning the volume and value of Tatung products offered and sold there. The third parties and the extent of this discovery is now unknown and will depend in part on discovery from Tatung.

Our summary of discovery subjects is for discussion purposes only and we reserve the right to modify the subjects listed in this letter. Please let me know as soon as possible whether Tatung agrees to the jurisdictional discovery described above.

Sincerely,

Daniel G. Jarcho

DGJ:cml
cc:  Jeffrey S. Goddess

LAW OFFICES OF
**BAUM & WEEMS**
58 KATRINA LANE
SAN ANSELMO, CALIFORNIA 94960
PH. (415) 460-1791  FAX (415) 457-9157

20 July 2004

Daniel Jarco
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C., 20006

Re:   *LG.Philips LCD Co., Ltd. v. Tatung Co., et al.*, Case No. 04-343-JJF (LG.Philips II)

Dear Dan:

Thank you for your July 16, 2004 letter concerning the voluntary discovery LG.Philips LCD Co., Ltd. ("LG.Philips") would like to conduct in the LG.Philips II case.

As you know, our position is that LG.Philips's suit in Delaware against Tatung Company of America ("TUS") and Tatung Co., a R.O.C. company ("TROC") lacked adequate factual investigation into personal jurisdiction issues and was initiated in Delaware for improper purposes. The discovery LG.Philips proposes reinforces that position. LG.Philips is looking to find a personal jurisdictional theory, not support for the jurisdictional facts plead.

As an initial matter, the discovery your client says it wants is overbroad in light of the allegations in the complaint. More to the point here, however, it is incommensurate with the burden and expense TUS and TROC may reasonably anticipate in pursuing their present motions to dismiss. My clients' willingness to consider voluntary discovery is and always has been correlated to the differential cost of pursuing their motions and encouraging LG.Philips' voluntarily dismissal. LG.Philips does not appear to have kept this practicality in mind.

My clients remain willing to consider a properly tailored request for voluntary discovery and hope that you will discuss narrowing the current requests with your client to permit them to do so. Also, however, I want to reiterate my belief that the most efficient and least burdensome approach for the parties and the Court would be for LG.Philips to re-file this action in California where it is pursuing similar claims against each of the defendants, where both TUS and Viewsonic are headquartered, where LG.Philips performed its analysis of the "Tatung" monitor at issue, where witnesses and documents are more readily available, and where both your firm and its counsel in that first action have offices.

Truly,


Robert C. Weems

Cc:   Richard Kirk
      Jeff Goddess

# McKenna Long & Aldridge LLP
### Attorneys at Law

Atlanta
Denver
Los Angeles
Philadelphia

1900 K Street, NW • Washington, D.C. 20006
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego
San Francisco
Washington, DC
Brussels

## FACSIMILE TRANSMITTAL

Date: December 20, 2004

| To: Name/Company | Fax No. | Phone No. |
|---|---|---|
| Robert C. Weems<br>Baum & Weems | 415-457-9157 | 415-460-1791 |
| Jeffrey Goddess, Esq.<br>Rosenthal, Monhait, Gross & Goddess | 302-658-7567 | 302-656-4433 |
| Tracy R. Roman<br>Bingham McCutchen | 213-680-6499 | 213-229-5020 |
| Richard D. Kirk<br>Morris James Hitchens & Williams | 302-571-1750 | 302-888-6960 |

**From:** Cass W. Christenson
**Phone:** (202) 496-7218
**Re:** *LG.Philips LCD Co., Ltd. v. Tatung Co., Tatung Company of America, Inc., and ViewSonic Corporation*, No. 04-343-JJF

**Number of Pages (including cover):** 3        **Originals Will Follow in the Mail**

---

**Confidentiality Notice:**
The information contained in this facsimile is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Post Office. Thank you.

| User No.: 2303 | Client/Matter No.: 07773.0050 |
|---|---|

If transmission is unclear or incomplete, please contact our facsimile operator immediately at (202) 496-7981.

LAW OFFICES OF
**BAUM & WEEMS**
90 KATRINA LANE
SAN ANSELMO, CALIFORNIA 94960
PH. (415) 460-1701  FAX (415) 457-9157

December 20, 2004

VIA FACSIMILEL ONLY

Mr. Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006

Re:   LG.Philips LCD Co., Ltd. v. Tatung Company, et al., Case No. 04-343-JJF (D.Del.)

Dear Cass:

Thank you for your letter of earlier today. As you know, we have found it necessary to seek the Court's intervention at this time due to the impasse in our attempts to resolve our differences. It would be both imprudent and wasteful for you to fly to California. The deposition is stayed. Accordingly, TUS will not be appearing.

All defendants are in agreement on the *CEA* form of order. It is necessary for the reasons stated by Judge Jordan in his May 25, 2004 decision. Its requirements are well known to you, and were the result of Judge Jordan careful consideration of your arguments against it. Your offer to further study the issue is unhelpful. You have already had over two months to do so.

I look forward to the expeditious resolution of these issues and your prompt reply.

Truly,

Robert C. Weems

Cc:   Daniel Jarcho (LPG)
      Nicole Balaci (LPG)
      Richard Kirk (LPG)
      Tracey Roman (Viewsonic)

12/21/2004  17:31   202-496-7756        MCKENNA LONG ALDRIDG                PAGE  02/03

# McKenna Long & Aldridge LLP
### Attorneys at Law

Atlanta
Denver
Los Angeles
Philadelphia

San Diego
San Francisco
Washington, DC
Brussels

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

December 21, 2004

**BY FACSIMILE AND FIRST CLASS MAIL**

Robert C. Weems, Esq.
Law Offices of Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic Corp. et al.*, C.A. No. 04-343-JJF

Dear Mr. Weems:

Tatung Company of America, Inc.'s ("Tatung America") refusal to appear for deposition is unwarranted and violates the Court's discovery order as well as the federal and local rules of procedure. Your letter incorrectly asserts that the deposition "is stayed." Certainly, Del. L.R. 30.2 does not apply or stay the deposition because that rule only applies when a motion for protective order is filed. Tatung America has not filed any motion for protective order and, indeed, the court recently confirmed that Tatung America is prohibited from filing any motions. What happened, instead, is that Tatung America unilaterally refused to appear for deposition at the last minute.

In addition, Tatung America's excuses for refusing to provide testimony are patently frivolous. First, Tatung America attempted to insist on a protective order on the purported ground that Song Jung could gain competitive information at the deposition. Remarkably, you raised this issue in a letter to the Court yesterday, ignoring that I specifically informed you that Mr. Jung (and other patent counsel) would not attend the deposition. As I also made clear, Tatung America could invoke L.R. 26.2. Under Rule 26.2, confidential information cannot be disclosed to counsel who have not entered a pro hac vice appearance in the case. Because Mr. Jung has not entered an appearance, invocation of Rule 26.2 would preclude disclosure of information to him. There is absolutely no basis for Tatung America to insist on a protective order as a condition to complying with Tatung America's obligation to provide testimony.

Second, Tatung America asserted that the entire deposition notice was defective, even though the notice specifically described the subjects to be addressed. In each letter that you sent to me, you generically complained about the notice, yet you could not articulate a single reason why any particular subject lacked specificity. In any event, the purpose of notifying a Rule 30(b)(6) witness about subjects to be covered is to ensure that the witness will be able to provide

12/21/2004  17:31   202-496-7756        MCKENNA LONG ALDRIDG                PAGE  03/03

Robert C. Weems, Esq.
December 21, 2004
Page 2

adequate testimony as to matters known or reasonably available to the organization. A complaint about the specificity of the notice is not a basis for refusing to appear at a deposition.

Because we have a limited time to complete jurisdictional discovery and your objections to the deposition lack any merit, we need to reschedule the deposition promptly. I am available to proceed with the deposition in Washington, D.C., on December 27 or December 28, or in California on January 4. Please let me know whether you will agree to any of these locations and dates as soon as possible.

I also want to confirm that LPL will proceed with discovery from all appropriate sources, including third parties. Despite my repeated requests, you have not provided available dates or U.S. availability for the depositions of Tatung Co.'s ("Tatung") Rule 30(b)(6) representatives and Mr. Chang. As a result, I have no choice but to schedule these depositions and assume that you will make the witnesses available. Because you previously stated that Tatung will need to be deposed in Taiwan, we will notice the depositions of Tatung and Mr. Chang to take place at Tatung's offices in Taipei, Taiwan. If we later learn that Tatung representatives or Mr. Chang were present in the U.S. and could have been deposed here, we will raise that issue with the Court and seek appropriate relief (including, for example, all of the fees, costs, and expenses incurred in traveling to Taiwan). Please inform me promptly as to the specific language that Tatung's witnesses speak so we can arrange for an appropriate translator to attend the Tatung depositions.

We also will schedule depositions of third party witnesses. I am currently investigating the specific witnesses and locations, which I will let you know. Although our investigation is continuing, I anticipate that we will need to schedule at least four third party depositions in January and February. Please let me know if there are any dates in January or February that you are not available for these depositions. Again, because of our limited time for discovery I would appreciate your response this week.

Very truly yours,

Cass W. Christenson

cc:  Jeffrey Goddess, Esq.
     Tracy Roman, Esq.
     Richard Kirk, Esq.
     Daniel Jarcho, Esq.

DC:50308324.2

# Morris, James, Hitchens & Williams LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile: (302) 571-1750

*Mailing Address:*
P.O. Box 2306
Wilmington, DE 19899-2306

## FAX/DIGITAL IMAGE TRANSMITTAL SHEET

### PLEASE DELIVER AS SOON AS POSSIBLE TO:

| Recipient | Company | Phone No. | Facsimile No. |
|---|---|---|---|
| 1. Julian M. Baum, Esq.<br>Robert C. Weems, Esq. | Baum & Weems | 415-460-1791 | 415-457-9157 |
| 2. Scott Miller, Esq.<br>Tracy Roman, Esq. | Bingham McCutcheon LLP | 213-229-5020 | 213-229-8550 |

| From | Richard D. Kirk | Date | December 29, 2004 |
|---|---|---|---|
| Phone | (302) 888-6960 | Client-Matter | 021364-3 |

Total number of pages including cover: 14

If you do not receive all pages, please call (302) 888-6988

**MESSAGE/REMARKS:**

Re: *LG Philips LCD Co., Ltd. V. Tatung Company, et al.*

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE MAY BE ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE RECIPIENT NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY UNAUTHORIZED DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY SENDER IMMEDIATELY. THANK YOU.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY, TATUNG COMPANY OF AMERICA INC., and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

**SECOND NOTICE OF FED.R.CIV.P. 30(b)(6) DEPOSITION**
(Tatung Company of America)

**TO:**

Richard L. Horwitz, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Julian M. Baum, Esq.
Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Jeffrey S. Goddess, Esq.
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

Scott Miller, Esq.
Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

PLEASE TAKE NOTICE that Plaintiff will take the deposition of Tatung Company of America, Inc. ("Tatung America") pursuant to Fed. R. Civ. P. 30(b)(6), on January 20, 2005 at 9:00 a.m. The deposition will take place at the offices of Tatung Company of America, Inc., located at 2850 E El Presidio Street, Long Beach, CA. The deposition will be taken before an authorized court reporter, duly authorized to administer oaths and transcribe the testimony of the deponent(s). The deposition will

continue from day to day until completed. The subjects covered in the deposition will include (but are not limited to) the subjects listed on Attachment A to this Notice.

Pursuant to Fed. R. Civ. P. 30(b)(6), Tatung America is required to designate one or more persons to testify at the deposition as to the matters known or reasonably available to Tatung America.

December 29, 2004

                             MORRIS, JAMES HITCHENS & WILLIAMS LLP

                             */s/ Richard D. Kirk*

                             Richard D. Kirk (#922)
                             222 Delaware Avenue - 10th Floor
                             P.O. Box 2306
                             Wilmington, DE 19899-2306
                             (302) 888-6800
                             Attorneys For Plaintiff,
                             LG. Philips LCD Co., Ltd.

OF COUNSEL:

Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## ATTACHMENT A

1. The past and present relationship between Tatung Company of America, Inc. ("Tatung America") and Tatung Company ("Tatung") and every location in which either company has or has had any offices, facilities, operations, or employees in the United States.

2. Since January 1, 2000, the relationship between or among Tatung America, Tatung, and all entities that distribute, market, import, purchase, and/or sell visual display products manufactured, distributed or sold by or for Tatung or Tatung America.

3. The documents that Tatung America receives, creates, or maintains concerning the manufacturing, marketing, importation, distribution, and sale of visual display products.

4. Since January 1, 2000, each type of product (including how many of each product) available in the United States that was made, imported, caused to be imported, offered for sale, and sold in the United States by or for Tatung or Tatung America.

5. All transactions and communications between Tatung and Tatung America since January 1, 2000, directly or indirectly related in any way to the United States.

6. Since January 1, 2000, all channels, distributors, suppliers, and networks through which visual display products available in the United States have been marketed, shipped, imported, sold, and/or distributed.

7. From January 1, 2000 to the present, all contacts that Tatung or Tatung America has or has had with Delaware, including but not limited to, contacts concerning: (a) interests in real property; (b) bank accounts opened or used; (c) hiring employees or

others; (d) borrowing, transferring or depositing funds; (e) employees or representatives traveling to or within Delaware for any business purpose; (f) paying any taxes, fees, or fines of any kind; (g) the formation or performance of contracts; and/or (h) participating in proceedings before any court, administrative tribunal, and/or arbitrator(s).

8. The amount of revenue and profit that Tatung and Tatung America have derived from products and services delivered, sold and/or ultimately used or purchased by persons in: (a) Delaware; and (b) the United States, since January 1, 2000.

9. From January 1, 2000 to the present, all destinations of visual display products made or sold by or for Tatung or Tatung America, and as to each destination in the U.S. the type and number of visual display products (for example, the L17AMTN LCD monitor) made, shipped, or sold in or to that destination.

10. Each and every location in Delaware to which Tatung or Tatung America has shipped or delivered products or at which it has performed services since January 1, 2000, and as to each shipment or delivery, the recipient and the type of product (including how many products were shipped/delivered) and as to each service the type of service performed.

11. Since January 1, 2000, all products made or sold by or for Tatung or Tatung America that persons in Delaware could or did order or purchase from an internet website and all website vendors authorized to sell such products.

12. All persons involved in the manufacture, marketing, distribution, importation, and sale of each of the following types of visual display products, and each person's respective role and place in the chain of distribution: (a) Tatung L17AMTN

LCD monitors; (b) Tatung V17AFTW LCD televisions; and (c) Tatung P42BSMT plasma televisions.

13. From January 1, 2000 to the present, all locations in the United States where persons could purchase products made or sold by or for Tatung or Tatung America (for example, L17AMTN LCD monitors).

14. From January 1, 2000 to the present, all contracts and agreements related to visual display products, between or among Tatung America, Tatung, and persons or companies that have purchased, distributed, sold, and/or imported visual display products for sale or use in the United States.

15. The distribution and sale in the U.S. of visual display products made or sold by or for Tatung or Tatung America, including but not limited to, the terms and conditions of any business relationship and agreements with distributors (for example, Avnet) and with retail stores or chains (for example, Wal-Mart, Tweeter, and Best Buy).

16. From January 1, 2000 to the present, all products shipped or delivered, directly or indirectly, from Tatung to Tatung America, including, but not limited to, documents showing the number and type of such products and all locations in the U.S. where such products arrived.

17. Tatung's and Tatung America's relationship with Best3C, TMX Logistics, Inc. and/or TMX Technologies, Inc. and any business transactions with Best3C, TMX Logistics, Inc., and/or TMX Technologies, Inc. related to the U.S. market since January 1, 2000.

18. The extent to which Tatung America possesses and/or exercises the actual or apparent authority to bind or act on behalf of Tatung.

19. The corporate structure of Tatung America and Tatung, including but not limited to, the extent to which: (a) Tatung personnel meet with and/or supervise Tatung America personnel; (b) Tatung has or has had any direct or indirect ownership interest in Tatung America; (c) Tatung and Tatung America have or have had common officers or directors or share interlocking management structures; and (d) Tatung has exercised control over Tatung America's directors, officers, and/or operations.

20. All documents, facts, and assertions referred to in Robin Tsou's April 7, 2004 declaration and Edward Chen's June 14, 2004 declaration.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 29, 2004, he caused copies of the within document to be served, in the manner indicated, on the following:

**By Hand:**

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Jeffrey S. Goddess, Esq.
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

**By Facsimile and U.S. Mail:**

Julian M. Baum, Esq.
Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Scott Miller, Esq.
Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

/s/ Richard D. Kirk
Richard D. Kirk (#922)