# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG PHILIPS LCD CO., LTD.,

        Plaintiff,

    v.

TATUNG COMPANY, TATUNG COMPANY
OF AMERICA INC., and VIEWSONIC
CORPORATION,

        Defendants.

Civil Action No. 04-343-JJF

## AMENDED NOTICE OF DEPOSITION
### (Robin Tsou)

**TO:**

Richard L. Horwitz, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Julian M. Baum, Esq.
Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Jeffrey S. Goddess, Esq.
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

Scott Miller, Esq.
Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

      PLEASE TAKE NOTICE that on January 19, 2004, at 9:00 a.m. at the offices of

Tatung Company of America, Inc., located at 2850 El Presidio Street, Long Beach, CA,

Plaintiff LG.Philips LCD Co., Ltd., through its attorneys of record, will take the

deposition by oral examination of Robin Tsou.

      The deposition will be taken before a notary public, duly authorized to administer

oaths and transcribe the testimony of the deponent. The deposition may continue from

day to day until completed if authorized by the Court or stipulated by the parties.

December 29, 2004

MORRIS, JAMES HITCHENS & WILLIAMS LLP

Richard D. Kirk (#922)
222 Delaware Avenue - 10ᵗʰ Floor
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6800
Attorneys for Plaintiff,
LG. Philips LCD Co., Ltd.

OF COUNSEL:

Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

RDK/021364-0003/1064739/1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 29, 2004, he caused copies of

the within document to be served, in the manner indicated, on the following:

### By Hand:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6ᵗʰ Fl.
Wilmington, DE 19801

Jeffrey S. Goddess, Esq.
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

### By Facsimile and U.S. Mail:

Julian M. Baum, Esq.
Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Scott Miller, Esq.
Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

Richard D. Kirk (#922)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343-JJF |
| TATUNG COMPANY, TATUNG COMPANY OF AMERICA INC., and VIEWSONIC CORPORATION, | |
| Defendants. | |

## AMENDED NOTICE OF DEPOSITION
### (Edward Chen)

**TO:**

Richard L. Horwitz, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Julian M. Baum, Esq.
Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Jeffrey S. Goddess, Esq.
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

Scott Miller, Esq.
Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

PLEASE TAKE NOTICE that on January 18, 2004, at 9:00 a.m. at the offices of

Tatung Company of America, Inc., located at 2850 El Presidio Street, Long Beach, CA,

Plaintiff LG.Philips LCD Co., Ltd., through its attorneys of record, will take the

deposition by oral examination of Edward Chen.

The deposition will be taken before a notary public, duly authorized to administer

oaths and transcribe the testimony of the deponent. The deposition may continue from

day to day until completed if authorized by the Court or stipulated by the parties.

December 29, 2004

MORRIS, JAMES HITCHENS & WILLIAMS LLP

Richard D. Kirk (#922)
222 Delaware Avenue - 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6800
Attorneys for Plaintiff,
LG. Philips LCD Co., Ltd.

OF COUNSEL:

Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 29, 2004, he caused copies of

the within document to be served, in the manner indicated, on the following:

### By Hand:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Jeffrey S. Goddess, Esq.
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

### By Facsimile and U.S. Mail:

Julian M. Baum, Esq.
Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Scott Miller, Esq.
Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

Richard D. Kirk (#922)

RDK/021364-0003/1013145/1

LAW OFFICES OF
**BAUM & WEEMS**
58 KATRINA LANE
SAN ANSELMO, CALIFORNIA 94960
PH. (415) 460-1791  FAX (415) 457-9157

January 4, 2005

VIA FACSIMILE

Mr. Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006

Re:    LG.Philips LCD Co., Ltd. v. Tatung Co., et al, Case No. 04-343 JJF (Delaware)

Dear Cass:

Thank you for your letter of December 23, 2004.

The modification you propose is unacceptable. The effort to sub-parse flat panel displays is precisely the argument made by your firm and rejected by Judge Jordan in *Commissariat a l'Energie Atomique*. It is no more appropriate here. Indeed, the defendants have already limited the scope of the protective order. The flat panel display restriction is far narrower than the full breadth of protection available, which would prohibit access by those attorneys prosecuting patents in any area within which discovery of highly confidential may be permitted. If there is a particular hardship for LG.Philips that your would like us to consider, please let us know.

Truly,

*[signature]*

Robert C. Weems

# McKenna Long
# & Aldridge LLP

Atlanta
Denver
Los Angeles
Philadelphia

**Attorneys at Law**

1900 K Street, NW • Washington, D.C. 20006
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego
San Francisco
Washington, DC
Brussels

## FACSIMILE TRANSMITTAL

**Date:**     January 10, 2005

| To: Name/Company | Fax No. | Phone No. |
|---|---|---|
| Robert C. Weems<br>Baum & Weems | **415-457-9157** | 415-460-1791 |
| Jeffrey Goddess, Esq.<br>Rosenthal, Monhait, Gross & Goddess | **302-658-7567** | 302-656-4433 |
| Tracy R. Roman<br>Bingham McCutchen | **213-680-6499** | 213-229-5020 |
| Richard D. Kirk<br>Morris James Hitcheens & Williams | **302-571-1750** | 302-888-6960 |

**From:**     Cass W. Christenson

**Phone:**    (202) 496-7218

**Re:**       *LG.Philips LCD Co., Ltd. v. Tatung Co., Tatung Company of America, Inc., and
              ViewSonic Corporation*, No. 04-343-JJF

**Number of Pages (including cover):**     3          **Originals Will Follow in the Mail**

---

**Confidentiality Notice:**
The information contained in this facsimile is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Post Office. Thank you.

| User No.:   2303 | Client/Matter No.:   07773.0050 |
|---|---|

**If transmission is unclear or incomplete, please contact our facsimile operator immediately at (202) 496-7981.**

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 10, 2005

**BY FACSIMILE AND FIRST CLASS MAIL**

Robert C. Weems, Esq.
Law Offices of Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960

**Re:**  *LG.Philips LCD Co., Ltd. v. ViewSonic Corp. et al.,* C.A. No. 04-343-JJF

Dear Mr. Weems:

We have received the responses served by Tatung Co. ("Tatung") and Tatung Company of America, Inc. ("Tatung America") (collectively, the "Tatung Defendants") to LG.Philips LCD Co., Ltd.'s ("LPL") interrogatories and document requests. I write to address a few examples of the deficiencies and baseless objections reflected in the Tatung Defendants' discovery responses. LPL will bring to the Court's attention the Tatung Defendants' ongoing refusal to submit to the jurisdictional discovery that the Court ordered Tatung and Tatung America to provide to LPL. For example, the Tatung Defendants are not entitled to renumber properly numbered interrogatories for the self-serving purpose of objecting to the number of interrogatories propounded. Further, the Tatung Defendants' boilerplate objections, and objection that the discovery is outside the scope of jurisdictional issues, lack merit. Despite the Tatung Defendants' stubborn refusal to provide discovery, LPL will continue its efforts to uncover facts that bear on the jurisdictional analysis.

As you know, we have depositions scheduled at Tatung America's offices on January 18, 19, and 20, 2005. To prepare for these depositions, we need to receive the interrogatory answers and responsive documents as soon as possible. Therefore, we request that the Tatung Defendants promptly amend their discovery responses and produce all responsive documents. We also request that the Tatung Defendants immediately provide us with copies of the limited responsive documents that they have agreed to produce in their discovery responses. We have not received a single responsive document as of the date of this letter.

In addition, the Tatung Defendants arbitrarily have limited the time frame of the discovery to the unspecified "period following issuance of the patents in suit through the date of Plaintiff's filing of suit." This is not acceptable. Please immediately explain the specific time period reflected in the Tatung Defendants' discovery responses. Please also serve amended responses for the requested time period dating back to 2000. The relevance of the 2000 date is

Robert C. Weems, Esq.
January 10, 2005
Page 2

confirmed by, for example, the Declaration of Edward Chen submitted with the motion to
dismiss in this case. Mr. Chen implicitly acknowledges the relevance of the time frame by
repeatedly referring to activities and documents (including sales and sales records) since 2000.

Further, the Tatung Defendants cannot arbitrarily limit the discovery to their direct
contacts with Delaware. Under settled law, the Tatung Defendants can be sued in Delaware
based on distribution channel connections and/or any activities described in any subsections of
the Delaware long-arm statute. The Tatung Defendants not only have asserted improper
objections concerning the scope of discovery, they also have failed to provide responsive
information and documents concerning even the State of Delaware.

Another example of improper objections is the Tatung Defendants' reference to
unspecified "trade secret or other confidential" information. The Tatung Defendants have failed
to articulate any substantial or specific threat of harm sufficient to avoid discovery. In any event,
any such threat of harm would not excuse discovery because protection is automatically provided
under Del. L.R. 26.2 for any properly designated discovery.

The Tatung Defendants' invocation of a purported "third party privacy and tax return
privilege" is unsubstantiated, assuming that such a privilege could even possibly apply. What is
the factual basis for this asserted privilege? What is the state or federal law basis for this
privilege? Please explain this promptly so that we can address this issue with the Court.

Also, Tatung's response to LPL's interrogatories includes an unsigned verification page.
Accordingly, the interrogatory responses fail to comply with the rules for this additional reason
and we request that you promptly provide the sworn verification signed by an appropriate Tatung
representative. This is particularly important under these circumstances, so that LPL and the
Court can identify the person at Tatung who will be deemed responsible for the responses.

Again, we request that Tatung and Tatung America promptly correct these deficient
responses and produce documents so that we can prepare for the depositions on January 18-20,
2005 (and respond to the Tatung Defendants' motion to dismiss). Having not heard from you in
response to my request for any dates that you may not be available for depositions in January and
February, we will assume that all dates are open and we will schedule depositions of Tatung, Mr.
Chang, and third parties. Thank you in advance for your anticipated cooperation.

Very truly yours,

Cass W. Christenson

cc:    Jeffrey Goddess, Esq.
       Tracy Roman, Esq.
       Richard Kirk, Esq.
       Daniel Jarcho, Esq.

# McKenna Long
# &Aldridge ᴸᴸᴾ
Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

San Diego

San Francisco

Washington, DC

Brussels

1900 K Street, NW • Washington, D.C. 20006
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

## FACSIMILE TRANSMITTAL

**Date:**    January 14, 2005

| To: Name/Company | Fax No. | Phone No. |
|---|---|---|
| Tracy R. Roman<br>Bingham McCutchen | **213-680-6499** | 213-229-5020 |
| Jeffrey Goddess<br>Rosenthal, Monhait, Gross & Goddess | **302-658-7567** | 302-656-4433 |
| Julian M. Baum & Robert C. Weems<br><br>Baum & Weems | **415-457-9157** | 415-460-1791 |
| Richard D. Kirk<br>The Bayard Firm | **302-658-6395** | 302-429-4208 |

**From:**    Cass Christenson

**Phone:**    (202) 496-7218

**Re:**    *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation*

**Number of Pages (including cover):**    3        **Originals Will Follow via the Mail**

**Confidentiality Notice:**
The information contained in this facsimile is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Post Office. Thank you.

User No.:    1360        Client/Matter No.:    07773.0050

**If transmission is unclear or incomplete, please contact our facsimile operator immediately at (202) 496-7981.**

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# & Aldridge.llp
Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 14, 2005

**BY FACSIMILE AND FIRST CLASS MAIL**

Julian M. Baum, Esq.
Robert C. Weems, Esq.
Law Offices of Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corp. et al.*, C.A. No. 04-343-JJF

Dear Mr. Baum and Mr. Weems:

We regret that you have refused, yet again, to cooperate with discovery and produce witnesses for deposition.

Because of Tatung America's repeated and unwarranted refusal to appear for deposition, we have no choice but to seek the Court's immediate intervention. I attempted to contact you when I received your letter this afternoon so that we could attempt to conduct a brief conference call today with Judge Farnan. It is imperative that we proceed next week with the depositions of Mr. Tsou, Mr. Chen, and Tatung America. Please be advised that we will attempt to schedule an emergency teleconference with Judge Farnan for Tuesday, January 18, 2005. Given the fact that one of you was planning to attend the deposition, you should be available to participate instead in a call with Judge Farnan on Tuesday. We will let you know as soon as we hear from the Court concerning a conference.

To reiterate our position, there is no need to resolve the protective order issue before depositions because the local rules fully enable you to protect any confidential information discussed at any deposition. In addition, as we have informed you, Mr. Jung and LG.Philips employees will not attend these depositions (nor are we permitted to disclose confidential discovery, including deposition transcripts, to Mr. Jung or LG.Philips). Further, there is obviously no issue under Rule 30(b)(6) concerning the individual depositions of Mr. Tsou or Mr. Chen. With respect to Tatung America, as we have informed you, Tatung America is obligated to attend the deposition and respond to questions to the best of its ability, after diligent preparation, and you can object to specific questions if appropriate.

Robert C. Weems, Esq.
January 14, 2005
Page 2

We look forward to discussing these issues with the Court next week and proceeding with the noticed depositions.

Very truly yours,

Cass W. Christenson

cc (via facsimile):   Jeffrey Goddess, Esq.
                      Tracy Roman, Esq.
                      Richard Kirk, Esq.
                      Daniel Jarcho, Esq.

# McKenna Long
# & Aldridge LLP
Attorneys at Law

Atlanta
Denver
Los Angeles
Philadelphia

San Diego
San Francisco
Washington, DC
Brussels

1900 K Street, NW • Washington, D.C. 20006
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

## FACSIMILE TRANSMITTAL

**Date:**     January 13, 2005

| To: Name/Company | Fax No. | Phone No. |
|---|---|---|
| Robert C. Weems, Esq.<br>Baum & Weems | (415) 457-9157 | (415) 460-1791 |
| Jeffrey S. Goddess<br>Rosenthal, Monhait, Gross & Goddess, P.A. | (302) 658-7567 | (302) 656-4433 |
| Tracy R. Roman, Esq.<br>Bingham McCutchen LLP | (213) 680-6499 | (213) 680-6400 |
| Richard D. Kirk, Esquire<br>The Bayard Firm | (302) 658-6395 | (302) 429-4208 |

**From:**     Cass W. Christenson

**Phone:**     (202) 496-7218

**Re:**     LG.Philips LCD Co., Ltd. v. ViewSonic Corp. et al., C.A. No. 04-343-JJF

**Number of Pages (including cover):**     3

## COMMENTS

**Confidentiality Notice:**
The information contained in this facsimile is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Post Office. Thank you.

| User No.: | 2303 | Client/Matter No.: | 077730050 |
|---|---|---|---|

**If transmission is unclear or incomplete, please contact our facsimile operator immediately at (202) 496-7981.**

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

San Diego

San Francisco

Washington, DC

Brussels

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 13, 2005

**BY FACSIMILE AND FIRST CLASS MAIL**

Robert C. Weems, Esq.
Law Offices of Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960

   Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corp. et al.*, C.A. No. 04-343-JJF

Dear Mr. Weems:

   I write to respond to your January 4, 2005 letter. We regret that you have refused to sign the reasonable confidentiality stipulation that we proposed. Your letter mentions only one disputed issue, the subject matter scope of the provision restricting future patent prosecution.

   The Tatung defendants apparently insist that the subject matter of highly confidential discovery in this case will be so broad as to cover every flat panel display technology, including all aspects of LCD, plasma, and other flat panel technologies. This case could not possibly result in the production of competitive technical information concerning all aspects of flat panel displays or technology. A protective order prohibiting patent prosecution related to every conceivable flat panel technology is thus unwarranted and would unnecessarily interfere with patent prosecution by McKenna Long & Aldridge LLP and its clients. The issues and confidential discovery in this case are limited in scope to a specific type of mechanical flat panel display technology, yet we proposed a broader provision that is over-protective. We completely disagree that the technical issues or discovery in this case are remotely analogous to the issues and discovery addressed in the CEA case. Please identify any and all types of flat panel display technology that the Tatung defendants anticipate will be covered in discovery, and explain as to each how and why such discovery relates to the patent issues in this case.

                    Very truly yours,

                    Cass W. Christenson

Robert C. Weems, Esq.
January 13, 2005
Page 2

cc (via facsimile):      Jeffrey Goddess, Esq.
                         Tracy Roman, Esq.
                         Richard Kirk, Esq.
                         Daniel Jarcho, Esq.

-----Original Message-----
**From:** Dick Kirk [mailto:rkirk@bayardfirm.com]
**Sent:** Tuesday, January 18, 2005 8:38 AM
**To:** jjf_civil@ded.uscourts.gov
**Cc:** Horwitz, Richard L.; dmoore@potteranderson.com; Jeff Goddess;
rcweem@comcast.net; tracy.roman@bingham.com; scott.miller@bingham.com
**Subject:** LG.Philips LCD Co., Ltd. v. Tatung Company, et al., C.A. No. 04-343-JJF
**Importance:** High

Dear Judge Farnan:

I write on behalf of plaintiff LG.Philips LCD Co., Ltd.'s ("LPL") to request an urgent
teleconference at the Court's earliest convenience.

On November 17, 2004, the Court granted LPL's motion for jurisdictional discovery
concerning defendants Tatung Company and Tatung Company of America, Inc. (the
"Tatung Defendants"). The Tatung Defendants have filed a motion to dismiss contesting
personal jurisdiction and in support thereof filed declarations of Robin Tsou and Edward
Chen. Depositions have been noticed for today, January 18 (Mr. Chen), tomorrow,
January 19 (Mr. Tsou), and January 20 (Tatung America's Rule 30(b)(6) designees).
Late on January 14 (one business day before Mr. Chen's deposition and, given the
weekend and federal holiday, for all practical purposes after LPL could contact the Court
before today), Tatung's counsel faxed a letter stating that Tatung America refuses to
produce any of these witnesses (including the two individual deponents) for deposition
unless LPL narrows the Rule 30(b)(6) deposition topics and agrees to the form of
protective order demanded by Tatung.

LPL's counsel has properly defined (and focused) the deposition topics, has offered to
enter into a proper protective order, and has pointed out that in the absence of a
protective order, Del. L.R. 26.2 allows for protection of any confidential information.

This is the second time that Tatung America has refused to submit to a deposition. As
discussed in my December 21, 2004 letter to the Court, Tatung America previously
refused to appear for its December 22 deposition (also at the last minute). The Tatung
Defendants also have failed to provide discovery in response to interrogatories and
document requests. Because LPL only has a limited time within which to complete
jurisdictional discovery (i.e., by February 22), which it needs to oppose the Tatung
Defendants' motion to dismiss for lack of jurisdiction (LPL's brief is due on March 7), LPL
respectfully requests that the Court schedule a teleconference with counsel so that we
may briefly address this issue and obtain direction from the Court as to whether: (1) LPL
should be entitled to proceed this week with the depositions of Mr. Chen, Mr. Tsou, and
Tatung America; and (2) LPL should be entitled to an extension of the jurisdictional
discovery deadline because of the Tatung Defendants' intransigence.

Respectfully submitted,

Richard D. Kirk (Bar ID #922)
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130

Wilmington, Delaware 19899-5130

(302) 429-4208

---

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Robert Weems

## Subject: LG.Philips LCD Co., Ltd. v. Tatung Company, et al., C.A. No. 04-343-JJF

**Date:** Friday, January 21, 2005 7:31 AM
**From:** Dick Kirk <rkirk@bayardfirm.com>
**To:** <jjf_civil@ded.uscourts.gov>
**Cc:** "Horwitz, Richard L." <rhorwitz@Potteranderson.com>,
<dmoore@potteranderson.com>, <jgoddess@rmgglaw.com>,
<rcweems@comcast.net>, <tracy.roman@bingham.com>,
<scott.miller@bingham.com>
**Priority:** UrgentHighest

Dear Judge Farnan:

I write on behalf of plaintiff LG.Philips LCD Co., Ltd.'s ("LPL"). I wrote an email to the Court on January 18, 2005 requesting an urgent teleconference at the Court's earliest convenience.

The Tatung defendants have not responded to that email, either to the Court or to counsel for LPL. The depositions that LPL had noticed for this week did not go forward because Tatung unilaterally refused to produce its witnesses. For the reasons set forth in my January 18, 2005 email to the Court, LPL reiterates its request for a hearing or teleconference at the Court's earliest convenience.


Respectfully submitted,

Richard D. Kirk (Bar ID #922)
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899-5130

(302) 429-4208


This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any

attachments.

**Robert Weems**

## Subject: LG.Philips LCD Co., Ltd. v. Tatung Company, et al., C.A. No. 04-343-JJF

**Date:** Friday, January 21, 2005 7:31 AM
**From:** Dick Kirk <rkirk@bayardfirm.com>
**To:** <jjf_civil@ded.uscourts.gov>
**Cc:** "Horwitz, Richard L." <rhorwitz@Potteranderson.com>, <dmoore@potteranderson.com>, <jgoddess@rmgglaw.com>, <rcweems@comcast.net>, <tracy.roman@bingham.com>, <scott.miller@bingham.com>
**Priority:** UrgentHighest

Dear Judge Farnan:

I write on behalf of plaintiff LG.Philips LCD Co., Ltd.'s ("LPL"). I wrote an email to the Court on January 18, 2005 requesting an urgent teleconference at the Court's earliest convenience.

The Tatung defendants have not responded to that email, either to the Court or to counsel for LPL. The depositions that LPL had noticed for this week did not go forward because Tatung unilaterally refused to produce its witnesses. For the reasons set forth in my January 18, 2005 email to the Court, LPL reiterates its request for a hearing or teleconference at the Court's earliest convenience.

Respectfully submitted,

Richard D. Kirk (Bar ID #922)
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899-5130

(302) 429-4208

_____

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any

attachments.