# McKenna Long
# & Aldridge LLP
### Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

1900 K Street, NW • Washington, D.C. 20006
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

## FACSIMILE TRANSMITTAL

**Date:**     January 27 2005

| To: Name/Company | Fax No. | Phone No. |
|---|---|---|
| Robert C. Weems<br>Baum & Weems | **415-457-9157** | 415-460-1791 |
| Jeffrey Goddess, Esq.<br>Rosenthal, Monhait, Gross & Goddess | **302-658-7567** | 302-656-4433 |
| Richard D. Kirk<br>The Bayard Firm | **302-658-6395** | 302-429-4208 |

**From:**     Cass W. Christenson

**Phone:**     (202) 496-7218

**Re:**     *LG.Philips LCD Co., Ltd. v. Tatung Co., Tatung Company of America, Inc., and ViewSonic Corporation*, No. 04-343-JJF

**Number of Pages (including cover):**     2          **Originals Will Follow in the Mail**

**Confidentiality Notice:**
The information contained in this facsimile is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Post Office. Thank you.

| User No.: | 2303 | | Client/Matter No.: | 07773.0050 |
|---|---|---|---|---|

**If transmission is unclear or incomplete, please contact our facsimile operator immediately at (202) 496-7981.**

01/27/2005  16:26   202-496-7756         MCKENNA LONG ALDRIDG              PAGE 02/02

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 27, 2005

**BY FACSIMILE AND FIRST CLASS MAIL**

Robert C. Weems, Esq.
Law Offices of Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

**Re:** *LG.Philips LCD Co., Ltd. v. ViewSonic Corp. et al.*, C.A. No. 04-343-JJF

Dear Mr. Weems:

I look forward to your prompt cooperation in producing documents that were requested in early December 2004. Yesterday, you confirmed that we will receive, by Monday, January 31, at least all of the documents that the Tatung defendants agreed to produce in their responses to the requests for documents and all of the documents discussed at the January 24, 2005 hearing. As the Court specifically instructed at the hearing, the Tatung defendants should produce the documents "by the end of this week, the very first part of next week."

I regret that the Tatung defendants were unable to agree to my request that we enlarge the deadline for jurisdictional discovery. As we discussed, given the Tatung defendants' decision to push forward without additional time for discovery, I will serve the remaining deposition notices and third party subpoenas to complete discovery by February 22.

Regarding the Tatung depositions in Taiwan on February 16-18, 2005, you confirmed that we should expect to use interpreters fluent in Mandarin Taiwanese.

Very truly yours,

Cass W. Christenson

cc (via facsimile):     Jeffrey Goddess, Esq.
Richard Kirk, Esq.
Daniel Jarcho, Esq.

LAW OFFICES OF
**BAUM & WEEMS**
58 KATRINA LANE
SAN ANSELMO, CALIFORNIA 94960
PH. (415) 460-1791  FAX (415) 457-9157

February 11, 2005

BY FACSIMILE TRANSMISSION        202-496-7756

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006

Re:    LG.Philips LCD Co., Ltd. v. Tatung Company, et al., Case No. 04-343-JJF (D.Del.)

Dear Ms. Brzezynski:

Thank you for your letter of February 10, 2005.

As you should be aware, both the motion to compel recently filed and the bulk of depositions
now noticed in Taiwan are improper. We produced to your firm everything that was represented
we would and your firm made no effort to meet and confer on any document request until after
filing a motion to compel and at a time making it impossible to timely resolve these issues. This
is a clear violation of your obligations under Fed.R.Civ.P. 37(a)(2)(B) and smacks of conduct
subject to 28 USC § 1927 sanction. So too, there is no support for the depositions you have
directed to such persons as W.S. Lin, President of Tatung Co. and other named employees. *Baine
v. General Motors Corp.*, 141 F.R.D. 332, 334-335 (D.C. Ala. 1991). Accordingly, I again urge
your client to rethink their hardball tactics and first bear in mind *Société Nationale Industrielle
Aérospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 546
(1987), which advises:

> American courts, in supervising pretrial proceedings, should exercise special vigilance to
> protect foreign litigants from the danger that unnecessary, or unduly burdensome,
> discovery may place them in a disadvantageous position. Judicial supervision of
> discovery should always seek to minimize its costs and inconvenience and to prevent
> improper uses of discovery requests. When it is necessary to seek evidence abroad, the
> district court must supervise pretrial proceedings particularly closely to prevent discovery
> abuses. For example, the additional cost of transportation of documents or witnesses to
> or from foreign locations may increase the danger that discovery may be sought for the
> improper purpose of motivating settlement, rather than finding relevant and probative
> evidence. Objections to "abusive" discovery that foreign litigants advance should
> therefore receive the most careful consideration. . . . American courts should therefore
> take care to demonstrate due respect for any special problem confronted by the foreign
> litigant on account of its nationality or the location of its operations.

Likewise, I would expect due consideration to the Third Circuits recent reminder that courts
expect "[t]he ascertainment of facts bearing on personal jurisdiction normally involves the least
intrusive type of inquiries." *In re Automotive Refinishing Antitrust Litigation*, 358 F.3d 288, 299
(3rd 2004).

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
February 11, 2005
Page 2

We have tried to resolve this matter with your colleague, Mr. Christenson in a face-to-face meeting. We believed that effort was successful. Apparently, he was overruled for what your firm perceives to be some tactical advantage.

Due to the present unresolved discovery issues, LGP's changing position on document production, and your refusal to defer overseas deposition until such matters have been worked out, we have been compelled to move for a protective order and to ask the Court to appoint a special master. According, we will not be producing deponents in Taiwan until such matters are resolved either by agreement or with the involvement of the Court.

Truly,

/s/

Robert C. Weems

Cc:    Richard Kirk (LPG)
       Tracey Roman (Viewsonic)
       Richard Horwitz (Viewsonic)

EXHIBIT 2

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343 (JJF) |
| TATUNG COMPANY, et al., | |
| Defendants. | |

## TATUNG COMPANY'S OBJECTIONS AND ANSWERS TO LG.PHILIPS LCD CO., LTD.'S FIRST SET OF INTERROGATORIES

### OBJECTIONS TO DEFINITIONS

Tatung Company (hereinafter TROC) objects to definitions 1 through 20 contained in Plaintiff's First Set of Interrogatories to the extent that these definitions impose or seek to impose any obligation in excess of Federal Rules of Civil Procedure, Rules 26 and 33. TROC further objects to the definitions 1 through 20 contained in Plaintiff's First Set of Interrogatories to the extent theses definitions vary from such term's customary and ordinary meaning, as being vague and ambiguous to the extent that such definitions are not fully contained therein. TROC further objects to the extent that such definitions impose obligations in responding that are overbroad and unduly burdensome, including but not limited to where application of definition expands an interrogatory to include subparts and instructions not recognized by Plaintiff in the numeration of the interrogatories propounded.

mp

Without limitation to the foregoing, TROC objects to the definition of "Tatung" "you," and "your" to the extent it incorporates or seeks to incorporate any person or entity other than TROC and its employees acting within the course and scope of their employment by TROC; TROC further objects that the definition is vague and ambiguous. In response to these interrogatories according, TROC understands the terms "Tatung," "you," and "your" to refer to TROC and TROC employees acting for TROC within the course and scope of their employment.

Without limitation to the foregoing, TROC object to the definition of Plaintiff as vague and ambiguous and understands "Plaintiff" to mean the named Plaintiff in this action.

Without limitation to the foregoing, TROC objects to the definition of "Affiliate" as being vague and ambiguous.

Without limitation to the foregoing, TROC objects to the definition of "any" as vague and ambiguous and contrary to general understanding. TROC further objects that as defined, "any" is unduly burdensome and overbroad.

Without limitation to the foregoing, TROC objects to the instructions on construction of conjunctives as vague and ambiguous and shall apply the ordinary and customary understanding of these words in considering each interrogatory and in its responses.

Without limitation to the foregoing, TROC objects to the definitions of "Communication" "concern," "concerning," "discuss," "discussing," "relate to," "relating to," "support" and "supporting" to the extent such definitions deviate from the normal and customary meaning of such words.

Without limitation to the foregoing, TROC objects to the definitions "Document" to the extent it deviates from the normal and customary meaning of such term.

Without limitation to the foregoing, TROC objects to the definitions of "make," "use," "sell," "offer to sell" to the extent that application of said definitions to any interrogatory would call for the disclosure of information exceeding the allegations contained in Plaintiff's complaint herein upon which Plaintiff service of process and jurisdictional selection is based.

Without limitation to the foregoing, TROC objects to the definition of "visual display product" to the extent that such definition incorporates any product for which Plaintiff has failed to come forward with evidence that Plaintiff contends supports the allegations of infringement as being unduly burdensome, overbroad, and not relevant.

Without limitation to the foregoing, TROC objects to each definition to the extent it contains therein an instruction either explicitly or by implication, standing on its own or when read in context of the interrogatory in which the term appears.

OBJECTIONS TO INSTRUCTIONS

TROC objects to each instruction to the extent it imposes or seeks to impose any obligation in excess of Federal Rule of Civil Procedure, Rules 33 and 26.

Without limitation to the foregoing, TROC objects to Instruction 8 as application of said instruction would of itself incorporates 72 separate subject matters with respect to each interrogatory.

GENERAL OBJECTIONS AND RESERVATIONS

TROC objects to each interrogatory to the extent such interrogatory incorporates more than a single subject.

TROC objects to responding to each and every interrogatory in excess of 25, construed in light of subparts, as violating Federal Rules of Civil Procedure 33 and further objects to responding to each an every interrogatory in excess of 50, construed in light of subparts, as violating the local rules of Court.

TROC objects to each interrogatory to the extent that it seeks the information protected by the attorney-client privilege, the work product doctrine, joint defense privilege, rights to privacy conferred under state or federal law, or the privilege for tax return information or disclosure of which would violate obligations of confidentially imposed by court order, operation of law, or contract, whether such obligations are foreign or domestic, and such further and other privileges, immunities or doctrines as may apply.

TROC objects to each interrogatory to the extent that that it seeks trade secret, or other confidential research, development, or commercial information that Plaintiff has failed to establish is relevant and necessary for proof of the allegations upon which personal jurisdiction is premised in the Complaint on file herein.

TROC object to each interrogatory in light of five pages of definitions and four pages of instructions and incorporation by reference to matters external to the interrogatories as imposing undue burden and expense on TROC in light of the limited purpose for which the Court has authorized discovery.

In providing any response herein, TROC does not admit the relevancy of any information provided and specifically reserves the right to object to the use or introduction of any answer, in whole or part, upon such grounds as may exist under the Federal Rules of Evidence or otherwise at law or equity.

In providing any response herein, TROC does not admit the accuracy of, existence of or its concurrence with any assertion contained within the interrogatory to which a response is provided either directly, by implication, by negative pregnant or any other construction.

In providing any response herein, TROC notes that it has not fully completed its investigation of the facts relating to this action, its discovery or its preparation for trail. TROC responses and objections are based upon only such information as TROC has acquired upon the exercise of reasonable diligence in light of the time within which demand for responses has been made by Plaintiff, Plaintiff's other simultaneous discovery demands, the exigencies of this litigation and seasonal demands upon its business and personnel. Upon further discovery, independent investigation, legal research and analysis may reveal additional information and/or add meaning to known facts and/or support new factual and legal conclusions all of which may lead to additions to, changes in and variations from the responses herein.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

INTERROGATORY 1:

Identify each person who prepared or otherwise assisted in the preparation of your responses to these interrogatories and/or your responses to Plaintiff's first set of requests for production of documents

RESPONSE TO INTERROGATORY 1:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory, as follows:

[1][1] Identify each person who prepared or otherwise assisted in the preparation of your responses to these interrogatories;

[2] Identify each person who prepared or otherwise assisted in the preparation of your responses to Plaintiff's first set of requests for production of documents.

TROC further objects to each of these interrogatories [1] and [2] as not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's allegations of personal jurisdiction as set forth in the Complaint, as seeking attorney-client privileged information and as protected under the attorney-work product doctrine for which no exception applies.

---

[1] Due to Plaintiff's repeated use of compound interrogatories containing unrelated, unnumbered subparts, TROC applies the following convention in response to the interrogatories propounded by Plaintiff. Each interrogatory is reproduced as stated by Plaintiff, each interrogatory is then re-stated and re-numbered in brackets [##] in TROC's responses to provide an accurate running tally of the number of interrogatories propounded based upon each separate subject matter inquired into by Plaintiff.

INTERROGATORY 2:

For each month or quarter since January 1, 2000, identify all products (including how many of each product) that your directly or indirectly: make (or have made) in Delaware; import (or have imported) to Delaware; cause (or have caused) to be imported to Delaware; purchase (or purchased) in Delaware; offered (or have offered) for sale in Delaware; and sell (or have sold) in Delaware.

RESPONSE TO INTERROGATORY 2:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on 12 separate, topics each of which stands on its own as a separate interrogatory, as follows:

[3] For each month or quarter since January 1, 2000, identify all products (including how many of each product) that you directly make (or have made) in Delaware;

[4] For each month or quarter since January 1, 2000, identify all products (including how many of each product) that you directly import (or have imported) to Delaware;

[5] For each month or quarter since January 1, 2000, identify all products (including how many of each product) that you directly cause (or have caused) to be imported to Delaware;

[6] For each month or quarter since January 1, 2000, identify all products (including how many of each product) that you directly purchase (or purchased) in Delaware;

[7] For each month or quarter since January 1, 2000, identify all products (including how many of each product) that you directly offered (or have offered) for sale in Delaware;

[8] For each month or quarter since January 1, 2000, identify all products (including how many of each product) that you directly sell (or have sold) in Delaware

[9] For each month or quarter since January 1, 2000, identify all products (including how many of each product) that you indirectly make (or have made) in Delaware;

[10] For each month or quarter since January 1, 2000, identify all products (including how many of each product) that you indirectly import (or have imported) to Delaware;

[11] For each month or quarter since January 1, 2000, identify all products (including how many of each product) that you indirectly cause (or have caused) to be imported to Delaware;

[12] For each month or quarter since January 1, 2000, identify all products (including how many of each product) that you indirectly purchase (or purchased) in Delaware;

[13] For each month or quarter since January 1, 2000, identify all products (including how many of each product) that you indirectly offered (or have offered) for sale in Delaware;

[14]  For each month or quarter since January 1, 2000, identify all products

(including how many of each product) that you indirectly sell (or have sold) in

Delaware

TROC further objects to the interrogatory in its entirety ([3]-[14]) as overbroad, unduly

burdensome and seeking information that is not relevant to nor within the limited

jurisdictional scope of discovery permitted by the Court in that, *inter alia*, these

interrogatories seek information pertaining to a time period before the patents-in-suit

issued and after the date of the filing of suit. TROC, therefore, limits its responses to the

period from issuance of the patents to the time of filing suit. TROC further objects as to

[9]-[14] that the interrogatory is vague and ambiguous as to "indirectly" and understands

it to refer to actions taken by third parties at the request of TROC for its benefit. Subject

to and without waiving each such objection, states that it has been unable to identify any

products.

INTERROGATORY 3.

For each month or quarter since January 1, 2000, identify each type of visual display

product (including how many of each product) that you directly or indirectly: make (or

have made) in the United States; import (or have imported) to the United States; cause (or

have caused to be imported) to the United States; purchase (or have purchased) in the

United States; offer (or have offered) for sale in the United States; and sell (or have sold)

in the United States.

RESPONSE TO INTERROGATORY 3:

TROC incorporates herein its reservations, general objections and objections to

definitions and instructions set forth above. TROC further objects that the interrogatory is

compound and seeking information on 12 separate, unrelated topics each of which stands on its own as a separate interrogatory, as follows:

[15] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you directly make (or have made) in the United States;

[16] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you directly import (or have imported) to the United States;

[17] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you directly cause (or have caused) to be imported to the United States;

[18] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you directly purchase (or purchased) in the United States;

[19] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you directly offered (or have offered) for sale in the Untied States;

[20] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you directly sell (or have sold) in the Untied States;

[21] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you indirectly: make (or have made) in the Untied States;

[22] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you indirectly: import (or have imported) to the United States;

[23] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you indirectly: cause (or have caused) to be imported to the United States;

[24] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you indirectly: purchase (or purchased) in United States;

[25] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you indirectly: offered (or have offered) for sale in the United States;

[26] For each month or quarter since January 1, 2000, identify each type of visual display product (including how many of each product) that you indirectly: sell (or have sold) in the United States;

TROC further objects to the interrogatory in its entirety and each subpart thereof [15]-[26] as overbroad, unduly burdensome and seeking information that is not relevant to nor within the limited jurisdictional scope of discovery permitted by the Court in that, *inter alia*, these interrogatories seek information pertaining to a time period before the patents-in-suit issued and after the date of the filing of suit, TROC is subject to personal jurisdiction in at least one jurisdiction other than Delaware or will consent to such other jurisdiction, and the jurisdictional allegations of the complaint and means of service relied upon by plaintiff in an effort to invoke the Court's jurisdiction are limited by and to

10 Del. 3014. TROC further objects that the interrogatory subparts [21] – [26] are vague and ambiguous as to "indirectly" and understands it to refer to actions taken by third parties at the request of TROC for its benefit.

INTERROGATORY 4.

For each month or quarter since January 1, 2000, state the amount of revenue and profit that you derived, directly or indirectly, from products and services delivered or sold in Delaware or ultimately used or purchased by persons in Delaware.

RESPONSE TO INTERROGATORY 4:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on numerous separate topics each of which stands on its own as a separate interrogatory, as follows:

[27] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, directly from products delivered in Delaware.

[28] For each month or quarter since January 1, 2000, state the amount of profit that you derived, directly from products delivered in Delaware.

[29] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, indirectly, from products delivered in Delaware.

[30] For each month or quarter since January 1, 2000, state the amount of profit that you derived, indirectly, from products delivered in Delaware.

[31] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, directly, from services delivered in Delaware.

[32] For each month or quarter since January 1, 2000, state the amount of profit that you derived, directly, from services delivered in Delaware.

[33] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, indirectly, from services delivered in Delaware.

[34] For each month or quarter since January 1, 2000, state the amount of profit that you derived, indirectly, from services delivered in Delaware.

[35] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, directly, from products sold in Delaware.

[36] For each month or quarter since January 1, 2000, state the amount of profit that you derived, directly, from products sold in Delaware.

[37] For each month or quarter since January 1, 2000, state the amount of revenue you derived, indirectly, from products sold in Delaware.

[38] For each month or quarter since January 1, 2000, state the amount of profit that you derived, indirectly, from products sold in Delaware.

[39] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, directly, from services sold in Delaware.

[40] For each month or quarter since January 1, 2000, state the amount of profit that you derived, directly, from services sold in Delaware.

[41] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, indirectly, from services sold in Delaware.

[42] For each month or quarter since January 1, 2000, state the amount of profit that you derived, indirectly, from services sold in Delaware.

[43] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, directly from products ultimately used by persons in Delaware.

[44] For each month or quarter since January 1, 2000, state the amount of profit that you derived, directly from products ultimately used by persons in Delaware.

[45] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, indirectly, from products ultimately used by persons in Delaware.

[46] For each month or quarter since January 1, 2000, state the amount of profit that you derived, indirectly, from products ultimately used by persons in Delaware.

[47] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, directly, from services ultimately used by persons in Delaware.

[48] For each month or quarter since January 1, 2000, state the amount of profit that you derived, directly, from services ultimately used by persons in Delaware.

[49] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, indirectly, from services ultimately used by persons in Delaware.

[50] For each month or quarter since January 1, 2000, state the amount of profit that you derived, indirectly, from services ultimately used by persons in Delaware.

[51] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, directly from products ultimately purchased by persons in Delaware.

[52] For each month or quarter since January 1, 2000, state the amount of profit that you derived, directly from products ultimately purchased by persons in Delaware.

[53] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, indirectly, from products ultimately purchased by persons in Delaware.

[54] For each month or quarter since January 1, 2000, state the amount of profit that you derived, indirectly, from products ultimately purchased by persons in Delaware.

[55] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, directly, from services ultimately purchased by persons in Delaware.

[56] For each month or quarter since January 1, 2000, state the amount of profit that you derived, directly, from services ultimately purchased by persons in Delaware.

[57] For each month or quarter since January 1, 2000, state the amount of revenue that you derived, indirectly, from services ultimately purchased by persons in Delaware.

[58] For each month or quarter since January 1, 2000, state the amount of profit that you derived, indirectly, from services ultimately purchased by persons in Delaware.

TROC further objects to the interrogatory in its entirety and each subpart thereof [27] – [58] as vague and ambiguous as to the terms "directly" and "indirectly" as used therein.

TROC further objects to the interrogatory in its entirety and each subpart thereof [27]-[58] as overbroad, unduly burdensome and seeking information that is not relevant to nor within the limited jurisdictional scope of discovery permitted by the Court in that, *inter alia*, these interrogatories seek information pertaining to a time period before the patents-in-suit issued and after the date of the filing of suit. TROC further objects as overbroad, unduly burdensome and as seeking information in excess of the discovery permitted by the Court to interrogatories [28], [30], [32], [34], [36], [38], [40], [42], [44], [46], [48], [50], [52], [54], [56] and [58]. TROC further objects to interrogatories [29], [30], [33], [34], 37]. [38], [41], [42], [45], [46], [49], [50], [53], [54], [57], and [58] as calling for speculation and, upon separate grounds interrogatories [43] – [58]. Subject to and without waiving the foregoing, TROC states in response to interrogatory [27] it is not currently aware of any such revenue after the patents-in-suit issued and prior to the date of filing suit; in response to interrogatory [31] TROC in not currently aware of any revenue from services in the un-objected to time frame; in response to interrogatory [35] TROC is not currently aware of any revenue in the relevant time frame; in response to interrogatory [39] ] TROC in not currently aware of any revenue from services in the un-objected to time frame.

As to interrogatories [51] – [58] TROC further objects that the number of interrogatories propounded exceeds 25, the maximum number permitted under Federal Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1.

INTERROGATORY 5.

For each month or quarter since January 1, 2000, state the amount of revenue and profit that you derived, directly or indirectly, from imports, sales and/or shipments of products

ultimately intended or expected to be purchased and/or used by persons in the United States.

RESPONSE TO INTERROGATORY 5:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory. TROC further objects that the number of interrogatories propounded exceeds 25, the maximum number permitted under Federal Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1

INTERROGATORY 6.

Identify each and every location in the United States where any person hired or employed by you has worked since January 1, 2000 (including, but not limited to, persons and locations involved in making, marketing, selling, importing, distributing, and/or storing visual display products).

RESPONSE TO INTERROGATORY 6:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory. TROC further objects that the number of interrogatories propounded exceeds 25, the maximum number permitted under Federal Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1

INTERROGATORY 7.

As to each location identified in the preceding interrogatory, describe briefly the type of business or activities at that location, the number of persons who work there, the annual revenue generated at or from that location, and the date(s) when you first and last conducted any business at that location.

RESPONSE TO INTERROGATORY 7:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory. TROC further objects that the number of interrogatories propounded exceeds 25, the maximum number permitted under Federal Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1.

INTERROGATORY 8.

For the period January 1, 2000 to the present, state the amount of your total monthly, quarterly, and annual revenue from all of your locations and operations related to the United States (including, but not limited to, all sums that you have reported, treated, or characterized as U.S. income, for any purpose).

RESPONSE TO INTERROGATORY 8:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory. TROC further objects that the number of

interrogatories propounded exceeds 25, the maximum number permitted under Federal

Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under

Local Rule 26.1.

INTERROGATORY 9.

Identify all persons in the U.S. to which you have sold or shipped visual display products

since January 1, 2000, stating each person's contact information and the quantity and

type of visual display products purchased by each customer annually since January 1,

2000.

RESPONSE TO INTERROGATORY 9:

TROC incorporates herein its reservations, general objections and objections to

definitions and instructions set forth above. TROC further objects that the interrogatory

is compound and seeking information on separate, unrelated topics each of which stands

on its own as a separate interrogatory. TROC further objects that the number of

interrogatories propounded exceeds 25, the maximum number permitted under Federal

Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under

Local Rule 26.1.

INTERROGATORY 10.

Identify each and every person and location in the U.S. to which you have shipped or

delivered visual display products since January 1, 2000, stating the quantity and type of

visual display products for each shipment or delivery.

RESPONSE TO INTERROGATORY 10:

TROC incorporates herein its reservations, general objections and objections to

definitions and instructions set forth above. TROC further objects that the interrogatory

is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory. TROC further objects that the number of interrogatories propounded exceeds 25, the maximum number permitted under Federal Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1.

INTERROGATORY 11.

Identify each and every person and location in Delaware to which you have shipped or delivered products or at which you have performed services since January 1, 2000, stating as to each shipment or delivery the recipient and the type of product (including how many products were shipped/delivered and as to each service the type of service performed).

RESPONSE TO INTERROGATORY 11:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory. TROC further objects that the number of interrogatories propounded exceeds 25, the maximum number permitted under Federal Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1.

INTERROGATORY 12.

Identify all persons that have distributed or sold your visual display products in or to the United States since January 1, 2000, and describe in detail your relationship (whether direct or through intermediaries) with each such person (including, by way of example

and not limitation, Avnet Applied Computing, Wal Mart, Best Buy, Tweeters and Sam's Club).

RESPONSE TO INTERROGATORY 12:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory. TROC further objects that the number of interrogatories propounded exceeds 25, the maximum number permitted under Federal Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1.

INTERROGATORY 13.

Identify all networks and channels through which your visual display products are distributed for ultimate sale and use in the United States or Delaware, including but not limited to the persons and facilities involved in marketing, shipping, importing, selling, and/or distributing your products.

RESPONSE TO INTERROGATORY 13:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory. TROC further objects that the number of interrogatories propounded exceeds 25, the maximum number permitted under Federal Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1.

INTERROGATORY 14.

Identify each and every company that participated in the manufacture, sale, importation, and/or distribution of each of the following products:

(a)  the Tatung L17AMTN LCD monitor (serial no. 6SA322680010; UPC no. 0 25517 43231 1) that Lewis G. Hines, III purchased through Avnet Applied Computing on September 4, 2003 (See D. I. 38);

(b)  the Tatung L17AMTN LCD monitor (serial no. 6SA402002609) that Gary Gray purchased at Best Buy in Delaware on May 27, 2004 (See D. I. 37);

(c)  the Tatung V17AFTW LCD television (serial no. 6ZA242AV0302; UPC no. 0 25517 01001 4) that Lewis G. Hines, III purchased through Amazon.com on November 13, 2003 (See D. I. 38); and

(d)  the Tatung P42BSMT plasma television that William Glanz found offered for sale at Tweeters in Delaware on July 12, 2004 (See D. I. 36).

RESPONSE TO INTERROGATORY 14:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory. TROC further objects that the number of interrogatories propounded exceeds 25, the maximum number permitted under Federal Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1.

INTERROGATORY 15.

For each of the following products, describe specifically and in chronological order, each step in the chain of distribution by which the product arrived in Delaware:

(a) the Tatung L17AMTN LCD monitor (serial no. 6SA322680010; UPC no. 0 25517 43231 1) that Lewis G. Hines, III purchased through Avnet Applied Computing on September 4, 2003 (See D. I. 38);

(b) the Tatung L17AMTN LCD monitor (serial no. 6SA402002609) that Gary Gray purchased at Best Buy in Delaware on May 27, 2004 (See D. I. 37);

(c) the Tatung V17AFTW LCD television (serial no. 6ZA242AV0302; UPC no. 0 25517 01001 4) that Lewis G. Hines, III purchased through Amazon.com on November 13, 2003 (See D. I. 38); and

(d) the Tatung P42BSMT plasma television that William Glanz found offered for sale at Tweeters in Delaware on July 12, 2004 (See D. I. 36).

RESPONSE TO INTERROGATORY 15:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory. TROC further objects that the number of interrogatories propounded exceeds 25, the maximum number permitted under Federal Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1.

INTERROGATORY 16.

Identify all of your products that persons in Delaware can order or purchase from an
internet website and identify all website vendors authorized to sell your visual display
products.

RESPONSE TO INTERROGATORY 16:

TROC incorporates herein its reservations, general objections and objections to
definitions and instructions set forth above. TROC further objects that the interrogatory
is compound and seeking information on separate, unrelated topics each of which stands
on its own as a separate interrogatory. TROC further objects that the number of
interrogatories propounded exceeds 25, the maximum number permitted under Federal
Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under
Local Rule 26.1.

INTERROGATORY 17.

Identify all documents that you use in the ordinary course of business reflecting the
distribution, shipment, and/or sale of your visual display products in or to the U.S.,
including, but not limited to, how often you generate or receive each type of report and
other documents.

RESPONSE TO INTERROGATORY 17:

TROC incorporates herein its reservations, general objections and objections to
definitions and instructions set forth above. TROC further objects that the interrogatory
is compound and seeking information on separate, unrelated topics each of which stands
on its own as a separate interrogatory. TROC further objects that the number of
interrogatories propounded exceeds 25, the maximum number permitted under Federal

Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1.

INTERROGATORY 18.

Describe in detail all contacts that you have or have had with Delaware, including but not limited to, contacts concerning any property leasing or ownership, transacting business, hiring employees or others, borrowing or depositing funds, and/or participating in proceedings before any court, administrative tribunal, and/or arbitrator(s).

RESPONSE TO INTERROGATORY 18:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands on its own as a separate interrogatory. TROC further objects that the number of interrogatories propounded exceeds 25, the maximum number permitted under Federal Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under Local Rule 26.1.

INTERROGATORY 19.

Identify any steps that you have taken to limit or prevent the sale or purchase of your visual display products by or to persons in Delaware, including the timing of and persons responsible for any such steps.

RESPONSE TO INTERROGATORY 19:

TROC incorporates herein its reservations, general objections and objections to definitions and instructions set forth above. TROC further objects that the interrogatory is compound and seeking information on separate, unrelated topics each of which stands

on its own as a separate interrogatory. TROC further objects that the number of
interrogatories propounded exceeds 25, the maximum number permitted under Federal
Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under
Local Rule 26.1.

INTERROGATORY 20.

Since January 1, 2000, identify all brand names by or under which your visual display
products have been manufactured, marketed, imported, distributed, and/or sold, by or for
you, in or to the United States, stating the types of visual display products that correspond
to each brand name.

RESPONSE TO INTERROGATORY 20:

TROC incorporates herein its reservations, general objections and objections to
definitions and instructions set forth above. TROC further objects that the interrogatory
is compound and seeking information on separate, unrelated topics each of which stands
on its own as a separate interrogatory. TROC further objects that the number of
interrogatories propounded exceeds 25, the maximum number permitted under Federal
Rule of Civil Procedure 33(a) and exceeds 50, the maximum number permitted under
Local Rule 26.1.

DATED: January 4, 2005          BAUM & WEEMS

Robert C. Weems