IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; et al., <br><br> Defendants. | Civil Action No. 04-343-JJF |

**PLAINTIFF LG.PHILIPS LCD CO. LTD.'S RESPONSE TO INTERIM OBJECTIONS OF DEFENDANTS TATUNG COMPANY AND TATUNG COMPANY OF AMERICA TO REPORT AND RECOMMENDATION OF SPECIAL MASTER**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") submits this response to the interim objections by Defendants Tatung Company ("Tatung") and Tatung Company of America, Inc. ("Tatung America") (collectively, "Tatung Defendants"), dated September 6, 2005 (the "Interim Objections") (D.I. 201). The Tatung Defendants' Interim Objections fail to justify the requested reconsideration of the Special Discovery Master's detailed findings based on voluminous briefing and extensive argument before the Special Master. *See* Special Master's Report and Recommendations on Motion of LG.Philips LCD Co., Ltd. for Discovery Sanctions Against the Tatung Defendants dated August 16, 2005 ("Sanctions Rept. & Rec.") (D.I. 197). The Special Discovery Master was appointed *at the request of the Tatung Defendants*. In granting this request, the Court observed that it lacks the resources necessary to referee contentious discovery battles. The Tatung Defendants got exactly what they bargained for, a decision by the Special Master after full consideration of the issues. The Tatung Defendants provide no justification for taxing the Court's limited resources by rehashing discovery disputes that they previously wanted to refer to the Special Master.

602018v1

The Tatung Defendants made strategic decisions in seeking to avoid providing jurisdictional discovery. LPL was forced to seek the Court's assistance and, later, the Special Master's assistance. Ultimately, after LPL incurred substantial expense and to conduct third party discovery to support personal jurisdiction over the Tatung Defendants in Delaware, the Tatung Defendants conceded jurisdiction here [D.I. 188]. LPL respectfully requests that the Court approve the Special Master's recommendation of sanctions and order the Tatung Defendants to suffer the financial consequences of their risky litigation strategy.[1]

I. **THE TATUNG DEFENDANTS FAIL TO SHOW ERROR AND INSTEAD IMPROPERLY SEEK TO RELITIGATE ISSUES ON A PARTIAL RECORD**

In the Interim Objections, the Tatung Defendants primarily challenge factual and procedural determinations by the Special Master. The Special Master's findings reflect a principled analysis of many factual issues and these findings are well supported by the record. Notably, the Tatung Defendants ignore numerous facts and circumstances that informed the Special Master's analysis. Indeed, the Tatung Defendants have not even placed in the record for review the minimum information that this Court would need to evaluate the Special Master's findings.

As the Special Master expressly noted in his decision, "the parties collectively submitted to the Special Master thousands of pages of materials on their jurisdictional discovery disputes . . . from which the Special Master had to glean and organize the facts." Sanctions Rec. & Rept. at 7 n. 3. That record is not before this Court. The Tatung Defendants failed to provide, for

---

[1] Tatung has litigated similar discovery disputes in another patent case in another court, as the Special Master noted. *See* Sanctions Rep't and Rec. at 37-41. The Special Master in this case is not alone in criticizing the Tatung Defendants' approach to discovery. After reviewing the Tatung Defendants' conduct in this case and the prior case, the Special Master encouraged the Tatung Defendants "to rethink their game plan and resolve not to engage in the conduct that so tainted the jurisdictional discovery in this case." Sanctions Rep't and Rec. at 42.

602018v1

example, the transcripts of the proceedings before the Special Master or much of the material that the Special Master considered.

## II. LPL REQUESTS AN OPPORTUNITY TO SUPPLEMENT THE RECORD OR BRIEF ANY SPECIFIC ISSUES OF INTEREST TO THE COURT

LPL does not wish to burden the Court with unnecessary briefing or voluminous submissions on the many issues resolved by the Special Master. To counter factual omissions and disputed statements in the Interim Objections, however, LPL is filing certain submissions already lodged with the Special Master (without their voluminous exhibits).[2] Specifically, LPL is submitting the four letter motions and Rule 7.1.1 certification submitted to the Special Master on March 18, 2005 (without exhibits).[3] *See* Declaration of Richard Kirk dated September 20, 2005 ("Kirk Decl.") at Exhs. A-E. LPL also is submitting a copy of the motion for sanctions submitted to the Special Master on May 6, 2005. *See* Kirk Decl., Exh. F. In addition, LPL is submitting a transcript of the March 30, 2005 discovery hearing before the Special Master. *See* Kirk Decl., Exh. G.

LPL respectfully submits that any further argument or factual submission by LPL would be premature, particularly given the Tatung Defendants' filing of purported "interim objections"

---

[2] As an example, Tatung implies that the December 22 deposition of Tatung America's 30(b)(6) representative was timed to occur "the day before TUS's counsel was scheduled to leave for vacation." Interim Objections at 2. Tatung's counsel fails to acknowledge that this date *was agreed to in advance between counsel*. Because of the limited window for jurisdictional discovery, LPL's counsel sought 30(b)(6) testimony to pinpoint fruitful sources of information for targeted follow-up discovery. The Tatung Defendants' failure to cooperate, however, necessarily made things more difficult for everyone. The Tatung Defendants cannot now complain about any inefficiency they caused.

[3] The Tatung Defendants liberally designated as "highly sensitive confidential" much of the information exchanged in jurisdictional discovery. Accordingly, and without agreeing that the confidentiality objections are appropriate, LPL is submitting documents under seal to avoid any disputes concerning disclosure. LPL notes that the Special Master expressly concluded that some of the information designated as confidential by Tatung or Tatung America is not confidential. Sanctions Rep't and Rec. at 13 n.6.

while anticipating "the need for further and fuller briefing of the issues once a further, final recommendation is filed." D.I. 201 at 23. If the Court were inclined to review or consider the Special Master's Report and Recommendations further, LPL requests that the Court establish a briefing schedule that sets a time for final objections to be filed by the Tatung Defendants and allows appropriate time for LPL to file a response thereafter. In addition, if further review is anticipated, LPL respectfully requests that the Court order the Tatung Defendants to submit a complete record of the submissions and proceedings before the Special Master (or otherwise permit factual supplementation) to allow for an informed review.

## CONCLUSION

LPL respectfully submits that the Court should reject the Interim Objections submitted by the Tatung Defendants and adopt the Special Master's recommendation to impose sanctions. Alternatively, if the Court desires further briefing, LPL requests an opportunity to submit briefing on any issues that the Court may like the parties to address and LPL respectfully requests that the Court establish a briefing schedule, with guidance on any issues to be briefed, and instructions regarding supplementation of the record on any relevant facts or issues.

September 20, 2005                THE BAYARD FIRM

/s/ Richard D. Kirk (0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 429-4208
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

602018v1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 20, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard L. Horwitz, Esq.  
David E. Moore, Esq.  
Potter Anderson & Corroon LLP  
1313 N. Market St., 6th Fl.  
Wilmington, DE 19801

Jeffrey S. Goddess, Esq.  
Jessica Zeldin, Esquire  
Rosenthal, Monhait, Gross & Goddess  
Mellon Bank Center, Suite 1401  
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and first class mail to the following non-registered participants:

Julian M. Baum, Esq.  
Robert C. Weems, Esq.  
Baum & Weems  
58 Katrina Lane  
San Anselmo, CA 94960

Scott Miller, Esq.  
Tracy Roman, Esq.  
Bingham McCutchen LLP  
355 South Grand Ave., 44th Floor  
Los Angeles, CA 90071-3106

/s/ Richard D. Kirk (rk0922)  
Richard D. Kirk

571447v1