IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG.PHILIPS LCD CO., LTD., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-343 JJF |
| TATUNG CO., TATUNG COMPANY OF AMERICA, INC., | : | |
| Defendants. | : | |

**SPECIAL MASTER'S REPORT AND RECOMMENDATIONS
QUANTIFYING CERTAIN ATTORNEY FEES AND COSTS
AND SPECIAL MASTER'S FEES AND COSTS AMONG
SANCTIONS ASSESSED AGAINST THE TATUNG DEFENDANTS**

This matter comes before me, as Special Master, on the motion of plaintiff LG.Philips LCD Co., Ltd. ("LPL") for the imposition of sanctions, including attorney fees and expenses, against defendants Tatung Co. and the Tatung Company of America (collectively, the "Tatung Defendants") in connection with certain jurisdictional discovery ordered by the Court.

By Report and Recommendation dated August 16, 2005, D.I. 197 (the "Special Master's Report and Recommendations"), the Special Master directed LPL to submit, by affidavit, a summary of the attorney fees and unreimbursed expenses and costs related to jurisdictional discovery for which LPL seeks reimbursement, in connection with LPL's:

(i) preparation for any noticed deposition for which a deponent did not appear;

(ii) preparation of papers in support of LPL's motions to compel and/or for sanctions;

(iii) preparation of papers in opposition to motions by the Tatung Defendants for protective orders;

(iv) preparation for and attendance at the January 24, 2005 hearing before the Court;

    (v)    preparation of papers submitted to the Special Master on jurisdictional discovery disputes;

    (vi)    preparation for and attendance at the March 30, 2005 hearing before the Special Master;

    (vii)    preparation for and participation in the April 4, 2005 teleconference with the Special Master;

    (viii)    preparation for and attendance at the April 20, 2005 aborted hearing before the Special Master; and

    (ix)    such other and further costs and expenses as may be reasonable and just.

D.I. 197, p. 37 at ¶ (1).

On August 26, 2005, counsel for LPL submitted to the Special Master the affidavits and billing detail that support its request for reimbursement of attorney fees and unreimbursed costs and expenses.[1] By this submission, LPL seeks reimbursement in the amounts of (a) $138,784.09 for services rendered by the law firm of McKenna Long & Aldridge LLP, including $102,698.00 in attorney fees and $36,086.09 in unreimbursed expenses and costs; and (b) in the amounts of $14,984.64 for services rendered by its Delaware counsel, The Bayard Firm, including $13,537.50 in attorney fees and $1,447.14 in unreimbursed expenses and costs. Thus, the total reimbursement sought by LPL for attorney fees and related expenses is $153,768.73.[2]

Having reviewed the affidavits and billing detail submittted by LPL and having considered factors enumerated in Rule 1.5 of the Delaware Professional Conduct Rules, the

---

[1] In accordance with the Special Master's August 16, 2005 Report and Recommendations, D.I. 197, p. 37 at ¶ (2), LPL's submission was made partially *in camera*, with respect to information protected under the attorney client privilege and/or work product doctrine.

[2] This amount does not include all of LPL's *pro-rata* share of the Special Master's fees, which the Special Master has also recommended be assessed against the Tatung Defendants. D.I. 197, pp. 37-38 at ¶ (4).

Special Master is satisfied that the fees and expenses for which LPL seeks reimbursement are in all respects reasonable, subject only to the following adjustment:

### Recommended Adjustment to LPL's Fee Reimbursement Submission

LPL seeks reimbursement for certain "other and further costs and expenses" that the Special Master "may determine to be reasonable and just," in addition to the categories of reimbursement enumerated by the Special Master in the August 16, 2005 Report and Recommendations. LPL has included in this category, which it designates as "Category I", only one type of fees. According to LPL, these fees:

> reflect a portion of the deposition time concerning each of the three depositions of Tatung America's witnesses on February 7-9, 2005, which were impeded by several factors (including the 30(b)(6) witness' lack of knowledge, a refusal to produce additional records, and improper objections). The Special Master's Report specifically ruled that such fees should be awarded based on the "obstruction of depositions" by both counsel for the Tatung Defendants. *See* Special Master's Report at 13-17, 20 (citing examples of inadequate testimony and improper objections and coaching).

Declaration of Cass W. Christenson, Esquire, dated August 25, 2005 at ¶5. Of the 34.5 total hours expended by LPL's counsel in taking the February 7-9, 2005 depositions, LPL seeks reimbursement for 12 of these hours. LPL's August 26, 2005 Submission, Ex. 2 at p. 13.

Although the Special Master's August 16, 2005 Report and Recommendations does recite evidence of Tatung's efforts to disrupt and obstruct these depositions – including that Tatung America's 30(b)(6) witness was unable to respond to certain information within the noticed deposition topics, and that Tatung's counsel attempted to interrupt the flow of depositions with requests for recess and the frequent assertion of improper objections, *see* D.I. 197 at pp. 13-17 – the Special Master did not instruct LPL to submit a request for reimbursement in this category. To the contrary, the Special Master was then, and remains now, of the view that the record does not contain any indication that LPL took sufficient action to curtail this obstructive behavior by,

3

for example, attempting to telephonically contact the presiding Judge or the Magistrate Judge for the District to seek relief while the depositions were in progress.

Because the February 7-9, 2005 depositions of Tatung America did go forward despite some obstructive tactics by Tatung's counsel, the Special Master declines to reimburse LPL for Category "I". Having let the obstructive tactics pass during the depositions, LPL also let the opportunity for effective relief pass. Accordingly, the Special Master recommends that the attorney fees sought by LPL for services rendered by the law firm of McKenna Long & Aldridge LLP, be reduced by the amount of $4,680.00 in attorney fees attributable to Category "I".

### Recommended Adjustment to Special Master Fees and Costs

Since appointed by Order dated February 25, 2005 total fees and costs for the Special Master are in the amount of $129,052.35. The Special Master has reviewed invoices dated April 20, 2005, June 16, 2005 and September 14, 2005 and concludes that fees and costs directly related to the instant application are in the amount of $125,723.85. The difference of $3,328.50 represents Special Master services relating to such things as setting up the discovery dispute process and becoming generally familiar with the nature of the filed action. An appropriate adjustment should therefore be made.

The Special Master also concludes that of the time directly related to the instant application, an adjustment should be made for time the Special Master spent "fine tuning" LPL's Report for Production of Documents. See the Special Master's Report and Recommendations at footnote 10. In this regard, the Special Master concludes that an appropriate adjustment is in the amount of $1,187.50

## CONCLUSION

For the reasons set forth in the Special Master's Report and Recommendations, the Special Master concludes and recommends that LPL is entitled to reimbursement of attorney fees and unreimbursed costs and expenses in the amount of **$149,088.73** reflecting (a) $134,104.09 for services rendered by the law firm of McKenna Long & Aldrich LLP, including $98,018.00 in attorney fees and $36,086.09 in unreimbursed expenses and costs; and (b) $14,984.64 for services rendered by LPL's Delaware counsel, The Bayard Firm, including $13,537.50 in attorney fees and $1,447.14 in unreimbursed expenses and costs.

For reasons set forth in the Special Master's Report and Recommendations and for reasons stated herein, the Special Master concludes and recommends that the Tatung Defendant's should be required to pay Special Master fees and costs in the total amount of **$124,536.35**. In order to effect same, the Special Master recommends that the Tatung Defendants reimburse LPL in the amount of **$62,268.17**.[3]

ENTERED this 19th day of September, 2005.

_____
Vincent J. Poppiti  (DSBA No. 100614)
Special Master

---

[3] The reimbursement figure assumes that LPL has accepted the Special Master's direction contained in correspondence dated September 19, 2005 to Richard D. Kirk, Esquire regarding payment of Special Master's Invoice of September 14, 2005 (no. 763702).

5

062038.00612/40156707v.1