IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; et al., <br><br> Defendants. | Civil Action No. 04-343-JJF |

**PLAINTIFF LG.PHILIPS LCD CO. LTD.'S MOTION TO APPROVE AND ADOPT SPECIAL MASTER'S REPORTS AND RECOMMENDATIONS CONCERNING DISCOVERY SANCTIONS AGAINST THE TATUNG DEFENDANTS**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") respectfully requests that the Court approve and adopt in all respects the Special Master's Report and Recommendations on Motion of LG.Philips LCD Co., Ltd. for Discovery Sanctions Against the Tatung Defendants dated August 16, 2005 ("August 16, 2005 Report") (D.I. 197) and the Special Master's Report and Recommendations Quantifying Certain Attorney's Fees and Costs and Special Master's Fees and Costs Among Sanctions Assessed Against the Tatung Defendants dated September 19, 2005 ("September 19, 2005 Report") (D.I. 208) (hereafter, collectively, the "Reports and Recommendations"). *See* Fed. R. Civ. P. 53(g)(2).

The Special Master's Reports and Recommendations require the Tatung Defendants to pay certain fees, costs, and expenses incurred by LPL as a result of the Tatung Defendants' misconduct during jurisdictional discovery. Because of the Tatung Defendants' misconduct, the Special Master concluded that they should pay: (1) $149,088.73 for services rendered by LPL's counsel, McKenna Long & Aldridge LLP; (2) $14,984.64 for services rendered by LPL's Delaware counsel, The Bayard Firm; and (3) $124,536.35 for services rendered by the Special

Master in resolving the discovery disputes (including reimbursement of $62,268.17 for LPL's share of the Special Master's invoices rendered as of September 19, 2005). *See* D.I. 208 at 5.

On September 6, 2005, Defendants Tatung Company ("Tatung") and Tatung Company of America, Inc. ("Tatung America") (collectively, "Tatung Defendants") filed interim objections (D.I. 201) to the Special Master's August 16, 2005 Report. On September 20, 2005, LPL filed its response to the Tatung Defendants' interim objections (D.I. 206).[1] As set forth in LPL's response, which is incorporated herein by reference, the Court should overrule the Tatung Defendants interim objections and adopt in full the Special Master's August 16, 2005 Report.

The September 19, 2005 Report -- fixing the amounts that LPL should recover from the Tatung Defendants for the misconduct addressed in the August 16, 2005 Report -- likewise should be adopted in all respects. The Special Master's September 19, 2005 Report and Recommendations carefully analyzes the amounts sought and awards only such sums deemed appropriate by the Special Master. The September 19, 2005 Report is based on "the affidavits and billing detail that support [LPL's] request for reimbursement of attorney fees and unreimbursed costs and expenses," considered against the "factors enumerated in Rule 1.5 of the Delaware Professional Conduct Rules." September 19 Report (D.I. 208) at 2-3. The Special Master concluded that "the fees and expenses for which LPL seeks reimbursement are in all respects reasonable," except for one minor adjustment. *Id.* at 3-4 (deducting $4,680 from the total sum requested by LPL).[2]

---

[1] LPL received the September 19, 2005 Report after LPL had prepared its response to the interim objections.

[2] The Special Master also made minor adjustments concerning the Master's fees and costs by deducting certain sums from the amounts taxed against the Tatung Defendants. *See* D.I. 208 at 4.

On September 20, 2005, LPL filed with this Court copies of several motion papers submitted to the Special Master concerning the Tatung Defendants' misconduct.[3] *See* Declaration of Richard D. Kirk dated Sept. 20, 2005 (D.I. 207), Exs. A-G.  Specifically, for example, LPL filed its Rule 7.1.1 statement detailing efforts by LPL's counsel to resolve the disputes without judicial intervention (Kirk Decl., Ex. E), three separate motions to compel discovery (Kirk Decl., Exs. A-C), and a motion to extend the deadline for jurisdictional discovery (Kirk Decl., Ex. D).  LPL also submitted its May 6, 2005 motion for sanctions filed with the Special Master.  *See* Kirk Decl., Ex. F.  Further, LPL has submitted a transcript of the argument before the Special Master on March 30, 2005.  *See* Kirk Decl., Ex. G.  These documents summarize many of the facts and circumstances supporting the Special Master's Reports and Recommendations; if necessary, however, LPL will supplement this record.

## I. THE REPORTS AND RECOMMENDATIONS ARE WELL-REASONED, JUDICIALLY SOUND, AND SHOULD BE ADOPTED IN ALL RESPECTS

The Special Master's Reports dated August 16, 2005 and September 19, 2005, explain in convincing detail the many reasons why the Tatung Defendants should be sanctioned for their improper conduct.  Simply put, LPL should not have to bear the burden of fees and costs incurred as a result of the Tatung Defendants' tactical decisions to thwart jurisdictional discovery.  As the Special Master observed, the Tatung Defendants' discovery strategy was intentional and ill-conceived:

> the Special Master concludes that the Tatung Defendants are the architects of their own ill-conceived discovery strategy.  It is particularly disappointing that the Tatung Defendants determined to follow that strategy in this case, even after similar conduct had been subject to the consideration of sanctions in the Virginia

---

[3] LPL did not include with this filing the voluminous exhibits attached to and referenced in these papers.  LPL presumes that the Court may prefer not to burden the clerk with additional materials that may not be necessary for the Court's consideration. LPL will, of course, provide these exhibits if desired.

> Action. As succinctly noted by the Honorable Robert G. Doumar in the Virginia Action: "The Stalingrad Defense, in which the proponent tries to wear down the adversary until he succumbs to the depths of a longsome, frigid winter, cannot be implemented without severe costs to the proponent himself." 2004 WL 3330838 at *1. The Special Master agrees.

August 16, 2005 Report (D.I. 197) at 41 (citing *Safer Display Technology, Ltd. v. Tatung Company and Tatung Co. of America, Inc.*, No. Civ. A. 2:04CV154 (E.D. Va. Dec. 29, 2004)).

The record is replete with the Tatung Defendants' lack of cooperation in discovery. This lack of cooperation is inexcusable given the Court's ample warnings that sanctions would follow absent good faith in discovery. Indeed, in its Order granting the Tatung Defendants' request for a Special Master, this Court expressed its belief "that the rulings and instructions I provided to the parties at the [January 24, 2005] hearing would avoid further conflict on the pending discovery matters." Mem. Order dated Feb. 17, 2005 at 1 (D.I. 174).

During the January 24, 2005 hearing, the Court admonished all counsel to behave reasonably so as to complete the jurisdictional discovery previously ordered by the Court. Yet, LPL remained unable to obtain much of the core discovery that the Court had permitted, ultimately resulting in additional skirmishes and submissions. In appointing the Special Master, the Court confirmed that it "lacks the resources to manage overly contentious discovery disputes effectively." *Id*. The Court noted that the Special Master's costs would be shared equally, "[a]bsent an appropriate finding by the Master or me." *Id.; see also* Fed. R. Civ. P. 53(h)(3) ("An interim allocation may be amended to reflect a decision on the merits.").

On a motion for sanctions, the Court has broad discretion "to 'make such orders as are just.'" *Sellon v. Smith*, 112 F.R.D. 9, 11 (D. Del. 1986). The Special Master's sanction recommendations enforce the intent of the discovery rules, including Rule 37, and should be upheld. *See* Fed. R. Civ. P. 37(a)(4), (b), (d); *Black Horse Lane Assocs. L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 302, 304 (3d Cir. 2000); *Beard v. Braunstein*, 914 F.2d 434, 446 (3d Cir.

604622v1

1990); *Haraway v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 213 F.R.D. 161, 165 (D. Del. 2003). Given the Special Master's factually and legally supported rulings, LPL respectfully requests that the Court adopt in all respects the Special Master's August 16, 2005 Report and September 19, 2005 Report.

II. **LPL REQUESTS AN OPPORTUNITY TO SUPPLEMENT THE RECORD OR BRIEF ANY SPECIFIC ISSUES OF INTEREST TO THE COURT**

LPL respectfully requests an opportunity to provide to the Court any additional briefing, or copies of exhibits or other submissions to the Special Master, as the Court may desire for further consideration.

III. **LPL REQUESTS ITS REASONABLE EXPENSES, INCLUDING ATTORNEYS' FEES, INCURRED IN DEFENDING THIS APPEAL**

By appealing the Special Master's well-reasoned rulings, the Tatung Defendants have imposed additional burden and expense on LPL. LPL should not be forced to incur the additional attorneys' fees and expenses required to defend the Special Master's Reports and Recommendations on appeal. LPL respectfully requests that the Court award LPL its fees and expenses incurred in defending the Reports and Recommendations, and remand to the Special Master the issue of the amount to be awarded. *See Sellon*, 112 F.R.D. at 11 (ordering sanctioned party to reimburse opposing party for expenses, including attorneys' fees, "incurred both in the proceedings before the Magistrate and on this appeal").[4]

---

[4] LPL also requests that the Court approve the duty imposed on the Tatung Defendants to pay any further invoice from the Special Master related to the August 16, 2005 Report or September 19, 2005 Report.

604622v1

## CONCLUSION

LPL respectfully submits that the Court should adopt the Special Master's Reports and Recommendations and impose sanctions as proposed by the Special Master. Alternatively, if the Court desires further briefing, LPL requests an opportunity to submit briefing on any issues that the Court may like the parties to address and to submit further information, or supplement the record, concerning issues or matters of interest to the Court.

October 11, 2005                                    THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

604622v1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on October 11, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Jeffrey S. Goddess, Esq.
Jessica Zeldin, Esquire
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and first class mail to the following non-registered participants:

Julian M. Baum, Esq.
Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Scott Miller, Esq.
Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

571447v1