IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG Philips LCD Co., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-343-JJF |
| Tatung Co., Tatung Company of America Inc., | ) | JURY TRIAL DEMANDED |
| and Viewsonic Corp | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF SERVICE OF SUBPOENA

To:   Richard D. Kirk, Esquire              Scott R. Miller, Esquire
      The Bayard Firm                        Tracy R. Roman, Esquire
      222 Delaware Avenue #900               Bingham McCutchen
      Wilmington, DE 19899                   355 S. Grand Avenue, 44th Floor
                                             Los Angeles, CA 90071

      Daniel G. Jarcho, Esquire              Richard L. Horwitz, Esquire
      Cass W. Christenson, Esquire           David E. Moore, Esquire
      Lora A. Brzezynski, Esquire            Potter Anderson & Corroon LLP
      Matthew T. Bailey, Esquire             1313 N. Market Street
      McKenna Long & Aldridge LLP            Hercules Plaza, 6th Floor
      1900 K Street, N.W.                    Wilmington, DE 19899
      Washington D.C. 20006

PLEASE TAKE NOTICE that on April 18, 2006, Defendant Tatung Company issued the

attached subpoena for service on SHARP Microelectronics of the Americas, 5700 NW Pacific

Rim Boulevard, Camas, WA 98607.

_Anne Shea Gaza_

Of Counsel:                             Frederick L. Cottrell, III (#2555)
Christopher Darrow                      Anne Shea Gaza (#4093)
Mark H. Krietzman                       Richards, Layton & Finger, P.A.
Frank E. Merideth, Jr.                  One Rodney Square
Alan R. Maler                           P.O. Box 551
Valerie W. Ho                           Wilmington, Delaware 19899
Greenberg Traurig LLP                   (302) 651-7700
2450 Colorado Avenue, Suite 400E        cottrell@rlf.com
Santa Monica, CA  90404                 gaza@rlf.com
Telephone:  310-586-7700                Attorneys for Defendant Tatung Co. and Tatung
                                        Company of America Inc.

Kathryn L. Clune
Greenberg Traurig LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC  20006

Eric S. Tautfest
Greenberg Traurig, P.A.
2200 Ross Avenue, Suite 4700E
Dallas, Texas 75201

Dated:  April 20, 2006

RLF1-3004825-1

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__WESTERN__ DISTRICT OF __WASHINGTON__

LG. PHILIPS LCD CO., LTD.

## SUBPOENA IN A CIVIL CASE

v.

TATUNG COMPANY; TATUNG COMPANY OF
AMERICA, INC.; AND VIEWSONIC
CORPORATION

Case Number: [1]    DISTRICT OF DELAWARE
04-343

TO:  SHARP Microelectronics of the Americas
5700 NW Pacific Rim Blvd.
Camas, WA  98607

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE | DATE AND TIME |
|---|---|
| ABC Legal Services<br>633 Yesler Way Seattle, Wa 98104<br>(206) 623-8771 | MAY 4, 2006<br>10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify   Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | April 18, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
VALERIE HO, ESQ., GREENBERG TRAURIG, LLP   (310) 586-7700
2450 Colorado Avenue, Suite 400E, Santa Monica, CA  90404

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number

AO-88

ORIGINAL

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## Attachment A

## Instructions

1.      If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

2.      If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, set forth the details of such qualification.

3.      You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of any representative, agent, employee, attorney, accountant, investigator or any person acting for you or on your behalf.

1

4.    All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained; or all documents shall be organized and labeled to correspond with the requests below.  All documents are to be produced along with copies of the file folders in which they are kept.

5.    If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

6.    For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the document request itself.  This includes, without limitation, the following:

a.    Construing the words "and" and "or" used in any document request in the disjunctive or conjunctive as necessary, to make the document request more inclusive;

2

       b.     Construing the words "any" and "all" used in any

              document request to mean "any and all" as necessary to

              make the document request more inclusive;

       c.     Construing the singular form of any word to include the

              plural and the plural form to include the singular; and

       d.     Construing the masculine form to include the feminine

              and/or the gender neutral form.

    7.    Electronic records and computerized information are to be produced in an intelligible format together with a description of the system from which it is derived sufficient to permit rendering the material intelligible.

**Definitions**

    1.    The term "relating to" means referring to, regarding, evidencing, describing, supporting, refuting, and/or constituting.

    2.    The term "document" or "documents" means and includes any kind of written, typewritten or printed materials; any tangible recording of any form of statement, communication or representation; and all other data compilation from which information can be obtained (translated, if necessary, by you through detection devices into reasonably usable form) including, but not limited to, writings and all non-identical copies and drafts

3

thereof, notes, memoranda, letters, calendars, appointment books, diaries, notes or minutes of meetings or conversations, catalogs, written agreements, microfilm, graphs, charts, drawings, plans, computer discs, computer tapes, computer cards, computer printouts, tape and sound records, photo records, inter-office communications, reports, photographs, cables, telegrams, telexes, account books, ledger sheets, canceled checks, invoices, bills, receipts, financial statements or any other form of "writing" as defined in Federal Rule of Evidence 1001.

3.    The term "TFT-LCD module" means thin film transistor liquid crystal display module.

4.    The term "mounting hole" means a hole, such as a screw hole, used for mounting or attaching the TFT-LCD module to equipment or to another component, such as a housing.

5.    The term "communications" means every manner of disclosure, transfer or exchange of information, whether person to person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise, including letter or other correspondence, electronic mail, telephone message, memorandum, or telegram.

4

## Documents to be Produced

1.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp TFT-LCD module with model number LQ4RA31 that were created, dated, published or disseminated prior to April 2, 1998.

2.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp TFT-LCD module with model number LQ4RA32 that were created, dated, published or disseminated prior to April 2, 1998.

3.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp TFT-LCD module with model number LQ4RA35 that were created, dated, published or disseminated prior to April 2, 1998.

4.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp TFT-LCD module with model number LQ5AW136 that were created, dated, published or disseminated prior to April 2, 1998.

5.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp TFT-LCD module with model number LQ5AW116 that were created, dated, published or disseminated prior to April 2, 1998.

6.    Documents sufficient to show the structure and assembly of the Sharp TFT-LCD module with model number LQ4RA31 that were created, dated, published or disseminated prior to April 2, 1998.

7.    Documents sufficient to show the structure and assembly of the Sharp TFT-LCD module with model number LQ4RA32 that were created, dated, published or disseminated prior to April 2, 1998.

8.    Documents sufficient to show the structure and assembly of the Sharp TFT-LCD module with model number LQ4RA35 that were created, dated, published or disseminated prior to April 2, 1998.

9.    Documents sufficient to show the structure and assembly of the Sharp TFT-LCD module with model number LQ5AW136 that were created, dated, published or disseminated prior to April 2, 1998.

10.    Documents sufficient to show the structure and assembly of the Sharp TFT-LCD module with model number LQ5AW116 that were created, dated, published or disseminated prior to April 2, 1998.

11.    A sample of the Sharp TFT-LCD module with model number LQ5AW136 (for inspection).

12.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp backlight unit used in a Sharp TFT-LCD module with model number LQ4RA35.

13.    A sample of the Sharp backlight unit used in a Sharp TFT-LCD module with model number LQ4RA35.

6

14. Documents sufficient to show sales in the United States of the Sharp TFT-LCD module with model number LQ4RA31 that occurred prior to April 2, 1998, including sales agreements, purchase orders, and shipping and delivery records.

15. Documents sufficient to show sales in the United States of the Sharp TFT-LCD module with model number LQ4RA32 that occurred prior to April 2, 1998, including sales agreements, purchase orders, and shipping and delivery records.

16. Documents sufficient to show sales in the United States of the Sharp TFT-LCD module with model number LQ4RA35 that occurred prior to April 2, 1998, including sales agreements, purchase orders, and shipping and delivery records.

17. Documents sufficient to show sales in the United States of the Sharp TFT-LCD module with model number LQ5AW136 that occurred prior to April 2, 1998, including sales agreements, purchase orders, and shipping and delivery records

18. Documents sufficient to show sales in the United States of the Sharp TFT-LCD module with model number LQ5AW116 that occurred prior to April 2, 1998, including sales agreements, purchase orders, and shipping and delivery records.

19.    Documents sufficient to show sales in the United States of the Sharp backlight unit used in a Sharp TFT-LCD module with model number LQ4RA35 that occurred prior to April 2, 1998, including sales agreements, purchase orders, and shipping and delivery records.

20.    Documents relating to offers to sell, offers to buy, sales solicitation, sales inquiry, quotations, requests for quote, or requests for proposal that were created, dated, published or disseminated prior to April 2, 1998 regarding the Sharp TFT-LCD module with model number LQ4RA31.

21.    Documents relating to offers to sell, offers to buy, sales solicitation, sales inquiry, quotations, requests for quote, or requests for proposal that were created, dated, published or disseminated prior to April 2, 1998 regarding the Sharp TFT-LCD module with model number LQ4RA32.

22.    Documents relating to offers to sell, offers to buy, sales solicitation, sales inquiry, quotations, requests for quote, or requests for proposal that were created, dated, published or disseminated prior to April 2, 1998 regarding the Sharp TFT-LCD module with model number LQ4RA35.

23.    Documents relating to offers to sell, offers to buy, sales solicitation, sales inquiry, quotations, requests for quote, or requests for proposal that were created, dated, published or disseminated prior to April 2,

8

1998 regarding the Sharp TFT-LCD module with model number LQ5AW136.

24.    Documents relating to offers to sell, offers to buy, sales solicitation, sales inquiry, quotations, requests for quote, or requests for proposal that were created, dated, published or disseminated prior to April 2, 1998 regarding the Sharp TFT-LCD module with model number LQ5AW116.

25.    Catalogs, brochures, circulars, advertisements, marketing materials, and articles that were created, dated, published, or disseminated prior to April 2, 1998 regarding the Sharp TFT-LCD module with model number LQ4RA31.

26.    Catalogs, brochures, circulars, advertisements, marketing materials, and articles that were created, dated, published, or disseminated prior to April 2, 1998 regarding the Sharp TFT-LCD module with model number LQ4RA32.

27.    Catalogs, brochures, circulars, advertisements, marketing materials, and articles that were created, dated, published, or disseminated prior to April 2, 1998 regarding the Sharp TFT-LCD module with model number LQ4RA35.

9

28.    Catalogs, brochures, circulars, advertisements, marketing materials, and articles that were created, dated, published, or disseminated prior to April 2, 1998 regarding the Sharp TFT-LCD module with model number LQ5AW136.

29.    All catalogs, brochures, circulars, advertisements, marketing materials, and articles that were created, dated, published, or disseminated prior to April 2, 1998 regarding the Sharp TFT-LCD module with model number LQ5AW116.

30.    Documents relating to the advertisement, promotion, display or demonstration of the Sharp TFT-LCD module with model number LQ4RA31 at tradeshows prior to April 2, 1998.

31.    Documents relating to the advertisement, promotion, display or demonstration of the Sharp TFT-LCD module with model number LQ4RA32 at tradeshows prior to April 2, 1998.

32.    Documents relating to the advertisement, promotion, display or demonstration of the Sharp TFT-LCD module with model number LQ4RA35 at tradeshows prior to April 2, 1998.

33.    Documents relating to the advertisement, promotion, display or demonstration of the Sharp TFT-LCD module with model number LQ5AW136 at tradeshows prior to April 2, 1998.

34.    Documents relating to the advertisement, promotion, display or demonstration of the Sharp TFT-LCD module with model number LQ5AW116 at tradeshows prior to April 2, 1998.

35.    Specification number LCY97041, issued on or around June 30, 1997, regarding the Sharp TFT-LCD module with model number LQ5AW136.

36.    Specification number LCY98037A, issued on or around March 17, 1998, regarding the Sharp TFT-LCD module with model number LQ5AW136.

37.    Documents sufficient to show sales in the United States of the Sharp backlight unit with model number LQ0B01 that occurred prior to April 2, 1998, including sales agreements, purchase orders, and shipping and delivery records.

38.    Documents relating to offers to sell, offers to buy, sales solicitation, sales inquiry, quotations, requests for quote, or requests for proposal that were created, dated, published or disseminated prior to April 2, 1998 regarding the Sharp backlight unit with model number LQ0B01.

39.    Documents that describe, identify, or depict the equipment and/or component to which the Sharp TFT-LCD module with model number LQ4RA31 was or could have been mounted.

11

40.    Documents that describe, identify, or depict the equipment and/or component to which the Sharp TFT-LCD module with model number LQ4RA32 was or could have been mounted.

41.    Documents that describe, identify, or depict the equipment and/or component to which the Sharp TFT-LCD module with model number LQ4RA35 was or could have been mounted.

42.    Documents that describe, identify, or depict the equipment and/or component to which the Sharp TFT-LCD module with model number LQ5AW136 was or could have been mounted.

43.    Documents that describe, identify, or depict the equipment and/or component to which the Sharp TFT-LCD module with model number LQ5AW116 was or could have been mounted.

44.    Documents that describe, identify, or depict the equipment in which the Sharp TFT-LCD module with model number LQ4RA31 was used.

45.    Documents that describe, identify, or depict the equipment in which the Sharp TFT-LCD module with model number LQ4RA32 was used.

46.    Documents that describe, identify, or depict the equipment in which the Sharp TFT-LCD module with model number LQ4RA35 was used.

47.     Documents that describe, identify, or depict the equipment in which the Sharp TFT-LCD module with model number LQ5AW136 was used.

48.     Documents that describe, identify, or depict the equipment in which the Sharp TFT-LCD module with model number LQ5AW116 was used.

49.     Documents sufficient to show the model number of all Sharp TFT-LCD modules that were sold or offered for sale in the United States for the period of January 1991 to April 1998, such as sell sheets and product lists.

50.     Documents sufficient to show the mounting structure for all Sharp backlit TFT-LCD modules that were sold or offered for sale in the United States for the period of January 1991 to April 1998, such as specifications and dimensional outlines.

51.     Assembly drawings, specifications, diagrams and/or manuals for all Sharp backlit TFT-LCD modules that were sold or offered for sale in the United States prior to April 2, 1998 that have mounting holes on the back side of the LCD modules.

52.     All documents relating to sales of, or offers to sell, the Sharp TFT-LCD module with model number LQ4RA31 to the LG Group, LG

13

Electronics, Inc., Lucky Goldstar, Goldstar, LG Philips LCD Co., Ltd., or Royal Philips Electronics.

53.    All documents relating to sales of, or offers to sell, the Sharp TFT-LCD module with model number LQ4RA32 to the LG Group, LG Electronics, Inc., Lucky Goldstar, Goldstar, LG Philips LCD Co., Ltd., or Royal Philips Electronics.

54.    All documents relating to sales of, or offers to sell, the Sharp TFT-LCD module with model number LQ4RA35 to the LG Group, LG Electronics, Inc., Lucky Goldstar, Goldstar, LG Philips LCD Co., Ltd., or Royal Philips Electronics.

55.    All documents relating to sales of, or offers to sell, the Sharp TFT-LCD module with model number LQ5AW136 to the LG Group, LG Electronics, Inc., Lucky Goldstar, Goldstar, LG Philips LCD Co., Ltd., or Royal Philips Electronics.

56.    All documents relating to sales of, or offers to sell, the Sharp TFT-LCD module with model number LQ5AW116 to the LG Group, LG Electronics, Inc., Lucky Goldstar, Goldstar, LG Philips LCD Co., Ltd., or Royal Philips Electronics.

57.    All communications with LG Electronics, Inc. or LG Philips LCD Co., Ltd. relating to U.S. Patent No. 6,498,718.

14

58.    All communications with LG Electronics, Inc. or LG Philips LCD Co., Ltd. relating to U.S. Patent No. 6,501,641.

59.    All documents relating to licensing discussions with LG Electronics, Inc. or LG Philips LCD Co., Ltd.

60.    All communications with Marantz America regarding any and all Sharp TFT-LCD modules used in the Marantz 410 LCD television.

61.    All documents relating to sales of, or offers to sell, any and all Sharp TFT-LCD modules to Marantz America that occurred prior to April 2, 1998.

62.    All communications relating to any and all Sharp TFT-LCD modules used in the Philips 4PL040 LCD television.

63.    All documents relating to sales of, or offers to sell, any and all Sharp TFT-LCD modules for use in the Philips 4PL040 LCD television.

64.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp TFT-LCD module with model number LQ6RA01 that were created, dated, published or disseminated prior to April 2, 1998.

65.    A sample of the Sharp TFT-LCD module with model number LQ6RA01 (for inspection).

66.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp TFT-LCD module with model number LQ6RA02 that were created, dated, published or disseminated prior to April 2, 1998.

67.    A sample of the Sharp TFT-LCD module with model number LQ6RA02 (for inspection).

68.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp TFT-LCD module with model number LQ6RB51 that were created, dated, published or disseminated prior to April 2, 1998.

69.    A sample of the Sharp TFT-LCD module with model number LQ6RB51 (for inspection).

70.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp TFT-LCD module with model number LQ6RB52 that were created, dated, published or disseminated prior to April 2, 1998.

71.    A sample of the Sharp TFT-LCD module with model number LQ6RB52 (for inspection).

72.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp TFT-LCD module with model number LQ6RA51 that were created, dated, published or disseminated prior to April 2, 1998.

73.    A sample of the Sharp TFT-LCD module with model number LQ6RA51 (for inspection).

74.    Assembly drawings, technical specifications, diagrams, and/or manuals for the Sharp TFT-LCD module with model number LQ6RA52 that were created, dated, published or disseminated prior to April 2, 1998.

75.    A sample of the Sharp TFT-LCD module with model number LQ6RA52 (for inspection).

76.    Documents sufficient to show sales of, or offers to sell, any and all Sharp backlit TFT-LCD modules to the LG Group, LG Electronics, Inc., Lucky Goldstar, Goldstar, LG Philips LCD Co., Ltd., or Royal Philips Electronics.

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2006 I caused to be served via the United States Postal Service the foregoing document (Subpoena in a Civil Case) by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

I hereby certify that on April 18, 2006 I caused to be served via the United States Postal Service the foregoing document (Subpoena in a Civil Case) by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows to the non-registered participants:

Daniel G. Jarcho, Esquire
Cass W. Christenson, Esquire
Lora A. Brzezynski, Esquire
Matthew T. Bailey, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

Scott R. Miller, Esquire
Tracy R. Roman, Esquire
Bingham McCutchen
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

Monica A. Solorzano

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**


**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2006 I caused to be served by hand delivery the

foregoing document and electronically filed the same with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:


Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899


I hereby certify that on April 20, 2006 I caused to be sent by Federal Express the

foregoing document to the following non-registered participants:

Daniel G. Jarcho, Esquire
Cass W. Christenson, Esquire
Lora A. Brzezynski, Esquire
Matthew T. Bailey, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

Scott R. Miller, Esquire
Tracy R. Roman, Esquire
Bingham McCutchen
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071


Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701