IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG Philips LCD Co., | ) |
|       Plaintiff, | ) ) ) ) |
| v. | ) |
| Tatung Co., Tatung Company of America Inc., and Viewsonic Corp., | ) C.A. No. 04-343-JJF ) JURY TRIAL DEMANDED ) ) |
|       Defendants. | ) ) |

## NOTICE OF SERVICE OF SUBPOENA

To:  Richard D. Kirk, Esquire  
     The Bayard Firm  
     222 Delaware Avenue #900  
     Wilmington, DE 19899

Scott R. Miller, Esquire  
Tracy R. Roman, Esquire  
Bingham McCutchen  
355 S. Grand Avenue, 44th Floor  
Los Angeles, CA 90071

Daniel G. Jarcho, Esquire  
Cass W. Christenson, Esquire  
Lora A. Brzezynski, Esquire  
Matthew T. Bailey, Esquire  
McKenna Long & Aldridge LLP  
1900 K Street, N.W.  
Washington D.C. 20006

Richard L. Horwitz, Esquire  
David E. Moore, Esquire  
Potter Anderson & Corroon LLP  
1313 N. Market Street  
Hercules Plaza, 6th Floor  
Wilmington, DE 19899

PLEASE TAKE NOTICE that on June 13, 2006, Defendant Tatung Company issued the attached subpoena for service on American Panel Corporation, c/o Raih Barons, 6675 Shiloh Rd. E., Alpharetta, GA 30005.

RLF1-3025533-1

*[signature]*

Of Counsel:
Christopher Darrow
Mark H. Krietzman
Frank E. Merideth, Jr.
Alan R. Maler
Valerie W. Ho
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

Kathryn L. Clune
Greenberg Traurig LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006

Eric S. Tautfest
Greenberg Traurig, P.A.
2200 Ross Avenue, Suite 4700E
Dallas, Texas 75201

Dated: June 13, 2006

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
Attorneys for Defendant Tatung Co. and Tatung Company of America Inc.

AO 88 (Rev 11/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA

LG Philips LCD Co., Ltd.,

v.

Tatung Company, Tatung Company of America Inc., and Viewsonic Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-343-JJF
District of Delaware

TO: American Panel Corporation
c/o Raih Barons
6675 Shiloh Rd. E.
Alpharetta, GA 30005

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment A.

| PLACE | DATE AND TIME |
| --- | --- |
| Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Post Office Box 551, Wilmington, Delaware 19899-0551 | June 26, 2006; 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] | June 13, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Anne Shea Gaza, Esq., Richards Layton & Finger, P.A., One Rodney Square, 920 North King Street, Post Office Box 551, Wilmington, Delaware 19899-0551

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number

2002 © American LegalNet, Inc

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## Attachment A – American Panel Corporation

### Instructions

1. If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

2. If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, set forth the details of such qualification.

3. You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of any representative, agent, employee, attorney, accountant, investigator or any person acting for you or on your behalf.

4. All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained; or all documents shall be organized and labeled to correspond with the requests below. All documents are to be produced along with copies of the file folders in which they are kept.

5. If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

6.    For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the document request itself. This includes, without limitation, the following:

    a.    Construing the words "and" and "or" used in any document request in the disjunctive or conjunctive as necessary, to make the document request more inclusive;

    b.    Construing the words "any" and "all" used in any document request to mean "any and all" as necessary to make the document request more inclusive;

    c.    Construing the singular form of any word to include the plural and the plural form to include the singular; and

    d.    Construing the masculine form to include the feminine and/or the gender neutral form.

7.    Electronic records and computerized information are to be produced in an intelligible format together with a description of the system from which it is derived sufficient to permit rendering the material intelligible.

**Definitions**

1.    The term "relating to" means referring to, regarding, evidencing, describing, supporting, refuting, and/or constituting.

2.    The term "document" or "documents" means and includes any kind of written, typewritten or printed materials; any tangible recording of any form of statement, communication or representation; and all other data compilation from which information can be obtained (translated, if necessary, by you through detection devices into reasonably usable form) including, but not limited to, writings and all non-identical copies and drafts thereof, notes, memoranda, letters, calendars, appointment books, diaries, notes or minutes of meetings or conversations, catalogs, written agreements, microfilm, graphs, charts, drawings, plans, computer discs, computer tapes, computer cards, computer printouts, tape and sound records,

2

photo records, inter-office communications, reports, photographs, cables, telegrams, telexes, account books, ledger sheets, canceled checks, invoices, bills, receipts, financial statements or any other form of "writing" as defined in Federal Rule of Evidence 1001.

3. The term "LCD panel" means a device with liquid crystals between substrates.

4. The term "Display" means a device that contains at least one frame, a backlight, and an LCD panel.

5. The term "mounting hole" means a hole, such as a screw hole, used for mounting or attaching a device containing an LCD panel to equipment or to another component, such as a housing.

6. The term "communications" means every manner of disclosure, transfer or exchange of information, whether person to person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise, including letter or other correspondence, electronic mail, telephone message, memorandum, or telegram.

7. The term "APC" means American Panel Corporation, its parent companies, subsidiaries, and affiliated companies including, but not limited to, Universal Avionics Systems Corporation ("UASC"), and Avionics Displays Corporation ("ADC").

8. The term "LPL" means LG Philips LCD Co., its parent companies, subsidiaries, and affiliated companies including, but not limited to, L.G. Philips LCD, LG LCD, LG Group, LG Electronics, Inc., Lucky Goldstar, , Ltd., or Royal Philips Electronics.

**Documents to be Produced**

1. Assembly drawings, technical specifications, diagrams, and/or manuals for the APC Displays that were created, dated, published or disseminated prior to April 2, 1998.

2. Assembly drawings, technical specifications, diagrams, and/or manuals for each APC Display which show or describe the physical dimensions and mounting features on each APC Display.

3. Documents sufficient to identify which LPL LCD panels are used in which APC Displays.

4. All documents comprising the APC & LG-LCD Long Term Agreement "LTA".

5. All documents relating to each modification, assignment, or revision to the APC & LG-LCD LTA.

6. All documents relating to any and all agreements between APC and LPL.

7. All documents referencing LPL's rights or obligations with respect to intellectual property such as patents.

8. All documents which identify LPL employees who received assembly drawings, technical specifications, diagrams, and/or manuals regarding APC Displays.

9. All documents which identify LPL employees who visited APC.

10. All documents which identify LPL employees who worked at APC.

11. Documents and things which identify each LCD panel and Display which APC designed, developed, reviewed, observed, tested or examined pursuant to developing or complying with the MIL-STD-810 Qualified Ruggedization Process for Consumer LCDs.

12. Documents and things sufficient to identify the mounting features of the Displays which APC designed, developed, reviewed, observed, tested or examined pursuant to developing or complying with the MIL-STD-810 Qualified Ruggedization Process for Consumer LCDs.

13. All corporate records including, but not limited to, minutes, notes, resolutions, memorandum and reports which reference LPL.

14. Documents relating to specifications exchanged between APC and LPL relating to LCD panels or Displays.

15. Documents sufficient to show all APC backlit Displays that were sold or offered for sale in the United States for the period of January 1989 to April 1998, such as product lists or sell sheets.

16. All communications with LPL relating to U.S. Patent No. 6,498,718.

17. All communications with LPL relating to U.S. Patent No. 6,501,641.

18. All documents relating to licensing discussions with LPL.

19. All license agreements between APC and LPL.

4

20. All documents relating to the advertisement, promotion, Display or demonstration of APC Displays at tradeshows prior to April 2, 1998.

21. All documents relating to advertisement or promotion of APC Displays that were published, disseminated, or created prior to April 2, 1998.

LA-FS1\FisherE\240763v06\70272.011200

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2006 I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

I hereby certify that on June 13, 2006 I caused to be sent by Federal Express the foregoing document to the following non-registered participants:

Daniel G. Jarcho, Esquire
Cass W. Christenson, Esquire
Lora A. Brzezynski, Esquire
Matthew T. Bailey, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

Scott R. Miller, Esquire
Tracy R. Roman, Esquire
Bingham McCutchen
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

RLF1-2967131-1