## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    C. A. No. 04-343-JJF |
| TATUNG CO.; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| and VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF SERVICE OF SUBPOENA DUCES TECUM

TO:   Richard D. Kirk                        Anne Shea Gaza
      The Bayard Firm                        Richards, Layton & Finger
      222 Delaware Avenue, Suite 900         One Rodney Square
      Wilmington, DE  19899                  P.O. Box 551
                                             Wilmington, DE 19899

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Viewsonic Corporation, by their counsel, have issued subpoenas

duces tecum with accompanying schedules of documents requests (attached hereto as

Exhibits 1-3), which have been or will be served, on the third parties listed below.

The subpoenas command each third party to produce documents and things,

pursuant to Rule 45, Fed. R. Civ. P., concerning the categories identified in Schedule A

attached to each subpoena. The document production will take place within 30 days of

service of the subpoenas, at the locations listed below, or at such alternative dates, times,

and/or locations as may be mutually agreed upon by counsel.

The subpoenaed parties are:

| Name | Date/Location of Document Production |
|------|--------------------------------------|
| Stanley Electric Sales of America, Inc.<br>c/o Bonnie Stevenson<br>2660 Barranca Pkwy<br>Irvine, CA 92606 | June 30, 2006 (Ex. 1)<br>Pacific Document Services<br>345 South Figueroa Street, Suite 204<br>Los Angeles, CA 90071 |
| Lumitex, Inc. (d/b/a Poly-Optical Products)<br>c/o CT Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017 | June 30, 2006 (Ex. 2)<br>Pacific Document Services<br>345 South Figueroa Street, Suite 204<br>Los Angeles, CA 90071 |
| NYSE Group, Inc.<br>c/o National Registered Agents, Inc.<br>875 Avenue of the Americas, Suite 501<br>New York, NY 10001 | June 30, 2006 (Ex. 3)<br>On Press Graphics<br>250 W 40th St.<br>New York, NY 10018 |

POTTER ANDERSON & CORROON LLP


OF COUNSEL:

Scott R. Miller
Tracy R. Roman
BINGHAM MCCUTCHEN LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400

Dated: June 21, 2006
737998 / 28203

By:  /s/ David E. Moore
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, DE 19899-0951
       Telephone: (302) 984-6000
       Facsimile: (302) 658-1192
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

*Attorneys for Defendant*
*ViewSonic Corporation*

# EXHIBIT 1

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF  CALIFORNIA

LG. Philips LCD CO., Ltd.

V.

ViewSonic Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] USDC (Delaware) CV04-343

TO: BONNIE STEVENSON (Agent for Service of Process)
STANLEY ELECTRIC SALES OF AMERICA, INC., 2660 BARRANCA PKWY, IRVINE, CA 92606

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE   Pacific Document Services<br>345 South Figueroa Street Suite 204, Los Angeles, California 90071 | DATE AND TIME<br>June 30, 2006  10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Defendant ViewSonic, Inc. | DATE<br>June 20, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tracy Roman, Bingham McCutchen, 355 S Grand Ave, Suite 4400, Los Angeles, CA 90071  (213) 229-5020

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                      DATE                              SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the  party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If  objection  is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires  a  person  who is not a party or an officer of a party to travel to a place more than 100  miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)  If a subpoena

(i)  requires  disclosure  of a trade secret  or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing  specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel  more  than 100 miles to attend trial, the court may, to protect  a  person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated,  the court  may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person  responding  to  a  subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged  or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

## Instructions

1.      If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

2.      If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular manner, set forth the details of such qualification.

3.      You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of any representative, agent, employee, attorney, accountant, investigator or any person acting for you or on your behalf.

4.      All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained; or all documents shall be organized and labeled to correspond with the requests below. All documents are to be produced along with copies of the file folders in which they are kept.

LA/40354119 1

5.     If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

6.     For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the document request itself. This includes, without limitation, the following:

    a.     Construing the words "and" and "or" used in any document request in the disjunctive or conjunctive as necessary, to make the document request more inclusive;

    b.     Construing the words "any" and "all" used in any document request to mean "any and all" as necessary to make the document request more inclusive;

    c.     Construing the singular form of any word to include the plural and the plural form to include the singular; and

    d.     Construing the masculine form to include the feminine and/or the gender neutral form.

7.     Electronic records and computerized information are to be produced in an intelligible format together with a description of the system from which it is derived sufficient to permit rendering the material intelligible.

### Definitions

1.     The term "relating to" means referring to, regarding, evidencing, describing, supporting, refuting, and/or constituting.

2.    The term "document" or "documents" means and includes any kind of written, electronic, typewritten or printed materials, any tangible recording or storing of any form of statement, communication or representation; and all other data compilation from which information can be obtained (translated, if necessary, by you through detection devices into reasonably usable form) including, but not limited to, writings and all non-identical copies and drafts thereof, electronic mail, notes, memoranda, letters, calendars, appointment books, diaries, notes or minutes of meetings or conversations, catalogs, agreements, microfilm, graphs, charts, drawings, plans, notebooks, computer files, computer discs, computer tapes, computer cards, computer printouts, tape and sound records, photo records, inter-office communications, reports, photographs, cables, telegrams, telexes, account books, ledger sheets, canceled checks, invoices, bills, receipts, financial statements or any other form of "writing" as defined in Federal Rules of Evidence 1001.

3.    The term "LCD" means liquid crystal display.

4.    The term "LCD module" means a liquid crystal display module.

5.    The term "LCD product" means a liquid crystal display product, such as a computer monitor or television.

6.    The term "fastening part" means a screw, hook, clip, peg, hole, screw hole, or through hole used for mounting or attaching the LCD or LCD module to equipment or to another component, such as an exterior casing or housing.

7.    The term "communications" means every manner of disclosure, transfer or exchange of information, whether person to person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise,

including letter or other correspondence, electronic mail, telephone message, memorandum, or telegram.

    8.    The term "backlight product" means an item or part that you make, offer to sell, sell, or have advertised or published, which is designed to, intended for, or capable of being integrated into an LCD module or LCD product for the purpose of providing lighting.

## Documents to be Produced or Inspected

    1.    Documents sufficient to show the model numbers for all backlight products that You made, sold or offered for sale in the United States for the period of January 1991 through January 2000, such as sell sheets and product lists.

    2.    Documents sufficient to show the structure, assembly, and parts of any backlight product that You made, sold or offered for sale prior to January 1, 2000, including without limitation any assembly drawings, specifications, diagrams, mounting instructions, and/or manuals.

    3.    Documents sufficient to show how backlight products You made, sold, or offered for sale prior to January 1, 2000 were connected to, installed, or assembled with other components of an LCD module, including without limitation any assembly drawings, specifications, diagrams, mounting instructions, and/or manuals.

    4.    Documents sufficient to show how Your backlight products are connected, mounted, or affixed to an adjoining enclosure, such as to external casings or support frames of LCD products, including without limitation any assembly drawings, specifications, diagrams, and/or manuals.

    5.    All Documents showing or evidencing the mechanical mounting instructions for Your backlight products.

6.    Documents identifying or evidencing any fastening parts on the back surface of any backlight product You made, sold or offered for sale for use with an LCD prior to January 1, 2000.

7.    Documents sufficient to show the structure, assembly, and parts of any backlight product that has a fastening part on its back surface (hereinafter "Rear-Fastener Products"), that You made, sold or offered for sale for use with an LCD prior to January 1, 2000, including without limitation any assembly drawings, specifications, diagrams, mounting instructions, and/or manuals.

8.    A sample of any Rear-Fastener Products (for inspection).

9.    Documents sufficient to show sales in the United States of any Rear-Fastener Products that occurred prior to October 23, 1998, including sales agreements, purchase orders, and shipping and delivery records.

10.    Documents relating to offers to sell, offers to buy, sales solicitation, sales inquiry, quotations, requests for quote, or requests for proposal that were created, dated, published or disseminated prior to October 23, 1998 regarding any Rear-Fastener Products.

11.    Catalogs, brochures, circulars, advertisements, marketing materials, and articles that were created, dated, published, or disseminated prior to October 23, 1998 regarding any Rear-Fastener Products.

12.    Documents relating to the advertisement, promotion, display or demonstration of any Rear-Fastener Products at tradeshows prior to October 23, 1998.

13.    Documents that describe, identify, or depict the equipment and/or component to which any Rear-Fastener Product was or could have been mounted.

14.    Documents that describe, identify, or depict the equipment in which any of Your backlight products were used.

15.    Any bill of materials for any backlight products You made, sold or offered for sale in the United States prior to January 1, 2000.

16.    All documents relating to sales of, or offers to sell, any Rear-Fastener Products to the LG Group, LG Electronics, Inc., Lucky Goldstar, Goldstar, LG Philips LCD Co., Ltd., or Royal Philips Electronics.

17.    Documents sufficient to show sales of, or offers to sell, any and all backlight products for use with an LCD to the LG Group, LG Electronics, Inc., Lucky Goldstar, Goldstar, LG Philips LCD Co., Ltd., or Royal Philips Electronics.

18.    All correspondence between You and LG.Philips LCD Co., Ltd. or LG Electronics, Inc.

# EXHIBIT 2

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### CENTRAL  DISTRICT OF  CALIFORNIA

LG. Philips LCD CO., Ltd.

V.

ViewSonic Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] USDC (Delaware) CV04-343

TO: LUMITEX, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS POLY-OPTICAL PRODUCTS
C T CORPORATION SYSTEM , 818 WEST SEVENTH STREET , LOS ANGELES, CA 90017

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached exhibit A

| PLACE   Pacific Document Services | DATE AND TIME |
|---|---|
| 345 South Figueroa Street Suite 204, Los Angeles, California 90071 | June 30, 2006  10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*                        Attorney for Defendant ViewSonic, Inc. | June 20, 2006 |

ISSUING OFFICER'S NAME. ADDRESS AND PHONE NUMBER
Tracy Roman, Bingham McCutchen, 355 S Grand Ave, Suite 4400, Los Angeles, CA 90071  (213) 229-5020

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |

SERVED:

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

        (B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

    (3)   (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance,

        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden

    (B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

## Instructions

1.      If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

2.      If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular manner, set forth the details of such qualification.

3.      You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of any representative, agent, employee, attorney, accountant, investigator or any person acting for you or on your behalf.

4.      All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained; or all documents shall be organized and labeled to correspond with the requests below. All documents are to be produced along with copies of the file folders in which they are kept.

5.    If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

6.    For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the document request itself. This includes, without limitation, the following:

  a.    Construing the words "and" and "or" used in any document request in the disjunctive or conjunctive as necessary, to make the document request more inclusive;

  b.    Construing the words "any" and "all" used in any document request to mean "any and all" as necessary to make the document request more inclusive;

  c.    Construing the singular form of any word to include the plural and the plural form to include the singular; and

  d.    Construing the masculine form to include the feminine and/or the gender neutral form.

7.    Electronic records and computerized information are to be produced in an intelligible format together with a description of the system from which it is derived sufficient to permit rendering the material intelligible.

### Definitions

1.    The term "relating to" means referring to, regarding, evidencing, describing, supporting, refuting, and/or constituting.

2.    The term "document" or "documents" means and includes any kind of written, electronic, typewritten or printed materials, any tangible recording or storing of any form of statement, communication or representation; and all other data compilation from which information can be obtained (translated, if necessary, by you through detection devices into reasonably usable form) including, but not limited to, writings and all non-identical copies and drafts thereof, electronic mail, notes, memoranda, letters, calendars, appointment books, diaries, notes or minutes of meetings or conversations, catalogs, agreements, microfilm, graphs, charts, drawings, plans, notebooks, computer files, computer discs, computer tapes, computer cards, computer printouts, tape and sound records, photo records, inter-office communications, reports, photographs, cables, telegrams, telexes, account books, ledger sheets, canceled checks, invoices, bills, receipts, financial statements or any other form of "writing" as defined in Federal Rules of Evidence 1001.

3.    The term "LCD" means liquid crystal display.

4.    The term "LCD module" means a liquid crystal display module.

5.    The term "LCD product" means a liquid crystal display product, such as a computer monitor or television.

6.    The term "fastening part" means a screw, hook, clip, peg, hole, screw hole, or through hole used for mounting or attaching the LCD or LCD module to equipment or to another component, such as an exterior casing or housing.

7.    The term "communications" means every manner of disclosure, transfer or exchange of information, whether person to person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise,

including letter or other correspondence, electronic mail, telephone message, memorandum, or telegram.

8.     The term "backlight product" means an item or part that you make, offer to sell, sell, or have advertised or published, which is designed to, intended for, or capable of being integrated into an LCD module or LCD product for the purpose of providing lighting.

## Documents to be Produced or Inspected

1.     Documents sufficient to show the model numbers for all backlight products that You made, sold or offered for sale in the United States for the period of January 1991 through January 2000, such as sell sheets and product lists.

2.     Documents sufficient to show the structure, assembly, and parts of any backlight product that You made, sold or offered for sale prior to January 1, 2000, including without limitation any assembly drawings, specifications, diagrams, mounting instructions, and/or manuals.

3.     Documents sufficient to show how backlight products You made, sold, or offered for sale prior to January 1, 2000 were connected to, installed, or assembled with other components of an LCD module, including without limitation any assembly drawings, specifications, diagrams, mounting instructions, and/or manuals.

4.     Documents sufficient to show how Your backlight products are connected, mounted, or affixed to an adjoining enclosure, such as to external casings or support frames of LCD products, including without limitation any assembly drawings, specifications, diagrams, and/or manuals.

5.     All Documents showing or evidencing the mechanical mounting instructions for Your backlight products.

6.    Documents identifying or evidencing any fastening parts on the back surface of any backlight product You made, sold or offered for sale for use with an LCD prior to January 1, 2000.

7.    Documents sufficient to show the structure, assembly, and parts of any backlight product that has a fastening part on its back surface (hereinafter "Rear-Fastener Products"), that You made, sold or offered for sale for use with an LCD prior to January 1, 2000, including without limitation any assembly drawings, specifications, diagrams, mounting instructions, and/or manuals.

8.    A sample of any Rear-Fastener Products (for inspection).

9.    Documents sufficient to show sales in the United States of any Rear-Fastener Products that occurred prior to October 23, 1998, including sales agreements, purchase orders, and shipping and delivery records.

10.    Documents relating to offers to sell, offers to buy, sales solicitation, sales inquiry, quotations, requests for quote, or requests for proposal that were created, dated, published or disseminated prior to October 23, 1998 regarding any Rear-Fastener Products.

11.    Catalogs, brochures, circulars, advertisements, marketing materials, and articles that were created, dated, published, or disseminated prior to October 23, 1998 regarding any Rear-Fastener Products.

12.    Documents relating to the advertisement, promotion, display or demonstration of any Rear-Fastener Products at tradeshows prior to October 23, 1998.

13.    Documents that describe, identify, or depict the equipment and/or component to which any Rear-Fastener Product was or could have been mounted.

14.    Documents that describe, identify, or depict the equipment in which any of Your backlight products were used.

15.    Any bill of materials for any backlight products You made, sold or offered for sale in the United States prior to January 1, 2000.

16.    All documents relating to sales of, or offers to sell, any Rear-Fastener Products to the LG Group, LG Electronics, Inc., Lucky Goldstar, Goldstar, LG Philips LCD Co., Ltd., or Royal Philips Electronics.

17.    Documents sufficient to show sales of, or offers to sell, any and all backlight products for use with an LCD to the LG Group, LG Electronics, Inc., Lucky Goldstar, Goldstar, LG Philips LCD Co., Ltd., or Royal Philips Electronics.

18.    All correspondence between You and LG.Philips LCD Co., Ltd. or LG Electronics, Inc.

# EXHIBIT 3

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

LG. Philips LCD Co., Ltd
V.
Tatung Co.; Tatung Company of America, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] USDC (Delaware) CV04-343

TO: NYSE Group, Inc. c/o National Registered Agents, Inc.
    875 Avenue of the Americas, Suite 501, New York, New York 10001

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| On Press Graphics, 250 W 40th St., New York, NY 10018 | June 30, 2006   10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_    Attorney for Defendant, ViewSonic | June 20, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tracy Roman, Bingham McCutchen, 355 South Grand Ave, Suite, 4400, Los Angeles, CA 90071 (213) 229-5020

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

American LegalNet, Inc
www.USCourtForms.com

**ATTACHMENT A**

**Instructions**

1.     If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

2.     If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.  If your answer is qualified in any particular manner, set forth the details of such qualification.

3.     You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of any representative, agent, employee, attorney, accountant, investigator or any person acting for you or on your behalf.

4.     All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained; or all documents shall be organized and labeled to correspond with the requests below.  All documents are to be produced along with copies of the file folders in which they are kept.

5.     If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

6.     For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the document request itself. This includes, without limitation, the following:

    a.    Construing the words "and" and "or" used in any document request in the disjunctive or conjunctive as necessary, to make the document request more inclusive;

    b.    Construing the words "any" and "all" used in any document request to mean "any and all" as necessary to make the document request more inclusive;

    c.    Construing the singular form of any word to include the plural and the plural form to include the singular; and

    d.    Construing the masculine form to include the feminine and/or the gender neutral form.

7.     Electronic records and computerized information are to be produced in an intelligible format together with a description of the system from which it is derived sufficient to permit rendering the material intelligible.

### Definitions

1.     The term "relating to" means referring to, regarding, evidencing, describing, supporting, refuting, and/or constituting.

2.    The term "Document" or "Documents" means and includes any kind of written, electronic, typewritten or printed materials, any tangible recording or storing of any form of statement, communication or representation; and all other data compilation from which information can be obtained (translated, if necessary, by you through detection devices into reasonably usable form) including, but not limited to, writings and all non-identical copies and drafts thereof, electronic mail, notes, memoranda, letters, calendars, appointment books, diaries, notes or minutes of meetings or conversations, catalogs, agreements, microfilm, graphs, charts, drawings, plans, notebooks, computer files, computer discs, computer tapes, computer cards, computer printouts, tape and sound records, photo records, inter-office communications, reports, photographs, cables, telegrams, telexes, account books, ledger sheets, canceled checks, invoices, bills, receipts, financial statements or any other form of "writing" as defined in Federal Rules of Evidence 1001.

3.    The term "LCD" means liquid crystal display.

4.    The term "flat panel display product" means a visual display product, such as a computer monitor or television, containing an LCD, plasma display panel, field emissions display panel, or similar technology. It does not include any CRT display products.

5.    The term "Correspondence" means every manner of disclosure, transfer or exchange of information, whether person to person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise, including letter or other communications, electronic mail, telephone message, memorandum, or telegram.

6.    The term "PixelVision" refers to PixelVision Technology, Inc., an LCD products company having offices in Massachusetts on or before January 1, 2000.

### Documents to be Produced or Inspected

1.    Documents, such as an inventory list, sufficient to identify the make, model, and date of manufacture of each different type of flat panel display product in Your possession, custody, or control, whether or not the monitor is operational, including but without limitation any products by Sharp or National Display.

2.    Documents sufficient to identify any flat panel display products in Your possession, custody, or control that include at least one fastener, such as a screw, entering from or inserted into the back of the product's external casing (hereinafter, a "Rear-Fastener Product").

3.    A sample of each Rear-Fastener Product that You used and/or purchased, or that bears a manufacture date prior to January 1, 2000. (This request seeks the opportunity to inspect the products).

4.    Documents sufficient to show Your purchase or receipt of each Rear-Fastener Product that You used and/or purchased at any time prior to January 1, 2000, including without limitation any sales agreements, receipts, invoices, purchase orders, and/or shipping documents.

5.    All Documents relating to or evidencing the structure, assembly, features, or specifications of any Rear-Fastener Products, including without limitation product brochures, marketing materials, manuals, specifications, technical drawings, diagrams, work orders, and/or photographs.

6.    All Documents relating to or evidencing the installation of any Rear-Fastener Product at any of Your offices, facilities, locations, trading floors, or other workplaces.

7.    Documents sufficient to identify every type of PixelVision LCD product that You used, leased, tested, and/or purchased at any time prior to January 1, 2000.

8.    A sample of each different PixelVision LCD product that You used, leased, tested, and/or purchased at any time prior to January 1, 2000. (This request seeks the opportunity to inspect the products.)

9.    Documents evidencing Your purchase or receipt of each PixelVision LCD product that You used, leased, tested, and/or purchased at any time prior to January 1, 2000, including without limitation any sales agreements, receipts, invoices, purchase orders, and/or shipping documents.

10.    All Documents relating to or evidencing the structure, assembly, features, or specifications of any PixelVision LCD products, including without limitation product brochures, marketing materials, manuals, specifications, technical drawings, diagrams, work orders, and/or photographs.

11.    All Documents relating to or evidencing the testing or installation of any PixelVision LCD product at any of Your offices, facilities, locations, trading floors, or other workplaces.

12.    All correspondence between You and PixelVision.

13.    Documents sufficient to identify any facilities, companies, or stores that provide repair or maintenance services for any of Your flat panel display products.

14.    Documents sufficient to identify the flat panel display products at Your laboratory or repair center at any time prior to January 1, 2000.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 21, 2006, the attached documents were hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

I hereby certify that on June 21, 2006, I have Electronically Mailed the foregoing documents to the following non-registered participants:

Daniel G. Jarcho
Cass W. Christenson
Andrew J. Park
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006
djarcho@mckennalong.com
cchristenson@mckennalong.com

Mark H. Krietzman
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA 90404
krietzmanm@gtlaw.com

*/s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com

672130