IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG.PHILIPS LCD CO., LTD., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-343 JJF |
| TATUNG CO., TATUNG COMPANY OF AMERICA, INC., VIEWSONIC CORP., | : | |
| Defendants. | : | |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION ON MOTION OF DEFENDANT VIEWSONIC CORP. FOR RELIEF FROM PROTECTIVE ORDER;**

**GRANT OF RELIEF RECOMMENDED.**

This matter comes before me, as Special Master,[1] on the July 11, 2006 request of defendant ViewSonic for relief from the Protective Order entered in this case (the "Delaware Action") to permit ViewSonic to bring certain documents produced in the Delaware Action to the attention of its California counsel – and possibly the district court – in an action pending before the United States District Court for the Central District of California as Case No. CV-02-6775 CBM (JTLx), styled as *LG.Philips LCD Co. Ltd. v. Tatung Company of America, et al.* (the "California Action"), in which ViewSonic is also a defendant. By its July 18, 2006 submission to the Special Master, plaintiff LG.Philips Co., Ltd. ("LPL") opposes ViewSonic's request.

Having read and considered the papers submitted by the parties, and having heard and considered the oral arguments made before the Special Master at a telephonic hearing conducted

---

[1] The Order Appointing Special Master, dated February 25, 2005, is docketed as item 178 in the captioned case.

on July 26, 2006, the Special Master recommends that ViewSonic's request for relief from the Protective Order be GRANTED for the reasons – and subject to the conditions – set forth herein.

**BACKGROUND**

1.  On April 23, 2003, prior to the filing of the Delaware Action, LPL filed the California Action against Tatung and ViewSonic asserting infringement of six patents, four of which relate to "side-mounting" devices for mounting LCD panels to the casing or housing of display devices. A protective order was subsequently entered in the California Action.

2.  On May 27, 2004, LPL filed the Delaware Action accusing Tatung and ViewSonic of infringing additional patents which relate to "rear-mounting" devices for LCD technology. A protective order was subsequently entered in the Delaware Action (the "Protective Order"). The Protective Order provides, in relevant part:

> This Protective Order shall not preclude any party from seeking and obtaining, **on an appropriate showing**, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from . . . applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order . . . .

Protective Order, D.I. 144 at ¶ 15.1(b) (emphasis added).

3.  On August 5, 2005, discovery closed in the California Action. Approximately three months later (in November of 2005), LPL produced documents numbered LPL 001554 – 001589 in the Delaware Action.

4.  ViewSonic argues that documents LPL 001554 - 001589 are responsive to discovery that was propounded by both ViewSonic and Tatung well before the close of discovery in the California Action. As example, ViewSonic points to the following two document requests served in the California Action:

2

>**CPT Document Request No. 40**: All documents and things relating to, referring to, supporting any allegation of or discussing the patentability or unpatentability of the '537, '942, '457 or '237 patents, their foreign counterparts, or related family patent rights
>
>**ViewSonic Document Request No. 18**: All documents which evidence, refer to or relate to each prior art reference or possible basis for invalidity that was in any way known, considered by, cited by, referred to, brought to the attention of, or reviewed by any Patent Holder in connection with the Patents-in-Suit, or any continuations, continuations-in-part, divisionals, reissues, foreign patents or foreign patent applications claiming priority to any of the Patents-in-Suit, or upon which any of the Patents-in-Suit claim priority.

July 11, 2006 Letter to Special Master Vincent J. Poppiti from Richard L. Horwitz at p. 2 (emphasis in original). ViewSonic argues that LPL 001554 - 001589 are responsive to these discovery requests because the patents-in-suit in the Delaware Action are a "design-around invention to competitors' side mounting patents" and because the '139 Patent that is the parent to the side-mounting patents at issue in the California Action is also the principal piece of prior art cited by the PTO in rejecting, on multiple occasions, the proffered claims for the rear-mounting patents at issue in the Delaware Action.

5. ViewSonic is represented by different litigation counsel in the California Action and the Delaware Action. ViewSonic requests that it be allowed to share LPL 001554 - 001589 with its counsel in the California Action– and, possibly, with the District Court for the Central District of California (the "California Court") – subject to the terms of the protective order in the California Action. ViewSonic does not seek any ruling by this Court as to whether the subject documents are relevant to, or will be admissible in, the California Action. ViewSonic "merely seeks to make sure that neither ViewSonic nor the California Court are prevented from having access to materials that may have an important bearing on [the California Action]." July 11, 2006 Letter to Special Master Vincent J. Poppiti from Richard L. Horwitz at p. 2.

3

062038.00612/40163732v.1

6.   LPL does not dispute that it did not produce in the California Action the documents numbered LPL 001554 - 001589.  Rather, LPL argues that these documents are not responsive to discovery sought in the California Action and, even if they are, that the California Court would not permit their use at this late stage because they are not relevant to the patents-in-suit in that litigation.

7.   In opposing ViewSonic's request, LPL raises five main points.  First, LPL argues that ViewSonic's request is simply an attempt to end run the fact that discovery in the California Action closed in August 2005, and the California Court has ruled no additional discovery may be taken without its permission.  Second, LPL argues that the discovery served by Tatung and ViewSonic in the California Action never "specifically" sought the disputed documents.  Third, LPL argues that the defendants should be denied relief because they delayed too long in seeking relief after they first became aware of the documents' existence when the documents were produced in the Delaware Action in November 2005.  In support of its argument that the delay was too long, LPL points out that because discovery in the California Action closed almost one year ago and trial is scheduled to commence in several months, the relief sought by ViewSonic would unfairly burden it.  Fourth, LPL argues that granting the relief sought by ViewSonic would be an exercise in futility because LPL 001554 - 001589 are not relevant to the California Action because they relate to different patents and inventors and, therefore, the California Court will find them to be inadmissible.  Finally, LPL argues that ViewSonic has failed to meet its burden to establish that "good cause" exists for the relief sought.  July 18, 2006 Letter to Special Master Vincent J. Poppiti from Frederick L. Cottrell III.

062038.00612/40163732v.1

## SPECIAL MASTER'S CONCLUSIONS

8. The Special Master concludes that the relevancy of LPL 001554 - 001589 to, and their possible admissibility in, the California Action are determinations solely within the province of the District Court for the Central District of California. Similarly, arguments with respect to delay and whether or not LPL 001554 - 001589 are actually responsive to discovery requests made in the California Action are properly addressed to that court.

9. To the extent that LPL 001554 - 001589 are responsive to discovery propounded in the California Action, the Special Master concludes that the entry of the Protective Order in the Delaware Action would not excuse LPL from producing its own documents in accordance with its discovery responsibilities in the California Action (or any other litigation).

10. The Special Master further concludes that ViewSonic's California counsel must have access to the subject documents in order to even evaluate whether it is appropriate for ViewSonic to seek relief in the California Action. Moreover, the Special Master concludes that ViewSonic must also be permitted to disclose the subject documents to the District Court for the Central District of California in support of any application made to that court. In this regard, the Special Master is mindful that a protective order has been entered in the California Action which will protect the confidential information contained in the subject documents.

11. The Special Master therefore determines that ViewSonic has made a sufficient showing that it should be permitted limited relief pursuant to paragraph 15.1(b) of the Protective Order, and that the production of approximately 35 pages of documents will not pose an undue burden on the litigants in the California Action and will not work an injustice based on LPL's reliance on the negotiated terms of the Protective Order.

062038.00612/40163732v.1

WHEREFORE, for the foregoing reasons, the Special Master concludes that ViewSonic's request for relief from the Protective Order in this case be GRANTED, and that any use or disclosure of the documents identified by Bates Nos. LPL 001554 - 001589 shall be made pursuant to the terms of the Amended Confidentiality Stipulation and Protective Order, dated February 7, 2005, in the case of *LG.Philips LCD Co., Ltd., v. Tatung Co. of America, et al.*, Case No. CV-02-6775 CBM (JTLx) and any consolidated cases, including CV-03-2884, CV-03-2885, CV-03-2886 and CV-03-2866, and that these documents shall be designated "CONFIDENTIAL ATTORNEYS ONLY" when so disclosed.

**The Special Master's Report and Recommendation will become a final order of the Court unless objection is timely taken in accordance with the provisions of Fed. R. Civ. P. 53(g).**

ENTERED this
28th day of July, 2006

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master