IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-343 JJF |
| TATUNG CO., TATUNG COMPANY OF AMERICA, INC., VIEWSONIC CORP., | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion To Approve And Adopt Special Master's Reports And Recommendations (D.I. 218). For the reasons discussed, the Motion will be granted in part and denied in part.

I. BACKGROUND

On May 27, 2005, Plaintiff LG. Philips LCD Co., Ltd. ("LPL") filed this patent infringement case. On June 14, 2004, Defendants Tatung Co. and Tatung Company of America, Inc. (collectively, "Tatung") filed a Motion To Dismiss For Lack Of Personal Jurisdiction, Insufficient Process, And Insufficient Service Of Process And, In The Alternative, To Quash Service (D.I. 16). On November 18, 2004, the Court ordered that no further motions be filed until it resolved the Motion To Dismiss (D.I. 93). The parties commenced jurisdictional discovery but were unable to resolve numerous disputes. On January 24, 2005, the Court held a discovery hearing to attempt to resolve the discovery disputes and instructed the parties accordingly (D.I.

133). However, the parties failed to resolve their disputes. On February 11, 2005, Defendants filed a Request For Appointment Of A Special Master to oversee jurisdictional discovery (D.I. 168). On February 17, 2005, the Court ordered that all pending discovery disputes be referred to the Special Master (D.I. 174).

The Special Master held hearings regarding the parties' discovery disputes on March 30, 2005 and April 20, 2005. At the start of the hearing on April 20, 2005, Defendants consented by stipulation to the Court's jurisdiction (D.I. 188). The stipulation rendered pending jurisdictional discovery disputes before the Special Master moot. Thus, the Special Master addressed only Plaintiff's motion for sanctions.

On August 16, 2005, the Special Master issued his Report And Recommendations On Motion Of LG. Philips LCD Co., Ltd. For Discovery Sanctions Against The Defendants ("August 16th Report") (D.I. 197). The Special Master recommended that Plaintiff's motion for sanctions be granted. On September 19, 2005, the Special Master issued his Report And Recommendations Quantifying Certain Attorney Fees And Costs And Special Master's Fees And Costs Among Sanctions Assessed Against The Tatung Defendants ("September 19th Report") (D.I. 208). The Special Master concluded Plaintiff LPL was entitled to reimbursement of attorney fees and unreimbursed costs and expenses in the amount of $149,088.73. It further concluded and recommended Defendants be

2

required to pay the Special Master fees and costs in the amount of $124,536.35 and reimburse Plaintiff for the same in the amount of $62,268.17.

Defendants filed two sets of objections to the August 16th Report and September 19th Report (D.I. 201, 219). In its Interim Objections To Report And Recommendations Of Special Master (D.I. 201), Defendants Tatung raised the following objections: 1) the Report impermissibly interprets the Court's Order of November 18, 2004[1]; 2) the Report's assertion that Defendants acted improperly in seeking a protective order is contrary to the Court's Order of January 25, 2005[2], the Scheduling Order, and case precedent; 3) the Report's findings with respect to Plaintiff's conduct, the relief sought, and the Court's findings are erroneous; 4) the Report's assessment with respect to the depositions of Defendant Tatung Company of America is legally and factually flawed; 5) Defendant Tatung Company's Motion For A Protective Order with respect to the depositions to occur in Taiwan was justified; 6) Defendants' objections to interrogatories were justified and complete responses were provided; and 7) Defendants' objections

---

[1] Defendants do not reference a docket number. Although two Orders were entered on November 18, 2004, the Court assumes Defendants refer to D.I. 93 in which the Court ordered that no further motions be filed in the case until the jurisdictional dispute was resolved.

[2] Defendants do not reference a docket number and no Order was entered on January 25, 2005. Thus, the Court assumes that Defendants refer to D.I. 133, entered on January 26, 2005.

to the request for documents were appropriate.

In its Objections To Special Master's Reports And Recommendations Quantifying Sanctions, Defendants make three objections. Defendants contend the award amount contravenes the Order Appointing Special Master. Defendants further contend the award amount raises questions about the efficacy and reasonableness of the reference to the Special Master. Finally, Defendants contend the award of attorney fees and expenses is contrary to law.

On October 11, 2005, Plaintiff filed a Motion To Approve And Adopt Special Master's Reports And Recommendations Concerning Discovery Sanctions Against The Tatung Defendants (D.I. 218). Plaintiff contends the Court should adopt in full both the Special Master's August 16th Report and September 19th Report. Plaintiff further contends the Court should award Plaintiff fees and expenses incurred in defending the Reports and remand to the Special Master to determine the proper award amount.

In response, Defendants contend the Special Master erred by interpreting its actions during jurisdictional discovery as occurring in defiance of the Court's directives. Defendants contend this error resulted in the Special Master incorrectly developing "extraordinary displeasure" with Defendants (D.I. 222).

## II. DISCUSSION

The Court reviews the Special Master's findings of fact and conclusions of law <u>de novo</u>. Fed. R. Civ. P. 53(g)(3)(4). In acting on a Special Master's order, the court has latitude to adopt or affirm, modify, reject, reverse, or resubmit the matter with instructions. Fed. R. Civ. P. 53(g)(1).

### A. <u>Special Master's August 16th Report</u>

In the August 16th Report, the Special Master concluded that Plaintiff LPL exercised "good faith and extraordinary effort" in attempting to resolve its discovery disputes with Defendants. It further concluded that Defendants failed to comply with their discovery obligations without justification. Specifically, it concluded that Defendants failed to appear for numerous depositions, failed to produce witnesses prepared to testify, and failed to respond to interrogatories and requests for production of documents. In light of these failures, the Special Master recommended that sanctions be imposed against Defendants pursuant to Fed. R. Civ. P. 37.

The Court agrees with the findings and conclusions of the Special Master that Plaintiff made good faith attempts to compromise and resolve any disputes and that Defendants failed to comply with their discovery obligations. The Court further concludes that the Special Master did not err in recommending sanctions against Defendants pursuant to Rule 37.

By its objections, Defendants misconstrue the basis on which the Special Master made his recommendations. Specifically, Defendants fail to present sufficient evidence to rebut the Special Master's findings that it failed to appear for numerous depositions, failed to produce witnesses prepared to testify, and failed to respond to interrogatories and requests for production of documents. Accordingly, the Court will adopt the Special Master's Report And Recommendations On Motion Of LG. Philips LCD Co., Ltd. For Discovery Sanctions Against The Tatung Defendants (D.I. 197).

B. <u>Special Master's September 19th Report</u>

In the September 19th Report, the Special Master concluded that the attorney fees and unreimbursed expenses and costs related to jurisdictional discovery sought by Plaintiff LPL and supported by affidavit in the amount of $149,088.73 were reasonable and recommended the award as an appropriate sanction against Defendants. The Special Master further recommended that Special Master fees and costs be paid by Defendants in the amount of $124,536.35 plus reimbursement to Plaintiff in the amount of $62,268.17 for fees already paid.

The Court agrees with the findings and conclusions of the Special Master with respect to the recommendation that Plaintiff be entitled to reimbursement of attorney fees and unreimbursed costs and expenses in the amount of $149,088.73. However, the

6

Court concludes that the recommendation that Defendants pay the Special Master fees and costs is not warranted in light of the parties' actions and the language of the Order Appointing Special Master (D.I. 178). According to the Order,

> [t]he compensation and expenses of the Special Master shall, unless otherwise ordered by the Special Master, be shared equally by the parties. In this regard, if in the Special Master's opinion, a party engages in behavior that hinders the efficient resolution of matters before the Special Master, that party may be apportioned all or a larger portion of the Special Master's compensation, costs and expenses.

(D.I. 178, ¶ 10). In its August 16th Report, the Special Master noted that *both* parties submitted to the Special Master thousands of pages of materials regarding their disputes, "most without correlation to the case docket, and many as mere attachments from which the Special Master had to glean and organize the facts." (D.I. 197, p. 7, n.3). In its September 19th Report, the Special Master does not set forth in sufficient detail actions by Defendants showing that it "hinder[ed] the effective resolution of matters before the Special Master" beyond Plaintiff's actions. Thus, the Court concludes that there is not sufficient evidence to warrant the assessment of the entire Special Master fees and costs to Defendants. Accordingly, the Special Master fees and costs shall be shared between Plaintiff and Defendants. Therefore, the Court will adopt in part the Special Master's Report And Recommendations

Quantifying Certain Attorney Fees And Costs And Special Master's Fees And Costs Among Sanctions Assessed Against The Tatung Defendants (D.I. 208).

C. <u>Plaintiff's Motion To Approve And Adopt Special Master's Reports And Recommendations Concerning Discovery Sanctions Against The Tatung Defendants.</u>

For the reasons discussed, Plaintiff's Motion will be granted in part and denied in part. The Court will deny Plaintiff's Motion to the extent that it requests that the Court award Plaintiff the fees and expenses incurred in defending the Reports and remand the issue of the amount to be awarded to the Special Master. The Court will grant the Motion to the extent that Plaintiff requests that the Special Master's August 16th Report be adopted in full and Defendants' objections overruled. Further, the Court will grant Plaintiff's Motion to the extent it requests that the Court adopt the Special Master's recommendation in the September 19th Report that Plaintiff be reimbursed attorney fees and unreimbursed costs and expenses in the amount of $149,088.73. However, the Court will deny Plaintiff's Motion to the extent it requests that the Court adopt the Special Master's recommendation that Defendant pay the Special Master fees and costs and reimburse Plaintiff for the amount already paid. Rather, the Court finds that the Special Master fees and costs shall be shared equally

between Plaintiff and Defendants. Accordingly, the Court concludes that the Special Master fees and costs amount to $186,804.52 in total. (D.I. 208). Thus, the Court concludes that Defendants and Plaintiff each shall pay Special Master fees and costs in the amount of $93,402.26, crediting any portion already paid to the paying party.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion To Approve And Adopt Special Master's Reports And Recommendations (D.I. 218) is **GRANTED IN PART** and **DENIED IN PART**.

September 29, 2006                                    _____
                                                      UNITED STATES DISTRICT JUDGE