# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION,<br><br>Defendants. | Civil Action No. 04-343-JJF |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ.

P. 36, objects and responds as follows to Defendant ViewSonic Corporation's ("ViewSonic")

First Set of Requests for Admission.

## GENERAL OBJECTIONS

These general objections apply to each Request for Admission and thus, for convenience,

are not repeated after each Request for Admission, but rather are set forth herein and are hereby

incorporated into each response.

1.    LPL objects to each Request for Admission to the extent it seeks information

subject to the attorney-client privilege, work product doctrine, and other applicable privileges or

immunities from discovery. LPL does not by these responses waive any claim of privilege or

work product.

2.     LPL objects to these Requests for Admissions to the extent they request information not relevant to the claims and defenses in this case, or not reasonably calculated to lead to the discovery of admissible evidence.

3.     LPL objects to ViewSonic's "Definitions and Instructions" to the extent that they are vague and ambiguous, or purport to impose obligations not required under the Federal Rules of Civil Procedure.

4.     LPL objects to Definition B of "LPL" because it is overly broad, unduly burdensome and improperly includes a variety of persons and entities over which LPL has no control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client privilege and work product doctrine. As to all the requests for admission, LPL responds only on behalf of LPL.

5.     LPL objects to Definitions and Instructions G and H as related to interrogatories and not to requests for admission.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that the "flat panel display device" is not a "data processing device" as these terms are used in Claim 35 of the '641 Patent.

**RESPONSE:**

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

621163v1

### REQUEST FOR ADMISSION NO. 2:

Admit that a "flat panel display device" does not include "a housing of the data processing device" as these terms are used Claim 35 of the '641 Patent.

#### RESPONSE:

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 3:

Admit that the express objects of the invention disclosed in the '641 Patent are all directed to minimizing side space identified as dimension "D" in Figure 3B of the '641 Patent.

#### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "the express objects of the invention." LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 4:

Admit that "the non-display area of the LCD device" as set forth at Column 2, Lines 47-48 of the '641 Patent refers to dimension "D" as identified in Figure 3B of the '641 Patent.

**RESPONSE:**

Denied. Column 2, Lines 47-48 of the '641 patent does not refer to any specific Figure in the '641 patent.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the ViewSonic VX900 includes the space identified as "d1" in Figure 3B of the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the ViewSonic VX900 includes the space identified at "d2" in figure 3B of the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

621163v1

4

### REQUEST FOR ADMISSION NO. 7:

Admit that the View Sonic VX900 includes the space identified as "D" in Figure 3B of the '641 Patent.

### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 8:

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "d1" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

### RESPONSE:

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

621163v1

5

**REQUEST FOR ADMISSION NO. 9:**

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "d2" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

**RESPONSE:**

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 10:**

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "D" in figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

**RESPONSE:**

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, as disclosed in the '641 Patent, the rear housing substantially supports the flat panel display device, when the flat panel display device is mounted to the rear housing via the fastening part at the rear surface of the first frame.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "substantially supports." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, as disclosed in the '641 Patent, the fastening part at the rear surface of the first frame must securely fix, firmly attach, or make fast the rear housing to the flat panel display device when fastened as claimed in the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "must securely fix, firmly attach, or make fast the rear housing." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 13:**

Admit that a flat panel display device that is not substantially supported by the rear housing when mounted via the fastening part at the rear surface of the first frame does not practice the invention as claimed in the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "not substantially supported" and "does not practice the invention." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 14:**

Admit that when practicing the prior art front mounting method as referenced in the '641 Patent, the housing provides substantial support for the flat panel display device when mounted through the front mounted fastening part(s).

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "when practicing the prior art front mounting method," "provides substantial support," and "front mounted fastening part(s)." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is

premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 15:

Admit that, as defined by the '641 Patent, the front mounting method does not require that the LCD device be mounted to the front case (identified as element 121 in Figure 2 of the '641 Patent).

### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "the front mounting method," "does not require," and "mounted to the front case." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 16:

Admit that when assembled, the rear center screw "B5" and the threaded post "D5" of the PixelVision SGT15P, as identified in exhibit L to the Supplemental Brinkerhoff Declaration (DI 100; *see* Exhibit A hereto), do not in and of themselves securely fix, firmly attach, or make fast the flat panel display device to the rear housing such that the rear housing provides substantial support for the flat panel display device.

### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "in and of themselves," "securely fix, firmly attach, or make fast," and

"provides substantial support." LPL objects to this Request because it improperly poses a

question hypothetically and/or in the abstract, precluding a response without clarification and/or

explanation. LPL also objects to this Request on the ground that it is premature and improper

because it addresses infringement and/or patent/claim term meaning and interpretation. Further,

LPL objects because this Request seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 17:

Admit that the two top screws and two screw holes in the ViewSonic VX900 identified as

"B" and "D" respectively in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto)

attach the stand to the VX900 monitor.

### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for

example, regarding "attach the stand." LPL objects to this Request because it improperly poses a

question hypothetically and/or in the abstract, precluding a response without clarification and/or

explanation. LPL also objects to this Request on the ground that it is premature and improper

because it addresses infringement and/or patent/claim term meaning and interpretation. Further,

LPL objects because this Request seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 18:

As shown in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto), admit

that when assembled, the two top screws identified as "B" and two screw holes identified as "D"

do not in and of themselves securely fix, firmly attach, or make fast the VX900 LCD device to

the rear housing identified as "A" such that the rear housing provides substantial support for the

LCD device.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "in and of themselves," "securely fix, firmly attach, or make fast," and "provides substantial support." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the ViewSonic VX900 uses the prior art front mounting method disclosed in the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "the prior art front mounting method." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Figure 4C in the Patents-in-Suit is an LCD device.

**RESPONSE:**

LPL admits that the Patents-in-Suit refer to Figure 4C as an "LCD device."

**REQUEST FOR ADMISSION NO. 21:**

Admit that the item identified as "H" in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto) is an LCD device as described in the '641 Patent.

**RESPONSE:**

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 22:**

Admit that an LCD module is an "LCD device," as that term is used in the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding what is meant by "LCD module." LPL also objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

LPL denies the Request to the extent that it seeks an admission that "LCD module" and "LCD device" are interchangeable terms.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the part in the ViewSonic VX900 identified as "C" in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto) is not part of the LCD module identified as "H."

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding what is meant by "part of" and whether this request refers to pre-assembly, post-assembly, or both. LPL also objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 24:**

Admit that LCD monitors practicing the mounting disclosed in VESA Flat Display Mounting Interface Standard, Version 1, dated October 28, 2002 infringes the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "practicing the mounting disclosed in." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the ViewSonic VX900 LCD monitor is not a portable computer.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "portable computer." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 26:**

Admit that any liquid crystal display product imported into and/or sold in the United States by ViewSonic that incorporates an LCD module manufactured, sold, or distributed by LPL does not infringe either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous. LPL also objects to this Request on the ground that it improperly calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, before filing the instant litigation, LPL never notified ViewSonic that LPL believed any ViewSonic product infringed either of the Patents-in-Suit.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 28:**

Admit that LPL believes the Sharp TV LC-20B4U-S (shown in LPL-00030) infringes at least one claim of either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine. LPL also objects to this Request because it attempts to introduce into this case confidential settlement communications that are not admissible (see, e.g., FRE 408) and not the proper subject of Rule 36 discovery. LPL further objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions, contentions, and/or opinions.

**REQUEST FOR ADMISSION NO. 29:**

Admit that LPL believes the Sharp monitor LL-T1620-H (shown in LPL-00006) infringes at least one claim of either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine. LPL also objects to this Request because it attempts to introduce into this case confidential settlement communications that are not admissible (see, e.g., FRE 408) and not the proper subject of Rule 36 discovery. LPL further objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or

621163v1

15

patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks

legal conclusions, contentions, and/or opinions.

### REQUEST FOR ADMISSION NO. 30:

Admit that LPL believes the Fujitsu-Siemens 5110 FA (shown in LPL-00031) infringes

at least one claim of either of the Patents-in-Suit.

### RESPONSE:

LPL objects to this Request to the extent that it seeks information protected by the

attorney-client privilege or the work product doctrine. LPL also objects to this Request because

it attempts to introduce into this case confidential settlement communications that are not

admissible (see, e.g., FRE 408) and not the proper subject of Rule 36 discovery. LPL further

objects to this Request because it improperly poses a question hypothetically and/or in the

abstract, precluding a response without clarification and/or explanation. LPL also objects to this

Request on the ground that it is premature and improper because it addresses infringement and/or

patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks

legal conclusions, contentions, and/or opinions.

### REQUEST FOR ADMISSION NO. 31:

Admit that LPL is aware of the manner or method by which the LCD device in the

ViewSonic VX2000 monitor is mounted to the housing.

### OBJECTIONS AND ANSWER:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for

example, regarding "aware," "manner or method," and "mounted to the housing." LPL further

objects to this Request because it improperly poses a question hypothetically and/or in the

abstract, precluding a response without clarification and/or explanation. LPL also objects to this

Request on the ground that it is premature and improper because it addresses infringement and/or

patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks

legal conclusions.

### REQUEST FOR ADMISSION NO. 32:

Admit that the VX900 uses the same manner or method of mounting the LCD device to

the housing as is used in the VX2000.

### OBJECTIONS AND ANSWER:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for

example, regarding "uses" and "same manner or method." LPL further objects to this Request

because it improperly poses a question hypothetically and/or in the abstract, precluding a

response without clarification and/or explanation. LPL also objects to this Request on the

ground that it is premature and improper because it addresses infringement and/or patent/claim

term meaning and interpretation. Further, LPL objects because this Request seeks legal

conclusions.

### REQUEST FOR ADMISSION NO. 33:

Admit that the VX2000 does not infringe any claim of either of the Patents-in-Suit.

### OBJECTIONS AND ANSWER:

LPL objects to this Request because it improperly poses a question hypothetically and/or

in the abstract, precluding a response without clarification and/or explanation. LPL also objects

to this Request on the ground that it is premature and improper because it addresses infringement

and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request

seeks legal conclusions, contentions, and/or opinions.

621163v3

17

March 24, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-2306
(302) 655-5000
rkirk@bayardfirm.com
Attorneys For Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Lora Brzezynski
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

621163v1

18

**EXHIBIT A**





**EXHIBIT B**









