

Phone:   (302) 425-6410
Fax:     (302) 428-5132
Email:   Poppiti@BlankRome.com

November 13 2006

**By CMF and EMAIL**

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Ave., Suite 900
P.O. Box 25130
Wilmington, DE 19899

Anne Shea Gaza, Esquire
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

> Re:  **ORDER**: LG. Philips LCD Co., Ltd. v. Tatung Co., *et al.*;
>      C.A. No. 04-343 JJF

Dear Counsel:

By correspondence dated October 6, 2006 (the "Motion to Compel"), Plaintiff L. G. Philips LCD Co., Ltd. ("LPL") requests that I order Defendants Tatung Company and Tatung Company of America, Inc. (collectively, "Tatung") to produce or make available for inspection samples of their visual display products and to recommend to the Honorable Joseph J. Farnan, Jr. that written discovery in the case be extended through March 16, 2007.

By correspondence dated October 23, 2006 ("Tatung's Response"), Anne Shea Gaza on behalf of Tatung calls into question the veracity of certain statements made in the Local Rule 7.1.1 Certification filed in conjunction with LPL's Motion to Compel.

In this regard, Special Master is particularly struck by the representation contained in Exhibit 1 to Tatung's Response – that being a letter from Steve P. Hassid to Richard D. Kirk dated October 12, 2006 – which reads in pertinent part as follows:



**BLANK ROME** LLP
COUNSELORS AT LAW

Richard D. Kirk, Esquire
Anne Shea Gaza, Esquire
November 13 2006
Page 2

> In support of your letter and Motion to Compel, LPL stated that "[f]ollowing this exchange of correspondence, the parties commenced negotiations on, among many other disputes, the issues raised in LPL's Motion to Compel. These negotiations involving Tatung and LPL occurred during meet-and-confer sessions that lasted for several hours each day on September 7, 8 and 12, 2006." This is simply untrue. The meet-and-confer sessions on September 7, 8 & 12th were to discuss LPL and ViewSonic discovery issues, not Tatung discovery issues. Tatung participated in those sessions primarily as an observer and, more importantly, LPL never raised either the issue of *Tatung* producing samples of its visual display products or *Tatung* agreeing to re-open the written discovery deadline during any of those meet-and-confer sessions. ViewSonic's counsel was present at the meet-and-confer sessions and has confirmed that his understanding of what transpired during those meet-and-confer sessions is consistent with ours."

The Special Master concludes that it would be inappropriate to address LPL's Motion without first making a determination of whether the meet-and-confer process required by Local Rule 7.1.1 has, in fact, occurred. To that end, Tatung is ordered to provide an affidavit from ViewSonic's counsel which addresses the facts asserted in the above-referenced quotation from Mr. Hassid's letter. Said affidavit shall be filed with the Special Master not later than November 20, 2006.

Subsequent to the receipt and review of same, the Special Master will convene a hearing, at which time counsel for the parties will be expected to offer testimony in support of their respective positions in this regard.

Insofar as LPL's Motion relates to the extension of written discovery to March 16, 2007, the Special Master declines to entertain the application. While the Order Appointing the Special Master dated February 25, 2005 [D.I. 178] provides in pertinent part that the Special Master, "… shall have authority to regulate all proceedings and take all measures necessary to manage discovery …" [D.I. 178 at ¶ 2], the Special Master has not presumed to take any role in the management of discovery in this case that was intended to disturb the Scheduling Order set by



Richard D. Kirk, Esquire
Anne Shea Gaza, Esquire
November 13 2006
Page 3

the Court. The Special Master concludes that, after there has been a determination on the meet-and-confer issue, any application to modify the Rule 16 Scheduling Order shall be brought directly to the attention of the Court.

    IT IS SO ORDERED.

                        Yours very truly,

                        Vincent J. Poppiti
                        Special Master
                        (DSBA No. 100614)

VJP:slc

062038.00612/40165576v.1