# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG CO.; <br> TATUNG COMPANY OF AMERICA, INC.; AND <br> VIEWSONIC CORPORATION <br><br> Defendants. | C. A. No. 04-343 |

### DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF LG. PHILIPS LCD CO., LTD.

PROPOUNDING PARTY:     Defendant ViewSonic Corporation

RESPONDING PARTY:      Plaintiff LG. Philips LCD Co., Ltd.

SET NO.:               One (Nos. 1-33)

In accordance with Rule 36 of the Federal Rules of Civil Procedure, Defendant ViewSonic Corporation ("ViewSonic") requests Plaintiff LG. Philips LCD Co., Ltd. ("LPL") to answer the following Requests for Admissions ("RFAs") within thirty (30) days after service hereof.

### I.   DEFINITIONS AND INSTRUCTIONS

A. "VIEWSONIC" means Defendant ViewSonic Corporation and includes any and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

B.  "YOU," YOUR," "YOURS," and "LPL" means Plaintiff L.G. Philips LCD Co., Ltd., and includes any and all of its predecessors and successors-in-interest in its business, assignors, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

C.  The term "'718 Patent" shall mean and refer to U.S. Patent No. 6,498,718.

D.  The term "'641 Patent" shall mean and refer to U.S. Patent No. 6,501,641.

E.  The term "Patents-in-Suit" shall mean and refer to U.S. Patent Nos. 6,498,718, and 6,501,641 collectively.

F.  In answering these Requests for Admission, you are required to either admit or deny the matter set forth in each Request, or set forth in detail the reasons why you cannot truthfully admit or deny the matter. If, in good faith, you are unable to admit a Request in its entirety, you must specify that portion of the Request that is true and admitted, and qualify or deny only the remaining portion.

G.  The singular as used herein shall include the plural and vice versa, and the masculine gender shall include the feminine and the neuter; all as is necessary to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope but substantively pertain thereto.

H.  "And" and "or" as used herein shall be construed both conjunctively and disjunctively and the term "including" means "including but not limited to," all as is necessary to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope but substantively pertain thereto.

## II.  REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1.

Admit that the "flat panel display device" is not a "data processing device" as these terms

are used in Claim 35 of the '641 Patent.

### REQUEST FOR ADMISSION NO. 2.

Admit that a "flat panel display device" does not include "a housing of the data processing device" as these terms are used Claim 35 of the '641 Patent.

### REQUEST FOR ADMISSION NO. 3.

Admit that the express objects of the invention disclosed in the '641 Patent are all directed to minimizing side space identified as dimension "D" in Figure 3B of the '641 Patent.

### REQUEST FOR ADMISSION NO. 4.

Admit that "the non-display area of the LCD device" as set forth at Column 2, Lines 47-48 of the '641 Patent refers to dimension "D" as identified in Figure 3B of the '641 Patent.

### REQUEST FOR ADMISSION NO. 5.

Admit that the ViewSonic VX900 includes the space identified as "d1" in Figure 3B of the '641 Patent.

### REQUEST FOR ADMISSION NO. 6.

Admit that the ViewSonic VX900 includes the space identified as "d2" in Figure 3B of the '641 Patent.

### REQUEST FOR ADMISSION NO. 7.

Admit that the ViewSonic VX900 includes the space identified as "D" in Figure 3B of the '641 Patent.

## REQUEST FOR ADMISSION NO. 8.

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "d1" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

## REQUEST FOR ADMISSION NO. 9.

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "d2" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

## REQUEST FOR ADMISSION NO. 10.

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "D" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

## REQUEST FOR ADMISSION NO. 11.

Admit that, as disclosed in the '641 Patent, the rear housing substantially supports the flat panel display device, when the flat panel display device is mounted to the rear housing via the fastening part at the rear surface of the first frame.

## REQUEST FOR ADMISSION NO. 12.

Admit that, as disclosed in the '641 Patent, the fastening part at the rear surface of the first frame must securely fix, firmly attach, or make fast the rear housing to the flat panel display device when fastened as claimed in the '641 Patent.

## REQUEST FOR ADMISSION NO. 13.

Admit that a flat panel display device that is not substantially supported by the rear

housing when mounted via the fastening part at the rear surface of the first frame does not practice the invention as claimed in the '641 Patent.

### REQUEST FOR ADMISSION NO. 14.

Admit that when practicing the prior art front mounting method as referenced in the '641 Patent, the housing provides substantial support for the flat panel display device when mounted through the front mounted fastening part(s).

### REQUEST FOR ADMISSION NO. 15.

Admit that, as defined by the '641 Patent, the front mounting method does not require that the LCD device be mounted to the front case (identified as element 121 in Figure 2 of the '641 Patent).

### REQUEST FOR ADMISSION NO. 16.

Admit that when assembled, the rear center screw "B5" and the threaded post "D5" of the PixelVision SGT15P, as identified in exhibit L to the Supplemental Brinkerhoff Declaration (DI 100; see Exhibit A hereto), do not in and of themselves securely fix, firmly attach, or make fast the flat panel display device to the rear housing such that the rear housing provides substantial support for the flat panel display device.

### REQUEST FOR ADMISSION NO. 17.

Admit that the two top screws and two screw holes in the ViewSonic VX900 identified as "B" and "D" respectively in exhibit 6 to the Bohannon Declaration (DI 5; see Exhibit B hereto) attach the stand to the VX900 monitor.

### REQUEST FOR ADMISSION NO. 18.

As shown in exhibit 6 to the Bohannon Declaration (DI 5; see Exhibit B hereto), admit

that when assembled, the two top screws identified as "B" and two screw holes identified as "D" do not in and of themselves securely fix, firmly attach, or make fast the VX900 LCD device to the rear housing identified as "A" such that the rear housing provides substantial support for the LCD device.

**REQUEST FOR ADMISSION NO. 19.**

Admit that the ViewSonic VX900 uses the prior art front mounting method disclosed in the '641 Patent.

**REQUEST FOR ADMISSION NO. 20.**

Admit that Figure 4C in the Patents-in-Suit is an LCD device.

**REQUEST FOR ADMISSION NO. 21.**

Admit that the item identified as "H" in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto) is an LCD device as described in the '641 Patent.

**REQUEST FOR ADMISSION NO. 22.**

Admit that an LCD module is an "LCD device," as that term is used in the '641 Patent.

**REQUEST FOR ADMISSION NO. 23.**

Admit that the part in the ViewSonic VX900 identified as "C" in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto) is not part of the LCD module identified as "H."

**REQUEST FOR ADMISSION NO. 24.**

Admit that LCD monitors practicing the mounting disclosed in VESA Flat Display Mounting Interface Standard, Version 1, dated October 28, 2002 infringes the Patents-in-Suit.

**REQUEST FOR ADMISSION NO. 25.**

Admit that the ViewSonic VX900 LCD monitor is not a portable computer.

**REQUEST FOR ADMISSION NO. 26.**

Admit that any liquid crystal display product imported into and/or sold in the United States by ViewSonic that incorporates an LCD module manufactured, sold, or distributed by LPL does not infringe either of the Patents-in-Suit.

**REQUEST FOR ADMISSION NO. 27.**

Admit that, before filing the instant litigation, LPL never notified ViewSonic that LPL believed any ViewSonic product infringed either of the Patents-in-Suit.

**REQUEST FOR ADMISSION NO. 28.**

Admit that LPL believes the Sharp TV LC-20B4U-S (shown in LPL-00030) infringes at least one claim of either of the Patents-in-Suit.

**REQUEST FOR ADMISSION NO. 29.**

Admit that LPL believes the Sharp monitor LL-T1620-H (shown in LPL-00006) infringes at least one claim of either of the Patents-in-Suit.

**REQUEST FOR ADMISSION NO. 30.**

Admit that LPL believes the Fujitsu-Siemens 5110 FA (shown in LPL-00031) infringes at least one claim of either of the Patents-in-Suit.

## REQUEST FOR ADMISSION NO. 31.

Admit that LPL is aware of the manner or method by which the LCD device in the ViewSonic VX2000 monitor is mounted to the housing.

## REQUEST FOR ADMISSION NO. 32.

Admit that the VX900 uses the same manner or method of mounting the LCD device to the housing as is used in the VX2000.

## REQUEST FOR ADMISSION NO. 33.

Admit that the VX2000 does not infringe any claim of either of the Patents-in-Suit.

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

*Attorneys for ViewSonic Corporation*

Dated: February 8, 2006

<u>Of Counsel:</u>

Scott R. Miller
Tracy R. Roman
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

*Attorneys for ViewSonic Corporation*

#718841

EX. A



EX. B









## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 8, 2006, a true and correct copy of the within document was caused to be served on the attorney of record at the following addresses as indicated:

### VIA HAND DELIVERY

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

### VIA FEDERAL EXPRESS

Daniel G. Jarcho
Cass W. Christenson
Andrew J. Park
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006
djarcho@mckennalong.com
cchristenson@mckennalong.com

Mark H. Krietzman
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA 90404
krietzmanm@gtlaw.com

_____
David E. Moore

639612