# EXHIBIT 5



# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

Scott R. Miller
Partner

TEL (213) 787-2510
FAX (213) 687-0498
EMAIL smiller@cblh.com
REPLY TO Los Angeles Office

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 203 6229

WEB www.cblh.com

*Via Email and First Class Mail*

September 22, 2006

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC 20006

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Mark H. Krietzman
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

Re:     ViewSonic's Preliminary Identification of Claim Terms to be Construed
        *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*
        USDC, Delaware, C.A. No. 04-343-JJF

Dear Counsel:

Pursuant to the September 18, 2006 Stipulation and Order Modifying the Scheduling Order ("Modified Scheduling Order"), below is a preliminary list of terms believed by ViewSonic to require construction:

| Claim term |
|---|
| rear mountable |
| housing |
| display case |
| first frame |
| second frame |
| liquid crystal display (LCD) device |
| fastening |
| fixing |
| fixed |
| attaching |

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

September 22, 2006
Page 2

ViewSonic reserves the right to add and/or subtract terms from this list pursuant to the Modified Scheduling Order.

Sincerely,

Scott R. Miller

cc:    Tracy R. Roman, Esq.

# EXHIBIT 6

| Atlanta | # McKenna Long | San Diego |
|---|---|---|
| Denver | & Aldridge LLP | San Francisco |
| | Attorneys at Law | |
| Los Angeles | 1900 K Street, NW • Washington, DC 20006 | Washington, DC |
| | 202.496.7500 • Fax: 202.496.7756 | |
| Philadelphia | www.mckennalong.com | Brussels |

REL S. AMBROZY
(202) 496-7693

EMAIL ADDRESS
rambrozy@mckennalong.com

September 22, 2006

VIA E-MAIL AND US MAIL

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles, CA 90071

Mark H. Krietzman
Greenberg Traurig LLP
2450 Colorado Avenue
Suite 400E
Santa Monica, CA 90404

Re:     *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
        **U.S. District Court Case No. 04-343 JJF**

Dear Counsel:

Plaintiff LG.Phillips LCD Co., Ltd ("LPL") identifies the following preliminary list of
terms believed to require construction pursuant to the Stipulation and Order Modifying the
Scheduling Order ("Modified Scheduling Order") entered on September 14, 2006.

U.S. Patent No. 6,501,641

| *Terms* |
|---|
| rear mountable |
| backlight unit |
| first frame having a fastening part |
| data processing |
| fastening hole |
| protruding portion |
| peg |
| rear mounted |

Scott R. Miller, Esq.
Mark H. Krietzman, Esq.
September 22, 2006
Page 2

U.S. Patent No. 6,498,718

| *Terms* |
| --- |
| rear mountable |
| a top surface of a backlight unit |
| first frame having a fastening element |
| rear surface opposite the top surface of the backlight unit |
| fixing |
| fastening hole |
| screw hole |
| stepped hole |
| arranging the LCD device on a inner surface of a display case |

    LPL reserves the right to supplement or remove these terms, as well as counter-designate additional terms, at least for the reasons as discussed during our recent communications, as well as in accordance with the Modified Scheduling Order.

Sincerely,

Rel S. Ambrozy

RSA:mrs

cc:    Tracy R. Roman    (via email)
        Valerie W. Ho     (via email)
        J. P. Hong       (via email)

DC:50434237 1

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

                 Plaintiff,

       v.                           Civil Action No. 04-343-JJF

TATUNG COMPANY; TATUNG
COMPANY OF AMERICA, INC.;
and VIEWSONIC CORPORATION,

                 Defendants.

**PLAINTIFF LG.PHILIPS' LCD CO., LTD.'S OPPOSITION TO
DEFENDANT VIEWSONIC CORPORATION'S MOTION TO COMPEL RESPONSES
TO INTERROGATORIES AND REQUESTS FOR ADMISSION**

Richard D. Kirk (#922)
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiff*
*LG.Philips LCD Co., LTD.*

OF COUNSEL:

Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
Rel Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

August 11, 2006

On July 26, 2006, Defendant ViewSonic Corporation ("ViewSonic") filed its Motion to Compel discovery responses from Plaintiff LG Philips LCD Co., Ltd. ("LPL"). In its rush to bring the Motion, ViewSonic disregarded the applicable Rule 16 Scheduling Order, which governs discovery in this case. Moreover, ViewSonic's challenges to LPL's reasonable responses are unfounded. It is LPL's belief that at this point in discovery, it has responded as completely as possible to ViewSonic's Interrogatories and Requests for Admission given the Rule 16 Scheduling Order controlling such discovery. Further, LPL points out that it served Supplemental Responses to ViewSonic's Interrogatories on July 25, 2006.

Despite LPL's belief that it responded as completely as possible to ViewSonic's discovery requests, as well as complied with the Court's Scheduling Order, LPL has attempted to work with ViewSonic to address ViewSonic's concerns regarding LPL's responses. For example, LPL provided ViewSonic with a detailed letter setting forth legal authority for LPL's objections. *See* Exhibit 1. Moreover, LPL repeatedly indicated to ViewSonic's counsel that the parties could resolve the alleged deficiencies and avoid bringing the disputes before the Court. Instead, ViewSonic rushed to bring its Motion, without a good faith effort to resolve this dispute.

ViewSonic's Motion is especially unfounded given that it has served grossly deficient and incomplete responses to LPL's discovery requests. For its part, ViewSonic objected to almost all of LPL's discovery requests and has not served substantive responses to LPL's requests, even though LPL's discovery requests were served over two months prior to ViewSonic's requests to LPL. ViewSonic has attempted to avoid providing complete responses to LPL's written discovery by stating that numerous discovery requests are premature, and that it will provide answers in conjunction with its service of its expert reports. ViewSonic's responses are ineffectual, however, in light of the fact that expert reports are not required to be served until after February 1, 2007 -- well after the close of fact discovery. ViewSonic has improperly

632747v1

1

limited its discovery responses to coincide with the production of its expert reports because the information requested by LPL will be produced too late in the discovery process to be of any use.

Accordingly, because LPL complied with the Rule 16 Scheduling Order in terms of responding to discovery requests, especially those requesting claim constructions, and because ViewSonic failed to comply with its discovery obligations, ViewSonic's Motion should be denied and LPL should be awarded its costs and fees in opposing this Motion.

I.   **ViewSonic's Motion to Compel Answers to Contention Interrogatories Attempts to Supplant the Rule 16 Scheduling Order By Seeking Claim Constructions Prior To The Date Required By Judge Farnan**

The essence of ViewSonic's Motion to Compel is that LPL failed to adequately respond to ViewSonic's discovery requests because LPL did not provide its claim constructions in its discovery responses. In fact, ViewSonic stated in a letter that claim construction is an issue on which LPL bears the burden of proof, and that therefore LPL should disclose its contentions first. *See* Exhibit 2, p.2. A recent Order from Judge Farnan undercuts ViewSonic's position, however, in holding that when parties are bound by a Scheduling Order that provides a timeline for exchanging claim constructions, no party is obligated to "go first." *Prism Technologies LLC, v. Verisign, Inc.*, No. 05-214-JJF (D. Del. Jul. 17, 2006) (See Appendix A, Tab 1).

Judge Farnan's Rule 16 Scheduling Order in this case mirrors that entered by him in the *Prism Technologies* litigation, and supports LPL's position. Specifically, in *Prism Technologies*, the parties began discovery without the benefit of a Rule 16 Scheduling Order. In due course, Defendants served plaintiff with contention discovery seeking plaintiff's proposed construction of various claim terms. When plaintiff resisted, arguing it was premature to provide claim constructions, defendants moved to compel responses to their "contention interrogatories." Subsequent to that motion, Judge Farnan entered a Rule 16 Scheduling Order, which contained a process for conducting claim construction that is virtually identical to the process set forth in

632747v1

2

Paragraph 8 of the Scheduling Order in the instant case. (Exhibit 3, ¶ 7.) Importantly, Judge Farnan denied the defendant's motion to compel as moot, finding that the claim construction process in the Scheduling Order superseded and obviated other discovery aimed at eliciting a party's proposed claim construction. (Tab 1, Appendix A.)

Such is the case here. On August 18, 2005, Judge Farnan signed a Rule 16 Scheduling Order which was agreed upon by both ViewSonic and LPL. (Exhibit 4.) That Scheduling Order controls the claim construction process for this litigation. Specifically, Paragraph 8 of the Scheduling Order (D.I. 198) sets forth the claim construction process as follows:

- September 8, 2006: The parties *simultaneously* exchange a list of terms they believe need to be construed.

- September 25, 2006: The parties *simultaneously* exchange their proposed constructions of those terms.

- October 13, 2006: The parties *jointly* file with the Court a single claim chart.

- October 27, 2006: The parties *simultaneously* file opening claim construction briefs.

- December 15, 2006: The parties *simultaneously* file answering claim construction briefs.

- February 1, 2007: Markman hearing

Thus, the Scheduling Order provides for discovery regarding claim construction per a very specific procedure, and it is thus wholly inappropriate to allow ViewSonic to compel responses to contention interrogatories seeking claim construction to supplant that procedure. In fact, this District's accepted procedure under which the parties provide claim constructions is evidenced by not only Judge Farnan's Scheduling Order, but by Judge Robinson's and Judge Jordan's form Scheduling Orders, all of which require the simultaneous exchange of disputed claim terms followed by the simultaneous exchange of proposed constructions. *See* Exhibits 4-6.

Although ViewSonic agreed to the above process, ViewSonic is now trying to supplant

632747v1

3

the procedure by compelling LPL to provide its constructions before Judge Farnan requires the parties to do so. Thus, ViewSonic's motion to compel the claim constructions should be denied for the same reason Judge Farnan denied the defendant's motion in *Prism Technologies* -- it is moot in light of the process contained in the Scheduling Order controlling this litigation.

Further, ViewSonic is needlessly wasting the Court's time by raising an issue which is not even in dispute. Contrary to ViewSonic's assertions, LPL has never disputed that contention interrogatories must be answered. Nor has LPL even asserted that it will never answer interrogatories. Rather, LPL informed ViewSonic that it will respond to discovery directed to claim construction at the time required by the Scheduling Order. LPL has fully answered ViewSonic's contention interrogatories at this time and to the extent it can prior to the claim construction process. LPL even offered during a call conducted yesterday with counsel for ViewSonic to supplement its contention interrogatories without including claim construction, but ViewSonic was not interested. Counsel for ViewSonic specifically stated that they wanted LPL to answer the applicable contention interrogatories by providing detailed claim constructions.

Although LPL attempted to reach an agreement with ViewSonic one more time and avoid wasting this Court's time, ViewSonic was uninterested in reaching an agreement. Indeed, this is especially true where LPL served its Interrogatories, including contention interrogatories, on ViewSonic over two months prior to the time ViewSonic served any discovery on LPL. ViewSonic has failed to respond to LPL's contention interrogatories. Thus, if there is going to be any compelling of contention interrogatory answers, then ViewSonic should be compelled to fully respond on at least a simultaneous schedule.

Finally, the case cited by ViewSonic, *Whitserve LLC v. Computer Patent Annuities N.A., LLC*, 2006 WL 1273740 (D. Conn. May 9, 2006), is distinguishable from the instant action for several reasons. First, that District Court of Connecticut decision makes no reference to any

632747v1

4

Rule 16 Scheduling Order entered into by the parties; thus there is no requirement for the

simultaneous exchange of claim constructions, as here. Second, *Whitserve* is inapposite from the

instant litigation because there, only the Defendant had served contention interrogatories.

Plaintiff in that case only made the suggestion that Defendant provide a list of disputed claim

terms. *Whitserve,* 2006 WL 1273740 * 3. Contrary to ViewSonic's position, this decision does

not establish clear authority showing that it is LPL's burden to first provide claim constructions

where a Rule 16 Scheduling Order governs the claim construction process, especially in light of

the contrary precedent handed down by Judge Farnan in *Prism Technologies.*

## II.    LPL Has Responded to ViewSonic's Interrogatories Meaningfully and Completely

Interrogatory No. 1: Although ViewSonic asserts that LPL's objection to Interrogatory

No. 1 is "gamesmanship at its worst," it is ViewSonic that is not playing by the local rules. As

shown in Exhibits 7 and 8, ViewSonic contacted LPL to meet and confer regarding Interrogatory

Nos. 3, 4, 7-10, and 12. After the meet and confer, LPL wrote back, see Exhibits 9 and 10,

addressing ViewSonic's concerns. Noticeably absent from all these meet and confer

communications was any substantive discussion of Interrogatory No. 1.[1] ViewSonic's Motion to

Compel is LPL's first opportunity to learn about ViewSonic's purported dissatisfaction with its

response to Interrogatory No. 1. Thus, it is improper for this proceeding to even consider the

content of LPL's response to Interrogatory No. 1. With that said, during a conference call

between LPL and ViewSonic conducted just yesterday, LPL offered to supplement its response

to Interrogatory No. 1, if ViewSonic would only provide input as to what the deficiencies were.

ViewSonic refused LPL's offer because it did not include providing claim constructions.

---

[1]    In fact, the sum total of ViewSonic's discussion of Interrogatory No. 1 consists of the following proposal "LPL shall provide ViewSonic with its infringement contentions in response to ViewSonic's Interrogatory No. 1, including any necessary claim construction" contained in its letter of July 26, 2006, just days prior to filing its Motion. (Exhibit 11.).

632747v1

Thus, LPL has fully responded to Interrogatory No. 1 to the best of its ability at this point in discovery. LPL also is currently unable to answer this Interrogatory more fully because ViewSonic has failed to provide discovery sufficient to enable LPL to identify all infringing ViewSonic products. For example, despite further discovery requests to ViewSonic, ViewSonic has refused to provide technical specifications for all the monitors listed by ViewSonic in their response to LPL's Interrogatory No. 2.

It is also surprising that ViewSonic questions LPL's motivations in regard to the timing of its responses, when ViewSonic itself refused to provide a complete response to LPL's contention interrogatory on invalidity, stating that it will do so in conjunction with its expert reports in accordance with the Scheduling Order. *See* Exhibits 12 and 13. Because the parties will not serve expert reports until after February 1, 2007,[2] ViewSonic is saying that it will not provide its claim construction until well after the close of fact discovery. In essence, ViewSonic moves to compel LPL to provide detailed infringement contentions while simultaneously refusing to provide invalidity contentions until well after the close of fact discovery.

Interrogatory 7: Although LPL objected to Interrogatory 7 as premature in light of the Scheduling Order entered in this case, LPL already supplemented its Response to state that its evidence of commercial success includes the fact that the technology protected by the Patents-in-Suit is, to LPL's knowledge, widely employed in the industry, and that users of the technology include competitors of both Tatung and ViewSonic. *See* Exhibit 14. Moreover, LPL also agreed to supplement its Response after ViewSonic produces the information sought by LPL's written discovery requests (*e.g.*, at least LPL Document Request Nos. 2-5, 18, 28-32 and 46-48), and after LPL conducts its oral examination of ViewSonic's witnesses. *See* Id. Consistent with

---

[2]       The parties have agreed to alter the discovery and claim construction schedule with consent from the Court (without altering the trial date) and are currently discussing specific dates.

632747v1

6

ViewSonic's unjustified approach in demanding all information immediately, however, ViewSonic expects LPL to answer this Interrogatory although it has refused to produce the information LPL needs to answer fully. As such, this request is premature.

Interrogatory 8: LPL disputes ViewSonic's contention that its response to Interrogatory 8 is incomplete. As the Interrogatory requests, LPL has provided all material facts that support LPL's contention regarding ViewSonic's willful infringement. As LPL stated in its Response to ViewSonic's Interrogatory No. 8, see Exhibit 15, ViewSonic is and/or has infringed the Patents-in-Suit by, for example, importing, offering, marketing, and/or selling products known to infringe the Patents-in-Suit, and continuing to do so, including after LPL filed this lawsuit. LPL also stated its intent to supplement this response as it learns additional information.

Interrogatory 12: ViewSonic sought LPL's contention as to whether certain references qualified as prior art. In its response, LPL went above and beyond what is called for by the Interrogatory and actually provided the claim limitations not disclosed in the references. In reality all that was required by the Interrogatory was a statement as to whether each reference met the criteria regarding what is prior art (*e.g.,* was the printed publication circulated to a certain number of people). LPL is willing to supplement its response and provide such "qualification" information, but refuses to provide any additional information, such as construing the claims so as to set forth why the prior art references do not invalidate the Patents-in-Suit - that is ViewSonic's burden.

Notably, ViewSonic moves to compel LPL to provide detailed answers regarding prior art references while simultaneously refusing to provide a complete response to LPL's Interrogatories asking ViewSonic about prior art references, objecting that they prematurely seek expert discovery. *See* Exhibit 12.

Interrogatories 3 and 4: ViewSonic's attempt to learn the identity of any ViewSonic

632747v1

7

products in LPL's or its counsel's possession prior to filing the complaint in this case (Interrogatory No. 3), or currently in LPL's possession (Interrogatory No. 4), is an improper attempt to learn information that is privileged attorney-client communication and/or privileged attorney-work product. And ViewSonic's motion failed to provide any justification, such as need or hardship, for this Court to breach these privileges. *See Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 153 (D. Del. 1977). Although ViewSonic cites *Manville Sales Corp. v. Paramount Systems, Inc.*, 118 F.R.D. 420, 421-22 (E.D. Pa. 1987), the interrogatories at issue in *Manville* are inapposite to the instant case because the plaintiff's requests in *Manville* merely sought the identification of documents and individuals. In contrast, ViewSonic's requests to LPL seek the opinions and the mental impressions of LPL's attorneys. As the court held in *Manville*, such requests are protected by attorney work product privilege. *See Id.* at 421-22.

### III.    ViewSonic's Requests For Admission Are Improper Because They Propound Hypotheticals, Are Hopelessly Vague, Or Seek Bald Legal Conclusions

Request Nos. 3 and 5-10: LPL has reconsidered ViewSonic's request for admission nos. 3 and 5-10, and will supplement its responses to provide explanations as to why it is denying these Requests. Had ViewSonic postponed rushing to file its motion, and conducted the meeting LPL requested, these Requests could have been resolved long ago.

Request Nos. 11-18 all contain language that either quote or paraphrase the claim language of the '641 Patent. Accordingly, in order to properly respond, LPL would be required to construe that language. Requiring LPL to perform claim constructions at this stage of the litigation, in light of Judge Farnan's Scheduling Order requiring a simultaneous claim construction procedure, would be improper. See *Tulip Computers Int'l v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002). Moroover, these Requests not only pose hypotheticals (*e.g.*, i) Request Nos. 11, 13-14 and 18 ask whether an item is "substantially supported"; ii) Request No. 15 asks whether or not the '641 Patent requires a certain type of mounting; iii) Request No.

632747v1

8

17 asks whether certain elements "attach to the stand"; and iv) Request Nos. 12, 16 and 18 ask

whether the certain elements "fix, firmly attach, or make fast" other elements), but the quoted

terms repeated above also are vague and ambiguous. The Requests are thus improper as they can

not be admitted or denied with minimal explanation. *See Fulhorst v. United Technologies Auto.,*

*Inc.*, 1997 WL 873548 *1 (D. Del. 1997).

    Request No. 19 is improper because it asks LPL to "Admit that the [accused] ViewSonic

VX900 uses the prior art front mounting method disclosed in the '641 Patent." Judge Farnan

previously held that a request to admit that a patent-in-suit is invalid was inappropriate because it

sought a "bald legal conclusion." *Fulhorst*, *1 (relying on *Golden Valley Microwave Foods, Inc.*

*v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92, 96 (N.D. Inc. 1990)). Such is the case here in that

ViewSonic asks LPL to admit that the prior art is found in the accused device. Thus, if the

accused device practices the prior art, the '641 Patent must be invalid. Such a Request is

improper.

    Request No. 23 employs the term "is not part of" in regard to the term "LCD module."

Because there is no context to this request, for example, whether the "LCD module" is

referenced in its pre-assembly state, its post-assembly state, or both, the Request is vague and

ambiguous. LPL therefore can not admit or deny the Request with minimal explanation. *See*

*Fulhorst*, 1997 WL 873548 *1. Moreover, even if LPL could understand the Request, LPL

would need to construe at least the term device as it pertains to "LCD module." Requiring LPL

to construe the asserted claims renders this Request premature and improper. *See Dell*

*Computer*, 210 F.R.D. at 108.

    Request Nos. 28-30 all seek admissions whether certain liquid crystal displays "infringe

either of the Patents-in-Suit," or "infringes at least one claim of either of the Patents-in-Suit," or

"infringe any claim of either of the Patents-in-Suit." These requests are improper because they

632747v1

9

seek "'to obtain an admission of the ultimate *legal conclusion* in the case rather than admissions of fact or of the application of law to fact.'" *Fulhorst*, 1997 WL 873548 *3 (citing Fed. R. Civ. P. 36(a)). "Similarly determining whether a product or process infringes or whether infringement has occurred involves the requirement of claim construction, which is a legal determination within the province of the court." *Tulip Computers*, 210 F.R.D. at 108. Thus, given Judge Farnan's Scheduling Order controls the claim construction process, these Requests are also premature. *See* Order in *Prism Technologies; Dell Computer*, 210 F.R.D. at 108.

Request Nos. 31-32 both seek admissions regarding whether LPL "is aware" of the "manner or method" of mounting a liquid crystal display to its housing. The '718 Patent recites, for example, a method of assembling a rear mountable flat panel display device capable of being mounted to a housing. Because responding to these Requests requires that LPL first construe the applicable claims of the '718 Patent, the Requests are premature and improper. *See* Order in *Prism Technologies; Dell Computer*, 210 F.R.D. at 108. Moreover, Request Nos. 31-32 pose a hypothetical situation that can not be admitted or denied with minimal explanation, and are thus improper. *See Fulhorst*, 1997 WL 873548 *1.

## CONCLUSION

For the foregoing reasons, LPL respectfully requests that ViewSonic's Motion to Compel be denied, and that LPL be awarded its costs and fees in opposing that Motion.

August 11, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

632747v1

10

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
Rel Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

632747v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 11, 2006, copies of the

foregoing document were served as follows:

BY EMAIL AND BY HAND:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Sqare
P.O. Box 551
Wilmington, DE 19899

BY EMAIL AND BY U.S. MAIL:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

632604v1