# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL
(302) 651-7509
COTTRELL@RLF.COM

November 20, 2006

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.,*
C.A. No. 04-343-JJF

Dear Special Master Poppiti:

Pursuant to Your Honor's letter order of November 13, 2006, enclosed please find the Affidavit of Scott Miller, counsel for ViewSonic Corporation.

Counsel is available at Your Honor's convenience.

Respectfully,

Frederick L. Cottrell, III
(#2555)

FLC,III/afg
Enclosure
cc: Clerk of the Court (By Electronic Filing)
    Richard Kirk, Esquire
    Cormac T. Connor, Esquire
    Lora Brzezynski, Esquire

RLF1-3084206-1

The Honorable Vincent J. Poppiti
November 20, 2006
Page 2

    Mark Krietzman, Esquire
    Scott R. Miller, Esquire
    Jeffrey B. Bove, Esquire
    Richard Horwitz, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) Civil Action No. 04-343 (JJF) | |
| ) | |
| TATUNG CO.; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| AND VIEWSONIC CORPORATION ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF SCOTT R. MILLER**

I, Scott R. Miller, declare as follow:

1. I am a partner of the law firm of Connolly Bove Lodge & Hutz LLP, counsel for Defendant ViewSonic Corporation ("ViewSonic"). I provide this Declaration in response to Tatung Company's and Tatung Company of America's (collectively "Tatung's") request following a November 13, 2006 letter from the Honorable Vincent J. Poppiti, Special Master.

2. As counsel of ViewSonic, I attended telephonic meet-and-confers on September 7th, 8th and 12th, 2006, which Steve Hassid refers to in an October 12, 2006 letter to Richard D. Kirk, a copy of which is attached as Exhibit A, and which Special Master Poppiti refers to in his letter of November 13, 2006. These meet and confers were scheduled primarily to address various discovery disputes between ViewSonic and LG Philips LCD Co., Ltd's ("LPL"). To the best of my recollection, the only issues discussed during these calls that did not apply solely to LPL/ViewSonic discovery issues

1

were certain limited scheduling issues which were discussed by counsel for all three parties.

3. Except for matters of scheduling, it was my understanding that counsel for Tatung was present only as an observer at all meet and confers in which ViewSonic participated. During these meet and confers, LPL's discovery requests related to Tatung were never substantively discussed.

4. According to my recollection, counsel for Tatung was present during only two of the above-referenced meet-and-confers. During one of the two meet and confer calls that I recall Tatung being on the line, counsel for Tatung excused himself early.

5. The question of extending the time within which the parties would exchange claim terms and proposed constructions was discussed by all the parties. During these discussions, as part of a compromise, ViewSonic agreed to produce certain documents (referred to by LPL as "configuration documents") within its possession, custody and control, for various products that had not been accused of infringement by LPL. Tatung also agreed to produce "configuration documents" within its possession, custody and control. These discussions were limited to the scheduled events concerning claim construction, and to a compromise between the parties regarding production of these "configuration" documents to accommodate LPL's concerns.

6. LPL raised the topic of extending the discovery period in the case. To the best of my recollection, counsel for Tatung was not present for that discussion. At no time during the discussions did ViewSonic agree to any modification of the discovery schedule. In fact, after LPL's counsel sent an email misrepresenting that ViewSonic was inclined to agree to modify the discovery schedule, Tatung's counsel immediately

contacted me to ascertain whether I had made such a representation. I confirmed to him that I did not.

This declaration is submitted pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of November, 2006, at Los Angeles, California.

_____
Scott R. Miller

# EXHIBIT A

# Greenberg
# Traurig

Steve Hassid
Tel. 310.586.7700
Fax 310.586.7800
hassids@gtlaw.com

October 12, 2006

**VIA FACSIMILE & E-MAIL**

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19899
(302) 658-6395 Facsimile

Re:   *L.G. Philips LCD Co., Ltd v. ViewSonic Corp., et al.*
      Case No. 04-343 JJF

Dear Mr. Kirk:

In response to your letter of October 6, 2006 to Special Master Poppiti and resulting Motion to Compel, we write this letter to request that LPL immediately withdraw its letter and Motion to Compel. This letter does not address the substantive issues and misstatements in your October 6, 2006 letter, which will be addressed in a separate letter in short order.

In support of your letter and Motion to Compel, LPL stated that "[f]ollowing this exchange of correspondence, the parties commenced negotiations on, among many other disputes, the issues raised in LPL's Motion to Compel. These negotiations involving Tatung and LPL occurred during meet-and-confer sessions that lasted for several hours each day on September 7, 8, and 12, 2006."[1] This is simply untrue. The meet-and-confer sessions on September 7, 8, and 12th were to discuss LPL and Viewsonic discovery issues, not Tatung discovery issues. Tatung participated in those sessions primarily as an observer and, more importantly, LPL never raised either the issue of *Tatung* producing samples of its visual display products or *Tatung* agreeing to re-open the written discovery deadline during any of those meet-and-confer sessions. Viewsonic's counsel was present at the meet-and-confer sessions and has confirmed that his understanding of what transpired during those meet-and-confer sessions is consistent with ours. Clearly, Tatung is entitled to its own meet-and-confer on the issues outlined in your letter and Motion to Compel in accordance with LOCAL RULE 7.1.1. Accordingly, for this reason alone, LPL should withdraw its letter and Motion to Compel and allow the parties the opportunity to try and resolve this dispute before needlessly asking Special Master Poppiti to consider the matter.

---

[1] *See* PLAINTIFF LG.PHILIPS' LCD CO., LTD'S LOCAL RULE 7.1.1. CERTIFICATION CONCERNING MOTION TO COMPEL TATUNG DEFENDANTS TO MAKE SAMPLES OF PRODUCTS AVAILABLE FOR INSPECTION at 3.

RLF1-3069624-1
LA 126639736v1 10/12/2006

Greenberg Traurig, LLP | Attorneys at Law | Los Angeles Office | 450 Colorado Avenue | Suite 400E | Santa Monica, CA 90404
Tel 310.586.7700 | Fax 310.586.7800

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES
MIAMI
MILAN
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TOKYO
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH

www.gtlaw.com

      Moreover, as required by the Special Master's Discovery Dispute Procedures dated March 24, 2005, a copy of which is included with this letter, LPL never conferred with counsel for Tatung to first determine whether the issues in dispute could be resolved via the more informal teleconference process as opposed to the more formal motion practice that LPL unilaterally chose to proceed under. This reason alone mandates withdrawal of LPL's letter and Motion to Compel.

      As Tatung has repeatedly mentioned, we are more than amenable to meeting-and-conferring regarding these and any other discovery related issues with the intent on coming to a reasonable compromise. Accordingly, please let us know whether LPL will withdraw its October 6, 2006 letter and Motion to Compel by close of business today October 12, 2006.

Sincerely,

Steve P. Hassid

Enclosure

cc:    Scott Miller, Esq. (via email) (w/ encl.)
        Richard Horwitz, Esq. (via email) (w/ encl.)
        Jeffrey Bove, Esq. (via email) (w/ encl.)
        Mark Krietzman, Esq. (via email) (w/ encl.)
        Frank Merideth, Esq. (via email) (w/ encl.)
        Frederick L. Cottrell, III, Esq. (via email) (w/ encl.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L. G. PHILIPS LCD CO., LTD., : | |
| : | C.A. No. 04-343-JJF |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| TATUNG COMPANY, et al., : | |
| : | |
| Defendants. : | |

### SPECIAL MASTER DISCOVERY DISPUTE PROCEDURES

Pursuant to the District Court's Order dated February 25, 2005, designating Vincent J. Poppiti as Special Master in the instant matter, Special Master Poppiti convened a teleconference with counsel for the parties on March 9, 2005 for the purpose *inter alia* of establishing procedures for the presentation of discovery disputes.

Except for discovery disputes governed by the Special Master's Order of March 11, 2005, the following procedures shall govern all further discovery disputes:

1. <u>Special Master</u>. All discovery disputes in this action shall be submitted to the Special Master. Before any such dispute is submitted to the Special Master, it is expected that the parties shall first meet and confer for the purpose of attempting to resolve the dispute. No matter should be submitted to Special Master unless the application of the moving party is accompanied by a certification detailing the dates, time spent, and method(s) of communication in attempting to reach agreement on the subject of the application with the other party or parties and the results, if any, of such communications.

2. <u>Submission of Disputes Via Teleconference and Abbreviated Written Submissions</u>. Whenever a discovery dispute is ripe for submittal to the Special Master, the parties shall first

meet and confer and determine whether the issue can be presented to the Special Master by way of teleconference rather than written submissions. If the parties agree to present the issue by teleconference, the party first raising the dispute shall: (a) contact all parties and determine several mutually agreeable dates and times for the teleconference; and (b) call the Special Master's assistant, Robin Twiss (302) 435-6400, to schedule a time for the teleconference. The Special Master will retain a Court Reporter to transcribe the teleconference. The Special Master will hear argument and may issue an oral ruling on the dispute, or request written submissions and rule as promptly as possible at a later time. If it is important to contact the Special Master before 8:00 a.m. or after 5:00 p.m. during a weekday, or on holidays and weekends, the parties may place a joint telephone conference call directly to the Special Master at (302) 426-1161 (H); (302) 374-5755 (cell) -- in such a circumstance, the party first raising the dispute shall retain a Court Reporter to transcribe the teleconference.

Written submittals by the parties shall describe the nature of the dispute, the nature of the relief requested, any supporting case law and a proposed form of order setting forth the requested relief. The submittals shall not exceed three (3) pages, single-spaced, excluding the form of order. Any documents which are the subject of the discovery dispute and/or which will assist the Special Master in deciding the dispute, may be submitted along with the primary submission.

The opening submittal shall be filed with the Special Master at least seven (7) calendar days prior to the date of the Teleconference. A responsive submittal shall be filed two (2) business days after service of the opening submittal. The Special Master may direct the parties to file additional submittals.

3. <u>Submission of Disputes in Writing</u>. If the parties do not agree to a teleconference, the following procedure will be followed. On a document bearing the case caption and a title, the

2

party raising the dispute shall submit to the Special Master a concise statement of the dispute, any supporting case law, a proposed form of order setting forth the requested relief, and a statement whether oral argument is requested. The submission shall not exceed ten (10) pages, double-spaced, excluding the form of order. Any documents which are the subject of the discovery dispute and/or which will assist the Special Master in deciding the dispute, may be submitted along with the primary submission. An appendix containing the complete text of all cited cases and statutes shall accompany the primary submission.

On a document bearing the case caption and a title, the opposing party or parties shall submit a response to the Special Master within five (5) business days from the date the initial submission is served on the opposing party. The response should contain a concise statement of the opposition to the dispute, any supporting case law, a form of order setting forth the proposed disposition of the dispute, and a statement whether oral argument is requested. The response shall not exceed ten (10) pages, double-spaced, excluding the form of order. Any documents which are the subject of the discovery dispute and which will assist the Special Master in deciding the dispute, may be submitted along with the response. An appendix containing the complete text of all cited cases and statutes shall accompany the response.

4. Submittals and documents filed with the Special Master shall be in hard copy, by hand delivery or facsimile.

5. All written submittals and documents shall be filed with the Special Master in unbound format with labeled divider pages (rather than tabs) separating any attached exhibits, to facilitate scanning. Filing and service shall be accomplished not later than 5:00 p.m. eastern time.

6. <u>Oral Argument</u>. If, after requested by either party or *sua sponte*, the Special Master concludes that oral argument would be helpful, the Special Master will direct the party raising the dispute to (a) contact all parties and determine several mutually agreeable dates and times for a teleconference or in-person oral argument; and (b) call the Special Master's assistant, Robin Twiss, at (302) 425-6400 to schedule a time for the teleconference or in-person oral argument. The Special Master will retain a Court Reporter to transcribe the teleconference or an in-person oral argument.

7. <u>Decisions of the Special Master</u>. The Special Master's Order, report or recommendation will be issued orally on the record or by written decision.

8. <u>Time to Object or Move</u>. Subsequent to a decision by the Special Master, the parties shall confer about whether the time to object or move pursuant to Federal Rules of Civil Procedure 53(g)(2) should be shortened.

9. <u>Discovery Schedule</u>. The parties shall provide the Special Master with a joint discovery status report on a monthly basis throughout the discovery process. Said report shall be submitted by the first business day of each month. The parties shall also serve on the Special Master all discovery requests, including all notices of depositions.

10. <u>Depositions</u>. It is the Special Master's expectation that discovery disputes arising out of deposition questioning will be handled according to the teleconference procedure of Paragraph 2, except that the Special Master, if available at the time of the deposition, will hear the dispute during the deposition.

11. <u>Privilege Log</u>. It is the Special Master's expectation that that parties will agree on the format for a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) and Delaware District

4

Court case law. To the extent there are disputes as to the format of a privilege log, these disputes should be brought to the Special Master's attention as soon as possible.

Dated: March 24, 2005

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master