Unreported Opinion
Submitted Pursuant to D. Del. LR. 7.1.3(a)(G)

Kutner Buick, Inc. v. Crum & Foster Corp.,
No. Civ.A. 95-1268, 1995 WL 508175 (E.D. Pa. Aug. 24, 1995)



Not Reported in F.Supp.  
Not Reported in F.Supp., 1995 WL 508175 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

Briefs and Other Related Documents
Kutner Buick, Inc. v. Crum & Foster Corp.E.D.Pa.,1995.Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania
KUTNER BUICK, INC., et al.
v.
CRUM & FOSTER CORP., et al.
**Civ. A. No. 95-1268.**

Aug. 24, 1995.

Robert J. Sugarman, Sugarman & Associates, Philadelphia, PA, for plaintiffs.
Thomas C. De Lorenzo, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for defendant Crum & Foster Corp.
Thomas C. De Lorenzo, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA,
Loren L. Pierce, McElroy, Deutsch and Mulvaney, Morristown, NJ, for defendants U.S. Fire Ins. Co., Intern. Ins. Co., the North River Ins. Co.

*MEMORANDUM AND ORDER*
NAYTHONS, United States Magistrate Judge.
**\*1** Presently before this Court is Plaintiff's Motion for Determination of Sanctions Against Defendant, United States Fire Insurance Co. [hereinafter "U.S. Fire"], Pursuant to Rule 36, and defendant's response. In their Requests for Admissions ("RFAs"), plaintiffs submitted 17 RFAs to all three defendants in this case, North River Insurance Company, U.S. Fire, and International Insurance Company. Plaintiffs' Motion, however, is directed only against defendant U.S. Fire. The Honorable James McGirr Kelly referred the Motion to this Magistrate Judge on August 21, 1995.

Plaintiffs have filed this action to establish an obligation to defend and to establish coverage under policies issued by defendants to plaintiff Kutner Buick, Inc. (Jules and Gertrude Kutner as additional insureds). The action arises from a claim asserted in a suit brought by Circuit City, Inc. against the Kutners also in the United States District Court for the Eastern District of Pennsylvania. *See Circuit City Stores, Inc. v. Citgo Petroleum Corp., et al.,* Civil Action No. 92-7394. Circuit City alleges, *inter alia,* that gasoline fuel leaked from storage tanks maintained by Kutner Buick, Inc., on property owned by Jules and Gertrude Kutner, in connection with the garage business of Kutner Buick, Inc.

On or about May 26, 1995, plaintiffs in the present case, propounded requests for admissions pursuant to Fed.R.Civ.P. 36 to the three respective defendants. Plaintiffs argue that defendant, U.S. Fire, has "arbitrarily, unreasonably, and without basis, refused to answer virtually every one of the seventeen requests related to its policies, without explaining why it could not do so, and utilizing frivolous and inappropriate grounds in most cases." *See* Plaintiff's Motion at ¶ 5. Therefore, plaintiffs ask this Court to deem RFAs Nos. 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, and 17 admitted or require defendant to amend its answers to those Requests.[FN1]

*DISCUSSION*

Federal Rule of Civil Procedure 36 governs requests for admissions. Rule 36(a) states in pertinent part:
A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents, described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.

In the present case, defendant has objected to each and every request for admission at issue in plaintiffs' Motion. Since defendant has raised several objections for each request, I will address each objection separately. First, defendant generally

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1995 WL 508175 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

objects to all the RFAs as vague, ambiguous, overly broad or unduly burdensome. Although plaintiffs should have more carefully worded each request to indicate the individual insurance company and its individual policy, I find that defendant's objections are unjustified and these requests should be answered to the extent that they apply to defendant's policy.

*2 Secondly, defendant objects to RFAs Nos. 4, 6, 8, 9, 13, 15, and 17, as relating to conclusions of law and, as such, are inappropriate requests under the Federal Rules. It is well established that a request as to a pure matter of law is not permitted. *See* Diederich v. Dept. of Army, 132 F.R.D. 614, 617 (S.D.N.Y.1990); Government Employees Ins. Co. v. Benton, 859 F.2d 1147, 1148-49 n. 3 (3d Cir.1988). However, requests which seek admission of the truth of statements applying law to the facts of the case, are specifically sanctioned under the rules. *See* 1970 Amendment to Fed.R.Civ.P. 36, Notes of Advisory Committee; 4A Moore's Federal Practice, 2nd Ed., § 36.04[4] (1994); McSparran v. Hanigan, 225 F.Supp. 628, 636 (E.D.Pa.1963) (plaintiff admitted that premises on which accident occurred, were occupied or under the control of defendant). In the present case, plaintiffs seek admissions as to what the defendants' insurance policies state regarding exclusions, coverage, and other definitions. At the most, plaintiffs seek admissions applying the facts of this case to the insurance policies involved. Therefore, such requests are permissible, and defendant must answer these requests.

Next, defendant states that it has no independent knowledge capable of answering requests Nos. 14 and 16. Defendant concedes that technically it should have responded that "after reasonable inquiry, the information known or readily obtainable is insufficient to enable defendant to admit or deny this allegation," and states that if this Court feels that such a technical correction is necessary, it will be happy to file an amended Answer. *See* Defendant's Memorandum at 6-7. I find, however, that defendant's improper answer is much more than a mere "technical" error. Contrary to what defendant seems to believe, the words of Rule 36(a) are not to be simply repeated in order to avoid responding to requests. *See* Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir.1981) (permitting party to avoid admitting or denying proper request simply by tracking language of Rule 36(a) would encourage additional abuse of discovery process). A response must set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter. Id. at 1245. Under Rule 36, when an answering party gives lack of information or knowledge as a reason for failure to admit or deny but does not allege sufficient reasonable inquiry as required by Rule 36(a), the court may deem the matter as admitted or order an amended answer. *See* 4A Moore's Federal Practice, § 36.04[5]. Although deeming a matter admitted may be a harsh result to the answering party, courts have allowed such results when warranted. *See* 4A Moore's Federal Practice, § 36.04 [5], cases cited at n. 7.

Defendant in the present case has not shown that it has made reasonable inquiry. At issue in RFAs Nos. 14 and 16, is what plaintiffs are being sued for in the initial litigation with Circuit City. Plaintiffs are currently suing U.S. Fire to defend and to cover them in the Circuit City litigation pursuant to U.S. Fire's insurance policy. This request is reasonable, since defendant admits to be in possession of the Circuit City Complaint. However, I will not deem them admitted, since defendant also argues in its Memorandum of Law that the exact language in the requests do not appear in the Circuit City Complaint. Although the defendant may have had legitimate concerns with the language in the requests, it could have given a qualified answer, such as the explanation in its memorandum of law. *See* Defendant's Memorandum at 6-7, ¶¶ 9 and 11. If quoted or referenced statements are misquoted or taken out of context, a party is to deny that admission, and when good faith requires that a party qualify an answer or deny only part, the party shall specify so much of it as is true and qualify or deny the remainder. *See* Fed.R.Civ.P. 36(a); *see also* Diederich, 132 F.R.D. at 619 (qualification permitted when statement contains some truth, but standing alone out of context, conveys unwarranted and unfair inferences). Therefore, I find that defendant has failed to show any reasonable inquiry indicating that it has no independent knowledge capable of answering these requests. In fact, I find that defendant is capable of answering these requests. Therefore, defendant must amend its answer, and admit, deny or show why it cannot admit or deny.

*3 Defendant objects to RFA No. 8 because it requests an admission as to information within the knowledge of plaintiffs. RFA No. 8 seeks an admission that "gasoline maintained on the insured property was maintained as part of operating or using covered autos." Since ordinarily Rule 36 is resorted to by a party to eliminate the necessity of proving an uncontroverted fact, rather than to discover the truth of the assertion, it is an improper objection to a request that the matter is largely within the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1995 WL 508175 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.)**

Page 3

knowledge of the requesting party. See 4A Moore's Federal Practice, § 36.04[6]. Instead the inquiry is whether the information is reasonably available to the party requested to admit its truth. *Id.* Again defendant concedes that it should have answered that "after reasonable inquiry, the information known or readily obtainable by defendant is insufficient to enable defendant to admit or deny this allegation," and if this Court feels such a technical correction is necessary, defendant generously states that it will file its amended answer to reflect this language. *See* Defendant's Memorandum at 4, ¶ 5. Once again, defendant completely misses the mark. In order to determine if defendant's objection is warranted this Court must know whether or not plaintiffs have provided information to the defendant that would enable defendant to answer. Defendant does not allege any such situation that would prevent it from answering this request. Conceivable the discovery in the present case would contain such information, allowing defendant to either admit or deny this request. Therefore, since defendant has failed to show that it has no independent knowledge capable of answering this request, defendant must amend its answer and admit, deny or show why it cannot admit or deny.

Defendant also objects to RFAs Nos. 9, 12, and 13 since those requests ask for admissions regarding another defendant's insurance policy [the North River garagekeepers policy]. Since these requests involve another defendant and not U.S. Fire, it is not required to answer RFAs Nos. 9, 12, and 13.

Finally, I note that defendant has an unseemly habit of objecting to the requests and then stating, "subject to the foregoing objections, U.S. Fire denies" the request "and states that the policies allegedly issued by defendant to plaintiffs speak for themselves." Defendant cannot have it both ways. Rule 36(a) provides that a matter is admitted unless the responding party denies the matter *or* objects to it. Fed.R.Civ.P. 36(a) (emphasis added). If an objection is made, the rule requires that the responding party shall set forth the reasons for the objection. *Id.* The rule does not state that a party may also deny the request in case the reviewing court does not accept its reasons for objecting.

Given the extensive discussion of the criteria and salutary purposes to be served by Rule 36, and further, having considered plaintiffs' requests for admissions and defendant's general and particularized objections to each of them, and noting that except for requests Nos. 9, 12 and 13 which were appropriately answered, I am directing that defendant address itself to the requests with a view to responding to them, to the extent it is able to do so, and when it finds itself unable to comply, after exercise of due diligence and "reasonable inquiry," FN2 it shall state *in full* the efforts undertaken to secure the appropriate response, and where a full response is unavailable, it shall respond to the extent it is able to do so, with an explanation why it cannot otherwise respond in full. It is apparent to this Court that defendant has to date failed to make a good faith effort to seek out and supply responses due plaintiffs which has the result of causing added expenditure of time and effort. The Court gives fair warning that if defendant fails or refuses to make full and good faith responses to the requested admissions, such failure or refusal shall not pass with impunity, for this Court proposes to exercise its perogatives under Rules 36(a) and 37(a)(4) Fed.R.Civ.P. as may be indicated.

An appropriate Order follows.

*ORDER*

**\*4** AND NOW, this 24th day of August, 1995, IT IS HEREBY ORDERED THAT Plaintiff's Motion for Determination of Sanctions Against Defendant Pursuant to Rule 36 is GRANTED IN PART and DENIED IN PART.

1. Defendant is Ordered to amend its answers to Request for Admissions Nos. 4, 5, 6, 7, 8, 14, 15, 16, and 17, within ten (10) days.

2. Plaintiff's Motion is Denied as to Request for Admissions Nos. 9, 12, 13.

> FN1. This Court notes the defendant's valid concern regarding which RFAs are actually addressed by plaintiffs' Motion. Apparently, the RFAs addressed by plaintiffs in their Motion and Memorandum do not correspond to those RFAs listed in their proposed order, and the RFAs further deviate from the "Wherefore" clause within their Motion. However, as did the defendant, I will assume that plaintiffs are asking the Court to rule on Requests Nos. 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, and 17.
>
> FN2. In order to avoid any further dispute over the interpretations of this language, I am holding that reasonable inquiry includes

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.           Page 4
Not Reported in F.Supp., 1995 WL 508175 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response. In this connection relevant documents must be reviewed as well. *See* Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375 (S.D.N.Y.1989), *citing,* 8 C. Wright & A. Miller Federal Practice and Procedure § 2253 (1970). *See also* Fed.R.Civ.P. Rule 36(a), Advisory Committee Notes to the 1970 Amendments, 28 U.S.C.A. Supp.1990.

E.D.Pa.,1995.
Kutner Buick, Inc. v. Crum & Foster Corp.
Not Reported in F.Supp., 1995 WL 508175 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:95cv01268 (Docket) (Mar. 03, 1995)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.