# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>  Plaintiff,<br><br>v.<br><br>TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION,<br><br>  Defendants. | Civil Action No. 04-343-JJF |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P. 36, objects and responds as follows to Defendant ViewSonic Corporation's ("ViewSonic") First Set of Requests for Admission.

**GENERAL OBJECTIONS**

These general objections apply to each Request for Admission and thus, for convenience, are not repeated after each Request for Admission, but rather are set forth herein and are hereby incorporated into each response.

1. LPL objects to each Request for Admission to the extent it seeks information subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

2. LPL objects to these Requests for Admissions to the extent they request information not relevant to the claims and defenses in this case, or not reasonably calculated to lead to the discovery of admissible evidence.

3. LPL objects to ViewSonic's "Definitions and Instructions" to the extent that they are vague and ambiguous, or purport to impose obligations not required under the Federal Rules of Civil Procedure.

4. LPL objects to Definition B of "LPL" because it is overly broad, unduly burdensome and improperly includes a variety of persons and entities over which LPL has no control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client privilege and work product doctrine. As to all the requests for admission, LPL responds only on behalf of LPL.

5. LPL objects to Definitions and Instructions G and H as related to interrogatories and not to requests for admission.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that the "flat panel display device" is not a "data processing device" as these terms are used in Claim 35 of the '641 Patent.

### RESPONSE:

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**RESPONSE:**

Denied. Column 2, Lines 47-48 of the '641 patent does not refer to any specific Figure in the '641 patent.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the ViewSonic VX900 includes the space identified as "d1" in Figure 3B of the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the ViewSonic VX900 includes the space identified at "d2" in figure 3B of the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the View Sonic VX900 includes the space identified as "D" in Figure 3B of the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**REQUEST FOR ADMISSION NO. 8:**

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "d1" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

**RESPONSE:**

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 15:

Admit that, as defined by the '641 Patent, the front mounting method does not require that the LCD device be mounted to the front case (identified as element 121 in Figure 2 of the '641 Patent).

### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "the front mounting method," "does not require," and "mounted to the front case." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 16:

Admit that when assembled, the rear center screw "B5" and the threaded post "D5" of the PixelVision SGT15P, as identified in exhibit L to the Supplemental Brinkerhoff Declaration (DI 100; *see* Exhibit A hereto), do not in and of themselves securely fix, firmly attach, or make fast the flat panel display device to the rear housing such that the rear housing provides substantial support for the flat panel display device.

### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "in and of themselves," "securely fix, firmly attach, or make fast," and

621163v1

9

March 24, 2006

                              THE BAYARD FIRM

                              /s/ Richard D. Kirk
                              Richard D. Kirk (#922)
                              222 Delaware Avenue, Suite 900
                              P.O. Box 25130
                              Wilmington, DE 19899-2306
                              (302) 655-5000
                              rkirk@bayardfirm.com
                              Attorneys For Plaintiff
                              LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Lora Brzezynski
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500