# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

## PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S REQUEST FOR ADMISSION NOS. 3, 5-10

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P. 36, objects and supplements its responses as follows to Defendant ViewSonic Corporation's ("ViewSonic") Request for Admission Nos. 3 and 5-10.

### GENERAL OBJECTIONS

LPL hereby incorporates its general objections from Plaintiff's Objections and Responses to Defendant ViewSonic Corporation's First Set of Requests for Admission. Those general objections apply to each Request for Admission and thus, for convenience, are not repeated after each Request for Admission, and are hereby incorporated into each response.

### REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 3:

Admit that the express objects of the invention disclosed in the '641 Patent are all directed to minimizing side space identified as dimension "D" in Figure 3B of the '641 Patent.

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "the express objects of the invention." LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows: LPL denies this Request for at least the reason that one of the express objects of the '641 Patent is to minimize the non-display area.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the ViewSonic VX900 includes the space identified as "d1" in Figure 3B of the '641 Patent.

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows: LPL admits that it obtained a ViewSonic VX-900 in Delaware, identified as Model No. VLCD 526105-2W and by Serial Number A24040400237. Except as thus stated, LPL denies this Request for at least the reason

that its ViewSonic VX-900 contains a space between a plastic housing and the side edge of the

LCD module, and because "d1" as depicted in Figure 3B of the '641 Patent refers to a

dimension, and not a "space" as set forth in this Request.

### REQUEST FOR ADMISSION NO. 6:

Admit that the ViewSonic VX900 includes the space identified at "d2" in Figure 3B of
the '641 Patent.

### SUPPLEMENTAL RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for

example, regarding "includes the space." LPL objects to this Request because it improperly

poses a question hypothetically and/or in the abstract, precluding a response without clarification

and/or explanation. LPL also objects to this Request on the ground that it is premature and

improper because it addresses infringement and/or patent/claim term meaning and interpretation.

Further, LPL objects because this Request seeks legal conclusions.

Subject to and without waiving these objections and the general objections, and based

upon the information presently available, LPL states as follows: LPL admits that it obtained a

ViewSonic VX-900 in Delaware, identified as Model No. VLCD 526105-2W and Serial Number

A24040400237. Except as thus stated, LPL denies this Request for at least the reason that its

ViewSonic VX-900 includes a screw hole adjacent a side edge of the module, and because the

designation "d2" as depicted in Figure 3B of the '641 Patent refers to a dimension, and not a

"space" as set forth in this Request.

### REQUEST FOR ADMISSION NO. 7:
Admit that the View Sonic VX900 includes the space identified as "D" in Figure 3B of
the '641 Patent.

633104v1

3

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows: LPL admits that it obtained a ViewSonic VX-900 in Delaware, identified as Model No. VLCD 526105-2W and by Serial Number A24040400237. Except as thus stated, LPL denies this Request for at least the reason that its ViewSonic VX-900 contains a space between a plastic housing and the side edge of the LCD module, as well as includes a screw hole adjacent a side edge of the module, and because given the relationship between "D" and "d1" and "d2" shown in Figure 3B of the '641 Patent, "d1" refers to a dimension and not a "space" as stated in Request No. 5, and the designation "d2" refers to a dimension and not a "space" as stated in Request No. 6.

**REQUEST FOR ADMISSION NO. 8:**

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "d1" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement

633104v1

4

## REQUEST FOR ADMISSION NO. 10:

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "D" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

## SUPPLEMENTAL RESPONSE:

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows: LPL denies this Request because the claims of the '641 Patent do not refer to "D", and because the claims of the '641 Patent do not require that any specific objects of the inventions recited in the '641 Patent be achieved.

August 16, 2006

OF COUNSEL:
Gaspare J. Bono
Lora Brzezynski
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-2306
(302) 655-5000
Attorneys For Plaintiff
LG.PHILIPS LCD CO., LTD

633104v1

6