# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343-JJF |
| TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, | |
| Defendants. | |

## PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P.

36, supplements its objections and responses as follows to Defendant ViewSonic Corporation's

("ViewSonic") First Set of Requests for Admission.

### PRELIMINARY STATEMENT & GENERAL OBJECTIONS

LPL hereby incorporates its Preliminary Statements and its General Objections from

Plaintiff's previous Objections and Answers to Defendant ViewSonic Corporation's First Set of

Requests for Admission. Those general objections apply to each Interrogatory herein and thus,

for convenience, are not repeated after each Interrogatory, and are hereby incorporated into each

response.

This set of Objections and Responses incorporates into this single document all of LPL's

previously-submitted supplemental objections and responses to Defendant ViewSonic

Corporation's First Set of Requests for Admission as well as any of LPL's previous

supplemental responses. Through this set of supplemental objections and responses, LPL

supplements its objections and responses to Requests for Admission Nos. 28-32.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that the "flat panel display device" is not a "data processing device" as these terms
are used in Claim 35 of the '641 Patent.

### RESPONSE:

LPL objects to this Request because it improperly poses a question hypothetically and/or

in the abstract, precluding a response without clarification and/or explanation. LPL also objects

to this Request on the ground that it is premature and improper because it addresses infringement

and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request

seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 2:

Admit that a "flat panel display device" does not include "a housing of the data
processing device" as these terms are used Claim 35 of the '641 Patent.

### RESPONSE:

LPL objects to this Request because it improperly poses a question hypothetically and/or

in the abstract, precluding a response without clarification and/or explanation. LPL also objects

to this Request on the ground that it is premature and improper because it addresses infringement

and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request

seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 3:

Admit that the express objects of the invention disclosed in the '641 Patent are all
directed to minimizing side space identified as dimension "D" in Figure 3B of the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "the express objects of the invention." LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "the express objects of the invention." LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows: LPL denies this Request for at least the reason that one of the express objects of the '641 Patent is to minimize the non-display area.

**REQUEST FOR ADMISSION NO. 4:**

Admit that "the non-display area of the LCD device" as set forth at Column 2, Lines 47-48 of the '641 Patent refers to dimension "D" as identified in Figure 3B of the '641 Patent.

**RESPONSE:**

Denied. Column 2, Lines 47-48 of the '641 patent does not refer to any specific Figure in the '641 patent.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the ViewSonic VX900 includes the space identified as "d1" in Figure 3B of the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows: LPL admits that it obtained a ViewSonic VX-900 in Delaware, identified as Model No. VLCD 526105-2W and by Serial Number A24040400237. Except as thus stated, LPL denies this Request for at least the reason that its ViewSonic VX-900 contains a space between a plastic housing and the side edge of the LCD module, and because "d1" as depicted in Figure 3B of the '641 Patent refers to a dimension, and not a "space" as set forth in this Request.

**SECOND SUPPLEMENTAL RESPONSE:**

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL

hereby redacts and withdraws all prior responses to this Request and states that it need not

respond to this Request in that it is "improperly calculated to seek legal conclusions that the

accused product practices the prior art instead of the invention covered by the patents-in-suit."

(D.I. 306, at 13-14).


**REQUEST FOR ADMISSION NO. 6:**

Admit that the ViewSonic VX900 includes the space identified at "d2" in figure 3B of
the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for

example, regarding "includes the space." LPL objects to this Request because it improperly

poses a question hypothetically and/or in the abstract, precluding a response without clarification

and/or explanation. LPL also objects to this Request on the ground that it is premature and

improper because it addresses infringement and/or patent/claim term meaning and interpretation.

Further, LPL objects because this Request seeks legal conclusions.

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for

example, regarding "includes the space." LPL objects to this Request because it improperly

poses a question hypothetically and/or in the abstract, precluding a response without clarification

and/or explanation. LPL also objects to this Request on the ground that it is premature and

improper because it addresses infringement and/or patent/claim term meaning and interpretation.

Further, LPL objects because this Request seeks legal conclusions.

Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows: LPL admits that it obtained a ViewSonic VX-900 in Delaware, identified as Model No. VLCD 526105-2W and Serial Number A24040400237. Except as thus stated, LPL denies this Request for at least the reason that its ViewSonic VX-900 includes a screw hole adjacent a side edge of the module, and because the designation "d2" as depicted in Figure 3B of the '641 Patent refers to a dimension, and not a "space" as set forth in this Request.

**SECOND SUPPLEMENTAL RESPONSE:**

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby redacts and withdraws all prior responses to this Request and states that it need not respond to this Request in that it is "improperly calculated to seek legal conclusions that the accused product practices the prior art instead of the invention covered by the patents-in-suit." (D.I. 306, at 13-14.)

**REQUEST FOR ADMISSION NO. 7:**

Admit that the View Sonic VX900 includes the space identified as "D" in Figure 3B of the '641 Patent.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "includes the space." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows: LPL admits that it obtained a ViewSonic VX-900 in Delaware, identified as Model No. VLCD 526105-2W and by Serial Number A24040400237. Except as thus stated, LPL denies this Request for at least the reason that its ViewSonic VX-900 contains a space between a plastic housing and the side edge of the LCD module, as well as includes a screw hole adjacent a side edge of the module, and because given the relationship between "D" and "d1" and "d2" shown in Figure 3B of the '641 Patent, "d1" refers to a dimension and not a "space" as stated in Request No. 5, and the designation "d2" refers to a dimension and not a "space" as stated in Request No. 6.

**SECOND SUPPLEMENTAL RESPONSE:**

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby redacts and withdraws all prior responses to this Request and states that it need not respond to this Request in that it is "improperly calculated to seek legal conclusions that the accused product practices the prior art instead of the invention covered by the patents-in-suit." (D.I. 306, at 13-14.)

**REQUEST FOR ADMISSION NO. 8:**

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "d1" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

**RESPONSE:**

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows: LPL denies this Request because the claims of the '641 Patent do not refer to "d1", and because the claims of the '641 Patent do not require that any specific objects of the inventions claimed in the '641 Patent be achieved.

**SECOND SUPPLEMENTAL RESPONSE:**

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby redacts and withdraws all prior responses to this Request and states that it need not respond to this Request in that it "pose[s] impermissible hypotheticals by seeking comparisons to

643417v1

8

### SUPPLEMENTAL RESPONSE:

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby reiterates its general and specific objections to this Request, and notes that it need not respond to this Request in that it poses "vague and ambiguous because [it does] not contain meaningful interpretations of claim language for purposes of discovery sought . . . [and to the] extent that [it contains] vague and/or ambiguous language." (D.I. 306, at 15-18.)

### REQUEST FOR ADMISSION NO. 15:

Admit that, as defined by the '641 Patent, the front mounting method does not require that the LCD device be mounted to the front case (identified as element 121 in Figure 2 of the '641 Patent).

### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "the front mounting method," "does not require," and "mounted to the front case." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

### SUPPLEMENTAL RESPONSE:

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby reiterates its general and specific objections to this Request, and notes that it need not respond to this Request in that it poses "vague and ambiguous because [it does] not contain meaningful interpretations of claim language for purposes of discovery sought . . . [and to the] extent that [it contains] vague and/or ambiguous language." (D.I. 306, at 15-18.)

## REQUEST FOR ADMISSION NO. 16:

Admit that when assembled, the rear center screw "B5" and the threaded post "D5" of the PixelVision SGT15P, as identified in exhibit L to the Supplemental Brinkerhoff Declaration (DI 100; *see* Exhibit A hereto), do not in and of themselves securely fix, firmly attach, or make fast the flat panel display device to the rear housing such that the rear housing provides substantial support for the flat panel display device.

## RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for

example, regarding "in and of themselves," "securely fix, firmly attach, or make fast," and

"provides substantial support." LPL objects to this Request because it improperly poses a

question hypothetically and/or in the abstract, precluding a response without clarification and/or

explanation. LPL also objects to this Request on the ground that it is premature and improper

because it addresses infringement and/or patent/claim term meaning and interpretation. Further,

LPL objects because this Request seeks legal conclusions.

## SUPPLEMENTAL RESPONSE:

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL

hereby reiterates its general and specific objections to this Request, and notes that it need not

respond to this Request in that it poses "vague and ambiguous because [it does] not contain

meaningful interpretations of claim language for purposes of discovery sought . . . [and to the]

extent that [it contains] vague and/or ambiguous language." (D.I. 306, at 15-18.)

## REQUEST FOR ADMISSION NO. 17:

Admit that the two top screws and two screw holes in the ViewSonic VX900 identified as "B" and "D" respectively in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto) attach the stand to the VX900 monitor.

## RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for

example, regarding "attach the stand." LPL objects to this Request because it improperly poses a

comprising: placing a flat display panel on a top surface of a backlight unit having a first frame,

the first frame having a fastening element for fastening the first frame to the housing, said

fastening element being located on a rear surface opposite the top surface of the backlight unit

where the flat display panel is placed; placing a second frame on the flat display panel; and

fixing the flat display panel between the first frame of the backlight unit and the second frame ,.

### REQUEST FOR ADMISSION NO. 33:

Admit that the VX2000 does not infringe any claim of either of the Patents-in-Suit.

### OBJECTIONS AND ANSWER

LPL objects to this Request because it improperly poses a question hypothetically and/or

in the abstract, precluding a response without clarification and/or explanation.  LPL also objects

to this Request on the ground that it is premature and improper because it addresses infringement

and/or patent/claim term meaning and interpretation.  Further, LPL objects because this Request

seeks legal conclusions, contentions, and/or opinions.

Dated: November 16, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk  (rk0922)
Ashley B.Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:

Lora Brzezynski
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500