# EXHIBIT 10

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

Jaclyn M. Mason
Associate

TEL (302) 888-6433
FAX (302) 252-4275
EMAIL jmason@cblh.com
REPLY TO Wilmington Office

Via Hand Delivery and Email

September 26, 2006

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

  Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*
     USDC, Delaware, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

  Pursuant to the guidance provided by Your Honor during the August 23, 2006 hearing, and Rule 36(a) of the Federal Rules of Civil Procedure ("FRCvP"), ViewSonic Corp. ("ViewSonic") seeks an Order deeming that LG.Philips LCD Co., Ltd ("LPL") has admitted ViewSonic's Requests for Admission ("RFA") Nos. 5-10 or compelling LPL to properly respond to these RFAs, and monetarily sanctioning LPL for it's obstructive conduct.[1]

  LPL accuses ViewSonic of infringing claims 33-35 and 40 of U.S. Patent No. 6,498,718 and claims 35-36 and 55 of the parent U.S. Patent No. 6,501,641. *See* Ex. 1 at 5-13 (copy of LPL's Interrogatory Responses identifying asserted claims). These related patents are generally directed to mounting flat screen visual displays in laptop computers (referred to as "rear mountable" in the asserted claims) through the back exterior case of the device. *See* Exs. 2 (copy of U.S. Patent No. 6,498,718, hereinafter "the '718 patent"), 3 (copy of U.S. Patent No. 6,501,641, hereinafter "the '641 patent").

  LPL has wasted a great deal of the parties' resources with its constant attempts to avoid providing discovery in this case. This is the second motion that ViewSonic has had to bring to address its RFA Nos. 5-10. *See* Ex. 4 (copy of July 31, 2006 ViewSonic motion to compel, at 6-7. At the August 23, 2006 hearing on the first motion, the parties were instructed to meet and confer regarding remaining deficiencies in LPL's supplemental responses to ViewSonic's RFAs and return for further proceedings if the parties could not resolve their differences. *See* Ex. 5, at 35:9 - 36:8 (transcript of August 23, 2006 hearing). LPL's obstructive conduct leaves ViewSonic no choice but to seek relief.

  The '641 and '718 patents assert that a problem with prior art flat screen displays stems

---

[1] FRCvP 36(a) states in part:
  ... The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. ... The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Page 2

September 26, 2006

from excessive space surrounding or framing the display area. The alleged deficiency with the *prior art* is illustrated in Figures 3A and 3B, and corresponding description:

> In the mounting structure shown in FIG. 3B, the supporting frame 114 requires side <u>spaces</u> for the flanges 114a and 114b. Therefore, the side <u>space</u> D (d1+d2) results in a reduction of the display area of the LCD panel 112 relative to the display case 122. Moreover, as the display size increases, the display case becomes undesirably large, especially for a portable computer such as a laptop computer.
>
> To solve the above problem and to provide a large display area with minimal display case size, a new mounting structure is needed for the LCD device.

'641 patent, at col. 2, ll. 29-39 (emphasis added); see generally, id., at col. 2, ll. 1-18. Figures 3A and 3B from the '641 patent are provided below:



Figures 3A and 3B of the '641 patent illustrate conventional (prior art) products, <u>not</u> the alleged invention covered by the '641 or '718 Patents-in-Suit. The side space D (=d1+d2) shown in Figure 3B of the '641 patent reduces the size of the display area of any LCD panel relative to the size of the flat screen case or housing.

ViewSonic's RFAs 5-7 respectively seek admissions that ViewSonic's VX900, a product that LPL possesses and accuses of infringement, has spaces corresponding to "d1", "d2", and "D" illustrated in Figure 3B of the '641 patent. *See* Ex. 6, at 2, 3 (RFAs 5, 6, 7). ViewSonic's RFAs 8-10 respectively simply seek admissions that using a rear mountable flat panel display device as claimed in the '641 patent reduces the spaces identified as "d1", "d2", and "D" in Figure 3B of the '641 patent when compared to using a flat panel display device that is not rear mountable. *See* Ex. 6, at 4, 5, 6 (RFAs 8, 9, 10). Given the division of discovery applicable to

Page 3

September 26, 2006

this case, it is notable that none of these requests use any claim terms.[2]

 LPL's deficient responses to ViewSonic's RFAs 5-10 fail to comply with FRCvP 36, and illustrate the degree to which LPL seeks to obstruct, rather than cooperate, in discovery. In response to ViewSonic's RFAs 5-10, LPL objected that the subject RFAs are "vague and ambiguous", improperly pose hypothetical questions, and seek legal conclusions. *See* Ex. 6, at 2-6. LPL's objections are baseless. ViewSonic's RFAs 5-10 use the same simple terms LPL used to describe the prior art, and seek simple factual conclusions that require only a visual observation of a single product, the VX900.

 LPL avoids RFAs 5-7 by evasively stating that the ViewSonic VX900 has (1) "a space between a plastic housing and the side edge of the LCD module," and (2) "a screw hole adjacent a side edge of the module." *See* Ex. 6, at 3, 4 (responses to RFAs 5-7). These evasive responses improperly reword the RFAs. Rather than admitting or denying that certain spaces found in the VX900 correspond to the spaces "d1", "d2" and "D" as requested in RFAs 5-7, LPL openly disregards its discovery obligations by improperly substituting its own terminology that is completely unresponsive to the Requests.

 More incredibly, LPL disingenuously asserts that "d1" and "d2" in Figure 3B of the '641 patent "refer[] to a dimension, and not a 'space' as set forth in the Request[s]." *See* Ex. 6, at 3, 4 (responses to RFAs 5-7). The '641 patent does not use "dimension" anywhere. Notwithstanding LPL's mendacious assertions, the '641 patent expressly uses "space" to describe "d1", "d2" and "D" of Figure 3B. *See* '641 patent, at col. 2, ll. 29-33 (quoted above).

 Similarly, LPL's answers to RFAs 8-10 are unresponsive and fail to comply with FRCvP 36. LPL qualifies its denials by asserting that "the claims of the '641 Patent do not refer to ['d1', 'd2' or 'D']" and that "the claims of the '641 Patent do not require that any specific objects of the inventions [claimed or recited] in the '641 patent be achieved." *See* Ex. 6, at 5, 6 (responses to RFAs 8-10). . These evasive answers do not "fairly meet the substance of the requested admission" and are unresponsive. *See* FRCvP 36. ViewSonic's RFAs 8-10 do not ask whether any claims require "d1", "d2" or "D", or whether the claims of the '641 patent require any specific objects of the alleged invention. Instead, RFAs 8-10 merely ask LPL to admit that a product using the supposed invention of the patent has a certain structure. LPL's evasive conduct cannot continue to be condoned.

 Pursuant to FRCvP 36(a), LPL must be deemed to have admitted RFAs 5-10 or compelled to properly respond to RFAs 5-10. Additionally, under FRCvP 36(a) and 37(a)(4), ViewSonic requests an award of its fees and costs expended in bringing this motion and its previous motion seeking to relief from LPL's failure to comply with its discovery obligations. Oral argument will be provided if Your Honor would find it helpful.

        Respectfully submitted,

        */s/ Jaclyn M. Mason (#4737)*

        Jaclyn M. Mason

---

[2] LPL initially objected to RFAs 5-10 as premature as seeking interpretation of claim terms. RFAs 5-7 do not use any claim term, and are directed to the structure of the VX900, not the claimed invention. During the parties September 22, 2006 meet and confer, LPL expressly withdrew this objection at least as to RFAs 8-10.



Page 4

September 26, 2006


cc: Laura Brzezynski, Esq. (via email)
　　Cass Christenson, Esq. (via email)
　　Richard Kirk, Esq. (via email)
　　Tracey Roman, Esq. (via email)
　　Richard Horowitz, Esq. (via email)
　　David Moore, Esq. (via email)
　　Mark Kreitzman, Esq. (via email)
　　David Moore, Esq. (via email)
　　Anne Gaza, Esq. (via email)
　　Rel Ambrozy, Esq. (via email)