# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

November 28, 2006

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

    Re:    *LG Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF,
Tatung's Joinder to ViewSonic's Motion to Preclude LPL's Untimely Patent
Infringement Contentions

Dear Special Master Poppiti:

    Defendants Tatung Company and Tatung Company of America (collectively "Tatung") respectfully join in and incorporate by reference ViewSonic's Motion to Preclude LPL's Untimely Patent Infringement Contentions ("ViewSonic's Motion") as detailed in ViewSonic's November 17, 2006 letter to Your Honor.

    LG. Philips LCD Co., Ltd.'s ("LPL") untimely infringement contentions against Tatung should be excluded for the same reasons stated in ViewSonic's Motion. The material facts supporting Tatung's joinder differ only slightly from the facts set out in ViewSonic's Motion. On November 10, 2006, after the Scheduling Order deadlines had passed for the parties to identify and exchange claim terms and proposed constructions, LPL served, *inter alia*, a "supplemental" response to Tatung's Interrogatory No. 1 which, for the first time, accused infringement of two additional products (L17UCCT and L1705) and asserted infringement of 10 new claims (claims 38-45 and 56 of the '641 Patent and claim 39 of the '718 Patent).

RLF1-3084206-1

The Honorable Vincent J. Poppiti
November 28, 2006
Page 2

Nine months ago, on March 9, 2006, Tatung served on LPL its First Set of Interrogatories. Interrogatory No. 1 asked LPL to identify all Tatung products that LPL claims infringed the Patents-in-Suit and to identify all of the claims of the Patents-in-Suit that LPL contends have been infringed. On April 7, 2006, LPL served its responses to Tatung's interrogatories. In its response to Interrogatory No. 1, LPL identified only one accused product, the Tatung L17AMTN, and seven asserted claims (claims 35-36 and 55 of the '641 Patent and claims 33-35 and 40 of the '718 Patent).

In the meantime, Tatung produced in response to LPL's discovery requests thousands of pages of technical documents relating to the assembly of hundreds of Tatung products. Despite obtaining this information, LPL waited seven months, until after Tatung had served and filed its proposed claim constructions (based on the understanding that LPL was asserting only the seven claims identified in its April 2006 interrogatory response), before identifying the two new accused products and the ten new claims.

Eight of LPL's newly asserted claims (claims 38-43 & 56 of the '641 Patent and claim 39 of the '718 Patent) pertain to the L17AMTN product, which LPL has been in possession of since at least January of 2004, before it even filed the Complaint in this case. In fact, LPL's Complaint referred to the L17AMTN as an accused product. As of January 2004, LPL should have been able to determine which claims of the Patents-in-Suit were allegedly infringed by the L17AMTN. However, despite having the L17AMTN for more than two years, LPL decided to wait until November 2006, after the parties had exchanged and served proposed claim constructions, before asserting that the L17AMTN infringed eight additional claims.

In addition, the remaining two new claims (claims 44 & 45 of the '641 Patent) are asserted against an "L1705" display. Tatung has no record of an "L1705" display product. To the extent that LPL is referring to the TLM-1705 monitor, LPL has had this monitor since early this year, and in fact, made this monitor available for inspection prior to trial in the California litigation between the parties (which involved a different set of patents). In short, if the "L1705" is the TLM-1705, then LPL had this product well before the deadlines for the parties to identify and exchange claim terms and proposed constructions. There is simply no excuse for LPL's delay in asserting the new claims.

LPL's deliberate failure to properly identify these claims from the outset and subsequent refusal to supplement its interrogatory responses in a timely fashion prejudicially denied Tatung the opportunity to seek discovery regarding LPL's new infringement allegations. LPL's tactics are calculated to prevent Tatung from meaningfully participating in the claim construction process and/or to delay this process even further.] LPL has had more than ample time to analyze Tatung's products. LPL should not be allowed to identify new claims at this stage of the

The Honorable Vincent J. Poppiti
November 28, 2006
Page 3

proceedings in an effort to force the defendants to agree to a modification of the Scheduling Order, thus further delaying resolution of this dispute. Accordingly, Tatung joins in ViewSonic's Motion and, pursuant to Fed. R. of Civ. P. 37(c)(1), requests an Order barring LPL from asserting the new claims untimely raised in its November 10, 2006 response to Tatung's Interrogatory No. 1.

Respectfully,

Anne Shea Gaza
(#4093)

ASG/afg
cc:   Clerk of the Court (by electronic filing)
      Richard Kirk, Esquire (by electronic mail)
      Cormac T. Connor, Esquire (by electronic mail)
      Lora Brzezynski, Esquire (by electronic mail)
      Mark Krietzman, Esquire (by electronic mail)
      Scott R. Miller, Esquire (by electronic mail)
      Jeffrey B. Bove, Esquire (by electronic mail)