IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br>  Plaintiff, <br><br> v. <br><br> TATUNG CO.; <br> TATUNG COMPANY OF AMERICA, INC.; AND <br> VIEWSONIC CORPORATION <br><br>  Defendants. | CIVIL ACTION NO. 04-343 |

**NOTICE OF DEPOSITION OF LG.PHILIPS LCD CO., LTD.
PURSUANT TO RULE 30(b)(6)
TOPICS 7-12**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), Defendant ViewSonic Corporation will take the deposition of LG.Philips LCD Co., Ltd. ("LPL") beginning on December 27, 2006 at 9:30 a.m. at the offices of Connolly Bove Lodge & Hutz LLP located at 1007 North Orange Street, Wilmington, Delaware 19899, or at such other time and/or place as counsel for all parties may agree. The deposition will be conducted upon oral examination before a certified court reporter, notary public, or other person authorized by law to administer oaths. The deposition will continue from day to day until completed. The deposition will be recorded by videotape and stenographically, and may use technology that permits the real time display of the deposition transcript. Parties wishing to see the real time display must supply their own computer.

Pursuant to FRCvP 30(b)(6), LPL shall designate one or more officers, directors, agents or other representatives who consent to testify on its behalf, to testify as to matters known or reasonably available to LPL regarding the topics listed in the attached list of topics. To the

extent more than one deponent is identified, LPL shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

                              CONNOLLY BOVE LODGE & HUTZ LLP

Dated: November 29, 2006        By: */s/ Jaclyn M. Mason*
                                        Jeffrey B. Bove, Esq. (#998)
                                        Jaclyn M. Mason, Esq. (#4737)
                                        The Nemours Building, 8th Floor
                                        1007 North Orange Street
                                        Wilmington, DE 19801
                                        Telephone: (302) 658-9141
                                        Facsimile: (302) 658-5614

                                        Scott R. Miller, Esq.
                                        355 South Grand Avenue, Suite 3150
                                        Los Angeles, CA 90071
                                        Telephone: (213) 787-2500
                                        Facsimile: (213) 687-0498

                                  *Attorneys for ViewSonic Corporation*

# EXHIBIT A
# DEPOSITION SUBJECT MATTERS

**I.    Definitions**

1.    "ViewSonic" means Defendant ViewSonic Corporation and includes any and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

2.    "LPL" means Plaintiff LG. Philips LCD Co., Ltd. and includes any and all of its predecessors and successors-in-interest in its business, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

3.    "You," "Yours," and "Your" means LPL.

4.    The "'718 patent" shall mean and refer to United States Patent No. 6,498,718.

5.    The "'641 patent" shall mean and refer to United States Patent No. 6,501,641.

6.    The term "Asserted Patents" shall mean and refer to the '718 Patent and the '641 Patent, or any of them.

7.    The term "Counterpart," when used in reference to any patent, means any parent, continuation, continuation in part, divisional or other application or patent, pending, issued or abandoned, that claims priority, directly or indirectly, on or though any of the Asserted Patents or any patent through which any of the Asserted Patents claim priority, whether it be pending, issued or abandoned.

8. The singular of a term includes the plural form and vice versa, except as the context may otherwise require; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "any" means "any and all;" the word "including" means "including without limitation."

9. The term "document" is used in its customarily broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Evidence 1001 and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed or produced by any other mechanical, digital, or electronic process, including electronic mail, computer tapes, disks, ROM, CD-ROM, DVD, videotape or any other data storage media (whether or not in machine-readable form), whether or not asserted to be privileged or immune from discovery and whether master or original copy: agreements; communications (including intra-company communications and communications between individual corporate respondents); correspondence; cablegrams, radiograms, telegrams, telexes, and telecopier; notes and memoranda, summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; diagrams and drawings; blueprints and other engineering drawings; foils; slides; negatives; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press, publicity, trade and product releases; drafts of, or original,

preliminary notes or marginal notations appearing on any document; other reports and records; computer tapes or cards, electronic mail and any other information-containing paper or medium. A draft or non-identical copy is a separate document within the meaning of this term.

10. "Things" means any tangible item, including, without limitation, models, prototypes and samples of any device or apparatus.

11. "Relate to" shall mean anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

12. "Patent Holder" shall mean any inventor, licensee and all assignees of the rights of any invention in any of the Asserted Patents and/or any Counterpart thereof.

13. "Communication" shall mean any transfer of information, ideas, opinions, or thoughts by any means, written, oral, electronic, or otherwise, at any time or place under any circumstances.

14. The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall also include all of the events set forth in each and every subdivision of 35 U.S.C. § 102, including, without limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

15. "Flat Panel Display Products" shall mean any product that uses, contains, or incorporates one or more LCDs, PDPs or FEDs, and includes by way of example flat screen computer monitors, lap top screens and flat screen televisions.

16. The term "LCD" shall mean any display which uses liquid crystals to form or create an image (regardless of the technology, *e.g.* active vs. passive matrix; MVA; IPS; TN, etc.). The terms "PDP" and "FED" shall be interpreted as

the terms PDP and FED are used in the specifications of the Asserted Patents and/or any Counterpart thereof.

17.     "LPL Product" shall mean any product marketed, sold, distributed and/or offered for sale which includes an LCD, PDP and/or FED and includes, without limitation, products referred to by LPL in its press release dated July 11, 2006 entitled "LG Philips LCD Reports Second Quarter Results" and/or the LPL press release dated July 25, 2006 entitled "LG Philips Wins Side-Mounting Patent Arbitration" and/or the depiction attached as Exhibit 1 hereto, each of which are or were posted on the LPL website and including any sample, prototype or developmental version of any of the foregoing.

18.     "Mounting Technology" shall mean the structures, devices and/or methods used to affix, assemble or secure an LCD, PDP, FED and/or an LPL Product within, on or to another structure including, without limitation, a Flat Panel Display Product.

19.     "Accused Products" shall mean any product, including without limitation, all products sold, offered for sale, imported, used, or made, by or on behalf of, any defendant which LPL asserts infringes or may infringe any of the Asserted Patents or any Counterpart thereof and also including those products identified by LPL in response to ViewSonic's Interrogatory Nos. 1, 3 and 4.

20.     The terms "concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

21.     Regardless of the tense employed, all verbs shall be read as applying to past, present and future as is necessary to make the phrase more, rather than less inclusive.

**TOPICS FOR EXAMINATION**

   **Topic No. 7**

   a.    The current and/or past ownership of any right, title or interest in each of the Asserted Patents and/or any Counterpart thereof, and any non-disclosure agreements, development agreements and/or funding agreements relating thereto, and/or agreements not to enforce one or more of those patents;

   b.    Any agreements between LPL and any other person or entity, concerning (i) any Mounting Technology and/or (ii) any product, prototype, developmental version and/or simulation of an LCD, PDP, FED and/or LPL Product, which does or can perform or achieve one or more objects or advantages of the invention(s) disclosed in any of the Asserted Patents and/or any Counterpart thereof; and

   c.    The rights of any Patent Holder in each invention described or disclosed in the Asserted Patents and/or any Counterparts thereof, including without limitation the chain of title from the named inventors to LPL of each of the Asserted Patents and/or any Counterpart thereof.

   **Topic No. 8**

   a.    The preparation and/or prosecution of each of the Asserted Patents and/or any Counterpart thereof;

   b.    Communications to, from, between and/or with any patent office or similar authority to which any of the invention(s) described, disclosed and/or claimed in the Asserted Patents or any Counterpart thereof were disclosed including without limitation the U.S. Patent and Trademark Office and/or any other person, attorney or agent, concerning in any way any of the Asserted Patents and/or any Counterpart thereof, including but not limited to all documents or information presented to the Examiner of the applications that issued as the

Asserted Patents and/or any Counterpart thereof and all notes or reports relating to, reflecting or evidencing any interview and/or communication with any Examiner;

  c. Any disclosure of actual or possible prior art to any patent office or similar authority during prosecution of each of the Asserted Patents and/or any Counterpart thereof, including without limitation any Information Disclosure Statements and/or PTO-1449 Forms submitted to the U.S. Patent and Trademark Office, and the circumstances as to how and when LPL and/or the inventors, or their attorneys and/or agents for each of the Asserted Patents and/or any Counterpart thereof became aware of any cited or disclosed references;

  d. Prior art to the inventions disclosed in each of the Asserted Patents and/or any Counterpart thereof, including any such prior art asserted by any person in any meeting, correspondence, document, presentation, or any court or patent office proceeding, or identified in any search by LPL or the inventors, applicants, assignees or their attorneys and agents for each of the Asserted Patents and/or any Counterpart thereof; and

  e. The development and/or first use, first offer to sell, and/or first sale of any product, prototype, developmental version and/or simulation of a product that does or can achieve one or more of the objects of the invention recited in any of the Asserted Patents and/or any Counterpart thereof.

**Topic No. 9**

Your organizational structure, including but not limited to all persons involved in the evaluation, manufacture, marketing, distribution, importation, purchase, offering for sale and sale of any products which comprise or incorporate an LCD, PDP, FED and/or an LPL Product, and each person's and business entity's respective role and place in the chain of distribution of any products containing or relating to such display products.

**Topic No. 10**

    a.    The current and/or past ownership of any right, title or interest in each of the Asserted Patents and/or any Counterpart thereof, and any non-disclosure agreements, development agreements, ownership agreements, agreements to assign any rights, title or interest in the subject matter of the Asserted Patents and/or any Counterpart thereof and any similar agreements, any funding agreements relating thereto, and/or agreements not to enforce the Asserted Patents and/or any Counterpart thereof and/or any technology and/or patents relating to Mounting Technology;

    b.    Any agreements between LPL and any other person or entity, concerning or covering (i) any Mounting Technology; and/or (ii) any product, prototype, developmental version and/or simulation of an LCD PDP, FED and/or any LPL Product, or any component thereof which incorporates or performs the subject matter and/or objects of the inventions disclosed and/or claimed in any of the Asserted Patents and/or any Counterpart thereof; and

    c.    Any agreements with DEC (Digital Equipment Corporation) regarding or covering any development of any technology related to Flat Panel Display Products including any technology related to affixing, attaching and/or securing an LCD, PDP, FED and/or LPL Product within, on or to another structure of any type including without limitation, a Flat Panel Display Product.

**Topic No. 11**

All details regarding the awareness of any of the inventors of the Asserted Patents and/or any Counterpart thereof, the attorneys who prepared and/or prosecuted the applications that led to the Asserted Patents and/or any Counterpart thereof, and anybody substantively involved in the preparation and/or prosecution

of the applications that led to the Asserted Patents and/or any Counterpart thereof of any reference, patent, product, publication and/or prior art relating to Mounting Technology including, without limitation, the following:

     1.    Any reference, patent, product and/or publication identified by any defendant in response to any interrogatory propounded by LPL in this action, including without limitation, any such reference, patent, publication or product identified by ViewSonic in response to LPL Interrogatory No. 8, including all supplements or amendments thereto;

     2.    Bang [USPN 6,191,937, and any Counterpart thereof];

     3.    Any reference to front mounting, side mounting and/or side mount patent (as used in LPL 01557-1589).

**Topic No. 12**

Documents relating any topic in this Notice; the present and/or last known custody and location of all such documents; the destruction of any such documents; and the facts and circumstances surrounding any such destruction.



EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2006, a true copy of the foregoing **Notice of Deposition of LG.Philips LCD Co., Ltd. Pursuant to Rule 30(b)(6) Topics 7-12** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Richard D. Kirk<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801 | Anne Shea Gaza<br>Frederick L. Cottrell III<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>Wilmington, DE  19801 |

I hereby certify that on the 29th day of November, 2006, I have sent by email the foregoing document to the following non-registered participants:

| | |
|---|---|
| Cass W. Christenson<br>Lora A. Brzezynski<br>Rel S. Ambrozy<br>McKenna Long & Aldridge LLP<br>1900 K Street, NW<br>Washington, DC  20006 | Mark H. Krietzman<br>Valerie W. Ho<br>Frank E. Merideth, Jr.<br>Greenberg Traurig, LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA  90404 |
| Tracy R. Roman<br>Bingham McCutchen LLP<br>355 South Grand Avenue, 44th Floor<br>Los Angeles, CA  90071-3106 | Jong P. Hong<br>Greenberg Traurig, LLP<br>1900 University Avenue, 5th Floor<br>East Palo Alto, CA  94303 |

By: /s/  Jaclyn M. Mason
Jaclyn M. Mason (#4737)
jmason@cblh.com

13