# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>                    Plaintiff,<br><br>          v.<br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION<br><br>                    Defendants. | Civil Action No. 04-343 (JJF) |

**VIEWSONIC CORPORATION'S OPPOSITION TO
PLAINTIFF'S OBJECTIONS TO PORTIONS OF SPECIAL MASTER'S
REPORT AND RECOMMENDATIONS ON MOTION OF DEFENDANT
VIEWSONIC CORPORATION TO COMPEL DISCOVERY**

Jeffrey B. Bove (#0998)
Jaclyn M. Mason (#4737)
Connolly Bove Lodge & Hutz LLP
The Nemours Building, 8th floor
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
*Attorneys for Defendant
ViewSonic Corporation*

Of Counsel:

Scott R. Miller (CA Bar No. 112656)
Manuel Nelson (CA Bar No. 229590)
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Tracy R. Roman (CA Bar No. 199031)
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106

Date: December 1, 2006

**Table Of Contents**

**Page**

I. INTRODUCTION ................................................................................................... 1

II. BACKGROUND .................................................................................................... 2

III. LPL'S OBJECTIONS REGARDING RFAs 17 AND 23
SHOULD BE OVERRULED ................................................................................ 2

    A. LPL'S OBJECTIONS REGARDING RFA 17 ARE WRONG ................... 3

    B. LPL'S OBJECTION REGARDING RFA 23 SIMILARLY
       SHOULD BE OVERRULED ...................................................................... 4

IV. CONCLUSION ...................................................................................................... 6

I.  **INTRODUCTION**

ViewSonic Corporation ("ViewSonic") submits this opposition to the Objections of LG.Philips LCD Co., Ltd. ("LPL") served and filed November 16, 2006 ("LPL's Obj.") to the Special Master's November 8, 2006 Report and Recommendations on ViewSonic's Motion to Compel.  Specifically, LPL asks this Court to reject the conclusions of the Special Master that LPL should be compelled to respond to ViewSonic's Requests for Admission ("RFAs") 17 and 23.[1]

RFA 17 and 23 inquire about easily observable structural features and components of the lone ViewSonic product LPL accused of infringement in the Complaint, the VX900.  [*See*, *e.g.*, D.I. 1.]  The ViewSonic VX900 is a desktop flat-screen computer monitor.  RFA 17 simply asks LPL to admit the fact that the VX900 includes screws and screw holes that attach the stand to the VX900.  RFA 23 simply asks whether LPL agrees that a specific and clearly identified component (which LPL has labeled as "C" in previous submissions to the Court) is not part of another component LPL called the LCD module in the same Court filing.

In seeking to avoid responding to these straightforward requests, LPL asserted various objections.  Unable to resolve these objections through the meet and confer process, the matter was brought to the Special Master.  In ruling on ViewSonic's motion to compel, the Special Master correctly concluded that RFAs 17 and 23 are proper pursuant to FRCP 36 and do not seek a legal conclusion, are not hypothetical questions, are not vague and ambiguous, and do not require claim construction.  As discussed more fully below, these conclusions are unquestionably correct.  Thus, ViewSonic respectfully requests that the Court overrule LPL's objection and deem RFAs 17 and 23 admitted or compel LPL to properly respond to these RFAs.[2]

---

[1] The November 8, 2006 Special Master's Report and Recommendations (D.I. 306) is enclosed as Exhibit 1 and hereinafter referred to as "the R&R".
[2] A proposed Order is included as Exhibit 6.

1

**II.    BACKGROUND**

LPL accuses ViewSonic's VX900 desk top monitor of infringing U.S. Patent Nos. 6,498,718 and 6,501,641.[3]  These patents are entitled "Portable Computer and Method for Mounting A Flat Panel Display Device Thereon" and "Portable Computer Having a Flat Panel Display Device", respectively, and disclose the mounting of a flat screen display in a portable computer from the back of the display device in order to maximize the size of the screen in the small fixed size of a portable computer display case.  As the patents explain, prior art mounting techniques mounted these devices with screws that pass through a flange that extends from the side of the display, thereby reducing the size of the display area.  For purposes of illustration, in theory, a lap top computer which had an 11.5 inch display using the prior art "front mounting" technique could instead have a 12.1 inch screen without changing the size display case merely by practicing back mounting.[4]

**III.   LPL'S OBJECTIONS REGARDING RFAs 17 AND 23 SHOULD BE OVERRULED**

FRCP 36(a) provides, in pertinent part:

> A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact ....

FRCP 26(b)(1) provides a broad scope of discovery:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." [*In re Carney*, 258 F.3d 415, 418 (5th Cir. 2001).]  One of the policies underlying FRCP 36 is to help "litigants to winnow down issues

---

[3] A copy of U.S. Patent No. 6,501,641 is provided at Exhibit 2 (hereinafter "the '641 patent") and a copy of U.S. Patent No. 6,498,718 is provided at Exhibit 3 (hereinafter "the '718 patent").
[4] While sounding good in theory, the efficacy of this mounting technique remains unproven as LPL admits it has never made or sold a product using the invention claimed in the patents-is-suit.

2

prior to trial and thus focus their energy and resources on disputed matters." [*Id.*; *see also* FRCP 36 Advisory Committee Notes, 1970 Amendment (Rule 36 helps eliminate those issues that can be eliminated from the case).]

When ruling on a party's objections to the Special Master's report and recommendation, the Court may adopt, affirm, modify, reject, or reverse the report and recommendation of the Special Master, or resubmit the matter to the Special Master. [FRCP 53(g)(1).] The Court's review of the issues herein is *de novo*. [FRCP 53(g)(3) & (4).]

### A.   LPL'S OBJECTIONS REGARDING RFA 17 ARE WRONG

ViewSonic's RFAs 17 asks LPL to admit that the accused VX900 monitor uses two screws to attach the stand to the monitor:

**REQUEST FOR ADMISSION NO. 17.**

> Admit that the two top screws and two screw holes in the ViewSonic VX900 identified as "B" and "D" respectively in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto) attach the stand to the VX900 monitor.

[Ex. 5, at 5.[5]] The Special Master properly concluded that RFA 17 merely asks LPL to admit or deny a readily "observable *fact* with respect to the accused ... VX900" monitor. [R&R, at 19 (emphasis in original).] LPL's arguments that RFA 17 requires claim construction or a legal conclusion and is vague and ambiguous are simply wrong. RFA 17 does not expressly or implicitly refer to the '641 or '718 patents, or to any claim of these patents. Thus, the requests do not prematurely seek claim constructions or legal conclusions. The words "screw holes" or "attach" used in RFA 17 are common, everyday words. The fact that the common words such as "screw holes" and "attaching" find themselves in some of the claims of the '641 or '718 patents is of no consequence.

---

[5] The Bohannon Declaration referenced in RFA 17 was previously filed by LPL with the Court (D.I. 5), and included five photographs of ViewSonic's VX900 labeled "Viewsonic001.jpg" to "Viewsonic005.jpg". Exhibit 4 submitted herewith provides the pertinent portions of the Bohannon Declaration. Exhibit 5 hereto is a copy of ViewSonic's RFAs, together with the five photos of the VX900 monitor filed with the Court by LPL. The referenced two top screws and two screw holes identified as "B" and "D" can be best seen in the photos labeled "Viewsonic002.jpg" and "Viewsonic003.jpg."

3

As the Special Master recognized here, LPL's arguments seek to turn discovery on its head by using the Court's desire to protect the integrity of the Markman process from the intrusion of premature discovery as a broad shield to thwart clearly legitimate discovery that is unrelated to the claim construction process.[6] LPL's arguments are a waste of the parties' and the Court's resources, and are illustrative of LPL's obstructive conduct that has paralyzed this case. LPL consistently has denied ViewSonic discovery in response to ViewSonic's discovery requests that include any word used in the patents in suit, or touches even only marginally upon a claim term. As a result of LPL's approach, the Special Master has been flooded with discovery motions. ViewSonic alone still has pending motions seeking to compel responses to more than 20 additional discovery requests such as those at issue here.

LPL's conduct cannot be condoned. FRCP 36 is designed to eliminate needless disputes prior to trial and allow resources to be properly spent on legitimately disputed matters. RFA 17 should be deemed admitted, or, alternatively, LPL must be compelled to promptly admit or deny RFA 17.

### B. LPL'S OBJECTION REGARDING RFA 23 SIMILARLY SHOULD BE OVERRULED

RFA 23 asks LPL to admit whether a particular component of the VX900 monitor is part of the LCD module, another component of the VX900 monitor:

**REQUEST FOR ADMISSION NO. 23.**

> Admit that the part in the ViewSonic VX900 identified as "C" in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto) is not part of the LCD module identified as "H".

[Ex. 5, at 6.[7]]

---

[6] There is no implication in RFA 17 that "attach" or "screw holes" or any words are to be ascribed a special meaning the words might have in the context of a patent claim. Indeed, where ViewSonic sought an admission based on meanings of words used in a claim of the patents-in-suit, ViewSonic knew how to do so by specifically referring to the term as used in the claims. [*See*, *e.g.*, Ex. 5, at 2-3 (RFAs 1 and 2).]

[7] *See* footnote 5 above. The referenced part identified as "C" is found in the photos labeled "Viewsonic003.jpg" and "Viewsonic005.jpg". The photo "Viewsonic005.jpg" also shows the LCD module identified as "H". The reference to an "LCD module" as the part identified as "H" is found in Bohannon's Declaration (D.I. 5 and Ex. 4 hereto), at ¶26.

4

As with RFA 17, the Special Master properly concluded that RFA 23 merely asks LPL to admit or deny a readily "observable fact with respect to the accused ... VX900" monitor. [R&R, at 22.] In response to LPL's complaint that it could not determine whether RFA 23 refers to some "pre-assembly" state or "post-assembly" state of the VX900 monitor, the Special Master astutely noted that "[t]o the extent that LPL's response would differ based upon whether the VX900 is observed pre-assembly or post-assembly, LPL should admit or deny the request for admission with an appropriate qualification that would appear to require only a minimal explanation." [R&R, at 22.]

LPL now argues that it does not understand what "part of" means.[8] LPL's professed confusion is simply another example of its obstructive conduct, as the term is simple, clear and well understood. The component identified as "C" in the photographs filed by LPL with the Court either is or is not <u>part of</u> the LCD module (the component identified as "H" in the photos).

LPL attempts to cloud the issue by arguing that RFA 23 poses various "hypothetical scenarios that may depend on the Court's claim construction of disputed [claim] terms."[9] [LPL's Obj. at 8.] LPL's argument is meritless and was not raised before the Special Master. RFA 23 does not recite a single claim term, and does not pose a hypothetical question.

LPL also argues that it does not know whether RFA 23 refers to some "pre-assembly" or "post-assembly" state of the VX900 monitor. [LPL's Obj., at 7-8.] This argument reflects LPL's obstructive conduct. "*Pre*-assembly" presumably means *before* the VX900 is assembled. No VX900 exists "*pre*-assembly." A VX900 monitor cannot exist until <u>*after*</u> it has been assembled. RFA 23 refers to a VX900, thus it cannot refer to some "pre-assembly" state.

Moreover, LPL notably has never indicated that its response would be different in either

---

[8] In its arguments to the Special Master, LPL argued that it did not understand the phrase "is not part of." *See* LPL's Obj., Exhibit 7, at 9; *see also* R&R, at 22 (noting that "LPL argues that the phrase 'is not part of' is vague and ambiguous.").
[9] LPL tries to link various claim terms to RFA 23, such as "frame", "attaching", "fixing", "fixed" and "fastening". *See* LPL's Obj., at 8. RFA 23 clearly does not use any of these terms. Moreover, this argument was not made to the Special Master. *See* LPL's Obj., Exhibit 7, at 9. The only claim term identified to the Special Master was "device". *Id.*

5

case. The Special Master implicitly noted LPL's silence on this issue by ruling that "[t]o the extent that LPL's response would differ based upon whether the VX900 is observed pre-assembly [disassembled] or post-assembly [assembled], LPL should admit or deny the request for admission with an appropriate qualification that would appear to require only a minimal explanation." The Special Masters' ruling curtails further evasiveness by LPL but still accommodates LPL's likely specious confusion by suggesting LPL admit or deny RFA 23 with a straightforward qualification -- e.g., by denoting a response for each of the two particular states (assembled or disassembled). The Special Master's ruling does not require LPL to speculate as to what RFA 23 seeks.

Finally, LPL baselessly argues that RFA 23 "seems to be asking LPL to declare whether or not the VX900 infringes the Patents-in-Suit." [LPL's Obj., at 9.] This represents another example of the strained interpretations LPL gives to ViewSonic's discovery requests. There is nothing in RFA 23 that asks about infringement *vel non* by the VX900. It is notable that LPL reveals that, if forced to respond, it will "craft complicated equivocations" to and "extensively and exhaustively qualif[y]" any response to RFA 23. [LPL's Obj. at 8, 9.] The Special Master's ruling specifically forbids LPL from engaging in this type of evasive conduct, and the Order of this Court should likewise preclude any continued mockery of the discovery process by LPL. LPL's delay and misconduct regarding this simple, straightforward discovery request must be brought to a close.

LPL's objection should be overruled, and RFA 23 should be deemed admitted. Alternatively, LPL should be compelled to admit or deny that the component identified as "C" in the photographs filed by LPL with the Court is not part of the LCD module (which is the component identified as "H").

### IV.  CONCLUSION

Based upon the foregoing, ViewSonic respectfully requests that the Court overrule LPL's objections, and deem RFAs 17 and 23 admitted. Alternatively, ViewSonic respectfully requests that the Court adopt the Special Master's R&R as to RFAs 17 and 23, and Order LPL to properly

6

respond to RFAs 17 and 23 within five days of service of the Court's decision on LPL's objection.

Date: December 1, 2006

Respectfully submitted,

Connolly Bove Lodge & Hutz LLP

Of Counsel:

Scott R. Miller  (CA Bar No. 112656)
Manuel Nelson (CA Bar No. 229590)
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071

Tracy R. Roman (CA Bar No. 199031)
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA  90071-3106

By: /s/ Jeffrey B. Bove
    Jeffrey B. Bove (#998)
    Jaclyn M. Mason (#4737)
    The Nemours Building, 8th floor
    1007 North Orange Street
    Wilmington, DE 19801
    Telephone: (302) 658-9141
    Facsimile: (302) 658-5614

*Attorneys for Defendant*
*ViewSonic Corporation*

7