# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD. | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 0 4 - 3 4 3 |
| | ) |
| TATUNG CO.; TATUNG COMPANY | ) |
| OF AMERICA, INC.; AND | ) |
| VIEWSONIC CORPORATION | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

FILED U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2004 MAY 27 PM 3: 52

## <u>DECLARATION OF WILLIAM K. BOHANNON</u>

I, William K. Bohannon, declare under penalty of perjury as follows:

1.     I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could competently testify to those facts. I make this declaration in support of LG.Philips LCD Co., Ltd.'s ("LPL") motion for a preliminary injunction.

2.     I am a resident of the state of California, and I reside at 2060 Ridgecrest Place, Escondido, California.

3.     In 1977, I received a Bachelor of Arts degree in mathematics. In addition, I have completed graduate work in mathematics, physics and computer science. I have studied several foreign languages, and I am fluent in Japanese.

| Claims in the '718 Patent | Representative Support for the claims from the '718 Patent Disclosure |
|---|---|
| | the case 21." Col. 4:62 - Col. 5:3. |

10.    In addition to reviewing and analyzing the '641 and the '718 patents, I reviewed and analyzed the file history associated with each patent, including the prior art cited in the file histories. This includes the prior art cited by the examiner, as well as the prior art submitted to the Patent Office by the applicant. Moreover, I concur with the Examiner that the claims in both patents, and in particular, claims 35, 36 and 55 of the '641 patent, and claims 33, 35 and 40 of the '718 patent are patentable over the prior art that was cited. A true and correct copy of the file history associated with the '641 patent is attached as *Exhibit 4*; a true and correct copy of the file history associated with the '718 patent is attached as *Exhibit 5*.

11.    I was also asked to examine, and I did in fact examine, a Tatung L17AMTN flat panel display monitor and a ViewSonic VX900 LCD monitor. In doing so, I compared both products to each of claims 35, 36 and 55 in the '641 patent and to each of claims 33, 35 and 40 in the '718 patent for the purpose of determining whether the products infringe any one or more of these claims. The procedure that I used to examine these products, along with my observations and opinions regarding infringement are set forth in detail below.

12.    I examined the Tatung and ViewSonic monitors in the San Diego office of McKenna, Long & Aldridge LLP. In general, my examination of both products involved sufficiently disassembling the products so that I was able to carefully study the structural

and electrical components contained therein and, more particularly, to determine how the flat panel display device in both products is mounted.

13.     During my examination, I took several photographs. In addition to the photographs that I took, additional photographs were provided to me. I occasionally refer to one or more of these photographs herein below, where I have determined that doing so helps clarify my statements.

14.     As stated above, I have previously worked on patent litigation matters and patent prosecution matters, and I understand that before I can determine whether a patent claim is infringed, the claim must be properly construed. In construing claims 33, 35 and 55 of the '641 patent and claims 35, 36 and 40 of the '718 patent, I applied the ordinary and accustomed meaning to all recited terms, including each of the following terms: data processing device, housing, frame and case. For the term "data processing device," the ordinary and accustomed meaning is any device that performs data processing, where the term "data processing" means any operation or combination of operations on data.[1] For the term "housing," the ordinary and accustomed meaning is a case or enclosure.[2] For the term "frame," the ordinary and accustomed meaning is a case or structure made for

_____

[1] The McGraw-Hill Dictionary of Scientific and Technical Terms, 5th Edition (1994).

[2] Webster's Third New International Dictionary, 3rd Edition (1993).

| Claims in the '718 Patent | Tatung L17AMTN Monitor |
|---|---|
|  | K, between a first support frame C and a second support frame M. |
| **35.** The method of claim 33, wherein the fastening element comprises a screw hole. | Each of the four screw holes D constitutes a fastening element, or at least a portion of a fastening element. |
| **40.** A rear mountable method of assembling a liquid crystal display (LCD) device comprising: | The Tatung L17AMTN monitor includes a Chi Mei LM170E4-L02 flat panel TFT LCD module K, a first support frame C and a rear housing A. The Chi Mei module K and the support frame C are rear mounted to the rear housing A. accordingly, the Tatung monitor was assembled in accordance with a rear mountable method of assembling a LCD device. |
| arranging the LCD device on a inner surface of a display case, wherein the display case has an inner surface and back; | The Chi Mei module K and the first support frame C are located just in front of the rear housing A. Therefore, the Chi Mei module K and the first support frame C are arranged on an inner surface of the rear housing A, where the rear housing A constitutes a display case. |
| attaching the LCD device to the display case from the back of the display case. | The Chi Mei module K and the first support frame C are attached to the rear housing A from the back of the rear housing A, in that the Chi Mei module K is supported by the first frame C, which is rear mounted to the rear housing A by the four screws B passing through the rear surface of the rear housing A and through the screw holes D at the rear surface of the first support frame C. |

## The ViewSonic VX900 Moitor

23.    I began my examination of the ViewSonic VX900 monitor by removing the

rear housing A. *Id. at viewsonic001.jpg; see also, viewsonic002.jpg.* To remove the rear

housing A, I had to first remove two plastic screw covers. *Id. at viewsonic001.jpg.* Then

I removed the six screws B that secure the base of the monitor to the rear housing A. *Id.*

*at viewsonic002.jpg..* On the back surface of the rear housing A, beneath the plastic

screw covers, there was a product information tag indicating, among other things, the model number: VX900 of the monitor. *Id.*

24.    Removing the rear housing A exposed the rear surface of a support frame C. *Id. at viewsonic003.jpg.* Towards the bottom center of the support frame C, there were two screw holes D through the rear surface of the support frame C. *Id.* When the six screws B are installed, the two screw holes D receive two of the six screws B. Together, the two screws and the two screw holes D secure the support frame C to the rear housing A, where these two screws pass through the rear surface of the support frame C, through a metal bracket associated with the monitor base, and through the rear surface of housing A. *Id. at viewsonic001.jpg and viewsonic003.jpg.*

25.    I did examine the electronic circuitry in the ViewSonic monitor. The circuitry included a Genesis gm5120 microchip E. *Id. at viewsonic004.jpg.* The Genesis gm5120 microchip E is a data processor that processes digitized video data. A data sheet for the Genesis gm5120 is attached as *Exhibit 9.*

26.    The ViewSonic monitor had a front housing F. The clips G hold the front housing F and the rear housing A together. *Id. at viewsonic005.jpg.* I then separated the support frame C and the front housing F, thereby exposing the LCD module H positioned between the support frame C and the front housing F. *Id. at viewsonic005.jpg.*

27.    The LCD module H in this ViewSonic VX900 monitor was a Fujitsu LCD Unit, model no. FLC48SC8V. The Fujitsu LCD Unit H contained a TFT LCD panel and a backlight unit, as shown in Section 11 of the Fujitsu Specification of FDTC TFT-LCD module attached as *Exhibit 10.* It will be understood that the backlight unit is located

behind the LCD panel in the LCD module H. Furthermore, the backlight unit and the

LCD panel were secured between two additional frames J and K, where frame J was

located at the rear of the module H, and frame K was located at the front of the module

H. *Exhibit 6 at viewsonic005.jpg.*

      28.     Based on my examination of the ViewSonic VX900 monitor, it is my

opinion, the ViewSonic VX900 monitor literally infringes the '641 patent because each

and every limitation set forth in claims 35, 36 and 55 of the '641 patent can be found in

the ViewSonic monitor. The bases for my opinion are set forth below in Table V.

**Table V**

| Claim in the '641 Patent | ViewSonic VX900 Monitor |
|---|---|
| **35.** A rear mountable flat panel display device capable of being mounted to a data processing device, the flat panel display device comprising: | The ViewSonic VX900EX monitor contains a Fujitsu FLC48SC8V flat panel TFT LCD module H. The Fujitsu module H, in conjunction with the first support frame C, is rear mounted within the monitor. <br><br> The monitor is a data processing device as it contains a video processor for processing video data. The monitor is also part of (i.e., a component of) a computer system, where a computer system constitutes a data processing device or system. |
| a backlight unit including a first frame having a fastening part at a rear surface of the first frame, a flat display panel adjacent to the backlight unit; and | The Fujitsu module H contains a backlight unit and an LCD panel. The LCD panel is a flat display panel that is located immediately in front of the backlight unit. <br><br> The Fujitsu module H and, therefore, the backlight unit in the Fujitsu module H, are supported by the first support frame C. The first support frame C has screw holes D through its rear surface. Each of the two screw holes D through the rear surface of the support frame C constitutes a fastening part, or |

30.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _21_ day of May, 2004.

William K. Bohannon

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 27, 2004,  he caused copies of the

within document to be served in the manner indicated below:

HAND DELIVER
ViewSonic Corporation
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801


FIRST CLASS U.S. MAIL

Tatung Company
22 Chungshan N Rd.
Section 3, 10451
Taipei, Taiwan.

and

Tatung Company of America, Inc.
2850 El Presidio Street
Long Beach, California 90810

_____

Richard D. Kirk (#922)

Exhibit 6 of May 21, 2004
Declaration of
William K. Bohannon



tatung002.jpg



tatung003.jpg











viewsonic004.jpg



viewsonic005.jpg