# EXHIBIT
# 6



Not Reported in F.Supp.                                                    Page 1
Not Reported in F.Supp., 1997 WL 873548 (D.Del.)
**(Cite as: 1997 WL 873548 (D.Del.))**

Ⓒ

Only the Westlaw citation is currently available.


United States District Court, D. Delaware.
George E. FULHORST, d/b/a Saf-T-Net, USA,
Plaintiff,
v.
UNITED TECHNOLOGIES AUTOMOTIVE, INC.,
Defendant.
**No. CIV. A. 96-577-JJF.**


Nov. 17, 1997.

Arthur G. Connolly, Jr., Esquire, of Connolly, Bove, Lodge & Hutz, Wilmington, Delaware. Of Counsel: Gregory M. Luck, Esquire of Sankey & Luck, L.L.P., Houston, Texas; James M. McGraw, Esquire, and James L. Reed, Jr., Esquire of Looper, Reed, Mark & McGraw, Houston, Texas; Timothy N. Trop, Esquire of Fish & Richardson, Houston, Texas. Attorneys for Plaintiff.


Donald F. Parsons, Jr., Esquire, and Karen L. Pascale, Esquire of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware. Of Counsel: Timothy J. Haller, Esquire, and Robert P. Greenspoon, Esquire of Niro, Scavone, Haller & Niro, Chicago, Illinois; Lloyd D. Doigan, Esquire, and Ozer Teitelbaum, Esquire of United Technologies Automotive, Inc., Dearborn, Michigan. Attorneys for Defendant.


MEMORANDUM OPINION

FARNAN, Chief J.


I. INTRODUCTION

**\*1** Presently before the Court is Defendant United Technologies' Motion To Compel Discovery (D.I.70). Plaintiff brought the Complaint in this matter on November 27, 1996 alleging infringement of United States Patent No. 4,523,178 ("the '178 patent"), which was issued for a "Wireless Alarm System in Conjunction with at Least One Vehicle." (D.I.1). Defendant has submitted its Motion To Compel Discovery in response to the Court's Order of September 22, 1997 (D.I.75), which proposed a procedure for resolving certain discovery matters. (D.I. 71 at 1). In its Motion, Defendant seeks an order compelling Plaintiff to respond to Requests for Admission Numbers 18 and 19 made pursuant to

Federal Rule of Civil Procedure 36(a). (D.I.70).

II. DISCUSSION

Rule 36(a) permits a party to serve another party with written requests for admission of the truth of matters relevant to the pending action. Fed.R.Civ.P. 36(a). Admissions sought under Rule 36 serve "first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed.R.Civ.P. 36 (Advisory Committee's Note to 1970 Amendment); see Coca-Cola Bottling Co. V. Coca-Cola Co., 123 F.R.D. 97, 102 (D.Del.1988) (Rule 36 admissions expedite trial by narrowing range of issues). With these purposes in mind, the Court considers Requests 18 and 19 separately below.


Request for Admission No. 18

Defendant's Request for Admission No. 18 reads as follows:

> A "car finder" ("car locator") feature in a radio frequency controlled vehicle entry system is different from a "panic alarm" feature, even when the system structure and software associated with the two features are identical.

(D.I. 71, Ex. B at 8). Plaintiff contends in its response to this request that the words "associated," "car finder" and "system structure and software" are vague and render the request ambiguous. (D.I. 71, Ex. B at 8). Defendant asserts that these terms are clear on their face and require no further explanation. (D.I. 71 at 3).


The Court agrees with Plaintiff that the term "associated" is vague. Requests for admission should be phrased so that they can be admitted or denied with minimal explanation. United Coal Companies v. Powell Construction Company, 839 F.2d 958, 967 (3d Cir.1988) (quoting Havenfield Corp. V. H & R Block, Inc., 67 F.R.D. 93, 96 (W.D.Mo.1973). A party is not required to respond to a request that contains vague or ambiguous statements. Dubin v. E.F. Hutton, 125 F.R.D. 372, 375-76 (S.D.N.Y.1989); 7 James Wm. Moore et al., *Moore's Federal Practice* § 36.10[6] (3d ed.1997). The Court is not convinced that Plaintiff could respond to Request No. 18 with minimal explanation, due to the ambiguity of the term "associated" as used in this context. Therefore, the Court concludes that Plaintiff need not respond to this request.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                    Page 2
Not Reported in F.Supp., 1997 WL 873548 (D.Del.)
**(Cite as: 1997 WL 873548 (D.Del.))**

Request for Admission No. 19

Defendant's Request for Admission No. 19 reads:
 **\*2** The "panic alarm" components manufactured
 and sold by UTA for installation in a vehicle by an
 automotive OEM (which SAF-T-NET accuses of
 infringing claims of the '178 patent) would not
 infringe claims 3-5 of the '178 patent if such
 components were used a part of a "car finder" ("car
 locator") feature in a vehicle installation having
 identical structure and software.
 (D.I. 71, Ex. B at 8-9).   Plaintiff denies this request
on the grounds that it is hypothetical and improperly
calls for legal opinion. (D.I. 71, Ex. B at 8-9).   In
response, Defendant contends that the request is
based on facts relevant to the case, and that it calls
for the application of law to facts, rather than a legal
conclusion. (D.I. 71 at 4).

 Although requests for admission may relate to
statements or opinions of fact or the application of
law to fact, requests that seek legal conclusions are
not appropriate under Rule 36.   7 James Wm. Moore
et al., *Moore's Federal Practice* § § 36.10[7],
36.10[8] (3d ed.1997); *see Golden Valley Microwave
Foods, Inc. v. Weaver Popcorn Company, Inc.,* 130
F.R.D. 92, 96 (N.D.Ind.1990) (improper to seek legal
conclusion through Rule 36); *Williams v. Krieger,* 61
F.R.D. 142, 144 (S.D.N.Y.1973) ("pure requests for
admissions of law" are prohibited under Rule 36).
Further, Rule 36 "does not authorize requests for
admissions of law unrelated to the facts of the case."
Fed.R.Civ.P. 36 (Advisory Committee Note to 1970
Amendment).

 The Court has considered several cases to inform its
decision as to whether Request No. 19 should be
characterized as a request for a conclusion of law or a
request for the application of law to fact.   For
example, in *First Options of Chicago, Inc. v.
Wallenstein,* a case relied upon by Defendant, the
United States District Court for the Eastern District
of Pennsylvania considered a Rule 36 request that
Defendant admit he owed fiduciary duties to certain
individuals. C.A. No. 92-5770, 1996 WL 729816, at
\*3 (E.D.Pa.1996).   The court viewed this request as
an application of law to facts relevant to the case, and
therefore ordered the defendant to answer.   *Id.*
(citations omitted). [FN1]   Similary, in *Ransom v.
United States,* one of the disputed requests asked
Defendant to admit that certain actions by particular
individuals created privity of contract. 8 Cl.Ct. 646,
647-48 (Cl.Ct.1985).   The United States Claims
Court found this to be an acceptable conclusion of

law related to facts of case.   *Id.* However, the court
found a request for the admission that jurisdiction
was conferred by a certain statute to be an
inappropriate conclusion of law.   *Id.*

> FN1.   Defendant also cites *Audiotext
> Communications Network, Inc. v. U.S.
> Telecom, Inc.,* C.A. No. 94-2395-GTV, 1995
> WL 625744, at \*6 (D.Kan.1995).   However,
> the text of the requests at issue in that case
> are not provided in the opinion, and
> therefore, the opinion does not directly aid
> this analysis.

 Given the nature of the instant case, the Court has
also considered patent cases involving Rule 36.   For
example, in *Golden Valley Microwave Foods, Inc. v.
Weaver Popcorn Company, Inc.,* the United States
District Court for the Northern District of Indiana
considered the propriety of a request to admit the
validity of certain patent claims. 130 F.R.D. 92, 96
(N.D.Ind.1990).   The court stated that "whether a
patent is valid calls for a legal conclusion although its
answer may depend upon factual inquiries."   *Id.*
(citations omitted).   Based on this reasoning, the
court determined that the defendant's request that the
plaintiff admit the validity of a patent claim was
inappropriate because it sought a "bald legal
conclusion." *Id.*

 **\*3** In another patent case, *Naxon Telesign Corp. v.
GTE Information Systems, Inc.,* the defendant
requested plaintiff's admission that various elements
disclosed in a related patent satisfied quoted language
in the plaintiff's patent. 30 Fed. R. Serv.2d 1286,
1287 (N.D.Ill.1980).   The United States District
Court for the Northern District of Illinois held that
the request need not be answered, as it improperly
sought "to obtain an admission of the ultimate *legal
conclusion* in the case rather than admissions 'of fact
or of the application of law to fact."   *Id.* (quoting
Fed.R.Civ.P. 36(a)) (emphasis in original).

 The Court agrees with the reasoning set forth in
*Golden Valley* and *Naxon,* and concludes that
Request No. 19 improperly seeks the admission of a
legal conclusion.   In Request No. 19, Defendant asks
Plaintiff to assume that the allegedly infringing
device is used in a certain manner, and then asks
Plaintiff to admit that the device, if used in such a
manner, infringes on Plaintiff's patent.   Determining
whether infringement has occured involves, in the
first instance, claim construction, which is a legal
conclusion drawn by a court. *Markman v. Westview
Instruments, Inc.,* 517 U.S. 370, 116 S.Ct. 1384,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                        Page 3
Not Reported in F.Supp., 1997 WL 873548 (D.Del.)
**(Cite as: 1997 WL 873548 (D.Del.))**

1393, 134 L.Ed.2d 577 (1996).   By asking Plaintiff to admit to infringement in the context of the hypothetical use of its device, Defendant is improperly asking Plaintiff to draw a legal conclusion, which is not permitted by Rule 36. Therefore, Plaintiff will not be required to comply with this request.

### III. CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion To Compel Discovery (D.I.70).

An appropriate Order will be entered.

Not Reported in F.Supp., 1997 WL 873548 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.