IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG CO.; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 04-343 (JJF) |

**PLAINTIFF LG.PHILIPS LCD CO., LTD'S REPLY BRIEF IN SUPPORT OF ITS OBJECTIONS TO PORTIONS OF SPECIAL MASTER'S REPORT AND RECOMMENDATIONS ON MOTION OF DEFENDANT VIEWSONIC CORPORATION TO COMPEL DISCOVERY**

THE BAYARD FIRM
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:

Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

December 8, 2006

645621-1

-ii-

**TABLE OF CONTENTS**

I. ARGUMENT ................................................................................................................. 1

    A. Request for Admission No. 17 Improperly Seeks Legal Conclusions ................... 2

    B. Request No. 23 Improperly Seeks A Legal Conclusion ......................................... 3

    C. The Requests for Admission Should Not Be Deemed Admitted as a Matter of Law ........................................................................................................................ 5

II. CONCLUSION .............................................................................................................. 6

## **TABLE OF AUTHORITIES**

### **CASES**

*Abbott v. United States*,
   177 F.R.D. 92 (N.D.N.Y. 1997)................................................................................................ 1

*Fulhorst v. United Technologies Auto., Inc.*,
   1997 WL 873548, *3 (D. Del. 1997) ........................................................................................ 1

*Tulip Computers Int'l B.V. v. Dell Computer Corp.*,
   210 F.R.D. 100 (D. Del. 2002) ......................................................................................... 1, 3, 5

*Wesley Jessen Corp. v. Bausch & Lomb, Inc.*,
   209 F. Supp. 2d 348.12 (D. Del. 2002).................................................................................... 1

### **STATUTES**

Fed. R. Civ. P. 36................................................................................................................. passim

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), through counsel, submits its Reply in Support of Objections to the portions of the Special Master's Report and Recommendations on Motion of Defendant ViewSonic Corporation to Compel Discovery (the "Report") that pertain to Defendant ViewSonic Corporation's ("ViewSonic") Request for Admission Nos. 17 and 23.

## I.   ARGUMENT

ViewSonic filed its opposition to LPL's objections on December 1, 2006.[1] (D.I. 326). As set forth below, ViewSonic's opposition misapplies the standards that govern Requests for Admission under Fed. R. Civ. P. 36. Requests for Admission 17 and 23 seek to force LPL to take positions and make concessions concerning disputed claim terms and how those terms should be applied in this case. Because Requests 17 and 23 are unfair, ambiguous, and improper, LPL should not be required to respond to those Requests. *See Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) (finding "requests directed towards applying the claims of the patent or requiring application of the claims prior to any *Markman* ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions and therefore, improper."); see also *Fulhorst v. United Technologies Auto., Inc.*, 1997 WL 873548, *3 (D. Del. 1997); *Abbott v. United States*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997).

---

[1] ViewSonic's opposition is misleading in certain respects. For example, ViewSonic suggests that the "efficacy of" the patented mounting technology at issue "remains unproven" because LPL "has never made or sold a product using the [claimed] invention." (D.I. 326 at 2 n.4.) Whether or not a patent holder practices its own invention is of no moment. *Wesley Jessen Corp. v. Bausch & Lomb, Inc.*, 209 F. Supp. 2d 348, 403 n.12 (D. Del. 2002) (finding "it is well-settled that a patentee need not commercialize his invention to successfully sue for patent infringement, and that a patent at its core is the right to exclude.") Conversely, ViewSonic does sell visual display products that use and infringe LPL's patented invention. ViewSonic also suggests that the invention is limited to laptop computers, which is incorrect. (*See* D.I. 326 at 2.) LPL will not respond to all of ViewSonic's disputed statements here, but will instead do so in the future if and when those issues are directly presented for resolution.

-2-

**A.     Request for Admission No. 17 Improperly Seeks Legal Conclusions**

Request No. 17 is improper because it directly and indirectly employs a number of claim terms whose proper construction is currently in dispute. LPL should not have to guess as to the meaning of those disputed terms that this Court will adopt in responding to Request No. 17. Without the benefit of this Court's construction prior to responding to Request No. 17, LPL cannot know what specifically LPL is being asked to admit or deny.

For example, Request No. 17 -- which asks LPL to admit or deny that certain screws and "screw holes" "attach" a stand to the VX900 monitor -- directly implicates the quoted claim terms. Because those quoted claim terms (i.e., "screw holes" and "attach[ing]") are currently in dispute, their proper meaning is dependant on this Court's ultimate construction. Furthermore, Request No. 17 indirectly implicates other disputed claim terms, including: i) "fastening part" or "fastening element" because those are the genus of disputed term "screw", which is labeled as "B" in Request No. 17; and ii) "fastening hole" and "stepped hole" because those are also the genus of the disputed term "screw hole", which is labeled as "D" in Request No. 17.

On November 16, 2006, the parties filed their Joint Submission of Claim Terms, Proposed Constructions and Citations to Intrinsic Evidence (the "Joint Submission"). (D.I. 312.) In that Joint Submission, the parties identified the claim terms for which the meanings are in dispute, and thus require construction by this Court. Each of the parties also submitted its proposed construction for each disputed term for this Court's consideration. Thus, not only does each disputed term now have multiple proposed meanings, but this Court may choose to modify the proposed definitions, or assign a totally different meaning than that suggested by the parties.

Given the above, Request No. 17 improperly asks LPL to admit or deny a proposition that has several potential meanings, and likely will not be narrowed to a single meaning until this Court issues its claim construction Order sometime in 2007. Consequently, ViewSonic is

improperly asking LPL to make a legal conclusion. *See Tulip Computers Int'l*, 210 F.R.D. at 108 (holding requiring a party to respond to a request for admission when claim terms are in dispute is in reality a request for a legal conclusion, and thus improper).

ViewSonic attempts to characterize Request No. 17's use of claim-related language as coincidental, suggesting that "screw holes" and "attach" are "common, everyday words" that "find themselves" in the patent claims but pose "no consequence." (D.I. 326 at 3.) LPL respectfully disagrees. By using these disputed terms, ViewSonic is attempting to obtain legal conclusions and concessions from LPL to support ViewSonic's arguments regarding the scope or meaning of the contested claims and claim terms. In doing so, ViewSonic improperly injects disputed Markman and infringement issues into Rule 36. LPL disputes ViewSonic's claim interpretations and the non-infringement contentions that underpin Request No. 17. LPL agrees that Rule 36 "is designed to eliminate needless disputes," (D.I. 326 at 4), but Request No. 17 is calculated to extract a premature admission, and inflict an unfair concession from LPL, not to identify any undisputed fact. Accordingly, this Court should find that LPL is not required to respond to Request No. 17. *See Tulip Computers Int'l*, 210 F.R.D. at 108.

### B. Request No. 23 Improperly Seeks a Legal Conclusion

Request No. 23 is improper because it also directly and indirectly employs a number of claim terms whose proper construction is currently in dispute. Thus, if LPL were to respond to Request No. 23 -- which asks LPL to admit or deny that a certain part in the VX900 monitor referred to as "C" is not part of the LCD module identified as "H" -- LPL would be unfairly prejudiced because multiple different meanings could apply to that Request, depending on how the Court ultimately construes each disputed term.

For example, Request No. 23 refers to a "part" "identified as 'C'", which is described by Mr. Bohannon (LPL's technical expert) as a frame. Although not directly referenced in Request

-3-

No. 23, this frame correlates to the disputed term "first frame"; for which all three parties submitted proposed constructions. Similarly, the LCD module identified as "H" in Request No. 23 pertains to the disputed term "liquid crystal display (LCD) device"; for which all three parties submitted proposed constructions. Finally, whether or not the "frame" is part of the "LCD module" necessarily implicates the disputed terms "flat panel display device" and "liquid crystal display (LCD) device"; for which all three parties submitted proposed constructions.

Although ViewSonic argues that Request No. 23 is proper because the Request does not literally quote the claim terms, as demonstrated above, this argument is unpersuasive. Request No. 23 directly implicates claim terms by, for example, asking LPL to state whether a frame (identified by Mr. Bohannon as part "C") is "not part of" an LCD module. ViewSonic presumably intends to use LPL's response to support ViewSonic's contentions concerning the relationship of the "first frame" and/or "second frame" to other components or items relevant to the scope and meaning of the claims and claim terms, such as a "flat panel display device."

For example, ViewSonic has argued in its preliminary injunction papers, that the VX900 uses a "metal tray" that "is not supplied by the LCD module manufacturer and, by the express terms of the Patents-in-Suit, is not part of a flat panel display device." (D.I. 64 at 7) (emphasis added). As a result, ViewSonic is improperly using Request No. 23 to elicit concessions intertwined with the *Markman* process and legal conclusions concerning claim scope and meaning. In essence, ViewSonic is attempting to use Request No. 23 as a tool to define the scope of the claims of the Patents-in-Suit.

ViewSonic unconvincingly attempts to justify Request No. 23 by stating that the frame identified as "C" "either is or is not part of the LCD module." (D.I. 326 at 5.) Whether the frame is or is not "part of" the module, however, depends to some degree on what ViewSonic

-4-

means by "part of." Disputed terms such as "fixed," "attaching," "mounted," and "fastening" all could overlap with ViewSonic's use of the term "part of", thereby allowing ViewSonic to misconstrue LPL's response.

Request No. 23 is therefore improper because it attempts to force LPL to guess what the ultimate construction of all these disputed claim terms will be, and then make its admission or denial based on that guess. *See Tulip Computers Int'l*, 210 F.R.D. at 108. In any event, Request No. 23 addresses core disputed issues, not issues that can be narrowed for trial.

### C.    The Requests for Admission Should Not Be Deemed Admitted

In its Opposition, ViewSonic asks the Court to "overrule LPL's objections, and deem RFAs 17 and 23 admitted," or, alternatively, require LPL to respond to these requests. (D.I. 326 at 6-7.) When faced with an objection to a request for admission, the requesting party's remedy is to ask the court to rule on the objection. If the objection is overruled, LPL should be allowed an opportunity to respond. *See* Fed. R. Civ. P. 36(a). LPL respectfully urges this Court to determine that no responses to Requests Nos. 17 and 23 are required, but if any response is required, LPL requests leave to respond as the Court deems appropriate.

## II. CONCLUSION

For the reasons stated above, the Court should not adopt the portions of the Special Master's Report that pertain to ViewSonic's Requests for Admissions Nos. 17 and 23 and LPL should not, therefore, be compelled to respond to either Request.

December 8, 2006

                               THE BAYARD FIRM

                               /s/ Richard D. Kirk (rk0922)
                               Richard D. Kirk
                               Ashley B. Stitzer
                               222 Delaware Avenue, Suite 900
                               P.O. Box 25130
                               Wilmington, DE  19899-5130
                               (302) 655-5000
                               rkirk@ bayardfirm.com
                               Counsel for Plaintiff
                               LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Rel S. Ambrozy
Lora A. Brzeznski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

-6-

645621-1

-7-

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on December 8, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Sqare
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and first class mail to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

645621-1