IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>        Plaintiff,<br><br>        v.<br><br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION<br><br>        Defendants. | Civil Action No. 04-343 (JJF) |

### VIEWSONIC CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS OBJECTIONS TO PORTIONS OF SPECIAL MASTER'S REPORT AND RECOMMENDATIONS ON VIEWSONIC CORPORATION'S MOTION TO COMPEL DISCOVERY

Jeffrey B. Bove (#0998)
Jaclyn M. Mason (#4737)
Connolly Bove Lodge & Hutz LLP
The Nemours Building, 8th floor
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
*Attorneys for Defendant
ViewSonic Corporation*

Of Counsel:

Scott R. Miller (CA Bar No. 112656)
Manuel Nelson (CA Bar No. 229590)
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Tracy R. Roman (CA Bar No. 199031)
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106

Date: December 12, 2006

## Table of Contents

Page

I. ARGUMENT ...................................................................................................... 1

    A. VIEWSONIC'S RFAs 5-7 ARE PROPER ..................................................... 2

    B. VIEWSONIC'S RFA 15 IS PROPER .............................................................. 4

    C. THE COURT IS AUTHORIZED
        TO DEEM RFAs 5-7 AND 15 ADMITTED ..................................................... 7

    D. VIEWSONIC'S OBJECTIONS ARE TIMELY .............................................. 7

II. CONCLUSION ..................................................................................................... 9

Pursuant to D. Del. LR. 7.1.2(a)(3), Defendant ViewSonic Corporation ("ViewSonic") submits this reply brief in support of its Objections to portions of the November 8, 2006 Special Master's Report and Recommendations[1] on ViewSonic's Motion to Compel Discovery.

## I.     ARGUMENT

As explained in its November 20, 2006 Objections,[2] ViewSonic's Requests for Admission ("RFAs") 5-7 simply ask whether or not the structure of ViewSonic's VX900 has a side space as found in conventional prior art flat panel display mounting structures, as illustrated in Figure 3B and the corresponding description of U.S. Patent No. 6,501,641.[3] RFA 15 simply asks whether or not prior art "front mounting", as defined in the patents, requires the LCD device to be mounted to the front of the case.

As explained below, in its Opposition[4] to ViewSonic's Objections, LG.Philips LCD Co., Ltd. ("LPL") mischaracterizes and improperly attempts to redraft the subject RFAs. RFAs 5-7 and 15 do not seek an artificial comparison, or a legal conclusion concerning infringement, validity or claim construction, and are not ambiguous or hypothetical questions. RFAs 5-7 and 15 are proper pursuant to Federal Rules of Civil Procedure ("FRCP") 36.

Further, LPL incorrectly reads FRCP 36 to argue that the Court is not empowered to deem the subject RFAs admitted. FRCP 36 clearly authorizes the Court to deem RFAs 5-7 and 15 admitted as requested by ViewSonic.

Finally, LPL misunderstands the Stipulated Special Master Order (D.I. 278) and consequently misapplies FRCP 6(a) to argue that ViewSonic's Objections were untimely. ViewSonic's Objections were indeed filed timely.

---

[1] D.I. 306, hereinafter "R&R".
[2] D.I. 316, hereinafter "Objections".
[3] A copy of U.S. Patent No. 6,501,641 was provided with the Objections, at Exhibit 2 (hereinafter "the '641 patent").
[4] D.I. 348, hereinafter "Opposition".

505036.1                                                1

A.     **VIEWSONIC'S RFAs 5-7 ARE PROPER**

ViewSonic's RFAs 5-7 respectively ask LPL whether the accused VX900 includes certain side space specifically identified as "d1", "d2" and "D" in the '641 patent.[5] The '641 patent explains that these spaces "d1", "d2," and "D" reduce the viewable area of the display. ['641 patent, col. 2:13-34; Figs. 3A, 3B.] Thus, for LPL to admit or deny these RFAs, it must do nothing more than look at the accused VX900 to see whether it includes similar side spaces. Certainly ViewSonic is entitled to ask about plainly observable physical features of a product LPL possesses.

Contrary to LPL's characterizations, RFAs 5-7 do not ask whether the VX900 uses prior art "front mounting" rather than the "rear mounting" allegedly claimed in the patents in suit. [Opposition, at 8-9]. None of RFAs 5-7 ask about "front mounting", "rear mounting" or any type of mounting. Similarly, contrary to LPL's characterizations, RFAs 5-7 do not ask whether the structure of the VX900 falls within the scope of prior art or of any patent claim. [Opposition, at 9.] These arguments reflect LPL's attempt to improperly characterize and rewrite the subject RFAs. RFAs 5-7 seek straightforward factual admissions regarding whether the structure of the

---

[5] RFAs 5-7 read as follows:

**REQUEST FOR ADMISSION NO. 5.**

Admit that the ViewSonic VX900 includes the space identified as "d1" in Figure 3B of the '641 patent.

**REQUEST FOR ADMISSION NO. 6.**

Admit that the ViewSonic VX900 includes the space identified as "d2" in Figure 3B of the '641 patent.

**REQUEST FOR ADMISSION NO. 7.**

Admit that the ViewSonic VX900 includes the space identified as "D" in Figure 3B of the '641 patent.

[Objections, Ex. 4 at 3.]

ViewSonic VX900 has side spaces "d1", "d2," and/or "D" as shown in Figure 3B of the '641 patent.

LPL also mischaracterizes ViewSonic's explanations. To refute LPL's arguments that RFAs 5-7 require claim construction and/or seek a legal conclusion, ViewSonic explained that the Figures 3A and 3B of the '641 patent and their corresponding description illustrate the prior art, not the alleged invention. RFAs 5-7 do not ask or require LPL to construe a claim term, or concede that the VX900 practices the prior art or does not infringe.

LPL mischaracterizes RFAs 5-7 as requiring hypothetical comparisons of a laptop and the VX900. [Objection, at 10-11]. LPL convinced the Special Master that Figure 3B of the '641 patent shows a laptop monitor with a hinge, and that the VX900 is a desktop monitor, and thus has no hinge, making any comparison between Figure 3B and the VX900 hypothetical. [Ex. 13, at 1-2.][6] However, as ViewSonic has explained, the hinge in Figure 3B plays no part in RFAs 5-7. [Objections, at 3, 6-7.] RFAs 5-7 do not ask whether the VX900 has a hinge, whether the VX900 can be fastened to a laptop computer, or any other question remotely related to a laptop computer. Nothing about RFAs 5-7 is limited to a laptop computer. The side spaces "d1", "d2," and "D" shown in Figure 3B of the '641 patent are features of a mounting structure disclosed by the patent, and are not caused by or associated with a hinge. Either the VX900 has side spaces "d1", "d2," and/or "D" or it does not. It is that simple. There is nothing hypothetical about RFAs 5-7.[7]

---

[6] Exhibits 1-12 were submitted with ViewSonic's Objections. Exhibit 13 is submitted herewith.
[7] LPL's position with regard to ViewSonic's Requests for Admission Nos. 5-7 is paradoxical, if not completely disingenuous. The patents-in-suit describe the limitations of the prior art as well as the advantages the supposed invention claimed by the patents-in-suit solely in the context of a laptop computer. LPL has no problem whatsoever in asking this Court to apply claims directed to its supposed invention disclosed solely in the context of a laptop computer to desktop computer monitors. Yet, LPL seeks to hide behind this difference in seeking to avoid simple,

505036.1                                    3

Finally, LPL tries to make much ado about ViewSonic explanations regarding RFAs 5-7. Specifically, LPL argues that ViewSonic's explanations that RFAs 5-7 inquire whether the VX900 has a "similar" side space or side space "akin" to "d1", "d2" and/or "D" demonstrate that RFAs 5-7 are ambiguous. [Opposition, at 11.] LPL's arguments have no merit. RFAs 5-7 are clear and unambiguous. LPL fully understands that RFAs 5-7 seek factual admissions regarding whether the VX900 has any of the side spaces identified as "d1", "d2," or "D", respectively, in Figure 3B of the '641 patent.

Because RFAs 5-7 seek straightforward factual admissions regarding whether ViewSonic's VX900 has a side space identified as "d1", "d2," or "D" in Figure 3B of the '641 patent, ViewSonic's Objection should be sustained, and RFAs 5-7 should be deemed admitted or LPL should be compelled to provide straightforward responses thereto.

### B.    VIEWSONIC'S RFA 15 IS PROPER

RFA 15 asks LPL to admit whether "front mounting" as specifically <u>defined</u> in the '641 patent requires LCD device be mounted to the front case (which is identified as element 121 in Figure 2 of the '641 patent).[8]

LPL need only read a small portion of the text of column 1 of the '641 patent, to ascertain whether the patent's definition indicates that the front mounting method does or does not require the LCD device to be mounted to the front case.[9]

---

straight-forward, factual questions relating to the structure of the desktop computer monitors which LPL has accused of infringing these patents.
[8] RFA 15 reads as follows:

> **REQUEST FOR ADMISSION NO. 15.**
>
> Admit that, as defined by the '641 Patent, the front mounting method does not require that the LCD device be mounted to the front case (identified as element 121 in Figure 2 of the '641 patent).

[Objections, Ex. 4 at 5]

505036.1                                    4

[10]LPL argues that RFA 15 "is intended to establish ViewSonic's legal noninfringement and/or invalidity argument." [Opposition, at 13.] LPL's inability to articulate specifically which legal argument ViewSonic supposedly is trying to establish stems from the fact that RFA 15 does not seek any noninfringement or invalidity concession, or any other legal conclusion. RFA 15 merely seeks an admission regarding the express definition and description of the prior art provided in the '641 patent itself.

LPL goes on to baselessly argue that RFA 15 "thus goes directly to whether the VX900 infringes the Patents-in-Suit." [Opposition, at 13.] Nothing in RFA 15 addresses whether the VX900 infringes any claim of the patents in suit.

LPL also alleges that RFA 15 "depends on the scope and meaning of several disputed claim terms." [Opposition, at 13.] LPL's reading of RFA 15 is unreasonable. RFA 15 does not depend upon the meaning of any asserted claim. RFA 15 seeks an admission regarding the description and express definition of "front mounting" provided in the '641 patent specification,

---

[9] The '641 patent pertinently states:

> Hereinafter, the way in which the LCD device is mounted to the case *from the front toward the rear direction is defined as the front mounting method*, and the assembled structure of the LCD device and the case formed through the front mounting method is defined as the front mounting structure.
>
> In the front mounting structure of the LCD device, since the protrusions 136a [of FIG. 2] require additional space corresponding to the protruded width d, the display area of the LCD device is reduced in comparison to the fixed size of the display case 122.
>
> The *front mounting* structure may also include an additional feature to further support the LCD device panel, as shown in FIGS. 3A and 3B.

['641 patent, col. 1, ll. 55-67 (emphasis added)]. Figures 2, 3A and 3B of the '641 patent further demonstrate that the admitted prior art method of "front mounting" includes mounting to a rear case or the rear portion of the case.

[10] LPL complains that ViewSonic only appealed the R&R as to RFAs 5-7 and 15, rather than all or other RFAs. [Opposition, at 5, 12-13.] While ViewSonic does not agree with the R&R as to the other RFAs identified by LPL, it is silly to suggest that Viewsonic's decision not to require this Court to examine all of the discovery somehow suggests that none of the RFAs was proper.

not any asserted claim.

LPL argues that RFA 15 "improperly seeks a legal conclusion by asking LPL to compare prior art methods or devices to the inventions taught by the Patents-in-Suit." [Opposition, at 14.] LPL argument reflects its attempts to rewrite RFA 15. RFA 15 does not touch upon any alleged invention taught by the patents in suit, or any comparison therewith, and does not require any legal conclusion.

LPL argues that RFA 15 "is rife with complexity and ambiguity inherent in whether front mounting requires 'that the LCD device be mounted to the front case.'" [Opposition, at 14.] This argument illustrates LPL's propensity for mischaracterization. RFA 15 does not ask whether "front mounting" *in general or as that term is understood by one of ordinary skill in the art*, requires that the LCD device be mounted to the front case. Rather, RFA 15 specifically asks whether prior art front mounting "***as defined by the '641 Patent***" requires that the LCD device be mounted to the front case. [Objections, at 8; *id.*, Ex. 4, at 5.]

Finally, LPL turns ViewSonic's explanations on their heads, and indicates that it does not understand what is meant by "rear case" or "portion of the case the covers the back of the display device" which in turn renders RFA 15 ambiguous. [Opposition, at 14.] These phrases were merely examples in ViewSonic's explanation, for the Court's benefit, of the "front mounting" definition provided by the '641 patent. These phrases are not part RFA 15.

RFA 15 seeks a straightforward admission that the prior art "front mounting" method and structures <u>defined</u> in the '641 patent do not require mounting to the front case. This requires nothing more than LPL's review of a few lines and Figures of the '641 patent. ViewSonic is entitled to a proper response to RFA 15. RFA 15 should be deemed admitted, or LPL should be compelled to provide a straightforward response thereto.

### C.    THE COURT IS AUTHORIZED TO DEEM RFAs 5-7 AND 15 ADMITTED

LPL argues that, as a matter of law, the Court is not empowered to deem admitted RFAs 5-7 and 15. In effect, LPL argues that FRCP 36 requires ViewSonic, or any party, to make two motions before a Court can deem admitted any RFA. LPL is plainly wrong. FRCP 36 expressly provides that "[i]f the Court determines that an answer does not comply with the requirements of this rule, it may order either *that the matter is admitted* or that an amended answer be served" (emphasis added). Moreover, the Advisory Committee Notes suggest that the Court *should deem a contested RFA admitted unless the defect in the answer is merely technical.* [See Advisory Committee Notes, 1970 Amendment, Subdivision (a) (noting that, prior to the 1970 amendment, some courts heard motions on defective answers and ordered amended answers when defects were technical, and other times declared the matter admitted, and that revised rule intended to conform to this practice).] Thus, contrary to LPL's argument, not only is the Court empowered to deem RFAs 5-7 and 15 admitted, FRCP 36 contemplates that the Court will deem these RFAs admitted unless it finds that LPL's defective answers are merely technically defective.

### D.    VIEWSONIC'S OBJECTIONS ARE TIMELY

LPL argues that FRCP 6(e) does not apply to the August 11, 2006 Stipulated Special Master Order.[11] LPL is incorrect. Pursuant to FRCP 53(g)(2), the parties have 20 days to file objections to a Special Master's Report and Recommendation "*unless the court sets a different time.*" If the Special Master's Order is not a court order, then the 20-day period within which ViewSonic could submit its objections under FRCP 53(g)(2) was not changed. If the Special Master's Order is a court order, then, contrary to LPL's argument, FRCP 6(a) & (e) apply. The

---

[11] The August 11, 2006 Stipulated Special Master Order is found at D.I. 278, hereinafter "Special Master's Order".

Special Master's Order was not merely an agreement solely between the parties, as LPL argues, but was "So Ordered" by the Special Master. [D.I. 278, at 2.] The Special Master's Order represents an Order encompassed by FRCP 6(a).

More importantly, however, is the fact that the Special Master's Order's expressly states that the parties were to file any objections to the R&R within five business days "from the date the Order or Report and Recommendations *is served*."[12] Special Master's Order, at 1 (emphasis added). FRCP 6(e) expressly provides that "[w]henever a party must or may act within a prescribed period of time *after service and service is made under [FRCP 5(b)(2)(D)]*, 3 days are added after the prescribed period would otherwise expire." The Special Master's Order specified that the parties were to file any objections within 5 days after service was made of the R&R, and the R&R was served electronically pursuant to FRCP 5(b)(2)(D). Consequently, pursuant to FRCP 6(e), 3 days are added to the prescribed period.

LPL does not dispute that the R&R was served electronically on November 8, 2006. LPL also does not dispute that, excluding weekends and holidays and adding three days to the prescribed 5 day period pursuant to FRCP 6(a) & (e), ViewSonic's Objections were due November 20, 2006. ViewSonic's Objections were thus timely served and filed.

---

[12] LPL again demonstrates its propensity for rewriting history, alleging that "objections to the Special Master's recommendations would be due within five business days after the Report *issued*." Opposition, at 16 (emphasis added).

505036.1                               8

## II.  CONCLUSION

ViewSonic respectfully requests that the Court decline to accept the Special Master's R&R as to RFAs 5-7 and 15, and deem these RFAs admitted.  Alternatively, ViewSonic respectfully requests that the Court Order LPL to properly respond to RFAs 5-7 and 15 within five days of service of the Court's decision on this objection.

Date:  December 12, 2006                                          Respectfully submitted,

Connolly Bove Lodge & Hutz LLP

Of Counsel:                                                                  By: _/s/  Jeffrey B. Bove_
                                                                                        Jeffrey B. Bove (#0998)
Scott R. Miller  (CA Bar No. 112656)                        Jaclyn M. Mason (#4737)
Manuel Nelson (CA Bar No. 229590)                        The Nemours Building, 8th floor
Connolly Bove Lodge & Hutz LLP                            1007 North Orange Street
355 South Grand Avenue, Suite 3150                       Wilmington, DE 19801
Los Angeles, CA  90071                                          Telephone:  (302) 658-9141
                                                                                 Facsimile:  (302) 658-5614
Tracy R. Roman (CA Bar No. 199031)
Bingham McCutchen LLP                                        *Attorneys for Defendant*
355 South Grand Avenue, Suite 4400                      *ViewSonic Corporation*
Los Angeles, CA  90071-3106

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2006, a true copy of the foregoing ViewSonic Corporation's Reply Brief In Support of Its Objections to Portions of Special Master's Report and Recommendations on ViewSonic Corporation's Motion to Compel Discovery was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on the 12th day of December, 2006, I have sent by email and U.S. Mail the foregoing document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman
Bingham McCutchen LLP
355 South Grand Avenue, 44th Floor
Los Angeles, CA 90071-3106

Jong P. Hong
Greenberg Traurig, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

By: /s/ *Jeffrey B. Bove*
Jeffrey B. Bove (#998)
jbove@cblh.com

505053_1.DOC