# EXHIBIT 13

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES 19801

# THE BAYARD FIRM
### A   T   T   O   R   N   E   Y   S

Ⅲ MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS


(302) 429-4208
rkirk@bayardfirm.com

BY HAND AND BY EMAIL

October 6, 2006

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corp. et al.,* C.A. No. 04-343-JJF

Dear Special Master Poppiti:

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") respectfully responds to Defendant ViewSonic Corporation's ("ViewSonic") September 26, 2006 motion regarding ViewSonic's Request for Admission ("RFA") Nos. 5-10. The RFAs at issue are properly grouped into two categories: i) RFA Nos. 5-7 ask LPL to admit that a certain accused device meets the description of the prior art "front mounting" structure for mounting LCD devices; and ii) RFA Nos. 8-10 ask LPL to admit that a hypothetical rear mountable flat panel display device as claimed in the '641 Patent reduces the prior art areas designated as "d1", "d2" and "D" in Fig. 3B, when compared to using an unidentified and hypothetical flat panel display device that is not rear mountable.

Taking each category in turn, as explained in ViewSonic's brief, the specification of the '641 Patent in conjunction with Figs. 3A and 3B illustrate the prior art "front mounting" structure and method of mounting LCD panels in a laptop computer. (*See* Exhibit 1, the '641 Patent at col. 1, ll. 49-59 & col. 2, ll. 25-34.) ViewSonic's RFA No. 5 asks LPL to admit that its VX900 stand alone computer monitor "includes the space identified as 'd1' in Figure 3B of the '641 Patent." RFA Nos. 6 and 7 seek similar admissions regarding prior art areas "d2" and "D", respectively. LPL initially objected to answering these requests on the grounds that, inter alia, they improperly pose a hypothetical, and because they seek a legal conclusion. (*See* Exhibit 2, at 4.) LPL's subsequent supplementation maintained these objections while denying RFA Nos. 5-7 on the grounds that the VX900 lacks a "space" as set forth in the Request. (*See* Exhibit 3, at 2-4.)

As LPL explained in its response, the VX900 contains a space (i.e., a blank or empty space) between the plastic housing and the side edge of the LCD module. (*See id.*) The "d1" and "d2" in Fig. 3B refers to a dimension when viewed conceptually, and not to an actual space as is contained in the VX900. Indeed, Fig. 3B depicts *a laptop computer* and *not a monitor* like

599317v1

the VX900. Consequently, the VX900 also does not have the hinge that appears in Fig. 3B. LPL's denials were therefore perfectly appropriate. Requiring LPL to provide any further explanation or a further response would be improper because it would force LPL to provide more than minimal explanation, admit a hypothetical, and admit a legal conclusion. *Fulhorst v. United Technologies Automotive, Inc.*, No. 96-577, 1997 U.S. Dist. LEXIS 22290, *7 (D. Del. Nov. 17, 1997) (requests for admission should be phrased so that they can be admitted or denied with minimal explanation); *see also Lakehead Pipe Line Co., Inc. v. American Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997) ("requests for admission are not to be employed as a means "'to establish facts which are obviously in dispute or to answer questions of law'"). Further, Rule 36(a) does not authorize a Court to prospectively render determinations regarding the accuracy of a denial to a request for admission or to order that a request be admitted because the denial is asserted to be unsupported by the evidence. *Id.*

ViewSonic's RFA Nos. 5-7 are also improper because they basically ask LPL to admit or deny whether the features of the VX900 meet the definition of prior art front mounting methods and devices. For example, the specification of the '641 Patent defines a prior art method of front mounting as well as a prior art front mounting structure as one in which the LCD device is mounted to the case from the front toward the rear direction using screws and protrusions. (*See* Ex. 1, at col. 1, ll. 49-59.) This is exactly what is shown in Fig. 3A and Fig. 3B -- the screws 128 pass through the protrusions 114a and 114b in the LCD device to the ribs 122a in the display case 122. (*See id.*, at col. 2, ll. 25-28). And as shown in Fig. 3A and Fig. 3B, these screws and protrusions are located in "d1", "d2" and "D" - which correspond to RFA Nos. 5-7 respectively. Thus, asking LPL to admit that the VX900 includes "d1", "d2" and "D", as disclosed in the prior art front mounting method and prior art front mounting device, is improper because it requires LPL to admit or deny whether the features of the VX900 meet the definition of a prior art front mounting method and device. As such, these requests improperly seek legal conclusions, and any further response by LPL should not be required.[1] (*See* Ex. 4, at 9-10.) *See Fulhorst*, at *7 (finding that request for admission improperly called for a legal conclusion where it asked plaintiff to admit whether the accused device, if used in a certain manner, infringed the patent at issue). Similarly, in *Pittway Corp. v. Fyrnetics, Inc.*, No. 91 C 2978, 1992 U.S. Dist. LEXIS 12172, *37-39 (N.D. Ill. June 4, 1992), the defendant sought an admission that a prior art monitoring technique was the same as that disclosed in the specification of a certain patent. The court found the RFA improper because it sought a legal conclusion. *Id.*

In regard to RFA Nos. 8-10, ViewSonic asks LPL to admit that a hypothetical rear mountable flat panel display device as claimed in the '641 Patent reduces the prior art areas designated as "d1", "d2" and "D" in Fig. 3B, when compared to using an unidentified and

---

[1] In fact, RFA Nos. 5-7 are almost exactly the same as ViewSonic's RFA No. 19, which was discussed during the August 23rd Hearing. RFA No. 19 asked LPL to "Admit that the ViewSonic VX900 uses the prior art front mounting method disclosed in the '641 Patent." LPL argued that RFA No. 19 improperly called for a legal conclusion. Upon review of this RFA, the Special Master stated to counsel for ViewSonic: "It seems to me [RFA No. 19] does require that LPL admit or deny whether the features of the VX900 meet the express definition of front mounting, doesn't it? . . . And if that is what it's doing, it is seeking a legal conclusion." (Exhibit 5, Tr. of Oral Argument at 49:23-52:2.)

599317v1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
October 6, 2006
Page 3

hypothetical flat panel display device that is not rear mountable. These requests have several problems. First, there is no claim in the '641 Patent that refers to or requires a reduction in the areas referred to in prior art Fig. 3B as "d1", "d2" or "D". Moreover, the claims of the '641 Patent do not require that any specific objects of the inventions claimed in the '641 Patent be achieved. Thus, LPL properly denied RFA Nos. 8-10. LPL is unable to provide any additional explanation to its responses because doing so would either: i) force LPL to admit a hypothetical; ii) force LPL to provide more than a minimal explanation[2]; or iii) force LPL to admit or deny a Request that is dependant on terms that have been proposed for construction during the Markman process, all of which were included as objections to the requests. *See Fulhorst*, 1997 WL 873548 at *1; *Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997) (improper to seek an admission based on a hypothetical); *National Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp. 2d 71, 74-75 (D.D.C. 2003) (courts are not to expand litigation by analyzing the basis for a party's response to a request for admission, such analysis must wait for trial).

RFA Nos. 8-10 call for a hypothetical because they first ask LPL to assume it is using an undefined and unspecified "rear mountable flat panel display device," the RFAs then import the unclaimed concept of "d1", "d2" and "D" as shown in prior art Fig. 3B, and then ask LPL to compare that device to an undefined and unspecified "flat panel display device that is not rear mountable." Moreover, there are a significant number of mounting variations for all the flat panel display devices available. Thus, it is impossible for LPL to provide further explanation of its denial because the large number of permutations resulting from the numerous mounting variations requires more than a minimal explanation. Requiring LPL to provide more than a minimal explanation is improper.

Finally, in order for LPL to provide any additional explanation for its denial of RFA Nos. 8-10, LPL would be required to construe at least the terms "rear mountable" and "flat panel display device" which have all been identified by ViewSonic as requiring construction.[3] (Exhibit 6.) The Special Master previously stated that Judge Farnan's Scheduling Order contemplates fact discovery, and discovery requiring claim construction, as two separate and distinct processes. Thus, as the Special Master found during the August 23rd Hearing, if a given written discovery request first requires construction of a claim term in order for a response to be provided, that discovery request is premature. (*See, e.g.*, Ex. 5 at 3-4 & 51-52); *see Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) ("requests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions and therefore, improper"). Such is the case in regard to ViewSonic's RFA Nos. 8-10 and thus they are improper.

---

[2] Forcing LPL to explain its denial, for all possible permutations of all the different types of mounting techniques, would require more than a minimal explanation.

[3] Contrary to ViewSonic's assertion, LPL never withdrew its objection that RFA Nos. 8-10 require claim construction.

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
October 6, 2006
Page 4

Respectfully submitted,

Richard D. Kirk

RDK/lmc
cc:  Counsel as shown on the attached certificate

599317v1