# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

January 8, 2007

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

    Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

    Defendants Tatung Company and Tatung Company of America, Inc. (collectively, the "Tatung Defendants") respectfully submit this letter brief in opposition to Plaintiff LG. Philips LCD Co., Ltd.'s ("LPL") Motion to Compel Discovery Regarding Indirect Infringement and Damages.

    Significant portions of LPL's Motion are premature and moot. During the parties' December 2006 meet and confers, the Tatung Defendants already agreed to produce summary sales data, including quarterly or monthly quantity and average price for each identified product that is destined for North America.[1] The Tatung Defendants also agreed to supplement numerous interrogatories and document requests to include information pertaining to the two additional Tatung products recently accused by LPL.[2] (Declaration of Valerie W. Ho, ¶7.)

---

[1] Because Tatung Company's sales occur in Asia and the products are shipped FOB from an Asian port, Tatung does not always know where its customers ultimately will sell the products they purchase from Tatung. Tatung in general knows that certain products are destined for North America, which includes the United States and Canada.

[2] Specifically, the Tatung Defendants agreed to supplement Interrogatories Nos. 1, 8, 9, 10, 11, 12 and Document Requests Nos. 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 25, 26, 31, 32, 33, 34, 35, 38, 41, 48, 51, 52, 55, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 73, 74, 75, 79, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98 and 99. (Ho Decl., ¶7).

The Honorable Vincent J. Poppiti
January 8, 2007
Page 2

Because of the holidays and counsel's vacation plans, LPL was informed that the Tatung Defendants would provide supplementations in January 2007. The Tatung Defendants also assured LPL that it would receive the supplementations before any scheduled depositions of Tatung witnesses.

Apparently unsatisfied with the Tatung Defendants' reasonable attempts to resolve the parties' discovery disputes, LPL now seeks to compel a large universe of documents that pertain not only to the three accused products it has identified, but to the hundreds of products that are not accused and not at issue. For example, for each of the hundreds of Tatung products that have not been accused by LPL, LPL is demanding that Tatung produce "[a]ll orders, invoices, bills of sales, and bills of lading since December 1, 2002 . . . ." (*See* Request No. 10.) LPL also is seeking "[a]ll documents concerning transactions since January 1, 2002 between you [the Tatung Defendants] and any subsidiary, customer, distributor, reseller, and/or retailer in the U.S. regarding any types of visual display products . . . ." (*See* Request No. 58.) LPL's demand for every single piece of paper relating to every single Tatung product is extremely overbroad and burdensome, especially when most of these products have not been accused of infringement by LPL.

LPL claims that it needs this information in order to determine indirect infringement. However, LPL has not shown why such information is relevant to any claims or defenses in this case or is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. Proc. 26(b); *see also* Adv. Comm. Notes regarding 2000 Amendment ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."). It is well-established that determining whether a patent claim has been infringed involves a two step analysis. First, the claim must be properly construed by the Court to determine its scope and meaning. Second, the claim, as construed, must be compared to the accused device or process. *PC Connector Solutions LLC v. Smartdisk Corp.*, 406 F.3d 1359, 1362 (Fed. Cir. 2005). Therefore, infringement analysis focuses on the products or processes and the claims of the patents. The Tatung Defendants already have produced and will produce technical documents that depict the components that make up its products as well as the assembly methods used. Therefore, LPL has the technical information needed to compare Tatung's products to the asserted claims.[3] Yet, it has thus far only accused three Tatung products out of hundreds.

---

[3] During the parties' meet and confers, the Tatung Defendants repeatedly asked LPL what specific technical information it claims it still needs it order to develop its infringement allegations with respect to all of the identified products. LPL merely responded that it is entitled to every single Tatung document.

RLF1-3102174-1

The Honorable Vincent J. Poppiti
January 8, 2007
Page 3

Moreover, there can be no indirect infringement without direct infringement. "In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, . . . and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Minnesota Mining and Manufacturing Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304 (Fed. Cir. 2002). In other words, in order for there to be indirect infringement, there must be direct infringement and an infringing product. Here, there is no allegation of direct infringement with respect to the hundreds of products for which LPL seeks thousands of documents. Because these products have not been accused, Tatung cannot be liable for indirect infringement with respect to these products. Until LPL provides a definitive list of accused products, it is not entitled to the broad categories of documents it seeks in this Motion.

Accordingly, the Tatung Defendants respectfully request that the Court deny LPL's Motion to Compel in its entirety.

Respectfully,

Anne Shea Gaza
(#4093)

ASG/afg
cc:   Clerk of the Court (By Electronic Filing)
      Richard Kirk, Esquire (via electronic mail)
      Cormac T. Connor, Esquire (via electronic mail)
      Lora Brzezynski, Esquire (via electronic mail)
      Mark Krietzman, Esquire (via electronic mail)
      Scott R. Miller, Esquire (via electronic mail)
      Jeffrey B. Bove, Esquire (via electronic mail)

RLF1-3102174-1