# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

January 8, 2007

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

Defendants Tatung Company and Tatung Company of America, Inc. (collectively, the "Tatung Defendants") respectfully submit this letter brief in opposition to Plaintiff LG. Philips LCD Co., Ltd.'s ("LPL") Motion to Compel Technical and Mounting-Related Discovery.

LPL's Motion is premature and unnecessary because the Tatung Defendants have already produced, or agreed to supplement their document production to include, many of the documents addressed in this Motion. LPL's Motion also is based entirely on a mischaracterization of the Tatung Defendants' document production and discovery responses and the parties' agreements reached during the meet and confer process.

First, with respect to LPL's claim that the Tatung Defendants did not identify all responsive products in response to LPL's Interrogatories 2 and 3, the truth is that the Tatung Defendants have identified hundreds of products in their interrogatory responses. LPL recently informed the Tatung Defendants that there were a few products that were not included in the interrogatory responses. The Tatung Defendants agreed to investigate and to supplement their responses to the extent that the products identified by LPL are responsive. (Declaration of Valerie W. Ho ("Ho Decl."), ¶ 2; Interrogatory Responses at Exhs. A-C thereto.)

Second, during the parties' meet and confers in December 2006, counsel for LPL clarified LPL's request for an identification of products that have been "marketed or sold under a trademark or brand name" belonging to Tatung and, based on this clarification, the Tatung Defendants agreed to supplement their interrogatory responses. (*Id.* at ¶ 3.)

The Honorable Vincent J. Poppiti
January 8, 2007
Page 2

  Third, LPL completely mischaracterizes the Tatung Defendants' production of technical and assembly-related documents. As LPL repeatedly was told during the parties' December 2006 meet and confers, the Tatung Defendants have produced more documents than those that are "representative" of mounting systems used for their products. In fact, they have produced technical documents for numerous products. These documents provide sufficient information to allow LPL to "i) determine the structural components and assembly of Tatung's visual display products (including, for example, the screw hole locations used in mounting); and ii) determine how the LCD module is attached, mounted, and/or fixed . . . ." (LPL's Motion at 2.) Samples of these documents were previously attached to the Tatung Defendants' Opposition to LPL's Motion to Compel Unredacted Technical Documents.[1] In addition, the Tatung Defendants agreed that if they have exploded drawings and assembly instructions for the products at issue, they will supplement their productions to include both types of documents to the extent those documents have not already been produced.[2] The Tatung Defendants also explained that the assembly and mounting features of products within a product series are the same and may be covered by the same technical documents (the differences between the products within a series are minor and are not mounting related, e.g., one product may include a touch screen component while another does not). The Tatung Defendants agreed to provide LPL with a list identifying which groups of products have mounting systems that are covered by the technical documents produced. (Id. at ¶ 4.)

  However, during the meet and confer, LPL insisted that the Tatung Defendants produce every single technical-related document for the hundreds of products identified even though LPL thus far has accused only three products of infringement. The Tatung Defendants explained that while they are willing to produce, pursuant to the parties' previous agreement, technical documents that are sufficient to show the manner in which the flat panel display module is mounted in the products - documents that would allow LPL to determine which products allegedly infringe the patents-in-suit - it was unreasonable and extremely burdensome for LPL to demand every single piece of paper or electronic document that may be remotely considered to be "technical related." Producing every technical-related document potentially would require the Tatung Defendants to search the files of hundreds of employees. LPL's demand for every "technical document" is particularly burdensome and oppressive because most of these documents do not even pertain to accused products. The Tatung Defendants assured LPL that once it has narrowed the list of products at issue by identifying all of the accused products (based on the drawings and assembly instructions provided by the Tatung Defendants), they would be

---

[1] Unredacted documents identifying the Tatung Defendants' customers have since been produced to LPL.

[2] During the parties' meet and confer, LPL identified *one* work instruction that was produced in the California litigation but was not included in the production in this case. The Tatung Defendants agreed to review their production and to supplement accordingly.

The Honorable Vincent J. Poppiti
January 8, 2007
Page 3

willing to produce additional information regarding the accused products. (*Id.* at ¶ 5.)

Because of the holidays and counsel's vacation plans, LPL was informed that the Tatung Defendants would provide supplementations in January 2007. The Tatung Defendants also assured LPL that it would receive the supplementations before any scheduled depositions of Tatung witnesses.

Accordingly, LPL's Motion is moot. The Tatung Defendants respectfully request that the Special Master deny LPL's Motion in its entirety.

Respectfully,

*Anne Shea Gaza*

Anne Shea Gaza
(#4093)

ASG/afg
cc:    Clerk of the Court (By Electronic Filing)
       Richard Kirk, Esquire (via electronic mail)
       Cormac T. Connor, Esquire (via electronic mail)
       Lora Brzezynski, Esquire (via electronic mail)
       Mark Krietzman, Esquire (via electronic mail)
       Scott R. Miller, Esquire (via electronic mail)
       Jeffrey B. Bove, Esquire (via electronic mail)