# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG Philips LCD Co., ) | |
|     Plaintiff, ) | |
| ) | C.A. No.: 04-343-JJF |
| v. ) | JURY TRIAL DEMANDED |
| Tatung Co., Tatung Company of America Inc., ) | |
| and Viewsonic Corp. ) | |
| ) | |
|     Defendants. ) | |

### DEFENDANT TATUNG COMPANY OF AMERICA, INC.'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Tatung Company of America Inc. ("TATUNG USA"), by and through its attorneys Greenberg Traurig, LLP, hereby makes its Objections and Responses to the Plaintiff's Second Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

TATUNG USA has not yet completed its gathering of facts and documents related to this action. Therefore, in responding to the Interrogatories, TATUNG USA reserves the right to revise, correct, add to, supplement, and clarify any of its responses.

All responses are submitted as presently advised, and without prejudice to TATUNG USA's right to modify, amend, revise, correct, supplement, add to or clarify such responses at the appropriate time.

Counsel for TATUNG USA invites discussion with counsel for Plaintiff with respect to these responses, with the expectation that discussions between counsel may eliminate or modify objections, reduce burdens on TATUNG USA, or otherwise result in a mutually satisfactory resolution of the objections set forth herein.

## GENERAL OBJECTIONS

TATUNG USA hereby makes the following general objections to all of the individual Interrogatories. These general objections are incorporated into each and every Interrogatory set forth below, whether referenced specifically or not.

1.    TATUNG USA hereby interposes the following general objections to all of the individual Interrogatories contained in Plaintiff's Interrogatories. These general objections are incorporated into each and every individual objection set forth below, whether referenced specifically or not.

2.    TATUNG USA specifically objects to Plaintiff's Second Set of Interrogatories on the grounds that such Interrogatories are overly broad and unduly burdensome, and/or because it Interrogatories documents that are neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

3.    TATUNG USA objects to the Interrogatories to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege or other privilege, or by the work-product doctrine. Such information or documents will not be produced to Plaintiffs and any inadvertent production shall not be deemed a waiver of any privilege with respect to the information or any work product doctrine which may apply.

4.    TATUNG USA objects to the Interrogatories to the extent they attempt to impose duties that are beyond the scope of the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.    TATUNG USA objects to the Interrogatories on the grounds that they are not limited by time, and, therefore, are in many instances overly broad and unduly burdensome,

2

and/or Interrogatory documents that are neither relevant to the claims and defenses of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

6.    TATUNG USA objects to the Interrogatories as to the requested time, place, and manner. It is not currently possible to accurately gauge the quantity of documents requested. To the extent that there are properly producible documents, they will be produced at a mutually agreed upon time, place, and manner.

7.    TATUNG USA objects to the Interrogatories to the extent that they seek materials obtained or prepared in anticipation of litigation or trial, materials prepared by or for an attorney, materials protected by a state or federal right of privacy or protection, materials protected from disclosure under relevant procedural rules or case law, and further seek mental impressions, conclusions, opinion, or legal theories concerning anticipated or actual litigation.

8.    TATUNG USA objects to the Interrogatories on the grounds that they seek information that is more readily and efficiently obtained through deposition questions rather than written discovery.

9.    TATUNG USA objects to the Interrogatories on the grounds that they seek information that is readily accessible to Plaintiffs from public sources or Plaintiff's own files.

10.    TATUNG USA objects to the Interrogatories on the grounds and to the extent that they call for disclosure of proprietary or confidential information or trade secrets, disclosure of which would be prejudicial to TATUNG USA, its customers, suppliers, and any witnesses testifying on behalf of TATUNG USA, the clients of such witness, or the person or persons who provided such information to TATUNG USA. Any such information that TATUNG USA provides will be provided subject to the stipulated Protective Order entered into by the parties in this proceeding.

3

11.    TATUNG USA objects to the Interrogatories to the extent that they seek information that, if furnished, would violate a court order, protective order, and/or stipulation of confidentiality that has been entered with respect to such information.

12.    TATUNG USA objects to the Interrogatories to the extent that they call for disclosure of proprietary or confidential information of a third party, or the joint proprietary or confidential information of TATUNG USA and the third party. TATUNG USA will not provide such information until the third party has been notified of such Requests, and the third party has consented to the production of such requested information.

13.    TATUNG USA objects to the Interrogatories to the extent that they seek copyrighted material or other information, the copyright, or other intellectual property rights, access to which TATUNG USA does not possess.

14.    TATUNG USA objects to the Interrogatories as premature to the extent that they seek disclosure of witnesses, evidence and theories to be presented by TATUNG USA at the trial of this action before TATUNG USA has had an opportunity to obtain discovery.

TATUNG USA objects to the Interrogatories on the grounds and to the extent that responding to such Interrogatories would improperly require TATUNG USA or its witnesses, or both, to perform studies, analyses, calculations or compilations that do not currently exist.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

Subject to the general objections, TATUNG USA makes the following specific objections and responses:

### Interrogatory No. 1.

Identify each person who prepared or otherwise assisted in the preparation of your responses to these interrogatories.

4

**Response:**

TATUNG USA specifically objects to this Interrogatory to the extent it seeks information

that is protected by the attorney-client privilege and/or the work product doctrine, or that is

otherwise privileged and protected from disclosure.

Subject to and without waiver of the general and specific objections, TATUNG USA

states that Peter Farzin and Mike Lee assisted in preparing these responses.

**Interrogatory No. 2.**

Identify each type of visual display product (such as the Tatung L17AMTN monitor)
manufactured, shipped, imported, sold, and/or offered for sale, by or for you, since
January 1, 2002, and specify which products have been marketed or sold under a
trademark or brand name that belongs to Tatung Co. or its affiliated entities.

**Response:**

TATUNG USA specifically objects to this Request on the grounds that the vague and

ambiguous phrase, "type of visual display product," and "L17AMTN" [1]renders it overbroad and

unduly burdensome. TATUNG USA also objects to this Request on the grounds that it is not

limited to the U.S. market and, therefore, seeks information which is not relevant to the claims or

defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible

evidence.

Subject to and without waiver of the general and specific objections, TATUNG USA

states that, based upon information and belief, the following Tatung LCD computer monitors

have been shipped, imported, sold, or offered for sale in the United States since January 1, 2002:

---

[1] Please note that TATUNG USA manufactures various different models of the Tatung
L17AMTN, the accused product: L17AMTN; L17AMTNB-U32   AD;L17AMTN-KM21L;
L17AMTN-KM21L01; L17AMTN-SR17" LCD MONITOR; L17AMTN-K; L17AMTN-K01;
L17AMTN-KE21AB; L17AMTN-KE51AB; L17AMTN-KM21L02; L17AMTN-KM51 which
will be referred to in this responses collectively as "L17AMTN".

5

| | | | |
|---|---|---|---|
| ADMNLCD27 | L19SD25M21LB | L5CESPP-U62 | LT15A |
| ADMNLCD30 | L19SD25M51LA2 | L5CES-R21L | LT15A-G |
| ADMNPLASMA42 | L19YA25A | L5CTS | LT15A-K |
| ADMNPLASMA46 | L19YD25E21AB | L5CTSB-U32 AD | LT17A |
| ADMNPLASMA50 | L19YD25E51AB | L5CTSB-U52 AD | LT17A-KF |
| DMAV-2701 | L37LD50A | L5CTSB-U62 AD | LT17A-KT21LF |
| DMAV-3201 | L40SA50 | L5CTSB-U82 AD | LT19A |
| DTV-29XRT | L5CDS | L5CTSB-U82 AD | P42BSMT |
| LS64PA30A1 | L5CDS-A21A | L5CTSB-U82 AD | P42BSMT-S |
| L10PA35A | L5CDS-A21P | L5CTSDP-U01 | P42HSKH-UA1 |
| L10PA35M21LA | L5CDS-A51A | L5CTS-K | P42HSKT |
| L10PC35A | L5CDS-A51P | L5CTS-KA20A01 | P42HSMT |
| L15CA25E21AJ01 | L5CDSB-A21A | L5CTS-KA21A | P42HSMT-AMF |
| L15CA25E-U01 | L5CDSB-A21P | L5CTS-KA50A | P42HSMT-T |
| L15CA25H1 | L5CDSB-A51A | L5CTS-KA51A | P46CCWV |
| L15CA25H101 | L5CDSB-A51P | L5CTS-KC21L | P46D |
| L15CA25M21LK | L5CDSB-E21A | L5CTS-KE21A | P46T |
| L15CA25M21LL | L5CDSB-E21P | L5CTS-KM21L | P50BSAT |
| L15CA25P21AH1 | L5CDSB-HA21A | L5CTS-KM51L | P50BSAT-T |
| L15CC25H | L5CDSB-HM21L | L5CTS-R21L | PD42E |
| L15CCATB DETEL | L5CDSB-M21L | L5KAS | PD42H |
| L15CCAT-U01 | L5CDS-CLI | L5KAS1-A21A | PD46WV1 |
| L15MA25T21LA | L5CDS-E21A | L5KAS1-M21L | PT12G |
| L15RA25-K01 | L5CDSH-M21L | L5KATSK1-M21L | PT12G-A21A |
| L15RA25M21LA | L5CDSK | L5MA25A | PT12G-A21P |
| L15RA25M21LA1 | L5CDSK-A21P | L5MA25E21AJ | PT12G-A51A |
| L15RA25M21LX | L5CDSK-M21L | L5MA25M21LA | PT12G-C21L |
| L15RA25T21LA | L5CDSKM21LB | L5RA25A | PT12G-M21L |
| L17ACTNB-U32 AD | L5CDSKM21LB-B | L5RA25E21AJ | PT12W |
| L17ACTNB-UD2 AD | L5CDSKM21LD | L5RA25E21AJ01 | PT12W-A21A |
| L17ACTN-KM21L | L5CDSKM51L | L5RA25E51AJ01 | PT12W-A21P |
| L17ACTN-U01 | L5CDSKM51LBZ | L5RA25J | PT12W-A51P |
| L17AMTN | L5CDSK-A21P | L5RA25-K | PT12WK |
| L17AMTNB-U32 AD | L5CDSKR-A51A | L5RA25M21LA | PT12WK-A21A |
| L17AMTN-K | L5CDSKR-A51P | L5RA25M21LA01 | PT12WK-A21P |
| L17AMTN-K01 | L5CDSKRH01 | L5RA25M21LA1 | PT12WK-M21L |
| L17AMTN-KE21AB | L5CDSKRH-A21A | L5RA25M51LK | V17AFTW |
| L17AMTN-KE51AB | L5CDSKRH-A21P | L5VHT | V17AFTW-D |
| L17AMTN-KM21L | L5CDS-M21L | L64PA30A | V17AFTW-G |
| L17AMTN-KM21L01 | L5CDS-M51L | L64PA30A2 | V17AFTW-K |
| L17AMTN-KM51L | L5CDS-U31 | L64PA30A21AA | V23CLTT |
| L17AMTN-SR | L5CDS-U32 | L64PA30A51AA | V27CLTT-U01 |
| L17CA25A | L5CDS-U72 | L7CESK | V27CMTT |
| L17CA25A01 | L5CDS-U82 | L7CMS | V30CLTT-U01 |
| L17CA25B | L5CES | L7CMS-A21A | V30CMTT |

6

| | | | |
|---|---|---|---|
| L17CA25E21AA | L5CES-A21A | L7CMS-A51A | V30CMTT-KA |
| L17CA25M01LB | L5CES-A21P | L7CMSB | V30CMTT-KA01 |
| L17CA25M21LB | L5CES-A51A | L7CMSB-A21A | V32FCBB-U01 |
| L17CA25M21LD01 | L5CESB | L7CMSB-A31A | V32FLBB-U02 |
| L17CA25T21LD | L5CESB01 | L7CMSB-E21A | VT10C |
| L17CA30A | L5CESB02 | L7CMSB-HA21A | VT10CI-K |
| L17CA30M21LB2 | L5CESB-A01A | L7CMSB-HA51A | VT10S |
| L17CA30T21LA | L5CESB-A21A | L7CMSB-HE21A | VT10SI |
| L17HP25E01A | L5CESB-A21P | L7CMSB-HM01L | VT10S-K |
| L17HP25E51A | L5CESB-A31A | L7CMSB-HM21L | VT10S-KA21A |
| L17SA25A | L5CESB-A51A | L7CMSB-HM51L | VT10S-KG |
| L17SA30M21LE-U0 | L5CESB-A51P | L7CMSB-M21L | VT10S-KT21L |
| L17SA30T21LD | L5CESB-C21L | L7CMSB-M51L | VT12C |
| L17SX25A | L5CESB-C51L | L7CMS-E21A | VT12C-K |
| L19CMATB-U32 AD | L5CESB-E21A | L7CMSH-A21A | VT12C-KM21L |
| L19LA25A | L5CESB-E21P | L7CMSH-E21A | VT12S |
| L19LA25M21LC01 | L5CESB-E51A | L7CMSH-M21L | VT12S01 |
| L19LA25M21LC02 | L5CESB-E51P | L7CMSK | VT12SI |
| L19LA25M21LC03 | L5CESB-HA21A | L7CMSKM21L | VT12SI-KA21A |
| L19LD25A11 | L5CESBH-A21A | L7CMS-M21L | VT12SI-MAY |
| L19MA25A | L5CESBH-A21A-MS | L7CMS-M51L | VT12SI-MAY01 |
| L19MA25A01 | L5CESBH-A51A | L7CMS-U42 | VT12SI-TEK |
| L19MA25A02 | L5CESBH-C21L | LD23HL | VT12SI-TUS |
| L19MA25A03 | L5CESBH-C21L-MS | LD23HL01 | VT12S-K |
| L19MA25A04 | L5CESBH-C51L | LD23HL01-K | VT12S-KA21A |
| L19MA25A05 | L5CESB-HM21L | LD23HL-K | VT12S-KA51A |
| L19MA25A06 | L5CESBH-M51L | LD30HL | VT12S-KM01L |
| L19MA25A51AA | L5CESB-M21L | LD32HL | VT12S-KM21L |
| L19MA25C01 | L5CESB-M51L | LK152FPE21A | VT12S-KM21L01 |
| L19MA25E21AB | L5CESB-U32 DETE | LK152FPE21P | VT12S-KM51L |
| VT15TI | VT17SH-A51A | VT17SI | VT17T-A51A-SPCM |
| VT15TI-A21A | VT17SH-C21L | VT17S-K | VT17TI |
| VT15TI-A21A-SP | VT17SH-C21L-MSR | VT17SRB | VT17TI-A21A |
| VT15TI-A21A-SPC | VT17SH-C51L | VT17SRI | VT17TI-A21A-SP |
| L5CESPP-U61 | VT17SH-E21A | VT17T | VT17TI-A21A-SPC |
| VT17S | VT17SH-M21L | VT17T-A21A | VT17TI-A51A-SPC |
| VT17SH-A21A | VT17SH-M51L | VT17T-A21A-SP | VT15T-A51A-SPCM |
| VT17T-A21A-SPCM | VT17SHV-A21A | VT17T-A21A-SPC | L19SD25E51AB01 |
| VT17T-A51A-SPC | | | |
| L19MA25GC | L5CES-C21L | LK152FR | VT12S-TUS |
| L19MA25M21LA | L5CESDP-E82 | LK152FRA21A | VT12SU |
| L19MA25M21LA01 | L5CES-E21A | LK152FRA51A | VT12SU-A51A01 |
| L19MA25M21LA02 | L5CES-HA21A | LK152FRM21L | VT12T |
| L19MA25M21LA03 | L5CESH-A51A | LK152FRM51L | VT12T-A21A |
| L19MA25M21LA04 | L5CES-HM21L | LK171FP-A21A | VT12TI-A21A |

RLF1-2980640-1

| L19MA25M21LB | L5CESK | LK171FP-E21A | VT15GT-A21A-SPC |
| L19MA25M21LC | L5CESKA21A | LK171FP-M21L | VT15S |
| L19MA25M21LC01 | L5CESK-E21A | LK171FR | VT15S |
| L19MA25M21LC02 | L5CESKM21L | LK171FRA21A | VT15S01 |
| L19MA25M51LA | L5CES-KM21L2 | LK171FRG | VT15S-A51A |
| L19MA30A21AA | L5CESKM21LE | LK171FRM51L | VT15SI |
| L19MD25E21AB | L5CESKM21LE01 | LK192FR | VT15SRB |
| L19MD25E51AB | L5CESKM21LE02 | LQ121-LH03-INV | VT15SRI |
| L19MD25M21LB | L5CESKM51L | LS15CA25G | VT15T |
| L19SA25E21AB | L5CES-KR21L | LS15CC25 | VT15T-A21A |
| L19SA25M21LB | L5CESKR-A51A | LS15CC25H | VT15T-A21A-MSR |
| L19SA25M21LB01 | L5CESKRH-A21A | LS15FA25F | VT15T-A21A-SP |
| L19SA25M21LC01 | L5CES-M21L | LS18CA35E21A | VT15T-A21A-SPC |
| L19SA25M21LC03 | L5CES-M51L | LS18CA35M21L | VT15T-A21A-SPCM |
| L19SD25A2 | L5CESPP-A21P | LS18CA35M21LA | VT15T-A21A-SPM |
| L19SD25E21AB | L5CESPPKA21P | LS18CA35M21LT | VT15T-A51A |
| L19SD25E21AB01 | L5CESPP-U41 | LS64PA30 | VT15T-A51A-MSR |
| L19SD25E51AB | L5CESPP-U42 | LS64PA30A | VT15T-A51A-SPC |

## Interrogatory No. 3.

Identify each type of visual display product (such as the Tatung L17AMTN monitor) manufactured, shipped, imported, sold, and/or offered for sale, in or to the United States, by or for you, since January 1, 2002.

## Response:

TATUNG USA specifically objects to this Request on the grounds that the phrase, "type of visual display product," is vague and ambiguous terms," renders it overbroad and unduly burdensome. TATUNG USA also objects to this Request on the grounds that it is not limited to the U.S. market and, therefore, seeks information which is not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the general and specific objections, TATUNG USA refers Plaintiff to the Response to Interrogatory No. 2.

RLF1-2980640-1

**Interrogatory No. 4.**

State the date that you first became aware of each of the Patents-In-Suit and describe in detail the circumstances surrounding your first knowledge of each of the Patents-In-Suit, including, but not limited to, identifying the person at Tatung who first learned of each of the Patents-In-Suit and from what source, explaining the manner in which that person learned of the Patents-In-Suit, and identifying all documents that reflect when and how you learned of the Patents-In-Suit.

**Response:**

TATUNG USA specifically objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

Subject to and without waiver of the general and specific objections, TATUNG USA responds that it first became aware of each of the Patents-In-Suit when it was served with Plaintiff's Complaint in this action on or about May 28, 2004.

**Interrogatory No. 5.**

Describe in detail any and all efforts made by you, or on your behalf, to avoid infringing the Patents-In-Suit since the time that you first learned of either of the Patents-In-Suit.

**Response:**

TATUNG USA specifically objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. TATUNG USA further objects to this Interrogatory to the extent it seeks documents that are protected by the attorney-client privilege and/or the work product doctrine, or that are otherwise privileged and protected from disclosure. TATUNG USA also objects to this Interrogatory on the grounds that it seeks information which is not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

9

Subject to and without waiver of the general and specific objections, TATUNG USA states that it has not and does not infringe the Patents-In-Suit. Discovery is continuing and TATUNG USA reserves the right to supplement this response.

**Interrogatory No. 6.**

State whether you intend to rely on any legal opinion or advice as part of your defense concerning the scope, validity, enforceability, or infringement of any of the Patents-In-Suit, and, if so, identify each legal opinion, including whether it is written or oral, the author(s), recipient(s), date, and subject matter regarding each opinion, and identify all facts and documents considered for purposes of each opinion.

**Response:**

TATUNG USA specifically objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

Subject to and without waiver of the general and specific objections, TATUNG USA responds that it has not yet finally determined which defenses it will pursue, including without limitation, whether it will rely on advice of counsel as a defense to Plaintiff's claims. TATUNG USA will make this determination in accordance with the directions and schedule set by the Court. TATUNG USA does intend to rely on the written judgment of His Honour Judge Fysh QC, Patents County Court, United Kingdom, which was entered on November 28, 2005 in the case of LG.Philips LCD Co., Ltd. (Claimant) and (1) Tatung (U.K.) Ltd , (2) ViewSonic Europe Ltd., and (3) Number One Services Ltd. (Defendants), Case No. PAT04022. The subject matter of the judgment was a finding that Tatung (U.K.) Ltd 's CCTV did not infringe LG's UK Patent No. 2 346 464 (as it was proposed to be amended), the foreign counterpart to the Patents-In-Suit; that the Patent (as proposed to be amended) was invalid over the prior art references of US Pat. No  5,570,267 (Ma), U.S. Pat. No. 5,119,204 (Hashimoto), JP 09-190156 (Fujitsu '156), JP 09-

10

171358 (Fujitsu '358); and that the Patent as granted is revoked. The facts and documents considered for this judgment include everything filed in the case and the testimony and evidence presented at trial.

### Interrogatory No. 7.

Identify each investigation concerning the Patents-In-Suit undertaken by you or on your behalf (including, for example, prior art searches, tests, or analysis related to patent scope, validity, and/or infringement) and describe in detail each such investigation, including the date(s), the person(s) involved, the scope of the investigation, the results and conclusions of the investigation, and identify all documents used or created concerning the investigation.

**Response:**

TATUNG USA specifically objects to this Interrogatory on the grounds that it prematurely seeks expert discovery. TATUNG USA further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. TATUNG USA also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure. Finally, TATUNG USA objects on the grounds that this Interrogatory seeks information which is not relevant to the claims or defenses of this lawsuit, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the general and specific objections, TATUNG USA refers Plaintiff to the prior art that co-defendant TATUNG has already produced and made available for inspection in this case. TATUNG USA further asserts that the burden of deriving or ascertaining the answer is substantially the same for both Plaintiff and TATUNG USA and, pursuant to Fed. R. Civ. P Rule 33(d), will provide the following records from which the answer may be derived or ascertained: TDE-000095-000168. The remainder of this Interrogatory seeks information that is privileged and/or seeks a premature disclosure of expert testimony.

11

TATUNG USA will disclose its expert reports in accordance with the directions and schedule set by the Court. Discovery is continuing and TATUNG USA reserves the right to supplement this response.

### Interrogatory No. 8.

> If you contend that any claim of the Patents-In-Suit is invalid for any reason (including, for example, under 35 U.S.C. §§ 101, 102, 103, and 112), then as to each such claim and patent, set forth in detail the entire basis for your contention, including stating all relevant facts, identifying all documents on which you rely to support your contention, and identifying all persons with information or knowledge relevant to your contention, summarizing each person's knowledge.

**Response:**

TATUNG USA specifically objects to this Interrogatory on the grounds that it prematurely seeks expert discovery. TATUNG USA further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. TATUNG USA also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure. Finally, TATUNG USA objects on the grounds that this Interrogatory seeks information which is not relevant to the claims or defenses of this lawsuit, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the general and specific objections, TATUNG USA will provide a complete response to this Interrogatory as part of the disclosure of its expert reports in accordance with the directions and schedule set by the Court. TATUNG USA presently believes that the response to this Interrogatory includes the information contained in TATUNG USA's responses to Interrogatory Nos. 7, 10 and 11 and, at a minimum, the following:

Facts: TATUNG USA responds on information and belief that information responsive to this Interrogatory is in co-defendant Viewsonic's Opposition to Plaintiff's Motion for

Preliminary Injunction, its Request to File Sur-Reply, and the supporting Declarations and Exhibits. Additional facts responsive to this Interrogatory are set forth in the deposition transcript of William Bohannon, taken August 6, 2004; the deposition transcript of Mark Brinkerhoff, taken January 20, 2005; the witness statements of Nicholas Talesfore dated August 11, 2005 and September 14, 2005; the witness statements of Mark Brinkerhoff dated July 29, 2005 and September 6, 2005, the witness statement of Stuart Morgan dated July 20, 2005; the testimony of Nicholas Talesfore given on September 15 and 16, 2005 in the UK Patents County Court Case No. PAT04022; the testimony of Mark Brinkerhoff given on September 19, 2005 in the UK Patents County Court Case No. PAT04022; the testimony of Stuart Morgan given on September 20, 2005 in the UK Patents County Court Case No. PAT04022; the facts contained in the March 7, 2005 draft amended Particulars of Infringement in the UK Patents County Court Case No. PAT04022. Facts contained in the March 22, 2005 - Amended Particulars of Infringement in the UK Patents County Court Case No. PAT04022. Facts contained in the August 11 2005 Re-Amended Particulars of Infringement in the UK Patents County Court Case No. PAT04022. The transcripts and exhibits from the trial held in the UK Patents County Court Case No. PAT04022 on September 15, 16, 19-22, 2005; and the Judgment rendered on November 28, 2005 in the UK Patents County Court Case No. PAT04022.

Documents: The USPTO file history for the Patents-In-Suit. In addition to those prior art documents and products already produced in this case by ViewSonic, documents that support this contention include, documents produced by TATUNG USA and TATUNG in response to Plaintiff's Second Set of Requests for Production of Documents, Plaintiff's Motion for Preliminary Injunction, ViewSonic's Opposition to Plaintiff's Motion for Preliminary Injunction, Plaintiff's Reply, ViewSonic's Request to File Sur-Reply, the First and Fourth Declarations of

13

William Bohannon, the Declaration and Supplemental Declaration of Mark Brinkerhoff, the Declaration of Mike Zapka, the Declaration of Alexandra Brodie, the Declaration of Tracy Roman, the deposition transcript of William Bohannon, the deposition transcript of Mark Brinkerhoff, the witness statements of Nicholas Talesfore, the witness statements of Mark Brinkerhoff, the witness statement of Stuart Morgan, the transcripts and exhibits from the trial held in the UK Patents County Court Case No. PAT04022 on September 15, 16, 19-22, 2005, draft amended Particulars of Infringement in the UK Patents County Court Case No. PAT04022; Amended Particulars of Infringement March 22, 2005 in the UK Patents County Court Case No. PAT04022; Re-Amended Particulars of Infringement August 11 2005 in the UK Patents County Court Case No. PAT04022; and the Judgment rendered on November 28, 2005 in the UK Patents County Court Case No. PAT04022. Tatung responds on information and belief that the records of, and pertaining to, the prosecution and subsequent appeal of the sibling Japanese patent application No. JP 2000132279.

People: At least the following:

Jong Hwan Kim; Young Woo Cho; Nicholas Talesfore; William Bohannon; Song K. Jung; Rebecca Goldman Rudish; Matthew Bailey; John M Kelly; Eric Nuss; Kenneth D. Springer Mark Brinkerhoff, Stuart Morgan.

Discovery is ongoing and TATUNG USA reserves the right to supplement this response.

**Interrogatory No. 9.**

For each claim of the Patents-In-Suit that you contend would have been obvious in response to the preceding interrogatory, identify each portion of each prior art item that provides an incentive, suggestion, and/or motivation to combine or modify the prior art to achieve the claimed invention, citing the document, page, column, line and/or figure reference numbers, as well as any testimony or statements supporting your contention.

14

**Response:**

TATUNG USA specifically objects to this Interrogatory on the grounds that it prematurely seeks expert discovery. TATUNG USA further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. TATUNG USA also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure. Finally, TATUNG USA objects on the grounds that this Interrogatory seeks information which is not relevant to the claims or defenses of this lawsuit, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the general and specific objections, TATUNG USA refers Plaintiff to the Response to Interrogatory No. 8.

**Interrogatory No. 10.**

Identify each prior art reference or item that you contend is relevant, including prior use and product(s).

**Response:**

TATUNG USA specifically objects to this Interrogatory on the grounds that it prematurely seeks expert discovery. TATUNG USA further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

Subject to and without waiver of the general and specific objections, TATUNG USA states that the prior art includes at least the following:

Products
(a)     Pixelvision SGT15P

15

(b)     IBM 9052

(c)     IBM 9516

(d)     Tatung L4KAS

(e)     Hewlett-Packard S1010 and/or S1010a

(f)     ViewSonic VP140

(g)     ViewSonic VPA138

(h)     Sharp TFT-LCD module Model No. LQ4RA35

(i)     Sharp TFT-LCD module Model No. LQ4RA32

(j)     Sharp Backlight Unit Model No. Model No. LQ0B03

(k)     The Primary Display Units for the Boeing 777 aircraft including Honeywell Part
         No. 4073610 (31-61-04) and (31-31-26)

Patents/Publications

(l)     "Cockpit Displays III," Darryl G. Hopper, April 10-11, 1996, SPIE - The
         International Society for Optical Engineering;
(m)    F-16 retrofit application using a modular avionics system architecture and color
         active matrix liquid crystal displays" ;

(n)     Randall E. Orkis, May 1994, Vol. 2219 Cockpit Displays SPIE - The International
         Society for Optical Engineering;

(o)     "An improved Full Color F16A/B and F16C/D Multi-Function Display Using A
         Ruggedized COTS Active Matrix Color Liquid Display Crystal Display";

(p)     U.S. Pat. No. 5,041,965 – issued August 20, 1991;

(q)     U.S. Pat. No. 5,119,204 – issued June 2, 1992;

(r)     U.S. Pat. No. 5,570,267 – issued October 29, 1996;

(s)     U.S. Pat. No. 5,831,816 – filed June 12, 1997;

16

(t)     U.S. Pat. No. 6,068,227 filed March 11, 1997;

(u)     JP 09-190156 -- published July 1997;

(v)     JP 09-171358 -- published July 1997;

(w)     JP Publication number 05-188810;

(x)     Sharp Liquid Crystal Display Group Sharp Corporation SPECIFICATION TFT-
        LCD module MODEL No. 4LQRA35 - July 1993;

(y)     (Sharp Liquid Crystal Display Group Sharp Corporation SPECIFICATION TFT-
        LCD module MODEL No. 4LQRA31  4LQRA32 - May 1991;

(z)     Sharp Liquid Crystal Display Group Sharp Corporation SPECIFICATION
        BACKLIGHT UNIT MODEL No. LQ0B01  - published July 31 1992.

See also the references identified by co-defendants ViewSonic. Discovery is continuing
and TATUNG USA reserves the right to supplement this response.

**Interrogatory No. 11.**

For each prior art reference or item on which you rely, describe in detail how the alleged
prior art reference or item qualifies as prior art under every section of Title 35 of the
United States Code on which you rely, including, for example: the first date, by whom,
and how the alleged prior art was known or used in the U.S., patented or described in a
printed publication in any country, and/or conceived and reduced to practice; the making,
knowledge, use, or sale of the prior art; the authors and title of each patent, patent
application, and article/publication; the date that each reference was issued, filed, or
published; the number of each patent and patent application; and/or the country(ies)
where each reference was issued, filed, or published.

**Response:**

TATUNG USA specifically objects to this Interrogatory on the grounds that it

prematurely seeks expert discovery. TATUNG USA further objects to this Interrogatory to the

extent it seeks information that is protected by the attorney-client privilege and/or the work

product doctrine, or that is otherwise privileged and protected from disclosure.

17

Subject to and without waiver of the general and specific objections, TATUNG USA

states that the prior art includes at least the following:

"F-16 retrofit application using a modular avionics system architecture and color active
matrix liquid crystal displays" Published May 1994;

"An improved Full Color F16A/B and F16C/D Multi-Function Display Using A
Ruggedized COTS Active Matrix Color Liquid Display Crystal Display" Published
March 1995;

"Cockpit Displays III," Darryl G. Hopper, April 10-11, 1996, SPIE - The International
Society for Optical Engineering;

U.S. Pat. No. 5,041,965 (Chen) – issued August 20, 1991;

U.S. Pat. No. 5,119,204 (Hashimoto) – issued June 2, 1992;

U.S. Pat. No. 5,570,267 – (Ma) issued October 29, 1996;

U.S. Pat. No. 5,831,816 – (Johns) filed June 12, 1997;

U.S. Pat. No. 6,068,227 (Morgan) filed March 11, 1997;

JP 09-190156 – (Fujitsu) published July 1997;

JP 09-171358 – (Fujitsu) published July 1997;

JP 05-188810 (Sumitomo Wiring System Ltd.) published January 1995;

Sharp Liquid Crystal Display Group Sharp Corporation SPECIFICATION TFT-LCD
module MODEL No. 4LQRA35 - published July 1993;

Sharp Liquid Crystal Display Group Sharp Corporation SPECIFICATION TFT-LCD
module MODEL No. 4LQRA31  4LQRA32 - published May 1991;

Sharp Liquid Crystal Display Group Sharp Corporation SPECIFICATION BACKLIGHT
UNIT MODEL No. LQ0B01  - published July 31 1992;

On information and belief, TATUNG USA responds that co-defendant ViewSonic's

18

VP140 product line was first manufactured and made available for sale in the United States in the first quarter of 1997 and was selling from March 1997 through October 1998. ViewSonic sold 13,696 units of the VP140 LCD monitor in the United States.

On information and belief, TATUNG USA responds that co-defendant ViewSonic's VPA138 product line was first manufactured and made available for sale in the United States in the fourth quarter of 1997. From November 1997 through October 1998, ViewSonic sold 3,183 units of the VP140 LCD monitor in the United States.

The IBM 9052 Monitor bears identification references 39H7116 JSR NC401 C-1030 1-3 and has a date stamp indicating 1/96 imprinted onto the interior metal tray. According to the IBM website, the IBM 9516 monitors were announced on March 16, 1998 and had an expected product availability date of March 17, 1998. In addition, an article dated April 1998 reviewing the IBM 9516 monitor was published online at www.techweb.com. As to the particular monitor referenced in Mr. Brinkerhoff's Supplemental Declaration, it bears Serial No. 97-01887 and indicates it was manufactured by IBM Japan Ltd in 1997. TATUNG USA is informed and believes that that particular IBM 9516 monitor has been in use since before October 1998.

The TATUNG Monitor LK4AS product line was first manufactured and made available for sale in the United States in the third quarter of 1998.

TATUNG USA is informed and believes that that Sharp TFT-LCD module MODEL No. LQ4RA35 was available on or before July 1993.

TATUNG USA is informed and believes that that Sharp TFT-LCD module MODEL No. LQ4RA31 was available on or before May 1991.

TATUNG USA is informed and believes that that Sharp TFT-LCD module MODEL No. LQ4RA32 was available on or before May 1991.

TATUNG USA is informed and believes that that Sharp TFT-LCD backlight LQ0B03

19

was available on or before July 1993.

TATUNG USA is informed and believes that that Sharp TFT-LCD backlight LQ0B01 was available on or before July 1992.

TATUNG USA is informed and believes that the PixelVision SGT15P was made publicly available in 1997. His Honour Judge Fysh QC has adjudged that the PixelVision monitor was publicly available before October 23, 1999. As to the particular monitor referenced in Mr. Brinkerhoff's Supplemental Declaration, its housing bears serial number PVN97 42074, its printed circuit board bears serial number 9742074 and a copyright date of 1997, and its rear housing is imprinted with a date stamp of 8/97.

See also the Answer of co-defendant Viewsonic. to the Complaint. Discovery is continuing and TATUNG USA reserves the right to supplement this response.

**Interrogatory No. 12.**

> If you contend that you previously conceived, reduced to practice, or otherwise invented the subject matter recited in the Patents-In-Suit, set forth in detail the entire basis for your contention, including stating all relevant facts, identifying all documents on which you rely for this contention, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

**Response:**

TATUNG USA specifically objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure. TATUNG USA further objects to this Interrogatory as vague and ambiguous as the term "previously" has no reference to any point in time, thus making the Interrogatory unintelligible. In view of these objections, no further response is possible until further clarification is provided as to what the term "previously" means in the context of Interrogatory No. 12.

20

**Interrogatory No. 13.**

Regarding your ninth affirmative defense (laches), set forth in detail the entire basis for your defense, including stating all relevant facts, identifying all documents on which you rely for this defense, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

**Response:**

TATUNG USA specifically objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

Subject to and without waiver of the general and specific objections, TATUNG USA states that L17AMTN has been offered for sale at least as early as January 17, 2003. By way of further response, TATUNG USA responds by stating that the additional information necessary to respond to this Interrogatory is in Plaintiff's possession. TATUNG USA anticipates discovering this information as the case continues and, therefore, reserves the right to supplement this response.

**Interrogatory No. 14.**

Regarding your tenth affirmative defense (estoppel), set forth in detail the entire basis for your defense, including stating all relevant facts, identifying all documents on which you rely for this defense, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

**Response:**

TATUNG USA specifically objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

Subject to and without waiver of the general and specific objections, TATUNG USA responds by stating that the burden of deriving or ascertaining the answer to this Interrogatory is

21

substantially the same for both Plaintiff and TATUNG USA and, pursuant to Fed. R. Civ. P. Rule 33(d), will provide the following records from which the answer may be derived or ascertained: the prosecution histories of the Patents-In-Suits. Discovery is continuing and TATUNG USA reserves the right to supplement this response.

**Interrogatory No. 15.**

> Regarding your eleventh affirmative defense (unclean hands), set forth in detail the entire basis for your defense, including stating all relevant facts, identifying all documents on which you rely for this defense, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

**Response:**

TATUNG USA specifically objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

Subject to and without waiver of the general and specific objections, TATUNG USA states that the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for both Plaintiff and TATUNG USA and, pursuant to Fed. R. Civ. P. Rule 33(d), will provide the following records from which the answer may be derived or ascertained:    TDE 000001-000090. TATUNG USA further states that the additional information necessary to respond to this Interrogatory is in Plaintiff's possession, which TATUNG USA expects to discover as the case continues. TATUNG USA has conducted a reasonable inquiry and diligent search, but has not yet located additional information responsive to this Interrogatory. Discovery is continuing and TATUNG USA reserves the right to supplement this response.

**Interrogatory No. 16.**

> Regarding your twelfth affirmative defense (marking), set forth in detail the entire basis for your defense, including stating all relevant facts, identifying all documents on which

22

you rely for this defense, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

**Response:**

TATUNG USA specifically objects to this Interrogatory on the grounds that it prematurely seeks expert discovery. TATUNG USA further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

Subject to and without waiver of the general and specific objections, TATUNG USA states that, on information and belief, it believes that Plaintiff has sold products which practice the Patents-In-Suit but which have not been marked in accordance with 35 U.S.C. §287. Additional information necessary to respond further to this Interrogatory is in Plaintiff's possession, which TATUNG USA expects to discover as the case continues. TATUNG USA has conducted a reasonable inquiry and diligent search, but has not yet located additional information responsive to this Interrogatory. Discovery is continuing and TATUNG USA reserves the right to supplement this response.

### Interrogatory No. 17.

Regarding your thirteenth affirmative defense (patent misuse), set forth in detail the entire basis for your defense, including stating all relevant facts, identifying all documents on which you rely for this defense, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

**Response:**

TATUNG USA specifically objects to this Interrogatory on the grounds that it prematurely seeks expert discovery. TATUNG USA further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure

23

Subject to and without waiver of the general and specific objections, TATUNG USA states that LG has previously sued Tatung (UK) Ltd. before the UK Patents County Court Case No. PAT04022 for infringement of a UK counterpart patent (GB2346464) to the patents in-suit for LG's so-called "rear mount" technology. Initially, LG claimed infringement against the L17AMTN monitor and provided the court with a primary case on construction and infringement by such monitor. Eventually, after receiving various disclosures of prior art, LG amended its "Particulars of Infringement", sought to amend the claims, and withdrew its claim of infringement against the L17AMTN monitor.

By the time the case came to trial in the UK, LG no longer claimed that the L17AMTN monitor infringed its patent, whether as granted or as sought to be amended. The UK court found the UK patent to be invalid and so revoked it pending any appeal by LG. The UK court also refused LG's application to amend the patent and dismissed all of its remaining assertions of infringement against other Tatung monitors. TATUNG USA further states that pursuant to Fed. R. Civ. P. Rule 33(d), TATUNG USA will rely the following records from which the answer may be derived or ascertained: TDE 000169-000183.

By way of further response, TATUNG USA refers Plaintiff to the prior art that TATUNG USA's parent company TATUNG CO. is producing in this case and to TATUNG USA's responses to Interrogatory Nos. 10 and 11. TATUNG USA also states that additional information necessary to respond to this Interrogatory is in Plaintiff's possession. Discovery is continuing and TATUNG USA reserves the right to supplement this response.

**Interrogatory No. 18.**

Regarding your fourteenth affirmative defense (inequitable conduct), set forth in detail the entire basis for your defense (specifically including, but not limited to, the basis for your allegation that "The failure to disclose this information was knowing, willful, and done with an intent to deceive the PTO into issuing the patents-in-suit"), including stating

24

all relevant facts, identifying all documents on which you rely for this defense, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

**Response:**

TATUNG USA specifically objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure. Subject to and without waiver of the general and specific objections, TATUNG USA responds by stating that, at present, its inequitable conduct defense is based on conduct and information including, but not limited to, the following: misrepresentations of or failures to disclose material information such as limitations of the foreign patent relied upon; failure to disclose prior art believed to be known to plaintiff, its employees and agents, due to the wide availability of various LCD monitors and devices sold, offered for sale, marketed and/or manufactured by others, including products sold by Pixelvision, such as the SGT 115; CTX, such as the Panoview 600; IBM, such as the 9052; Apple, such as the duo product line and flat panel display for the Apple II; Tatung, such as L4KAS; Hewlett-Packard, such as the s1010a; Sun, such as the Voyager; Compaq, such as the 640; Viewsonic, such as the 140; Advantech, such as the PPC-140T and, on information and belief, Sumitomo and LG Semicon; and failure to disclose publications and patents including "Cockpit Displays;" U.S. Pat. Nos. 5,041,965; 5,119,204; 5,570,267; 5,831,816; 5,844,772; and Japanese Patent Nos. 407020447A, 4091711358A, 4019190156A, 406214511A, and 410117313A. TATUNG USA further states that the persons with knowledge pertaining to TATUNG USA's defense are as follows; Song K. Jung, Rebecca Goldman Rudish; Matthew Bailey; John M Kelly; Eric Nuss; Kenneth D. Springer.

25

By way of further response, TATUNG USA states that the additional information necessary to respond to this Interrogatory is in Plaintiff's possession. Discovery is continuing and TATUNG USA reserves the right to supplement this response.

*As to Objections,*

Of Counsel:
Christopher Darrow
Mark H. Krietzman
Andrews Eliseev
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

Kathryn L. Clune
Greenberg Traurig LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006

Dated: February 13, 2006

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
Attorneys for Defendant Tatung Company of America Inc

26

*As to the Answers to the Second Set of Interrogatories*:

      I declare under penalty of perjury that the foregoing is true and correct.

                             Tatung Company of America, Inc.

Date:_____    _____
                                  Name

27

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG Philips LCD Co., | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: 04-343-JJF |
| v. | ) | |
| Tatung Co., Tatung Company of America Inc., | ) | JURY TRIAL DEMANDED |
| and Viewsonic Corp. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT TATUNG COMPANY'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES NOS. 2 AND 3

Defendant Tatung Company ("TATUNG") hereby makes its Objections and Responses to the Plaintiff's Second Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

TATUNG has not yet completed its gathering of facts and documents related to this action. Therefore, in responding to the Interrogatories, TATUNG reserves the right to revise, correct, add to, supplement, and clarify any of its responses.

All responses are submitted as presently advised, and without prejudice to TATUNG's right to modify, amend, revise, correct, supplement, add to or clarify such responses at the appropriate time.

Counsel for TATUNG invites discussion with counsel for Plaintiff with respect to these responses, with the expectation that discussions between counsel may eliminate or modify objections, reduce burdens on TATUNG, or otherwise result in a mutually satisfactory resolution of the objections set forth herein.

RLF1-3072904-1

## GENERAL OBJECTIONS

TATUNG hereby makes the following general objections to all of the individual Interrogatories. These general objections are incorporated into each and every Interrogatory set forth below, whether referenced specifically or not.

1    TATUNG hereby interposes the following general objections to all of the individual Interrogatories contained in Plaintiff's Interrogatories. These general objections are incorporated into each and every individual objection set forth below, whether referenced specifically or not.

2.    TATUNG specifically objects to Plaintiff's Second Set of Interrogatories on the grounds that such Interrogatories are overly broad and unduly burdensome, and/or because it Interrogatories documents that are neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

3.    TATUNG objects to the Interrogatories to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege or other privilege, or by the work-product doctrine. Such information or documents will not be produced to Plaintiffs and any inadvertent production shall not be deemed a waiver of any privilege with respect to the information or any work product doctrine which may apply.

4.    TATUNG objects to the Interrogatories to the extent they attempt to impose duties that are beyond the scope of the Federal Rules of Civil Procedure and the Local Rules of this Court.

5    TATUNG objects to the Interrogatories on the grounds that they are not limited by time, and, therefore, are in many instances overly broad and unduly burdensome, and/or

2

Interrogatory documents that are neither relevant to the claims and defenses of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

6    TATUNG objects to the Interrogatories as to the requested time, place, and manner. It is not currently possible to accurately gauge the quantity of documents requested. To the extent that there are properly producible documents, they will be produced at a mutually agreed upon time, place, and manner.

7    TATUNG objects to the Interrogatories to the extent that they seek materials obtained or prepared in anticipation of litigation or trial, materials prepared by or for an attorney, materials protected by a state or federal right of privacy or protection, materials protected from disclosure under relevant procedural rules or case law, and further seek mental impressions, conclusions, opinion, or legal theories concerning anticipated or actual litigation.

8    TATUNG objects to the Interrogatories on the grounds that they seek information that is more readily and efficiently obtained through deposition questions rather than written discovery

9.    TATUNG objects to the Interrogatories on the grounds that they seek information that is readily accessible to Plaintiffs from public sources or Plaintiff's own files

10.    TATUNG objects to the Interrogatories on the grounds and to the extent that they call for disclosure of proprietary or confidential information or trade secrets, disclosure of which would be prejudicial to TATUNG, its customers, suppliers, and any witnesses testifying on behalf of TATUNG, the clients of such witness, or the person or persons who provided such information to TATUNG Any such information that TATUNG provides will be provided subject to the stipulated Protective Order entered into by the parties in this proceeding.

3

11.    TATUNG objects to the Interrogatories to the extent that they seek information that, if furnished, would violate a court order, protective order, and/or stipulation of confidentiality that has been entered with respect to such information.

12.    TATUNG objects to the Interrogatories to the extent that they call for disclosure of proprietary or confidential information of a third party, or the joint proprietary or confidential information of TATUNG and the third party. TATUNG will not provide such information until the third party has been notified of such Requests, and the third party has consented to the production of such requested information.

13.    TATUNG objects to the Interrogatories to the extent that they seek copyrighted material or other information, the copyright, or other intellectual property rights, access to which TATUNG does not possess.

14.    TATUNG objects to the Interrogatories as premature to the extent that they seek disclosure of witnesses, evidence and theories to be presented by TATUNG at the trial of this action before TATUNG has had an opportunity to obtain discovery.

15.    TATUNG objects to the Interrogatories on the grounds and to the extent that responding to such Interrogatories would improperly require TATUNG or its witnesses, or both, to perform studies, analyses, calculations or compilations that do not currently exist.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES 2 AND 3

Subject to the general objections, TATUNG makes the following specific objections and responses:

### Interrogatory No. 2.

Identify each type of visual display product (such as the Tatung L17AMTN monitor) manufactured, shipped, imported, sold, and/or offered for sale, by or for you, since January 1, 2002, and specify which products have been marketed or sold under a trademark or brand name that belongs to TATUNG or its affiliated entities.

4

**Response:**

Subject to and without waiver of the previously stated and present general and specific objections and in addition to our previous response, TATUNG states that, based upon information and belief, the following Tatung LCD computer monitors have been shipped, imported, sold, or offered for since January 1, 2002:

```
L15ACAP
L15BCVK
L15CCAE
L15CCAE-U07
L15CCAE-U27
L15CCAT
L15CCAT UA3/UB3
L15CCAT-U01
L15CCAT-U05
L15CCAT-U13
L15CCAT-U23
L15CCAT-U32
L15CCAT-UA3
L15CCAT-UB3
L15CCAT U01 U32
L15CCQT
L15CCQT-U09
L15CCQT-U19
L15ECAE-U27
L15ECAE-U37
L15FCBT
L15FCBT-U02
L15FCBT-U09
L15FCBT-U12
L15HCAP-E34
L17ACAE-U07
L17ACAH
L17ACLN-U03
L17ACLN-U13
L17ACLN-UB3
L17ACTN-U01
L17ACTN-U23
L17ACTN-U32
L17ACTN-UC3
L17ACTN-UD2
L17AMTN-U01
L17AMTN-U03
L17AMTN-U22
L17AMTN-U23
L17AMTN-U32
L17CCAT-U05
L1CCAT
L17CCAT E01
L17CMAT-E05
```

5

L17CM(Q)AT-E05
L17CQAT-U05
L17DSAV-U16
L17DMAV=DSAV
L17ECAE
L17ECAE-U07
L17ECBQ-U08
L17FCBT
L17FCBT-U02
L17FCBT-U12
L17FCBT=FCMT
L17FCMT-U05
L17KCBQ-U08
L17NCDT
L17NCDT-U00
L17PCAG
L17PCBG-U05
L17PCBG-U15
L17PCBG-UA5
L19ACLN
L19ACLN-U13
L19ACTN-U23
L19AMTN
L19AMTN-U01
L19CM(Y)AT-E05
L19CM(Y)AT
L19CMAT
L19CMAT-U32
L19CYAT-U05
L19FCBT
L19FCBT-U12
L19FCMT
L19NCDT-U00
L19NCDT-U00/E01
L5cds
L5CDS/T
L5PDS/T
L5TDS/T
L5CDSDP-J25
L5CDSDP-C81
L5CDSDP-E11
L5CDSDP-U92
L5CDSDP-U91
L5CDSDP-J21
L5CDSDP-J22
L5CDSDP-D11
L5CDSDP-J31
L5CDSDP-J32
L5CDSDP-D12
L5CDSDP-S03
L5CDSDP-U81
  L5CDSDP-U11
L5CDSDP-U82
L5CDSDP-J15
L5CDSDP-U72
L5CDSDP-D02
L5CDSDP-J05

6

L5CDSDP-E01
L5CDSDP-E81
L5CDSDP-D01
L5CDSDP-U01
L5CDSDP-U21
L5CDSDP-U22
L5CDSDP-U26
L5CDSDP-U31
L5CDSDP-U32
L5HCAP
L5CESDP-U81
L5CESPP-U01
L5CESPP-U12
L5CESPP-U32
L5CESPP-U41
L5CESPP-U42
L5CESPP-U62
L5CTSDP-U01
L5CTSDP-U03
L5CTSDP-U06
L5CTSDP-U13
L5CTSDP-U52
L5CTSDP-U62
L5CTSDP-UA3
L5PEBPP-U01
L5PHSDP-U19
L5PHSDP-U29
L5PVTPP
L5PVTPP-J15
L5PVTPP-U25
L5SVTPP-U45
PTAB915DN01
PTAB915DN02
PTAB915DN03
PTAB915DN04
PTAB915DN07
PTAB915DN09
PTAB915DN10
PTAB915DN11
PTAB915DN12
RTABB10-S01
TTAB510-N03
TTAB910
TTAB910EA01
TTAB910EG01
TTAB910EN01
TTAB910EN02
TTAB910-N01
TTAB910-N04
TTAB915DN01
TTABA12DB04
TTABA12DF02
TTABA12DN04
TTABA12DN06
TTABB10-N01
TTABB10-N02
TTABB12DB15

7

TTABB12DCN1
TTABB12DDN6
TTABB12DH05
TTABB12DJ06
TTABB12DN01
TTABB12DN02
TTABB12DN03
TTABB12DN04
TTABB12DN07
TTABB12DN10
TTABB12DN12
TTABB12DN14
TTABB12DN15
TTABB12DN16
TTABB12DN18
TWN-5213K03
TWN-5213K20
V15PCAP-U03
V17AFTW-U01
V17AFTW-U01
V17AFTW-E07
V17ULAJ-U06
V23CLTT-U01
V23CLTT
V23CLTT-U02
V23CLTT-U05
V23CLTT-HG1
V23ULAJ-U06
V26ALAH-U15
V27CMTT-U01
V30CMBT-J02
V30CMTT-U03
V30CMTT-U05
V37ALAH-U15
V32ALAH-U15
V32FLBB
V32FLBB-U21
VTAB830
VTAB830-E01
VTAB830-E02
VTAB830-N01
VTAB830-P05

## Interrogatory No. 3.

Identify each type of visual display product (such as the Tatung L17AMTN monitor)
manufactured, shipped, imported, sold, and/or offered for sale, in or to the United States,
by or for you, since January 1, 2002.

8

Response:

Subject to and without waiver of the previously stated and present general and specific objections and in addition to our previous response, TATUNG states that, based upon information and belief, the following Tatung LCD computer monitors have been manufactured, shipped, imported, sold, and/or offered for sale, in or to the United States since January 1, 2002.

L15ACAP
L15BCVK
L15CCAE
L15CCAE-U07
L15CCAE-U27
L15CCAT
L15CCAT UA3/UB3
L15CCAT-U01
L15CCAT-U05
L15CCAT-U13
L15CCAT-U23
L15CCAT-U32
L15CCAT-UA3
L15CCAT-UB3
L15CCAT U01 U32
L15CCQT
L15CCQT-U09
L15CCQT-U19
L15ECAE-U27
L15ECAE-U37
L15FCBT
L15FCBT-U02
L15FCBT-U09
L15FCBT-U12
L17ACAE-U07
L17ACAH
L17ACLN-U03
L17ACLN-U13
L17ACLN-UB3
L17ACTN-U01
L17ACTN-U23
L17ACTN-U32
L17ACTN-UC3
L17ACTN-UD2
L17AMTN-U01
L17AMTN-U03
L17AMTN-U22
L17AMTN-U23
L17AMTN-U32
L17CCAT-U05
L1CCAT
L17CQAT-U05
L17DSAV-U16
L17DMAV-DSAV
L17ECAE

9

L17ECAE-U07
L17ECBQ-U08
L17FCBT
L17FCBT-U02
L17FCBT-U12
L17FCBT-FCMT
L17FCMT-U05
L17KCBQ-U08
L17NCDT
L17NCDT-U00
L17PCAG
L17PCBG-U05
L17PCBG-U15
L17PCBG-UA5
L19ACLN
L19ACLN-U13
L19ACTN-U23
L19AMTN
L19AMTN-U01
L19CM(Y)AT
L19CMAT
L19CMAT-U32
L19CYAT-U05
L19FCBT
L19FCBT-U12
L19FCMT
L19NCDT-U00
L5cds
L5CDS/T
L5PDS/T
L5TDS/T
L5CDSDP-U92
L5CDSDP-U91
L5CDSDP-U81
L5CDSDP-U11
L5CDSDP-U82
L5CDSDP-U72
L5CDSDP-U01
L5CDSDP-U21
L5CDSDP-U22
L5CDSDP-U26
L5CDSDP-U31
L5CDSDP-U32
L5HCAP
L5CESDP-U81
L5CESPP-U01
L5CESPP-U12
L5CESPP-U32
L5CESPP-U41
L5CESPP-U42
L5CESPP-U62
L5CTSDP-U01
L5CTSDP-U03
L5CTSDP-U06
L5CTSDP-U13
L5CTSDP-U52
L5CTSDP-U62

10

L5CTSDP-UA3
L5PESPP-U01
L5PHSDP-U19
L5PHSDP-U29
L5PVTPP
L5PVTPP-U25
L5SVTPP-U45
PTAB915DN01
PTAB915DN02
PTAB915DN03
PTAB915DN04
PTAB915DN07
PTAB915DN09
PTAB915DN10
PTAB915DN11
PTAB915DN12
TTAB910EN01
TTAB910EN02
TTAB910-N01
TTAB910-N04
TTAB915DN01
TTABA12DB04
TTABA12DN04
TTABA12DN06
TTABB10-N01
TTABB10-N02
TTABB12DB15
TTABB12DN01
TTABB12DN02
TTABB12DN03
TTABB12DN04
TTABB12DN07
TTABB12DN10
TTABB12DN12
TTABB12DN14
TTABB12DN15
TTABB12DN16
TTABB12DN18
TWN-5213K03
TWN-5213K20
V15PCAP-U03
V17AFTW-U01
V17AFTW-U01
V17ULAJ-U06
V23CLTT-U01
V23CLTT
V23CLTT-U02
V23CLTT-U05
V23CLTT-HG1
V23ULAJ-U06
V26ALAH-U15
V27CMTT-U01
V30CMTT-U03
V30CMTT-U05
V37ALAH-U15
V32ALAH-U15
V32FLBB

11

V32FLBB-U21
VTAB830

By way of further response, TATUNG states that additional information necessary to respond to this Interrogatory is in Plaintiff's possession. TATUNG reserves the right to further supplement this response.

As to Objections,

*Anne Shea Gaza*

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
Attorneys for Defendant Tatung Company

Of Counsel:
Christopher Darrow
Mark H. Krietzman
Andrews Eliseev
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

Kathryn L. Clune
Greenberg Traurig LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006

Dated: October 20, 2006

12

RLF1-3072904-1

*As to the Answers to the Second Set of Interrogatories*:

      I declare under penalty of perjury that the foregoing is true and correct.

Tatung Company

Date:_____

_____
Name

13

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2006, I caused to be served by hand delivery the

foregoing document to the following:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Jeffrey B. Bove, Esquire
Jaclyn M. Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

I hereby certify that on October 20, 2006, I have sent by Federal Express the foregoing

document to the following:

Daniel G. Jarcho, Esquire
Cass W. Christenson, Esquire
Lora A. Brzezynski, Esquire
Matthew T. Bailey, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

Tracy R. Roman, Esquire
Bingham McCutchen
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

Scott R. Miller, Esquire
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

RLF1-2980626-1

Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P A
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG Philips LCD Co , | ) |
|     Plaintiff, | ) |
| | )   C.A. No : 04-343-JJF |
| v. | ) |
| Tatung Co., Tatung Company of America Inc , | ) |
| and Viewsonic Corp. | )   JURY TRIAL DEMANDED |
| | ) |
|     Defendants. | ) |

## DEFENDANT TATUNG COMPANY OF AMERICA, INC.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES NOS. 2 AND 3

Defendant Tatung Company of America Inc. ("TATUNG USA"), by and through its attorneys Greenberg Traurig, LLP, hereby makes its Objections and Responses to the Plaintiff's Second Set of Interrogatories ("Interrogatories") as follows:

### PRELIMINARY STATEMENT

TATUNG USA has not yet completed its gathering of facts and documents related to this action. Therefore, in supplementing its responses to the Interrogatories, TATUNG USA reserves the right to revise, correct, add to, supplement, and clarify any of its responses.

All responses are submitted as presently advised, and without prejudice to TATUNG USA's right to modify, amend, revise, correct, supplement, add to or clarify such responses at the appropriate time.

Counsel for TATUNG USA invites discussion with counsel for Plaintiff with respect to these responses, with the expectation that discussions between counsel may eliminate or modify objections, reduce burdens on TATUNG USA, or otherwise result in a mutually satisfactory resolution of the objections set forth herein

## GENERAL OBJECTIONS

TATUNG USA hereby makes the following general objections to all of the individual Interrogatories. These general objections are incorporated into each and every Interrogatory set forth below, whether referenced specifically or not.

1.    TATUNG USA hereby interposes the following general objections to all of the individual Interrogatories contained in Plaintiff's Interrogatories. These general objections are incorporated into each and every individual objection set forth below, whether referenced specifically or not.

2.    TATUNG USA specifically objects to Plaintiff's Second Set of Interrogatories on the grounds that such Interrogatories are overly broad and unduly burdensome, and/or because it Interrogatories documents that are neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

3.    TATUNG USA objects to the Interrogatories to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege or other privilege, or by the work-product doctrine. Such information or documents will not be produced to Plaintiffs and any inadvertent production shall not be deemed a waiver of any privilege with respect to the information or any work product doctrine which may apply.

4.    TATUNG USA objects to the Interrogatories to the extent they attempt to impose duties that are beyond the scope of the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.    TATUNG USA objects to the Interrogatories on the grounds that they are not limited by time, and, therefore, are in many instances overly broad and unduly burdensome,

and/or Interrogatory documents that are neither relevant to the claims and defenses of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence

6. TATUNG USA objects to the Interrogatories as to the requested time, place, and manner. It is not currently possible to accurately gauge the quantity of documents requested. To the extent that there are properly producible documents, they will be produced at a mutually agreed upon time, place, and manner.

7. TATUNG USA objects to the Interrogatories to the extent that they seek materials obtained or prepared in anticipation of litigation or trial, materials prepared by or for an attorney, materials protected by a state or federal right of privacy or protection, materials protected from disclosure under relevant procedural rules or case law, and further seek mental impressions, conclusions, opinion, or legal theories concerning anticipated or actual litigation.

8. TATUNG USA objects to the Interrogatories on the grounds that they seek information that is more readily and efficiently obtained through deposition questions rather than written discovery.

9. TATUNG USA objects to the Interrogatories on the grounds that they seek information that is readily accessible to Plaintiffs from public sources or Plaintiff's own files.

10. TATUNG USA objects to the Interrogatories on the grounds and to the extent that they call for disclosure of proprietary or confidential information or trade secrets, disclosure of which would be prejudicial to TATUNG USA, its customers, suppliers, and any witnesses testifying on behalf of TATUNG USA, the clients of such witness, or the person or persons who provided such information to TATUNG USA. Any such information that TATUNG USA provides will be provided subject to the stipulated Protective Order entered into by the parties in this proceeding.

3

11. TATUNG USA objects to the Interrogatories to the extent that they seek information that, if furnished, would violate a court order, protective order, and/or stipulation of confidentiality that has been entered with respect to such information.

12. TATUNG USA objects to the Interrogatories to the extent that they call for disclosure of proprietary or confidential information of a third party, or the joint proprietary or confidential information of TATUNG USA and the third party. TATUNG USA will not provide such information until the third party has been notified of such Requests, and the third party has consented to the production of such requested information.

13. TATUNG USA objects to the Interrogatories to the extent that they seek copyrighted material or other information, the copyright, or other intellectual property rights, access to which TATUNG USA does not possess.

14. TATUNG USA objects to the Interrogatories as premature to the extent that they seek disclosure of witnesses, evidence and theories to be presented by TATUNG USA at the trial of this action before TATUNG USA has had an opportunity to obtain discovery.

TATUNG USA objects to the Interrogatories on the grounds and to the extent that responding to such Interrogatories would improperly require TATUNG USA or its witnesses, or both, to perform studies, analyses, calculations or compilations that do not currently exist.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

Subject to the general objections, TATUNG USA makes the following specific objections and supplemental responses to interrogatories 2 and 3:

### Interrogatory No. 2.

Identify each type of visual display product (such as the Tatung L17AMTN monitor) manufactured, shipped, imported, sold, and/or offered for sale, by or for you, since January 1, 2002, and specify which products have been marketed or sold under a trademark or brand name that belongs to Tatung Co. or its affiliated entities.

4

**First Supplemental Response:**

Subject to and without waiver of the previously stated and present general and specific objections and in addition to our previous response, TATUNG USA states that, based upon information and belief, the following Tatung LCD computer monitors have been shipped, imported, sold, or offered for sale since January 1, 2002:

```
42 Inch Icd ofm
DELPHI
ADMNLCD27
ADMNLCD30
ADMNPLASMA42
ADMNPLASMA46
ADMNPLASMA50
DMAV-2701
DMAV-3201
DTV-29XRT
HT12X21-210-INV
L10PA35
L10PA35A
L10PA35A01
L10PA35A21A
L10PA35A51A
L10PA35M21LA
L10PC35A
L12BA40A61AA
L12BA40B
L12RB25C21L-G
L15CA110-DELPHI
L15CA25
L15CA25/15 CPT XP01
L15CA25/COLOR FACTOR
L15CA25A21AH1
L15CA25E21AJ01
L15CA25E-U01
L15CA25H1
L15CA25H101
L15CA25H11
L15CA25M21LH1
L15CA25M21LK
L15CA25M21L-K
L15CA25M21LL
L15CA25P21AH1
L15CA25T21LH1
```

5

L15CA25T51LH1-1
L15CA35M51LA
L15CC25A
L15CC25C
L15CC25H
L15CCATB DETEL
L15CCAT-U01
L15LA43M21LM
L15LA43M51LM
L15LA43T21LN
L15MA25T21LA
L15RA25-K01
L15RA25M21LA
L15RA25M21LX
L15RA25T21LA
L15SA25-DPI
L17AA25M21LD
L17AA25M21LD\ L17AA25A-
SMI
L17ACTNB-U32 AD
L17ACTNB-UD2 AD
L17ACTN-KM21L
L17ACTN-U01
L17AMNT-KE21A
L17AMTN
L17AMTNB-U32 AD
L17AMTN-K
L17AMTN-K01
L17AMTN-KA21A
L17AMTN-KE21AB
L17AMTN-KE51A
L17AMTN-KE51AB
L17AMTN-KM21L
L17AMTNK-M21L M01L
L17AMTN-KM21L01
L17AMTN-KM21L02
L17AMTN-KM21L1
L17AMTN-KM51L
L17AMTN-SR
L17CA25A
L17CA25A01
L17CA25B
L17CA25E21AA
L17CA25M01LB
L17CA25M21LA
L17CA25M21LA2
L17CA25M21LB
L17CA25M21LC
L17CA25M21LD
L17CA25M21LD01
L17CA25M21LE
L17CA25T21LD

6

L17CA25T51LA
L17CA30A
L17CA30A01
L17CA30A21AA
L17CA30M01LB
L17CA30M21LB01
L17CA30M21LB2
L17CA30M21LE
L17CA30T21LA
L17CA30T21LD
L17CA30T21LE
L17CC25A
L17HP25E01A
L17HP25E51A
L17HP-K
L17HP-K\AU side
L17HP-K\Chl Mel
L17LA25M21LE-U01
L17SA25A
L17SA25A01
L17SA25E21AA
L17SA25E21AC
L17SA25E21LC
L17SA25M21LC
L17SA25T21LA
L17SA25T21LD01
L17SA30M21LE-U0
L17SA30M21LE-U01
L17SA30T21LA
L17SA30T21LD
L17SX25A
L17UA43A
L17UC43A
L18CA35M21LB
L19CMATB-U32 AD
L19FA25A21AA
L19FA25M21L
L19fa30
L19FA30A1
L19LA25GC
L19LA25M21LB
L19LA25M21LC01
L19LA25M21LC02
L19LA25M21LC03
L19LA25M21LD
L19LA25T21IC
L19LA25T21LC
L19LA25xx & L19MA25xx
L19LD25A
L19LD25A11
L19MA25
L19MA25A

7

```
L19MA25A01
L19MA25A02
L19MA25A03
L19MA25A04
L19MA25A05
L19MA25A06
L19MA25A1
L19MA25A21A
L19MA25A51AA
L19MA25C01
L19MA25E21AB
L19MA25GA06
L19MA25GC
L19MA25M21LA
L19MA25M21LA01
L19MA25M21LA02
L19MA25M21LA03
L19MA25M21LA04
L19MA25M21LB
L19MA25M21LC
L19MA25M21LC01
L19MA25M21LC02
L19MA25M21LD  IGT
L19MA25M21LE
L19MA25M21LH
L19MA25M51LA
L19MA25T21LA
L19MA30A21AA
L19MD25E21AB
L19MD25E51AB
L19MD25M21LA
L19MD25M21LB
L19MX25B
L19SA25A
L19SA25E21AB
L19SA25M21LB
L19SA25M21LB01
L19SA25M21LC01
L19SA25M21LC01\L19SA25M21
LC02
L19SA25M21LC03
L19SD25A2
L19SD25E21AB
L19SD25E21AB01
L19SD25E51AB
L19SD25E51AB\update
L19SD25E51AB01
L19SD25M21LB
L19SD25M51LA2
L19YA25A
L19YD25E21AB
L19YD25E51AA
```

8

L19YD25E51AB
L19YD25E51AB\New Boards
L20AA25-DPI
L20LA43M2W53A
L20LA43M5W53A01
L26LA50M2W53A
L32MA55A
L37LD50A
L40SA50
L40SA50A
L42MA60A
L5CA25A21AJ
L5CA25C21L
L5CA25M21LJ
L5CDS
L5CDS-A21A
L5CDS-A21P
L5CDS-A31A
L5CDS-A51A
L5CDS-A51P
L5CDSB-A01A
L5CDSB-A21A
L5CDSB-A21P
L5CDSB-A51A
L5CDSB-A51P
L5CDSB-E21A
L5CDSB-E21P
L5CDSBH-A21A
L5CDSB-HM21L
L5CDSB-M21L
L5CDS-CLI
L5CDS-E21A
L5CDSH-M21L
L5CDSK
L5CDSKA
L5CDSK-A21P
L5CDSK-M21L
L5CDSKM21LB
L5CDSKM21LB-B
L5CDSKM21LD
L5CDSKM51L
L5CDSKM51LBZ
L5CDSKR-A21P
L5CDSKR-A51A
L5CDSKR-A51P
L5CDSKRH
L5CDSKRH01
L5CDSKRH-A21A
L5CDSKRH-A21A
L5CDSKRH-A21P
L5CDS-M21L
L5CDS-M51L

L5CDS-U31
L5CDS-U32
L5CDS-U72
L5CDS-U82
L5CES
L5CES-A01A
L5CES-A21A
L5CES-A21P
L5CES-A51A
L5CESB
L5CESB01
L5CESB02
L5CESB-A01A / L5CES-A01A
L5CESB-A21A
L5CESB-A21P
L5CESB-A31A
L5CESB-A51A
L5CESB-A51P
L5CESB-C21L / L5CES-C21L
L5CESB-C21LGT
L5CESB-C51L
L5CESB-E21A
L5CESB-E21P
L5CESB-E51A
L5CESB-E51P
L5CESB-HA21A
L5CESBH-A21A
L5CESBH-A21A-MS
L5CESBH-A51A
L5CESBH-C21L
L5CESBH-C21L-MS
L5CESBH-C21L-MSR
L5CESBH-C51L
L5CESB-HM21L
L5CESBH-M51L
L5CESB-M21L
L5CESB-M51L
L5CESB-U32 DETE
L5CES-C21L
L5CESDP-E82
L5CES-E21A
L5CES-E21A
L5CES-HA21A
L5CESH-A51A
L5CESH-A51A
L5CES-HM21L
L5CESK
L5CESK1
L5CESKA21A
L5CESKC
L5CESK-E21A
L5CESKE21A-ST

10

L5CESKM21L
L5CES-KM21L2
L5CESKM21LE
L5CESKM21LE01
L5CESKM21LE02
L5CESKM51L
L5CES-KR21L
L5CESKR-A51A
L5CESKRH-A21A
l5ceskrh-a51a
L5CESKR-M51L
L5CES-M21L
L5CES-M51L
L5CESPP-A21P
L5CESPPKA21P
L5CESPP-U41
L5CESPP-U42
L5CESPP-U61
L5CESPP-U62
L5CES-R21L
L5CTS
L5CTSB-U32 AD
L5CTSB-U52 AD
L5CTSB-U62 AD
L5CTSB-U82 AD
L5CTSB-U82 AD
L5CTSB-U82 AD
L5CTSDP-U01
L5CTS-K
L5CTS-KA20A01
L5CTS-KA21A
L5CTS-KA50A
L5CTS-KA51A
L5CTS-KC21L
L5CTS-KE21A
L5CTS-KM01L
L5CTSK-M21L   /L5CTSK-
M21L
L5CTS-KM51L
L5CTS-KR21L
L5CTSP-KE21A
L5CTS-R21L
L5HP-K
L5KAS
L5KAS1-A21A
L5KAS1-M21L
L5KATSK1-M21L
L5MA25A
L5MA25E21AA
L5MA25E21AJ
L5MA25M21LA
L5RA25A

11

L5RA25E21AH
L5RA25E21AJ
L5RA25E21AJ01
L5RA25J
L5RA25-K
L5RA25M21LA
L5RA25M21LA01
L5RA25M21LA1
L5RA25M21LL
L5RA25M51LK
L5RX25A
L5VHT
L64LA25A
L64LA25A1
L64LA25B
L64LA25B
L64PA30A
L64PA30A2
L64PA30A21AA
L64PA30A51AA
L64PA30M21LA
L64PA30T21AA
L64PA30AT21AA
L64PC30A
L7CESK
L7CMS
L7CMS-A21A
L7CMS-A51A
L7CMSB
L7CMSB-A21A
L7CMSB-A31A
L7CMSB-E21A
L7CMSB-HA21A
L7CMSB-HA51A
L7CMSB-HE21A
L7CMSB-HM01L
L7CMSB-HM21L
L7CMSB-HM51L
L7CMSB-M21L
L7CMSB-M51L
L7CMS-E21A
L7CMSH-A21A
L7CMSH-E21A
L7CMSH-M21L
L7CMSK
L7CMSK-E21A
L7CMSKM21L
L7CMS-M21L
L7CMS-M51L
L7CMS-U42
L7MA25M21LA
L7MX25A

12

L7SA25A
lcd Open Frame Monitors
LD23HL
LD23HL01
LD23HL01-K
LD23HL-K
LD30HL
LD32HL
LK152FB
LK152FP
LK152FP1-M21L
LK152FPA51A
LK152FPE21A
LK152FPE21P
LK152FP-E51A
LK152FPM51L
LK152FPM51L1
LK152FR
LK152FRA21A
LK152FRA51A
LK152FR-E21A1
LK152FRM21L
LK152FRM51L
LK171FP-A21A
LK171FP-E21A
LK171FP-M21L
LK171FR
LK171FRA21A
LK171FRA51A
LK171FRE21A
LK171FRG
LK171FRM51L
LK172FP-M21L
LK192FR
LQ121-LH03-INV
LS10PA14  Medialand
LS10PA1421AA1  CVPS
Ls12NA20
LS12RA25
LS15CA110
LS15CA25G
LS15CA30
LS15CA30A
LS15CC25
LS15CC25H
LS15CC25XM51L
LS15FA25F
LS15FA25SF
LS17MA2SM21LA
LS18CA35E21A
LS18CA35M21L
LS18CA35M21LA

13

LS18CA35M21LB
LS18CA35M21LT
LS64PA30
LS64PA30A
LS64PA30A1
LS64PA30A21A
LT15A
LT15A-G
LT15A-K
LT17A
LT17A-KF
LT17A-KT21LF
LT19A
LT19A-M21L
LW15CA20A
LW17CA45A
P42BSMT
P42BSMT-S
P42HSKH-UA1
P42HSKT
P42HSMT
P42HSMT-AMF
P42HSMT-T
P46CCWV
P46D
P46T
P50BSAT
P50BSAT-T
P773F-C21L
PD12W
PD12W-A21A
PD42E
PD42H
PD46WV1
PM40CN
PM68CN
PM70FW
PM70FW1
PT12
PT12G
PT12G-A21A
PT12G-A21P
PT12G-A51A
PT12G-C21L
PT12G-151R
PT12GK-M21L
PT12G-M21L
PT12W
PT12W-A21A
PT12W-A21P
PT12W-A51P
PT12WK

14

PT12WK-A21A
PT12WK-A21P
PT12WK-M21L
  L17AMTN-KM21C
  LK152FPM51L1
TLM-1503
TLM1703
TLTV680
TLTV-700
TLTV-7001
TPVM-1703
V17AFTW
V17AFTW-D
V17AFTW-G
V17AFTW-K
V23CLTT
V23CLTT-K
V27CLTT-U01
V27CMTT
V30CLTT-U01
V30CMTT
V30CMTT-KA
V30CMTT-KA
V30CMTT-KA
V30CMTT-KA\V30CMTT-KA01
V30CMTT-KA01
V32FCBB-U01
V32FLBB-U02
VT10C
VT10CI-K
VT10C-K
VT10C-KM21L
VT10C-M21L
VT10S
VT10SG
VT10SG\2005
VT10SG\2006
VT10SI
VT10S-K
VT10S-KA21A
VT10S-KG
VT10S-KM21L
VT10S-KM21L
VT10S-KT21L
VT12B-KM21L
VT12C
VT12C-K
VT12C-KM21L
VT12S
VT12S01
VT12SI
VT12SI-KA21A

15

VT12SI-MAY
VT12SI-MAY01
VT12SI-TEK
VT12SI-TUS
VT12S-K
VT12S-KA21A
VT12S-KA51A
VT12S-KM01L
VT12S-KM21L
VT12S-KM21L01
VT12S-KM51L
VT12S-TUS
VT12SU
VT12SU-A51A01
VT12T
VT12T-A21A
VT12T-A21A-MSR
VT12TI-A21A
VT15GT-A21A-SPC
VT15GTH-C21L-MSR
VT15S
VT15S01
VT15S-A51A
VT15SI
VT15SRB
VT15SRB-T21L
VT15SRB-T51L
VT15SRI
VT15T
VT15T-A21A
VT15T-A21A-MSR
VT15T-A21A-MSR1
VT15T-A21A-MSR2
VT15T-A21A-SP
VT15T-A21A-SPC
VT15T-A21A-SPCM
VT15T-A21A-SPM
VT15T-A51A
VT15T-A51A-MSR
VT15T-A51A-SPC
VT15T-A51A-SPCM
VT15TI
VT15TI-A21A
VT15TI-A21A-SP
VT15TI-A21A-SPC
VT17S
VT17SH-A21A
VT17SH-A51A
VT17SH-A51A-MSR
VT17SH-C21L
VT17SH-C21L-MSR
VT17SH-C51L

16

```
VT17SH-E21A
VT17SH-M21L
VT17SH-M51L
VT17SHV-A21A
VT17SI
VT17SI-T21L
VT17S-K
VT17SRB
VT17SRB-T21L
VT17SRI
VT17T
VT17T-A21A
VT17T-A21A-SP
VT17T-A21A-SPC
VT17T-A21A-SPCM
VT17T-A51A-SPC
VT17T-A51A-SPCM
VT17TI
VT17TI-A21A
VT17TI-A21A-SP
VT17TI-A21A-SPC
VT17TI-A51A-SPC
VT19725FM21LZ
VT19826M211H1
```

## Interrogatory No. 3.

Identify each type of visual display product (such as the Tatung L17AMTN monitor) manufactured, shipped, imported, sold, and/or offered for sale, in or to the United States, by or for you, since January 1, 2002.

## First Supplemental Response:

Subject to and without waiver of the previously stated and present general and specific objections and in addition to our previous response, TATUNG USA states that, based upon information and belief, the following Tatung LCD computer monitors have been shipped, imported, sold, or offered for sale in the United States since January 1, 2002

```
42 inch lcd ofm
DELPHI
ADMNLCD27
ADMNLCD30
ADMNPLASMA42
ADMNPLASMA46
```

17

ADMNPLASMA50
DMAV-2701
DMAV-3201
DTV-29XRT
HT12X21-210-INV
L10PA35
L10PA35A
L10PA35A01
L10PA35A21A
L10PA35A51A
L10PA35M21LA
L10PC35A
L12BA40A61AA
L12BA40B
L12RB25C21L-G
L15CA110-DELPHI
L15CA25
L15CA25/15 CPT XP01
L15CA25/COLOR FACTOR
L15CA25A21AH1
L15CA25E21AJ01
L15CA25E-U01
L15CA25H1
L15CA25H101
L15CA25H11
L15CA25M21LH1
L15CA25M21LK
L15CA25M21L-K
L15CA25M21LL
L15CA25P21AH1
L15CA25T21LH1
L15CA25T51LH1-1
L15CA35M51LA
L15CC25A
L15CC25C
L15CC25H
L15CCATB DETEL
L15CCAT-U01
L15LA43M21LM
L15LA43M51LM
L15LA43T21LN
L15MA25T21LA
L15RA25-K01
L15RA25M21LA
L15RA25M21LX
L15RA25T21LA
L15SA25-DPI
L17AA25M21LD
L17AA25M21LD\ L17AA25A-
SMI
L17ACTNB-U32 AD
L17ACTNB-UD2 AD

18

```
L17ACTN-KM21L
L17ACTN-U01
L17AMNT-KE21A
L17AMTN
L17AMTNB-U32 AD
L17AMTN-K
L17AMTN-K01
L17AMTN-KA21A
L17AMTN-KE21AB
L17AMTN-KE51A
L17AMTN-KE51AB
L17AMTN-KM21L
L17AMTNK-M21L M01L
L17AMTN-KM21L01
L17AMTN-KM21L02
L17AMTN-KM21L1
L17AMTN-KM51L
L17AMTN-SR
L17CA25A
L17CA25A01
L17CA25B
L17CA25E21AA
L17CA25M01LB
L17CA25M21LA
L17CA25M21LA2
L17CA25M21LB
L17CA25M21LC
L17CA25M21LD
L17CA25M21LD01
L17CA25M21LE
L17CA25T21LD
L17CA25T51LA
L17CA30A
L17CA30A01
L17CA30A21AA
L17CA30M01LB
L17CA30M21LB01
L17CA30M21LB2
L17CA30M21LE
L17CA30T21LA
L17CA30T21LD
L17CA30T21LE
L17CC25A
L17HP25E01A
L17HP25E51A
L17HP-K
L17HP-K\AU side
L17HP-K\Chi Mei
L17LA25M21LE-U01
L17SA25A
L17SA25A01
L17SA25E21AA
```

19

L17SA25E21AC
L17SA25E21LC
L17SA25M21LC
L17SA25T21LA
L17SA25T21LD01
L17SA30M21LE-U0
L17SA30M21LE-U01
L17SA30T21LA
L17SA30T21LD
L17SX25A
L17UA43A
L17UC43A
L18CA35M21LB
L19CMATB-U32 AD
L19FA25A21AA
L19FA25M21L
L19fa30
L19FA30A1
L19LA25GC
L19LA25M21LB
L19LA25M21LC01
L19LA25M21LC02
L19LA25M21LC03
L19LA25M21LD
L19LA25T21IC
L19LA25T21LC
L19LA25xx & L19MA25xx
L19LD25A
L19LD25A11
L19MA25
L19MA25A
L19MA25A01
L19MA25A02
L19MA25A03
L19MA25A04
L19MA25A05
L19MA25A06
L19MA25A1
L19MA25A21A
L19MA25A51AA
L19MA25C01
L19MA25E21AB
L19MA25GA06
L19MA25GC
L19MA25M21LA
L19MA25M21LA01
L19MA25M21LA02
L19MA25M21LA03
L19MA25M21LA04
L19MA25M21LB
L19MA25M21LC
L19MA25M21LC01

20

L19MA25M21LC02
L19MA25M21LD IGT
L19MA25M21LE
L19MA25M21LH
L19MA25M51LA
L19MA25T21LA
L19MA30A21AA
L19MD25E21AB
L19MD25E51AB
L19MD25M21LA
L19MD25M21LB
L19MX25B
L19SA25A
L19SA25E21AB
L19SA25M21LB
L19SA25M21LB01
L19SA25M21LC01
L19SA25M21LC01\L19SA25M21
LC02
L19SA25M21LC03
L19SD25A2
L19SD25E21AB
L19SD25E21AB01
L19SD25E51AB
L19SD25E51AB\update
L19SD25E51AB01
L19SD25M21LB
L19SD25M51LA2
L19YA25A
L19YD25E21AB
L19YD25E51AA
L19YD25E51AB
L19YD25E51AB\New Boards
L20AA25-DPI
L20LA43M2W53A
L20LA43M5W53A01
L26LA50M2W53A
L32MA55A
L37LD50A
L40SA50
L40SA50A
L42MA60A
L5CA25A21AJ
L5CA25C21L
L5CA25M21LJ
L5CDS
L5CDS-A21A
L5CDS-A21P
L5CDS-A31A
L5CDS-A51A
L5CDS-A51P
L5CDSB-A01A

21

L5CDSB-A21A
L5CDSB-A21P
L5CDSB-A51A
L5CDSB-A51P
L5CDSB-E21A
L5CDSB-E21P
L5CDSBH-A21A
L5CDSB-HM21L
L5CDSB-M21L
L5CDS-CLI
L5CDS-E21A
L5CDSH-M21L
L5CDSK
L5CDSKA
L5CDSK-A21P
L5CDSK-M21L
L5CDSKM21LB
L5CDSKM21LB-B
L5CDSKM21LD
L5CDSKM51L
L5CDSKM51LBZ
L5CDSKR-A21P
L5CDSKR-A51A
L5CDSKR-A51P
L5CDSKRH
L5CDSKRH01
L5CDSKRH-A21A
L5CDSKRH-A21A
L5CDSKRH-A21P
L5CDS-M21L
L5CDS-M51L
L5CDS-U31
L5CDS-U32
L5CDS-U72
L5CDS-UB2
L5CES
L5CES-A01A
L5CES-A21A
L5CES-A21P
L5CES-A51A
L5CESB
L5CESB01
L5CESB02
L5CESB-A01A  /  L5CES-A01A
L5CESB-A21A
L5CESB-A21P
L5CESB-A31A
L5CESB-A51A
L5CESB-A51P
L5CESB-C21L  /  L5CES-C21L
L5CESB-C21LGT
L5CESB-C51L

22

```
L5CESB-E21A
L5CESB-E21P
L5CESB-E51A
L5CESB-E51P
L5CESB-HA21A
L5CESBH-A21A
L5CESBH-A21A-MS
L5CESBH-A51A
L5CESBH-C21L
L5CESBH-C21L-MS
L5CESBH-C21L-MSR
L5CESBH-C51L
L5CESB-HM21L
L5CESBH-M51L
L5CESB-M21L
L5CESB-M51L
L5CESB-U32 DETE
L5CES-C21L
L5CESDP-EB2
L5CES-E21A
L5CES-E21A
L5CES-HA21A
L5CESH-A51A
L5CESH-A51A
L5CES-HM21L
L5CESK
L5CESK1
L5CESKA21A
L5CESKC
L5CESK-E21A
L5CESKE21A-ST
L5CESKM21L
L5CES-KM21L2
L5CESKM21LE
L5CESKM21LE01
L5CESKM21LE02
L5CESKM51L
L5CES-KR21L
L5CESKR-A51A
L5CESKRH-A21A
l5ceskrh-a51a
L5CESKR-M51L
L5CES-M21L
L5CES-M51L
L5CESPP-A21P
L5CESPPKA21P
L5CESPP-U41
L5CESPP-U42
L5CESPP-U61
L5CESPP-U62
L5CES-R21L
L5CTS
```

23

```
L5CTSB-U32 AD
L5CTSB-U52 AD
L5CTSB-U62 AD
L5CTSB-U82 AD
L5CTSB-U82 AD
L5CTSB-U82 AD
L5CTSDP-U01
L5CTS-K
L5CTS-KA20A01
L5CTS-KA21A
L5CTS-KA50A
L5CTS-KA51A
L5CTS-KC21L
L5CTS-KE21A
L5CTS-KM01L
L5CTSK-M21L   /L5CTSK-
M21L
L5CTS-KM51L
L5CTS-KR21L
L5CTSP-KE21A
L5CTS-R21L
L5HP-K
L5KAS
L5KAS1-A21A
L5KAS1-M21L
L5KATSK1-M21L
L5MA25A
L5MA25E21AA
L5MA25E21AJ
L5MA25M21LA
L5RA25A
L5RA25E21AH
L5RA25E21AJ
L5RA25E21AJ01
L5RA2SJ
L5RA25-K
L5RA25M21LA
L5RA25M21LA01
L5RA25M21LA1
L5RA25M21LL
L5RA25M51LK
L5RX25A
L5VHT
L64LA25A
L64LA25A1
L64LA25B
L64LA25B
L64PA30A
L64PA30A2
L64PA30A21AA
L64PA30A51AA
L64PA30M21LA
```

24

L64PA30T21AA
L64PA30AT21A
L64PC30A
L7CESK
L7CMS
L7CMS-A21A
L7CMS-A51A
L7CMSB
L7CMSB-A21A
L7CMSB-A31A
L7CMSB-E21A
L7CMSB-HA21A
L7CMSB-HA51A
L7CMSB-HE21A
L7CMSB-HM01L
L7CMSB-HM21L
L7CMSB-HM51L
L7CMSB-M21L
L7CMSB-M51L
L7CMS-E21A
L7CMSH-A21A
L7CMSH-E21A
L7CMSH-M21L
L7CMSK
L7CMSK-E21A
L7CMSKM21L
L7CMS-M21L
L7CMS-M51L
L7CMS-U42
L7MA25M21LA
L7MX25A
L7SA25A
lcd Open Frame Monitors
LD23HL
LD23HL01
LD23HL01-K
LD23HL-K
LD30HL
LD32HL
LK152FB
LK152FP
LK152FP1-M21L
LK152FPA51A
LK152FPE21A
LK152FPE21P
LK152FP-E51A
LK152FPM51L
LK152FPM51L1
LK152FR
LK152FRA21A
LK152FRA51A
LK152FR-E21A1

25

LKI52FRM21L
LKI52FRM51L
LKI71FP-A21A
LKI71FP-E21A
LKI71FP-M21L
LKI71FR
LKI71FRA21A
LKI71FRA51A
LKI71FRE21A
LKI71FRG
LKI71FRM51L
LKI72FP-M21L
LKI92FR
LQ121-LH03-INV
LS10PA14 Medialand
LS10PA1421AA1 CVPS
Ls12NA20
LS12RA25
LS15CA110
LS15CA25G
LS15CA30
LS15CA30A
LS15CC25
LS15CC25H
LS15CC25XM51L
LS15FA25F
LS15FA25SF
LS17MA25M21LA
LS18CA35E21A
LS18CA35M21L
LS18CA35M21LA
LS18CA35M21LB
LS18CA35M21LT
LS64PA30
LS64PA30A
LS64PA30A1
LS64PA30A21A
LT15A
LT15A-G
LT15A-K
LT17A
LT17A-KF
LT17A-KT21LF
LT19A
LT19A-M21L
LW15CA20A
LW17CA45A
P42BSMT
P42BSMT-S
P42HSKH-UA1
P42HSKT
P42HSMT

26

P42HSMT-AMF
P42HSMT-T
P46CCWV
P46D
P46T
P50BSAT
P50BSAT-T
P773F-C21L
PD12W
PD12W-A21A
PD42E
PD42H
PD46WV1
PM40CN
PM68CN
PM70FW
PM70FW1
PT12
PT12G
PT12G-A21A
PT12G-A21P
PT12G-A51A
PT12G-C21L
PT12G-151R
PT12GK-M21L
PT12G-M21L
PT12W
PT12W-A21A
PT12W-A21P
PT12W-A51P
PT12WK
PT12WK-A21A
PT12WK-A21P
PT12WK-M21L
   L17AMTN-KM21C
   LK152FPM51L1
TLM-1503
TLM1703
TLTV680
TLTV-700
TLTV-7001
TPVM-1703
V17AFTW
V17AFTW-D
V17AFTW-G
V17AFTW-K
V23CLTT
V23CLTT-K
V27CLTT-U01
V27CMTT
V30CLTT-U01
V30CMTT

27

V30CMTT-KA
V30CMTT-KA
V30CMTT-KA
V30CMTT-KA\V30CMTT-KA01
V30CMTT-KA01
V32FCBB-U01
V32FLBB-U02
VT10C
VT10CI-K
VT10C-K
VT10C-KM21L
VT10C-M21L
VT10S
VT10SG
VT10SG\2005
VT10SG\2006
VT10SI
VT10S-K
VT10S-KA21A
VT10S-KG
VT10S-KM21L
VT10S-KM21L
VT10S-KT21L
VT12B-KM21L
VT12C
VT12C-K
VT12C-KM21L
VT12S
VT12S01
VT12SI
VT12SI-KA21A
VT12SI-MAY
VT12SI-MAY01
VT12SI-TEK
VT12SI-TUS
VT12S-K
VT12S-KA21A
VT12S-KA51A
VT12S-KM01L
VT12S-KM21L
VT12S-KM21L01
VT12S-KM51L
VT12S-TUS
VT12SU
VT12SU-A51A01
VT12T
VT12T-A21A
VT12T-A21A-MSR
VT12TI-A21A
VT15GT-A21A-SPC
VT15GTH-C21L-MSR
VT15S

28

```
VT15S01
VT15S-A51A
VT15SI
VT15SRB
VT15SRB-T21L
VT15SRB-T51L
VT15SRI
VT15T
VT15T-A21A
VT15T-A21A-MSR
VT15T-A21A-MSR1
VT15T-A21A-MSR2
VT15T-A21A-SP
VT15T-A21A-SPC
VT15T-A21A-SPCM
VT15T-A21A-SPM
VT15T-A51A
VT15T-A51A-MSR
VT15T-A51A-SPC
VT15T-A51A-SPCM
VT15TI
VT15TI-A21A
VT15TI-A21A-SP
VT15TI-A21A-SPC
VT17S
VT17SH-A21A
VT17SH-A51A
VT17SH-A51A-MSR
VT17SH-C21L
VT17SH-C21L-MSR
VT17SH-C51L
VT17SH-E21A
VT17SH-M21L
VT17SH-M51L
VT17SHV-A21A
VT17SI
VT17SI-T21L
VT17S-K
VT17SRB
VT17SRB-T21L
VT17SRI
VT17T
VT17T-A21A
VT17T-A21A-SP
VT17T-A21A-SPC
VT17T-A21A-SPCM
VT17T-A51A-SPC
VT17T-A51A-SPCM
VT17TI
VT17TI-A21A
VT17TI-A21A-SP
VT17TI-A21A-SPC
```

29

VT17TI-A51A-SPC
VT19725FM21LZ
VT19826M211H1

By way of further response, TATUNG USA states that the additional information necessary to respond to Interrogatories 2 and 3 is in Plaintiff's possession    TATUNG USA reserves the right to further supplement this and any other response.

*As to Objections.*

Of Counsel:
Christopher Darrow
Mark H. Krietzman
Andrews Eliseev
Steve Hassid
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

Kathryn L. Clune
Greenberg Traurig LLP
800 Connecticut Avenue, N W , Suite 500
Washington, DC  20006

Dated:  October 20, 2006

Frederick L  Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P A.
One Rodney Square
P.O  Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf com
Attorneys for Defendant Tatung Company of America Inc

30

*As to the First Supplemental Answers to Interrogatories Numbers 2 and 3 of the Second Set of Interrogatories:*

I declare under penalty of perjury that the foregoing is true and correct.

Tatung Company of America, Inc

Date:_____    _____
                          Name

31

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2006, I caused to be served by hand delivery the

foregoing document to the following:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Jeffrey B. Bove, Esquire
Jaclyn M. Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

I hereby certify that on October 20, 2006, I have sent by Federal Express the foregoing

document to the following:

Daniel G. Jarcho, Esquire
Cass W. Christenson, Esquire
Lora A. Brzezynski, Esquire
Matthew T. Bailey, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

Tracy R. Roman, Esquire
Bingham McCutchen
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

Scott R. Miller, Esquire
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

RLF1-2980626-1

Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P A
One Rodney Square
P.O Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701