# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

January 9, 2007

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

    Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

    Defendants Tatung Company and Tatung Company of America (collectively "Tatung") agree with Viewsonic's proposals for ameliorating some of the prejudice caused by LPL's untimely assertion of new claims after the *Markman* process began. While fee shifting was discussed as a means of ameliorating some of the prejudice and any additional costs associated with LPL's tardy infringement contentions should be borne by LPL, fee shifting will not entirely eliminate the prejudice to the Defendants for the reasons set forth below.

    While Tatung generally agrees with Viewsonic's proposals, Tatung believes that holding two *Markman* hearings, *i.e.*, keeping the hearing presently scheduled for early March 2007 which will address the bulk of the claim terms at issue and having a second hearing to address the new claim terms, would be the better option because it would allow the parties to operate as much as possible under the current schedule and retain the current trial date set for January 2008.

    In addition, in light of the new claims asserted by LPL (as well as the newly accused products) and Tatung's need to re-evaluate its trial strategy due to these new contentions, Tatung requires more time to decide whether to assert the advice of counsel defense. It would be manifestly unfair for LPL to unilaterally and tardily assert a number of new claims while at the same time demand that the Tatung Defendants immediately identify all of their defenses, including ones that implicate a waiver of the attorney client privilege, as discussed in more detail in Tatung's Opposition to LPL's Motion to Compel Discovery Regarding Advice of Counsel, filed on January 8, 2007. Therefore, if LPL's new claims are permitted, Tatung at a minimum should be given more time to evaluate whether to assert the advice of counsel defense.

RLF1-3102245-1

The Honorable Vincent J. Poppiti
January 9, 2007
Page 2

      LPL's tardy assertion of new claims has severely prejudiced Tatung and will significantly disrupt the pretrial schedule upon which Tatung relied. The untimely claims involve nine previously unasserted claims of the '641 Patent and one previously unasserted claim of the '718 Patent. The new claims implicate all three accused Tatung products, at least one of which LPL has had from the time it filed suit in 2004. Eight of the ten new claims pertain to the Tatung L17AMTN, which was identified by LPL as an allegedly infringing product in the Complaint it filed in 2004. The untimely claims include a number of new terms that the Court will have to address in claim construction. None of these terms have been addressed in the opening claim construction briefs the parties already filed in December 2006.

      The previously unasserted claims are not based on any recent discovery by LPL or disclosure by the Defendants, but relate to Tatung monitors that have been in LPL's possession for months or years. The untimely assertion of these claims was completely avoidable had LPL been diligent. Indeed, the absence of any reasonable explanation for the delay could lead to the conclusion that the delay in disclosing the new claims was tactical. If these untimely, previously unasserted claims are allowed, Tatung will be prejudiced at least in the following respects:

      1. Tatung's defense strategy in this case was formulated based on the previously disclosed claims of infringement. This effort included investigation of the disclosed claims and prosecution history, risk assessment based on the disclosed claims, evaluation of non-infringement of the disclosed claims, evaluation of prior art, evaluation of the validity of the disclosed claims, and proposed claim constructions of terms in the disclosed claims.

      2. Tatung's management approved staffing proposals and litigation budgets founded on the defense strategy relating to the disclosed claims. Tatung allocated corporate resources (including senior management employees) to address this litigation based on prior strategy that did not anticipate ten newly asserted claims and potentially another round of claim construction briefing.

      3. Tatung's attorneys implemented the defense strategy based on the disclosed claims, including investigation, evaluation, pleading, discovery preparation, written and deposition discovery, expert selection and preparation, and claims construction.

      4. If the late claims are allowed, they will require a new investigation of the claims and the intrinsic record and a reassessment and implementation of the defense strategy. Because of the Scheduling Order deadlines, this will require an accelerated effort involving increased staffing. A new budget will have to be formulated, reviewed and approved. In short, the effort that has been expended will have to be replicated with respect to the untimely claims, but on an accelerated schedule.

RLF1-3102245-1

The Honorable Vincent J. Poppiti
January 9, 2007
Page 3

     5. Significant new tasks will have to be undertaken, including an analysis of the new claims, the intrinsic record, and prior art. Additional consultations with experts, the expansion of their opinions to cover the previously undisclosed claims and the possible retention of additional experts, additional research, another round of claims construction briefing and a supplemental or delayed claims construction hearing potentially would be required. To maintain the existing trial date, all of these tasks will have to be accomplished on an accelerated basis, requiring more staffing and more costs.

     6. In order to address the new claims, existing noticed or scheduled proceedings will have to be delayed or supplemented, including depositions, claims construction and conceivably the trial. Written discovery that has been closed pursuant to the Scheduling Order may have to be reopened, with attendant costs and potential abuse. Dispositive motions and trial will be made more complex, difficult, time consuming and expensive in order to accommodate the untimely claims.

     Accordingly, requiring LPL to bear the costs associated with its late infringement contentions and modifying the Scheduling Order as set forth above and in Viewsonic's letter to Your Honor are necessary in order to ameliorate some of the prejudice to the Defendants.

                                    Respectfully,

                                    Anne Shea Gaza
                                    (#4093)

ASG/afg
cc:    Clerk of the Court (By Electronic Filing)
        Richard Kirk, Esquire (via electronic mail)
        Cormac T. Connor, Esquire (via electronic mail)
        Lora Brzezynski, Esquire (via electronic mail)
        Mark Krietzman, Esquire (via electronic mail)
        Scott R. Miller, Esquire (via electronic mail)
        Jeffrey B. Bove, Esquire (via electronic mail)