# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com

302-655-5000
(FAX) 302-658-6395
(302) 429-4208
WRITER'S DIRECT ACCESS
rkirk@bayardfirm.com

BY HAND AND BY EMAIL

January 23, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, Delaware 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
U.S. District Court Case No. 04-343 JJF

Dear Special Master Poppiti:

As discussed during our January 19, 2007 teleconference, I write on behalf of Plaintiff LG.Philips LCD Co., Ltd. ("LPL") to request an extension of the third party discovery deadline. LPL proposes that: (1) all third party subpoenas be served by March 30, 2007; and (2) all third party discovery be completed six months before the start of trial, on July 23, 2007, which is before expert reports are due. This approach would not disturb any pretrial or trial dates in the scheduling orders, and is necessary for LPL to complete the third party discovery process.[1]

Third party discovery in this case will be extremely valuable and highly probative regarding infringement, inducement, and damages issues. Specifically, for example, third party discovery may include information regarding design and assembly of rearmounted products supplied by Defendants. In addition, third parties will have admissible evidence regarding imports and sales of Defendants' infringing products, as well as discovery reflecting relevant meetings, communications, and contracts, supporting LPL's inducement claims. Third parties are likely to be the sole source of valuable evidence on certain issues, especially given the difficulty to date in obtaining discovery from Defendants in this case.

LPL's experience, however, is that third parties require substantial time to search for and produce discovery. Some third parties, moreover, expect a party to obtain discovery first from parties to a case before pursuing discovery from third parties. ViewSonic also has indicated that it may oppose LPL's pending subpoena to Hewlett-Packard ("HP") based on unresolved discovery motions filed by LPL. At the same time, ViewSonic (and Tatung) have delayed discovery substantially, and, as a result, LPL is still working to identify appropriate third parties

---

[1] LPL will endeavor in good faith to complete all third party discovery as promptly and efficiently as possible, reserving the right to raise scheduling issues in the future in the event that circumstances merit doing so with respect to specific third party subpoenas and issues.

649837-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 23, 2007
Page 2

for discovery and to determine what discovery is needed from third parties.[2] LPL is diligently working to obtain complete written discovery from Defendants and has moved to compel discovery from all of the Defendants.

The current March 30 discovery deadline does not provide sufficient time to complete discovery efforts with Defendants, identify and serve subpoenas on third parties, and obtain documents from and depose all relevant third parties. As further document productions are received, LPL expects to identify additional third parties to subpoena. During Defendants' depositions, LPL also expects to identify additional third parties to subpoena. Currently, however, Defendants have not provided proposed deposition dates for their witnesses. Defendants have also suggested that they may not voluntarily produce more than one or two witnesses before February 22. At best, LPL will have just over a month to subpoena, receive documents from, and depose any third parties identified during depositions. This time frame is too narrow.

Significantly, all parties have operated under the belief that the Scheduling Order allowed continuing third party discovery. Defendants, for example, served a third party subpoena on HP in December. Recently, LPL and the Defendants agreed to propose to the Court a deadline for third party discovery of ninety (90) days before trial (resulting in a third party discovery deadline of October 22, 2007, three months before the January 21, 2008 trial date). (*See* attached Ex. 1.) As all parties previously understood that third party discovery would remain open for many months, LPL would be prejudiced by the new March 30 deadline.

The Court may modify any scheduling deadlines for appropriate reasons. *See* Fed. R. Civ. P. 6(b) & 16(b). Good cause exists here, as LPL has diligently sought discovery, and Defendants would not be prejudiced by LPL's proposed schedule, including because LPL was not previously aware of the March 30 deadline and all parties had intended to allow substantial additional time for third party discovery. *See* 3 Wayne D. Brazil, *Moore's Federal Practice* § 16.14 (3d ed. 2006) ("'good cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."); *see also Payless Shoesource Worldwide, Inc. v. Target Corp.*, 237 F.R.D. 666, 672 (D. Kan. 2006) (extending discovery period as "it would be 'penny wise and pound foolish' to rush the matter to resolution without ensuring the parties an opportunity to make a full and informed presentation of their case."). For all of the above reasons, LPL respectfully requests the deadline for third party discovery be extended to March 30 to serve subpoenas and July 23 to complete discovery.

---

[2] For example, Tatung has only recently produced unredacted documents showing customer information relevant to third party discovery issues, and then only after being ordered to do so during the December 28, 2006 hearing.

649837-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 23, 2007
Page 3

Respectfully submitted,

*[signature]*

Richard D. Kirk

cc: Counsel as shown on the attached certificate

649837-1

# EXHIBIT 1

# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS
302-429-4242
astitzer@bayardfirm.com

BY HAND AND BY EMAIL

January 10, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, Delaware 19801

   Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
      U.S. District Court Case No. 04-343 JJF

Dear Special Master Poppiti:

  During the hearing on January 3, 2007, counsel for LPL advised that the parties had a meet and confer scheduled to discuss potential modifications of the Scheduling Order, including an extension of the non-expert deposition discovery deadline. Your Honor thereafter requested that we provide a report on those discussions.

  We are pleased to report that the parties have reached an agreement to move the Court-established deadline for completing non-expert deposition discovery from March 2, 2007 to **May 18, 2007**. The parties have also agreed to establish the deadline of 90 days before the trial date as the date by which all third party discovery, including a resolution of any discovery motions related thereto and any resulting follow up discovery, must be fully concluded. These two proposed deadlines constitute the parties' only agreements thus far regarding discovery.

648306-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 10, 2007
Page 2

We understand that Your Honor intends to speak with Judge Farnan about this modification of the Scheduling Order. Upon hearing from you, the parties are prepared to submit a Stipulation to the Court seeking Judge Farnan's approval.

Respectfully submitted,

Ashley B. Stitzer

cc: Counsel as shown on the attached certificate

648306-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on January 10, 2007, copies of the foregoing document were served as follows:

BY EMAIL AND BY HAND:

| | |
|---|---|
| Jeffrey B Bove, Esq.<br>Jaclyn M. Mason, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899-2207 | Frederick L. Cottrell, III, Esq.<br>Anne Shea Gaza, Esq.<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 |

BY EMAIL AND BY U.S. MAIL:

| | |
|---|---|
| Scott R. Miller, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>355 South Grand Avenue<br>Suite 3150<br>Los Angeles, CA 90071 | Valerie Ho, Esq.<br>Mark H. Krietzman, Esq.<br>Frank C. Merideth, Jr., Esq.<br>Greenberg Traurig LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA 90404 |

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Ashley B. Stitzer (as3891)
Ashley B. Stitzer

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on January 23, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and will be sent by first class mail to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1