IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG CO.; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343 (JJF) |

**PLAINTIFF'S SUPPLEMENTAL NOTICE OF RULE 30(b)(6)
DEPOSITION OF TATUNG COMPANY OF AMERICA, INC.**

PLEASE TAKE NOTICE that Plaintiff LG.Philips LCD Co., Ltd. ("Plaintiff" or "LPL") will take the deposition of Defendant Tatung Company of America, Inc. ("Tatung America"), pursuant to Fed. R. Civ. P. 30(b)(6), beginning on February 13, 2007 at 9:30 a.m. and continuing at 9:30 a.m. each day. The deposition will take place at the offices of The Bayard Firm, 222 Delaware Avenue, 9th Floor, Wilmington, DE 19899-5130.

The deposition will be taken before a notary public or court reporter, duly authorized to administer oaths and transcribe the testimony of the deponent(s). The deposition will be videotaped, may use technology that permits the real time display of the deposition transcript for attendees who bring a compatible computer, and will continue from day to day until completed or adjourned if authorized by the Court or stipulated by the parties.

The subjects covered in the deposition will include (but are not limited to) the subjects listed on Attachment A to this Notice. Pursuant to Fed. R. Civ. P. 30(b)(6), Tatung America is required to designate and prepare one or more persons to testify at the

649919-1

deposition as to the facts and information known or reasonably available to Tatung America.

January 24, 2007

        THE BAYARD FIRM

        /s/ Richard D. Kirk (rk0922)
        Richard D. Kirk
        Ashley B. Stitzer
        222 Delaware Avenue, Suite 900
        P.O. Box 25130
        Wilmington, DE  19899-5130
        (302) 655-5000
        rkirk@ bayardfirm.com
        Counsel for Plaintiff
        LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Rel S. Ambrozy
Lora A. Brzeznski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

## ATTACHMENT A

## Definitions Applicable to Topics to be Addressed at the Deposition

For purposes of this Attachment, you should use the following definitions for the terms used herein. These definitions of terms are for purposes of discovery only, and not to be construed as limiting or reflecting LPL's position in this case regarding claim construction or any other issue. LPL specifically reserves the right to use different terms, or to assert different meanings, for all purposes in this case (including, for example, with respect to claim construction, infringement analysis, and validity analysis).

1. "Tatung America," "you," and "your" as used herein, means Defendant Tatung Company of America, Inc., and all persons or entities acting or purporting to act on your behalf, and any affiliates of Tatung America, including, but not limited to, Defendant Tatung Company.

2. "Plaintiff" refers to the Plaintiff in the above-captioned lawsuit as well as its affiliates.

3. "The '718 Patent" means United States Patent No. 6,498,718, attached as Exhibit A to the Plaintiff's Complaint in Civil Action No. 04-343-JJF.

4. "The '641 Patent" means United States Patent No. 6,501,641, attached as Exhibit B to the Plaintiff's Complaint in Civil Action No. 04-343-JJF.

5. "Patents-in-Suit" refers either individually or collectively to United States Patent No. 6,498,718 and United States Patent No. 6,501,641.

6. "Affiliate(s)" means any corporation or other entity that controls, is controlled by or is under common control with the identified corporation or entity, including without limitation partnerships, parents, subsidiaries and divisions.

7. "Any" means each and every.

1

8.  The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories (or, if applicable, document requests) all information that might otherwise be construed to be outside of their scope.

9.  "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information between two or more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

10. "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, describing, discussing, evidencing or constituting the referenced subject.

11. "Discuss," "discussing," "relate to" "relating to," "support" or "supporting" means in any way directly or indirectly, in whole or in part, discussing, referring to, regarding, constituting, concerning, about, pertaining to, relating to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling, or negating.

12. "Document" means all types of documents and things embraced within Federal Rule of Civil Procedure 34 and includes, without limitation, any writing and each

2

649919-1

original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, emails, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, or opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, computer printouts, floppy disks, hard drives, CD-ROMs, magnetic tapes and other data compilations from which information can be obtained or translated, if necessary by the defendant through detection devices into reasonably usable form. The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, prototypes, models, and specimens.

13. "Flat panel display," also referred to as "flat display panel" means for purposes of this deposition only, a component within the flat panel display device on which an image may be viewed; or the layer of a display device on which the image appears; and any definition adopted by the Court.

14. "Flat panel display device" means for purposes of this deposition only an apparatus having at least a flat display panel and supporting frame(s); or a sandwich of layers including a flat display panel, assembled as a device, along the edges of the layers of the first and second frame; or a sandwich of layers, including a flat display panel, held together by a first frame and a second frame to form a display device; and any definition adopted by the Court.

15. "Housing" means for purposes of this deposition only an outer casing or enclosure; or the case and body of a portable computer; or the display case/case and body of a portable computer; and any definition adopted by the Court.

16. "Identify" used in respect to a company or corporate entity means to set forth:

    (a)    the full name of the company;

    (b)    the full name of the division or office involved, if applicable; and

    (c)    the address of the company and of the division or office involved, if applicable.

17. "Identify" used in respect to a document or thing means:

    (a)    to provide a brief description of such document or thing, including date, author, recipients, type, and content or substance;

    (b)    to identify the custodian of the document or thing;

4

649919-1

(c) to identify the place where the document or thing may be inspected; and

(d) if a copy of the document has been supplied to Plaintiff, to so state and specifically identify the copy supplied by reference to production numbers or other identifying information.

18. "Identify" used with respect to a natural person means to state:

(a) the full name;

(b) the present or last known business and residence addresses;

(c) the last known employer or job affiliation; and

(d) the last known occupation and business position or title held.

As to present or former government employees, state the government employer for each position held, the starting and ending date for each position, and the job description and title for each position held. Also, state the person's responsibilities with regard to any contract specified in the interrogatory.

19. "Import" or "importation" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

20. "Make" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

21. "Mounting System" means any grouping and/or categorization of any structure, device, and/or method used to affix, assemble or secure a flat display panel, e.g., LCD, PDP, FED, and/or a flat panel display device within, on or to another structure including, without limitation, a housing.

649919-1

22. "Mounting Technology" means any structure, device and/or method used to affix, assemble or secure a flat display panel, e.g., LCD, PDP, FED, and/or a flat panel display device within, on or to another structure including, without limitation, a housing.

23. "Offer to sell" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

24. "Person" means any natural person, firm, association, partnership, corporation, or other form of legal entity.

25. "Prior art" has the same meaning as defined in U.S. patent law, including in 35 U.S.C. §§ 102 and 103, and applicable case law.

26. "Sell" or "sale" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

27. "Type of visual display product" means the name or alpha numeric identifier by which a given visual display product can be identified. The Tatung L17AMTN is an example of a type of Tatung visual display product.

28. "Visual display product" means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs. This includes all such products, regardless of brand name, and thus includes, but is not limited to, Tatung America brand products.

29. The use of the singular form of any word includes the plural and vice versa.

**Topics to be Addressed at the Deposition**

1.  The type and/or classification of mounting technology or mounting system employed or used in each of the visual display products you identified in Response to LPL's Request for Interrogatory Nos. 2 and 3.

649919-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on January 24, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.  
Jaclyn M. Mason, Esq.  
Connolly Bove Lodge & Hutz LLP  
1007 North Orange Street  
P.O. Box 2207  
Wilmington, Delaware 19899-2207  

Frederick L. Cottrell, III, Esq.  
Anne Shea Gaza, Esq.  
Richards, Layton & Finger  
One Rodney Square  
P.O. Box 551  
Wilmington, DE 19899  

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and will be sent by first class mail to the following non-registered participants:

Scott R. Miller, Esq.  
Connolly Bove Lodge & Hutz LLP  
355 South Grand Avenue  
Suite 3150  
Los Angeles, CA 90071  

Valerie Ho, Esq.  
Mark H. Krietzman, Esq.  
Frank C. Merideth, Jr., Esq.  
Greenberg Traurig LLP  
2450 Colorado Avenue, Suite 400E  
Santa Monica, CA 90404  

Tracy Roman, Esq.  
Raskin Peter Rubin & Simon LLP  
1801 Century Park East, Suite 2300  
Los Angeles, CA 90067  

/s/ Richard D. Kirk (rk922)  
Richard D. Kirk

571447-1