# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

BY HAND AND BY EMAIL

January 24, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
U.S. District Court Case No. 04-343 JJF

Dear Special Master Poppiti:

I write on behalf of Plaintiff LG.Philips LCD Co., Ltd. ("LPL") regarding ViewSonic's Document Requests 71-74 and 118 (the "Requests"). In its motion to compel, ViewSonic claims that the Requests relate to issues and defenses unrelated to damages. (ViewSonic's Oct. 3, 2006 Mot. at 1 (confirming that Requests "seek information directly related to" specified defenses, not LPL's damages claims).) Indeed, ViewSonic's motion specifically argues that Requests 71-74 and 118 "are relevant to ViewSonic's assertion that the patents-in-suit are invalid as anticipated and/or obvious."[1] (*Id.* at 10.) Likewise, during the parties' meet-and-confer sessions and in related correspondence, ViewSonic did not contend that the Requests relate to damages issues.

On January 18, 2007, ViewSonic first contended that the Requests pertain to damages and marking. ViewSonic's attempt to recharacterize these as damages-related Requests is unpersuasive, as these Requests are neither relevant to nor calculated to obtain evidence regarding damages or marking. ViewSonic served a separate document request (no. 40) specifically related to marking, for which there is no motion pending. As explained at the January 19 hearing, marking is a non-issue as LPL has not marked products concerning the Patents-in-Suit, and thus LPL does not have documents evidencing marking. (*See* Ex. 2, LPL's Third Supp. Resp. to Tatung's Interrogatories, Response to Interrog. No. 26, at 50-51.)

As for damages, LPL has previously confirmed that it has no documents related to lost profits (*See* Ex. 3, Nov. 16, 2006 ltr. from Christenson to Nelson), and LPL's lost profits are not

---

[1] Counsel agreed that, based on the timing of the patents, validity discovery should focus on 1997-98. (*See* Ex. 1, Dec. 28 Hr'g Tr. at 120-23.) ViewSonic's other relevancy contention for these Requests relates to "the written description and/or enablement requirements" (ViewSonic's Oct. 3, 2006 Mot. at 10), which is incorrect as those requirements turn on whether the patent as issued is sufficient on its face, and ViewSonic does not press this issue.

649968-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 24, 2007
Page 2

at issue, therefore LPL's sales and products are not at issue. LPL seeks a reasonable royalty. A reasonable royalty depends on what royalty rate the parties would have agreed to if, hypothetically, they had negotiated for a license *when infringement first began* (January 2002 or earlier). See *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1361 (Fed. Cir. 2006). This analysis includes consideration of the so-called *Georgia-Pacific* factors. *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120-21 (S.D.N.Y. 1970). The royalty rate does not depend on technical information reflecting whether LPL's subsequent products could be rearmounted by OEMs. Further, LPL has produced comprehensive summaries showing sales and cost information for LPL's products, as well as LPL's license agreements, and ViewSonic has not requested further damages information. (*See* Ex. 3.)

Also, LPL already has agreed to produce documents responsive to Requests 71-74. As set forth in LPL's response to ViewSonic's motion, LPL confirmed with ViewSonic what specific documents are sought by Requests 71-74. (*See* LPL's Oct. 25, 2006 Opp'n Br. at 10, n. 8.) ViewSonic identified five categories of documents and LPL addressed and resolved each of those categories. (*See* Exs. 7 & 9 to LPL's Oct. 25, 2006 Opp'n Br.) Consistent with LPL's prior discussions with ViewSonic, ViewSonic's motion characterizes Requests 71-74 as related to R&D and mounting advantages or disadvantages. (ViewSonic's Oct. 3, 2006 Mot. at 10.) Further, in any event, LPL is not aware of any additional documents potentially responsive to Requests 71-74, other than documents that LPL already has produced or agreed to produce.

Request 118 seeks three types of documents not related to damages: (1) documents sufficient to identify LPL product models that "incorporate[] or embod[y] any invention disclosed or claimed in the Patents-in-Suit"; (2) the time period when such products were made and sold; and (3) "all documents relating or referring to how each such product is or can be mounted to an external case of a Flat Panel Display Product", *i.e.*, mounted in or to a fully assembled monitor or television. Since approximately 2002, LPL has made certain modules that presumably could be rearmounted. However, third party OEMs, not LPL, assemble Flat Panel Display Products using LPL's modules, and LPL therefore does not have the type of documents ViewSonic seeks concerning mounting and assembly of finished products by OEMs.

To resolve Request 118, LPL will produce a list of its known rearmountable modules, which should resolve subset (1) of Request 118. Subset (2) should also be resolved because LPL already has produced the sales summaries with respect to its products, which should show when LPL sold rearmountable modules. Subset (3) seeks overly broad, irrelevant technical discovery including "All documents relating" to how each such product "can be mounted". ViewSonic has infringed since at least January 2002, which means that the hypothetical royalty rate negotiations would have preceded LPL's rearmountable module sales. LPL should not have to produce irrelevant technical information -- "All documents relating" to how each such LPL product "can be mounted" -- for every year since 2002, which is after the time of the hypothetical negotiation. The broad technical discovery sought in Request 118 has no bearing on the hypothetical royalty rate or the number of infringing products to which the royalty rate should be applied, nor is this discovery relevant to ViewSonic's defenses.

LPL respectfully requests, therefore, that the Special Master conclude that ViewSonic is not entitled to any further discovery concerning its Document Requests No. 71-74 and 118.

649968-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 24, 2007
Page 3

                          Respectfully submitted,

                          Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

649968-1