# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION<br><br>　　　　　Defendants. | Civil Action No. 04-343 (JJF) |

**VIEWSONIC CORPORATION'S OBJECTIONS TO FINDING
IN SPECIAL MASTER'S REPORT AND RECOMMENDATION
REGARDING LG.PHILIPS' MOTION TO COMPEL VIEWSONIC
TO PROVIDE DISCOVERY ON ADVICE OF COUNSEL**

　　　　　　　　　　　　　　　　　　　Jeffrey B. Bove (#998)
　　　　　　　　　　　　　　　　　　　Jaclyn M. Mason (#4737)
　　　　　　　　　　　　　　　　　　　Connolly Bove Lodge & Hutz LLP
　　　　　　　　　　　　　　　　　　　The Nemours Building, 8th floor
　　　　　　　　　　　　　　　　　　　1007 North Orange Street
　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　Telephone: (302) 658-9141
　　　　　　　　　　　　　　　　　　　Facsimile: (302) 658-5614
　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　ViewSonic Corporation*

Of Counsel:

Scott R. Miller (CA Bar No. 112656)
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Tracy R. Roman (CA Bar No. 199031)
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Date: January 25, 2007

## Table Of Contents

Page

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

III. GOVERNING LAW ......................................................................................................... 3

IV. THE SPECIAL MASTER REACHED THE CORRECT CONCLUSION BUT FOR THE WRONG REASON AS VIEWSONIC HAS NO DUTY TO EXPRESSLY PLEAD ADVICE OF COUNSEL AS AN AFFIRMATIVE DEFENSE TO WILLFUL INFRINGEMENT .................................................................................................. 3

V. RULE 8(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE DOES NOT REQUIRE THE DUTY OF CARE TO BE PLED AS AN AFFIRMATIVE DEFENSE ................................................................. 5

VI. THE SPECIAL MASTER DID NOT RECEIVE THE BENEFIT OF ANY BRIEFING ON THE ISSUE OF WHETHER ADVICE OF COUNSEL MUST BE EXPRESSLY PLED AS AN AFFIRMATIVE DEFENSE TO WILLFUL INFRINGEMENT BEFORE HIS DECISION HERE BUT THAT QUESTION IS CURRENTLY BEING BRIEFED BY THE OTHER PARTIES MAKING REMAND PROPER TO AVOID A PIECEMEAL DETERMINATION ............... 6

VII. AS A MATTER OF LAW, VIEWSONIC CANNOT BE BARRED FROM PRESENTING EVIDENCE THAT SHOWS VIEWSONIC FULFILLED ITS DUTY OF CARE ................................................. 7

VIII. CONCLUSION ................................................................................................................. 8

I.  **INTRODUCTION**

Pursuant to Rule 53(g)(2) of the Federal Rules of Civil Procedure ("FRCP"), Defendant ViewSonic Corporation ("ViewSonic") submits this Objection to the January 5, 2007 Special Master's Report and Recommendation Regarding LG.Philips' Motion to Compel Defendant ViewSonic Corporation to Provide Discovery on Advice of Counsel and Duty of Care[1] to the extent the Special Master found that advice of counsel must be pled as an affirmative defense.[2]

II. **BACKGROUND**

LG.Philips ("LPL") accuses ViewSonic of infringing U.S. Patent Nos. 6,498,718 and 6,501,641. According to LPL, these patents are directed to mounting flat panel display devices in Visual Display Products in accordance with LPL's "rear mount technology."

On September 27, 2006, LPL filed a motion to compel discovery regarding any advice of counsel ViewSonic may rely upon as part of establishing it exercised due care to avoid infringement.[3] In its October 18, 2006 opposition to LPL's motion,[4] ViewSonic argued that any advice of counsel was protected by the attorney client privilege and that ViewSonic had not determined whether it would waive those privileges,[5] that discovery seeking such legal analysis would disclose ViewSonic's positions regarding claim construction prior to the Court's construction,[6] and that such discovery seeks expert discovery prior to the expert discovery deadlines.[7]

---

[1] The January 5, 2007 Special Master's Report and Recommendation (D.I. 385) is enclosed as Exhibit 1, hereinafter referred to as the "R&R".
[2] A proposed Order is enclosed as Exhibit 2.
[3] LPL's motion is enclosed as Exhibit 3.
[4] ViewSonic's opposition is enclosed as Exhibit 4.
[5] Ex. 4, at 4-8.
[6] Ex. 4, at 1-3. The Special Master has previously determined that discovery that requires the disclosure of a party's position regarding the construction of claim terms is premature prior to the Court issuing a claim construction Order. *See* D.I. 306, at 3. Thus, for example, LPL has been permitted to provide only general responses to contention interrogatories directed to the

The Special Master correctly determined that LPL's motion is premature, and thus not ripe for consideration, but his reasoning is flawed. Any discovery regarding the substance of any advice of counsel that ViewSonic may decide to rely upon is premature because such advice will necessarily involve issues of construction of claim terms, which the Court has directed is not proper before the claim construction order. ViewSonic submits this request also seeks expert discovery prior to the expert discovery deadline. Thus, ViewSonic contends that LPL's motion is not ripe for consideration because the discovery is premature.

The Special Master, however, *sua sponte* raised at the hearing whether ViewSonic had pled an affirmative defense of "advice of counsel" and if not, asked ViewSonic to confirm that it would need to seek leave from the Court to amend its pleadings to expressly plead advice of counsel as an affirmative defense if it wished to do so.[8] After receiving ViewSonic's confirmation of these facts, the Special Master determined that LPL's motion was premature given this lack of pleading. The Special Master never inquired whether there is any obligation in the first instance to expressly plead "advice of counsel" as an affirmative defense. As discussed below, an accused infringer is not obligated to plead, as an affirmative defense, compliance with the duty of care, or any of the individual factors related to an accused infringer's duty of care, including advice of counsel, in rebuttal to a charge of willful infringement. Thus, to the extent the Special Master held that ViewSonic is obligated to expressly plead advice of counsel as an

---

basis on which LPL contends ViewSonic products allegedly infringe the claims of the patents-in-suit. LPL merely parrots the claim language and contends that the accused products contain the claim language. *See* Ex. 8, at 13-19.
[7] Ex. 4, at 8.
[8] Because the issue was raised at the hearing for the first time, the Special Master did not receive the benefit of any briefing on, nor was there any substantive discussion of, the issue of whether advice of counsel must be expressly pled as an affirmative defense to willful infringement. The only discussion was whether an amendment to the Answer to plead a new affirmative defense would require Court approval based on the Scheduling Order, which of course, it would.

affirmative defense, ViewSonic respectfully submits that such a holding is erroneous as a matter of to law.

### III. GOVERNING LAW

When ruling on a party's objections to the Special Master's report and recommendation, the Court may adopt, affirm, modify, wholly or partly reject, or reverse the report and recommendations of the Special Master, or resubmit the matter to the Special Master. FRCP 53(g)(1). The Court's review of the question of law presented herein is *de novo*. FRCP 53(g)(4).

### IV. THE SPECIAL MASTER REACHED THE CORRECT CONCLUSION BUT FOR THE WRONG REASON AS VIEWSONIC HAS NO DUTY TO EXPRESSLY PLEAD ADVICE OF COUNSEL AS AN AFFIRMATIVE DEFENSE TO WILLFUL INFRINGEMENT

The Special Master correctly determined that LPL's motion is premature, and thus not ripe for consideration, but for the wrong reason. In *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004) (en banc), the Federal Circuit over-ruled its prior precedent, and held that an accused infringer's withholding of any advice of counsel on the grounds of attorney client or work product privilege, or lack of any such advice of counsel, could not support an adverse inference regarding the willfulness of any infringement. *Id.*, at 1344-1346.

As part of that decision, the Federal Circuit noted that a willfulness determination must be based on an evaluation of the totality of the circumstances, which may include contributions from a wide variety of factors, including factors that may be mitigating or ameliorating, as well as factors that could imply greater culpability. *Id.*, at 1342-1343 (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-827 (Fed. Cir. 1992) and *Rolls-Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1110 (Fed. Cir. 1986)). Some of these factors include:

- Whether the accused infringer, when it learned of the patentee's patent protection,

3

- investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed;
- Whether the accused infringer's conduct otherwise evidenced good or bad faith at time of infringement;
- Whether accused infringer made efforts to redesign or have redesigned the infringing product(s) or method(s);
- Whether accused infringer's conduct evidenced good or bad faith during litigation;
- The closeness of the case litigated;
- Whether accused infringer deliberately copied the ideas or design of another;
- The accused infringer's size and financial condition;
- Egregiousness of infringer's misconduct, if any;
- Duration of accused infringer's misconduct, if any;
- Accused infringer's attempt(s) to conceal its misconduct, if any;
- Remedial action by the accused infringer;
- Evidence of accused infringer's motivation to harm patentee; and
- Whether accused infringer made efforts to obtain and/or follow advice of counsel.

*Read Corp.*, 970 F.2d at 826-827; *Rolls-Royce Ltd.*, 800 F.2d at 1110; *see also Knorr-Bremse*, 383 F.3d at 1346.

Notably, whether an accused infringer sought, obtained and/or followed advice of counsel are merely some of the many factors to be evaluated to determine whether an

infringement was willful. *Knorr-Bremse*, at 1346.[9] There is no requirement for a party to specifically plead each or any individual factor or type or piece of evidence that may be considered when evaluating willfulness. Similar to other tort law, an accused infringer has a duty of due care, including a duty to avoid infringement of known patent rights of others. *See Knorr-Bremse*, 383 F.3d at 1345. However, the accused infringer has no burden to prove that it fulfilled its duty of care. On the contrary, for willfulness, the patentee has the burden of proving, by clear and convincing evidence, that the infringement was not merely a breach of the duty of care, but was willful. *nCube Corp. v. Seachange Intern., Inc.*, 436 F.3d 1317, 1319 (Fed. Cir. 2006). The burden of persuasion on willfulness always remains with the patentee, never shifting to the accused infringer. Thus, ViewSonic has no obligation to plead any individual factor regarding the duty of care, including advice of counsel, which is evaluated in any willfulness determination.

LPL's discovery directed to the substance of any advice of counsel that ViewSonic may decide to rely upon will necessarily involve the disclosure of the construction of claim terms, which the Court has directed is not proper before the claim construction order. ViewSonic submits this request also seeks expert discovery prior to the expert discovery deadline. It is for these reasons that ViewSonic contends that LPL's motion is not ripe for consideration rather than the basis mistakenly relied upon by the Special Master.

## V. RULE 8(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE DOES NOT REQUIRE THE DUTY OF CARE TO BE PLED AS AN AFFIRMATIVE DEFENSE

FRCP 8(c) governs pleading of affirmative defenses. The affirmative defenses found in FRCP 8(c) are defenses regarding which the pleading party generally bears the burden of

---

[9] LPL's motion likewise acknowledges that relying of the advice of counsel is not an automatic defense to a charge of willfulness, but merely evidence of whether the conduct was reasonable. Ex. 3 at 2-3.

persuasion. As indicated above, an accused infringer does not have the burden of persuasion on the issue of the accused infringer's compliance with its duty of care. It is the patentee's burden to prove willfulness. Consequently, FRCP 8(c) does not require ViewSonic to plead compliance with its duty of care, or any individual factor related to its duty of care, including advice of counsel, which is examined in a willfulness determination.

VI. **THE SPECIAL MASTER DID NOT RECEIVE THE BENEFIT OF ANY BRIEFING ON THE ISSUE OF WHETHER ADVICE OF COUNSEL MUST BE EXPRESSLY PLED AS AN AFFIRMATIVE DEFENSE TO WILLFUL INFRINGEMENT BEFORE HIS DECISION HERE BUT THAT QUESTION IS CURRENTLY BEING BRIEFED BY THE OTHER PARTIES MAKING REMAND PROPER TO AVOID A PIECEMEAL DETERMINATION**

During the December 28, 2006 hearing, in connection with LPL's motion to compel ViewSonic to produce discovery regarding advice of counsel, the Special Master raised *sua sponte* whether the Scheduling Order would require ViewSonic to seek leave from the Court to expressly plead reliance on advice of counsel as an affirmative defense if it chose to do so.[10] This issue had not been raised by either party in their briefs prior to the hearing.[11] This exact question, however, is being briefed by LPL and the defendants Tatung Co. and Tatung Company of America, Inc. ("the Tatung defendants") in connection with a very similar motion by LPL to compel the Tatung defendants to produce documents related to advice of counsel. ViewSonic proposed to LPL that this matter be held in abeyance pending that briefing and decision in order to avoid the possible unneeded or piecemeal presentation of this matter to this Court. *LPL rejected that proposal.*[12] Thus, rather than correct the Special Master's legal error here, the Court could elect to remand this matter to the Special Master so that the R&R objected to herein may conform with any future R&R issued by the Special Master on the same issue pending

---

[10] *See* Ex. 5 (excerpts of transcript of Dec. 28, 2006 hearing before Special Master), p. 96, l. 1 to p. 100, l. 1.
[11] *See* Exs. 3 & 4.
[12] *See* Exs. 6 & 7.

6

between LPL and the Tatung defendants, and the issue regarding whether advice of counsel must be expressly pled as an affirmative defense can be addressed by the Court once, if needed at all.

### VII. AS A MATTER OF LAW, VIEWSONIC CANNOT BE BARRED FROM PRESENTING EVIDENCE THAT SHOWS VIEWSONIC FULFILLED ITS DUTY OF CARE

Although ViewSonic conceded during the hearing that it would need to seek the Court's permission to amend its Answer if it chose to do so, that concession only applies if an amendment to the Answer is necessary. As explained above, ViewSonic is not required to prove compliance with its duty of care. As a corollary to that, no amendment to ViewSonic's Answer is required to expressly plead that ViewSonic complied with its duty of care.

It is LPL's burden to prove willfulness. ViewSonic's burden of coming forward with any evidence on willfulness only arises after sufficient threshold evidence on willfulness has been presented by LPL. *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332 (Fed. Cir. 2004). If LPL presents evidence that might support a finding that any infringement by ViewSonic was willful, absent some basis, not present here, for imposing a severe sanction of preclusion, ViewSonic must be permitted to present rebuttal evidence regarding any of the multitude of factors tending to show that ViewSonic complied with its duty of care, including evidence regarding advice of counsel, if ViewSonic has such and elects to waive its attorney-client privilege. The Court has not set an express date for the disclosure of opinions on which a party intends to rely as part of its defense against a charge of willful infringement, and there is no basis for the imposition of a sanction against ViewSonic.[13] If ViewSonic were not permitted to come forward, if necessary,

---

[13] Indeed, in its motion, LPL did not seek or even provide notice of a request to preclude ViewSonic's reliance on an opinion of counsel; rather it sought the production of documents. ViewSonic submits that advice of counsel evidence is most akin to expert testimony, and should be governed by the expert discovery rules and schedule. The issue of whether this element of the defense against a charge of willful infringement needed to be pled was not raised by the parties. If ViewSonic were to be prevented, based on the R&R, from relying on advice of counsel or any

7

with rebuttal evidence, LPL's strict burden of proving willfulness by clear and convincing evidence effectively would be reduced to something closer to a presumption of willfulness based on a holding of mere infringement. That would be contrary to law. "There is no evidentiary presumption that every infringement is willful. Willful infringement is not established by the simple fact of infringement, even though [the accused infringer] stipulate[s] that it ha[s] knowledge of the [asserted] patents." *Norian*, at 1332.

## VIII. CONCLUSION

Based upon the foregoing, ViewSonic respectfully requests that the Court adopt the conclusion of the Special Master's January 5, 2007 R&R (D.I. 385), with the correction that advice of counsel need not be pled as an affirmative defense. Alternatively, ViewSonic respectfully requests that the Court remand this matter to the Special Master so that the Special Master may consider any briefing provided on the same issue pending between LPL and the Tatung defendants and, if requested by the Special Master, briefing from ViewSonic.

---

other evidence of compliance with its duty of care, it would affect a sanction on ViewSonic that was never the subject of notice, briefing or a hearing in contravention of ViewSonic's due process rights. *See also* FRCP 37(a)(4)(A).

8

Date: January 25, 2007

Respectfully submitted,

Connolly Bove Lodge & Hutz LLP

Of Counsel:

Scott R. Miller (CA Bar No. 112656)
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071
Telephone: (213) 787-2500
Facsimile: (213) 687-0498

Tracy R. Roman (CA Bar No. 199031)
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 277-0010
Facsimile: (310) 277-1980

By: /s/ *Jeffrey B. Bove*
Jeffrey B. Bove (#998)
Jaclyn M. Mason (#4737)
The Nemours Building, 8th floor
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

*Attorneys for Defendant
ViewSonic Corporation*

9

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2007, a true copy of the foregoing **ViewSonic Corporation's Objections To Finding In Special Master's Report And Recommendation Regarding LG.Philips' Motion To Compel ViewSonic To Provide Discovery On Advice Of Counsel** was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on January 25, 2007, I have sent by email and U.S. Mail the foregoing document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

I hereby certify that on January 25, 2007, I have sent by email the foregoing document to the following non-registered participant:

Tracy R. Roman
Raskin Peter Rubin & Simon
1801 Century Park East 23rd Floor
Los Angeles, CA 90067

By: /s/ *Jeffrey B. Bove*
Jeffrey B. Bove (#998)
jbove@cblh.com

511948_1.DOC