# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

LG.PHILIPS LCD CO., LTD.,                  :
                                           :
            Plaintiff,                     :
                                           :
    v.                                     :        Civil Action No. 04-343 JJF
                                           :
TATUNG CO., TATUNG COMPANY                 :
OF AMERICA, INC., VIEWSONIC                :
CORP.,                                     :
                                           :
            Defendants.                    :

**SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING**
**LG.PHILIPS' MOTION TO COMPEL DEFENDANT VIEWSONIC CORPORATION**
**TO PROVIDE DISCOVERY ON ADVICE OF COUNSEL AND DUTY OF CARE;[1]**

**RECOMMENDATION IS THAT MOTION IS NOT RIPE FOR CONSIDERATION.**

Upon consideration of Plaintiff LG.Philips LCD Co., Ltd.'s Motion to Compel Defendant

ViewSonic Corporation to Provide Discovery on Advice of Counsel and Duty of Care (the

"Motion") [DM-2c], the Special Master[2] concludes, for the reasons set forth herein, that the

Motion is not ripe for consideration.

**BACKGROUND**

This is a patent infringement case brought by LG.Philips LCD Co., Ltd. ("LPL") against

the ViewSonic Corporation ("ViewSonic") and other defendants alleging infringement of United

States Patent Nos. 6,498,718 (the '718 Patent) and 6,501,641 (the '641 Patent) that relate to

---

[1] The motion *sub judice*, and response thereto, were not filed with the Court. Accordingly, in lieu of a docket item reference, the motion and response will be identified herein by the Discovery Matter Log number ["DM-2c"] assigned by the Special Master.

[2] The Order Appointing Vincent J. Poppiti as Special Master was entered on February 25, 2005 and is docketed as item number 178.

assembly mountings for flat panel display monitors used in liquid crystal displays ("LCD") for such products as plasma televisions and computer monitors. D.I. 1.

## DISCUSSION

1.      On September 27, 2006, plaintiff LPL filed the Motion to compel defendant ViewSonic to provide discovery on the issue of willfulness and any efforts by ViewSonic to exercise due care including, but not limited to, any advice of counsel. [DM-2c] Motion at p. 1. Specifically, LPL seeks to compel discovery responsive to LPL's Interrogatory Nos. 5-7 and Document Requests 19-24, 49, 50, 55 and 72, which LPL served on ViewSonic on November 29, 2005. *Id.* at p. 2.

2.      According to LPL, the Motion is prompted by ViewSonic's January 13, 2006 responses to those discovery requests, including ViewSonic's Response to Interrogatory No. 6 that states:

> ViewSonic has not yet finally determined which defenses it will
> pursue, including without limitation, whether it will rely on advice
> of counsel as a defense to Plaintiff's claim.

[DM-2c] Motion at p. 3 and Ex. 2.  LPL argues that it needs to know whether ViewSonic is relying on the advice of counsel as a defense in this case in order to identify witnesses for deposition, including any relevant attorneys, and to prepare for trial. [DM-2c] Motion at pp. 5-6.

3.      On October 18, 2006, ViewSonic responded to the Motion by its Opposition to Plaintiff's Motion to Compel Discovery on Advice of Counsel and Duty of Care (the "Opposition").  ViewSonic's position is that the requested discovery is premature and "should await the claim construction rulings." [DM-2c] Opposition at p. 2.  Alternately, ViewSonic argues that the requested discovery is protected from production by the attorney-client and/or work product privileges. *Id.* at pp. 4-8.

4.      On December 28, 2006, the Special Master conducted a telephonic hearing with

2

the parties to address a number of discovery disputes, including the issues framed by the Motion. D.I. 384 at pp. 89-100.  During that hearing:

- ViewSonic advised the Special Master that responsive documents as to which it has asserted privilege are not identified on a privilege log, because the parties agreed that privileged documents created after the filing of the Complaint did not need to be identified on a privilege log.  D.I. 384 at 94:9-14.  ViewSonic explained that, because it first learned of the patents when the suit was filed, the responsive documents as to which it is currently asserting privilege were created only after the filing of this action and relate to communications with its litigation counsel.  *Id.* at 91:16-22; 95:5-8.

- ViewSonic also represented that it "does not have an independent opinion of counsel directed to the issues of infringement or validity other than what they received from [litigation] counsel of record."  D.I. 384 at p. 94:18-21.

- ViewSonic also confirmed that its Answer to the Complaint does not raise advice of counsel as an affirmative defense.  D.I. 384 at p. 96:6-14.  Because the Scheduling Order in this case set January 17, 2006 – almost one year ago – as the deadline for any motions to amend the pleadings (*see* D.I. 198 at ¶ 7), ViewSonic concedes that it would have to seek leave of the Court before filing any motion to amend its Answer to assert the affirmative defense of advice of counsel.  D.I. 384 at 96:18-97:3.

5.    As a threshold matter, the Special Master examines whether the discovery sought is properly joined to an issue raised by the pleadings in this case.  The Special Master notes that, pursuant to Federal Civil Rule of Procedure 26(b):

3

> Parties may obtain discovery regarding any matter, not privileged,
> that is **relevant to the claim or defense of any party** . . . .

Fed. R. Civ. P. 26(b)(1) (emphasis added). Since the record is clear that ViewSonic has not

raised the affirmative defense of advice of counsel – and, based upon the Scheduling Order, may

not amend its pleadings to assert that defense without leave of Court – the Special Master

concludes that the discovery LPL seeks to compel is not related to any claim or defense in this

action.

## CONCLUSION

For the reasons set forth above, the Special Master concludes that the Motion of Plaintiff

LG.Philips LCD Co., Ltd. to Compel Defendant ViewSonic Corporation to Provide Discovery

on Advice of Counsel and Duty of Care is **NOT RIPE FOR CONSIDERATION**.[3]

**The Special Master's Report and Recommendation will become a final order of the**

**Court unless objection is timely taken in accordance with the provisions of Fed. R. Civ. P.**

**53(g).**

ENTERED this
5th day of January, 2007

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master

---

[3] The Special Master's conclusion that the issues raised by the Motion are not properly joined by the pleadings is not intended to foreclose LPL from raising these issues, if and when appropriate, at a later time.

4

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br>                 Plaintiff, <br><br>        v. <br> TATUNG CO.; <br> TATUNG COMPANY OF AMERICA, INC.; AND <br> VIEWSONIC CORPORATION <br><br>            Defendants. | Civil Action No. 04-343 (JJF) |

## ORDER

Having considered the parties' submissions and arguments regarding VIEWSONIC

CORPORATION'S OBJECTIONS TO FINDING IN SPECIAL MASTER'S REPORT AND

RECOMMENDATION REGARDING LG.PHILIPS' MOTION TO COMPEL VIEWSONIC

TO PROVIDE DISCOVERY ON ADVICE OF COUNSEL,

**IT IS HEREBY ORDERED** this _____ day of _____ 2007 that the

Special Master's January 5, 2007 Report and Recommendation (D.I. 385) is MODIFIED to the

extent the Special Master held that ViewSonic must seek leave from the Court to plead advice of

counsel as an affirmative defense, and is OTHERWISE ADOPTED.

                _____
                Joseph J. Farnan, Jr.
                United States District Judge
                U.S. District Court for the District of Delaware

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LG.PHILIPS LCD CO., LTD.,                    )
                                             )
                    Plaintiff,               )
                                             )      C.A. No. 04-343-JJF
          v.                                 )
                                             )
TATUNG COMPANY;                              )
TATUNG COMPANY OF AMERICA, INC.;             )
and VIEWSONIC CORPORATION,                   )
                                             )
                    Defendants.              )

**PLAINTIFF LG.PHILIPS' LCD CO., LTD.'S MOTION TO
COMPEL DEFENDANT VIEWSONIC CORPORATION TO PROVIDE
DISCOVERY ON ADVICE OF COUNSEL AND DUTY OF CARE**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby submits this Motion to

Compel Defendant ViewSonic Corporation ("ViewSonic") to provide discovery

concerning any efforts to exercise due care, including but not limited to any advice of

counsel, in response to LPL's November 29, 2005 discovery requests.

I.      **INTRODUCTION**

LPL alleges that ViewSonic directly, indirectly, and willfully infringes U.S.

Patent Nos. 6,498,718 and 6,501,641 (the "Patents in Suit") concerning the mounting of

flat panel displays and devices found in popular liquid crystal display ("LCD") and

plasma consumer products (collectively, "visual display products"). The Patents-in-Suit

relate to apparatuses and methods for mounting and/or assembling flat panel visual

display products in accordance with LPL's "rear mount technology" as disclosed in those

Patents. LPL respectfully requests that the Special Master order ViewSonic to provide

discovery concerning any advice of counsel or legal opinions on which ViewSonic

1

intends to rely as a defense in this case and order ViewSonic to provide discovery concerning any due care it has taken to avoid infringing the Patents-in-Suit.

## II.    **ARGUMENT**

If ViewSonic is relying on any legal opinion or advice of counsel, then LPL is entitled to discovery regarding all such advice and opinions in order to prepare for depositions and trial. *See, e.g., Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 396, 399 (D. Del. 2002) (granting motion to compel the production of all documents relied upon in forming the basis of counsel's opinion and the production of all legal advice the party received from counsel relating to the subject matter of counsel's opinion). Specifically, LPL needs the discovery responsive to LPL's Interrogatories 5-7 and Document Requests 19-24, 49, 50, 55, and 72, all of which were served on November 29, 2005. (*See* Exhibits 2-4.)[1]

LPL alleges that ViewSonic has engaged in willful infringement, contrary to ViewSonic's duty of due care. When a defendant learns of a patent, the defendant has an affirmative duty to act with due care. *See, e.g., Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001); *SRI Int'l, Inc. v. Advanced Tech. Lab., Inc.*, 127 F.3d 1462, 1464 (Fed. Cir. 1997). The most common evidence of due care offered by Defendants includes legal advice and opinions concerning infringement and validity. *See id.* Any relevant legal advice or opinions, however, must be scrutinized and are not an automatic defense to willful infringement.

---

[1] LPL has filed multiple Motions to Compel which all relate to a common set of documents and court filings. Unless otherwise indicated, for the convenience of the Special Master, all of the documents referenced in LPL's Motions to Compel, including the instant Motion, are attached as Exhibits to LPL's Local Rule 7.1.1 Certification (the "Certification"), which has been filed contemporaneously.

*See SRI Int'l*, 127 F.3d at 1464-65. LPL would need discovery, for example, regarding the scope of, basis for, and adequacy of any legal opinions or advice obtained by ViewSonic. *See id.*

In its January 13, 2006 responses, ViewSonic states that it "has not yet finally determined which defenses it will pursue, including without limitation, whether it will rely on advice of counsel as a defense to Plaintiff's claim." (*See* Ex. 2, Resp. to Interrog. 6.) ViewSonic has continued to refuse to take a position on or provide discovery regarding whether ViewSonic relied on the advice of counsel. More than seven months have passed since ViewSonic responded to LPL's November 29, 2005 discovery requests; ViewSonic has had ample time to make its determination. Yet, despite LPL's attempts during numerous letters and meet and confer conferences, ViewSonic continues to refuse to take a position or provide discovery. (*See generally* LPL's Local Rule 7.1.1 Certification (describing negotiations and attaching correspondence among counsel on disputed issues).)

Notably, even in its Supplemental Responses to LPL's second sets of discovery requests, which ViewSonic served on September 20, 2006, ViewSonic refuses to take a position or produce responsive documents concerning the advice of counsel defense. (*See* Ex. 4, at Resps. to Doc. Reqs. 19, 20, 23, 24, 55 and 72.)[2] ViewSonic refuses to fully comply by instead asserting untimely objections. For example, as supplemental objections to Requests 19, 20, 23, 24, 55 and 72, ViewSonic asserts, for the first time, that it has only recently come to understand that "discovery is subordinate to claim

---

[2] ViewSonic did agree to produce some documents in a partial response to some of these Requests, however, ViewSonic severely restricted the scope of its production.

construction." (*Id.*) Then, as an objection to Request 72, ViewSonic claims, also for the first time, that it cannot understand the term "avoid" as it is used in LPL's request. (*See id.*, at Resp. to Doc. Req. 72.)  None of these objections are valid, as they have been asserted fully eight months after ViewSonic submitted its original responses.

In particular, ViewSonic has failed to provide documents that demonstrate ViewSonic's exercise of due care to avoid infringing the Patents-in-Suit. (*See, e.g.,* Ex. 3, at Doc. Reqs. 19-24 & 72.)  LPL's Document Requests 19-24 and 72 all relate to LPL's claims that ViewSonic has willfully infringed the Patents-in-Suit.  As soon as ViewSonic learned of the Patents-in-Suit, ViewSonic owed an affirmative duty of due care to avoid infringing.  Any failure to exercise due care supports LPL's willful infringement claim and an award of enhanced damages.

During the meet-and-confer held on September 14, 2006, ViewSonic represented that it had produced only pleadings from a separate case in the United Kingdom and would otherwise produce only the technical service manuals for its products.  When asked how these documents would evidence ViewSonic's due care to avoid infringement, ViewSonic stated only that they show that ViewSonic does not infringe the Patents-in-Suit.  ViewSonic's position is evasive and inadequate.  ViewSonic has admitted that it learned of the Patents-in-Suit at least on the date that it was served with the Complaint.  Yet, ViewSonic has not produced any documents that evidence any steps taken before or since that time to avoid infringing the Patents-in-Suit.  ViewSonic should be compelled to promptly produce all documents responsive to Document Requests 19-24 and 72.  Responsive documents may include, for example, any documents that relate to ViewSonic's efforts to design around – or not – the Patents-in-Suit, any documents

637341v1

concerning an investigation or analysis regarding infringement, validity, etc., or other information. If no documents exist, then ViewSonic should be required to confirm that in writing.

ViewSonic's recent supplemental responses do not resolve any of these issues. For Document Requests 19, 20, 23 and 24, ViewSonic asserts untimely objections, claiming for the first time that ViewSonic only now understands that "discovery is subordinate to claim construction." (*See* Ex. 4, at Doc. Req. Resps. 19, 20, 23 & 24.) The parties, however, have been debating this very issue for months and, more importantly, ViewSonic never raised this objection in its original responses. (*Cf.* Ex. 3, at Doc. Req. Resps. 19, 20, 23 & 24.) Accordingly, ViewSonic's supplemental responses, which would delay document production indefinitely, do nothing to resolve this dispute, as they are conditioned on ViewSonic's untimely and unenforceable objection. ViewSonic should ordered to produce responsive documents promptly.

To complete depositions in this case, LPL needs to know now whether ViewSonic is relying on the advice of counsel as a defense. Thus, if ViewSonic does intend to assert an advice of counsel defense, then LPL is entitled to complete discovery regarding any advice of counsel on ViewSonic's infringement of the Patents-in-Suit, including document production and deposition testimony. *See Novartis*, 206 F.R.D. at 398. As Judge Farnan held in the *Novartis* case, "it is critical for the patentee to have a full opportunity to probe, not only the state of mind of the infringer, but also the mind of the infringer's lawyer upon which the infringer so firmly relied." Judge Farnan further explained that asserting advice of counsel waives any privilege:

> Where, as here, a party relies on the advice of counsel
> defense to a charge of willful infringement, the Court

> concludes that that party has expressly waived its privilege
> with respect to attorney-client communications and work
> product documentation. Having concluded that these
> privileges are waived, the Court concludes that everything
> with respect to the subject matter of counsel's advice is
> discoverable, despite the protection that is normally
> afforded to attorney-client communications and work
> product material.

*Novartis*, 206 F.R.D. at 398.

The scope of waiver is thus broad and applies to "all communications relating to non-infringement, invalidity, and unenforceability." *Affinion Met Patents, Inc. v. Maritz, Inc.*, 440 F. Supp. 2d 354, 356 (D. Del. 2006). Further, the attorney-client privilege is waived "as to communications with all counsel related to the same subject matter." *Id.* (citing *In re Echostar Communs. Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006)). Allowing such discovery also discourages incompetent legal opinions and "legal gamesmanship." *Novartis*, 206 F.R.D. at 399.

Finally, it is unfair to allow ViewSonic to postpone further its disclosure of any advice of counsel defense. LPL needs this discovery now so that LPL can depose the relevant attorneys and ViewSonic witnesses and prepare for trial. As previously noted by this Court, failing to waive the privilege during the discovery period unfairly prevents "taking any appropriate discovery regarding the opinions or from ascertaining that all of the documents relating to the opinions had been produced." *Mobil Oil Corp. v. Amoco*, 779 F. Supp. 1429, 1485 n.43 (D. Del. 1991).

In light of the foregoing, LPL requests that ViewSonic be compelled to produce discovery promptly regarding any advice of counsel including: any efforts made by ViewSonic to avoid infringing the Patents-in-Suit (*See, e.g.*, Ex. 2, at Interrog. 5; Ex. 3, at Doc. Reqs. 19-23 & 72); ViewSonic's intent to rely on any legal opinion or advice as part

of its defense (*See, e.g.*, Ex. 2, at Interrog. 6; Ex. 3, at Doc. Req. 55); and investigations of the Patents-in-Suit undertaken by ViewSonic or on its behalf (*See, e.g.*, Ex. 2, at Interrog. 7; Ex. 3, at Doc. Reqs. 24, 49 & 50), along with such further relief as the Special Master deems just and proper.  LPL also requests that the Special Master order ViewSonic to produce documents related to any exercise of due care by ViewSonic to avoid infringing the Patents-in-Suit.  (*See, e.g.*, Ex. 3, at Doc. Req. 72.)

### III.   CONCLUSION

LPL respectfully requests that the Special Master order ViewSonic to promptly produce all of the discovery requested in this motion, along with such further relief as the Special Master deems just and proper.

| September 27, 2006 | THE BAYARD FIRM |
|---|---|
|  | /s/ Richard D. Kirk (rk0922)<br>Richard D. Kirk<br>Ashley B. Stitzer<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE  19899-5130<br>(302) 655-5000 |
| OF COUNSEL:<br><br>Gaspare J. Bono<br>Matthew T. Bailey<br>Lora A. Brzezynski<br>Cass W. Christenson<br>McKenna Long & Aldridge LLP<br>1900 K Street, NW<br>Washington, D.C. 20006<br>(202) 496-7500 | Counsel for Plaintiff<br>LG.PHILIPS LCD CO., LTD. |

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 27, 2006, copies of the

foregoing document were served as follows:

BY EMAIL AND BY HAND:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Sqare
P.O. Box 551
Wilmington, DE 19899

BY EMAIL AND BY U.S. MAIL:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

632604v1

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION<br><br>Defendants. | Civil Action No. 04-343 (JJF) |

**VIEWSONIC CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
ON ADVICE OF COUNSEL AND DUTY OF CARE**

## I.    INTRODUCTION

Defendant ViewSonic Corporation ("ViewSonic") hereby opposes *Plaintiff LG.Philips LCD Co., Ltd.'s Motion to Compel ViewSonic to Provide Discovery on Advice of Counsel and Duty of Care* ("Motion"). Alternatively, ViewSonic requests that the Special Master order that any discovery in response to the Requests identified in Plaintiff's Motion be deferred until after claim construction and Expert discovery, subject to the attorney-client and work-product privileges.

## II.    THE REQUESTED DISCOVERY IS PREMATURE AS IT REQUIRES CLAIM CONSTRUCTION

### a.    This Court Has Determined That Discovery Is Subordinate To Claim Construction.

This Court has made clear that issues involving claim construction should be considered in the context of a Markman hearing, which has been scheduled by the Court.[1] Moreover, in the August 23, 2006 hearing regarding discovery disputes, Special Master Poppiti began the discussion by indicating that certain interrogatories, for example, that involve claim construction, "if answered, need to be answered in the process dealing with Markman <u>and not before then</u>." *See* Transcript of teleconference before Hon. Vincent J. Poppiti, August 23, 2006. (Ex. 5 to ViewSonic Corporation's Motion to Compel re: Requests for Admission propounded to plaintiff ("Transcript Ex. 5") p. 4 ll 16-21) (emphasis added). The discovery in dispute in this Motion similarly requires claim construction and/or the premature disclosure of ViewSonic's contentions regarding claim construction, and should therefore be postponed until that process is concluded.

As LG.Philips LCD Co., Ltd. ("LPL") points out in its Motion, the Requests and Interrogatories at issue all relate to actions taken by ViewSonic to "design around", or "to avoid"

---

[1] In its Stipulation and Order Modifying the Scheduling Order, dated September 18, 2006 ("September 18, 2006 Order," Exhibit "Ex." 1 hereto), this Court set the Markman hearing and related procedures for March 7, 2007.

1

infringement, and opinion(s) of counsel and/or analysis of litigation strategy -- each of which could only have occurred *after* LPL filed the Complaint as it is uncontroverted that ViewSonic did not have notice of the patents before that time. (Motion at 3, 4 and 6-7). Thus, the underlying issues that form the bases for the discovery sought by this Motion clearly all require claim construction and/or the disclosure of the construction of the claims made by ViewSonic.

The "opinion of counsel" that LPL addresses throughout its Motion as a defense to a charge of willfulness, expressly consists of analysis of invalidity and/or non-infringement.[2] It is undisputed that the first step in determining invalidity or non-infringement is claim construction:

> An infringement analysis entails two steps. The first step is determining the meaning and scope of the patent claims asserted to be infringed. The second step is comparing the properly construed claims to the device accused of infringing.

[internal citations omitted]). *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995), *aff'd* 517 U.S. 370 (1996*). See also Carrol Touch, Inc., v. Electro Mechanical System Inc.,* 15 F.3d 1573, 1576 (Fed. Cir. 1993). ViewSonic's decision as to whether to submit an opinion of counsel or to rely on other evidence to refute willfulness or demonstrate exercise of duty of care reasonably should await the claim construction rulings. The same analysis applies to LPL's discovery on steps taken to "avoid the patents" or to "design around" the claims of the patents. Beyond the problems posed by the vagaries of the request concerning actions to "avoid the patents," it cannot be denied that any steps ViewSonic has taken to "avoid" the patents or design around the claims are necessarily determined by, and based solely upon, an interpretation of the patent claims. Indeed, the Court has declined to require LPL to provide a complete statement of the basis on which it charges ViewSonic with infringement on the basis that doing

---

[2] Litigation strategy, which LPL seeks to discover, also depends on claim construction, but in any event remains protected by the attorney–client and work product privileges.

so would require the premature disclosure of claim interpretations. Having received this shield from discovery, LPL boldly seeks the details of claim constructions formulated by or on behalf of ViewSonic; fundamental fairness requires that ViewSonic be granted the same protections against premature disclosure as LPL.[3]

### b.    LPL Is Not Prejudiced By Waiting For The Markman Hearing.

Nothing in LPL's Motion suggests that any prejudice will result from waiting for claim construction. LPL has asserted many times on its own behalf the need to delay discovery from LPL on matters that LPL believes depend upon claim construction. For example, LPL has asked to postpone LPL's response to ViewSonic's Request for Admission Nos. 11- 18 pending claim construction, and similarly postpone production of certain discovery requested by ViewSonic including ViewSonic's Request for Production Nos. 63-66, 79-81 and 87-98. (*See* Transcript Ex. 5 at p. 37 l. 16—p. 47 l. 21.) While ViewSonic disputes that those Requests require claim construction, surely LPL, in asking for such delay, intended to allow ViewSonic adequate discovery after claim construction.[4] LPL can hardly assert prejudice from the interpretation of the Scheduling Order that LPL itself first proposed to shield itself from ViewSonic's discovery.

---

[3] LPL spuriously suggests that the Court disregard ViewSonic's objection that the discovery is premature because ViewSonic raised the claim only after the Court clarified its intent regarding the Scheduling Order on this point. LPL's protestation ignores that LPL similarly raised this very same objection "after the fact" in regards to ViewSonic's Request Nos. 87-98 during the most recent Meet and Confer on September 25, 2006. (*See e.g.* Motion Of ViewSonic Corporation To Compel Plaintiff To Provide Discovery Regarding Components, Assemblies And Structures, Including Mounting Methods And Structures, Of Flat Panel Display Devices at p. 8.) Moreover, no party can unilaterally change the Court's Scheduling Order – the predicate that makes the discovery sought by LPL premature.

[4] As it indicated it would do at the August 23, 2006 hearing, ViewSonic has reached out to LPL to try to arrive at an agreement on the supplementation of discovery after the Court's Markman ruling. (*See* Transcript Ex. 5 at p. 26 ll. 13-15; see also, Ex. 2 Letter from Scott Miller dated October 11, 2006.) True to form, LPL has yet to respond to this proposal.

494314_1.DOC

### III. THE REQUESTED DISCOVERY IS PROTECTED BY THE ATTORNEY-CLIENT AND/OR WORK PRODUCT PRIVILEGES

#### a. The Discovery Sought Clearly Is Privileged.

In framing its motion, LPL recognizes that the information it seeks relates to issues

protected by the attorney-client and work-product privileges, with very limited exception in

certain circumstances which may not be present in this case. LPL introduces its Argument as

follows:

> *If* ViewSonic is relying on any legal opinion or advice of
> counsel, *then* LPL is entitled to discovery regarding all such advice
> and opinions in order to prepare for depositions and trial. [case
> citation]....*Specifically*, LPL needs discovery responsive to LPL's
> Interrogatories 5-7 and Document requests 19-24, 49, 50, 55, and
> 72....

Motion at p.2 (emphasis added). Moreover, LPL's use of *"If.....then"*, also demonstrates that it

recognizes that conversely, *if* ViewSonic does *not* rely on opinion or advice of counsel, *then* LPL

would *not* be entitled to this discovery. Thus, the Interrogatories and Requests for Production at

issue admittedly are premature.

The discovery sought also asks for information that LPL knows does not exist or knows

is privileged. LPL does not dispute ViewSonic's explanation in its responses to the subject

Requests, that ViewSonic was not aware of the patents before the filing of this lawsuit.

Therefore, any analysis of the patents and/or non-infringement necessarily was done only after

the litigation commenced and in the course of defending this action. All requests that call for

such analysis clearly invade attorney-client and/or work product privileges.[5]

---

[5] At present, the parties have not exchanged privilege logs and have no agreement regarding the scope of the privilege log for documents created post filing. (*See* Ex. 3 Letter from Nicole Balaci dated August 25, 2006.) ViewSonic made a proposal to address this matter on September 14, 2006 which proposal it reiterated on September 21, 2006 (*See* Ex. 4 E-mail correspondence dated September 14, 2006- September 21, 2006.) LPL remains silent on the proposal. As ViewSonic had no notice of the patents prior to the filing of the Complaint, it has no privileged documents prior to that time. LPL has produced no privilege log for any of the pre-litigation documents it has withheld.

The only possible limited exception to the privilege might be relating to a defense to a claim of willfulness. Even if ViewSonic were to rely on opinion of counsel as part of the basis of a defense to a claim of willfulness, such an opinion would be of little value until the claims are construed. Because both invalidity and non-infringement depend upon claim construction, ViewSonic must be permitted to defer its decision until after the Markman hearing. ViewSonic may choose not to offer opinion of counsel, in which case all LPL's arguments would be moot.

It is undisputed that ViewSonic can oppose a claim of willfulness without an opinion of counsel. "The Willfulness inquiry requires 'consideration of the totality of the circumstances.'" *Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, 394 F.3d 1368, 1379 (Fed. Cir. 2005), *citing Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1342 (Fed. Cir. 2004) (*en banc*). The Delaware Court has consistently followed this principle. *See, e.g., Tenneco Automotive Operating Co., Inc. v. Visteon Corp.*, 375 F. Supp.2d 360, 365 (D. Del. 2005). The Federal Circuit, in expressly overruling all contrary precedent, made it abundantly clear that defendants can assert a defense to a charge of willfulness without an opinion of counsel. *See Knorr-Bremse* 383 F.3d at 1341. ("We now hold that no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel.")

Even if ViewSonic were to rely on advice of counsel, the work product privilege would not be waived. *In re EchoStar Communications Corp.*, 448 F.3d 1294, 1300 (Fed. Cir. 2006) *reh'g denied*. ("The attorney-client privilege and the work-product doctrine, though related, are two distinct concepts and waiver of one does not necessarily waive the other." The Court noted that there is no waiver of work product that is not communicated to the client. *Id. at 1305*); *Affinion Net Patents, Inc. v. Maritz, Inc.*, 440 F.Supp.2d 354, 356 (D. Del. 2006). ("The work-

product privilege is waived only to the extent it is relevant to the alleged infringer's state of mind…."); *Thorn EMI North America Inc. v. Micron Technology Inc.*, 837 F. Supp. 616, 622 (D. Del. 1993) ("[T]his Court does not believe a party's assertion of good faith reliance on advice of Counsel necessarily puts counsel's work product at issue.").

As ViewSonic had no notice of the patents until after LPL filed the Complaint in this action, all of the information that LPL is seeking constitutes protected work product arising directly from this litigation. For example, LPL identifies in its Motion, Interrogatory 7 (LPL Ex. 2) and Requests 24, 49 & 50  (LPL Ex. 3) as "…investigations of the Patents-in-Suit." Since any such investigations would have taken place in the course of defense of this litigation, these clearly are privileged. This Court should deny LPL's Motion to compel responses to these discovery requests, even if ViewSonic introduces an opinion of counsel to refute willfulness.

If ViewSonic does not assert opinion of counsel to support a defense to willfulness, then there would be no basis on which LPL could invade either of the privileges. LPL does not dispute this point. In light of the premier significance of the work product and attorney-client privileges, as discussed below, the equities lie in favor of deferring the requirement of a response until after the claims have been construed and a meaningful analysis can take place.

> **b.    The Equities Strongly Favor Respect For The Privileges Until The Markman Process Is Completed.**

If there were any doubt as to which way this Court should rule on this Motion, the equities weigh in favor of protecting the venerated attorney-client and work product privileges. The Federal Circuit has honored the Supreme Court's respect for such privilege:

> The Supreme Court describes the attorney-client privilege as 'the oldest of the privileges for confidential communications known to common law,' and has stressed the public purpose." Citing *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

*Knorr-Bremse* at 1344. In patent cases, like others, care and deference should be paid to these important rights:

> There should be no risk of liability in disclosures to and from counsel in patent matters; such risk can intrude upon full communication and ultimately the public interest in encouraging open and confident relationships between client and attorney. As Professor McCormick has explained, the attorney-client privilege protects "interests and relationships which ... are regarded as of sufficient social importance to justify some sacrifice of availability of evidence relevant to the administration of justice." 1 *McCormick on Evidence* § 72, 299 (5th ed. 1999)."

*Id.* The District Court in Delaware, recently re-affirmed this important principle. *See, e.g.,* *Ampex Corp. v. Eastman Kodak Co.,* 2006 WL 1995140, at *3 (D. Del. July 17, 2006).

Furthermore, LPL's Motion attempts to create issues for the Court that may not exist if ViewSonic postpones its decision until claim construction. The cases cited by LPL in its Motion all relate to waiver of privilege when a defendant is already relying on opinion of counsel to refute a charge of willfulness. The cases are inapposite because ViewSonic has not yet indicated that it will rely on opinion of counsel, and has advised LPL that it does not presently have an opinion of counsel not arising from the litigation between the parties other than the judgment on the corresponding patent in the UK that the patent is invalid and not infringed. Moreover, were such cases apposite, the Court should rely on the cases that explain why the apparent broad discovery language that LPL cites is a misreading of the legal principle and is not the intention of the cases cited. *See, e.g., Id.* at *2-*4. In fact, a much more narrow scope of waiver of privilege is appropriate. *Id.*

Were this issue to be addressed now, then the Court would become embroiled in an additional debate over the scope of waiver that may not need to be addressed. If after claim construction, ViewSonic determines that it does not need an opinion of counsel, then this debate over scope of waiver need not be decided. Clearly, waiting for claim construction when

7

ViewSonic can make an informed and rational decision is the most appropriate and efficient course of action.

It is not unreasonable for ViewSonic to be deliberate about its decision. The Federal Circuit has long acknowledged the dilemma an accused infringer may face in choosing between offering an opinion of counsel and risking certain limited waiver of the attorney-client privilege. *See, e.g., Electro Medical Systems, S.A. v. Cooper Life Sciences Inc.*, 34 F.3d 1048, 1056-57 (Fed. Cir. 1994). The Federal Circuit has even recommended separate trials on willfulness to avoid this dilemma. *See, e.g., Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991). ViewSonic is not asking the Court to go that far, ViewSonic merely is indicating that it can make a more informed and relevant decision on this very important issue by first understanding this Court's claim construction—a procedure this Court has already put into place.

### IV. THE REQUESTS ARE PREMATURE IN SEEKING EXPERT DISCOVERY PRIOR TO THE DEADLINES

As the Requests at issue require analysis of the claims, of prior art and comparison of the claims with the accused device(s) and/or possible changes to the device(s), Expert analysis is implicated. The Rule 16 Scheduling Order dated August 18, 2005 ("Rule 16 Order") requires that Expert discovery will not take place until 30 days after the Markman hearing. (Ex. 5 hereto, Rule 16 Order at 3.) As ViewSonic pointed out in its Responses and/or Supplemental Responses to each of the subject Requests, discovery should be postponed until after ViewSonic's Expert Reports are due. LPL will not be prejudiced by respecting this schedule.

### V. WHERE APPROPRIATE, VIEWSONIC HAS PROVIDED SUBSTANTIAL RESPONSIVE DISCOVERY

In presenting its Motion, LPL has failed to mention the extensive discovery and identification of documents that ViewSonic has, in fact, provided and continues to provide in response to these Requests, to the extent that ViewSonic is not asserting privilege nor finds a

494314_1.DOC

need for claim construction. ViewSonic has been diligent and reasonable in producing such

discovery as is appropriate.

## CONCLUSION

Based upon the foregoing, ViewSonic respectfully requests that the Special Master deny

LPL's Motion to Compel ViewSonic to Provide Discovery on Advice of Counsel and Duty of

Care. Alternatively, ViewSonic requests that the Special Master Order that any discovery in

response to the Requests identified in LPL's Motion be deferred until after claim construction,

and after Expert discovery, subject to the attorney-client and work-product privileges.


Date: October 18, 2006

Respectfully submitted,

Connolly Bove Lodge & Hutz LLP


Of Counsel:

Scott R. Miller  (CA Bar No. 112656)
Manuel Nelson (CA Bar No. 229590)
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071

Tracy R. Roman (CA Bar No. 199031)
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA  90071-3106

By:    /s/  Jeffrey B. Bove
    Jeffrey B. Bove (#0998)
    Jaclyn M. Mason (#4737)
    The Nemours Building, 8th floor
    1007 North Orange Street
    Wilmington, DE 19801
    Telephone:  (302) 658-9141
    Facsimile:  (302) 658-5614

*Attorneys for Defendant*
*ViewSonic Corporation*


9

494314_1.DOC