## RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICKK L. COTTRELL. III
DIRECTOR

DIRECT DIAL
(302) 651-7509
COTTRELL@RLF.COM

January 26, 2007

**BY E-MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

At the January 19, 2007 telephonic hearing, Your Honor requested that the Tatung Defendants provide additional briefing regarding whether "advice of counsel" has to be affirmatively pled by an accused infringer as a defense in order for the accused infringer to potentially rely on opinion of counsel. For the reasons set forth below, the Tatung Defendants are not required to plead "advice of counsel" as an affirmative defense, and therefore, need not move to amend their answers before potentially relying on opinion of counsel to rebut the allegation of willful infringement.

A.   **Reliance On Advice Of Counsel Is Not An Affirmative Defense.**

Rule 8(c) of the Federal Rules of Civil Procedure requires a party to set forth "affirmatively" in a responsive pleading certain defenses. The Rule specifies a number of affirmative defenses, including laches, res judicata, statute of limitations, and "any other matter constituting an avoidance or affirmative defense." *See* Fed. R. Civ. P. 8(c). In determining whether a particular theory or contention constitutes an affirmative defense, courts have considered the following factors: (1) whether the defense is one which, if true, would wholly defeat the plaintiff's claim or otherwise excuse the defendant from liability, or whether the defense simply controverts an element of the plaintiff's prima facie case; and (2) whether failure to plead the defense would unfairly surprise the plaintiff. *Kennan v. Dow Chem. Co.*, 717 F. Supp. 799, 807 (M.D. Fla. 1989), *accord Sanden v. Mayo Clinic*, 495 F.2d 221, 224 (8th Cir. 1974); *see also Wilson Group, Inc. v. Quorum Health Resources, Inc.*, 880 F. Supp. 416, 425 (D.S.C. 1995). An affirmative defense is a defendant's assertion raising new facts and argument that, if true, will defeat the plaintiff's claim, *even if all allegations in the complaint are true*. *See Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003), *citing* Black's Law Dictionary 430 (7th ed. 1999). Put another way, the "concept of an affirmative defense under Rule 8(c) 'requires a responding party to *admit* a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability (or perhaps from full liability).'" *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, __ F.

RLF1-3109048-1

The Honorable Vincent J. Poppiti
January 26, 2007
Page 2

Supp. 2d ___, 2006 WL 3198934, at * 5 (N.D. Ill. 2006), citing *Menchaca v. Am. Med. Resp. of Ill., Inc.*, 6 F. Supp. 2d 971, 972 (N.D. Ill. 1998) (emphasis in original). Thus, a defense that "merely negates some element of plaintiff's prima facie case is not a true affirmative defense and need not be pleaded." *Sanden*, 495 F.2d at 224.

The case law analyzing the nature of affirmative defenses clearly shows that reliance on opinion of counsel is not an affirmative defense to a claim of willful infringement within the meaning of Rule 8(c). First, an accused infringer's reliance on opinion of counsel is not a defense which, if true, would necessarily defeat a claim of willful infringement. Rather, reliance on opinion of counsel is merely one factor, among many, that may controvert an element of the patentee's prima facie case regarding willful infringement. The burden of proving willful infringement by clear and convincing evidence is on the patentee. *See nCube Corp. v. Seachange Int'l, Inc.*, 436 F.3d 1317, 1319 (Fed. Cir. 2006). Courts have long held that whether a defendant willfully infringed is a question that must necessarily contemplate the "contributions of several factors," and that must be made upon a consideration of the "totality of circumstances." *See, e.g., Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990); *see also Rolls-Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1109-10 (Fed. Cir. 1986). In *Knorr-Bremse*, the Federal Circuit abolished the so-called "adverse inference rule," and held that a defendant's failure to obtain or produce an exculpatory legal opinion cannot lead to an adverse inference that the opinion was or would have been unfavorable. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1341 (Fed. Cir. 2004). As a result of *Knorr-Bremse*, patent infringement defendants are no longer required to obtain an opinion of counsel to rebut willfulness, and in the event a defendant chooses to procure and rely on an opinion, that opinion is only one factor under the totality of circumstances test. *Id.* at 1347. These factors include: 1) Whether the accused infringer made efforts to redesign the allegedly infringing product or method; 2) whether the accused infringer engaged in bad faith litigation conduct; 3) whether the accused infringer deliberately copied the product or method of the patentee; 4) whether upon learning of the patent, the accused infringer investigated the scope of the patent and formed a good faith belief that it was not infringed or invalid; and 5) whether the accused infringer obtained an opinion of counsel. *See Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992); *Rolls-Royce*, 800 F.2d at 1110. Because reliance on opinion of counsel is merely one factor that may negate the patentee's prima facie case, it need not be pled as an affirmative defense under Rule 8. Indeed, there is no requirement (and LPL has not suggested otherwise) that an accused infringer plead as affirmative defenses each of the many factors that are considered in the totality of circumstances analysis.

Second, reliance on advice of counsel is not an admission that the allegations in the complaint are true but that liability should excused for other reasons. *See Reis*, 2006 WL 3198934, at * 5 (stating that an affirmative defense is one that admits the allegations of the complaint and asserts that for other legal reasons liability should be excused). Accordingly, advice of counsel is not an affirmative defense that must be pled.

The Honorable Vincent J. Poppiti
January 26, 2007
Page 3

**B.    The Tatung Defendants' Denial Of Willfulness In Their Answers Provided Sufficient Notice To LPL.**

The purpose of requiring affirmative defenses to be pleaded is to notify the other party of the existence of certain issues. *See Wilson Group*, 880 F. Supp. at 425; *see also Ultra-Precision Mfg, Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005), citing *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (stating that the purpose of Rule 8(c) is to "give the opposing party notice of the affirmative defense and a chance to respond"). "[W]hat matters is not whether magic words 'affirmative defense' appear in pleadings but whether court and parties were aware of issues involved." *Baker v. City of Detroit*, 483 F. Supp. 919, 921 (E.D. Mich. 1979).

Here, the Tatung Defendants' answers to the complaint expressly denied that they willfully infringed the patents at issue. The Tatung Defendants' denial of willfulness provided sufficient notice to LPL of the issues involved. LPL's allegations of willful infringement and the Tatung Defendants' denial of willfulness placed into issue all of the factors for the totality of circumstances test for willfulness. Indeed, LPL knew that advice of counsel was an issue because it filed a motion to compel the production of opinions of counsel. The lack of an "advice of counsel" affirmative defense has not caused any surprise or prejudice to LPL. Accordingly, the Tatung Defendants are not required to amend their answers to affirmatively plead "advice of counsel" before potentially relying on opinion of counsel.

**C.    Discovery Regarding Advice Of Counsel Should Be Postponed Until After Claim Construction.**

As explained in the Tatung Defendants' Opposition to LPL's Motion to Compel Discovery Regarding Advice of Counsel, the decision of whether to rely on opinion of counsel is monumental because it implicates waiver of the attorney client privilege. Consequently, courts have ruled that accused infringers are not required to make this election until after the *Markman* proceedings and after dispositive motions have been considered. *See, e.g., A.L. Hansen Mfg. v. Bauer Prods., Inc.*, 2004 WL 1125911, at *6 (N.D. Ill. 2004) ("In this way, Bauer can at least maintain attorney-client privilege throughout the pre-trial phase, including the *Markman* hearing and until the filing of summary judgment motions. However, expedited discovery on Bauer's opinion of counsel will begin immediately if Bauer relies on its opinion of counsel earlier for any reason.").

Accordingly, the Tatung Defendants respectfully request that the Special Master postpone discovery on the advice of counsel issue until after the *Markman* and summary judgment proceedings. At that time, the Tatung Defendants will inform LPL as to whether they are relying on advice of counsel. If advice of counsel is asserted, the Tatung Defendants will respond to discovery expeditiously.

The Honorable Vincent J. Poppiti
January 26, 2007
Page 4

Respectfully,

Frederick L. Cottrell, III (#2555)

FLC,III/afg
cc: Clerk of the Court (By Electronic Filing)
 Richard Kirk, Esquire (via electronic mail)
 Cormac T. Connor, Esquire (via electronic mail)
 Lora Brzezynski, Esquire (via electronic mail)
 Mark Krietzman, Esquire (via electronic mail)
 Scott R. Miller, Esquire (via electronic mail)
 Jeffrey B. Bove, Esquire (via electronic mail)
 Tracy Roman, Esquire (via electronic mail)