# THE BAYARD FIRM
A  T  T  O  R  N  E  Y  S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

BY HAND AND BY EMAIL

January 26, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

Plaintiff LG.Philips LCD Co., Ltd.'s ("LPL") respectfully requests that Defendants Tatung Company ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), and ViewSonic Corporation ("ViewSonic") (collectively "Defendants") be ordered to submit to depositions in this case on dates certain.

On December 5, 2006, LPL served eighteen (18) deposition notices on the Defendants, including 15 individual deposition notices and one Rule 30(b)(6) deposition notice for each defendant.[1] At that time, non-expert depositions were scheduled to close on March 2, 2007. ViewSonic and LPL served noticed depositions before the parties had discussed a deposition schedule for all witnesses in this case, and LPL has since attempted unsuccessfully to discuss such a schedule.

Defendants' depositions were scheduled for dates between January 5, 2007 and February 13, 2007. None of these depositions, however, has proceeded as scheduled. The delay in proceeding with Defendants' depositions is due in part to Defendants' delay in providing discovery needed for those depositions and in larger part to Defendants' refusal to cooperate in scheduling the depositions. Given the substantial number of relevant defense witnesses in this case and the March 30 deposition deadline, LPL intends to begin taking depositions as soon as possible. Whereas LPL has only a few witnesses in this case that need to be deposed, the Defendants have many more witnesses, meaning that LPL will need to take many depositions.

Beginning December 12, 2006, LPL attempted to discuss a deposition schedule with Defendants. Defendants, however, did not confirm any of the noticed deposition dates. Instead, ViewSonic's counsel informed LPL's counsel that the first two deposition dates posed conflicts

---

[1] On January 24, 2007, LPL served a supplemental Rule 30(b)(6) notice on each of the Defendants, adding one additional deposition topic.

650207-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 26, 2007
Page 2

for the witnesses and that LPL should assume that *none* of the witnesses would appear for depositions on the noticed dates. (*See generally* LPL's Jan. 26, 2007 Local Rule 7.1.1 Certification (detailing LPL's efforts to negotiate) [hereinafter "Certification" or "Cert."].) Yet, Defendants did not offer any alternative dates to LPL. In contrast, LPL did propose deposition dates for LPL's own witnesses.[2] Defendants thus have rejected LPL's proposed deposition dates, while not providing alternative deposition dates for Defendants' witnesses.

Since their initial discussions and despite LPL's ongoing attempts to reach agreement on Defendants' deposition schedule, Defendants have failed repeatedly to provide proposed deposition dates for LPL's consideration. (*See, e.g.* Cert. at Exs. 4-7 & 9-12.) Further, on January 16, ViewSonic's counsel abruptly cancelled a previously scheduled January 17 teleconference, during which the parties were to have discussed deposition issues.[3] (*See id.* at Ex. 8.) Defendants have since refused to confirm an additional meet-and-confer date. Eventually, ViewSonic stated that it would propose deposition dates by January 23; however, it failed to do so. Instead, after the close of business on January 25, ViewSonic finally proposed dates for only three of its witnesses, with intervening time gaps that would require three separate trips from Washington to California by LPL's counsel. (*See id.* at Exs. 13 & 14.) Similarly, Tatung's counsel has not provided deposition dates. Instead, on January 18, 2007, Tatung finally responded by demanding that *LPL* propose new dates. (*See id.* at Ex. 10.) LPL cannot wait any longer to confirm a complete deposition schedule for all of Defendants' witnesses that allows LPL to complete depositions within the deadline and with reasonable efficiency and limited travel. As the Special Master is aware, the Court recently declined the parties' proposed May 18, 2007 deposition deadline and instead ordered that the parties complete all non-expert depositions by March 30, 2007.[4] (*See* D.I. 401.) In order to complete all necessary depositions of Defendants by March 30, LPL asks that the Special Master order the Defendants to appear for depositions according to the proposed schedule attached to this Motion as Appendix A (the "Proposed Deposition Schedule"). In the Proposed Deposition Schedule, LPL identifies the dates that it seeks to depose each of Defendants' witnesses.[5]

Based on information obtained after LPL submitted its deposition notices and the limited deposition time permitted under the Scheduling Order, LPL has identified the witnesses that it currently intends to depose, subject to any additional depositions that may be appropriate. At this time, LPL is not seeking individual depositions for five witnesses whose depositions were

---

[2] When ViewSonic objected to taking LPL's depositions too close to the March 2 deposition deadline, LPL promptly cooperated with Defendants to stipulate to a new deadline to complete non-expert depositions.

[3] Moreover, ViewSonic now insists that the parties conduct all future negotiations either in writing or in the presence of a court reporter. (*See id.* at Exs. 8 & 10.) LPL neither agrees to this drastic measure nor finds it to be in any way necessary or productive. LPL remains interested in attempting to resolve these scheduling issues among counsel.

[4] The amended Scheduling Order also mandates that the parties complete all third party discovery by March 30, 2007. LPL has requested an extension for third party depositions. Currently, however, deposition scheduling is further complicated and pressured by the need to conclude party and third party discovery by March 30.

[5] The parties have agreed that all of the Defendants' witnesses will be deposed at McKenna Long & Aldridge LLP's offices in Los Angeles, CA and LPL's witnesses will be deposed in Washington, D.C.

650207-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 26, 2007
Page 3

originally noticed: Mike Lee (Tatung America), Mike Zapka (no longer employed by ViewSonic), David Wang (no longer employed by Tatung), Hang Hui Hu (Tatung) and Tse Rong Lee (ViewSonic).[6] Additionally, the Defendants have tentatively identified some witnesses that presumably will testify as corporate designees in response to LPL's Rule 30(b)(6) deposition topics. (*See* Cert. at Exs. 3 & 10.) Assuming these witnesses remain as the Defendants' Rule 30(b)(6) designees, then LPL will take those witnesses' Rule 30(b)(6) and individual depositions simultaneously, reducing the number of individual depositions that LPL may need to take. If, however, Defendants change their Rule 30(b)(6) designees, then LPL reserves the right to depose the current designees as individuals.

For the foregoing reasons, LPL respectfully requests that the Special Master order the Defendants to submit to depositions on the dates specified in the attached Proposed Deposition Schedule (Appendix A).

Respectfully submitted,

*/s/ Richard D. Kirk*

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

---

[6] LPL's proposed schedule is based on currently available information. Discovery is ongoing and may reveal the need for additional depositions. Also, LPL is relying on Defendants' most recent initial disclosures as identifying any potential trial witnesses for Defendants in this case. LPL reserves the right to notice additional depositions, set new dates for previously noticed depositions, and/or seek additional time for depositions, as appropriate.

650207-1

# Appendix A

## LPL'S PROPOSED SCHEDULE FOR DEFENDANTS' DEPOSITIONS

LPL requests that the Special Master compel the Defendants to make the following witnesses available on the dates identified below, or on another mutually convenient date.*  Each deposition should begin at 9:00 am, PST.  If necessary, depositions should continue the next day.

| *Name* | *Party* | *Type* | *Date* |
|---|---|---|---|
| **Kevin Ho** | Tatung Company | Individual | **Feb. 13, 2007** |
| **Vivian Liu** | ViewSonic | Individual | **Feb. 14, 2007** |
| **Robert Ranucci** | ViewSonic | Individual | **Feb. 15, 2007** |
| **Jackson Chang** | ViewSonic | Individual | **Feb. 16, 2007** |
| **Shirley Wang** | ViewSonic | Individual | **Feb. 20, 2007** |
| **Bryan Lin** | Tatung America | Individual | **Feb. 21, 2007** |
| **Hsi-Ling (Jamie) Yang** | Tatung Company | Individual | **Feb. 22, 2007** |
| **S.Y. Tsai** | Tatung Company | Individual | **Mar. 7, 2007** |
| **Huang Chin-min** | Tatung Company | Individual | **Mar. 8, 2007** |
| **Andrew Sun****  | Tatung America | Rule 30(b)(6) | **Mar. 23, 2007** |
| **Peter Farzin****  | Tatung America | Rule 30(b)(6) | **Mar. 26, 2007** |
| **Oliver Shih****  | Tatung Company | Rule 30(b)(6) | **Mar. 27, 2007** |
| **Tsyr-Huey (Vincent) Liu****  | Tatung Company | Rule 30(b)(6) | **Mar. 28, 2007** |
| **Jeff Volpe****  | ViewSonic | Rule 30(b)(6) | **Mar. 29, 2007** |
| **Tommy Jue****  | ViewSonic | Rule 30(b)(6) | **Mar. 30, 2007** |

\*      LPL has previously noticed each of the depositions listed, except for the deposition of Jackson Chang.  LPL is serving a formal deposition notice concerning Mr. Chang's deposition.  If necessary, LPL also will serve amended deposition notices for the other witnesses.
\*\*     LPL understands that this witness will testify on Rule 30(b)(6) deposition topics, but Defendants have not specified the topics for which any of their witnesses have been designated.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on January 26, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and will be sent by first class mail to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1