# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

BY HAND AND BY EMAIL

January 26, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic,* C.A. No. 04-343 JJF

Dear Special Master Poppiti:

Plaintiff LG.Philips LCD Co., Ltd.'s ("LPL") respectfully requests clarification concerning three deposition timing issues arising out of the Court's August 18, 2005 Scheduling Order (D.I. 198) (the "Scheduling Order").

General Time Limits. LPL requests guidance and clarification concerning the amount of time for which each fact witness may be deposed in this case. Section 4(d) of the Scheduling Order provides that depositions for English-speaking witnesses are limited to 10.5 hours. However, the Scheduling Order appears to mistakenly set a 10.5 hour limit for English-speaking witnesses, when the Court intended to adopt Defendants' proposal limiting non-English depositions to 10.5 hours, and limiting English depositions to 7 hours.

On June 17, 2005, the parties jointly submitted a proposed scheduling order (D.I. 192), attached hereto as Ex. A (the "Proposed Scheduling Order"). As indicated in the Proposed Scheduling Order, the parties were not able to reach agreement on the limits to place on depositions for this case. (*See* Ex. A at § 3(d).) Accordingly, each side submitted proposed language for the Court's consideration. (*See id.*) LPL proposed that each side be permitted to take 12 depositions. (*See id.* at § 3(d)(i).) In pertinent part, Defendants proposed the following:

> No fact witness or designee under Rule 30(b)(6) for whom English is their first language shall be deposed for more than <u>seven hours. No fact witness or designee under Rule 30(b)(6) for whom English is not their first language shall be deposed for more than</u> 10.5 hours.

(*Id.* at § 3(d)(ii) (emphasis added).)

In pertinent part, the Court appears to have intended to adopt Defendants' proposed language with respect to deposition time limitations:

**THE BAYARD FIRM**

The Honorable Vincent J. Poppiti
January 26, 2007
Page 2

> No fact witness or designee under Rule 30(b)(6) for whom English is their first language shall be deposed for more than 10.5 hours.

(Sched. Order at § 4(d).) Upon comparison of these provisions, however, it appears that the Court made a scrivener's or transcription error. Specifically, the Scheduling Order adopts the beginning and ending portions of Defendants' proposal, but omits the intervening language underlined above. (*Compare id. with* Ex. A at § 3(d)(ii) (underlined portions above show language not included in Court's Scheduling Order).) As a result, the Scheduling Order fails to address the time permitted for non-English-speaking witnesses. Presumably, consistent with the Defendants' proposed language, the Court intended to provide that English-speaking witnesses may be deposed for up to seven hours (which is also consistent with Fed. R. Civ. P. 30(d)(2)), and that non-English-speaking witnesses may be deposed for 3-5 additional hours, which is customary given the need for translation.[1]

Inventors. LPL also seeks clarification that the Scheduling Order means what it says concerning the limit for inventor depositions. Section 4(d) expressly and clearly provides that: "No fact witness or designee under Rule 30(b)(6) for whom English is their first language shall be deposed for more than 10.5 hours. ***Notwithstanding the foregoing limitations, the inventors of the patents-in-suit may be deposed for up to 21 hours total, which shall be consecutive.***" (Sched. Order (emphasis added).) As discussed above, Defendants proposed this exact language to the Court. (*See* Ex. A.) Both of the inventors in this case, Jong Hwan Kim and Young Woo Cho, speak Korean as their first language. LPL maintains that § 4(d) permits the Defendants to depose the two inventors for a combined total of up to 21 hours on consecutive dates.

Despite the clear language of § 4(d), Defendants seek to take *a 21-hour deposition of each Inventor*. (*See* Ex. 10 to LPL's Jan. 26, 2007 Local Rule 7.1.1 Certification [hereinafter "Cert."] at 3.) Defendants thus seek *six days* of depositions of the inventors, *in addition to* substantial hours of deposition time when the inventors testify as Rule 30(b)(6) designees. The Court presumably did not intend such a burdensome and extraordinary result, which is inconsistent with a plain reading of the limit that the inventors "may be deposed for up to 21 hours total," regardless of whether the inventors speak English or Korean. Three deposition days is more than sufficient and LPL respectfully requests confirmation that § 4(d) of the Scheduling Order limits Defendants to 21 hours of deposition for both inventors combined.

Third Parties. The Scheduling Order, as amended, is silent as to the amount of time that the parties have been allotted for third party depositions.[2] Further, the Scheduling Order limits LPL

---

[1] Defendants appear to believe that by arbitrarily dividing their Rule 30(b)(6) deposition topics into four notices, they can require LPL's to provide more hours of deposition testimony than if one notice was served. Apparently, Defendants contend that LPL must produce one or more witnesses per deposition notice, to be deposed for at least 10.5 hours per witness, even for English-speaking witnesses. Defendants' position is not consistent with the Federal Rules or the Scheduling Order, and would allow a party to serve a separate notice for each deposition topic as a tactical weapon. LPL maintains that the time limits in § 4(d) apply per witness, not per notice. Notably, during the parties' January 8, 2007 teleconference, Tatung proposed that the parties further discuss the amounts of time needed for each Rule 30(b)(6) deposition witness and ViewSonic said that it "makes a lot of sense." LPL agrees and continues to hope that these issues can be discussed and resolved by counsel before the February 9 hearing.

[2] LPL has attempted to discuss this issue with the Defendants. However, Defendants canceled the parties' recent attempts to hold meet-and-confer sessions and then insisted that any future negotiations be conducted with a court

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 26, 2007
Page 3

to only 84 hours of deposition time, which is the equivalent of 12 days of deposition testimony. Within this time, LPL intends to depose at least a dozen employees of Defendants, including many witnesses who will testify using an interpreter. Under these circumstances, it would be unfair to include third party deposition time within LPL's 84-hour deposition cap. Because the Scheduling Order is silent, LPL requests that the Special Master confirm that time spent on third party depositions falls outside of the Scheduling Order's time allotment.

In the event that the Special Master determines that third party depositions are covered by § 4(d), LPL respectfully requests additional time to complete third party depositions. As stated above, while LPL intends to complete all of its deposition discovery within the 84-hour allotment, LPL must use this time on the depositions of the Defendants' many witnesses.[3] Consequently, forcing LPL to compress its already strained deposition schedule by including any third party depositions in the total time allotment would place undue pressure on LPL and would likely require LPL to abandon valuable deposition discovery that would provide evidence to support LPL's claims. The same pressures do not apply equally to the Defendants for several reasons. Among them, Defendants have been obtaining third party documents without the need for depositions. Defendants also only need to depose a few LPL witnesses, but they have been allotted 140 total hours of deposition time. Finally, Defendants are already resisting LPL's efforts to obtain third party discovery, as demonstrated by their efforts to prevent LPL from obtaining relevant discovery from third party Hewlett-Packard.[4] (*See* Exs. 16-17 to Cert.)

For these reasons, LPL respectfully requests that the Special Master clarify that the Scheduling Order does not include third party deposition discovery within the deposition time limits set forth in § 4(d) of the Scheduling Order. Alternatively, LPL requests that the Special Master grant LPL at least an additional 28 hours of time for third party depositions. If further time is needed, LPL will promptly address this issue at the appropriate time.

Respectfully submitted,

*/s/ Richard D. Kirk*

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

---

reporter present – a proposal that LPL finds to be unnecessary and one that would require the parties to bear unnecessary and exorbitant costs that would delay the resolution of *every* dispute in this case. (*See generally* Cert. (detailing LPL's efforts to negotiate with Defendants on these issues).)

[3] LPL has filed a motion to compel depositions of the Defendants contemporaneously with this Motion. In that Motion, LPL identifies witnesses that LPL currently intends to depose, subject to possible additional depositions.

[4] Notably, LPL's subpoena on Hewlett-Packard was served only after ViewSonic served its own subpoena on Hewlett-Packard. Defendants began to challenge LPL's discovery efforts after ViewSonic obtained the discovery that it sought from Hewlett-Packard.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on January 26, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and will be sent by first class mail to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk