# EXHIBIT A

# THE BAYARD FIRM
A T T O R N E Y S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries 19801

A Meritas Law Firms Worldwide
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access
302-429-4226
tkovach@bayardfirm.com

June 17, 2005

**VIA HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

        *Re:*   *LG Philips LCD Co., Ltd. V.*
               *Tatung Co., et al.*
               *Civil Action No. 04-343-JJF*
               *Proposed Scheduling Order*

Dear Judge Farnan:

    Pursuant to the Court's May 31, 2005 Order in the above-captioned matter, the parties submit the enclosed jointly proposed scheduling order.

                            Respectfully submitted,

                            Thomas H. Kovach

THK/sdp
Enclosure
30389-2

cc:    Clerk of the Court (By Hand)
        All counsel as shown on the attached certificate

591787v1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 17, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard L. Horwitz, Esq.  
David E. Moore, Esq.  
Potter Anderson & Corroon LLP  
1313 N. Market St., 6th Fl.  
Wilmington, DE 19801

Jeffrey S. Goddess, Esq.  
Jessica Zeldin, Esquire  
Rosenthal, Monhait, Gross & Goddess  
Mellon Bank Center, Suite 1401  
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and first class mail to the following non-registered participants:

Julian M. Baum, Esq.  
Robert C. Weems, Esq.  
Baum & Weems  
58 Katrina Lane  
San Anselmo, CA 94960

Scott Miller, Esq.  
Tracy Roman, Esq.  
Bingham McCutchen LLP  
355 South Grand Ave., 44th Floor  
Los Angeles, CA 90071-3106

/s/ Thomas H. Kovach  
Thomas H. Kovach

591804v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 04-343-JJF |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| and VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## [PROPOSED] RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.**

The parties will exchange by July 29, 2005, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Joinder of other Parties.**

All motions to join other parties shall be filed on or before January 17, 2006.

3. **Discovery.**

   (a)   Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by June 30, 2006.

(b)     No party shall serve more than 40 interrogatories on any other party, including contention interrogatories.

(c)     No party shall serve more than 50 requests for admission on any other party, other than for authenticity of documents.

(d)     **[The parties could not agree on the following provision:**

(i)     <u>Plaintiff's proposal</u>: Maximum of 12 depositions by Plaintiff and 12 depositions by the combined Defendants, excluding expert depositions.

(ii)    <u>Defendants' proposal</u>: Plaintiff shall be limited to 84 hours of examination of fact witnesses (i.e. excluding expert depositions); Each defendant shall be limited to 84 hours of examination of fact witnesses (i.e. excluding expert depositions). No fact witness or designee under Rule 30(b)(6) for whom English is their first language shall be deposed for more than seven hours. No fact witness or designee under Rule 30(b)(6) for whom English is not their first language shall be deposed for more than 10.5 hours. Notwithstanding the foregoing limitations, the inventors of the patents-in-suit may be deposed for up to 21 hours total, which shall be consecutive, if possible.

(iii)   <u>The parties agree that</u>: Depositions may commence after the discovery required by Paragraph 3(a, b and c) is completed, or June 1, 2006 (whichever is earlier) and shall be completed by November 17, 2006. The limits on the number, length, and timing of non-expert depositions may be modified by agreement of the parties or by Order of the Court, for good cause.]

(e)     **[The parties could not agree on the following provision:**

(i)     <u>Plaintiff's proposal</u>: On or before January 31, 2007, the parties shall serve expert reports on all issues for which a party bears the burden of proof. On or before

March 15, 2007, the parties shall serve rebuttal expert reports. All such reports shall be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

(ii) <u>Defendants' proposal</u>: Reports from experts required by Fed. R. Civ. P. 26(a)(2) on any issue on which the party bears the burden of proof shall be served within 30 days after the court issues its Markman ruling; rebuttal reports and/or reports on issues on which the party does not bear the burden of proof shall be served within 45 days after the service of the opening expert reports.]

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

(g) Discovery previously conducted by the parties shall not count against any limits on discovery imposed above or under the Federal or Local rules of procedure.

(h) **[The parties are unable to agree on the following provision**:

(i) <u>Plaintiff's proposal</u>: The Temporary Protective Order entered for jurisdictional discovery having expired, and the Court having expressly limited the purpose and duration of the Temporary Protective Order in response to Plaintiff's objections to such an order as inappropriate and prejudicial, any party may move for entry of a new protective order.

(ii) <u>Defendants' proposal</u>: The Temporary Protective Order previously entered is adopted as the Protective Order in this action.]

4.   **Discovery Disputes.**

By Order dated February 25, 2005, the Court appointed Vincent J. Poppiti as Special Master to address disputes related to jurisdictional discovery. All discovery disputes shall be submitted first to the special master pursuant to the order of reference. The parties shall present

3

discovery disputes to the Special Master as set forth in the Special Master Discovery Dispute Procedures dated March 24, 2005.

5. **Amendment of the Pleadings.**

All motions to amend the pleadings shall be filed on or before January 17, 2006.

6. **Case Dispositive Motions.**

Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before August 31, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7. **Markman.**

**[The parties could not agree on the following provision:**

(a) Plaintiff's proposal: A Markman Hearing will be held on June 1, 2007. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

(b) Defendants' proposal: A Markman Hearing will be held on February 1, 2007. Briefing on the claim construction issues shall be completed as follows: Each party shall exchange a list of terms believed to require construction by September 8, 2006. Each party shall exchange proposed constructions of the disputed terms by September 25, 2006. The parties shall file with the Court a single chart showing each party's proposed construction of the claims at issue together with the intrinsic evidence supporting that construction on October 13, 2006.

Opening Briefs for each party will be filed October 27, 2006, Response Briefs December 15, 2006. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.]

### 8. Applications by Motion.

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

### 9. Pretrial Conference and Trial.

After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

10. **Settlement.**

Pursuant to 28 U.S.C. § 636, the Court refers this case to Magistrate Judge Thynge for exploring the possibility of settlement. Magistrate Judge will schedule a settlement conference to be held within 90 days from the date of this Order, or as soon thereafter as is practicable, on the calendar of the Magistrate Judge.

_____                    _____
            DATE                                                    UNITED STATES DISTRICT JUDGE