IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br>　　　　　　　　　　Plaintiff, <br>　　v. <br>TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br>　　　　　　　　　　Defendants. | Civil Action No. 04-343-JJF |

**PLAINTIFF LG.PHILIPS LCD CO., LTD.'S LOCAL RULE 7.1.1
CERTIFICATION CONCERNING MOTIONS TO COMPEL
SUBMITTED TO SPECIAL MASTER ON JANUARY 26, 2007**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby submits this Local Rule 7.1.1 Certification (the "Certification") concerning motions to compel that LPL has filed against Defendants ViewSonic Corporation ("ViewSonic"), Tatung Company ("Tatung Company") and Tatung Company of America, Inc. ("Tatung America") (Tatung Company and Tatung America referred to collectively as "Tatung"). Specifically, this Certification pertains to: (1) LPL's Motion to Compel Defendants to Appear for Depositions; (2) LPL's Motion to Clarify or Amend the Scheduling Order Pertaining to Deposition Time Limits; and (3) LPL's Motion to Compel ViewSonic to Categorize its Products by Mounting System (collectively, the "Discovery Motions"). LPL's counsel has worked diligently to try to resolve and narrow the disputed issues. Set forth below is a summary of LPL's efforts to negotiate with the Defendants.

**I.　　DEPOSITION NOTICES AT ISSUE**

On November 29, 2006, ViewSonic served four separate Rule 30(b)(6) deposition notices on LPL, (D.I. 322-25), and two notices to take individual depositions of the two men credited with inventing the technology covered by the Patents-in-Suit (D.I. 320-21). LPL served one Rule 30(b)(6) notice of deposition on each of the Defendants on December 5, 2006. (D.I. 349-

51.) On the same date, LPL also served individual deposition notices regarding Defendants' fact witnesses. (D.I. 329-341 & 343-47.) On December 12, 2006, Tatung served four Rule 30(b)(6) deposition notices directed to LPL with topics essentially identical to those served by ViewSonic. (D.I. 357-60.) LPL served supplemented Rule 30(b)(6) deposition notices to add one additional topic on January 24, 2007. (D.I. 405-07.) On January 26, 2007, LPL also served one additional notice of deposition for a Tatung witness, Jackson Chang.

## II. LPL'S EFFORTS TO RESOLVE ISSUES REGARDING DISCOVERY MOTIONS

The Discovery Motions concern, respectively, the Defendants' refusal to agree to a deposition schedule for their witnesses, clarification of the time limits applicable to depositions, and ViewSonic's unwillingness to categorize its own products by mounting system or structure.

### A. ViewSonic's Refusal To Provide Product Categorizations

LPL has repeatedly referenced its efforts in August and September 2006 to try to reach agreements with the Defendants concerning categorizations of the mounting systems used in their products. In early August, LPL tried to reach agreement with the Defendants concerning ways to limit the scope of discovery by proposing that the Defendants categorize their products by the mounting systems used. (*See* Exs. 1-2.) Under LPL's proposal, after the Defendants categorized their products, LPL would identify the specific products about which it wanted further discovery. (*See id.*) Defendants rejected LPL's proposal. (*See id.*) Subsequently, during the December 28, 2006 hearing, Tatung agreed to provide classifications as LPL had requested in August, categorizing its products by mounting system. ViewSonic's counsel confirmed during that hearing that ViewSonic was paying attention to this issue, as LPL also sought information from ViewSonic. (*See* Ex. 18 at 201-06 (Dec. 28, 2006 Hr'g Tr.).) As discussed further below, during subsequent discussions, ViewSonic made clear that it would not be provide product categorizations to LPL.

2

B. **LPL's Efforts To Schedule Defendants' Depositions and Clarify Timing**

On December 12, 2006, the same day that Tatung filed its Rule 30(b)(6) deposition notices on LPL, the parties conferred telephonically about issues concerning the deposition notices served by all parties. Counsel discussed numerous issues, including, for example, deposition locations, deposition dates, and Rule 30(b)(6) designees. Defendants' counsel tentatively identified certain witnesses likely to be designated to testify under Rule 30(b)(6). LPL confirmed that its Rule 30(b)(6) designees would include the inventors regarding the Patents-in-Suit, whom ViewSonic had also noticed for individual depositions.

ViewSonic's counsel refused to make any witnesses available on any of the dates listed in LPL's deposition notices and stated that LPL should assume that none of the dates it proposed would be acceptable. Defendants also would not provide any proposed alternative deposition dates for any of their witnesses. LPL informed the Defendants that, due to scheduling conflicts, none of its witnesses could be available to testify until late February 2007. In response, ViewSonic demanded that LPL appear for a Rule 30(b)(6) deposition that would address the first six topic areas in its four deposition notices[1] and later raised this issue with the Special Master.

At the January 3 Hearing, the Special Master instructed the parties to continue to negotiate over deposition issues and to submit a status report concerning their negotiations on January 11, 2007. The parties conferred on January 5. Tatung again identified its Rule 30(b)(6) designees generally, but did not specify the topics for which each would be designated. (*See* Ex. 3.) The parties agreed to meet-and-confer again on January 8, 2007.

---

[1] Defendants Rule 30(b)(6) deposition notices all have numerous explicit subparts, such that they have asked LPL to be prepared to testify about a total of 121 different topics. LPL has served its objections to these topics.

3

During the January 8 negotiations, counsel were able reach some agreements, which are memorialized in the January 11, 2007 submission to the Special Master. (*See* Ex. 15.) Among other things, the parties were able to agree on the locations of the depositions. (*See id.*) The parties were not able to agree on many other issues, however. As relevant to LPL's Motions to Compel, the parties disagree as to the time limits applicable to depositions in this case. Counsel also have not agreed upon the amount of time permitted for Rule 30(b)(6) depositions. Counsel discussed LPL's position concerning the need for product categorizations by mounting system and ViewSonic's counsel expressly stated that ViewSonic would not agree to provide categorizations for ViewSonic's products.

The parties agreed that they would confer again to try to resolve their deposition disputes. Defendants proposed that the parties meet on January 17 and LPL accepted. However, on January 16, after confirming the January 17 teleconference, ViewSonic abruptly canceled. (*See* Ex. 8.) Additionally, ViewSonic insisted that all future negotiations be conducted with a court reporter present or be done entirely via written correspondence. (*See* Exs. 8 & 10.) LPL rejects this proposal as being excessive and totally unnecessary. (*See* Ex. 9 at 3.) Still, ViewSonic makes clear that it is now insisting on this drastic, expensive and time-consuming negotiation process. (*See* Ex. 10.) Despite many requests from LPL, Defendants have not yet agreed to resume and discussions concerning deposition issues and scheduling. (*See, e.g.* Ex. 11.)

In particular, LPL has been trying diligently to get the Defendants to identify dates on which their witnesses will appear for deposition. On December 12, LPL informed the Defendants that LPL's witnesses could be available for deposition in February 2007. In response, Defendants have taken retaliatory positions by refusing to produce more than 1-2 witnesses before deposing LPL's witnesses. (*See* Ex. 5.) Yet, Defendants persistently have

failed to provide even proposed dates for their own depositions. LPL began requesting dates from the Defendants during the parties' negotiations on December 12 and renewed those requests during the parties' meet-and-confer sessions in January and then through LPL's correspondence on at least January 10, 11, 12, 17, 19 and 23, 2007. (*See* Exs. 4, 6, 7, 9, 11 & 12.) To date, Tatung has not identified any dates for depositions of its witnesses. ViewSonic has only recently started to respond. After promising to provide dates by January 23, ViewSonic finally provided three widely-dispersed dates[2] for only three of its witnesses on January 25, 2007 at 8:57 p.m. EST. (*See* Exs. 13 & 14.)

    LPL is continuing its efforts to resolve the scheduling issues. LPL cannot wait any longer, however, for the Defendants to schedule deposition dates for their witnesses. LPL also respectfully seeks the Special Master's assistance to resolve promptly the deposition timing issues, discussed in detail in LPL's motion to compel, so that it can budget its time and resources in the short time remaining before March 30. Finally, ViewSonic has made it very clear to LPL that it will not provide the same type of product categorizations that Tatung presumably will provide. Because it has not been able to resolve its disputes with the Defendants, LPL has filed its Discovery Motions and respectfully requests that the Special Master grant the relief sought in each motion.

---

[2] ViewSonic identified February 20, March 2 and March 22, 2007 as dates for three of its depositions. (*See* Ex. 13.) This month-long spread conflicts with the parties' agreements to work to consolidate deposition dates so as to minimize burdens on all of the parties. (*See* Ex. 14.)

January 26, 2007							THE BAYARD FIRM

							/s/ Richard D. Kirk
							Richard D. Kirk (rk0922)
							Ashley B. Stitzer (as3891)
							222 Delaware Avenue, Suite 900
							P.O. Box 25130
							Wilmington, DE 19899-5130
							(302) 655-5000

							Counsel for Plaintiff
							LG.PHILIPS LCD CO., LTD.

OF COUNSEL:

Gaspare J. Bono
Rel S. Ambrozy
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

6

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on January 26, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and will be sent by first class mail to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1