# EXHIBIT 1

**From:** Roman, Tracy R. [mailto:tracy.roman@bingham.com]
**Sent:** Thursday, August 10, 2006 5:49 PM
**To:** Ambrozy, Rel; Brzezynski, Lora
**Cc:** Scott II (E-mail); David E. Moore (E-mail); Richard L. Horwitz (E-mail)
**Subject:** Discovery Proposal

After further discussion, we do not believe that it would be productive to pursue Lora's two-stage proposal for contention discovery that was discussed during today's call.

Regards,
Tracy

Tracy R. Roman
Bingham McCutchen LLP
355 S. Grand Avenue
Suite 4400
Los Angeles, CA 90071
phone: (213) 229-5020
fax: (213) 680-6499
tracy.roman@bingham.com

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

# EXHIBIT 6

Albany
Atlanta
Brussels
Denver
Los Angeles

McKenna Long
& Aldridge LLP
Attorneys at Law
1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

LORA A. BRZEZYNSKI
(202) 496-7239

EMAIL ADDRESS
lbrzezynski@mckennalong.com

January 11, 2007

**VIA E-MAIL AND US MAIL**

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles, CA 90071

Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.;*
       **U.S. District Court Case No. 04-343 JJF**

Dear Scott:

This letter is in response to the assertions you made in your letter of today regarding our discussions and agreement that non-expert deposition discovery be extended. My partner Cass Christenson also informed me today of your colleague Jackie Mason's insistence that certain language be included in footnote 2 to a joint letter that was submitted to Judge Poppiti today. I have read that language and I am writing to correct the record because the statements in the footnote and in your letter are inaccurate, and I am surprised that such a condition was included in today's letter to Judge Poppiti when no such condition was included in the letter to Judge Poppiti that directly addressed our agreement to extend non-expert deposition discovery to May 18, 2007. Specifically, I am referring to the following sentences included in footnote 2 to the January 11, 2007 letter to Judge Poppiti:

> The defendants' agreement to extend the March 2, 2006 deposition deadline reported to Your Honor on January 10, 2007, was based on the express understanding that the defendants would voluntarily produce only one or two witnesses before the February 22, 2007 deposition of LPL witnesses. LPL never indicated that this condition was unacceptable and in fact expressly asked defendants to make the agreement to extend based on the assumption that only one or two defendant depositions would take place before the February 22 LPL depositions.

Scott R. Miller, Esq.
January 11, 2007
Page 2

During our teleconferences on January 4 and January 5, 2007 on the issue of extending the deadline for non-expert deposition discovery, I asked you your position regarding whether ViewSonic was going to make any of its witnesses available for deposition prior to February 22, 2007, assuming Judge Poppiti permitted LPL to begin depositions of its witnesses on that date, or was ViewSonic going to take the position that it should not have to produce any of its witnesses until all of LPL's witnesses were deposed. You stated that in the event that the Court permitted LPL's depositions to begin on February 22, 2007, that you would only make 1-2 ViewSonic witnesses available prior to February 22 because of what you characterized as "fundamental fairness." You made it clear, however, that you disagreed with our position that LPL depositions should not begin until February 22. Likewise, I made it clear that I was not agreeing to your position that ViewSonic would only have to produce 1-2 witnesses prior to February 22.

Further, you never conditioned the extension to May 18, 2007 on any agreement on the number of witnesses you would provide prior to February 22, and we all knew that you were having separate discussions with Mr. Christenson on this very issue later on the same day (January 5, 2007) as our discussions

I find it remarkable that you did not include this condition in the letter that went to Judge Poppiti yesterday on the agreed extension of non-expert discovery to May 18, 2006, but are now trying to back door this condition into another letter to Judge Poppiti to somehow justify your failure to provide available dates for any of ViewSonic's witnesses. Indeed, the letter that went yesterday had to wait two days to be sent from the time we sent you a draft because of your delay in responding and insistence on the inclusion of certain of your edits. Notably, your edits did not include any such condition that our agreed extension of the discovery deadline was based on any condition or agreement by LPL that ViewSonic would only be required to produce 1 to 2 witnesses prior to February 22. As I stated previously, that may be ViewSonic's position, but we did not agree with it, just like you did not agree with our position that LPL cannot provide its witnesses until February 22.

Very truly yours,

(Lora A. Brzezyński)

cc:     Tracy R. Roman     (via email)
        Valerie W. Ho      (via email)
        Jong P. Hong       (via email)
        Manuel Nelson      (via email)
        Steve Hassid       (via email)
DC:50455391 1

# EXHIBIT 2

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

LORA A BRZEZYNSKI
(202) 496-7239

EMAIL ADDRESS
lbrzezynski@mckennalong com

August 16, 2006

BY E-MAIL

Tracy R. Roman, Esq.
Bingham McCutchen LLP
255 South Grand Avenue
Suite 4400
Los Angeles, CA 90071

> Re:    *LG Philips LCD Co , Ltd  v. ViewSonic Corporation, et al* ;
>        U.S. District Court Case No. 04-343 JJF

Dear Tracy:

We have received your e-mail of August 10, 2006, in which you stated that your client does not "believe that it would be productive to pursue [LPL's] two-stage proposal for contention discovery that was discussed during today's call." The purpose of this letter is to clarify LPL's proposal, as we believe that it is both fair to the parties and consistent with the discovery process delineated in Judge Farnan's Scheduling Order. We hope that you and your client will reconsider your position so that we may amicably resolve this matter.

ViewSonic has an extensive visual display product line. In its responses to LPL's Interrogatories Nos. 2 and 3, ViewSonic identified 110 different visual display computer monitors that have been shipped, imported, sold or offered for sale in the United States since January 1, 2002. We expect that some number of those 110 products may have been offered for sale at one time, but were later removed from the U.S. marketplace for one reason or another. Further, we expect that some or all of ViewSonic's products have been altered over time, such that the current product designation may not refer to a product previously identified by the same designation. Finally, it is not clear whether ViewSonic's list of 110 monitors includes all visual displays, as defined in LPL's interrogatories, or if it is limited only to LCD monitors. This ambiguity suggests that there may be many more infringing visual displays in ViewSonic's product line.

In its Complaint and during the preliminary injunction phase of this case, LPL identified ViewSonic's VX 900 product as an example of a specific product that infringes the Patents-in-

Tracy R. Roman, Esq.
August 16, 2006
Page 2

Suit.[1] Moreover, in its Interrogatories, LPL even defined the accused products to include "any LCD computer monitor, LCD television, plasma television and/or laptop computer." LPL also set forth its infringement claims in the Complaint, such that, taking LPL's allegations in tandem with the identification of the VX 900 and in view of the definition set forth in LPL's written discovery, ViewSonic is aware of the nature of LPL's allegations and of the type of mounting techniques that LPL deems to infringe the Patents-in-Suit. Because ViewSonic has so many visual display products and because many of those products have likely changed over time, LPL cannot know the inner-workings of each version of each product, particularly those that are not currently on the market but which may, nonetheless, infringe or have infringed the Patents-in-Suit.

Having given ViewSonic notice not only of the nature of its infringement claims but of a specific product that LPL believes infringes on its patents, LPL is entitled to discovery from ViewSonic to determine whether any of ViewSonic's other products also infringe. *See, e.g., IP Innovation L.L.C. v. Sharp Corp.*, 219 F.R.D. 427, 428-30 (N.D. Ill. 2003). As we understand it, ViewSonic is willing to produce documents related only to the products that LPL has specifically identified, even though the Complaint explicitly states that the VX 900 was identified only as an example of the types of ViewSonic products that infringe the Patents-in-Suit. In contrast, ViewSonic has disclosed that it has at least 110 different visual display products that may infringe or may have infringed the Patents-in-Suit. Thus, ViewSonic is in the best position to evaluate its own products – especially those products that are no longer on the market or that have undergone changes over time – and determine which of those other products use or have used the type of mounting techniques identified by LPL in its Complaint. For these reasons, LPL properly served ViewSonic with Document Requests Nos. 2-5, which seek information about the mounting techniques used in ViewSonic's visual display products.

Additionally, intertwined with this dispute, we understand that ViewSonic points to its own Interrogatory No. 1, which asks LPL to list all of the claims of the Patents-in-Suit that it contends are infringed, as a basis for its inability to identify other ViewSonic products that may infringe the Patents-in-Suit. We understand ViewSonic to be claiming that, until LPL identifies its claim constructions, ViewSonic can neither identify nor provide further information about other potentially infringing products. As we discussed on August 10, LPL believes that ViewSonic's Interrogatory No. 1 would unfairly require LPL to reveal its claim constructions prior to the time required for *simultaneous* disclosure of the parties' respective claim constructions, as set forth in the Scheduling Order.

LPL has tried to reach middle ground with ViewSonic. In order to move forward with discovery on these issues, to limit the discovery burdens on both parties and to ensure that

---

[1] During our August 10 conference, ViewSonic represented that it had disclosed "exploded views" of two other products. We have found such documents for a product listed as VP 140, but none other. If we have overlooked the documents to which you referred, please identify those documents by bates number. Otherwise, please produce the "exploded views" that you referenced during our conference call, because we do not have them.

Tracy R. Roman, Esq.
August 16, 2006
Page 3

neither party is prejudiced by having to unilaterally disclose its legal conclusions about claim constructions prior to the date specified in the Scheduling Order, LPL suggested what you described in your e-mail as a "two-stage proposal." Under this proposal, ViewSonic would first identify the different types of visual display-mounting techniques used in its past and present products. For this step, LPL merely asks ViewSonic to list categorically the types of visual display-mounting techniques it uses in its products, without providing any further information about any specific products. Because LPL is not interested in obtaining documents from ViewSonic pertaining to products that do not use the mounting techniques recited by the Patents-in-Suit, LPL would then use ViewSonic's list of visual display-mounting technique categories to identify the categories to which LPL wants Document Requests Nos. 2-5 to apply. Discovery could then proceed only on the products covered by those categories.

LPL believes that its "two-stage proposal" fairly balances the interests of the parties and hopes that you and your client will reconsider your opposition to LPL's proposal. This letter recounts our efforts to meet and confer with you on this matter, as required by L.R. 7.1.1. If we cannot reach an agreement, LPL intends to present this matter to Judge Poppiti. We look forward to receiving your response.

Sincerely,

Lora A. Brzezyński

LAB:vvk

cc:    Scott R. Miller, Esq.

DC:50428109 1

```
  ### #   #######
 #    ##  #  #   #                                  #
 #        #     ## ###    ####    ## ##    #####
  ####    #       ##     #    #    ## #    #
      #   #       #      ######    #   #   #
      #   #       #      #         #   #   #
 ##   #   #       #      #         #   #   #    #
 # ###    ###   #####     #####   ### ###    ###
```

```
                    Date: 1/26/2007
                    Time: 4:19:24 PM
```

# EXHIBIT 3

# Greenberg Traurig

Frank E. Merideth, Jr.
Tel. 310 586 7826
Fax 310 586.0275
MeridethF@gtlaw.com

January 5, 2007

## VIA EMAIL AND FIRST CLASS MAIL

Cass W. Christenson, Esq.
Matthew T. Bailey, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

        Re:    LG. Philips, LCD Co., Ltd v. Tatung Company

Dear Cass:

        This is a follow-up to our conversation this afternoon regarding the depositions LPL has noticed involving Tatung witnesses.

        We expect the Tatung Rule 30(b)(6) witnesses to be Vincent Liu and Oliver Shih. The Tatung America Rule 30(b)(6) witnesses will be Peter Farzin and Andrew Sun.

        Kevin Ho and Huang Chin-Min are mechanical engineers. Their testimony would be duplicative of Vincent Liu. S.Y. Tsai actually is an employee of Tatung China. In any event, his testimony would be duplicative of Vincent Liu. Hang Hui Hu is an electrical engineer who would not have as much knowledge on mounting as Vincent Liu. Kevin Ho is an account manager for one customer. Oliver Shih is his superior and has broader knowledge. Finally, David Wang is a software engineer who is no longer employed by Tatung.

        Brian Liu is a technician for Tatung America. He is not as knowledgeable as Peter Farzin. Mike Lee is a Vice President of Tatung America. His testimony would be duplicative of that of Andrew Sun, who is the President.

        Oliver Shih and Vincent Liu will require interpreters; Andrew Sun and Peter Farzin will not require interpreters.

                Very truly yours,

                Frank E. Merideth, Jr.

FEM:cdb
        Scott Miller, Esq. (via email)

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TOKYO*
TYSONS CORNER
WASHINGTON D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

www.gtlaw.com

Greenberg Traurig, LLP | Attorneys at Law | Los Angeles Office | 2450 Colorado Avenue | Suite 400E | Santa Monica. CA 90404
Tel 310.586.7700 | Fax 310.586.7800
126698974 v1 070272011200

# EXHIBIT 4

Atlanta

Denver

Los Angeles

Philadelphia

San Diego

San Francisco

Washington, DC

Brussels

# McKenna Long
# & Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202 496 7500 • Fax: 202 496 7756
www.mckennalong.com

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong com

January 10, 2007

VIA E-MAIL AND U.S. MAIL

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Frank E. Merideth, Jr., Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA 90404

Re:    LG.Philips LCD Co., Ltd. v. Tatung, et al ; Civil Action No. 04-343 (JJF)

Gentlemen:

Despite my several requests, neither of you have offered deposition dates for any of your witnesses. Currently, we have depositions scheduled of ViewSonic, Tatung, and Tatung America witnesses in January and February We need your cooperation to schedule mutually convenient dates for all of these depositions. Given the number of witnesses that we need to depose, we intend to begin the depositions in late January or early February, beginning with the witnesses that we identified as the initial individual deponents in LPL's December 5, 2006 deposition notices. Please provide proposed deposition dates this week for all of the individual and Rule 30(b)(6) depositions, following the same order reflected in the deposition notices (i.e., starting with Sally Wang and Tommy Jue as the first depositions). For any individuals who will testify as Rule 30(b)(6) designees, we agree to defer their individual deposition and incorporate the individual deposition into the Rule 30(b)(6) deposition.

We will continue to work with you to schedule Defendants' depositions on consecutive dates, to minimize burdens and expense for all concerned. As we also need to retain interpreters, please let us know this week which witnesses will require an interpreter and the native language used by the witnesses Please also provide to us this week contact information for Mike Zapka (ViewSonic) and David Wang (Tatung), as you have informed us that these witnesses are no longer employed by your clients and cannot be produced without subpoena. Please also identify the successor employees concerning both Mr Zapka and Mr Wang.

Scott R. Miller, Esq.
Frank E. Merideth, Jr., Esq
January 10, 2007
Page 2

We look forward to resolving these issues this week so that we do not need to seek the Special Master's assistance.

Very truly yours,

Cass W. Christenson

CWC:ea

cc:     Mark Krietzman, Esq. (via e-mail)
        Jeffrey B. Bove, Esq. (via e-mail)
        Jaclyn M. Mason, Esq. (via e-mail)
        Anne Shea Gaza, Esq. (via e-mail)
        Frederick L. Cottrell, III, Esq. (via e-mail)
        Tracy R. Roman, Esq. (via e-mail)
        Richard Kirk, Esq. (via e-mail)

# EXHIBIT 5



# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

Scott R. Miller
Partner

TEL (213) 787-2510
FAX (213) 687-0498
EMAIL smiller@cblh.com
REPLY TO Los Angeles Office

The Nemours Building
1007 North Orange Street
P O Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

*Via Email*

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

January 11, 2007

WEB www.cblh.com

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC 20006

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al*
USDC, Delaware, C.A. No. 04-343-JJF

Dear Cass:

This letter responds to your letter of January 10, 2007. Your letter mischaracterizes the state of affairs and the discussions in which you chose not to participate.

As you know, in light of LPL's refusal in December 2006 to produce any witnesses for a deposition until February 22, 2007, ViewSonic was forced to move for a Protective Order, which motion is currently pending and being held in abeyance by the Special Master.

More recently, during discussions with Ms. Brzezynski attempting to address the deposition cutoff, we advised LPL that we were not willing to voluntarily produce more than 1 or 2 witnesses for deposition before the LPL 30(b)(6) deposition was commenced on February 22. Indeed, defendants expressly made clear that they were entertaining this extension *solely* due to LPL's inability (or unwillingness) to produce a witness before February 22 and that but for that conduct, both ViewSonic and Tatung expressly stated that they each felt the March 2 date was sufficient. The entire discussion that ensued was framed by Ms. Brzezynski as whether the defendants would be willing to extend the deposition cut off date on the assumption that defendants would not produce more than 1 or 2 witnesses before the February 22 LPL deposition. We also expressly advised LPL that these witnesses are also subject to the concerns of travel efficiency as LPL has raised in conjunction with its witnesses. Thus, there can be no doubt but that the agreement was conditioned on the understanding that the defendants would produce one or two witnesses prior to LPL producing its first 30(b)(6) witness. Should you wish to proceed under the agreement, please advise all defense counsel of the witnesses within the limits agreed upon that you wish to depose so that defendants can attend to checking calendars.

Finally, your position on these depositions appears inconsistent with your attempts to incorporate various depositions of witnesses from other cases into this case. It seems that you continue to seek to depose witnesses here who were previously deposed. Please explain if you are now abandoning your previously expressed request to incorporate into this case deposition testimony from other cases. To date, LPL has not identified any supposed efficiency resulting from its proposal to use depositions from other cases, or how the time spent gathering that testimony in the other cases would reduce LPL's Court imposed deposition time limit in this

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
January 11, 2007
Page 2

case. As we have said before, ViewSonic strongly opposes any attempt to end run the discovery limits of this case by importing discovery from other cases.

Sincerely,

Scott R. Miller

cc:     Rel S. Ambrozy, Esq.
        Lora A. Brzezynski, Esq.
        Richard D. Kirk, Esq.
        Mark H. Krietzman, Esq.
        Frank E. Merideth, Jr., Esq.
        Valerie W. Ho, Esq.
        Jong P. Hong, Esq.
        Steve P. Hassid, Esq.
        Anne Shea Gaza, Esq.
        Frederick L. Cottrell III, Esq.
        Tracy R. Roman, Esq.
        Jeffrey B. Bove, Esq.
        Jaclyn M. Mason, Esq.

# EXHIBIT 6

# McKenna Long
# &Aldridge<sub>LLP</sub>
### Attorneys at Law

Albany

Atlanta

Brussels

Denver

Los Angeles

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York

Philadelphia

San Diego

San Francisco

Washington, D.C

LORA A. BRZEZYNSKI
(202) 496-7239

EMAIL ADDRESS
lbrzezynski@mckennalong.com

January 11, 2007

VIA E-MAIL AND US MAIL

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles, CA 90071

> Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
> U.S. District Court Case No. 04-343 JJF

Dear Scott:

This letter is in response to the assertions you made in your letter of today regarding our discussions and agreement that non-expert deposition discovery be extended. My partner Cass Christenson also informed me today of your colleague Jackie Mason's insistence that certain language be included in footnote 2 to a joint letter that was submitted to Judge Poppiti today. I have read that language and I am writing to correct the record because the statements in the footnote and in your letter are inaccurate, and I am surprised that such a condition was included in today's letter to Judge Poppiti when no such condition was included in the letter to Judge Poppiti that directly addressed our agreement to extend non-expert deposition discovery to May 18, 2007. Specifically, I am referring to the following sentences included in footnote 2 to the January 11, 2007 letter to Judge Poppiti:

> The defendants' agreement to extend the March 2, 2006 deposition deadline reported to Your Honor on January 10, 2007, was based on the express understanding that the defendants would voluntarily produce only one or two witnesses before the February 22, 2007 deposition of LPL witnesses. LPL never indicated that this condition was unacceptable and in fact expressly asked defendants to make the agreement to extend based on the assumption that only one or two defendant depositions would take place before the February 22 LPL depositions.

Scott R. Miller, Esq.
January 11, 2007
Page 2

During our teleconferences on January 4 and January 5, 2007 on the issue of extending the deadline for non-expert deposition discovery, I asked you your position regarding whether ViewSonic was going to make any of its witnesses available for deposition prior to February 22, 2007, assuming Judge Poppiti permitted LPL to begin depositions of its witnesses on that date, or was ViewSonic going to take the position that it should not have to produce any of its witnesses until all of LPL's witnesses were deposed. You stated that in the event that the Court permitted LPL's depositions to begin on February 22, 2007, that you would only make 1-2 ViewSonic witnesses available prior to February 22 because of what you characterized as "fundamental fairness." You made it clear, however, that you disagreed with our position that LPL depositions should not begin until February 22. Likewise, I made it clear that I was not agreeing to your position that ViewSonic would only have to produce 1-2 witnesses prior to February 22.

Further, you never conditioned the extension to May 18, 2007 on any agreement on the number of witnesses you would provide prior to February 22, and we all knew that you were having separate discussions with Mr. Christenson on this very issue later on the same day (January 5, 2007) as our discussions.

I find it remarkable that you did not include this condition in the letter that went to Judge Poppiti yesterday on the agreed extension of non-expert discovery to May 18, 2006, but are now trying to back door this condition into another letter to Judge Poppiti to somehow justify your failure to provide available dates for any of ViewSonic's witnesses. Indeed, the letter that went yesterday had to wait two days to be sent from the time we sent you a draft because of your delay in responding and insistence on the inclusion of certain of your edits. Notably, your edits did not include any such condition that our agreed extension of the discovery deadline was based on any condition or agreement by LPL that ViewSonic would only be required to produce 1 to 2 witnesses prior to February 22. As I stated previously, that may be ViewSonic's position, but we did not agree with it, just like you did not agree with our position that LPL cannot provide its witnesses until February 22.

Very truly yours,

(Lora A. Brzezynski)

cc:    Tracy R. Roman    (via email)
       Valerie W. Ho     (via email)
       Jong P. Hong      (via email)
       Manuel Nelson     (via email)
       Steve Hassid      (via email)
DC:50455391 1

# EXHIBIT 7

| | | |
|---|---|---|
| Albany | # McKenna Long | New York |
| Atlanta | ## &Aldridge␣LLP | Philadelphia |
| Brussels | Attorneys at Law | San Diego |
| Denver | 1900 K Street, NW • Washington, DC 20006-1108 | San Francisco |
| Los Angeles | Tel: 202 496.7500 • Fax: 202 496 7756 | Washington, D C |
| | www.mckennalong.com | |

CASS W. CHRISTENSON                                           EMAIL ADDRESS
(202) 496-7218                                    cchristenson@mckennalong com

January 12, 2007

Via E-Mail and U.S. Mail

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071

     Re:    LG.Philips LCD Co , Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Scott:

    Thank you for your January 11, 2007 letter.

    If Defendants now refuse to produce more than two witnesses each before LPL's depositions are completed, we will have to file a motion with the Special Master to compel depositions  In the meantime, you still have not responded to my many requests for proposed deposition dates.  Please provide proposed dates today for the witnesses whose depositions we have noticed  As I stated in my January 10 letter, please provide dates for the witnesses in the order for which their depositions were noticed. If you can propose a reasonable deposition schedule, we can avoid resorting to further motion practice. Please cooperate.

    With respect to the use of other depositions in this case, we have been trying for weeks to obtain Defendants' consent to use their prior depositions in this case to the extent that their prior testimony is relevant to issues in this case.  In my January 10 letter, I identified specific witnesses and several issues for which prior testimony would be relevant.  We have confirmed repeatedly that we do not intend to redepose witnesses on identical issues already adequately covered in prior depositions that can be used in this case.  We are not proposing any reduction of the general time limits the Court has established for depositions of Defendants' witnesses in this case.  We are proposing that we attempt to be efficient in taking depositions and avoid covering testimony that already exists from other cases.

Scott R. Miller, Esq.
January 12, 2007
Page 2

      Given ViewSonic's position that using other depositions in this case would "attempt to end run the discovery limits in this case," we will seek appropriate relief from the Court. If ViewSonic is willing to reconsider its position, of course, please let me know.

Very truly yours,

Cass W. Christenson

CWC:ea

cc:    Mark H. Krietzman, Esq. (via e-mail)
        Frank Meredith, Esq. (via e-mail)
        Jeffrey B. Bove, Esq (via e-mail)
        Jaclyn M. Mason, Esq. (via e-mail)
        Anne Shea Gaza, Esq. (via e-mail)
        Frederick L. Cottrell, III, Esq. (via e-mail)
        Tracy R. Roman, Esq. (via e-mail)
        Richard Kirk, Esq. (via e-mail)

# EXHIBIT 8

# CONNOLLY BOVE LODGE & HUTZ LLP

## ATTORNEYS AT LAW

Wells Fargo Center
South Tower Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

**Manuel Nelson**

TEL (213) 787-2515
FAX (213) 687-0498
EMAIL mnelson@cblh com
REPLY TO Los Angeles Office

The Nemours Building
1007 North Orange Street
P O Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1515 M Street N W Suite 801
Washington DC 20005
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh com

*Via Email and First Class Mail*

January 16, 2007

Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC  20006

Frank E. Merideth, Jr
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404

Re:   *LG.Philips LCD Co., Ltd  v  ViewSonic Corp , et al*
USDC, Delaware, C A  No  04-343-JJF

Dear Counsel:

I write to inform you that counsel for ViewSonic will not be available to meet and confer on January 17, 2007, as previously scheduled, regarding deposition issues. I apologize for any inconvenience this may cause.

We suggest that the parties meet and confer on January 19, 2007, after the hearing and status conference scheduled with the Special Master is completed. If that is not convenient, we suggest conferring early the following week, January 22 or 23, at 1:30 p m. EST (10:30 a m PST). Please let us know your availability.

I would like to take this opportunity observe that, despite our obligations as lawyers, we continue to have surprising difficulties with the meet and confer process. In an attempt to reduce or eliminate some of the misunderstandings that arise or differing recollections that can form during our meet and confers, I suggest we consider conducting future meet and confers in writing, or, alternatively, with a court reporter present. We are interested in your view(s) on these alternative proposals

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

January 16, 2007
Page 2

Sincerely,

Manuel Nelson

cc:    Rel S. Ambrozy, Esq. (via email)
       Lora A. Brzezynski, Esq. (via email)
       Richard D. Kirk, Esq. (via email)
       Mark H. Krietzman, Esq. (via email)
       Valerie W. Ho, Esq. (via email)
       Jong P. Hong, Esq. (via email)
       Steve P. Hassid, Esq. (via email)
       Anne Shea Gaza, Esq. (via email)
       Frederick L. Cottrell III, Esq. (via email)
       Scott R. Miller, Esq. (via email)
       Tracy R. Roman, Esq. (via email)
       Jeffrey B. Bove, Esq. (via email)
       Jaclyn M. Mason, Esq. (via email)

# EXHIBIT 9

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street. NW ▪ Washington, DC 20006-1108
Tel: 202 496 7500 ▪ Fax: 202 496 7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington. D C

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong com

January 17, 2007

**VIA E-MAIL AND U.S. MAIL**

Manuel Nelson, Esq
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Frank E Merideth, Jr., Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA 90404

Re:   LG Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No 04-343 (JJF)

Dear Manuel and Frank:

I write to respond to Manuel's January 16, 2007 letter informing us that ViewSonic is now unavailable for the previously confirmed deposition teleconference that we had scheduled for today at 3:00

Given ViewSonic's unavailability today, we agree to reschedule the January 17, 2007 call to after the hearing with the Special Master on January 19  We propose that we begin the call at the same time, 3:00 p.m. Washington time, on January 19  Also, please let us know when you propose that we exchange the information that we had discussed in our January 8 teleconference. We had previously agreed to exchange that information before our call today  When would the Defendants like to exchange this information?

Specifically, during our January 8 discussion, we addressed the following issues:

1       We agreed to exchange our anticipated designees, including which issues the designees will address, so that we can better estimate and discuss the amount of time that we believe is appropriate for the Rule 30(b)(6) depositions in this case

Manuel Nelson, Esq.
January 17, 2007
Page 2

     2    We agreed to exchange proposals concerning which current Rule 30(b)(6) topics could be more suitable for expert witness discovery.

     3.   Defendants agreed to review their topics for duplicative topics that could be dropped (for example, topics 10(a)-(b) are duplicative of topics 7(a)-(b))

     4.   Defendants agreed to review topics for which LPL has specifically requested more explanation concerning what information will be sought at the deposition in order for LPL to better address and respond to those topics, including topics 4, 5(b), 8(a), 8(b), 13(i), 13(q), 13(v), 15(a), 24(d), 24(h), and 25(d). These are examples of topics for which LPL needs input from Defendants as soon as possible

     5.   Defendants agreed to consider LPL's proposal to narrow the time frame for topics concerning financial information / damages issues. Defendants' time frame for such topics goes back to 1998.

     6.   LPL discussed its concern regarding Topic 11, which ViewSonic's counsel confirmed is intended to address the issue of inequitable conduct. As I explained during our January 8 call, ViewSonic has not alleged any inequitable conduct defense in this case. The Tatung Defendants have improperly attempted to assert inequitable conduct on information and belief, without asserting affirmatively specific facts necessary to allege or support such a defense. ViewSonic's counsel stated that ViewSonic's "unclean hands" defense might support discovery regarding an inequitable conduct defense. LPL disagrees. Any unclean hands or inequitable conduct defense must comply with the particularity requirements of Fed R. Civ. P. 9(b). *See, e.g., EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996) ("the particularity requirement of Rule 9(b) applies to inequitable conduct charges," such that a pleading must "disclose the name of the relevant prior art and disclose the acts of the alleged fraud"). In its Answer and Defenses, ViewSonic failed to identify a single fact in support of its unclean hands defense. ViewSonic's subsequent interrogatory responses cannot cure deficient pleadings. and, in any event, ViewSonic states in its interrogatory answer that only after claim construction is completed might ViewSonic "be able to ascertain whether LPL is engaged in unclean hand conduct based upon its attempts to apply the claims of the Patents-in-Suit to the VX900 and any other products LPL may allege of infringement." (See ViewSonic's Supp. Resps. to LPL's 2d Set of Interrogs. at No. 16). This is not a proper basis for an unclean hands defense. Defendants are not entitled to fish for discovery on defenses for which there is no valid support in pleading or fact. *See Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 221-22 (N.D. Cal. 1994) ("Vague allegations of inequitable conduct may also be the launching of a 'fishing expedition,' allowing the accuser to embark on wide-ranging discovery upon a thimble full of facts. This is precisely the sort of tactical maneuvering that Rule 9(b) is designed to deter.") Accordingly, we repeat our request that Defendants agree not to pursue Topic 11, as this topic amounts to harassment and lacks a sufficient basis.

Manuel Nelson, Esq.
January 17, 2007
Page 3

We also are concerned about questions on topics that appear to address whether LPL's products are covered by any claims in the Patents-in-Suit. LPL's products are not relevant to the infringement issues in this case. Accordingly, please confirm that Defendants do not intend to ask LPL questions concerning the extent to which LPL's products use the patented technology, including, for example, comparisons between LPL's products and any accused products. *See, e.g.*, Topics 1(d), 21, 23. We also do not understand what information Defendants seek in response to Topic 27(c) or how this Topic is relevant. Please clarify this Topic as well.

7.    LPL objects to the Defendants' intention to attempt to depose each of the two inventors for 21 hours, for a total of 42 hours of deposition time. As I stated on January 8, this is contrary to the Scheduling Order, which allows Defendants to depose both inventors for a combined total of up to 21 hours (three days) on consecutive days. *See* Scheduling Order at para. 4(d).

8.    On January 5, Mr. Miller had suggested that, with respect to depositions of Rule 30(b)(6) designees, Defendants should be able to depose each witness for up to 10.5 hours for each of Defendants' four deposition notices. As I stated, however, LPL's position is that the number of deposition notices served does not impact the time limits for each Rule 30(b)(6) witness. Further, on January 8, ViewSonic's counsel asked whether LPL would be limited to one day of deposition time for all topics if ViewSonic designated only one witness to address all topics. As I stated, LPL would object to that approach as not reasonable. LPL needs complete and accurate testimony on the topics for which LPL has noticed Defendants' depositions, which will require each Defendant to produce an appropriate number of witnesses for an appropriate amount of time to cover all of the topics.

9    We discussed incorporating into this case deposition testimony from the recent Delaware Case No. 05-292.

We look forward to continuing our discussions on January 19 regarding the issues summarized above and to our exchange of information.

With respect to your comment on whether to discontinue further communications except in writing or in the presence of a court reporter, we understand and share your concerns. When appropriate, however, we believe that oral discussions are helpful and efficient, and that using a reporter could prevent urgent discussions and would make discussions unduly expensive. We believe, therefore, that counsel should not limit our communications to reported or written discussions. When necessary, of course, counsel may confirm discussions in writing to avoid subsequent disputes.

Finally, Defendants have refused to produce any witness on any of the dates for which depositions have been noticed. We have requested many times that Defendants propose new

Manuel Nelson, Esq.
January 17, 2007
Page 4


deposition dates for all of their witnesses, but Defendants have failed to do so. As stated in my January 10, 2007 letter, LPL intends to begin depositions in late January or early February in the same order of witnesses as noticed in LPL's December 5, 2006 deposition notices. Because Defendants have refused to provide any proposed deposition dates, despite multiple requests, LPL has no choice but to seek the Special Master's immediate assistance.

Very truly yours,

Cass W. Christenson

CWC:ea

cc:    Richard D. Kirk, Esq. (via e-mail)
       Mark Krietzman, Esq. (via e-mail)
       Valerie W. Ho, Esq. (via e-mail)
       Jong P. Hong, Esq. (via e-mail)
       Steve P. Hassid, Esq. (via e-mail)
       Anne Shea Gaza, Esq. (via e-mail)
       Frederick L. Cottrell, III, Esq. (via e-mail)
       Scott R. Miller, Esq. (via e-mail)
       Tracy R. Roman, Esq. (via e-mail)
       Jeffrey B. Bove, Esq. (via e-mail)
       Jaclyn M. Mason, Esq. (via e-mail)