IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION<br><br>    Defendants. | CIVIL ACTION NO. 04-343 |

### AMENDED NOTICE OF DEPOSITION OF LG.PHILIPS LCD CO., LTD. PURSUANT TO RULE 30(b)(6) TOPICS 13-18

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), Defendant ViewSonic Corporation will take the deposition of LG.Philips LCD Co., Ltd. ("LPL") beginning on March 7, 2007 at 10:00 a.m. at the offices of Connolly Bove Lodge & Hutz LLP located at 1007 North Orange Street, Wilmington, Delaware 19899, or at such other date and/or place as counsel for all parties may agree. The deposition will be conducted upon oral examination before a certified court reporter, notary public, or other person authorized by law to administer oaths. The deposition will continue from day to day until completed. The deposition will be recorded by videotape and stenographically, and may use technology that permits the real time display of the deposition transcript. Parties wishing to see the real time display must supply their own computer.

Pursuant to FRCvP 30(b)(6), LPL shall designate one or more officers, directors, agents or other representatives who consent to testify on its behalf, to testify as to matters known or reasonably available to LPL regarding the topics listed in the attached list of topics. To the

10419.1

extent more than one deponent is identified, LPL shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

                                                                 CONNOLLY BOVE LODGE & HUTZ LLP

Dated: January 30, 2007                  By: */s/ Jaclyn M. Mason*
                                                 Jeffrey B. Bove, Esq. (#998)
                                                 Jaclyn M. Mason, Esq. (#4737)
                                                 The Nemours Building, 8th Floor
                                                 1007 North Orange Street
                                                 Wilmington, DE 19801
                                                 Telephone: (302) 658-9141
                                                 Facsimile: (302) 658-5614

                                                 Scott R. Miller, Esq.
                                                 355 South Grand Avenue, Suite 3150
                                                 Los Angeles, CA 90071
                                                 Telephone: (213) 787-2500
                                                 Facsimile: (213) 687-0498

                                               *Attorneys for ViewSonic Corporation*

# EXHIBIT A
## DEPOSITION SUBJECT MATTERS

**I.      Definitions**

  1.      "ViewSonic" means Defendant ViewSonic Corporation and includes any and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

  2.      "LPL" means Plaintiff LG. Philips LCD Co., Ltd. and includes any and all of its predecessors and successors-in-interest in its business, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

  3.      "You," "Yours," and "Your" means LPL.

  4.      The "'718 patent" shall mean and refer to United States Patent No. 6,498,718.

  5.      The "'641 patent" shall mean and refer to United States Patent No. 6,501,641.

  6.      The term "Asserted Patents" shall mean and refer to the '718 Patent and the '641 Patent, or any of them.

  7.      The term "Counterpart," when used in reference to any patent, means any parent, continuation, continuation in part, divisional or other application or patent, pending, issued or abandoned, that claims priority, directly or indirectly, on or though any of the Asserted Patents or any patent through which any of the Asserted Patents claim priority, whether it be pending, issued or abandoned.

8.   The singular of a term includes the plural form and vice versa, except as the context may otherwise require; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "any" means "any and all;" the word "including" means "including without limitation."

9.   The term "document" is used in its customarily broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Evidence 1001 and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed or produced by any other mechanical, digital, or electronic process, including electronic mail, computer tapes, disks, ROM, CD-ROM, DVD, videotape or any other data storage media (whether or not in machine-readable form), whether or not asserted to be privileged or immune from discovery and whether master or original copy: agreements; communications (including intra-company communications and communications between individual corporate respondents); correspondence; cablegrams, radiograms, telegrams, telexes, and telecopier; notes and memoranda, summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; diagrams and drawings; blueprints and other engineering drawings; foils; slides; negatives; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press, publicity, trade and product releases; drafts of, or original,

preliminary notes or marginal notations appearing on any document; other reports and records; computer tapes or cards, electronic mail and any other information-containing paper or medium. A draft or non-identical copy is a separate document within the meaning of this term.

10. "Things" means any tangible item, including, without limitation, models, prototypes and samples of any device or apparatus.

11. "Relate to" shall mean anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

12. "Patent Holder" shall mean any inventor, licensee and all assignees of the rights of any invention in any of the Asserted Patents and/or any Counterpart thereof.

13. "Communication" shall mean any transfer of information, ideas, opinions, or thoughts by any means, written, oral, electronic, or otherwise, at any time or place under any circumstances.

14. The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall also include all of the events set forth in each and every subdivision of 35 U.S.C. § 102, including, without limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

15. "Flat Panel Display Products" shall mean any product that uses, contains, or incorporates one or more LCDs, PDPs or FEDs, and includes by way of example flat screen computer monitors, lap top screens and flat screen televisions.

16. The term "LCD" shall mean any display which uses liquid crystals to form or create an image (regardless of the technology, *e.g.* active vs. passive matrix; MVA; IPS; TN, etc.). The terms "PDP" and "FED" shall be interpreted as

the terms PDP and FED are used in the specifications of the Asserted Patents and/or any Counterpart thereof.

17.  "LPL Product" shall mean any product marketed, sold, distributed and/or offered for sale which includes an LCD, PDP and/or FED and includes, without limitation, products referred to by LPL in its press release dated July 11, 2006 entitled "LG Philips LCD Reports Second Quarter Results" and/or the LPL press release dated July 25, 2006 entitled "LG Philips Wins Side-Mounting Patent Arbitration" and/or the depiction attached as Exhibit 1 hereto, each of which are or were posted on the LPL website and including any sample, prototype or developmental version of any of the foregoing.

18.  "Mounting Technology" shall mean the structures, devices and/or methods used to affix, assemble or secure an LCD, PDP, FED and/or an LPL Product within, on or to another structure including, without limitation, a Flat Panel Display Product.

19.  "Accused Products" shall mean any product, including without limitation, all products sold, offered for sale, imported, used, or made, by or on behalf of, any defendant which LPL asserts infringes or may infringe any of the Asserted Patents or any Counterpart thereof and also including those products identified by LPL in response to ViewSonic's Interrogatory Nos. 1, 3 and 4.

20.  The terms "concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

21.  Regardless of the tense employed, all verbs shall be read as applying to past, present and future as is necessary to make the phrase more, rather than less inclusive.

## TOPICS FOR EXAMINATION

**Topic No. 13**

a.   Any damages sustained by LPL as a result of the infringement of the Asserted Patents and/or any Counterpart thereof and/or any patent you own or license regarding Mounting Technology by any entity, including any contentions, positions, or assertions of price erosion, lost profits, reasonable royalty, established royalty and/or lost sales, and/or any other basis for compensation under 35 U.S.C. § 284;

b.   All actions you have taken to sell, distribute, market, promote, advertise the inventions disclosed and/or claimed in the Asserted Patents or any Counterpart thereof, including the promotional, marketing, sales and advertising activities with respect to any LCD, PDP, FED, LPL Products and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in such patents;

c.   All actions you have taken to sell, distribute, market, promote, advertise the inventions disclosed and/or claimed in any patent you hold, claim to hold and/or license which relates to Mounting Technology, including the promotional, marketing, sales and advertising activities with respect to any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in such patents other than the Asserted Patents and any Counterparts thereof;

d.   All efforts you have made to promote, market, and/or advertise:
(i) your company, including any parents, subsidiaries and affiliates thereof;
(ii) LPL Products; (iii) products using one or more PDPs and/or FEDs; (iv) Flat Panel Display Products and, (v) your technology and/or patents you hold, claim to

hold and/or license including, without limitation, any technology and/or patents relating to Mounting Technology;

  e. The relevant market(s) for any LCD, PDP, FED, LPL Product and/or any Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed: (i) in the Asserted Patents and/or any Counterpart thereof; and/or (ii) any other patent you hold, claim to hold and/or license that relates to Mounting Technology;

  f. The monthly, quarterly, and annual unit volume and dollar revenue, by customer, of each LCD, PDP, FED, LPL Product and/or Flat Panel Display Product sold and/or shipped by you or on your behalf which uses, is arranged to use, capable of employing and/or embodies any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any other patent you hold, claim to hold and/or license that relates to Mounting Technology that is made, used, sold, offered for sale or otherwise transferred: (i) in the United States and/or (ii) outside the United States;

  g. All costs associated with manufacturing, selling or otherwise transferring any LPL Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any other patent you hold or license that relates to Mounting Technology. This topic includes without limitation the unit costs of all such LCD, PDP, FED, LPL Product and/or Flat Panel Display Products and/or the cost(s), actual, projected or estimated, associated with each design of any manner and/or method to attach, secure and/or assemble the LCD, PDP, FED and/or LPL Product within, on or to another structure including without limitation a Flat Panel Display Product including, without limitation, the structure depicted in Exhibit 1 hereto from the LPL website;

  h. For each year from the first commercialization by LPL, the monthly, quarterly and/or annual gross revenues, gross profits, gross profit margins, net profits and net profit margins on sales of each LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any other patent you hold, claim to hold and/or license that relates to Mounting Technology;

  i. The actual, projected, or desired return on investment, and all analyses related to, associated with the manufacture and/or sale of any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any other patent you hold, claim to hold and/or license that relates to Mounting Technology;

  j. The percentage of LPL's total sales volume of LCDs, PDPs, FEDs, LPL Products and/or Flat Panel Display Products (i) sold inside the United States; and (ii) sold outside the United States;

  k. LPL's royalty payments and future obligations, if any, to or from any third party with respect to any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

  l. LPL's cost of goods for any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

  m. LPL's actual or projected costs of research, development and testing of any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology.

  n. LPL's cost of developing the capacity to manufacture any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

  o. **VIEWSONIC HAS WITHDRAWN THIS SUBTOPIC 13o. PER MEET AND CONFER.**

  p. All forecasts, projections or expectations, since 1998, regarding sales and/or profitability for any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

  q. LPL's pricing of and price changes for any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

  r. The nature, timing, extent, cost or business rationale for any promotional practices engaged in by LPL for any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents

and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

 s. LPL's actual or approximate annual cost of working capital since 1998;

 t. LPL's actual or approximate annual cost of borrowing since 1998;

 u. Competitors or competitive products in the market for any product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

 v. Market share information regarding each of LPL, each defendant, and/or any other person that competes with any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product of any party including without limitation the market share information for all such products which use, are arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology; and

 w. Actual or potential customers for any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology.

**Topic No. 14**

 a. LPL's patent licenses, licensing practices and/or licensing programs and the policies, practices or standards that LPL uses to evaluate any actual or proposed license;

10419.1     11

  b. Any license, or effort to license, rights in or to any patent, copyright, trademark or other intellectual property pertaining to any LCD, PDP, FED, LPL Product, Flat Panel Display Product and/or Mounting Technology of any type, including but not limited to the Asserted Patents and/or any Counterpart thereof, to or from any person or entity;

  c. Any license granted by another to LPL of rights in any patent, copyright, trademark or other intellectual property concerning LCDs, PDPs, FEDs, LPL Products, Flat Panel Display Products and/or Mounting Technology;

  d. For each year from 1998 through the present, gross royalties and net royalties received by and/or paid by LPL under, for or attributable to each license of any of the Asserted Patents and/or any Counterpart thereof and/or any technology or patent that you hold, claim to hold and/or license which relates to Mounting Technology;

  e. Any negotiations or communications with any third party regarding the actual or prospective transfer or license of any rights under any technology and/or patent you hold, claim to hold and/or license relating to Mounting Technology including without limitation the Asserted Patents and/or any Counterpart thereof, regardless of whether an agreement was ever concluded; and

  f. Any assignment, license, sublicense, right, privilege, or immunity from suit ever requested by LPL, or offered or granted to LPL, under any technology and/or patents of third parties relating to LCDs, PDPs, FEDs, LPL Products, Flat Panel Display Products and/or Mounting Technology.

**Topic No. 15**

  a. The corporate and/or business relationship or affiliation between LPL and any of the following:

    1. LGE, or any company affiliated with LGE;

10419.1        12

2. Philips Electronics, or any company affiliated with Philips;

3. American Panel Corporation, or any company affiliated with APC;

4. Universal Avionics, or any company affiliated with Universal Avionics;

5. DEC (Digital Equipment Corporation) or any company affiliated with DEC;

6. Any other entity in the United States that manufactures, sells or distributes LCDs, PDPs, FEDs, LPL Products, Flat Panel Display Products and/or Mounting Technology;

b. All distributors, suppliers, channels, and networks through which you have, directly by you, for you or on your behalf, marketed, shipped, imported, transferred, sold, and/or distributed LCDs, PDPs, FEDs, LPL Products and/or Flat Panel Display Products in the United States, the relationship between or among you and all such entities, the identity of all such entities, any contracts, agreements, or contractual business arrangements between you and such entities, and the quantity and value of such products; and

c. All meetings, communications, agreements, and contractual and business relationships, that relate to the importation, manufacture, distribution, promotion, marketing, advertising, purchases, or sales in the United States of any of your LCDs, PDPs, FEDs, LPL Products and/or Flat Panel Display Products including but not limited to those products which use, are arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the asserted patents and/or any Counterpart thereof and/or any patent or technology you hold, claim to hold and/or license that relates to Mounting Technology.

**Topic No. 16**

The information and documents referenced in your answers to each of the Interrogatories propounded by each of the defendants.

**Topic No. 17**

The types and categories of documents that you receive, create, generate, or maintain concerning the development, manufacture, importation, purchase, distribution, sale, offer for sale, receipt, or advertisement of LCDs, PDPs, FEDs, LPL Products, Flat Panel Display Products and/or Mounting Technology, and/or any component(s) of any of the foregoing including, without limitation, any "support main frame" as it is depicted in Exhibit 1 hereto from the LPL website and/or any component which serves the purpose and/or function of such "support main frame".

**Topic No. 18**

All Documents relating to any topic in this Notice; the present and/or last known custody and location of all such documents; the destruction of any documents; and the facts and circumstances surrounding said destruction.



EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2007, a true copy of the foregoing **Amended Notice of Deposition of LG.Philips LCD Co., Ltd. Pursuant to Rule 30(b)(6) Topics 13-18** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on the 30th day of January, 2007, I have sent by email the foregoing document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067-2325

By: /s/ Jaclyn M. Mason
Jaclyn M. Mason (#4737)
jmason@cblh.com

10419.1

16