# CASE 2

Westlaw.
160 F.R.D. 30                                                                                                        Page 1
160 F.R.D. 30, 34 U.S.P.Q.2d 1276
(Cite as: 160 F.R.D. 30)

▷

**Motions, Pleadings and Filings**


United States District Court,
D. Delaware.
The JOHNS HOPKINS UNIVERSITY, a Maryland
corporation, Baxter Healthcare
Corporation, a Delaware corporation, and Becton
Dickinson and Company, a New
Jersey corporation, Plaintiffs,
v.
CELLPRO, a Delaware corporation, Defendant.
**Civ. A. No. 94-105-RRM.**

Feb. 6, 1995.

Patentees brought action against alleged infringer, alleging infringement of patent covering monoclonal antibody that binds antigen present on human stem cells. On alleged infringer's motion for bifurcated trial of liability and damages, the District Court, McKelvie, J., held that: (1) alleged infringer was not entitled to separate trials on liability and damages and to stay discovery on damages until after liability had been resolved, and (2) alleged infringer that relied on advice of counsel defense to claim of willful patent infringement was not entitled to stay of discovery and separate trial on willfulness issues.

Motion denied.

West Headnotes

**[1] Federal Civil Procedure ⇚1954.1**
170Ak1954.1 Most Cited Cases
In normal course of litigation, all claims and issues in civil action are presented for resolution at one trial. Fed.Rules Civ.Proc.Rule 42(b), 28 U.S.C.A.

**[2] Federal Civil Procedure ⇚1954.1**
170Ak1954.1 Most Cited Cases
Decision whether to try issue separately pursuant to rule permitting separate trials on claims or issues in action when it is in interest of efficient judicial administration is one committed to sound discretion of district court. Fed.Rules Civ.Proc.Rule 42(b), 28 U.S.C.A.

**[3] Patents ⇚292.4**

291k292.4 Most Cited Cases

**[3] Patents ⇚314(1)**
291k314(1) Most Cited Cases
Alleged infringer was not entitled to separate trials on liability and damages and to stay discovery on damages until after liability had been resolved in patent infringement case; alleged infringer failed to show that damages issues were particularly difficult or complex, and bifurcation created risk that jurors would be lost between first and second trial. Fed.Rules Civ.Proc.Rule 42(b), 28 U.S.C.A.

**[4] Patents ⇚314(1)**
291k314(1) Most Cited Cases

**[4] Patents ⇚324.1**
291k324.1 Most Cited Cases
Single trial followed by appeal is best procedure for court to follow in patent case in working to achieve goal under Civil Justice Reform Act of resolving litigation within 18 months after filing of complaint. 28 U.S.C.A. § 473(a)(2)(B).

**[5] Patents ⇚283(1)**
291k283(1) Most Cited Cases
Alleged infringer that relied on advice of counsel defense to claim of willful patent infringement was not entitled to stay of discovery and separate trial on willfulness issues; although moving forward with discovery would subject alleged infringer to harm of having to disclose advice of counsel before it was found liable, staying discovery and holding separate trials would build difficult delays and complications into case, and would not resolve question of whether counsel who gave opinion would be disqualified from trying case. Fed.Rules Civ.Proc.Rule 42(b), 26(c)(4), 28 U.S.C.A.

**Patents ⇚328(2)**
291k328(2) Most Cited Cases
4,965,204. Cited.
*31 William J. Marsden, Jr. and Joanne Ceballos, Potter Anderson & Corroon, Wilmington, DE, Kenneth E. Madsen and Steven J. Lee, Kenyon & Kenyon, New York City, for plaintiffs.

Donald R. Ware, Foley, Hoag & Eliot, Boston, MA, for Becton Dickinson & Co.

Michael Snnett, Bell, Boyd & Lloyd, Chicago, IL,

for Baxter Healthcare Corp.

Richard D. Levin and Patricia S. Rogowski, Connolly, Bove, Lodge & Hutz, Wilmington, DE, Coe A. Bloomberg, Allan W. Jansen, Gerrold B. Reilly and Armand F. Ayazi, Lyon & Lyon, Los Angeles, CA, for CellPro.

OPINION

McKELVIE, District Judge.

This is a patent case. Johns Hopkins University and its co-plaintiffs Baxter Healthcare Corporation and Becton Dickinson and Company allege CellPro is willfully infringing U.S. Patent No. 4,965,204, which is owned by Johns Hopkins. CellPro denies liability and has counterclaimed for a declaratory judgment that the patent is invalid, not infringed and unenforceable. The case is scheduled to be tried to a jury beginning on May 8, 1995. This is the court's decision on CellPro's Motion for a Bifurcated Trial of Liability and Damages.

*FACTUAL BACKGROUND*

Johns Hopkins, Baxter Healthcare and Becton Dickinson filed this action on March 8, 1994. In their complaint, they allege CellPro is willfully infringing U.S. Patent No. 4,965,204 ("the '204 patent"), which covers a monoclonal antibody that binds the "CD34" antigen present on human stem cells. Stem cells are found in bone marrow and peripheral blood and produce different kinds of blood cells in the body.

On March 29, 1994, CellPro responded to the complaint by denying infringement and asserting certain affirmative defenses, including that the '204 patent is invalid and unenforceable. CellPro counterclaimed for a declaratory judgment that the patent and three other patents owned by Johns Hopkins are invalid, not infringed and unenforceable. CellPro included in its answer a demand for a jury trial.

On May 12, 1994, the court entered an Order providing for completion of discovery by February 13, 1995, and setting the case for a 10-day jury trial beginning on May 8, 1995.

On December 6, 1994, CellPro filed a Motion to Bifurcate Trial of Liability and Damages. In briefing in support of its motion, CellPro argues that the court should enter an order pursuant to Federal Rule of Civil Procedure 42(b) providing for separate trials on the liability and damage issues, for the plaintiffs' willful infringement claims to be tried at the damage phase, and for a stay of discovery *32 on the damages and willfulness issues until after the liability issues have been resolved.

CellPro contends that, because it can make a reasonable showing the patents-in-suit are unenforceable, there is a substantial probability it will be successful in avoiding liability. In light of that probability, CellPro argues that separate trials (or bifurcation) and a stay of discovery on damages and willfulness is the most convenient, expeditious and economical way to bring this matter to a resolution. CellPro contends that if it is successful in establishing the patents are unenforceable, the parties will have avoided the time and expense of preparing for and trying the damage and willfulness issues.

CellPro also argues that ordering a separate trial and stay of discovery on willfulness will protect it from the risk of potential prejudice. Granting the motion will allow CellPro to defer the decision on whether to respond to the plaintiffs' willful infringement claims by asserting as a defense its good faith reliance on the advice of counsel. Conversely, denying the motion will force CellPro to make that election now, which may compel it to waive the privilege as to its attorney-client communications on the subject of infringement, validity and enforceability of the patents. CellPro has identified two written opinions it received from counsel that it will contend it had relied on should it elect to waive the privilege for the purpose of establishing good faith reliance on the advice of counsel. Those opinions are signed by its trial counsel. If CellPro is forced to offer evidence on those opinions at the trial, that attorney may become a witness, and CellPro may be compelled to replace him as trial counsel. CellPro suggests the court can reduce the risk of the potential prejudice from these problems by separating the issues for trial, directing that the willfulness issues be tried with the damages issues, and staying discovery on willfulness until after liability has been determined.

Plaintiffs contend CellPro has failed to show a stay of discovery and separate trials will promote efficiency and reduce expense and delay. Plaintiffs report CellPro is a new company whose principal product is not yet on the market. Therefore, plaintiffs expect the damage issues will not be complex, that discovery on the damage issues should not be burdensome, and that the presentation of proof on damages will take only a small part of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

projected trial time.

Plaintiffs also contend that much of the liability evidence pertains to damages as well. Thus, for example, they argue that evidence on the nature of the invention, on its novelty, on the long felt need for the invention in the medical community, and on the absence of noninfringing alternatives, is relevant both to the liability issues of nonobviousness and patentability and to the damage issues of the determination of plaintiffs' lost profits or of a reasonable royalty.

Plaintiffs also oppose defendant's motion as it raises practical problems on how these issues will be presented to the jury. Defendant seeks to stay discovery on damages and willfulness until after a trial on liability. Granting that relief suggests that if the plaintiffs are successful and obtain a verdict that the defendant is liable, the court would call on the jury to return at another date for the second phase after the parties have completed discovery on the willfulness and damage issues.

Plaintiffs argue that a stay of discovery and separate trial on the issue of willful infringement is unjustified. They contend evidence of whether CellPro knew it was infringing the patent is relevant to liability as well as damages, that sooner or later CellPro will have to face the potential prejudice of having to elect to disclose the advice of its counsel as a defense to the claim of willful infringement, and any dilemma CellPro faces as a result of its trial counsel then becoming a witness is self-imposed. Finally, plaintiffs argue the opinions may not be protected from disclosure in discovery in any event as CellPro has waived the privilege by providing copies of them to potential investors.

DISCUSSION

I. *Separate Trials Under Federal Rule of Civil Procedure 42(b)*

[1][2] In the normal course of litigation, all claims and issues in a civil action are presented for resolution in one trial. *33*Lis v. Robert Packer Hosp.*, 579 F.2d 819 (3d Cir.1978). However, Federal Rule of Civil Procedure 42(b) provides that a court may order separate trials on claims or issues in an action when it is in the interest of efficient judicial administration. Rule 42(b) reads:
  (b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The decision whether to try issues separately pursuant to Rule 42(b) is one committed to the sound discretion of the district court. *Idzojtic v. Pennsylvania R.R.*, 456 F.2d 1228, 1230 (3d Cir.1972).

As the Advisory Committee Notes to Rule 42 suggest, in certain circumstances experience has demonstrated separate trials can be worthwhile. *See* Weinstein, *Routine Bifurcation of Negligence Trials*, 14 Vand.L.Rev. 831 (1961). There is, for example, a substantial body of case law that suggests it may be worthwhile to bifurcate liability and damage issues. In cases where the evidence on damages may not be relevant to liability issues, courts and parties have found it may make sense to bifurcate the issues, and first try and obtain a verdict on liability. A verdict for the defendant would then obviate the need for a trial on damages, whereas a verdict for the plaintiff might facilitate a settlement. *See generally* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2390 (1971). Congress recognized the potential benefits of separate trials or staged resolution of issues by including them among the factors to be considered in developing plans under the Civil Justice Reform Act. *See* 28 U.S.C. § 473(a)(3)(B).

II. *Separate Trials in Patent Litigation*

Historically, courts have found it worthwhile to hold separate trials on liability and damage issues in patent cases. They have also apparently found it can be more efficient to defer discovery and trial on damage issues until after liability has been resolved at trial and on appeal. *See e.g., General Elec. Co. v. Sciaky Bros., Inc.*, 415 F.2d 1068 (6th Cir.1969); *Marvel Specialty Co. v. Bell Hosiery Mills, Inc.*, 386 F.2d 287 (4th Cir.1967), *cert. denied*, 390 U.S. 1030, 88 S.Ct. 1409, 20 L.Ed.2d 286 (1968); *Union Carbide Corp. v. Graver Tank & Mfg.*, 282 F.2d 653 (7th Cir.1960), *cert. denied*, 365 U.S. 812, 81 S.Ct. 692, 5 L.Ed.2d 691 (1961); *Coleman Co. v. Holly Mfg. Co.*, 269 F.2d 660 (9th Cir.1959).

These cases suggest that the courts (and perhaps the parties) found the benefit of deferring the time and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

expense of work on damages in patent cases until after liability had been determined outweighed the cost of a delay in the resolution of the case, even if that delay deferred a final resolution in favor of the patent owner for eight, ten or twelve years. The opinions also suggest that an incidental benefit of bifurcation for an alleged infringer is that in ordering separate trials on liability and damages, the courts also deferred discovery and trial on willfulness until after liability had been established. Consequently, the defendant could elect at the damage phase to waive the attorney-client privilege in response to a claim of willful infringement and offer evidence that it had acted in reliance on advice of counsel that it was not infringing or that the patent was invalid or unenforceable. Bifurcation and a stay of discovery preserved for the defendant the option to offer that evidence at a time when the trier of fact was not also considering liability.

III. *Stay of Discovery and Separate Trials on Willfulness Issues*

In the past decade, the Federal Circuit's decisions in *Underwater Devices Inc. v. Morrison-Knudsen Co.,* 717 F.2d 1380 (Fed.Cir.1983) and *Kloster Speedsteel AB v. Crucible Inc.,* 793 F.2d 1565 (Fed.Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 882, 93 L.Ed.2d 836 (1987), have caused the battle over the relative worth of separate trials in patent case to expand from disagreements on the relative efficiency of deferring discovery **\*34** and trial on damages to include combat on the potential for harm in forcing a defendant to respond to a claim for willful infringement at the same time it is contesting liability. *See e.g., Rohm and Haas Co. v. Mobil Oil Corp.,* 654 F.Supp. 82 (D.Del.1987) (granting motion to stay discovery on willfulness issues until after trial on liability issues); *see generally* 5 Donald S. Chisum, *Patents* § 20.03[4] (1994).

In *Underwater Devices,* the court found that a potential infringer on actual notice of another's patent rights has an affirmative duty to seek and obtain competent legal advice before initiating possible infringing activity. 717 F.2d at 1389. In *Kloster,* the court found that a defendant's silence on what advice, if any, it obtained after receiving that notice would warrant the inference or conclusion that it did not obtain that advice or did so and was advised that its activities would infringe a valid patent. 793 F.2d at 1580. These two decisions all but force a defendant to respond to a claim of willful infringement by asserting an affirmative defense of good faith reliance on the advice of counsel, which results in a waiver of the attorney-client privilege. That waiver, in turn, leads to disclosure of the advice, discovery on communications relating to the subject of the opinion, and other potential mischief which appears at the moment to be fairly open-ended. *See e.g., Thorn EMI N. Am., Inc. v. Micron Technology, Inc.,* 837 F.Supp. 616 (D.Del.1993).

These decisions seem to undermine the attorney-client privilege, a privilege other courts have suggested is worthy of maximum legal protection. *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *Haines v. Liggett Group Inc.,* 975 F.2d 81 (3d Cir.1992); *Westinghouse Elec. Corp. v. Republic of the Philippines,* 951 F.2d 1414 (3d Cir.1991); *In re von Bulow,* 828 F.2d 94 (2d Cir.1987).

In addition, these decisions have changed how patent cases are litigated. The current convention in patent litigation strategy is as follows: the patent owner opens with a claim for willful infringement; the alleged infringer answers by denying willful infringement and asserts good faith reliance on advice of counsel as an affirmative defense; then the owner serves contention interrogatories and document requests seeking the factual basis for that good faith reliance defense and the production of documents relating to counsel's opinion; the alleged infringer responds by seeking to defer responses and a decision on disclosure of the opinion; the owner counters by moving to compel; and the alleged infringer moves to stay discovery and for separate trials. In this case, the parties have played out their moves. Now it is the court's turn to join in.

The Federal Circuit has suggested trial courts should consider bifurcating trials as a solution to this problem of the disclosure of the advice of counsel, or at least to minimize the potential for harm.
> Proper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. Trial courts thus

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

should give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court *in camera*, reveal that the defendant is indeed confronted with this dilemma. While our court has recognized that refusal of a separate trial will not require reversal in every case involving attorney client communications bearing on willfulness, we have suggested the advisability of separate trials in appropriate cases.
Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643-44 (Fed.Cir.1991).

The opinions in *Underwater Devices, Crucible,* and *Quantum* have shifted the focus of most bifurcation motions in patent cases *35 from a technique to reduce the inefficiencies in litigation by trying issues separately to a way to minimize potential prejudice in a single trial by staying discovery.

IV. *CellPro's Motion for a Stay of Discovery and Separate Trial on Damages*

[3] CellPro has included in its motion the traditional argument that the court can increase the efficiency of this litigation as a dispute resolution mechanism by granting separate trials on liability and damages and staying discovery on damages until after liability has been resolved. For five reasons the court finds CellPro has failed to show that the relative efficiency of bifurcating damages and liability warrant granting this relief.

First, in the context of the briefing and arguments submitted by counsel on this motion, the court is not in a position to fairly evaluate CellPro's claim that there is a substantial probability it will prevail on liability. The court is, therefore, reluctant to look to this argument as a reason to stay discovery.

Second, CellPro has not shown that the damage issues in this case are particularly difficult or complex. That is, it has not shown that discovery on damages will be complicated, expensive or time consuming, nor has it demonstrated that it will take a particularly long time to present the evidence on damages to the jury. Consequently, CellPro has not shown that the relative benefits in savings of time and expense in staying discovery on damages and ordering separate trials outweigh the advantages of presenting these issues promptly for resolution at one trial.

[4] Third, while there may be some efficiency in bifurcating damages and liability and possibly in facilitating an interlocutory appeal to resolve the liability issues first, the court is inclined to find that it is generally much more efficient to work towards one trial and one appeal. A single trial followed by an appeal is the best procedure for the court to follow in working to achieve our goal under the Civil Justice Reform Act of resolving litigation within eighteen months after the filing of the complaint. See 42 U.S.C. § 473(a)(2)(B).

A fourth reason to deny the motion relates to CellPro's demand for a jury trial. Assuming for the purposes of this motion that one panel of jurors should hear and resolve the liability and damage issues (and the factual basis for the plaintiff's willfulness claim), staying discovery and holding separate trials raises practical problems, including a risk we will lose jurors between the first and second trial.

Finally, even if the court were inclined to order separate trials, it does not appear that staying discovery on damages pursuant to Federal Rule of Civil Procedure 26(c)(4) would be productive. Discovery on damages not only assists the parties in preparing for trial, it also educates each party on the other's view of the damages, which, in turn, assists each party in evaluating essential elements of the matters in issue and in assessing the risks associated with an adverse decision in the action. Consequently, it can facilitate settlement discussions.

In declining to grant this relief sought by CellPro, the court leaves open the option of staging the presentation of the issues at the trial pursuant to Rule 42(a) and Federal Rule of Evidence 611. For example, the parties may agree or the court may order at the pretrial conference that the liability issues first be tried to the jury. Thereafter, upon a verdict of infringement and that the patent is not invalid or unenforceable, the parties would then immediately commence the second phase of the trial to the same jury and present evidence and receive their verdict on the damages and willfulness.

V. *CellPro's Motion for Stay of Discovery on Good Faith Reliance on the Advice of Counsel and a Separate Trial on Willfulness*

[5] CellPro contends a stay of discovery and separate trial on the willfulness issues will also protect it from the prejudice of having to disclose its advice of counsel prior to a finding of liability, the prejudice of having its trial counsel who wrote those opinions disqualified from trying the case as he would be a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

160 F.R.D. 30    Page 6
160 F.R.D. 30, 34 U.S.P.Q.2d 1276
(Cite as: 160 F.R.D. 30)

witness, and the prejudice of having its *36 opinions put in evidence before the jury has reached a verdict on liability.

CellPro is correct that moving forward with discovery will subject it to the harm of having to disclose the advice of counsel before it has been found liable to the plaintiffs. That is the natural consequence of the Federal Circuit's decisions that suggest an alleged infringer must respond to a claim of willful infringement by disclosing the advice of counsel or face a negative inference for invoking the attorney-client privilege.

It is understandable that those involved in patent litigation would want to minimize the risk of harm from this problem and would look to the Rules of Civil Procedure for possible solutions. Courts should work to be flexible in trying cases and to adjust litigation procedures to alleviate the harm from these types of problems. In some cases a stay of discovery pursuant to Rule 26(c)(4) on certain issues may make sense. In other cases separate trials pursuant to Rule 42 may be appropriate. In some ways these problems are similar to those courts face with discovery and presentation of punitive damage claims in tort cases. In those cases, courts have been reluctant to alter litigation procedures by staying discovery, but have granted separate trials on liability and damages and deferred proof on claims for punitive damages until after liability has been established. *See, e.g., Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19 (3d Cir.1984)* (affirming decision to bifurcate trial into a liability and damage stages, with claim for punitive damages presented in the damage stage); *In re Selcraig, 705 F.2d 789, 797 (5th Cir.1983)* (rejecting a suggestion for a stay of discovery and separate trials to protect a reporter from having to disclose privileged information, finding a stay and bifurcation would either require the damage case to be presented without adequate pretrial discovery or require a delay between the two trial stages); *see generally* 8 Wright & Miller, *supra* § 2040.

In the context of this problem in this patent case, staying discovery on the advice of counsel defense and ordering a separate trial on willfulness or damages is not a particularly efficient or effective solution. Staying discovery on communications relating to the advice of counsel until after liability has been established builds difficult delays and complications into the case. For example, it precludes the possibility of granting a summary judgment on the willfulness claim prior to the trial. It assumes that following a decision on liability and damages the court will need to suspend the trial and establish a new schedule under Rule 16 for completion of discovery on willfulness. The court would then need to hold a second pretrial conference and enter a second pretrial order with an identification of documents to be offered into evidence and witnesses to be called to testify on the willfulness issues. Thereafter, the court would recall the jury and hold a second trial.

This stop-and-start of a stay of discovery and separate trials undermines our goal of working to apply the Rules of Civil Procedure to obtain a just, speedy and inexpensive resolution of every action. *See* Fed.R.Civ.P. 1. It is not in the interests of justice to make these adjustments to our procedures for litigating cases to solve this problem.

In addition, staying discovery on the advice of counsel defense does not resolve the question of whether counsel who gave the opinion will be disqualified from trying the case. A stay and bifurcation may only complicate the problem for counsel who gave the opinion, declines to withdraw as trial counsel until after the liability trial and then expects to testify at the willfulness stage.

While denying a stay will lead to most of the problems CellPro has identified, including disclosure of the opinions and discovery on communications relating to the subject of the opinions, as with the issue of separate trials on liability and damages, the court may be able to minimize the prejudice CellPro would suffer from the problem at trial by ordering pursuant to Rule 42(b) that the issues be tried in sequence. The liability and damage issues could be tried first. Thereafter, and upon a finding of liability, the parties would immediately proceed to present evidence to the same jury on the alleged willful infringement, including evidence on the advice of counsel.

*37 The court will defer decision on plaintiffs' contention CellPro has waived the attorney-client privilege for the two written opinions by disclosing them to potential investors. Plaintiffs may renew their request to compel the product of these opinions should CellPro elect not to disclose them in connection with a good faith reliance on the advice of counsel defense.

*CONCLUSION*

For these reasons, the court will deny CellPro's

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

160 F.R.D. 30                                                                                           Page 7
160 F.R.D. 30, 34 U.S.P.Q.2d 1276
**(Cite as: 160 F.R.D. 30)**

motion for Bifurcated Trial of Liability and Damages, and will grant CellPro leave to renew at the pretrial conference its motion for separate trials.

160 F.R.D. 30, 34 U.S.P.Q.2d 1276

**Motions, Pleadings and Filings (Back to top)**

• 1:94cv00105 (Docket) (Mar. 08, 1994)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.