# CASE 8

**Westlaw.**

431 F.Supp.2d 834                                                                                                Page 1
431 F.Supp.2d 834
**(Cite as: 431 F.Supp.2d 834)**

**H**

Motions, Pleadings and Filings

United States District Court,
N.D. Illinois,
Eastern Division.
TRADING TECHNOLOGIES INTERNATIONAL, INC., Plaintiff,
v.
ESPEED, INC., et al., Defendants.
**No. 04 C 5312.**

April 17, 2006.

**Background:** Patentee sued alleged infringers for patent infringement,
including willful infringement. Alleged infringers moved to bifurcate trial and discovery.

**Holdings:** The District Court, Moran, Senior District Judge, held that:
(1) alleged infringers were only slightly prejudiced as a result of choice, absent bifurcation, between asserting advice-of-counsel defense to willful infringement claim and maintaining attorney-client privilege;
(2) alleged infringers did not establish that bifurcation of discovery and trial would promote judicial efficiency;
(3) bifurcation of trial would prejudice patentee; and
(4) bifurcation was not warranted.
Motion denied.

West Headnotes

**[1] Federal Civil Procedure ⟜1955**
170Ak1955 Most Cited Cases
Under three-step process for determining whether to bifurcate trial, court must first determine whether separate trials would avoid prejudice to a party or promote judicial economy, then must be satisfied that decision to bifurcate does not unfairly prejudice non-moving party, and, finally, must not grant separate trial if doing so would violate the Seventh Amendment. U.S.C.A. Const.Amend. 7; Fed.Rules Civ.Proc.Rule 42(b), 28 U.S.C.A.

**[2] Federal Civil Procedure ⟜1954.1**
170Ak1954.1 Most Cited Cases
Although ultimate decision to bifurcate trial is within district court's discretion, because court is expected to act to secure the just, speedy, and inexpensive determination of every action, bifurcation remains the exception, not the rule. Fed.Rules Civ.Proc.Rules 1, 42(b), 28 U.S.C.A.

**[3] Patents ⟜314(2)**
291k314(2) Most Cited Cases
Patent cases are no exception to the rule that bifurcation of trial is the exception, not the rule. Fed.Rules Civ.Proc.Rules 1, 42(b), 28 U.S.C.A.

**[4] Federal Civil Procedure ⟜1955**
170Ak1955 Most Cited Cases
Party seeking separate trials has the burden of showing that judicial economy would be served and that the balance of potential prejudice weighs in favor of
bifurcation. Fed.Rules Civ.Proc.Rule 42(b), 28 U.S.C.A.

**[5] Patents ⟜312(8)**
291k312(8) Most Cited Cases
In asserting willful patent infringement, plaintiff must prove, by clear and convincing evidence, that alleged infringer acted in disregard of the patent and had no reasonable basis for believing it had a right to do the acts.

**[6] Patents ⟜227**
291k227 Most Cited Cases
Considering the totality of the circumstances, court deciding claim of willful patent infringement is required to consider mitigating or ameliorating factors, including whether alleged infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good faith belief that it was invalid or that it was not infringed.

**[7] Patents ⟜227**
291k227 Most Cited Cases
Alleged infringer's belief, for purposes of claim of willful patent infringement, that patent was invalid or not infringed can be established by showing good faith reliance on the competent advice of counsel.

**[8] Witnesses ⟜219(3)**
410k219(3) Most Cited Cases
When defendant relies on an advice-of-counsel defense, it must waive its attorney-client privilege at

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

least with respect to the counsel's opinion letters.

**[9] Patents ☞314(2)**
291k314(2) Most Cited Cases
Although, absent bifurcation of trial, alleged infringers faced difficult choice between asserting advice-of-counsel defense to claim of willful patent infringement and maintaining attorney-client privilege, alleged infringers were only slightly prejudiced for purposes of their motion for bifurcation. Fed.Rules Civ.Proc.Rule 42(b), 28 U.S.C.A.

**[10] Witnesses ☞198(1)**
410k198(1) Most Cited Cases

**[10] Witnesses ☞219(3)**
410k219(3) Most Cited Cases
Attorney-client privilege cannot be used as both a sword and a shield.

**[11] Patents ☞292.4**
291k292.4 Most Cited Cases

**[11] Patents ☞314(2)**
291k314(2) Most Cited Cases
Alleged infringers did not establish that bifurcation of discovery and trial would promote judicial efficiency in patent infringement action involving claim of willful infringement, given that alleged infringers did not show that they were likely to prevail on the merits of liability issue, and real possibility existed that bifurcation would lead to additional discovery disputes. Fed.Rules Civ.Proc.Rule 42(b), 28 U.S.C.A.

**[12] Patents ☞314(2)**
291k314(2) Most Cited Cases
Evidence of liability and willfulness would likely overlap in patent infringement action involving claim of willful infringement, and therefore bifurcation of trial would prejudice patentee, which, along with facing substantial delay in final determination of its action, would be forced to present same evidence in two separate trials. Fed.Rules Civ.Proc.Rule 42(b), 28 U.S.C.A.

**[13] Federal Civil Procedure ☞1955**
170Ak1955 Most Cited Cases
When issues to be presented in two trials sufficiently overlap, bifurcation should be denied. Fed.Rules Civ.Proc.Rule 42(b), 28 U.S.C.A.

**[14] Patents ☞227**
291k227 Most Cited Cases

Factors considered in determining willfulness of patent infringement include (1) whether alleged infringer deliberately copied the ideas or design of another, (2) whether alleged infringer investigated the scope of the patent and formed a good faith belief that it was invalid or that it was not infringed, (3) alleged infringer's behavior as a party to the litigation, (4) alleged infringers' sizes and financial conditions, (5) closeness of the case, (6) duration of alleged misconduct, (7) alleged infringers' remedial action, (8) alleged infringers' motivation for harm, and (9) whether alleged infringers attempted to conceal their misconduct.

**[15] Patents ☞314(2)**
291k314(2) Most Cited Cases
Bifurcation of trial was not warranted in patent infringement action, inasmuch as limited prejudice that alleged infringers would suffer, absent bifurcation, due to choice between asserting advice-of-counsel defense to claim of willful patent infringement and maintaining attorney-client privilege could be alleviated by proper jury instructions, whereas prejudice to patentee resulting from delay and being forced to present same evidence twice could not be alleviated except by denying bifurcation. Fed.Rules Civ.Proc.Rule 42(b), 28 U.S.C.A.

*836 Paul H. Berghoff, Brian Richard Harris, Christopher Michael Cavan, Dennis David Crouch, George I. Lee, Jennifer M. Kurcz, Leif R. Sigmond, Jr., Marcus Jay Thymian, Matthew J. Sampson, Michelle Lynn McMullen-Tack, Paul S. Tully, Stephen Richard Carden, McDonnell, Boehnen, Hulbert & Berghoff, Ltd., Steven F. Borsand, Trading Technologies International, Inc., Chicago, IL, for Plaintiff.

Raymond C. Perkins, Andrew M. Johnstone, George Carter Lombardi, James M. Hilmert, Winston & Strawn LLP, Chicago, IL, Gary A. Rosen, Law Offices of Gary A. Rosen, P.C., Philadelphia, PA, for Defendants.

*MEMORANDUM OPINION AND ORDER*

MORAN, Senior District Judge.

Plaintiff Trading Technologies International, Inc. ("TT") brought an action against defendants eSpeed, Inc., ITSEcco Holdings Limited, and Ecco LLC for patent infringement, including allegations of willful infringement. Defendants eSpeed and Ecco now petition this court to bifurcate the trial into two separate parts: (1) liability, including non-

431 F.Supp.2d 834                                                                                           Page 3
431 F.Supp.2d 834
**(Cite as: 431 F.Supp.2d 834)**

infringement, invalidity and unenforceability; and (2) willfulness and damages. Defendants also move for bifurcation of discovery, limiting current discovery to issues of liability, and holding off on discovery pertaining to willfulness and damages until completion of the liability trial.

## DISCUSSION

[1][2][3][4] Federal Rule of Civil Procedure 42(b) authorizes us to bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The Seventh Circuit designed a three-step process to determine whether to bifurcate a trial:

> First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy. Only one of these criteria-- avoidance of prejudice or judicial economy--need be met before a court can order separation. Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment

*Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir.1999) (internal citations omitted). Although the ultimate decision to bifurcate is within our discretion *(id.)*, because we are expected to act to "secure the just, speedy, and inexpensive determination of every action" (Fed. R. Civ. P. 1), bifurcation remains the exception, not the rule. *Telewizja Polska USA, Inc. v. EchoStar Satellite Corp.*, 2005 WL 2405797, *4 (N.D.Ill.2005); *A.L. Hansen Mfg. Co. v. Bauer Products, Inc.*, 2004 WL 1125911, *2 (N.D.Ill.2004). Patent cases are no exception to this rule. *Clipco, Ltd. v. Ignite Design, LLC*, 2005 WL 2861032, *3 (N.D.Ill.2005); *Pfizer, Inc. v. Novopharm Ltd.*, 2000 WL 1847604, *1 (N.D.Ill.2000); *837 *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D.Ill.2000). The party seeking separate trials has the burden of showing that judicial economy would be served and the balance of potential prejudice weighs in favor of bifurcation. *Real*, 195 F.R.D. at 620.

In determining whether to bifurcate a trial, courts have looked to judicial efficiency, possibility of needless delay, potential juror confusion, the timing of the request for bifurcation, whether any filing delay was tactical, the overlap of evidence and witnesses between the two trials, and prejudice to each party. *Valois of America, Inc. v. Risdon Corp.*, 1998 WL 1661397, *3 (D.Conn.1998) (cataloging district court cases).

In this case, defendants contend that bifurcation will limit potential juror confusion, simplify the case, promote judicial economy, and quickly address the issues important to the entire futures trading industry. Most importantly, defendants argue that absent bifurcation and a partial stay of discovery they will be substantially prejudiced. Because this issue is the focus of defendants' argument for bifurcation, we will address it at the outset.

Defendants suggest that absent bifurcation they will be prejudiced by having to choose between using an advice-of-counsel defense to willful infringement, and prematurely waiving attorney-client privilege. This quandary, recognized *in dicta* in *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642 (Fed.Cir.1991), has since become popularly known as the "Quantum dilemma." In *Quantum*, the Federal Circuit stated:

> "Proper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. Trial courts thus should give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court *in camera*, reveal that the defendant is indeed confronted with this dilemma."

*Quantum*, 940 F.2d at 643-44.

[5][6][7][8] Defendants currently face the situation imagined in *Quantum*. In charging defendants with willful patent infringement, plaintiff must prove, by clear and convincing evidence, that " 'the infringer acted in disregard of the patent ... [and] had no reasonable basis for believing it had a right to do the acts.' " *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1530 (Fed.Cir.1993). Considering the "totality of the circumstances," a court is "required to consider mitigating or ameliorating factors." *Id.* One factor to be considered is "whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed." *Read*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

_Corp. v. Portec, Inc._, 970 F.2d 816, 827 (Fed.Cir.1992), _abrogated on other grounds by Markman v. Westview Instruments, Inc._, 52 F.3d 967, 975 (Fed.Cir.1995). That belief can be established by showing good faith reliance on the competent advice of counsel. _Comark Communications, Inc. v. Harris Corp._, 156 F.3d 1182, 1191 (Fed.Cir.1998); _Mahurkar v. C.R. Bard, Inc._, 79 F.3d 1572, 1579 (Fed.Cir.1996). Where a defendant *838 relies on an advice-of-counsel defense, however, it must waive its attorney-client privilege at least with respect to the counsel's opinion letters. See _Quantum_, 940 F.2d 642. Defendants argue that this places them in an untenable situation--either forego a valid defense to willfulness or waive attorney-client privilege, disclose the letters and provide their adversary with a "roadmap to all [their] defenses and legal theories" (defs' mem. at 4).

Defendants cite a number of cases wherein a district court, including this court, opted to bifurcate a patent trial where defendants were faced with a Quantum dilemma. See _Aptargroup, Inc. v. Owens-Illinois, Inc._, 2003 WL 21557632, *1 (N.D.Ill.2003); _Sage Products, Inc. v. Devon Industries, Inc._, 1994 WL 791601, *2-3 (C.D.Cal.1994). When such cases were decided, however, the Federal Circuit, and thus the lower courts, were operating under a presumption since overruled, that where the accused infringer did not produce an opinion of counsel to rebut willfulness, the finder of fact may legitimately infer that the accused infringer either failed to obtain an opinion of counsel or obtained an opinion that warned the infringer not to proceed. See, e.g., _Electro Medical Systems, S.A. v. Cooper Life Sciences, Inc._, 34 F.3d 1048, 1056 (Fed.Cir.1994). Therefore, an accused infringer faced the choice between waiver of attorney-client privilege and a negative inference that any infringement was indeed willful.

The Federal Circuit disposed of the adverse inference in _Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp._, 383 F.3d 1337 (Fed.Cir.2004). In an effort to protect the attorney-client privilege, the Federal Circuit held that "no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel." 383 F.3d at 1341. Plaintiff argues that the elimination of the adverse inference in _Knorr-Bremse_ alleviates any Quantum dilemma faced by defendants. Defendants, anticipating plaintiff's argument, contend that its Quantum dilemma is not premised upon the now defunct adverse inference, that _Knorr-Bremse_ does not discuss the Quantum dilemma or bifurcation, and that no case has interpreted _Knorr-Bremse_ to limit _Quantum_. Specifically, defendants contend that absent bifurcation they "cannot assert an advice of counsel defense (thus risking a willfulness finding) without waiving the privilege (and disclosing its litigation strategy to TT)" (defs' mem. at 6).

Neither the parties, nor this court, could find any case construing the Quantum dilemma in light of _Knorr-Bremse_. [FN1] We do not believe that means, as defendants would have us believe, that _Knorr-Bremse_ did not affect or alter the Quantum dilemma. The quandary noted in _Quantum_ existed in part because the adverse inference imposed on an alleged infringer who did not waive its attorney-client privilege weighed in favor of finding willful infringement. See _Translogic Technology, Inc. v. Hitachi, Ltd._, 2004 WL 2260606, *3 (D.Or.2004); _F & G Scrolling Mouse, L.L.C. v. IBM Corp._, 190 F.R.D. 385, 391 (M.D.N.C.1999). In fact, _amicus_ briefs filed with the Federal Circuit prior to its decision in _Knorr-Bremse_ indicate that the Quantum *839 dilemma, and issues similar to those raised by defendants in this motion, were underlying the decision in _Knorr-Bremse_. For example, one _amicus_ brief stated concern that the opinion would prematurely disclose trial tactics, settlement-related positions, admissions on different issues, or the identity of expert witnesses. Jennifer K. Bush, John E. Gartman, & Elizabeth I. Rogers, _Six Patent Law Puzzlers_, 13 TEX. INTELL. PROP. L.J. 1, 25 (_citing_ Brief of Amicus Curiae Generic Pharmaceutical Association In Support Of Defendants-Appellants at 3). We believe that the Federal Circuit, in coming to its conclusion in _Knorr-Bremse_, assessed the considerations of the Quantum dilemma before us today.

> FN1. With the exception of _A.L. Hansen_, 2004 WL 1125911, at *3, n. 4. In that case, decided before _Knorr-Bremse_, the court, in a footnote, made a prediction about the possible effect of _Knorr-Bremse_ on _Quantum_. The court said, "The _en banc_ Federal Circuit is currently reevaluating this inference. Of course, if the Federal Circuit were to eliminate the propriety of these negative inferences, the force of the _Quantum_ dilemma would be greatly reduced."

We do not believe, however, that _Knorr-Bremse_ completely eliminated the prejudice to a party facing

a Quantum dilemma. Although the failure to obtain an exculpatory opinion of counsel no longer provides an adverse inference or presumption that the opinion was unfavorable, there "continues to be 'an affirmative duty of due care to avoid infringement of the known patent rights of others,' " *Knorr-Bremse, 383 F.3d at 1345-46.* Therefore, an accused infringer still must choose between waiving its attorney-client privilege to disclose a favorable opinion letter from counsel, which would weigh in its advantage in assessing the "totality of the circumstances" in a willful infringement charge, and maintaining its attorney-client privilege, thus undercutting its defense. *See* Debra Koker, Note, *Fulfilling the "Due Care" Requirement after Knorr-Bremse,* 11 B.U.J. SCI. & TECH. L. 154, 163 ("By retaining the standard of due care and the totality of the circumstances considerations for finding of willfulness, it is likely that the patent opinion will continue to play a dominant role"); Bush et al., *Six Patent Law Puzzlers,* 13 TEX. INTELL. PROP. L.J. at 26 (arguing that, in light of the affirmative duty of due care, until the Federal Circuit clarifies what evidence can be presented regarding willful infringement, an alleged patent infringer may still face a Hobson's choice in determining whether to disclose opinion letters).

[9][10] Thus, we find that absent bifurcation defendants still face a difficult decision. It is true, however, that counsel always faces difficult tactical decisions in planning an attack or defense. It is also true that attorney-client privilege cannot be used as both a sword and a shield. *Verizon California Inc. v. Ronald A. Katz Technology Licensing, L.P.,* 266 F.Supp.2d 1144, 1148 (C.D.Cal.,2003) (citing *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.,* 259 F.3d 1186, 1196 (9th Cir.2001)). And even prior to *Knorr-Bremse*--and what we see as an easing of the defendants' quandary--many courts found that the weight of competing prejudices, including a Quantum-style prejudice, weighed in favor of one trial and denied a motion for bifurcation. *See Real,* 195 F.R.D. 618; *Edward Lowe Industries, Inc. v. Oil-Dri Corp. of America,* 1995 WL 609231 (N.D.Ill.1995) (although defendant faced a Quantum dilemma, by waiting until after the close of discovery to waive its attorney-client privilege, it was precluded from asserting an advice of counsel defense); *Dentsply Intern. Inc. v. Kaydex,* 1994 WL 376276 (N.D.Ill.1994) (determining that disclosure of attorney's opinions, reviewed *in camera,* would not so substantially prejudice plaintiff that separate trials were warranted); *Johns Hopkins Univ. v. CellPro,* 160 F.R.D. 30 (D.Del.1995). Therefore, we find that absent an adverse inference defendants are only slightly prejudiced.

[11] Next, in assessing whether bifurcation would promote judicial economy, courts have looked to whether the circumstances of the case required "a) a need for voluminous documents to resolve damages issues;  b) complex infringement issues;  c) **840 multiple patents, infringing products, claim, counterclaims, or parties;  or d) the probability that the defendant would prevail on the infringement issue, thereby eliminating the need to address the issue of damages." *Real,* 195 F.R.D. at 621. Defendants contend that bifurcation would streamline a complicated patent case, avoid potential juror confusion, and, if plaintiff's patents are held invalid, obviate the need for a time-consuming determination of damages and willfulness. Plaintiff counters by arguing that two separate trials would cause considerable delay--that damages discovery is already underway and the issues in each trial would substantially overlap.

Although defendants' argument that separate trials would promote judicial economy if defendants prevail, is true, they have not demonstrated that such success is likely. *Cf. Aptargroup, Inc.,* 2003 WL 21557632 at *1 (bifurcating the issues of liability and willful infringement partly because plaintiff's liability case had "taken a real hit from ... [the] *Markman* construction"). In this case we have yet to determine claim construction, but defendants took "a real hit" in the preliminary injunction hearing. In any case involving a damages determination, it would always be judicially efficient to bifurcate trials should defendants succeed in the liability phase. Bifurcation remains the exception, however, because "[i]n the event that liability is found, two separate trials with two separate juries at remote times would not serve judicial economy." *Real,* 195 F.R.D. at 624 (citing *Home Elevators, Inc. v. Millar Elevator Serv. Co.,* 933 F.Supp. 1090, 1092 (N.D.Ga.1996)).

Alternatively, defendants contend that "[e]ven assuming eSpeed and Ecco were to lose on liability, bifurcation would still simplify the litigation, because it would postpone inevitable ancillary litigation regarding privilege to a more convenient time, and simplify the parties' presentations to the jury" (defs' mem. at 2). Postponement of ancillary litigation does not necessarily weigh in favor of bifurcation--simply postponing dispute resolution does not increase judicial efficiency. And, as many courts before us have noted, bifurcation can lead to additional

discovery disputes that actually add time and energy to a litigation. See William Reber, LLC v. Samsung Electronics America, Inc., 220 F.R.D. 533, 538 (N.D.Ill.2004), vacated in part by William Reber, LLC v. Sony Ericsson Mobile, 2004 WL 2535074 (N.D.Ill.2004); Maxwell Chase Technologies, L.L.C. v. KMB Produce, Inc., 79 F.Supp.2d 1364, 1374 (N.D.Ga.1999); F & G Scrolling Mouse, L.L.C., 190 F.R.D. at 395; THK America, Inc. v. NSK Co. Ltd., 151 F.R.D. 625, 633 (N.D.Ill.1993). Given the nature of this case thus far, we would not be surprised if the parties engaged in extensive motion practice wrangling over whether certain pieces of discovery were applicable to the liability case or the willfulness/damages case. Thus, we do not think that defendants have carried their burden of establishing that bifurcation of discovery and trial would promote judicial efficiency. [FN2]

> FN2. With regard to pre-trial negotiations and discovery, this case appears more complicated than most. We are dealing here with the first of seven patent infringement suits brought by this plaintiff in this district. Unfortunately for defendants eSpeed and Ecco, motions and disputes in their case have been acting as the catalyst for similar motions and disputes in the cases that followed. In the end, however, this is really a case between one plaintiff and related defendants, with claims that defendants infringed two of plaintiff's patents. At its heart, it is not that complicated for a patent case. Therefore, additional issues of juror confusion and simplification of issues do not necessarily come into play.

[12][13] We turn now to analysis of potential prejudice to plaintiff should we *841 decide to grant defendants' motion. Plaintiff suggests that it would be prejudiced by the delay caused by bifurcation and the time and expense of duplicating efforts in two separate trials. We have already addressed the issue of delay. With regard to duplication, it is true that where issues to be presented in the two trials sufficiently overlap, bifurcation should be denied. Keyes Fibre Company v. Packaging Corp. of America, 763 F.Supp. 374, 375 (N.D.Ill.1991). In this case, defendants suggest that "[t]here is simply no overlap between the respective issues" of liability and willfulness/damages (defs' mem. at 7). Not surprisingly, plaintiff disagrees, pointing to an obviousness defense as an example of issue overlap (plf's response at 7). Although at least one court has expressly stated that raising such issues as obviousness and commercial success are insufficient to show a significant overlap of issues (Princeton Biochemicals Inc. v. Beckman Instruments Inc., 180 F.R.D. 254, 256 (D.N.J.1997)), courts in this district have repeatedly held that bifurcation in similar cases was inappropriate because issues of liability and willfulness/damages do overlap. See William Reber, LLC, 220 F.R.D. at 540; Real, 195 F.R.D. at 625-626 (finding that the question of willful infringement is relevant to both liability and damages); THK America, Inc., 151 F.R.D. at 629 (finding that the issues raised by an obviousness defense would be the "same in significant respects as the evidence relating to damages and, therefore, ought to be presented once rather than twice").

[14] Because willfulness is assessed according to a totality of the circumstances, the Federal Circuit has identified a number of factors to consider in making a willfulness determination. [FN3] Knorr-Bremse, 383 F.3d at 1343; Read Corp., 970 F.2d at 827-28; Tenneco Auto. Operating Co. Inc. v. Visteon Corp., 375 F.Supp.2d 360, 365 (D.Del.2005). The need to consider all of the factors implies that evidence of liability and willfulness will likely overlap. A.L., 2004 WL 1125911 at *3 ("much of the evidence establishing the totality of the circumstances will have already been presented in the initial liability phase"). Therefore, like the other courts in this district, we find bifurcation would result in prejudice to plaintiff, who, along with facing a substantial delay in final determination of the action, would be forced to present the same evidence in two separate trials.

> FN3. Factors include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer investigated the scope of the patent and formed a good faith belief that it was invalid or that it was not infringed; (3) alleged infringer's behavior as a party to the litigation; (4) defendants' sizes and financial conditions; (5) closeness of the case; (6) duration of defendants' alleged misconduct; (7) defendants' remedial action; (8) defendants' motivation for harm; and (9) whether defendants attempted to conceal their misconduct.

[15] Although the limited prejudice against defendants can be alleviated by proper instructions to the jury, the prejudice against plaintiff cannot be alleviated without denying bifurcation (See Real, 195 F.R.D. at 621). Therefore, after careful consideration,

431 F.Supp.2d 834                                                                                                           Page 7
431 F.Supp.2d 834
**(Cite as: 431 F.Supp.2d 834)**

we conclude that defendants have failed to carry their burden of establishing the advantages of bifurcation, and we deny their motion.

CONCLUSION

For the reasons set forth above, we deny defendants' motion for bifurcation of both the trial and discovery relating to the trial.

431 F.Supp.2d 834

**Motions, Pleadings and Filings (Back to top)**

• 2006 WL 3885961 (Trial Motion, Memorandum and Affidavit) Combined Motion to Strike TT's Letter Brief, Memorandum and Reply in Support of its Motion for Sanctions and Motion for an Order Requiring TT to Refrain from Interfering with RCG's Subpoena to Non-Party UBS (Nov. 10, 2006)

• 2006 WL 3674143 (Trial Motion, Memorandum and Affidavit) RCG's Response in Opposition to TT's Motion for Sanctions (Oct. 5, 2006)

• 2006 WL 2176544 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Oral Motion to Exclude Charles Mauro from Buist Depositions (Jun. 22, 2006)Original Image of this Document (PDF)

• 2006 WL 1792718 (Expert Report and Affidavit) First Expert Claim Construction Report of Per Hjartoy (May 3, 2006)

• 2006 WL 1792717 (Expert Report and Affidavit) First Claim Construction Report of William A. Lupien (May 1, 2006)Original Image of this Document (PDF)

• 2006 WL 1045535 (Trial Motion, Memorandum and Affidavit) Trading Technologies International, Inc.'s Reply Memorandum in Support of its Motion to Compel the Production of Documents and Things, Responses to Interrogatories, and Depositions (Mar. 29, 2006)Original Image of this Document (PDF)

• 2006 WL 1045533 (Trial Motion, Memorandum and Affidavit) Defendants eSpeed and Ecco's Opposition to Trading Technologies Motion to Compel (Mar. 23, 2006)Original Image of this Document (PDF)

• 2006 WL 1040385 (Trial Motion, Memorandum and Affidavit) GL Trade Americas, Inc. and FuturePath Trading LLC's Reply in Opposition to Trading Technologies International Inc's Motion for a Collective Protective Order (Mar. 2, 2006)Original Image of this Document (PDF)

• 2006 WL 740400 (Trial Motion, Memorandum and Affidavit) Trading Technologies' Opposition to Espeed's Motion to Compel (Feb. 23, 2006)Original Image of this Document (PDF)

• 2006 WL 740398 (Trial Motion, Memorandum and Affidavit) Trading Technologies International, Inc.'s motion to Compel the Production of Documents and Things, Responses to Interrogatories and Depositions (Feb. 22, 2006)Original Image of this Document (PDF)

• 2006 WL 740399 (Trial Motion, Memorandum and Affidavit) eSpeed and Ecco's Reply in Support of Their Motion to Bifurcate Introduction (Feb. 22, 2006)Original Image of this Document (PDF)

• 2006 WL 740397 (Trial Motion, Memorandum and Affidavit) Defendants Gl Trade Americas, Inc.'s and Futurepath Trading Llp's Memorandum of Law in Support of Their Motion for A Protective Order (Feb. 14, 2006)Original Image of this Document (PDF)

• 2006 WL 740396 (Trial Motion, Memorandum and Affidavit) Reply in Support of eSpeed and Ecco's Second Motion to Compel (Feb. 13, 2006)Original Image of this Document (PDF)

• 2006 WL 740395 (Trial Motion, Memorandum and Affidavit) Trading Techonologies' Opposition to Defendants Espeed and Ecco's Motion to Bifurcate (Feb. 10, 2006)Original Image of this Document (PDF)

• 2006 WL 740394 (Trial Motion, Memorandum and Affidavit) Trading Technologies' Opposition to Espeed's Motion to Compel (Feb. 6, 2006)Original Image of this Document (PDF)

• 2006 WL 740393 (Trial Motion, Memorandum and Affidavit) Trading Technologies' Memorandum in Support of Its Motion to Enter a Collective Protective Order (Feb. 1, 2006)Original Image of this Document (PDF)

• 2006 WL 428154 (Trial Pleading) Trading Technologies' Answer to Defendants Espeed, Inc., Espeed International, Ltd., Ecco LLC, and Eccoware Ltd.'s Amended Counterclaim (Jan. 25, 2006)Original Image of this Document (PDF)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

431 F.Supp.2d 834  
431 F.Supp.2d 834  
**(Cite as: 431 F.Supp.2d 834)**
Page 8

• 2006 WL 427541 (Trial Motion, Memorandum and Affidavit) eSpeed and Ecco's Memorandum in Support of Their Motion to Bifurcate (Jan. 23, 2006)Original Image of this Document (PDF)

• 2006 WL 428153 (Trial Pleading) Defendants Espeed, Inc., Espeed International., Ltd., Ecco LLC, and Eccoware Ltd.'s Answer, Affirmative Defenses, Amended Counterclaim and Counterclaim to Plaintiff's Second Amended Complaint for Patent Infringement (Jan. 5, 2006)Original Image of this Document (PDF)

• 2005 WL 3615996 (Trial Motion, Memorandum and Affidavit) Defendant's Opposition to Gary Kemp and Plaintiff's Motion to Quash (Nov. 29, 2005)Original Image of this Document (PDF)

• 2005 WL 3615995 (Trial Motion, Memorandum and Affidavit) Trading Technologies' Supplemental Reply in Support of Its Motion to Reassign Related Civil Actions to Judge Moran (Nov. 11, 2005)Original Image of this Document (PDF)

• 2005 WL 3615994 (Trial Motion, Memorandum and Affidavit) GL Trade Americas Inc. and GL Trade SA's Opposition to Trading Technologies International, Inc.'s Motion to Reassign (Nov. 8, 2005)Original Image of this Document with Appendix (PDF)

• 2005 WL 3286374 (Trial Motion, Memorandum and Affidavit) Trading Technologies' Reply in Support of its Motion to Reassign Related Civil Actions to Judge Moran (Oct. 28, 2005)Original Image of this Document (PDF)

• 2005 WL 3286365 (Trial Motion, Memorandum and Affidavit) Peregrine Financial Group, Inc's Opposition to Trading Technologies' Motion to Reassign (Oct. 18, 2005)Original Image of this Document (PDF)

• 2005 WL 3286369 (Trial Motion, Memorandum and Affidavit) Refco Llc'%n1%n Opposition to Trading Technologies' Renewed Motion to Reassign (Oct. 18, 2005)Original Image of this Document (PDF)

• 2005 WL 2611768 (Trial Motion, Memorandum and Affidavit) Trading Technologies' Reply to Third Parties Steve Brucato and Catus Technologies' Brief in Opposition to Trading Technologies' Motion to Compel (Aug. 17, 2005)Original Image of this Document (PDF)

• 2004 WL 2083806 (Trial Pleading) Complaint for Patent Infringement and Jury Demand (Aug. 12, 2004)Original Image of this Document with Appendix (PDF)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.