# CASE 9

**Westlaw.**

940 F.2d 642
940 F.2d 642
(Cite as: 940 F.2d 642)

Page 1

▷

United States Court of Appeals,
Federal Circuit.
QUANTUM CORPORATION and Plus
Development Corporation, Plaintiffs-Appellees,
v.
TANDON CORPORATION, Defendant-Appellant.
No. 91-1296.

July 31, 1991.

Patent infringement suit was filed. Alleged infringer moved for separate trials on issues of willfulness and to certify earlier order compelling discovery of certain opinion letters of counsel. The United States District Court for the Northern District of California, William H. Orrick, Jr., J., denied motion. Infringer appealed. Patent holder moved to dismiss. The Court of Appeals, Michel, Circuit Judge, held that orders refusing to defer trial on issue of willfulness and refusing to certify earlier order compelling discovery of attorney opinion letters were not immediately appealable under collateral order doctrine.

Motion to dismiss granted.

West Headnotes

[1] Patents ⚷324.2
291k324.2 Most Cited Cases
Orders in patent infringement suit refusing to defer trial on issue of willfulness and refusing to certify earlier order compelling discovery of attorney opinion letters were not immediately appealable under collateral order doctrine, even though orders placed alleged infringer in dilemma of choosing between asserting attorney-client privilege and avoiding willfulness finding if infringement was found, where orders were effectively reviewable on appeal from final judgment. 28 U.S.C.A. § 1292(b), (c)(1).

[2] Patents ⚷314(1)
291k314(1) Most Cited Cases
Accused patent infringer should not, without trial court's careful consideration, be forced to choose between waiving attorney-client privilege in order to protect itself from willfulness finding, in which case it may risk prejudicing itself on question of liability, and maintaining privilege, in which case it may risk being found to be willful infringer if liability is found; trial courts, thus, should give serious consideration to separate trial on willfulness whenever particular attorney-client communications, once inspected by court in camera, reveal that defendant is indeed confronted with this dilemma.

*642 James W. Geriak of Lyon and Lyon, Los Angeles, Cal., for plaintiffs-appellees; Thomas J. Morgan, of counsel.

John B. Pegram of Davis, Hoxie, Faithfull & Hapgood, New York City, for defendant-appellant; Andrew T. D'Amico, Jr., of counsel.

ON MOTION

Before MICHEL and LOURIE, Circuit Judges, and COWEN, Senior Circuit Judge.

MICHEL, Circuit Judge.

ORDER
Tandon Corporation seeks to appeal the April 19, 1991 order of the United States District Court for the Northern District of California, No. C89-1812, denying its motion for separate trials on the issue of willfulness and denying its motion to certify an earlier order compelling discovery of *643 certain opinion letters of counsel. Quantum Corporation moves to dismiss the appeal. Because the order sought to be appealed is not yet final, we grant Quantum's motion and dismiss the appeal.

BACKGROUND
This matter arises from the pre-trial stages of a patent infringement suit brought by Quantum Corporation and Plus Development Corporation (Quantum) against Tandon Corporation (Tandon) in the United States District Court for the Northern District of California. In July, 1990, Quantum moved to compel Tandon to produce documents relating to prelitigation opinion letters of counsel regarding the patents in suit or, in the alternative, to preclude all reference to or reliance upon such communications by Tandon. Tandon countermoved for separate trials on the issues of willfulness and reissue intervening rights, if necessary, after the conclusion of the trial on liability and damages, and for deferral of discovery of the attorney opinion letters until after the trial on liability and damages.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

940 F.2d 642                                                                Page 2
940 F.2d 642
(Cite as: 940 F.2d 642)

At a July 1990 hearing, the district court considered the motions. It ruled from the bench that liability and damages would be tried together, but deferred ruling on whether willfulness would be tried separately and whether, after *in camera* review, production of the documents would be compelled.

After *in camera* review, on March 13, 1991, the district court granted Quantum's motion to compel Tandon to produce the attorney-client documents. Tandon moved for "amendment" of the March 13 order, requesting a ruling on the issue of a separate trial on willfulness, and for certification pursuant to 28 U.S.C. § 1292(b), (c)(1) of the March 13 order and of any adverse ruling denying severance of the willfulness issue. The issue of a separate trial on intervening rights was not pursued after the March 1991 proceeding.

On April 18, 1991, the district court denied Tandon's motion to defer the trial on willfulness and denied Tandon's motion for certification of the bifurcation and document production issues. Tandon noticed an appeal.

Quantum moves to dismiss the appeal of Tandon and for attorney fees and costs. Tandon opposes the motions. Quantum moves for leave to file a reply, with reply attached. Tandon responds with a surreply.

DISCUSSION

[1] Quantum argues that Tandon's appeal must be dismissed as the orders appealed from are interlocutory and hence not appealable. Tandon argues, however, that this case is one of a small class of decisions too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated, and therefore that the *Cohen* collateral order doctrine applies. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). [FN1] Tandon states that this case "presents an opportunity for this Court to show how the attorney-client privilege of an accused party can be, and should be, preserved in most patent cases, while also preserving the patentee's right of pre-trial discovery relating to alleged willful infringement and to reissue intervening rights." Tandon's Response at 1.

> FN1. As the Supreme Court has recently said, before an order may be considered final under the *Cohen* doctrine, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276, 108 S.Ct. 1133, 1136-37, 99 L.Ed.2d 296 (1988).

[2] Proper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. An accused infringer, therefore, should *644 not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. Trial courts thus should give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court *in camera*, reveal that the defendant is indeed confronted with this dilemma. While our court has recognized that refusal of a separate trial will not require reversal in every case involving attorney client communications bearing on willfulness, we have suggested the advisability of separate trials in appropriate cases. See *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1572, 7 USPQ2d 1606, 1611 (Fed.Cir.1988) ("That approach may be useful in meeting the attorney-client privilege problem.").

However, we agree with Quantum that these two orders, which involve immediate discovery and a refusal to defer the willfulness issue are not now appealable. They do not satisfy the third requirement of the *Cohen* doctrine, because they *are* effectively reviewable on appeal from a final judgment. Thus, in *Jeannette Sheet Glass Corp. v. United States*, 803 F.2d 1576, 1581 (Fed.Cir.1986) our court emphasized that the *Cohen* doctrine "is a 'narrow' one whose reach is *limited to* trial court orders affecting rights that will be 'irretrievably lost' in the absence of an immediate appeal" (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31, 105 S.Ct. 2757, 2760-61, 86 L.Ed.2d 340 (1985) (emphasis added)). [FN2] Additionally, the district court properly declined to certify its orders under 28 U.S.C. § 1292(b), (c)(1) because, while important, the

940 F.2d 642
940 F.2d 642
**(Cite as: 940 F.2d 642)**

Page 3

questions of law involved may not be "controlling" and in any event, their early appellate resolution would not likely "materially advance the ultimate termination of the litigation." [FN3]

> FN2. Indeed, it is settled that discovery orders issued within the context of a primary proceeding are generally not appealable orders. 9 Moore's Federal Practice ¶ 110.13[2]. In addition to not complying with the third requirement of the *Cohen* doctrine, such discovery orders may present issues not completely separate from the merits and thus the orders are not truly collateral under the second requirement of the *Cohen* doctrine. Similarly, an order refusing to bifurcate a trial is a routine discretionary decision of the district court concerning trial management. If these orders were deemed final under *Cohen,* the doctrine would be greatly expanded. But as we have previously noted, the Supreme Court has narrowly circumscribed application of the collateral order doctrine. See *Cabot Corp. v. United States,* 788 F.2d 1539, 1543 (Fed.Cir.1986). Moreover, as our court has recognized, *Cohen* itself emphasized the "small class" of cases falling within the doctrine. *Badger-Powhatan v. United States,* 808 F.2d 823, 825 (Fed.Cir.1986). Were such orders to be appealable before trial, a flood of piecemeal appeals would undoubtedly ensue. See *IBM v. United States,* 480 F.2d 293, 298 (2d Cir.1973) (in banc), *cert. denied,* 416 U.S. 980, 94 S.Ct. 2413, 40 L.Ed.2d 777 (1974).

> FN3. Section 1292(b) permits a district court to certify for immediate appeal an order "not otherwise appealable" when such order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

As we do not have in the record before us in this matter the attorney-client communications, we intimate no view about and imply no criticism of the substantive decisions of the district court here. Procedurally, the court's inspecting the documents *in camera* before ruling on the motions to compel production and defer trial on willfulness was certainly proper and deserves emulation. The dilemma noted above concerns a basic, time-honored privilege which surely warrants such careful consideration.

In sum, we hold that these two orders are not now appealable, but determine that appellant had an arguable basis for suggesting otherwise.

Accordingly,

IT IS ORDERED THAT:

(1) Quantum's motion to dismiss is granted.

**\*645** (2) Quantum's motion for costs and fees is denied.

(3) Quantum's motion for leave to file a reply is granted.

(4) Leave is granted, *sua sponte,* to Tandon to file its surreply.

940 F.2d 642

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.