# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

BY HAND AND BY EMAIL

February 2, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

  Re: ***LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.;***
     U.S. District Court Case No. 04-343 JJF

Dear Special Master Poppiti:

  This is Plaintiff LG.Philips LCD Co., Ltd.'s ("LPL") response to Defendant ViewSonic Corporation's ("ViewSonic") January 26, 2007 motion for clarification of the deposition time limits set forth in the August 18, 2005 Scheduling Order (D.I. 198) (the "Scheduling Order"). ViewSonic's motion raises two disputes, both which are based on the parties' differing interpretations of the provisions in § 4(d) of the Scheduling Order.[1]

  *Agreement as to Basic Deposition Time Limits*. The parties appear to agree on the deposition time limits that apply to English and non-English-speaking witnesses and that the Scheduling Order contains a typographical or scrivener's error in § 4(d). (*Compare* LPL's Jan. 26, 2007 Mot. at 1-2 *with* ViewSonic's Jan. 26, 2007 Mot. at 1, fn. 2.) The parties appear to agree that § 4(d) of the Scheduling Order should be clarified to state that:

> Plaintiff shall be limited to 84 hours of examination of fact witnesses (i.e. excluding expert depositions); Each Defendant shall be limited to 84 hours of examination of fact witnesses (i.e. excluding expert depositions). No fact witness or designee under

---

[1] On January 26, 2007, LPL filed its own motion seeking clarification of and amendment to certain parts of the Scheduling Order. Because the issues addressed by LPL's motion generally overlap with those raised in ViewSonic's motion, LPL incorporates its own motion herein by this reference. LPL also is continuing its efforts to establish a deposition schedule for Defendants' witnesses. ViewSonic finally proposed widely-dispersed dates for only three of its witnesses late on the evening of January 25. LPL was forced to reject these dates because the dates were spaced so far apart that they would require LPL to travel to California three separate times to depose only three witnesses (*See* Exs. 13 & 14 to LPL's Jan. 26, 2007 Motion to Clarify or Amend the Scheduling Order.)

650768-1

**THE BAYARD FIRM**

The Honorable Vincent J. Poppiti
February 2, 2007
Page 2

> Rule 30(b)(6) for whom English is their first language shall be
> deposed for more than seven hours. No fact witness or designee
> under Rule 30(b)(6) for whom English is not their first language
> shall be deposed for more than 10.5 hours.

(Ex. A to LPL's Jan. 26, 2007 Mot. at § 3(d)(ii).) This is the exact language proposal that Defendants submitted to the Court when the parties provided the draft Scheduling Order for the Court's review. LPL submits – and ViewSonic seems to agree – that this is the language that should govern the parties' general deposition time limitations.

*LPL's Inventors May Be Deposed for 21 Hours Combined, Not Individually.* ViewSonic claims that § 4(d) of the Scheduling Order allows ViewSonic to depose each of LPL's two inventors for 21 consecutive hours, thus totaling 42 total hours, or six full days, of depositions for these two witnesses. LPL disagrees. The plain language of § 4(d) does not permit such onerous depositions, but instead allows LPL's two inventors to be deposed for a ***combined total*** of 21 consecutive hours.

Section 4(d)'s provisions concerning inventor depositions are not superfluous. Rather, this provision ensures that Defendants may collectively depose the two inventors for up to 21 total hours regardless of whether either or both inventors need interpreters. ViewSonic's proposed interpretation would be unfair to the two witnesses who, if ViewSonic prevails on this issue, would each be forced to endure and prepare for up to 21 hours of deposition time. This is not what the Scheduling Order says, nor would it be reasonable. The Special Master should determine that § 4(d) means what it says and limits depositions of LPL's two inventors to 21 hours combined.

*LPL Does Not Have to Provide Four Separate Rule 30(b)(6) Depositions.* ViewSonic's second dispute pertains to the manner in which the parties' Rule 30(b)(6) deposition notices apply to the deposition time limits set forth in the Scheduling Order.[2] The parties have taken different approaches to this issue, as demonstrated by the notices themselves. ViewSonic served four separate Rule 30(b)(6) notices on LPL which, when combined, demand that LPL prepare witnesses on 121 separate topics.[3] ViewSonic never consulted with LPL prior to filing these notices, thus the division of overlapping and interrelated topics among the notices was done by ViewSonic unilaterally and arbitrarily. In contrast, LPL has served one Rule 30(b)(6) deposition notice on each of the three Defendants seeking testimony on 31 topics.[4] ViewSonic now admits that it served four deposition notices on LPL seeking to compel LPL to appear for four separate depositions. In contrast, LPL served one deposition notice on each of the Defendants,

---

[2] On December 12, 2006, LPL gave deposition dates for its witnesses to the Defendants, informing them that LPL's witnesses could be available after February 22, 2007. Ironically, ViewSonic now complains that LPL's witnesses are not available before February 22, even though ViewSonic waited until the night of January 25 before it finally offered *any* dates for any of its own witnesses and still has not offered dates for most of its witnesses.

[3] On January 31, 2007, ViewSonic served four amended Rule 30(b)(6) deposition notices.

[4] LPL added the final topic in a supplemental deposition notice, whereas the first 30 topics are included in the original deposition notice.

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
February 2, 2007
Page 3

understanding that, consistent with their obligations under Rule 30(b)(6), each Defendant will designate as many witnesses as are necessary to address fully all 31 topics.[5]

Without citing a single source, ViewSonic repeatedly invokes "common sense" and the "practice in Delaware" to support its contentions that the time limits in § 4(d) of the Scheduling Order permit it to take *at least* four separate Rule 30(b)(6) depositions of LPL. (*See* ViewSonic's Jan. 26, 2007 Mot. at 2-3.) ViewSonic's skewed interpretation is unsupported by any rule of procedure, local rule, or order in this case. ViewSonic argues that each of its four notices entitle it to at least four 7-hour to 10.5-hour depositions of LPL, regardless of how many witnesses LPL designates to testify about the topics in ViewSonic's notices. For example, if LPL were to designate different witnesses to testify about different topics in each notice, then ViewSonic argues that it would be entitled to a full 7-hour to 10.5-hour deposition with each witness and under each notice. As another example, if LPL were to designate two individuals to testify on its behalf but neither individual would be able to testify about all of the topics in any one notice, then ViewSonic claims that it would be entitled to depose each individual witness for 28-42 hours. ViewSonic's proposition is both improper and unfair.

ViewSonic should not be permitted to inflate its ability to depose LPL's Rule 30(b)(6) witnesses solely based on the quantity of deposition notices it serves. Regardless of how many notices that ViewSonic serves, LPL is entitled to designate an appropriate witness or witnesses by the topics listed in the notices, and those witnesses are subject to the applicable time limits for each witness. Rule 30(b)(6) addresses this point directly: "the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, *and may set forth, for each person designated, the matters on which the person will testify.*" *See* Fed. R. Civ. P. 30(b)(6) (emphasis added). Accordingly, LPL proposes that the Special Master find that the time limits set forth in § 4(d) of the Scheduling Order apply *per witness, not per notice*.

For the foregoing reasons, LPL requests that – except for the issues on which the parties appear to agree – the Special Master deny ViewSonic's motion for clarification.

Respectfully submitted,

*[signature]*

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

---

[5] After the parties filed their cross motions on this issue, ViewSonic agreed with LPL's position that it is each party's prerogative to designate its own Rule 30(b)(6) witnesses. ViewSonic confirms that "[i]t is consistently been [sic] ViewSonic's position that it will designate witnesses to testify on its behalf under Rule 30(b)(6) in accordance with the provisions of that Rule...." (Letter from S. Miller to C. Christenson at 1 (Jan. 31, 2007), a copy of which is attached as Exhibit A.) ViewSonic went on to state that "[i]t is ViewSonic – not LPL – who has the right to identify witnesses to testify on its behalf." (*Id.*)

# EXHIBIT A

# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

LOS ANGELES, CA

355 S. Grand Ave.
Suite 3150
Los Angeles, CA 90071
TEL: (213) 787 2500
FAX: (213) 687 0498
WEB: www.cblh.com

Scott R. Miller
Partner

TEL (213) 787-2510
EMAIL smiller@cblh.com

*Via Email and U.S. Mail*

January 31, 2007

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006-1108

      Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
             **USDC Case No. 04-343 JJF**

Dear Cass:

    I am in receipt of your letter dated yesterday regarding deposition scheduling. I note initially that your letter is full of unfounded assumptions and understandings regarding the scheduling of deposition testimony from ViewSonic's witnesses and under Rule 30(b)(6). It is consistently been ViewSonic's position that it will designate witnesses to testify on its behalf under Rule 30(b)(6) in accordance with the provisions of that Rule and that ViewSonic reserves the right to designate the appropriate witnesses, including witnesses from whom an individual deposition has already been completed, in accordance with provisions of that Rule. The schedule appended to LPL's present motion before the Special Master regarding deposition scheduling appears to seek to compel the deposition of particular individuals to testify on behalf of ViewSonic under Rule 30(b)(6) in contravention with the express provisions of that Rule. It is ViewSonic – not LPL – who has the right to identify witnesses to testify on its behalf. In prior discussions with you, in response to your inquiries, ViewSonic indicated that Messrs. Volpe and Jue were potential designees by ViewSonic under Rule 30(b)(6). ViewSonic has never designated these individuals to testify on its behalf. Indeed, LPL noticed individual depositions of Messrs. Volpe and Jue. In order that we may respond to your requests regarding deposition dates, please confirm whether LPL seeks to take the depositions of Messrs. Volpe and Jue as individuals, or whether LPL is seeking to depose ViewSonic pursuant to Rule 30(b)(6) on two consecutive dates. Once we understand your position on these matters, we will be able to ascertain whether we need to obtain dates for these individual depositions.

    With regard to the deposition of the three other individuals LPL has identified it wishes to depose, we can again confirm that Sally Wang (who we presume is the person LPL misidentified to the Special Master as "Shirley Wang" is not available on February 20

10565.1


CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
January 31, 2007
Page 2

but would be available on March 2. Ms. Liu is available for an individual deposition on February 16, 2007 in Los Angeles. Mr. Ranucci's schedule is highly volatile. At present, we suggest that the parties shoot for a target date for his deposition of February 20, 2007, subject to locating a later date if necessary to accommodate his schedule. We would hope to know within the next week whether Mr. Ranucci can be available on February 20 for a deposition. As to each of these individuals, as we have said time and again, ViewSonic reserves the right to identify one or more of its designees to respond to a topic under a later-scheduled deposition under Rule 30(b)(6) on behalf of ViewSonic Corporation.

    Please let us know forthwith whether LPL wishes to proceed on the dates indicated for the witnesses identified and whether LPL is seeking an individual deposition of Messrs. Volpe and Jue on March 29 and 30, respectively, or is only seeking to depose ViewSonic Corporation on those dates. We have asked Messieurs Volpe and Jue to temporarily hold March 29 and 30 open, under the assumption that you seek to depose them as individuals on those dates and pending the immediate resolution as to whether LPL is seeking individual or corporate depositions on those dates.

Sincerely,

*Scott R. Miller/MCN*

Scott R. Miller

cc:    Rel S. Ambrozy, Esq.
       Lora A. Brzezynski, Esq.
       Cormac T. Connor, Esq.
       Richard D. Kirk, Esq.
       Mark H. Krietzman, Esq.
       Valerie W. Ho, Esq.
       Steve P. Hassid, Esq.
       Anne Shea Gaza, Esq.
       Frederick L. Cottrell III, Esq.
       Tracy R. Roman, Esq.
       Jeffrey B. Bove, Esq.
       Jaclyn M. Mason, Esq.
       Manuel C. Nelson, Esq.
       James D. Heisman, Esq.

10565.1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 2, 2007, copies of the foregoing document were served as follows:

BY EMAIL AND BY HAND:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

BY EMAIL AND BY U.S. MAIL:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

632604-1