**CONNOLLY BOVE LODGE & HUTZ LLP**

ATTORNEYS AT LAW

Jaclyn M. Mason
Associate

TEL (302) 888-6433
FAX (302) 255-4275
EMAIL jmason@cblh.com
REPLY TO Wilmington Office

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

*Via Email and Hand Delivery*

February 2, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF
ViewSonic's Opposition to LPL's Motion to Compel ViewSonic to Categorize its Products

Dear Special Master Poppiti:

ViewSonic opposes the January 26, 2007 motion submitted by LG.Philips LCD Co., Ltd. ("LPL") to compel ViewSonic to work promptly with LPL to categorize its products based on the manner in which the LCD module is attached within its products into "mounting systems or mounting categories, so that LPL may determine whether certain ViewSonic flat panel display products infringe the Patents-in-Suit" (hereinafter "Motion"). LPL's Motion has no support in fact or law and, if granted, would require ViewSonic to specially prepare documents solely for the benefit of LPL. The motion is fatally flawed and should be denied.

**No Specific Discovery Request Seeks The Information Sought By LPL's Motion**

LPL has not pointed to any specific Request for Production ("RFP") or interrogatory that seeks categorizations or classifications of "mounting systems" or "mounting categories," or documents containing such categorizations or classifications. There is no such discovery request. Although LPL argues that RFPs 2-5 supports its Motion, a proper reading of each of these RFPs reveals that none seek categorization or classification of "mounting systems" or "mounting categories."[1] LPL's motion seeks to raise a new discovery request long after the period within which to serve discovery requests expired, i.e., June 30, 2006. *See* D.I. 198, Aug. 18, 2005 Sched. Order, ¶ 4(a).

**LPL Never Previously Indicated That ViewSonic's Service Manuals Are Insufficient To Allege Infringement**

ViewSonic produced approximately 200 technical Service Manuals corresponding to more than ninety percent of ViewSonic's Visual Display Products imported, offered for sale or sold in the U.S. since December 24, 2002, the earliest issue date of the patents in suit. The Service Manuals contain what LPL refers to as "exploded view diagrams" of the ViewSonic product. In its Motion, LPL suggests for the first time that ViewSonic's Service Manuals are not sufficient to determine whether a ViewSonic product infringes. This is directly contrary to LPL's position of more than four months ago.

---

[1] A copy of LPL's RFPs 2-5 is provided as Exhibit 3 hereto.



Page 2
February 2, 2007

Specifically, LPL's motion relies on single pages extracted from several ViewSonic Service Manuals, including the VG151, VG700b, VG900, VG900b, and VP230mb. *See* Exs. A & C of LPL's Motion. These Service Manuals were among more than 60 Service Manuals ViewSonic produced on September 14, 2006. *See* Ex. 1 [Decl. of M. Nelson], ¶¶ 6, 8. Notably, on September 26, 2006, LPL's counsel represented "We have completed our review of the exploded view documents produced on September 1[4], 2006. *Based on that review, **we have determined that** all of the monitors identified in that September 1[4]th production potentially infringe the Patents-in-Suit.* ... Also, please confirm that, as we have discussed multiple times, you are producing the balance of the exploded view documents on a rolling basis." *See* Ex. 4 [2006-09-26 letter from R. Ambrozy to S. Miller (emphasis added)]. LPL did not suggest in September 2006 that ViewSonic's Service Manuals were not sufficient to determine infringement. On the contrary, based on the exploded views provided in the Service Manuals, LPL specifically represented that the ViewSonic Service Manuals were sufficient to determine the products that potentially infringed the patents in suit, and LPL requested that any remaining Service Manuals be produced on a rolling basis. LPL's contradiction here of its own statements regarding the sufficiency of the Service Manuals – not supported by any evidence such as a declaration of an expert – should be rejected. As LPL stated in September, the Service Manuals are more than sufficient for LPL to determine whether ViewSonic's products potentially infringe the patents-in-suit.

### Regardless Of The Sufficiency Of The Service Manuals, ViewSonic Cannot Be Forced To Create Documents That Do Not Exist

Without any legal authority, LPL asks the Court to compel ViewSonic to create documents that categorize products and documents into LCD module "mounting systems" or "mounting categories." LPL's Motion, at 1, 2, 3. Rule 34 of the Federal Rules of Civil Procedure is limited to documents and things which are in the "possession, custody or control" of the party from whom documents are sought. "A defendant in a civil action ***cannot*** be compelled to create, upon the request of the plaintiff, documentary evidence which is not already in existence." *Ingram v. Home Depot, U.S.A., Inc.*, No. Civ. A. 97-8060, 1999 WL 88939, *3 (E.D. Pa. Feb. 19, 1999) (citation omitted, emphasis added); *see also Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F. Supp. 511, 513 (W.D. Pa. 1983) ("Rule 34 cannot be used to require the adverse party to prepare, or cause to be prepared, a writing to be produced for inspection, but can be used only to require the production of things in existence.") (quoting *Soetaert v. Kansas City Coca Cola Bottling Co.*, 16 F.R.D. 1, 2 (W.D. Mo. 1954)). *See also* Ex. 5 [Transcript of December 28, 2006 Hearing ("Tr.")], p. 26, ll. 9-13 (acknowledging Court has no authority to compel production of document not generated in ordinary course of business).

ViewSonic has already notified LPL that, in the ordinary course of its business, ViewSonic does not categorize, classify, or concern itself with the type and/or classification of module mounting technology or mounting systems employed or used in any of its Visual Display Products. Ex. 6 [2007-01-29 letter from S. Miller to C. Christenson.] ViewSonic cannot be compelled to prepare any categorization of "mounting systems" or list of "mounting categories."

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Page 3
February 2, 2007

### LPL's Motion Contains Many Factual Errors And Lacks Proper Foundation

LPL's Motion contains many factual errors. For example, the Motion erroneously indicates that the VX900 "document" is included in Exhibit A. No portion of the VX900's Service Manual is provided in any LPL exhibit.[2] LPL, for the first time, suggests that the Service Manuals show poor detail. ViewSonic produced electronic copies and files of the Service Manuals, which may be easily blown up by LPL to show close-ups of any portion of any drawing.[3] LPL's assertion that some of the Service Manuals only show a front view erroneously relies on a single page, ignoring color photographs that show a rear view. Finally, LPL's motion indicates that "there are many [ViewSonic] products with a mounting system similar to the VS900." This demonstrates that LPL has already categorized the mounting systems.

The multitude of factual errors is symptomatic of another problem. The sweeping factual assertions in LPL's Motion are not supported by a declaration from an appropriate witness regarding the information that can (or cannot) be gleaned from the documents produced by ViewSonic. This lack of proper evidentiary foundation alone is sufficient to deny the Motion.

### Viewsonic Has Offered More Than 100 Viewsonic Products For Purchase Or Inspection By LPL

ViewSonic has offered more than 100 Visual Display Products for inspection or purchase by LPL. Ex. 7 [2007-01-30 letter from S. Miller to counsel]. This represents at least 50% of the ViewSonic Visual Display Products imported, offered for sale or sold in the U.S. since December 24, 2002, far greater than the 10% suggested by LPL. LPL made its allegation regarding inspection of ViewSonic products prior to the date set by Your Honor for ViewSonic to offer this inspection. Ex. 5 [Tr.], p. 79, l. 9 - p. 81, l. 3.

LPL's Motion effectively seeks to avoid having to prepare its own case, and instead have ViewSonic prepare LPL's infringement case. The Motion is procedurally and legally defective. If granted, it would require ViewSonic to prepare documents that do not exist and information that was not requested in discovery. Not only is it unsupported in law or fact, the motion to also too late. LPL indicates it first made its request for categorization in September 2006. Yet, without explanation, LPL failed to pursue the present motion until January 26, 2007, at the close of the discovery period and on the eve of party depositions. Granting the Motion would prejudice ViewSonic's preparation for the upcoming depositions of the parties' witnesses. Based on the foregoing, ViewSonic respectfully requests that Your Honor deny LPL's January 26, 2007 motion to Compel ViewSonic to categorize its products into "mounting systems" or "mounting categories."

Respectfully submitted,

/s/ Jaclyn M. Mason

Jaclyn M. Mason (#4737)

---

[2] The complete Service Manual for the VX900 is submitted herewith. See Ex. 1, ¶¶ 3-4, 7-8; Ex. 2 (file "VS011434.PDF" on CD).
[3] LPL's Motion also refers to a non-existent Exhibit D.



Page 4
February 2, 2007

cc: Tracy R. Roman, Esq. (via email)
Scott R. Miller, Esq. (via email)
Jeffrey B. Bove, Esq. (via email)
James D. Heisman, Esq. (via email)
Frederick L. Cottrell, III, Esq. (via email)
Anne Shea Gaza, Esq. (via email)
Frank Merideth, Jr., Esq. (via email)
Mark H. Krietzman, Esq. (via email)
Valerie W. Ho, Esq. (via email)
Steve Hassid, Esq. (via email)
Rel S. Ambrozy, Esq. (via email)
Cass W. Christenson, Esq. (via email)
Lora A. Brzezynski, Esq. (via email)
Richard D. Kirk, Esq. (via email