

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

Jaclyn M. Mason
Associate

TEL (302) 888-6433
FAX (302) 255-4275
EMAIL jmason@cblh.com
REPLY TO Wilmington Office

<div style="float:right">
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com
</div>

*Via Email and Hand Delivery*

February 2, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF

Dear Special Master Poppiti:

Defendant ViewSonic Corporation ("ViewSonic") hereby opposes the January 26, 2007 request of Plaintiff LG.Philips LCD Co., Ltd. ("LPL") that ViewSonic be ordered to submit to depositions on dates certain (hereinafter "Motion"). The dates set forth in Appendix A to LPL's motion were unilaterally selected by LPL without ever proposing them to ViewSonic or engaging in meaningful negotiations with ViewSonic (despite ViewSonic's repeated efforts). Most importantly, the dates are not available for certain of the witnesses. ViewSonic has repeatedly offered deposition dates to LPL, which LPL has turned down without engaging in good faith negotiations. Instead, at every turn LPL has sought to impose different, improper, and inconsistent restrictions on the scheduling of witnesses. Moreover, LPL's Motion seeks to have ViewSonic designate its 30(b)(6) witnesses months in advance of the 30(b)(6) deposition or to allow LPL to select those representatives, each of which is contrary to the Federal Rules of Civil Procedure ("FRCvP"). The Motion seeks to hide these facts under false complaints that ViewSonic acted improperly in not putting forth deposition witnesses, while ignoring the automatic stay of depositions resulting from ViewSonic's December 19, 2006 Motion to Compel Depositions and for a Protective Order (hereinafter "ViewSonic's December 19 Motion") which remains pending. *See* D. Del. LR. 30.2. [1] Accordingly, the instant motion should be denied. Instead, given LPL's failure to commit to deposition dates for *its* witnesses first noticed back in November, ViewSonic respectfully requests that its December 19, 2006 Motion to Compel Depositions of LPL, which is presently held in abeyance, be granted.

ViewSonic has offered LPL different deposition dates, and LPL, not ViewSonic, refused to negotiate scheduling. The proof is in the written correspondence. The deposition notices originally served by LPL requested deposition dates spanning from January 5 to February 13, 2007, or **5 weeks, 2 days**. *See* Exs. 3 & 5 to ViewSonic's December 19 Motion. Despite the stay of depositions resulting from ViewSonic's pending December 19 Motion, ViewSonic continued in good faith to try to schedule depositions of its witnesses. When first discussing dates, LPL indicated that it wanted to depose individual witnesses first, followed later by

---

[1] As Your Honor may recall, ViewSonic moved for a protective order to avoid LPL getting to depose all of ViewSonic's witnesses before one LPL deposition could be taken and to compel the fair and appropriate scheduling of depositions. On November 29, 2006, ViewSonic served six deposition notices on LPL – one for each inventor of the patents-in-suit individually, and four Rule 30(b)(6) notices. LPL refused to schedule those depositions for any date prior to February 22, 2007, which at the time was seven days before the end of the discovery cut-off date. *See* 12.19.06 Ltr. from J. Mason to Special Master Poppiti. LPL thereafter served 21 deposition notices, all scheduled between January 5, 2007 and February 13, 2007.

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Page 2
February 2, 2007

30(b)(6) depositions. This is shown by the dates of the notices themselves and was confirmed by LPL in writing, stating its desire to proceed *"in the order in which the depositions were noticed."* *See* Ex. 1 (1st paragraph); Ex. 5 (1st paragraph); Ex. 7 (p. 4). On January 18, 2006, ViewSonic agreed to try to accommodate LPL's preference to schedule the depositions in an order similar to the order in which the depositions were noticed. *See* Ex. 8 (last paragraph of first page).

On January 23, 2007, while ViewSonic's counsel was in the midst of working to clear witnesses' schedules to attempt to meet LPL's desire to depose witnesses in the order noticed, LPL started backtracking from that expressed desire and instead demanded that if a defendants' witness "will be deposed individually and as a corporate designee, that deposition should occur simultaneously or on consecutive dates." Ex. 23, p. 3, § IV. This, of course, would require the defendants to designate its corporate representatives well in advance of the deposition and to split up that corporate deposition into multiple days and sessions, neither of which they are required to do. ViewSonic had expressly advised LPL in the teleconference on January 5 that it was unwilling to permit conjoined depositions.

On January 25, 2007, the day before LPL filed its Motion, in an attempt to work out scheduling issues, ViewSonic proposed dates for three of the five individual depositions that were previously noticed by LPL.[2] *See* Ex. 12 [1.25.2007 email from S. Miller to C. Christenson]. The proposed dates corresponded to the first three witnesses originally noticed by LPL, and the dates offered by ViewSonic spanned **4 weeks, 2 days**. *Id.* The next day, LPL rejected the dates offered ViewSonic on the basis that (1) the time gap between depositions was too large, and (2) LPL wanted to depose 30(b)(6) designees at the same time that it deposed the witness in his or her individual capacity. *See* Ex. 13. Instead of negotiating the dates ViewSonic had offered, LPL filed this Motion seeking to compel depositions on completely new dates. The new dates sought by LPL span February 13, 2007 to March 30, 2007, or **6 weeks, 3 days**, demonstrating the frivolity of LPL's objection to the time span covered by ViewSonic's proposed dates and LPL's continued desire to engulf the entire discovery period only with its depositions . *See* Ex. 16 (Appendix A to LPL's Motion).

Days later, LPL again changed its position on the parameters for scheduling depositions, adding even more *new* restrictions. First, LPL indicated that it "intend[s] to depose [all defendants'] witnesses on consecutive dates." *See* Ex. 25, p. 2, 1st paragraph. Second, LPL indicated that it wanted to "schedule the depositions so that technical witnesses [of all defendants] are grouped together and other witnesses [of all defendants] are grouped together." *Id.* Third, LPL stated that it "intend[s] to depose [defendants'] Rule 30(b)(6) designees after [it has] deposed witnesses who are testifying only in an individual capacity." *Id.* None of these demands finds any support in law, and highlights how LPL "meets and confers" in this action.[3] Try though it might, ViewSonic was not able to propose dates quick enough to avoid new unsupported scheduling limits or demands.

Rather than give up, ViewSonic again made a good faith attempt to accommodate LPL's schedule and on January 31 offered dates for the five individual witnesses noticed by LPL.[4] See Ex. 26. But just yesterday, LPL again rejected the proposed dates without any counterproposal,

---

[2] The dates proposed by ViewSonic are set forth in Appendix B.
[3] Though LPL casts the process negatively before Your Honor, were it not for ViewSonic's insistence that its meet and confers between counsel take place in writing or before a court reporter, ViewSonic would have no meaningful way to show LPL's constant flip-flopping on scheduling issues and reneging on agreements between counsel.
[4] The dates proposed by ViewSonic are set forth in Appendix B.

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Page 3
February 2, 2007

*see* Ex. 27, even though the proposed dates are based on current witness availability and are close to those LPL unilaterally seeks to have Your Honor impose, thereby presenting a reasonable compromise.[5]  Moreover, LPL continues to improperly insist that defendants collectively group their witnesses for deposition according to LPL's own desires.  *Id*.  Put simply, LPL's tactics and unreasonable restrictions are the reason no schedule exists for deposing ViewSonic witnesses.  ViewSonic has fully complied with its obligations to provide deposition dates for its witnesses and LPL's motion should be denied.

The Motion is also improper because ViewSonic is not required to designate its 30(b)(6) witnesses months in advance of the 30(b)(6) depositions.  LPL's refusal to negotiate deposition dates and the instant Motion constitute an improper attempt by LPL to force ViewSonic to do so, which is not required by the FRCvP.  *See, e.g., System Fuels, Inc. v. U.S.*, 73 Fed. Cl. 206, 217 (Fed. Cl. 2006) (denying motion to compel identification of designee).  ViewSonic *is* under a duty to designate one or more person(s) to respond to relevant topics that are specified with sufficient particularity.  ViewSonic *is not* under a duty to designate that person weeks or months in advance of the scheduled deposition simply because another party demands it.  *Id*.  LPL has not cited a single authority to support this proposition.  Likewise, LPL has no right to dictate who ViewSonic puts forth as its corporate representative, and its demand to do so as part of this Motion is likewise baseless.

In reality, it is LPL, not ViewSonic, who should be compelled to set deposition dates. Despite the fact that ViewSonic served LPL with six deposition notices on November 29, 2006 – one for each inventor of the patents-in-suit individually, and four Rule 30(b)(6) notices –and that ViewSonic served its Motion to Compel Depositions of LPL on December 19, 2006, and despite multiple statements in past hearings that it would do so, LPL has refused to set a firm date for the deposition of any LPL witness.  *See* Ex. 8, p. 2, second paragraph; Ex. 27, p. 2, second paragraph.  On January 26 and 30, 2007 ViewSonic served amended notices of deposition on LPL to conform with LPL's position that it will not produce any witness prior to February 22, 2007.  ViewSonic requests that Your Honor order LPL to produce witnesses on the dates, times and places set forth in Appendix A.  Those dates reflect the new deposition dates noticed by ViewSonic, which are based on LPL's representations that it will produce the two inventors of the patents-in-suit beginning February 22, 2007 for depositions, comport with ViewSonic's acceptance of LPL's request that the individual depositions and Rule 30(b)(6) depositions of these LPL witnesses consecutively so as to reduce the possible need for multiple overseas trips by the inventors, and is proper since LPL chose to file in Delaware and given the lack of an agreement as to an alternative location (as reported to Your Honor in the January 11 Status report).

Respectfully submitted,

*/s/ Jaclyn M. Mason*

Jaclyn M. Mason (#4737)

cc:     Tracy R. Roman, Esq. (via email)
        Scott R. Miller, Esq. (via email)
        Jeffrey B. Bove, Esq. (via email)
        James D. Heisman, Esq. (via email)

---

[5] A question to remains as to whether LPL is seeking to depose Jeff Volpe and Tommy Jue in their individual capacities.  ViewSonic is still determining who to designate as a Rule 30(b)(6) witness on the topics identified by LPL.  *See* Ex. 26.

 **CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Page 4
February 2, 2007

      Manuel Nelson, Esq. (via email)
      Frederick L. Cottrell, III, Esq. (via email)
      Anne Shea Gaza, Esq. (via email)
      Frank Merideth, Jr., Esq. (via email)
      Mark H. Krietzman, Esq. (via email)
      Valerie W. Ho, Esq. (via email)
      Steve Hassid, Esq. (via email)
      Rel S. Ambrozy, Esq. (via email)
      Cass W. Christenson, Esq. (via email)
      Lora A. Brzezynski, Esq. (via email)
      Richard D. Kirk, Esq. (via email)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG CO.; <br> TATUNG COMPANY OF AMERICA, INC.; AND <br> VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343 (JJF) |

### DEFENDANT VIEWSONIC CORPORATION'S D. DEL. LR 7.1.1 CERTIFICATION CONCERNING VIEWSONIC'S OPPOSITION TO LPL'S MOTION THAT VIEWSONIC BE ORDERED TO SUBMIT TO DEPOSITIONS ON DATES CERTAIN SUBMITTED TO SPECIAL MASTER POPPITI ON FEBRUARY 26, 2007

Pursuant to D. Del. LR 7.1.1, defendant ViewSonic Corporation ("ViewSonic") submits this certification to supplement the record and in opposition to the January 26, 2007 motion of plaintiff LG.Philips LCD Co., Ltd. ("LPL") to compel defendants to submit to depositions on dates certain (hereinafter "Motion") and LPL's 7.1.1 Certification submitted therewith. The status of the meet and confer is simply that LPL refuses to set a date for a deposition despite having been served with deposition notices in November 2006. Unfortunately, LPL's persistent mischaracterizations of telephone conversations held off the record has caused ViewSonic to request that any further meet and confers be conducted in writing, or with a court report on the line for any telephonic meet and confers.

On November 29, 2006, ViewSonic served four 30(b)(6) deposition notices on LPL specifying different topics for each deposition. ViewSonic scheduled the depositions for December 11, 2006, December 27, 2006, January 18, 2007, and February 22, 2007. On

1

December 5, 2006, LPL unilaterally canceled the December 11 deposition. After the parties

exchanged several emails to schedule a meet and confer, on December 12, 2006, the parties met

and conferred regarding deposition scheduling and locations. During the December 12 meet and

confer, LPL surprised everyone by taking the unreasonable position that it would not produce

any witnesses prior to February 22, 2007, almost three months after ViewSonic had served its

deposition notices and requested deposition dates. Because LPL steadfastly refused to produce

any witnesses, ViewSonic was forced to file a motion to compel LPL to participate in deposition

discovery and for a protective order. The facts and arguments with respect to scheduling are

provided in ViewSonic's Motion to Compel Depositions of LPL and for a Protective Order and

accompanying Rule 7.1.1 Certification submitted December 19, 2006 to the Special Master, all

of which is incorporate herein by reference. That motion was heard and then held in abeyance

by the Special Master pending further efforts by the parties to appropriately and fairly schedule

the depositions.

### LPL's Repeated Mischaracterization of Facts

After the January 3, 2007 hearing before the Special Master, the parties renewed

discussions to schedule depositions. The parties met and conferred telephonically on January 5

and 8, 2007. *See* Ex. 7, ¶ 8.

Following the January 5 and 8 telephonic meet and confers, it became apparent that

LPL's continual mischaracterization of these telephonic conversations was creating a false

record and increasing the risk that the Court would not be able to sort out the truth from fiction.

For example, LPL's January 10 letter implies that an agreement was reached to incorporate

individual depositions into Rule 30(b)(6) depositions. Ex. 1, p. 1, first paragraph. But

ViewSonic's position has been that individual depositions generally must be separate and distinct

from 30(b)(6) depositions. See Ex. 14. In instances when a particular witness was traveling great distances, ViewSonic agreed to conduct the depositions close in time to avoid repeated travel, but it never agreed that an individual's deposition would be taken "simultaneous" with the 30(b)(6) deposition, or that an individual deposition could be incorporated into a 30(b)(6) deposition. *Id.*

LPL's January 11 letter to the Special Master "on behalf of all parties" contained matter added to footnote 1 that, at best, was a gross misstatement. Compare Ex. 2, fn 1 with Ex. 3. The same January 11 letter from LPL to the Special Master also contained misstatements in footnote 2. Compare Ex. 2, fn 2 with Ex. 4.

LPL's continual mischaracterization of the facts left ViewSonic with no choice but to insist that there be a transcript of any telephonic meet and confer, or that the meet and confers be conducted in writing. See Exs. 6, 14, 20, 23, 27 (second paragraph).

<u>LPL's Inconsistent Requests and Representations Regarding Deposition Dates</u>

The deposition notices served by LPL requested deposition dates spanning from January 5 to February 13, 2007, or **5 weeks, 2 days**. See Exs. 3 & 5 to ViewSonic's December 19, 2006 Motion to Compel Depositions of LPL and for a Protective Order. Those notices sought the depositions of a variety of individuals and then, at the end, the depositions of the Corporate defendants under Rule 30(b)(6).

Despite ViewSonic's pending motion for a Protective Order which effected a stay of all of the depositions of ViewSonic witnesses, ViewSonic in good faith continued to attempt to schedule depositions within the parameters of fairness, availability and the order requested by LPL. During these meet and confers, LPL specifically requested to set depositions of individuals first, followed by 30(b)(6) depositions, *in the order in which the depositions were noticed*. See

3

Ex. 1 (1st paragraph); Ex. 5 (1st paragraph); Ex. 7 (p. 4). Consistent with that direction, on

January 18, 2006, ViewSonic agreed to try to accommodate LPL's preference to schedule the

depositions in an order similar to the order in which the depositions were noticed. See Ex. 8 (last

paragraph of first page). On January 23, 2006, LPL accused ViewSonic of uncooperativeness

and backtracked on its previously indicated scheduling preference, and instead suggested that if a

witness of the defendants "will be deposed individually and as a corporate designee, that

deposition should occur simultaneously or on consecutive dates." Ex. 23, p. 3, § IV.

On January 25, 2007, the day before LPL filed the motion at issue here, ViewSonic

proceeded to offer dates for LPL to depose Tommy Jue, Sally Wang, and Vivian Liu, the first

three witnesses noticed by LPL. ViewSonic also indicated that it was investigating dates for the

remaining two witnesses. Ex. 12. These initial dates offered by ViewSonic spanned February 20

to March 22, **4 weeks, 2 days**. *Id.* On January 26, the very day LPL filed its motion, LPL

rejected ViewSonic's proposed dates saying that (1) the time gap was too large, and (2) it wants

to depose 30(b)(6) designees at the same time that it deposes the witness in his or her individual

capacity. Ex. 13. Contrary to ViewSonic's consistent position, LPL misrepresented that

ViewSonic had "agreed" to this second point. *Id.* ViewSonic was again forced to correct LPL's

misrepresentation. Ex. 14.

Instead of negotiating around the dates ViewSonic had offered, LPL filed on that same

day its motion to compel depositions on completely new deposition dates. The new dates sought

by LPL span February 13, 2007 to March 30, 2007, **6 weeks, 3 days**. Ex. 16.

Within days of filing its motion, as part of further discussions, LPL again changed its

position and added more restrictions, indicating that it "intend[s] to depose [all of the

defendants'] witnesses on consecutive dates." Ex. 25, p. 2, 1st paragraph. LPL also indicated

4

for the first time that it wanted to "schedule the depositions so that technical witnesses [of all defendants] are grouped together and other witnesses [of all defendants] are grouped together." *Id.* LPL added a third restriction, stating that it "intend[s] to depose [defendants'] Rule 30(b)(6) designees after [it has] deposed witnesses who are only testifying in an individual capacity." *Id.*

Based upon the dates identified in LPL's motion, ViewSonic offered new deposition dates. Ex. 26. LPL refused ViewSonic's second offer of deposition dates, without any attempt to compromise. Ex. 27.

As for the depositions of LPL's witnesses, despite ViewSonic's December 19, 2006 motion to compel LPL's participation in deposition discovery, LPL still has not suggested a single firm date for the deposition of an LPL witness. See Ex. 8, p. 2, second paragraph; Ex. 27, p. 2, second paragraph.

All of the relevant correspondence regarding ViewSonic's attempts to schedule depositions is enclosed as Exhibits 1-27.

Date:  February 2, 2007

Respectfully submitted,

Connolly Bove Lodge & Hutz LLP

Of Counsel:

Tracy R. Roman (CA Bar No. 199031)
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA  90067

By:   */s/   Manuel C. Nelson*
Jeffrey B. Bove (#998)
James D. Heisman (#2746)
Jaclyn M. Mason (#4737)
The Nemours Building, 8th floor
1007 North Orange Street
Wilmington, DE 19801
Telephone:  (302) 658-9141
Facsimile:  (302) 658-5614

Scott R. Miller  (CA Bar No. 112656)
Manuel Nelson (CA Bar No. 229590)
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071

*Attorneys for Defendant ViewSonic Corporation*

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2007, a true copy of the foregoing **ViewSonic**

**Corporation's Objections To LPL's Motion to Compel Deposition Dates** was hand delivered

to the following persons and was electronically filed with the Clerk of the Court using CM/ECF

which will send notification of such filing to the following and the document is available for

viewing and downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on February 2, 2007, I have sent by email and U.S. Mail the

foregoing document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

I hereby certify that on February 2, 2007, I have sent by email the foregoing document to

the following non-registered participant:

Tracy R. Roman
Raskin Peter Rubin & Simon
1801 Century Park East 23rd Floor
Los Angeles, CA 90067

By: _/s/ Jeffrey B. Bove_
    Jeffrey B. Bove (#998)
    jbove@cblh.com

511948_1.DOC

**APPENDIX A**

## VIEWSONIC'S OUTSTANDING DEPOSITION NOTICES TO LPL

| *Deposition* | *Date(s)* | *Place and Time* |
|---|---|---|
| Jong-Hwan Kim | February 22, 23 and 26, 2007 | Connolly Bove Lodge & Hutz LLP, Wilmington Delaware. 9:30 am. |
| Youngwoo Cho | February 28, March 1 and 2, 2007 | Connolly Bove Lodge & Hutz LLP, Wilmington Delaware. 9:30 am. |
| LPL – Rule 30(b)(6) on Topics 1-6 | March 5, 2007 | Connolly Bove Lodge & Hutz LLP, Wilmington Delaware. 9:30 am. |
| LPL – Rule 30(b)(6) on Topics 7-12 | March 6, 2007 | Connolly Bove Lodge & Hutz LLP, Wilmington Delaware. 9:30 am. |
| LPL – Rule 30(b)(6) on Topics 13-18 | March 7, 2007 | Connolly Bove Lodge & Hutz LLP, Wilmington Delaware. 9:30 am. |
| LPL – Rule 30(b)(6) on Topics 19-30 | March 8, 2006 | Connolly Bove Lodge & Hutz LLP, Wilmington Delaware. 9:30 am. |

**APPENDIX B**

On January 25, 2007, ViewSonic proposed the following dates for depositions of ViewSonic witnesses (*see* Ex. 12):

|               |                   |
|---------------|-------------------|
| Tommy Jue     | February 20, 2007 |
| Sally Wang    | March 2, 2007     |
| Vivian Liu    | March 22, 2007    |

These proposed dates substantially overlap with the dates listed in LPL's Proposed Schedule for Defendants' Depositions, Appendix A to LPL's Motion, demonstrating that counsel for LPL was likely available to depose the ViewSonic witnesses on such dates.

On January 31, 2007, ViewSonic proposed the following dates for depositions of ViewSonic witnesses (*see* Ex. 26):

|                |                              |
|----------------|------------------------------|
| Vivian Liu     | February 16, 2007            |
| Robert Ranucci | February 20, 2007 (tentative)|
| Sally Wang     | March 2, 2007                |
| Jeff Volpe     | March 29, 2007               |
| Tommy Jue      | March 30, 2007               |

As explained to LPL, Mr. Ranucci's schedule is highly volatile, as he is General Counsel of ViewSonic America, and travels extensively. Based on LPL's rejection of the February 20 date, Mr. Ranucci is making efforts to be available for a deposition on February 15. In addition, Jeff Volpe and Tommy Jue are being offered in their individual capacities.