# EXHIBIT 1

# McKenna Long
## & Aldridge LLP
### Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

San Diego

San Francisco

Washington, DC

Brussels

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 10, 2007

**VIA E-MAIL AND U.S. MAIL**

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071

Frank E. Merideth, Jr., Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA  90404

      Re:     LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Gentlemen:

Despite my several requests, neither of you have offered deposition dates for any of your witnesses. Currently, we have depositions scheduled of ViewSonic, Tatung, and Tatung America witnesses in January and February. We need your cooperation to schedule mutually convenient dates for all of these depositions. Given the number of witnesses that we need to depose, we intend to begin the depositions in late January or early February, beginning with the witnesses that we identified as the initial individual deponents in LPL's December 5, 2006 deposition notices. Please provide proposed deposition dates this week for all of the individual and Rule 30(b)(6) depositions, following the same order reflected in the deposition notices (i.e., starting with Sally Wang and Tommy Jue as the first depositions). For any individuals who will testify as Rule 30(b)(6) designees, we agree to defer their individual deposition and incorporate the individual deposition into the Rule 30(b)(6) deposition.

We will continue to work with you to schedule Defendants' depositions on consecutive dates, to minimize burdens and expense for all concerned. As we also need to retain interpreters, please let us know this week which witnesses will require an interpreter and the native language used by the witnesses. Please also provide to us this week contact information for Mike Zapka (ViewSonic) and David Wang (Tatung), as you have informed us that these witnesses are no longer employed by your clients and cannot be produced without subpoena. Please also identify the successor employees concerning both Mr. Zapka and Mr. Wang.

Scott R. Miller, Esq.
Frank E. Merideth, Jr., Esq.
January 10, 2007
Page 2

       We look forward to resolving these issues this week so that we do not need to seek the
Special Master's assistance.

                                        Very truly yours,

                                        Cass W. Christenson

CWC:ea

cc:    Mark Krietzman, Esq. (via e-mail)
       Jeffrey B. Bove, Esq. (via e-mail)
       Jaclyn M. Mason, Esq. (via e-mail)
       Anne Shea Gaza, Esq. (via e-mail)
       Frederick L. Cottrell, III, Esq. (via e-mail)
       Tracy R. Roman, Esq. (via e-mail)
       Richard Kirk, Esq. (via e-mail)

# EXHIBIT 2

# THE BAYARD FIRM
### A   T   T   O   R   N   E   Y   S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

῁ MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access
302-429-4242
astitzer@bayardfirm.com

BY HAND AND BY EMAIL

January 11, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, Delaware  19801

> **Re:**  *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
> **U.S. District Court Case No. 04-343 JJF**

Dear Special Master Poppiti:

    I write on behalf of all parties in the above-referenced litigation to report to Your Honor regarding the agreements reached by counsel on the deposition locations and the status of on-going discussions addressing the subject matters of Rule 30(b)(6) depositions.

    First, counsel for all parties are agreeable to having the depositions of LPL's witnesses take place in Washington, D.C., at the offices of either Connolly Bove Lodge & Hutz LLP or Greenberg Traurig, LLP and the depositions of ViewSonic's and Tatung's witnesses take place in Los Angeles, CA at the offices of McKenna Long & Aldridge LLP.   Counsel hope to avoid the need to seek assistance from the Special Master during depositions.  If necessary, however, counsel will follow the Special Master's telephonic dispute resolution process for deposition disputes set forth in paragraph 10 of the Special Master's Discovery Dispute Procedures, recognizing that the Special Master may grant appropriate relief to remedy any deposition misconduct.  One issue remains unresolved to make this a complete agreement.[1]

---

[1] Defendants propose that, the parties acknowledge that, should Your Honor deem it necessary, the deposition will be moved to Wilmington, DE so that Your Honor may personally oversee the deposition.  ViewSonic's agreement to the location of LPL depositions is expressly conditioned on the understanding that the agreement as to deposition location does not prevent a party from requesting the Special Master relocate the deposition, if needed, as outlined above.  Defendants also propose that the parties acknowledge that Your Honor is empowered to order whomever

*(footnote continued on next page)*

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 11, 2007
Page 2

Second, counsel have engaged in a meet and confer regarding the Rule 30(b)(6) deposition notices and objections thereto filed by each party. Plaintiff served objections to Defendants' Rule 30(b)(6) topics on December 13 and December 21. ViewSonic and Tatung served objections to LPL's Rule 30(b)(6) topics on January 5. Counsel are in the process of exchanging and considering proposals to limit certain topics based on the requested subject matter and to address other topics during expert discovery. The parties have agreed to reconvene to further discuss the Rule 30(b)(6) deposition topics and objections thereto on January 17, 2007 at 3:00 p.m. EST and will report to Your Honor promptly thereafter. The parties are also discussing and attempting to agree on the meaning of the Scheduling Order regarding the time limits applicable to these depositions and deposition scheduling. Deposition dates remain to be confirmed, but Defendants will not refuse to produce all witnesses until after LPL's depositions.[2]

Third, counsel have discussed certain of Defendants' witnesses for which depositions may be partially or wholly unnecessary if a deposition of that witness from a prior recent case can be used in this case. Counsel for LPL will identify depositions of specific witnesses from other cases for use in this case and counsel for Defendants will then consider whether to agree to allow

---

*(footnote continued from previous page)*

Your Honor believes is engaging in improper conduct to bear the costs of moving the deposition to Wilmington. LPL has not agreed to any of these proposals, which were made in an effort to reach compromise regarding the location of depositions. The proposal for where to conduct depositions was made by LPL, and Tatung has agreed to LPL's proposal on deposition location. ViewSonic's attempt to condition the location on an agreed remedy is premature. Originally, ViewSonic insisted that the Special Master should attend each deposition of LPL's witnesses. Now, ViewSonic insists that the parties agree to a remedy on the unwarranted assumption that LPL will engage in deposition misconduct. ViewSonic proposes that "should the Special Master deem it necessary, the deposition will be moved to Wilmington, DE so that Your Honor may personally oversee the deposition. The parties propose that whomever Your Honor believes is engaging in improper conduct be ordered to bear the costs of moving the deposition to Wilmington." LPL has always maintained that any party can seek any desired relief for deposition misconduct and that the choice of remedy is for the Special Master. LPL informed ViewSonic that there is no need now, when no disputes even exist, to agree to a specific remedy that should apply, which is an issue for the Special Master to decide if and when necessary. These issues can be addressed at the appropriate time based on specific facts. Tatung has previously agreed to LPL's proposal on location.

[2] The defendants' agreement to extend the March 2, 2006 deposition deadline reported to Your Honor on January 10, 2007, was based on the express understanding that the defendants would voluntarily produce only one or two witnesses before the February 22, 2007 deposition of LPL witnesses. LPL never indicated that this condition was unacceptable and in fact expressly asked defendants to make the agreement to extend based on the assumption that only one or two defendant depositions would take place before the February 22 LPL depositions. No agreement has been reached concerning the number or identity of witnesses that Defendants will produce before LPL's depositions. LPL disputes that Defendants may withhold all but 1-2 deposition witnesses and will seek relief from the Special Master, if necessary. LPL intends to proceed with Defendants' depositions as soon as possible, but Defendant have refused to ever provide a single proposed deposition date for any of their witnesses.

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 11, 2007
Page 3

such depositions to be used in this case, to the extent it has the necessary access to the deposition transcripts.  In the event that the parties are unable to agree, LPL reserves the right to file an appropriate motion with the Court.[3]

Respectfully submitted,

Ashley B. Stitzer

cc: Counsel as shown on the attached certificate

_____

[3] It is Defendants position that LPL should identify the efficiencies LPL expects to result from using such deposition testimony.  ViewSonic will not waive its right to examine the witness in a deposition in this case even if the testimony comes in as LPL proposes, and ViewSonic will not stipulate to allowing the testimony to be used here without the right to fully examine the testimony.  To do that, ViewSonic needs full access to the testimony of all witnesses.  Presently, ViewSonic does not have access to the Tatung testimony, the LPL testimony, or the testimony of CPT or Jean Co. that would even permit further conversations to proceed among counsel.  This situation requires the Protective Order in the other cases to be modified and that burden is on LPL, as noted by Your Honor during the December 28, 2006 teleconference.  LPL disputes that Defendants lack access to their own clients' depositions in prior cases.  The protective order allows the Defendants' counsel to have access to their depositions.  Accordingly, there is nothing to prevent Defendants' counsel from engaging in good faith discussions regarding the use of their respective clients' prior depositions in this case.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on January 11, 2007, copies of the

foregoing document were served as follows:

BY EMAIL AND BY HAND:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


BY EMAIL AND BY U.S. MAIL:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067


/s/ Ashley B. Stitzer (as3891)
Ashley B. Stitzer

632604-1

# EXHIBIT 3

## Manuel C. Nelson

| | |
|---|---|
| **From:** | Scott Miller |
| **Sent:** | Thursday, January 11, 2007 11:20 AM |
| **To:** | 'Sharon Trent'; Connor, Cormac; 'Christenson, Cass'; Dick Kirk |
| **Cc:** | gaza@rlf.com; meridethf@gtlaw.com; Cottrell, Frederick; Jaclyn M. Mason; Jeff Bove; hongj@gtlaw.com; krietzmanm@gtlaw.com; bialasm@gtlaw.com; hassids@gtlaw.com; troman@raskinpeter.com; hov@gtlaw.com; Nancy Phillips |
| **Subject:** | RE: LG. Philips LCD Co., Ltd v. Viewsonic et al.   (C.A. 04-343) |

Counsel:
The letter just circulated to the Special Master contains a misstatement in footnote 1.  It wrongly states "Originally, ViewSonic insisted that the Special Master should attend each deposition of LPL's witnesses."  ViewSonic never insisted that the Special Master attend each deposition of LPL's witnesses.  Rather, ViewSonic argued that the LPL depositions should take place in Delaware because Delaware is the forum chosen by LPL for this case and so that the Special Master could attend the depositions if necessary and appropriate.

As this statement was made by LPL, we request that you immediately correct the record on this point.

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com
-----Original Message-----
From: Sharon Trent [mailto:strent@bayardfirm.com]
Sent: Thursday, January 11, 2007 8:59 AM
To: Poppiti@blankrome.com
Cc: gaza@rlf.com; meridethf@gtlaw.com; Cottrell, Frederick; Jaclyn M. Mason; Jeff Bove; hongj@gtlaw.com; krietzmanm@gtlaw.com; bialasm@gtlaw.com; Scott Miller; hassids@gtlaw.com; troman@raskinpeter.com; hov@gtlaw.com; Connor, Cormac
Subject: LG. Philips LCD Co., Ltd v. Viewsonic et al. (C.A. 04-343)


Dear Special Master Poppiti:

Please see the attached letter dated January 11, 2007 from Ashley Stitzer regarding depositions.  A hard copy of this letter will be hand delivered to your office this afternoon.  A hard copy will also be delivered to local counsel.




Sharon P. Trent, Paralegal
The Bayard Firm
222 Delaware Avenue
Wilmington, Delaware  19801
Direct: 302-429-4259

Fax: 302-658-6395
Website: www.bayardfirm.com <http://www.bayardfirm.com/>

------------------------------------
IRS Circular 230 DISCLOSURE:
Notice regarding federal tax matters: Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.
------------------------------------
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT 4

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

Scott R. Miller
Partner

TEL (213) 787-2510
FAX (213) 687-0498
EMAIL smiller@cblh.com
REPLY TO Los Angeles Office

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

*Via Email*

WEB www.cblh.com

January 11, 2007

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC 20006

> Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
>        USDC, Delaware, C.A. No. 04-343-JJF

Dear Cass:

This letter responds to your letter of January 10, 2007. Your letter mischaracterizes the state of affairs and the discussions in which you chose not to participate.

As you know, in light of LPL's refusal in December 2006 to produce any witnesses for a deposition until February 22, 2007, ViewSonic was forced to move for a Protective Order, which motion is currently pending and being held in abeyance by the Special Master.

More recently, during discussions with Ms. Brzezynski attempting to address the deposition cutoff, we advised LPL that we were not willing to voluntarily produce more than 1 or 2 witnesses for deposition before the LPL 30(b)(6) deposition was commenced on February 22. Indeed, defendants expressly made clear that they were entertaining this extension *solely* due to LPL's inability (or unwillingness) to produce a witness before February 22 and that but for that conduct, both ViewSonic and Tatung expressly stated that they each felt the March 2 date was sufficient. The entire discussion that ensued was framed by Ms. Brzezynski as whether the defendants would be willing to extend the deposition cut off date on the assumption that defendants would not produce more than 1 or 2 witnesses before the February 22 LPL deposition. We also expressly advised LPL that these witnesses are also subject to the concerns of travel efficiency as LPL has raised in conjunction with its witnesses. Thus, there can be no doubt but that the agreement was conditioned on the understanding that the defendants would produce one or two witnesses prior to LPL producing its first 30(b)(6) witness. Should you wish to proceed under the agreement, please advise all defense counsel of the witnesses within the limits agreed upon that you wish to depose so that defendants can attend to checking calendars.

Finally, your position on these depositions appears inconsistent with your attempts to incorporate various depositions of witnesses from other cases into this case. It seems that you continue to seek to depose witnesses here who were previously deposed. Please explain if you are now abandoning your previously expressed request to incorporate into this case deposition testimony from other cases. To date, LPL has not identified any supposed efficiency resulting from its proposal to use depositions from other cases, or how the time spent gathering that testimony in the other cases would reduce LPL's Court imposed deposition time limit in this

 **CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
January 11, 2007
Page 2


case. As we have said before, ViewSonic strongly opposes any attempt to end run the discovery limits of this case by importing discovery from other cases.

Sincerely,

Scott R. Miller


cc:     Rel S. Ambrozy, Esq.
        Lora A. Brzezynski, Esq.
        Richard D. Kirk, Esq.
        Mark H. Krietzman, Esq.
        Frank E. Merideth, Jr., Esq.
        Valerie W. Ho, Esq.
        Jong P. Hong, Esq.
        Steve P. Hassid, Esq.
        Anne Shea Gaza, Esq.
        Frederick L. Cottrell III, Esq.
        Tracy R. Roman, Esq.
        Jeffrey B. Bove, Esq.
        Jaclyn M. Mason, Esq.

# EXHIBIT 5

Albany

Atlanta

Brussels

Denver

Los Angeles

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York

Philadelphia

San Diego

San Francisco

Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 12, 2007

**VIA E-MAIL AND U.S. MAIL**

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Re:    LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Scott:

Thank you for your January 11, 2007 letter.

If Defendants now refuse to produce more than two witnesses each before LPL's depositions are completed, we will have to file a motion with the Special Master to compel depositions. In the meantime, you still have not responded to my many requests for proposed deposition dates. Please provide proposed dates today for the witnesses whose depositions we have noticed. As I stated in my January 10 letter, please provide dates for the witnesses in the order for which their depositions were noticed. If you can propose a reasonable deposition schedule, we can avoid resorting to further motion practice. Please cooperate.

With respect to the use of other depositions in this case, we have been trying for weeks to obtain Defendants' consent to use their prior depositions in this case to the extent that their prior testimony is relevant to issues in this case. In my January 10 letter, I identified specific witnesses and several issues for which prior testimony would be relevant. We have confirmed repeatedly that we do not intend to redepose witnesses on identical issues already adequately covered in prior depositions that can be used in this case. We are not proposing any reduction of the general time limits the Court has established for depositions of Defendants' witnesses in this case. We are proposing that we attempt to be efficient in taking depositions and avoid covering testimony that already exists from other cases.

Scott R. Miller, Esq.
January 12, 2007
Page 2


      Given ViewSonic's position that using other depositions in this case would "attempt to end run the discovery limits in this case," we will seek appropriate relief from the Court.  If ViewSonic is willing to reconsider its position, of course, please let me know.

Very truly yours,

Cass W. Christenson


CWC:ea

cc:    Mark H. Krietzman, Esq. (via e-mail)
      Frank Meredith, Esq. (via e-mail)
      Jeffrey B. Bove, Esq. (via e-mail)
      Jaclyn M. Mason, Esq. (via e-mail)
      Anne Shea Gaza, Esq. (via e-mail)
      Frederick L. Cottrell, III, Esq. (via e-mail)
      Tracy R. Roman, Esq. (via e-mail)
      Richard Kirk, Esq. (via e-mail)

# EXHIBIT 6

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

Manuel Nelson

TEL  (213) 787-2515
FAX  (213) 687-0498
EMAIL  mnelson@cblh.com
REPLY TO  Los Angeles Office

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

*Via Email and First Class Mail*

January 16, 2007

Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC  20006

Frank E. Merideth, Jr.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404

Re:     *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*
        USDC, Delaware, C.A. No. 04-343-JJF

Dear Counsel:

I write to inform you that counsel for ViewSonic will not be available to meet and confer on January 17, 2007, as previously scheduled, regarding deposition issues.  I apologize for any inconvenience this may cause.

We suggest that the parties meet and confer on January 19, 2007, after the hearing and status conference scheduled with the Special Master is completed.  If that is not convenient, we suggest conferring early the following week, January 22 or 23, at 1:30 p.m. EST (10:30 a.m. PST).  Please let us know your availability.

I would like to take this opportunity observe that, despite our obligations as lawyers, we continue to have surprising difficulties with the meet and confer process.  In an attempt to reduce or eliminate some of the misunderstandings that arise or differing recollections that can form during our meet and confers, I suggest we consider conducting future meet and confers in writing, or, alternatively, with a court reporter present.  We are interested in your view(s) on these alternative proposals.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

January 16, 2007
Page 2

Sincerely,

Manuel Nelson

cc:     Rel S. Ambrozy, Esq. (via email)
        Lora A. Brzezynski, Esq. (via email)
        Richard D. Kirk, Esq. (via email)
        Mark H. Krietzman, Esq. (via email)
        Valerie W. Ho, Esq. (via email)
        Jong P. Hong, Esq. (via email)
        Steve P. Hassid, Esq. (via email)
        Anne Shea Gaza, Esq. (via email)
        Frederick L. Cottrell III, Esq. (via email)
        Scott R. Miller, Esq. (via email)
        Tracy R. Roman, Esq. (via email)
        Jeffrey B. Bove, Esq. (via email)
        Jaclyn M. Mason, Esq. (via email)

# EXHIBIT 7

Albany                                    New York
Atlanta                                   Philadelphia
Brussels                                  San Diego
Denver                                    San Francisco
Los Angeles                               Washington, D.C.

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

CASS W. CHRISTENSON                                    EMAIL ADDRESS
(202) 496-7218                            cchristenson@mckennalong.com

January 17, 2007

**VIA E-MAIL AND U.S. MAIL**

Manuel Nelson, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071

Frank E. Merideth, Jr., Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA  90404

Re:    LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Manuel and Frank:

I write to respond to Manuel's January 16, 2007 letter informing us that ViewSonic is now unavailable for the previously confirmed deposition teleconference that we had scheduled for today at 3:00.

Given ViewSonic's unavailability today, we agree to reschedule the January 17, 2007 call to after the hearing with the Special Master on January 19. We propose that we begin the call at the same time, 3:00 p.m. Washington time, on January 19. Also, please let us know when you propose that we exchange the information that we had discussed in our January 8 teleconference. We had previously agreed to exchange that information before our call today. When would the Defendants like to exchange this information?

Specifically, during our January 8 discussion, we addressed the following issues:

1.      We agreed to exchange our anticipated designees, including which issues the designees will address, so that we can better estimate and discuss the amount of time that we believe is appropriate for the Rule 30(b)(6) depositions in this case.

Manuel Nelson, Esq.
January 17, 2007
Page 2

2.     We agreed to exchange proposals concerning which current Rule 30(b)(6) topics could be more suitable for expert witness discovery.

3.     Defendants agreed to review their topics for duplicative topics that could be dropped (for example, topics 10(a)-(b) are duplicative of topics 7(a)-(b)).

4.     Defendants agreed to review topics for which LPL has specifically requested more explanation concerning what information will be sought at the deposition in order for LPL to better address and respond to those topics, including topics 4, 5(b), 8(a), 8(b), 13(i), 13(q), 13(v), 15(a), 24(d), 24(h), and 25(d).  These are examples of topics for which LPL needs input from Defendants as soon as possible.

5.     Defendants agreed to consider LPL's proposal to narrow the time frame for topics concerning financial information / damages issues.  Defendants' time frame for such topics goes back to 1998.

6.     LPL discussed its concern regarding Topic 11, which ViewSonic's counsel confirmed is intended to address the issue of inequitable conduct.  As I explained during our January 8 call, ViewSonic has not alleged any inequitable conduct defense in this case.  The Tatung Defendants have improperly attempted to assert inequitable conduct on information and belief, without asserting affirmatively specific facts necessary to allege or support such a defense.  ViewSonic's counsel stated that ViewSonic's "unclean hands" defense might support discovery regarding an inequitable conduct defense.  LPL disagrees.  Any unclean hands or inequitable conduct defense must comply with the particularity requirements of Fed. R. Civ. P. 9(b).  *See, e.g., EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996) ("the particularity requirement of Rule 9(b) applies to inequitable conduct charges," such that a pleading must "disclose the name of the relevant prior art and disclose the acts of the alleged fraud").  In its Answer and Defenses, ViewSonic failed to identify a single fact in support of its unclean hands defense.  ViewSonic's subsequent interrogatory responses cannot cure deficient pleadings, and, in any event, ViewSonic states in its interrogatory answer that only after claim construction is completed might ViewSonic "be able to ascertain whether LPL is engaged in unclean hand conduct based upon its attempts to apply the claims of the Patents-in-Suit to the VX900 and any other products LPL may allege of infringement."  (See ViewSonic's Supp. Resps. to LPL's 2d Set of Interrogs. at No. 16).  This is not a proper basis for an unclean hands defense.  Defendants are not entitled to fish for discovery on defenses for which there is no valid support in pleading or fact.  *See Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 221-22 (N.D. Cal. 1994) ("Vague allegations of inequitable conduct may also be the launching of a 'fishing expedition,' allowing the accuser to embark on wide-ranging discovery upon a thimble full of facts.  This is precisely the sort of tactical maneuvering that Rule 9(b) is designed to deter.").  Accordingly, we repeat our request that Defendants agree not to pursue Topic 11, as this topic amounts to harassment and lacks a sufficient basis.

Manuel Nelson, Esq.
January 17, 2007
Page 3

We also are concerned about questions on topics that appear to address whether LPL's products are covered by any claims in the Patents-in-Suit. LPL's products are not relevant to the infringement issues in this case. Accordingly, please confirm that Defendants do not intend to ask LPL questions concerning the extent to which LPL's products use the patented technology, including, for example, comparisons between LPL's products and any accused products. *See, e.g.,* Topics 1(d), 21, 23. We also do not understand what information Defendants seek in response to Topic 27(c) or how this Topic is relevant. Please clarify this Topic as well.

7.     LPL objects to the Defendants' intention to attempt to depose each of the two inventors for 21 hours, for a total of 42 hours of deposition time. As I stated on January 8, this is contrary to the Scheduling Order, which allows Defendants to depose both inventors for a combined total of up to 21 hours (three days) on consecutive days. *See* Scheduling Order at para. 4(d).

8.     On January 5, Mr. Miller had suggested that, with respect to depositions of Rule 30(b)(6) designees, Defendants should be able to depose each witness for up to 10.5 hours for each of Defendants' four deposition notices. As I stated, however, LPL's position is that the number of deposition notices served does not impact the time limits for each Rule 30(b)(6) witness. Further, on January 8, ViewSonic's counsel asked whether LPL would be limited to one day of deposition time for all topics if ViewSonic designated only one witness to address all topics. As I stated, LPL would object to that approach as not reasonable. LPL needs complete and accurate testimony on the topics for which LPL has noticed Defendants' depositions, which will require each Defendant to produce an appropriate number of witnesses for an appropriate amount of time to cover all of the topics.

9.     We discussed incorporating into this case deposition testimony from the recent Delaware Case No. 05-292.

We look forward to continuing our discussions on January 19 regarding the issues summarized above and to our exchange of information.

With respect to your comment on whether to discontinue further communications except in writing or in the presence of a court reporter, we understand and share your concerns. When appropriate, however, we believe that oral discussions are helpful and efficient, and that using a reporter could prevent urgent discussions and would make discussions unduly expensive. We believe, therefore, that counsel should not limit our communications to reported or written discussions. When necessary, of course, counsel may confirm discussions in writing to avoid subsequent disputes.

Finally, Defendants have refused to produce any witness on any of the dates for which depositions have been noticed. We have requested many times that Defendants propose new

Manuel Nelson, Esq.
January 17, 2007
Page 4

deposition dates for all of their witnesses, but Defendants have failed to do so. As stated in my January 10, 2007 letter, LPL intends to begin depositions in late January or early February in the same order of witnesses as noticed in LPL's December 5, 2006 deposition notices. Because Defendants have refused to provide any proposed deposition dates, despite multiple requests, LPL has no choice but to seek the Special Master's immediate assistance.

Very truly yours,

Cass W. Christenson

CWC:ea

cc:     Richard D. Kirk, Esq. (via e-mail)
        Mark Krietzman, Esq. (via e-mail)
        Valerie W. Ho, Esq. (via e-mail)
        Jong P. Hong, Esq. (via e-mail)
        Steve P. Hassid, Esq. (via e-mail)
        Anne Shea Gaza, Esq. (via e-mail)
        Frederick L. Cottrell, III, Esq. (via e-mail)
        Scott R. Miller, Esq. (via e-mail)
        Tracy R. Roman, Esq. (via e-mail)
        Jeffrey B. Bove, Esq. (via e-mail)
        Jaclyn M. Mason, Esq. (via e-mail)

# EXHIBIT 8

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

Manuel Nelson

TEL (213) 787-2515
FAX (213) 687-0498
EMAIL mnelson@cblh.com
REPLY TO Los Angeles Office

*Via Email*

January 18, 2007

Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC  20006

Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*
USDC, Delaware, C.A. No. 04-343-JJF

Dear Mr. Christenson:

Thank you for your January 17, 2007 letter regarding depositions.  This letter responds to some of the issues identified in your letter.

We are still waiting to hear Tatung's position regarding meeting and conferring via letters or with a court reporter.  Unless we are convinced otherwise by Tatung or the Special Master, at this time, ViewSonic believes the parties would be best served and efficiencies improved by implementing our suggested meet and confer procedure.  Thus, we have addressed below deposition issues raised in your letter and will promptly send you correspondence on other issues.  Please provide us with any further correspondence regarding the below issues or any other issues you believe need to be addressed.

Contrary to the suggestion in your letter, ViewSonic has not refused to produce any witnesses for depositions.  LPL, not ViewSonic, has refused to participate in deposition discovery.  LPL still refuses to set a single deposition date.  LPL's refusal to provide a witness within a reasonable time forced ViewSonic to file a motion to compel LPL to participate in deposition discovery, and for a protective order, which motion is held in abeyance and remains pending.  ViewSonic is not obligated to produce any witness for a deposition until its motion for a protective order is ruled upon.

Notwithstanding ViewSonic's motion for a protective order, and without waiving its right to invoke the protection provided by that motion, ViewSonic will take the lead, once again, to try and move things forward in this case.  Regarding LPL's request to take the depositions of ViewSonic witnesses in an order similar to the order the witnesses were noticed by LPL, ViewSonic anticipates LPL will be flexible with this request.  ViewSonic expects to identify, by Tuesday, January 23, 2007, available dates for Sally Wang and Vivian Liu, two of the first three ViewSonic witnesses noticed by LPL for depositions.  As the parties previously discussed, Michael Zapka, no longer works for ViewSonic.  ViewSonic is trying to determine Mr. Zapka's current contact information.  ViewSonic will provide dates for Robert Ranucci and Jeff Volpe after the dates for the intervening Tatung witnesses have been set, which will accommodate LPL's request to take the depositions in the order originally noticed by LPL.



CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

January 18, 2007
Page 2

As we have indicated, Tommy Jue is in Taiwan. ViewSonic anticipates that Mr. Jue likely will be designated as a 30(b)(6) witness. Thus, we will produce Mr. Jue closer in time to the 30(b)(6) depositions of ViewSonic. If Mr. Jue is selected as a ViewSonic 30(b)(6) designee, he will be produced in that capacity immediately after his individual deposition. With respect to the remaining ViewSonic 30(b)(6) designees, in accordance with your suggestion that depositions of the defendants be taken in the order noticed by LPL, ViewSonic will preliminarily designate corporate representatives for the 30(b)(6) topics after the depositions of ViewSonic's witnesses have been completed. To the extent this requires local witnesses to be produced a second time, ViewSonic will bear that burden to accommodate LPL's request to depose the defendants' witnesses in the order noticed.

While on the subject of scheduling 30(b)(6) depositions, as indicated above, LPL still refuses to set any date for a 30(b)(6) deposition. LPL cannot reasonably expect to obtain all of the 30(b)(6) testimony LPL seeks without producing LPL 30(b)(6) designees at fair and reasonable times. Please provide a firm date when LPL is willing to produce at least its first 30(b)(6) witness to be deposed.

Your letter summarized some of the prior discussions regarding time limits for 30(b)(6) depositions. We understand that LPL does not agree with any suggestion offered thus far by ViewSonic regarding time limits for deposing 30(b)(6) designees. What is not clear is LPL's view regarding time limits for deposing 30(b)(6) designees. Please clarify LPL's proposal regarding time limits for deposing 30(b)(6) designees.

As indicated in your letter, during our January 8 conference, LPL suggested that the parties might be able to agree that certain 30(b)(6) topics could be more suitable for expert witness discovery. Before pursuing this further, ViewSonic needs to know whether LPL will agree not to present any employee, officer or director of LPL (including any inventor) at trial to testify about any 30(b)(6) topic that the parties agree at this stage is more suitable for an expert witness. Without such an agreement, ViewSonic is unlikely to forego any 30(b)(6) topics it noticed.

LPL suggested that the noticed time frames could be uniformly narrowed for 30(b)(6) topics concerning financial information and/or damages related issues. ViewSonic has considered LPL's suggestion. ViewSonic is entitled to discovery it seeks regarding obviousness of the alleged invention claimed in the patents in suit, including evidence related to satisfaction of any long-felt need(s) in the industry related to different mounting techniques, which implicates LPL's sales of flat panel products prior the date of the invention of the patents in suit. Consequently, ViewSonic cannot presently agree to LPL's proposed date restriction.

With respect to the discussion in your January 17, 2007 letter regarding Topic 11 in ViewSonic's 30(b)(6) deposition notice of LPL, there are several points that warrant clarification. First, Topic 11 encompasses various issues, including the knowledge of the inventors and the patent attorneys of the scope and content of certain prior art references. These issues are related not only to inequitable conduct, but also invalidity, unclean hands, patent misuse, as well as other issues. ViewSonic's Third Defense pleads invalidity. ViewSonic's Fifth Defense pleads unclean hands, which includes patent misuse. ViewSonic's Eighth Defense clearly implicates the possibility that the evidence may give rise to other defenses, including inequitable conduct. Moreover, the more lenient Rule 8 of the Federal Rules of Civil Procedure, not Rule 9, applies to pleading requirements for the defenses of invalidity, unclean hands and patent misuse. Thus, ViewSonic cannot agree not to pursue Topic 11 as requested in your letter.



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

January 18, 2007
Page 3

On a matter related to these defenses, during our January 8, 2007 teleconference, LPL agreed that it would provide the bates number of the agreement with DEC, provided this agreement was produced in this case. Have you been able to determine whether the DEC agreement was produced in this case? If not, please produce a copy of the agreement with DEC.

With respect to LPL's position that the Scheduling Order permits the two inventor of the patents in suit to be deposed for 10.5 hours each for a combined total of 21 hours for both inventors, that is not consistent with the most reasonable reading of ¶ 4(d) of the Court's Scheduling Order, which provides that no fact witness or 30(b)(6) designee "for whom English is [sic, not] their first language shall be deposed for more than 10.5 hours." This sentence limits depositions of non-English speakers to 10.5 hours. If the deposition of each inventor were to be limited to 10.5 hours, there would be no need for the next sentence in the Scheduling Order: "Notwithstanding the foregoing limitations, the inventors of the patents in suit may be deposed for up to 21 hours total, which shall be consecutive." The most reasonable interpretation of these provisions permits each inventor to be deposed for up to 21 hours during 3 consecutive days. This interpretation is consistent with the position advocated by ViewSonic in connection with the 26(f) report submitted to the Court. Paragraph 4(d) of the Scheduling Order incorporates ViewSonic's position.

With respect to LPL's desire to incorporate deposition testimony from another Delaware case (no. 05-292), which in turn incorporates eight cases, that proposal was addressed in Scott Miller's January 16, 2007 letter to you.

We will respond separately to the remaining issues related to specific noticed topics identified in your letter.

Sincerely,

Manuel Nelson

cc:    Rel S. Ambrozy, Esq. (via email)
       Lora A. Brzezynski, Esq. (via email)
       Richard D. Kirk, Esq. (via email)
       Mark H. Krietzman, Esq. (via email)
       Frank E. Merideth, Jr., Esq. (via email)
       Valerie W. Ho, Esq. (via email)
       Jong P. Hong, Esq. (via email)
       Steve P. Hassid, Esq. (via email)
       Anne Shea Gaza, Esq. (via email)
       Frederick L. Cottrell III, Esq. (via email)
       Scott R. Miller, Esq. (via email)
       Tracy R. Roman, Esq. (via email)
       Jeffrey B. Bove, Esq. (via email)
       Jaclyn M. Mason, Esq. (via email)

# EXHIBIT 9

# Greenberg Traurig

Frank E. Merideth, Jr.
Tel. 310.586.7825
Fax 310.586.0275
MeridethF@gtlaw.com

January 18, 2007

**VIA EMAIL AND MAIL**

Cass W. Christenson, Esq.
Matthew T. Bailey, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

      Re:    LG. Philips, LCD Co., Ltd v. Tatung Company

Dear Cass:

      This responds to the various points referred to in your January 17 letter. I have addressed the issues below using the same numbers as in your letter.

      1.     I identified Tatung and Tatung America designees in my letter of January 5, 2007.

      2.     I provided my suggestions as to 30(b)(6) topics in my letter of December 28, 2006.

      3.     We do not agree these topics are the same. But if you do, you will prepare your representative accordingly. Obviously, we have no intention of asking the same questions twice.

      4.     I have looked at these topics and find them to be clear and straight forward. What is it you do not understand?

      5.     Unless LPL stipulates to some specific limitation on damages, there is no way damages discovery can be limited.

      6.     How can you complain, on the one hand, that the allegations of inequitable conduct are not specific enough and, on the other hand, refuse to provide the discovery needed to make the allegations specific? We need this discovery in order to confirm that there is a reasonable basis for an inequitable conduct claim. Clearly, LPL's use and licensing of the patented technology is relevant to damages.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | Los Angeles Office | 2450 Colorado Avenue | Suite 400E | Santa Monica, CA 90404
Tel 310.586.7700 | Fax 310.586.7800

www.gtlaw.com

Cass W. Christenson, Esq.
January 18, 2007
Page 2

      7.    We don't agree with your interpretation of Paragraph 4(d) of the Scheduling Order. It makes no sense that English speaking witnesses would be limited to 10.5 hours and the same limitation would apply to the Korean speaking inventors (i.e.. 10.5 x 2). The Court obviously intended that twice the time be allowed for the Korean speaking inventors.

      8.    Maybe if you can identify who LPL's 30(b)(6) witnesses will be and the topics they will be testifying about, we can resolve this issue.

      9.    We cannot even consider this request until the protective orders are modified and we have a chance to review all discovery in those cases. Are you willing to stipulate to the admissibility of all of the testimony and exhibits in the case in Great Britain?

    I have indicated that Tatung Company witnesses are available after the Lunar New Year Vacation. I can make Tatung America witnesses available before that time. Tell me what dates you have in mind for the Tatung and LPL witnesses.

            Very truly yours,

            Frank E. Merideth, Jr.

FEM:cdb

cc:    Mark Krietzman (via email)
       Valerie Ho (via email)
       Steve Hassid (via email)
       Scott Miller (via email)

# EXHIBIT 10

**Manuel C. Nelson**

| | |
|---|---|
| **From:** | Manuel C. Nelson |
| **Sent:** | Tuesday, January 23, 2007 11:09 AM |
| **To:** | Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; rkirk@bayardfirm.com |
| **Cc:** | 'Mark Krietzman'; 'MeridethF@GTLAW.com'; 'HoV@GTLAW.com'; Steve Hassid; 'Gaza, Ann Shea'; 'cottrell@rlf.com'; Scott Miller; 'Tracy Roman'; Jeff Bove; Jaclyn M. Mason; Nancy Phillips |
| **Subject:** | LPL v. ViewSonic, 04-343 (DE) |
| **Attachments:** | 2007-01-23 MN letter to LPL.pdf |

Please see attached.
Regards,
Manuel

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

Manuel Nelson

TEL  (213) 787-2515
FAX  (213) 687-0498
EMAIL mnelson@cblh.com
REPLY TO Los Angeles Office

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

*Via Email and First Class Mail*

January 23, 2007

Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC  20006

> Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*
>      USDC, Delaware, C.A. No. 04-343-JJF

Dear Mr. Christenson:

   This letter responds to the issues raised in your January 17, 2007 letter regarding topics 1(d), 4, 5(b), 7(a)-(b), 8(a)-(b), 10(a)-(b), 13(i), 13(q), 13(v), 15(a), 21, 23, 24(d), 24(h), 25(d) and 27(c) of ViewSonic's four notices of 30(b)(6) depositions of LPL.[1]

   **Topics 1(d), 21, and 23**
   In connection with topics 1(d), 21, and 23, LPL asks the defendants to agree not "to ask LPL questions concerning the extent to which LPL's products use the ... technology" covered by the patents in suit.  Jan. 17, letter, at 3.  ViewSonic cannot agree.  As discussed previously, most recently in the January 19 conference with the Special Master, LPL's use of the technology in the patents in suit implicates noninfringement, invalidity (including but not limited to obviousness factors), and damages.  Topics 1(d), 21, and 23 clearly contemplate questions concerning the extent to which LPL's products use the technology covered by the patents in suit, and just as clearly are not limited to such scope.

   **Topics 4 and 5(b)**
   During the January 8, 2007 telephone conference between the parties, consistent with LPL's December 13, 2006 Objection and Response, LPL indicated it was unclear what is meant by "statements" as used in topics 4 and 5(b) of ViewSonic's deposition notice.  LPL's objection also asserted that it was unclear to LPL which of multiple "statements" are intended to be addressed.

   Topic 4 is directed at the "statements" contained in documents bates numbered LPL-01557 to LPL-01589, which appear to be invention disclosure statements related to the patents in suit.  Topic 5(b) is directed at "statements" contained in the Amendment filed on or about January 17, 2001 in the prosecution of U.S. Patent Appl. No. 09/285,338, which issued as U.S. Patent No. 6,501,641, one of the patents in suit.

   We do not understand what is unclear to LPL about "statements."  We note that there is no objection to "statements" in other topics (e.g., topic 5(a)).  To move this matter forward, the term "statements" refers to at least, without limitation, all the information, positions,

---

[1] My January 18, 2007 letter addressed the remaining issues in your January 17 letter.

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

January 23, 2007
Page 2

representations, or particulars communicated, contained or reflected in the referenced documents.

LPL correctly notes that ViewSonic intends to depose LPL with respect to all of the statements found in the referenced documents. With respect to the fact that there are multiple statements in each document, that is not a valid or proper basis to object to the topics.

### Topics 7(a)-(b) and 10(a)-(b)

LPL has suggested that topics 7(a)-(b) are duplicative of topics 10(a)-(b) and that the duplicative topics should be dropped. Although similar, these topics are not duplicative. For example, 7(b) includes within its scope agreements related to "an LCD, PDP, FED and/or LPL Product, which does or can perform or achieve one or more objects or advantages of the invention(s) disclosed in any of the Asserted Patents". 10(b) includes within its scope agreements related to "an LCD PDP, FED and/or any LPL Product, or any component thereof which incorporates or performs the subject matter and/or objects of the inventions disclosed and/or claimed in any of the Asserted Patents." Thus, although similar, topics 7(b) and 10(b) are not duplicative. Similarly, topic 10(a) is broader than 7(a), thus the topics are not duplicative.

To the extent that LPL views topics 7(a) and 7(b) as subsumed within topics 10(a) and 10(b), ViewSonic will consider dropping topics 7(a) and 7(b) provided that LPL agrees to produce a witness who will address the full scope of topics 10(a) and 10(b).

### Topics 8(a)-(b)

During the January 8, 2007 telephone conference between the parties, LPL inquired whether the defendants could be more specific regarding topics 8(a)-(b), and asserted that the word "communication" was unclear in topic 8(b).

Topic 8(a) is directed to the preparation and prosecution of the patents in suit and all the counterparts to these patents. ViewSonic believes that 8(a) is quite clear.

Topic 8(b) is directed to "communications" with any patent office or similar body concerning the patents in suit or any counterpart thereof, and any note or reports relating to any communication with any patent examiner. We don't understand what is unclear to LPL about "communications." We note that no objection was made to the use of "communication" in topics 14(e), 15(c), 24(b), 24(c), 24(j), 24(k), 25(d), 26(b), 26(c) and 27(d). Nevertheless, as with LPL's objection regarding "statements", to move matters forward, the term "communications" includes, without limitation, any impartation, transmission or interchange of information, positions, representations or particulars.

### Topic 13(i)

During the January 8, 2007 telephone conference, LPL inquired what information topic 31(i) seeks and why defendants seek such information. As clearly worded, 13(i) seeks deposition testimony regarding actual, projected or desired return on investment (ROI) and all analyses related to or associated with the manufacture and/or sale of any LPL Product or Flat Panel Display Product using or capable of employing or embodying any invention disclosed or claimed in the Asserted Patents or any Counterpart thereof or any other patent LPL holds, claims to hold or licenses that relates to Mounting Technology (as the capitalized terms are defined in the notice). This is standard information sought in litigation, and is directed to factors related at least to invalidity (obviousness) and damages.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

January 23, 2007
Page 3

**Topic 13(q)**
During the January 8, 2007 telephone conference, LPL inquired what pricing information is sought by topic 13(q). As clearly worded, 13(q) seeks deposition testimony regarding LPL's pricing of, and price changes for, any LPL Product or Flat Panel Display Product using or capable of employing or embodying any invention disclosed or claimed in the Asserted Patents or any Counterpart thereof or any other patent LPL holds, claims to hold or licenses that relates to Mounting Technology (as the capitalized terms are defined in ViewSonic's deposition notice). As to LPL's inquiry regarding whether 13(q) seeks information that is different from "sales," it is unclear what other topic LPL refers to. In any event, 13(q) encompasses all aspects of pricing, including the bases or reasons for pricing or pricing changes.

**Topic 13(v)**
As LPL knows, topic 13(v) seeks deposition testimony related to market share information regarding LPL, each defendant, or any other entity that competes with any LPL Product or Flat Panel Display Product of any party, including any products that use any type of mounting, including front mounting, side mounting, or rear mounting, or any combination of mounting methods or techniques. With respect to LPL's assumption that all the parties have access to market share information including industry publications, this topic seeks LPL's position regarding market share, which alternative sources cannot provide.

**Topic 15(a)**
During the January 8, 2007 teleconference, LPL suggested that ViewSonic's topic 15(a) seeks information regarding unspecified relationships with unspecified companies or related entities. On the contrary, topic 15(a) seeks deposition testimony regarding corporate or business relationships or affiliations between LPL and LGE, Philips Electronics, American Panel Corporation, Universal Avionics, Digital Equipment Corporation (DEC), any company affiliated with these entities, and any other entity in the United States that manufactures, sells or distributes LPL Products, Flat Panel Display Products and/or Mounting Technology (as the capitalized terms are defined in ViewSonic's deposition notice). Nothing more is necessary or required.

**Topic 24(d)**
During the January 8, 2007 teleconference, LPL asked what topic 24(d) seeks. Topic 24(d) seeks deposition testimony regarding "LPL's decision to file this action." ViewSonic does not understand what is unclear about this topic. The scope of this topic includes, but is not limited to, information related to what was done, who was involved, when certain acts were done, and why.

**Topic 24(h)**
During the January 8, 2007 teleconference, LPL asked what topic 24(h) seeks. Topic 24(h) seeks deposition testimony about LPL's patent policies, strategies, planning or practices, regarding patents relating to Mounting Technology, including but not limited to the patents in suit and any Counterpart thereof. The scope of this topic encompasses LPL's policies, strategies, planning or practices regarding filing and prosecuting patent applications, acquiring patents or patent applications from others, exploiting patents or patented technology, charging others with patent infringement, enforcing patents, licensing patents or patented technology, cross-licensing patents or patented technology, or marking products with patent numbers.

**Topic 25(d)**
During the January 8, 2007 telephone conference, LPL inquired as to what "communications" are referred to in topic 25(d). Topic 25(d) seeks deposition testimony

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

January 23, 2007
Page 4

regarding <u>all</u> communications with any third party regarding any claim or potential claim of infringement of any of the Asserted Patents and/or any Counterpart thereof (as the capitalized terms are defined in ViewSonic's deposition notice). To the extent LPL intended to ask what is meant by "communication" in topic 25(d), please refer to the response above regarding that inquiry in the discussion of topic 8(b).

**Topic 27(c)**

Your January 17 letter indicates that LPL does not understand what information is sought in topic 27(c) or how the topic is relevant. Topic 27(c) seeks deposition testimony regarding any products alleged or believed by LPL to fall, or which any person has advised LPL does or may fall, within the scope of any claim of any patent relating to Mounting Technology excluding the Asserted Patents and any Counterpart thereof (as the capitalized terms are defined in ViewSonic's deposition notice). As for relevance, this topic encompasses factors related to at least noninfringement, invalidity, and damages.

Sincerely,

Manuel Nelson

cc:     Rel S. Ambrozy, Esq. (via email)
        Lora A. Brzezynski, Esq. (via email)
        Richard D. Kirk, Esq. (via email)
        Mark H. Krietzman, Esq. (via email)
        Frank E. Merideth, Jr., Esq. (via email)
        Valerie W. Ho, Esq. (via email)
        Steve P. Hassid, Esq. (via email)
        Anne Shea Gaza, Esq. (via email)
        Frederick L. Cottrell III, Esq. (via email)
        Scott R. Miller, Esq. (via email)
        Tracy R. Roman, Esq. (via email)
        Jeffrey B. Bove, Esq. (via email)
        Jaclyn M. Mason, Esq. (via email)

# EXHIBIT 11

**Manuel C. Nelson**

| | |
|---|---|
| **From:** | Christenson, Cass [cchristenson@mckennalong.com] |
| **Sent:** | Tuesday, January 23, 2007 1:47 PM |
| **To:** | MeridethF@GTLAW.com; Manuel C. Nelson |
| **Cc:** | Mark Krietzman; Scott Miller; HoV@GTLAW.com; Steve Hassid; Gaza, Ann Shea; cottrell@rlf.com; Scott Miller; Tracy Roman; Jeff Bove; Jaclyn M. Mason; Nancy Phillips; Dick Kirk |
| **Subject:** | LG.Philips LCD Co., Ltd. v. Tatung Co., et al., C.A. No. 04-343 JJF -- January 23, 2007 Letter |
| **Attachments:** | nelso001.PDF |



nelso001.PDF (249 KB)

Gentlemen: Please see attached January 23, 2007 letter.  Regards, Cass

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

Albany

Atlanta

Brussels

Denver

Los Angeles

# McKenna Long
# & Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York

Philadelphia

San Diego

San Francisco

Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 23, 2007

**VIA E-MAIL AND U.S. MAIL**

Manuel Nelson, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Frank E. Merideth, Jr., Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA 90404

  Re:  LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Manuel and Frank:

  I write in response to your January 18, 2007 letters. First, ViewSonic and Tatung just last week have proposed for the first time that the parties incorporate into this case materials from a prior case in the United Kingdom, apparently including "all of the testimony and exhibits" from that case. (Mr. Merideth's Jan. 18, 2007 ltr., 2.) Although LPL would need clarification to understand the specifics of this new proposal, LPL has several concerns regarding this proposal, which seems inappropriate in general. We will address this matter more fully by separate letter, and we look forward to discussing this issue with you further.

  The remainder of your letters address deposition issues. On January 16, ViewSonic inexplicably cancelled our January 17 teleconference to discuss these issues. Since that time, Defendants have not agreed to any of our requests to reschedule the depositions teleconference. Indeed, ViewSonic now will only communicate by letter and refuses to speak with us. Despite several prior telephone calls and letters, we remain unable to agree on certain issues. Because we need the Special Master's guidance as soon as possible, we have no choice but to submit the disputed issues to the Special Master. Nonetheless, of course, we remain available to discuss these issues and we summarize the issues below in the hope that defendants may be willing to speak with us again before Friday.

Manuel Nelson, Esq.
Frank E. Merideth, Jr., Esq.
January 23, 2007
Page 2


I.    LPL's Objections to Rule 30(b)(6) Topics as More Appropriately Deferred to Expert
      Discovery, or Vague, Overly Broad, and/or Duplicative

      As we previously discussed, LPL is concerned that several of the Rule 30(b)(6) topics in
Defendants' deposition notices to LPL are not appropriate for party depositions and should be
either dropped or deferred to expert witness discovery.  We discussed on January 8 some of these
issues and we have attempted to discuss this further with you, to no avail.  Generally, we believe
that topics concerning claim scope, claim construction, infringement or validity analysis and
contentions, and damages issues are more appropriately addressed by experts.  We propose that
topics on those issues be deferred to expert discovery in this case, including, for example,
Defendants' Rule 30(b)(6) topics 1(a), 1(c), 1(f), 13(a), 13(e), 22, 24(f), 24(g), 25, and 27(b).
Because of the wording of certain topics in Defendants' deposition notices to LPL, additional
topics could also implicate certain of these expert witness issues.  See, e.g., Topic 13.  LPL's
position remains that such topics should not be included in the Rule 30(b)(6) depositions.  We
understand, however, that the Defendants do not agree.

      In addition, we have notified you that we have concerns regarding the specificity of
several topics.  We specifically have discussed, for example, LPL's request for more specificity
concerning at least topics 4, 5(b), 8(a), 8(b), 13(i), 13(q), 13(v), 15(a), 24(d), 24(h), 25(d), and
27(c).  During our January 8, 2007 teleconference, you agreed to review these topics and respond
to our concerns.  Unfortunately, however, neither ViewSonic nor Tatung has clarified any of
these topics or responded substantively to our concerns.  Therefore, LPL cannot fairly
understand and address the topics and believes that a protective order should be entered as to
these topics.

      On a related note, we discussed on January 8 that some topics are duplicative and that
Defendants' topics concerning financial information are overly broad in time.  Although counsel
agreed to review these topics and work together to resolve LPL's concerns, we unfortunately
have not received any favorable response from you.  If your positions change, and you are
willing to drop duplicative topics or narrow the time period for topics regarding financial
information, please let us know.

II.   LPL's Objections to Defendants' Topic 11 Concerning Inequitable Conduct

      We also discussed on January 8 LPL's concerns about Topic 11, which ViewSonic's
counsel confirmed is a topic addressing inequitable conduct.  As we discussed, and I restated in
my January 17 letter, we do not belief that there is any legitimate basis for deposition testimony
on this topic.  Without such a basis, moreover, Topic 11 threatens to harass LPL's witnesses and
serve no useful purpose in this case.  We repeat our request for any factual basis you believe
exists to pursue Topic 11.  Given the lack of any such basis, we continue to object to Topic 11 as
improper.

Manuel Nelson, Esq.
Frank E. Merideth, Jr., Esq.
January 23, 2007
Page 3


III.    Amount of Time for Depositions of Inventors and Hours Limits for Depositions

        We have discussed each of our respective positions concerning the amount of time that
the Scheduling Order permits for the depositions of the two inventors in this case.  Our position
remains that the two inventors may be deposed for a combined total of no more than twenty-one
(21) hours, on consecutive days.  Given our impasse on this issue, we will seek appropriate
relief.  We will also seek clarification from the Special Master concerning the amount of time
permitted under the Scheduling Order for depositions of English speaking and non-English
speaking witnesses.  Our understanding is that the Court intended to adopt the Defendants'
original scheduling proposal, which appears to permit up to 7 hours for English speaking
witnesses and up to 10.5 hours for other witnesses, but this provision may have been
inadvertently omitted in part in the Scheduling Order.

        As we have discussed, we anticipate that the two inventors, Mr. YoungWoo Cho and Mr.
Jong Hwan Kim, will testify on many topics (likely including topics concerning the patents, prior
art, mounting technologies and structures / methods of assembly; R&D, VESA, and meetings
with third parties concerning the rearmount patents).  We anticipate that another witness,
possibly Mr. Joo Sup Kim, will testify concerning LPL's licenses and licensing strategy, the flat
panel display market, and business issues.  LPL may also produce a separate witness to address a
few remaining topics, such as document production.

        With respect to LPL's witnesses, we agreed on January 8 to work together to schedule
depositions so as not to interfere with witness schedules due to the New Year period observed
during part of February in Korea and Taiwan.  As I mentioned, LPL's witnesses may be visiting
with family during the week of February 19.  As we discussed on January 8, therefore, if
necessary we will adjust the deposition schedule and any adjustment would be minor (1 or 2
business days' postponement of the February 22 date).

IV.    Deposition Dates for Defendants' Witnesses

        Defendants have not provided proposed dates for their witnesses.  In response to Mr.
Nelson's January 18 letter, we continue to object to ViewSonic's intentional withholding of
deposition dates for witnesses until a future, unspecified time.  We also object to ViewSonic's
intent, contrary to prior discussions, to attempt to force LPL's counsel to make multiple trips to
California to depose the same witnesses in different capacities.  Our position continues to be that
if a ViewSonic or Tatung witness will be deposed individually and as a corporate designee, that
deposition should occur simultaneously or on consecutive dates.  If Mr. Jue will be a corporate
designee, for example, we will depose him after taking any other ViewSonic witnesses that we
may need to depose.  We need to know now which of ViewSonic's witnesses will testify as
designees, so that we can decide which individual ViewSonic witnesses to depose before we take
ViewSonic's Rule 30()(6) deposition.

Manuel Nelson, Esq.
Frank E. Merideth, Jr., Esq.
January 23, 2007
Page 4


Mr. Meredith's January 18 letter likewise provides no deposition dates, and, instead, asks LPL to propose more dates.  LPL previously proposed dates when it noticed depositions.  Tatung knows which dates its witnesses and counsel are available, and LPL can pick from those proposed dates, but needs Tatung's cooperation.

Finally, Mr. Nelson's letter requests a copy of a DEC agreement, which was addressed in my January 22, 2007 letter to Mr. Miller.  If you would like to discuss the DEC agreement or related issues further, please do not hesitate to call me.

Very truly yours,

Cass W. Christenson

CWC:ea

cc:    Richard D. Kirk, Esq. (via e-mail)
       Mark Krietzman, Esq. (via e-mail)
       Valerie W. Ho, Esq. (via e-mail)
       Jong P. Hong, Esq. (via e-mail)
       Steve P. Hassid, Esq. (via e-mail)
       Anne Shea Gaza, Esq. (via e-mail)
       Frederick L. Cottrell, III, Esq. (via e-mail)
       Scott R. Miller, Esq. (via e-mail)
       Tracy R. Roman, Esq. (via e-mail)
       Jeffrey B. Bove, Esq. (via e-mail)
       Jaclyn M. Mason, Esq. (via e-mail)

# EXHIBIT 12

**Manuel C. Nelson**

---

**From:**  Scott Miller

**Sent:**  Thursday, January 25, 2007 5:49 PM

**To:**  cchristenson@mckennalong.com; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; 'HoV@GTLAW.com'

**Cc:**  Manuel C. Nelson; 'Tracy Roman'; Jaclyn M. Mason; Nancy Phillips

**Subject:** deposition scheduling

Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2
Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe.  As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change.  As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.

Regards,

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com

# EXHIBIT 13

**Manuel C. Nelson**

| | |
|---|---|
| **From:** | Christenson, Cass [cchristenson@mckennalong.com] |
| **Sent:** | Friday, January 26, 2007 12:01 PM |
| **To:** | Scott Miller; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com |
| **Cc:** | Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips |
| **Subject:** | RE: deposition scheduling |

Scott:

Thank you for your email last night. We cannot agree to your proposed dates. Your proposed dates ignore our prior discussions about avoiding substantial time gaps between depositions, as we will be traveling to California for these depositions. In addition, as we have discussed, we intend to depose Rule 30(b)(6) witnesses after individual depositions. Further, we understand that Mr. Jue will testify as a Rule 30(b)(6) designee, and, therefore, as we have stated before, we would like to take his individual deposition when we depose him as a Rule 30(b)(6) designee. Indeed, you previously agreed and took the position that individual and designee depositions should not be separate events for the same witness.

We appreciate that you have finally responded to our many requests to set a deposition schedule. Unfortunately, your proposal is incomplete as it does not account for other depositions of ViewSonic witnesses, nor has Tatung provided deposition dates. Further, as stated above, your proposal is not workable. Although we have no choice but to file a motion to compel, we hope that your email signals a new willingness to finally discuss these issues with us. If so, please let me know what times next week you (and counsel for Tatung) are available to talk.

Regards,
Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Thursday, January 25, 2007 8:49 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** deposition scheduling

Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2
Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe. As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change. As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.

Regards,

Scott.

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.

Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

# EXHIBIT 14

**Manuel C. Nelson**

| | |
|---|---|
| **From:** | Scott Miller |
| **Sent:** | Friday, January 26, 2007 2:05 PM |
| **To:** | 'Christenson, Cass'; Ambrozy, Rel; Brzezynski, Lora |
| **Cc:** | Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; James Heisman; Jeff Bove; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com; Nancy Phillips |
| **Subject:** | RE: deposition scheduling |

Cass:

Your recitation of ViewSonic's position only underscores the need that all such communications be conducted in writing or on the record. ViewSonic has never broadly "agreed" or taken the position that "individual and designee depositions should not be separate events for the same witness" as your email states.  I did indicate that if ViewSonic was voluntarily agreeing to bring a witness from Taiwan to be deposed, we would expect that person's individual deposition to be followed by a deposition under Rule 30 (b)(6) so as to avoid multiple trips but only for such a witness. We have also expressed our willingness accede to your demand that we conduct the depositions of the LPL inventors in temporal proximity with a Rule 30(b)(6) deposition on topics for which LPL would put them forward as a designee. We have rejected the suggestion that a deponent appear simultaneously as an individual deponent and as a representative under Rule 30(b)(6), and continue to do so. I do not understand this to be a point of disagreement between the parties, as your message of today confirms that LPL expects to take depositions under Rule 30(b)(6) after it completes individual depositions. Please let me know if I have misunderstood your position on this issue. Other than as discussed above, we likewise have no agreement about avoiding substantial time between depositions.  We have expressed a willingness to group depositions as best as we are able based on witness schedules to avoid unnecessary travel so long as that courtesy is reciprocated, and we remain willing to do so.

We, of course, have no control over your actions should you choose to pursue this falsehood in front of the Special Master other than to correct the record and seek to recover our costs for your wrongful conduct. We are firmly resolute in our previously expressed position, however, that counsel for ViewSonic will not engage in discussions such as those you have mischaracterized without a contemporaneous written record of same.

To that end, based on your email I understand that each of these witnesses are released from my offer for the dates specified. Once again, please let me know if I have misunderstood your position on this issue not later than close of business Monday, at which time I will release advise them of their release. If you wish to discuss dates, as we have indicated previously and are reaffirming here, please respond in writing or make arrangements for a court reporter.

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell:  562-618-7771

smiller@cblh.com

www.cblh.com


**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]

**Sent:** Friday, January 26, 2007 12:01 PM
**To:** Scott Miller; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** RE: deposition scheduling

Scott:

Thank you for your email last night. We cannot agree to your proposed dates. Your proposed dates ignore our prior discussions about avoiding substantial time gaps between depositions, as we will be traveling to California for these depositions. In addition, as we have discussed, we intend to depose Rule 30(b)(6) witnesses after individual depositions. Further, we understand that Mr. Jue will testify as a Rule 30(b)(6) designee, and, therefore, as we have stated before, we would like to take his individual deposition when we depose him as a Rule 30(b)(6) designee. Indeed, you previously agreed and took the position that individual and designee depositions should not be separate events for the same witness.

We appreciate that you have finally responded to our many requests to set a deposition schedule. Unfortunately, your proposal is incomplete as it does not account for other depositions of ViewSonic witnesses, nor has Tatung provided deposition dates. Further, as stated above, your proposal is not workable. Although we have no choice but to file a motion to compel, we hope that your email signals a new willingness to finally discuss these issues with us. If so, please let me know what times next week you (and counsel for Tatung) are available to talk.


Regards,
Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Thursday, January 25, 2007 8:49 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** deposition scheduling

Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2
Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe.  As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change.  As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.

Regards,

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

# EXHIBIT 15

**Manuel C. Nelson**

---

| | |
|---|---|
| **From:** | MeridethF@GTLAW.com |
| **Sent:** | Friday, January 26, 2007 3:05 PM |
| **To:** | cchristenson@mckennalong.com; Scott Miller; rambrozy@mckennalong.com; lbrzezynski@mckennalong.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com |
| **Cc:** | Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips |
| **Subject:** | RE: deposition scheduling |

I do not understand what your email has to do with Tatung. I have told you generally when our witnesses are available and requested that you provide blocks of dates so I can make arrangments with the witnesses. You never responded.

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 12:01 PM
**To:** Scott Miller; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Ho, Valerie W. (Shld-LA-LT)
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** RE: deposition scheduling

Scott:

Thank you for your email last night. We cannot agree to your proposed dates. Your proposed dates ignore our prior discussions about avoiding substantial time gaps between depositions, as we will be traveling to California for these depositions. In addition, as we have discussed, we intend to depose Rule 30(b)(6) witnesses after individual depositions. Further, we understand that Mr. Jue will testify as a Rule 30(b)(6) designee, and, therefore, as we have stated before, we would like to take his individual deposition when we depose him as a Rule 30(b)(6) designee. Indeed, you previously agreed and took the position that individual and designee depositions should not be separate events for the same witness.

We appreciate that you have finally responded to our many requests to set a deposition schedule. Unfortunately, your proposal is incomplete as it does not account for other depositions of ViewSonic witnesses, nor has Tatung provided deposition dates. Further, as stated above, your proposal is not workable. Although we have no choice but to file a motion to compel, we hope that your email signals a new willingness to finally discuss these issues with us. If so, please let me know what times next week you (and counsel for Tatung) are available to talk.

Regards,
Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Thursday, January 25, 2007 8:49 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** deposition scheduling

Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2
Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe.  As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change.  As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.

Regards,

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

# EXHIBIT 16

## Appendix A

## LPL'S PROPOSED SCHEDULE FOR DEFENDANTS' DEPOSITIONS

LPL requests that the Special Master compel the Defendants to make the following witnesses available on the dates identified below, or on another mutually convenient date.* Each deposition should begin at 9:00 am, PST.  If necessary, depositions should continue the next day.

| *Name* | *Party* | *Type* | *Date* |
|---|---|---|---|
| **Kevin Ho** | Tatung Company | Individual | **Feb. 13, 2007** |
| **Vivian Liu** | ViewSonic | Individual | **Feb. 14, 2007** |
| **Robert Ranucci** | ViewSonic | Individual | **Feb. 15, 2007** |
| **Jackson Chang** | ViewSonic | Individual | **Feb. 16, 2007** |
| **Shirley Wang** | ViewSonic | Individual | **Feb. 20, 2007** |
| **Bryan Lin** | Tatung America | Individual | **Feb. 21, 2007** |
| **Hsi-Ling (Jamie) Yang** | Tatung Company | Individual | **Feb. 22, 2007** |
| **S.Y. Tsai** | Tatung Company | Individual | **Mar. 7, 2007** |
| **Huang Chin-min** | Tatung Company | Individual | **Mar. 8, 2007** |
| **Andrew Sun**\*\* | Tatung America | Rule 30(b)(6) | **Mar. 23, 2007** |
| **Peter Farzin**\*\* | Tatung America | Rule 30(b)(6) | **Mar. 26, 2007** |
| **Oliver Shih**\*\* | Tatung Company | Rule 30(b)(6) | **Mar. 27, 2007** |
| **Tsyr-Huey (Vincent) Liu**\*\* | Tatung Company | Rule 30(b)(6) | **Mar. 28, 2007** |
| **Jeff Volpe**\*\* | ViewSonic | Rule 30(b)(6) | **Mar. 29, 2007** |
| **Tommy Jue**\*\* | ViewSonic | Rule 30(b)(6) | **Mar. 30, 2007** |

\*        LPL has previously noticed each of the depositions listed, except for the deposition of Jackson Chang.  LPL is serving a formal deposition notice concerning Mr. Chang's deposition.  If necessary, LPL also will serve amended deposition notices for the other witnesses.
\*\*        LPL understands that this witness will testify on Rule 30(b)(6) deposition topics, but Defendants have not specified the topics for which any of their witnesses have been designated.

# EXHIBIT 17

**Manuel C. Nelson**

| | |
|---|---|
| **From:** | KrietzmanM@GTLAW.com |
| **Sent:** | Friday, January 26, 2007 3:24 PM |
| **To:** | cchristenson@mckennalong.com; Scott Miller; rambrozy@mckennalong.com; lbrzezynski@mckennalong.com; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com |
| **Cc:** | Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips |
| **Subject:** | RE: deposition scheduling |
| **Importance:** | High |

Dear Cass:

We are absolutely available to meet on the issue of deposition dates.  In fact for several weeks Mr.. Merideth has attempted to have further discussions, as you suggest in the below e-mail  to work out reasonable schedules for all depositions  which respect witness schedules, the Lunar New Year, travel issues abroad etc..   In fact the proof of Mr. Merideth's productive contact is that you were advised that Mr., Farzin is the appropriate 30(b)(6) witness for Tatung Company of America as  reflected in your premature submission.

 We can meet with you Tuesday January 30 after 2pm PST or or Wednesday January 31 after 10am PST.   We are however, surprised that within hours of the below email being sent, requesting a meeting, you have filed a motion to compel.  We only received your request for a meeting NEXT WEEK during lunch and have responded within an hour of reviewing same.  The filing of yet another motion to compel on yet another issue that is easily resolved with a small amount of courtesy and civility is just plain wrong.  We have worked hard to turn down the volume levels , for example, you commended us  on the  cooperative environment we provided to you during your  inspection of Tatung Monitors  at our offices - yet you show no courtesy or civility in return. Rather, you file a motion to compel within hours of requesting a meeting.

Please confirm that you will immediately withdrawal your motion to compel on this topic (filed a few moments ago) and provide dates for a meeting.
Sincerely,

Mark Krietzman

   Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

   The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 12:01 PM
**To:** Scott Miller; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Ho, Valerie W. (Shld-LA-LT)
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** RE: deposition scheduling

Scott:

Thank you for your email last night. We cannot agree to your proposed dates. Your proposed dates ignore our prior discussions about avoiding substantial time gaps between depositions, as we will be traveling to California for these depositions. In addition, as we have discussed, we intend to depose Rule 30(b)(6) witnesses after individual depositions. Further, we understand that Mr. Jue will testify as a Rule 30(b)(6) designee, and, therefore, as we have stated before, we would like to take his individual deposition when we depose him as a Rule 30(b)(6) designee. Indeed, you previously agreed and took the position that individual and designee depositions should not be separate events for the same witness.

We appreciate that you have finally responded to our many requests to set a deposition schedule. Unfortunately, your proposal is incomplete as it does not account for other depositions of ViewSonic witnesses, nor has Tatung provided deposition dates. Further, as stated above, your proposal is not workable. Although we have no choice but to file a motion to compel, we hope that your email signals a new willingness to finally discuss these issues with us. If so, please let me know what times next week you (and counsel for Tatung) are available to talk.


Regards,
Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Thursday, January 25, 2007 8:49 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** deposition scheduling

Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2
Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe.  As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change.  As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.


Regards,

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com


CONFIDENTIALITY NOTICE:

This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

2/2/2007

# EXHIBIT 18

**Manuel C. Nelson**

| | |
|---|---|
| **From:** | Christenson, Cass [cchristenson@mckennalong.com] |
| **Sent:** | Friday, January 26, 2007 4:00 PM |
| **To:** | KrietzmanM@GTLAW.com; Scott Miller; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com |
| **Cc:** | Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Dick Kirk |
| **Subject:** | RE: deposition scheduling |

Dear Mark: Thanks for your email.  I assume that your mischaracterization of the facts is unintentional, but, to borrow your phrase, your statements are "just plain wrong."  In any event, we look forward to trying to resolve these issues next week.  If we can resolve them, our motion will be moot.  Scott, can you join a discussion at either of the times that Mark proposes below?  A global discussion would be most appropriate so we can coordinate schedules.  Please let me know when both Tatung and ViewSonic can talk and I look forward to our discussion.  Similarly, I am happy to discuss privilege logs then.  Regards, Cass

**From:** KrietzmanM@GTLAW.com [mailto:KrietzmanM@GTLAW.com]
**Sent:** Friday, January 26, 2007 6:24 PM
**To:** Christenson, Cass; SMiller@cblh.com; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
**Cc:** MNelson@cblh.com; TRoman@raskinpeter.com; JMason@cblh.com; NPhillips@cblh.com
**Subject:** RE: deposition scheduling
**Importance:** High

Dear Cass:

We are absolutely available to meet on the issue of deposition dates.  In fact for several weeks Mr.. Merideth has attempted to have further discussions, as you suggest in the below e-mail  to work out reasonable schedules for all depositions  which respect witness schedules, the Lunar New Year, travel issues abroad etc..   In fact the proof of Mr. Merideth's productive contact is that you were advised that Mr., Farzin is the appropriate 30(b)(6) witness for Tatung Company of America as  reflected in your premature submission.

 We can meet with you Tuesday January 30 after 2pm PST or or Wednesday January 31 after 10am PST.   We are however, surprised that within hours of the below email being sent, requesting a meeting, you have filed a motion to compel.  We only received your request for a meeting NEXT WEEK during lunch and have responded within an hour of reviewing same.  The filing of yet another motion to compel on yet another issue that is easily resolved with a small amount of courtesy and civility is just plain wrong.  We have worked hard to turn down the volume levels , for example, you commended us  on the  cooperative environment we provided to you during your  inspection of Tatung Monitors  at our offices - yet you show no courtesy or civility in return.  Rather, you file a motion to compel within hours of requesting a meeting.

Please confirm that you will immediately withdrawal your motion to compel on this topic (filed a few moments ago) and provide dates for a meeting.
Sincerely,

Mark Krietzman

    Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

    The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 12:01 PM
**To:** Scott Miller; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Ho, Valerie W. (Shld-LA-LT)
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** RE: deposition scheduling

Scott:

Thank you for your email last night. We cannot agree to your proposed dates. Your proposed dates ignore our prior discussions about avoiding substantial time gaps between depositions, as we will be traveling to California for these depositions. In addition, as we have discussed, we intend to depose Rule 30(b)(6) witnesses after individual depositions. Further, we understand that Mr. Jue will testify as a Rule 30(b)(6) designee, and, therefore, as we have stated before, we would like to take his individual deposition when we depose him as a Rule 30(b)(6) designee. Indeed, you previously agreed and took the position that individual and designee depositions should not be separate events for the same witness.

We appreciate that you have finally responded to our many requests to set a deposition schedule. Unfortunately, your proposal is incomplete as it does not account for other depositions of ViewSonic witnesses, nor has Tatung provided deposition dates. Further, as stated above, your proposal is not workable. Although we have no choice but to file a motion to compel, we hope that your email signals a new willingness to finally discuss these issues with us. If so, please let me know what times next week you (and counsel for Tatung) are available to talk.

Regards,
Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Thursday, January 25, 2007 8:49 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** deposition scheduling

Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2
Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe.  As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change.  As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.

Regards,

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150

Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

# EXHIBIT 19

## Manuel C. Nelson

| | |
|---|---|
| **From:** | KrietzmanM@GTLAW.com |
| **Sent:** | Friday, January 26, 2007 4:44 PM |
| **To:** | cchristenson@mckennalong.com; Scott Miller; rambrozy@mckennalong.com; lbrzezynski@mckennalong.com; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com; HassidS@gtlaw.com |
| **Cc:** | Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; rkirk@bayardfirm.com |
| **Subject:** | RE: deposition scheduling |
| **Attachments:** | Krietzman, Mark H. (Shld-LA-IP).vcf |

**Dear Cass:**

**It appears that you too agree that a meeting of counsel did not occur and thus the motion to compel was filed improperly.  Accordingly, please follow up your words with actions and confirm that you will withdrawal the motion to compel.**

**You also did not provide the requested information on scheduling the meeting.  Due to the lack of response and to move this process forward, rather than wait for your response and in the absence of a response have an unclear record of our cooperation, we have set aside  Wednesday January 31 at 11:30  am PST for that  meeting.**

**Sincerely,**

**Mark Krietzman**
**Greenberg Traurig, LLP**
**2450 Colorado Avenue, 400E**
**Santa Monica, CA 90404**
**Direct: 310-586-7788**
**Fax: 310-586-0288**

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 4:00 PM
**To:** Krietzman, Mark H. (Shld-LA-IP); SMiller@cblh.com; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Ho, Valerie W. (Shld-LA-LT); Cottrell@RLF.com; gaza@rlf.com
**Cc:** MNelson@cblh.com; TRoman@raskinpeter.com; JMason@cblh.com; NPhillips@cblh.com; Dick Kirk
**Subject:** RE: deposition scheduling

Dear Mark: Thanks for your email.  I assume that your mischaracterization of the facts is unintentional, but, to borrow your phrase, your statements are "just plain wrong."  In any event, we look forward to trying to resolve these issues next week.  If we can resolve them, our motion will be moot.  Scott, can you join a discussion at either of the times that Mark proposes below?  A global discussion would be most appropriate so we can coordinate schedules.  Please let me know when both Tatung and ViewSonic can talk and I look forward to our discussion.  Similarly, I am happy to discuss privilege logs then.  Regards, Cass

**From:** KrietzmanM@GTLAW.com [mailto:KrietzmanM@GTLAW.com]
**Sent:** Friday, January 26, 2007 6:24 PM
**To:** Christenson, Cass; SMiller@cblh.com; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
**Cc:** MNelson@cblh.com; TRoman@raskinpeter.com; JMason@cblh.com; NPhillips@cblh.com
**Subject:** RE: deposition scheduling
**Importance:** High

Dear Cass:

We are absolutely available to meet on the issue of deposition dates.  In fact for several weeks Mr.. Merideth has attempted to have further discussions, as you suggest in the below e-mail  to work out reasonable schedules for all depositions  which respect witness schedules, the Lunar New Year, travel issues abroad etc..   In fact the proof of Mr. Merideth's productive contact is that you were advised that Mr., Farzin is the appropriate 30(b)(6) witness for Tatung Company of America as  reflected in your premature submission.

 We can meet with you Tuesday January 30 after 2pm PST or or Wednesday January 31 after 10am PST.   We are however, surprised that within hours of the below email being sent, requesting a meeting, you have filed a motion to compel.  We only received your request for a meeting NEXT WEEK during lunch and have responded within an hour of reviewing same.  The filing of yet another motion to compel on yet another issue that is easily resolved with a small amount of courtesy and civility is just plain wrong.  We have worked hard to turn down the volume levels , for example, you commended us  on the  cooperative environment we provided to you during your  inspection of Tatung Monitors  at our offices - yet you show no courtesy or civility in return. Rather, you file a motion to compel within hours of requesting a meeting.

Please confirm that you will immediately withdrawal your motion to compel on this topic (filed a few moments ago) and provide dates for a meeting.
Sincerely,

Mark Krietzman

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 12:01 PM
**To:** Scott Miller; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Ho, Valerie W. (Shld-LA-LT)
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** RE: deposition scheduling

Scott:

Thank you for your email last night. We cannot agree to your proposed dates. Your proposed dates ignore our prior discussions about avoiding substantial time gaps between depositions, as we will be traveling to California for these depositions. In addition, as we have discussed, we intend to depose Rule 30(b)(6) witnesses after individual depositions. Further, we understand that Mr. Jue will testify as a Rule 30(b)(6) designee, and, therefore, as we have stated before, we would like to take his individual deposition when we depose him as a Rule 30(b)(6) designee. Indeed, you previously agreed and took the position that individual and designee depositions should not be separate events for the same witness.

We appreciate that you have finally responded to our many requests to set a deposition schedule. Unfortunately, your proposal is incomplete as it does not account for other depositions of ViewSonic witnesses, nor has Tatung provided deposition dates. Further, as stated above, your proposal is not workable. Although we have no choice but to file a motion to compel, we hope that your email signals a new willingness to finally discuss these issues with us. If so, please let me know what times next week you (and counsel for Tatung) are available to talk.

Regards,
Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Thursday, January 25, 2007 8:49 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** deposition scheduling

Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2
Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe.  As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change.  As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.

Regards,

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498

2/2/2007

Cell: 562-618-7771

smiller@cblh.com

www.cblh.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

# EXHIBIT 20

**Manuel C. Nelson**

| | |
|---|---|
| **From:** | Scott Miller |
| **Sent:** | Friday, January 26, 2007 6:11 PM |
| **To:** | 'Christenson, Cass'; Ambrozy, Rel; Brzezynski, Lora; KrietzmanM@GTLAW.com; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com; Dick Kirk |
| **Cc:** | Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Jeff Bove; James Heisman |
| **Subject:** | RE: deposition scheduling |

Cass:
Please stop your posturing.  It is our view that these issues have been discussed to death.  Notwithstanding that view, if others feel that further discussion on these matters might be productive, we will join in a written discussion of them.  If you have a proposal, make it in writing and let's make progress.  If you want to waste time, count us out.  We will not spend time participating in off-the-record discussions only to have them be continually mischaracterized and then face the work of correcting the record -- which exceeds any time or expense that might have been saved by the original discussion.

As I read Local Rule 7.1.1, it requires the parties to attempt to reach a resolution of issues.  We remain ready, willing and able to participate in such attempts by written letters and email, or on-the-record discussions.  I am sure that the parties' local counsel will advise us if they feel this proposal is not within the letter and spirit of this rule.  Until then, as we have stated, we will not participate in off-the-record conversations with your firm regarding this case.  If we agree to an on-the-record meet and confer discussion, we will share equally in the expense of the court reporter and all will have access to the transcript.  If others are not willing to share in the expense, we will either defer to a meet and confer discussion in writing or pay the expense of the reporter ourselves and instruct the reporter that no party other than ViewSonic can be sent a copy of the transcript.  If at any time you wish to object to this arrangement regarding reporter costs, please advise us of same in advance of the meeting as that will strongly factor into our decision of whether to vary from our default selection of having meet and confer discussions in writing, by letter or email.

I look forward to your written proposals on deposition scheduling and privilege logs if you feel it will be productive in reaching an equitable solution that addresses the interests of all.

Scott

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com

---

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 4:00 PM
**To:** KrietzmanM@GTLAW.com; Scott Miller; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
**Cc:** Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Dick Kirk
**Subject:** RE: deposition scheduling

Dear Mark: Thanks for your email.  I assume that your mischaracterization of the facts is unintentional, but, to borrow your phrase, your statements are "just plain wrong."  In any event, we look forward to trying to resolve these issues next week.

If we can resolve them, our motion will be moot.  Scott, can you join a discussion at either of the times that Mark proposes below?  A global discussion would be most appropriate so we can coordinate schedules.  Please let me know when both Tatung and ViewSonic can talk and I look forward to our discussion.  Similarly, I am happy to discuss privilege logs then. Regards, Cass

**From:** KrietzmanM@GTLAW.com [mailto:KrietzmanM@GTLAW.com]
**Sent:** Friday, January 26, 2007 6:24 PM
**To:** Christenson, Cass; SMiller@cblh.com; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
**Cc:** MNelson@cblh.com; TRoman@raskinpeter.com; JMason@cblh.com; NPhillips@cblh.com
**Subject:** RE: deposition scheduling
**Importance:** High

Dear Cass:

We are absolutely available to meet on the issue of deposition dates.  In fact for several weeks Mr.. Merideth has attempted to have further discussions, as you suggest in the below e-mail  to work out reasonable schedules for all depositions  which respect witness schedules, the Lunar New Year, travel issues abroad etc..   In fact the proof of Mr. Merideth's productive contact is that you were advised that Mr., Farzin is the appropriate 30(b)(6) witness for Tatung Company of America as reflected in your premature submission.

 We can meet with you Tuesday January 30 after 2pm PST or or Wednesday January 31 after 10am PST.   We are however, surprised that within hours of the below email being sent, requesting a meeting, you have filed a motion to compel.  We only received your request for a meeting NEXT WEEK during lunch and have responded within an hour of reviewing same.  The filing of yet another motion to compel on yet another issue that is easily resolved with a small amount of courtesy and civility is just plain wrong.  We have worked hard to turn down the volume levels , for example, you commended us  on the  cooperative environment  we provided to you during your  inspection of Tatung Monitors  at our offices - yet you show no courtesy or civility in return.  Rather, you file a motion to compel within hours of requesting a meeting.

Please confirm that you will immediately withdrawal your motion to compel on this topic (filed a few moments ago) and provide dates for a meeting.
Sincerely,

Mark Krietzman

    Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

    The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 12:01 PM
**To:** Scott Miller; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Ho, Valerie W. (Shld-LA-LT)
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** RE: deposition scheduling

Scott:

Thank you for your email last night. We cannot agree to your proposed dates. Your proposed dates ignore our prior

discussions about avoiding substantial time gaps between depositions, as we will be traveling to California for these depositions. In addition, as we have discussed, we intend to depose Rule 30(b)(6) witnesses after individual depositions. Further, we understand that Mr. Jue will testify as a Rule 30(b)(6) designee, and, therefore, as we have stated before, we would like to take his individual deposition when we depose him as a Rule 30(b)(6) designee. Indeed, you previously agreed and took the position that individual and designee depositions should not be separate events for the same witness.

We appreciate that you have finally responded to our many requests to set a deposition schedule. Unfortunately, your proposal is incomplete as it does not account for other depositions of ViewSonic witnesses, nor has Tatung provided deposition dates. Further, as stated above, your proposal is not workable. Although we have no choice but to file a motion to compel, we hope that your email signals a new willingness to finally discuss these issues with us. If so, please let me know what times next week you (and counsel for Tatung) are available to talk.

Regards,
Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Thursday, January 25, 2007 8:49 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** deposition scheduling

Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2
Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe.  As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change.  As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.

Regards,

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com


CONFIDENTIALITY NOTICE:

This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

# EXHIBIT 21

## Manuel C. Nelson

**From:**      Christenson, Cass [cchristenson@mckennalong.com]
**Sent:**      Sunday, January 28, 2007 10:33 AM
**To:**        Scott Miller; Ambrozy, Rel; Brzezynski, Lora; KrietzmanM@GTLAW.com; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com; Dick Kirk
**Cc:**        Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Jeff Bove; James Heisman
**Subject:** RE: deposition scheduling

Scott:

ViewSonic is the only party that has not agreed to discuss these issues.  I again request that you join our teleconference, which Tatung has proposed for Wednesday.  With all parties represented on the call, including ViewSonic, we can hopefully resolve these issues.

As we have explained before, we do not believe that a court reporter is necessary for these calls.  If ViewSonic does use a court reporter, however, we should be entitled to obtain a copy of any transcript that results.

Please refer to the deposition schedule that LPL submitted to the Special Master.  In a prior email you suggested that you might not hold the few deposition dates that you recently proposed for some of ViewSonic's witnesses.  We trust that ViewSonic will cooperate in good faith to hold and confirm deposition dates pending our resolution of these issues by agreement or, if necessary, by the Special Master.  We are aware that you have selected certain proposed dates for LPL's witnesses and we will promptly check into availability on our end for those dates, and we will then follow up with you.  We intend to proceed with LPL's depositions in Washington, D.C., as previously discussed, and we would appreciate knowing whether you intend to seek in advance of the depositions some sort of input from the Special Master concerning possible future deposition disputes (no motion is pending).

As for privilege logs, I will send you a written response as soon as I can to continue our recent correspondence.

We look forward to addressing these issues with you soon.

Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Friday, January 26, 2007 9:11 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; KrietzmanM@GTLAW.com; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com; Dick Kirk
**Cc:** Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Jeff Bove; James Heisman
**Subject:** RE: deposition scheduling

Cass:
Please stop your posturing.  It is our view that these issues have been discussed to death.  Notwithstanding that view, if others feel that further discussion on these matters might be productive, we will join in a written discussion of them.  If you have a proposal, make it in writing and let's make progress.  If you want to waste time, count us out.  We will not spend time participating in off-the-record discussions only to have them be continually mischaracterized and then face the work of correcting the record -- which exceeds any time or expense that might have been saved by the original discussion.

As I read Local Rule 7.1.1, it requires the parties to attempt to reach a resolution of issues.  We remain ready, willing and able to participate in such attempts by written letters and email, or on-the-record discussions.  I am sure that the parties' local counsel will advise us if they feel this proposal is not within the letter and spirit of this rule.  Until then, as we have stated, we will not participate in off-the-record conversations with your firm regarding this case.  If we agree to an on-the-record meet and confer discussion, we will share equally in the expense of the court reporter and all will have access to the transcript.  If others are not willing to share in the expense, we will either defer to a meet and confer discussion in writing or pay the expense of the reporter ourselves and instruct the reporter that no party other than ViewSonic can be sent a copy of the transcript.  If at any time you wish to object to this arrangement regarding reporter costs, please advise us of same in advance of the meeting as that will strongly factor into our decision of whether to vary from our default selection of having meet and confer discussions in writing, by letter or email.

2/2/2007

I look forward to your written proposals on deposition scheduling and privilege logs if you feel it will be productive in reaching an equitable solution that addresses the interests of all.

Scott

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com

---

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 4:00 PM
**To:** KrietzmanM@GTLAW.com; Scott Miller; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
**Cc:** Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Dick Kirk
**Subject:** RE: deposition scheduling

Dear Mark: Thanks for your email.  I assume that your mischaracterization of the facts is unintentional, but, to borrow your phrase, your statements are "just plain wrong."  In any event, we look forward to trying to resolve these issues next week.  If we can resolve them, our motion will be moot.  Scott, can you join a discussion at either of the times that Mark proposes below?  A global discussion would be most appropriate so we can coordinate schedules.  Please let me know when both Tatung and ViewSonic can talk and I look forward to our discussion.  Similarly, I am happy to discuss privilege logs then.  Regards, Cass

---

**From:** KrietzmanM@GTLAW.com [mailto:KrietzmanM@GTLAW.com]
**Sent:** Friday, January 26, 2007 6:24 PM
**To:** Christenson, Cass; SMiller@cblh.com; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
**Cc:** MNelson@cblh.com; TRoman@raskinpeter.com; JMason@cblh.com; NPhillips@cblh.com
**Subject:** RE: deposition scheduling
**Importance:** High

Dear Cass:

We are absolutely available to meet on the issue of deposition dates.  In fact for several weeks Mr.. Merideth has attempted to have further discussions, as you suggest in the below e-mail  to work out reasonable schedules for all depositions  which respect witness schedules, the Lunar New Year, travel issues abroad etc..   In fact the proof of Mr. Merideth's productive contact is that you were advised that Mr., Farzin is the appropriate 30(b)(6) witness for Tatung Company of America as reflected in your premature submission.

 We can meet with you Tuesday January 30 after 2pm PST or or Wednesday January 31 after 10am PST.   We are however, surprised that within hours of the below email being sent, requesting a meeting, you have filed a motion to compel.  We only received your request for a meeting NEXT WEEK during lunch and have responded within an hour of reviewing same.  The filing of yet another motion to compel on yet another issue that is easily resolved with a small amount of courtesy and civility is just plain wrong.  We have worked hard to turn down the volume levels , for example, you commended us  on the  cooperative environment  we provided to you during your  inspection of Tatung Monitors  at our

offices - yet you show no courtesy or civility in return. Rather, you file a motion to compel within hours of requesting a meeting.

Please confirm that you will immediately withdrawal your motion to compel on this topic (filed a few moments ago) and provide dates for a meeting.
Sincerely,

Mark Krietzman

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 12:01 PM
**To:** Scott Miller; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Ho, Valerie W. (Shld-LA-LT)
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** RE: deposition scheduling

Scott:

Thank you for your email last night. We cannot agree to your proposed dates. Your proposed dates ignore our prior discussions about avoiding substantial time gaps between depositions, as we will be traveling to California for these depositions. In addition, as we have discussed, we intend to depose Rule 30(b)(6) witnesses after individual depositions. Further, we understand that Mr. Jue will testify as a Rule 30(b)(6) designee, and, therefore, as we have stated before, we would like to take his individual deposition when we depose him as a Rule 30(b)(6) designee. Indeed, you previously agreed and took the position that individual and designee depositions should not be separate events for the same witness.

We appreciate that you have finally responded to our many requests to set a deposition schedule. Unfortunately, your proposal is incomplete as it does not account for other depositions of ViewSonic witnesses, nor has Tatung provided deposition dates. Further, as stated above, your proposal is not workable. Although we have no choice but to file a motion to compel, we hope that your email signals a new willingness to finally discuss these issues with us. If so, please let me know what times next week you (and counsel for Tatung) are available to talk.

Regards,
Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Thursday, January 25, 2007 8:49 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** deposition scheduling

Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2
Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe.  As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change.  As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.

Regards,

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have

received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

# EXHIBIT 22

**Manuel C. Nelson**

| | |
|---|---|
| **From:** | KrietzmanM@GTLAW.com |
| **Sent:** | Sunday, January 28, 2007 11:55 AM |
| **To:** | cchristenson@mckennalong.com; Scott Miller; rambrozy@mckennalong.com; lbrzezynski@mckennalong.com; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com |
| **Cc:** | Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Jeff Bove; James Heisman; HassidS@gtlaw.com |
| **Subject:** | RE: deposition scheduling |

Dear All:

Mr. Christenson's below email again distorts the record, please see the below corrections.

Due to LPL's refusal to withdrawal LPL's improper motion to compel filed on the issue of deposition dates (See my attached my  email to this  string wherein it is clearly detailed that LPL needs  to withdraw its improper filing to allow the Parties  to complete the meet and confer process)  there is no meeting scheduled for Wednesday.

LPL's  choice to ignore  Tatung's reasonable request that LPL withdrawal its improper motion  is yet another example of LPL's disregard for the procedures the Special Master has provided for the management of the discovery in this case. Further, Mr. Christenson's below email to Mr. Miller spinning Tatung's demand that  LPL withdrawal its improper motion into some agreement  between Tatung and LPL is the type of distortion by LPL that has become commonplace and underscores the necessity to adopt the procedure suggested by Viewsonic that  all discussions on these matters must be "on the record"  .

Sincerely,


Mark Krietzman




----------------------------------------------------------

    Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.


    The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

----------------------------------------------------------

From: Christenson, Cass [mailto:cchristenson@mckennalong.com]
Sent: Sun 1/28/07 10:33 AM
To: Scott Miller; Ambrozy, Rel; Brzezynski, Lora; Krietzman, Mark H. (Shld-LA-IP); Merideth, Frank (Shld-LA-LT); Ho, Valerie W. (Shld-LA-LT); Cottrell@RLF.com; gaza@rlf.com; Dick Kirk
Cc: Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Jeff Bove; James Heisman
Subject: RE: deposition scheduling

Scott:

ViewSonic is the only party that has not agreed to discuss these issues. I again request that you join our teleconference, which Tatung has proposed for Wednesday. With all parties represented on the call, including ViewSonic, we can hopefully resolve these issues.

As we have explained before, we do not believe that a court reporter is necessary for these calls. If ViewSonic does use a court reporter, however, we should be entitled to obtain a copy of any transcript that results.

Please refer to the deposition schedule that LPL submitted to the Special Master. In a prior email you suggested that you might not hold the few deposition dates that you recently proposed for some of ViewSonic's witnesses. We trust that ViewSonic will cooperate in good faith to hold and confirm deposition dates pending our resolution of these issues by agreement or, if necessary, by the Special Master. We are aware that you have selected certain proposed dates for LPL's witnesses and we will promptly check into availability on our end for those dates, and we will then follow up with you. We intend to proceed with LPL's depositions in Washington, D.C., as previously discussed, and we would appreciate knowing whether you intend to seek in advance of the depositions some sort of input from the Special Master concerning possible future deposition disputes (no motion is pending).

As for privilege logs, I will send you a written response as soon as I can to continue our recent correspondence.

We look forward to addressing these issues with you soon.

Cass

_____

From: Scott Miller [mailto:SMiller@cblh.com]
Sent: Friday, January 26, 2007 9:11 PM
To: Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; KrietzmanM@GTLAW.com; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com; Dick Kirk
Cc: Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Jeff Bove; James Heisman
Subject: RE: deposition scheduling

Cass:
Please stop your posturing. It is our view that these issues have been discussed to death. Notwithstanding that view, if others feel that further discussion on these matters might be productive, we will join in a written discussion of them. If you have a proposal, make it in writing and let's make progress. If you want to waste time, count us out. We will not spend time participating in off-the-record discussions only to have them be continually mischaracterized and then face the work of correcting the record -- which exceeds any time or expense that might have been saved by the original discussion.

As I read Local Rule 7.1.1, it requires the parties to attempt to reach a resolution of issues. We remain ready, willing and able to participate in such attempts by written letters and email, or on-the-record discussions. I am sure that the parties' local counsel will advise us if they feel this proposal is not within the letter and spirit of this rule. Until then, as we have stated, we will not participate in off-the-record conversations with your firm regarding this case. If we agree to an on-the-record meet and confer discussion, we will share equally in the expense of the court reporter and all will have access to the transcript. If others are not willing to share in the expense, we will either defer to a meet and confer discussion in writing or pay the expense of the reporter ourselves and instruct the reporter that no party other than ViewSonic can be sent a copy of the transcript. If at any time you wish to object to this arrangement regarding reporter costs, please advise us of same in advance of the meeting as that will strongly factor into our decision of whether to vary from our default selection of having meet and confer discussions in writing, by letter or email.

I look forward to your written proposals on deposition scheduling and privilege logs if you feel it will be productive in reaching an equitable solution that addresses the interests of all.

Scott

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID: 213-787-2510
Fax: 213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com

_____

From: Christenson, Cass [mailto:cchristenson@mckennalong.com]
Sent: Friday, January 26, 2007 4:00 PM
To: KrietzmanM@GTLAW.com; Scott Miller; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com;
HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
Cc: Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Dick Kirk
Subject: RE: deposition scheduling

Dear Mark: Thanks for your email.  I assume that your mischaracterization of the facts is unintentional, but, to
borrow your phrase, your statements are "just plain wrong."  In any event, we look forward to trying to resolve these
issues next week.  If we can resolve them, our motion will be moot.  Scott, can you join a discussion at either of the times
that Mark proposes below?  A global discussion would be most appropriate so we can coordinate schedules.  Please let
me know when both Tatung and ViewSonic can talk and I look forward to our discussion.  Similarly, I am happy to discuss
privilege logs then.  Regards, Cass

_____

From: KrietzmanM@GTLAW.com [mailto:KrietzmanM@GTLAW.com]
Sent: Friday, January 26, 2007 6:24 PM
To: Christenson, Cass; SMiller@cblh.com; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com;
HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
Cc: MNelson@cblh.com; TRoman@raskinpeter.com; JMason@cblh.com; NPhillips@cblh.com
Subject: RE: deposition scheduling
Importance: High

Dear Cass:

We are absolutely available to meet on the issue of deposition dates.  In fact for several weeks Mr.. Merideth has
attempted to have further discussions, as you suggest in the below e-mail  to work out reasonable schedules for all
depositions  which respect witness schedules, the Lunar New Year, travel issues abroad etc..  In fact the proof of Mr.
Merideth's productive contact is that you were advised that Mr., Farzin is the appropriate 30(b)(6) witness for Tatung
Company of America as  reflected in your premature submission.

 We can meet with you Tuesday January 30 after 2pm PST or Wednesday January 31 after 10am PST.   We
are however, surprised that within hours of the below email being sent, requesting a meeting, you have filed a motion to
compel.  We only received your request for a meeting NEXT WEEK during lunch and have responded within an hour of
reviewing same.  The filing of yet another motion to compel on yet another issue that is easily resolved with a small
amount of courtesy and civility is just plain wrong.  We have worked hard to turn down the volume levels , for example,
you commended us  on the  cooperative environment  we provided to you during your  inspection of Tatung Monitors  at
our offices - yet you show no courtesy or civility in return.  Rather, you file a motion to compel within hours of requesting a
meeting.

Please confirm that you will immediately withdrawal your motion to compel on this topic (filed a few moments ago)
and provide dates for a meeting.

Sincerely,

Mark Krietzman

_____

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com <mailto:postmaster@gtlaw.com> .

_____

From: Christenson, Cass [mailto:cchristenson@mckennalong.com]
Sent: Friday, January 26, 2007 12:01 PM
To: Scott Miller; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Ho, Valerie W. (Shld-LA-LT)
Cc: Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
Subject: RE: deposition scheduling


Scott:

Thank you for your email last night. We cannot agree to your proposed dates. Your proposed dates ignore our prior discussions about avoiding substantial time gaps between depositions, as we will be traveling to California for these depositions. In addition, as we have discussed, we intend to depose Rule 30(b)(6) witnesses after individual depositions. Further, we understand that Mr. Jue will testify as a Rule 30(b)(6) designee, and, therefore, as we have stated before, we would like to take his individual deposition when we depose him as a Rule 30(b)(6) designee. Indeed, you previously agreed and took the position that individual and designee depositions should not be separate events for the same witness.

We appreciate that you have finally responded to our many requests to set a deposition schedule. Unfortunately, your proposal is incomplete as it does not account for other depositions of ViewSonic witnesses, nor has Tatung provided deposition dates. Further, as stated above, your proposal is not workable. Although we have no choice but to file a motion to compel, we hope that your email signals a new willingness to finally discuss these issues with us. If so, please let me know what times next week you (and counsel for Tatung) are available to talk.

Regards,
Cass


_____

From: Scott Miller [mailto:SMiller@cblh.com]
Sent: Thursday, January 25, 2007 8:49 PM
To: Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
Cc: Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
Subject: deposition scheduling


Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2

Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe.  As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change.  As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.

Regards,

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

<http://www.gtlaw.com/>

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or

storage media and destroy any printouts of the e-mail or attachments.

CONFIDENTIALITY NOTICE:

This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

# EXHIBIT 23

**Manuel C. Nelson**

| | |
|---|---|
| **From:** | MeridethF@GTLAW.com |
| **Sent:** | Sunday, January 28, 2007 11:14 AM |
| **To:** | cchristenson@mckennalong.com |
| **Cc:** | Scott Miller; KrietzmanM@GTLAW.com; HoV@GTLAW.com; gaza@rlf.com |
| **Subject:** | RE: deposition scheduling |

While the Tatung defendants believe the Local Rules and Special Master's procedures require us to continue to discuss depostion scheduling with LPL, we believe that LPL's unilateral termination of our ongoing discussions and the noticing by LPL of Tatung depostions in Delaware for dates LPL has been advised are not available was in bad faith. Kirk's filing with the Special Master repsecting depositions contains numerous serious misreprentations and material ommissions about the meet and confer process and our discussions regarding depositions which we will deal with in our opposition. In our view, LPL unilaterally has repudiated all of the agreements reached thus far regarding depostions. Based on Kirk's misrepresentations and LPL's bad faith, we agree with Viewsonic that all future discussions should be reported.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Sunday, January 28, 2007 10:33 AM
**To:** Scott Miller; Ambrozy, Rel; Brzezynski, Lora; Krietzman, Mark H. (Shld-LA-IP); Merideth, Frank (Shld-LA-LT); Ho, Valerie W. (Shld-LA-LT); Cottrell@RLF.com; gaza@rlf.com; Dick Kirk
**Cc:** Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Jeff Bove; James Heisman
**Subject:** RE: deposition scheduling

Scott:

ViewSonic is the only party that has not agreed to discuss these issues.  I again request that you join our teleconference, which Tatung has proposed for Wednesday.  With all parties represented on the call, including ViewSonic, we can hopefully resolve these issues.

As we have explained before, we do not believe that a court reporter is necessary for these calls.  If ViewSonic does use a court reporter, however, we should be entitled to obtain a copy of any transcript that results.

Please refer to the deposition schedule that LPL submitted to the Special Master.  In a prior email you suggested that you might not hold the few deposition dates that you recently proposed for some of ViewSonic's witnesses.  We trust that ViewSonic will cooperate in good faith to hold and confirm deposition dates pending our resolution of these issues by agreement or, if necessary, by the Special Master.  We are aware that you have selected certain proposed dates for LPL's witnesses and we will promptly check into availability on our end for those dates, and we will then follow up with you.  We intend to proceed with LPL's depositions in Washington, D.C., as previously discussed, and we would appreciate knowing whether you intend to seek in advance of the depositions some sort of input from the Special Master concerning possible future deposition disputes (no motion is pending).

As for privilege logs, I will send you a written response as soon as I can to continue our recent correspondence.

We look forward to addressing these issues with you soon.

Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Friday, January 26, 2007 9:11 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; KrietzmanM@GTLAW.com; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com; Dick Kirk
**Cc:** Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Jeff Bove; James Heisman
**Subject:** RE: deposition scheduling

Cass:
Please stop your posturing. It is our view that these issues have been discussed to death. Notwithstanding that view, if others feel that further discussion on these matters might be productive, we will join in a written discussion of them. If you have a proposal, make it in writing and let's make progress. If you want to waste time, count us out. We will not spend time participating in off-the-record discussions only to have them be continually mischaracterized and then face the work of correcting the record -- which exceeds any time or expense that might have been saved by the original discussion.

As I read Local Rule 7.1.1, it requires the parties to attempt to reach a resolution of issues. We remain ready, willing and able to participate in such attempts by written letters and email, or on-the-record discussions. I am sure that the parties' local counsel will advise us if they feel this proposal is not within the letter and spirit of this rule. Until then, as we have stated, we will not participate in off-the-record conversations with your firm regarding this case. If we agree to an on-the-record meet and confer discussion, we will share equally in the expense of the court reporter and all will have access to the transcript. If others are not willing to share in the expense, we will either defer to a meet and confer discussion in writing or pay the expense of the reporter ourselves and instruct the reporter that no party other than ViewSonic can be sent a copy of the transcript. If at any time you wish to object to this arrangement regarding reporter costs, please advise us of same in advance of the meeting as that will strongly factor into our decision of whether to vary from our default selection of having meet and confer discussions in writing, by letter or email.

I look forward to your written proposals on deposition scheduling and privilege logs if you feel it will be productive in reaching an equitable solution that addresses the interests of all.

Scott

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com

---

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 4:00 PM
**To:** KrietzmanM@GTLAW.com; Scott Miller; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
**Cc:** Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Dick Kirk

**Subject:** RE: deposition scheduling

Dear Mark: Thanks for your email.  I assume that your mischaracterization of the facts is unintentional, but, to borrow your phrase, your statements are "just plain wrong."  In any event, we look forward to trying to resolve these issues next week.  If we can resolve them, our motion will be moot.  Scott, can you join a discussion at either of the times that Mark proposes below?  A global discussion would be most appropriate so we can coordinate schedules.  Please let me know when both Tatung and ViewSonic can talk and I look forward to our discussion.  Similarly, I am happy to discuss privilege logs then.  Regards, Cass

---

**From:** KrietzmanM@GTLAW.com [mailto:KrietzmanM@GTLAW.com]
**Sent:** Friday, January 26, 2007 6:24 PM
**To:** Christenson, Cass; SMiller@cblh.com; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
**Cc:** MNelson@cblh.com; TRoman@raskinpeter.com; JMason@cblh.com; NPhillips@cblh.com
**Subject:** RE: deposition scheduling
**Importance:** High

Dear Cass:

We are absolutely available to meet on the issue of deposition dates.  In fact for several weeks Mr.. Merideth has attempted to have further discussions, as you suggest in the below e-mail  to work out reasonable schedules for all depositions  which respect witness schedules, the Lunar New Year, travel issues abroad etc..   In fact the proof of Mr. Merideth's productive contact is that you were advised that Mr., Farzin is the appropriate 30(b)(6) witness for Tatung Company of America as reflected in your premature submission.

 We can meet with you Tuesday January 30 after 2pm PST or or Wednesday January 31 after 10am PST.   We are however, surprised that within hours of the below email being sent, requesting a meeting, you have filed a motion to compel.  We only received your request for a meeting NEXT WEEK during lunch and have responded within an hour of reviewing same.  The filing of yet another motion to compel on yet another issue that is easily resolved with a small amount of courtesy and civility is just plain wrong.  We have worked hard to turn down the volume levels , for example, you commended us  on the  cooperative environment  we provided to you during your  inspection of Tatung Monitors  at our offices - yet you show no courtesy or civility in return.  Rather, you file a motion to compel within hours of requesting a meeting.

Please confirm that you will immediately withdrawal your motion to compel on this topic (filed a few moments ago) and provide dates for a meeting.
Sincerely,

Mark Krietzman

    Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

    The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 12:01 PM
**To:** Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Ho, Valerie W. (Shld-LA-LT)
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** RE: deposition scheduling

Scott:

Thank you for your email last night. We cannot agree to your proposed dates. Your proposed dates ignore our prior discussions about avoiding substantial time gaps between depositions, as we will be traveling to California for these depositions. In addition, as we have discussed, we intend to depose Rule 30(b)(6) witnesses after individual depositions. Further, we understand that Mr. Jue will testify as a Rule 30(b)(6) designee, and, therefore, as we have stated before, we would like to take his individual deposition when we depose him as a Rule 30(b)(6) designee. Indeed, you previously agreed and took the position that individual and designee depositions should not be separate events for the same witness.

We appreciate that you have finally responded to our many requests to set a deposition schedule. Unfortunately, your proposal is incomplete as it does not account for other depositions of ViewSonic witnesses, nor has Tatung provided deposition dates. Further, as stated above, your proposal is not workable. Although we have no choice but to file a motion to compel, we hope that your email signals a new willingness to finally discuss these issues with us. If so, please let me know what times next week you (and counsel for Tatung) are available to talk.

Regards,
Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Thursday, January 25, 2007 8:49 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** deposition scheduling

Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2
Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe. As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change. As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.

Regards,

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA 90071

DID: 213-787-2510
Fax: 213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient
or recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

# EXHIBIT 24

**Manuel C. Nelson**

**From:**　Scott Miller

**Sent:**　Monday, January 29, 2007 5:01 PM

**To:**　'Christenson, Cass'; Ambrozy, Rel; Brzezynski, Lora; KrietzmanM@GTLAW.com; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com; Dick Kirk

**Cc:**　Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Jeff Bove; James Heisman

**Subject:**　RE: deposition scheduling

Cass:

As it has throughout this case, ViewSonic will cooperate with addressing all legitimate concerns or proposals LPL may make regarding discovery.  As for the deposition dates I sent you last week for 3 of the 5 ViewSonic witnesses you have identified, you rejected those dates.  I do not see how my indicating that I would give those individuals the courtesy of informing them that you had rejected those dates and, therefore, tell them they are free to attend to other matters on those dates is somehow indicative of uncooperative conduct.  It is not my experience that it is proper for a party to reject proposed dates and then make its first suggestion of dates in a motion to compel, despite receiving invitations to propose dates from the other parties.

I am working with ViewSonic to see if any of the dates you proposed in the first instance to the Special Master as part of your motion are available dates for the individual depositions.  I already know from my past conferences that the date unilaterally selected for Ms. Wang will not work and several of the other dates are problematic.  Your delays coupled with your repeated reversal of field -- from insisting that you take all depositions in the order noticed, to seeking simultaneous individual and corporate representative depositions, and then going back to insisting that the depositions take place in the order noticed -- all against the backdrop of LPL's refusal and failure to propose dates for the depositions other than in a motion to compel despite prior invitations to do so, are the only reasons why there are no established dates for the defendants' witnesses.  Assuming that the dates attached to your motion is the schedule you now wish to discuss, we will work to meet that as best we can.

I am happy to receive and consider any comments or suggested proposals you have to offer regarding the dates and locations of the depositions we have noticed.  We noted that your most recent deposition notice to ViewSonic seeks to set the deposition for Delaware not Los Angeles despite your insistence that an agreement as to location has been reached.

Finally, as for access to reported transcripts of any future calls in which we agree to participate, we will not agree to free-riding by LPL. If LPL chooses not to fairly share in the expense, we will not agree that it is entitled to a copy and we will so instruct the reporter or decline to participate.

I will advise you about dates for the ViewSonic individual witnesses as I receive them.  We can then turn our attention to scheduling the ViewSonic corporate deposition.

Regards,

Scott

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Sunday, January 28, 2007 10:33 AM
**To:** Scott Miller; Ambrozy, Rel; Brzezynski, Lora; KrietzmanM@GTLAW.com; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com; Dick Kirk
**Cc:** Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Jeff Bove; James Heisman
**Subject:** RE: deposition scheduling

Scott:

ViewSonic is the only party that has not agreed to discuss these issues.  I again request that you join our teleconference, which Tatung has proposed for Wednesday.  With all parties represented on the call, including ViewSonic, we can hopefully resolve these issues.

As we have explained before, we do not believe that a court reporter is necessary for these calls.  If ViewSonic does use a court reporter, however, we should be entitled to obtain a copy of any transcript that results.

Please refer to the deposition schedule that LPL submitted to the Special Master.  In a prior email you suggested that you might not hold the few deposition dates that you recently proposed for some of ViewSonic's witnesses.  We trust that ViewSonic will cooperate in good faith to hold and confirm deposition dates pending our resolution of these issues by agreement or, if necessary, by the Special Master.  We are aware that you have selected certain proposed dates for LPL's witnesses and we will promptly check into availability on our end for those dates, and we will then follow up with you.  We intend to proceed with LPL's depositions in Washington, D.C., as previously discussed, and we would appreciate knowing whether you intend to seek in advance of the depositions some sort of input from the Special Master concerning possible future deposition disputes (no motion is pending).

As for privilege logs, I will send you a written response as soon as I can to continue our recent correspondence.

We look forward to addressing these issues with you soon.

Cass

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Friday, January 26, 2007 9:11 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; KrietzmanM@GTLAW.com; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com; Dick Kirk
**Cc:** Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Jeff Bove; James Heisman
**Subject:** RE: deposition scheduling

Cass:
Please stop your posturing.  It is our view that these issues have been discussed to death.  Notwithstanding that view, if others feel that further discussion on these matters might be productive, we will join in a written discussion of them.  If you have a proposal, make it in writing and let's make progress.  If you want to waste time, count us out.  We will not spend time participating in off-the-record discussions only to have them be continually mischaracterized and then face the work of correcting the record -- which exceeds any time or expense that might have been saved by the original discussion.

As I read Local Rule 7.1.1, it requires the parties to attempt to reach a resolution of issues.  We remain ready, willing and able to participate in such attempts by written letters and email, or on-the-record discussions.  I am sure that the parties' local counsel will advise us if they feel this proposal is not within the letter and spirit of this rule.  Until then, as we have stated, we will not participate in off-the-record conversations with your firm regarding this case.  If we agree to an on-the-record meet and confer discussion, we will share equally in the expense of the court reporter and all will have access to the transcript.  If others are not willing to share in the expense, we will either defer to a meet and confer discussion in writing or pay the expense of the reporter ourselves and instruct the reporter that no party other than ViewSonic can be sent a copy of the transcript.  If at any time you wish to object to this arrangement regarding reporter costs, please advise us of same in advance of the meeting as that will strongly factor into our decision of whether to vary from our default selection of having meet and confer discussions in writing, by letter or email.

I look forward to your written proposals on deposition scheduling and privilege logs if you feel it will be productive in

reaching an equitable solution that addresses the interests of all.

Scott

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA  90071

DID:  213-787-2510
Fax:  213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com

---

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 4:00 PM
**To:** KrietzmanM@GTLAW.com; Scott Miller; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
**Cc:** Manuel C. Nelson; TRoman@raskinpeter.com; Jaclyn M. Mason; Nancy Phillips; Dick Kirk
**Subject:** RE: deposition scheduling

Dear Mark: Thanks for your email.  I assume that your mischaracterization of the facts is unintentional, but, to borrow your phrase, your statements are "just plain wrong."  In any event, we look forward to trying to resolve these issues next week.  If we can resolve them, our motion will be moot.  Scott, can you join a discussion at either of the times that Mark proposes below?  A global discussion would be most appropriate so we can coordinate schedules.  Please let me know when both Tatung and ViewSonic can talk and I look forward to our discussion.  Similarly, I am happy to discuss privilege logs then.  Regards, Cass

---

**From:** KrietzmanM@GTLAW.com [mailto:KrietzmanM@GTLAW.com]
**Sent:** Friday, January 26, 2007 6:24 PM
**To:** Christenson, Cass; SMiller@cblh.com; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; HoV@GTLAW.com; Cottrell@RLF.com; gaza@rlf.com
**Cc:** MNelson@cblh.com; TRoman@raskinpeter.com; JMason@cblh.com; NPhillips@cblh.com
**Subject:** RE: deposition scheduling
**Importance:** High

Dear Cass:

We are absolutely available to meet on the issue of deposition dates.  In fact for several weeks Mr.. Merideth has attempted to have further discussions, as you suggest in the below e-mail  to work out reasonable schedules for all depositions  which respect witness schedules, the Lunar New Year, travel issues abroad etc..  In fact the proof of Mr. Merideth's productive contact is that you were advised that Mr., Farzin is the appropriate 30(b)(6) witness for Tatung Company of America as  reflected in your premature submission.

 We can meet with you Tuesday January 30 after 2pm PST or or Wednesday January 31 after 10am PST.   We are however, surprised that within hours of the below email being sent, requesting a meeting, you have filed a motion to compel.  We only received your request for a meeting NEXT WEEK during lunch and have responded within an hour of reviewing same.  The filing of yet another motion to compel on yet another issue that is easily resolved with a small amount of courtesy and civility is just plain wrong.  We have worked hard to turn down the volume levels , for example, you commended us  on the  cooperative environment  we provided to you during your  inspection of Tatung Monitors  at our offices - yet you show no courtesy or civility in return.  Rather, you file a motion to compel within hours of requesting a meeting.

Please confirm that you will immediately withdrawal your motion to compel on this topic (filed a few moments ago) and provide dates for a meeting.
Sincerely,

Mark Krietzman

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Friday, January 26, 2007 12:01 PM
**To:** Scott Miller; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Ho, Valerie W. (Shld-LA-LT)
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** RE: deposition scheduling

Scott:

Thank you for your email last night. We cannot agree to your proposed dates. Your proposed dates ignore our prior discussions about avoiding substantial time gaps between depositions, as we will be traveling to California for these depositions. In addition, as we have discussed, we intend to depose Rule 30(b)(6) witnesses after individual depositions. Further, we understand that Mr. Jue will testify as a Rule 30(b)(6) designee, and, therefore, as we have stated before, we would like to take his individual deposition when we depose him as a Rule 30(b)(6) designee. Indeed, you previously agreed and took the position that individual and designee depositions should not be separate events for the same witness.

We appreciate that you have finally responded to our many requests to set a deposition schedule. Unfortunately, your proposal is incomplete as it does not account for other depositions of ViewSonic witnesses, nor has Tatung provided deposition dates. Further, as stated above, your proposal is not workable. Although we have no choice but to file a motion to compel, we hope that your email signals a new willingness to finally discuss these issues with us. If so, please let me know what times next week you (and counsel for Tatung) are available to talk.

Regards,
Cass

---

**From:** Scott Miller [mailto:SMiller@cblh.com]
**Sent:** Thursday, January 25, 2007 8:49 PM
**To:** Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HoV@GTLAW.com
**Cc:** Manuel C. Nelson; Tracy Roman; Jaclyn M. Mason; Nancy Phillips
**Subject:** deposition scheduling

Counsel:
I have been able to confirm the following dates for depositions of the following ViewSonic witnesses at the McKenna Long office in Los Angeles:

Tommy Jue - February 20
Sally Wang - March 2
Vivian Liu - March 22.

We are checking on dates for the 2 other individual ViewSonic employees noticed by LPL, namely, Robert Ranucci and Jeff Volpe. As we advised you long ago, Mr. Zapka is no longer a ViewSonic employee.

Please let me know ASAP if you wish to reserve these dates for these depositions as schedules can change. As for Mr. Jue, my understanding that he is assigned to Taiwan was erroneous.

Regards,

Scott.


Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA 90071

DID: 213-787-2510
Fax: 213-687-0498
Cell: 562-618-7771

smiller@cblh.com

www.cblh.com


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have

received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

# EXHIBIT 25.1

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

Manuel Nelson

TEL (213) 787-2515
FAX (213) 687-0498
EMAIL mnelson@cblh.com
REPLY TO Los Angeles Office

*Via Email and First Class Mail*

January 31, 2007

Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC 20006

> Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*
> USDC, Delaware, C.A. No. 04-343-JJF

Dear Mr. Christenson:

Thank you for the January 23, 2007 letter that was emailed us. Unfortunately, that letter does not appear to recognize my earlier January 18 or January 23 letters.[1]

With respect to the issue regarding meet and confers raised in your letter, counsel for ViewSonic does not refuse to meet with counsel for LPL, but merely seeks to improve the historical record keeping regarding any such meet and confers. Thus, as you have been advised by Scott Miller, ViewSonic will meet and confer telephonically with a court reporter on the line, or via letters.

With respect to LPL's suggestion that certain topics in LPL's and ViewSonic's deposition notices may be more appropriate for the expert discovery phase, that issue was addressed in my January 18, 2007 letter. Your January 23 letter does not respond to our inquiry. Specifically, unless LPL agrees that it will not to present any employee, officer or director of LPL (including any inventor) at trial to testify about any 30(b)(6) topic that the parties may agree is more suitable for the expert phase of this case, there seems little need to consider this issue further. Further, LPL has listed only topics noticed by the defendants that should be deferred. Assuming LPL were to agree to ViewSonic's proposal above, what topics noticed by LPL would be deferred to the expert discovery phase if this issue is pursued further?

The inquiry regarding specificity of topics 4, 5(b), 8(a)-(b), 13(i), 13(q), 13(v), 15(a), 24(d), 24(h), 25(d) and 27(c) was addressed in my January 23 letter.

The inquiry regarding the overlap of topics 7(a)-(b) and 10(a)-(b) was addressed in my January 23 letter, and should be resolved in the amended deposition notices served yesterday.

The inquiry regarding the temporal scope of the 30(b)(6) topics related to financial information was addressed in my January 18, 2007 letter.

The inquiry regarding ViewSonic's topic 11 was addressed in my January 18, 2007 letter.

---

[1] According to our email system, my January 23 letter was emailed more than two and half hours prior to your January 23 letter.



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

January 31, 2007
Page 2

The disagreements regarding deposition time limits were addressed during our January 8, 2007 meet and confer and in my January 18, 2007 letter, and are now pending before the Special Master.

With respect to deposition dates, Mr. Miller last week proposed dates for three of the five individuals noticed for a deposition by LPL. ViewSonic understands that LPL has rejected those dates. Mr. Miller will respond further in a separate letter.

While on the subject of setting deposition dates, LPL still has never responded to the multitude of requests to firmly set a date for the 30(b)(6) deposition of LPL. My January 18 letter contains one of those many requests.

With respect to the incorporation of evidence from the UK case, it is difficult to understand LPL's concerns. We do not suggest that ViewSonic will "cherry pick" only favorable portions of the UK proceedings. On the contrary, we suggest that the entire UK proceeding be available for use here by all parties. The patent at issue in the UK case is the UK counterpart to the patents in suit, the specification of the UK patent is the same as originally filed here in the U.S., the products accused there are accused here, and the expert testimony from the UK case addresses some of the same matters at issue here.

Finally, with respect to the DEC agreement, your January 22, 2007 letter to Mr. Miller suggests the document is confidential and must be obtained from a third party, Chungwa Picture Tubes ("CPT"). ViewSonic presently does not seek to obtain a copy of this document from CPT, but rather from LPL. LPL admits that the DEC agreement involved LPL's principal, LG Electronics Inc. ("LGE"). Is it LPL's position that the DEC agreement, while in the possession of LGE, is not within the "possession, custody or control" of LPL as those terms are used in Rule 34 of the Federal Rules of Civil Procedure? Moreover, it is our understanding that the subject agreement was filed as an exhibit with the Court in one of the California litigations brought by LPL, and that the Court ultimately declined to seal the exhibit under the Protective Order in the case. That should allay any concerns LPL might have regarding confidentiality, and permit LPL to produce a copy of the agreement. Inasmuch as the pleadings in the California case are voluminous, and the public does not have electronic or other easy access to the Court's files, we expect LPL to produce a copy of the agreement forthwith.



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

January 31, 2007
Page 3

We look forward to your response to the issues that remain outstanding discussed above.

Sincerely,

Manuel Nelson

cc:    Rel S. Ambrozy, Esq. (via email)
Lora A. Brzezynski, Esq. (via email)
Richard D. Kirk, Esq. (via email)
Mark H. Krietzman, Esq. (via email)
Frank E. Merideth, Jr., Esq. (via email)
Valerie W. Ho, Esq. (via email)
Steve P. Hassid, Esq. (via email)
Anne Shea Gaza, Esq. (via email)
Frederick L. Cottrell III, Esq. (via email)
Scott R. Miller, Esq. (via email)
Tracy R. Roman, Esq. (via email)
Jeffrey B. Bove, Esq. (via email)
Jaclyn M. Mason, Esq. (via email)
James D. Heisman, Esq. (via email)

# EXHIBIT 25

Albany
Atlanta
Brussels
Denver
Los Angeles

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

# McKenna Long
# & Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 30, 2007

**VIA E-MAIL AND U.S. MAIL**

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071

Frank E. Merideth, Jr., Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA  90404

Re:    LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Scott and Frank:

I write to respond to your recent letters and emails concerning deposition scheduling for defendants' witnesses.  Yesterday, Frank and I discussed these issues concerning Tatung and Tatung America.  Unfortunately, Scott again declined to discuss these issues with me by phone despite my efforts to speak with him.

With respect to LPL's depositions, we are in receipt of the new deposition notices for the inventors.  As Frank and I discussed yesterday, LPL's witnesses will be deposed in Washington, D.C. and defendants' witnesses will be deposed in McKenna Long & Aldridge LLP's Los Angeles office.  Accordingly, we assume that the Delaware location in ViewSonic's recent deposition notices directed to LPL is moot.  As previously noted, we expect that LPL's depositions will begin in late February in Washington.  As you already know, however, and as the parties have raised with the Special Master, we disagree concerning the amount of time for which the inventors may be deposed in this case.  We also received today deposition notices for separate Rule 30(b)(6) depositions of LPL.  As we have previously discussed, we intend to produce witnesses once, not multiple times.  Accordingly, we oppose any new effort to take separate Rule 30(b)(6) depositions.  We also object to the separate, arbitrary dates in the deposition notices.

Scott R. Miller, Esq.
Frank E. Merideth, Jr., Esq.
January 30, 2007
Page 2

My understanding is that the defendants each have agreed to begin producing witnesses promptly, and before LPL's depositions begin. We intend to depose witnesses on consecutive dates to the extent possible, thus reducing the number of trips required for the depositions. Because different attorneys will be involved for the technical depositions and other depositions of defendants' witnesses, we would like to schedule the depositions so that technical witnesses are grouped together and other witnesses are grouped together. We also intend to depose Rule 30(b)(6) designees after we have deposed witnesses who are testifying only in an individual capacity. Further, we need to receive the outstanding discovery that LPL is seeking so that we can prepare for and complete the depositions. Given our approaching March 30 deadline, we need to begin depositions as soon as possible, and to receive all additional documents and things as soon as possible and well in advance of the defendants' depositions.

Frank confirmed yesterday that Tatung America's witnesses can be deposed in February (specifically including, for example, the week of February 19). Frank also informed me yesterday that Tatung prefers to begin depositions after March 1, as February 28 is a national holiday in Taiwan (Taiwan National Day). We discussed the possibility of deposing some of Tatung's witnesses the week of March 5 and then completing remaining Tatung depositions later. Although we did not reach any agreements concerning dates for Tatung's depositions yesterday, our discussion was a starting point. As I explained to Frank, however, we need to reach a global schedule for all depositions and, therefore, we need to know ViewSonic's witness availability. We hope we can resolve the schedule with you. If not, we intend to pursue our pending motion to compel depositions as proposed. With respect to our proposed deposition schedule (Appendix A to LPL's January 26 motion to compel) Scott stated yesterday that Ms. Wang is not available on February 20 and "several other" unspecified dates "are problematic." ViewSonic has not yet proposed any alternative dates or addressed availability concerning other proposed dates.

Please let us know as soon as possible whether Tatung, Tatung America, and ViewSonic would be interested in depositions the following weeks, which we are circulating for discussion purposes and subject to our pending motion to compel depositions and schedule:

**Week of February 19**

Depositions of Bryan Lin, Sally Wang, Andrew Sun, Vivian Liu, and Robert Ranucci. We understand that Andrew Sun will testify as one of the two Tatung America Rule 30(b)(6) designees and that Sally Wang, Bryan Lin, Vivian Liu, and Robert Ranucci will not testify as Rule 30(b)(6) designees. LPL requests immediate notification if any of these witnesses will require interpreters and if LPL's understanding concerning Rule 30(b)(6) designees is incorrect.

**Week of March 5**

Depositions of Kevin Ho, Jackson Chang, Hsi-Ling (Jamie) Yang, S.Y. Tsai, and Huang Chin-min. We understand that none of these witnesses will testify as Rule 30(b)(6) designees.

Scott R. Miller, Esq.
Frank E. Merideth, Jr., Esq.
January 30, 2007
Page 3

LPL requests immediate notification if any of these witnesses will require interpreters and if LPL's understanding concerning Rule 30(b)(6) designees is incorrect.

## Week of March 26

Depositions of Peter Farzin, Oliver Shih, Tsyr-Huey (Vincent) Liu, Jeff Volpe, and Tommy Jue. We understand that Peter Farzin will testify as one of the two Tatung America Rule 30(b)(6) designees, that Oliver Shih and Tsyr-Huey (Vincent) Liu will testify as Tatung's only Rule 30(b)(6) designees and that Jeff Volpe and Tommy Jue will testify as ViewSonic's only Rule 30(b)(6) designees. LPL requests immediate notification if any of these witnesses will require interpreters and if LPL's understanding concerning Rule 30(b)(6) designees is incorrect.

We provide this potential scheduling approach to facilitate our discussions and to continue LPL's efforts to resolve our dispute on deposition scheduling. Please respond as soon as possible.

Very truly yours,

Cass W. Christenson

CWC:ea

cc:   Richard D. Kirk, Esq. (via e-mail)
      Mark Krietzman, Esq. (via e-mail)
      Valerie W. Ho, Esq. (via e-mail)
      Jong P. Hong, Esq. (via e-mail)
      Steve P. Hassid, Esq. (via e-mail)
      Anne Shea Gaza, Esq. (via e-mail)
      Frederick L. Cottrell, III, Esq. (via e-mail)
      Manuel Nelson, Esq. (via e-mail)
      Tracy R. Roman, Esq. (via e-mail)
      Jeffrey B. Bove, Esq. (via e-mail)
      Jaclyn M. Mason, Esq. (via e-mail)

# EXHIBIT 26

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

LOS ANGELES, CA

355 S. Grand Ave.
Suite 3150
Los Angeles, CA 90071
TEL: (213) 787 2500
FAX: (213) 687 0498
WEB: www.cblh.com

Scott R. Miller
Partner

TEL (213) 787-2510
EMAIL smiller@cblh.com

*Via Email and U.S. Mail*

January 31, 2007

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006-1108

      **Re:**    ***LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.***
            **USDC Case No. 04-343 JJF**

Dear Cass:

I am in receipt of your letter dated yesterday regarding deposition scheduling.  I note initially that your letter is full of unfounded assumptions and understandings regarding the scheduling of deposition testimony from ViewSonic's witnesses and under Rule 30(b)(6).  It is consistently been ViewSonic's position that it will designate witnesses to testify on its behalf under Rule 30(b)(6) in accordance with the provisions of that Rule and that ViewSonic reserves the right to designate the appropriate witnesses, including witnesses from whom an individual deposition has already been completed, in accordance with provisions of that Rule.  The schedule appended to LPL's present motion before the Special Master regarding deposition scheduling appears to seek to compel the deposition of particular individuals to testify on behalf of ViewSonic under Rule 30(b)(6) in contravention with the express provisions of that Rule.  It is ViewSonic – not LPL – who has the right to identify witnesses to testify on its behalf.  In prior discussions with you, in response to your inquiries, ViewSonic indicated that Messrs. Volpe and Jue were potential designees by ViewSonic under Rule 30(b)(6).  ViewSonic has never designated these individuals to testify on its behalf.  Indeed, LPL noticed individual depositions of Messrs. Volpe and Jue.  In order that we may respond to your requests regarding deposition dates, please confirm whether LPL seeks to take the depositions of Messrs. Volpe and Jue as individuals, or whether LPL is seeking to depose ViewSonic pursuant to Rule 30(b)(6) on two consecutive dates.  Once we understand your position on these matters, we will be able to ascertain whether we need to obtain dates for these individual depositions.

With regard to the deposition of the three other individuals LPL has identified it wishes to depose, we can again confirm that Sally Wang (who we presume is the person LPL misidentified to the Special Master as "Shirley Wang" is not available on February 20

10565.1



CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
January 31, 2007
Page 2

but would be available on March 2. Ms. Liu is available for an individual deposition on
February 16, 2007 in Los Angeles. Mr. Ranucci's schedule is highly volatile. At present,
we suggest that the parties shoot for a target date for his deposition of February 20, 2007,
subject to locating a later date if necessary to accommodate his schedule. We would hope
to know within the next week whether Mr. Ranucci can be available on February 20 for a
deposition. As to each of these individuals, as we have said time and again, ViewSonic
reserves the right to identify one or more of its designees to respond to a topic under a
later-scheduled deposition under Rule 30(b)(6) on behalf of ViewSonic Corporation.

Please let us know forthwith whether LPL wishes to proceed on the dates indicated
for the witnesses identified and whether LPL is seeking an individual deposition of Messrs.
Volpe and Jue on March 29 and 30, respectively, or is only seeking to depose ViewSonic
Corporation on those dates. We have asked Messieurs Volpe and Jue to temporarily hold
March 29 and 30 open, under the assumption that you seek to depose them as individuals
on those dates and pending the immediate resolution as to whether LPL is seeking
individual or corporate depositions on those dates.

Sincerely,

Scott R. Miller

Scott R. Miller

cc:     Rel S. Ambrozy, Esq.
        Lora A. Brzezynski, Esq.
        Cormac T. Connor, Esq.
        Richard D. Kirk, Esq.
        Mark H. Krietzman, Esq.
        Valerie W. Ho, Esq.
        Steve P. Hassid, Esq.
        Anne Shea Gaza, Esq.
        Frederick L. Cottrell III, Esq.
        Tracy R. Roman, Esq.
        Jeffrey B. Bove, Esq.
        Jaclyn M. Mason, Esq.
        Manuel C. Nelson, Esq.
        James D. Heisman, Esq.

10565.1

# EXHIBIT 27

**Manuel C. Nelson**

**From:**     Christenson, Cass [cchristenson@mckennalong.com]
**Sent:**     Thursday, February 01, 2007 1:10 PM
**To:**       Manuel C. Nelson; Scott Miller
**Cc:**       Ambrozy, Rel; Brzezynski, Lora; Connor, Cormac; rkirk@bayardfirm.com; Mark Krietzman; HoV@GTLAW.com;
            Steve Hassid; Gaza, Ann Shea; cottrell@rlf.com; Tracy Roman; Jeff Bove; Jaclyn M. Mason; James Heisman;
            Nancy Phillips; Frank E. Merideth, Jr.
**Subject:**  RE: LPL v. ViewSonic, 04-343-JJF (DE)

Scott:

In response to your letter, our position has been clear and remains unchanged.

We will not travel to California more than once to redepose the same witnesses individually and as Rule 30(b)(6) designees.  We will depose first the witnesses who will not testify as Rule 30(b)(6) designees.  We will thereafter depose ViewSonic's Rule 30(b)(6) designees.  We only know what you have told us about who ViewSonic intends to produce as designees.  If you decide not to designate Mr. Volpe as a Rule 30(b)(6) witness, then we will depose him individually prior to the Rule 30(b)(6) deposition, likewise for Mr. Jue.

Regrettably, you are continuing your practice of offering single deposition dates, spread apart, for only a couple of witnesses.  Further, your reference to a possible date for Mr. Ranucci's deposition, which you characterize as a "target date" that will likely be moved by you at any time to a subsequent, unspecified "later date" is unhelpful.  If we are going to consider taking Ms. Wang around March 2, we need confirmed dates for other technical ViewSonic and/or Tatung witnesses on consecutive dates starting before and/or after March 2.  Similarly, we need business witnesses to be offered by Tatung and/or ViewSonic on consecutive dates before and/or after February 16 in order to consider that date for Ms. Liu.

If you want to work with us on these issues, we are willing to do so.  Otherwise, we will pursue our proposed schedule with Special Master Poppiti.

Regards,
Cass

---

**From:** Manuel C. Nelson [mailto:MNelson@cblh.com]
**Sent:** Wednesday, January 31, 2007 9:11 PM
**To:** Christenson, Cass
**Cc:** Ambrozy, Rel; Brzezynski, Lora; Connor, Cormac; rkirk@bayardfirm.com; Mark Krietzman; HoV@GTLAW.com; Steve Hassid; Gaza, Ann Shea; cottrell@rlf.com; Tracy Roman; Jeff Bove; Jaclyn M. Mason; James Heisman; Nancy Phillips
**Subject:** LPL v. ViewSonic, 04-343-JJF (DE)

Counsel,
On behalf of Scott Miller, please see attached.
Regards,
Manuel

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender

immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.