

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

Jaclyn M. Mason
Associate

**TEL** (302) 888-6433
**FAX** (302) 255-4275
**EMAIL** jmason@cblh.com
**REPLY TO** Wilmington Office

*Via Email and Hand Delivery*

February 2, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE  19801

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF
ViewSonic's Response to LPL's Motion for Clarification of Scheduling Order

Dear Special Master Poppiti:

ViewSonic hereby submits its response to the January 26, 2007 motion submitted by LG.Philips LCD Co., Ltd. ("LPL") seeking resolution of issues related to deposition time limits arising out of the Court's August 18, 2005 Scheduling Order (hereinafter "Motion"). Through its Motion, LPL seeks to rewrite the Court's Scheduling Order to limit the time each inventor can be deposed to 10.5 hours instead of the allotted 21 hours, and, seeks to improperly limit the time for 30(b)(6) depositions of LPL designees. ViewSonic has submitted a similar Motion to Clarify Deposition Time Limits in Scheduling Order, which should be granted.

### Background

Rule 30 of the Federal Rules of Civil Procedure ("FRCvP") presumptively limits each side to 10 depositions (FRCvP 30(a)(2)(A)) of seven hours each (FRCvP 30(d)(2)). As Ordered by the Court (D.I. 191), the parties in this case developed a discovery plan and submitted a Proposed Scheduling Order (D.I. 192, enclosed as Ex. 1).

In the Proposed Scheduling Order, LPL sought to increase the 10 deposition limit to 12. Ex. 1, ¶ 3(d)(i). LPL did not seek any modification to the seven hour limit. On the other hand, the defendants sought to convert the numerical deposition limit to a total time limit. Thus, the defendants converted LPL's proposed 12 deposition limit for the plaintiff to a proposed 84 hour total time limit. Ex. 1, ¶ 3(d)(ii). The defendants also sought 84 hours of deposition time for each defendant, for a total time of 168 hours. *Id.* Additionally, the defendants sought to modify the seven hour deposition limit to instead allow 10.5 hours for any deposition in which the witness needed an interpreter. *Id.* Finally, the defendants sought to double the time allowed to depose each inventor (who speak Korean) of the patents in suit from 10.5 to 21 hours. *Id.*

In its August 18, 2005 Scheduling Order (D.I. 198, "Scheduling Order") the Court reduced the defendants' proposed 168 hours of total deposition time to 140 hours, but adopted the defendants' proposals regarding deposition time limits in all other respects:

> Maximum of 84 hours of examination by Plaintiff of fact witnesses, excluding expert depositions, unless otherwise agreed in writing by the parties or ordered by the Court. Defendants combined shall be limited to 140 hours of examination of fact witnesses, excluding expert depositions. No fact witness or designee under Rule 30(b)(6) for whom English is [sic, not] their first language shall be deposed for more than 10.5 hours. Notwithstanding the foregoing limitations, the inventors of the patents-in-suit may be deposed for up to 21 hours total, which shall be consecutive.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Page 2
February 2, 2007

D.I. 198, ¶ 4(d).[1]

### General Time Limits

LPL concedes that the Court intended to adopt the defendants' proposal that, if a deposition witness required an interpreter, the seven hour time limit would be increased to 10.5 hours. Contrary to LPL's assertions, ViewSonic *never* contended that, under the Scheduling Order witnesses who testify in English can be deposed for 10.5 hours.[2]

### Inventor Deposition Time Limits

LPL argues that the Scheduling Order permits both inventors of the patents in suit, who admittedly will require an interpreter, to be deposed for only 21 hours total combined (or, 10.5 hour each), and that the depositions of both inventors must occur on consecutive days. LPL's interpretation is inconsistent with the plain meaning, intent and spirit of the Scheduling Order. The Scheduling Order already provides a 10.5 hour limitation for all deposition witnesses requiring an interpreter: "No fact witness or designee under Rule 30(b)(6) for whom English is [sic, not] their first language shall be deposed for more than 10.5 hours." The disputed 21 hour sentence is superfluous if that 10.5 hour limit were to apply to the depositions of both inventors combined as LPL argues. The Scheduling Order plainly intends that each inventor will be deposed for up to 21 hours on consecutive days, which, under ViewSonic's proper interpretation of the Scheduling Order, means that each inventor will be deposed for the equivalent of two days of English testimony, a practice which is common in this District.

### 30(b)(6) Deposition Time Limits

LPL seeks to restrict the ability of the defendants to obtain 30(b)(6) testimony in a manner that is wholly contrary to the FRCvP and the Scheduling Order. Specifically, ViewSonic served four separate 30(b)(6) deposition notices with the understanding that each notice counts as a separate deposition, and with the expectation that each notice will require approximately the equivalent of a seven-hour day's worth of English deposition testimony. ViewSonic is entitled to depose any witness designated by LPL to testify regarding any subset of topics identified in a single notice for the full durational limit,[3] subject to the defendants' combined total (140 hour) time limit set by the Court.

LPL seeks to combine ViewSonic's four notices into one, and improperly limit the time that any single corporate designee will testify to a single day (seven or 10.5 hours) regardless of whether the designee is testifying on different topics in each of the four notices. Indeed, LPL has indicated that the inventors will be designees for several 30(b)(6) topics. Because the inventors will testify in their individual and corporate capacities contemporaneously, it appears LPL intends to limit each inventor to one 10.5 hour period for his individual deposition, *and* any 30(b)(6) topics.[4]

---

[1] As indicated by the bracketed insertion, the Scheduling Order has a typographical error in which the word "not" was omitted. This omission is apparent when one examines ¶ 3(d)(ii) of the proposed Scheduling Order jointly submitted by the parties. *See* Ex. 1, ¶ 3(d)(ii).

[2] For example, as indicated below, when discussing 30(b)(6) time limits, ViewSonic specifically relied on the seven hour limit for English speaking witnesses.

[3] Seven hours pursuant to FRCvP 30(d)(2), or 10.5 hours pursuant to the Scheduling Order if an interpreter is needed.

[4] *See, e.g.*, Ex. 2 [2007-01-17 C Christenson letter], at 3, ¶¶ 7-8; Ex. 4 [2007-01-23 C Christenson letter], at 3, § III; Ex. 5 [2007-01-30 C Christenson letter], at 1.

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Page 3
February 2, 2007

The FRCvP permit a party to serve several 30(b)(6) notices regarding different topics, subject, of course, to any numerical or total time limitations. Indeed, the complexities and scope of issues involved in this case warrant allowing ViewSonic to issue more than one 30(b)(6) notice. The topics are not unreasonably cumulative or duplicative, cannot be obtained from a less burdensome source, and are consistent with the principles stated in FRCvP 26(b)(2). If the default ten deposition limit still applied in this case, a party hypothetically could serve up to ten 30(b)(6) notices. A witness designated to respond to any single notice would then be limited to a single seven hour day of testimony. Likewise, if more than one witness is designated to testify in response to any particular notice, the multiple designees still only count as one deposition,[5] although each designee would be limited to a seven hour deposition in response to any single notice. Under our Scheduling Order, if more than one witness is designated to respond to a 30(b)(6) notice, the time for each designee counts against the total time limit established by the Scheduling Order. Thus, regardless of the number of 30(b)(6) notices served, contrary to LPL's argument, no party can extract any deposition testimony beyond the cap established by the Court on total deposition testimony.[6]

**Third Party Deposition Time Limit is Included in the Total Time Limit**

LPL incorrectly asserts that the Scheduling Order is silent as to third-party depositions. The Scheduling Order places a maximum time cap on both sides for "examination ... of fact witnesses, excluding expert depositions." The only exclusion from the time limitation relates to expert depositions. All non-expert fact depositions are included within the time limitation imposed on the parties by the Scheduling Order.

Based on the foregoing, ViewSonic respectfully requests that Your Honor clarify the deposition time limits established by the Scheduling Order as set forth herein, and in ViewSonic's January 26, 2007 Motion to Clarify Deposition Time Limits in Scheduling Order.

Respectfully submitted,

*/s/ Jaclyn M. Mason*

Jaclyn M. Mason (#4737)

cc:    Tracy R. Roman, Esq. (via email)
Scott R. Miller, Esq. (via email)
Jeffrey B. Bove, Esq. (via email)
James D. Heisman, Esq. (via email)
Frederick L. Cottrell, III, Esq. (via email)
Anne Shea Gaza, Esq. (via email)
Frank Merideth, Jr., Esq. (via email)

---

[5] For the purposes of counting a 30(b)(6) notice, the Advisory Committee notes teach that "[a] deposition under Rule 30(b)(6) should, for purposes of this [numerical] limit, be treated as a single deposition, even though more than one person may be designated to testify." Ex. 6, page 8, Advisory Committee Notes, 1993 Amendments (passage highlighted).

[6] LPL has taken an evasive and inconsistent position with respect to LPL's 30(b)(6) deposition notice served on ViewSonic. ViewSonic pointed out that, following LPL's interpretation, if ViewSonic designated one English speaking witness to testify as to all of the topics contained in LPL's 30(b)(6) notice, LPL would be limited to one seven hour deposition from ViewSonic. Ex. 2 [2007-01-17 C Christenson letter.] at 3, ¶ 8. LPL disagreed with this contention, and failed to provide any rationale for the inconsistent treatment or to suggest what time limit would exist in such a situation. *Id.*; *see also* Ex. 3 [2007-01-18 M Nelson letter], at 2.



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Page 4
February 2, 2007

Mark H. Krietzman, Esq. (via email)
Valerie W. Ho, Esq. (via email)
Steve Hassid, Esq. (via email)
Rel S. Ambrozy, Esq. (via email)
Cass W. Christenson, Esq. (via email)
Lora A. Brzezynski, Esq. (via email)
Richard D. Kirk, Esq. (via email