# EXHIBIT 2

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 17, 2007

**Via E-Mail and U.S. Mail**

Manuel Nelson, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Frank E. Merideth, Jr., Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA 90404

  Re: LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Manuel and Frank:

  I write to respond to Manuel's January 16, 2007 letter informing us that ViewSonic is now unavailable for the previously confirmed deposition teleconference that we had scheduled for today at 3:00.

  Given ViewSonic's unavailability today, we agree to reschedule the January 17, 2007 call to after the hearing with the Special Master on January 19. We propose that we begin the call at the same time, 3:00 p.m. Washington time, on January 19. Also, please let us know when you propose that we exchange the information that we had discussed in our January 8 teleconference. We had previously agreed to exchange that information before our call today. When would the Defendants like to exchange this information?

  Specifically, during our January 8 discussion, we addressed the following issues:

  1. We agreed to exchange our anticipated designees, including which issues the designees will address, so that we can better estimate and discuss the amount of time that we believe is appropriate for the Rule 30(b)(6) depositions in this case.

Manuel Nelson, Esq.
January 17, 2007
Page 2

      2.    We agreed to exchange proposals concerning which current Rule 30(b)(6) topics could be more suitable for expert witness discovery.

      3.    Defendants agreed to review their topics for duplicative topics that could be dropped (for example, topics 10(a)-(b) are duplicative of topics 7(a)-(b)).

      4.    Defendants agreed to review topics for which LPL has specifically requested more explanation concerning what information will be sought at the deposition in order for LPL to better address and respond to those topics, including topics 4, 5(b), 8(a), 8(b), 13(i), 13(q), 13(v), 15(a), 24(d), 24(h), and 25(d). These are examples of topics for which LPL needs input from Defendants as soon as possible.

      5.    Defendants agreed to consider LPL's proposal to narrow the time frame for topics concerning financial information / damages issues. Defendants' time frame for such topics goes back to 1998.

      6.    LPL discussed its concern regarding Topic 11, which ViewSonic's counsel confirmed is intended to address the issue of inequitable conduct. As I explained during our January 8 call, ViewSonic has not alleged any inequitable conduct defense in this case. The Tatung Defendants have improperly attempted to assert inequitable conduct on information and belief, without asserting affirmatively specific facts necessary to allege or support such a defense. ViewSonic's counsel stated that ViewSonic's "unclean hands" defense might support discovery regarding an inequitable conduct defense. LPL disagrees. Any unclean hands or inequitable conduct defense must comply with the particularity requirements of Fed. R. Civ. P. 9(b). *See, e.g., EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996) ("the particularity requirement of Rule 9(b) applies to inequitable conduct charges," such that a pleading must "disclose the name of the relevant prior art and disclose the acts of the alleged fraud"). In its Answer and Defenses, ViewSonic failed to identify a single fact in support of its unclean hands defense. ViewSonic's subsequent interrogatory responses cannot cure deficient pleadings, and, in any event, ViewSonic states in its interrogatory answer that only after claim construction is completed might ViewSonic "be able to ascertain whether LPL is engaged in unclean hand conduct based upon its attempts to apply the claims of the Patents-in-Suit to the VX900 and any other products LPL may allege of infringement." (See ViewSonic's Supp. Resps. to LPL's 2d Set of Interrogs. at No. 16). This is not a proper basis for an unclean hands defense. Defendants are not entitled to fish for discovery on defenses for which there is no valid support in pleading or fact. *See Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 221-22 (N.D. Cal. 1994) ("Vague allegations of inequitable conduct may also be the launching of a 'fishing expedition,' allowing the accuser to embark on wide-ranging discovery upon a thimble full of facts. This is precisely the sort of tactical maneuvering that Rule 9(b) is designed to deter."). Accordingly, we repeat our request that Defendants agree not to pursue Topic 11, as this topic amounts to harassment and lacks a sufficient basis.

Manuel Nelson, Esq.
January 17, 2007
Page 3

      We also are concerned about questions on topics that appear to address whether LPL's products are covered by any claims in the Patents-in-Suit. LPL's products are not relevant to the infringement issues in this case. Accordingly, please confirm that Defendants do not intend to ask LPL questions concerning the extent to which LPL's products use the patented technology, including, for example, comparisons between LPL's products and any accused products. *See, e.g.*, Topics 1(d), 21, 23. We also do not understand what information Defendants seek in response to Topic 27(c) or how this Topic is relevant. Please clarify this Topic as well.

      7.    LPL objects to the Defendants' intention to attempt to depose each of the two inventors for 21 hours, for a total of 42 hours of deposition time. As I stated on January 8, this is contrary to the Scheduling Order, which allows Defendants to depose both inventors for a combined total of up to 21 hours (three days) on consecutive days. *See* Scheduling Order at para. 4(d).

      8.    On January 5, Mr. Miller had suggested that, with respect to depositions of Rule 30(b)(6) designees, Defendants should be able to depose each witness for up to 10.5 hours for each of Defendants' four deposition notices. As I stated, however, LPL's position is that the number of deposition notices served does not impact the time limits for each Rule 30(b)(6) witness. Further, on January 8, ViewSonic's counsel asked whether LPL would be limited to one day of deposition time for all topics if ViewSonic designated only one witness to address all topics. As I stated, LPL would object to that approach as not reasonable. LPL needs complete and accurate testimony on the topics for which LPL has noticed Defendants' depositions, which will require each Defendant to produce an appropriate number of witnesses for an appropriate amount of time to cover all of the topics.

      9.    We discussed incorporating into this case deposition testimony from the recent Delaware Case No. 05-292.

      We look forward to continuing our discussions on January 19 regarding the issues summarized above and to our exchange of information.

      With respect to your comment on whether to discontinue further communications except in writing or in the presence of a court reporter, we understand and share your concerns. When appropriate, however, we believe that oral discussions are helpful and efficient, and that using a reporter could prevent urgent discussions and would make discussions unduly expensive. We believe, therefore, that counsel should not limit our communications to reported or written discussions. When necessary, of course, counsel may confirm discussions in writing to avoid subsequent disputes.

      Finally, Defendants have refused to produce any witness on any of the dates for which depositions have been noticed. We have requested many times that Defendants propose new

Manuel Nelson, Esq.
January 17, 2007
Page 4

deposition dates for all of their witnesses, but Defendants have failed to do so. As stated in my January 10, 2007 letter, LPL intends to begin depositions in late January or early February in the same order of witnesses as noticed in LPL's December 5, 2006 deposition notices. Because Defendants have refused to provide any proposed deposition dates, despite multiple requests, LPL has no choice but to seek the Special Master's immediate assistance.

Very truly yours,

Cass W. Christenson

CWC:ea

cc: Richard D. Kirk, Esq. (via e-mail)
Mark Krietzman, Esq. (via e-mail)
Valerie W. Ho, Esq. (via e-mail)
Jong P. Hong, Esq. (via e-mail)
Steve P. Hassid, Esq. (via e-mail)
Anne Shea Gaza, Esq. (via e-mail)
Frederick L. Cottrell, III, Esq. (via e-mail)
Scott R. Miller, Esq. (via e-mail)
Tracy R. Roman, Esq. (via e-mail)
Jeffrey B. Bove, Esq. (via e-mail)
Jaclyn M. Mason, Esq. (via e-mail)