# EXHIBIT 3

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

Manuel Nelson

TEL (213) 787-2515
FAX (213) 687-0498
EMAIL mnelson@cblh.com
REPLY TO Los Angeles Office

*Via Email*

January 18, 2007

Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC 20006

    Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*
             USDC, Delaware, C.A. No. 04-343-JJF

Dear Mr. Christenson:

    Thank you for your January 17, 2007 letter regarding depositions. This letter responds to some of the issues identified in your letter.

    We are still waiting to hear Tatung's position regarding meeting and conferring via letters or with a court reporter. Unless we are convinced otherwise by Tatung or the Special Master, at this time, ViewSonic believes the parties would be best served and efficiencies improved by implementing our suggested meet and confer procedure. Thus, we have addressed below deposition issues raised in your letter and will promptly send you correspondence on other issues. Please provide us with any further correspondence regarding the below issues or any other issues you believe need to be addressed.

    Contrary to the suggestion in your letter, ViewSonic has not refused to produce any witnesses for depositions. LPL, not ViewSonic, has refused to participate in deposition discovery. LPL still refuses to set a single deposition date. LPL's refusal to provide a witness within a reasonable time forced ViewSonic to file a motion to compel LPL to participate in deposition discovery, and for a protective order, which motion is held in abeyance and remains pending. ViewSonic is not obligated to produce any witness for a deposition until its motion for a protective order is ruled upon.

    Notwithstanding ViewSonic's motion for a protective order, and without waiving its right to invoke the protection provided by that motion, ViewSonic will take the lead, once again, to try and move things forward in this case. Regarding LPL's request to take the depositions of ViewSonic witnesses in an order similar to the order the witnesses were noticed by LPL, ViewSonic anticipates LPL will be flexible with this request. ViewSonic expects to identify, by Tuesday, January 23, 2007, available dates for Sally Wang and Vivian Liu, two of the first three ViewSonic witnesses noticed by LPL for depositions. As the parties previously discussed, Michael Zapka, no longer works for ViewSonic. ViewSonic is trying to determine Mr. Zapka's current contact information. ViewSonic will provide dates for Robert Ranucci and Jeff Volpe after the dates for the intervening Tatung witnesses have been set, which will accommodate LPL's request to take the depositions in the order originally noticed by LPL.



January 18, 2007
Page 2

As we have indicated, Tommy Jue is in Taiwan. ViewSonic anticipates that Mr. Jue likely will be designated as a 30(b)(6) witness. Thus, we will produce Mr. Jue closer in time to the 30(b)(6) depositions of ViewSonic. If Mr. Jue is selected as a ViewSonic 30(b)(6) designee, he will be produced in that capacity immediately after his individual deposition. With respect to the remaining ViewSonic 30(b)(6) designees, in accordance with your suggestion that depositions of the defendants be taken in the order noticed by LPL, ViewSonic will preliminarily designate corporate representatives for the 30(b)(6) topics after the depositions of ViewSonic's witnesses have been completed. To the extent this requires local witnesses to be produced a second time, ViewSonic will bear that burden to accommodate LPL's request to depose the defendants' witnesses in the order noticed.

While on the subject of scheduling 30(b)(6) depositions, as indicated above, LPL still refuses to set any date for a 30(b)(6) deposition. LPL cannot reasonably expect to obtain all of the 30(b)(6) testimony LPL seeks without producing LPL 30(b)(6) designees at fair and reasonable times. Please provide a firm date when LPL is willing to produce at least its first 30(b)(6) witness to be deposed.

Your letter summarized some of the prior discussions regarding time limits for 30(b)(6) depositions. We understand that LPL does not agree with any suggestion offered thus far by ViewSonic regarding time limits for deposing 30(b)(6) designees. What is not clear is LPL's view regarding time limits for deposing 30(b)(6) designees. Please clarify LPL's proposal regarding time limits for deposing 30(b)(6) designees.

As indicated in your letter, during our January 8 conference, LPL suggested that the parties might be able to agree that certain 30(b)(6) topics could be more suitable for expert witness discovery. Before pursuing this further, ViewSonic needs to know whether LPL will agree not to present any employee, officer or director of LPL (including any inventor) at trial to testify about any 30(b)(6) topic that the parties agree at this stage is more suitable for an expert witness. Without such an agreement, ViewSonic is unlikely to forego any 30(b)(6) topics it noticed.

LPL suggested that the noticed time frames could be uniformly narrowed for 30(b)(6) topics concerning financial information and/or damages related issues. ViewSonic has considered LPL's suggestion. ViewSonic is entitled to discovery it seeks regarding obviousness of the alleged invention claimed in the patents in suit, including evidence related to satisfaction of any long-felt need(s) in the industry related to different mounting techniques, which implicates LPL's sales of flat panel products prior the date of the invention of the patents in suit. Consequently, ViewSonic cannot presently agree to LPL's proposed date restriction.

With respect to the discussion in your January 17, 2007 letter regarding Topic 11 in ViewSonic's 30(b)(6) deposition notice of LPL, there are several points that warrant clarification. First, Topic 11 encompasses various issues, including the knowledge of the inventors and the patent attorneys of the scope and content of certain prior art references. These issues are related not only to inequitable conduct, but also invalidity, unclean hands, patent misuse, as well as other issues. ViewSonic's Third Defense pleads invalidity. ViewSonic's Fifth Defense pleads unclean hands, which includes patent misuse. ViewSonic's Eighth Defense clearly implicates the possibility that the evidence may give rise to other defenses, including inequitable conduct. Moreover, the more lenient Rule 8 of the Federal Rules of Civil Procedure, not Rule 9, applies to pleading requirements for the defenses of invalidity, unclean hands and patent misuse. Thus, ViewSonic cannot agree not to pursue Topic 11 as requested in your letter.

Case 1:04-cv-00343-JJF    Document 437-4    Filed 02/02/2007    Page 4 of 4



January 18, 2007
Page 3

On a matter related to these defenses, during our January 8, 2007 teleconference, LPL agreed that it would provide the bates number of the agreement with DEC, provided this agreement was produced in this case. Have you been able to determine whether the DEC agreement was produced in this case? If not, please produce a copy of the agreement with DEC.

With respect to LPL's position that the Scheduling Order permits the two inventor of the patents in suit to be deposed for 10.5 hours each for a combined total of 21 hours for both inventors, that is not consistent with the most reasonable reading of ¶ 4(d) of the Court's Scheduling Order, which provides that no fact witness or 30(b)(6) designee "for whom English is [sic, not] their first language shall be deposed for more than 10.5 hours." This sentence limits depositions of non-English speakers to 10.5 hours. If the deposition of each inventor were to be limited to 10.5 hours, there would be no need for the next sentence in the Scheduling Order: "Notwithstanding the foregoing limitations, the inventors of the patents in suit may be deposed for up to 21 hours total, which shall be consecutive." The most reasonable interpretation of these provisions permits each inventor to be deposed for up to 21 hours during 3 consecutive days. This interpretation is consistent with the position advocated by ViewSonic in connection with the 26(f) report submitted to the Court. Paragraph 4(d) of the Scheduling Order incorporates ViewSonic's position.

With respect to LPL's desire to incorporate deposition testimony from another Delaware case (no. 05-292), which in turn incorporates eight cases, that proposal was addressed in Scott Miller's January 16, 2007 letter to you.

We will respond separately to the remaining issues related to specific noticed topics identified in your letter.

Sincerely,

Manuel Nelson

cc:   Rel S. Ambrozy, Esq. (via email)
      Lora A. Brzezynski, Esq. (via email)
      Richard D. Kirk, Esq. (via email)
      Mark H. Krietzman, Esq. (via email)
      Frank E. Merideth, Jr., Esq. (via email)
      Valerie W. Ho, Esq. (via email)
      Jong P. Hong, Esq. (via email)
      Steve P. Hassid, Esq. (via email)
      Anne Shea Gaza, Esq. (via email)
      Frederick L. Cottrell III, Esq. (via email)
      Scott R. Miller, Esq. (via email)
      Tracy R. Roman, Esq. (via email)
      Jeffrey B. Bove, Esq. (via email)
      Jaclyn M. Mason, Esq. (via email)