# EXHIBIT 4

Albany
Atlanta
Brussels
Denver
Los Angeles

**McKenna Long & Aldridge** LLP
Attorneys at Law
1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 23, 2007

**VIA E-MAIL AND U.S. MAIL**

Manuel Nelson, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Frank E. Merideth, Jr., Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA 90404

Re: LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Manuel and Frank:

I write in response to your January 18, 2007 letters. First, ViewSonic and Tatung just last week have proposed for the first time that the parties incorporate into this case materials from a prior case in the United Kingdom, apparently including "all of the testimony and exhibits" from that case. (Mr. Merideth's Jan. 18, 2007 ltr., 2.) Although LPL would need clarification to understand the specifics of this new proposal, LPL has several concerns regarding this proposal, which seems inappropriate in general. We will address this matter more fully by separate letter, and we look forward to discussing this issue with you further.

The remainder of your letters address deposition issues. On January 16, ViewSonic inexplicably cancelled our January 17 teleconference to discuss these issues. Since that time, Defendants have not agreed to any of our requests to reschedule the depositions teleconference. Indeed, ViewSonic now will only communicate by letter and refuses to speak with us. Despite several prior telephone calls and letters, we remain unable to agree on certain issues. Because we need the Special Master's guidance as soon as possible, we have no choice but to submit the disputed issues to the Special Master. Nonetheless, of course, we remain available to discuss these issues and we summarize the issues below in the hope that defendants may be willing to speak with us again before Friday.

Manuel Nelson, Esq.
Frank E. Merideth, Jr., Esq.
January 23, 2007
Page 2

I.     LPL's Objections to Rule 30(b)(6) Topics as More Appropriately Deferred to Expert Discovery, or Vague, Overly Broad, and/or Duplicative

    As we previously discussed, LPL is concerned that several of the Rule 30(b)(6) topics in Defendants' deposition notices to LPL are not appropriate for party depositions and should be either dropped or deferred to expert witness discovery. We discussed on January 8 some of these issues and we have attempted to discuss this further with you, to no avail. Generally, we believe that topics concerning claim scope, claim construction, infringement or validity analysis and contentions, and damages issues are more appropriately addressed by experts. We propose that topics on those issues be deferred to expert discovery in this case, including, for example, Defendants' Rule 30(b)(6) topics 1(a), 1(c), 1(f), 13(a), 13(e), 22, 24(f), 24(g), 25, and 27(b). Because of the wording of certain topics in Defendants' deposition notices to LPL, additional topics could also implicate certain of these expert witness issues. See, e.g., Topic 13. LPL's position remains that such topics should not be included in the Rule 30(b)(6) depositions. We understand, however, that the Defendants do not agree.

    In addition, we have notified you that we have concerns regarding the specificity of several topics. We specifically have discussed, for example, LPL's request for more specificity concerning at least topics 4, 5(b), 8(a), 8(b), 13(i), 13(q), 13(v), 15(a), 24(d), 24(h), 25(d), and 27(c). During our January 8, 2007 teleconference, you agreed to review these topics and respond to our concerns. Unfortunately, however, neither ViewSonic nor Tatung has clarified any of these topics or responded substantively to our concerns. Therefore, LPL cannot fairly understand and address the topics and believes that a protective order should be entered as to these topics.

    On a related note, we discussed on January 8 that some topics are duplicative and that Defendants' topics concerning financial information are overly broad in time. Although counsel agreed to review these topics and work together to resolve LPL's concerns, we unfortunately have not received any favorable response from you. If your positions change, and you are willing to drop duplicative topics or narrow the time period for topics regarding financial information, please let us know.

II.     LPL's Objections to Defendants' Topic 11 Concerning Inequitable Conduct

    We also discussed on January 8 LPL's concerns about Topic 11, which ViewSonic's counsel confirmed is a topic addressing inequitable conduct. As we discussed, and I restated in my January 17 letter, we do not belief that there is any legitimate basis for deposition testimony on this topic. Without such a basis, moreover, Topic 11 threatens to harass LPL's witnesses and serve no useful purpose in this case. We repeat our request for any factual basis you believe exists to pursue Topic 11. Given the lack of any such basis, we continue to object to Topic 11 as improper.

Manuel Nelson, Esq.
Frank E. Merideth, Jr., Esq.
January 23, 2007
Page 3


III.   Amount of Time for Depositions of Inventors and Hours Limits for Depositions

   We have discussed each of our respective positions concerning the amount of time that the Scheduling Order permits for the depositions of the two inventors in this case. Our position remains that the two inventors may be deposed for a combined total of no more than twenty-one (21) hours, on consecutive days. Given our impasse on this issue, we will seek appropriate relief. We will also seek clarification from the Special Master concerning the amount of time permitted under the Scheduling Order for depositions of English speaking and non-English speaking witnesses. Our understanding is that the Court intended to adopt the Defendants' original scheduling proposal, which appears to permit up to 7 hours for English speaking witnesses and up to 10.5 hours for other witnesses, but this provision may have been inadvertently omitted in part in the Scheduling Order.

   As we have discussed, we anticipate that the two inventors, Mr. YoungWoo Cho and Mr. Jong Hwan Kim, will testify on many topics (likely including topics concerning the patents, prior art, mounting technologies and structures / methods of assembly; R&D, VESA, and meetings with third parties concerning the rearmount patents). We anticipate that another witness, possibly Mr. Joo Sup Kim, will testify concerning LPL's licenses and licensing strategy, the flat panel display market, and business issues. LPL may also produce a separate witness to address a few remaining topics, such as document production.

   With respect to LPL's witnesses, we agreed on January 8 to work together to schedule depositions so as not to interfere with witness schedules due to the New Year period observed during part of February in Korea and Taiwan. As I mentioned, LPL's witnesses may be visiting with family during the week of February 19. As we discussed on January 8, therefore, if necessary we will adjust the deposition schedule and any adjustment would be minor (1 or 2 business days' postponement of the February 22 date).

IV.   Deposition Dates for Defendants' Witnesses

   Defendants have not provided proposed dates for their witnesses. In response to Mr. Nelson's January 18 letter, we continue to object to ViewSonic's intentional withholding of deposition dates for witnesses until a future, unspecified time. We also object to ViewSonic's intent, contrary to prior discussions, to attempt to force LPL's counsel to make multiple trips to California to depose the same witnesses in different capacities. Our position continues to be that if a ViewSonic or Tatung witness will be deposed individually and as a corporate designee, that deposition should occur simultaneously or on consecutive dates. If Mr. Jue will be a corporate designee, for example, we will depose him after taking any other ViewSonic witnesses that we may need to depose. We need to know now which of ViewSonic's witnesses will testify as designees, so that we can decide which individual ViewSonic witnesses to depose before we take ViewSonic's Rule 30()(6) deposition.

Manuel Nelson, Esq.
Frank E. Merideth, Jr., Esq.
January 23, 2007
Page 4


      Mr. Meredith's January 18 letter likewise provides no deposition dates, and, instead, asks LPL to propose more dates. LPL previously proposed dates when it noticed depositions. Tatung knows which dates its witnesses and counsel are available, and LPL can pick from those proposed dates, but needs Tatung's cooperation.

      Finally, Mr. Nelson's letter requests a copy of a DEC agreement, which was addressed in my January 22, 2007 letter to Mr. Miller. If you would like to discuss the DEC agreement or related issues further, please do not hesitate to call me.

Very truly yours,

Cass W. Christenson

CWC:ea

cc:    Richard D. Kirk, Esq. (via e-mail)
       Mark Krietzman, Esq. (via e-mail)
       Valerie W. Ho, Esq. (via e-mail)
       Jong P. Hong, Esq. (via e-mail)
       Steve P. Hassid, Esq. (via e-mail)
       Anne Shea Gaza, Esq. (via e-mail)
       Frederick L. Cottrell, III, Esq. (via e-mail)
       Scott R. Miller, Esq. (via e-mail)
       Tracy R. Roman, Esq. (via e-mail)
       Jeffrey B. Bove, Esq. (via e-mail)
       Jaclyn M. Mason, Esq. (via e-mail)