# EXHIBIT 6

*Westlaw.*

Page 1

Federal Rules of Civil Procedure Rule 30

United States Code Annotated Currentness
   Federal Rules of Civil Procedure . for the United States District Courts (Refs & Annos)
      V. Depositions and Discovery (Refs & Annos)

➡ **Rule 30. Depositions Upon Oral Examination**

**(a) When Depositions May Be Taken; When Leave Required.**

**(1)** A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by subpoena as provided in Rule 45.

**(2)** A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties,

   **(A)** a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants;

   **(B)** the person to be examined already has been deposed in the case; or

   **(C)** a party seeks to take a deposition before the time specified in Rule 26(d) unless the notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time.

**(b) Notice of Examination: General Requirements; Method of Recording; Production of Documents and Things; Deposition of Organization; Deposition by Telephone.**

**(1)** A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to, or included in, the notice.

**(2)** The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by nonstenographic means.

**(3)** With prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the method specified by the person taking the deposition. The additional record or transcript shall be made at that party's expense unless the court otherwise orders.

**(4)** Unless otherwise agreed by the parties, a deposition shall be conducted before an officer appointed or designated under Rule 28 and shall begin with a statement on the record by the officer that includes (A) the officer's name and business address; (B) the date, time, and place of the deposition; (C) the name of the deponent; (D) the administration of the oath or affirmation to the deponent; and (E) an identification of all persons present. If the deposition is recorded other than stenographically, the officer shall repeat items (A) through (C) at the beginning of each unit of recorded tape or other recording medium. The appearance or

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal Rules of Civil Procedure Rule 30

demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques. At the end of the deposition, the officer shall state on the record that the deposition is complete and shall set forth any stipulations made by counsel concerning the custody of the transcript or recording and the exhibits, or concerning other pertinent matters.

**(5)** The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request.

**(6)** A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

**(7)** The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For the purposes of this rule and Rules 28(a), 37(a)(1), and 37(b)(1), a deposition taken by such means is taken in the district and at the place where the deponent is to answer questions.

**(c) Examination and Cross-Examination; Record of Examination; Oath; Objections.**

Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615. The officer before whom the deposition is to be taken shall put the witness on oath or affirmation and shall personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness. The testimony shall be taken stenographically or recorded by any other method authorized by subdivision (b)(2) of this rule. All objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections. In lieu of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and the party taking the deposition shall transmit them to the officer, who shall propound them to the witness and record the answers verbatim.

**(d) Schedule and Duration; Motion to Terminate or Limit Examination.**

**(1)** Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d) (4).

**(2)** Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person , or other circumstance, impedes or delays the examination.

**(3)** If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

**(4)** At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal Rules of Civil Procedure Rule 30

may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it may be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

**(e) Review by Witness;  Changes;  Signing.**

If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

**(f) Certification and Delivery by Officer; Exhibits; Copies.**

**(1)** The officer must certify that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. This certificate must be in writing and accompany the record of the deposition. Unless otherwise ordered by the court, the officer must securely seal the deposition in an envelope or package indorsed with the title of the action and marked "Deposition of [here insert name of witness]" and must promptly send it to the attorney who arranged for the transcript or recording, who must store it under conditions that will protect it against loss, destruction, tampering, or deterioration. Documents and things produced for inspection during the examination of the witness must, upon the request of a party, be marked for identification and annexed to the deposition and may be inspected and copied by any party, except that if the person producing the materials desires to retain them the person may (A) offer copies to be marked for identification and annexed to the deposition and to serve thereafter as originals if the person affords to all parties fair opportunity to verify the copies by comparison with the originals, or (B) offer the originals to be marked for identification, after giving to each party an opportunity to inspect and copy them, in which event the materials may then be used in the same manner as if annexed to the deposition. Any party may move for an order that the original be annexed to and returned with the deposition to the court, pending final disposition of the case.

**(2)** Unless otherwise ordered by the court or agreed by the parties, the officer shall retain stenographic notes of any deposition taken stenographically or a copy of the recording of any deposition taken by another method. Upon payment of reasonable charges therefor, the officer shall furnish a copy of the transcript or other recording of the deposition to any party or to the deponent.

**(3)** The party taking the deposition shall give prompt notice of its filing to all other parties.

**(g) Failure to Attend or to Serve Subpoena;  Expenses.**

**(1)** If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

**(2)** If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon the witness and the witness because of such failure does not attend, and if another party attends in person or by attorney because that party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

CREDIT(S)

(As amended Jan. 21, 1963, eff. July 1, 1963;  Mar. 30, 1970, eff. July 1, 1970;  Mar. 1, 1971, eff. July 1, 1971;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal Rules of Civil Procedure Rule 30

Nov. 20, 1972, eff. July 1, 1975; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000.)

ADVISORY COMMITTEE NOTES

1937 Adoption

**Note to Subdivision (a).** This is in accordance with common practice. See U.S.C., Title 28, [former] § 639 (Depositions *de bene esse*; when and where taken; notice), the relevant provisions of which are incorporated in this rule; West's Ann.Code Civ.Proc. § 2031; and statutes cited in respect to notice in the Note to Rule 26(a). The provision for enlarging or shortening the time of notice has been added to give flexibility to the rule.

**Note to Subdivisions (b) and (d).** These are introduced as a safeguard for the protection of parties and deponents on account of the unlimited right of discovery given by Rule 26.

**Note to Subdivisions (c) and (e).** These follow the general plan of [former] Equity Rule 51 (Evidence Taken Before Examiners, Etc.) and U.S.C., Title 28, [former] § § 640 (Depositions *de bene esse*; mode of taking), and [former] 641 (Same; transmission to court), but are more specific. They also permit the deponent to require the officer to make changes in the deposition if the deponent is not satisfied with it. See also [former] Equity Rule 50 (Stenographer--Appointment--Fees.)

**Note to Subdivision (f).** Compare [former] Equity Rule 55 (Depositions Deemed Published When Filed.)

**Note to Subdivision (g).** This is similar to 2 Minn.Stat. (Mason, 1927) § 9833, but is more extensive.

1963 Amendments

This amendment corresponds to the change in Rule 4(d)(4). See Advisory Committee's Note to that amendment.

1970 Amendments

**Subdivision (a).** This subdivision contains the provisions of existing Rule 26(a), transferred here as part of the rearrangement relating to Rule 26. Existing Rule 30(a) is transferred to 30(b). Changes in language have been made to conform to the new arrangement.

This subdivision is further revised in regard to the requirement of leave of court for taking a deposition. The present procedure, requiring a plaintiff to obtain leave of court if he serves notice of taking a deposition within 20 days after commencement of the action, is changed in several respects. First, leave is required by reference to the time the deposition is to be taken rather than the date of serving notice of taking. Second, the 20-day period is extended to 30 days and runs from the service of summons and complaint on any defendant, rather than the commencement of the action. *Cf.* Ill.S.Ct.R. 19-1 S-H Ill.Ann.Stat. § 101.19-1. Third, leave is not required beyond the time that defendant initiates discovery, thus showing that he has retained counsel. As under the present practice, a party not afforded a reasonable opportunity to appear at a deposition, because he has not yet been served with process, is protected against use of the deposition at trial against him. See Rule 32(a), transferred from 26(d). Moreover, he can later redepose the witness if he so desires.

The purpose of requiring the plaintiff to obtain leave of court is, as stated by the Advisory Committee that proposed the present language of Rule 26(a), to protect "a defendant who has not had an opportunity to retain counsel and inform himself as to the nature of the suit." Note to 1948 amendment of Rule 26(a), quoted in 3A Barron & Holtzoff, *Federal Practice and Procedure* 455-456 (Wright ed. 1958). In order to assure defendant of this opportunity, the period is lengthened to 30 days. This protection, however, is relevant to the time of taking the deposition, not to the time that notice is served. Similarly, the protective period should run from the service of process rather than the filing of the complaint with the court. As stated in the note to Rule 26(d), the courts have used the service of notice as a convenient reference point for assigning priority in taking depositions, but with the elimination of priority in new Rule 26(d) the reference point is no longer needed. The new procedure is consistent

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal Rules of Civil Procedure Rule 30

in principle with the provisions of Rules 33, 34, and 36 as revised.

Plaintiff is excused from obtaining leave even during the initial 30-day period if he gives the special notice provided in subdivision (b)(2). The required notice must state that the person to be examined is about to go out of the district where the action is pending and more than 100 miles from the place of trial, or out of the United States, or on a voyage to sea, and will be unavailable for examination unless deposed within the 30-day period. These events occur most often in maritime litigation, when seamen are transferred from one port to another or are about to go to sea. Yet, there are analogous situations in nonmaritime litigation, and although the maritime problems are more common, a rule limited to claims in the admiralty and maritime jurisdiction is not justified.

In the recent unification of the civil and admiralty rules, this problem was temporarily met through addition in Rule 26(a) of a provision that depositions *de bene esse* may continue to be taken as to admiralty and maritime claims within the meaning of Rule 9(h). It was recognized at the time that "a uniform rule applicable alike to what are now civil actions and suits in admiralty" was clearly preferable, but the de bene esse procedure was adopted "for the time being at least." See Advisory Committee's Note in Report of the Judicial Conference: Proposed Amendments to Rules of Civil Procedure 43-44 (1966).

The changes in Rule 30(a) and the new Rule 30(b)(2) provide a formula applicable to ordinary civil as well as maritime claims. They replace the provision for depositions *de bene esse*. They authorize an early deposition without leave of court where the witness is about to depart and, unless his deposition is promptly taken, (1) it will be impossible or very difficult to depose him before trial or (2) his deposition can later be taken but only with substantially increased effort and expense. *Cf. S.S. Hai Chang,* 1966 A.M.C. 2239 (S.D.N.Y.1966), in which the deposing party is required to prepay expenses and counsel fees of the other party's lawyer when the action is pending in New York and depositions are to be taken on the West Coast. Defendant is protected by a provision that the deposition cannot be used against him if he was unable through exercise of diligence to obtain counsel to represent him.

The distance of 100 miles from place of trial is derived from the *de bene esse* provision and also conforms to the reach of a subpoena of the trial court, as provided in Rule 45(e). See also S.D.N.Y. Civ.R. 5(a). Some parts of the *de bene esse* provision are omitted from Rule 30(b)(2). Modern deposition practice adequately covers the witness who lives more than 100 miles away from place of trial. If a witness is aged or infirm, leave of court can be obtained.

**Subdivision (b).** Existing Rule 30(b) on protective orders has been transferred to Rule 26(c), and existing Rule 30(a) relating to the notice of taking deposition has been transferred to this subdivision. Because new material has been added, subsection numbers have been inserted.

**Subdivision (b)(1).** If a subpoena duces tecum is to be served, a copy thereof or a designation of the materials to be produced must accompany the notice. Each party is thereby enabled to prepare for the deposition more effectively.

**Subdivision (b)(2).** This subdivision is discussed in the note to subdivision (a), to which it relates.

**Subdivision (b)(3).** This provision is derived from existing Rule 30(a), with a minor change of language.

**Subdivision (b)(4).** In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means--*e.g.*, by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary.

**Subdivision (b)(5).** A provision is added to enable a party, through service of notice, to require another party to produce documents or things at the taking of his deposition. This may now be done as to a nonparty deponent through use of a subpoena duces tecum as authorized by Rule 45, but some courts have held that documents may be secured from a party only under Rule 34. See 2A Barron & Holtzoff, *Federal Practice and Procedure* § 644.1 n. 83.2, § 792 n. 16 (Wright ed. 1961). With the elimination of "good cause" from Rule 34, the reason for this

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal Rules of Civil Procedure Rule 30

restrictive doctrine has disappeared. *Cf.* N.Y.C.P.L.R. § 3111.

Whether production of documents or things should be obtained directly under Rule 34 or at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available. When the documents are few and simple, and closely related to the oral examination, ability to proceed via this rule will facilitate discovery. If the discovering party insists on examining many and complex documents at the taking of the deposition, thereby causing undue burdens on others, the latter may, under Rules 26(c) or 30(d), apply for a court order that the examining party proceed via Rule 34 alone.

**Subdivision (b)(6).** A new provision is added, whereby a party may name a corporation, partnership, association, or governmental agency as the deponent and designate the matters on which he requests examination, and the organization shall then name one or more of its officers, directors, or managing agents, or other persons consenting to appear and testify on its behalf with respect to matters known or reasonably available to the organization. *Cf.* Alberta Sup.Ct.R. 255. The organization may designate persons other than officers, directors, and managing agents, but only with their consent. Thus, an employee or agent who has an independent or conflicting interest in the litigation--for example, in a personal injury case--can refuse to testify on behalf of the organization.

This procedure supplements the existing practice whereby the examining party designates the corporate official to be deposed. Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them. On the other hand, a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in this subdivision.

The new procedure should be viewed as an added facility for discovery, one which may be advantageous to both sides as well as an improvement in the deposition process. It will reduce the difficulties now encountered in determining, prior to the taking of a deposition, whether a particular employee or agent is a "managing agent." See Note, *Discovery Against Corporations Under the Federal Rules*, 47 Iowa L.Rev. 1006-1016 (1962). It will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it. *Cf.* Haney v. Woodward & Lothrop, Inc., 330 F.2d 940, 944 (4th Cir. 1964). The provision should also assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge. Some courts have held that under the existing rules a corporation should not be burdened with choosing which person is to appear for it. E.g., United States v. Gahagan Dredging Corp., 24 F.R.D. 328, 329 (S.D.N.Y.1958). This burden is not essentially different from that of answering interrogatories under Rule 33, and is in any case lighter than that of an examining party ignorant of who in the corporation has knowledge.

**Subdivision (c).** A new sentence is inserted at the beginning, representing the transfer of existing Rule 26(c) to this subdivision. Another addition conforms to the new provision in subdivision (b)(4).

The present rule provides that transcription shall be carried out unless all parties waive it. In view of the many depositions taken from which nothing useful is discovered, the revised language provides that transcription is to be performed if any party requests it. The fact of the request is relevant to the exercise of the court's discretion in determining who shall pay for transcription.

Parties choosing to serve written questions rather than participate personally in an oral deposition are directed to serve their questions on the party taking the deposition, since the officer is often not identified in advance. Confidentiality is preserved, since the questions may be served in a sealed envelope.

**Subdivision (d).** The assessment of expenses incurred in relation to motions made under this subdivision (d) is made subject to the provisions of Rule 37(a). The standards for assessment of expenses are more fully set out in Rule 37(a), and these standards should apply to the essentially similar motions of this subdivision.

**Subdivision (e).** The provision relating to the refusal of a witness to sign his deposition is tightened through insertion of a 30-day time period.

**Subdivision (f)(1).** A provision is added which codifies in a flexible way the procedure for handling exhibits related

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal Rules of Civil Procedure Rule 30

to the deposition and at the same time assures each party that he may inspect and copy documents and things produced by a nonparty witness in response to a subpoena duces tecum. As a general rule and in the absence of agreement to the contrary or order of the court, exhibits produced without objection are to be annexed to and returned with the deposition, but a witness may substitute copies for purposes of marking and he may obtain return of the exhibits. The right of the parties to inspect exhibits for identification and to make copies is assured. *Cf.* N.Y.C.P.L.R. § 3116(c).

1971 Amendments

The subdivision permits a party to name a corporation or other form of organization as a deponent in the notice of examination and to describe in the notice the matters about which discovery is desired. The organization is then obliged to designate natural persons to testify on its behalf. The amendment clarifies the procedure to be followed if a party desires to examine a non-party organization through persons designated by the organization. Under the rules, a subpoena rather than a notice of examination is served on a non-party to compel attendance at the taking of a deposition. The amendment provides that a subpoena may name a non-party organization as the deponent and may indicate the matters about which discovery is desired. In that event, the non-party organization must respond by designating natural persons, who are then obliged to testify as to matters known or reasonably available to the organization. To insure that a non-party organization that is not represented by counsel has knowledge of its duty to designate, the amendment directs the party seeking discovery to advise of the duty in the body of the subpoena.

1972 Amendments

**Subdivision (c).** Existing Rule 43(b), which is to be abrogated, deals with the use of leading questions, the calling, interrogation, impeachment, and scope of cross-examination of adverse parties, officers, etc. These topics are dealt with in many places in the Rules of Evidence. Moreover, many pertinent topics included in the Rules of Evidence are not mentioned in Rule 43(b), e.g. privilege. A reference to the Rules of Evidence generally is therefore made in subdivision (c) of Rule 30.

1980 Amendments

**Subdivision (b)(4).** It has been proposed that electronic recording of depositions be authorized as a matter of course, subject to the right of a party to seek an order that a deposition be recorded by stenographic means. The Committee is not satisfied that a case has been made for a reversal of present practice. The amendment is made to encourage parties to agree to the use of electronic recording of depositions so that conflicting claims with respect to the potential of electronic recording for reducing costs of depositions can be appraised in the light of greater experience. The provision that the parties may stipulate that depositions may be recorded by other than stenographic means seems implicit in Rule 29. The amendment makes it explicit. The provision that the stipulation or order shall designate the person before whom the deposition is to be taken is added to encourage the naming of the recording technician as that person, eliminating the necessity of the presence of one whose only function is to administer the oath. See Rules 28(a) and 29.

**Subdivision (b)(7).** Depositions by telephone are now authorized by Rule 29 upon stipulation of the parties. The amendment authorizes that method by order of the court. The final sentence is added to make it clear that when a deposition is taken by telephone it is taken in the district and at the place where the witness is to answer the questions rather than that where the questions are propounded.

**Subdivision (f)(1).** For the reasons set out in the Note following the amendment of Rule 5(d), the court may wish to permit the parties to retain depositions unless they are to be used in the action. The amendment of the first paragraph permits the court to so order.

The amendment of the second paragraph is clarifying. The purpose of the paragraph is to permit a person who produces materials at a deposition to offer copies for marking and annexation to the deposition. Such copies are a "substitute" for the originals, which are not to be marked and which can thereafter be used or even disposed of by the person who produces them. In the light of that purpose, the former language of the paragraph had been justly termed "opaque." Wright & Miller, *Federal Practice and Procedure: Civil § 2114*.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal Rules of Civil Procedure Rule 30

1987 Amendments

The amendments are technical. No substantive change is intended.

**1993 Amendments**

**Subdivision (a).** Paragraph (1) retains the first and third sentences from the former subdivision (a) without significant modification. The second and fourth sentences are relocated.

Paragraph (2) collects all provisions bearing on requirements of leave of court to take a deposition.

Paragraph (2)(A) is new. It provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with the other parties. One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties. A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case. Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles. Consideration should ordinarily be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions.

==A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify==.

In multi-party cases, the parties on any side are expected to confer and agree as to which depositions are most needed, given the presumptive limit on the number of depositions they can take without leave of court. If these disputes cannot be amicably resolved, the court can be requested to resolve the dispute or permit additional depositions.

Paragraph (2)(B) is new. It requires leave of court if any witness is to be deposed in the action more than once. This requirement does not apply when a deposition is temporarily recessed for convenience of counsel or the deponent or to enable additional materials to be gathered before resuming the deposition. If significant travel costs would be incurred to resume the deposition, the parties should consider the feasibility of conducting the balance of the examination by telephonic means.

Paragraph (2)(C) revises the second sentence of the former subdivision (a) as to when depositions may be taken. Consistent with the changes made in Rule 26(d), providing that formal discovery ordinarily not commence until after the litigants have met and conferred as directed in revised Rule 26(f), the rule requires leave of court or agreement of the parties if a deposition is to be taken before that time (except when a witness is about to leave the country).

**Subdivision (b).** The primary change in subdivision (b) is that parties will be authorized to record deposition testimony by nonstenographic means without first having to obtain permission of the court or agreement from other counsel.

Former subdivision (b)(2) is partly relocated in subdivision (a)(2)(C) of this rule. The latter two sentences of the first paragraph are deleted, in part because they are redundant to Rule 26(g) and in part because Rule 11 no longer applies to discovery requests. The second paragraph of the former subdivision (b)(2), relating to use of depositions at trial where a party was unable to obtain counsel in time for an accelerated deposition, is relocated in Rule 32.

New paragraph (2) confers on the party taking the deposition the choice of the method of recording, without the need to obtain prior court approval for one taken other than stenographically. A party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal Rules of Civil Procedure Rule 30

Objections to the nonstenographic recording of a deposition, when warranted by the circumstances, can be presented to the court under Rule 26(c).

Paragraph (3) provides that other parties may arrange, at their own expense, for the recording of a deposition by a means (stenographic, visual, or sound) in addition to the method designated by the person noticing the deposition. The former provisions of this paragraph, relating to the court's power to change the date of a deposition, have been eliminated as redundant in view of Rule 26(c)(2).

Revised paragraph (4) requires that all depositions be recorded by an officer designated or appointed under Rule 28 and contains special provisions designed to provide basic safeguards to assure the utility and integrity of recordings taken other than stenographically.

Paragraph (7) is revised to authorize the taking of a deposition not only by telephone but also by other remote electronic means, such as satellite television, when agreed to by the parties or authorized by the court.

**Subdivision (c).**  Minor changes are made in this subdivision to reflect those made in subdivision (b) and to complement the new provisions of subdivision (d)(1), aimed at reducing the number of interruptions during depositions.

In addition, the revision addresses a recurring problem as to whether other potential deponents can attend a deposition. Courts have disagreed, some holding that witnesses should be excluded through invocation of Rule 615 of the evidence rules, and others holding that witnesses may attend unless excluded by an order under Rule 26(c)(5). The revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party. Exclusion, however, can be ordered under Rule 26(c)(5) when appropriate; and, if exclusion is ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions. The revision addresses only the matter of attendance by potential deponents, and does not attempt to resolve issues concerning attendance by others, such as members of the public or press.

**Subdivision (d).**  The first sentence of new paragraph (1) provides that any objections during a deposition must be made concisely and in a non-argumentative and non-suggestive manner. Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond. While objections may, under the revised rule, be made during a deposition, they ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time, *i.e.,* objections on grounds that might be immediately obviated, removed, or cured, such as to the form of a question or the responsiveness of an answer. Under Rule 32(b), other objections can, even without the so-called "usual stipulation" preserving objections, be raised for the first time at trial and therefore should be kept to a minimum during a deposition.

Directions to a deponent not to answer a question can be even more disruptive than objections. The second sentence of new paragraph (1) prohibits such directions except in the three circumstances indicated: to claim a privilege or protection against disclosure (*e.g.,* as work product), to enforce a court directive limiting the scope or length of permissible discovery, or to suspend a deposition to enable presentation of a motion under paragraph (3).

Paragraph (2) is added to this subdivision to dispel any doubts regarding the power of the court by order or local rule to establish limits on the length of depositions. The rule also explicitly authorizes the court to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction. This sanction may be imposed on a non-party witness as well as a party or attorney, but is otherwise congruent with Rule 26(g).

It is anticipated that limits on the length of depositions prescribed by local rules would be presumptive only, subject to modification by the court or by agreement of the parties. Such modifications typically should be discussed by the parties in their meeting under Rule 26(f) and included in the scheduling order required by Rule 16(b). Additional time, moreover, should be allowed under the revised rule when justified under the principles stated in Rule 26(b)(2). To reduce the number of special motions, local rules should ordinarily permit--and indeed encourage--the parties to agree to additional time, as when, during the taking of a deposition, it becomes clear that some additional

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal Rules of Civil Procedure Rule 30

examination is needed.

Paragraph (3) authorizes appropriate sanctions not only when a deposition is unreasonably prolonged, but also when an attorney engages in other practices that improperly frustrate the fair examination of the deponent, such as making improper objections or giving directions not to answer prohibited by paragraph (1). In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer. The making of an excessive number of unnecessary objections may itself constitute sanctionable conduct, as may the refusal of an attorney to agree with other counsel on a fair apportionment of the time allowed for examination of a deponent or a refusal to agree to a reasonable request for some additional time to complete a deposition, when that is permitted by the local rule or order.

**Subdivision (e).** Various changes are made in this subdivision to reduce problems sometimes encountered when depositions are taken stenographically. Reporters frequently have difficulties obtaining signatures--and the return of depositions--from deponents. Under the revision pre-filing review by the deponent is required only if requested before the deposition is completed. If review is requested, the deponent will be allowed 30 days to review the transcript or recording and to indicate any changes in form or substance. Signature of the deponent will be required only if review is requested and changes are made.

**Subdivision (f).** Minor changes are made in this subdivision to reflect those made in subdivision (b). In courts which direct that depositions not be automatically filed, the reporter can transmit the transcript or recording to the attorney taking the deposition (or ordering the transcript or record), who then becomes custodian for the court of the original record of the deposition. Pursuant to subdivision (f)(2), as under the prior rule, any other party is entitled to secure a copy of the deposition from the officer designated to take the deposition; accordingly, unless ordered or agreed, the officer must retain a copy of the recording or the stenographic notes.

**2000 Amendment**

**Subdivision (d).** Paragraph (1) has been amended to clarify the terms regarding behavior during depositions. The references to objections " to evidence" and limitations "on evidence" have been removed to avoid disputes about what is "evidence" and whether an objection is to, or a limitation is on, discovery instead. It is intended that the rule apply to any objection to a question or other issue arising during a deposition, and to any limitation imposed by the court in connection with a deposition, which might relate to duration or other matters.

The current rule places limitations on instructions that a witness not answer only when the instruction is made by a "party." Similar limitations should apply with regard to anyone who might purport to instruct a witness not to answer a question. Accordingly, the rule is amended to apply the limitation to instructions by any person. The amendment is not intended to confer new authority on nonparties to instruct witnesses to refuse to answer deposition questions. The amendment makes it clear that, whatever the legitimacy of giving such instructions, the nonparty is subject to the same limitations as parties.

Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. The Committee has been informed that overlong depositions can result in undue costs and delays in some circumstances. This limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition. For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition. The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

Parties considering extending the time for a deposition--and courts asked to order an extension--might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination will cover events occurring over a long period of time, that may justify allowing additional time. In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal Rules of Civil Procedure Rule 30

thereby prolonging the deposition, a court could consider that a reason for extending the time limit. If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred. In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time. Finally, with regard to expert witnesses, there may more often be a need for additional time--even after the submission of the report required by Rule 26(a)(2)--for full exploration of the theories upon which the witness relies.

It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. The limitation is phrased in terms of a single day on the assumption that ordinarily a single day would be preferable to a deposition extending over multiple days; if alternative arrangements would better suit the parties, they may agree to them. It is also assumed that there will be reasonable breaks during the day. Preoccupation with timing is to be avoided.

The rule directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent. In addition, if the deponent or another person impedes or delays the examination, the court must authorize extra time. The amendment makes clear that additional time should also be allowed where the examination is impeded by an "other circumstance," which might include a power outage, a health emergency, or other event.

In keeping with the amendment to Rule 26(b)(2), the provision added in 1993 granting authority to adopt a local rule limiting the time permitted for depositions has been removed. The court may enter a case-specific order directing shorter depositions for all depositions in a case or with regard to a specific witness. The court may also order that a deposition be taken for limited periods on several days.

Paragraph (3) includes sanctions provisions formerly included in paragraph (2). It authorizes the court to impose an appropriate sanction on any person responsible for an impediment that frustrated the fair examination of the deponent. This could include the deponent, any party, or any other person involved in the deposition. If the impediment or delay results from an "other circumstance" under paragraph (2), ordinarily no sanction would be appropriate.

Former paragraph (3) has been renumbered (4) but is otherwise unchanged .

**Subdivision (f)(1)**: This subdivision is amended because Rule 5(d) has been amended to direct that discovery materials, including depositions, ordinarily should not be filed. The rule already has provisions directing that the lawyer who arranged for the transcript or recording preserve the deposition. Rule 5(d) provides that, once the deposition is used in the proceeding, the attorney must file it with the court.

"Shall" is replaced by "must" or "may" under the program to conform amended rules to current style conventions when there is no ambiguity.

**GAP Report**

The Advisory Committee recommends deleting the requirement in the published proposed amendments that the deponent consent to extending a deposition beyond one day, and adding an amendment to Rule 30(f)(1) to conform to the published amendment to Rule 5(d) regarding filing of depositions. It also recommends conforming the Committee Note with regard to the deponent veto, and adding material to the Note to provide direction on computation of the durational limitation on depositions, to provide examples of situations in which the parties might agree--or the court order--that a deposition be extended, and to make clear that no new authority to instruct a witness is conferred by the amendment. One minor wording improvement in the Note is also suggested.

HISTORICAL NOTES

Effective Date of Amendment Proposed November 20, 1972

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Federal Rules of Civil Procedure Rule 30

Amendment of this rule embraced by the order entered by the Supreme Court of the United States on November 20, 1972, effective on the 180th day beginning after January 2, 1975, see section 3 of Pub.L. 93-595, Jan. 2, 1975, 88 Stat. 1959, set out as a note under section 2071 of Title 28.

\*\*\*

Fed. Rules Civ. Proc. Rule 30, 28 U.S.C.A., FRCP Rule 30

Amendments received to 08-06-06

Copr. © 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.