# THE BAYARD FIRM
A  T  T  O  R  N  E  Y  S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com

302-655-5000
(Fax) 302-658-6395

Writer's Direct Access

(302) 429-4208
rkirk@bayardfirm.com

BY HAND AND BY EMAIL

February 5, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

      Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

      This letter is a joint submission from the parties containing a general Status Report of the parties' efforts to resolve discovery disputes and compliance with deadlines.

      I.  <u>February 9, 2007 Hearing</u>

      The following discovery motions are pending Your Honor's consideration during the February 9, 2007 status conference and hearing:

<u>Motions filed by LG.Philips LCD Co., Ltd. ("LPL") on January 26, 2007</u>:

      1.  Motion to Compel Defendant ViewSonic Corporation ("ViewSonic") to Work Promptly with LPL to Categorize its Products Into Mounting Systems or Mounting Categories;

      2.  Motion to Compel Tatung Co., Tatung Co. of America, Inc. (collectively "Tatung"), and ViewSonic to Submit to Depositions in this Case on Dates Certain; and

      3.  Motion Seeking Clarification Concerning Three Deposition Timing Issues Arising out of the Court's August 18, 2005 Scheduling Order.

<u>Motions filed by ViewSonic on January 26, 2007</u>:

      4.  Motion to Clarify the Deposition Time Limits Expressed in the August 18, 2005 Rule 16 Scheduling Order (joined by the Tatung Defendants);

      5.  Motion to Compel LPL to Produce Certain Documents and/or a Privilege Log (joined by the Tatung Defendants); and

650966-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
February 5, 2007
Page 2

      6. (Renewed) December 19, 2006 Motion to Compel LPL to Reasonably Participate in Deposition Discovery.

      All parties filed opposition briefs to the January 26, 2007 motions on February 2, 2007.

      The Tatung Defendants have objected to LPL using and disclosing confidential deposition excerpts from the <u>LG.Philips LCD Co. Ltd v. Tatung Company</u>, Case No. 05-292 (JJF) case in connection with LPL's motion to compel technical and assembly-related discovery. The Tatung Defendants contend that this exhibit should only be used in connection with the 05-292 case because the Protective Order in Case No. 05-292 expressly prohibits the use of confidential information other than in connection with that particular case. LPL contends that the disputed exhibit is properly considered and improperly designated as confidential.

      As discussed below, the parties also seek Your Honor's assistance concerning other discovery issues that remain pending.

      II. <u>Issues Concerning Advice of Counsel Discovery from Tatung Defendants</u>

      On January 26, 2007, Tatung submitted additional briefing concerning LPL's December 22, 2006 motion to compel discovery regarding advice of counsel and due care. LPL submitted its own supplement on January 31, 2007.

      III. <u>Issues Concerning Classification of Products by Mounting System</u>

      On December 28, 2006, the Special Master heard LPL's requests for assistance in having Tantung categorize its visual display products by mounting system. On January 8, 2007, Tatung submitted its report concerning classification of products by mounting system. On January 18, 2007 LPL addressed the concerns raised in Tatung's January 8 report. This issue was discussed during the January 22, 2007 hearing. LPL submitted a proposal to Tatung on January 24, 2007, for classifying Tatung's mounting systems into specific categories. On January 29, 2007 LPL submitted a status report to the Special Master regarding developments on this issue and Tatung submitted a response to the Special Master on January 30, 2007. Tatung provided its categorization of products by common assembly drawing on January 30, 2007, and on January 31, 2007. Counsel discussed Tatung's categorization on February 2, 2007.

      Tatung contends that it has provided to LPL the categorization information it previously agreed to provide, and, as a result, there is no pending issue regarding categorization. LPL disputes that the Tatung Defendants have provided the complete and relevant mounting categorization information. Further, as set forth above, LPL filed a Motion To Compel ViewSonic To Work Promptly with LPL To Categorize its Products into Mounting Systems or Mounting Categories on January 26, 2007, which touches on similar issues as those between LPL and Tatung. ViewSonic opposed that Motion on February 2, 2007. Therefore, all parties seek further assistance from the Special Master on these issues.

      The Tatung Defendants have requested an in person hearing on the categorization issues. ViewSonic requests the opportunity to participate in an in person hearing the Special Master may deem helpful. ViewSonic does not object to an in person hearing on February 9 or thereafter.

650966-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
February 5, 2007
Page 3

LPL believes that this issue should be addressed at the February 9 teleconference, but, of course, remains available to address this issue however the Special Master deems appropriate.

### IV. Issues Concerning Document Productions and Inspections

On January 16 and January 17, LPL inspected approximately 39 boxes of documents produced by ViewSonic and 30 visual display products produced by Tatung in California. On January 31, 2007 LPL notified ViewSonic of information that LPL believes still needs to be produced to LPL by ViewSonic. Also, on January 19, 2007, ViewSonic produced supplemental discovery concerning sales and related issues. LPL believes that certain discovery is still outstanding and certain issues remain unresolved from the December 28, 2006 hearing, as discussed in LPL's February 1, 2007 letter to ViewSonic. ViewSonic and LPL are currently engaged in discussions regarding these issues. For any issues that remain unresolved, LPL seeks assistance from the Special Master.

Based on LPL's inspection of Tatung products, LPL gave notice to Tatung of 17 additional accused products on January 23, 2007. Eight additional visual display products that LPL did not inspect have been shipped to the Delaware office of Tatung's counsel. LPL will inspect those visual display products on February 7, 2007. Any other future products produced by Tatung will be inspected in the Delaware offices of Tatung's counsel. LPL continues to seek samples of products made by the Tatung Defendants. On January 30, 2007 LPL was advised that LPL had not provided claim charts or supplemented its discovery as to these products of which notice has been provided. On February 5, 2007, LPL is providing supplemental interrogatory answers detailing the infringement as to the recently inspected Tatung products. The Tatung Defendants are continuing to provide additional sales summaries for all products and documents regarding accused products. LPL and the Tatung Defendants seek further assistance from the Special Master on this issue.

On January 30, 2007, ViewSonic notified LPL that it has numerous visual display products available for inspection and/or purchase. LPL is scheduled to inspect additional ViewSonic products at ViewSonic's Walnut, California offices starting on February 5, 2007. LPL also is awaiting information from ViewSonic that LPL needs to purchase additional products.

LPL disputes that Defendants are entitled to all photographs taken during LPL's inspection of Defendants' products and, if necessary, reserves the right to address with ViewSonic its terms and conditions with respect to the inspection and/or purchase of products. ViewSonic contends that prior to the inspection, the parties agreed in writing to the terms and conditions of the inspection. As part of that agreement, LPL agreed to provide photographs taken by LPL during its inspection of Defendant's products. ViewSonic is not aware of LPL's concerns regarding terms and conditions with respect the purchase.

During the January 19, 2007 hearing, Tatung confirmed that they would correlate technical documents produced according to groups of Tatung products by mounting category or system, produce sales information for all products listed in response to LPL's Interrogatory 2, and provide brand and model number information for all Tatung products accused of infringing.

650966-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
February 5, 2007
Page 4

On January 30, January 31, and February 2, 2007, Tatung provided supplementations, which Tatung represents included seven CDs of materials.

LPL and Tatung have discussed issues concerning these issues and Tatung's supplemental discovery and attempted unsuccessfully to resolve these issues. LPL seeks further assistance from the Special Master concerning mounting system discovery and categorization from the Tatung Defendants.

On January 26, Tatung produced eight pages of sales information for the L17AMTN and the TLM-1705. On February 1, LPL wrote to Tatung concerning its intent to seek immediate relief concerning missing discovery discussed in the January 19 and January 22 hearings. Tatung America states that, on February 2, 2007, Tatung America produced over 700 pages of sales summaries pertaining to all products. LPL seeks the Special Master's assistance to the extent that Tatung's recent supplemental productions are incomplete, including for undisputed sales and inducement discovery that the Tatung Defendants have yet to produce.

During the January 22, 2007 hearing, with respect to LPL's motion to compel Tatung to produce technical and assembly discovery, counsel discussed the adequacy of technical information produced to date by the Tatung Defendants. LPL provided a supplemental submission on this issue on January 24, 2007, and the Tatung Defendants responded with their own submission on January 30, 2007. LPL seeks further assistance from the Special Master to obtain discovery as requested in LPL's motion to compel technical and mounting / assembly discovery.

LPL confirms that, on January 22, 2007, LPL produced all bill of materials information to ViewSonic as agreed during the December 28, 2006 hearing. With respect to ViewSonic's Document Request 119, LPL is not aware of any responsive documents and thus has no documents to produce. Both LPL and ViewSonic filed a supplemental submission regarding ViewSonic Document Requests 71-74 and 118 on January 24, 2007. On February 5 or 6, LPL will produce any remaining documents potentially responsive to ViewSonic's Document Requests 71-74. LPL also is willing to provide a list of rearmountable products, in response to ViewSonic's Document Request 118, before the February 9, 2007 hearing, but LPL understands that ViewSonic has taken the position that no party should create or prepare documents under Rule 34 if those documents do not already exist to be produced.

ViewSonic contends that LPL did not produce any bill of material, but rather an agglomeration of information. ViewSonic further contends that LPL's recitation of an agreement reached during the December 28, 2006 hearing ignores the fact that any agreement was based on false representations by LPL that LPL does not make products that are rear mountable or capable of being rear mounted or that otherwise can be used in a fashion that comes within the scope of the claimed invention of the patents in suit. Additionally, ViewSonic contends that in a letter dated January 9, 2007, LPL promised to "promptly search for and produce" documents responsive to these requests by January 31, 2007. For all of these reasons, ViewSonic contends that the scope of documents produced in response to at least ViewSonic's Document Request Nos. 71-74, 82, 84-85 and 102 remains deficient. LPL was not aware of ViewSonic's position on these issues until the preparation of this status report; LPL objects to

650966-1

ViewSonic raising these issues now without prior communication. Further, LPL contends that the issue of whether LPL makes products that can be rearmounted was addressed after counsel had reached agreements and the two issues are not related. In any event, LPL contends that no "false representations" were made and that LPL has diligently searched for and produced discovery in this case, including, if available and as agreed, concerning Document Requests Nos. 71-74, 82, 84-85, and 102.

V. Issues Concerning Deposition Scheduling and Topics

LPL has proposed a deposition schedule for Defendants attached as an appendix to LPL's January 26, 2007 motion to compel Defendants to submit to depositions on dates certain. LPL and Defendants have communicated further concerning a possible deposition schedule. On January 30, for example, LPL circulated additional scheduling proposals to Defendants. The parties have continued to negotiate but still have not reached agreements on scheduling. LPL's proposed deposition schedules do not have any provisions for the scheduling of LPL witnesses for depositions. ViewSonic served amended deposition notices for LPL's witnesses on January 26 and January 30, and LPL is in the process of confirming specific dates within the schedule noticed by ViewSonic. LPL understands that, by agreement, LPL's witnesses will be deposed starting February 26 in Washington, D.C. ViewSonic contends that it has never entered into such an agreement, and understands that the Tatung Defendants never made such an agreement. The Tatung Defendants understand that LPL had made this proposal to the Tatung Defendants, but the Tatung Defendants have not agreed to these dates. The Parties seek the Special Master's assistance on this issue.

Further, the Parties seek Your Honor's guidance concerning deposition scheduling and time limits as set forth in LPL's and ViewSonic's pending motions for clarification as described above.

VI. Privilege Logs

The parties have submitted their positions concerning the scope of such logs and await Your Honor's guidance. LPL is willing to exchange updated privilege logs on February 16, 2007, the date proposed by Defendants, and assumes that Defendants also will produce privilege logs on February 16. ViewSonic has never been consulted regarding LPL's proposal, but is amenable to exchanging privilege logs by February 16, 2007. Although the Tatung Defendants did not propose and did not expressly agree to the February 16 deadline, they are amenable to exchanging privilege logs by that date.

VII. Other Issues

On February 2, 2007, the Tatung Defendants first raised an issue regarding the participation in this case of certain of LPL's lawyers who Tatung believed were or are prosecuting LPL's patent applications. The Tatung Defendants contend that the Protective Order in this case prohibits attorneys who have access to confidential information produced in discovery from prosecuting patents in certain areas, including that involving flat panel display technology. LPL promptly discussed this issue with Tatung to resolve it. Further, LPL's

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
February 5, 2007
Page 6

attorneys promptly provided declarations to address the Tatung Defendants' concerns. The Tatung Defendants contend that the declarations provided lack sufficient detail and seek corroboration that LPL's attorneys have not violated the Protective Order. LPL is willing to work with the Tatung Defendants but needs to know what additional information is sought. The Tatung Defendants intend to seek appropriate relief from the Special Master if the parties' efforts to resolve this issue prove unsuccessful.

                Respectfully submitted,

                /s/ Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

650966-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 5, 2007, copies of the foregoing document were served as follows:

BY EMAIL AND BY HAND:

| | |
|---|---|
| Jeffrey B Bove, Esq.<br>Jaclyn M. Mason, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899-2207 | Frederick L. Cottrell, III, Esq.<br>Anne Shea Gaza, Esq.<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 |

BY EMAIL AND BY U.S. MAIL:

| | |
|---|---|
| Scott R. Miller, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>355 South Grand Avenue<br>Suite 3150<br>Los Angeles, CA 90071 | Valerie Ho, Esq.<br>Mark H. Krietzman, Esq.<br>Frank C. Merideth, Jr., Esq.<br>Greenberg Traurig LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA 90404 |

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

632604-1