

BLANK ROME LLP
COUNSELORS AT LAW

*Phone:*    *(302) 425-6410*
*Fax:*      *(302) 428-5132*
*Email:*    *Poppiti@BlankRome.com*

February 7, 2007

Richard D. Kirk, Esquire                      Jeffrey B. Bove, Esquire
The Bayard Firm                               Connolly Bove Lodge & Hutz LLP
222 Delaware Avenue                           1007 North Orange Street
Suite 900                                     Wilmington, DE 19801
Wilmington, DE 19801

Re:    *LG. Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*; C.A. No. 04-343 (JJF)
       **Mutual Requests By The Parties To Clarify Deposition Time Limits And
       Scheduling Order**

Dear Counsel:

Plaintiff LG. Philips LCD Co., Ltd. ("LPL") and ViewSonic Corporation ("ViewSonic"), by

their respective correspondence dated January 26, 2007, mutually request clarification of the Court's

August 18, 2005 Scheduling Order (D.I. 198) (the "Scheduling Order").

The clarification sought relates to paragraph 4(d) of the Scheduling Order which reads as

follows:

> Maximum of 84 hours of examination by plaintiff of fact witnesses,
> excluding expert depositions, unless other wise agreed in writing by the
> parties ordered the Court. Defendants combined shall by limited to 140
> hours of examination of fact witnesses, excluding expert depositions. No
> fact witnesses or designee under Rule 30(b)(6) for whom English is their
> first language shall be deposed for more than 10.5 hours.
> Notwithstanding the foregoing limitations, the inventors of the patents-
> in-suit may be deposed for up to 21 hours total, which shall be
> consecutive.

February 7, 2007
Page 2



B L A N K    R O M E llp
COUNSELORS AT LAW

## General Time Limits

The first question becomes what is the amount of time for which each fact witness may be deposed? While the phrasing of paragraph 4(d) currently provides that "no fact witness or designee under Rule 30(b)(6) for whom English is their first language shall be deposed for more than 10.5 hours," it appears the Court in considering the parties' respective positions inadvertently omitted essential language.

On June 17, 2005, the parties by joint submission proposed a scheduling order (D.I. 192) (the "Proposed Scheduling Order"). The parties were not in agreement on the limits to be placed on depositions in this case. LPL proposed that each side be permitted to take twelve depositions. *See* Proposed Scheduling Order at paragraph 3(d)(i). ViewSonic proposed in pertinent part as follows:

> No fact witness or designee under Rule 30(b)(6) for whom English is their first language shall be deposed for more than 7 hours. No fact witness or designee under Rule 30(b)(6) for whom English is not their first language shall be deposed for more than 10.5 hours.

The Court adopted the beginning and ending portions of ViewSonic's proposal, omitting the language relative to time permitted for English speaking witnesses. The Special Master is satisfied that, in adopting ViewSonic's proposed language, the Court intended to provide that English speaking witnesses may be deposed for up to 7 hours, consistent with Fed. R. Civ. P. 30(d)(2), and that non-English speaking witnesses maybe deposed for 3.5 additional hours.

The Special Master therefore recommends that the Scheduling Order be amended at paragraph 4(d) consistent with the language in Attachment 1 hereto.

## Inventors

The second question becomes what is the time limit for inventor depositions. There are two inventors in this case, Jong Hwan Kim and Young Woo Cho, both of whom speak Korean as their first

February 7, 2007
Page 3



language and each of whom will require an interpreter for his deposition. Paragraph 4(d) of the Scheduling Order reads in pertinent part, "Notwithstanding the foregoing limitations, the inventors of the patents-in-suit maybe deposed for up to 21 hours total which shall be consecutive."

LPL argues that the Scheduling Order provides that both inventors may be deposed for a combined total of no more than 21 hours, all and each of which must occur on consecutive days. ViewSonic argues that the Scheduling Order, which adopts their proposed language, was intended to and permits each inventor to be deposed for up to 21 hours and that each inventor's set of 21 hours must be on consecutive days.

The Special Master is satisfied that a fair and reasonable reading of the disputed language supports ViewSonic's position. Having already determined that the Court intended that the Scheduling Order provide that no witness "for whom English is not their first language shall be deposed for more than 10.5 hours," the Special Master concludes that the sentence "Notwithstanding the foregoing language. . ." would otherwise be surplusage and make no sense, unless the time limit itself was being modified. Indeed, notwithstanding the fact that inventors may also be deposed as 30(b)(6) witnesses, it is certainly a practical reality of patent litigation that inventors maybe expected to spend more time in the chair than other fact witnesses.

Having stated the above, the Special Master concludes that the inventors in this case may each be deposed for up to 21 hours and that each inventor's set of 21 hours must occur on consecutive days, as reflected in the recommended amendment to the Scheduling Order in Attachment 1.

**30(b)(6) Depositions**

The next question becomes, how should 30(b)(6) depositions be treated with respect to the time limits established by the Scheduling Order as amended? The Special Master understands from the

February 7, 2007
Page 4



parties' respective submittals that the meet and confer process is still taking place on this topic and,

therefore, that this issue is not yet ripe for consideration by the Special Master.

**Conclusion**

In sum, the Special Master concludes that until all proposed amendments to the Scheduling

Order can be recommended to and approved by the Court, the parties should conduct their discovery in

accordance with the language of Attachment 1.

Yours respectfully,

Vincent J. Poppiti
Special Master
(DSBA 100614)

VJP:mcl

cc:    Fredrick L. Cottrell, III Esquire