IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>　　　　Plaintiff/Counterclaim Defendant,<br><br>　　　　v.<br><br>TATUNG CO.; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION,<br><br>　　　　Defendants/Counterclaim Plaintiffs. | Civil Action No. 04-343 (JJF) |

**PLAINTIFF LG.PHILIPS LCD CO., LTD.'S RESPONSE TO DEFENDANT VIEWSONIC CORPORATION'S OBJECTIONS TO FINDING IN SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING LG.PHILIPS' MOTION TO COMPEL VIEWSONIC TO PROVIDE DISCOVERY ON ADVICE OF COUNSEL**

February 8, 2007

　　　　　　　　　　　　　THE BAYARD FIRM
　　　　　　　　　　　　　Richard D. Kirk (rk0922)
　　　　　　　　　　　　　Ashley B. Stitzer (as3891)
　　　　　　　　　　　　　222 Delaware Avenue, Suite 900
　　　　　　　　　　　　　P.O. Box 25130
　　　　　　　　　　　　　Wilmington, DE  19899-5130
　　　　　　　　　　　　　(302) 655-5000

　　　　　　　　　　　　　Counsel for Plaintiff
　　　　　　　　　　　　　LG.PHILIPS LCD CO., LTD.

OF COUNSEL:

Gaspare J. Bono
Rel S. Ambrozy
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

651309-1

## TABLE OF CONTENTS

**Page**

I. NATURE & STAGE OF THE PROCEEDINGS ................................................... 1

II. SUMMARY OF ARGUMENT ............................................................................ 2

III. STATEMENT OF FACTS ................................................................................... 3

IV. ARGUMENT ....................................................................................................... 5

    A. Legal Standards ....................................................................................... 5

    B. ViewSonic Does Not Have an Advice of Counsel Defense to Assert ............................................................................................. 6

    C. ViewSonic Conceded that an Advice of Counsel Defense Must be Pled ............................................................................................. 6

    D. ViewSonic's Failure to Plead or Otherwise Assert Advice of Counsel Waives the Defense ................................................................... 7

    E. ViewSonic Has Not Filed a Motion to Bifurcate and Further Delay Would Prejudice LPL ................................................................... 9

V. CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Affinion Net Partners, Inc. v. Maritz, Inc.*,
   440 F. Supp. 2d 354 (D. Del. 2006) ............................................................................. 8

*Computer Assocs. Intern'l v. Simple.com, Inc.*,
   No. 02 Civ. 2748 DRH MLO, 2006 WL 3050883 (S.D.N.Y. Oct. 23, 2006) ............ 8, 9

*Edward Lowe Indus., Inc. v. Oil-Dri Corp. of Am.*,
   No. 94C 7568, 1995 WL 609231 (N.D. Ill. Oct. 13, 1995) ....................................... 8, 9

*Glenmede Trust Co. v. Thompson*,
   56 F.3d 476 (3d Cir. 1995) .......................................................................................... 7, 9

*In re Buspirone Antitrust Litig.*,
   208 F.R.D. 516 (S.D.N.Y. 2002) ................................................................................. 9

*In re EchoStar Communs. Corp.*,
   448 F.3d 1294 (Fed. Cir. 2006) ................................................................................... 8

*Johns Hopkins Univ. v. Cellpro*,
   160 F.R.D. 30 (D. Del. 1995) ........................................................................... 7, 10, 11

*Mobil Oil Corp. v. Amoco*,
   779 F. Supp. 1429 (D. Del. 1991) ................................................................................ 8

*SmithKline Beecham Corp. v. Apotex Corp., et al.*,
   No. 99-CV-4304, et al., 2005 WL 2436662 (E.D. Pa. Sept. 28, 2005) ........................ 9

*Tracinda Corp. v. DaimlerChrysler AG*,
   362 F. Supp. 2d 487 (D. Del. 2005) ............................................................................. 8

*Trading Techs. Intern'l, Inc. v. Espeed, Inc.*,
   431 F. Supp. 2d 834 (N.D. Ill. 2006) ........................................................................... 11

**STATUTES AND RULES**

Fed. R. Civ. P. 53(g) ............................................................................................................ 5

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), pursuant to Fed. R. Civ. P. 53, submits its Brief in Response to Defendant Viewsonic Corporation's ("ViewSonic") Objections to Finding in Special Master's Report and Recommendation Regarding LPL's Motion to Compel Viewsonic to Provide Discovery on Advice of Counsel, stating as follows:

## I.   NATURE & STAGE OF THE PROCEEDINGS

This is a patent infringement case filed in May 2004. LPL seeks remedies for infringement of U.S. Patent No. 6,498,718 ("the '718 Patent") and U.S. Patent No. 6,501,641 ("the '641 Patent") (collectively, the "Patents-in-Suit"), which relate to mounting techniques used regarding visual display products such as liquid crystal display ("LCD") computer monitors. Defendant ViewSonic imports and sells accused visual display products in and for the U.S. market.

LPL filed its Motion to Compel ViewSonic to Provide Discovery on Advice of Counsel and Duty of Care on September 27, 2006 (the "Motion to Compel"), a copy of which is attached as Exhibit 1. ViewSonic filed its brief in response to LPL's Motion to Compel on October 18, 2007 (the "Opposition"), a copy of which is attached as Exhibit 2.

The Special Master is responsible for managing and resolving discovery issues in this case. (*See* D.I. 178.) The Special Master conducted a hearing on December 28, 2006 and addressed LPL's Motion to Compel and other discovery matters (the "Hearing"). (*See generally* Hr'g Tr. at 89:1-100:7 (Dec. 28, 2006) (D.I. 384), cited portions of which are attached as Exhibit 3.) During that Hearing, ViewSonic stated unequivocally that it ***"does not have an independent opinion of counsel*** directed to the issues of infringement

or validity...." (*See id.* at 94:18-21 (emphasis added); Special Master's Report & Recommendations Regarding LPL's Mot. to Compel at 3, a copy of which is attached as Exhibit 4.) ViewSonic also conceded during the Hearing that ***it has never asserted an advice of counsel defense*** and that, if it now wishes to try to do so, it must first seek leave from this Court to amend its pleadings. (*See* Ex. 3 at 96:6-97:3.) ViewSonic has never requested any further briefing or argument on this issue before the Special Master.

Discovery in this case is ongoing, but non-expert fact depositions are scheduled to close on March 30, 2007. (*See* D.I. 401 at ¶ 1.) This matter is set for a jury trial, beginning on January 21, 2008. (D.I. 198 at ¶ 12.)

## II.     SUMMARY OF ARGUMENT

ViewSonic cannot fairly object to the Special Master's ruling, which was based on ViewSonic's own concessions. ViewSonic made two important concessions during the Hearing. First, ViewSonic conceded that it does not have any opinion of counsel to assert as a defense.[1] Second, ViewSonic conceded that, if it wanted to assert an advice of counsel defense, ViewSonic would need to seek leave from this Court to amend its pleadings – more than one year after the deadline to do so – and allege advice of counsel as an affirmative defense. ViewSonic now inconsistently claims that it does not need to amend its pleadings to assert an advice of counsel defense, if it even has one, and that it

---

[1] In its Objections, ViewSonic tries to fault LPL for rejecting its proposal to try to have advice of counsel defense issues pertaining to ViewSonic and the Tatung Defendants heard simultaneously. (*See* ViewSonic's Objecs. at 6.) However, as LPL explained in its letter to ViewSonic, which ViewSonic submitted as Exhibit 7 to its Objections, after the Special Master issued his Report, the Tatung Defendants are in a different position than ViewSonic. Specifically, the Tatung Defendants have distinguished themselves from ViewSonic by claiming that, unlike ViewSonic, the Tatung Defendants actually have an opinion of counsel but that they have not yet decided whether or not to assert it as a defense. Accordingly, although LPL objects to the positions taken by each of the Defendants, LPL did not believe that it made sense to try to combine briefing on these issues, especially as it does not know when the Special Master will rule on its motion to compel with respect to the Tatung Defendants.

may want to assert that defense sometime after the *Markman* process in this case has completed.

ViewSonic has not only failed to plead advice of counsel as a defense, ViewSonic has never asserted an advice of counsel defense in any way. Regardless of whether advice of counsel must be pled, ViewSonic was required to at least put LPL on notice of that defense. For more than one year, ViewSonic has consistently refused to take a position on whether or not it will assert any advice of counsel defense. As a result, ViewSonic has blocked LPL from obtaining discovery concerning any advice of counsel defense and any such defense should now be deemed waived. Through its Objections to the Special Master's January 5, 2007 Report and Recommendations (the "Report") (D.I. 385), ViewSonic is trying to informally seek some bifurcation of these proceedings. However, ViewSonic has never filed a proper motion to bifurcate and, furthermore, any bifurcation or further delay would be unfair and prejudicial to LPL.

ViewSonic's Objections lack merit and this Court should not permit ViewSonic to assert an untimely new defense in this case. The Court should adopt the Special Master's recommendations as set forth in the Report.

### III.   STATEMENT OF FACTS

The following facts are relevant to the issues presented in this Response Brief and in ViewSonic's Objections:

1. ViewSonic filed its Answer to LPL's Complaint on June 30, 2004. (D.I. 26.) ViewSonic asserted several defenses, but did not plead an advice of counsel defense to LPL's willfulness allegations.

2. On November 29, 2005, LPL served ViewSonic with LPL's Second Set of Interrogatories, two of which specifically addressed whether ViewSonic was asserting any advice of counsel defense. (D.I. 225.) (*See* ViewSonic's Supp. Resps. to LPL's 2d Set of Interrogs. at Interrogs. 5-7, cited portions of which are attached as Exhibit 5.)

3. On January 13, 2006, in response to LPL's Interrogatory No. 6, ViewSonic stated that it had not decided whether to assert an advice of counsel defense. (*See id.*) In its September 20, 2006 supplemental responses, ViewSonic maintained its ambiguous position. (*See id.*)

4. Pursuant to the Scheduling Order, the parties were to file any motions to amend their pleadings by January 17, 2006. (*See* D.I. 198 at ¶ 7.) ViewSonic did not file any motion to amend.

5. LPL repeatedly attempted to get ViewSonic to take a position with respect to any advice of counsel defense, but ViewSonic never wavered from its claim that it had not decided whether to assert the defense. (*See, e.g.,* Letter from R. Ambrozy to T. Roman at 2-3 (June 30, 2006); Letter from T. Roman to R. Ambrozy at 1 (July 18, 2006); Letter from C. Connor to T. Roman at 2 (Aug. 30, 2006), copies of which are attached as Exhibits 6-8, respectively.)

6. During the Hearing, the Special Master heard argument and determined that ViewSonic had failed to assert any advice of counsel defense. The Special Master issued his formal Report on January 5, 2007. (*See generally* Ex. 4 (D.I. 385).) In the Report, the Special Master determined that (i) ViewSonic has never pled an advice of counsel defense, which means that (ii) no advice of counsel defense is at issue in this case and, therefore, (iii) LPL's Motion to Compel is not ripe for review. (*See id.*)

651309-1

## IV. ARGUMENT

This Court should adopt the Special Master's conclusion that ViewSonic has not asserted an advice of counsel defense in this case. In doing so, the Court should reject the arguments in ViewSonic's Objections for several reasons. First, based on its representations to the Special Master, ViewSonic apparently does not have an opinion of counsel upon which it could establish an advice of counsel defense. Second, even if ViewSonic has relied on advice of counsel, ViewSonic conceded to the Special Master that it must formally plead advice of counsel as a defense. ViewSonic failed to plead such a defense and has never attempted to amend its pleadings, before or after the deadline to amend pleadings. Third, regardless of whether advice of counsel constitutes an affirmative defense, ViewSonic has failed to assert advice of counsel in any way. Even now, ViewSonic continues its refusal to state whether it asserts any advice of counsel defense. ViewSonic's deliberate refusal to assert advice of counsel throughout the fact discovery period has unfairly prevented LPL from obtaining discovery on these issues and prejudiced LPL. As a result of its own persistent inaction and because the discovery period in this case is almost over, ViewSonic should be deemed to have waived any advice of counsel defense.

### A. Legal Standards

Pursuant to Fed. R. Civ. P. 53(g), a discovery master's findings of fact and conclusions of law are reviewed *de novo* by the District Court. The Court may wholly or partly adopt, modify or reject any of the master's recommendations. *See* Fed. R. Civ. P. 53(g)(1).

### B.     ViewSonic Does Not Have an Advice of Counsel Defense to Assert

Based on the representations that ViewSonic made to the Special Master during the Hearing, ViewSonic does not have an advice of counsel defense to assert. In the Hearing, ViewSonic's counsel conceded that ViewSonic "***does not have an independent opinion of counsel*** directed to the issues of infringement or validity...." (*See* Ex. 3 at 94:18-21 (emphasis added).) ViewSonic has never retreated from this admission.[2] The Special Master specifically referenced ViewSonic's admission in his Report. (*See* Ex. 4 at 3.)

As a result, all of the arguments raised in ViewSonic's Objections are likely academic. Because ViewSonic admits that it does not actually have any advice or opinion of counsel to assert in defense to LPL's willfulness allegations, this Court should reject ViewSonic's Objections and adopt the Special Master's findings set forth in the Report.

### C.     ViewSonic Conceded that an Advice of Counsel Defense Must be Pled

Even if ViewSonic could have asserted an advice of counsel defense, ViewSonic has failed to do so. During the Hearing, ViewSonic conceded that it would need to seek leave to amend and plead an advice of counsel defense. (*See* Ex. 3 at 96:12-97:3.) ViewSonic, however, has never filed such a matter with this Court. Instead, after acknowledging that it must plead an advice of counsel defense, ViewSonic continues to

---

[2] While ViewSonic alludes to the possibility of some advice of counsel provided after LPL served ViewSonic with the Complaint, nowhere in its Objections or any of its other briefing on this issue does ViewSonic state that it did in fact receive or rely upon any opinion of counsel. ViewSonic has either been relying on a legal opinion or it has not and, apparently, it has not.

avoid taking any position on whether it intends to assert the defense. ViewSonic should not be heard to argue now that this defense need not be plead.

Even if ViewSonic had not waived this argument before the Special Master, the better practice is to plead advice of counsel as a defense. Federal courts have characterized advice of counsel as an affirmative defense, which therefore should be pled. *See, e.g., Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995); *Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30, 34 (D. Del. 1995) (alleged patent infringer's answer "asserts good faith reliance on advice of counsel as an affirmative defense").

### D. ViewSonic's Failure to Plead or Otherwise Assert Advice of Counsel Waives the Defense

In any event, ViewSonic's focus on the technical applicability of Rule 8(c) is misplaced. The critical issue here is ViewSonic's pattern of inaction and deliberate silence, which has lasted throughout the discovery process. Regardless of whether the defense must be formally pled, ViewSonic has never asserted an advice of counsel defense in any way. For example, ViewSonic did not assert the defense in its pleadings, (*see* D.I. 26), never amended its pleadings to assert the defense,[3] refused to take a position on the defense when responding to LPL's discovery requests, (*see, e.g.*, Ex. 5), and refused to take a position in response to LPL's correspondence concerning the issue, (*see, e.g.*, Exs. 6-8). Instead, ViewSonic has consciously refused to assert an advice of counsel defense.

Because of ViewSonic's silence and inaction, LPL has not been able to obtain discovery on any advice of counsel defense that ViewSonic may assert. Under the most

---

[3] The time period for amendments to the pleadings expired more than one year ago, on January 17, 2006. (*See* Sched. Order at ¶ 7 (D.I. 198).)

recent Scheduling Order, non-expert depositions end on March 30, 2007. (*See* D.I. 401 at ¶ 1). ViewSonic has thus blocked LPL from obtaining discovery on any advice of counsel issues. By failing to assert the advice of counsel defense in any way, and by refusing to take a position on the advice of counsel defense during fact discovery, ViewSonic has waived the right to assert such a defense. *See Edward Lowe Indus., Inc. v. Oil-Dri Corp. of Am.*, No. 94C 7568, 1995 WL 609231,*5-*6 (N.D. Ill. Oct. 13, 1995) (finding that "defendants elected to waive their advice of counsel defense" by asserting privilege throughout fact discovery, "even in opposition to [patent-holder's] motion to compel"). (*See* Ex. 3 at 96:6-97:24 (finding that ViewSonic has likely waived defense by failing to assert it).) ViewSonic cannot use the advice of counsel defense and the attorney-client privilege as both a shield and a sword. *See, e.g., Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 513 (D. Del. 2005); *Computer Assocs. Intern'l v. Simple.com, Inc.*, No. 02 Civ. 2748 DRH MLO, 2006 WL 3050883, *3 (S.D.N.Y. Oct. 23, 2006); *Edward Lowe Indus.*, 1995 WL 609231 at *3-*5. As this court has previously observed, asserting an advice of counsel defense waives privilege and entitles LPL to discovery concerning the defense. *See Affinion Net Partners, Inc. v. Maritz, Inc.*, 440 F. Supp. 2d 354, 356 (D. Del. 2006) (quoting and applying *In re EchoStar Communs. Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006)); *see also Mobil Oil Corp. v. Amoco*, 779 F. Supp. 1429, 1485 n.43 (D. Del. 1991) (failing to waive privilege during discovery period unfairly prevents "taking any appropriate discovery regarding the opinions or from ascertaining that all of the documents relating to the opinions had been produced"). "Accordingly, a defendant may be required to declare ***during discovery*** whether he or she intends to assert an advice of counsel defense at trial ***in order to permit***

*the plaintiff to pursue discovery on that issue.*" *SmithKline Beecham Corp. v. Apotex Corp., et al.*, No. 99-CV-4304, *et al.*, 2005 WL 2436662, *2 (E.D. Pa. Sept. 28, 2005) (emphasis added) (citing *In re Buspirone Antitrust Litig.*, 208 F.R.D. 516 (S.D.N.Y. 2002)); *Glenmede Trust*, 56 F.3d at 486.

For example, in *Edward Lowe Industries*, the court noted that the defendant had waited until three weeks before the close of discovery to file a motion to bifurcate and then never actually asserted an advice of counsel defense until well after fact discovery had closed. *See Edward Lowe Industries*, 1995 WL 609231 at *4-*5. The court determined that "[d]efendants' attempt to have it both ways will not succeed… [and] defendants are precluded from offering evidence of legal consultation as part of their good faith defense." *Id.* at *6. The same rationale applies here because, even after LPL filed its Motion to Compel on September 27, 2006, **ViewSonic has done nothing.** At this stage of the case, ViewSonic should be foreclosed from raising any new defense.

### E. ViewSonic Has Not Filed a Motion to Bifurcate and Further Delay Would Prejudice LPL

ViewSonic has simply waited too long. Now that the non-expert discovery period is almost over, ViewSonic should not be allowed to further delay these proceedings by introducing or threatening to introduce an advice of counsel defense at the eleventh hour. The Court should reject ViewSonic's request for indefinite delay.[4] Furthermore, this Court should disregard any suggestion to bifurcate because ViewSonic has not filed a motion seeking such relief. *See Computer Assocs.*, 2006 WL 3050883 at *5 (rejecting

---

[4] In its Opposition, ViewSonic asked the Special Master to permit it to have until after the *Markman* hearing to elect whether or not to assert an advice of counsel defense. (*See* Ex. 2 at 1.) ViewSonic incorporated the same informal request into its Objections to the Special Master's Report. (*See* ViewSonic's Objecs. at 6.)

informal request for bifurcation by determining that "[t]he propriety of bifurcation will only be addressed upon a properly presented motion"). Bifurcation of this case at this point, moreover, would be inefficient and unwarranted. *See Johns Hopkins*, 160 F.R.D. at 36 (denying motion to bifurcate after finding that "[t]his stop-and-start of a stay of discovery and separate trials undermines our goal of working to apply the Rules of Civil Procedure to obtain a just, speedy and inexpensive resolution of every action"). Discovery to date has included willful infringement discovery. Indeed, ViewSonic moved to compel supplemental interrogatory answers from LPL on its willfulness allegations and the Special Master granted that motion. (*See* D.I. 306 at 8 (granting ViewSonic's motion to compel supplemental responses to ViewSonic's Interrogatory No. 8 concerning LPL's willfulness contentions).)

      In addition, bifurcation of discovery or trial would create problems and burdens for LPL. Delaying discovery only on ViewSonic's advice of counsel defense would create disproportionate burdens on LPL because it would have to incur the expense related to traveling to depose ViewSonic's witnesses separately and only on the advice of counsel defense, rather than deposing all of ViewSonic's witnesses during the existing discovery period. To that end, LPL's counsel will soon be traveling to California to depose witnesses on many issues, particularly those related to infringement and damages, that would likely overlap with issues related to any advice of counsel defense. Further, ViewSonic has successfully moved to compel LPL to provide further discovery on its willfulness allegations, showing that ViewSonic's informal request for bifurcation is

unfair and unbalanced because it would only apply to LPL's ability to seek discovery on an advice of counsel defense.[5] (*See id.*)

This Court has previously determined that bifurcation is not appropriate if it would cause unnecessary delays or burdens:

> Staying discovery on communications relating to the advice of counsel until after liability has been established builds difficult delays and complications into the case. For example, it precludes the possibility of granting a summary judgment on the willfulness claim prior to trial.

*Johns Hopkins*, 160 F.R.D. at 36 (denying motion for bifurcation); *see Trading Techs. Intern'l, Inc. v. Espeed, Inc.*, 431 F. Supp. 2d 834, 841 (N.D. Ill. 2006) (evaluating issues pertaining to assertion of advice of counsel defense and then finding that "bifurcation would result in prejudice to plaintiff, who, along with facing a substantial delay in final determination of the action, would be forced to present the same evidence in two separate trials"). The Court should not allow ViewSonic or any of the Defendants to delay discovery only on their unasserted potential advice of counsel defenses and thereby impose unfair restrictions and burdens on LPL's ability to prepare for trial.

---

[5] LPL is not aware of any request, formal or informal, from ViewSonic to bifurcate the trial in this case and would strenuously object to any effort by ViewSonic to do so.

## V. CONCLUSION

For the reasons stated above, the Court should adopt the recommendations in the Special Master's Report and should foreclose ViewSonic from asserting any advice of counsel defense. If, however, this Court determines that ViewSonic may still introduce an advice of counsel defense at this late date, then LPL respectfully requests that the Court order ViewSonic to do so immediately, to supplement its responses to LPL's long-standing discovery requests on an expedited basis, extend the time for LPL to complete discovery beyond March 30, 2007, and require ViewSonic to pay any fees and costs that LPL incurs in re-deposing witnesses, or otherwise, as a result of ViewSonic's delay.

February 8, 2007

                          THE BAYARD FIRM

                          /s/ Richard D. Kirk (rk0922)
                          Richard D. Kirk
                          Ashley B. Stitzer
                          222 Delaware Avenue, Suite 900
                          P.O. Box 25130
                          Wilmington, DE  19899-5130
                          (302) 655-5000
                          rkirk@ bayardfirm.com
                          Counsel for Plaintiff
                          LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Rel S. Ambrozy
Lora A. Brzeznski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

651309-1

12