# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 04-343-JJF |
| v. ) | |
| ) | |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| and VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF LG.PHILIPS' LCD CO., LTD.'S MOTION TO
COMPEL DEFENDANT VIEWSONIC CORPORATION TO PROVIDE
DISCOVERY ON ADVICE OF COUNSEL AND DUTY OF CARE**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby submits this Motion to Compel Defendant ViewSonic Corporation ("ViewSonic") to provide discovery concerning any efforts to exercise due care, including but not limited to any advice of counsel, in response to LPL's November 29, 2005 discovery requests.

## I.   INTRODUCTION

LPL alleges that ViewSonic directly, indirectly, and willfully infringes U.S. Patent Nos. 6,498,718 and 6,501,641 (the "Patents in Suit") concerning the mounting of flat panel displays and devices found in popular liquid crystal display ("LCD") and plasma consumer products (collectively, "visual display products"). The Patents-in-Suit relate to apparatuses and methods for mounting and/or assembling flat panel visual display products in accordance with LPL's "rear mount technology" as disclosed in those Patents. LPL respectfully requests that the Special Master order ViewSonic to provide discovery concerning any advice of counsel or legal opinions on which ViewSonic

1

intends to rely as a defense in this case and order ViewSonic to provide discovery concerning any due care it has taken to avoid infringing the Patents-in-Suit.

## II. ARGUMENT

If ViewSonic is relying on any legal opinion or advice of counsel, then LPL is entitled to discovery regarding all such advice and opinions in order to prepare for depositions and trial. *See, e.g., Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 396, 399 (D. Del. 2002) (granting motion to compel the production of all documents relied upon in forming the basis of counsel's opinion and the production of all legal advice the party received from counsel relating to the subject matter of counsel's opinion). Specifically, LPL needs the discovery responsive to LPL's Interrogatories 5-7 and Document Requests 19-24, 49, 50, 55, and 72, all of which were served on November 29, 2005. (*See* Exhibits 2-4.)[1]

LPL alleges that ViewSonic has engaged in willful infringement, contrary to ViewSonic's duty of due care. When a defendant learns of a patent, the defendant has an affirmative duty to act with due care. *See, e.g., Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001); *SRI Int'l, Inc. v. Advanced Tech. Lab., Inc.*, 127 F.3d 1462, 1464 (Fed. Cir. 1997). The most common evidence of due care offered by Defendants includes legal advice and opinions concerning infringement and validity. *See id.* Any relevant legal advice or opinions, however, must be scrutinized and are not an automatic defense to willful infringement.

---

[1] LPL has filed multiple Motions to Compel which all relate to a common set of documents and court filings. Unless otherwise indicated, for the convenience of the Special Master, all of the documents referenced in LPL's Motions to Compel, including the instant Motion, are attached as Exhibits to LPL's Local Rule 7.1.1 Certification (the "Certification"), which has been filed contemporaneously.

*See SRI Int'l*, 127 F.3d at 1464-65. LPL would need discovery, for example, regarding the scope of, basis for, and adequacy of any legal opinions or advice obtained by ViewSonic. *See id.*

In its January 13, 2006 responses, ViewSonic states that it "has not yet finally determined which defenses it will pursue, including without limitation, whether it will rely on advice of counsel as a defense to Plaintiff's claim." (*See* Ex. 2, Resp. to Interrog. 6.) ViewSonic has continued to refuse to take a position on or provide discovery regarding whether ViewSonic relied on the advice of counsel. More than seven months have passed since ViewSonic responded to LPL's November 29, 2005 discovery requests; ViewSonic has had ample time to make its determination. Yet, despite LPL's attempts during numerous letters and meet and confer conferences, ViewSonic continues to refuse to take a position or provide discovery. (*See generally* LPL's Local Rule 7.1.1 Certification (describing negotiations and attaching correspondence among counsel on disputed issues).)

Notably, even in its Supplemental Responses to LPL's second sets of discovery requests, which ViewSonic served on September 20, 2006, ViewSonic refuses to take a position or produce responsive documents concerning the advice of counsel defense. (*See* Ex. 4, at Resps. to Doc. Reqs. 19, 20, 23, 24, 55 and 72.)[2] ViewSonic refuses to fully comply by instead asserting untimely objections. For example, as supplemental objections to Requests 19, 20, 23, 24, 55 and 72, ViewSonic asserts, for the first time, that it has only recently come to understand that "discovery is subordinate to claim

---

[2] ViewSonic did agree to produce some documents in a partial response to some of these Requests, however, ViewSonic severely restricted the scope of its production.

637341v1

construction." (*Id.*) Then, as an objection to Request 72, ViewSonic claims, also for the first time, that it cannot understand the term "avoid" as it is used in LPL's request. (*See id.*, at Resp. to Doc. Req. 72.) None of these objections are valid, as they have been asserted fully eight months after ViewSonic submitted its original responses.

In particular, ViewSonic has failed to provide documents that demonstrate ViewSonic's exercise of due care to avoid infringing the Patents-in-Suit. (*See, e.g.*, Ex. 3, at Doc. Reqs. 19-24 & 72.) LPL's Document Requests 19-24 and 72 all relate to LPL's claims that ViewSonic has willfully infringed the Patents-in-Suit. As soon as ViewSonic learned of the Patents-in-Suit, ViewSonic owed an affirmative duty of due care to avoid infringing. Any failure to exercise due care supports LPL's willful infringement claim and an award of enhanced damages.

During the meet-and-confer held on September 14, 2006, ViewSonic represented that it had produced only pleadings from a separate case in the United Kingdom and would otherwise produce only the technical service manuals for its products. When asked how these documents would evidence ViewSonic's due care to avoid infringement, ViewSonic stated only that they show that ViewSonic does not infringe the Patents-in-Suit. ViewSonic's position is evasive and inadequate. ViewSonic has admitted that it learned of the Patents-in-Suit at least on the date that it was served with the Complaint. Yet, ViewSonic has not produced any documents that evidence any steps taken before or since that time to avoid infringing the Patents-in-Suit. ViewSonic should be compelled to promptly produce all documents responsive to Document Requests 19-24 and 72. Responsive documents may include, for example, any documents that relate to ViewSonic's efforts to design around – or not – the Patents-in-Suit, any documents

concerning an investigation or analysis regarding infringement, validity, etc., or other information. If no documents exist, then ViewSonic should be required to confirm that in writing.

ViewSonic's recent supplemental responses do not resolve any of these issues. For Document Requests 19, 20, 23 and 24, ViewSonic asserts untimely objections, claiming for the first time that ViewSonic only now understands that "discovery is subordinate to claim construction." (*See* Ex. 4, at Doc. Req. Resps. 19, 20, 23 & 24.) The parties, however, have been debating this very issue for months and, more importantly, ViewSonic never raised this objection in its original responses. (*Cf.* Ex. 3, at Doc. Req. Resps. 19, 20, 23 & 24.) Accordingly, ViewSonic's supplemental responses, which would delay document production indefinitely, do nothing to resolve this dispute, as they are conditioned on ViewSonic's untimely and unenforceable objection. ViewSonic should ordered to produce responsive documents promptly.

To complete depositions in this case, LPL needs to know now whether ViewSonic is relying on the advice of counsel as a defense. Thus, if ViewSonic does intend to assert an advice of counsel defense, then LPL is entitled to complete discovery regarding any advice of counsel on ViewSonic's infringement of the Patents-in-Suit, including document production and deposition testimony. *See Novartis*, 206 F.R.D. at 398. As Judge Farnan held in the *Novartis* case, "it is critical for the patentee to have a full opportunity to probe, not only the state of mind of the infringer, but also the mind of the infringer's lawyer upon which the infringer so firmly relied." Judge Farnan further explained that asserting advice of counsel waives any privilege:

> Where, as here, a party relies on the advice of counsel
> defense to a charge of willful infringement, the Court

> concludes that that party has expressly waived its privilege with respect to attorney-client communications and work product documentation. Having concluded that these privileges are waived, the Court concludes that everything with respect to the subject matter of counsel's advice is discoverable, despite the protection that is normally afforded to attorney-client communications and work product material.

*Novartis*, 206 F.R.D. at 398.

The scope of waiver is thus broad and applies to "all communications relating to non-infringement, invalidity, and unenforceability." *Affinion Met Patents, Inc. v. Maritz, Inc.*, 440 F. Supp. 2d 354, 356 (D. Del. 2006). Further, the attorney-client privilege is waived "as to communications with all counsel related to the same subject matter." *Id.* (citing *In re Echostar Communs. Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006)). Allowing such discovery also discourages incompetent legal opinions and "legal gamesmanship." *Novartis*, 206 F.R.D. at 399.

Finally, it is unfair to allow ViewSonic to postpone further its disclosure of any advice of counsel defense. LPL needs this discovery now so that LPL can depose the relevant attorneys and ViewSonic witnesses and prepare for trial. As previously noted by this Court, failing to waive the privilege during the discovery period unfairly prevents "taking any appropriate discovery regarding the opinions or from ascertaining that all of the documents relating to the opinions had been produced." *Mobil Oil Corp. v. Amoco*, 779 F. Supp. 1429, 1485 n.43 (D. Del. 1991).

In light of the foregoing, LPL requests that ViewSonic be compelled to produce discovery promptly regarding any advice of counsel including: any efforts made by ViewSonic to avoid infringing the Patents-in-Suit (*See, e.g.*, Ex. 2, at Interrog. 5; Ex. 3, at Doc. Reqs. 19-23 & 72); ViewSonic's intent to rely on any legal opinion or advice as part

of its defense (*See, e.g.*, Ex. 2, at Interrog. 6; Ex. 3, at Doc. Req. 55); and investigations of the Patents-in-Suit undertaken by ViewSonic or on its behalf (*See, e.g.*, Ex. 2, at Interrog. 7; Ex. 3, at Doc. Reqs. 24, 49 & 50), along with such further relief as the Special Master deems just and proper. LPL also requests that the Special Master order ViewSonic to produce documents related to any exercise of due care by ViewSonic to avoid infringing the Patents-in-Suit. (*See, e.g.*, Ex. 3, at Doc. Req. 72.)

### III. CONCLUSION

LPL respectfully requests that the Special Master order ViewSonic to promptly produce all of the discovery requested in this motion, along with such further relief as the Special Master deems just and proper.

| September 27, 2006<br><br><br><br><br><br>OF COUNSEL:<br><br>Gaspare J. Bono<br>Matthew T. Bailey<br>Lora A. Brzezynski<br>Cass W. Christenson<br>McKenna Long & Aldridge LLP<br>1900 K Street, NW<br>Washington, D.C. 20006<br>(202) 496-7500 | THE BAYARD FIRM<br><br>/s/ Richard D. Kirk (rk0922)<br>Richard D. Kirk<br>Ashley B. Stitzer<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899-5130<br>(302) 655-5000<br><br>Counsel for Plaintiff<br>LG.PHILIPS LCD CO., LTD. |

637341v1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 27, 2006, copies of the foregoing document were served as follows:

BY EMAIL AND BY HAND:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Sqare
P.O. Box 551
Wilmington, DE 19899

BY EMAIL AND BY U.S. MAIL:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

632604v1