# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-343 JJF |
| TATUNG CO., TATUNG COMPANY OF AMERICA, INC., VIEWSONIC CORP., | : |
| Defendants. | : |

### SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING LG.PHILIPS' MOTION TO COMPEL DEFENDANT VIEWSONIC CORPORATION TO PROVIDE DISCOVERY ON ADVICE OF COUNSEL AND DUTY OF CARE;[1]

### RECOMMENDATION IS THAT MOTION IS NOT RIPE FOR CONSIDERATION.

Upon consideration of Plaintiff LG.Philips LCD Co., Ltd.'s Motion to Compel Defendant ViewSonic Corporation to Provide Discovery on Advice of Counsel and Duty of Care (the "Motion") [DM-2c], the Special Master[2] concludes, for the reasons set forth herein, that the Motion is not ripe for consideration.

### BACKGROUND

This is a patent infringement case brought by LG.Philips LCD Co., Ltd. ("LPL") against the ViewSonic Corporation ("ViewSonic") and other defendants alleging infringement of United States Patent Nos. 6,498,718 (the '718 Patent) and 6,501,641 (the '641 Patent) that relate to

---

[1] The motion *sub judice*, and response thereto, were not filed with the Court. Accordingly, in lieu of a docket item reference, the motion and response will be identified herein by the Discovery Matter Log number ["DM-2c"] assigned by the Special Master.

[2] The Order Appointing Vincent J. Poppiti as Special Master was entered on February 25, 2005 and is docketed as item number 178.

assembly mountings for flat panel display monitors used in liquid crystal displays ("LCD") for such products as plasma televisions and computer monitors. D.I. 1.

## DISCUSSION

1.  On September 27, 2006, plaintiff LPL filed the Motion to compel defendant ViewSonic to provide discovery on the issue of willfulness and any efforts by ViewSonic to exercise due care including, but not limited to, any advice of counsel. [DM-2c] Motion at p. 1. Specifically, LPL seeks to compel discovery responsive to LPL's Interrogatory Nos. 5-7 and Document Requests 19-24, 49, 50, 55 and 72, which LPL served on ViewSonic on November 29, 2005. *Id.* at p. 2.

2.  According to LPL, the Motion is prompted by ViewSonic's January 13, 2006 responses to those discovery requests, including ViewSonic's Response to Interrogatory No. 6 that states:

> ViewSonic has not yet finally determined which defenses it will pursue, including without limitation, whether it will rely on advice of counsel as a defense to Plaintiff's claim.

[DM-2c] Motion at p. 3 and Ex. 2. LPL argues that it needs to know whether ViewSonic is relying on the advice of counsel as a defense in this case in order to identify witnesses for deposition, including any relevant attorneys, and to prepare for trial. [DM-2c] Motion at pp. 5-6.

3.  On October 18, 2006, ViewSonic responded to the Motion by its Opposition to Plaintiff's Motion to Compel Discovery on Advice of Counsel and Duty of Care (the "Opposition"). ViewSonic's position is that the requested discovery is premature and "should await the claim construction rulings." [DM-2c] Opposition at p. 2. Alternately, ViewSonic argues that the requested discovery is protected from production by the attorney-client and/or work product privileges. *Id.* at pp. 4-8.

4.  On December 28, 2006, the Special Master conducted a telephonic hearing with

2

the parties to address a number of discovery disputes, including the issues framed by the Motion. D.I. 384 at pp. 89-100. During that hearing:

- ViewSonic advised the Special Master that responsive documents as to which it has asserted privilege are not identified on a privilege log, because the parties agreed that privileged documents created after the filing of the Complaint did not need to be identified on a privilege log. D.I. 384 at 94:9-14. ViewSonic explained that, because it first learned of the patents when the suit was filed, the responsive documents as to which it is currently asserting privilege were created only after the filing of this action and relate to communications with its litigation counsel. *Id.* at 91:16-22; 95:5-8.

- ViewSonic also represented that it "does not have an independent opinion of counsel directed to the issues of infringement or validity other than what they received from [litigation] counsel of record." D.I. 384 at p. 94:18-21.

- ViewSonic also confirmed that its Answer to the Complaint does not raise advice of counsel as an affirmative defense. D.I. 384 at p. 96:6-14. Because the Scheduling Order in this case set January 17, 2006 – almost one year ago – as the deadline for any motions to amend the pleadings (*see* D.I. 198 at ¶ 7), ViewSonic concedes that it would have to seek leave of the Court before filing any motion to amend its Answer to assert the affirmative defense of advice of counsel. D.I. 384 at 96:18-97:3.

5.  As a threshold matter, the Special Master examines whether the discovery sought is properly joined to an issue raised by the pleadings in this case. The Special Master notes that, pursuant to Federal Civil Rule of Procedure 26(b):

> Parties may obtain discovery regarding any matter, not privileged,
> that is **relevant to the claim or defense of any party** . . . .

Fed. R. Civ. P. 26(b)(1) (emphasis added). Since the record is clear that ViewSonic has not raised the affirmative defense of advice of counsel – and, based upon the Scheduling Order, may not amend its pleadings to assert that defense without leave of Court – the Special Master concludes that the discovery LPL seeks to compel is not related to any claim or defense in this action.

## CONCLUSION

For the reasons set forth above, the Special Master concludes that the Motion of Plaintiff LG.Philips LCD Co., Ltd. to Compel Defendant ViewSonic Corporation to Provide Discovery on Advice of Counsel and Duty of Care is **NOT RIPE FOR CONSIDERATION**.[3]

**The Special Master's Report and Recommendation will become a final order of the Court unless objection is timely taken in accordance with the provisions of Fed. R. Civ. P. 53(g).**

ENTERED this
5th day of January, 2007

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master

---

[3] The Special Master's conclusion that the issues raised by the Motion are not properly joined by the pleadings is not intended to foreclose LPL from raising these issues, if and when appropriate, at a later time.