# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION<br><br>Defendants. | CIVIL ACTION NO. 04-343 |

**DEFENDANT VIEWSONIC CORPORATION'S SUPPLEMENTAL RESPONSES
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant ViewSonic Corporation ("ViewSonic") submits its Supplemental Responses to Plaintiff LG.Philips LCD Co. Ltd.'s ("LPL") Second Set of Interrogatories ("Interrogatories").

**General Objections**

ViewSonic objects to each and every interrogatory as set forth below. These objections are incorporated into every response and are set forth here to avoid the duplication and repetition of restating them for each interrogatory. These general objections may specifically be referred to in response to an interrogatory for clarity; however, the failure to specifically repeat a general objection should not be construed as a waiver of the objection.

1.   ViewSonic objects to the Definitions and/or the Interrogatories to the extent they purport to impose obligations on ViewSonic greater than those imposed by operation of law.

2.     ViewSonic objects to each of the Interrogatories to the extent that each is so vague, ambiguous, overlybroad and unduly burdensome so as to render it impossible to respond in any reasonable manner or amount of time.

3.     ViewSonic objects to each of the Interrogatories to the extent they seek information protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities from discovery and such information will be withheld.

4.     Where ViewSonic agrees to provide information in compliance with LPL's Interrogatories, ViewSonic's agreement to do so does not reflect ViewSonic's concurrence in any factual assertions contained therein.

5.     ViewSonic has not fully completed its investigation of the facts relating to this case, its discovery and its preparation for trial. All responses and objections contained herein are based only upon such information and such documents which are presently available to and specifically known to ViewSonic as of the date hereof through the exercise of reasonable diligence. It is anticipated that further discovery, independent investigation, legal research and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal conclusions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein. The foregoing objections and following responses are made without prejudice to ViewSonic's right to provide any subsequently discovered information. Accordingly, without assuming any obligation to do so, and without waiving the objections asserted herein, ViewSonic reserves the right to amend and/or supplement these responses as and when additional facts are discovered or ascertained. Furthermore, ViewSonic's objections to Plaintiff's Interrogatories do not necessarily reflect the existence of requested information.

6.  Each and all of these General Objections are hereinafter incorporated by reference in response to each and every interrogatory.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Identify each person who prepared or otherwise assisted in the preparation of your responses to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

ViewSonic incorporates its general objections herein by reference. ViewSonic further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

Subject to and without waiving the foregoing objections, ViewSonic responds as follows: Scott Miller and Tracy Roman, Bingham McCutchen, 355 S. Grand Avenue, Suite 4400 Los Angeles CA 90071.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

ViewSonic incorporates its general objections herein by reference. ViewSonic further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

Subject to and without waiving the foregoing objections, ViewSonic supplements its response as follows: Bonnie Uphold, Esq., ViewSonic Corporation, 381 Brea Canyon Road, Walnut, CA 91789; Scott Miller, Connelly Bove Lodge & Hutz LLP, 355 S. Grand Avenue,

| N3260W | VA712B | VE175 | VG171 | VG810S | VP201B | VT550 | |
| N3760W | VA720 | VE175B | VG171B | VG900 | VP201M | VTA700 | |
| N4000WP | VA721 | VE180 | VG175 | VG900B | VP201MB | VTA900 | |

### INTERROGATORY NO. 5:

Describe in detail any and all efforts made by you, or on your behalf, to avoid infringing the Patents-in-Suit since the time that you first learned of either of the Patents-in-Suit.

### RESPONSE TO INTERROGATORY NO. 5:

ViewSonic incorporates its general objections herein by reference. ViewSonic objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, oppressive. ViewSonic further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure. ViewSonic also objects on the grounds that this Interrogatory seeks information which is not relevant to the claims or defenses of this lawsuit, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, ViewSonic responds as follows: ViewSonic has not and does not infringe the Patents-in-Suit. Discovery is continuing and ViewSonic reserves the right to supplement this response.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:

ViewSonic incorporates its general objections herein by reference. ViewSonic objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, oppressive. ViewSonic further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure. ViewSonic also objects on the grounds that this Interrogatory

seeks information which is not relevant to the claims or defenses of this lawsuit, and which is not reasonably calculated to lead to the discovery of admissible evidence.

ViewSonic now understands that, under the Court's Scheduling Order, discovery is subordinate to claim construction. Thus, ViewSonic also objects to this Interrogatory as premature to the extent it requires, relates to or touches upon claim construction and/or is improper because it requires the interpretation of one or more claim terms and/or the premature disclosure of expert discovery prior to the deadlines set forth by the Scheduling Order.

Subject to and without waiving the foregoing objections, ViewSonic supplements its response as follows: ViewSonic has not and does not infringe the Patents-in-Suit. ViewSonic first learned of the Patents-in-Suit when it was served with the Complaint in this lawsuit on or about May 28, 2004. ViewSonic promptly engaged legal counsel to investigate and to defend ViewSonic against LPL's claims. ViewSonic has continuously acted reasonably in the face of the assertion of infringement by LPL. Without disclosing any actions that would require ViewSonic to reveal its interpretation of the claim terms and/or any of the claims of the Patents-in-Suit, and by way of example, ViewSonic further responds as follows: ViewSonic successfully opposed the Motion for Preliminary Injunction by LPL in this case by, among other things, identifying the substantial differences between the accused products and the claims of the Patents-in-Suit, as well as the deficiencies and inconsistencies in the expert testimony presented by LPL, including issues that are reflected in the declarations of, and the deposition of, William K. Bohannon. Further, ViewSonic consulted Mark Brinkerhoff to evaluate potential invalidating references to the Patents-in-Suit based upon LPL's proffered construction of the claim terms. In addition, ViewSonic relied upon the actions, conduct and testimony of LPL in connection with LPL's assertion of the corresponding patent in the United Kingdom [Case No. PAT04022, UK

Patent No. 2 346 464] including, without limitation, the decision by LPL to withdraw assertion of the claims as originally allowed by the Patent Office against ViewSonic, the prior art identified and admitted into evidence in the UK proceeding, the testimony of Mr. Talesfore presented by LPL in the UK action, and the decision of His Honour Judge Fysh QC. ViewSonic has also advised its suppliers of the existence of the Patents-in-Suit and the assertion of infringement made by LPL. ViewSonic has been assured by its suppliers that the products they supplied do not infringe any of the claims of the Patents-in-Suit. ViewSonic will supplement this response with additional facts in accordance with the schedule established by the Court's Scheduling Order and the Special Master's oral Order of August 23, 2006 regarding discovery and claim construction.

**INTERROGATORY NO. 6:**

State whether you intend to rely on any legal opinion or advice as part of your defense concerning the scope, validity, enforceability, or infringement of any of the Patents-in-Suit, and, if so, identify each legal opinion, including whether it is written or oral, the author(s), recipient(s), date, and subject matter regarding each opinion, and identify all facts and documents considered for purposes of each opinion.

**RESPONSE TO INTERROGATORY NO. 6:**

ViewSonic incorporates its general objections herein by reference. ViewSonic further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

Subject to and without waiving the foregoing objections, ViewSonic responds as follows: ViewSonic has not yet finally determined which defenses it will pursue, including without

limitation, whether it will rely on advice of counsel as a defense to Plaintiff's claims. ViewSonic will make this determination in accordance with the directions and schedule set by the Court. ViewSonic does intend to rely on the written judgment of His Honour Judge Fysh QC, Patents County Court, United Kingdom, which was entered on November 28, 2005 in the case of LG.Philips LCD Co., Ltd. (Claimant) and (1) Tatung (U.K.) Ltd., (2) ViewSonic Europe Ltd., and (3) Number One Services Ltd. (Defendants), Case No. PAT04022. The subject matter of the judgment was a finding that ViewSonic's VX2000 did not infringe LG's UK Patent No. 2 346 464 (as it was proposed to be amended), the foreign counterpart to the Patents-in-Suit; that the Patent (as proposed to be amended) was invalid over the prior art references of US Pat. No. 5,570,267 (Ma), U.S. Pat. No. 5,119,204 (Hashimoto), JP 09-190156 (Fujitsu '156), JP 09-171358 (Fujitsu '358); and that the Patent as granted is revoked. The facts and documents considered for this judgment include everything filed in the case and the testimony and evidence presented at trial.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

ViewSonic incorporates its general objections herein by reference. ViewSonic further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

ViewSonic now understands that, under the Court's Scheduling Order, discovery is subordinate to claim construction. Thus, ViewSonic also objects to this Interrogatory as premature to the extent it requires, relates to or touches upon claim construction and/or is improper because it requires the interpretation of one or more claim terms and/or the premature disclosure of expert discovery prior to the deadlines set forth by the Scheduling Order.

Subject to and without waiving the foregoing objections, ViewSonic supplements its response as follows: ViewSonic has not yet obtained a legal opinion of counsel specifically concerning the scope, validity, enforceability, and/or infringement of the Patents-in-Suit other than the legal advice and opinions it has received from counsel of record. Any disclosure regarding the content, analysis, facts or documents considered as part of any legal advice upon which ViewSonic may rely would necessarily improperly disclose and/or touch upon the issues of claim construction. Accordingly, to the extent that this Interrogatory seeks any additional information, the interrogatory is premature and improper under the scope of permitted discovery allowed by the Court's Scheduling Order and the August 23, 2006 oral Order of the Special Master. ViewSonic expressly reserves the right to supplement this response upon completion of the claim construction process regarding the opinions of counsel, if any, upon which it intends to rely as part of its defenses in this action.

ViewSonic also intends to rely on the written judgment of His Honour Judge Fysh QC, Patents County Court, United Kingdom, which was entered on November 28, 2005 in the case of LG.Philips LCD Co., Ltd. (Claimant) and (1) Tatung (U.K.) Ltd., (2) ViewSonic Europe Ltd., and (3) Number One Services Ltd. (Defendants), Case No. PAT04022. The subject matter of the judgment was a finding that ViewSonic's VX2000 did not infringe LG's UK Patent No. 2 346 464 (as it was proposed to be amended), the foreign counterpart to the Patents-in-Suit; that the Patent (as proposed to be amended) was invalid over the prior art references of US Pat. No. 5,570,267 (Ma), U.S. Pat. No. 5,119,204 (Hashimoto), JP 09-190156 (Fujitsu '156), JP 09-171358 (Fujitsu '358); and that the Patent as granted is revoked. The facts and documents presented and considered in reaching this judgment include the actions of LPL in amending and asserting or not asserting the claims of the patent everything filed in that case and the testimony

and evidence presented at the trial. To the extent they have not already been produced in this case and to the extent LPL does not have access to such materials, ViewSonic is willing to produce copies of same upon the request of LPL.

**INTERROGATORY NO. 7:**

Identify each investigation concerning the Patents-in-Suit undertaken by you or on your behalf (including, for example, prior art searches, tests, or analysis related to patent scope, validity, and/or infringement) and describe in detail each such investigation, including the date(s), the person(s) involved, the scope of the investigation, the results and conclusions of the investigation, and identify all documents used or created concerning the investigation.

**RESPONSE TO INTERROGATORY NO. 7:**

ViewSonic incorporates its general objections herein by reference. ViewSonic objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, oppressive, and prematurely seeks expert discovery. ViewSonic further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure. ViewSonic also objects on the grounds that this Interrogatory seeks information which is not relevant to the claims or defenses of this lawsuit, and which is not reasonably calculated to lead to the discovery of admissible evidence, including that it seeks attorney work product information.

Subject to and without waiving the foregoing objections, ViewSonic responds as follows: ViewSonic refers Plaintiff to the prior art that ViewSonic has already produced and made available for inspection in this case, as well as the Declaration of Mark Brinkerhoff filed on September 10, 2004 and the Supplemental Declaration of Mark Brinkerhoff filed on December 6, 2004. The remainder of this Interrogatory seeks information that is privileged and/or seeks a

premature disclosure of expert testimony. ViewSonic will disclose its expert reports in accordance with the directions and schedule set by the Court. Discovery is continuing and ViewSonic reserves the right to supplement this response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

ViewSonic incorporates its general objections herein by reference. ViewSonic objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, oppressive, and prematurely seeks expert discovery. ViewSonic further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure. ViewSonic also objects on the grounds that this Interrogatory seeks information which is not relevant to the claims or defenses of this lawsuit, and which is not reasonably calculated to lead to the discovery of admissible evidence, including that it seeks attorney work product information.

ViewSonic now understands that, under the Court's Scheduling Order, discovery is subordinate to claim construction. Thus, ViewSonic also objects to this Interrogatory as premature to the extent it requires, relates to or touches upon claim construction and/or is improper because it requires the interpretation of one or more claim terms and/or the premature disclosure of expert discovery prior to the deadlines set forth by the Scheduling Order.

Subject to and without waiving the foregoing objections, ViewSonic supplements its response as follows:

In addition to the investigation detailed in its original response, no responsive investigations concerning the Patents-in-Suit were undertaken by ViewSonic or on its behalf before the filing date of the Complaint, as ViewSonic has already indicated it was not aware of the Patents-in-Suit before that date.

Any investigation since the filing of the Complaint would be protected by attorney work product and/or attorney-client privilege and/or is premature in the absence of a Markman decision by the Court and/or the schedule for the disclosure of expert testimony set by the Court. Any disclosure regarding the content, analysis, facts or documents considered as part of any legal advice upon which ViewSonic may rely would necessarily improperly disclose and/or touch upon the issues of claim construction. Accordingly, to the extent this Interrogatory seeks any additional information, the interrogatory is premature and improper under the scope of permitted discovery allowed by the Court's Scheduling Order and the August 23, 2006 oral Order of the Special Master. ViewSonic expressly reserves the right to supplement this response upon completion of the claim construction process regarding the opinions of counsel, if any, upon which it intends to rely as part of its defenses in this action. ViewSonic has produced and/or is producing all prior art of which it is aware concerning the invalidity of the Patents-in-Suit.

**INTERROGATORY NO. 8:**

If you contend that any claim of the Patents-in-Suit is invalid for any reason (including, for example, under 35 U.S.C. §§ 101, 102, 103, and 112), then as to each such claim and patent, set forth in detail the entire basis for your contention, including stating all relevant facts, identifying all documents on which you rely to support your contention, and identifying all persons with information or knowledge relevant to your contention, summarizing each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 8:**

ViewSonic incorporates its general objections herein by reference. ViewSonic objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, oppressive and prematurely seeks expert discovery. ViewSonic further objects to this Interrogatory to the extent