# EXHIBIT 7

BINGHAM McCUTCHEN

Tracy R. Roman
Direct Phone: (213) 229-5020
tracy.roman@bingham.com

July 18, 2006

Bingham McCutchen LLP
Suite 4400
355 South Grand Avenue
Los Angeles, CA
90071-3106

213.680.6400
213.680.6499 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

**Via E-Mail & U.S. Mail**

Rel S. Ambrozy, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006-1108

Re:  *LG. Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
     **USDC Case No. 04-343 JJF**

Dear Mr. Ambrozy:

This letter is in furtherance of our efforts to meet and confer on ViewSonic's Responses to LPL's Second Set of Interrogatories and Second Set of Requests for Documents.

*I.*   *Interrogatories*

1.  General Objections 1 and 2: ViewSonic is not currently withholding responsive information based on these general objections.

2.  Interrogatory Nos. 1, 5, 6, 13, 15, 16, and 17: ViewSonic agreed to supplement its responses to these Interrogatories.

3.  Interrogatory No. 2: ViewSonic requested that LPL provide it with legal authority supporting LPL's position that information regarding sales outside the U.S. "is relevant to the issues of extra-territorial inducement and extra-territorial contributory infringement" and how those issues are relevant to this case. LPL agreed, and ViewSonic will await its review of that authority before deciding whether to supplement its response to this Interrogatory.

4.  Interrogatory No. 7: ViewSonic agreed to supplement its response to address any responsive investigations conducted before the filing date of the complaint. The parties agreed that ViewSonic need not presently supplement to address any post-filing investigations until after the parties have decided on the proper approach for dealing with post-filing privileged information. To that end, LPL agreed to provide ViewSonic with a proposal on this issue.

5.  Interrogatory Nos. 8, 9, 11, 14, and 18: ViewSonic agreed to supplement its response to Interrogatory No. 11 specifically to address the Tatung LK4AS and HP S1010a references. As for the remainder of these Interrogatories, ViewSonic pointed out that LPL is requesting detailed non-infringement and invalidity analyses from ViewSonic

Rel S. Ambrozy, Esq.
July 18, 2006
Page 2

Bingham McCutchen LLP
bingham.com

while simultaneously refusing to provide the same information to ViewSonic's discovery until after the Markman hearing. ViewSonic further pointed out that it needed LPL's constructions to supplement some of its own responses. During the meet and confer ViewSonic offered to agree to a schedule with you to exchange preliminary, but detailed, contentions regarding infringement and validity and you agreed to make a proposal for such exchanges. We look forward to receiving your proposal. Until then, ViewSonic will reserve its determination on supplementing these responses.

6.      Interrogatory No. 12: LPL agreed to provide ViewSonic with a specific date from which ViewSonic can gauge the term "previously." ViewSonic will supplement this response once it has that information.

## *II.*   *Document Requests*

### A.     **General Issues**

1.      Vague/Ambiguous objections to Request Nos. 1, 12, 13, 19, 20, 29-31, 35, 46, 47, 61, and 66: ViewSonic is not currently withholding documents from these Requests based on this objection.

2.      Relevancy objections to Request Nos. 2-18, 22, 24-28, 30-35, 38-41, 43, 46-69, 51, 56-70, 72-73, 76, 77, 79-88: Except for the express limitations ViewSonic noted in its response, ViewSonic is not currently withholding documents from these Requests based on this objection. Specifically, ViewSonic produced documents relating to the accused VX900 product and its U.S. sales, offers to sell, manufacture, and importation, but excluded information identifying ViewSonic's customers, resellers, and distributors.

3.      Request Nos. 18, 28-31, 46-48, 63 and 65: ViewSonic confirmed that it produced documents responsive to these Requests with the limitations stated. We clarified that the "stated advantages in the Patents-in-Suit" refers to those advantages expressly identified. Therefore LPL's concern that ViewSonic would produce no documents is unfounded. You are considering whether LPL could narrow the requests to something between what ViewSonic offered and what was originally requested in order to resolve the parties' dispute on these Requests. ViewSonic will await LPL's proposal on these Requests.

4.      Request Nos. 2-12, 14-18, 20, 26, 28-33, 46-48, 51, 56, 57, 59, 60, 62, 63, 65-69, and 84: The parties disagree on whether LPL is entitled to discovery on all ViewSonic LCD monitors, or just the accused VX900 monitor. ViewSonic asserts that the identification of one product accused of infringement does not justify a fishing expedition regarding dozens of products that may or may not be accused of infringement. It is LPL's burden to identify which products it believes infringe and discovery can be framed around those products. To support ViewSonic's position, we referred you to *Caliper Technologies Corp. v. Molecular Device Corp.*, 213 F.R.D. 555 (N.D. Cal. 2003) for your consideration on this issue. Please also consider the enclosed transcript from a hearing in the matter of *Honeywell Int'l, Inc. v. Audiovox Communications Corp., et al.*,

Rel S. Ambrozy, Esq.
July 18, 2006
Page 3

held in front of Judge Jordan on September 9, 2005. We believe that transcript is instructive on this issue. *See* p. 14:4-23, 15:1-9, 20:2-21:2, and 27:23-29:3.

ViewSonic is willing to consider any authority LPL has that contradicts ViewSonic's position on this issue before making a final determination on whether it will supplement its responses. Please let us know whether LPL wishes to pursue this issue further and whether it has any authority for us to consider.

Bingham McCutchen LLP

bingham.com

5.   The "if any" qualifier for Request Nos. 1-7, 11, 12, 14, 15, 17, 20, 21, 23, 26, 30-34, 36, 37, 45-49, 51, 53-57, 59, 60, 63, 65, 67-69, 71-75, 89-99: ViewSonic believes it has produced documents or things responsive to each of these Requests, and we are in the process of verifying that. To the extent we learn to the contrary, we will notify you and will supplement these responses to reflect that information.

6.   Request Nos. 15, 58, 64, 69, 79-86: In patent infringement actions, a plaintiff is entitled to only a single satisfaction of its damages. *Aro Manufacturing Co. v. Convertible Top Replacement Co., Inc.*, 377 U.S. 476, 500-01 (1964) Thus, here, LPL may only collect damages "sufficient to put [it] in the position [it] would have occupied had there been no infringement, [it] cannot thereafter collect actual damages from a person liable only for contribution to the same infringement. This principle is but an application of the rule that full satisfaction received from one tort-feasor prevents further recovery against another." *Id*. Because LPL can only recover one royalty for each ViewSonic product that infringes, it has no need to know who resold, distributed, or purchased those products. LPL's desire to learn the identity of ViewSonic's customers serves no legitimate purpose other than to try to harass and pressure them to ViewSonic's detriment. ViewSonic has already provided LPL with the discovery it needs regarding the U.S. sales, importation, manufacture, and advertising of the accused VX900. ViewSonic stands on its responses to these Requests.

7.   Request Nos. 9-12, 17, 34, 51, 67, and 70: ViewSonic requested that LPL provide it with legal authority supporting LPL's position that documents regarding sales outside the U.S. is "relevant to the issues of extra-territorial inducement and extra-territorial contributory infringement" and how those issues are relevant to this case. LPL agreed, and ViewSonic will await its review of that authority before deciding whether to supplement its response to these Requests.

8.   Request Nos. 42, 44, 53, 54, 55, and 71: These Requests require some level of claim construction. Please refer to the above discussion for Interrogatory Nos. 8, 9, 11, 14, and 18, as ViewSonic's position for these Requests is the same.

### B.   Specific Issues

1.   Request No. 1: LPL explained that "relied upon" means documents ViewSonic considered in preparing its responses to Interrogatories. With that clarification, ViewSonic confirms that no non-privileged responsive documents were withheld from this Request.

Rel S. Ambrozy, Esq.
July 18, 2006
Page 4

Bingham McCutchen LLP
bingham.com

2.  Request No. 2: We explained that ViewSonic did not assert a "possession, custody, or control" objection. Rather, ViewSonic's response is precisely what the FRCP requires – production of responsive documents in ViewSonic's possession, custody, or control. Accordingly, ViewSonic will stand on its response to this Request.

3.  Request No. 25: LPL contends indemnification documents are relevant because if it obtains a judgment against ViewSonic, it would be entitled to go after a third party indemnifier to collect on the judgment. We disagree with this contention and asked LPL to provide us with supporting authority for our consideration. ViewSonic will stand on its response to this Request, until it has had an opportunity to review any relevant authority LPL provides.

4.  Request No. 27: LPL agreed to limit this Request to the time period December 2002 to May 2004. With that limitation, ViewSonic will supplement its response to this Request to provide U.S. information relating to the VX900.

5.  Request No. 39: ViewSonic inadvertently included a confidentiality objection in its response. No documents were withheld from this Request based on confidentiality.

6.  Request No. 76: LPL is considering whether it could narrow this Request. ViewSonic will await LPL's proposal before deciding whether to supplement.

7.  Request No. 78: LPL explained that "relied upon" means documents ViewSonic considered in preparing its Initial Disclosures. With that clarification, ViewSonic confirms that no non-privileged responsive documents are currently being withheld from this Request.

8.  Request Nos. 87 and 88: ViewSonic maintains that these Requests are extremely overbroad, sweeping in documents that do not relate to the claims or defenses of this case. Further, it is unduly burdensome for ViewSonic to have to guess at what LPL considers "related to any issues in this case" or "concerning any issues in this case." As we pointed out in the meet and confer, this could mean every document relating to LCDs. We have attempted to find ways to narrow these Requests to allow ViewSonic to respond, but have not been successful. If LPL has any suggestions in this regard, please let us know, otherwise ViewSonic stands on its responses.

Very truly yours,

*[signature]*

Tracy R. Roman

Enclosure
cc:   Richard Horwitz, Esq. (*via email w/encl.*)
      Richard Kirk, Esq. (*via email w/encl.*)
      Fred Cottrell, Esq. (*via email w/encl.*)
      Mark Krietzman, Esq. (*via email w/encl.*)
      Scott R. Miller, Esq.

LA/40356219.2