# EXHIBIT 8

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

CORMAC T. CONNOR
(202) 496-7439

EMAIL ADDRESS
cconnor@mckennalong.com

August 30, 2006

VIA FACSIMILE AND U.S. MAIL

Tracy R. Roman, Esq.
Bingham McCutchen LLP
255 South Grand Avenue
Suite 4400
Los Angeles, CA 90071

    Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.;*
           U.S. District Court Case No. 04-343 JJF

Dear Tracy:

    This letter completes our response to your letter of July 18, 2006 and, in doing so, complements Lora Brzezynski's letter to you of August 18, 2006. As you know, our August 18 letter focused only on ViewSonic's requests that LPL provide legal authorities to support many of its discovery requests. This letter responds to the remainder of the issues and inquiries presented in your July 18 letter.

    Our August 18 letter noted that the only action that ViewSonic asked LPL to take with respect to LPL's Interrogatory No. 2 and Document Request Nos. 2-12, 14-17, 20, 25, 26, 32-34, 51, 56-60, 62, 64, 66-70 and 79-86 was to provide legal authorities to justify those discovery requests. LPL did so. ViewSonic should now supplement its responses to each of the requests listed above.

    As addressed below, ViewSonic should also promptly supplement its responses to the remainder of the Interrogatories and Document Requests propounded on it by LPL. By September 1, 2006, for each of the discovery requests addressed in this letter and in our August 18 letter, please provide LPL with a date that is both soon and certain by which ViewSonic will provide its supplemental responses. If, by September 1, we have not received a satisfactory date certain and assurances that ViewSonic will supplement all of its responses by that date, LPL will take the steps necessary to submit this dispute to Special Master Poppiti.

Tracy R. Roman, Esq.
August 30, 2006
Page 2

### Interrogatory Nos. 1, 3-6, 10, 13 & 15-17

ViewSonic stated that it would supplement its responses to Interrogatory Nos. 1, 5, 6, 13 and 15-17 without any further action by LPL. Accordingly, there is no need for ViewSonic to continue to delay its supplementation, which was promised in your July 18 letter. Please provide ViewSonic's supplemental responses immediately.

ViewSonic did not request any further action by LPL with respect to Interrogatory Nos. 3, 4 and 10, nor did it promise to take any further action. However, ViewSonic's response to Interrogatory No. 3 is particularly deficient. Interrogatory No. 3 asks ViewSonic to "[i]dentify each type of visual display product... manufactured, shipped, imported, sold, and/or offered for sale, in or to *the United States*...." ViewSonic's response merely refers LPL to ViewSonic's response to Interrogatory No. 2. We recognize that the scope of Interrogatory No. 3 may be subsumed by the scope of Interrogatory No. 2, which does not contain any geographic limitations; however, it is nonetheless a distinct request for information and, given that ViewSonic listed over 100 separate products in its response to Interrogatory No. 2, LPL is entitled to know which of those products actually entered the United States. Please supplement your response.

### Interrogatory No. 7

ViewSonic agreed to supplement its responses concerning investigations conducted prior to the date on which LPL's Complaint was filed. In the intervening six weeks, we have not received any such supplementation. Please provide ViewSonic's supplemental responses for this sub-category as soon as possible.

As for ViewSonic's post-filing investigations, LPL needs to know whether ViewSonic is relying on the advice of counsel as a defense in this case. If ViewSonic does intend to assert an advice of counsel defense, then LPL is entitled to complete discovery regarding any advice of counsel on ViewSonic's infringement of the Patents-in-Suit, including discovery via document requests and deposition testimony. To date, LPL as declined to take a position on this matter, but we cannot tolerate any further delay. Please take a position and submit ViewSonic's responses.

### Interrogatory Nos. 8, 9, 11, 14 & 18

Through your letter of July 18, ViewSonic agreed to supplement its response to Interrogatory No. 11. More than six weeks have passed, but we still have not received any such supplementation. Please serve ViewSonic's supplemental responses immediately.

As for Interrogatories Nos. 8, 9, 14 and 18, you indicated that ViewSonic would supplement if ViewSonic and LPL could agree on a method for the exchange of preliminary, but detailed contentions regarding infringement. The Scheduling Order contemplates a separate process for the exchange of *Markman* material, a process that has not yet begun. Special Master Poppiti's rulings in the August 23, 2006 hearing made clear that he agrees with LPL's position on the timing for an exchange of claim constructions. Prior to that Hearing, in an effort to

Tracy R. Roman, Esq.
August 30, 2006
Page 3

accommodate all parties' interests on this issue, we proposed a two-stage method for exchanging information, such that neither party is required to prematurely construe claims. We presented you with LPL's proposal during our meet-and-confer earlier this month and in Lora Brzezynski's letter to you of August 16, 2006 (to which you have not responded).[1] We continue to believe that our proposed two-stage process would be the fairest way for each party to exchange preliminary contentions regarding infringement, such as the type requested by Interrogatories Nos. 8, 9, 14 and 18. Pending your approval of our proposal, we are ready to begin exchanging information.

Specific to Interrogatory No. 14, the information requested is essentially the inverse of that sought by ViewSonic through its own Interrogatory No. 1. LPL's Interrogatory No. 14 seeks information concerning ViewSonic's non-infringement defenses, while ViewSonic's Interrogatory No. 1 seeks information about LPL's infringement claims. In its response to ViewSonic's Interrogatory, LPL provided a detailed chart that compares the claims of the Patents-in-Suit to ViewSonic's VX 900 product. We maintain that ViewSonic can and should reciprocate. To supplement your response to LPL's Interrogatory No. 14, please provide a comparable chart, arranged by claims and ViewSonic products, to explain the bases for ViewSonic's non-infringement defenses to each of LPL's asserted claims.

LPL's Interrogatory Nos. 8 and 9 also explore ViewSonic's contentions that the Patents-in-Suit are invalid. Charts similar to the one that LPL provided in response to ViewSonic's Interrogatory No. 1 could provide the information that LPL seeks here, with the claim language in one column and corresponding element found in each piece of prior art in the other. Similarly, no claim construction is required for ViewSonic to respond to Interrogatory No. 18. Instead, ViewSonic simply needs to identify which part of the prosecution history will limit the scope of the asserted claims.

There is no reason why ViewSonic cannot provide responses to the Interrogatories listed above. Therefore, please supplement ViewSonic's responses to Interrogatories Nos. 8, 9, 11, 14 and 18.

### Interrogatory No. 12

ViewSonic requested that LPL provide it with a date by which ViewSonic could gauge the term "previously" in Interrogatory No. 12. The date that ViewSonic should use to gauge its response to Interrogatory No. 12 is April 2, 1999. (*Cf.* Pl.'s Objecs. & Answers to Def. ViewSonic's 1st Set of Interrogs., No. 9.) Based on this date, please supplement ViewSonic's responses to Interrogatory No. 12.

---

[1] Shortly after the meet-and-confer, you informed us that ViewSonic rejected LPL's two-stage proposal as it had been presented during the conference call. LPL was concerned that ViewSonic may have misinterpreted the terms of its proposal, which is why that proposal was restated in our August 16 letter. To date, we have not received any response to that August 16 letter.

Tracy R. Roman, Esq.
August 30, 2006
Page 4

### Document Request Nos. 1, 21, 23, 37, 45, 78 & 89-99

With respect to Document Request Nos. 1, 21, 23, 37, 45, 78 and 89-99, ViewSonic did not request any further action by LPL. However, in your July 18 letter, you stated that ViewSonic was "in the process of verifying" whether or not its responses to Requests Nos. 1, 21, 23, 37, 45 and 89-99 are complete.[2] Please confirm ViewSonic's position on the completeness of its responses to these Requests.

### Document Request Nos. 2-18, 22, 24-28, 30-35, 38-41, 43, 46-70, 72, 73, 76, 77 & 79-88

ViewSonic asserted relevancy objections to each of the Requests listed immediately above. In your July 18 letter, you stated that ViewSonic "is not currently withholding documents from these Requests based on this objection." However, you go on to say that ViewSonic only produced documents related to the VX 900 product.

As we have repeatedly stated during the course of our discovery disputes, LPL listed the VX 900 in the Complaint as *an example* of the *types* of ViewSonic products that infringe the Patents-in-Suit. In our August 18 letter to you, we complied with your request to provide legal authority to support the basis for LPL seeking discovery on ViewSonic products other than the VX 900. In addition to that authority, we refer you to Special Master Poppiti's order of August 16, 2005 (the "Sanctions Order").

The Sanctions Order was directed at jurisdictional discovery sought by LPL from the Tatung Defendants. The scope of the discovery requests presented to the Tatung Defendants paralleled later requests that were asserted during regular discovery against all of the Defendants, including ViewSonic. (*Compare, e.g.,* Pl's 1st Set of Interrogs. to Def. Tatung Co. (Nos. 1-20) *with* Pl.'s 2d Set of Interrogs. to Def. ViewSonic Corp.; *compare, e.g.,* Pl.'s 1st Set of Reqs. for Produc. of Docs. to Def. Tatung Co. (Nos. 1-45) *with* Pl.'s 2d Set of Reqs. for Produc. of Docs. to Def. ViewSonic Corp.) As relevant here, many of the jurisdictional discovery requests posed to the Tatung Defendants were based on LPL's designation in its Complaint of a single product as an example of other products that also infringe the Patents-in-Suit. Throughout its interrogatories and document requests to the Tatung Defendants (as well as those to ViewSonic), LPL used the term "visual display products," which was defined to mean "any LCD computer monitor, LCD television, or plasma display product." In its objections to the majority of LPL's jurisdictional discovery requests, Tatung asserted that LPL's discovery should be blocked because "the request seeks information concerning products for which plaintiff has failed to come forward with evidence that plaintiff contends is sufficient to support a claim of infringement of the patents in suit."

---

[2] In your letter, you indicated that ViewSonic was verifying whether or not its responses were complete to many of LPL's Document Requests, including several that are not listed here. The Requests identified in your letter are not all listed here because, as stated above and below, LPL has independent reasons for challenging the completeness of ViewSonic's responses to those Requests.

Tracy R. Roman, Esq.
August 30, 2006
Page 5

  LPL's jurisdictional discovery requests and Tatung's objections to those requests show that LPL was seeking discovery about *all* of Tatung's visual display products, not just the one exemplar listed in the Complaint. The requests and objections also show that Tatung was objecting to LPL's requests by asserting that LPL had not specified in the Complaint all of the products about which it sought discovery. Judge Farnan's and Special Master Poppiti's rulings, however, approved the scope of the discovery sought by LPL, particularly as it related to LPL's efforts to obtain discovery about other visual display products that were not specifically identified in the Complaint.

  In the Sanctions Order, Special Master Poppiti approved the scope and subject-matter of the discovery sought by LPL and referenced earlier rulings by Judge Farnan when doing so. (*See, e.g.*, Sanctions Order, 21-35 (evaluating Tatung Defendants' refusals to respond to LPL's interrogatories and document requests).) Notably, in his review of Tatung's refusal to provide documents to LPL for products other than the one exemplified in the Complaint, Special Master Poppiti observed that "[t]he 'catch-22' of Tatung's counteroffer was that, without additional discovery from Tatung, *LPL could not identify for Tatung all of the accused products necessary to permit the creation of a meaningful report.*" (*Id.* at 34 (emphasis added).) In support of his observations and resulting sanctions order, Special Master Poppiti looked to a prior hearing in this case, during which Judge Farnan ordered the Tatung Defendants to comply with LPL's document requests. (*Id.* at 34-35.)

  ViewSonic has taken a position in its responses and objections to each of the above-listed Requests that is substantially identical to that taken by the Tatung Defendants during jurisdictional discovery. It is our opinion that Judge Farnan's and Special Master Poppiti's determinations affirm that, in order to identify all of ViewSonic's accused products, LPL may properly seek discovery on *all of the Defendants' visual display products, not just the one example listed in the Complaint.* As a result, ViewSonic's continued refusal to respond to the reasonable and proper scope of LPL's discovery requests is contrary to the Court's previous decisions *in this case*. ViewSonic's objections to the Requests listed above should be withdrawn and responsive documents should be produced. Please promptly confirm that ViewSonic will fully comply with the Requests listed above.

<u>Document Request Nos. 18, 28-31, 46-48, 63 & 65</u>

  As stated in Rel Ambrozy's letter to you of June 30, 2006, ViewSonic improperly limited its production by unilaterally constricting the scope of its response to "the stated advantages in the Patents-in-Suit...." Although most of the above-listed Requests seek information pertaining to each of the products identified by ViewSonic in its response to Interrogatory No. 2,

Tracy R. Roman, Esq.
August 30, 2006
Page 6

ViewSonic has not complied. (On the latter point, we refer you to the discussion above and in our August 18 letter concerning the reasons that LPL's designation of a single example of an accused product and its subsequent discovery requests pertaining to other products similar to the exemplified product were proper.)

During the meet-and-confer that preceded our June 30 letter, we agreed to review your limited response and consider limiting the scope of certain Requests. We have since reviewed our Requests and your responses and find your positions to be unreasonable. Please withdraw the portions of your responses that "limit [the Request] to the stated advantages of the Patents-in-Suit" and thereby improperly limit ViewSonic's production of responsive documents. Following that withdrawal, please promptly supplement ViewSonic's responses.

### Document Request No. 19

LPL's Request No. 19 relates to LPL's Interrogatory No. 5, as both inquire about the steps that ViewSonic took "to avoid infringing the Patents-in-Suit." As noted in our June 30 letter to you, ViewSonic avoided responding to Interrogatory No. 5 by claiming that it does not infringe the Patents-in-Suit. However, as stated in our June 30 letter, Interrogatory No. 5 does not inquire as to *whether* ViewSonic infringes, but as to the steps it took to *avoid* infringing. The same applies to Request No. 19. Please confirm that, when it claims that "no non-privileged documents responsive to this Request exist," ViewSonic is not avoiding a full and proper response to Request No. 19 by basing its assertion on an evasive and non-responsive premise that ViewSonic's products do not infringe.

### Document Request No. 27

ViewSonic agreed to produce documents from the period between December 2002 and May 2004. ViewSonic should certainly supplement its production as it relates to the VX 900. However, ViewSonic is again improperly trying to limit its production to include *only* the VX 900 product. For the reasons stated above and in our prior negotiations on this subject, such a limitation is both improper and unacceptable to LPL. Please supplement ViewSonic's production with documents responsive to Request No. 27 and relevant to all of ViewSonic's visual display products which, like the VX 900, use rear-mounting technology.

### Document Request Nos. 42, 44, 53-55 & 71

As with Interrogatories Nos. 8, 9, 11, 14 and 18, discussed above, you indicated that ViewSonic would supplement its responses to Document Request Nos. 42, 44, 53-55 and 71 if ViewSonic and LPL could agree on a method for the exchange of preliminary, but detailed contentions regarding infringement. Our two-stage exchange proposal was discussed above and detailed in our August 16 letter, but ViewSonic has not replied.

LPL's proposal offers an effective and fair way for each party to exchange information – such as the type requested by Interrogatories Nos. 8, 9, 14 and 18 and Document Request Nos. 42, 44, 53-55 and 71 – that will enable the parties to proceed with discovery without requiring

Tracy R. Roman, Esq.
August 30, 2006
Page 7

claim construction prior to the timetable set forth in the Scheduling Order. Please provide ViewSonic's supplemental responses to Document Request Nos. 42, 44, 53-55 and 71.

Document Request Nos. 76, 87 & 88

You asked whether LPL would agree to limit the scope of Document Request Nos. 76, 87 and 88. LPL has reviewed these Requests but, while LPL offers to limit its Requests, LPL maintains that the original Requests were and are proper. Therefore, LPL reserves its right to seek additional discovery on the topics covered by these Requests as they were originally propounded. That said, LPL offers the following:

- Request No. 76 is limited to "[a]ll documents reflecting any transfer of assets, liabilities, contracts, rights, and/or interests *that are in any way related to ViewSonic's potential responsibility to pay royalties or damages* concerning any visual display products since January 1, 2002."[3]

- Request No. 87 is limited to "[a]ll files and other documents related to *visual display products, LPL and/or the Patents-in-Suit* and created by or provided to any of the individuals identified in your Initial Disclosures."

- Request No. 88 is limited to "[a]ll documents related to *visual display products, LPL and/or the Patents-in-Suit* and that relate to any of the persons identified in your Initial Disclosures."

By September 1, 2006, please provide a date soon and certain by which ViewSonic will supplement its responses to all of the Interrogatories and Document Request addressed in this letter. If ViewSonic does not provide a satisfactory date by September 1, then LPL intends to present this matter to Special Master Poppiti for resolution.

---

[3] Italics indicate text added as a proposal to narrow the Request.

Tracy R. Roman, Esq.
August 30, 2006
Page 8

      We look forward to receiving your response and hope that we can resolve these matters amicably.

                                                             Sincerely,

                                                             Cormac T. Connor
                                                             *(Admitted only in Colorado. Supervised by*
                                                             *Lora A. Brzezynski, a member of the D.C. Bar.)*

CTC:vvk

cc: Scott Miller

DC:50430511.1