

# CONNOLLY BOVE LODGE & HUTZ LLP

ATTORNEYS AT LAW

**James D. Heisman**

DIRECT (302) 888-6216
EMAIL jheisman@cblh.com

WILMINGTON, DE

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614
WEB: www.cblh.com

*Via Email and Hand Delivery*

February 16, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

> Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF
> ViewSonic's Motion to Compel LPL to Produce Technical and Mounting Documents

Dear Special Master Poppiti:

ViewSonic Corporation ("ViewSonic") hereby moves to compel Plaintiff ("LPL") to immediately provide the discovery highlighted below regarding the mounting methods and structures used in LPL's flat panel display products since January 1, 1997.

ViewSonic recently discovered that, contrary to LPL's previous representations, LPL has made and does make products that practice or are capable of practicing the inventions disclosed in the patents in suit. Because discovery was shaped or limited based upon LPL's previous representations, which are no longer accurate, LPL's discovery responses and document productions are woefully incomplete. Unfortunately, LPL disagrees, necessitating this Motion.

Throughout discovery, LPL has consistently represented that it does not make such products. For example, in September 2006, during the parties' various meet and confers regarding ViewSonic's document requests, LPL represented it made no such products, and therefore had no responsive documents. *See* Ex. 1 [Sep. 11, 2006 letter from C. Connor to S. Miller], at 2 ("LPL does not make products covered by the technology taught by the Patents-in-Suit"; LPL does not "use technology taught by the Patents-in-Suit."). LPL perpetuated this misrepresentation during the December 28, 2006 hearing at which it stated that it did not make products that are rear mountable or capable of being rear mounted or that otherwise practice the invention disclosed and claimed in the patents in suit. *See* D.I. 384, Transcript of December 28, 2006 Hearing ("Tr."), p. 107, ll. 20-22; p. 109, l. 24 - p. 110, l. 6; p. 116, ll. 8-12; p. 165, l. 24 - p. 166, l. 1; p. 166, l. 18 - p. 168, l. 7; p. 168, l. 20 - p. 169, l. 1; p. 169, ll. 13-22; p. 170, ll. 6-13.

Finally, on January 8, 2007, LPL admitted that it does make products with "*certain frames*" and that only "*recently*" had been selling products that could be used by others in a way that practices the patents in suit. Ex. 2 [Jan. 8, 2007 letter from D. Kirk], at 2, § III (emphasis added); *see also* Ex. 3 [Jan. 9, 2007 letter from D. Auito]. Due to the evasiveness of these

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
February 16, 2007
Page 2

statements, ViewSonic investigated the issue further and uncovered documents indicating that LPL does in fact make products, namely LCD modules[1], that practice the disclosed inventions. *See* Ex. 11, at 23-24, 28 (showing side and rear mounting); Ex. 12, at 22-23, 27 (same). Yet LPL refuses to supplement its discovery responses and document productions to account for these products.

At one point, LPL stated it would provide this discovery at least as to RFPs 71-74 (*see* Ex. 3). Yet, in its most recent letter, LPL disingenuously continues to argue that its products are not covered by the patents in suit, and refuses to provide this discovery. *See* Ex. 6 [Feb. 12, 2006 letter from C. Christenson to S. Miller]. Essentially, LPL contends that its LCD modules do not practice the invention, but can be used by others in a way that practices the inventions, such as when another entity fixes the LCD module to a housing. This argument is unavailing because the patent claims recite that the device must be "rearmountable,"[2] or "capable" of being mounted or fixed to a housing. Since LPL admits that it sells products that are "capable" of being used by others in the claimed manner, LPL must likewise admit that it practices the disclosed inventions.

Either way, the plain truth is that LPL has made and makes products that practice the claimed invention. And the plain truth is that LPL's misrepresentations prevented ViewSonic from obtaining critical evidence that is needed to properly prepare its claims and defenses. *See* Exs. 4 & 5 [S. Miller's Feb. 7 & 8, 2007 letters].

For example, LPL's misrepresentations led to the compromises made by ViewSonic at the December 28, 2006 hearing addressing ViewSonic's October 3, 2006 Motion to Compel. Relying on LPL's representation that it did not practice the alleged invention of the patents in suit, ViewSonic agreed to temporally limit various RFPs to the period January 1, 1997 to December 31, 1998. *See* Tr., p. 118, l. 13 - p. 142, l. 2. But for LPL's misrepresentation, ViewSonic never would have agreed to that temporal limit. *See* Tr., p. 122, ll. 2-18. Thus, ViewSonic was prevented from obtaining complete and accurate responses to RFP 82 (bills of material for every LPL flat panel display product) and RFP 84 (documents sufficient to identify the structure, function and assemblage of all of the parts of every LPL LCD module) from January 1, 1997 to the present. Accordingly, LPL should be required to supplement its production to these RFPs.

ViewSonic was also prevented from obtaining important evidence sought in its Request for Production ("RFP") nos. 29, 33, 39, 40, 57, 58, 66, 67, 68, 69, 70, 71, 72, 73, 74, 77, 78, 79, 85, and 86. A copy of LPL's responses and supplemental responses to ViewSonic's RFPs 1-62 are provided as Exhibits 7 and 8, respectively, and a copy of LPL's responses and supplemental

---

[1] LPL refers to its flat panel display product as an "LCD module". *See* Tr., p. 116, l. 9; p. 167, ll. 17-24; p. 168, ll. 6-7.
[2] *See, e.g.,* claims 35, 55, 56, 36, 38, 39, 44, and 45 of U.S. Patent No. 6,501,641, and claims 33, 40, and 34-36 of U.S. Patent No. 6,498,718.



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
February 16, 2007
Page 3

responses to ViewSonic's RFPs 63-119 are provided as Exhibits 9 and 10, respectively. LPL should be required to produce documents responsive to all of these RFPs.

At a minimum, ViewSonic immediately needs the following discovery regarding all of LPL's LCD modules. ViewSonic seeks all documents similar to and referring, reflecting, or relating to the documents entitled "Product Specification" (enclosed as Exhibits 11 and 12) for all of LPL's LCD modules from January 1, 1997 to the present. This discovery is critical to ViewSonic's claims and defenses, including invalidity, damages, and possible patent misuse, and is responsive to at least RFPs 40, 58, 77, 78, 79, 85, and 86.

ViewSonic also needs documents related to LPL's development, testing and commercialization of all of these LPL flat panel products. This discovery is relevant for invalidity, including best mode and enablement deficiencies, as well as obviousness. This information is responsive to at least RFPs 29, 33, 39, 40, 57, 58, 67, 69, 71, and 73.

ViewSonic also is entitled to one sample or specimen of each of LPL's flat panel display products. This discovery is relevant for various invalidity issues, and is responsive to at least RFPs 66, 68, 70, 72, and 74. It is also the same type of evidence that ViewSonic has offered to LPL, and should be provided by LPL.

To summarize, ViewSonic detrimentally relied on the (mis)representation that LPL does not practice the technology of the patents in suit. LPL has perpetuated this misrepresentation to the great prejudice of ViewSonic. If the critical evidence is not immediately provided by LPL, ViewSonic will not be able to complete its depositions by March 30, 2007. ViewSonic requests that LPL be compelled to immediately produce the documents sought herein.

Respectfully submitted,

/s/ James D. Heisman

James D. Heisman (# 2746)

cc:  Tracy R. Roman, Esq. (via email)
Scott R. Miller, Esq. (via email)
Jeffrey B. Bove, Esq. (via email)
James D. Heisman, Esq. (via email)
Frederick L. Cottrell, III, Esq. (via email)
Anne Shea Gaza, Esq. (via email)
Frank Merideth, Esq. (via email)
Mark H. Krietzman, Esq. (via email)
Valerie W. Ho, Esq. (via email)
Steve Hassid, Esq. (via email)
Rel S. Ambrozy, Esq. (via email)

 **CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
February 16, 2007
Page 4

    Cass W. Christenson, Esq. (via email)
    Lora A. Brzezynski, Esq. (via email)
    Richard D. Kirk, Esq. (via email)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION<br><br>Defendants. | Civil Action No. 04-343 (JJF) |

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.1.1**

I hereby certify that counsel for Defendant ViewSonic Corporation attempted to resolve ViewSonic's Motion to Compel LPL to Produce Technical and Mounting Documents with counsel for Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), and the parties were unable to reach a resolution.

Date: February 16, 2007

Respectfully submitted,

By: /s/ *James D. Heisman*
James D. Heisman (#2746)
CONNOLLY BOVE LODGE AND HUTZ LLP
The Nemours Building, 8th floor
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

*Attorneys for Defendant*
*ViewSonic Corporation*

522188

1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of February 2007, I caused a true and correct copy of the foregoing **ViewSonic Corporation's Motion to Compel LPL to Produce Technical and Mounting Documents** to be electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

Anne Shea Gaza, Esq.
Frederick L. Cottrell, III, Esq.
Richards Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I further certify that on this 16th day of February 2007, I caused a true and correct copy of the foregoing document to be served upon the following non-registered participants by email:

Cass W. Christenson, Esq.
Lora A. Brzezynski, Esq.
Rel S. Ambrozy, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Tracy R. Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East
Suite 2300
Los Angeles, CA 90067-2325

Mark H. Krietzman, Esq.
Valerie W. Ho, Esq.
Frank E. Merideth, Jr., Esq.
Steve Hassid, Esq.
Greenberg Traurig, LLP
2450 Colorado Ave., Suite 400E
Santa Monica, CA 90404

　　　　　　　　　　　　　　　　　*/s/ James D. Heisman*
　　　　　　　　　　　　　　　　　James D. Heisman (# 2746)
　　　　　　　　　　　　　　　　　jheisman@cblh.com