# EXHIBIT 1

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

CORMAC T. CONNOR
(202) 496-7439

EMAIL ADDRESS
cconnor@mckennalong.com

September 11, 2006

VIA EMAIL AND U.S. MAIL

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles, CA 90071
smiller@cblh.com

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
U.S. District Court Case No. 04-343 JJF

Dear Scott:

This letter follows the two meet-and-confer sessions that we conducted last week, during which we reviewed, in part, ViewSonic's and LPL's respective positions in regard to the letter-motion to compel that ViewSonic filed with Special Master Poppiti on September 6, 2006. As you requested on September 8, this letter confirms LPL's positions with respect to the Document Requests addressed in ViewSonic's letter-motion. Based on LPL's representations and ViewSonic's responses to same, we have agreed to submit a one-line stipulation to Special Master Poppiti informing him that the issues raised in ViewSonic's letter-motion are now moot.

Despite knowing that we had previously scheduled a conference call to discuss discovery issues, ViewSonic elected to file its letter-motion before the conference call began. Even so, as we anticipated, the meet-and-confer sessions were productive, in that LPL was able to clarify its responses to the document requests covered by ViewSonic's letter-motion and to discuss and better understand ViewSonic's discovery requests and positions. ViewSonic's letter-motion to compel covered ViewSonic's document requests 63-66, 77, 78, 100-03, 114-16, 119 and 120. As stated in the motion, ViewSonic sought responsive documents from LPL for each of these requests, based on the assumption that LPL intends to produce responsive documents as to each Request. Consistent with your September 8 email to Cass Christenson, LPL generally represents that "there are no responsive documents other than those documents: (i) that fall outside of LPL's interpretations placed on the requests; (ii) documents that are not being produced based on objections interposed by LPL; and/or (iii) documents which LPL agreed to produce as a

Scott R. Miller
September 11, 2006
Page 2

supplement to request nos. 114-116." More specifically, as discussed in greater detail during our meet-and-confer conference calls last week, LPL informed ViewSonic as follows:

- **Requests 63-66** – Because LPL does not make any products covered by the technology taught by the Patents-in-Suit, LPL does not have any documents or things that are responsive to these Requests.

- **Requests 77 & 78** – We explained that the scope of any production of documents in this case, especially those pertaining to mounting techniques, must be reciprocal. Because ViewSonic has only agreed to produce documents related to the single exemplar product identified in the Complaint, LPL, in kind, will limit any production in response to Requests 77 and 78 to products that use technology taught by the Patents-in-Suit. Based on that limitation, LPL does not have any documents or things that are responsive to these Requests.

- **Request 100** – All responsive documents have been produced.

- **Request 101** – LPL objects to this Request to the extent that it is not limited to products that use technology taught by the Patents-in-Suit. Based on that limitation, LPL does not have any additional documents or things that are responsive to this Request.

- **Requests 102 & 103** – Limiting its responses to documents related to rear-mounting technology, LPL does not have any documents or things that are responsive to these Requests.

- **Requests 114-16** – Based on our discussions, we understand that ViewSonic's Request 114 is focused on licenses related to patents that address mounting technology or any technology that is related to mounting technology (which you suggested should be defined by LPL, not by ViewSonic). We also understand that Request 115 seeks license agreements, assignments, covenants not to sue, and forbearances of rights regarding the Patents-in-Suit. Further, as to Request 116, we understand that this request is intended to combine aspects of Requests 114 and 115, so as to seek documents reflecting license rates for mounting technology established by standards bodies. As we discussed, LPL already has produced potentially responsive documents in pending cases and, as you requested, LPL will re-produce in this case those documents and any other additional responsive documents with respect to Requests 114, 115, and 116. LPL will make a document production by September 18, as you requested, and supplement thereafter as necessary. LPL's position is that ViewSonic should also produce its license agreements and related documents concerning the relevant subject matter in this case, as requested by LPL and discussed during our teleconference.

- **Request 119** – LPL does not have any documents or things that are responsive to this Request.

Scott R. Miller
September 11, 2006
Page 3

- **Request 120** – LPL has already produced to ViewSonic all responsive documents and things that are responsive to this Request.

Please prepare and circulate as soon as possible the short stipulation mooting ViewSonic's letter-motion so that we can approve and file same by tomorrow, September 12, 2006. Thank you.

Sincerely,

Cormac T. Connor
*(Admitted only in Colorado. Supervised by Lora A. Brzezynski, a member of the D.C. Bar.)*

CTC:vvk

cc: Tracy R. Roman (via email)
    Mark H. Krietzman (via email)
    Valerie W. Ho (via email)

DC:50432259.1