# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343-JJF |
| TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, | |
| Defendants. | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF DOCUMENT REQUESTS

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ.

P. 34, objects and responds as follows to Defendant ViewSonic Corporation's ("ViewSonic")

First Set of Document Requests.

### PRELIMINARY STATEMENT

1.     LPL makes the objections and responses herein (collectively "Responses") based

solely on its current knowledge, understanding, and belief as to the facts and the information

available to it as of the date of the Responses.  Additional discovery and investigation may lead

to additions to, changes in, or modifications of these Responses.  LPL reserves the right to

produce subsequently discovered information and to introduce such subsequently discovered

information at the time of any hearing or trial in this action.

2.     By agreeing to produce any relevant and non-privileged categories of documents

or things in its possession, custody, or control, LPL represents not that any such documents or

things actually exist, but that it will make a diligent search and reasonable inquiry to ascertain whether such documents exist and are producible.

3.    By producing documents or things responsive to a Request, LPL does not admit to their authenticity, relevance, or admissibility at trial or any other proceedings in this case. LPL provides such documents without prejudice to its right to object to the introduction of such documents at trial or any other proceeding in this case.

4.    LPL does not waive any objection made in these Responses, nor any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to the Requests. Any inadvertent disclosure of information or inadvertent identification or production of any document shall not constitute waiver of any applicable privilege as to the document identified or produced by LPL.

5.    Any documents made available for inspection and copying in connection with these Responses will be produced at a mutually agreeable time and place or, if no such agreement can be reached, at McKenna Long & Aldridge LLP, 1900 K Street, NW, Washington, DC 20006. Unless otherwise agreed, LPL objects to providing copies of any such documents without prior arrangements being made to reimburse LPL for any copying expenses that may be incurred.

6.    LPL incorporates by reference the following General Objections within each of the individual Objections and Responses to these Requests. All Responses to the Requests are made subject to each and without waiving any of such objections. LPL's specific Objections for any Request are not intended to preclude, override, or withdraw any of the General Objections to that Request.

## GENERAL OBJECTIONS

These general objections apply to each Request and thus, for convenience, are not repeated after each Request, but rather are set forth herein and are hereby incorporated into each response. By responding to any particular Request with the phrase "Subject to and without waiving these objections," we are incorporating by reference not only the specific objections but also these general objections.

1.    LPL objects to each Request to the extent it seeks documents subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

2.    LPL objects to each Request to the extent it seeks discovery of documents containing trade secrets or other confidential research, development or commercial information and will only produce such documents in accordance with the Protective Order entered in this action. However, to the extent that any Request calls for the production of confidential documents of third parties that are in Plaintiff's possession, Plaintiff shall attempt to obtain the consent of such third party prior to production. If Plaintiff cannot obtain such consent, Plaintiff will not produce the documents.

3.    LPL objects to these Requests to the extent that they request documents that are: a) not in the Plaintiff's possession; b) already in ViewSonic's possession; c) in the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule, as unduly burdensome, oppressive, and designed to harass.

4.     LPL objects to these Requests as unduly burdensome, oppressive, and designed to harass to the extent that they request documents in the possession of others, as such documents are beyond the scope of LPL's "custody and control."

5.     LPL objects to these Requests to the extent that they request documents not related specifically to the Patents-in-Suit, not relevant to the claims and defenses in this case, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6.     LPL objects to these Requests to the extent that they lack any appropriate limitation as to time frame and/or geographic scope, making such Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7.     LPL objects to these Requests to the extent that they request documents other than those that are in its possession, custody or control as such Requests are beyond the requirements of the Federal Rules of Civil Procedure.

8.     LPL objects to ViewSonic's "Definitions" and "Instructions" to the extent that they purport to impose obligations not required under the Federal Rules of Civil Procedure.

9.     LPL objects to ViewSonic's "Definitions" to the extent these definitions are redundant, or are inconsistent with either the text of any particular requests and/or with definitions of the same terms in any other discovery requests from ViewSonic to LPL.

10.     LPL objects to Definition 2 of "LPL" because it is overly broad, unduly burdensome and improperly includes a variety of persons and entities over which LPL has no control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client privilege and work product doctrine.

11.     LPL objects to Definition 7 because it is overly broad and unduly burdensome in that it is not limited to foreign counterparts of the Patents-in-Suit.

621193v1

12.     LPL objects to Definition 15 because it is overly broad, vague, and ambiguous. In addition, LPL objects to the extent that the term "prior art" in these document requests is intended to suggest that any such "prior art" exists that would invalidate any claim in any of the Patents-in-Suit.

13.     LPL objects to Instruction H to the extent that it exceeds the requirements of the Federal Rules of Civil Procedure.  LPL will supplement its responses if required.

14.     LPL objects to Instructions A, B, C, D, E, F, and G because they impose unreasonable burdens and/or seek information, responses, or acts not required by the Federal Rules of Civil Procedure.  LPL will respond and produce documents pursuant to Fed. R. Civ. P. 26 and 34.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All documents referring or relating to ViewSonic and/or any ViewSonic product which you content [sic] infringes either of the Patents-is-Suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine.  LPL also objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or in possession of ViewSonic.  LPL further objects to this Request because it is overly broad and unduly burdensome, including, for example, because the Request lacks any limitation in scope, context, or time frame.  Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

621193v1

- 5 -

**REQUEST FOR PRODUCTION NO. 2:**

All documents produced by LPL in any other litigations brought by LPL involving either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of other requests (for example, ViewSonic requests all documents "produced" in unspecified litigations "involving" the "Patents-in-Suit," which is unclear in scope, and without any limitation as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or already in the possession of ViewSonic. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and things relating to any investigation of alleged infringement by ViewSonic of any claim of either of the Patents-in-Suit, or of any U.S. or foreign patent or pending or abandoned patent application that claims priority from either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

621193v1

Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things referring or relating to the date and circumstances upon which LPL became aware that ViewSonic products, systems or methods allegedly infringed either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, ViewSonic requests all documents and things "referring or relating to" the referenced matters). Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and things that LPL relied upon to support its assertion as to infringement of either of the Patents-in-Suit by ViewSonic, including advertising brochures, manuals, photographs, physical specimens, drawings or other material referring or relating to any ViewSonic product, system or method that LPL alleges infringes either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome. For example, the request is framed in the past tense but without specifying the time frame. Subject to and without waiving these

objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 6:**

All documents referring or relating to any review, analysis, inspection, or testing, whether or not by or on behalf of LPL, of any ViewSonic product, system or method that LPL accuses of infringement in this lawsuit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (including, for example, in seeking "all" documents "relating to" unspecified "review, analysis, inspection, or testing" by unidentified parties). LPL also objects to the extent the Request is duplicative of other Requests and seeks documents already in the public domain or already in ViewSonic's possession, custody, or control. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to any notice given by LPL to ViewSonic reflecting LPL's contention that ViewSonic was or is infringing or possibly was or is infringing either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL objects to this Request because it is vague and ambiguous in seeking "All documents relating to" the referenced matters. LPL further objects

because any such notice given by LPL to ViewSonic is already in the possession of ViewSonic. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning any damages that LPL claims, or intends to claim, that it has suffered as a result of ViewSonic's alleged infringement of either of the Patents-in-Suit, including, without limitation, all documents that form the basis for any calculation of damages claimed by LPL.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, unduly burdensome, and premature (including, for example, because discovery is ongoing and because expert discovery has not yet begun). LPL further objects to this Request as vague and ambiguous, including, for example, with respect to the term "that form the basis for any calculation of damages." Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things that LPL relied upon to support its assertion that ViewSonic's alleged infringement of either of the Patents-in-Suit was willful, deliberate and intentional, as set forth in the Complaint in this action.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL also objects to this Request because ViewSonic has not provided discovery that is relevant to this issue as requested by LPL. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 10:**

All documents referring or relating to the Complaint in this action, including all documents identified in, or used or relied upon in the preparation of the Complaint.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, ViewSonic seeks "all" documents "referring or relating to the Complaint"). LPL also objects to the extent the Request is duplicative of other Requests and seeks documents in ViewSonic's possession, custody, or control. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 11:**

All documents referring or relating to either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, ViewSonic requests all

documents "referring or relating to" either of the Patents-in-Suit, regardless of context or relevance and for an unlimited time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 12:**

All documents referring or relating to the alleged invention(s) claimed in either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, ViewSonic requests documents regardless of context or relevance and without any limit as to time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to any communication, meeting, or other contact between anyone, including LPL and the United States Patent and Trademark Office ("USPTO") concerning either of the Patents-in-Suit, any U.S. patent or patent application that claims priority from either of the Patents-in-Suit or are based on any application from or through which either of the Patents-in-Suit claim priority, including, but not be [sic] limited to, any notes, interview summaries,

correspondence, or memoranda relating to discussions with any examiner or other employee of

the USPTO or any international or foreign patent office.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is overly

broad, vague, and ambiguous and not reasonably calculated to lead to the discovery of

admissible evidence (for example, ViewSonic requests "all documents relating to" unspecified

communications, meetings, or other contacts, regarding various unspecified patents and/or

applications). LPL also objects to this Request as seeking publicly available documents. Subject

to and without waiving these objections, LPL will produce non-privileged, relevant documents

that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents

exist.

### REQUEST FOR PRODUCTION NO. 14:

All documents relating to or obtained as a result of any patentability, validity, or prior art

search, study, or analysis, including but not limited to any search, study, or analysis conducted

by or for LPL, relating to the alleged invention(s) claimed in either of the Patents-in-Suit,

including any patents, publications, or potential prior art devices or methods identified through

such search, study, or analysis.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is overly

broad, vague, and ambiguous, unduly burdensome, and duplicative of prior requests (for

example, ViewSonic requests all documents "relating to or obtained" concerning "patentability,

validity, or prior art" and the "alleged inventions," and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

### REQUEST FOR PRODUCTION NO. 15:

All documents and things relating to or evidencing the conception date and/or the date of any actual reduction to practice of any alleged invention(s) claimed in either of the Patents-in-Suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, and unduly burdensome (for example, ViewSonic requests all documents and unspecified "things relating to" the conception date "and/or the date of any actual reduction to practice of any alleged invention(s)"). LPL further objects to this Request as calling for legal conclusions. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

### REQUEST FOR PRODUCTION NO. 16:

All documents and things relating to or corroborating each act of diligence and the date of each such act of diligence leading to any reduction to practice of the alleged invention(s) claimed in either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents and things "relating to or corroborating" unspecified "acts of diligence" regarding "the alleged invention(s)"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL further objects to this Request as calling for legal conclusions. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things relating to the best mode of practicing any alleged invention(s) claimed in either of the Patents-in-Suit contemplated by any of the named inventors at the time of filing any patent application that led to or resulted in either of the Patents-in-Suit or any patent application from or through which either of the Patents-in-Suit claims priority.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents and unspecified "things relating to the best mode" as "contemplated by any of the named inventors" that "led to or resulted in either of the Patents-in-Suit" or other patent applications). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and

621193v1

- 14 -

without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and things relating to each mode of carrying out the alleged inventions claimed in either of the Patents-in-Suit including, without limitation, the best mode contemplated by any of the inventors of either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents and things "relating to" all unspecified modes "of carrying out the alleged inventions claimed"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things relating to any investigation, opinion, report, or observation, as to the patentability, validity, enforceability, inventorship, scope, and/or infringement of any claim of (i) either of the Patents-in-Suit, (ii) any U.S. or foreign patent or pending or abandoned patent application that claims or sought to claim any invention disclosed in any of the Patents-in-Suit, (iii) any U.S. or foreign patent or pending or abandoned patent application that claims priority from any of the foregoing, or (iv) any U.S. or foreign patent or pending or abandoned

patent application which claims priority from or through any patent or patent application through which either of the Patents-in-Suit also claims priority.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is compound, overly broad, vague, ambiguous, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "relating to" a laundry list of activities and issues concerning the Patents-in-Suit, and other unspecified patents and applications, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL further objects to this Request as calling for legal conclusions. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 20:**

All non-identical copies of the prosecution histories of:

(a)    either of the Patents-in-Suit;

(b)    any patent or patent application (including any pending or abandoned applications) from or through which either of the Patents-in-Suit claims priority;

(c)    any patent or patent application (including any pending or abandoned applications) that claims priority from or through either of the Patents-in-Suit;

(d)    any U.S. or foreign patent or pending or abandoned patent application which claims priority from or through any patent or patent application through which either of the Patents-in-suit also claims priority; and

(e)    any foreign counterpart patents or patent applications (including any unpublished applications) to any of (a), (b), (c) or (d).

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is compound, overly broad, vague, ambiguous, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests prosecution histories for the Patents-in-Suit and other unspecified patents and applications, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things relating to the decision to file for a patent, the preparation, filing, and/or prosecution of:

(a)    either of the Patents-in-Suit;

(b)    any patent or patent application (including any pending or abandoned applications) from or through which either of the Patents-in-Suit claims priority;

(c)    any patent or patent application (including any pending or abandoned applications) that claims priority from or through either of the Patents-in-Suit;

(d)    any U.S. or foreign patent or pending or abandoned patent application which claims priority from or through any patent or patent application through which either of the Patents-in-suit also claims priority; and

(e)     any foreign counterpart patents or patent applications (including any unpublished applications) to any of (a), (b), (c) or (d).

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is compound, overly broad, vague, ambiguous, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents and unspecified "things relating to" the "preparation, filing, and/or prosecution of" the Patents-in-Suit, and other unspecified patents and applications, and without any limit as to country or time period). LPL also objects because the decision to file for a patent is not a proper subject of discovery as it lacks relevance and is not reasonably calculated to lead to the discovery of admissible evidence. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things relating to any decision as to what potential prior art references to cite, or not to cite, during prosecution of:

(a)     either of the Patents-in-Suit;

(b)     any patent or patent application (including any pending or abandoned applications) from or through which either of the Patents-in-Suit claims priority;

(c)     any patent or patent application (including any pending or abandoned applications) that claims priority from or through either of the Patents-in-Suit;

(d)    any U.S. or foreign patent or pending or abandoned patent application which claims priority from or through any patent or patent application through which either of the Patents-in-suit also claims priority; and

(e)    any foreign counterpart patents or patent applications (including any unpublished applications) to any of (a), (b), (c) or (d).

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. For example, attorney opinions and communications with LPL concerning patent prosecution are protected and not discoverable. LPL further objects to this Request because it is compound, overly broad, vague, ambiguous, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents and things "relating to any decision" concerning citing prior art during the prosecution of the Patents-in-Suit, and other unspecified patents and applications, and without any limit as to country or time period). LPL also objects because the decision whether to cite potential prior art is not a proper subject of discovery as it lacks relevance and is not reasonably calculated to lead to the discovery of admissible evidence. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL further objects to this Request as calling for legal conclusions.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to any communication, meeting, or contact with any foreign patent office concerning any foreign patents or patent applications relating to any invention of either of the Patents-in-suit, or that claim priority from any patent application from or through which either of the Patents-in-Suit claims priority.

621193v1

- 19 -

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, and unduly burdensome (for example, ViewSonic requests all documents "relating to" unspecified communications, meetings, or contacts regarding unspecified "foreign patents or patent applications", and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to any communication, meeting, or contact with anyone, including, but not limited, to foreign patent agents or attorneys, concerning any foreign or U.S. patents or patent applications relating to any invention of either of the Patents-in-Suit, or that claim priority from any patent application from or through which either of the Patents-in-Suit claims priority.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine; this Request appears improperly calculated to seek protected and confidential attorney opinions and/or communications with LPL. LPL further objects to this Request because it is overly broad, vague, ambiguous, and unduly burdensome (for example, ViewSonic requests all documents "relating to" unspecified communications, meetings, or contacts regarding unspecified "foreign or U.S. patents or patent applications", and

without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

## REQUEST FOR PRODUCTION NO. 25:

All documents and things relating to any information, including patents, publications, prior knowledge, public uses and sales, or offers for sale, known to, considered by, or identified to LPL as prior art or as potential prior art with regard to any claim of either of the Patents-in-Suit, any patent or patent application related to either of the Patents-in-Suit, any patent or patent application that claims priority from any patent application from or through which either of the Patents-in-Suit claims priority, or any foreign counterpart of the foregoing.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, unduly burdensome, and duplicative of prior requests. Also, LPL objects to this Request as vague and ambiguous in failing to identify the purported "prior art" and otherwise lacks sufficient specificity to permit a reasonable response (for example, ViewSonic seeks "any information" regarding multiple, unspecified patents and patent applications for an unlimited time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in ViewSonic's possession, or to which ViewSonic has access, for example, documents in the public domain. LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL will produce

621193v1

- 21 -

non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

## REQUEST FOR PRODUCTION NO. 26:

All documents and things relating to any search or investigation for prior art or other information regarding the patentability of the subject matter of any claim of:

(a)　　either of the Patents-in-Suit;

(b)　　any patent or patent application (including any pending or abandoned applications) from or through which either of the Patents-in-Suit claims priority;

(c)　　any patent or patent application (including any pending or abandoned applications) that claims priority from or through either of the Patents-in-Suit;

(d)　　any U.S. or foreign patent or pending or abandoned patent application which claims priority from or through any patent or patent application through which either of the Patents-in-suit also claims priority; and

(e)　　any foreign counterpart patents or patent applications (including any unpublished applications) to any of (a), (b), (c) or (d).

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is compound, overly broad, vague, ambiguous, and unduly burdensome (for example, ViewSonic requests all documents "relating to" unspecified "search[es]" or "investigation[s]" regarding unidentified prior art and/or "patentability of the subject matter of any claim" concerning the Patents-in-Suit, and other unspecified patents and applications, and without any limit as to country or time period). LPL also objects to this Request as calling for legal conclusions. LPL

621193v1

further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and things relating to any evaluations, reviews, studies, or analyses of the prior art or potential prior art relating to the subject matter of either of the Patents-in-Suit, any patent or patent application related to either of the Patents-in-Suit, any patent or patent application that claims priority from any patent application from or through which either of the Patents-in-Suit claims priority, or any foreign counterparts of the foregoing.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "relating to" unspecified "evaluations, reviews, studies, or analyses" of unidentified "prior art or potential prior art" concerning "the subject matter of" the Patents-in-Suit, and other unspecified patents and applications, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request and related to the Patents-in-Suit, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to the conception, research, testing, design, development and reduction to practice of any alleged invention(s) claimed in either of the Patents-in-Suit, including without limitation all drawings, sketches, photographs, notes, figures, computation, laboratory notebooks, and disclosure documents.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "relating to" the "conception, research, testing, design, development, and reduction to practice" of such invention(s), including unspecified "drawings, sketches, photographs, notes, figures, computation, laboratory notebooks, and disclosure documents," and without any limit as to context or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 29:**

All documents concerning the design, development, or commercialization of any products that embody the subject matter claimed in either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example,

ViewSonic requests all documents "concerning" the "design, development, or

commercialization" of any products, without specifying whose products and without any limit as

to country or time period). LPL further objects to the term "embody" to the extent it is intended

to mean anything other than an alternative approach to the methods, apparatus, and/or structure

that are within the scope of an invention described in the Patents-in-Suit. LPL further objects to

this Request as unduly burdensome to the extent it seeks the production of documents already in

the public domain. Subject to and without waiving these objections, LPL will produce non-

privileged, relevant documents that are responsive to the Request, to the extent such documents

exist.

**REQUEST FOR PRODUCTION NO. 30:**

All engineering notebooks, records, logs, and files maintained by or at the direction of

any of the named inventors of either of the Patents-in-Suit that relate to the subject matter

claimed or disclosed in either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example,

ViewSonic requests all documents "maintained" by "or at the direction of" the inventors that

"relate to" the "subject matter claimed or disclosed"). Subject to and without waiving these

objections, LPL will produce non-privileged, relevant documents that are responsive to the

Request, to the extent such documents exist.

621193v1

- 25 -