**REQUEST FOR PRODUCTION NO. 31:**

All engineering and laboratory notebooks, records, logs, and files in which any of the named inventors of either of the Patents-in-Suit made any entries related to the subject matter of either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request as vague, ambiguous, and duplicative of prior requests. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 32:**

All documents comprising or relating to any technical writings, including publications, papers, presentation, or speeches, whether published or not, authored or given, in whole or in part, by any of the named inventors of either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "comprising or relating to any technical writings" that any such inventor has "authored or given", without regard to subject matter, and for an unlimited time period, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the

Patents-in-Suit. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning efforts by any Patent Holder of either of the Patents-in-Suit to commercialize, manufacture, or promote the subject matter claimed in either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome (for example, ViewSonic requests all documents "concerning" unidentified persons regarding unspecified "efforts" to "communicate, manufacture, or promote the subject matter claimed", and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 34:**

All engineering and laboratory notebooks, records, logs, and files maintained by any person working with any of the named inventors of either of the Patents-in-Suit relating to the subject matter of either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, ViewSonic requests all documents "maintained" by unidentified persons "working with" inventors, and without any limit as to country or time period). Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 35:**

Copies of all patents for which any of the named inventors of either of the Patents-in-Suit is named as an inventor and printed publications of which any of the inventors are named as an author.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests copies of unspecified patents, without regard to subject matter, which are unrelated to the Patents-in-Suit, calling for documents not relevant to any claim or defense in this case). LPL also objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence and seeking documents in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 36:**

 All documents relating to any evidence of nonobviousness that LPL contends supports or otherwise relates to the validity of either of the Patents-in-Suit.

**RESPONSE:**

 LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, ViewSonic requests all documents "relating to any evidence of nonobviousness"). LPL also objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or in possession of ViewSonic. LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 37:**

 All documents relating to any evidence of commercial success that LPL contends supports or otherwise relates to the validity of either of the Patents-in-Suit.

**RESPONSE:**

 LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "relating to any evidence of commercial success," without any limit as to country or time period). LPL objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or in the possession of

ViewSonic. LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

## REQUEST FOR PRODUCTION NO. 38:

All documents concerning whether (a) the subject matter claimed in either of the Patents-in-Suit allegedly satisfied a long felt need in the art to which it pertains, (b) the industry failed to solve problems that allegedly are solved by the subject matter claimed in either of the Patents-in-Suit, (c) experts in the industry expressed skepticism concerning the subject matter claimed in either of the Patents-in-Suit, (d) the subject matter claimed in either of the Patents-in-suit allegedly has been a commercial success, (d) the industry allegedly has recognized the significance of the subject matter claimed in either of the Patents-in-Suit, (f) the subject matter claimed in either of the Patents-in-Suit allegedly has been copied by others in the industry, and (g) the subject matter claimed in either of the Patents-in-Suit has allegedly achieved unexpected results.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is compound, vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "concerning" multiple, broad issues without any limit as to country or time period). LPL also objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or in the possession of ViewSonic. LPL further objects to this Request because it calls for a legal conclusion. LPL also objects to the extent that this Request seeks expert discovery, which is

621193v1

premature. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

## REQUEST FOR PRODUCTION NO. 39:

All documents concerning any nexus or lack thereof between any commercial success of the subject matter claimed in either of the Patents-in-Suit and the alleged advantages of the subject matter claimed in either of the Patents-in-Suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "concerning any nexus," regarding unspecified "commercial success" and "alleged advantages," and without any limit as to country or time period). LPL also objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or in the possession of ViewSonic. LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

## REQUEST FOR PRODUCTION NO. 40:

All documents relating to any marking of or decision not to mark any product or related materials with the patent number of either of the Patents-in-Suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, and unduly burdensome (for example, ViewSonic requests all documents "relating" to unspecified products or "related materials," without any limit as to country or time period). LPL objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or in possession of ViewSonic. LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 41:**

All documents related to LPL's decision to assert either of the Patents-in-Suit in this or any other action.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. For example, the decision whether to litigate, and any related attorney opinions or communications, are protected and not a proper subject of discovery. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, ViewSonic requests all documents "related to LPL's decision," not seeking any relevant factual information or discovery, and without any limit as to time period).

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to any contention, suggestion, statement, communication, or other indication by any person that a product does or does not infringe any claim of either of the Patents-in-Suit or that any claim of either of the Patents-in-Suit is valid or invalid or is enforceable or unenforceable, including without limitation any and all opinions of counsel.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine; this Request appears improperly calculated to seek protected and confidential attorney opinions and/or communications with LPL. LPL further objects to this Request because it is compound, vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "relating to any contention, suggestion, statement, communication, or other indication," by "any person," regarding infringement, validity, and/or enforceability, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or in the possession of ViewSonic. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 43:**

All documents referring or relating to any charge or claim by LPL against a third party, charging or claiming infringement of either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, ViewSonic requests documents concerning unspecified third parties and without any limit as to context, country, or time period). Also, LPL objects because confidential pre-suit communications or settlement negotiations between LPL and third parties are not reasonably calculated to lead to discovery of admissible evidence and are not discoverable. Subject to and without waiving these objections, LPL will

621193v1

- 33 -

produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 44:**

All documents relating to any offered or consummated assignments, licenses, covenants not to sue, or other grant of rights relating to either of the Patents-in-Suit, the patent applications from which said patent issues, any related patents or patent applications, or any foreign counterpart of the foregoing, including any communications with the parties in which such assignments, licenses, covenants not to sue or other grant of right were offered.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, ViewSonic requests documents "relating to" any unspecified "offered or consummated assignments, licenses, covenants not to sue, or other grant of rights" and concerning unspecified patents and applications, and without any limit as to country or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 45:**

All documents referring or relating to the ownership, title, transfer, or assignment of the Patents-in-Suit, or any portion thereof, at any time.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome (for example, ViewSonic requests all documents "relating to" multiple subjects and without any limit as to country or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 46:**

All minutes of the board of directors of LPL which refer or relate in any way to: (i) either of the Patents-in-Suit; (ii) any LPL products or licensee of LPL embodying an invention claimed by either of the Patents-in-suit; (iii) ViewSonic; (iv) any of the other defendants in any other actions involving either of the Patents-in-suit; or (v) the commencement of this action.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is compound, vague, ambiguous, overly broad, and unduly burdensome (for example, ViewSonic

requests all such minutes that "refer or relate to" multiple subjects, without any context, and for an unlimited time period). Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 47:**

All documents which refer or relate to any study, analysis, or opinion concerning the novelty, non-obviousness, validity or enforceability of either of the Patents-in-Suit, or any foreign or domestic application related thereto.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents that "refer or relate to" multiple legal issues concerning the Patents-in-Suit, and other unspecified applications, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or in the possession of ViewSonic. LPL further objects to this Request as calling for legal conclusions. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 48:**

All documents which refer or relate in any way to any analysis or opinion concerning ViewSonic's alleged infringement of any claim of either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents that "refer or relate in any way to" any "analysis or opinion," and without any limit as to context or time period). Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 49:**

All documents that record, discuss, make reference to, or identify how and when LPL first became aware that either of the Patents-in-suit was allegedly infringed by ViewSonic.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents that "record, discuss, make reference to, or identify how and when LPL first became aware" of ViewSonic's infringing conduct). Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning each notice given by any person regarding alleged infringement of, or intent to enforce either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "concerning" unspecified notices given by "any person" concerning infringement by "or intent to enforce" against unidentified persons or parties). Also, LPL objects because confidential pre-suit communications or settlement negotiations between LPL and third parties are not reasonably calculated to lead to discovery of admissible evidence and are not discoverable. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 51:**

All documents that relate to, support or contradict LPL's claims of alleged infringement, alleged inducement or [sic] infringement or alleged contributory infringement by ViewSonic.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic has propounded numerous other more specific requests to which LPL is responding). LPL further objects to this Request as premature in that LPL has not yet determined which documents it intends to rely upon at trial, discovery remains open, and pretrial disclosures are not yet due. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

621193v1

**REQUEST FOR PRODUCTION NO. 52:**

All documents evidencing the date on which LPL first marked any product under either of the Patents-in-Suit pursuant to 35 U.S.C. § 287.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 53:**

Documents that refer or relate to the frequency with which LPL has marked products (if at all) under either of the Patents-in-Suit pursuant to 35 U.S.C. § 287.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 54:**

Documents which reflect LPL's organizational structure, including the identity of its officers and department heads responsible fore [sic] research, development, manufacture, marketing, licensing, and sales.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, it is unclear what ViewSonic means by "organizational structure" and the Request is for an unlimited time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or in possession of ViewSonic. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 55:**

All documents which refer or relate in any way to LPL's policies or practices, whether formal or informal, regarding:

    (a)     document retention/destruction,

    (b)     disclosure of inventions to patent counsel or patent staff, and

    (c)     patent licensing and enforcement.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is compound, vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, it is unclear what ViewSonic means by "refer or relate in any way" to "policies or practices, whether formal or informal," and the Request is for an unlimited time period). LPL further objects to this

Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or in the possession of ViewSonic. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

## REQUEST FOR PRODUCTION NO. 56:

All documents concerning any attempt to license, assign or otherwise transfer any rights relating to either of the Patents-in-Suit, or any domestic or foreign patent or application related thereto, including, by way of example but not limitation: proposals; correspondence; notes or memoranda of meetings, conversations, or negotiations; draft and final agreements and amendments.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "concerning" unspecified "attempt[s] to license, assign, or otherwise transfer any rights" regarding unspecified patents and applications, and without any limit as to country or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

621193v1

**REQUEST FOR PRODUCTION NO. 57:**

All documents describing, referring or relating to the utility and advantages that the alleged invention of either of the Patents-in-Suit has over the prior art.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "describing, referring or relating to" the "utility and advantages" of inventions "over" unspecified prior art). Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 58:**

All documents concerning or relating to any acceptable non-infringing substitutes for ViewSonic's allegedly infringing products.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, ViewSonic requests all documents "concerning or relating to" non-infringing substitutes for unspecified products). LPL further objects to the term "acceptable" as vague and ambiguous. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents not related to the Patents-in-Suit.

Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 59:**

All documents which reflect or refer or relate to the bases for, or the calculation of, LPL's claims for damages, including without limitation any documents reflecting LPL's assessment as to what would constitute a reasonable royalty.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents that "reflect or refer or relate to" the "bases for" or "calculation of" damages). LPL also objects because ViewSonic has failed to produce relevant discovery on this issue. Further, LPL objects to the extent that this Request seeks expert discovery, which is premature. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 60:**

All documents which support, contradict, or otherwise refer or relate to the allegation that ViewSonic willfully, intentionally and deliberately infringed either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome. LPL also objects to the extent the Request is

duplicative of prior requests and seeks documents in ViewSonic's possession, custody, or control. Further, LPL objects because ViewSonic has failed to produce discovery relevant to this issue. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 61:**

All documents showing assignment of either of the Patents-in-Suit (and/or the application from which it issued) to LPL including but not limited to, documents showing terms of the assignment.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, ViewSonic's request for documents "relating to" any assignment is not relevant to any claim or defense in this case). Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 62:**

All documents showing assignment of either of the Patents-in-Suit (and/or the application from which it issued) from any Patent Holder to any other person or entity including but not limited to, documents showing terms of each such assignment.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably

calculated to lead to the discovery of admissible evidence (for example, ViewSonic's request for

documents "showing" any assignment regarding unspecified persons is not relevant to any claim

or defense in this case). Subject to and without waiving these objections, LPL will produce non-

privileged, relevant documents that are responsive to the Request, to the extent such documents

exist.

March 24, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-2306
(302) 655-5000
rkirk@bayardfirm.com
Attorneys For Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Lora Brzezynski
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

621193v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

    Plaintiff,

        v.

                                  Civil Action No. 05-292 (JJF)

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
AND VIEWSONIC CORPORATION,

    Defendants.

## NOTICE OF SERVICE

    PLEASE TAKE NOTICE that, on March 24, 2006, copies of 1) PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION; 2) PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF INTERROGATORIES; and 3) PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF DOCUMENT REQUESTS were served as shown:

**BY EMAIL AND BY HAND**

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger
One Rodney Sqare
P.O. Box 551
Wilmington, DE 19899

**BY EMAIL AND BY U.S. MAIL**

Christine A. Dudzik, Esq.
Thomas W. Jenkins, Esq.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL  60610

Teresa M. Corbin, Esq.
Glenn W. Rhodes, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105

March 24, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare Bono
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

**RECEIVED-LA CALENDAR**
March 24, 2006 27
c/m# 2227 329,53
**Dates to be Entered**

The attorney, whose initials appear below, has
reviewed the applicable court rules, and has
verified that the above dates are correct.

Atty:
Date Processed: 5 27
Rec'd: Martin Box/Fax/Record/Crtrun
or Other:
Routed to: miller
Processed by: Arrois