# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF DOCUMENT REQUESTS**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P. 34, objects and responds as follows to Defendant ViewSonic Corporation's ("ViewSonic") First Set of Document Requests.

**GENERAL OBJECTIONS**

LPL hereby incorporates its general objections from Plaintiff's Objections and Responses to Defendant ViewSonic Corporation's First Set of Document Requests. Those general objections apply to each Document Request and thus, for convenience, are not repeated after each Document Request, and are hereby incorporated into each response.

**DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things relating to any decision as to what potential prior art references to cite, or not to cite, during prosecution of:

      (a)    either of the Patents-in-Suit;

      (b)    any patent or patent application (including any pending or abandoned applications) from or through which either of the Patents-in-Suit claims priority;

      (c)    any patent or patent application (including any pending or abandoned applications) that claims priority from or through either of the Patents-in-Suit;

      (d)    any U.S. or foreign patent or pending or abandoned patent application which claims priority from or through any patent or patent application through which either of the Patents-in-suit also claims priority; and

      (e)    any foreign counterpart patents or patent applications (including any unpublished applications) to any of (a), (b), (c) or (d).

**RESPONSE:**

      LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. For example, attorney opinions and communications with LPL concerning substantiative patent prosecution issues are protected and not discoverable. LPL further objects to this Request because it is compound, overly broad, vague, ambiguous, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents and things "relating to any decision" concerning citing prior art during the prosecution of the Patents-in-Suit, and other unspecified patents and applications, and without any limit as to country or time period). LPL also objects because the decision whether to cite potential prior art is not a proper subject of discovery as it lacks relevance and is not reasonably calculated to lead to the discovery of admissible evidence. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL further objects to this Request as calling for legal conclusions.

      LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

2

discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it has produced non-privileged, relevant documents or things responsive to this Request, as well as produced documents in redacted form because of certain privilege claims. LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to the conception, research, testing, design, development and reduction to practice of any alleged invention(s) claimed in either of the Patents-in-Suit, including without limitation all drawings, sketches, photographs, notes, figures, computation, laboratory notebooks, and disclosure documents.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "relating to" the "conception, research, testing, design, development, and reduction to practice" of such invention(s), including unspecified "drawings, sketches, photographs, notes, figures, computation, laboratory notebooks, and disclosure documents," and without any limit as

3

to context or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it has produced non-privileged, relevant documents or things responsive to this request. LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 31:**

All engineering and laboratory notebooks, records, logs, and files in which any of the named inventors of either of the Patents-in-Suit made any entries related to the subject matter of either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request as vague, ambiguous, and duplicative of prior requests. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

4

obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it is not currently withholding any documents or things responsive to this request, and no responsive documents have been discovered. LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 32:**

All documents comprising or relating to any technical writings, including publications, papers, presentation, or speeches, whether published or not, authored or given, in whole or in part, by any of the named inventors of either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests all documents "comprising or relating to any technical writings" that any such inventor has "authored or given", without regard to subject matter, and for an unlimited time period, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it is not currently withholding any documents or things responsive to this request, and no responsive documents have been discovered. LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning efforts by any Patent Holder of either of the Patents-in-Suit to commercialize, manufacture, or promote the subject matter claimed in either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome (for example, ViewSonic requests all documents "concerning" unidentified persons regarding unspecified "efforts" to "communicate, manufacture, or promote the subject matter claimed", and without any limit as to country or time period). LPL further objects to this

Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it is not currently withholding any documents or things responsive to this request, and no responsive documents have been discovered. LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 34:**

All engineering and laboratory notebooks, records, logs, and files maintained by any person working with any of the named inventors of either of the Patents-in-Suit relating to the subject matter of either of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, ViewSonic requests all documents "maintained" by

unidentified persons "working with" inventors, and without any limit as to country or time period).

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it is not currently withholding any documents or things responsive to this request, and no responsive documents have been discovered. LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 41:**

All documents related to LPL's decision to assert either of the Patents-in-Suit in this or any other action.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. For example, the decision whether to litigate, and any related attorney opinions or communications, are protected and not a proper subject of discovery. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to

the discovery of admissible evidence (for example, ViewSonic requests all documents "related to LPL's decision," not seeking any relevant factual information or discovery, and without any limit as to time period). LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it is currently withholding documents or things responsive to this request subject to the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 44:**

All documents relating to any offered or consummated assignments, licenses, covenants not to sue, or other grant of rights relating to either of the Patents-in-Suit, the patent applications from which said patent issues, any related patents or patent applications, or any foreign counterpart of the foregoing, including any communications with the parties in which such assignments, licenses, covenants not to sue or other grant of right were offered.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence

9

(for example, ViewSonic requests documents "relating to" any unspecified "offered or consummated assignments, licenses, covenants not to sue, or other grant of rights" and concerning unspecified patents and applications, and without any limit as to country or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it has produced non-privileged, relevant documents or things responsive to this request. LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 52:**

All documents evidencing the date on which LPL first marked any product under either of the Patents-in-Suit pursuant to 35 U.S.C. § 287.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it is not currently withholding any documents or things responsive to this request, and no responsive documents have been discovered. LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 53:**

Documents that refer or relate to the frequency with which LPL has marked products (if at all) under either of the Patents-in-Suit pursuant to 35 U.S.C. § 287.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it is not currently withholding any documents or things responsive to this request, and no responsive documents have been discovered. LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 58:**

All documents concerning or relating to any acceptable non-infringing substitutes for ViewSonic's allegedly infringing products.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request

because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, ViewSonic requests all documents "concerning or relating to" non-infringing substitutes for unspecified products). LPL further objects to the term "acceptable" as vague and ambiguous. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents not related to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it is not currently withholding any documents or things responsive to this request, and no responsive documents have been discovered. LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

Dated: July 25, 2006

THE BAYARD FIRM

<u>/s/ Richard D. Kirk (rk0922)</u>
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500