Request. Discovery is continuing and LPL reserves the right to supplement this response

as, and when necessary.

## REQUEST FOR PRODUCTION NO. 78:

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing instructions, directions, or information prepared and/or distributed by or on behalf of LPL relating to attaching a flat panel display device on, to, or into an external case of a Flat Panel Display Product, including without limitation manuals, instructions, specifications, drawings, service documents.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the

attorney-client privilege and work product doctrine. LPL further objects to this Request

because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of

prior requests (for example, ViewSonic requests "all" documents "referring to, relating

to, or evidencing" the "instructions, directions, or information" relating to "attaching a

flat panel display device on, to, or into an  external case of a Flat Panel Display

Product"). LPL further objects to this Request as unduly burdensome to the extent it

seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is

neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

discovery of admissible evidence. LPL also objects to this Request to the extent that the

discovery sought is obtainable from some other source that is more convenient, less

burdensome, or less expensive, and because the burden or expense of the proposed

discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the

litigation, and the importance of the proposed discovery in resolving the issues.

636988v1

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 79:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing mounting flat panel display devices other than by the "front mounting method," as that terms is disclosed in the Patents-in-Suit, including without limitation drawings, specifications, tutorials, product descriptions, schematics.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing mounting flay panel display devices" by unspecified methods). LPL also objects to this Request to the extent that it requires the term "front mounting method" to be construed, as being premature. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

636988v1

27

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 80:**

Samples of any and all Flat Panel Display Products from January 1, 1997 to the present wherein the flat panel display device is mounted to an external case using any means other than exclusively the "front mounting method."

**RESPONSE:**

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all Flat Panel Display Products" wherein the "flat panel display device is mounted to an external case" using unspecified "means"). LPL also objects to this Request to the extent that it requires the term "front mounting method" to be construed, as being premature. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of samples already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 81:**

Samples of any and all Flat Panel Display Products from January 1, 1997 to the present wherein the flat panel display device is mounted to an external case using the "front mounting method" in combination with any other mounting method.

**RESPONSE:**

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" Flat Panel Display Products "wherein the flat panel display device is mounted to an external case using" an unspecified "mounting method"). LPL also objects to this Request to the extent that it requires the term "front mounting method" to be construed, as being premature. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of samples already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

636988v1

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 82:**

Any and all bill of materials for each LCD module made by LPL from January 1, 1997 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials", without regard to subject matter, calling for documents not relevant to any claim or defense in this case, and without defining "bill of materials"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 83:

Any and all bill of materials for each LCD module made by LPL by anyone other than LPL from January 1, 1997 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials", without regard to subject matter, calling for documents not relevant to any claim or defense in this case , and without defining "bill of materials"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

636988v1

31

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

### REQUEST FOR PRODUCTION NO. 84:

Documents sufficient to identify the parts of an LCD module, and the structure, function, source, and/or assemblage of those parts from January 1, 1997 to the present. (This Request does not seek every document referencing an LCD module; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of an LCD module and their assemblage).

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to identify the parts of an LCD module", without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the

636988v1

public domain.    LPL also objects to this Request as unduly burdensome and not

reasonably calculated to lead to discovery of admissible evidence to the extent it seeks

the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is

neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

discovery of admissible evidence.    LPL also objects to this Request to the extent that the

discovery sought is obtainable from some other source that is more convenient, less

burdensome, or less expensive, and because the burden or expense of the proposed

discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the

litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific

objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged

documents that are responsive to this Request, but is unable to do so until the Request is

narrowed.

**REQUEST FOR PRODUCTION NO. 85:**

Documents from January 1, 1997 to the present sufficient to identify each part of
an LCD module that is or can be used for mounting an LCD module to the external case
of a Flat Panel Display Product.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the

attorney-client privilege and work product doctrine.    LPL further objects to this Request

because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of

prior requests (for example, ViewSonic requests documents "sufficient to identify each

part of an LCD module" used for "mounting an LCD module to the external case of a

636988v1

33

Flat Panel Display Product" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST FOR PRODUCTION NO. 86:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the parts of an LCD module that are or can be used for mounting an LCD module to the external case of a Flat Panel Display Product.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request

636988v1

34

because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" the parts of an LCD module used for "mounting an LCD module to the external case of a Flat Panel Display Product" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 87:

Any and all bill of materials for the backlight unit for use in a flat panel display device from January 1, 1997 to the present.

636988v1

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials" for any "backlight unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case , and without defining "bill of materials"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged

documents that are responsive to this Request, but is unable to do so until the Request is

narrowed.

## REQUEST FOR PRODUCTION NO. 88:

Documents from January 1, 1997 to the present sufficient to identify the parts of a backlight unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a backlight unit; rather, it simply seeks documents that will show the name, shape, structure, function, and source of the various parts of a backlight unit and their assemblage).

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the

attorney-client privilege and work product doctrine. LPL further objects to this Request

because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of

prior requests (for example, ViewSonic requests documents "sufficient to identify" the

"parts of a backlight unit", calling for documents not relevant to any claim or defense in

this case). LPL further objects to this Request as unduly burdensome to the extent it

seeks the production of documents already in the public domain. LPL also objects to this

Request as unduly burdensome and not reasonably calculated to lead to discovery of

admissible evidence to the extent it seeks the production of documents unrelated to the

Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is

neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

discovery of admissible evidence. LPL also objects to this Request to the extent that the

discovery sought is obtainable from some other source that is more convenient, less

burdensome, or less expensive, and because the burden or expense of the proposed

discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 89:

Any and all bill of materials for any light guide unit for use in a flat panel display device from January 1, 1997 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials" for any "light guide unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

discovery of admissible evidence. LPL also objects to this Request to the extent that the

discovery sought is obtainable from some other source that is more convenient, less

burdensome, or less expensive, and because the burden or expense of the proposed

discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the

litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific

objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged

documents that are responsive to this Request, but is unable to do so until the Request is

narrowed.

### REQUEST FOR PRODUCTION NO. 90:

Documents from January 1, 1997 to the present sufficient to identify the parts of a
light guide unit, and the structure, function, source, and/or assemblage of those parts.
(This Request does not seek every document referencing a light guide unit; rather, it
simply seeks documents that will show the name, shape, structure, function and source of
the various parts of a light guide unit and their assemblage).

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the

attorney-client privilege and work product doctrine. LPL further objects to this Request

because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of

prior requests (for example, ViewSonic requests documents "sufficient to identify" the

"parts of a light guide unit", calling for documents not relevant to any claim or defense in

this case). LPL further objects to this Request as unduly burdensome to the extent it

seeks the production of documents already in the public domain. LPL also objects to this

Request as unduly burdensome and not reasonably calculated to lead to discovery of

admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

### REQUEST FOR PRODUCTION NO. 91:

Any and all bill of materials for any light source unit for use in a flat panel display device from January 1, 1997 to the present.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials" for any "light source unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as

unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST FOR PRODUCTION NO. 92:**

Documents from January 1, 1997 to the present sufficient to identify the parts of a light source unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a light source unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a light source unit and their assemblage).

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of

prior requests (for example, ViewSonic requests documents "sufficient to identify" the "parts of a light source unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 93:

Any and all bill of materials for any prism unit for use in a flat panel display device from January 1, 1997 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials" for any "prism unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

636988v1

43

**REQUEST FOR PRODUCTION NO. 94:**

Documents from January 1, 1997 to the present sufficient to identify the parts of a prism unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a prism unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a prism unit and their assemblage).

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to identify" the "parts of a prism unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 95:

Any and all bill of materials for any diffuser unit for use in a flat panel display device from January 1, 1997 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials" for any "diffuser unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

636988v1

45

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 96:

Documents from January 1, 1997 to the present sufficient to identify the parts of a diffuser unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a diffuser unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a diffuser unit and their assemblage).

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to identify" the "parts of a diffuser unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the

discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST FOR PRODUCTION NO. 97:**

Any and all bill of materials for any reflector unit for use in a flat panel display device from January 1, 1997 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials" for any "reflector unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case , and without defining "bill of materials"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

### REQUEST FOR PRODUCTION NO. 98:

Documents from January 1, 1997 to the present sufficient to identify the parts of a reflector unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a reflector unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a reflector unit and their assemblage).

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to identify" the "parts of a reflector unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this

Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST FOR PRODUCTION NO. 99:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the attachment of a stand or base to a Flat Panel Display Product, excluding documents relating to the ViewSonic VX900 or the Tatung L17AMTN.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" the "attachment of a stand or base to a Flat Panel Display Product"

636988v1

49

without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 100:

Any and all documents referring to, relating to, or evidencing communications to or from LPL that mention the advantages or features of the inventions disclosed in the Patents-in-Suit, regardless of whether the communications occurred before or after the application for filing dates for the Patents-in-Suit.