**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, and unduly burdensome (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" unspecified "communications", and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

636988v1

## REQUEST FOR PRODUCTION NO. 101:

Any and all documents referring to, relating to, or evidencing communications to or from LPL that mention the reduction of side space as expressed at Column 2, lines 29-36 in the '641 Patent, regardless of whether the communications occurred before or after the application filing dates for the Patents-in-Suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, and unduly burdensome (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" unspecified "communications", and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain

to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST FOR PRODUCTION NO. 102:

Any and all agreements from January 1, 1997 to the present with any third parties pursuant to which any method of mounting flat panel display devices, other than "front mounting," was considered, discussed, mentioned, evaluated, analyzed, conceived, invented, developed, and/or used.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, ViewSonic requests "all agreements" pursuant to which any unspecified "method of mounting flat panel display devices" was "considered, discussed, mentioned, evaluated, analyzed, conceived, invented, developed, and/or used" and without any limit as to country or time period). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 103:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing any method of mounting flat panel display devices, other than "front mounting," that LPL has considered, discussed, mentioned, evaluated, analyzed, conceived, invented, developed, and/or used.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" an unspecified "method of mounting flat panel display devices" that LPL has "considered, discussed, mentioned, evaluated, analyzed, conceived, invented,

developed, and/or used" and without any limit as to country or time period). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST FOR PRODUCTION NO. 104:

Any and all documents that reflect or relate to LPL's costs, from January 1, 2000 to the present, of each flat panel display device that uses, or is made to be mounted using,

the "front mounting method," including without limitation, fixed costs, variable costs; direct costs, indirect costs, costs of components purchased from third parties, manufacturing costs, depreciation, allocation of overhead, or other general expenses and the basis for determining each of the foregoing.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents that "reflect or relate to" LPL's costs from unspecified "flat panel display device[s]" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL also objects to this Request to the extent that it requires the term "front mounting method" to be construed, as being premature. LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 105:**

Any and all documents that reflect to relate to LPL's costs, from January 1, 2000 to the present, of each flat panel display device that uses, or is made to be mounted using, any method of mounting other than the "front mounting method," including without limitation, fixed costs, variable costs; direct costs, indirect costs, cost of components purchased from third parties, manufacturing costs, depreciation, allocation of overhead, or other general expenses and the basis for determining each of the foregoing.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents that "reflect or relate to" LPL's costs from unspecified "flat panel display device[s]" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL also objects to this Request to the extent that it requires the term "front mounting method" to be construed, as being premature. LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 106:**

Documents or summaries sufficient to show the monthly, quarterly and/or annual sales (in dollars and units) and/or profits, from January 1, 2000 to the present, of each LPL flat panel display device that uses, or is made to be mounted using, the "front mounting method," including without limitation:

    (1)     gross revenues;

    (2)     costs of goods sold;

    (3)     royalties;

    (4)     operating and administrative expenses;

    (5)     gross profits;

    (6)     net profits; and

    (7)     profit margins.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to show" sales and/or profits of unspecified "flat panel display device[s]" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL also objects to this Request to the extent that it requires the term "front mounting method" to be construed, as being premature. LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

636988v1

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 107:**

Documents or summaries sufficient to show the monthly, quarterly and/or annual sales (in dollars and units) and/or profits, from January 1, 2000 to the present, of each LPL flat panel display device that uses, or is made to be mounted using, any method of mounting other than the "front mounting method," including without limitation:

    (1)    gross revenues;

    (2)    costs of goods sold;

    (3)    royalties;

    (4)    operating and administrative expenses;

    (5)    gross profits;

    (6)    net profits; and

    (7)    profit margins.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine.  LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to show" sales and/or profits of unspecified "flat panel display device[s]" without regard to subject matter, calling for documents not relevant to any claim or defense in this case).  LPL also

objects to this Request to the extent that it requires the term "front mounting method" to be construed, as being premature. LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 108:**

Any and all documents that reflect, evidence, or show the total sales of each LGP flat panel display device, including without limitation, all sales summary reports and computer generated sales reports from January 1, 2000 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents that "reflect, evidence, or show" the "total sales" of unspecified "flat panel display device[s]" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of

636988v1

admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 109:

Any and all documents that reflect, evidence, or show the total profits of each LGP flat panel display device, including without limitation, all profit and loss statements, profit summary reports, and computer generated profit reports or summaries from January 1, 2000 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents that "reflect, evidence, or show" the "total profits" of unspecified "flat panel display device[s]" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 110:

Any and all documents that reflect, refer to, or evidence the identity of the distributors who sell or distribute each LPL flat panel display device, including without limitation, distributor agreements, and all documents relating thereto from January 1, 2000 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, ViewSonic requests "all" documents that "reflect, refer to, or evidence" unspecified "distributors" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are

proprietary or confidential information of a third party that is in the possession, custody, or control of LPL. LPL also objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of this lawsuit, and which is not reasonably calculated to lead to the discovery of admissible evidence including that it is not limited to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 111:

Any and all documents that reflect, refer to, or relate to the profits (or from which profits can be ascertained) LPL has realized from the sale of each LPL flat panel display device from January 1, 2000 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents that "reflect, refer to, or relate to" the "profits" of unspecified "flat panel display device[s]" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of

admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

### REQUEST FOR PRODUCTION NO. 112:

Any and all documents that reflect, refer to, or relate to the costs LPL claims or intents to claim as deductions from the gross sale of each LPL flat panel display device from January 1, 2000 to the present.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents that "reflect, refer to, or relate to" LPL's "costs" claimed as undefined "deductions" from the "gross sale[s]" of unspecified "flat panel display device[s]" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 113:

Any and all documents referring to, relating to, or evidencing any lost sales, from January 1, 2000 to the present, that LPL believes were lost as a result of any conduct by ViewSonic alleged to infringe (whether directly, indirectly, or contribution) any of the Patents-in-Suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" any "lost sales"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome to the extent it seeks the production of documents in the possession of Tatung that have not yet been produced to LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

636988v1

discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 114:

Any and all documents referring to, relating to, or evidencing licenses, royalty arrangements, purchases and/or assignments relating to methods for mounting flat panel display devices or related technology, including without limitation, all documents relating to offers, counteroffers and any negotiations or discussions regarding the preparation, execution or performance of any such licenses from January 1, 1997 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing licenses, royalty arrangements, purchases and/or assignments relating to methods for mounting" unspecified "flat panel display devices", without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality

agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST FOR PRODUCTION NO. 115:

Any and all documents referring to, relating to, or evidencing any request for, grant refusal or denial of, any right (including any forbearance to assert a right), license, title or interest in, to, or under any of the Patents-in-Suit, the applications of any of the Patents-in-Suit, or any continuations, continuations-in-part, divisionals, reissues, or Foreign Counterparts to any of the Patents-in-Suit from January 1, 1997 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request

636988v1

67

because it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" any unspecified "right (including any forbearance to assert a right), license, title or interest in, to, or under any of the Patents-in-Suit"). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST FOR PRODUCTION NO. 116:

Any and all documents referring to, relating to, or evidencing license agreements, settlement agreements or an established royalty or reasonably royalty for patents that cover methods for mounting flat panel display devices or related technology from January 1, 1997 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" "agreements" or "royalty" relating to unspecified "flat panel display devices", without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

636988v1

69

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 117:**

Any and all documents referring to, relating to, or evidencing any facts that tend to support, or mitigate against, LPL's contention that it is entitled to reasonable attorney's fees, costs and interest.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic has propounded numerous other more specific requests to which LPL is responding). LPL further objects to this Request as premature in that LPL has not yet determined which documents it intends to rely upon at trial, discovery remains open, and pretrial disclosures are not yet due.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less

burdensome, or less expensive, and because the burden or expense of the proposed

discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the

litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific

objections, LPL responds as follows: To the extent that LPL understands this Request,

and to the extent documents exist and can be located by a reasonable investigation, LPL

will produce non-privileged, relevant documents not previously produced, as they pertain

to the Patents-in-Suit, in its possession, custody, or control that are responsive to the

Request. Discovery is continuing and LPL reserves the right to supplement this response

as, and when necessary.

### REQUEST FOR PRODUCTION NO. 118:

Documents from January 1, 1997 to the present sufficient to identify each and every product by model number and/or other designation made, sold, or offered for sale by or on behalf of LPL that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit, the time period during which such product was manufactured, sold or offered for sale, and all documents relating or referring to how each such product is or can be mounted to an external case of a Flat Panel Display Product.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the

attorney-client privilege and work product doctrine. LPL further objects to this Request

because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of

prior requests (for example, ViewSonic requests "all" documents "sufficient to identify"

unspecified products, calling for documents not relevant to any claim or defense in this

case). LPL further objects to this Request as not reasonably calculated to lead to

discovery of admissible evidence because it is not limited to the production of documents

related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 119:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the use in Flat Panel Display Products of that element in the ViewSonic VX900 identified as frame "C" in the Declaration of William K. Bohannon.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of

636988v1

72

prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" the use in unspecified "Flat Panel Display Products" of an element in a product sold by ViewSonic). LPL further objects to this Request as unduly burdensome because it seeks documents in ViewSonic's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST FOR PRODUCTION NO. 120:

All documents requested in this litigation by Tatung Company and/or Tatung Company of America that have not otherwise been produced in response to any request from ViewSonic.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

636988v1

74

September 25, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-2306
(302) 655-5000
Attorneys For Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Lora Brzezynski
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

636988v1