IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG Philips LCD Co., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 04-343-JJF |
| Tatung Co., Tatung Company of America Inc., | ) |
| and Viewsonic Corp., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF SERVICE OF SUBPOENA

To:  Richard D. Kirk, Esquire          Jeffrey B. Bove, Esquire
     The Bayard Firm                    James Heisman, Esquire
     222 Delaware Avenue #900           Jaclyn M. Mason, Esquire
     Wilmington, DE 19899               Connolly Bove Lodge & Hutz LLP
                                        1007 North Orange Street
     Tracy R. Roman, Esquire            P.O. Box 2207
     Raskin Peter Rubin & Simon LLP     Wilmington, De 19899
     1801 Century Park East, Suite 2300
     Los Angeles, CA 90067              Gaspare J. Bono, Esquire
                                        Rel S. Ambrozy, Esquire
     Scott R. Miller, Esquire           Lora A. Brzezynski, Esquire
     Connolly Bove Lodge & Hutz LLP     Cass W. Christenson, Esquire
     355 South Grand Avenue             McKenna Long & Aldridge LLP
     Suite 3150                         1900 K Street, N.W.
     Los Angeles, CA 90071              Washington D.C. 20006

PLEASE TAKE NOTICE that on February 16, 2007, Defendants Tatung Company and Tatung Company of America, Inc. issued the attached subpoena for service on SHARP Microelectronics of the Americas, 5700 NW Pacific Rim Blvd., Camas, WA 98607.

RLF1-3025538-1

|  |  |
|---|---|
| Of Counsel:<br>Christopher Darrow<br>Mark H. Krietzman<br>Frank E. Merideth, Jr.<br>Alan R. Maler<br>Valerie W. Ho<br>Greenberg Traurig LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA 90404<br>Telephone: 310-586-7700<br><br>Kathryn L. Clune<br>Greenberg Traurig LLP<br>800 Connecticut Avenue, N.W., Suite 500<br>Washington, DC 20006<br><br>Dated: February 20, 2007 | /s/ signature<br>Frederick L. Cottrell, III (#2555)<br>Anne Shea Gaza (#4093)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, Delaware 19899<br>(302) 651-7700<br>cottrell@rlf.com<br>gaza@rlf.com<br>Attorneys for Defendants Tatung Co. and Tatung Company of America Inc. |

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD. <br> V. <br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number:[1] DISTRICT OF DELAWARE <br> 04-343 |

TO:  SHARP Microelectronics of the Americas
    5700 NW Pacific Rim Blvd
    Camas, WA 98607

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Rider & Associates, Inc. <br> 1104 Main Street, M110, Vancouver, WA 98660 | March 6, 2007 <br> 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Rider & Associates, Inc. <br> 1104 Main Street, M110, Vancouver, WA 98660 | March 2, 2007 <br> 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | February 16, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Valerie W. Ho, Esq./Greenberg Traurig, LLP   310-586-7700
2450 Colorado Avenue, Suite 400E, Santa Monica, CA 90404

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

                                                              _____
                                                              SIGNATURE OF SERVER

                                                              _____
                                                              ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

# Attachment A

## Instructions

1.  If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

2.  If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, set forth the details of such qualification.

3.  You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of any representative, agent, employee, attorney, accountant, investigator or any person acting for you or on your behalf.

4. All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained; or all documents shall be organized and labeled to correspond with the requests below. All documents are to be produced along with copies of the file folders in which they are kept.

5. If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

6. For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the document request itself. This includes, without limitation, the following:

    a. Construing the words "and" and "or" used in any document request in the disjunctive or conjunctive as necessary, to make the document request more inclusive;

    b.    Construing the words "any" and "all" used in any document request to mean "any and all" as necessary to make the document request more inclusive;

    c.    Construing the singular form of any word to include the plural and the plural form to include the singular; and

    d.    Construing the masculine form to include the feminine and/or the gender neutral form.

7.    Electronic records and computerized information are to be produced in an intelligible format together with a description of the system from which it is derived sufficient to permit rendering the material intelligible.

**Definitions**

1.    The term "relating to" means referring to, regarding, evidencing, describing, supporting, refuting, and/or constituting.

2.    The term "document" or "documents" means and includes any kind of written, typewritten or printed materials; any tangible recording of any form of statement, communication or representation; and all other data compilation from which information can be obtained (translated, if necessary, by you through detection devices into reasonably usable form) including, but not limited to, writings and all non-identical copies and drafts

3

thereof, notes, memoranda, letters, calendars, appointment books, diaries, notes or minutes of meetings or conversations, catalogs, written agreements, microfilm, graphs, charts, drawings, plans, computer discs, computer tapes, computer cards, computer printouts, tape and sound records, photo records, inter-office communications, reports, photographs, cables, telegrams, telexes, account books, ledger sheets, canceled checks, invoices, bills, receipts, financial statements or any other form of "writing" as defined in Federal Rule of Evidence 1001.

3.  The term "TFT-LCD module" means thin film transistor liquid crystal display module.

4.  The term "mounting hole" means a hole, such as a screw hole, used for mounting or attaching the TFT-LCD module to equipment or to another component, such as a housing.

5.  The term "communications" means every manner of disclosure, transfer or exchange of information, whether person to person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise, including letter or other correspondence, electronic mail, telephone message, memorandum, or telegram.

6.  The term "Sharp" means Sharp Corporation, Sharp Microelectronics of the Americas, Sharp Electronics Corporation, their

parents, subsidiaries, affiliated companies, officers, directors, employees, agents, consultants, and all those acting on their behalf.

7. The term "Sharp products" mean the following: LQ5AW116, LQ4RA35, LQ4RA31, LQ5AW136, LQ6RA52, LQ6RA01/02, LQ6MC01/02, LQ4RB17, LQ4RB15, LQ4NC31/32, and LQ4RA01/02.

**Documents to be Produced**

1. All documents relating to the November 2003 meeting between Sharp and LG. Philips LCD Co., Ltd. in Anyank, Korea.

2. All documents relating to communications between Sharp and LG. Philips LCD Co., Ltd. regarding licensing or potential licensing of technology.

3. All documents relating to communications between Sharp and LG. Philips LCD Co., Ltd. regarding the Sharp LL-T1620-H and the LC-20B4U-S.

4. All documents relating to communications between Sharp and LG. Philips LCD Co., Ltd. regarding U.S. Patent Nos. 6,498,718 and 6,501,641.

5. All documents from the files of Sharp employee, Masanori, relating to the meeting between Sharp and LG. Philips LCD Co., Ltd. in Anyank, Korea.

6. All documents from the files of Sharp employee, Kubota, relating to the meeting between Sharp and LG. Philips LCD Co., Ltd. in Anyank, Korea.

7. All documents from the files of Sharp employee, Himeno, relating to the meeting between Sharp and LG. Philips LCD Co., Ltd. in Anyank, Korea.

8. All documents from the files of Sharp employee, Hirashi, relating to the meeting between Sharp and LG. Philips LCD Co., Ltd. in Anyank, Korea.

**Deposition Topics**

1. The mechanical structure of each Sharp product, including the location of mounting holes on the products.

2. The components that make up the Sharp products and the functions of each component.

3. The sale or offer for sale in the United States of the Sharp products prior to April 2, 1998.

4. The customers who purchased the Sharp products in the United States prior to April 2, 1998.

5. The manners in which the Sharp products were used.

6. The dissemination or publication of documents, including specifications, relating to the Sharp products prior to April 2, 1998.

7. The manufacture, sale and use of the Sharp products.

8. The advertising in the United States of the Sharp products prior to April 2, 1998.

9. The public display, including display at trade shows in the United States, of the Sharp products prior to the April 2, 1998.

10. The documents that were produced by Sharp in this case.

11. The meeting between Sharp and LG. Philips LCD Co., Ltd. in November 2003 in Anyank, Korea.

12. Communications between Sharp and LG. Philips LCD Co., Ltd. regarding licensing or potential licensing of technology.

13. Communications between Sharp and LG. Philips LCD Co., Ltd. regarding the Sharp LL-T1620-H and the LC-20B4U-S.

14. Communications between Sharp and LG. Philips LCD Co., Ltd. regarding U.S. Patent Nos. 6,498,718 and 6,501,641.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2007 I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Jeffrey B. Bove, Esquire
James Heisman, Esquire
Jaclyn M. Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I hereby certify that on February 20, 2007 I caused to be sent the foregoing document to the following non-registered participants in the manner indicated below:

**VIA FEDERAL EXPRESS**
Gaspare J. Bono, Esquire
Rel S. Ambrozy, Esquire
Lora A. Brzezynski, Esquire
Cass W. Christenson, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

**VIA FEDERAL EXPRESS**
Tracy R. Roman, Esquire
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

**VIA FEDERAL EXPRESS**
Scott R. Miller, Esquire
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Anne Shea Gaza (#4093)
Gaza@rlf.com

RLF1-2967131-1