RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

February 20, 2007

<u>**VIA EMAIL AND HAND DELIVERY**</u>

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

**Re:**   *LG Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

Among the matters pending before the Special Master is the extent to which the Tatung Defendants should be required to provide trade secret and commercially sensitive information regarding unaccused products. The Tatung Defendants respectfully submit that the serious concerns that have arisen only recently about LPL's compliance with the Protective Order in this case and the Protective Order entered in *LG. Philips LCD Company, Ltd. v. Tatung Company, Tatung Company of America, Inc., Chungwa Picture Tubes Ltd., and Viewsonic Corporation*, C.A. No. 05-292-JJF (the "05-292-JJF case"), as set forth below, should be considered by the Special Master in connection with the parties' pending discovery disputes. While these concerns are being examined through discovery, the Tatung Defendants respectfully request the Special Master, as interim relief, stay any further production of the Tatung Defendants' confidential documents regarding unaccused products. The Tatung Defendants anticipate that, after full discovery, they may submit a more extensive motion for relief due to Protective Order violations. The reasons supporting the Tatung Defendants' request are as set forth below.

1.    Paragraph 4.1(a) of the Protective Order in provides that attorneys actively involved in this case shall not have access to "highly sensitive confidential information" if they "have participated in, directed or supervised any patent prosecution activity related to the patents-in-suit or currently participate in, direct or supervise any patent prosecution activity involving (i) flat panel or flat panel display technology or (ii) technology related or referring to or incorporating flat panels or flat panel displays . . . ."

2.    At least three or four LPL attorneys (Messers. Derek Auito, Michael Angert, Jennifer Davis, and/or Matthew Bailey) involved in this litigation and having access to confidential information, are identified in PTO records as prosecuting LG Electronics, Inc. ("LGE") and/or LPL flat panel display device patents. (*See* Exhibit A.) If this is the case, then

The Honorable Vincent J. Poppiti
February 20, 2007
Page 2

their continued patent prosecution is a violation of the Protective Orders in the cases currently pending between the parties. LPL refuses to provide any corroboration of its otherwise "boilerplate" denial that its lawyers have violated the Protective Order.[1]  In addition to an apparent violation of the Protective Orders, the Tatung Defendants are very concerned that the confidential trade secret information they have been required to produce has been and/or will be used in prosecution of LGE and/or LPL patents, especially when LGE (LPL's parent company) is a direct competitor of the Tatung Defendants.

3.    Mr. Auito and Mr. Angert have had access to the Tatung Defendants' confidential documents, including the technical drawings for their products. At least one LPL lawyer, Jennifer Davis, a member of LPL's litigation team with access to confidential information is directly supervised (under Washington D.C. Bar Rules) by Mr. Bailey, a senior patent prosecutor at McKenna. Presumably, Mr. Bailey cannot supervise Ms. Davis without looking at and/or discussing the substance of her work. Based on this arrangement, it does not appear that there is an effective "ethical wall" or other procedure to protect the Tatung Defendants' confidential information.

4.    Over the Tatung Defendants' objections, LPL lawyers have used confidential materials covered by the Protective Order in the 05-0292 case in connection with this case which is expressly prohibited by the Protective Order in the 05-0292 case.

5.    In addition to LPL's disclosure of confidential information covered by the Protective Order in the 05-0292 case in this case, LPL has disclosed confidential information from the 05-0292 case in the public record in this case claiming LPL has the right unilaterally to determine whether the information was properly designated confidential notwithstanding that LPL never moved in the 05-0292 case to de-designate those materials. This is another violation of the Protective Order in the 05-0292 case.

6.    LPL and LGE have a prior record of disregarding intellectual property sharing arrangements. The District Court in the California case recently dismissed LPL's claims for infringement of the so-called "Side-Mount Patents" on the grounds that LPL did not have standing to assert such claims because LGE (who had assigned the purported patents rights to LPL) had no rights to the invention. Pursuant to a joint development agreement between LGE and Digital Equipment Corp. ("DEC"), all intellectual property rights developed in the course of

---

[1]    LPL's and LGE's repeated attempts to dismiss the Tatung Defendants' concerns by claiming that the identification of its attorneys is merely "boilerplate" is unavailing. LPL and LGE's attorneys are well versed in setting up prosecution matters and have, on numerous occasions, limited their disclosures to identifying only those attorneys involved in the prosecution of the patent at issue. (*See, e.g.*, Exhibit F hereto.)

The Honorable Vincent J. Poppiti
February 20, 2007
Page 3

that venture belonged to DEC, not LGE. (*See* Exhibit B.) Notwithstanding this agreement, LGE appropriated this technology as its own and proceeded to obtain patents covering this technology.

7.    Notwithstanding the Tatung Defendants' reasonable requests, LPL refuses to provide the Tatung Defendants with any evidence or other corroboration in support of its "boilerplate" denial of the Protective Order. (*See* letters of Frank E. Merideth, Jr., dated February 1 and 13, 2007. (Exhibits C and D hereto). LPL's lawyers' response to the February 1, 2007 letter is attached hereto as Exhibit E. The February 13, 2007 letter was ignored.). In addition, the parties conducted various "meet and confer" conferences, most recently on February 16, 2007, but were unable to reach a satisfactory resolution of these issues.

The Tatung Defendants respectfully suggest that these issues need to be addressed as follows:

1.    LPL should be required to corroborate its claim that no member of its litigation team is involved in the invention of and/or prosecution of any flat screen display technology by the means set forth in Mr. Merideth's February 13, 2007 letter or so ordered by the Special Master or, if such members have been involved in patent prosecution, the steps LPL intends to take to remedy the situation.

2.    LPL should be required to show that no billing attorney in this litigation is a patent attorney for LPL or LGE.

3.    LPL's counsel should be required to disclose the procedures it has taken to secure the confidential information produced by the Tatung Defendants in order to eliminate risk of unauthorized use or disclosure.

4.    LPL should be required to show the procedures it has implemented to prevent future violations of the Protective Orders.

5.    Until these issues are resolved, the Tatung Defendants should not be required to produce further confidential documents, particularly those relating to unaccused products, and all deposition testimony related thereto should be designated as confidential and should only be produced to specified outside counsel for LPL.

Respectfully,

Anne Shea Gaza (#4093)

ASG/afg

RLF1-3117556-1

The Honorable Vincent J. Poppiti
February 20, 2007
Page 4

Enclosures
cc:    Clerk of the Court (via hand delivery)
        Richard D. Kirk, Esquire (via hand delivery and electronic mail)
        Jeffrey B. Bove, Esquire (via hand delivery)
        Lora A. Brzezynski, Esquire (via electronic mail)
        Tracy R. Roman, Esquire (via electronic mail)
        Scott R. Miller, Esquire (via electronic mail)

# EXHIBIT A

US007106392B2

(12) **United States Patent**　(10) **Patent No.:** **US 7,106,392 B2**
You　(45) **Date of Patent:** **Sep. 12, 2006**

(54) **STRUCTURE FOR MOUNTING FLAT PANEL DISPLAY**

(75) Inventor: **Dong Jae You**, Kumi-shi (KR)

(73) Assignee: **LG.Philips LCD Co., Ltd.**, Seoul (KR)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: 10/184,097

(22) Filed: **Jun. 28, 2002**

(65) **Prior Publication Data**
US 2003/0011550 A1　Jan. 16, 2003

(30) **Foreign Application Priority Data**
Jul. 10, 2001　(KR) .............. P2001-41347

(51) Int. Cl.
*G02F 1/1333*　(2006.01)
(52) U.S. Cl. ............................... 349/58; 349/56
(58) Field of Classification Search .......... 349/58, 349/56, 60–65
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

5,666,172 A * 9/1997 Ida et al. ............ 349/58

| 5,988,827 A | * | 11/1999 | Lee | 362/31 |
| 6,094,340 A | * | 7/2000 | Min | 361/681 |
| 6,104,451 A | * | 8/2000 | Matsuoka et al | 349/58 |
| 6,154,261 A | * | 11/2000 | Shim | 349/58 |
| 6,512,514 B1 | * | 1/2003 | Warashina et al | 345/206 |

* cited by examiner

*Primary Examiner*—Ahshik Kim
*Assistant Examiner*—Lisa M. Caputo
(74) *Attorney, Agent, or Firm*—McKenna Long & Aldridge LLP

(57)　**ABSTRACT**

A structure for mounting a flat panel display module constituting a screen display device of a portable computer system wherein the weight and a thickness of a display device are reduced. For example, the structure for mounting a flat panel display includes a display module having a flat panel display panel, a backlight assembly, and a supporting member for supporting edges of the flat panel display panel and the back light assembly, a rear cover to which the display module is fitted, and a front cover fitted to a frontal edge of the rear cover to cover a frontal edge of the display module. In this structure the supporting member is formed at an inner side of the front cover.

**15 Claims, 7 Drawing Sheets**



# FIG. 1

## Prior Art



United States Patent & Trademark Office

02/02/2007 12:53 AM

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz Alerts | News | Help

Portal Home   |   Patents   |   Trademarks   |   Other

Patent eBusiness    – □

- Electronic Filing
- Patent Application Information (PAIR)
- Patent Ownership
- Fees
- Supplemental Resources & Support

Patent Information

Patent Guidance and General Info
- Codes, Rules & Manuals
- Employee & Office Directories
- Resources & Public Notices

Patent Searches

Patent Official Gazette
- Search Patents & Applications
- Search Biological Sequences
- Copies, Products & Services

Other

Copyrights
Trademarks
Policy & Law
Reports

Patent Application Information Retrieval

**Select Search Method: Enter Number:**

Application Number ▼     [SUBMIT]

🛈 Order Certified Application As Filed
Order Certified File Wrapper
View Order List

10/184.097      STRUCTURE FOR MOUNTING FLAT PANEL DISPLAY

| Application Data | Transaction History | Image File Wrapper | Patent Term Adjustments | Foreign Priority | Published Documents | Fees | Publication Dates | Access & Attorney/Agent |

## Attorney/Agent Correspondence Information

### Correspondence Address

| | |
|---|---|
| Name: | MCKENNA LONG & ALDRIDGE LLP |
| Address: | 1900 K STREET, NW<br>WASHINGTON DC 20006<br>UNITED STATES (US) |

### Attorney/Agent Information

| Reg # | Name | Phone |
|---|---|---|
| 35920 | Klein, Audrey | 202-496-7924 |
| 47214 | Webster, Bryan | 202-496-7325 |
| 52576 | Auito, Derek | 202-496-7102 |
| 40106 | Nuss, Eric | 202-496-7537 |
| 52587 | Ballas, George | 202-496-7571 |
| 54572 | Clark, Isaac | 202-496-7323 |
| 58633 | Di Grazio, Jeanne | 202-496-7309 |
| 55988 | Takeguchi, Kathy | 703-786-9015 |
| 42766 | Kresloff, Mark | 202-496-7500 |
| 33829 | Bailey, Matthew | 202-496-7643 |
| 50961 | Alexander, Michael | 202-496-7821 |
| 46522 | Angert, Michael | 202-496-7106 |
| 55676 | Tierney, Michael Jr | 202-496-7324 |
| 40624 | Goodwyn, R | 202-496-7143 |
| 57680 | Mohamedulla, R | 202-496-7312 |
| 41786 | Rudich, Rebecca | 202-496-7463 |
| 54824 | Rocchegiani, Renzo | 202-496-7500 |
| 33949 | Livnat, Shmuel | 202-628-5197 |
| 35210 | Jung, Song | 202-496-7413 |
| 53005 | Hayes, Valerie | 202-496-7596 |
| 43324 | Choi, Yongsuck | 202-496-7647 |

*If you need help:*

- Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).
- Send general questions about USPTO programs to the USPTO Contact Center (UCC).
- If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199

Home | Site Index | Search | eBusiness | Help | Privacy Policy



US007170741B2

(12) **United States Patent**
Cho et al.

(10) Patent No.: **US 7,170,741 B2**
(45) Date of Patent: ***Jan. 30, 2007**

(54) **PORTABLE COMPUTER AND METHOD FOR MOUNTING A FLAT PANEL DISPLAY DEVICE MODULE**

(75) Inventors: **Young Woo Cho**, Kyonggi-do (KR); **Jong Hwan Kim**, Kyonggi-do (KR); **Dae Hee Park**, Kyonggi-do (KR)

(73) Assignee: **LG. Philips LCD Co., Ltd.**, Seoul (KR)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **10/153,730**

(22) Filed: **May 24, 2002**

(65) **Prior Publication Data**

US 2002/0154476 A1     Oct. 24, 2002

**Related U.S. Application Data**

(63) Continuation of application No. 09/437,222, filed on Nov. 10, 1999, now Pat. No. 6,411,501.

(30) **Foreign Application Priority Data**

Nov. 11, 1998     (KR) . . . . . . . . . . . . . . . . . 98-48265

(51) **Int. Cl.**
*G06F 1/16* (2006.01)

(52) **U.S. Cl.** . . . . . . . . . . . **361/681**; 361/683

(58) **Field of Classification Search** . . . . . . 361/685, 361/681, 683
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

4,111,533 A     9/1978     Nakamura et al.

| | | |
|---|---|---|
| 4,165,607 A | 8/1979 | Fedorowicz et al. |
| 4,329,800 A | 5/1982 | Shuman |
| 4,422,728 A | 12/1983 | Andreaggi |
| 4,614,406 A | 9/1986 | Motoi |
| 4,755,035 A | 7/1988 | Kopish et al. |
| 4,781,422 A | 11/1988 | Kimble |
| 4,937,709 A | 6/1990 | Yanagi et al. |
| 4,959,887 A | 10/1990 | Gruenberg et al. |

(Continued)

FOREIGN PATENT DOCUMENTS

EP     317 261     5/1989

(Continued)

OTHER PUBLICATIONS

Sony 14.1" Notebook PC, 6 pp.

(Continued)

*Primary Examiner*—Yean-Hsi Chang
(74) *Attorney, Agent, or Firm*—McKenna Long & Aldridge LLP

(57)     **ABSTRACT**

Disclosed is a computer that includes: a system body having an input device; a display module having a display surface and a rear surface; a display case having a side wall surface; and a hinge pivotally coupling the body to the display module, the hinge including a hinge frame having first and second surfaces, the first surface coupled with the rear surface of the display module, the second surface coupled with the side wall surface of the display case.

**32 Claims, 14 Drawing Sheets**



United States Patent & Trademark Office

02/02/2007 12:50 AM

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz Alerts | News | Help

**Portal Home** | **Patents** | **Trademarks** | **Other**

**Patent eBusiness** — □
+ Electronic Filing
+ Patent Application Information (PAIR)
+ Patent Ownership
+ Fees
+ Supplemental Resources & Support

**Patent Information**
Patent Guidance and General Info
+ Codes, Rules & Manuals
+ Employee & Office Directories
+ Resources & Public Notices

**Patent Searches**
Patent Official Gazette
+ Search Patents & Applications
+ Search Biological Sequences
+ Copies, Products & Services

**Other**
Copyrights
Trademarks
Policy & Law
Reports

Patent Application Information Retrieval

**Select Search Method: Enter Number:**

Application Number ▾      [ SUBMIT ]    ⓘ Order Certified Application As Filed
Order Certified File Wrapper
View Order List.

10/153,730    PORTABLE COMPUTER AND METHOD FOR MOUNTING A FLAT PANEL DISPLAY DEVICE MODULE 🔎

| Application Data | Transaction History | Image File Wrapper | Patent Term Adjustments | Continuity Data | Foreign Priority | Published Documents | Fees | Publication Dates | Address & Attorney/Agent |

## Attorney/Agent Correspondence Information

### Correspondence Address

| | |
|---|---|
| Name: | MCKENNA LONG & ALDRIDGE LLP |
| Address: | 1900 K STREET, NW<br>WASHINGTON DC 20006<br>UNITED STATES (US) |

### Attorney/Agent Information

| Reg # | Name | Phone |
|---|---|---|
| 35920 | Klein, Audrey | 202-496-7924 |
| 47214 | Webster, Bryan | 202-496-7325 |
| 52576 | Auito, Derek | 202-496-7102 |
| 40106 | Nuss, Eric | 202-496-7537 |
| 52587 | Ballas, George | 202-496-7571 |
| 54572 | Clark, Isaac | 202-496-7323 |
| 58633 | Di Grazio, Jeanne | 202-496-7309 |
| 55988 | Takeguchi, Kathy | 703-786-9015 |
| 42766 | Kresloff, Mark | 202-496-7500 |
| 33829 | Bailey, Matthew | 202-496-7643 |
| 50961 | Alexander, Michael | 202-496-7821 |
| 46522 | Angert, Michael | 202-496-7106 |
| 55676 | Tierney, Michael Jr | 202-496-7324 |
| 40624 | Goodwyn, R | 202-496-7143 |
| 57680 | Mohamedulla, R | 202-496-7312 |
| 41786 | Rudich, Rebecca | 202-496-7463 |
| 54824 | Rocchegiani, Renzo | 202-496-7500 |
| 33949 | Livnat, Shmuel | 202-628-5197 |
| 35210 | Jung, Song | 202-496-7413 |
| 53005 | Hayes, Valerie | 202-496-7596 |
| 43324 | Choi, Yongsuck | 202-496-7647 |

*If you need help:*

- Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).
- Send general questions about USPTO programs to the USPTO Contact Center (UCC).
- If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.

Home | Site Index | Search | eBusiness | Help | Privacy Policy

# EXHIBIT B

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

JAN 19 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LG PHILIPS LCD CO., LTD.,<br><br>Plaintiff<br><br>v.<br><br>TATUNG CO. OF AMERICA, TATUNG COMPANY and CHUNGHWA PICTURE TUBES, LTD.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | No. CV 02-6775 CBM (JTLx)<br><br>AMENDED ORDER DISMISSING PLAINTIFF'S SIDE-MOUNT PATENT INFRINGEMENT CLAIMS FOR LACK OF STANDING |

DOCKETED ON CM

JAN 19 2007

BY _____ 153

The matter before the Court, the Honorable Consuelo B. Marshall, United States District Judge presiding, is the dismissal of Plaintiff's side-mount patent infringement claims for lack of standing.

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

# FACTUAL AND PROCEDURAL BACKGROUND

LG. Philips LCD Co., Ltd. ("LPL"), a company incorporated and headquartered in Korea, filed this action on August 29, 2002, alleging that Defendants Tatung Co., Tatung Co. of America, and Chunghwa Picture Tubes, Ltd., infringed on its patents.  LPL alleged infringement of six patents, two semiconductor patents and four side-mount patents, against Defendant Chunghwa Picture Tubes, Ltd. ("CPT"), a company incorporated and headquartered in Taiwan.  On October 1, 2003, LPL amended its Complaint to assert that co-Defendants Tatung Co. and Tatung Company of America also infringed three of the four side-mount patents.

## The Development and Manufacturing Agreement

In March 2004, CPT filed counterclaims against LPL and a third-party, LG Electronics Inc. ("LGE"), claiming that, by virtue of a 1996 Development and Manufacturing Agreement ("DMA"), a now-defunct company, Digital Electronics Corporation ("DEC"), was the true owner of the side-mount patents in dispute.[1] CPT claimed that, through succession, it had acquired DEC's rights under the DMA, including ownership of the side-mount patents. The DMA provided that disputes arising under the Agreement would be settled by arbitration, under the

---

[1] The DMA addressed the joint development and manufacture of a new mobile computer, nicknamed "Project X." *See* Development and Manufacturing Agreement Between Digital Equipment Corporation and LG Electronics Inc. for Laptop Computer (hereinafter *DMA*). LG.Philips is the successor-in-interest to LG Electronics Inc., pursuant to an assignment executed in September 1999.

1  laws of the state of Massachusetts.

2  **The Arbitral Proceeding**

3

4  　　On February 28, 2005, this Court ordered the parties to arbitrate certain

5  counterclaims filed by Defendant CPT arising out of the DMA between LGE and

6  DEC.[2] The Matter of Arbitration, *Chunghwa Picture Tubes, Ltd. vs. LG*

7
8  *Electronics, Inc. and LG.Philips LCD Co., Ltd.*, No. 50 133 T 00379 04, was held

9  at the International Centre for Dispute Resolution, an International Arbitration

10 Tribunal and Division of the American Arbitration Association (AAA).  The

11 arbitration was conducted by a panel of three experienced and distinguished

12 arbitrators:  Richard K. Jeydel, Edward B. Lahey, Jr., and David W. Plant

13
14 (collectively "Panel").  Mr. Jeydel, a veteran attorney with more than twenty years

15 of experience as an arbitrator, served as Chair of the Panel.  Mr. Lahey, who

16 served for over twenty-five (25) years as General Counsel and Secretary of

17 PepsiCo., Inc., now teaches International Commercial Arbitration at Pace Law

18 School and serves as Chairman of the Board of Directors of the AAA.  Mr. Plant,

19
20 an attorney who practiced for over forty (40) years with the law firm of Fish &

21 Neave (a prominent intellectual property law firm), has arbitrated over eighty-five

22 (85) disputes for the AAA, the International Chamber of Commerce, UNCITRAL,

23

24 [2]Counts I-VI and XXIII (insofar as they are based on assignment of rights under the
25 Project-X agreement) and Counts VII-X and XXIV.  Order Granting In Part And
26 Denying In Part LG. Philips' and L.G. Electronics' Motion to Compel Arbitration of
   Counts I-X and XXIII-XXIV, March 3, 2005.
27
                                    - 3 -
28

and the World Intellectual Property Organization. Neither party has challenged that qualifications or expertise of the Panel.

The Panel issued an award ("Award") on June 20, 2006 with the following rulings:

(1) The side mounting technology was developed in the course of and as an integral part of the DMA. CPT is the successor in interest to DEC, the party to the DMA, and has standing to assert all claims and defenses thereunder.

(2) DEC and its successors, by taking no action in the face of LG's repeated, open and obvious actions in displaying the technology as its own at major trade shows and its efforts to market and sell it to them (in the form of components prominently marked with LG's patent claims), waived any contractual rights they may have possessed.

(3) CPT's argument that the statute of limitation began to run when an essential internal transfer of the patent rights within LG took place is unavailing; even if CPT had not waived its rights, none of the arguably applicable statute periods were tolled, and none of its contract claims were timely brought.

(4) The Panel therefore declines, on contractual grounds, to transfer any LG patent right to CPT, or to grant any other relief requested by Claimant. The Panel similarly denies all counterclaims asserted by LG; but for CPT's waiver, LG would have no right to any of the side mount intellectual property here at issue. The CPT (Frame/Bovio) patent application is not affected by and remains outside of this ruling since it has not been waived.[3]

(5) As to costs and fees, in light of the absence of a party prevailing on all of the major issues, no attorneys' fees or other costs will be shifted and the Panel will order that both its fees and expenses and the charges of the ICDR shall be borne as incurred and all other costs and expenses shall be borne as incurred.[4]

---

[3] The CPT patent application and related patents are not the subject of this Order.

[4] Award at 5-13.

- 4 -

1    The Panel summarily denied all of Defendants' and Plaintiff's claims for

2    relief. This Court confirmed the arbitration Panel's Award on September 29,

3    2006. In light of the Award – including the Panel's determination that the side-

4
5    mount technology was covered by the terms of the Agreement, and that pursuant

6    to the Agreement and the laws applicable thereto neither party was entitled to a

7    declaratory judgment of ownership of the side-mount technology – this Court, *sua*

8    *sponte*, ordered the parties to brief whether Plaintiff LG.Philips has standing to sue

9    for infringement of the patents related to the technology.

10

11

12                                **STANDARD OF LAW**

13        Article III of the U.S. Constitution limits the jurisdiction of federal courts to

14   actual "cases" or "controversies." *Allen v. Wright*, 468 U.S. 737, 750-51 (1984).

15   In order to establish Article III standing, a plaintiff must show : (1) "an invasion of

16   a legally protected interest" that is "concrete and particularized" and "actual and

17
18   imminent"; (2) a causal connection between the injury and the conduct that is the

19   subject of the complaint; and (3) that the injury is likely to be redressed by a

20   favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

21   These requirements apply to patent cases in the same way that they apply to all

22   federal cases. *See, e.g., Paradise Creations, Inc. v. U V Sales Inc.*, 315 F.3d 1304,

23
24   1308-10 (Fed. Cir. 2003) (finding that plaintiff lacked "cognizable injury

25   necessary to assert standing under Article III of the Constitution" where it "held

26   no enforceable rights whatsoever in the patent at the time it filed suit"). Article

27
28                                    - 5 -

1 │ III standing is assessed at the time the original complaint was filed and cannot be

2 │ cured retroactively. *See Keene Corp. v. United States*, 508 U.S. 200, 207 (1993);

3 │ *accord Lujan*, 504 U.S. at 569 n.4 (1992).

4 │

5 │      The burden of establishing standing belongs to the party seeking to maintain

6 │ the lawsuit.

7 │                              **ANALYSIS**

8 │

9 │ **I. Whether Plaintiff LG. Philips Has Standing to Assert Side-Mount Patent**

10 │ **Infringement Claims**

11 │      While 35 U.S.C. §281 provides that "a patentee shall have remedy by civil

12 │ action for infringement of his patents," the requirements of Article III standing

13 │ must still be satisfied.   In order to satisfy the Article III standing requirements of

14 │

15 │ *Lujan*, a putative patentee-plaintiff must establish that it has suffered an injury in

16 │ fact.  There is no "injury" to a patentee who does not hold legal title to the

17 │ intellectual property which is the subject of the patent. *See Rite-Hite Corp. v.*

18 │ *Kelley Co., Inc.*, 56 F.3d 1538, 1551-1552 (Fed. Cir. 1995) ("Generally, one

19 │ seeking money damages for patent infringement must have held legal title to the

20 │

21 │ patent at the time of the infringement.").

22 │      In the case at bar, the Panel's Award is supported in its entirety by the

23 │ language of the Agreement.  Section 1.F of the Agreement indicates:

24 │

25 │      Because of its role as chief architect of the Product, Digital will solely own
      the intellectual property rights to all inventions and discoveries made during

26 │      the course of the development of the Product by either party as more fully

27 │                                 - 6 -

28 │

1

2

3

4

described in Section 9. In addition to the Specification, Digital will also solely own all schematics, electrical and mechanical drawings, and any intellectual property rights relating thereto; and those rights to manufacture or have manufactured the Product, Product options, and spares, all as more fully described in Section 10.

5    DMA §1.F.

6

7

Section 9 of the Agreement defined invention as:

8

9

10

11

any idea, design, concept, technique, invention, discovery, or improvement, regardless of patentability, made solely of jointly by a party and/or its employees during the term of this Agreement and in performance of any work under the Statement of Work issued hereunder, provided that either the conception or reduction to practice thereof occurs during the term of this Agreement and in performance of work under the Statement of Work.

12    DMA §9.

13

14

Section 9 further states:

15

16

17

18

Digital shall have the right to all inventions made by Digital and LGE employees separately or jointly with the right to seek protection by obtaining rights therefore and to claim all rights or priority thereunder. . . . LGE shall, upon Digital's request and at Digital's expense, cause patent applications to be filed thereon, [ ] and shall forthwith sign all such applications over to Digital, its successors, and assigns.

19

20    DMA §9.

21

22

23

24

25

The Panel construed these provisions together to mean that if the side-mount invention was developed during the development of the Hi Note Ultra 2000 computer, then it was made "in the performance of work under the Statement of Work," and "DEC would be the owner of all intellectual property rights

26

27

28

1  pertaining thereto."[5]  The Panel found (in ruling #1) that the side-mount

2  technology was developed in the course of the DMA, and that CPT (as successor

3  to DEC) had standing to assert claims and defenses on that basis; similarly, the

4  Panel found (in ruling #4) that LPL was not entitled to a declaratory judgment of

5  ownership, since "but for CPT's waiver, LG would have no right to any of the side

6  mount intellectual property here at issue."  Award at 12.

7

8      The Court therefore finds that the Panel interpreted the relevant provisions

9  of the DMA to effect an assignment, not a promise to assign.[6]  There is nothing in

10  the Panel's Award that indicates otherwise.  Therefore, this case falls squarely

11  within the body of law governing assignment contracts.  The Federal Circuit has

12  held that an assignment effectuates a transfer of title.  *See FilmTec Corp. v.*

13  *Allied-Signal, Inc.*, 939 F.2d 1568, 1572 (Fed. Cir. 1991) (*overturned on other*

14  *grounds, FilmTec Corp. v. Hydranautics*, 982 F.2d 1546 (Fed. Cir. 1992)

15  ("between the time of an invention and the issuance of a patent, rights in an

16  invention may be assigned and legal title to the ensuing patent will pass to the

17  assignee upon grant of the patent.").  In *Imatec, Ltd. v. Apple Computer, Inc.*,

18  Judge Koeltl of the Southern District of New York denied standing to an assignor,

19

20

21

22

23  [5] Preliminary Ruling from Tom Simotas of the International Centre for Dispute

24  Resolution (ICDR), March 10, 2005 (attached as Exhibit 2 to Decl. of Michael Resch).

25  [6] Plaintiff unconvincingly argues that the DMA was not an assignment, but rather was

26  "at most an agreement in which LGE gave DEC a right to own certain inventions."

27  Pl.'s Mem. at 20.

28

- 8 -

1   holding that "[o]nce an inventor has assigned the rights in a future invention,

2   neither the inventor nor a subsequent assignee of the inventor has standing to sue

3   for infringement of a patent arising from the assigned invention." *Imatec, Ltd. v.*

4   *Apple Computer, Inc.*, 81 F.Supp.2d 471, 481 (S.D.N.Y. 2000) (*aff'd* at 2001 U.S.

5   App. LEXIS 16841 (Fed. Cir.)).

6

7           Judge Koeltl reasoned that the language in the agreement indicated a present

8   assignment (not a promise to assign), and as such, the rights to the invention

9   vested in the assignee and no other party had standing to enforce the patents (even

10  the putative patentholder). *Id.* Judge Koeltl found the patents-in-suit were for

11  inventions covered under the agreement, and held that neither the named patent

12  owner nor any subsequent assignee had standing to sue for infringement of the

13  patents. *Id.* at 483.

14

15

16          In the case at bar, this Court has found that the arbitrators interpreted the

17  DMA to effect an assignment; as such, the rights to the side-mount technology

18  vested in the assignee (DEC and its successors) and no other party has standing to

19  enforce the patents. Moreover, the arbitrators clearly found in their Award that the

20  technology which was the subject of the patents-in-suit was covered by the

21  agreement. *See* Award at 5. Accordingly, LG.Philips does not have standing to

22  sue for infringement of the side-mount patents. Having assigned to DEC

23  ownership of the side-mount invention in the DMA in 1996, LGE had nothing to

24  give to LPL in September 1999; therefore, LGE's purported assignment of the

25  side-mount patents to LG. Philips in 1999 is a nullity. *See also FilmTec*, 939 F.2d

26

27                                          - 9 -

28

1  at 1572-73; *Pinpoint, Inc. v. Amazon.com, Inc.*, 347 F. Supp. 2d 579 (N.D. Ill.

2  2004) (Posner, J., *by designation*) (finding plaintiff lacked standing to sue because

3  it had obtained patent rights from a party who had previously assigned away the

4
   patented invention).
5

6       Plaintiff argues that CPT's waiver amounted to a relinquishment of any

7  contract right to own the invention. *See* Pl.'s Mem. 22. While any such waiver

8  may bar CPT from asserting its own claims of infringement under the patents-in-
9
   suit, it does not give a patentee (LG.Philips) the affirmative right to assert
10
11 infringement claims for inventions covered under an assignment agreement. *See*

12 *also Viskase Corp. v. American Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir.

13 2001) ("Inventors who have an obligation to assign their inventions have no

14
   ownership interest in the patents on those inventions.").
15
        In *Paradise Creations, Inc. v. U V Sales Inc.*, the Federal Circuit found that
16
17 the appellant "lacked a cognizable injury necessary to assert standing under Article

18 III of the Constitution" because it "held no enforceable rights whatsoever in the

19 patent at the time it filed suit." 315 F.3d 1304, 1310 (Fed. Cir. 2003). The Court

20 hereby finds that LPL had no enforceable rights in the '237, '457, '942 and '537

21
   patents at the time the lawsuit was filed because, pursuant to the Development and
22
23 Manufacturing Agreement, LPL had no rights to the intellectual property covered

24 by those patents. Therefore, LPL lacks standing to sue CPT, Tatung Company, or

25 Tatung Co. of America for infringement of the '237, '457, '942 and '537

26 side-mount patents.

27
                                    - 10 -
28

1    Finally, the issue of standing is different from, and independent of, whether

2  LPL or CPT currently has ownership rights in the side-mount patents. Standing is

3  a jurisdictional issue, which is not to be confused with the merits of the case. *See,*

4  *e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (determining that in

5  order for a party "to invoke the jurisdiction of the federal courts," that party "must

6  satisfy the threshold requirement imposed by Article III of the Constitution . . .").

7

8

9                                          **CONCLUSION**

10   Based on the foregoing, the Court hereby **DISMISSES** Plaintiff LG.

11  Philips, LCD, Ltd.'s claims for infringement of the side-mount patents (U.S.

12

13  Patent Nos. 5,926,237, 6,002,457, 6,020,942, and 6,373,537) against Defendants

14  CPT, Tatung Company of America, and Tatung Company, and Defendants in

15  Consolidated Case Nos. CV 03-2886, CV 03-2866, CV 03-2884 and CV 03-2885

16  (Consolidated Defendants ViewSonic Corporation, Jean Co., Lite-On Technology,

17  TPV Technology, and Envision Peripherals, Inc.), whom the Court deems to have

18

19  joined in the motion *ab initio.*

20

21  IT IS SO ORDERED.

22  DATE: January 19, 2007

                                    CONSUELO B. MARSHALL
23                                  UNITED STATES DISTRICT JUDGE

24

25

26

27
                                          - 11 -
28

# EXHIBIT C

# Greenberg
# Traurig

Frank E. Merideth, Jr.
Tel. 310.586.7825
Fax 310.586.7800
MeridethF@gtlaw.com

February 1, 2007

**VIA EMAIL AND FIRST-CLASS MAIL**

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, Delaware 19801

Re:     <u>L.G. Philips v. ViewSonic, et al.</u>

Dear Mr. Kirk:

      This is in response to your letter of January 30, 2007 regarding your disclosure of confidential information from the <u>LPL v. Tatung</u> Case No. 05-292 case.

      Your attempt to create an excuse for your inexcusable conduct is just plain wrong.

      Your suggestion that there was some agreement that the parties would advise each other of purported discrepancies in discovery provided in different cases is not correct. The letter to Ms. Ho you reference does not document or reference any such agreement by the Tatung defendants. Rather, it addresses the ongoing -- and very real concern -- raised by Ms. Ho and Mr. Krietzman during the parties' December 2006 meet and confer that Mr. Connor violated the Protective Order in the California case by referencing a document produced in the California case during the parties' meet and confer regarding discovery issues in this case. Their position in December is entirely consistent with the position expressed in my correspondence and not consistent with your contention.

      The agreement that you describe would include the use and disclosure of materials designated as confidential pursuant to the Protective Order in Case No. 05-292 without the consent of all of the parties or an order of the Court. Clearly, under the Protective Order, the use or disclosure of confidential material requires the consent of all of the parties or an amendment of the Protective Order. The Tatung defendants not only have not consented to such use, they have objected consistently in writing and orally in the proceedings before the Special Master to such use or disclosure. I have never heard or seen any consent by Chungwa Picture Tubes. If Viewsonic had agreed to such an arrangement, which Mr. Miller denies, you would not have had to withhold service of the

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

www.gtlaw.com

Richard D. Kirk, Esq.
February 1, 2007
Page 2

partial transcript from Mr. Miller. If you are aware of any consents, please advise me immediately.

Mr. Christenson represented that he would seek an order modifying the Protective Order so that Mr. Miller and I could see the discovery from the 05-292 case, which is a precondition to any agreement regarding use in this case of discovery from the 05-292 case. This representation is not consistent with the agreement you describe. Mr. Christenson would not have stated that LPL needed to seek an order modifying the Protective Order if he believed that the parties already had reached an agreement regarding use of discovery from the other cases. I have not seen any application to the Court or an Order permitting LPL to use information obtained from the 05-292 case or in the California action in this litigation.

Moreover, LPL's litigation position is not consistent with the agreement you describe. In the California litigation, LPL vehemently resisted the use of any discovery documents produced in the 05-292 case and required Tatung to obtain an order from the Special Master in order to share a single document in camera with the Court in California. We have never been notified of a change in that position.

Finally, the agreement that you have described makes no sense from the Tatung defendants vista because we do not have access to the deposition transcripts or the exhibits from the 05-292 case. Even if we had those materials, we could not use or disclose those materials absent all parties' consent or an order of the Court.

Very truly yours,

Frank E. Merideth, Jr.

FEM:cdb
cc:    Scott Miller (via email)
       Cass Christenson (via email)
       Rel Ambrozy (via email)
       Lora Brzezynski (via email)
       Mark Krietzman (via email)
       Valerie Ho (via email)
       Steve Hassid (via email)
       James Heisman (via email)

# Greenberg Traurig

Frank E. Merideth, Jr.
Tel. 310.586.7825
Fax 310.586.7800
MeridethF@gtlaw.com

**VIA EMAIL AND FIRST-CLASS MAIL**

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, Delaware 19801

Re:    <u>L.G. Philips v. ViewSonic, et al.</u>

Dear Mr. Krk:

    The Tatung defendants believe that the reference in your January 24, 2007 letter to Mr. Poppiti to the deposition of Ms Yang and the attachment of excerpts from her confidential deposition as Exhibit E to that letter was improper, in violation of the Protective Order in <u>LPL v. Tatung Company</u>, Case No. 05-292(JJF) and the parties agreements. We request that you withdraw the letter and that Exhibit. If you are unwilling to do so, we request a meet and confer on this subject in anticipation of filing a motion to strike. Please advise me by close of business today whether you will withdraw the January 24, 2007 letter and Exhibit. If you refuse to do so, we request a meet and confer on January 31, 2007 at 2:00 PM EST.

Very truly yours,

Frank E. Merideth, Jr.

FEM:cdb
cc:    Scott Miller (via email)
      Cass Christenson (via email)
      Rel Ambrozy (via email)
      Lora Brzezynski (via email)
      Mark Krietzman (via email)
      Valerie Ho (via email)
      Steve Hassid (via email)

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | Los Angeles Office | 2450 Colorado Avenue | Suite 400E | Santa Monica, CA 90404
LA 128712981v1 1/30/2007    Tel 310.586.7700 | Fax 310.586.7800

www.gtlaw.com

# EXHIBIT D

# Greenberg Traurig

Frank E. Merideth, Jr.
Tel. 310.586.7825
Fax 310.586.0276
MeridethF@gtlaw.com

February 13, 2007

## VIA EMAIL AND FIRST CLASS MAIL

Rel Ambrozy, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re: <u>LG. Philips, LCD Co., Ltd v. Tatung Company</u>

Dear Rel:

This is in response to your letter of February 7, 2007 to Valerie Ho.

It is true that you promptly responded to our concerns about compliance by LG. Philips, LCD Co., Ltd (LPL) and its attorneys with the Protective Order. However, as explained by Ms Ho, while your response was prompt, it was inadequate to allay our clients' legitimate concerns. Your letter of February 7, 2007 also is not sufficient, in our view, to resolve this matter.

In connection with the discovery in this case, the Tatung defendants have provided and are being required to provide highly confidential financial, technical and customer information to one of its competitors. Not only are LG Electronics (LGE), LPL and their customers competing in the market place with the Tatung defendants, LGE and LPL are using patents involving flat screen display technology aggressively to limit the types and numbers of competing products the Tatung defendants can sell. The only protection the Tatung defendants have against the improper exploitation of the confidential information they are being forced to provide is the Protective Order. Frankly, as pointed out below and in my prior correspondence, it does not appear that the McKenna lawyers or LPL take that Protective Order very seriously.

You confirm in your letter that the Powers of Attorney (POA) respecting LGE and LPL patent prosecutions on file with the PTO are not complete or accurate. We agree, and that is part of the problem. However, it is McKenna, not the Tatung defendants, who have filed the powers of attorney that you say are outdated, inaccurate and overly broad. We must assume the Powers of Attorney are accurate or you would have corrected them since the "errors" were brought to your attention.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

www.gtlaw.com

Rel Ambrozy, Esq.
February 13, 2007
Page 2

You suggest we are only concerned about some old Loeb & Loeb Powers of Attorney. Those documents are troubling to be sure. But, more specifically, we have identified two recently filed applications by McKenna involving flat panel displays in which Messrs. Auito and Angert are listed as prosecutors. Further, contrary to your representation, it does not appear these are merely "boilerplate" documents since there are different prosecutors from McKenna listed on other applications.

Of course, the information filed with the PTO should be accurate, whether the applications and Powers of Attorney were originally filed by Loeb & Loeb or by McKenna. However, whether the filings are boilerplate, overbroad or incorrect is not the heart of the matter. The heart of the matter is that there is prima facie evidence, in the form of recent, uncorrected Powers of Attorney that identify McKenna lawyers who have access to confidential information in this litigation and are prosecuting flat screen display patents. This conduct clearly is prohibited by the Protective Order.

In addition to the earlier identified problem of McKenna lawyers involved in this case prosecuting flat screen display patents for LPL and LGE, our recent review of this matter identified a further serious problem. We have discovered that at least one lawyer on the McKenna litigation team with access to confidential information, Jennifer Davis, is directly supervised by Matthew Bailey who is listed on several of the McKenna Powers of Attorney as prosecuting flat screen patents for LGE and LPL. It is obvious Mr. Bailey cannot satisfy the District of Columbia supervision requirements without seeing Ms. Davis' work and discussing it with her. Such supervision thus is a further violation of the Protective Order.

From our clients' perspective, these issues have to be viewed against the backdrop of the history of LGE and LPL co-opting and laying claim to the technology and inventions of others (i.e. the US patent family for so-called side mounting) and of recent violations of the 05-0292 Protective Order by McKenna lawyers have admitted to actively reviewing the confidential transcripts of depositions taken and confidential documents produced in that case in their preparation for this case. It is also troubling that McKenna lawyers are not only unapologetic for their actions, but rather are aloof in their plans to continue with these violations of the Protective Order.

Thus, your bald, uncorroborated denials are not sufficient in our view at this point. Again, we request that you provide the following information:

1.    Provide a list of all patent agents and attorneys who are identified as attorneys of record (by POA, USPTO website and in any tracking scheme McKenna maintains) on all patents and patent applications prepared on behalf of LPL, LGE or employee inventors of LPL or LGE, including USPTO patents and patent applications and any foreign or PCT applications.

2.    Provide a list or redacted billing statements showing all who have billed time to this litigation.

Rel Ambrozy, Esq.
February 13, 2007
Page 3

    3.    Provide a list or redacted billing statements of all non-McKenna employees such as consultants to whom McKenna has given access to Tatung's confidential information and identify whether they are actually engaged by McKenna, LPL or LGE.

    4.    Provide a list or redacted billing statements of each employee, staff member, attorney or patent agent at McKenna who work with LPL, LGE and/or their employee inventors to translate, review and intake new patent disclosures or open new patent matters for same.

    5.    Provide details of exactly what McKenna has done, prior to our bringing these issues to your attention, to protect Tatung's proprietary data designated as "confidential" or "attorneys eyes only." Specifically, provide copies of what written or electronic instructions have been given to staff and lawyers and explain how the confidential information has been protected. Who had and has access to the confidential materials? How did you log access to such materials?

    Please confirm by February 14, 2007, that you will provide this information.

Very truly yours,

Frank E. Merideth, Jr.

FEM:cdb

cc:    Cass Christenson (via email)
        Lora Brzezynski (via email)
        Richard Kirk (via email)
        Scott Miller (via email)
        James Heisman (via email)
        Tracy Roman (via email)
        Jeffrey Bove (via email)
        Frederick Cottrell (via email)
        Mark Krietzman (via email)
        Valerie Ho (via email)
        Steve Hassid (via email)
        Mathew Bailey (via email)
        Michael Angert (via email)
        Derek Auito (via email)
        Coremac Conner (via email)

*LA 126722155v1 2/12/2007*

# EXHIBIT E

# McKenna Long
## & Aldridge<sub>LLP</sub>
### Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

San Diego

San Francisco

Washington, DC

Brussels

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

**REL S. AMBROZY**
**(202) 496-7693**

EMAIL ADDRESS
rambrozy@mckennalong.com

February 7, 2007

**VIA E-MAIL AND U.S. MAIL**

Valerie W. Ho, Esq.
Greenberg Traurig
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404

> Re:   LG.Philips LCD Co., Ltd. vs. ViewSonic Corporation, et al.
>        Delaware District Court, Case No. 04-343 JJF

Dear Valerie:

I write in response to your February 5, 2007 letter to Cass Christenson regarding our February 2 meet and confer.

As you acknowledge, we promptly responded last week to your concerns about whether LPL's attorneys have complied with the Protective Order in this case. LPL's attorneys have complied with all aspects of the Protective Order. LPL's attorneys, including Mr. Auito and Mr. Angert, have not engaged in any patent prosecution prohibited by the Protective Order. Moreover, you base your continued accusations of misconduct on a half-hearted investigation of the Power Of Attorney ("POA") forms - stating "it appears that the names of different groups of McKenna attorneys appear in connection with different applications." If you look closely at the POA forms that you cited in your letter (*i.e.*, Application Nos. 10/799,662 and 11/096,079) you will see that they were both executed in February of 1999, well before either Mr. Angert or Mr. Auito were practicing with McKenna. Moreover, the POA forms appoint the law firm of Loeb & Loeb (not McKenna) to prosecute the respective applications. Thus, my representation that the McKenna POA forms contain a boilerplate grouping of prosecuting attorneys and/or agents is accurate, you simply have to note that they are reflective of the time period in which they are executed.

Because we have already provided declarations confirming our compliance with the Protective Order, and our representations regarding the POA forms are accurate, your request for firm billing records and other intrusive information, including protected work product, is harassing and unwarranted. We will seek our fees and costs if Tatung causes us to incur any further fees and costs due to meritless attacks.

Valerie Ho, Esq.
Febfuary 7, 2007
Page 2

With respect to your point regarding the use of information from other cases in this case, we have discussed this issue repeatedly. Currently, Tatung has objected to incorporating and using in this case relevant discovery from other cases. As we have previously informed you, therefore, we reserve the right to seek relief in this case so that relevant information may be used in this case, to the extent we believe it is necessary or appropriate to do so.

We remain available to discuss these issues.

Sincerely,

Rel S. Ambrozy

RSA:ea
c:    Cass W. Christenson (by e-mail)
      Lora Brzezynski (by e-mail)
      Frank Merideth (by e-mail)
      Steve Hassid (by e-mail)
      Scott Miller (by e-mail)

# EXHIBIT F

US007022199B2

(12) **United States Patent**
Lee et al.

(10) Patent No.: **US 7,022,199 B2**
(45) Date of Patent: **Apr. 4, 2006**

(54) **METHOD FOR FABRICATING LCD**

(75) Inventors: **Sang Seok Lee**, Taegu-kwangyokshi (KR); **Sang Ho Park**, Pusan-kwangyokshi (KR)

(73) Assignee: **LG.Philips LCD Co., Ltd.**, Seoul (KR)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 209 days.

(21) Appl. No.: **10/184,083**

(22) Filed: **Jun. 28, 2002**

(65) **Prior Publication Data**

US 2003/0145944 A1 Aug. 7, 2003

(30) **Foreign Application Priority Data**

Feb. 6, 2002 (KR) ........................... 2002-6656

(51) Int. Cl.
*G02F 1/13* (2006.01)

(52) **U.S. Cl.** ............... 156/106; 156/273.1; 156/285; 156/312; 349/187; 349/190

(58) **Field of Classification Search** ............... 156/99, 156/106, 273.1, 285, 312; 349/187, 190, 349/191

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,978,580 A | 9/1976 | Leupp et al. | |
| 4,094,058 A | 6/1978 | Yasutake et al | |
| 4,653,864 A | 3/1987 | Baron et al. | |
| 4,691,995 A | 9/1987 | Yamazaki et al | |
| 4,775,225 A | 10/1988 | Tsuboyama et al | |
| 5,247,377 A | 9/1993 | Omeis et al | |
| 5,263,888 A | * 11/1993 | Ishihara et al | 445/25 |
| 5,379,139 A | 1/1995 | Sato et al. | |
| 5,406,989 A | 4/1995 | Abe | |
| 5,464,715 A | * 11/1995 | Nishi et al | 430/22 |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 1003066 A1 | 5/2000 |
| JP | 51-065656 | 6/1976 |
| JP | 57038414 | 3/1982 |
| JP | 57088428 | 6/1982 |
| JP | 58027126 | 2/1983 |
| JP | 59-057221 | 4/1984 |
| JP | 59-195222 | 11/1984 |
| JP | 60-111221 | 6/1985 |
| JP | 60164723 | 8/1985 |
| JP | 60217343 | 10/1985 |
| JP | 61007822 | 1/1986 |
| JP | 61055625 | 3/1986 |
| JP | 62089025 | 4/1987 |
| JP | 62090622 | 4/1987 |
| JP | 62205319 | 9/1987 |
| JP | 63109413 | 5/1988 |
| JP | 63110425 | 5/1988 |
| JP | 63128315 | 5/1988 |
| JP | 63311233 | 12/1988 |
| JP | 05127179 | 5/1993 |
| JP | 05-154923 | 6/1993 |
| JP | 05265011 | 10/1993 |
| JP | 05281557 | 10/1993 |
| JP | 05281562 | 10/1993 |
| JP | 06051256 | 2/1994 |
| JP | 06148657 | 5/1994 |
| JP | 6160871 | 6/1994 |
| JP | 06-235925 | 8/1994 |
| JP | 06265915 | 9/1994 |

(Continued)

*Primary Examiner*—John L. Haran
(74) *Attorney, Agent, or Firm*—McKenna Long & Aldridge LLP

(57) **ABSTRACT**

A method for fabricating an LCD includes the steps of loading a first substrate having liquid crystal dropped thereon and a second substrate having sealant coated thereon on a bonding chamber, aligning the first and second substrates, bonding the first and second substrates with a varied pressure applied thereto, and unloading the bonded first and second substrates.

**21 Claims, 11 Drawing Sheets**



# United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz Alerts | News | Help

| Portal Home | Patents | Trademarks | Other |

## Patent eBusiness

- Electronic Filing
- Patent Application Information (PAIR)
- Patent Ownership
- Fees
- Supplemental Resources & Support

## Patent Information

Patent Guidance and General Info
- Codes, Rules & Manuals
- Employee & Office Directories
- Resources & Public Notices

## Patent Searches

Patent Official Gazette
- Search Patents & Applications
- Search Biological Sequences
- Copies, Products & Services

## Other

Copyrights
Trademarks
Policy & Law Reports

---

Patent Application Information Retrieval

**Select Search Method:**

Application Number

**Enter Number:**

[SUBMIT]

Order Certified Application As Filed
Order Certified File Wrapper
View Order List

---

10/184,083    METHOD FOR FABRICATING LCD

| Application Data | Transaction History | Image File Wrapper | Patent Term Adjustments | Foreign Priority | Published Documents | Fees | Publication Dates | Address & Attorney/Agent |

## Attorney/Agent Correspondence Information

### Correspondence Address

Name:        MCKENNA LONG & ALDRIDGE LLP

Address:     1900 K STREET, NW
             WASHINGTON DC 20006
             UNITED STATES (US)

### Attorney/Agent Information

| Reg # | Name | Phone |
|-------|------|-------|
| 35210 | Jung, Song | 202-496-7413 |

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).*
- *Send general questions about USPTO programs to the USPTO Contact Center (UCC).*
- *If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.*

Home | Site Index | Search | eBusiness | Help | Privacy Policy

US007123315B2

## (12) United States Patent
### Bang et al.

(10) Patent No.: **US 7,123,315 B2**
(45) Date of Patent: **Oct. 17, 2006**

(54) **LIQUID CRYSTAL DISPLAY PANEL**

(75) Inventors: **Yong Ik Bang**, Taegu-Kwangyokshi (KR); **Dong Yeung Kwak**, Taegu-Kwangyokshi (KR); **Sung Il Park**, Kyonggi-do (KR)

(73) Assignee: **LG. Philips LCD Co., Ltd.**, Seoul (KR)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **11/114,133**

(22) Filed: **Apr. 26, 2005**

(65) **Prior Publication Data**

US 2005/0195343 A1    Sep. 8, 2005

### Related U.S. Application Data

(62) Division of application No. 10/025,904, filed on Dec. 26, 2001, now Pat. No. 6,900,860.

(30) **Foreign Application Priority Data**

Dec. 22, 2000    (KR) ............... 2000-80214

(51) **Int. Cl.**
*G02F 1/136*    (2006.01)

(52) **U.S. Cl.** ................... **349/44; 349/110**

(58) Field of Classification Search ............ 349/44, 349/110–111
See application file for complete search history.

(56) **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 5,446,562 | A | * | 8/1995 | Sato ............ | 349/42 |
| 5,513,028 | A | * | 4/1996 | Sone et al. ..... | 349/139 |
| 5,877,830 | A | * | 3/1999 | Shimada et al. .... | 349/110 |
| 6,204,895 | B1 | * | 3/2001 | Nakamura et al ..... | 349/5 |
| 6,768,535 | B1 | * | 7/2004 | Yasukawa et al ..... | 349/187 |

* cited by examiner

*Primary Examiner*—Joan Ton
(74) *Attorney, Agent, or Firm*—McKenna Long & Aldridge LLP

(57)    **ABSTRACT**

A liquid crystal display (LCD) panel that has even luminance with high picture quality is disclosed. The LCD panel includes a first substrate provided with a plurality of gate and data lines, the gate lines being arranged to cross the data lines to define a plurality of pixel regions in a matrix arrangement; a second substrate provided with a black matrix layer to shield portions other than the pixel region from light; and a liquid crystal layer injected between the first and second substrates, wherein the pixel regions at a surrounding portion have an aperture ratio lower than that of the pixel regions at the other portions.

**5 Claims, 13 Drawing Sheets**

# United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz Alerts | News | Help

Portal Home | Patents | Trademarks | Other

**Patent eBusiness** - ☐

☐ Patent Application Information Retrieval

+ Electronic Filing
+ Patent Application Information (PAIR)
+ Patent Ownership
+ Fees
+ Supplemental Resources & Support

**Patent Information**

Patent Guidance and General Info
+ Codes, Rules & Manuals
+ Employee & Office Directories
+ Resources & Public Notices

**Patent Searches**

Patent Official Gazette
+ Search Patents & Applications
+ Search Biological Sequences
+ Copies, Products & Services

**Other**

Copyrights
Trademarks
Policy & Law Reports

**Select Search Method:**

Application Number ▾

**Enter Number:**

[ SUBMIT ]

---

11/114,133      **LIQUID CRYSTAL DISPLAY PANEL**

| Application Data | Transaction History | Image File Wrapper | Patent Term Adjustments | Continuity Data | Foreign Priority | Published Documents | Fees | Publication Dates | Address & Attorney/Agent |

*ℹ* Order Certified Application As Filed
Order Certified File Wrapper
View Order List

## Attorney/Agent Correspondence Information

### Correspondence Address

Name:     MCKENNA LONG & ALDRIDGE LLP

Address:  1900 K STREET, NW
          WASHINGTON DC 20006
          UNITED STATES (US)

### Attorney/Agent Information

| Reg # | Name | Phone |
|-------|------|-------|
| 33920 | Kelly, John | 202-744-4787 |
| 41786 | Rudich, Rebecca | 202-496-7463 |
| 35210 | Jung, Song | 202-496-7413 |
| 50015 | Arroyo, Teresa | 240-304-7284 |

*If you need help:*

- Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).
- Send general questions about USPTO programs to the USPTO Contact Center (UCC).
- If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.

(12) **United States Patent**
Oh et al.

(10) Patent No.: **US 7,068,336 B2**
(45) Date of Patent: **Jun. 27, 2006**

(54) **LIQUID CRYSTAL DISPLAY DEVICE HAVING VARIABLE VIEWING ANGLE**

(75) Inventors: **Sung-Hun Oh**, Seoul (KR); **Man-Hoan Lee**, Seoul (KR)

(73) Assignee: **LG.Philips LCD Co., Ltd.**, Seoul (KR)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 237 days.

(21) Appl. No.: **10/734,180**

(22) Filed: **Dec. 15, 2003**

(65) **Prior Publication Data**

US 2004/0125298 A1    Jul. 1, 2004

(30) **Foreign Application Priority Data**

Dec. 13, 2002    (KR)    ..................... 10-2002-0079852
Dec. 24, 2002    (KR)    ..................... 10-2002-0083200

(51) **Int. Cl.**
*G02F 1/141*    (2006.01)
*G02F 1/133*    (2006.01)

(52) **U.S. Cl.** ....... ................ 349/123; 349/73; 349/129
(58) **Field of Classification Search** ............... 349/123, 349/129, 73

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,479,282 A | | 12/1995 | Toko et al. |
| 5,631,754 A | * | 5/1997 | Jannson et al. ............... 349/64 |
| 6,335,775 B1 | * | 1/2002 | Iwamura et al. ............ 349/125 |
| 6,388,649 B1 | | 5/2002 | Tanaka et al |
| 6,654,080 B1 | * | 11/2003 | Khan et al ............ 349/73 |
| 6,665,034 B1 | * | 12/2003 | Suzuki ............ ..... .... 349/129 |
| 6,842,210 B1 | * | 1/2005 | Hashimoto et al ...... 349/115 |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| JP | 08-152636 | 6/1996 |
| JP | 08-184836 | 7/1996 |

OTHER PUBLICATIONS

M. Hasegawa et al., 11.3: Reflective Stacked Crossed Guest-Host Display with a Planarized Inner Diffuser, SID 00 DIGEST, pp. 128-131

* cited by examiner

*Primary Examiner*—Toan Ton
(74) *Attorney, Agent, or Firm*—McKenna Long & Aldridge LLP

(57)    **ABSTRACT**

A liquid crystal display device having variable viewing angles includes a first liquid crystal cell having first and second substrates spaced apart from and facing each other, a pixel electrode formed on an inner surface of the first substrate, a common electrode formed on an inner surface of the second substrate, and a first liquid crystal layer interposed between the pixel electrode and the common electrode; a second liquid crystal cell on the first liquid crystal cell, the second liquid crystal cell having third and fourth substrates spaced apart from and facing each other, and two alignment layers, wherein the first and second alignment layers are arranged to have holographic patterns; and a switching part for selectively applying electric field to the second liquid crystal.

**10 Claims, 8 Drawing Sheets**

# United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz Alerts | News | Help

| Portal Home | Patents | Trademarks | Other |

**Patent eBusiness**
- Electronic Filing
- Patent Application Information (PAIR)
- Patent Ownership
- Fees
- Supplemental Resources & Support

**Patent Information**
- Patent Guidance and General Info
- Codes, Rules & Manuals
- Employee & Office Directories
- Resources & Public Notices

**Patent Searches**
- Patent Official Gazette
- Search Patents & Applications
- Search Biological Sequences
- Copies, Products & Services

**Other**
- Copyrights
- Trademarks
- Policy & Law
- Reports

## Patent Application Information Retrieval

### Select Search Method:

Enter Number:

Application Number ▾

**SUBMIT**

**10/734,180**    LIQUID CRYSTAL DISPLAY DEVICE HAVING VARIABLE VIEWING ANGLE

| Application Data | Transaction History | Image File Wrapper | Patent Term Adjustments | Continuity Data | Foreign Priority | Published Documents | Fees | Publication Dates | Address & Attorney/Agent |

*i* Order Certified Application As Filed
Order Certified File Wrapper
View Order List

## Attorney/Agent Correspondence Information

### Correspondence Address

Name:      MCKENNA LONG & ALDRIDGE LLP

Address:   1900 K STREET, NW
           WASHINGTON DC 20006
           UNITED STATES (US)

### Attorney/Agent Information

| Reg # | Name | Phone |
|-------|------|-------|
| 41786 | Rudich, Rebecca | 202-496-7463 |

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).*
- *Send general questions about USPTO programs to the USPTO Contact Center (UCC).*
- *If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.*