IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG COMPANY, et al.,<br><br>Defendants. | Civil Action No. 04-343 (JJF) |

**NOTICE OF FED.R.CIV.P. 30(b)(6) DEPOSITION *DUCES TECUM*
AND FED.R.CIV.P. 45 SERVICE OF SUBPOENA
(RADIOSHACK CORPORATION)**

TO:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Tracy Roman, Esq.
Raskin  Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

PLEASE TAKE NOTICE that Plaintiff will take the deposition *duces tecum* of

Radioshack Corporation ("Radioshack") pursuant to Fed. R. Civ. P. 30(b)(6), on March 22, 2007

at 10:00 a.m.  The deposition will take place at the offices of Esquire Deposition Services, 1700

Pacific Ave., Suite 4750, Dallas TX 75201.  The deposition will be videotaped and taken before

a notary public or court reporter, duly authorized to administer oaths and transcribe the testimony

of the deponent(s) and may use technology that permits the real time display of the deposition

transcript for attendees who bring a compatible computer.  The deposition may continue from

day to day until completed if authorized by the Court or stipulated by the parties.

      PLEASE ALSO TAKE NOTICE that LG.Philips LCD Co., Ltd. is serving Radioshack

with a subpoena (the "Subpoena"), a copy of which is attached hereto.  The subjects covered in

the deposition will include (but are not limited to) the subjects listed on Attachment A to the

Subpoena.  Pursuant to Fed. R. Civ. P. 30(b)(6), Radioshack is required to designate one or more

persons to testify at the deposition as to the matters known or reasonably available to Radioshack

concerning all topics listed in Attachment A to the Subpoena.  In addition, the Subpoena requires

Radioshack to produce at the deposition the documents listed in Attachment B to the Subpoena.

      You are invited to attend and cross examine.


February 26, 2007

                THE BAYARD FIRM

                /s/ Richard D. Kirk (rk0922)
                Richard D. Kirk
                Ashley B. Stitzer
                222 Delaware Avenue, Suite 900
                P.O. Box 25130
                Wilmington, DE  19899-5130
OF COUNSEL:           rkirk@bayardfirm.com
Gaspare J. Bono         (302) 655-5000
Matthew T. Bailey       Counsel for Plaintiff
Lora A. Brzezynski       LG.PHILIPS LCD CO., LTD.
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

OAO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

## UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

| LG.PHILIPS LCD CO., LTD. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| TATUNG COMPANY, et al. | |

Case Number:[1]    04-343 (JJF)

TO:    **RadioShack Corporation**
      **Riverfront Campus World Headquarters**
      **300 RadioShack Circle, Ft. Worth, TX 76102-1964**

United States District Court for the District of Delaware

    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below

G   to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a

X   deposition in the above case. (See Attachment A for topics.)

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Deposition Services, 1700 Pacific Ave. Ste 4750, Dallas TX 75201 | March 22, 2007 at 9:00 am. |

    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at

X   the place, date, and time specified below (list documents or objects): All documents listed in Attachment B.

| PLACE | DATE AND TIME |
|---|---|
| Mail documents to: McKenna Long & Aldridge LLP, Attn:  Shari Klevens c/o Esquire Deposition Services, 1700 Pacific Ave. Ste 4750, Dallas TX 75201 | March 15, 2007 at 9:00 a.m. |

G   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER=S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| Shari Klevens (Attorney for Plaintiff)  *Shari Klevens* | February 26, 2007 |

ISSUING OFFICER=S NAME, ADDRESS AND PHONE NUMBER
Shari Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
Telephone: 202-496-7612

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)    fails to allow reasonable time for compliance,
        (ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)   subjects a person to undue burden.

    (B) If a subpoena

        (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)   requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
        (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

DC:50459468.1

## ATTACHMENT A: TOPICS TO BE ADDRESSED AT THE DEPOSITION

For purposes of this Attachment, RadioShack Corporation should use the following definition for the terms used herein.

A.     "RadioShack," "you," and "your" as used herein, means RadioShack Corporation and all persons or entities acting or purporting to act on your behalf, and any affiliates of RadioShack Corporation.

B.     "ViewSonic" means Defendant ViewSonic Corporation, and all persons or entities acting or purporting to act on ViewSonic's behalf, and any affiliates of ViewSonic, including, but not limited to, entities, divisions, and affiliates located in Taiwan.

C.     "ViewSonic products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for ViewSonic.  This includes all such products, regardless of brand name, and thus includes, but is not limited to, ViewSonic brand products.

D.     "Tatung Company" means Defendant Tatung Company, all persons or entities acting or purporting to act on Tatung Company's behalf, and affiliates of Tatung Company including but not limited to Tatung Company.

E.     "Tatung Company products" as used herein any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for Tatung Company.  This includes all such products, regardless of brand name, and thus includes, but is not limited to, Tatung brand products.

F.     "Tatung America" means Defendant Tatung Company of America, Inc., and all persons or entities acting or purporting to act on Tatung Company of America's behalf, including, but not limited to Tatung Company of America.

G.     "Tatung America products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for Tatung America.  This includes all such products, regardless of brand name, and thus includes, but is not limited to, Tatung America brand products.

H.     "TSTI" means Tatung Science and Technology, Inc., and all persons or entities acting or purporting to act on Tatung Science and Technology's behalf, including, but not limited to Tatung Science and Technology.

I.     "TSTI products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for TSTI.  This includes all such products, regardless of brand name, and thus includes, but is not limited to, TSTI brand products.

J.     "Affiliate(s)" means any corporation or other entity that controls, is controlled by or is under common control with the identified corporation or entity, including without limitation partnerships, parents, subsidiaries and divisions.

K.     "Visual display products" means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs.

Attachments A to Fed. R. Civ. P. 45 Subpoena

Page 2 of 6

L.     "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information between two of more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

M.     "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, describing, discussing, evidencing or constituting the referenced subject.

N.     "Discuss," "discussing," "relate to" "relating to," "support" or "supporting" means in any way directly or indirectly, in whole or in part, discussing, referring to, regarding, constituting, concerning, about, pertaining to, relating to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling or negating.

O.     "Identify" used in respect to a company or corporate or business entity of any kind means to set forth:

     a.   the full name of the company;

     b.   the full name of the division or office involved, if applicable; and

     c.   the address of the company and of the division or office involved, if applicable.

P.     "Identify" used in respect to a document or thing means:

    a.   to provide a brief description of such document or thing, including date, author, recipients, type, and content or substance;

    b.   to identify the custodian of the document or thing;

    c.   to identify the place where the document or thing may be inspected; and

    d.   if a copy of the document has been supplied to LPL, to so state and specifically identify the copy supplied by reference to production numbers or other identifying information.

Q.    "Identify" used with respect to a natural person means to state:

    a.   the full name;

    b.   the present or last known business and residence addresses;

    c.   the last known employer or job affiliation; and

    d.   the last known occupation and business position or title held.

R.    "Import" or "importation" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

S.    "Make" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

T.    "Offer to sell" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

U.    "Person" means any natural person, firm, association, partnership, corporation, or other form of legal entity.

V.    "Sell" or "sale" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

W.    The use of the singular form of any word includes the plural and vice versa.

The topics to be covered in the deposition include:

Attachments A to Fed. R. Civ. P. 45 Subpoena

1.     The nature of the business relationship and transactions between RadioShack and Tatung Company, Tatung America, TSTI, and/or ViewSonic relating to the sale, distribution, or importation of visual display products, including but not limited to the agreements between RadioShack, Tatung Company, Tatung America, TSTI, and/or ViewSonic.

2.     The scope, nature and purpose of communications between RadioShack and Tatung Company, Tatung America, TSTI, and ViewSonic (a) concerning the sale or marketing in the United States of visual display products manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic, (b) communications regarding any product support assistance or warranties that Tatung Company, Tatung America, TSTI, and/or ViewSonic have provided to RadioShack, and (c) communications regarding the market trends for visual display products in the United States.

3.     Any agreements or contracts pursuant to which RadioShack has agreed to purchase Tatung Company's, Tatung America's, TSTI's and/or ViewSonic's visual display products either directly from Tatung Company, Tatung America, TSTI, or ViewSonic or indirectly by purchasing such products from any OEMs.

4.     RadioShack's activities or efforts related to the distribution or sale of visual display products in the United States manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic.

5.     All channels, distributors, suppliers, and networks through which products made in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic have been shipped, imported, sold, and/or distributed in the United States.

Attachments A to Fed. R. Civ. P. 45 Subpoena

6.     RadioShack's sales of its visual display products that were manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic, including the quantity and dollar amount of such sales, by product.

7.     The date(s) and location(s) of any in person meetings in the United States between employees or representatives of RadioShack and of a) Tatung, b) Tatung America, c) TSTI, and/or d) ViewSonic, the identity and job descriptions of participants in such meetings, and the substance of issues discussed or addressed in such meetings.

DC:50459616.1

Attachments A to Fed. R. Civ. P. 45 Subpoena

Page 6 of 6

## ATTACHMENT B: DOCUMENTS TO BE PRODUCED

For purposes of this Attachment, RadioShack Corporation should refer to Attachment A for the definition or meaning of terms used herein, which definitions are incorporated herein by reference.  In addition, the following definition applies:

A.    "Document" means all types of documents and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries or interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, or opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, computer printouts, floppy disks, hard drives, CD-ROM's, magnetic tapes and other data compilations from which

information can be obtained or translated, if necessary by RadioShack through detection devices into reasonably usable form. The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, prototypes, models, and specimens.

The documents to be produced on or before March 5, 2007, include the following:

1.      All documents provided by Tatung Company, Tatung America, TSTI, or ViewSonic to RadioShack since January 1, 2002 regarding marketing, sales, or business documents or presentation materials and any documents relating to warranties, product support, or service provided by Tatung Company, Tatung America, TSTI, or ViewSonic regarding their visual display products.

2.      Documents provided by RadioShack to Tatung Company, Tatung America, TSTI, or ViewSonic since January 1, 2002 sufficient to show RadioShack's market for visual display products, and/or market trends in the United States for visual display products.

3.      Documents sufficient to show the business relationship between RadioShack and Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002, including communications with Tatung Company, Tatung America, TSTI, and/or ViewSonic, notes from meeting with Tatung Company, Tatung America, TSTI, and/or ViewSonic, and documents in which RadioShack has agreed to purchase visual display products directly from Tatung Company, Tatung America, TSTI, and/or ViewSonic.

4.      All documents from January 1, 2002 by which RadioShack has agreed to purchase from original equipment manufacturers ("OEMs") any visual display products that RadioShack had reason to believe were manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic, and documents sufficient to show

Attachments B to Fed. R. Civ. P. 45 Subpoena

Page 2 of 4

that Tatung Company, Tatung America, TSTI, and/or ViewSonic received notice of RadioShack's agreements to purchase.

5.    Documents sufficient to show RadioShack's receipt or purchase of visual display products sold, manufactured, shipped, imported, or distributed in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002.

6.    Documents sufficient to show the total quantity of visual display products sold, by product, by RadioShack that were manufactured or assembled in whole or in part by Tatung Company, Tatung America, and/or ViewSonic since January 1, 2002, including separate summaries for (1) Tatung Company products, (2) Tatung America products, (3) TSTI products, and (4) ViewSonic products.

7.    Documents sufficient to show the sales by total dollar value and by quantity of visual display products sold, by product, by RadioShack that were manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002, including separate summaries for (1) Tatung Company products, (2) Tatung America products, (3) TSTI products, and (4) ViewSonic products.

8. Documents sufficient to identify each person RadioShack has communicated with at Tatung Company, Tatung America, TSTI, and/or ViewSonic.

.

DC:50459608.1

Attachments B to Fed. R. Civ. P. 45 Subpoena

Page 3 of 4

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 26, 2007, he electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Jeffrey B Bove, Esq.                        Frederick L. Cottrell, III, Esq.
Jaclyn M. Mason, Esq.                       Anne Shea Gaza, Esq.
Connolly Bove Lodge & Hutz LLP              Richards, Layton & Finger
1007 North Orange Street                    One Rodney Square
P.O. Box 2207                               P.O. Box 551
Wilmington, Delaware 19899-2207             Wilmington, DE 19899


The undersigned counsel further certifies that copies of the foregoing document

were sent by email to the above counsel on February 26, 2007, and will be sent by hand

on February 26, 2007, and were sent by email on February 26, 2007, and will be sent by

first class mail on February 26, 2007, to the following non-registered participants:

Scott R. Miller, Esq.                       Valerie Ho, Esq.
Connolly Bove Lodge & Hutz LLP              Mark H. Krietzman, Esq.
355 South Grand Avenue                      Frank C. Merideth, Jr., Esq.
Suite 3150                                  Greenberg Traurig LLP
Los Angeles, CA 90071                       2450 Colorado Avenue, Suite 400E
                                            Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067


                                            /s/ Richard D. Kirk (rk922)
                                            Richard D. Kirk

571447-1