# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

BY HAND AND BY EMAIL

February 26, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE  19801

   Re: *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

  This letter is a joint submission from the parties containing a general Status Report of the parties' efforts to resolve discovery disputes and compliance with deadlines.

I. <u>March 2, 2007 Status Conference and Hearing</u>

  The following new discovery motion is pending Your Honor's consideration during the March 2, 2007 status conference and hearing: ViewSonic's Motion to Compel LPL to Produce Technical and Mounting Documents filed on February 16, 2007. LPL filed its opposition to the motion on February 23, 2007.

  On February 20, 2007, the Tatung Defendants requested to stay production of the Tatung Defendants' confidential documents regarding unaccused products pending discovery and resolution of issues concerning LPL's alleged Protective Order violations. The Tatung Defendants' position is that these issues can be heard at the March 2, 2007 status conference and hearing. Alternatively, the Tatung Defendants propose that these issues be heard at the March 9, 2007 all day, in person hearing and that LPL's responsive papers be filed on March 2, 2007, LPL has not yet submitted its opposition to this motion. LPL's position is that Tatung needed to file its brief by February 16 to have been heard on March 2, 2007. LPL will file its reply brief on March 16, 2007, per the Special Master's instructions, or as otherwise instructed.

  As discussed below, the parties also seek Your Honor's assistance concerning other discovery issues that remain pending.

II. <u>New Scheduling Order</u>

  On February 21, 2007, the Special Master circulated an amended Omnibus Scheduling Order for this case, which was discussed during the Status Conference that day. On February 22,

652678-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
February 26, 2007
Page 2

2007, the parties further discussed the Scheduling Order, and reported to the Special Master an agreement concerning the following dates:

(1)   July 16, 2007:  Opening Expert Reports due;

(2)   August 17, 2007:  Expert Rebuttal Reports due; and

(3)   August 31, 2007:  Deadline for completing expert depositions.

III.   Issues Concerning Classification of Products by Mounting System and Sufficiency of Drawings Produced

On December 28, 2006, the Special Master heard LPL's requests for assistance in having Tatung categorize its visual display products by mounting system. On January 8, 2007, Tatung submitted its report concerning classification of products by mounting system. On January 18, 2007 LPL addressed the concerns raised in Tatung's January 8 report. This issue was discussed during the January 22, 2007 hearing. LPL submitted a proposal to Tatung on January 24, 2007, for classifying Tatung's mounting systems into specific categories. On January 29, 2007 LPL submitted a status report to the Special Master regarding developments on this issue and Tatung submitted a response to the Special Master on January 30, 2007. Tatung provided its categorization of products by common assembly drawing on January 30, 2007, and on January 31, 2007. Counsel discussed Tatung's categorization on February 2, 2007.

Tatung contends that it has produced all assembly drawings it could locate for the products at issue. Tatung contends that the assembly drawings are sufficient for LPL to determine whether the products infringe the patents-in-suit. LPL respectfully disagrees. Tatung further contends that it has provided to LPL the categorization information it previously agreed to provide, and, as a result, there is no pending issue regarding categorization. LPL respectfully disagrees. Tatung also has offered to provide updated categorization information for additional products included in its recently served amended and supplemental interrogatory responses. LPL disputes that the Tatung Defendants have provided or offered to provide the complete and relevant mounting categorization information.

With respect to Tatung America, it does not have assembly drawings or CAD/CAM drawings. It only has work instructions, all of which have been provided to LPL, according to Tatung America.

LPL contends that Tatung's production of drawings is insufficient to determine infringement. In this regard, LPL asserts that Tatung should produce CAD/CAM drawings and native format files for all flat panel display products. Tatung does not believe that they should have to produce these drawings for unaccused products. Tatung also is concerned with providing the CAD/CAM files in their native format because they can be manipulated or altered. The parties and Your Honor agreed during the February 21, 2007 hearing to schedule an in-person hearing so that Your Honor may determine whether the drawings produced by Tatung are insufficient to determine infringement. That hearing has been set for March 9, 2007 (specific starting time and location to be set by the Special Master).

652678-1

THE BAYARD FIRM

The parties believe that certain discovery is still outstanding and certain issues remain unresolved from the December 28, 2006 hearing. LPL and ViewSonic have exchanged correspondence on these issues. The parties seek assistance from the Special Master concerning the unresolved issues. Further, LPL seeks assistance concerning the availability and production of ViewSonic's visual display products.

On February 14, 2007, the Special Master ordered that ViewSonic must produce all technical and mounting-related documents in the possession of its OEMs. LPL awaits this production.

Based on LPL's inspection of Tatung products, LPL gave notice to Tatung of 17 additional accused products on January 23, 2007. Eight additional visual display products that LPL did not inspect were shipped to the Delaware office of Tatung's counsel, and were inspected by LPL counsel on February 7-9, 2007. LPL continues to seek samples of products made by the Tatung Defendants.

During the January 19, 2007 hearing, Tatung confirmed that they would correlate technical documents produced according to groups of Tatung products by mounting category or system, produce sales information for all products listed in response to LPL's Interrogatory 2, and provide brand and model number information for all Tatung products accused of infringing. On January 30, January 31, February 2, and February 13, 2007, Tatung provided document production supplementations. These supplementations did not include the sales summaries or the brand name and model information requested by LPL. LPL seeks the Special Master's assistance to obtain, before Tatung's depositions, outstanding discovery from the Tatung Defendants, including discovery that Tatung agreed to produce in the parties' December 2006 meet and confer discussions and the January 2007 teleconferences with the Special Master.

LPL served supplemental responses to ViewSonic's first and second sets of interrogatories on February 21, 2007. Tatung Company supplemented its responses to LPL's interrogatories on February 14, 2007, and Tatung Company of America supplemented its responses to LPL's interrogatories on February 13, 2007. ViewSonic served amended supplemental answers to LPL's interrogatories on February 20, 2007.

LPL confirms that, on January 22, 2007, LPL produced all bill of materials information to ViewSonic as agreed during the December 28, 2006 hearing. On February 8, 2007 ViewSonic stated that this production was illegible and was not responsive to Document Requests 82, 84-85, and 87. On February 12, 2007, LPL responded that its production was responsive to the relevant document requests. On February 13, 2007, LPL reproduced a clear copy of the documents as ViewSonic had requested. ViewSonic seeks the discovery responsive to Document Request 85 LPL agreed to provide during the December 28, 2006 hearing. *See* December 28, 2006 Hearing Transcript (D.I. 384), p. 134, l. 22 - 135, l. 7). ViewSonic also seeks complete discovery to Document Requests 82, 84-85, and 87 as outlined in its February 16, 2007 motion. LPL maintains that it has responded in good faith to these requests. ViewSonic seeks assistance from the Special Master concerning these unresolved issues.

Both LPL and ViewSonic filed a supplemental submission regarding ViewSonic Document Requests 71-74 and 118 on January 24, 2007. On February 6, 2007, LPL also

652678-1

produced documents potentially responsive to ViewSonic's document requests including, for example, ViewSonic's Document Requests 71-74. On February 16, 2007, LPL produced further discovery, including a list of modules with rear surface holes, and updated sales and profit information for 2005-2006, which is potentially responsive to ViewSonic's document requests. ViewSonic continues to seek complete responses to ViewSonic's Document Requests 71-74 as indicated in its January 24, 2007 supplemental submission and its February 16, 2007 motion to compel. LPL maintains that it has responded in good faith to these requests. ViewSonic seeks assistance from the Special Master concerning these unresolved issues.

ViewSonic seeks from LPL a copy of a 1996 agreement between DEC and LG Electronics ("the DEC agreement") which LPL expressly agreed to produce during the December 28, 2006 hearing. D.I. 384, p. 146, l. 21 - p. 148, l. 3. LPL has a copy of the DEC agreement produced by a third party under a protective order in another case. LPL has offered to seek permission from the third party to produce this agreement. ViewSonic believes that LPL conceded its possession and custody of and control over the DEC agreement during the December 28, 2006 hearing. ViewSonic also believes that, because the DEC agreement involved LG Electronics, LPL's parent and predecessor in interest, and is clearly related to the business that led to the formation of LPL, the DEC agreement is within LPL's possession, custody or control. Moreover, ViewSonic has been advised, and upon such information believes, that the subject agreement is not governed by a protective order in the other case referenced by LPL. ViewSonic seeks assistance from the Special Master concerning these unresolved issues. Now that ViewSonic has first raised these issues, LPL is willing to work with ViewSonic to resolve them. LPL requests an opportunity to do so.

IV.   Issues Concerning Deposition Scheduling

On February 22, 2007, the parties continued discussions on deposition scheduling and reached an agreement on deposition scheduling as to most of Defendants' witnesses. LPL reported on this agreement in Mr. Kirk's February 23, 2007 letter to the Special Master. LPL's witnesses are scheduled for depositions the weeks of February 26, 2007 and March 5, 2007.

On February 16, 2007, ViewSonic served deposition notices for Mr. Ho Lee and Mr. Yeong-Un Bang. On February 22, 2007 ViewSonic offered not to take Mr. Ho Lee's deposition provided that LPL agreed not to call Mr. Lee as a trial witness or use his declaration filed in this case. LPL will respond tomorrow to this proposal and expects to resolve this issue. LPL has not agreed to produce Mr. Bang for a deposition on a date certain. Again, LPL will respond tomorrow to ViewSonic's February 22, 2007 letter. LPL hopes to resolve this issue between counsel. LPL also does not agree with the Defendants regarding the amount of time that LPL's 30(b)(6) designees must be available to testify under the Special Master's recent guidance. Consequently, the parties have not agreed on deposition scheduling as to all of LPL's witnesses. ViewSonic submitted the present schedule of all party witnesses in Mr. Heisman's February 26, 2007 letter to the Special Master and, with assistance from the Special Master, the parties hope to resolve the remaining deposition scheduling issues during the February 26, 2007 telephone conference, or as soon thereafter as possible.

652678-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
February 26, 2007
Page 5

Recently, Defendants have identified persons with relevant knowledge or information, and LPL objects to the testimony of such witnesses at trial, or, alternatively, believes that LPL is entitled to depose any such individuals, at least to the extent that such witnesses may be offered as trial witnesses by Defendants. ViewSonic has advised LPL that the list of people with relevant knowledge or information is subject to change, based upon the different and new ViewSonic products that LPL accuses of infringement. LPL's February 21, 2007 supplemental responses to ViewSonic's interrogatories accuses ten new ViewSonic products of infringing the patents in suit. ViewSonic has no objection to LPL deposing ViewSonic witnesses, subject to the total deposition time limitations imposed on the parties. LPL will not be able to do so within the existing time limits, however, and believes that this is unfair. During the parties' meet and confer, the Tatung Defendants asked LPL to identify the new Tatung witnesses and LPL did not do so. LPL instead referred Tatung to Tatung's recently amended interrogatory answers. In any event, LPL has sufficient time to notice additional depositions but has not done so, according to the Tatung Defendants. LPL respectfully disagrees.

V.  Privilege Logs

On February 14, 2007, the Special Master provided guidance on the scope of the privilege logs and ordered that logs be exchanged on February 19, 2007. LPL served its privilege log on February 19, 2007. Tatung served a privilege log on February 21, 2007. ViewSonic did not serve a privilege log because ViewSonic has no documents, including post-filing documents, related to advice of counsel as a defense to alleged willful infringement. They have not received a separate opinion of counsel at this time, and believe they have nothing to log. The parties' agreement as to privilege logs was stated on the record during February 21, 2007 hearing. See February 21, 2007 hearing transcript, p. 56, l. 5 - p. 58, l. 12. The Tatung Defendants contend that LPL's privilege log is inadequate because it does not provide sufficient information for the parties to determine whether the communications are in fact privileged and includes communications with and among non-attorneys. LPL respectfully disagrees. The Tatung Defendants have sent a letter to LPL regarding these issues. LPL received this letter after the close of business on February 23, 2007, and LPL is responding today, including with respect to asserted deficiencies in the Tatung Defendants' one-page privilege log. The Tatung Defendants contend that their privilege log contains sufficient information.

VI.  Issues Concerning the Protective Order

As mentioned above, on February 20, 2007 the Tatung Defendants filed a motion regarding the Protective Order in this case. LPL will file an opposition to Tatung's motion. As LPL stated in the February 21, 2007 teleconference, LPL also has learned that attorneys at Greenberg Traurig are also involved in prosecuting patents for LCD technology. The Tatung Defendants contend that whether attorneys at Greenberg Traurig LLP are prosecuting patents relating to flat panel display device is not relevant because these attorneys are not on the litigation team in this case, unlike the McKenna attorneys, according to the Tatung Defendants. LPL respectfully disagrees. LPL has repeatedly confirmed that its litigation team in this case is not prosecuting patents for flat panel display technology as addressed in the protective order.

652678-1

**THE BAYARD FIRM**

The Honorable Vincent J. Poppiti<br>
February 26, 2007<br>
Page 6

    The Tatung Defendants also have objected to LPL using and disclosing deposition excerpts designated confidential from the <u>LG.Philips LCD Co. Ltd v. Tatung Company</u>, Case No. 05-292 (JJF) case in connection with LPL's motion to compel technical and assembly-related discovery. This matter was discussed during the February 21, 2007 hearing, and Your Honor found the issue was not ripe for his consideration. LPL maintains that it has acted properly but, to resolve this issue, LPL has agreed to withdraw Exhibit E from its motion, reserving the right to seek relief from the Court in this case and/or Case No. 05-292 (JJF). <u>See</u> February 23, 2007 communication from Mr. Kirk to Special Master Poppiti.

    The Tatung Defendants contend that withdrawing the improperly filed Exhibit E is insufficient. LPL's letter to the Special Master was filed in the public records and includes a discussion of Exhibit E. This letter has not been withdrawn or stricken from the record. In addition, the belated withdrawal of Exhibit E does not address the more important issue with respect to LPL's wholesale use of discovery from the other cases for purposes of this litigation. The Tatung Defendants will file a motion with the Special Master requiring LPL to disclose all of the confidential information from the other cases its attorneys in this case has reviewed and used in connection with this litigation. LPL notes that this issue is premature and not pending at this time. Further, LPL disagrees with the Tatung Defendants' contentions and characterizations.

VII.   <u>Other Issues</u>

    On February 23, 2007, ViewSonic served its Second Set of Requests for Admissions, its Third Set of Interrogatories, and its Third Set of Requests for Production, pursuant to paragraph 4(d) of the Scheduling Order, as amended by the January 17, 2007 Amended Scheduling Order.

Respectfully submitted,<br>
<em>/s/ Richard D. Kirk</em><br>
Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

652678-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 26, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

| | |
|---|---|
| Jeffrey B Bove, Esq. | Frederick L. Cottrell, III, Esq. |
| Jaclyn M. Mason, Esq. | Anne Shea Gaza, Esq. |
| Connolly Bove Lodge & Hutz LLP | Richards, Layton & Finger |
| 1007 North Orange Street | One Rodney Square |
| P.O. Box 2207 | P.O. Box 551 |
| Wilmington, Delaware 19899-2207 | Wilmington, DE 19899 |

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on February 26, 2007, and will be sent by hand on February 26, 2007, and were sent by email on February 26, 2007, and will be sent by first class mail on February 26, 2007, to the following non-registered participants:

| | |
|---|---|
| Scott R. Miller, Esq. | Valerie Ho, Esq. |
| Connolly Bove Lodge & Hutz LLP | Mark H. Krietzman, Esq. |
| 355 South Grand Avenue | Frank C. Merideth, Jr., Esq. |
| Suite 3150 | Greenberg Traurig LLP |
| Los Angeles, CA 90071 | 2450 Colorado Avenue, Suite 400E |
| | Santa Monica, CA 90404 |

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1