# RICHARDS, LAYTON & FINGER
### A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL
(302) 651-7509
COTTRELL@RLF.COM

February 28, 2007

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

As Your Honor may be aware, the parties are involved in the deposition of Mr. Jong Hwan Kim this week in Washington D.C. During the deposition of Mr. Kim today, at least two major issues have arisen requiring Your Honor's immediate attention. As such, the Tatung Defendants respectfully request Your Honor permit the parties to address the two issues outlined below.

By way of background, in this case Mr. Kim wears three hats: (A) He is an inventor on the patents-in-suit; (B) He was the manager of LG Electronics and then LPL's patent department during the time frame that the patents in suit were prosecuted, as well as, during the time that LG Electronics/LPL decided to prosecute a patent application that ultimately matured into US Patent 5,835,139 (the '139 patent); and, (C) He is LPL's chosen designee under 30(b)(6) on all technology issues in all four of the pending deposition notices.

Given his numerous and varied roles in this case, Mr. Kim is uniquely situated to provide meaningful testimony. In anticipation of a lengthy deposition based on Mr. Kim's personal and institutional knowledge of the issues in the case and the fact that English is not Mr. Kim's native language, his deposition was noticed in November, 2006 and he is now in the United States for his deposition. Needless to say, the schedules of all parties have been adjusted to accommodate Mr. Kim's needs.

RLF1-3102120-1

The Honorable Vincent J. Poppiti
February 28, 2007
Page 2

Unfortunately, we have the encountered the following situations:

1. By way of background, below please find two figures. Figure 6 is from the LG Philips patent 5,835,139 (the '139 patent). The patent has a priority date which is more than 1 year before the patents in suit. Accordingly, the '139 patent is a publication which predates the patents in suit. There is no argument about the relevance of the '139 patent as a prior art reference. In fact, the '139 patent is cited as prior art in the patents in suit. Further, the '139 patent was the topic of several office actions from the USPTO during the prosecution patents in suit.

Attached are the above referenced Figure 6 (of the '139 patent) and Figure 4C (of the patents in suit). Defendants have attempted to question Mr. Kim on the similarities and/or differences between the elements identified and disclosed in Fig. 6 and Fig. 4C and the significance of these components, and any differences therein, to his invention that is the subject of the patents in suit. This questioning is part of the defendants' trial strategy and is necessary to narrow the true issues of controversy for both claim construction and trial regarding what LPL purportedly "invented" in the patents in suit. The questioning is proper under several categories of a pending 30(b)(6) notices, including categories 1(f), 7(c), 8(a),(c),(d), 10(b), of the deposition notice, which were not substantively objected to by counsel for LPL. Unfortunately, Mr. Kim is completely unprepared to provide testimony on these critical issues.

2. Mr. Kim is unprepared, has been instructed not to answer, and has refused to testify as a corporate witness concerning LPL's, and its predecessor companies (LG LCD, LG Soft and LG Electronics), prior research and development deals from which patent rights were misappropriated by LPL. Specifically, a District Court (CD Cal - Judge Marshall) found in recently dismissed litigation, involving the family of patents arising from US 5,835,139, that LPL did not have Article III standing to bring an action to enforce those patents, because LPL did not own them. Ownership of the technology (and patents) developed during a joint research and development project with a third party (DEC) automatically vested in DEC. LPL is completely blocking discovery related to this topic by instructing Mr. Kim not to provide testimony regarding the DEC agreement. This refusal to provide legitimate discovery should be rejected.

Accordingly, Defendants respectfully request that these issues be discussed on the call scheduled for today at 6 pm EST.

Respectfully,

*Frederick L. Cottrell, III /ass*

Frederick L. Cottrell, III

RLF1-3102120-1

The Honorable Vincent J. Poppiti
February 28, 2007
Page 3

ASG/afg

cc:
    Richard Kirk, Esquire (via electronic mail)
    Cormac T. Connor, Esquire (via electronic mail)
    Lora Brzezynski, Esquire (via electronic mail)
    Mark Krietzman, Esquire (via electronic mail)
    Scott R. Miller, Esquire (via electronic mail)
    Jeffrey B. Bove, Esquire (via electronic mail)

RLF1-3102120-1

The Honorable Vincent J. Poppiti
February 28, 2007
Page 4



The Honorable Vincent J. Poppiti
February 28, 2007
Page 5

| Element | '139 Patent (Yun Reference) | '641 Patent |
|---|---|---|
| First [Support] Frame | 190 | 14G |
| Reflector | 140 | 14F |
| Light Guide [Film] | 130 | 14E |
| Protection Sheet | 150 | 14D |
| First Prism Sheet | 160 | 14C |
| Second Prism Sheet | 170 | 14B |
| Diffuser | 180 | 14A |
| LCD Panel | 300 | 12 |
| Second [Supporting] Frame | 400 | 16 |