IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v., | ) Civil Action No. 04-343 (JJF) |
| | ) |
| TATUNG COMPANY | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| AND VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF SERVICE OF NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that copies of defendant Tatung Company's and Tatung Company of America, Inc.'s Notice of Deposition of Rebecca Goldman Rudich a copy of which is attached hereto were served on February 28, 2007 upon the following counsel of record via electronic mail and Federal Express at the addresses indicated below:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Jeffrey B. Bove, Esquire
Jaclyn M. Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Gaspare J. Bono, Esquire
Rel S. Ambrozy, Esquire
Lora A. Brzezynski, Esquire
Cass W. Christenson, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

Tracy R. Roman, Esquire
Raskin Peter Rubin & Simon LLP
1801 Century Park East
Suite 2300
Los Angeles, CA 90067

RLF1-3121357-1

                             Scott R. Miller, Esquire
                             Connolly Bove Lodge & Hutz LLP
                             355 South Grand Avenue
                             Suite 3150
                             Los Angeles, CA 90071

| Of Counsel: | /s/ Frederick L. Cottrell, III |
|---|---|
| Christopher Darrow | Frederick L. Cottrell, III (#2555) |
| Mark H. Krietzman | Anne Shea Gaza (#4093) |
| Frank E. Merideth, Jr. | Richards, Layton & Finger, P.A. |
| Alan R. Maler | One Rodney Square |
| Greenberg Traurig LLP | P.O. Box 551 |
| 2450 Colorado Avenue, Suite 400E | Wilmington, Delaware 19899 |
| Santa Monica, CA 90404 | (302) 651-7700 |
| Telephone: 310-586-7700 | cottrell@rlf.com |
| | gaza@rlf.com |
| Kathryn L. Clune | *Attorneys for Defendants Tatung Company* |
| Greenberg Traurig LLP | *and Tatung Company of America Inc.* |
| 800 Connecticut Avenue, N.W., Suite 500 | |
| Washington, DC 20006 | |

Dated: March 1, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2007 I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Jeffrey B. Bove, Esquire
James Heisman, Esquire
Jaclyn M. Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I hereby certify that on March 1, 2007 I caused to be sent the foregoing document to the following non-registered participants in the manner indicated below:

**VIA FEDERAL EXPRESS**
Gaspare J. Bono, Esquire
Rel S. Ambrozy, Esquire
Lora A. Brzezynski, Esquire
Cass W. Christenson, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

**VIA FEDERAL EXPRESS**
Tracy R. Roman, Esquire
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

**VIA FEDERAL EXPRESS**
Scott R. Miller, Esquire
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Anne Shea Gaza (#4093)
Gaza@rlf.com

RLF1-2967131-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG CO.; <br> TATUNG COMPANY OF AMERICA, INC.; AND <br> VIEWSONIC CORPORATION <br><br> Defendants. | CIVIL ACTION NO. 04-343 |

## NOTICE OF DEPOSITION OF REBECCA GOLDMAN RUDICH

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 26 of the Federal Rules of Civil Procedure ("FRCP"), Defendants Tatung Company and Tatung Company of America will take the deposition of Rebecca Goldman Rudich beginning on March 21, 2007 at 10:00 a.m. at the offices of Greenberg Traurig, LLP located at 800 Connecticut Avenue, N.W. Suite 500, Washington, D.C. 20006 or at such other time and/or place as counsel for all parties may agree in writing. The deposition will be conducted upon oral examination before a certified court reporter authorized by law to administer oaths. The deposition will continue from day to day until completed. The deposition will be recorded by videotape and stenographically, and may use technology that permits the real time display of the deposition transcript. Parties wishing to see the real time display must supply their own computer.

All parties are invited to attend and cross-examine.

Of Counsel:
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

Frank E. Merideth, Jr.
Mark H. Krietzman
Valerie W. Ho
Steve Hassid
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

*Attorneys for Defendant Tatung Company*

Dated: February 27, 2007

OAO 88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF __DISTRICT OF COLUMBIA__

LG PHILIPS LCD CO., LTD.

V.

TATUNG CO.; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-343
USDC, District of Delaware

TO: Rebecca Goldman Rudich
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC 20006-1108

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Greenberg Traurig LLP 800 Connecticut Avenue, N.W. Suite 500 Washington, D.C. 20006 | DATE AND TIME March 21, 2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendants Tatung Co., and Tatung Co. of America | DATE February 27, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
VALERIE HO, ESQ., GREENBERG TRAURIG, LLP, 2450 Colorado Avenue, Suite 400E, Santa Monica, CA 90404 (310) 586-7700

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

American LegalNet, Inc.
www.FormsWorkflow.com

AO 88 (Rev 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED:

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **2450 Colorado Avenue, Suite 400E, Santa Monica, CA 90404.**

On February 28, 2007, I served the **NOTICE OF DEPOSITION OF NEC ELECTRONICS AMERICA, INC. PURSUANT TO RULE 30(b)(6)** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ (BY E-MAIL - -PURSUANT TO THE AGREEMENT OF THE PARTIES)

☒ **(BY MAIL)**

☐ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☐ **(STATE)**      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 28, 2007, at Santa Monica, California.

_Monica A. Solorzano_
Signature

Monica A. Solorzano
Print Name

LA 126728826v1 2/22/2007

## SERVICE LIST

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006

Jeffrey B. Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1008 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 S. Grand Ave., Suite 3150
Los Angeles, CA 90071

Richard D. Kirk, Esq.
Ashley B. Stitzer
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

LA 126728826v1 2/22/2007