# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

BY HAND AND BY EMAIL
FILED ELECTRONICALLY

March 1, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

   **Re:**  *LG.Philips LCD Co., Ltd. v. ViewSonic*, **C.A. No. 04-343 JJF**

Dear Special Master Poppiti:

  I write on behalf of plaintiff LG.Philips LCD Co., Ltd. During yesterday's teleconference with counsel, you requested that LPL submit to Your Honor prior correspondence summarizing issues that LPL intends to discuss during tomorrow's discovery hearing concerning the Tatung Defendants. Attached please find copies of the letters and emails exchanged between counsel.

              Respectfully submitted,

              Richard D. Kirk (rk0922)

enclosures
cc: Counsel as shown on the attached certificate

653277-1

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 25, 2007

**VIA E-MAIL AND U.S. MAIL**

Frank E. Merideth, Jr., Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA 90404

Re: LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Frank:

During the January 22, 2007 discovery hearing, you expressed uncertainty concerning the extent to which the Tatung defendants have reports related to sales, as we are seeking in discovery. To ensure that the Tatung Defendants identify and produce all sales-related reports, please note that such reports may not be limited to reports called "sales reports." Responsive reports would include all sales-related reports, including documents referred to as "monthly sales plans," "marketing sales reports," "market survey reports", "monthly worldwide pulled" reports, "payments to vendor" reports, and/or by any other names. Such reports should be produced regardless of whether they were prepared by or for Tatung or its customers.

We look forward to receiving all reports concerning sales, however described or titled, as soon as possible.

Very truly yours,

Cass W. Christenson

CWC:ea

cc: Richard D. Kirk, Esq. (via e-mail)
    Mark Krietzman, Esq. (via e-mail)
    Valerie W. Ho, Esq. (via e-mail)
    Steve P. Hassid, Esq. (via e-mail)
    Anne Shea Gaza, Esq. (via e-mail)
    Frederick L. Cottrell, III, Esq. (via e-mail)

# Greenberg Traurig

Steve Hassid
Tel. 310.586.7700
Fax 310.586.7800
hassids@gtlaw.com

January 26, 2007

Via E-Mail and U.S. Mail

Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation et al.*
    **U.S. District Court Case No. 04-343 JJF**

Dear Cormac:

    I write in response to your letter to Frank Meredith dated January 25, 2007. During, the January 22, 2007 discovery hearing, there was no uncertainty or confusion on our part. We simply wanted to make it clear that your representation that Tatung America had particular records did not mean that Tatung Company had the same records or methods of recording. Additionally, during the January 22, 2007 discovery hearing and previous meet-and-confer sessions between the parties, Tatung agreed to provide sales summary data not "all sales-related reports."

    If there are specific sales reports you believe are covered by LPL's discovery requests, please identify, with as much detail as possible, the sales-related reports you desire and LPL's corresponding discovery request that cover those reports.

Sincerely,

Steve P. Hassid

cc:  Scott Miller (via e-mail)
     Frank Merideth (via e-mail)
     Richard Kirk, Esq. (via email)
     Jeffrey Bove, Esq. (via email)
     Mark Krietzman, Esq. (via email)
     Frederick L. Cottrell, III, Esq. (via email)

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | Los Angeles Office | 2450 Colorado Avenue | Suite 400E | Santa Monica, CA 90404
Tel 310.586.7700 | Fax 310.586.7800
www.gtlaw.com

LA 126711490v1 1/26/2007

# Christenson, Cass

| | |
|---|---|
| From: | MeridethF@GTLAW.com |
| Sent: | Sunday, January 28, 2007 1:58 PM |
| To: | Christenson, Cass |
| Cc: | KrietzmanM@GTLAW.com; HoV@GTLAW.com; HassidS@gtlaw.com |
| Subject: | RE: LG. Philips LCD Co., Ltd. V. ViewSonic Corporation, et al. 04-343 JJF - Letter of 1/26/2007 from Steve Hassid |

I think I have been clear in our discussions with the Special Master. We will produce sales related reports regarding accused products. We will not be producing such reports regarding products that have not been accused. Your suggestion that there is an agreement on our part to produce anything other than assembly drawings and sales summaries for products that are not accused is unwarranted and wrong.

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.


The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---

From: Christenson, Cass [mailto:cchristenson@mckennalong.com]
Sent: Sunday, January 28, 2007 10:47 AM
To: Bialas, Monika (Secy-LA-IP)
Cc: smiller@cblh.com; Merideth, Frank (Shld-LA-LT); rkirk@bayardfirm.com; jbove@cblh.com; Hassid, Steve (Assoc-LA-IP); gaza@rlf.com; Cottrell@rlf.com; Brzezynski, Lora; Ambrozy, Rel; Krietzman, Mark H. (Shld-LA-IP); Christenson, Cass
Subject: RE: LG. Philips LCD Co., Ltd. V. ViewSonic Corporation, et al. 04-343 JJF - Letter of 1/26/2007 from Steve Hassid

Dear Steve:  Thank you for your January 26 letter.  In response, as we previously informed Special Master Poppiti, LPL's document requests seek more than just summary sales data. One additional type of documents sought, for example, are reports related to sales as discussed in my January 25 letter.  We seek all responsive reports / documents, including, but not limited to, documents responsive to LPL's document requests to Tatung numbered 16, 17, 27, 41, 52, 58, 65, 67, and 70. Is Tatung producing these documents this week? Regards, Cass

-----Original Message-----
From: BialasM@gtlaw.com [mailto:BialasM@gtlaw.com]
Sent: Friday, January 26, 2007 8:46 PM
To: Christenson, Cass
Cc: smiller@cblh.com; MeridethF@GTLAW.com; rkirk@bayardfirm.com; jbove@cblh.com; HassidS@gtlaw.com; gaza@rlf.com; Cottrell@rlf.com; Brzezynski, Lora; Ambrozy, Rel; KrietzmanM@GTLAW.com
Subject: LG. Philips LCD Co., Ltd. V. ViewSonic Corporation, et al. 04-343 JJF - Letter of 1/26/2007 from Steve Hassid

1

Please see attached

Monika Bialas
Greenberg Traurig LLP
2450 Colorado Avenue, 400E
Santa Monica, CA 90404
Tel:  (310) 586-7755
e-mail bialasm@gtlaw.com

------------------------------------------------------------

       Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S.
federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.


       The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

------------------------------------------------------------


From: xeroxcopier@gtlaw.com [mailto:xeroxcopier@gtlaw.com]
Sent: Friday, January 26, 2007 5:39 PM
To: Bialas, Monika (Secy-LA-IP)
Subject: Scan from a Xerox WorkCentre Pro



Please open the attached document.  It was scanned and sent to you using a Xerox WorkCentre Pro.

Sent by: Guest [xeroxcopier@gtlaw.com]
Number of Images: 1
Attachment File Type: PDF

WorkCentre Pro Location: 202   2nd floor CL IP File Room Device Name: XRX_NEW


For more information on Xerox products and solutions, please visit http://www.xerox.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

## McKenna Long & Aldridge LLP
Attorneys at Law

Atlanta  
Denver  
Los Angeles  
Philadelphia  

San Diego  
San Francisco  
Washington, DC  
Brussels  

1900 K Street, NW • Washington, DC 20006  
202.496.7500 • Fax: 202.496.7756  
www.mckennalong.com

CASS W. CHRISTENSON  
(202) 496-7218

EMAIL ADDRESS  
cchristenson@mckennalong.com

February 1, 2007

**VIA E-MAIL AND U.S. MAIL**

Frank E. Merideth, Jr., Esq.  
Greenberg Traurig, LLP  
2450 Colorado Avenue, Suite 400 East  
Santa Monica, CA 90404

Re:   LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Frank:

LPL, like the Special Master, understood the Tatung Defendants were voluntarily and immediately producing sales information as to all products "destined to wind up in the United States even if they are not directly exported" including for all products made by Tatung and for Tatung America's own products as well as products that Tatung America acquires from third parties. See 1/22 Transcript at 8-9. We also understood that the Tatung Defendants were going to have produced other discovery relevant to inducement and damages.

During at least the January 19 and January 22 hearings before Special Master Poppiti and the December 18, 2006 meet-and-confer, Tatung agreed to provide sales summaries for all products listed in Tatung's and Tatung America's interrogatory answers that may ultimately enter the U.S. market. During the December 18 meet-and-confer, we were informed that the Tatung Defendants' production would include sales information for all products such as the average price per product and quantity sold sorted by quarter or by month. In discovery hearings and during the December 18 call, you agreed to produce this information by the end of January. On January 26, we received a total of eight pages of supplemental sales information concerning only two (accused) models, the L17AMTN and the TLM-1705. This supplementation is drastically incomplete and inadequate. We will inform the Special Master and seek all appropriate relief.

Similarly, during the December 18 meet-and-confer, we also were promised all brand name and model information for all of the accused products made and sold by the Tatung Defendants. For instance, you agreed to provide all of the brand names and model numbers under which Tatung products are ultimately sold, which would include products marketed by all relevant customers and brands (ViewSonic, Hewlett-Packard, etc.). During the January 22 hearing, you represented that we would have this information in January. Unfortunately, this

Frank E. Merideth, Jr., Esq.
February 1, 2007
Page 2

information was not produced. Even more troubling, during a recent teleconference to discuss discovery that LPL seeks from HP, we were informed that Tatung might now refuse to identify the products that Tatung makes for HP and may refuse to link Tatung's product numbers to the numbers used by HP. This is contrary to the representations that you made during the January 22 hearing. See 1/22 Transcript at 10-11. We will inform the Special Master and seek all appropriate relief.

You likewise confirmed during the January 22 hearing that the Tatung Defendants would be producing substantial additional discovery in January. You represented, for example, that the Tatung Defendants would produce certain sales reports, contracts, export documents, customer information, correspondence concerning accused products and correspondence related to sales and marketing regarding the U.S. generally, discovery concerning relationships with third parties that imported or sold any accused products (e.g., customers and brands doing business in the U.S.), documents to or from specific personnel, etc. The Tatung Defendants have not produced any of this discovery. We will inform the Special Master and seek all appropriate relief.

Further, the Tatung Defendants promised to deliver by January 31, 2007 supplemental responses to LPL's Second Sets of Interrogatories and Requests for Production. Specifically, we were expecting supplemental responses to Interrogatory Nos. 1-3 and 8-12. We were also expecting to receive additional production in response to Document Request Nos. 10-12, 14-18, 20-22, 25-26, 28, 31-35, 38-41, 48-49, 51-52, 55, 57-68, 79 and 86-99 from both Tatung Defendants. We were also expecting supplements to Document Requests 69-70 and 73-75 from Tatung Company and supplements to Document Requests 69-71 and 74-76 from Tatung America. We have not received the supplemental responses and production as promised. We will inform the Special Master and seek all appropriate relief.

Very truly yours,

Cass W. Christenson

CWC:ea

cc:    Richard D. Kirk, Esq. (via e-mail)
       Mark Krietzman, Esq. (via e-mail)
       Valerie W. Ho, Esq. (via e-mail)
       Steve P. Hassid, Esq. (via e-mail)
       Anne Shea Gaza, Esq. (via e-mail)
       Frederick L. Cottrell, III, Esq. (via e-mail)

# Greenberg
# Traurig

Valerie W. Ho
Tel. 310.586.7841
Fax 310.586.7800
HoV@gtlaw.com

February 6, 2007

**Via E-Mail and U.S. Mail**

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:  *LG Philips LCD Co., Ltd. vs. ViewSonic Corporation, et al.*
     Delaware District Court, Case No. 04-343 JJF

Dear Cass:

This is in response to your February 1, 2007 letter to Frank Merideth regarding the Tatung Defendants' discovery supplementations. Your claim that the Tatung Defendants did not provide supplementations is not accurate. Your statement that the Tatung Defendants only produced eight pages of sales information pertaining to the L17AMTN and TLM-1705 is also not true. Last week, we produced eight CDs containing, among other things, hundreds of pages of Tatung America sales summaries for products identified in its interrogatory responses, thousands of pages of purchase orders and invoices pertaining to accused products, CAD drawings for parts used in accused products, advertisements, OEM agreements, annual reports, organizational charts, and additional prior art related documents. Moreover, we are continuing to gather responsive documents from Taiwan and will produce those as soon as possible.

You state in your letter that the Tatung Defendants "agreed to provide all of the brand names and model numbers under which Tatung products are ultimately sold, which would include products marketed by all relevant customers and brands . . . ." This is not accurate. During the parties' meet and confers in December 2006 (which you did not attend), I informed Mr. Connor that the Tatung Defendants may not possess all of this information but that we would supplement to the extent this information exists and is reasonably available. We are still trying to locate and gather this information. Because LPL seeks a correlation for hundreds of products, it is a time consuming and difficult (and in some cases, impossible) task.

Finally, you claim in your letter that in connection with discovery sought by LPL from HP, LPL supposedly was informed "that Tatung might now refuse to identify the products that Tatung makes for HP and may refuse to link Tatung's product numbers to the numbers used by HP." You do not identify the person who supposedly made this claim and certainly did not invite the Tatung Defendants to participate in any meet and confers regarding this issue. Suffice it to say this claim is false. Notwithstanding that the Tatung Defendants have no



LA 126716569v3 2/6/2007

Greenberg Traurig, LLP | Attorneys at Law | Los Angeles Office | 2450 Colorado Avenue | Suite 400E | Santa Monica, CA 90404 | Tel 310.586.7700 | Fax 310.586.7800 | www.gtlaw.com

Cass W. Christenson, Esq.
February 6, 2007
Page 2

obligation to assist LPL in obtaining discovery from third parties, please be advised that Tatung has provided correlation information for certain products to HP to the extent that the information was available. This information also will be included in our supplemental interrogatory response.

As you can see, we are working diligently to provide the information requested. Initiating a pointless letter writing campaign premised on premature and inaccurate complaints is simply not constructive.

Very truly yours,

Valerie W. Ho

cc:  Rel Ambrozy (via email)
     Lora Brzezynski (via email)
     Richard Kick (via email)
     Scott Miller (via email)
     Jeffrey Bove (via email)
     James Heisman (via email)
     Tracy Roman (via email)
     Frank Merideth (via email)
     Mark Krietzman (via email)
     Steve Hassid (via email)

# McKenna Long & Aldridge LLP
### Attorneys at Law

Atlanta · Denver · Los Angeles · Philadelphia · San Diego · San Francisco · Washington, DC · Brussels

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

February 7, 2007

**VIA E-MAIL AND U.S. MAIL**

Valerie W. Ho, Esq.
Greenberg Traurig
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Re: LG.Philips LCD Co., Ltd. vs. ViewSonic Corporation, et al.
Delaware District Court, Case No. 04-343 JJF

Dear Valerie:

Thank you for your February 6, 2007 letter concerning deficiencies in discovery from the Tatung Defendants.

As stated in my February 1, 2007 letter, the Tatung Defendants failed to produce most of the discovery that they agreed to provide in January. Regrettably, you have produced instead minimal and incomplete information in formats difficult to analyze or use. As stated in my February 1 letter, therefore, we have no choice but to seek appropriate remedies from the Special Master.

The examples of missing discovery are set forth in my February 1 letter and will not be repeated here. I would like, however, to correct some of the inaccurate statements in your February 6 letter. You incorrectly state, for example, that Tatung America has produced "hundreds of pages" of "sales summaries for products identified in its interrogatory responses." Instead, Tatung America has produced (on February 5, not February 2 as Tatung previously represented) hundreds of pages listing invoices by date with no subtotals or totals as to, for example, the quantity and dollar value of sales by product / model. Likewise, we are still missing the sales summary from Tatung concerning all of its flat panel display products, for all brands and models. We still are missing customer, profit, and other relevant information. We still do not have sales-related reports that we know exist and should have been produced long ago, nor has anyone even responded with a date by which Tatung will produce all of this overdue discovery. We still do not have the brand and model information that Tatung agreed to provide. With respect to license agreements, we appear to have at least parts of two separate agreements

Valerie W. Ho, Esq.
February 7, 2007
Page 2

(Thomson Multimedia Licensing and Hitachi), but these are the only two licenses produced and were not produced as intact documents, but instead with pages scattered and interspersed with other documents so as to be unintelligible. You also produced the agreements with RadioShack and TMX Logistics broken apart into pages here and there with other documents mixed in between, contrary to the federal rules. Please reproduce complete, intact copies of these four agreements immediately.

Rather than producing the summaries and reports, Tatung has recently produced what you characterize as "thousands of pages of purchase orders and invoices pertaining to the accused products." This production is not a substitute for the summaries and reports that Tatung previously agreed and represented to the Special Master would be produced. LPL will raise this issue with the Special Master.

We also know that Tatung has detailed CAD/CAM files that are highly relevant and should have been produced. Yet, Tatung has provided only selected excerpts or print outs that do not include all of the information that we need and have repeatedly requested for all of Tatung's visual display products. Unfortunately, we have no choice but to raise this issue again with the Special Master.

Tatung has produced only select agreements and contracts with U.S. customers and brands. Please explain which accused products were supplied by Tatung to each of the companies for which Tatung produced such agreements. Please also confirm that Tatung has produced all agreements and contracts with all customers and brands that have ordered or purchased, directly or indirectly, products from Tatung or its subsidiaries that could be imported and sold in the U.S.

Because of the approaching deadlines in this case, we simply cannot continue to await discovery that was to have been produced last week. You have not proposed a firm date by which we will receive missing discovery that we need to take depositions in this case. Similarly, you refer to overdue supplemental interrogatory answers without suggesting when they will be provided.

As Special Master Poppiti requested, we will provide a status update informing him of these deficiencies so that the Special Master is able to address this issue at the next status conference.

Very truly yours,

Cass W. Christenson

CWC:ea

Valerie W. Ho, Esq.
February 7, 2007
Page 3

cc: Rel Ambrozy, Esq. (by e-mail)
　　Lora Brzezynski, Esq. (by e-mail)
　　Richard D. Kirk, Esq. (via e-mail)
　　Jeffrey B. Bove, Esq. (via e-mail)
　　James D. Heisman, Esq. (via e-mail)
　　Frank E. Merideth, Esq. (by e-mail)
　　Tracy R. Roman, Esq. (via e-mail)
　　Scott R. Miller, Esq. (by e-mail)
　　Mark Krietzman, Esq. (via e-mail)
　　Steve P. Hassid, Esq. (via e-mail)

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 1, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on March 1, 2007, and will be sent by hand on March 1, 2007, and were sent by email on March 1, 2007, and will be sent by first class mail on March 1, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1