# RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL
(302) 651-7509
COTTRELL@RLF.COM

March 2, 2007

**BY E-MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

At the February 21, 2007 hearing, Your Honor indicated that you were inclined to strike Exhibit E to LPL's motion to compel technical documents, which consists of confidential deposition excerpts from the 05-292-JJF case. Your Honor then noted that the issue might not be ripe for consideration, however, because the Tatung Defendants had not filed a formal motion to strike. Since that hearing, LPL has withdrawn Exhibit E (presumably because it recognizes that that filing was improper). However, the Tatung Defendants respectfully submit that the mere withdrawal of Exhibit E is insufficient to address LPL's violations of various Protective Orders entered in cases pending between the parties.[1] The Tatung Defendants hereby move to strike LPL's motion to compel dated January 24, 2007. The letter brief, which discloses and describes in detail the confidential excerpts attached as Exhibit E, should be stricken for the same reasons that Exhibit E was withdrawn.

As Your Honor is aware, several cases involving LPL and the Tatung Defendants are pending, including <u>LPL v. Tatung Company</u>, Case No. 05-292-JJF in the Delaware District Court and <u>LPL v. Tatung Company</u>, Case No. CV-02-6775-CBM in the Central District of California (the "other cases"). Protective Orders have been issued in both of those cases. (Exs. A and B.) Paragraph 1(a) of the Protective Order in the 05-292-JJF case provides: "[e]ach party and all persons bound by the terms of this Order shall use any information or document governed by this Order only in connection with the prosecution or defense of the above captioned action, except by consent of all of the parties or order of the Court." Paragraph 1(a) of the Protective

---

[1] Violations of the Protective Order in this case are detailed in the Tatung Defendant's February 20, 2007 letter to Your Honor.

RLF1-3122035-1

The Honorable Vincent J. Poppiti
March 2, 2007
Page 2

Order in the CV-02-6775-CBM case provides: "[e]ach party and all persons bound by the terms of this Order shall use any information or document governed by this Order only in connection with the prosecution or defense of the above captioned action(s) and the pending arbitration proceedings... except by consent of all of the parties or orders of the Court." Under the terms of those Protective Orders, the use or disclosure of confidential material *requires the consent of all of the parties or an order of the Court.*

LPL has violated the Protective Orders on at least two occasions by improperly using confidential information produced by the Tatung Defendants in the other cases for purposes of this litigation. In its letter to Your Honor dated January 24, 2007, LPL references, discusses, and attaches as an exhibit excerpts of deposition testimony from the 05-292-JJF case. Although LPL has since withdrawn that exhibit, the bare fact remains that counsel for LPL clearly have reviewed and used confidential materials for this other case, unilaterally, without the consent of the other parties, and without an order from the Court allowing such use. Moreover, the letter itself, which LPL has not withdrawn and which thus remains filed in the public record, describes and discloses the confidential information in detail. The Tatung Defendants respectfully request that Your Honor strike the letter from the record.

This is not the only instance in which LPL has improperly used confidential materials produced in other cases. In a letter dated December 15, 2006, LPL admits that it reviewed a confidential document produced in the CV-02-6775-CBM case for purposes of a meet-and-confer in this case. (See Ex. C.) In that same letter, counsel for LPL wrongly contends that "all parties agreed" to "advise each other of discrepancies between documents produced in this case and those produced in California." (Ex. C at page 2.) The Tatung Defendants have not entered into any such agreement, and LPL cannot produce any evidence of this purported arrangement.

In fact, when LPL sought the consent of the Tatung Defendants and Viewsonic to import discovery from the other cases into this case, the Tatung Defendants made clear to LPL that they could not consent to this arrangement because 1) LPL had not obtained consent from the other parties in the other cases and 2) counsel for the Tatung Defendants in this case were not involved in the 05-292-JJF case, and therefore are barred from having access to the confidential materials and deposition transcripts from that case and could not evaluate whether those materials are even relevant in this case. (Ex. D, letter dated February 1, 2007.) Because LPL sought the Tatung Defendants' consent to use discovery from the other cases, it clearly knew that absent such consent or a Court order, it could not use that discovery in connection with this case. In fact, LPL expressly acknowledged that it would have to seek an order from the Court on this issue and represented that it would do so. (Ex. D at page 2.) Ultimately, however, LPL did not seek such an order, but instead unilaterally reviewed, used and disclosed the confidential information anyway.

RLF1-3122035-1

The Honorable Vincent J. Poppiti
March 2, 2007
Page 3

      At this point, the extent and scope of LPL's violations of the Protective Orders remain unclear. Given LPL's *admitted* improper use and disclosure of confidential information in this case, the Tatung Defendants respectfully request that Your Honor strike the January 24, 2007 letter from the record and require LPL to furnish a list detailing: (1) which confidential documents from the other cases have been viewed by LPL's counsel in this case; (2) which confidential deposition transcripts from the other cases have been viewed by LPL's counsel in this case; and (3) the names of those individuals who had and have access to confidential documents and information produced in the other cases. The Tatung Defendants further request that this list be verified. Without such information, it will not be possible to fashion an appropriate remedy to address LPL's violations of the Protective Orders.

                                      Respectfully,

                                      Frederick L. Cottrell, III
                                      (#2555)

FLC,III/afg
Enclosures

cc:      Clerk of Court (via CM/ECF)
         Richard Kirk, Esquire (via electronic mail)
         Cormac T. Connor, Esquire (via electronic mail)
         Lora Brzezynski, Esquire (via electronic mail)
         Mark Krietzman, Esquire (via electronic mail)
         Scott R. Miller, Esquire (via electronic mail)
         Jeffrey B. Bove, Esquire (via electronic mail)

RLF1-3122035-1