# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

Plaintiff/Counterclaim Defendant,

v.

TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
AND VIEWSONIC CORPORATION,

Defendants/Counterclaim Plaintiffs.

Civil Action No. 05-292 (JJF)

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED by Plaintiff/Counterclaim Defendant, LG.PHILIPS LCD

CO., LTD. and by Defendants/Counterclaim Plaintiffs CHUNGHWA PICTURE TUBES, LTD.,

TATUNG CO. OF AMERICA, INC., TATUNG COMPANY, and VIEWSONIC

CORPORATION on the other hand, through their respective counsel of record, that the

following Confidentiality Stipulation and Protective Order ("Order") shall govern the handling

of any document, information or other things exchanged by the parties or, pursuant to paragraph

16, received from third parties, in connection with all phases of the above captioned action

leading up to trial, including, but not limited to, the filing of any pleadings, answering any

discovery requests, taking depositions, filing motions, and preparing transcripts and exhibits.

This Order does not govern proceedings during trial, nor does it prohibit any party from seeking

a separate protective order to govern trial proceedings; however, this Order shall govern all

testimony taken at a pretrial hearing or other judicial proceeding.

    1    The parties, and any third party whose confidential information is sought through

discovery by a party to the captioned action, shall make a designation of CONFIDENTIAL with

regard to any document or other discovery material it produces or provides, or any testimony it gives in the above captioned action, that purportedly contains, reflects, or otherwise discloses a trade secret or other confidential research, development, commercial, technical, business, financial, personnel, or customer information. Moreover, the parties, and any third party whose confidential information is sought through discovery by a party to the captioned action, shall make a designation of CONFIDENTIAL ATTORNEYS ONLY with regard to any document or other discovery or other discovery material containing confidential information that the disclosing party or disclosing third party in good faith considers to constitute or to contain technical, research, development, cost, pricing or other financial information, or information that could lead to the discovery of such information or other information of any kind, which the disclosing party or disclosing third party believes in good faith to be highly-sensitive or highly confidential.    The following information shall not be designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY: any information that at the time of its disclosure in this action is part of the public domain or public knowledge by reason of prior publication or otherwise; and any information that after its disclosure in this action has become part of the public domain or public knowledge by reason of prior publication or otherwise through no act, omission or fault of the receiving party

        (a)      Each party and all persons bound by the terms of this Order shall use any information or document governed by this Order only in connection with the prosecution or defense of the above captioned action, except by consent of all of the parties or order of the Court. With respect to information or documents produced by third parties, such information or documents will be used only in connection with the prosecution or defense of the above captioned action, except by consent of all of the parties and the third party that produced such

2

information or documents, or order of the Court. CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or documents may be disclosed or released only to those persons entitled to receive such information and/or documents under this Order.

(b)    Documents will be treated in accordance with their designation under this Order. However, failure of a party to designate material CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY shall not be deemed or construed to constitute an admission that such material is not confidential or proprietary. If a party discovers that it has inadvertently failed to properly designate material as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY, such party may promptly designate the material as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY as applicable. Disclosure of such confidential information to persons not authorized to receive that information prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the document has been distributed in a manner inconsistent with the designation, a receiving party will take reasonable steps to retrieve all copies of the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY documents that are inconsistently designated, or notes or extracts thereof. In the event distribution has occurred to a person not under the control of a receiving party, the receiving party shall make a request in writing for return of the document and for an undertaking of confidentiality. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the receiving party deems the making of the request to be a useless act, the receiving party shall promptly notify the disclosing party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

(c)    If a disclosing party inadvertently discloses information that is privileged or otherwise immune from discovery, the disclosing party shall promptly upon discovery of the disclosure so advise the receiving party in writing, provide the receiving party with satisfactory proof that the disclosure was inadvertent, and request that the item or items of information be returned, and if that request is properly made and supported, no party to the above captioned action shall thereafter assert that the disclosure waived any privilege or immunity. It is further agreed that the receiving party will return or destroy the inadvertently produced item or items of information, and all copies and derivations, within five (5) days of the earliest of (a) discovery by the receiving party of the inadvertent nature of the production, or (b) the receiving party receiving a written request for the return or destruction of the information.

(d)    Should any documents, testimony, or information designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY be disclosed, through inadvertence by the receiving party, to any person or party not authorized under this Order, then the receiving party shall use commercially reasonable efforts to (i) promptly retrieve the disclosed documents, testimony, or information from such unauthorized person or party; (ii) bind such person or party to the terms of this Order; (iii) promptly inform such person or party of all the provisions of this Order; (iv) request such person or party to sign the "ACKNOWLEDGEMENT" in the form attached hereto; (v) identify such person or party immediately to the disclosing party that designated the documents, testimony, or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY; and (vi) identify the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY documents, testimony, or information immediately to the disclosing party that designated the documents, testimony, or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY. The executed

4

"ACKNOWLEDGEMENT" shall promptly be served upon the party that designated the documents, testimony, or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY. Nothing in this paragraph shall limit the right of the party that designated the documents, testimony, or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY to seek any appropriate sanction or remedy against the party that intentionally disclosed the documents, testimony, or information to a person or party not authorized under this Order.

(e)     It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY received by the party, provided that such rendering of advice and opinions shall not reveal the content of information to which the recipient is not otherwise entitled, and also shall not reveal or disclose competitively useful information, such as, without limitation, financial information; sales information; pricing data; strategic business plans; research and development projects; circuit implementations; process flows; yield and cost information; marketing plans, forecasts and strategies; testing information; and customer-specific information, except by prior written agreement with counsel for the producing party.

2.     Information designated as CONFIDENTIAL may be disclosed only to the following persons:

(a)     outside attorneys representing any party in the above captioned action, and any paralegal, law clerk, or other employees working under the direct supervision of such attorneys, provided, however, that no person who is a party or a director, officer, managing agent or other employee of a party may be retained as a paralegal, stenographic or clerical employee within the meaning of this paragraph;

5

(b)     (i)     experts, including consultants and investigators, retained by any party or counsel to any party to assist in the above captioned action or to testify at trial in that action, but only to the extent necessary to perform such work, and provided that such experts shall not be past or present employees of a party and that paragraphs 2(b)(ii) and (iii) are complied with;

(ii)     For each expert to whom any party desires to disclose CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or documents, such party must first identify in writing to the attorneys for the producing party the following information: the expert's full name; professional address; educational background; general areas of expertise; all present employment and consultancies; all prior employment and consultancies within the last four years; all present or prior relationships between the expert and the receiving party, its subsidiaries, its affiliates, or other related entities; and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years. An expert's disclosure of confidential employment and consultancies may be designated as CONFIDENTIAL ATTORNEYS ONLY.

(iii)     Counsel for the producing party shall have ten (10) business days from receipt of such Paragraph 2(b)(ii) notice to object to disclosure of such CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or documents to such expert. Any and all such objections must be made in writing with all such grounds stated with specificity. The parties shall attempt to resolve such objections informally. In the event of such an objection, no disclosure of CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY documents, testimony or information shall be made to such persons for a period of five (5) court days following the date the objection is received to permit the objecting party to move, pursuant

6

to Para. 4 of the Joint Rule 16 Scheduling Order entered by the Court on December 21, 2005, for an order that disclosure not be made to such expert or consultant or that the disclosure be made only upon certain conditions. Provided that the Paragraph 2(b)(ii) notice is fully responsive to all of the requirements set forth in that same paragraph, the moving party shall have the burden of establishing that good cause exists for such an order, and shall seek to have the matter heard at the earliest possible date. If no motion is noticed within five (5) court days following receipt of the objection, CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY documents, testimony, and information may be disclosed to such experts or consultants for the purposes of and upon the conditions stated in this Protective Order. If such motion is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the motion, and then only in accordance with the ruling so made. The filing and pendency of such motion shall not limit, delay, or defer any disclosure of the CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY documents, testimony and information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the motion and the inability to disclose such documents, testimony, and information bear directly on the non-objecting party's ability to conduct such discovery. The right of a party to object shall be waived if no objection is received by the party disclosing the expert or consultant within ten (10) business days of receipt of said disclosure except to the extent that the non-designating party later discovers that the original disclosure of a particular expert was in error or otherwise not fully responsive to Paragraph 2(b)(ii) above.

      (c)    personnel of third party vendors, whose regular business is providing litigation support services, engaged by a party or by counsel for a party to assist counsel in (i) the coding, imaging or other management of documents produced in discovery in the above

captioned action or of associated databases; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; (iii) jury research and analysis, including mock jurors; (iv) translation; or (v) outside photocopying or scanning services, provided that such personnel of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business;

      (d)     any party, including directors, officers, managing agents and other employees assisting with the preparation of this case for trial; and

      (e)     the Court and its personnel and court reporters and videographers.

3.     Information designated as CONFIDENTIAL ATTORNEYS ONLY may be disclosed only to the following persons:

      (a)     outside attorneys representing any party in the above captioned action, and any paralegal, law clerk, or other employees working under the direct supervision of such attorneys, provided, however, that no person who is a party or a director, officer, managing agent or other employee of a party may be retained as a paralegal, stenographic or clerical employee within the meaning of this paragraph;

      (b)     experts, including consultants and investigators, retained by any party or counsel to any party to assist in the above captioned action or to testify at trial in that action, but only to the extent necessary to perform such work, and provided that such experts shall not be present or past employees of a party and that paragraphs 2(b)(ii) and (iii) are complied with;

      (c)     personnel of third party vendors, whose regular business is providing litigation support services, engaged by a party or by counsel for a party to assist counsel in (i) the coding, imaging or other management of documents produced in discovery in the above captioned action or of associated databases; (ii) in the preparation of demonstrative exhibits or

other visual aids for presentation at a hearing or trial; (iii) jury research and analysis; (iv) translation; or (v) outside photocopying or scanning services, provided that such personnel of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business; and

(d)   the Court and its personnel and court reporters and videographers.

4.   The persons described in paragraphs 2(b), 2(d), 3(a), 3(b), or 3(c), and mock jurors under paragraph 2(c), shall be allowed access to the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material, as appropriate, only after they have read this Order and signed a copy of the attached "ACKNOWLEDGEMENT." As limited exceptions to the foregoing, the persons identified in paragraph 3(c) need not sign Acknowledgements if they are employed by a vendor who has signed an Acknowledgement that governs their receipt and use of the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information, and paralegals, law clerks, and other employees identified in paragraph 3(a) need not sign Acknowledgements if they are supervised by an attorney who has signed an Acknowledgement. The undersigned counsel shall forward copies of all executed ACKNOWLEDGEMENTS to the all other parties, and shall also maintain a list, available for inspection by the Court, of persons to whom CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material is disclosed. The persons receiving CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material are enjoined from disclosing it to any other person, except as permitted by this Order, and are further enjoined from using such material for any purpose other than the prosecution or defense of the above captioned action.

5.   The persons receiving CONFIDENTIAL ATTORNEYS ONLY material under Paragraphs 3(a), 3(b), and 3(c) shall not be substantively involved in drafting, filing, or

9

prosecuting any patent applications (including any continuations, continuations-in-part, or divisions thereof and/or any reissue or reexamination applications), selecting or identifying the subject matter of any patent claims, or preparing or drafting of any patent claims, or providing instruction, direction or advice regarding these prosecution activities, where the application or claims are directed to (a) the manufacture and/or structure of thin film transistors and/or associated wiring structures (for liquid crystal display devices) of the type disclosed in the patents-in-suit in *LG Philips LCD Co., Ltd. v. Tatung Co. of America, et al*, Consolidated Cases CV 02-6775 CBM (JTLx), CV 03-2866 CBM (JTLx), CV 03-2884 CBM (JTLx), CV 03-2885 CBM (JTLx), CV 03-2886 CBM (JTLx) (C.D. Cal.), (b) tape carrier packages in liquid crystal display devices, or (c) products or methods directed to protecting against electrostatic discharge in the thin film transistor substrate of liquid crystal display devices, until one (1) year after the conclusion of their participation in the above captioned action. These restrictions do not apply, however, to providing general legal advice on procedural aspects of patent prosecution.

6.    The persons under Paragraphs 3(b) and 3(c) receiving CONFIDENTIAL ATTORNEYS ONLY material shall be precluded from consulting or working for any party to the above captioned action as a participant in any competitive decision-making processes, including without limitation, in the areas of sales and marketing, product pricing, strategic planning, research and development, product development, or manufacturing of products related to the subject matter of the patents-in-suit. This competitive decision-making preclusion shall be effective from the time the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information is received and shall last for a period of one (1) year after the conclusion of their participation in the above captioned action.

10

7.    Each individual who receives any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to performance under, compliance with, or violation of this Order.

8.    The recipient of any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material shall maintain such information in a secure and safe area accessible only to persons eligible to review such CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material.

9.    If a party discloses CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or documents in another document, at a deposition, or at a hearing, such party shall designate, and treat, at least such portion of such other document or resulting transcript as CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY as applicable. Parties, third parties agreeing to be bound by this Order, and their counsel shall designate CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material as follows:

(a)    In the case of documents that are produced as part of discovery or are responsive to any discovery request, which includes, but is not limited to, responses to interrogatories, document production requests, and requests for admission and any attachments or exhibits to any of the foregoing documents referenced in this provision, such documents shall be stamped or otherwise labeled:    CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY.

(b)    In the case of depositions, counsel may designate portions of the transcript (including exhibits) as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY during the deposition by making a statement to that effect on the record. Alternatively, within twenty (20)

11

calendar days after receipt of any written deposition transcript, counsel for a party or third party whose CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material was disclosed during the deposition may so designate the appropriate pages of the transcript (including exhibits) and serve notice of the designation on opposing counsel. For twenty (20) calendar days after receipt of any written deposition transcript, the deposition transcript, including exhibits, shall be deemed CONFIDENTIAL ATTORNEYS ONLY.

10.     During any deposition taken in the above captioned action at which CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information and/or documents are disclosed or discussed, any party may exclude from attendance at the deposition during such disclosure or discussion any person other than the deponent, counsel for the deponent (as long as that counsel is otherwise authorized under the terms of this protective order to have access to the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information and/or documents), court reporter, videographer, and persons to whom the information and/or documents may be disclosed under Paragraphs 2 and 3.

11.     A party or third party shall not be obligated to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge. If at any time any party disagrees with a designation of CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY, that party shall provide written notice of its disagreement to the producing party or third party, including its basis for disagreeing with the designation. The disclosing party shall then have a reasonable period, not exceeding fourteen (14) days, from the date of receipt of such notice to: (a) advise the receiving party whether the disclosing party maintains its designation; and (b) if so, provide its basis for the particular designation. The parties or third parties shall first try to resolve the

dispute on an informal basis. If the dispute cannot be informally resolved, the party or third party challenging the designation may, after advising the disclosing party, request appropriate relief from the Court.

12.     All applications and motions to the Court in which a party submits CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order.   The party filing any paper which reflects, contains or includes any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend (see paragraph 1(a) above), and a statement substantially in the following form:

> This envelope contains documents subject to a Protective Order of the Court.  It should be opened only by the Court.  Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of the parties.

13.     In the event that any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material is used in any pretrial proceeding in connection with the above captioned action, it shall not lose its CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.  Disclosure and use of CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY material at trial and in subsequent proceedings shall be governed by the terms of an order to be entered by the Court.

14.     Nothing in this Order shall preclude a party or its attorneys from:

(a)    showing    a    document    designated    as    CONFIDENTIAL    or CONFIDENTIAL ATTORNEYS ONLY to an individual identified by the document or by sworn testimony as having been previously prepared, received, or reviewed by that individual;

(b)    showing a document produced in discovery by an opposing party to a current or former director, officer, managing agent or employee of the producing party or of any related entities of the producing party during the questioning of such person in a deposition, hearing, or trial in the above captioned action; or

(c)    disclosing or using for any purpose any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY.

15.    Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product doctrine. Any and all documents from which material is redacted shall identify in all redacted areas that a redaction has occurred. In addition, the reason for any and all such redactions shall be stated either on the documents themselves or on a log to be provided within thirty (30) days after the production of the documents. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by case basis. All disputes arising out of a party's objection to another party's redaction of material under this paragraph shall be resolved pursuant to Fed. R. Civ. P. 37, Local Rule 7.1.1, and the Joint Rule 16 Scheduling Order entered by the Court.

14

16.    Third parties may produce documents and/or other things and may disclose information pursuant to the terms of this Order. Such third parties shall be entitled to the remedies and relief provided by this Order.

17.    Any court reporter or videographer who records testimony in the above captioned action at a deposition shall be provided with a copy of this Protective Order by the party noticing the deposition. That party shall advise the court reporter or videographer, before any testimony is taken, that all confidentially designated documents, information, or testimony is and shall remain confidential and shall not be disclosed except as provided in this Protective Order. The noticing party shall further advise the court reporter and videographer that copies of all transcripts, reporting notes, and all other records of any such testimony must be treated in accordance with this Protective Order, delivered to attorneys of record, or filed under seal with the Court.

18.    In the event any person or receiving party having possession, custody, or control of any document, testimony, or information produced in the above captioned action and designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY by a disclosing party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail the attorneys of record of the disclosing party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any reasonable procedure sought to be pursued by the party whose interest may be affected. The disclosing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process, or order shall be entitled to comply with it except to the

15

extent the disclosing party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

19.    If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a non-party to maintain such information in confidence, the disclosing party shall give written notice to the non-party that its information is subject to discovery in the above captioned action, and shall provide the non-party with a copy of this Protective Order. When such written notice is given to the non-party, the disclosing party will advise the potential receiving party that such notice has been given. The non-party shall have fourteen (14) days from receipt of the written notice in which to seek relief from the Court, if the non-party so desires. If the fourteen (14) days elapse without relief being sought from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

20.    Unless otherwise agreed to by the parties or by order of the Court, within sixty (60) days of the final resolution of all of the above captioned action and of any and all appeals of such action, all CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY material, and all copies thereof, shall be (1) upon request, returned to the party that produced it, or (2) destroyed. Notwithstanding the foregoing, counsel of record for the parties shall be permitted to retain a file copy of materials created during the course of the above captioned action, or made part of the record, or which have been filed under seal with the Clerk of the Court, including but not limited to any motion, brief, affidavit, expert report, discovery response, and/or memoranda which contains CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material within the document or as an exhibit thereto, and a copy of all depositions, including exhibits, and deposition evaluations. Such file copies must be maintained under the conditions of

CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY documents as provided in this Order. Counsel of record for the parties shall certify in writing that they have complied with this paragraph.

21.    This Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

22.    Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of the above captioned action.

23.    This Order is without prejudice to the right of any party or third party to seek relief from the Court, upon good cause shown, from any of the provisions hereof.

(signature blocks on following page)

MCKENNA LONG & ALDRIDGE LLP

_[signature]_

Gaspare J. Bono
Cass W. Christenson
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

HOWREY LLP

_____

Christine A. Dudzik
Thomas W. Jenkins
321 North Clark Street
Suite 3400
Chicago, IL 60610
(312) 595-1239

Teresa M. Corbin
Glenn W. Rhodes
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

THE BAYARD FIRM

_[signature]_

Richard D. Kirk (#0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

RICHARDS, LAYTON & FINGER, P.A

_____

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
One Rodney Sqare
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

_Attorneys for plaintiff_
_LG PHILIPS LCD CO., LTD_

_Attorneys for defendants_
_CHUNGHWA PICTURE TUBES, LTD,_
_TATUNG COMPANY OF AMERICA,_
_TATUNG COMPANY, and VIEWSONIC_
_CORPORATION_

IT IS SO ORDERED.

Dated:_____    _____

U.S. District Court Judge

18

MCKENNA LONG & ALDRIDGE LLP          HOWREY LLP

_Christine A. Dudzik_ (signature)

Gaspare J. Bono                      Christine A. Dudzik
Cass W. Christenson                  Thomas W. Jenkins
1900 K Street, NW                    321 North Clark Street
Washington, DC 20006                 Suite 3400
(202) 496-7500                       Chicago, IL 60610
                                     (312) 595-1239

                                     Teresa M. Corbin
                                     Glenn W. Rhodes
                                     HOWREY LLP
                                     525 Market Street, Suite 3600
                                     San Francisco, CA 94105
                                     (415) 848-4900

THE BAYARD FIRM                      RICHARDS, LAYTON & FINGER, P.A.

                                     _Robert W. Whetzel_ (signature)

Richard D. Kirk (#0922)              Robert W. Whetzel (#2288)
222 Delaware Avenue, Suite 900       whetzel@rlf.com
P.O. Box 25130                       Matthew W. King (#4566)
Wilmington, DE 19899-5130            king@rlf.com
rkirk@bayardfirm.com                 One Rodney Sqare
(302) 655-5000                       P.O. Box 551
                                     Wilmington, DE 19899
                                     (302) 651-7700

*Attorneys for plaintiff*            *Attorneys for defendants*
*LG.PHILIPS LCD CO., LTD.*           *CHUNGHWA PICTURE TUBES, LTD.,*
                                     *TATUNG COMPANY OF AMERICA,*
                                     *TATUNG COMPANY, and VIEWSONIC*
                                     *CORPORATION*

IT IS SO ORDERED.

Dated:_____      _____
                           U.S. District Court Judge

18

### ACKNOWLEDGEMENT

I, _____, declare:

1.    I reside at _____ [Street Address]

_____ [City, State, Zip code].

2.    I am employed by _____ [Employer] located at

_____ [Street Address]

_____ [City, State, Zip code] as

_____ [Position or Title]

3.    I have read and understand the provisions of the Confidentiality Stipulation and Protective Order ("Protective Order") entered in the U.S. District Court for the District of Delaware ("the Court") with respect to the non-disclosure of CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY information and/or documents, and I agree to abide by and be bound by its terms. Specifically, and without limitation upon such terms, I agree not to use or disclose any confidential information made available to me other than in accordance with the Protective Order.

4.    I hereby submit to the jurisdiction of the Court for the limited purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Acknowledgement was executed this _____ day of _____, 200_.

By:_____

19

# EXHIBIT B

1   ANDREA SHERIDAN ORDIN (SBN 38235)
    DAVID L. SCHRADER (SBN 149638)
2   MORGAN, LEWIS & BOCKIUS LLP
    300 South Grand Avenue
3   Twenty-Second Floor
    Los Angeles, CA 90071-3132
4   Tel: (213) 312-2500
    Fax: (213) 612-2501
5
    ANTHONY C. ROTH (*admitted pro hac vice*)
6   NATHAN W. McCUTCHEON (*admitted pro hac vice*)
    MORGAN, LEWIS & BOCKIUS LLP
7   1111 Pennsylvania Avenue, N.W.
    Washington, DC 20004
8   Tel: (202) 739-3000
    Fax: (202) 739-3001
9
    Attorneys for Plaintiff/Counterdefendant
10  LG. PHILIPS LCD CO., LTD. and
    Third-Party Defendant LG ELECTRONICS INC.
11
    (Listing of counsel and parties continued on next page)
12

13          IN THE UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA

15
    LG. PHILIPS LCD CO., LTD.,          Case No. CV-02-6775 CBM (JTLx)
16                                      Case No. CV-03-2866 CBM (JTLx)
                    Plaintiff,          Case No. CV-03-2884 CBM (JTLx)
17                                      Case No. CV-03-2885 CBM (JTLx)
            vs.                         Case No. CV-03-2886 CBM (JTLx)
18  TATUNG CO. OF AMERICA,
    TATUNG COMPANY AND
19  CHUNGHWA PICTURE TUBES, LTD.,
                                        AMENDED CONFIDENTIALITY
20                  Defendants.         STIPULATION AND PROTECTIVE
                                               ORDER
21  AND CONSOLIDATED CASES
                                        Magistrate Judge Jennifer T. Lum
22
    CHUNGHWA PICTURE TUBES, LTD.,
23
            Counterclaimant and
24          Third-Party Plaintiff,
            vs.
25  LG. PHILIPS LCD CO., LTD.,

26                  Counterdefendant,

27  AND LG ELECTRONICS INC.,
                    Third-Party Defendant.
28

Case No. CV-02 6775 CBM

1  MARK KRIETZMAN (SBN 126806)
2  CHRISTOPHER DARROW (SBN 70701)
   VALERIE W. HO (SBN 200505)
3  GREENBERG TRAURIG LLP
   2450 Colorado Avenue, Suite 400E
4  Santa Monica, CA 90404
   Tel:  (310) 586-7700
5  Fax:  (310) 586-7800

6  Attorneys for Defendants
   TATUNG COMPANY OF AMERICA and TATUNG CO.
7

8  TERESA M. CORBIN (SBN 132360)
   GLENN W. RHODES (SBN 177869)
9  HOWREY SIMON ARNOLD & WHITE LLP
   525 Market Street, Suite 3600
10 San Francisco, CA 94105-2708
   Tel:  (650) 463-8100
11 Fax:  (650) 463-8400

12 CHRISTOPHER A. MATHEWS (SBN 144021)
   BRIAN S. KIM (SBN 186523)
13 HOWREY SIMON ARNOLD & WHITE LLP
   550 South Hope Street, Suite 1100
14 Los Angeles, CA 90071-2627
   Tel:  (213) 892-1800
15 Fax:  (213) 892-2300

16 Attorneys for Defendant/Counterclaimant/Third-Party Plaintiff
   CHUNGHWA PICTURE TUBES, LTD. and
17 Defendants/Counterclaimants JEAN COMPANY, LTD.,
   LITE-ON TECHNOLOGY CORPORATION,
18 LITE-ON TECHNOLOGY INTERNATIONAL INCORPORATED,
   TPV TECHNOLOGY LTD., ENVISION PERIPHERALS, INC.,
19 and VIEWSONIC CORPORATION

20

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1
## AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER
2
   IT IS HEREBY STIPULATED by Plaintiff/Counterclaim Defendant,
3
LG.PHILIPS LCD CO., LTD. and Third-Party Defendant LG ELECTRONICS INC.,
4
on the one hand, and by Defendants TATUNG CO. OF AMERICA, TATUNG
5
COMPANY, and VIEWSONIC CORPORATION and Defendants/Counterclaim
6
Plaintiffs, CHUNGHWA PICTURE TUBES, LTD., JEAN COMPANY, LTD.,
7
LITE-ON TECHNOLOGY CORPORATION, LITE-ON TECHNOLOGY
8
INTERNATIONAL INCORPORATED, TPV TECHNOLOGY LTD., and
9
ENVISION PERIPHERALS, INC. on the other hand, through their respective
10
counsel of record, that the following Amended Confidentiality Stipulation and
11
Protective Order ("Order") shall govern the handling of any document, information
12
or other things exchanged by the parties or, pursuant to paragraph 17, received from
13
third parties, in connection with all phases of the above captioned action(s) leading
14
up to trial, including, but not limited to, the filing of any pleadings, answering any
15
discovery requests, taking depositions, filing motions and preparing transcripts and
16
exhibits.  This Order does not govern proceedings during trial, nor does it prohibit
17
any party from seeking a separate protective order to govern trial proceedings,
18
however, this Order shall govern all testimony taken at a pretrial hearing or other
19
judicial proceeding.
20
   1.    The parties, and any third party whose confidential information is sought
21
through discovery by a party to the captioned action(s), shall make a designation of
22
CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY with regard to any
23
document or other discovery material it produces or provides, or any testimony it gives
24
in the above captioned action(s), that purportedly contains, reflects or otherwise
25
discloses a trade secret or other confidential research, development, commercial,
26
technical, business, financial, personnel or customer information.
27

28

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1

1        (a)    Each party and all persons bound by the terms of this Order shall use

2  any information or document governed by this Order only in connection with the

3  prosecution or defense of the above captioned action(s) and the pending arbitration

4  proceedings involving CHUNGHWA PICTURE TUBES, LTD., LG.PHILIPS LCD

5  CO., LTD., and LG ELECTRONICS INC., Case No. 50 T 133 00379 04 ("the

6  Arbitration"), except by consent of all of the parties or order of the Court. With respect

7  to information or documents produced by third parties, such information or documents

8  will be used only in connection with the prosecution or defense of the above captioned

9  action(s) and the Arbitration, except by consent of all of the parties and the third party

10 that produced such information or documents, or order of the Court. CONFIDENTIAL

11 and/or CONFIDENTIAL ATTORNEYS ONLY information and/or documents may be

12 disclosed or released only to those persons entitled to receive such information and/or

13 documents under this Order.

14       (b)    Documents will be treated in accordance with their designation under

15 this Order. However, failure of a party to designate material CONFIDENTIAL or

16 CONFIDENTIAL ATTORNEYS ONLY shall not be deemed or construed to constitute

17 an admission that such material is not confidential or proprietary. If a party discovers

18 that it has inadvertently failed to properly designate material as CONFIDENTIAL or

19 CONFIDENTIAL ATTORNEYS ONLY, such party may promptly designate the

20 material as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY as

21 applicable. Disclosure of such confidential information to persons not authorized to

22 receive that information prior to receipt of the confidentiality designation shall not be

23 deemed a violation of this Order. However, in the event the document has been

24 distributed in a manner inconsistent with the designation, a receiving party will take

25 reasonable steps to retrieve all copies of the CONFIDENTIAL or CONFIDENTIAL

26 ATTORNEYS ONLY documents that are inconsistently designated, or notes or extracts

27 thereof. In the event distribution has occurred to a person not under the control of a

28 receiving party, the receiving party shall make a request in writing for return of the

MOWREY
SIMON
ARNOLD &
WHITE

2

1  document, and for an undertaking of confidentiality.  In the event the request is not

2  promptly agreed to in writing, or in the event there is no response, or in the event that

3  the receiving party deems the making of the request to be a useless act, the receiving

4  party shall promptly notify the disclosing party of the distribution and all pertinent facts

5  concerning it, including the identity of the person or entity not under the control of the

6  receiving party.

7         (c)    If a disclosing party inadvertently discloses information that is

8  privileged or otherwise immune from discovery, the disclosing party shall promptly

9  upon discovery of the disclosure so advise the receiving party in writing, provide the

10  receiving party with satisfactory proof that the disclosure was inadvertent, and request

11  that the item or items of information be returned, and if that request is properly made

12  and supported, no party to the above captioned action(s) shall thereafter assert that the

13  disclosure waived any privilege or immunity.  It is further agreed that the receiving

14  party will return or destroy the inadvertently produced item or items of information, and

15  all copies and derivations, within five (5) days of the earliest of (a) discovery by the

16  receiving party of the inadvertent nature of the production, or (b) the receiving party

17  receiving a written request for the return or destruction of the information.

18         (d)    Should any documents, testimony or information designated as

19  CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY be disclosed, through

20  inadvertence by the receiving party, to any person or party not authorized under this

21  Order, then the receiving party shall use commercially reasonable efforts to (i) promptly

22  retrieve the disclosed documents, testimony or information from such unauthorized

23  person or party; (ii) bind such person or party to the terms of this Order; (iii) promptly

24  inform such person or party of all the provisions of this Order; (iv) request such person

25  or party to sign the " ACKNOWLEDGEMENT" in the form attached hereto; (v) identify

26  such person or party immediately to the disclosing party that designated the documents,

27  testimony or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS

28  ONLY; and (vi) identify the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS

HOMSEY
SIMON
ARNOLD &
WHITE

3

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1  ONLY documents, testimony or information immediately to the disclosing party that

2  designated the documents, testimony or information as CONFIDENTIAL or

3  CONFIDENTIAL ATTORNEYS ONLY.  The executed "ACKNOWLEDGEMENT"

4  shall promptly be served upon the party that designated the documents, testimony or

5  information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY.  Nothing

6  in this paragraph shall limit the right of the party that designated the documents,

7  testimony or information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS

8  ONLY to seek any appropriate sanction or remedy against the party that intentionally

9  disclosed the documents, testimony or information to a person or party not authorized

10  under this Order.

11       . (e)    It is understood that counsel for a party may give advice and opinions

12  to his or her client based on his or her evaluation of information designated

13  CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY received by the party,

14  provided that such rendering of advice and opinions shall not reveal the content of

15  information to which the recipient is not otherwise entitled, and also shall not reveal or

16  disclose competitively useful information, such as, without limitation, financial

17  information; sales information; pricing data; strategic business plans; research and

18  development projects; circuit implementations; process flows; yield and cost

19  information; marketing plans, forecasts and strategies; testing information; and

20  customer-specific information, except by prior written agreement with counsel for the

21  producing party.

22      2.    Information designated as CONFIDENTIAL may be disclosed only to the

23  following persons:

24        (a)    outside attorneys representing any party in the above captioned

25  action(s), and any paralegal, law clerk, or other employees working under the direct

26  supervision of such attorneys, provided, however, that no person who is a party or a

27  director, officer, managing agent or other employee of a party may be retained as a

28  paralegal, stenographic or clerical employee within the meaning of this paragraph;

HOWREY
ERICH
ARNOLD &
WHITE

4

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1       (b)   (i)     experts, including consultants and investigators, retained by

2 any party or counsel to any party to assist in the above captioned action(s), to testify at

3 trial in those action(s), and/or to assist or testify in the Arbitration, but only to the extent

4 necessary to perform such work, and provided that such experts shall not be employees

5 of a party or otherwise working for or on behalf of a party in connection with that

6 party's business and that paragraphs 2(b)(ii) and (iii) are complied with;

7           (ii)     For each expert to whom any party desires to disclose

8 CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or

9 documents, such party must first identify in writing to the attorneys for the producing

10 party the following information: the expert's full name; professional address;

11 educational background; general areas of expertise; all present employment and

12 consultancies; all prior employment and consultancies within the last four years; all

13 present or prior relationships between the expert and the receiving party, its subsidiaries,

14 its affiliates, or other related entities; and a list of all cases in which the expert or

15 consultant has testified at a deposition or in court within the last four years. An expert's

16 disclosure of confidential employment and consultancies may be designated as

17 CONFIDENTIAL ATTORNEYS ONLY.

18           (iii)     Counsel for the producing party shall have ten (10) business

19 days from receipt of such Paragraph 2(b)(ii) notice to object to disclosure of such

20 CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY information and/or

21 documents to such expert. Any and all such objections must be made in writing with all

22 such grounds stated with specificity. The parties shall attempt to resolve such

23 objections informally. In the event of such an objection, no disclosure of

24 CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY documents,

25 testimony or information shall be made to such persons for a period of five (5) court

26 days following the date the objection is received to permit the objecting party to move,

27 by noticed motion or by ex parte application, for an order that disclosure not be made to

28 such expert or consultant or that the disclosure be made only upon certain conditions.

1  Provided that the Paragraph 2(b)(ii) notice is fully responsive to all of the requirements

2  set forth in that same paragraph, the moving party shall have the burden of establishing

3  that good cause exists for such an order, and shall seek to have the matter heard at the

4  earliest possible date. If no motion is noticed within five (5) court days following

5  receipt of the objection, CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS

6  ONLY documents, testimony and information may be disclosed to such experts or

7  consultants for the purposes of and upon the conditions stated in this Protective Order.

8  If such motion is made, there shall be no disclosure to such expert or consultant until the

9  Court has ruled upon the motion, and then only in accordance with the ruling so made.

10 The filing and pendency of such motion shall not limit, delay or defer any disclosure of

11 the CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS ONLY documents,

12 testimony and information to persons as to whom no such objection has been made, nor

13 shall it delay or defer any other pending discovery unless the motion and the inability to

14 disclose such documents, testimony and information bear directly on the non-objecting

15 party's ability to conduct such discovery. The right of a party to object shall be waived

16 if no objection is received by the party disclosing the expert or consultant within ten

17 (10) business days of receipt of said disclosure except to the extent that the non-

18 designating party later discovers that the original disclosure of a particular expert was in

19 error or otherwise not fully responsive to Paragraph 2(b)(ii) above.

20        (c)    personnel of third party vendors, whose regular business is providing

21 litigation support services, engaged by a party or by counsel for a party to assist counsel

22 in (i) the coding, imaging or other management of documents produced in discovery in

23 the above captioned action(s) or of associated databases; (ii) the preparation of

24 demonstrative exhibits or other visual aids for presentation at a hearing or trial; (iii) jury

25 research and analysis, including mock jurors; (iv) translation; or (v) outside

26 photocopying or scanning services, provided that such personnel of third party vendors

27 shall not be employees of a party or otherwise working for or on behalf of a party in

28 connection with that party's business;

MORRISON
SMITH
ARNOLD &
WHITE

6

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1         (d)    any party, including directors, officers, managing agents and other

2 employees assisting with the preparation of this case for trial;

3         (e)   the Court and its personnel and court reporters and videographers; and

4         (f)    the members of the Panel in the Arbitration and the ICDR, their

5 personnel and court reporters and translators.

6     3.     Any CONFIDENTIAL material that a party or third party believes should

7 not be disclosed to another party or parties, or to directors, officers, managing agents or

8 other employees of such other party or parties, may be designated as CONFIDENTIAL

9 ATTORNEYS ONLY.

10     4.     Information designated as CONFIDENTIAL ATTORNEYS ONLY may

11 be disclosed only to the following persons:

12         (a)    outside attorneys representing any party in the above captioned

13 action(s), and any paralegal, law clerk, or other employees working under the direct

14 supervision of such attorneys, provided, however, that no person who is a party or a

15 director, officer, managing agent or other employee of a party may be retained as a

16 paralegal, stenographic or clerical employee within the meaning of this paragraph;

17         (b)    experts, including consultants and investigators, retained by any party

18 or counsel to any party to assist in the above captioned action(s), to testify at trial in

19 those actions, and/or to assist or testify in the Arbitration, but only to the extent

20 necessary to perform such work, and provided that such experts shall not be employees

21 of a party or otherwise working for or on behalf of a party in connection with that

22 party's business and that paragraphs 2(b)(ii) and (iii) are complied with;

23         (c)    personnel of third party vendors, whose regular business is providing

24 litigation support services, engaged by a party or by counsel for a party to assist counsel

25 in (i) the coding, imaging or other management of documents produced in discovery in

26 the above captioned action(s) or of associated databases; (ii) in the preparation of

27 demonstrative exhibits or other visual aids for presentation at a hearing or trial; (iii) jury

28 research and analysis; (iv) translation; or (v) outside photocopying or scanning services,

MORRISON
FOERSTER
ARNOLD &
WHITE

7

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1  provided that such personnel of third party vendors shall not be employees of a party or
2  otherwise working for or on behalf of a party in connection with that party's business;

3      (d)    the Court and its personnel and court reporters and videographers; and

4      (e)    the Arbitral Tribunal and the ICDR, their personnel and court reporters
5  and translators.

6      5.    The persons described in paragraphs 2(b), 2(d), 4(a), 4(b), or 4(c), and
7  mock jurors under paragraph 2(c), shall be allowed access to the CONFIDENTIAL or
8  CONFIDENTIAL ATTORNEYS ONLY material, as appropriate, only after they have
9  read this Order and signed a copy of the attached "ACKNOWLEDGEMENT." The
10  undersigned counsel shall forward copies of all executed ACKNOWLEDGEMENTS to
11  the all other parties, and shall also maintain a list, available for inspection by the Court,
12  of persons to whom CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY
13  material is disclosed. The persons receiving CONFIDENTIAL or CONFIDENTIAL
14  ATTORNEYS ONLY material are enjoined from disclosing it to any other person,
15  except as permitted by this Order, and are further enjoined from using such material for
16  any purpose other than the prosecution or defense of the above captioned action(s).

17      6.    The persons receiving CONFIDENTIAL ATTORNEYS ONLY material
18  under Paragraphs 4(a), 4(b) and 4(c) shall not be substantively involved in drafting,
19  filing or prosecuting any patent applications (including any continuations,
20  continuations-in-part, or divisions thereof and/or any reissue or reexamination
21  applications), selecting or identifying the subject matter of any patent claims, or
22  preparing or drafting of any patent claims, or providing instruction, direction or advice
23  regarding these prosecution activities, where the application or claims are directed to the
24  manufacture and/or structure of thin film transistors and/or associated wiring structures
25  of the type disclosed in the patents-in-suit for use in liquid crystal display devices, until
26  one (1) year after the conclusion of their participation in the above captioned action(s).
27  These restrictions do not apply, however, to providing general legal advice on
28  procedural aspects of patent prosecution.

HOWREY
SIMON
ARNOLD &
WHITE

8

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1     7.     The persons under Paragraphs 4(b) and 4(c) receiving CONFIDENTIAL

2 ATTORNEYS ONLY material shall be precluded from consulting or working for any

3 party to the above captioned action(s) as a participant in any competitive decision-

4 making processes, including without limitation, in the areas of sales and marketing,

5 product pricing, strategic planning, research and development, product development or

6 manufacturing of products related to the subject matter of the patents-in-suit. This

7 competitive decision-making preclusion shall be effective from the time the

8 CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information is received

9 and shall last for a period of one (1) year after the conclusion of their participation in the

10 above captioned action(s).

11     8.     Each individual who receives any CONFIDENTIAL or CONFIDENTIAL

12 ATTORNEYS ONLY material agrees to subject himself or herself to the jurisdiction of

13 this Court for the purpose of any proceedings relating to performance under, compliance

14 with, or violation of this Order.

15     9.     The recipient of any CONFIDENTIAL or CONFIDENTIAL

16 ATTORNEYS ONLY material shall maintain such information in a secure and safe area

17 accessible only to persons eligible to review such CONFIDENTIAL or

18 CONFIDENTIAL ATTORNEYS ONLY material.

19     10.     If a party discloses CONFIDENTIAL and/or CONFIDENTIAL

20 ATTORNEYS ONLY information and/or documents in another document, at a

21 deposition, or at a hearing, such party shall designate, and treat, at least such portion of

22 such other document or resulting transcript as CONFIDENTIAL and/or

23 CONFIDENTIAL ATTORNEYS ONLY as applicable. Parties, third parties agreeing

24 to be bound by this Order, and their counsel shall designate CONFIDENTIAL or

25 CONFIDENTIAL ATTORNEYS ONLY material as follows:

26     (a)     In the case of documents that are produced as part of discovery or are

27 responsive to any discovery request, which includes, but is not limited to, responses to

28 interrogatories, document production requests and requests for admission and any

HOWREY
SIMON
ARNOLD &
WHITE

9

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1  attachments or exhibits to any of the foregoing documents referenced in this provision,

2  such documents shall be stamped or otherwise labeled: CONFIDENTIAL or

3  CONFIDENTIAL ATTORNEYS ONLY.

4       (b)    In the case of depositions, counsel may designate portions of the

5  transcript (including exhibits) as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS

6  ONLY during the deposition by making a statement to that effect on the record.

7  Alternatively, within twenty (20) calendar days after receipt of any written deposition

8  transcript, counsel for a party or third party whose CONFIDENTIAL or

9  CONFIDENTIAL ATTORNEYS ONLY material was disclosed during the deposition

10  may so designate the appropriate pages of the transcript (including exhibits) and serve

11  notice of the designation on opposing counsel.  For twenty (20) calendar days after

12  receipt of any written deposition transcript, the deposition transcript, including exhibits,

13  shall be deemed CONFIDENTIAL ATTORNEYS ONLY.

14      11.    During any deposition taken in the above captioned action(s) at which

15  CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY information and/or

16  documents are disclosed or discussed, any party may exclude from attendance at the

17  deposition during such disclosure or discussion any person other than the deponent,

18  counsel for the deponent (as long as that counsel is otherwise authorized under the terms

19  of this protective order to have access to the CONFIDENTIAL or CONFIDENTIAL

20  ATTORNEYS ONLY information and/or documents), court reporter, videographer, and

21  persons to whom the information and/or documents may be disclosed under Paragraphs

22  2 and 4.

23      12.    A party or third party shall not be obligated to challenge the propriety of a

24  CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY designation at the time

25  made, and failure to do so shall not preclude a subsequent challenge.  If at any time any

26  party disagrees with a designation of CONFIDENTIAL or CONFIDENTIAL

27  ATTORNEYS ONLY, that party shall provide written notice of its disagreement to the

28  producing party or third party, including its basis for disagreeing with the designation.

HOWREY
SIMON
ARNOLD &
WHITE

10

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1  The disclosing party shall then have a reasonable period, not exceeding fourteen (14)
2  days, from the date of receipt of such notice to: (a) advise the receiving party whether
3  the disclosing party maintains its designation; and (2) if so, provide its basis for the
4  particular designation. The parties or third parties shall first try to resolve the dispute on
5  an informal basis. If the dispute cannot be informally resolved, the party or third party
6  challenging the designation may, after advising the disclosing party, request appropriate
7  relief from the Court.

8      13.    All applications and motions to the Court in which a party submits
9  CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY material shall comply
10 with Local Rule 79-5.1.

11     14.    In the event that any CONFIDENTIAL or CONFIDENTIAL
12 ATTORNEYS ONLY material is used in any pretrial proceeding in connection with the
13 above captioned action(s) or is used in the Arbitration, it shall not lose its
14 CONFIDENTIAL or CONFIDENTIAL ATTORNEYS ONLY status through such use,
15 and the parties shall take all steps reasonably required to protect its confidentiality
16 during such use. Disclosure and use of CONFIDENTIAL and CONFIDENTIAL
17 ATTORNEYS ONLY material at trial and in subsequent proceedings shall be governed
18 by the terms of an order to be entered by the Court.

19     15.    Nothing in this Order shall preclude a party or its attorneys from:
20     (a)    showing a document designated as CONFIDENTIAL or
21 CONFIDENTIAL ATTORNEYS ONLY to an individual identified by the document or
22 by sworn testimony as having been previously prepared, received or reviewed by that
23 individual;
24     (b)    showing a document produced in discovery by an opposing party to a
25 current or former director, officer, managing agent or employee of the producing party
26 or of any related entities of the producing party during the questioning of such person in
27 a deposition, hearing or trial in the above captioned action(s); or
28

HOWREY
SIMON
ARNOLD &
WHITE

11

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1    (c)    disclosing or using for any purpose any information or documents from

2    the party's own files which the party itself has designated as CONFIDENTIAL or

3    CONFIDENTIAL ATTORNEYS ONLY.

4    16.    Counsel for a party producing documents may mask ("redact") material

5    deemed exempt from discovery because it is protected from disclosure under the

6    attorney- client privilege or work product doctrine. Any and all documents from which

7    material is redacted shall identify in all redacted areas that a redaction has occurred. In

8    addition, the reason for any and all such redactions shall be stated either on the

9    documents themselves or on a log to be provided within thirty (30) days after the

10    production of the documents. All disputes arising out of a party's objection to another

11    party's redaction of material under this paragraph shall be resolved pursuant to

12    Fed.R.Civ.P 37 and Local Rule L.R. 37-1 through 37.4.

13    17.    Third parties may produce documents and/or other things and may disclose

14    information pursuant to the terms of this Order. Such third parties shall be entitled to

15    the remedies and relief provided by this Order.

16    18.    Any court reporter or videographer who records testimony in the above

17    captioned action(s) at a deposition shall be provided with a copy of this Protective Order

18    by the party noticing the deposition. That party shall advise the court reporter or

19    videographer, before any testimony is taken, that all confidentially designated

20    documents, information, or testimony is and shall remain confidential and shall not be

21    disclosed except as provided in this Protective Order. The noticing party shall further

22    advise the court reporter and videographer that copies of all transcripts, reporting notes

23    and all other records of any such testimony must be treated in accordance with this

24    Protective Order, delivered to attorneys of record, or filed under seal with the Court.

25    19.    In the event any person or receiving party having possession, custody or

26    control of any document, testimony, or information produced in the above captioned

27    action(s) and designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS

28    ONLY by a disclosing party receives a subpoena or other process or order to produce

HOMBEY
RANCON
ARNOLD &
WHITE

12

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1  such information, such subpoenaed person or entity shall notify by mail the attorneys of

2  record of the disclosing party claiming such confidential treatment of the document

3  sought by such subpoena or other process or order, shall furnish those attorneys with a

4  copy of said subpoena or other process or order, and shall cooperate with respect to any

5  reasonable procedure sought to be pursued by the party whose interest may be affected.

6  The disclosing party asserting the confidential treatment shall have the burden of

7  defending against such subpoena, process or order.  The person or party receiving the

8  subpoena or other process or order shall be entitled to comply with it except to the

9  extent the disclosing party asserting the confidential treatment is successful in obtaining

10  an order modifying or quashing it.

11      20.    If the discovery process calls for the production of information that a party

12  does not wish to produce because the party believes its disclosure would breach an

13  express or implied agreement with a non-party to maintain such information in

14  confidence, the disclosing party shall give written notice to the non-party that its

15  information is subject to discovery in the above captioned action(s), and shall provide

16  the non-party with a copy of this Protective Order.  When such written notice is given to

17  the non-party, the disclosing party will advise the potential receiving party that such

18  notice has been given.  The non-party shall have fourteen (14) days from receipt of the

19  written notice in which to seek relief from the Court, if the non-party so desires.  If the

20  fourteen (14) days elapse without relief being sought from the Court, the requested

21  information shall be produced in accordance with the terms of this Protective Order.

22      21.    Unless otherwise agreed to by the parties or by order of the Court, within

23  sixty (60) days of the final resolution of all of the above captioned action(s), of any and

24  all appeals of such action(s), and the Arbitration, all CONFIDENTIAL and

25  CONFIDENTIAL ATTORNEYS ONLY material, and all copies thereof, shall be (1)

26  upon request, returned to the party that produced it, or (2) destroyed.  Notwithstanding

27  the foregoing, counsel of record for the parties shall be permitted to retain a file copy of

28  materials created during the course of the above captioned action(s) or the Arbitration,

MORRISEY
SIMON
ARNOLD &
WHITE

13

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

1  or made part of the record, or which have been filed under seal with the Clerk of the

2  Court, including but not limited to any motion, brief, affidavit, expert report, discovery

3  response, and/or memoranda which contains CONFIDENTIAL or CONFIDENTIAL

4  ATTORNEYS ONLY material within the document or as an exhibit thereto, and a copy

5  of all depositions, including exhibits, and deposition evaluations.  Such file copies must

6  be maintained under the conditions of CONFIDENTIAL or CONFIDENTIAL

7  ATTORNEYS ONLY documents as provided in this Order.  Counsel of record for the

8  parties shall certify in writing that they have complied with this paragraph.

9      22.    This Order is not intended to address discovery objections to produce,

10  answer, or respond on the grounds of attorney-client privilege or work product

11  immunity, or to preclude either party from seeking further relief or protective orders

12  from the Court as may be appropriate under the Federal Rules of Civil Procedure.

13      23.    In the event that materials produced by JEAN COMPANY, LTD., LITE-

14  ON TECHNOLOGY CORPORATION, LITE-ON TECHNOLOGY

15  INTERNATIONAL INCORPORATED, TPV TECHNOLOGY LTD., ENVISION

16  PERIPHERALS, INC., VIEWSONIC CORPORATION, TATUNG COMPANY OF

17  AMERICA or TATUNG COMPANY, that are governed by the Protective Order in the

18  above-captioned cases, are produced in the Arbitration, counsel for the Party who

19  produced the materials in the context of the litigation ("Litigation Producing Party")

20  shall be notified by the producing party in the Arbitration.  The confidential nature of

21  the information or documents to be produced in the Arbitration shall not be a basis on

22  which the Litigation Producing Party may object to the production of the materials in

23  the Arbitration.  However, any rights that the Litigation Producing Party may otherwise

24  have to object to the production of the materials in the Arbitration shall not be waived or

25  altered.

26      24.    Except as specifically provided herein, the terms, conditions, and

27  limitations of this Order shall survive the termination of the above captioned action(s).

28

14

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

25.    This Order is without prejudice to the right of any party or third party to seek relief from the Court, upon good cause shown, from any of the provisions hereof.

Dated: February 3, 2005

ANDREA SHERIDAN ORDIN
DAVID L. SCHRADER
ANN A. BYUN
ANTHONY C. ROTH
NATHAN W. McCUTCHEON
MORGAN, LEWIS & BOCKIUS LLP

By _Anthony C. Roth_
Anthony C. Roth
Attorneys for LG.PHILIPS LCD CO.,
LTD. and LG ELECTRONICS INC.

Dated: February 3, 2005

TERESA M. CORBIN
GLENN W. RHODES
CHRISTOPHER A. MATHEWS
BRIAN S. KIM
HOWREY SIMON ARNOLD & WHITE, LLP

By _Christopher A. Mathews/_
Christopher A. Mathews
Attorneys for CHUNGHWA PICTURE
TUBES, LTD., JEAN COMPANY,
LTD., LITE-ON TECHNOLOGY
CORPORATION, LITE-ON
TECHNOLOGY INTERNATIONAL
INCORPORATED, TPV
TECHNOLOGY LTD., ENVISION
PERIPHERALS, INC., and
VIEWSONIC CORPORATION



Dated: February 3, 2005

MARK H. KRIETZMAN
FRANK E. MERIDETH, JR.
VALERIE HO
GREENBERG TRAURIG, LLP

By _____
    Mark H. Krietzman
Attorneys for TATUNG COMPANY OF
AMERICA and TATUNG COMPANY

## ORDER

IT IS SO ORDERED.

Dated: _____            JENNIFER T. LUM
                                    _____
                                        U.S. Magistrate Judge

AMENDED CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

## ACKNOWLEDGEMENT

I, _____, declare:

1.    I reside at _____ [Street Address]
_____ [City, State, Zip code].

2.    I am employed by _____ [Employer] located at
_____ [Street Address]
_____ [City, State, Zip code] as
_____ [Position or Title].

3.    I have read and understand the provisions of the Amended Confidentiality Stipulation and Protective Order ("Protective Order") entered in the U.S. District Court for the Central District of California ("the Court") with respect to the non-disclosure of CONFIDENTIAL and CONFIDENTIAL ATTORNEYS ONLY information and/or documents, and I agree to abide by and be bound by its terms. Specifically, and without limitation upon such terms, I agree not to use or disclose any confidential information made available to me other than in accordance with the Protective Order.

4.    I hereby submit to the jurisdiction of the Court for the limited purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Acknowledgement was executed this _____ day of _____, 200__.

By: _____

- 1 -

# EXHIBIT C

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long
# & Aldridge<sub>LLP</sub>
Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

CORMAC T. CONNOR
(202) 496-7439

EMAIL ADDRESS
cconnor@mckennalong.com

December 15, 2006

VIA E-MAIL AND U.S. MAIL

Valerie Ho, Esq.
Greenberg Traurig LLP
2450 Colorado Avenue
Suite 400E
Santa Monica, CA 90404
hov@gtlaw.com

> Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.;*
> **U.S. District Court Case No. 04-343 JJF**

Dear Valerie:

Last evening, we participated in a meet-and-confer with you, at the date and time you proposed, in the hope of resolving the many concerns that LPL has been raising with the Tatung Defendants ("Tatung") since July 2006 regarding Tatung's deficient discovery responses to LPL's discovery requests. Prior to our next meet-and-confer, which is scheduled for December 18 at 1:30 p.m. EST, we thought it would help advance our discussions to send you a letter highlighting and memorializing some of the agreements we reached (or did not reach) during the December 14 meet-and-confer.

With respect to non-technical documents, particularly those that would be responsive to LPL's indirect infringement and damages claims, you told us that you have only produced documents relating to the L17AMTN, and that you plan to supplement your discovery responses to include information relating to the newly accused products. However, you stated that you refuse to produce documents relating to any products other than those products which LPL has accused of infringing thus far. As we have discussed throughout the discovery process in this case, LPL's ability to identify all infringing products depends on Tatung's complete production

Valerie Ho, Esq.
December 15, 2006
Page 2

of documents related to all products. If we cannot reach agreement on this matter on Monday, then LPL will present this issue to the Special Master.

        For example, LPL needs complete discovery from Tatung concerning sales, profits, shipments, etc. This discovery is relevant, for example, to damages and inducement. We will complete our discussion of these issues on Monday.

        As for Tatung's production of technical documents, such as its "Assembly Instruction" and the so-called "exploded view" drawings, you acknowledged that Tatung has produced documents related to its types of "mounting systems." However, you did not define or identify these "mounting systems" and you refused to tell us which Tatung products relate to which "mounting systems." You have also refused to provide us with details about how you calculated your percentage of documents that you claim you have produced in relation to products identified. We disagree that such calculation is protected by work product, and we request that you provide us with this information on Monday.

        We also remain concerned about gaps in Tatung's production of technical documents and assembly-related information, and our discussion yesterday only contributed to our concerns. You initially represented that you have produced to LPL all technical documents of which you are aware. However, you later retreated from that statement when you indicated that you may not have produced every technical document for every product. Then, when we pressed the issue, you again said that you had produced all documents in Tatung's possession. As we stated last night, LPL is seeking all technical documents related to all of Tatung's visual display products. For example, if Tatung has both "exploded view" and "Assembly Instruction" for a single product, LPL wants and is entitled to receive both of those documents, as well as any other similar documents. Tatung must produce all responsive documents and Tatung should not assume that only certain responsive documents need to be produced in Tatung's discretion.

        As an example of a type of technical document which Tatung has improperly withheld from us, we discussed a document titled "Assembly Instruction" which was produced in the California case but inexplicably was not produced to in this case even though it relates to one of Tatung's products identified in Tatung's interrogatory answers in this case. You agreed to produce the document by January 2007 and to review Tatung's documents for additional responsive documents that have not been produced. LPL cannot delay any longer in seeking relief from the Special Master and we will raise this issue promptly.

        On a related matter, when discussing the document produced in the California case, you and Mark raised a concern that my review of the document that we discussed last night violated the Protective Order entered in the California case. I reminded you that, during the parties' negotiations in September, all parties agreed, as a courtesy, to advise each other of discrepancies between documents produced in this case and those produced in California. That is exactly what I was doing last night. Further, the document we discussed was the only one that I have reviewed from the California case, having done so for purposes only of our call. My review of that single document was only cursory and, to be clear, I have not reviewed any other

Valerie Ho, Esq.
December 15, 2006
Page 3

confidential documents from the California case. That said, to alleviate your concerns on this matter, today I executed the undertaking that is attached to the California Protective Order.

We also discussed LPL's discovery requests regarding whether Tatung plans to rely on advice of counsel as a defense in this case. You confirmed that Tatung has not yet made a decision on this issue and thus will not be supplementing its responses to LPL's requests. Accordingly, because the parties agreed that we have reached an impasse on this dispute, LPL will present this to the Special Master.

We have also reached an impasse regarding the location where LPL can inspect Tatung's monitors. You have informed us that the monitors will be, but have not yet been, shipped to your Santa Monica, CA office. However, our position is that LPL should be able to inspect the monitors on the East Coast, either in Delaware or Tatung's counterclaims are pending, or in Washington, D.C. We reiterated LPL's standing offer to pay shipping costs, but you continue to insist that we travel to your California offices to view these products, even though you concede that they have not even been shipped to your offices yet. We see no reason why, therefore, you cannot have the products shipped instead to your offices or co-counsel's offices in Delaware or Washington. As we discussed, we will also need the Special Master's assistance to resolve this dispute.

Finally, regarding Tatung's responses to LPL's Second Set of Interrogatories, you stated that in January 2007 you will supplement your responses to Interrogatory Nos. 8-12. We look forward to receiving those responses. Please provide this information before January 5, 2007, which is when depositions are scheduled to begin of Defendants' witnesses. Further, per our exchange of e-mails today, we will be prepared to discuss on Monday the trademarks and brand names under which Tatung's products – as identified in Tatung's supplemental Interrogatory 2 responses – are distributed.

It is critical that LPL get resolution on all of its remaining discovery disputes, including those enumerated above. LPL served its discovery requests on Tatung over one year ago, depositions are set to begin next month, and LPL is still waiting for long-overdue information from Tatung. We were extremely disappointed when you unilaterally chose to end our discussion last night well before we resolved many of our disputes, especially where we had not only agreed to your proposed date and start time, but then agreed to your same-day request to push the start time back until 6:00 p.m. EST. When you proposed the date and time for our meet and confer, you certainly never told us that you had any time constrictions, particularly as you were asking us to engage in the call well after normal work hours. Further, based on the numerous letters we have sent you during the last six months identifying LPL's continuing concerns, you were well aware of the many discovery disputes which LPL was hoping to resolve during the meet-and-confer and should have been prepared, as we were, to complete our discussion of these issues. So that there is no confusion next time, when you ended our call last night, I advised you that, on Monday, LPL intends to discuss all of the Document Requests related to LPL's indirect infringement and damages claims, which are detailed in our correspondence since July and as addressed in our pending motion to compel against ViewSonic,

Valerie Ho, Esq.
December 15, 2006
Page 4

which covers substantially similar document requests.  We also will discuss the extent to which
Tatung is withholding discovery concerning products made by Tatung for or using  brand names
other than Tatung's own brand(s).  We look forward to addressing all of the remaining issues
with you on December 18.

Sincerely,

Cormac Connor /NAB

Cormac T. Connor

cc:    Mark H. Krietzman    (via email)
       Steve P. Hassid      (via email)

DC:50450829.1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on January 30, 2007, he sent copies of the

within document to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1

# EXHIBIT D

# Greenberg
# Traurig

Frank E. Merideth, Jr.
Tel. 310.586.7825
Fax 310.586.7800
MeridethF@gtlaw.com

February 1, 2007

**VIA EMAIL AND FIRST-CLASS MAIL**

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, Delaware 19801

Re:    <u>L.G. Philips v. ViewSonic, et al.</u>

Dear Mr. Kirk:

This is in response to your letter of January 30, 2007 regarding your disclosure of confidential information from the <u>LPL v. Tatung</u> Case No. 05-292 case.

Your attempt to create an excuse for your inexcusable conduct is just plain wrong.

Your suggestion that there was some agreement that the parties would advise each other of purported discrepancies in discovery provided in different cases is not correct. The letter to Ms. Ho you reference does not document or reference any such agreement by the Tatung defendants. Rather, it addresses the ongoing -- and very real concern -- raised by Ms. Ho and Mr. Krietzman during the parties' December 2006 meet and confer that Mr. Connor violated the Protective Order in the California case by referencing a document produced in the California case during the parties' meet and confer regarding discovery issues in this case. Their position in December is entirely consistent with the position expressed in my correspondence and not consistent with your contention.

The agreement that you describe would include the use and disclosure of materials designated as confidential pursuant to the Protective Order in Case No. 05-292 without the consent of all of the parties or an order of the Court. Clearly, under the Protective Order, the use or disclosure of confidential material requires the consent of all of the parties or an amendment of the Protective Order. The Tatung defendants not only have not consented to such use, they have objected consistently in writing and orally in the proceedings before the Special Master to such use or disclosure. I have never heard or seen any consent by Chungwa Picture Tubes. If Viewsonic had agreed to such an arrangement, which Mr. Miller denies, you would not have had to withhold service of the

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

BRUSSELS*

CHICAGO

DALLAS

DELAWARE

DENVER

FORT LAUDERDALE

HOUSTON

LAS VEGAS

LONDON*

LOS ANGELES

MIAMI

MILAN*

NEW JERSEY

NEW YORK

ORANGE COUNTY

ORLANDO

PHILADELPHIA

PHOENIX

ROME*

SACRAMENTO

SILICON VALLEY

TALLAHASSEE

TAMPA

TOKYO*

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

ZURICH

*Strategic Alliance
Tokyo-Office/Strategic Alliance

www.gtlaw.com

Richard D. Kirk, Esq.
February 1, 2007
Page 2

partial transcript from Mr. Miller.  If you are aware of any consents, please advise me immediately.

Mr. Christenson represented that he would seek an order modifying the Protective Order so that Mr. Miller and I could see the discovery from the 05-292 case, which is a precondition to any agreement regarding use in this case of discovery from the 05-292 case.  This representation is not consistent with the agreement you describe. Mr. Christenson would not have stated that LPL needed to seek an order modifying the Protective Order if he believed that the parties already had reached an agreement regarding use of discovery from the other cases.  I have not seen any application to the Court or an Order permitting LPL to use information obtained from the 05-292 case or in the California action in this litigation.

Moreover, LPL's litigation position is not consistent with the agreement you describe. In the California litigation, LPL vehemently resisted the use of any discovery documents produced in the 05-292 case and required Tatung to obtain an order from the Special Master in order to share a single document in camera with the Court in California. We have never been notified of a change in that position.

Finally, the agreement that you have described makes no sense from the Tatung defendants vista because we do not have access to the deposition transcripts or the exhibits from the 05-292 case.  Even if we had those materials, we could not use or disclose those materials absent all parties' consent or an order of the Court.

Very truly yours,

Frank E. Merideth, Jr.

FEM:cdb
cc:    Scott Miller (via email)
       Cass Christenson (via email)
       Rel Ambrozy (via email)
       Lora Brzezynski (via email)
       Mark Krietzman (via email)
       Valerie Ho (via email)
       Steve Hassid (via email)
       James Heisman (via email)