IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG Philips LCD Co., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-343-JJF |
| Tatung Co., Tatung Company of America Inc., | ) | JURY TRIAL DEMANDED |
| and Viewsonic Corp., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF SERVICE OF SUBPOENA

To:   Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Tracy R. Roman, Esquire
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Scott R. Miller, Esquire
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Jeffrey B. Bove, Esquire
James Heisman, Esquire
Jaclyn M. Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, De 19899

Gaspare J. Bono, Esquire
Rel S. Ambrozy, Esquire
Lora A. Brzezynski, Esquire
Cass W. Christenson, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

PLEASE TAKE NOTICE that on March 5, 2007, Defendants Tatung Company and

Tatung Company of America, Inc. issued the attached subpoena for service on PANASONIC

CORPORATION OF NORTH AMERICA, One Panasonic Way @71-1, Secaucus, NJ 07094.

Frederick L. Cottrell, III (#2555)

Of Counsel:
Christopher Darrow
Mark H. Krietzman
Frank E. Merideth, Jr.
Alan R. Maler
Valerie W. Ho
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

Kathryn L. Clune
Greenberg Traurig LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC  20006

Dated:  March 6, 2007

Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
Attorneys for Defendants Tatung Co. and Tatung
Company of America Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2007 I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Jeffrey B. Bove, Esquire
James Heisman, Esquire
Jaclyn M. Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I hereby certify that on March 6, 2007 I caused to be sent the foregoing document to the following non-registered participants in the manner indicated below:

**VIA FEDERAL EXPRESS**
Gaspare J. Bono, Esquire
Rel S. Ambrozy, Esquire
Lora A. Brzezynski, Esquire
Cass W. Christenson, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

**VIA FEDERAL EXPRESS**
Tracy R. Roman, Esquire
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

**VIA FEDERAL EXPRESS**
Scott R. Miller, Esquire
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Anne Shea Gaza (#4093)
Gaza@rlf.com

# Greenberg Traurig

Valerie W Ho
Tel 310.586 7841
Fax 310.586 7800
HoV@gtlaw com

March 5, 2007

**<u>Via U.S. Mail and Personal Delivery</u>**

Panasonic Corporation of North America
One Panasonic Way @71-1
Secaucus, NJ 07094
*Attn: Legal Department*

    Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.;*
           **U.S. District Court Case No. 04-343 JJF**

To Whom It May Concern:

Please be advised that Tatung Company hereby withdraws the subpoena served on Panasonic Corporation of North America dated March 2, 2007. In lieu of the same, we are hereby serving the attached subpoena which provides new return dates. Please call me to discuss the subpoena once you have received it. Thank you in advance for your anticipated cooperation in this matter.

Very truly yours,

Valerie Ho

cc:    Cass Christenson (via email)
        Lora Brzezynski (via email)
        Richard Kick (via email)
        Scott Miller (via email)
        Jeffrey Bove (via email)
        James Heisman (via email)
        Tracy Roman (via email)
        Anne Gaza (via email)
        Frank Merideth (via email)
        Mark Krietzman (via email)
        Steve Hassid (via email)

OAO 88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF    NEW JERSEY

LG PHILIPS LCD CO., LTD.

V.

TATUNG CO.;TATUNG COMPANY OF AMERICA,
INC.; and VIEWSONIC CORPORATION

## SUBPOENA IN A CIVIL CASE

Case Number:[1]  04-343
USDC, District of Delaware

TO: PANASONIC CORPORATION OF NORTH AMERICA
One Panasonic Way @71-1
Secaucus, NJ 07094

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Greenberg Traurig LLP | DATE AND TIME |
|---|---|
| 200 Park Avenue, Florham Park, New Jersey 07932 | March 26, 2007 10:00 am |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachement A

| PLACE   Greenberg Traurig LLP | DATE AND TIME |
|---|---|
| 200 Park Avenue, Florham Park, New Jersey 07932 | March 22, 2007 10:00 am |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants Tatung Co., and Tatung Co. of America | March 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
VALERIE HO, ESQ., GREENBERG TRAURIG, LLP, 2450 Colorado Avenue, Suite 400E, Santa Monica, CA  90404  (310) 586-7700

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

American LegalNet, Inc.
www.FormsWorkflow.com

AO 88 (Rev 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim must be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved A receiving party may promptly present the information to the court under seal for a determination of the claim If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued An adequate cause for failure to obey exists when a subpoena purports to require a person to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## Attachment A

### Instructions

1.      If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

2.      If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.  If your answer is qualified in any particular, set forth the details of such qualification.

3.      You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of any representative, agent, employee, attorney, accountant, investigator or any person acting for you or on your behalf.

1

4.    All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained; or all documents shall be organized and labeled to correspond with the requests below.  All documents are to be produced along with copies of the file folders in which they are kept.

5.    If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

6.    For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the document request itself.  This includes, without limitation, the following:

a.    Construing the words "and" and "or" used in any document request in the disjunctive or conjunctive as necessary, to make the document request more inclusive;

2

b.    Construing the words "any" and "all" used in any
document request to mean "any and all" as necessary to
make the document request more inclusive;

c.    Construing the singular form of any word to include the
plural and the plural form to include the singular; and

d.    Construing the masculine form to include the feminine
and/or the gender neutral form.

7.    Electronic records and computerized information are to be
produced in an intelligible format together with a description of the system
from which it is derived sufficient to permit rendering the material
intelligible.

### Definitions

1.    The term "relating to" means referring to, regarding,
evidencing, describing, supporting, refuting, and/or constituting.

2.    The term "document" or "documents" means and includes any
kind of written, typewritten or printed materials; any tangible recording of
any form of statement, communication or representation; and all other data
compilation from which information can be obtained (translated, if
necessary, by you through detection devices into reasonably usable form)
including, but not limited to, writings and all non-identical copies and drafts

thereof, notes, memoranda, letters, calendars, appointment books, diaries, notes or minutes of meetings or conversations, catalogs, written agreements, microfilm, graphs, charts, drawings, plans, computer discs, computer tapes, computer cards, computer printouts, tape and sound records, photo records, inter-office communications, reports, photographs, cables, telegrams, telexes, account books, ledger sheets, canceled checks, invoices, bills, receipts, financial statements or any other form of "writing" as defined in Federal Rule of Evidence 1001.

3.     The term "TFT-LCD module" means thin film transistor liquid crystal display module.

4.     The term "mounting hole" means a hole, such as a screw hole, used for mounting or attaching the TFT-LCD module to equipment or to another component, such as a housing.

5.     The term "communications" means every manner of disclosure, transfer or exchange of information, whether person to person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise, including letter or other correspondence, electronic mail, telephone message, memorandum, or telegram.

6.     The term "Sharp" means Sharp Corporation, Sharp Microelectronics of the Americas, Sharp Electronics Corporation, their

parents, subsidiaries, affiliated companies, officers, directors, employees, agents , consultants, and all those acting on their behalf.

7.    The term "Sharp products" mean the following:  LQ5AW116, LQ4RA35, LQ4RA31, LQ5AW136, LQ6RA52, LQ6RA01/02, LQ6MC01/02, LQ4RB17, LQ4RB15, LQ4NC31/32, and LQ4RA01/02.

8.    The terms "you" or "Panasonic Corporation of North America" or "Panasonic"  mean Panasonic Corporation of North America, its parents, subsidiaries, affiliated companies, officers, directors, employees, agents, consultants, and all those acting on its behalf.

## Documents to be Produced

1.    Documents sufficient to show your purchase of the Sharp products prior to April 2, 1998, including purchase agreements, purchase orders, invoices, receipts, and payment and shipping records.

2.    Documents sufficient to identify your products that incorporated any of the Sharp products as a component.

3.    Assembly drawings, technical specifications, diagrams, and/or manuals for your products that incorporated any of the Sharp products.

4.    Documents sufficient to show the mechanical structure and components of your products that incorporated any of the Sharp products.

5.    Documents sufficient to show the manner in which the Sharp products were used, including the manner in which the mounting holes in the Sharp products were used, the manner in which the Sharp products were mounted, affixed or attached your products, and the component(s) to which the Sharp products were mounted, affixed or attached.

6.    Documents sufficient to show the sale or offer for sale in the United States of your products that incorporated any of the Sharp products that occurred prior to April 2, 1998.

**Deposition Topics**

1.    The mechanical structure of each of your products that incorporated any of the Sharp products.

2.    The components that make up each of your products that incorporated any of the Sharp products, including the functions of each component.

3.    The sale or offer for sale in the United States prior to April 2, 1998 of your products that incorporated any of the Sharp products.

4.    Your purchase of the Sharp products prior to April 2, 1998.

5.    The manners in which the Sharp products were used, including the manner in which the mounting holes in the Sharp products were used, the manner in which the Sharp products were mounted, affixed or attached

6

in your products, and the component(s) to which the Sharp products were mounted, affixed or attached.

  6.  The documents produced by you in this case.

7

## Attachment A

### Instructions

1.    If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

2.    If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, set forth the details of such qualification.

3.    You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of any representative, agent, employee, attorney, accountant, investigator or any person acting for you or on your behalf.

4.    All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained; or all documents shall be organized and labeled to correspond with the requests below.  All documents are to be produced along with copies of the file folders in which they are kept.

5.    If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

6.    For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the document request itself.  This includes, without limitation, the following:

a.    Construing the words "and" and "or" used in any document request in the disjunctive or conjunctive as necessary, to make the document request more inclusive;

2

b.    Construing the words "any" and "all" used in any

document request to mean "any and all" as necessary to

make the document request more inclusive;

c.    Construing the singular form of any word to include the

plural and the plural form to include the singular; and

d.    Construing the masculine form to include the feminine

and/or the gender neutral form.

7.    Electronic records and computerized information are to be

produced in an intelligible format together with a description of the system

from which it is derived sufficient to permit rendering the material

intelligible.

**Definitions**

1.    The term "relating to" means referring to, regarding,

evidencing, describing, supporting, refuting, and/or constituting.

2.    The term "document" or "documents" means and includes any

kind of written, typewritten or printed materials; any tangible recording of

any form of statement, communication or representation; and all other data

compilation from which information can be obtained (translated, if

necessary, by you through detection devices into reasonably usable form)

including, but not limited to, writings and all non-identical copies and drafts

thereof, notes, memoranda, letters, calendars, appointment books, diaries,

notes or minutes of meetings or conversations, catalogs, written agreements,

microfilm, graphs, charts, drawings, plans, computer discs, computer tapes,

computer cards, computer printouts, tape and sound records, photo records,

inter-office communications, reports, photographs, cables, telegrams,

telexes, account books, ledger sheets, canceled checks, invoices, bills,

receipts, financial statements or any other form of "writing" as defined in

Federal Rule of Evidence 1001.

3.    The term "TFT-LCD module" means thin film transistor liquid

crystal display module.

4.    The term "mounting hole" means a hole, such as a screw hole,

used for mounting or attaching the TFT-LCD module to equipment or to

another component, such as a housing.

5.    The term "PDP" means plasma display panel.

6.    The term "the MD480T640PG series" means the Matsushita

MD480T640PG1, MD480T640PG2, MD480T640PG3, MD480T640PG4

and/or all other PDPs which contain the MD480T640PG model number.

7.    The term "communications" means every manner of disclosure,

transfer or exchange of information, whether person to person, in a group,

orally, in writing, by telephone, by electronic transmission, or otherwise,

4

including letter or other correspondence, electronic mail, telephone message, memorandum, or telegram.

        8.    The term "Panasonic" means Panasonic Corporation of North America, Matsushita Electric, their parents, subsidiaries, affiliated companies, officers, directors, employees, agents, consultants, and all those acting on their behalf.

**Documents to be Produced**

        1.    Assembly drawings, technical specifications, diagrams, and/or manuals for the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686).

        2.    Documents sufficient to show the mechanical structure and components of the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686).

        3.    Documents sufficient to show sales in the United States of the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686) that occurred prior to April 2, 1998, including sales agreements, purchase orders, and shipping and delivery records.

        4.    Documents relating to offers to sell, offers to buy, sales solicitation, sales inquiry, quotations, requests for quote, or requests for proposal that were created, dated, published or disseminated prior to April 2,

5

1998 regarding the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686).

5.    Catalogs, brochures, circulars, advertisements, marketing materials, and articles that were created, dated, published, or disseminated prior to April 2, 1998 regarding the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686).

6.    Documents relating to the advertisement, promotion, display or demonstration of the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686) at tradeshows prior to April 2, 1998.

7.    Documents that describe, identify, or depict the equipment or products in which the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686) were used.

**Deposition Topics**

1.    The mechanical structure of each of the products within the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686), including the location of mounting holes on the products.

2.    The components that make up each product within the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686) and the functions of each component.

3.    The sale or offer for sale in the United States of the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686) prior to April 2, 1998.

4.    The customers who purchased the products within the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686) in the United States prior to April 2, 1998.

5.    The manners in which the products within the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686) were used.

6.    The dissemination or publication of documents, including specifications, relating to the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686) prior to April 2, 1998.

7.    The manufacture, sale and use of the products within the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686).

8.    The dates on which the products within the MD480T640PG series were manufactured, assembled or ready for sale.

9.    The advertising in the United States of the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686) prior to April 2, 1998.

LA 126727488v2 2/21/2007

10.    The public display, including display at trade shows in the United States, of the products within the MD480T640PG series (including but not limited to P.N. 38F4744 & 38F4686) prior to April 2, 1998.

11.    The documents produced in this case.

LA 126727488v2 2/21/2007