# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com

302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

March 6, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

McKenna Long & Aldridge LLP ("MLA") has not violated the Protective Order in this case or the Protective Order entered in *LG.Philips LCD Company, Ltd. v. Tatung Company, Tatung Company of America, Inc., Chunghwa Pictures Tubes, Ltd., and ViewSonic Corporation*, C.A. No. 05-292-JJF (the "05-292 case"). MLA takes its obligations under this Court's orders very seriously and has fully complied with the Protective Orders in these actions at all times. The Tatung Defendants' motion to stay any further production of its confidential documents regarding unaccused products is unfounded and is designed to harass the MLA attorneys and divert their attention from both defending the ongoing depositions of LPL employees and preparing for the depositions of Defendants' witnesses next week.

In response to the Tatung Defendants' concern that MLA attorneys assigned to this case also were prosecuting patents involving flat panel display technology, MLA immediately confirmed compliance and promptly provided Declarations from the three attorneys about which the Tatung Defendants raised concerns. (Ex. 1.) That should have been the end of this discussion. Instead, counsel for the Tatung Defendants continue to make false accusations of improper conduct for strategic purposes.

The contemporaneously filed declarations of two MLA Intellectual Property Partners conclusively establish that no prosecuting attorney involved in prosecuting flat panel display technology has had access to Defendants' Highly Sensitive Confidential ("HSC") documents. The Tatung Defendants specifically reference Messrs. Bailey, Auito, and Angert and Ms. Davis, who have been involved in this litigation, and suggest that because they are identified in a list of attorneys associated with MLA's customer number at the PTO, they must be violating the Protective Order. As explained in the attached declarations, that is absolutely not the case. (See Declaration of Rebecca G. Rudich ("Rudich Dec.") ¶¶ 2-7 and Declaration of Matthew T. Bailey ("Bailey Dec.") ¶¶ 3-5.)

653608-1

**THE BAYARD FIRM**

The Honorable Vincent J. Poppiti
March 6, 2007
Page 2

Second, the Tatung Defendants misconstrue the import of documents obtained from the Patent and Trademark Office ("PTO") website. Every law firm that prosecutes patents has a customer number issued by the PTO. As is standard practice among law firms that prosecute patents, MLA provides to the PTO a list of its registered patent attorneys, and the PTO associates this list with MLA's customer number for all pending applications involving that customer number. This list is periodically updated when attorneys leave or join MLA, but this list does not identify those attorneys as necessarily prosecuting each patent application pending before the PTO. Indeed, MLA has set procedures on who prosecutes patents in the area of flat panel display technology, especially to ensure compliance with the Protective Order in this case and in other cases.[1] (Rudich Dec. ¶¶ 4-15.)

Any concern by the Tatung Defendants as to an ineffective "ethical wall" between Mr. Bailey, an IP Partner at MLA, and Jennifer Davis, an MLA associate that Mr. Bailey supervises, is unfounded. Neither Mr. Bailey or Ms. Davis engages in any patent prosecution activity related to the patents-in-suit or any patent prosecution activity involving flat panel display technology. Nevertheless, MLA has set procedures for handling HSC litigation materials. First, all MLA attorneys working on this case are instructed to read, understand, and abide by the Protective Order and are specifically told that only attorneys working on the case and who do not prosecute patents in the area of flat panel technology are permitted access to HSC documents. Second, all documents produced by the Defendants are loaded onto our Summation database. That database is password protected, and passwords are only given to litigators working on this case and not to any patent prosecutors in the area of flat panel technology. The Defendants have primarily produced documents in this case on a cd, and those cds are maintained in a locked file cabinet. Third, litigation files are kept in litigation workrooms that are separate from the prosecution files. All boxes and file cabinets containing HSC documents have been labeled as containing such documents. Fourth, emails containing HSC documents or information are only circulated to personnel authorized to review that information. (Bailey Dec. ¶¶ 3-7.)

The Tatung Defendants' insistence on further corroboration should be summarily rejected. It would be burdensome and unnecessary for MLA to produce its confidential billing records relating to all of the patents it prosecutes in the area of flat panel display technology. This also would invade privilege and interfere with the attorney-client relationship, solely because Tatung disregards sworn declarations. Moreover, the suggestion by the Tatung Defendants that MLA has rogue patent prosecutors who violate the Protective Order in this case and seek out HSC documents is meritless. The Tatung Defendants have even gone so far as to subpoena for a deposition MLA Partner Rebecca Rudich. The Tatung Defendants should not be permitted to continue this farce by deposing Ms. Rudich. MLA asks that as part of denying the Tatung Defendants' motion, the Special Master also quash the Rudich subpoena.[2] Otherwise, MLA will file a separate motion to quash the Rudich subpoena.

---

[1] Tatung's counsel, Greenberg Traurig, itself prosecutes patents in the area of LCD technology according to the PTO website, but it offers no assurances as to its own compliance with the Protective Order.

[2] Ms. Rudich also will be out of town on the noticed deposition date of March 21, 2007. (Rudich Dec. ¶ 16.)

653608-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
March 6, 2007
Page 3

    LPL also has not violated the Protective Order in the "05-292 case." MLA has simply and appropriately requested that the Tatung Defendants produce in this case those Tatung documents that MLA knows have been produced in other cases but were not produced in this case, even though such documents are clearly responsive to pending discovery requests. Despite Defendants' sudden memory loss, Mr. Christenson distinctly recalls a cordial conversation in September 2006 wherein counsel discussed that because of the large volume of documents produced in all of the cases, if any party discovers documents produced by a party in another case but not in this case, the party should first bring such documents to the attention of counsel for that party in this case before filing a motion to compel. No party would be using the documents in the other cases in this case because the <u>parties would ask that such documents be produced in this case.</u> Here, the issue concerns Tatung's own documents and own witness testimony, which the Tatung Defendants obviously have but which the Tatung Defendants have not provided to their counsel for production or which have been purposely withheld. It is nonsensical to suggest that MLA attorneys, aware of certain Tatung documents and Tatung testimony from another case, cannot even bring such documents and information to the attention of Tatung's counsel so that those documents can be produced and used in this case. To suggest otherwise would permit the Tatung Defendants to commit a fraud on this Court and purposely withhold documents from production. Indeed, Tatung counsel itself argued last week to the Court that LPL has not produced a certain document in this case. When Tatung finally sent the document to MLA, the document had LPL bate-stamp numbers, and MLA has confirmed that this document was produced by LPL in two other cases. (See Ex. 2.)

    The Tatung Defendants have tried to make much of the fact that MLA rightfully brought to the Special Master's attention in a confidential filing under seal (not in the public record) a portion of Tatung deposition testimony marked as Exhibit E to the filing. The purpose of the exhibit was to inform the Court that Tatung previously admitted to having the very assembly documents that it now states are not available or non-responsive. MLA withdrew this exhibit, not because of any Protective Order violation, but because Tatung has now admitted it has such documents referenced in Exhibit E and has offered to show these files to the Special Master.[3]

    The Tatung Defendants also have mischaracterized the California proceeding relating to the DEC agreement and side-mount patents. Significantly, Tatung fails to mention that it was found to willfully infringe LPL's patents by juries in both Delaware and California last year. Tatung's motion should be denied, and it should be ordered to produce its documents without further delay.

Respectfully submitted,

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

---

[3] MLA also withdrew Exhibit E in an effort to resolve this issue without further motions, but Tatung has since gone so far as to move to strike MLA's entire filing that referenced Exhibit E. MLA will respond separately to Tatung's baseless motion.

653608-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 6, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on March 6, 2007, and will be sent by hand on March 6, 2007, and were sent by email on March 6, 2007, and will be sent by first class mail on March 6, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk