IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

### DECLARATION OF MATTHEW T. BAILEY

I, Matthew T. Bailey, declare under penalty of perjury as follows:

1. I am a Partner with the law firm of McKenna Long & Aldridge LLP, 1900 K Street, N.W., Washington, D.C. 20006. I am admitted *pro hac vice* in this case. I joined McKenna Long & Aldridge LLP ("MLA") in September 2002.

2. I am aware of the Protective Order entered in this case and fully understand that the Protective Order prohibits MLA attorneys from having access to Highly Sensitive Confidential information if such attorneys:

> (1) have participated in, directed or supervised any patent prosecution activity related to the patents-in-suit or currently participate in, direct or supervise any patent prosecution activity involving (i) flat panel or flat panel display technology or (ii) technology related or referring to or incorporating flat panels or flat panel displays.

3. I have not participated in, directed, or supervised any patent prosecution activity related to the Patents-in-Suit. After the issuance of the patents in December 2002 and prior to this litigation being filed and prior to my receiving any Highly Sensitive Confidential documents or information from the Defendants in this case, I may have signed for one of my partners certain filings in certain continuation applications. However, I had no substantive responsibility for

these filings and had only a ministerial role in signing for one of my colleagues, who was unavailable to sign the filing on the due date.

4.  In accordance with the Protective Order, I do not currently participate in, direct, or supervise patent prosecution activity involving (i) flat panel or flat panel display technology or (ii) technology related or referring to or incorporating flat panels or flat panel displays. Although I prosecute patents and supervise associates who prosecute patents, I do not do so in the area of flat panel display technology.

5.  The Tatung Defendants raised a specific concern with my supervision of Jennifer Davis, an associate in our Intellectual Property Department. I supervise Ms. Davis and have discussed this matter with her. Ms. Davis has not participated in, directed or supervised any patent prosecution activity related to the Patents-in-Suit. In accordance with the Protective Order, Ms. Davis also does not currently participate in, direct, or supervise any patent prosecution activity involving (i) flat panel or flat panel display technology or (ii) technology related or referring to or incorporating flat panels or flat panel displays. If Ms. Davis was involved in such activity, I would know about it as a Partner in this Department.

6.  It is well known among those registered patent attorneys working on patent prosecution matters in this office that this firm handles litigation cases with protective orders in place that prohibit those registered patent attorneys from seeing any Highly Sensitive Confidential litigation documents or from discussing these materials with the litigators. I have not discussed with or provided access to any registered patent attorney in the area of flat panel display technology any Highly Sensitive Confidential information or discovery from this case. I have fully complied with the Protective Order in this case, and it is my belief that the associates in my Department also have fully complied with the Protective Order.

7. The IP Department has set procedures in place for the handling of all litigation materials that are marked Highly Sensitive Confidential pursuant to a Protective Order in a case. First, all litigators on the case are instructed to read, understand, and abide by the Protective Order in the case and are specifically told that only attorneys working on the case and who do not prosecute patents in the area of flat panel technology are permitted access to Highly Sensitive Confidential documents or information. Second, all documents produced by the Defendants are loaded onto our Summation database. That database is password protected, and passwords are only given to litigators working on this case and not to any patent prosecutors in the area of flat panel display technology. The Defendants have primarily produced documents in this case on a cd, and those cds are maintained by our paralegal in a locked file cabinet. Third, litigation files are kept in litigation workrooms that are separate from the patent prosecution files. All boxes and file cabinets containing Highly Sensitive Confidential documents have been labeled as containing such documents. Fourth, emails containing any Highly Sensitive Confidential information are circulated only to personnel authorized to review that information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of March, 2007.

_____
Matthew T. Bailey

DC:50465054.2