

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

JAMES D. HEISMAN
Partner
Tel 658-9141
Fax 252-4208
Email jheisman@cblh.com
Reply to Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

March 7, 2007

*Via Email and Hand-Delivery*
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
     USDC Case No. 04-343 JJF

Dear Special Master Poppiti:

Defendant ViewSonic hereby moves for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure regarding attempts by LG.Philips LCD Co., Ltd. ("LPL") to harass and unduly burden ViewSonic by seeking discovery that is unrelated to the present action and/or inconsistent with the prior rulings of this Court.

LPL is a manufacturer of liquid crystal display modules such as those depicted in Figs. 4A-C of the patents-in-suit and LPL's website.[1] The patents-in-suit seek to cover a structure and method by which the display module is mounted into a finished product using fastening elements on the back of the display module.

Despite the limited nature of the patents-in-suit, LPL's original and supplemental 30(b)(6) deposition notices to ViewSonic go well beyond the relevant issues, seeking: (i) discovery which is clearly improper or premature based upon the prior rulings of this Court; (ii) expert discovery prior to the time permitted for such discovery under the Court's Scheduling Order; and/or (iii) information totally unrelated to the subject matter of this case and/or not likely to lead to the discovery of admissible evidence.[2] ViewSonic objected to LPL's notices and specifically requested LPL to withdraw and/or limit the Topics of the this deposition as requested herein. *See* Exs. 5, 6 and 7. Yet LPL has neither revised its deposition notices nor indicated that it will do so. Accordingly, ViewSonic requests a protective order to circumscribe LPL's designation of 30(b)(6) topics to appropriate issues in this case.

Looking first at the Supplemental 30(b)(6) Notice, LPL seeks testimony regarding the classification of mounting technology or systems used in ViewSonic products. On February 21, 2007, the Special Master denied LPL's motion to compel ViewSonic to categorize the mounting

---

[1] A copy of U.S. Patent No. 6,501,641 is attached as Ex. 1, and an excerpt from LPL's website is attached as Ex. 2.
[2] Copies of the 30(b)(6) deposition notice and the supplemental 30(b)(6) notice LPL served on ViewSonic are attached as Exs. 3 and 4, respectively.

The Honorable Vincent J. Poppiti
*LG.Philips v. ViewSonic Corp., et al.*
C.A. No. 04-343 (JJF)
March 7, 2007
Page 2

systems used in ViewSonic's products. LPL's Supplemental Notice seeks only to harass ViewSonic and circumvent Your Honor's prior decision.

Likewise, several of the 30(b)(6) topics noticed by LPL are directly tied to disputed claim terms and/or the claims themselves, despite the fact that the Special Master has previously ruled that discovery directed to claim terms is not proper before the Markman Order. *See* Transcript of Aug. 23, 2006 Hearing with Special Master, p. 3, l. 21 - p. 4, l. 21; p. 24, ll. 16-20; p. 38, l. 12 - p. 39, l. 20; p. 42, ll. 15-21. The entirety of Topic 5 relates to "mounting structures and methods of assembly *claimed* in the patents-in-suit." This is clearly improper. Similarly, Topics 1, 27 and 29 of LPL's notice seeks testimony concerning contested claim terms such as "*flat panel display device*" and "*housing*," and incorporates the inconsistent and competing definitions of the parties from the pending Markman briefs, as well as an unknown definition "to be provided by the Court." *See* Ex. 3, at 6, ¶ 14-15. LPL also seeks to depose ViewSonic witnesses on issues pertaining to a "*frame*" -- which is part of two claim terms the meaning of which the parties vigorously contest -- without any definition whatsoever. *Id.*, ¶ 14. As Your Honor has ruled that discovery tied to claim terms is premature prior to issuance of the Markman ruling, ViewSonic seeks this Protective Order to preserve the Scheduling Order and Your Honor's ruling regarding discovery tied to contested claim terms. Accordingly, ViewSonic seeks a Protective Order that prohibits LPL from seeking testimony directed to claim terms and specifically quashes Topic 5 and limits Topics 1, 27 and 29 to issues that do not involve claim terms.

LPL's notice also includes numerous topics which seek legal conclusions and/or expert testimony prior to the expert discovery period. Thus, for example, Topic 4 ("... infringement analyses ..."), Topic 8 ("... validity of the patents-in-suit ..."), Topic 9 ("... affirmative defenses [failure to state a claim, noninfringement, invalidity, prosecution history estoppel] ..."), Topic 10 ("... whether or not the Patents-in-Suit are infringed ..."), Topic 11 ("... whether the Patents-in-Suit are unenforceable ..."), and Topic 23 ("The value to you of the patents-in-suit ..."). All these Topics impermissibly seek information which requires a legal conclusion and/or will be the subject of expert testimony. It would be manifestly unfair and prejudicial to compel ViewSonic to put forth this evidence in advance of the expert discovery schedule established by the Court. No good cause exists for LPL to seek to accelerate that discovery in this action. Accordingly, a protective order must be issued to shield ViewSonic from this improper and premature discovery.

Additionally, LPL's deposition notice includes various topics which inquire into areas which are neither relevant nor likely to lead to the discovery of admissible evidence. LPL first seeks to annoy and harass ViewSonic, and needlessly drive up the costs associated with this deposition, by demanding that ViewSonic produce a witness to testify with information "since January 1, 2000," or, even worse, without any date limitation whatsoever. This defect is found in virtually every topic. Because the earliest issue date of the patents-in-suit is December 24, 2002, discovery sought from ViewSonic for information prior to that date is not relevant. Moreover, it has long been uncontroverted that ViewSonic was not aware of the patents-in-suit prior to the date on which LPL served the complaint on ViewSonic – namely, on or about May 28, 2004. Thus, ViewSonic's conduct prior to May 28, 2004 is not relevant. Accordingly, ViewSonic respectfully requests that discovery in this action be limited to the relevant time frame involved - i.e. since May 28, 2004 for infringement and damages.

Finally, as LPL acknowledged to the Special Master during the December 28, 2006 hearing, to the extent that ViewSonic is liable, if at all, as a direct infringer for any ViewSonic products that purportedly infringe the patents-in-suit, as a matter of law, LPL is not entitled to a

The Honorable Vincent J. Poppiti
*LG.Philips v. ViewSonic Corp., et al.*
C.A. No. 04-343 (JJF)
March 7, 2007
Page 3

second recovery on those products under the theory of inducing infringement. *See* Transcript of Dec. 28, 2006 Hearing (DI 384), p. 44, l. 22 - p. 45, l. 2. Moreover, LPL cannot prove indirect infringement without, as a condition precedent, proving direct infringement. Still, LPL seeks to harass and unduly burden ViewSonic by seeking to compel ViewSonic to prepare and present a witness under numerous topics solely directed to inducing infringement. For example, Topic 13 requires ViewSonic to prepare a witness to testify regarding the customers, distributors and retailers who bought, sold and/or transported the more than 200 products which ViewSonic has sold even though LPL has accused only 21 ViewSonic products of infringement. Topics 14, 15, 19, 20, 25 and 29 suffer from the same defect. LPL should not be permitted to needlessly harass and burden ViewSonic by consuming limited time counsel has remaining in wasteful preparation for and conduct of unnecessary deposition proceedings.

Based on the foregoing, ViewSonic respectfully requests that the Special Master issue a protective order to protect ViewSonic from the annoyance, harassment and undue burden caused by LPL's attempt to seek information which is unnecessary, irrelevant and not likely to lead to discovery of admissible evidence in this action.

Respectfully submitted,

James D. Heisman

cc: Gasapare J. Bono, Esq.
Cass W. Christenson, Esq.
Rel S. Ambrozy, Esq.
Lora A. Brzezynski, Esq.
Cormac T. Connor, Esq.
Richard D. Kirk, Esq.
Mark H. Krietzman, Esq.
Valerie W. Ho, Esq.
Steve P. Hassid, Esq.
Anne Shea Gaza, Esq.
Frederick L. Cottrell III, Esq.
Tracy R. Roman, Esq.
Scott R. Miller, Esq.
Jeffrey B. Bove, Esq.
Jaclyn M. Mason, Esq.
525758/70104*4