# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION,

Defendants.

Civil Action No. 04-343 (JJF)

## DEFENDANT VIEWSONIC CORPORATION'S OBJECTIONS TO PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION

Defendant ViewSonic Corporation ("Defendant" or "ViewSonic"), by its undersigned counsel, hereby objects to Plaintiff's Notice of Rule 30(b)(6) Deposition of ViewSonic Corporation dated December 5, 2006 ("Notice") served by LG.Philips LCD Co., Ltd. ("Plaintiff" or "LPL").

## I.    GENERAL OBJECTIONS

These General Objections apply to each of the Topics to be Addressed at the Deposition ("Topics") identified in the Notice and are hereby incorporated into each of ViewSonic's Specific Objections and Responses set forth below.

1.    ViewSonic objects to the definitions of "ViewSonic," "you," and "your" as vague, ambiguous, and overly broad, to the extent the definitions purport to include unspecified entities and any entities that are not a party to this action.   In addition, the definitions include, for example, attorneys and accountants of ViewSonic, which may improperly implicate privileged information.

2.     ViewSonic objects to the definition of "communication" as vague, ambiguous, and overly broad.  In addition, the definition includes, for example, communications with counsel and other information that is or may be privileged or otherwise immune from discovery.

3.     ViewSonic objects to the definition of "concern" and "concerning" as vague, ambiguous, and overly broad.

4.     ViewSonic objects to the definition of "discuss," "discussing," "relate to," "relating to," "support" or "supporting" as vague, ambiguous, and overly broad.

5.     ViewSonic objects to the definition of "document" as vague, ambiguous, and overly broad.  In addition, the definition includes, for example, opinions of counsel and other information that is or may be privileged or otherwise immune from discovery.

6.     ViewSonic objects to the definitions of "flat panel display," and "flat display panel" as vague, ambiguous, and overly broad.  ViewSonic also objects to the definitions as improperly substituting a definition that may be inconsistent with the Court's construction of the same term(s).  ViewSonic objects to the definitions to the extent they are inconsistent with, or purport to impose obligations beyond, the Court's Scheduling Order.  ViewSonic also objects to the combined definitions of these two terms which may not be the same, based upon, among other things, the knowledge of one of ordinary skill in the art and the teachings of U.S. Patent No. 6,501,641 ("the '641 patent") and U.S. Patent No. 6,498,718 ("the '718 patent") and their prosecution histories.

7.     ViewSonic objects to the definitions of "flat panel display device" as vague, ambiguous, and overly broad.  ViewSonic also objects to the different definitions provided for "flat panel display device" as inconsistent with each other.  ViewSonic also objects to the definitions as improperly substituting a definition that may be inconsistent with the Court's construction of the same term(s).  ViewSonic objects to the definitions to the extent they are inconsistent with, or purport to impose obligations beyond, the Court's Scheduling Order.  ViewSonic also objects to the definitions to the extent they are inconsistent with, among other

2

things, the knowledge of one of ordinary skill in the art and the teachings of the '641 patent and the '718 patent and their prosecution histories.

8.    ViewSonic objects to the definitions of "housing" as vague, ambiguous, and overly broad. ViewSonic also objects to the different definitions provided for "housing" as inconsistent with each other. ViewSonic also objects to the definitions as improperly substituting a definition that may be inconsistent with the Court's construction of the same term(s). ViewSonic objects to the definitions to the extent they are inconsistent with, or purport to impose obligations beyond, the Court's Scheduling Order. ViewSonic also objects to the definitions to the extent they are inconsistent with, among other things, the knowledge of one of ordinary skill in the art and the teachings of the '641 patent and the '718 patent and their prosecution histories.

9.    ViewSonic objects to the definitions of "identify" as vague, ambiguous, overly broad and unduly burdensome. ViewSonic also objects to the extent the definitions purport to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to the definition of "identify" in definition no. 18 as it ostensibly relates to interrogatories, not to deposition topics.

10.    ViewSonic objects to definition nos. 19-21 and 24 as vague, ambiguous and overly broad, to the extent any one of them purports to encompass subject matter beyond the scope of 35 U.S.C. § 271(a) or (b).

11.    ViewSonic objects to the definition of "prior art" as vague, ambiguous and overly broad, to the extent that it purports to encompass subject matter beyond the scope of 35 U.S.C. §§ 102 and/or 103.

12.    ViewSonic objects to the definition of "visual display product" as vague, ambiguous, overly broad and unduly burdensome. The definition encompasses any visual display product, including hypothetical visual display products. ViewSonic also objects to the extent the definitions purport to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure.

13.    ViewSonic objects to the definition of "type of visual display product" as vague, ambiguous, overly broad and unduly burdensome.  The definition encompasses any visual display product, including hypothetical visual display products.  ViewSonic also objects to the extent the definitions purport to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure.  ViewSonic also objects to LPL imposing any particular type of nomenclature or alpha numeric identifier not used by ViewSonic.

14.    ViewSonic objects to the Topics in the Notice to the extent that they seek discovery from any entity other than ViewSonic, including, for example, discovery from any unnamed entity or any entity that is not a party to this action.

15.    ViewSonic objects to the Topics in the Notice to the extent that they seek discovery which would impose obligations beyond those contemplated by the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's Scheduling Order.

16.    ViewSonic objects to LPL's attempts to unilaterally schedule depositions at a date and location selected by LPL.  ViewSonic will produce witness(es) in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court at a mutually convenient and appropriate time and location.

17.    ViewSonic objects to the length and scope of deposition to the extent it is inconsistent with the limits set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's Scheduling Order.

18.    ViewSonic objects to any attempt by LPL to depose ViewSonic regarding subjects or Topics not listed in the Notice.

19.    ViewSonic objects to the scope of the Topics in the Notice as overly broad, repetitive, and unduly burdensome.  LPL has noticed 30 Topics with multiple subparts and issues for deposition, including Topics, subparts and issues that are repetitive, duplicative, and irrelevant.

4

20.     ViewSonic objects to the Topics in the Notice to the extent they seek information protected by the attorney-client privilege, work product doctrine, or any other applicable protection or immunity from discovery.

21.     ViewSonic objects to the Topics in the Notice to the extent they do not describe with reasonable particularity the matters on which examination is requested.

22.     ViewSonic objects to the Topics in the Notice to the extent they are vague, ambiguous, overly broad, or unduly burdensome.

23.     ViewSonic objects to the Topics in the Notice to the extent they call for legal conclusions.

24.     ViewSonic objects to the Topics in the Notice to the extent they address issues or contentions that are outside the scope of Rule 30(b)(6) of the Federal Rules of Civil Procedure.

25.     ViewSonic objects to the Topics in the Notice to the extent they address issues or contentions that are better addressed by other discovery methods.

26.     ViewSonic objects to the Topics in the Notice to the extent they address subjects or issues calling for expert discovery, and are thus premature under the Court's Scheduling Order.

27.     ViewSonic objects to the Topics in the Notice to the extent they seek information not relevant to the claims and defenses in this case and/or are not reasonably calculated to lead to the discovery of admissible evidence.

28.     ViewSonic objects to the Topics in the Notice to the extent they seek discovery of trade secrets or other confidential research, development, or commercial information. ViewSonic will only produce such information in accordance with the Protective Order entered in this action.  To the extent any Topic entails the disclosure or production of confidential information of third parties that is in ViewSonic's possession, ViewSonic will attempt to obtain the consent of such third party prior to disclosure or production.  If ViewSonic cannot obtain such consent, ViewSonic will not disclose or produce the information.

29.     To the extent applicable, ViewSonic reincorporates and reasserts herein any and all objections that ViewSonic has asserted in ViewSonic's objections and responses to LPL's discovery requests (including Requests for Production of Documents and Things, and Interrogatories) in this case.

30.     ViewSonic notes that it is responding to the Notice based solely on ViewSonic's current knowledge, understanding, and belief as to the facts and information available to it as of the undersigned date.  Additional investigation, discovery from LPL, third-parties, and/or experts may produce additional, relevant information.  Accordingly, ViewSonic reserves the right to amend or supplement these Objections.

## II.     SPECIFIC OBJECTIONS AND RESPONSES

ViewSonic incorporates all of its General Objections in its response to each of the Topics listed below.

### Topic No. 1

The structure of the visual display products and the method of assembling the visual display products, manufactured by or for you, and shipped, imported, sold and/or offered for sale in or to the United States since January 1, 2000, including the structure and method of assembling the flat panel display and flat panel display device contained in each of those visual display products, as well as the use, placement, location, function, and purpose of fastening part(s), fastening hole(s), and frames associated with that structure and method of assembling each of those visual display products.

### Objection and Response to Topic No. 1

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure.  ViewSonic also objects to this Topic as vague and ambiguous as to the

terms "structure," "flat panel display," "flat panel display device," "fastening part(s)," "fastening hole(s)," and "frames". ViewSonic also objects to this Topic as improper because it requires the interpretation of one or more claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 2

The conception, design, and development of your visual display products including for example, the determination of which structures, methods of assembling, components and/or parts to use in the manufacture and/or assembly of visual display products manufactured or assembled by or for you, including but not limited to: i) all specifications, drawings, and instructions related to the mounting technologies, methods, components, parts, structures, and/or processes; and ii)

the identity of the individuals that were responsible for and/or involved in making those determinations (*e.g.*, you, your customers, your suppliers, or others); and iii) at what point in the conception, design and development process such determinations are made (product design, procurement, assembly, etc.) [sic]

### Objection and Response to Topic No. 2

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "structures," "components," "parts," "manufacture," and "mounting". ViewSonic also objects to this Topic as improper because it requires the interpretation of one or more claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking

information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 3

The evolution of the mounting technology used in the visual display products manufactured or assembled by or for you, and shipped, imported, sold and/or offered for sale in or to the United States since January 1, 2000, including: i) any attempts by you or by your manufacturers or your assemblers, to design around the Patents-in-Suit; ii) the reasons why you selected, developed and/or approved any particular mounting technology or method for assembling for use in any particular visual display product; and iii) all methods for assembly and/or technologies that you rejected or modified related to mounting or assembly of visual display products, including how and why you rejected or modified each such method or technology.

### Objection and Response to Topic No. 3

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "evolution," "manufactured," "manufacturers," and "mounting". ViewSonic also objects

to this Topic as improper because it requires the interpretation of one or more claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 4

Any infringement analyses, inspections, investigations or testing, whether performed or authored by you or for you, including, but not limited to, infringement analyses, inspections, investigations, or testing involving the mounting technologies, methods of assembly or processes employed in your visual display products with respect to the Patents-in-Suit, and including, but not limited to, claim charts, reverse engineering reports, and conclusions reached for any such infringement analyses, inspections, investigations, or testing.

### Objection and Response to Topic No. 4

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a

claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "mounting" and "processes employed." ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, as seeking information protected by the attorney-client privilege or work product doctrine, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, for seeking information regarding "[a]ny infringement analysis, inspections, investigations, or testing" that is not limited to the asserted claims of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 5

Any and all technical, economic, or other advantages, benefits, or disadvantages, concerning the use of mounting structures and methods of assembly claimed in the Patents-in-Suit, and any comparisons or analysis conducted by you or for you concerning the mounting of flat panel displays or flat panel display devices used in visual display products manufactured by or for you, and shipped, imported, sold and/or offered for sale in or to the United States since January 1, 2000.

### Objection and Response to Topic No. 5

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to the phrase "[a]ny and all technical, economic, or other advantages, benefits, or disadvantages, concerning the use of mounting structures and methods of assembly claimed in the Patents-in-Suit." as vague, ambiguous, overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "mounting," "flat panel displays," and "flat panel display devices." ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires

12

disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, as seeking information protected by the attorney-client privilege or work product doctrine, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, for seeking information that is not limited to the asserted claims of the patents in suit. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, as seeking information protected by the attorney-client privilege or work product doctrine, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, for seeking information regarding "any comparisons or analysis ... concerning the mounting of flat panel displays or flat panel display devices" used in ViewSonic visual display products imported, offered for sale, or sold in the United States since January 1, 2000. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. ViewSonic also objects to this Topic to the extent it seeks contentions.

 Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 6**

All communications and documents involving you and concerning the assembly of visual display products shipped, imported, offered for sale or sold in or to the United States since January 1, 2000, including with respect to the mounting of LCD or plasma modules or panels.

**Objection and Response to Topic No. 6**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, as to the phrase "[a]ll communications and documents involving you and concerning the assembly of visual display products shipped, imported, offered for sale or sold in or to the United States since January 1, 2000." ViewSonic also objects to this Topic as vague and ambiguous as to the term "mounting," "modules," and "panels." ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic

14

also objects to this Topic as overly broad and unduly burdensome, and as seeking information

that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic

visual display products imported, offered for sale, or sold in the United States between January 1,

2000 to December 24, 2002, the earliest issue date of the patents in suit.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one

or more witnesses to testify as to information that is not privileged and properly within the scope

of this Topic.

### Topic No. 7

All documents reflecting ViewSonic's knowledge or approval of the assembly and/or
mounting technologies or specifications concerning any visual display products imported,
offered for sale or sold in or into the United States since January 1, 2000.

### Objection and Response to Topic No. 7

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is requested.

ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a

claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information

protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to

this Topic to the extent that it imposes obligations beyond those contemplated by the Federal

Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the

phrase "knowledge or approval of the assembly and/or mounting technologies or specifications."

ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome

as seeking information regarding "any" visual display products imported, offered for sale or sold

in or into the United States since January 1, 2000. ViewSonic also objects to this Topic as vague

and ambiguous as to the term "mounting." ViewSonic also objects to this Topic as improper

because it requires the interpretation of one or more claim terms. ViewSonic also objects to this

Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 8

Your contentions regarding the validity of the Patents-in-Suit, as well as any specific facts, opinions, prior art, and documents that support those contentions, including for each prior art product or reference that you rely on, the facts relevant to whether that asserted prior art qualifies as prior art and/or supports any defenses, including, for example, facts regarding the dates, conception, design, development, manufacture and distribution of all prior art products and references.

### Objection and Response to Topic No. 8

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information

protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to

this Topic to the extent it seeks legal conclusions. ViewSonic also objects to this Topic to the

extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil

Procedure. ViewSonic also objects to this Topic as improper because it requires the

interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it

requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as

premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth

by the Court's Scheduling Order. ViewSonic also objects to this Topic as vague, ambiguous,

overly broad and unduly burdensome, as seeking information protected by the attorney-client

privilege or work product doctrine, and as seeking information that is not relevant to a claim or

defense of any party and not reasonably calculated to lead to the discovery of admissible

evidence, for seeking information regarding "the validity of the Patents-in-Suit" that is not

limited to the asserted claims of the patents in suit. ViewSonic also objects to this Topic as

unduly burdensome and duplicative of other Topics, such as Topic No. 9. ViewSonic also

objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one

or more witnesses to testify as to information that is not privileged and properly within the scope

of this Topic.

### Topic No. 9

The bases for each of the Affirmative Defenses and any other defenses asserted by you in
relation to this lawsuit, including, for example, the facts and documents concerning each of your
Affirmative defenses.

### Objection and Response to Topic No. 9

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is requested.

ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a

claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information

protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to

this Topic to the extent it seeks legal conclusions. ViewSonic also objects to this Topic to the

extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil

Procedure. ViewSonic also objects to this Topic as improper because it requires the

interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it

requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as

premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth

by the Court's Scheduling Order. ViewSonic also objects to this Topic to the extent it seeks

contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one

or more witnesses to testify as to information that is not privileged and properly within the scope

of this Topic.

### Topic No. 10

Your position and contentions concerning whether or not the Patents-in-Suit are infringed
by one or more of your visual display products, literally and/or under the doctrine of equivalents,
as well as the factual basis, responses to LPL's Interrogatories, and documents concerning such
position.

### Objection and Response to Topic No. 10

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is requested.

ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a

claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information

protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to

this Topic to the extent it seeks legal conclusions. ViewSonic also objects to this Topic to the

extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil

Procedure. ViewSonic also objects to this Topic as improper because it requires the

18

interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as duplicative of other Topics, such as Topic No. 9. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 11

Your position and contentions concerning whether the Patents-in-Suit are unenforceable for any reason, as well as the factual basis, responses to LPL's Interrogatories, and documents concerning such position.

### Objection and Response to Topic No. 11

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent it seeks legal conclusions. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as duplicative of other

Topics, such as Topic No. 9. ViewSonic also objects to this Topic to the extent it seeks

contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one

or more witnesses to testify as to information that is not privileged and properly within the scope

of this Topic.

### Topic No. 12

All imports, shipments, sales and/or offers for sale in or to the United States by or for you
or your customers, directly or indirectly, including, by model, the products sold to each customer
or importer, and corresponding revenue, cost, profit, and gross margin information for each
product, and the brand name(s) associated with all such products, since January 1, 2000.

### Objection and Response to Topic No. 12

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is requested.

ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a

claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes

obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also

objects to this Topic as overly broad and unduly burdensome, and as seeking information that is

not relevant to a claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence, to the extent that it seeks information regarding visual display

products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic

also objects to this Topic as overly broad and unduly burdensome, and as seeking information

that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic

visual display products imported, offered for sale, or sold in the United States between January 1,

2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects

to this Topic as overly broad and unduly burdensome, and as seeking information that is not

relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery

of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

ViewSonic also objects to this Topic as unduly burdensome and duplicative of other Topics,

such as Topic No. 17.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one

or more witnesses to testify as to information that is not privileged and properly within the scope

of this Topic.

### Topic No. 13

Each type of visual display product manufactured by you or for you, and the customers,
importers, shippers, distributors, and retailers that bought, sold, imported, and transported such
products in or to the U.S., directly or indirectly, since January 1, 2000.

### Objection and Response to Topic No. 13

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is requested.

ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a

claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes

obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also

objects to this Topic as overly broad and unduly burdensome, and as seeking information that is

not relevant to a claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence, to the extent that it seeks information regarding visual display

products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic

also objects to this Topic as overly broad and unduly burdensome, and as seeking information

that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic

visual display products imported, offered for sale, or sold in the United States between January 1,

2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects

to this Topic as overly broad and unduly burdensome, and as seeking information that is not

relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 14

The product brand(s), description(s), designation(s), naming conventions, and model number(s) associated with each visual display product made, shipped, imported, and/or sold by or for you or your customers, in or to the U.S., since 2000, including both internal information and information used to describe or market products to consumers and end users, and how the naming conventions pertain to the components and/or structure of a given visual display product.

### Objection and Response to Topic No. 14

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "brand(s)," "designation(s)," "naming conventions," "pertain," "components," and "structure." ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000

to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 15**

The identity of the persons that have manufactured, sold, purchased, imported, shipped, distributed, and serviced or repaired in or to U.S. visual display products manufactured by or for you, and the extent to which you have the ability and legal right to obtain documents relevant to this case from each such person.

**Objection and Response to Topic No. 15**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding "[t]he identity of the persons that have ... serviced or repaired" visual display products. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not

23

relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers. ViewSonic also objects to this Topic to the extent it seeks a legal conclusion. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 16

The identity of the manufacturers, systems integrator(s), suppliers, and customers that have made, manufactured and/or assembled each type of visual display product manufactured, imported, sold, and/or offered for sale, in or to the United States by or for you since January 1, 2000.

### Objection and Response to Topic No. 16

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is

24

not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 17

For each month and year since January 1, 2000, your estimated, projected / forecast, and actual sales, revenues, profitability, gross profit, operating profit and profit margins related to all of your visual display products, and the way(s) that you have calculated, accounted for, and reported all such amounts, and to whom reported.

### Objection and Response to Topic No. 17

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "actual sales," "revenues," "profitability," "gross profit," "operating profit" and "profit margins." ViewSonic also objects to this Topic as overly broad, unduly burdensome, and repetitive to the extent "actual sales" and "revenues" encompass the duplicative information. ViewSonic also objects to this Topic as overly broad, unduly burdensome, and repetitive to the extent "profitability," "gross profit," "operating profit," and "profit margins" encompass duplicative information. ViewSonic also

objects to this Topic as overly broad and unduly burdensome, and as seeking information that is

not relevant to a claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence, to the extent that it seeks information regarding visual display

products not imported, offered for sale or sold in the United States by ViewSonic.  ViewSonic

also objects to this Topic as overly broad and unduly burdensome, and as seeking information

that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic

visual display products imported, offered for sale, or sold in the United States between January 1,

2000 to December 24, 2002, the earliest issue date of the patents in suit.  ViewSonic also objects

to this Topic as unduly burdensome and duplicative of other Topics.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one

or more witnesses to testify as to information that is not privileged and properly within the scope

of this Topic.

### Topic No. 18

Since January 1, 2000, the extent to which you have, or that you have encouraged others
to, purchase, import, distribute, sell, offer to sell, market, and/or advertise visual display products
that have entered the U.S. market, as well as all documents concerning such matters, including,
but not limited to, correspondence, product samples, sales summaries, database information,
brochures, marketing plans, sales literature, advertisements, and product road maps, timelines,
descriptions, and specifications.

### Objection and Response to Topic No. 18

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is requested.

ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a

claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence.  ViewSonic also objects to this Topic to the extent that it imposes

obligations beyond those contemplated by the Federal Rules of Civil Procedure.  ViewSonic also

objects to this Topic as vague and ambiguous as to the terms "encouraged," "sales summaries,"

"database information," "sales literature", "product road maps," "timelines," "descriptions," and

"specifications." ViewSonic also objects to this Topic as overly broad and unduly burdensome,

and as seeking information that is not relevant to a claim or defense of any party and not

reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks

information regarding visual display products not imported, offered for sale or sold in the United

States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly

burdensome, and as seeking information that is not relevant to a claim or defense of any party

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it

seeks information regarding ViewSonic visual display products imported, offered for sale, or

sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date

of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly

burdensome, and as seeking information that is not relevant to a claim or defense of any party

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it

seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one

or more witnesses to testify as to information that is not privileged and properly within the scope

of this Topic.

### Topic No. 19

The extent and ways in which the visual display products made by you or for you,
including outside of the U.S., are or have been marketed, sold, offered for sale, and/or imported
into the U.S., directly or indirectly, and by whom, since January 1, 2000.

### Objection and Response to Topic No. 19

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is requested.

ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a

claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes

obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 20

Communications and documents concerning you or visual display products made by you or for you, and any customer or company that sells visual display products in the U.S. or any brand of visual display products sold in the U.S., including, for example, meetings, visits, conferences, teleconferences, memoranda, and product road maps, since January 1, 2000.

### Objection and Response to Topic No. 20

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also

objects to this Topic to the extent it seeks information protected by the attorney-client privilege

or work product doctrine. ViewSonic also objects to this Topic as vague and ambiguous as to

the terms "brand of visual display products," and "product road maps." ViewSonic also objects

to this Topic as overly broad and unduly burdensome, and as seeking information that is not

relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery

of admissible evidence, to the extent that it seeks information regarding visual display products

not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects

to this Topic as overly broad and unduly burdensome, and as seeking information that is not

relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery

of admissible evidence, to the extent that it seeks information regarding ViewSonic visual

display products imported, offered for sale, or sold in the United States between January 1, 2000

to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to

this Topic as overly broad and unduly burdensome, and as seeking information that is not

relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery

of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one

or more witnesses to testify as to information that is not privileged and properly within the scope

of this Topic.

### Topic No. 21

Communications and documents concerning the U.S. market, and consumer demands and
preferences in the U.S. market, related to visual display products, since January 2000, including
your employees, offices, and visits in or concerning the U.S.

### Objection and Response to Topic No. 21

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is requested.

ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a

claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome, as to the phrases "consumer demands and preferences in the U.S. market, related to visual display products," and "visits in or concerning the U.S." ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 22

All licenses, royalties, and/or technology transfer agreements that pertain to visual display products and/or mounting technologies used in visual display products to which you are a party, assignor, assignee, or beneficiary.

### Objection and Response to Topic No. 22

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested.

ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the term "mounting". ViewSonic also objects to this Topic as improper because it requires the interpretation of one or more claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome to the extent it seeks information regarding agreements to which ViewSonic is a "beneficiary." ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 23**

The value to you of the Patents-in-Suit and the technology reflected in those Patents, assuming that the Patents are valid and infringed, and the methods by which you would determine such value, including all policies, practices and/or relevant factors you have used or deem relevant when negotiating the terms of any licenses, royalties and/or technology transfer agreements concerning visual display products and/or mounting technologies, since January 1, 2000.

**Objection and Response to Topic No. 23**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "relevant" and "mounting." ViewSonic also objects to this Topic as improper because it requires the interpretation of one or more claim terms, including but not limited to "mounting." ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products

imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 24

All types of customer and product support that you have offered, provided, or contracted for concerning visual display products made, imported, or sold in the U.S., including, for example, product warranties and authorized service and repair providers, as well as any documents related to such customer and product support.

### Objection and Response to Topic No. 24

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim

or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 25

All conduct by you, and documents, concerning or encouraging the importation, sale, and/or offer for sale of visual display products made by or for you, by any customer or company that has imported or sold visual display products made by or for you since January 1, 2000, including, for example, contracts, negotiations, meetings, transactions, business relationships, rebates, subsidies for product advertising or promotion, and/or information sharing, between you and such customers and companies.

### Objection and Response to Topic No. 25

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the term "encouraging." ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1,

34

2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers, including but not limited to "contracts, negotiations, meetings, transactions, business relationships, rebates, subsidies for product advertising or promotion, and/or information sharing" between ViewSonic and any of its customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 26

When and how you first became aware of each of the Patents-in-Suit, including, but not limited to, the date of your first actual notice or awareness of each of the Patents-in-Suit and from what source(s), and any patent searches by or for you that included or listed either of the Patents-in-Suit.

### Objection and Response to Topic No. 26

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, as seeking information protected by the attorney-client privilege or work product doctrine, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, for

seeking information regarding "any patent searches by or for your that included or listed either of the Patents-in-Suit."

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 27

Your efforts to avoid infringing the Patents-in-Suit since the time that you first learned of the Patents-in-Suit, including, but not limited to, all attempts by or for you to obtain and rely on any advice of counsel, undertake any investigation or analysis, change or consider changing the design, mounting, or assembly concerning any visual display products including the flat panel display and/or flat panel display device and/or housing contained in the visual display products, or take any steps to exercise due care not to infringe.

### Objection and Response to Topic No. 27

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "mounting," "flat panel display," "flat panel display device," and "housing." ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the

United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly

burdensome, and as seeking information that is not relevant to a claim or defense of any party

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it

seeks information regarding ViewSonic visual display products imported, offered for sale or sold

in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one

or more witnesses to testify as to information that is not privileged and properly within the scope

of this Topic.

### Topic No. 28

Your efforts to gather and search for information and documents responsive to each of
the discovery requests propounded on you by Plaintiff; including: the locations and sources
searched; the persons interviewed and responsible; what was done to preserve and produce
electronically stored information, documents, data, and visual display products, including, for
example, discovery in the possession or control of ViewSonic, Sally Wang, Tommy Jue, Robert
Ranucci, Mike Zapka, Jeff Volpe, Vivian Liu, and Tse Rong Lee.

### Objection and Response to Topic No. 28

ViewSonic objects to this Topic as vague, overly broad, and unduly burdensome.

ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a

claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information

protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to

this Topic to the extent that it imposes obligations beyond those contemplated by the Federal

Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly

burdensome, and as seeking information that is not relevant to a claim or defense of any party

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it

seeks information regarding ViewSonic customers. ViewSonic also objects to this Topic as

overly broad and unduly burdensome and duplicative as seeking information regarding

"discovery in the possession or control of ... Sally Wang, Tommy Jue, Robert Ranucci, Mike

Zapka, Jeff Volpe, Vivian Liu, and Tse Rong Lee" to the extent the information provided from other sources is duplicative.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 29

The persons knowledgeable and/or responsible regarding the assembly of your visual display products, including the methods used to mount and/or assemble flat panel displays and fiat panel display devices with respect to such products; your relationships with customers and suppliers regarding visual display products; and the importation, sale, or offers to sell visual display products made by or for you in or to the United States since January 1, 2000, and documents concerning your organizational and departmental structure, hierarchy, and chain of command.

### Objection and Response to Topic No. 29

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "mount," "flat panel displays," "flat panel display devices," "departmental structure," and "hierarchy." ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported,

offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 30

Your communications, including submissions from you, as well as to, from or with industry or market research firms since January 1, 2000, such as, for example, DisplaySearch, and/or your use of information or data compiled or disclosed by those industry research firms, concerning visual display products or any markets for visual display products.

### Objection and Response to Topic No. 30

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal

Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "industry or market research firms." ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding any use of information or data compiled or disclosed by those industry research firms. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding non U.S. markets for visual display products. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

Dated:  January 5, 2007                    CONNOLLY BOVE LODGE & HUTZ LLP


                                           By:  */s/ Jaclyn M. Mason*
                                                Jeffrey B. Bove, Esq. (#998)
                                                Jaclyn M. Mason, Esq. (#4737)
                                                The Nemours Building, 8th Floor
                                                1007 North Orange Street
                                                Wilmington, DE  19801
                                                Telephone:  (302) 658-9141
                                                Facsimile:  (302) 658-5614

Of Counsel:                                     Scott R. Miller, Esq.
Tracy R. Roman, Esq.                            355 South Grand Avenue, Suite 3150
Raskin Peter Rubin & Simon LLP                  Los Angeles, CA  90071
1801 Century Park East, Suite 2300              Telephone:  (213) 787-2500
Los Angeles, CA  90067                          Facsimile:   (213) 687-0498

                                           *Attorneys for ViewSonic Corporation*

41

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2007, a true copy of the foregoing

**Defendant ViewSonic Corporation's Objections to Plaintiff's Notice of 30(b)(6) Deposition**

was electronically mailed to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19801


I hereby certify that on the 5th day of January, 2007, I have sent by email the foregoing

document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404


Tracy R. Roman
Raskin Peter Rubin & Simon
1801 Century Park East 23rd Floor
Los Angeles, CA  90067

Jong P. Hong
Greenberg Traurig, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA  94303

By: _/s/  Jaclyn M. Mason_
Jaclyn M. Mason (#4737)
jmason@cblh.com