# EXHIBIT 7

 **CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

LOS ANGELES, CA

355 S. Grand Ave.
Suite 3150
Los Angeles, CA 90071
TEL: (213) 787 2500
FAX: (213) 687 0498
WEB: www.cblh.com

Scott R. Miller
Partner

TEL (213) 787-2510
EMAIL smiller@cblh.com

*Via Email and U.S. Mail*

March 6, 2007

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006-1108

    Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
             **USDC Case No. 04-343 JJF**

Dear Cass:

    This letter follows up on our objections, prior discussions and correspondence, and the guidance provided by the Special Master last week. LPL's original and supplemental deposition notices to ViewSonic seek: (i) discovery which is improper or premature based upon the prior rulings of this Court; (ii) expert discovery prior to the time permitted for such discovery under the Court's Scheduling Order; and/or (iii) information totally unrelated to the subject matter of this case and/or not likely to lead to the discovery of admissible evidence. Unless LPL immediately agrees to withdraw or narrow various topics as indicated below, ViewSonic will have to seek a Protective Order.

    Topics 1, 5, 8, 9, 10, 11 and 23 of LPL's Notice of 30(b)(6) Deposition of ViewSonic require claim construction and/or seek expert testimony prior to the expert discovery phase, and are thus premature, and/or seek legal conclusions and are thus improper. Further, LPL's Supplemental 30(b)(6) Notice seeks deposition testimony that circumvents the Special Master's prior decision LPL's discovery requests seeking to compel ViewSonic to classify mounting technology or mounting systems used to mount the LCD module in ViewSonic monitors. Unless LPL agrees immediately to withdraw or narrow such topics to avoid these problems, ViewSonic will seek a Protective Order from the Special Master.

    As one example, in its supplemental category no. 1, LPL seeks to compel testimony regarding the classification of mounting technology or mounting systems in ViewSonic products despite the fact that the Court has rejected LPL's request to compel ViewSonic to do this very thing.

11007.1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
March 6, 2007
Page 2

Similarly, several of the topics noticed by LPL are directly tied to disputed claim terms and/or the claims themselves despite the fact that the Special Master has previously ruled that discovery directed to claim terms is not proper before the Markman Order. For example, LPL's definition of the claim term *"flat panel display device"* incorporates inconsistent and competing definitions of the parties, an unknown definition to be provided by the Court, and an unknown definition of *"frame,"* a claim term the meaning of which the parties vigorously contest. Similarly, LPL's definition of the claim term *"housing"* incorporates inconsistent and competing definitions of the parties, and an unknown definition to be provided by the Court. As the Special Master has already ruled that discovery tied to claim terms is premature prior to issuance of the Markman ruling, ViewSonic must seek a Protective Order unless LPL immediately withdraws topics seeking discovery tied to contested claim terms.

Topic 1 of LPL's Notice calls for information relating to a *"flat panel display device"* and *"frames,"* thus relying on the contested and competing definitions contained in the claim construction briefs of the parties, an unknown definition to be provided by the Court. Similarly, Topics 5, 27 and 29 also seek discovery related to information relating to a *"flat panel display device"* and thus *"frames"*. Topic 27 also seeks discovery regarding *"housing"*, another disputed claim term. As the Special Master has already ruled that discovery tied to claim terms is premature prior to issuance of the Markman ruling, ViewSonic must seek a Protective Order unless LPL immediately withdraws these topics or narrows them to avoid these problems.

Moreover, the entirety of Topic 5 relates to "mounting structures and methods of assembly *claimed* in the patents-in-suit." As the Special Master has already ruled that discovery tied to claim terms is premature prior to issuance of the Markman ruling, ViewSonic must seek a Protective Order unless LPL immediately withdraws Topic 5.

LPL's deposition notice also includes numerous topics seeking information which is clearly a legal conclusion and/or the subject of expert testimony in this matter prior to the dates on which expert testimony is permitted under the Court's Scheduling Order. Thus, for example, Topic 4 ("... infringement analyses ..."), Topic 8 ("... validity of the patents-in-suit ..."), Topic 9 ("... affirmative defenses [failure to state a claim, noninfringement, invalidity, prosecution history estoppel] ..."), Topic 10 ("... whether or not the Patents-in-Suit are infringed ..."), Topic 11 ("... whether the Patents-in-Suit are unenforceable ..."), Topic 23 ("The value to you of the patents-in-suit ..."). Each of these topics seeks information which is clearly legal in nature and/or clearly the subject of expert testimony. ViewSonic will seek a Protective Order unless LPL immediately withdraws these topics.

11007.1



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
March 6, 2007
Page 3

      Finally, LPL's deposition notice includes various topics which inquire into areas which are neither relevant nor likely to lead to the discovery of admissible evidence in this action. The topics ask ViewSonic to put forth a witness to testify regarding information "since January 1, 2000," or, even worse, without any date limitation whatsoever. Because the earliest issue date of the patents-in-suit is December 24, 2002, discovery sought from ViewSonic for information prior to that date is not relevant. Moreover, it has long been uncontroverted that ViewSonic was not aware of the patents-in-suit prior to the date on which LPL served the complaint on ViewSonic – namely, on or about May 28, 2004. Thus, ViewSonic's conduct prior to May 28, 2004 should not be relevant. ViewSonic will seek a Protective Order unless LPL immediately properly temporally limits the topics.

      Additionally, as LPL acknowledged to the Special Master during the December 28, 2006 hearing, to the extent that ViewSonic is liable, if at all, as a direct infringer for any ViewSonic products that infringe the patents-in-suit, LPL is not entitled to a second recovery on those products under the theory of inducing infringement. Moreover, LPL cannot prove indirect infringement without, as a condition precedent, proving direct infringement. Thus, LPL should withdraw or narrow topics 13, 14, 15, 19, 20, 25 and 29. These topics harass and unduly burden ViewSonic by asking ViewSonic to prepare and present a witness directed to claims of inducement. For example, Topic 13 requires ViewSonic to prepare a witness to testify regarding the customers, distributors and retailers who bought, sold and/or transported the more than 200 products which ViewSonic has sold, even though LPL has accused only 21 ViewSonic products of infringement. Topics 14, 15, 19, 20, 25 and 29 suffer from the same problem. The Special Master has declined to order ViewSonic to produce documents on these topics, and these topics represent a needless waste time and money in the deposition process.

      If we do not hear from you by the close of business today, we will have no choice but to ask the Special Master for a Protective Order.

                                       Sincerely,

                                         Scott R. Miller

11007.1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
March 6, 2007
Page 4

cc:    Rel S. Ambrozy, Esq.
       Lora A. Brzezynski, Esq.
       Gaspare J. Bono, Esq.
       Cormac T. Connor, Esq.
       Richard D. Kirk, Esq.
       Mark H. Krietzman, Esq.
       Valerie W. Ho, Esq.
       Steve P. Hassid, Esq.
       Anne Shea Gaza, Esq.
       Frederick L. Cottrell III, Esq.
       Tracy R. Roman, Esq.
       Jeffrey B. Bove, Esq.
       James D. Heisman, Esq.
       Jaclyn M. Mason, Esq.

CONNOLLY BOVE LODGE & HUTZ LLP