# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

March 8, 2007

**BY E-MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

Tatung Company and Tatung Company of America, Inc. (collectively, the "Defendants") hereby oppose LG Philips LCD Co., Ltd.'s ("LPL") motion for protective order to terminate or, alternatively, to limit any further deposition of Mr. Jong Hwan Kim (the "motion"). Mr. Kim is a key witness in this case. He is one of the two inventors of the '641 and '718 patents that are at issue in this litigation, as well as other patents related to flat screen mounting technology. He is the manager of LPL's patent team. He was also an employee of LG Electronics' LCD Division and is an employee of both LG LCD and LPL. Further, Mr. Kim is designated as plaintiff's 30(b)(6) witness for multiple topics under three of the four Notices of Deposition served by the Defendants in this case.

Judge Farnan and Your Honor obviously recognized the importance of such a witness by allocating 21 hours of deposition time for each inventor and 10.5 hours of time for each 30(b)(6) Deposition Notice. Notwithstanding plaintiff's motion, it is the Defendants, not the plaintiff, who have the responsibility for determining how to use their time with Mr. Kim. What is clear is that the Defendants must use their time effectively to determine all of the relevant information in Mr. Kim's possession so that it can be used at trial. In addition, the Defendants must make a record to insure Mr. Kim cannot give trial testimony in areas about which he professes in his deposition to have no knowledge or recollection. However, Defendants cannot use, and indeed have not used, a disproportionate amount of their time on one witness or they will run out of time for others. How Defendants go about accomplishing this task should not be second guessed by plaintiff so long as the time parameters set by the Court are honored and the witness is not

The Honorable Vincent J. Poppiti
March 8, 2007
Page 2

harassed or abused.

At best, plaintiff's motion is simply a thinly veiled attempt, yet again, to try and have Your Honor reconsider the time allocations established by Judge Farnan and clarified by Your Honor. It is respectfully suggested that Your Honor should again reject this latest attempt to end the deposition and, indeed, grant Defendants' motion to instruct Mr. Kim to prepare adequately for his deposition. *See* Letter to Special Master Poppiti from Frederick L. Cottrell, III, dated March 1, 2007.

Plaintiff also tries to resurrect, yet again, their argument that the Court's time allocations for deponents does not count if the topics for which the deponent is offering testimony overlap. This latest attempt for reconsideration is improper because no new facts or law are implicated. Lament over a prior ruling is not a proper basis for a motion for reconsideration.

Moreover, the primary authorities cited and relied upon by plaintiff in bringing its motion support the proposition that a party seeking additional time beyond that allocated by the Federal Rules of Civil Procedure or the Court has the burden of demonstrating that the additional time is required. Defendants agree with that rule. Unfortunately for plaintiff, that is not the issue posed by its motion. Indeed, the problem with plaintiff's argument is that the time allocation for Mr. Kim is nowhere close to expiring.

Plaintiff's claims that Mr. Kim is being "punished" and harassed are similarly misguided. As recognized by the Court's allocation of time, a deponent, particularly an inventor's, background information is important and must be fleshed out at his deposition. This is particularly true in this instance since Mr. Kim, an administrator in the LG Electronics patent department with lackluster credentials, nevertheless claims to have *sua sponte* conceived of a "design around" for mounting technology subject to LG Electronics Development and Manufacturing Agreement with Digital Equipment Company.

Plaintiff's argument that Mr. Kim was harassed because he was asked to explain who owned the patents-in-suit is hardly an accurate assessment of the questions asked and testimony provided. The reality is that Mr. Kim was woefully unprepared to address this key issue on which the plaintiff has the burden of proof. Defendants, for their part, were obligated to thoroughly question this witness notwithstanding the fact that he had clearly failed to adequately prepare to provide testimony on this 30(b)(6) topic.[1]

---

[1] Plaintiff's allegation that Mr. Kim's time was wasted by asking where his desk was in relationship to that of his co-inventor, Mr. Cho, is equally specious. Since neither inventor has been able to explain how or why they teamed up to make this important discovery, questions regarding their relationship are important.

RLF1-3124013-2

The Honorable Vincent J. Poppiti
March 8, 2007
Page 3

    Finally, plaintiff's attempt to trivialize the serious shortcomings of Mr. Kim's technical expertise and the obviousness of his purported invention are unavailing. Defendants have the burden of proof to show invalidity and are obliged to examine prior art with the witness (even if that prior art was intentionally omitted from the patent application and only discovered by the Examiner in the course of his review). That is exactly what the Defendants have attempted to explore with Mr. Kim, but they have been hampered by his lack of knowledge and preparation on this and other topics.

    Defendants are not asking for additional time with Mr. Kim to obtain general testimony on undisclosed topics. Rather, Defendants seek merely to complete their deposition of Mr. Kim on the 30(b)(6) topics for which he was unprepared in the remaining time allotted for his individual and 30(b)(6) depositions. Far from being required to pay for Mr. Kim's unilateral decision to return to Korea, Defendants should be compensated by plaintiff for the time unnecessarily spent questioning the witness on subjects for which he was unprepared or which could be explained by documents that were requested by Defendants, but that plaintiff chose not to produce.

    Defendants request that Your Honor not reconsider the rulings made by Judge Farnan and You earlier because no new facts or law or good cause has been shown. Further, because the arguments supporting this motion are groundless, the motion should be denied and Mr. Kim should be ordered to appear in the United States to complete his individual and 30(b)(6) deposition on a date and a time agreed upon by the parties.

                                         Respectfully,

                                         Anne Shea Gaza
                                         (#4093)

ASG/afg
cc:    Clerk of Court (via CM/ECF)
       Richard Kirk, Esquire (via electronic mail)
       Cormac T. Connor, Esquire (via electronic mail)
       Mark Krietzman, Esquire (via electronic mail)
       Scott R. Miller, Esquire (via electronic mail)
       Jeffrey B. Bove, Esquire (via electronic mail)