**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

WILMINGTON, DE

JAMES D. HEISMAN
Partner
Tel 658-9141
Fax 252-4208
Email jheisman@cblh.com
Reply to Wilmington Office

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

March 8, 2007

*Via Email and Hand-Delivery*
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
      USDC Case No. 04-343 JJF

Dear Special Master Poppiti:

Despite the clear prior rulings from Your Honor, LG.Philips LCD Co., Ltd. ("LPL") again seeks to unilaterally shorten the deposition time of Mr. Jong Hwan Kim. Mr. Kim is a named inventor of both of the patents in suit, and a witness designated by LPL to respond to non-overlapping topics in four separate 30(b)(6) deposition notices. LPL's efforts to avoid its discovery obligations are exacerbated because LPL still has not designated a witness to testify for numerous categories identified in ViewSonic's 30(b)(6) notices dating back to November, 2006, despite the impending discovery cut-off a mere 22 days hence.

ViewSonic has already had to expend substantial precious resources to overcome LPL's previous efforts to improperly limit or block the deposition testimony legitimately sought by the defendants. This motion represents yet another attempt by LPL to resurrect its earlier failed attempts to obstruct deposition discovery. Your Honor has already overruled LPL's refusal to acknowledge that the Scheduling Order permits each inventor to be deposed as an individual for up to 21 hours. *See* Feb. 7, 2007 letter from Special Master (DI 441) at 2-3. Your Honor also repeatedly confirmed that each 30(b)(6) designee may be deposed for up to 7 hours in English (10.5 hours if an interpreter is needed) for each 30(b)(6) notice to which the witness is designated to respond. *See* Transcript of Feb. 21, 2007 conference with Special Master, p. 7:l. 23 - p. 9:l. 7; p. 14:ll. 1-17; Transcript of Feb. 28, 2007 conference with Special Master, p. 26:ll. 13-24, and 27:ll. 1-9. Still, LPL presses forward with its attempt to thwart discovery.

After five partial days of testimony from Mr. Kim, LPL seeks to curtail his deposition and the corresponding deposition discovery the defendants are entitled to obtain. As the record demonstrates, the issue is not that the defendants are wasting time, but rather that the witness is unwilling and/or unprepared to answer the questions that go to the essence of the patents-in-suit and the supposed inventions at issue in this case.

525633

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
March 8, 2007
Page 2

As Your Honor may recall, LPL *elected* to designate Mr. Kim to respond to non-overlapping topics from all four 30(b)(6) notices ViewSonic served on LPL. *See* Ex. 1 (Feb. 22, 2007 letter from C. Christenson). While LPL continues to erroneously represent that Mr. Kim has been designated only under three of the notices, Mr. Christianson's Feb 22 letter and the list of witnesses and topics shown in Ex. 1 proves otherwise. Pursuant to the law of the case, LPL must make Mr. Kim available for 21 hours as an inventor, plus 42 hours of 30(b)(6) testimony (4 notices X 10.5 hours per notice), for a total of 63 hours.

LPL argues that the agreement to take individual and 30(b)(6) testimony somehow reduces its obligations under the FRCP and the Scheduling Order. But that agreement was made only at the behest of, and to accommodate, LPL. Moreover, the parties already discussed this contention at the time the agreement was made and defendants expressly rejected that contention prior to entering into the agreement, a fact which LPL does not dispute. Transcript of Feb. 28, 2007 conference with Special Master, p. 30:ll. 1-16.

LPL nonetheless argues that it is inconvenient for Mr. Kim to travel a second time from Korea to the U.S., and that the defendants should pay for Mr. Kim's return. This argument is without merit. First, as a threshold matter, ViewSonic notes that it has taken only approximately nine hours of Mr. Kim's deposition, and has a right to depose Mr. Kim for approximately half of the 63 hours Mr. Kim must be made available. Tellingly, LPL concedes that the questioning of Mr. Kim by Mr. Miller, ViewSonic's counsel, was focused and efficient. *See* Transcript of March 2, 2007 hearing with Special Master, p. 43: l. 22 - p. 44:l. 5. Defendants have repeatedly advised LPL that the time allotted by LPL for this deposition was inadequate under the Court's rulings. It is LPL that refused to produce Mr. Kim in the first instance for the required time. It is LPL that unilaterally imposed a schedule allotting only five shortened days for Mr. Kim's deposition testimony. And it is LPL that decided to have Mr. Kim leave the country before the 30(b)(6) deposition was completed. Not only is LPL's request outrageous, LPL should be ordered to pay for ViewSonic's attorneys' fees incurred opposing this baseless motion.

LPL recently proposed a compromise whereby they would present Mr. Kim for an additional 18 hours of deposition if the parties agreed to drop all of their motions on this issue. Unfortunately, this proposal did not provide a mechanism for guaranteeing Mr. Kim's preparedness or willingness to answer questions when he returned, and therefore could not be accepted as presented. LPL attempts to lay blame on defendants for Mr. Kim's unresponsiveness and basic reluctance to provide answers during his deposition. A review of the complete transcripts demonstrates that any time inefficiently spent was caused by Mr. Kim's lack of preparation or unwillingness to answer questions directly related to his patents and key issues in this case. LPL should not be rewarded for this conduct. As discussed with the Special Master in the hearing on Friday March 2, the important issue joined by this motion is not a shortening of the deposition of Mr. Kim, but rather the establishment of a mechanism to ensure that Mr. Kim is both prepared to respond, and does provide responsive answers to questions posed to him in the deposition for which he is LPL's corporate designee. Attached as Exhibit 2 are excerpts from the transcript of Mr. Kim's testimony elicited by counsel for ViewSonic on March 1 and 2. Despite appearing as an inventor and a corporate designee for LPL, Mr. Kim either could

525633


CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
March 8, 2007
Page 3


not recall or would not provide responsive answers to questions posed about key issues. For example, the Korean parent application to the US patents depicts and discusses the supposed advantages of the rear mount technology that is the subject of the patents-in-suit and side mount technology. This discussion was omitted from the US patents for reasons Mr. Kim has failed to explain. Attempts to question Mr. Kim about whether the inventions underlying the patents in suit provide any benefit over side mounting, either as depicted in the KR application or as actually used by LPL in products put before Mr. Kim, drew either "I do not know" or unresponsive answers. Questions directed to placement of a mounting fastener on the back of an LCD product to practice this supposed invention of the patents in suit drew similar responses. Indeed, even attempts to ascertain the structure of the display device to which the supposed invention can be applied (discussed as the conventional technology) were unavailing. Not only should the deposition continue, it should and must continue under conditions designed to ensure that responsive answers are provided to questions relating to topics for which Mr. Kim is LPL's corporate designee.

During the March 2nd hearing, the Court invited suggestions on how to ensure that the deposition move forward in an expeditious and proper manner. One solution is for the deposition to be conducted in Wilmington at the offices of the Special Master (or such other location convenient to the Special Master) to allow the Court to directly oversee the deposition. This would prevent the alleged harassment of the witness (a concern raised by Mr. Bono) as well as the opportunity for the parties and the Special Master to ensure that responsive answers are provided. An alternative is for the Court to rule that LPL is bound by the responses provided by Mr. Kim, and that it cannot provide a witness who cannot or will not answer and then argue that defendants can ferret out the information from other disparate sources. It is not sufficient for LPL to produce a corporate designee to testify at the level of testimony provided thus far by Mr. Kim, and then seek to force defendants to rely solely on documents or interrogatory responses to cure LPL's inability to provide deposition discovery.

Based on the foregoing, ViewSonic respectfully requests that the Special Master deny LPL's motion for a protective order for Mr. Kim, and order that Mr. Kim shall be made available for the portion of the 63 hours remaining, and that LPL pay ViewSonic's costs for opposing this motion. ViewSonic also requests that the Court establish a mechanism to ensure that meaningful testimony is provided in response to proper questions posed to LPL's corporate designee.

Respectfully submitted,

James D. Heisman

525633



The Honorable Vincent J. Poppiti
March 8, 2007
Page 4


cc:    Gasapare J. Bono, Esq.
        Cass W. Christenson, Esq.
        Rel S. Ambrozy, Esq.
        Lora A. Brzezynski, Esq.
        Cormac T. Connor, Esq.
        Richard D. Kirk, Esq.
        Mark H. Krietzman, Esq.
        Valerie W. Ho, Esq.
        Steve P. Hassid, Esq.
        Anne Shea Gaza, Esq.
        Frederick L. Cottrell III, Esq.
        Tracy R. Roman, Esq.
        Scott R. Miller, Esq.
        Jeffrey B. Bove, Esq.
        Jaclyn M. Mason, Esq.

525633