# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

March 8, 2007

**BY E-MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

Tatung Company and Tatung Company of America, Inc. (collectively, the "Defendants") hereby oppose LG Philips LCD Co., Ltd.'s ("LPL") motion for protective order regarding the deposition of Mr. Yeong he-Bang (the "motion"). Based on the information and documentation received to date by defendants, they believe that Mr. Bang may be an important witness in this case. In addition, the defendants believe that his testimony will lead to the discovery of admissible evidence on, among other things, the following:

1. **Standing**: Defendants contend that the so called "rear mounting" invention, which forms the basis of the patents-in-suit, was developed during the term of and pursuant to the Development and Manufacturing Agreement between LG Electronics ("LGE") and Digital Equipment Corporation ("DEC") (the "DMA") and, thus, plaintiff has no standing to bring this action. Plaintiff disputes this contention, but, until this week, refused to appoint a 30(b)(6) witness on this subject and still refuses to produce the DMA and other relevant documentation. Plaintiff has the burden to prove that LG Philips (as opposed to DEC or its assignees) owns the invention and has the right to sue for infringement. Defendants believe that Mr. Bang, who was the Product Planning Department Manager for the LCD Division of LGE at the time of the alleged invention of rear mounting, has personal knowledge concerning the DMA, side mounting and the invention of rear mounting. Mr. Bang was intimately involved with the administration and performance of the DMA, was one of the LGE employees who claims to have independently developed the side mounting technology,[1] and Defendants suspect he also had a significant role in the "rear mounting" invention.

The recent testimony of Messrs. Kim and Cho has raised serious questions as to how these two

---

[1] This claim was, however, debunked in the Chungwa Pictures Tubes arbitration over the DMA and the Court's ruling in California. Indeed, Mr. Bang's assertion was specifically dismissed in the arbitration as not credible.

The Honorable Vincent J. Poppiti
March 8, 2007
Page 2

administrators in the LGE patent office (one with a BA in Chemisty and the other an electrical engineer) independently conceived of "rear mounting," which they described in their invention disclosure as an "improvement" to side mounting and a method to "design around" side mounting. They claim to have done this based on their understanding of the importance of mounting to LGE. However, at least Mr. Cho admits that he conceived of the invention without even seeing a module, let alone a mounted module or a drawing of side mounting. *See* Ex A to the motion, page 1 Boxes 6, 9 and 10. The inventors, of course, kept no notes, have no work papers, made no sketches and do not have the CAD/CAM facilities to produce the printed drawings in the second invention disclosure. There also is a mystery surrounding how this invention, conceived of just before the issuance of the '139 patent, was submitted to the Korean patent office just 10 days after its conception compared to the usual 3 to 6 month cycle between invention and submission. Further, the duplication of various figures in the '139 patent and the patents-in-suit (*e.g* figure 6 and figure 4C) seems to be more than a coincidence. The '641 and '718 patents are attached as Exhibits 1 and 2 hereto. Finally, the extent of Mr. Bang's involvement in the patents-in-suit is critical. LPL has already admitted that Mr. Bang had at least one substantive conversation with Mr. Kim in which he is reported to have discussed the rear mount invention as a means to design around the side mounting method. Defendants have a right to explore this conversation with Mr. Bang particularly since Mr. Kim now claims to have very little memory of it.

2. **Prior Art**: LGE and LG Philips, who claim to own the '139 patent, deleted references and Figures contained in the Korean patent applications relating to side mounting and failed to cite the '139 patent as prior art. Mr. Bang's role in this decision is important, since neither Mr. Kim nor Mr. Cho can recall how or why this happened.

3. **Obviousness**: There is a significant question as to whether the rear mounting invention was obvious in light of prior art, including side mounting. That is, it is appears that moving mounting holes from the front to the back of the first frame is obvious. Not surprising, the inventors claim not to have details regarding side mounting. Defendant must determine what role Mr. Bang, the ostensible inventor of side mounting, had in the "rear mounting" invention to add to their obviousness defense.

4. Plaintiff asserts that the only communication between Messrs. Bang and Kim on the subject of the inventions was a "short telephone discussion." There is, however, no indication of the duration of the discussion in Exhibit A to the motion. In any event, the substance, not the length, of the discussion is the issue. Moreover, this argument raises even more questions about Mr. Bang's role. For instance, how could Mr. Bang possibly have concluded that "back mounting entails no known technical difficulties" and comment on the complexity of the "back hinge" technology, without seeing drawings, diagrams or mockups. Further, how could he determine from a short phone call that "thickness" might be a "drawback." It is obvious that there had to be much more to this exchange than has been alluded to so far or there had to have been multiple communications between these gentlemen.

Defendants do not agree with plaintiff's assertion that Mr. Bang did not have a material role in the invention of rear mounting. Since Mr. Cho claims never to have spoken to Mr. Bang and Mr. Kim's recollection is hazy, at best, the best source of evidence on this issue is Mr. Bang. Further, Defendants inquiries of Mr. Bang are not limited to inventorship, but also have to do with the DMA and the alleged design around LGE's own patent. Interrogatory responses that generally deny legal conclusions are not

The Honorable Vincent J. Poppiti
March 8, 2007
Page 3

going to be sufficient to pin down Mr. Bang's true role in the DMA and the invention. Defendants should not be denied the opportunity to depose a key witness because plaintiff does not agree with a yet to be determined legal issue.

The following addresses the particular items raised by plaintiff in its motion:

1. Whether Defendants noticed Mr. Bang's deposition in November or January is immaterial. The only timing issue that should be considered is whether the notice was timely, which, it is undisputed, it was. Defendants' strategy in scheduling discovery that is timely noticed is, therefore, irrelevant.

2. In the discussions among counsel, it was expressly stated that the reasons discussed were not the exclusive bases for deposing Mr. Bang. Counsel for Defendants did not agree it was necessary or appropriate to discuss in detail each of the subjects to be covered in Mr. Bang's deposition and declined to do so.

3. Judge Farnan's ruling in another case on a motion in limine is not binding or relevant here. Indeed, whether evidence proposed to be offered by a third party not involved in the present proceedings during a trial in a completely different case that did not even involve mounting has nothing to do with whether discovery in this case is proper.

4. Defendants, not plaintiff, should be the party to decide who they should depose in this case and the area of inquiry for the deposition. Defendants have limited time and obviously are only going to use that time in a manner they believe will be productive. The suggestion that Defendants' counsel would travel from Los Angeles to Washington DC to depose Mr. Bang over a weekend in order to merely harass him is simply inaccurate.

5. Defendants' examination of Mr. Bang should not be limited to subjects that plaintiff thinks are relevant.

6. The Defendants would be willing to reimburse Mr. Bang's travel expenses on the condition that LPL reimburse the Defendants for expenses they have incurred in bringing numerous employees to the United States to be deposed on subjects they believe are irrelevant and duplicative.

Respectfully,

Anne Shea Gaza
(#4093)

ASG/afg
Enclosures

RLF1-3124307-1

The Honorable Vincent J. Poppiti
March 8, 2007
Page 4

cc: Clerk of Court (via CM/ECF)
Richard Kirk, Esquire (via electronic mail)
Cormac T. Connor, Esquire (via electronic mail)
Mark Krietzman, Esquire (via electronic mail)
Scott R. Miller, Esquire (via electronic mail)
Jeffrey B. Bove, Esquire (via electronic mail)

RLF1-3124307-1