IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMMISSARIAT A L'ENERGIE ATOMIQUE,<br><br>              Plaintiff,<br><br>     v.<br><br>DELL COMPUTER CORPORATION; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CANADA, INC.; SAMSUNG INTERNATIONAL, INC.; SUN MICROSYSTEMS, INC.; and VIEWSONIC CORPORATION,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 03-484-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

This is a patent infringement case. Jurisdiction is proper under 28 U.S.C. § 1331. Presently before me is a Motion for Expedited Entry of Protective Order filed, on April 13, 2004, by plaintiff Commissariat à L'Énergie Atomique ("CEA"). (Docket Item ["D.I."] 172; the "Motion".) For the reasons that follow, CEA's Motion will be denied.

CEA alleges that Defendants[1] are infringing its U.S. Patent No. 4,701,028 (issued October 20, 1987) ("the '028 patent") and U.S. Patent No. 4,889,412 (issued December 26, 1989) ("the '412 patent"), both of which claim certain liquid crystal display ("LCD")

---

[1] On May 13, 2004, I issued a Memorandum Order granting in part and denying in part CEA's Motions to Consolidate this case with several others. (D.I. 209.) Any reference herein to the "Defendants" means the module manufacturers against whom this action is now proceeding, namely, Samsung Electronics ("Samsung"), Fujitsu Display Technologies Corporation ("Fujitsu"), and Tottori Sanyo Electric Co., Ltd. ("Tottori Sanyo"). (*Id.* at 8.) The Defendants have each submitted formal or letter briefing in response to CEA's Motion. (*See* D.I. 182, 183, 196, 198, 199.)

technology. (*See* D.I. 1.) CEA filed a motion for a preliminary injunction against Samsung on October 28, 2003 (D.I. 58, 59) and, on March 3, 2004, I granted CEA's request for limited expedited discovery in connection with that motion (D.I. 138). Samsung provided some responsive information to CEA's expedited discovery requests, and both sides want some form of protective order in place to protect confidential information, but CEA and the Defendants have reached an impasse in their negotiations over the scope of the protective order that should be entered.[2] (*See* D.I. 173 at 1; D.I. 199 at 2.)

The parties disagree over whether three of the attorneys who are on CEA's trial team and also prosecute patents for CEA - namely, Song Jung, Rebecca Rudich, and Yonggyu Kim (collectively referred to as "CEA's patent prosecution attorneys") - should have access to discovery designated as "highly confidential." (D.I. 173 at 1; D.I. 198 at 3; D.I. 199 at 2.) CEA argues that Mr. Jung, CEA's lead attorney in this case, and his colleagues, Ms. Rudich and Mr. Kim, need access to all discovery in order to continue to represent CEA effectively.[3] (D.I. 173 at 2, 12.) The Defendants are seeking entry of a protective order that bars CEA's patent attorneys from accessing the Defendants'

---

[2]The Defendants, recognizing that these protective order issues will impact them equally as this case moves forward, share a common position in response to CEA's proposed protective order. (*See* D.I. 182 at 1 n.2; D.I. 183; D.I. 196.)

[3]CEA also argues that it need not identify its non-testifying experts and consultants who may have access to confidential information prior to the end of this case. (D.I. 173 at 3.) I heard argument from CEA and the Defendants on this point during an April 21, 2004 teleconference, and ruled that, if CEA wanted to show "confidential and what's asserted to be highly sensitive information" to non-testifying experts and consultants, CEA had to "tell [the Defendants] who they are before...divulg[ing] it." (D.I. 197 at 16:5-11.)

2

highly confidential information. (D.I. 199 at 9-10.) The Defendants argue that giving CEA's patent prosecution attorneys access creates an unacceptable risk of inadvertent disclosure or misuse of their highly confidential research, technical, and proprietary information, especially since Mr. Jung and his colleagues prosecute patents for LG.Philips LCD Co., Ltd. ("LG.Philips"), one of the Defendants' major competitors. (D.I. 198 at 4; D.I. 199 at 3.) CEA responds that, just because their patent prosecution attorneys render legal advice with respect to patent prosecution, does not necessarily mean that they are involved in competitive decision making and thus warrant denying them access to highly confidential information. (D.I. 203 at 1.) The Defendants say, in the alternative, that if the patent prosecution attorneys are given access to confidential information, they should be barred from prosecuting patents in the LCD field for a minimum of one year. (D.I. 198 at 3; D.I. 199 at 21.) CEA asserts that any restriction on those attorneys' patent prosecution should be more narrow, and, specifically, "should be limited to the VA-mode birefringence compensation technology at issue or, at most, VA-mode LCD technology generally." (*Id.* at 1-2.)

Federal Rule of Civil Procedure 26(c) provides that, "for good cause shown,...the court...may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including...that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way..." Fed. R. Civ. P. 26(c)(7) (2004). This court has routinely recognized the importance of protecting technical information, particularly in patent cases. *See Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 U.S. Dist. LEXIS 20714 at *6 (D. Del. Dec. 19, 1994) ("In a patent case, maintaining the

3

integrity of the protective order is an especially serious concern."); *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*, 682 F. Supp. 20, 22 (D. Del 1988) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information."). Access to confidential information "should be denied or granted on the basis of each individual counsel's actual activity and relationship with the party represented..." *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1469 (Fed. Cir. 1984). "The critical inquiry is whether the attorney in question is in a position that creates a high risk of inadvertent disclosure" of highly confidential information. *Motorola*, 1994 U.S. Dist. LEXIS 20714 at *10.

    I think it is appropriate to deny CEA's patent prosecution attorneys access to the Defendants' highly confidential information or, if they are permitted to have access to such information, to prevent them from prosecuting patents in the field of LCD technology for one year after the conclusion of this litigation, including appeals. Central to my determination is the Defendants' assertion, unrebutted by CEA, that CEA's patent prosecution attorneys - and Mr. Jung, in particular - prosecute patents in the field of LCD technology for LG.Philips, one of the Defendants' major competitors. (D.I. 198 at 3; D.I. 199 at 4.) I disagree with CEA's assertion that those attorneys' activities do not rise to the level of "competitive decision making" that is necessary to restrict their access to highly confidential information. (D.I. 173 at 2 (citing *U.S. Steel*, 730 F.2d at 1468).) Prosecuting patent applications "involves decisions of scope and emphasis" that implicate competitive decision making, as claims may be drafted to "read on new products and new directions where [a party] project[s] sales to be most critical." *Motorola*, 1994 U.S. Dist. LEXIS 20714 at *11. In this case, as in *Motorola*, "[t]here can

4

be no question" that CEA attorneys who receive highly confidential information and then later prosecute patents in the field of LCD technology "will have to distill and compartmentalize the confidential knowledge they have gained." 1994 U.S. Dist. LEXIS 20714 at *12. This creates a high risk of inadvertent disclosure of the Defendants' highly confidential information. *See Motorola*, 1994 U.S. Dist. LEXIS 20714 at *13. CEA's patent prosecution attorneys are currently prosecuting patent applications related to the subject matter of the patents-in-suit. (*See* D.I. 198, Ex. A (U.S. Patent Application No. 10/437,982 entitled "Liquid Crystal Display Device With Wide Viewing Angle," listing Mr. Jung as the corresponding attorney).) Those CEA patent prosecution attorneys who, if given access,

> were to view [the Defendants'] voluminous confidential information and then later prosecute the patents would have to constantly challenge the origin of every idea, every spark of genius. This would be a sisyphean task, for as soon as one idea would be stamped "untainted", another would come to mind. The level of introspection that would be required is simply too much to expect, no matter how intelligent, dedicated, or ethical the...attorneys may be.

*Motorola*, 1994 U.S. Dist. LEXIS at *14-*15. In sum, I am persuaded that CEA's patent prosecution attorneys should not have unfettered access to the Defendants' highly confidential information. There is a substantial risk of inadvertent disclosure of such information, given that CEA's patent attorneys are prosecuting and will continue to prosecute patents in the field of LCD technology, including patents for the Defendants' competitors.

As previously noted, CEA argues that there are many different categories of LCD technology,[4] and that, because the subject matter of the patents-in-suit pertains to the field of VA-mode birefringence compensation, any restriction on its patent prosecution attorneys' prosecution activities should be limited to that narrow area. (D.I. 203 at 2.) However, I will not pick and choose which categories of LCD technology are fair game for CEA's patent prosecution attorneys and those which are not. If CEA's patent prosecution attorneys have access to the Defendant's highly confidential information, they will be barred from prosecuting patents "relating to the broad subject matter of the patents in suit," that is, LCD technology, for one year after the conclusion of this lawsuit, including all appeals.[5] See Motorola, 1994 U.S. Dist. LEXIS 20714 at *8-*9.

If CEA wants Mr. Jung, Ms. Rudich, and Mr. Kim to continue in their current roles as litigation counsel, and to have access to the Defendants' highly confidential information, then either these three individuals, who also prosecute patents in the field of LCD technology, must be barred from having access to the Defendants' highly confidential information, or they must be prohibited from prosecuting patents in the field of LCD technology for one year following the conclusion of this litigation, including all

---

[4] E.g., vertical alignment ("VA"), in plane switching, twisted nematic, and ferroelectric liquid crystal LCD technologies.

[5] CEA also argues that it will be unduly prejudiced in prosecuting this case if its patent prosecution attorneys are not allowed access to the Defendants' highly confidential information. (D.I. 173 at 12-13.) While this is "a factor to be balanced against [the Defendants'] need to protect [their] confidential information...it is just one factor." Motorola, 1994 U.S. Dist. LEXIS 20714 at *16. As the Defendants point out, CEA fails to explain why Mr. Jung cannot continue to direct this litigation without access to the Defendants' highly confidential information, or why the many other attorneys on CEA's litigation team are incapable of handling this case as it moves forward. (D.I. 198 at 11.)

6

appeals. This, I think, strikes the proper balance between "the goals of full disclosure of relevant information and reasonable protection against economic injury" that are implicated in patent infringement cases generally, and certainly in this one. *Safe Flight*, 682 F. Supp. at 23.

For these reasons, I will adopt the Defendant's proposed section 4.1(a) of the draft Stipulated Protective Order submitted as Exhibit D to Docket Item 174.[6] The parties are ORDERED to submit a Stipulated Protective Order containing this language to the court within five days of the date of this Memorandum Order.

                                            Kent A. Jordan
                                  UNITED STATES DISTRICT JUDGE

May 25, 2004
Wilmington, Delaware

---

[6]This language provides, in relevant part, that "attorneys shall not be provided access to HIGHLY SENSITIVE CONFIDENTIAL information if such attorneys...currently participate in, direct or supervise any patent prosecution activity involving (i) LCD technology or (ii) technology directed to increasing the wide-angle viewing of LCD products (collectively, "the Subject Matter"). During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys...who are provided access to HIGHLY SENSITIVE CONFIDENTIAL materials covered by this order will not participate in, direct or supervise any patent prosecution activity. involving the Subject Matter." (D.I. 174, Ex. D at 5.) This provision gives CEA the option of deciding whether to give their patent prosecution attorneys access to the Defendants' highly confidential information, while also giving effect to the restrictions described herein, if CEA does decide to continue using their patent prosecution attorneys as litigation counsel in this case.

7

This expense form was submitted to the accounting department
on 7/19/2006
at 12:20 AM

| | |
|---|---|
| Form Tracking ID | 15295 |
| Created For | 2754 BAILEY, MATTHEW T. |
| Created By | Dixon, Ava |
| Title | Trip to Taipei |
| Expense Type | Client Chargeable |
| Client Name | 07773 LG PHILIPS LCD CO., LTD. (NON-PROSECUTION) |
| Matter Name | 0011 8733 5217 LETI/COMMISSARIAT A LENERGIE ATOMIQUE |
| Description | Trip to Taipei |

| Type Of Expense | Date Of Expense | Amount | Description |
|---|---|---|---|
| Ground Transportation | 2/28/2006 | 61.67 | Transportation fee from airport to hotel |
| Food / Meal | 3/1/2006 | 607.28 | Meal with CEA team in Taipei |
| Food / Meal | 2/28/2006 | 87.92 | Meals. |
| Hotel | 2/25/2006 | 3754.02 | Hotel accomodations for Mr. Bailey and Mr. Haskins from 2/18/06 through 2/25/06. |

Total $    4510.89



http://dcsql08:8080/ExpenseApp/App/ExpenseFormPrint.aspx?pu=y        7/19/20(

收 據
**RECEIPT**

No. _____
日期
DATE 02.25.00

今 收 到
RECEIVED FROM _____ $1800

共 計
THE SUM OF DOLLARS _____

付 款 性 質
ACCOUNT FOR TRANSPORTATION FEE FROM
C.K.S. AIRPORT TO HOTEL


TEL(03)383-3366
FAX(03)393-1166

$61.67

```
        La    s The Prime Rib
                Taiwan
           No 1, 12th Floor
           Core Pacific City
        *******  ***********

     er: Maggie           01-03-2006
       31/1                  9:24 PM
         : 7                   20020

    1) Vina Porta               2,100
       y's Baked Potato           200
    Lawry's Salad                 200
    Lobster Dinner (2 @1,790)   3,580
    Diamond Jim Cut             2,250
    Creamed Corn                  150
    Feb Cal+Lob (2 @2,099)      4,198
    Law Upgrade                   500
    English Cut                 1,290
    Creme Brulee                  220
        (  4130)                  390
              TEA                 130
       RESSO                      150

    Sub Total                  15,358

    10% Service Charge          1,536

    Total                      16,894

    Balance Due       16,894

           Tel:02-3762-1312
           Affordable Elegance
```

京華城 (簽購)

!!! THANK YOU !!!
商店代號    0105900022
端末機代號    13505813

TAIPEI CITY
卡別
AMEX
卡號/有效期
373216*****5005  (S)
12/'08

11  小費
批次號碼        帳號碼
165              17
日期             時間
MAR 01,2006 21:30
認證碼
REF:90581365539/000016

1017012011100747700

合計:          NT$16894
小費:            NT$800
總計:          NT$17694

持卡人存根

86010024
京華城股份有限公司
NO.97170634
台北市八德路四段138號
TEL:3762-1988(代表號)

京華城  http://www.lucity.com.tw

Spring

春

#607.28



BEST AVAILABLE COPY



# THE WESTIN
TAIPEI

Mr. Bailey Matthew T  
Executive Tvl Associates  

United States  

\*INFORMATION\*  
Rate       : NTD8000.00  
Room No.   : 1219  
Arrival    : 18/02/06  
Departure  : 25/02/06  
Persons    : 1/0  
Handle By  : FOCAMY  

Westin Taipei, 20/02/06 02:13                                                            1

| Date  | Description                                   | Reference      | Debit  | Credit |
|-------|-----------------------------------------------|----------------|--------|--------|
| 18/02 | Limousine Service A-H                         | 072195  23:23  | 2,000  |        |
| 18/02 | -Room Charge                                  | 00:38          | 8,000  |        |
| 18/02 | -Service Charge-Rooms                         | 00:38          | 800    |        |
| 18/02 | -Government(VAT) Tax 5%                       | 00:38          | 440    |        |
| 18/02 | International Call ->#1219 : 002130175833     | 00:27:32 00:48 | 2,530  |        |
| 19/02 | International Call ->#1219 : 002170353459     | 00:00:20 06:34 | 100    |        |
| 19/02 | Refreshment Center 1219                       | 007413  15:34  | 180    |        |
| 19/02 | Room Service-Dinner                           | 9956    18:29  | 924    |        |
| 19/02 | -Room Charge                                  | 22:14          | 8,000  |        |
| 19/02 | -Service Charge-Rooms                         | 22:14          | 800    |        |
| 19/02 | -Government(VAT) Tax 5%                       | 22:14          | 440    |        |
|       | Total                                         |                | 24,214 |        |
|       | Balance                                       |                | 24,214 |        |

As a Starwood Preferred Guest, you could have earned 1170 Starpoints for this visit.  
Please provide us with your Starwood Preferred Guest# or enroll today.

Guest Signature _____

I agree that my liability for this bill is not waived and agree to be held personally liable in the event that the indicated person, company or association fails to pay for any part or the full amount of these charges.

104台北市南京東路三段133號  
133 Nanking East Road, Sec. 3 Taipei, Taiwan. Tel: (02)8770-6565  Fax: (02)8770-6555



# THE WESTIN
TAIPEI

Mr. Matthew T Bailey

United States of America

Guest Name 客人名稱
Company Name 公司名稱    Abc Corporate Services

Room No. 房號: 1219
Arrival 入住日期: 18-Feb-2006
Departure 退房日期: 25-Feb-2006
Page No. 頁碼: 1
Printed 日期: 25-Feb-2006  09:01
Cashier 出納員: 108  FOVIVEKA
Folio No. 帳號: 879

INVOICE

| DATE 日期 | DESCRIPTION 項目 | REFERENCE 參考 | DEBIT 記入 | CREDIT 存入 |
|---|---|---|---|---|
| 20/02/06 | Balance Forward-Cutover | | 24,214 | |
| | Migration Forward Balance on window#1 | | | |
| 20/02/06 | TEL-International Call Adj | 08:23 | 2,620 | |
| | 00217035345914  03:02:00 | | | |
| 20/02/06 | TEL-International Call Adj | 08:23 | 100 | |
| | 00217036278225  01:58:00 | | | |
| 20/02/06 | Room Service Charge | #1219 : CHECK #9981 | 902 | |
| 20/02/06 | Refreshment Ctr Adj | | 300 | |
| 20/02/06 | Room Charge | | 8,000 | |
| 20/02/06 | -Room Service Charge | | 800 | |
| 20/02/06 | -Government Tax-5% VAT | | 440 | |
| 21/02/06 | TEL-International Call | 05:41 #1219 : 00212024967463 [01:07:1 | 6,130 | |
| 21/02/06 | TEL-International Call | 06:09 #1219 : 00212024967106 [00:03:3 | 370 | |
| 21/02/06 | TEL-International Call | 06:11 #1219 : 00212024967463 [00:00:5 | 100 | |
| 21/02/06 | TEL-International Call | 22:01 #1219 : 00212024967500 [00:00:2 | 100 | |
| 21/02/06 | TEL-International Call | 22:04 #1219 : 00212024967500 [00:02:0 | 280 | |
| 21/02/06 | Refreshment Ctr Adj | | 240 | |
| 21/02/06 | Room Charge | | 8,000 | |
| 21/02/06 | -Room Service Charge | | 800 | |
| 21/02/06 | -Government Tax-5% VAT | | 440 | |
| 22/02/06 | TEL-International Call | 05:32 #1219 : 00212024967463 [00:23:5 | 2,170 | |
| 22/02/06 | TEL-International Call | 05:43 #1219 : 00217038877632 [00:04:1 | 460 | |
| 22/02/06 | Laundry Charge | #1219 : CHECK #9555 | 3,575 | |
| 22/02/06 | Refreshment Center | #1219 : | 400 | |
| 22/02/06 | TEL-International Call | 22:40 #1219 : 00217038877632 [00:12:3 | 1,180 | |
| 22/02/06 | TEL-International Call | 23:03 #1219 : 00212024967184 [00:19:4 | 1,810 | |
| 22/02/06 | Room Charge | | 8,000 | |
| 22/02/06 | -Room Service Charge | | 800 | |

Guest Signature _____

I agree that my liability for this bill is not waived and agree to be held personally liable in the event that the indicated person, company or association fails to pay for any part or the full amount of these charges.

104台北市南京東路三段133號

133 Nanking East Road, Sec. 3 Taipei, Taiwan.  Tel: (02)8770-6565  Fax: (02)8770-6555



# THE WESTIN
TAIPEI

Mr. Matthew T Bailey

United States of America

Guest Name 客人名稱
Company Name 公司名稱    Abc Corporate Services

Room No. 房號    1219
Arrival 入住日期    18-Feb-2006
Departure 退房日期    25-Feb-2006
Page No. 頁碼    2
Printed 日期    25-Feb-2006    09:01
Cashier 出納員    108    FOVIVEKA
Folio No. 帳號    879

INVOICE

| DATE 日期 | DESCRIPTION 項目 | REFERENCE 參考 | DEBIT 記入 | CREDIT 存入 |
|---|---|---|---|---|
| 22/02/06 | -Government Tax-5% VAT | | 440 | |
| 23/02/06 | TEL-International Call | 06:15 #1219 : 00212024967184 [00:05:1 | 550 | |
| 23/02/06 | TEL-International Call | 07:00 #1219 : 00212024967463 [00:09:5 | 910 | |
| 23/02/06 | TEL-International Call | 07:31 #1219 : 00217038877632 [00:00:4 | 100 | |
| 23/02/06 | Refreshment Center | #1219 : | 180 | |
| 23/02/06 | Refreshment Center | #1219 : | 120 | |
| 23/02/06 | TEL-International Call | 21:35 #1219 : 00212024967887 [00:02:4 | 280 | |
| 23/02/06 | TEL-International Call | 21:51 #1219 : 00212024967308 [00:01:1 | 190 | |
| 23/02/06 | TEL-International Call | 22:18 #1219 : 00212024967693 [00:10:4 | 1,000 | |
| 23/02/06 | TEL-International Call | 22:48 #1219 : 00218003584261 [00:02:0 | 280 | |
| 23/02/06 | Refreshment Ctr Adj 003859 | | 180 | |
| 23/02/06 | TEL-International Call | 01:09 #1219 : 00212024967050 [02:20:2 | 12,700 | |
| 23/02/06 | Room Charge | | 8,000 | |
| 23/02/06 | -Room Service Charge | | 800 | |
| 23/02/06 | -Government Tax-5% VAT | | 440 | |
| 24/02/06 | TEL-International Call | 06:56 #1219 : 00212024967463 [00:02:3 | 280 | |
| 24/02/06 | TEL-International Call | 07:08 #1219 : 00213015641963 [00:15:3 | 1,450 | |
| 24/02/06 | TEL-International Call | 07:16 #1219 : 00212024967500 [00:02:3 | 280 | |
| 24/02/06 | TEL-International Call | 07:17 #1219 : 00213015641963 [00:01:1 | 190 | |
| 24/02/06 | Refreshment Ctr Adj | | 180 | |
| 24/02/06 | TEL-International Call | 22:45 #1219 : 00212024967184 [00:03:2 | 370 | |
| 24/02/06 | TEL-International Call | 23:47 #1219 : 00212024967184 [00:26:3 | 2,440 | |
| 24/02/06 | BC-Facimile Fax 1 202 496 7756 | | 4,800 | |
| 24/02/06 | Room Charge | | 8,000 | |
| 24/02/06 | -Room Service Charge | | 800 | |
| 24/02/06 | -Government Tax-5% VAT | | 440 | |

Guest Signature _____

I agree that my liability for this bill is not waived and agree to be held personally liable in the event that the indicated person, company or association fails to pay for any part or the full amount of these charges.

104台北市南京東路三段133號

133 Nanking East Road, Sec. 3 Taipei, Taiwan    Tel: (02)8770-6565    Fax: (02)8770-6555



# THE WESTIN
TAIPEI

Mr. Matthew T Bailey

United States of America

Guest Name 客人名稱
Company Name 公司名稱    Abc Corporate Services

Room No. 房號: 1219
Arrival 入住日期: 18-Feb-2006
Departure 退房日期: 25-Feb-2006
Page No. 頁碼: 3
Printed 日期: 25-Feb-2006  09:01
Cashier 出納員: 108    FOVIVEKA
Folio No. 帳號: 879

INVOICE

| DATE 日期 | DESCRIPTION 項目 | REFERENCE 參考 | DEBIT 記入 | CREDIT 存入 |
|---|---|---|---|---|
| 25/02/06 | Limousine Service | | 2,000 | |
| | H-A 08:30 FEB/25 | | | |
| 25/02/06 | American Express | | | 119,631 |
| | | Total 總數 | 119,631 | 119,631 |
| | | Balance 餘數 TWD | | 0 |

As a Starwood Preferred guest, you could have earned Starpoints for this visit.
Please provide us with you Starwood Preferred Guest # or enroll today.

Guest Signature _____

I agree that my liability for this bill is not waived and agree to be held personally liable in the event that the indicated person, company or association fails to pay for any part or the full amount of these charges

104台北市南京東路三段133號
133 Nanking East Road, Sec. 3 Taipei, Taiwan.  Tel: (02)8770-6565  Fax: (02)8770-6555