# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS
(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

March 8, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

This is Plaintiff LG.Philips LCD Co., Ltd.'s ("LPL") response to the Tatung Defendants' (collectively, "Tatung") March 6, 2007 letter requesting reconsideration of Your Honor's denial of their motion to compel LPL's deposition witness, Young Woo Cho, to identify all documents that he reviewed with counsel in preparation for his deposition. Tatung has not introduced any change in facts or law and has not identified any clear error committed by Your Honor in denying Tatung's oral motion. *See Max's Seafood Cafe ex rel. Lou-Ann. Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (motion for reconsideration standards). Furthermore, Tatung's requested relief would violate established Third Circuit standards applicable to the work product doctrine and attorney-client privilege. Tatung never established a foundation for their demand that Mr. Cho reveal his attorneys' protected work product. Tatung's Motion should be denied.

At the outset of the March 5, 2007 deposition of Mr. Cho, Tatung improperly tried to invade privilege and work product under the guise of Fed. R. Evid. 612. *Before he had elicited any substantive testimony from Mr. Cho*, Tatung's counsel tried to get Mr. Cho to reveal the types of documents that he had reviewed with LPL's attorneys before the deposition. In fact Tatung's first 12 questions dealt only with background. (*See* Depo. of Cho at 1:1-5:7 (Mar. 5, 2007), submitted with Tatung's Motion). *Without seeking any further testimony on any topic or document*, Tatung began to probe LPL's protected work product:

> Q:  Can you tell us what you did to prepare for your testimony today?
> A:  Because this patent was filed for application a long time ago, I need to refresh my recollection of it. So I read the patent.
> Q:  Is there anything else that you did to prepare for the deposition?
> A:  I arrived here late afternoon of Saturday and this past Sunday I had some discussions with my attorneys at McKenna Long Aldridge.
> Q:  And what language did you use in that meeting?

653608-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
March 8, 2007
Page 2

> A: I had a translator, Ms. Ann, and she assisted me. So there was some English I spoke, but it was a lot of Korean with her assistance.
> Q: That would be Ms. Park?
> A: Yes.
> Q: How long did your meeting last?
> A: You're talking about Sunday?
> Q: Yes, sir.
> A: About 6 hours.
> Q: **Did you look at any documents other than the patents?**
> MR. BONO: I'm going to instruct the witness to not answer that question with respect to documents you reviewed in the presence of counsel, because it is covered by the attorney-client privilege. To the extent you reviewed documents outside the presence of counsel, you are free to answer the question.
> MR. MERIDETH: Just a moment. The question was whether he reviewed any documents, not the substance of any review, and I believe that that is not covered by the attorney-client privilege.

(*Id.* at 5:8-6:15 (emphasis added).)

The transcript shows that Tatung's inquiry was not narrowly focused and came nowhere near laying the foundation necessary to invoke Rule 612 or establish that Mr. Cho's testimony actually relied on documents previously selected by and reviewed with counsel. The Third Circuit has determined that "*the selection and compilation of documents by counsel... in preparation for pretrial discovery falls within the highly-protected category of opinion work product.*" *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) (emphasis added). The court also noted that, "[i]n selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case." *Id.* (quoting *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982)). In *Sporck*, the court denied the plaintiff's motion after finding that the deposing attorney **demanded the information before asking any specific questions about the subject matter of the deposition**, as would be necessary to implicate Rule 612. *Id.* at 318.

The relief that Tatung seeks would contradict *Sporck*, which is the controlling authority on this issue and which expressly protects against identifying documents reviewed with counsel. In *Sporck*, the Third Circuit held that "[p]roper application of Rule 612 should never implicate an attorney's selection, in preparation for a witness' deposition, of a group of documents that he believes critical to a case. Instead, identification of such documents under Rule 612 *should result only from opposing counsel's own selection of relevant areas of questioning, and from the witness' subsequent admission that his answers to those specific areas of questioning were informed by documents he had reviewed.*" *Id.* Critically, Tatung's counsel only asked, in the most general sense, whether Mr. Cho had reviewed documents for his deposition and had thus refreshed his recollection. (*See* Cho Depo. at 5:8-8:9.) In response, Mr. Cho merely acknowledged that he had reviewed some documents, selected by counsel, as part of his preparation for the deposition. Reviewing documents necessarily helps any witness testify, but, as *Sporck* holds, opposing counsel is not entitled to know what documents the attorney deemed relevant. At no point did Mr. Cho indicate that his actual testimony had been influenced by any

THE BAYARD FIRM

The Honorable Vincent J. Poppiti<br>
March 8, 2007<br>
Page 3

documents that he had reviewed or that he relied on any documents to refresh any recollections that became part of his testimony. Further, all of the documents that Mr. Cho reviewed have been produced in this case. (*See* Ex. 1, Hr'g Tr. at 24:15-22 (Mar. 5, 2007).)

Your Honor properly determined that the facts in the instant case are distinguishable from the cases that Tatung cites: "If a deponent is in the chair and if he has a document that is placed in front of him and if that document is, if he acknowledges that that document refreshes his recollection, we are talking about a different set of circumstances. Are we not?" (*Id.* at 26:11-15; *see id.* at 27:2-4 (denying motion).) Tatung never established that any foundation that would allow it to use Rule 612 to override LPL's privileged work product information. Just as Your Honor denied Tatung's motion on March 5, LPL respectfully requests that Your Honor deny Tatung's current motion.

Respectfully submitted,

*/s/ Richard D. Kirk*

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

653608-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 8, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on March 8, 2007, and will be sent by hand on March 8, 2007, and were sent by email on March 8, 2007, and will be sent by first class mail on March 8, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1