# EXHIBIT 1

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              IN AND FOR THE DISTRICT OF DELAWARE
 3
     LG. PHILIPS LCD          )
 4   COMPANY LTD.,            )
                              )
 5           Plaintiff,       )  Civil Action No.
                              )  04-343 (JJF)
 6   v.                       )
                              )
 7   TATUNG COMPANY,          )
     TATUNG COMPANY OF        )
 8   AMERICA, INC.; and       )
     VIEWSONIC                )
 9   CORPORATION,             )
                              )
10           Defendants.      )
11
12           Special Master's Hearing taken at the Law
     Offices of Blank Rome, LLP, 1201 North Market Street,
13   Suite 800, Wilmington, Delaware, beginning at 11:30 a.m.,
     on Monday, March 5, 2007, before Ellen Corbett Hannum,
14   Registered Merit Reporter.
15                            - - -
16   BEFORE:  HONORABLE VINCENT J. POPPITI, SPECIAL MASTER
17                            - - -
18
19
20
21                     CORBETT & WILCOX
                Registered Professional Reporters
22         The Parcels Building - 230 N. Market Street
                    Wilmington, DE 19801
23                     (302) 571-0510
                   www.corbettreporting.com
24   Corbett & Wilcox is not affiliated with Wilcox & Fetzer,
```

1  preparation that that, that eviscerates the
2  attorney-client privilege to the point where you must
3  identify the document that the witness looked at during
4  the course of the preparation.
5            And I disagree with that, Your Honor, in
6  terms of attorney-client privilege.  We are not -- and
7  let me just say this -- we are not dealing with a
8  situation where the document that was shown to the
9  witness in preparation has not been produced as part of
10 the discovery record in this case.  That would present a
11 totally different situation where a witness uses a
12 document to refresh his recollection and it has not been
13 produced to the other side.  That is not our case.  I'm
14 not going to address that.
15           Here I can tell Your Honor that any
16 document that may have been shown to Mr. Chao (sic)
17 during his witness preparation has in fact previously
18 been produced in discovery of this case.  So the other
19 side has the document.  What they are really trying to do
20 is to invade the attorney-client privilege and our work
21 product in selecting a particular document to show a
22 witness to prepare for his testimony.
23           And I believe that is absolutely covered
24 by the attorney-client privilege as set forth by Third

1  Circuit law. Whether or not that document refreshes the
2  witness or not. They have the document. They have all
3  the documents we produced. They have all the documents
4  that we may have shown to this witness in preparation,
5  and it seems to me they are trying to invade the
6  privilege.
7           And I don't believe the fact that the
8  witness says, Was a document shown to you by counsel in
9  your preparation, does that refresh your recollection,
10 and simply because the witness says yes to that question
11 that the attorney-client privilege is done away with.
12          THE SPECIAL MASTER: Well, let me do
13 this. I don't know whether -- there appears to be a
14 fundamental difference in terms of how Mr. Merideth and
15 you, Mr. Bono, see the record that I don't have in front
16 of me. But let me say this, as I am looking at the S & A
17 Painting Company case that Mr. Merideth referred to, and
18 maybe the easiest reference in the case is the reference
19 to -- I am looking at page 3 of the -- it's not page 3,
20 it is page 410, where there is a reference United States
21 versus Wright. And it's a block quote, "The Wright court
22 noted it is a Hornbook rule of evidence that had
23 Investigator Reeves used part of his report to refresh
24 his recollection while on the witness stand, the

1  prosecution would be entitled to examine those parts of
2  the record and would be permitted to make use of those
3  parts of the record in cross-examining Reeves.
4              Now that is shorthand but that certainly
5  seems to me that it is developed through this entire case
6  that there is, at least with respect to the district, I
7  don't know whether the Circuit is different or not, I
8  expect that there is case law in this district that
9  mirrors what has been said in S & A Painting.  I don't
10 know whether it has changed over time.
11             If a deponent is in the chair and if he
12 has a document that is placed in front of him and if that
13 document is, if he acknowledges that that document
14 refreshes his recollection, we are talking about a
15 different set of circumstances.  Are we not?
16             MR. BONO:  Absolutely, Your Honor.
17             MR. MERIDETH:  Yes, Your Honor.  In this
18 case the document was shown to the witness the day before
19 his testimony and used by him to refresh his recollection
20 on the subject matter that he is talking about.
21             THE SPECIAL MASTER:  Counsel, I need you
22 then, if that is the case, and if there is then no
23 dispute in terms of the record as it stands, I do not
24 read the S & A Painting case to cover the circumstance

Page 27

1    that you just described.
2                    If you have got something that is more
3    specific, I am happy to look at it, but based on the
4    record as I understand it, your application is denied.
5                    MR. MERIDETH:  May we have the
6    opportunity to brief that for Friday as well, Your Honor?
7                    THE SPECIAL MASTER:  Absolutely.
8                    MR. MERIDETH:  Thank you.
9                    THE SPECIAL MASTER:  Anything else,
10   please?
11                   MR. BONO:  On the briefing on that
12   point, may I have a schedule because I don't want a brief
13   submitted to me Thursday at 5 o'clock.
14                   MR. MERIDETH:  We can follow the same
15   schedule that's been established.
16                   THE SPECIAL MASTER:  And please, knowing
17   that you say briefing, it would be extraordinarily
18   helpful if it's a page or two with cases that are
19   referenced and attached.  I will be paying close
20   attention to the cases that you reference.
21                   MR. MERIDETH:  Thank you, Your Honor.
22                   MR. BONO:  Thank you, Your Honor.
23                   I have one other brief issue to bring up
24   if I might, Your Honor.