# CASE 2

**Westlaw.**

759 F.2d 312                                                                                             Page 1
759 F.2d 312, 53 USLW 2538, 84 A.L.R. Fed. 763, 1 Fed.R.Serv.3d 1431, 17 Fed. R. Evid. Serv. 1232
**(Cite as: 759 F.2d 312)**

▷

United States Court of Appeals,
Third Circuit.
Charles E. SPORCK, Petitioner,
v.
Raymond K. PEIL, on behalf of himself and all
others similarly situated,
Respondents,
and
Honorable John B. Hannum and Honorable Anthony
J. Scirica, Judges, United
States District Court, Nominal Respondents.
**No. 85-3023.**

Argued Feb. 20, 1985.
Decided April 18, 1985.
Rehearing and Rehearing En Banc Denied May 21,
1985.

On a petition for writ of mandamus involving a discovery dispute between parties to a securities fraud class action suit in which was sought issuance of writ to direct trial court to vacate discovery orders, the Court of Appeals, James Hunter, III, Circuit Judge, held that: (1) although individual documents that comprised grouping of documents by defense counsel out of thousands produced in litigation were not attorney work product, the selection process itself, representing defense counsel's mental impressions and legal opinions as to how evidence and documents related to issues and defenses in litigation, was attorney work product entitled to protection from discovery, and (2) by failing to properly condition application of evidentiary rule entitling adverse party to production of writing used by a witness to refresh his memory for purpose of testifying on a showing that witness relied upon requested documents for his testimony and that those documents impacted on his testimony, district court committed prejudicial legal error in relying on evidentiary rule to remove any protection that process of selecting documents engaged in by witness' counsel would ordinarily enjoy under attorney work product rule.

Reversed and remanded.

Seitz, Circuit Judge, dissented and filed an opinion.

West Headnotes

[1] **Mandamus** ⚷26
250k26 Most Cited Cases
A writ of mandamus will only be granted for clear error of law.

[2] **Federal Civil Procedure** ⚷1600(3)
170Ak1600(3) Most Cited Cases
(Formerly 170Ak1600.2)
Although individual documents that comprised grouping of documents by defense counsel out of thousands produced in litigation were not attorney work product, the selection process itself, representing defense counsel's mental impressions and legal opinions as to how evidence and documents related to issues and defenses in litigation, was attorney work product entitled to protection from discovery. Fed.Rules Civ.Proc.Rule 26(b)(3), 28 U.S.C.A.

[3] **Federal Civil Procedure** ⚷1600(3)
170Ak1600(3) Most Cited Cases
(Formerly 170Ak1600.2, 170Ak1000.2)
Attorney work product is accorded almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by adversary system's interest in maintaining privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases. 28 U.S.C.A. § 1651(a).

[4] **Federal Courts** ⚷903
170Bk903 Most Cited Cases

[4] **Witnesses** ⚷256
410k256 Most Cited Cases
By failing to properly condition application of evidentiary rule entitling adverse party to production of writing used by a witness to refresh his memory for purpose of testifying on a showing that witness relied upon requested documents for his testimony and that those documents impacted on his testimony, district court committed prejudicial legal error in relying on evidentiary rule to remove any protection that process of selecting documents engaged in by witness' counsel would ordinarily enjoy under attorney work product rule. Fed.Rules Civ.Proc.Rule 26(b)(3), 28 U.S.C.A.; Fed.Rules Evid.Rule 612, 28 U.S.C.A.
*313 Stirling Lathrop (Argued), Richard D. Greenfield, Nicholas E. Chimicles, Alfreda L.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

759 F.2d 312                                                                                                              Page 2
759 F.2d 312, 53 USLW 2538, 84 A.L.R. Fed. 763, 1 Fed.R.Serv.3d 1431, 17 Fed. R. Evid. Serv. 1232
**(Cite as: 759 F.2d 312)**

Verratti, Greenfield & Chimicles, Haverford, Pa., for respondents.

Seymour Kurland (Argued), Ian A.L. Strogatz, M. Norman Goldberger, Patrick Matusky, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., for petitioner.

Before SEITZ, ADAMS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

This case arises on a Petition for Writ of Mandamus involving a discovery dispute between the parties to a securities fraud class action suit. The underlying action involves an allegation by plaintiff-respondent Raymond K. Peil that defendant National Semiconductor Corporation ("NSC"), defendant-petitioner Charles F. Sporck, NSC's president, and defendant Peter J. Sprague, NSC's chairman, conspired to inflate artificially the value of NSC stock, in order to enable Sporck and Sprague to sell their own shares at the inflated level. The wrongful conduct alleged includes various misrepresentations and nondisclosures of material facts during an eight-month period continuing from July 1, 1976, until March 1, 1977. Jurisdiction in this court is based on the All Writs Act, 28 U.S.C. § 1651(a) (1982).

During pretrial discovery, attorneys for Peil served numerous sets of combined interrogatory and document requests on defendants. In response, defendants produced hundreds of thousands of documents, from which Peil's attorneys selected more than 100,000 for copying. There is no allegation in this case that defendants have improperly concealed or refused to produce requested documents.

The issue presently before this court arose on May 16, 1983, at the deposition of defendant-petitioner Sporck. Prior to the deposition, counsel for defendants had prepared Sporck for his expected week-long deposition by showing him an unknown quantity of the numerous documents produced by defendants in response to plaintiff's discovery requests. Defense counsel selected and compiled these documents in a folder in Philadelphia, and transported them to California solely for the deposition. According to defense counsel, the selected documents represented, as a group, counsel's legal opinion as to the evidence relevant both to the allegations in the case and the possible legal defenses. It is conceded that none of the individual documents, in their redacted form, contained work product of defense counsel.

At the inception of the Sporck deposition, Peil's attorney asked: "Mr. Sporck, in preparation *314 for this deposition, did you have occasion to examine any documents?" (Petition, Exhibit A at 9). Sporck answered affirmatively, and Peil's attorney first orally, and then by written motion pursuant to Federal Rule of Civil Procedure 34, requested identification and production of "[a]ll documents examined, reviewed or referred to by Charles E. Sporck in preparation for the session of his deposition commencing May 16, 1983." (Petition, Exhibit B). Defense counsel refused to identify the documents, arguing first that all the documents had previously been produced, and second, that the select grouping of the documents was attorney work product protected from discovery by Federal Rule of Civil Procedure 26(b)(3). Defense counsel agreed, however, to allow Peil's counsel to ask Sporck about his reliance on individual documents in the context of specific factual questions, and Sporck's deposition continued on this basis.

Peil filed a motion to compel identification and production of the selected documents, on the ground that all documents used in preparing a witness for a deposition are properly discoverable under Federal Rule of Evidence 612. (Petition, Exhibit D). By order of August 22, 1984, Judge John B. Hannum granted Peil's motion, and ordered that defendant produce or identify all documents reviewed by Sporck in preparation for his deposition. (Petition, Exhibit E). Upon petitioner's motion for reconsideration, Judge Hannum reaffirmed his order, holding that although the select grouping of documents constituted attorney work product, it was not "opinion" work product entitled to absolute protection, and that the principles behind Federal Rule of Evidence 612 supported Peil's claim to identification of the documents. (Petition, Exhibit F). Sporck now asks this court to issue a writ of mandamus directing the trial court to vacate both orders. [FN1]

> FN1. By order dated November 9, 1984, the underlying action was reassigned from Judge Hannum to Judge Anthony J. Scirica, as a newly-appointed judge, as part of normal court procedure. For this reason, both judges have been named nominal respondents in the Petition.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00343-JJF   Document 556-4   Filed 03/08/2007   Page 4 of 9

759 F.2d 312                                                                                          Page 3
759 F.2d 312, 53 USLW 2538, 84 A.L.R. Fed. 763, 1 Fed.R.Serv.3d 1431, 17 Fed. R. Evid. Serv. 1232
**(Cite as: 759 F.2d 312)**

I.

[1] The remedy of mandamus is properly invoked only in extraordinary situations and where "necessary or appropriate in aid of [appellate] jurisdiction." 28 U.S.C. § 1651(a) (1982); see, e.g., Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980). In order to ensure that a writ of mandamus will issue only in limited circumstances, the Supreme Court has required that "a party seeking issuance have no other adequate means to attain the relief he desires," id. at 35, 101 S.Ct. at 190, and that the petitioner satisfy the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.' " Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953). Further, because "[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable,' " a writ of mandamus will only be granted for clear error of law. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980).

In the case before us, petitioner has established that the issue in dispute "may at some future time come within the court's appellate jurisdiction," [FN2] that post-trial relief would be inadequate because the harm caused by identifying the selected documents would be irreparable, [FN3] and that he has no other adequate means to obtain the relief sought other than by writ of mandamus.*315 [ FN4] Further, we believe that review of the issue presented in this case "would comport with the instructional goals of mandamus." United States v. Christian, 660 F.2d 892, 897 (3d Cir.1981). Because petitioner raises an issue new to this court and discussed in only a few reported district court decisions, [FN5] review by mandamus, if otherwise appropriate, is consistent with the court's supervisory function. See, e.g., Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Bogosian v. Gulf Oil Corp., 738 F.2d 587, 591-92 (3d Cir.1984).

FN2. United States v. Christian, 660 F.2d 892, 894 (3d Cir.1981). Review of discovery orders clearly falls within the appellate jurisdiction of the federal courts. See, e.g., Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

FN3. "When a district court orders production of information over a litigant's claim of a privilege not to disclose, appeal after a final decision is an inadequate remedy ... for compliance with the production orders complained of destroys the right sought to be protected." Bogosian v. Gulf Oil Corp., 738 F.2d 587 (3d Cir.1984).

FN4. The trial court's order compelling identification of the documents is interlocutory in nature, and thus is not appealable under 28 U.S.C. § 1291 (1982) until a final order is rendered in the litigation. See, e.g., Borden Company v. Sylk, 410 F.2d 843 (3d Cir.1969). Further, petitioner would have no immediate right of appeal even if he were held in civil contempt for failure to comply with the trial court's orders, and thus has no real choice but to comply with the order and identify the documents. See, e.g., DeMasi v. Weiss, 669 F.2d 114, 122-23 (3d Cir.1982). Finally, immediate appellate review by certification is proper only where the challenged order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (1982); see Milbert v. Bison Laboratories, Inc., 260 F.2d 431, 433 (3d Cir.1958) (in banc) (noting that § 1292(b) "is to be used only in exceptional cases where an immediate appeal may avoid protracted and expensive litigation ..."). On the facts of this case, we find that the latter requirement is not met.

FN5. See, e.g., James Julian, Inc. v. Raytheon Co., 93 F.R.D. 138 (D.Del.1982); Berkey Photo, Inc. v. Eastman Kodak Co., 74 F.R.D. 613 (S.D.N.Y.1977).

The question remains, however, whether petitioner's right to immediate relief by writ of mandamus is "clear and indisputable" because of clear error of the law by the trial court. Although discovery orders are normally committed to the discretion of the trial court, see, e.g., DeMasi v. Weiss, 669 F.2d 114, 122 (3d Cir.1982), petitioner argues that the trial court's failure to protect defense counsel's work product from discovery as mandated by Federal Rule of Civil Procedure 26(b)(3) constituted clear error of law. Respondent argues, however, that the trial court correctly ordered the identification of the documents used to prepare petitioner for his deposition, either under a theory of waiver of work product immunity,

759 F.2d 312 Page 4
759 F.2d 312, 53 USLW 2538, 84 A.L.R. Fed. 763, 1 Fed.R.Serv.3d 1431, 17 Fed. R. Evid. Serv. 1232
**(Cite as: 759 F.2d 312)**

or through a balance of the respective policies of Federal Rule of Evidence 612 and Federal Rule of Civil Procedure 26(b)(3). Because we find neither a waiver of work product immunity nor a correct application of Federal Rule of Evidence 612 to this case, we agree with petitioner that the trial court should not have ordered the identification of the documents selected by counsel.

II.

[2] The threshold issue in this case is whether the selection process of defense counsel in grouping certain documents together out of the thousands produced in this litigation is work product entitled to protection under Federal Rule of Civil Procedure 26(b)(3) and the principles of *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Petitioner concedes that the individual documents that comprise the grouping are not attorney work product, but argues that the selection process itself represents defense counsel's mental impressions and legal opinions as to how the evidence in the documents relates to the issues and defenses in the litigation. Because identification of the documents as a group will reveal defense counsel's selection process, and thus his mental impressions, petitioner argues that identification of the documents as a group must be prevented to protect defense counsel's work product. We agree.

The work product doctrine had its modern genesis in the seminal opinion in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In *Hickman*, the Court rejected "an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." *316 329 U.S. at 510, 67 S.Ct. at 393. Preserving the privacy of preparation that is essential to the attorney's adversary role is the central justification for the work product doctrine. Without this zone of privacy:

> Much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

*Hickman*, 329 U.S. at 511, 67 S.Ct. at 393.

The work product doctrine as articulated in *Hickman* has been partially codified in Federal Rule of Civil Procedure 26(b)(3). That rule conditions the production of "documents and tangible things" prepared in anticipation of litigation by or for an opposing party on the moving party's showing of substantial need and undue hardship. Even where such a showing is made, however, the trial court, in ordering the production of such materials, "shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3). Thus, Rule 26(b)(3) recognizes the distinction between "ordinary" and "opinion" work product first articulated by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

[3] Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses. *See, e.g., In re Grand Jury Investigation*, 599 F.2d 1224 (3d Cir.1979); *see also* Special Project, *The Work Product Doctrine*, 68 Cornell L.Rev. 760, 818-19 (1983) (cases cited therein). Such material is accorded an almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases. *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 401, 101 S.Ct. 677, 688, 66 L.Ed.2d 584 (1981); *In re Grand Jury Investigation*, 599 F.2d 1224, 1231 (3d Cir.1979).

We believe that the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product. As the court succinctly stated in *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D.Del.1982):

> In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case. Indeed, in a case such as this, involving extensive document discovery, the process of selection and distillation is often more critical than pure legal research. There can be no doubt that at least in the first instance the binders were entitled to protection as work product.

*See also Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613, 616 (S.D.N.Y.1977) (notebooks

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00343-JJF    Document 556-4    Filed 03/08/2007    Page 6 of 9

759 F.2d 312                                                                                                                  Page 5
759 F.2d 312, 53 USLW 2538, 84 A.L.R. Fed. 763, 1 Fed.R.Serv.3d 1431, 17 Fed. R. Evid. Serv. 1232
(Cite as: 759 F.2d 312)

representing "counsel's ordering of 'facts,' referring to the prospective proofs, organizing, aligning, and marshalling empirical data with the view to combative employment that is the hallmark of the adversary enterprise" categorized as work product). Further, in selecting the documents that he thought relevant to Sporck's deposition, defense counsel engaged in proper and necessary preparation of his client's case. As the Supreme Court noted in *Hickman*:

> Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence *317 to promote justice and to protect their client's interest.

329 U.S. at 510-11, 67 S.Ct. at 393-94. In the instant case, without the protection that the work product doctrine accords his preparation, defense counsel may have foregone a sifting of the documents, or at the very least chosen not to show the documents to petitioner. As a result, petitioner may not have been as well-prepared for his deposition, and neither plaintiff nor defendant would have realized the full benefit of a well-prepared deponent's testimony. For these reasons, Rule 26(b)(3) placed an obligation on the trial court to protect against unjustified disclosure of defense counsel's selection process.

This conclusion, however, does not end the issue. Respondent argues, and the trial court agreed, that operation of Federal Rule of Evidence 612 removed any protection that defense counsel's selection process would ordinarily enjoy. Because we find that Federal Rule of Evidence 612 does not apply to the facts of this case, we disagree. [FN6]

> FN6. To the extent that the trial court's decision turned on a finding that petitioner "waived" any work product protection when the various documents, including the selected ones, were shown to him, the court's recent decision in *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587 (3d Cir.1984), is controlling. In that case, the court held that merely showing alleged work product to a witness did not amount to waiver of the work product privilege. Id. at 593. Further, we disagree with respondent's argument that defense counsel waived work product protection by suggesting that counsel could show each individual document to petitioner and ask petitioner if defense counsel showed that document to him. As we read the record, defense counsel made no such concession, but merely informed deposing counsel that he could ask about documents in the context of specific factual questions, a practice we specifically endorse in Part III of this opinion.

III.

Federal Rule of Evidence 612 provides in relevant part:

> [I]f a witness uses a writing to refresh his memory for the purpose of testifying, ... (2) before testifying, if the court in its discretion determines it is necessary in the interest of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

This rule is applicable to depositions and deposition testimony by operation of Federal Rule of Civil Procedure 30(c) ("Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence."). See, e.g., *James Julian, Inc. v. Raytheon, Co.*, 93 F.R.D. 138, 144 (D.Del.1982). Although applicable to depositions, Rule 612 is a rule of evidence, and not a rule of discovery. Its sole purpose is evidentiary in function "to promote the search of credibility and memory." Fed.R.Evid. 612 advisory committee note.

By its very language, Rule 612 requires that a party meet three conditions before it may obtain documents used by a witness prior to testifying: 1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that production is necessary in the interests of justice. Fed.R.Evid. 612. The first requirement is consistent with the purposes of the rule, for if the witness is not using the document to refresh his memory, that document has no relevance to any attempt to test the credibility and memory of the witness. See, e.g., *United States v. Wright*, 489 F.2d 1181, 1188-89 (D.C.Cir.1973) (party must lay foundation for document production request by establishing first that witness used document prior to testifying to refresh his memory).

The second requirement--that the witness use the document for the purpose of testifying--was designed

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

759 F.2d 312   Page 6
759 F.2d 312, 53 USLW 2538, 84 A.L.R. Fed. 763, 1 Fed.R.Serv.3d 1431, 17 Fed. R. Evid. Serv. 1232
(Cite as: 759 F.2d 312)

"to safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in part to have an impact upon the testimony of the witness." Fed.R.Evid. *318 612 advisory committee note. As with the first requirement, the second requirement recognizes that the document is of little utility for impeachment and cross-examination without a showing that the document actually influenced the witness' testimony. See, e.g., Mongeau v. Kurz, C.A. No. 83-4054 (E.D.Pa. April 2, 1984). Finally, the third requirement codifies the Supreme Court's holding in Goldman v. United States, 316 U.S. 129, 132, 62 S.Ct. 993, 994, 86 L.Ed. 1322 (1942), that even though a witness may review notes prior to testifying, a trial court should exercise discretion to guard against "fishing expeditions among a multitude of papers which a witness may have used in preparing for trial." H.R.Rep. No. 93-650, 93d Cong., 1st Sess. (1973).

In the case before us, the apparent conflict between the protected status of defense counsel's document selection process under Rule 26(b)(3) and the asserted need, for cross-examination purposes, of the identification of the documents actually selected resulted from the failure to establish the first two requirements under Rule 612. In seeking identification of all documents reviewed by petitioner prior to asking petitioner any questions concerning the subject matter of the deposition, respondent's counsel failed to establish either that petitioner relied on any documents in giving his testimony, or that those documents influenced his testimony. Without first eliciting the testimony, there existed no basis for asking petitioner the source of that testimony. See, e.g., Bercow v. Kidder, Peabody & Co., 39 F.R.D. 357 (S.D.N.Y.1965). We conclude, therefore, that deposing counsel failed to lay a proper foundation under Rule 612 for production of the documents selected by counsel.

Indeed, if respondent's counsel had first elicited specific testimony from petitioner, and then questioned petitioner as to which, if any, documents informed that testimony, the work product petitioner seeks to protect-- counsel's opinion of the strengths and weaknesses of the case as represented by the group identification of documents selected by counsel--would not have been implicated. Rather, because identification of such documents would relate to specific substantive areas raised by respondent's counsel, respondent would receive only those documents which deposing counsel, through his own work product, was incisive enough to recognize and question petitioner on. The fear that counsel for petitioner's work product would be revealed would thus become groundless.

[4] Rule 612, therefore, when properly applied, does not conflict with the protection of attorney work product of the type involved in this case. [FN7] Because the trial court did not properly condition its application of Rule 612 on a showing that petitioner relied upon the requested documents for his testimony and that those documents impacted on his testimony, the court committed legal error. This error became prejudicial when it implicated work product of petitioner's counsel. Proper application of Rule 612 should never implicate an attorney's selection, in preparation for a witness' deposition, of a group of documents that he believes critical to a case. Instead, identification of such documents under Rule 612 should only result from opposing counsel's own selection of relevant areas of questioning, and from the witness' subsequent admission that his answers to those specific areas of questioning were informed by documents he had reviewed. [FN8] In such a case, deposing counsel would discover the *319 documents through his own wit, and not through the wit of his adversary.

> FN7. Because we resolve this case by finding Rule 612 inapplicable, we have no occasion to comment on the dictum in Bogosian v. Gulf Oil Corp., 738 F.2d 587, 595 n. 3 (3d Cir.1984), concerning the direct conflict between Rule 612 and Rule 26(b)(3) that arises when a witness uses a document prepared by an attorney to refresh the witness' recollection.

> FN8. Contrary to the dissent's characterization of our opinion, therefore, we are not approving "in effect the use of the work product doctrine to prevent an identification of documents reviewed by a witness in preparation for his deposition." At 319. The proper use by deposing counsel of Rule 612 in cases similar to this one will result in identification of documents relied upon by a witness without implicating the work product doctrine.

IV.

21. We conclude, therefore, that the trial court committed clear error of law in ordering the identification of the documents selected by counsel. Because we are confident that the district court will

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00343-JJF    Document 556-4    Filed 03/08/2007    Page 8 of 9

759 F.2d 312                                                                                                                Page 7
759 F.2d 312, 53 USLW 2538, 84 A.L.R. Fed. 763, 1 Fed.R.Serv.3d 1431, 17 Fed. R. Evid. Serv. 1232
(Cite as: 759 F.2d 312)

proceed in accordance with our opinion without formal issuance of the writ, we will remand to the district court. See, e.g., *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 596 (3d Cir.1984); *United States v. RMI Co.*, 599 F.2d 1183, 1190 (3d Cir.1979); *Rapp v. Van Dusen*, 350 F.2d 806, 814 (3d Cir.1965) (in banc).

SEITZ, Circuit Judge, dissenting.

The majority approves in effect the use of the work product doctrine to prevent an identification of documents reviewed by a witness in preparation for his deposition. I dissent because I am convinced that such a ruling is an impermissible expansion of the work product doctrine at the expense of legitimate discovery.

The plaintiffs-respondents sought in the district court the discovery of relevant objective facts: the identities of the documents that the deponent reviewed prior to testifying. These facts are not, in themselves, the opinion or thought processes of an attorney. Nor were the contents of the documents, all of which had already been produced by the defendants, created by defendants' attorney in anticipation of litigation.

Yet, the defendant-petitioner claims that the mere identification of the documents examined prior to his deposition would reveal his attorney's litigation strategy. Presumably, the petitioner's argument must be that if the respondents knew which documents were reviewed, they could, upon examination of the documents identified, draw conclusions as to why each document was chosen.

The problem with the petitioner's theory is that it assumes that one can extrapolate backwards from the results of a selection process to determine the reason a document was selected for review by the deponent. There are many reasons for showing a document or selected portions of a document to a witness. The most that can be said from the fact that the witness looked at a document is that someone thought that the document, or some portion of the document, might be useful for the preparation of the witness for his deposition. This is a far cry from the disclosure of the a lawyer's opinion work product. Even assuming that the documents were selected by the petitioner's attorney, the subject matter is so undifferentiated that its potential for invasion of work product is miniscule at best. See *In re Grand Jury Investigation*, 599 F.2d 1224 (3d Cir.1979) (degree to which information reveals attorney's thought processes is a factor in whether opinion work product is revealed). See also *United States v. Amerada Hess Corp.*, 619 F.2d 980, 988 (3d Cir.1980) (list of employees interviewed, selected out of all the corporation's employees, is not opinion work product).

Every act by a litigant or his attorney gives rise to similar vague inferences. For example, a typical interrogatory from a leading treatise would permit questions of the following form: "Identify each writing ... which relates or refers directly or indirectly to [a transaction in question]". See, e.g., 2A L. Frumer & M. Waxner, Bender's Federal Practice Forms, 420.11, question 19 (1984). It cannot seriously be contended that an answer is not required because it would reveal the fact that the attorney thought that certain documents were relevant to the transaction.

Moreover, in order to claim the shield of opinion work product, it must be established that it is the attorney's thought processes that are revealed. *In re International Systems and Controls Corp. Securities Litigation*, 693 F.2d 1235, 1240 (5th Cir.1982). The respondents' request did not require the identification of the person who selected the documents. The only disclosed connection to the petitioner's attorney in our situation is that the petitioner *320 gratuitously volunteered the fact that his attorney selected the documents. To permit this volunteered information to provide a necessary link to attorney's thought processes, as the majority has done, is to permit the petitioner to cloak the non-work product aspects of the information sought with work product protection. Certainly an attorney cannot cloak a document under the mantle of work product by simply reviewing it. *Brown v. Hart, Schaffner & Marx*, 96 F.R.D. 64, 68 (N.D.Ill.1982). It is difficult to see how an attorney or his witness may insulate the discoverable fact that the witness reviewed a particular document by volunteering that the attorney selected the document for deposition preparation purposes. See *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 595 (3d Cir.1984).

Finally, the petitioner contends that the information sought was "fact" work product, and that the respondents have made an insufficient showing of need to require its production. Assuming without deciding that the information sought was fact work product, I would not decide this issue on a petition for a writ of mandamus. To reach this issue would require us to review a decision committed to the discretion of the district court, *In re International Systems and Controls Corp. Securities Litigation*, 693 F.2d at 1240-41, and such decisions do not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

759 F.2d 312 Page 8
759 F.2d 312, 53 USLW 2538, 84 A.L.R. Fed. 763, 1 Fed.R.Serv.3d 1431, 17 Fed. R. Evid. Serv. 1232
**(Cite as: 759 F.2d 312)**

constitute "clear and indisputable" legal error. *Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36, 101 S.Ct. 188, 191, 66 L.Ed.2d 193 (1980)*. Further, relevation of fact work product does not constitute the same sort of irreparable harm that would come from the revelation of opinion work product.

Because I find no disclosure of the attorney's work product that would provide a basis for granting the writ, I would not reach the issue of whether a proper foundation had been established for the requested information under Federal Rule of Evidence 612 or the provision covering relevant evidence found in Federal Rule of Civil Procedure 26(b)(1). Decisions on such matters are not independently reviewable on a petition seeking the extraordinary remedy of mandamus.

Based on the record presented by the petitioner, I fail to see how any conclusions may be drawn as to what his attorney may or may not have thought about this litigation. The mere identification of documents used to prepare a witness for his deposition does not convey any meaningful information of the type entitled to protection under the work product doctrine. I would deny the petition.

759 F.2d 312, 53 USLW 2538, 84 A.L.R. Fed. 763, 1 Fed.R.Serv.3d 1431, 17 Fed. R. Evid. Serv. 1232

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.