# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

March 8, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

On behalf of LG.Philips LCD Co., Ltd. ("LPL"), I write to object to the Defendants' last-minute attempt to block deposition testimony on numerous topics as set forth in ViewSonic's March 7, 2007 letter to Your Honor.

The hearing scheduled for tomorrow is to address a defined set of issues and motions previously submitted and joined. LPL already has invested substantial time and effort to prepare for depositions that start on Monday, March 12, 2007. The schedule for these depositions was submitted to Your Honor in my February 23, 2007 letter. (*See* Ex. 1.) Notably, Defendants did not suggest at that time that they would not produce a witness on any of these topics. Indeed, in every one of the objections served by the Defendants, the Defendants have confirmed that they are producing a witness to testify on those topics. (*See* Exs. 2 and 3.) Further, Defendants' own deposition notices address the same issues and are substantially broader than the disputed topics set forth in LPL's deposition notices. (*See, e.g.*, Ex. 4 at Topic 13; Ex. 5 at Topic 13.)

Defendants' March 7, 2007 request for a protective order comes too late and should be summarily rejected. In a recent teleconference, Your Honor made clear that a party responding to a Rule 30(b)(6) deposition notice must produce a witness to testify on all topics or obtain a protective order in advance of the depositions. Instead, Defendants simply delayed and took no action other than to object and agree to produce witnesses on the disputed topics. (*See* Exs. 2 and 3.) Filing a motion so close to the depositions is a nullity, as it leaves no time for the motion to be fairly briefed, argued, and decided. LPL also never had an opportunity to respond to Mr. Miller's March 6, 2007 letter, received in the afternoon that day and demanding capitulation from LPL "by the close of business today," two hours later. LPL is preparing diligently for the matters properly pending for tomorrow's hearing and for depositions previously

653822-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
March 8, 2007
Page 2

scheduled. The topics were set forth in the December 5, 2006 deposition notices, and ViewSonic and Tatung have agreed to provide witnesses on these topics. (*See* Exs. 2 and 3.)

LPL respectfully requests, therefore, that Your Honor deny the motion for protective order as untimely, contrary to the established deposition schedule, contrary to Defendants prior agreement to designate witnesses on these topics, and for failing to comply with Local Rule 7.1.1. Not only did ViewSonic not attempt in good faith to resolve many of these issues, but ViewSonic's counsel cancelled a teleconference that had been agreed to in January to discuss deposition topics, and then refused to talk to LPL's counsel by phone for several weeks.

Recently, moreover, the parties have reached an agreement that should moot any concerns about Rule 30(b)(6) testimony concerning infringement contentions, validity contentions, and claim scope or claim term meaning, all of which is properly addressed in the expert discovery process. Defendants specifically sought such testimony from LPL (*See* Ex. 4 at Topics 24(f), 24(g) and 25(c); Ex. 5 at Topics 24(f), 24(g) and 25(c).) LPL objected and proposed a resolution. (*See* Ex. 6, March 1, 2007 email from Mr. Christenson.) The parties then reached an agreement. (*See* Ex. 7, March 4 email from Ms. Roman and March 7 email from Mr. Christenson.)

Respectfully submitted,

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

653822-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 8, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on March 8, 2007, and will be sent by hand on March 8, 2007, and were sent by email on March 8, 2007, and will be sent by first class mail on March 8, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1