terms "structure," "flat panel display," "flat panel display device," "fastening part(s)," "fastening hole(s)," and "frames". ViewSonic also objects to this Topic as improper because it requires the interpretation of one or more claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 2**

The conception, design, and development of your visual display products including for example, the determination of which structures, methods of assembling, components and/or parts to use in the manufacture and/or assembly of visual display products manufactured or assembled by or for you, including but not limited to: i) all specifications, drawings, and instructions related to the mounting technologies, methods, components, parts, structures, and/or processes; and ii)

7

the identity of the individuals that were responsible for and/or involved in making those determinations (*e.g.*, you, your customers, your suppliers, or others); and iii) at what point in the conception, design and development process such determinations are made (product design, procurement, assembly, etc.) [sic]

**Objection and Response to Topic No. 2**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "structures," "components," "parts," "manufacture," and "mounting". ViewSonic also objects to this Topic as improper because it requires the interpretation of one or more claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking

8

information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 3

The evolution of the mounting technology used in the visual display products manufactured or assembled by or for you, and shipped, imported, sold and/or offered for sale in or to the United States since January 1, 2000, including: i) any attempts by you or by your manufacturers or your assemblers, to design around the Patents-in-Suit; ii) the reasons why you selected, developed and/or approved any particular mounting technology or method for assembling for use in any particular visual display product; and iii) all methods for assembly and/or technologies that you rejected or modified related to mounting or assembly of visual display products, including how and why you rejected or modified each such method or technology.

### Objection and Response to Topic No. 3

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "evolution," "manufactured," "manufacturers," and "mounting". ViewSonic also objects

to this Topic as improper because it requires the interpretation of one or more claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 4

Any infringement analyses, inspections, investigations or testing, whether performed or authored by you or for you, including, but not limited to, infringement analyses, inspections, investigations, or testing involving the mounting technologies, methods of assembly or processes employed in your visual display products with respect to the Patents-in-Suit, and including, but not limited to, claim charts, reverse engineering reports, and conclusions reached for any such infringement analyses, inspections, investigations, or testing.

### Objection and Response to Topic No. 4

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a

10

claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "mounting" and "processes employed." ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, as seeking information protected by the attorney-client privilege or work product doctrine, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, for seeking information regarding "[a]ny infringement analysis, inspections, investigations, or testing" that is not limited to the asserted claims of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic to the extent it seeks contentions.

11

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 5**

Any and all technical, economic, or other advantages, benefits, or disadvantages, concerning the use of mounting structures and methods of assembly claimed in the Patents-in-Suit, and any comparisons or analysis conducted by you or for you concerning the mounting of flat panel displays or flat panel display devices used in visual display products manufactured by or for you, and shipped, imported, sold and/or offered for sale in or to the United States since January 1, 2000.

**Objection and Response to Topic No. 5**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to the phrase "[a]ny and all technical, economic, or other advantages, benefits, or disadvantages, concerning the use of mounting structures and methods of assembly claimed in the Patents-in-Suit." as vague, ambiguous, overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "mounting," "flat panel displays," and "flat panel display devices." ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires

12

disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, as seeking information protected by the attorney-client privilege or work product doctrine, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, for seeking information that is not limited to the asserted claims of the patents in suit. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, as seeking information protected by the attorney-client privilege or work product doctrine, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, for seeking information regarding "any comparisons or analysis ... concerning the mounting of flat panel displays or flat panel display devices" used in ViewSonic visual display products imported, offered for sale, or sold in the United States since January 1, 2000. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. ViewSonic also objects to this Topic to the extent it seeks contentions.

    Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

13

### Topic No. 6

All communications and documents involving you and concerning the assembly of visual display products shipped, imported, offered for sale or sold in or to the United States since January 1, 2000, including with respect to the mounting of LCD or plasma modules or panels.

### Objection and Response to Topic No. 6

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, as to the phrase "[a]ll communications and documents involving you and concerning the assembly of visual display products shipped, imported, offered for sale or sold in or to the United States since January 1, 2000." ViewSonic also objects to this Topic as vague and ambiguous as to the term "mounting," "modules," and "panels." ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic

14

also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 7

All documents reflecting ViewSonic's knowledge or approval of the assembly and/or mounting technologies or specifications concerning any visual display products imported, offered for sale or sold in or into the United States since January 1, 2000.

### Objection and Response to Topic No. 7

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the phrase "knowledge or approval of the assembly and/or mounting technologies or specifications." ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome as seeking information regarding "any" visual display products imported, offered for sale or sold in or into the United States since January 1, 2000. ViewSonic also objects to this Topic as vague and ambiguous as to the term "mounting." ViewSonic also objects to this Topic as improper because it requires the interpretation of one or more claim terms. ViewSonic also objects to this

Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 8**

Your contentions regarding the validity of the Patents-in-Suit, as well as any specific facts, opinions, prior art, and documents that support those contentions, including for each prior art product or reference that you rely on, the facts relevant to whether that asserted prior art qualifies as prior art and/or supports any defenses, including, for example, facts regarding the dates, conception, design, development, manufacture and distribution of all prior art products and references.

**Objection and Response to Topic No. 8**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information

16

protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent it seeks legal conclusions. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, as seeking information protected by the attorney-client privilege or work product doctrine, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, for seeking information regarding "the validity of the Patents-in-Suit" that is not limited to the asserted claims of the patents in suit. ViewSonic also objects to this Topic as unduly burdensome and duplicative of other Topics, such as Topic No. 9. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 9**

The bases for each of the Affirmative Defenses and any other defenses asserted by you in relation to this lawsuit, including, for example, the facts and documents concerning each of your Affirmative defenses.

**Objection and Response to Topic No. 9**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of

17

admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent it seeks legal conclusions. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 10**

Your position and contentions concerning whether or not the Patents-in-Suit are infringed by one or more of your visual display products, literally and/or under the doctrine of equivalents, as well as the factual basis, responses to LPL's Interrogatories, and documents concerning such position.

**Objection and Response to Topic No. 10**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent it seeks legal conclusions. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as improper because it requires the

interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as duplicative of other Topics, such as Topic No. 9. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 11

Your position and contentions concerning whether the Patents-in-Suit are unenforceable for any reason, as well as the factual basis, responses to LPL's Interrogatories, and documents concerning such position.

### Objection and Response to Topic No. 11

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent it seeks legal conclusions. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as duplicative of other

19

Topics, such as Topic No. 9. ViewSonic also objects to this Topic to the extent it seeks contentions.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 12

All imports, shipments, sales and/or offers for sale in or to the United States by or for you or your customers, directly or indirectly, including, by model, the products sold to each customer or importer, and corresponding revenue, cost, profit, and gross margin information for each product, and the brand name(s) associated with all such products, since January 1, 2000.

### Objection and Response to Topic No. 12

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery

20

of admissible evidence, to the extent that it seeks information regarding ViewSonic customers. ViewSonic also objects to this Topic as unduly burdensome and duplicative of other Topics, such as Topic No. 17.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 13

Each type of visual display product manufactured by you or for you, and the customers, importers, shippers, distributors, and retailers that bought, sold, imported, and transported such products in or to the U.S., directly or indirectly, since January 1, 2000.

### Objection and Response to Topic No. 13

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not

relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 14**

The product brand(s), description(s), designation(s), naming conventions, and model number(s) associated with each visual display product made, shipped, imported, and/or sold by or for you or your customers, in or to the U.S., since 2000, including both internal information and information used to describe or market products to consumers and end users, and how the naming conventions pertain to the components and/or structure of a given visual display product.

**Objection and Response to Topic No. 14**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "brand(s)," "designation(s)," "naming conventions," "pertain," "components," and "structure." ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000

22

to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 15

The identity of the persons that have manufactured, sold, purchased, imported, shipped, distributed, and serviced or repaired in or to U.S. visual display products manufactured by or for you, and the extent to which you have the ability and legal right to obtain documents relevant to this case from each such person.

### Objection and Response to Topic No. 15

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding "[t]he identity of the persons that have ... serviced or repaired" visual display products. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not

relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers. ViewSonic also objects to this Topic to the extent it seeks a legal conclusion. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 16**

The identity of the manufacturers, systems integrator(s), suppliers, and customers that have made, manufactured and/or assembled each type of visual display product manufactured, imported, sold, and/or offered for sale, in or to the United States by or for you since January 1, 2000.

**Objection and Response to Topic No. 16**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is

24

not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 17**

For each month and year since January 1, 2000, your estimated, projected / forecast, and actual sales, revenues, profitability, gross profit, operating profit and profit margins related to all of your visual display products, and the way(s) that you have calculated, accounted for, and reported all such amounts, and to whom reported.

**Objection and Response to Topic No. 17**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "actual sales," "revenues," "profitability," "gross profit," "operating profit" and "profit margins." ViewSonic also objects to this Topic as overly broad, unduly burdensome, and repetitive to the extent "actual sales" and "revenues" encompass the duplicative information. ViewSonic also objects to this Topic as overly broad, unduly burdensome, and repetitive to the extent "profitability," "gross profit," "operating profit," and "profit margins" encompass duplicative information. ViewSonic also