objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as unduly burdensome and duplicative of other Topics.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 18

Since January 1, 2000, the extent to which you have, or that you have encouraged others to, purchase, import, distribute, sell, offer to sell, market, and/or advertise visual display products that have entered the U.S. market, as well as all documents concerning such matters, including, but not limited to, correspondence, product samples, sales summaries, database information, brochures, marketing plans, sales literature, advertisements, and product road maps, timelines, descriptions, and specifications.

### Objection and Response to Topic No. 18

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "encouraged," "sales summaries,"

"database information," "sales literature", "product road maps," "timelines," "descriptions," and "specifications." ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 19

The extent and ways in which the visual display products made by you or for you, including outside of the U.S., are or have been marketed, sold, offered for sale, and/or imported into the U.S., directly or indirectly, and by whom, since January 1, 2000.

### Objection and Response to Topic No. 19

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes

27

obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 20**

Communications and documents concerning you or visual display products made by you or for you, and any customer or company that sells visual display products in the U.S. or any brand of visual display products sold in the U.S., including, for example, meetings, visits, conferences, teleconferences, memoranda, and product road maps, since January 1, 2000.

**Objection and Response to Topic No. 20**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also

28

objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "brand of visual display products," and "product road maps." ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 21**

Communications and documents concerning the U.S. market, and consumer demands and preferences in the U.S. market, related to visual display products, since January 2000, including your employees, offices, and visits in or concerning the U.S.

**Objection and Response to Topic No. 21**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of

29

admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome, as to the phrases "consumer demands and preferences in the U.S. market, related to visual display products," and "visits in or concerning the U.S." ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 22**

All licenses, royalties, and/or technology transfer agreements that pertain to visual display products and/or mounting technologies used in visual display products to which you are a party, assignor, assignee, or beneficiary.

**Objection and Response to Topic No. 22**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested.

ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the term "mounting". ViewSonic also objects to this Topic as improper because it requires the interpretation of one or more claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome to the extent it seeks information regarding agreements to which ViewSonic is a "beneficiary." ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

31

**Topic No. 23**

The value to you of the Patents-in-Suit and the technology reflected in those Patents, assuming that the Patents are valid and infringed, and the methods by which you would determine such value, including all policies, practices and/or relevant factors you have used or deem relevant when negotiating the terms of any licenses, royalties and/or technology transfer agreements concerning visual display products and/or mounting technologies, since January 1, 2000.

**Objection and Response to Topic No. 23**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "relevant" and "mounting." ViewSonic also objects to this Topic as improper because it requires the interpretation of one or more claim terms, including but not limited to "mounting." ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products

32

imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 24**

All types of customer and product support that you have offered, provided, or contracted for concerning visual display products made, imported, or sold in the U.S., including, for example, product warranties and authorized service and repair providers, as well as any documents related to such customer and product support.

**Objection and Response to Topic No. 24**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim

33

or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 25

All conduct by you, and documents, concerning or encouraging the importation, sale, and/or offer for sale of visual display products made by or for you, by any customer or company that has imported or sold visual display products made by or for you since January 1, 2000, including, for example, contracts, negotiations, meetings, transactions, business relationships, rebates, subsidies for product advertising or promotion, and/or information sharing, between you and such customers and companies.

### Objection and Response to Topic No. 25

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the term "encouraging." ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale, or sold in the United States between January 1,

2000 to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers, including but not limited to "contracts, negotiations, meetings, transactions, business relationships, rebates, subsidies for product advertising or promotion, and/or information sharing" between ViewSonic and any of its customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 26**

When and how you first became aware of each of the Patents-in-Suit, including, but not limited to, the date of your first actual notice or awareness of each of the Patents-in-Suit and from what source(s), and any patent searches by or for you that included or listed either of the Patents-in-Suit.

**Objection and Response to Topic No. 26**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, as seeking information protected by the attorney-client privilege or work product doctrine, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, for

35

seeking information regarding "any patent searches by or for your that included or listed either of the Patents-in-Suit."

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 27

Your efforts to avoid infringing the Patents-in-Suit since the time that you first learned of the Patents-in-Suit, including, but not limited to, all attempts by or for you to obtain and rely on any advice of counsel, undertake any investigation or analysis, change or consider changing the design, mounting, or assembly concerning any visual display products including the flat panel display and/or flat panel display device and/or housing contained in the visual display products, or take any steps to exercise due care not to infringe.

### Objection and Response to Topic No. 27

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "mounting," "flat panel display," "flat panel display device," and "housing." ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the

United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 28**

Your efforts to gather and search for information and documents responsive to each of the discovery requests propounded on you by Plaintiff; including: the locations and sources searched; the persons interviewed and responsible; what was done to preserve and produce electronically stored information, documents, data, and visual display products, including, for example, discovery in the possession or control of ViewSonic, Sally Wang, Tommy Jue, Robert Ranucci, Mike Zapka, Jeff Volpe, Vivian Liu, and Tse Rong Lee.

**Objection and Response to Topic No. 28**

ViewSonic objects to this Topic as vague, overly broad, and unduly burdensome. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers. ViewSonic also objects to this Topic as overly broad and unduly burdensome and duplicative as seeking information regarding "discovery in the possession or control of ... Sally Wang, Tommy Jue, Robert Ranucci, Mike

37

Zapka, Jeff Volpe, Vivian Liu, and Tse Rong Lee" to the extent the information provided from other sources is duplicative.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 29

The persons knowledgeable and/or responsible regarding the assembly of your visual display products, including the methods used to mount and/or assemble flat panel displays and flat panel display devices with respect to such products; your relationships with customers and suppliers regarding visual display products; and the importation, sale, or offers to sell visual display products made by or for you in or to the United States since January 1, 2000, and documents concerning your organizational and departmental structure, hierarchy, and chain of command.

### Objection and Response to Topic No. 29

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "mount," "flat panel displays," "flat panel display devices," "departmental structure," and "hierarchy." ViewSonic also objects to this Topic as improper because it requires the interpretation of claim terms. ViewSonic also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported,

38

offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 30**

Your communications, including submissions from you, as well as to, from or with industry or market research firms since January 1, 2000, such as, for example, DisplaySearch, and/or your use of information or data compiled or disclosed by those industry research firms, concerning visual display products or any markets for visual display products.

**Objection and Response to Topic No. 30**

ViewSonic objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. ViewSonic also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. ViewSonic also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal

39

Rules of Civil Procedure. ViewSonic also objects to this Topic as vague and ambiguous as to the terms "industry or market research firms." ViewSonic also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding any use of information or data compiled or disclosed by those industry research firms. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by ViewSonic. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding non U.S. markets for visual display products. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. ViewSonic also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding ViewSonic customers.

      Subject to ViewSonic's General and Specific Objections, ViewSonic will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

Dated: January 5, 2007	CONNOLLY BOVE LODGE & HUTZ LLP


By: /s/ *Jaclyn M. Mason*
    Jeffrey B. Bove, Esq. (#998)
    Jaclyn M. Mason, Esq. (#4737)
    The Nemours Building, 8th Floor
    1007 North Orange Street
    Wilmington, DE 19801
    Telephone: (302) 658-9141
    Facsimile: (302) 658-5614

Of Counsel:	Scott R. Miller, Esq.
Tracy R. Roman, Esq.	355 South Grand Avenue, Suite 3150
Raskin Peter Rubin & Simon LLP	Los Angeles, CA 90071
1801 Century Park East, Suite 2300	Telephone: (213) 787-2500
Los Angeles, CA 90067	Facsimile: (213) 687-0498

*Attorneys for ViewSonic Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2007, a true copy of the foregoing

**Defendant ViewSonic Corporation's Objections to Plaintiff's Notice of 30(b)(6) Deposition**

was electronically mailed to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on the 5th day of January, 2007, I have sent by email the foregoing document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman
Raskin Peter Rubin & Simon
1801 Century Park East 23rd Floor
Los Angeles, CA 90067

Jong P. Hong
Greenberg Traurig, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

By: /s/ *Jaclyn M. Mason*
Jaclyn M. Mason (#4737)
jmason@cblh.com

511948_1