# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

L.G. PHILIPS LCD CO., LTD.,

      Plaintiff/Counterclaim Defendant,

TATUNG COMPANY, TATUNG COMPANY
OF AMERICA, INC., AND VIEWSONIC
CORPORATION,

      Defendants/Counterclaim Plaintiffs.

Civil Action No. 04-343-JJF

---

### DEFENDANT TATUNG COMPANY OF AMERICA INC.'S OBJECTIONS TO
### PLAINTIFF LG. PHILIPS LCD CO., LTD.'S NOTICE OF DEPOSITION OF
### TATUNG COMPANY PURSUANT TO F.R.C.P. 30(B)(6)

Defendant Tatung Company of America ("Defendant" or "Tatung"), by its

undersigned counsel, hereby objects to Plaintiff's Notice of Rule 30(b)(6) Deposition of

Tatung Corporation dated December 5, 2006 ("Notice") served by LG Philips LCD Co.,

Ltd. ("Plaintiff" or "LPL").

## I.    GENERAL OBJECTIONS

These General Objections apply to each of the Topics to be Addressed at the

Deposition ("Topics") identified in the Notice and are hereby incorporated into each of

Tatung's Specific Objections and Responses set forth below.

1.    Tatung objects to the definitions of "Tatung," "you," and "your" as vague,

ambiguous, and overly broad, to the extent the definitions purport to include unspecified

entities and any entities that are not a party to this action. In addition, the definitions

include, for example, attorneys and accountants of Tatung, which may improperly

implicate, for example, privileged information.

2.     Tatung objects to the definition of "communication" as vague, ambiguous, and overly broad. In addition, the definition includes, for example, communications with counsel and other information that is or may be privileged or otherwise immune from discovery.

3.     Tatung objects to the definition of "concern" and "concerning" as vague, ambiguous, and overly broad.

4.     Tatung objects to the definition of "discuss," "discussing," "relate to," "relating to," "support" or "supporting" as vague, ambiguous, and overly broad.

5.     Tatung objects to the definition of "document" as vague, ambiguous, and overly broad. In addition, the definition includes, for example, opinions of counsel and other information that is or may be privileged or otherwise immune from discovery.

6.     Tatung objects to the definitions of "flat panel display," and "flat display panel" as vague, ambiguous, and overly broad. Tatung also objects to the definitions as improperly substituting a definition that may be inconsistent with the Court's construction of the same or similar term(s). Tatung objects to the definitions to the extent they are inconsistent with, or purport to impose obligations beyond, the Court's Scheduling Order. Tatung also objects to the combined definitions of these two terms which may not be the same, based upon, among other things, the knowledge of one of ordinary skill in the art and the teachings of U.S. Patent No. 6,501,641 ("the '641 patent") and U.S. Patent No. 6,498,718 ("the '718 patent") and their prosecution histories.

2

7.    Tatung objects to the definitions of "flat panel display device" as vague, ambiguous, and overly broad. Tatung also objects to the different definitions provided for "flat panel display device" as inconsistent with each other. Tatung also objects to the definitions as improperly substituting a definition that may be inconsistent with the Court's construction of the same or similar term(s). Tatung objects to the definitions to the extent they are inconsistent with, or purport to impose obligations beyond, the Court's Scheduling Order. Tatung also objects to the definitions to the extent they are inconsistent with, among other things, the knowledge of one of ordinary skill in the art and the teachings of the '641 patent and the '718 patent and their prosecution histories.

8.    Tatung objects to the definitions of "housing" as vague, ambiguous, and overly broad. Tatung also objects to the different definitions provided for "housing" as inconsistent with each other. Tatung also objects to the definitions as improperly substituting a definition that may be inconsistent with the Court's construction of the same or similar term(s). Tatung objects to the definitions to the extent they are inconsistent with, or purport to impose obligations beyond, the Court's Scheduling Order. Tatung also objects to the definitions to the extent they are inconsistent with, among other things, the knowledge of one of ordinary skill in the art and the teachings of the '641 patent and the '718 patent and their prosecution histories.

9.    Tatung objects to the definitions of "identify" as vague, ambiguous, overly broad and unduly burdensome. Tatung also objects to the extent the definitions purport to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure.

3

Tatung also objects to the definition of "identify" in definition no. 18 as it ostensibly relates to interrogatories, not to deposition topics.

10.    Tatung objects to definition nos. 19-2 1 and 24 as vague, ambiguous and overly broad, to the extent any one of them purports to encompass subject matter beyond the scope of 35 U.S.C. § 27 1(a) or (b).

11.    Tatung objects to the definition of "prior art" as vague, ambiguous and overly broad, to the extent that it purports to encompass subject matter beyond the scope of 35 U.S.C. § 102 and/or 103.

12.    Tatung objects to the definition of "visual display product" as vague, ambiguous, overly broad and unduly burdensome. The definition encompasses any visual display product, including hypothetical visual display products. Tatung also objects to the extent the definitions purport to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure.

13.    Tatung objects to the definition of "type of visual display product" as vague, ambiguous, overly broad and unduly burdensome. The definition encompasses any visual display product, including hypothetical visual display products. Tatung also objects to the extent the definitions purport to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to LPL imposing any particular type of nomenclature or alpha numeric identifier not used by Tatung.

14.    Tatung objects to the Topics in the Notice to the extent that they seek discovery from any entity other than Tatung, including, for example, discovery from any unnamed entity or any entity that is not a party to this action.

15.    Tatung objects to the Topics in the Notice to the extent that they seek discovery which would impose obligations beyond those contemplated by the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's Scheduling Order.

16.    Tatung objects to LPL's attempts to unilaterally schedule depositions at a date and location selected by LPL. Tatung will produce witness(es) in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court at a mutually convenient and appropriate time and location.

17.    Tatung objects to the length and scope of deposition to the extent it is inconsistent with the limits set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's Scheduling Order.

18.    Tatung objects to any attempt by LPL to depose Tatung regarding subjects or Topics not listed in the Notice.

19.    Tatung objects to the scope of the Topics in the Notice as overly broad, repetitive, and unduly burdensome. LPL has noticed 30 Topics with multiple subparts and issues for deposition, including Topics, subparts and issues that are repetitive, duplicative, and irrelevant.

20.    Tatung objects to the Topics in the Notice to the extent they seek information protected by the attorney-client privilege, work product doctrine, or any other applicable protection or immunity from discovery.

21.    Tatung objects to the Topics in the Notice to the extent they do not describe with reasonable particularity the matters on which examination is requested.

22.    Tatung objects to the Topics in the Notice to the extent they are vague, ambiguous, overly broad, or unduly burdensome.

23.    Tatung objects to the Topics in the Notice to the extent they call for legal conclusions.

24.    Tatung objects to the Topics in the Notice to the extent they address issues or contentions that are outside the scope of Rule 30(b)(6) of the Federal Rules of Civil Procedure.

25.    Tatung objects to the Topics in the Notice to the extent they address issues or contentions that are better addressed by other discovery methods.

26.    Tatung objects to the Topics in the Notice to the extent they address subjects or issues calling for expert discovery, and are thus premature under the Court's Scheduling Order.

27.    Tatung objects to the Topics in the Notice to the extent they seek information not relevant to the claims and defenses in this case and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6

28.    Tatung objects to the Topics in the Notice to the extent they seek discovery of trade secrets or other confidential research, development, or commercial information. Tatung will only produce such information in accordance with the Protective Order entered in this action. To the extent any Topic entails the disclosure or production of confidential information of third parties that is in Tatung's possession, Tatung will attempt to obtain the consent of such third party prior to disclosure or production. If Tatung cannot obtain such consent, Tatung will not disclose or produce the information.

29.    To the extent applicable, Tatung reincorporates and reasserts herein any and all objections that Tatung has asserted in Tatung's objections and responses to LPL's discovery requests (including Requests for Production of Documents and Things, and Interrogatories) in this case.

30.    Tatung notes that it is responding to the Notice based solely on Tatung's current knowledge, understanding, and belief as to the facts and information available to it as of the undersigned date. Additional investigation, discovery from LPL, third-parties, and/or experts may produce additional, relevant information. Accordingly, Tatung reserves the right to amend or supplement these Objections.

31.    Tatung objects to the date scheduled for the Deposition on the grounds that the date was not pre-cleared with Tatung and the date of the Deposition conflicts with the Chinese Lunar New Year Holidays. Additional time will be required to meet and confer regarding these objections and, once the objections are resolved, to identify and prepare the 30(b)(6) witnesses.

LA 126699447v1 1/5/2007

32.    Tatung objects to the location selected for the Deposition; the Deposition is required to be taken at the principal place of business of the corporation.

33.    Tatung objects to each Testimony Topic to the extent that it calls for information that already has been produced by Tatung, information that already is in LPL's possession, custody or control, or that is available from public sources on the grounds that such Testimony Topics are unduly burdensome and oppressive and, as such, exceed the bounds of permissible discovery.

34.    Tatung objects to each Testimony Topic to the extent that it calls for testimony which would require the Deponent to merely read statistical information which more appropriately can be provided in a document production or in response to an interrogatory.

35.    Tatung objects to each Testimony Topic to the extent the Topics relate or inquire concerning the fabrication or manufacture of LCD devices; Tatung merely assembles LCD devices manufactured by others.

36.    Tatung objects to each Testimony Topic to the extent that the Topics or any portion of one or more Topics are vague and/or ambiguous.

37.    Tatung objects to each Testimony Topic to the extent that the Topics or any portion of one or more Topics are over inclusive and should be limited to, for example, to the patents-in-suit.

38.    Tatung objects to each Testimony Topic to the extent that the Topics or any portion of one or more Topics require expert analysis or opinion.

LA 126699447v1 1/5/2007

relates to or touches upon claim construction. Tatung also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. Tatung also objects to this Topic to the extent it seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

## Topic No. 2

The conception, design, and development of your visual display products including for example, the determination of which structures, methods of assembling, components and/or parts to use in the manufacture and/or assembly of visual display products manufactured or assembled by or for you, including but not limited to: i) all specifications, drawings, and instructions related to the mounting technologies, methods, components, parts, structures, and/or processes; and ii) the identity of the individuals that were responsible for and/or involved in making those determinations (e.g., you, your customers, your suppliers, or others); and iii) at what point in the conception, design and development process such determinations are made product design, procurement, assembly, etc.) [sic]

## Objection and Response to Topic No. 2

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "structures," "components," "parts," "manufacture," and "mounting." Tatung also objects to this Topic as improper because it requires the interpretation of one or more claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung

also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. Tatung also objects to this Topic to the extent it seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

## Topic No. 3

The evolution of the mounting technology used in the visual display products manufactured or assembled by or for you, and shipped, imported, sold and/or offered for sale in or to the United States since January 1, 2000, including: i) any attempts by you or by your manufacturers or your assemblers, to design around the Patents-in-Suit; ii) the reasons why you selected, developed and/or approved any particular mounting technology or method for assembling for use in any particular visual display product; and iii) all methods for assembly and/or technologies that you rejected or modified related to mounting or assembly of visual display products, including how and why you rejected or modified each such method or technology.

## Objection and Response to Topic No. 3

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "evolution," "manufactured," "manufacturers," and "mounting." Tatung also objects to this Topic as improper because it requires the interpretation of one or more claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic

as overly broad and unduly burdensome, and as seeking information that is not relevant

to a claim or defense of any party and not reasonably calculated to lead to the discovery

of admissible evidence, to the extent that it seeks information regarding Tatung visual

display products imported, offered for sale, sold in the United States between January 1,

2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also

objects to this Topic as overly broad and unduly burdensome, and as seeking information

that is not relevant to a claim or defense of any party and not reasonably calculated to

lead to the discovery of admissible evidence, to the extent that it seeks information that

should be sought from third parties. Tatung also objects to this Topic to the extent it

seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or

more witnesses to testify as to information that is not privileged and properly within the

scope of this Topic.

### Topic No. 4

Any infringement analyses, inspections, investigations or testing, whether
performed or authored by you or for you, including, but not limited to, infringement
analyses, inspections, investigations, or testing involving the mounting technologies,
methods of assembly or processes employed in your visual display products with respect
to the Patents-in-Suit, and including, but not limited to, claim charts, reverse engineering
reports, and conclusions reached for any such infringement analyses, inspections,
investigations, or testing.

### Objection and Response to Topic No. 4

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not

relevant to a claim or defense of any party, and is not reasonably calculated to lead to the

discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks

information protected by the attorney-client privilege or work product doctrine. Tatung

also objects to this Topic to the extent that it imposes obligations beyond those

contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic

as vague and ambiguous as to the terms "mounting" and "processes employed." Tatung

also objects to this Topic as improper because it requires the interpretation of claim

terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or

touches upon claim construction. Tatung also objects to this Topic as premature to the

extent is requires disclosure of expert discovery prior to the deadlines set forth by the

Court's Scheduling Order. Tatung also objects to this Topic as vague, ambiguous, overly

broad and unduly burdensome, as seeking information protected by the attorney-client

privilege or work product doctrine, and as seeking information that is not relevant to a

claim or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence, for seeking information regarding "[a]ny infringement analysis,

inspections, investigations, or testing" that is not limited to the asserted claims of the

patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome,

and as seeking information that is not relevant to a claim or defense of any party and not

reasonably calculated to lead to the discovery of admissible evidence, to the extent that it

seeks information regarding visual display products not imported, offered for sale or sold

in the United States by Tatung. Tatung also objects to this Topic as overly broad and

unduly burdensome, and as seeking information that is not relevant to a claim or defense

of any party and not reasonably calculated to lead to the discovery of admissible

evidence, to the extent that it seeks information regarding Tatung visual display products

imported, offered for sale or sold in the United States prior to December 24, 2002, the

earliest issue date of the patents in suit. Tatung also objects to this Topic to the extent it

seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or

more witnesses to testify as to information that is not privileged and properly within the

scope of this Topic.

### Topic No. 5

Any and all technical, economic, or other advantages, benefits, or disadvantages,
concerning the use of mounting structures and methods of assembly claimed in the
Patents-in-Suit, and any comparisons or analysis conducted by you or for you concerning
the mounting of flat panel displays or flat panel display devices used in visual display
products manufactured by or for you, and shipped, imported, sold and/or offered for sale
in or to the United States since January 1, 2000.

### Objection and Response to Topic No. 5

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not

relevant to a claim or defense of any party, and is not reasonably calculated to lead to the

discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks

information protected by the attorney-client privilege or work product doctrine. Tatung

LA 126699447v1 1/5/2007

also objects to this Topic to the extent that it imposes obligations beyond those

contemplated by the Federal Rules of Civil Procedure. Tatung also objects to the phrase

"[any and all technical, economic, or other advantages, benefits, or disadvantages,

concerning the use of mounting structures and methods of assembly claimed in the

Patents-in-Suit." as vague, ambiguous, overly broad and unduly burdensome, and as

seeking information that is not relevant to a claim or defense of any party and not

reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects

to this Topic as vague and ambiguous as to the terms "mounting," "flat panel displays,"

and "flat panel display devices." Tatung also objects to this Topic as improper because it

requires the interpretation of claim terms. Tatung also objects to this Topic as premature

to the extent it requires, relates to or touches upon claim construction. Tatung also objects

to this Topic as premature to the extent is requires disclosure of expert discovery prior to

the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic

as vague, ambiguous, overly broad and unduly burdensome, as seeking information

protected by the attorney-client privilege or work product doctrine, and as seeking

information that is not relevant to a claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence, for seeking information that is

not limited to the asserted claims of the patents in suit. Tatung also objects to this Topic

as vague, ambiguous, overly broad and unduly burdensome, as seeking information

protected by the attorney-client privilege or work product doctrine, and as seeking

information that is not relevant to a claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence, for seeking information regarding "any comparisons or analysis concerning the mounting of flat panel displays or flat panel display devices" used in Tatung visual display products imported, offered for sale, or sold in the United States since January 1, 2000. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. Tatung also objects to this Topic to the extent it seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 6

All communications and documents involving you and concerning the assembly of visual display products shipped, imported, offered for sale or sold in or to the United States since January 1, 2000, including with respect to the mounting of LCD or plasma modules or panels.

**Objection and Response to Topic No. 6**

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, as to the phrase "[a]ll communications and documents involving you and concerning the assembly of visual display products shipped, imported, offered for sale or sold in or to the United States since January 1, 2000." Tatung also objects to this Topic as vague and ambiguous as to the term "mounting," "modules," and "panels." Tatung also objects to this Topic as improper because it requires the interpretation of claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information

LA 126699447v1 1/5/2007

the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 8

Your contentions regarding the validity of the Patents-in-Suit, as well as any specific facts, opinions, prior art, and documents that support those contentions, including for each prior art product or reference that you rely on, the facts relevant to whether that asserted prior art qualifies as prior art and/or supports any defenses, including, for example, facts regarding the dates, conception, design, development, manufacture and distribution of all prior art products and references.

### Objection and Response to Topic No. 8

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent it seeks legal conclusions. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as improper because it requires the interpretation of claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung