relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent it seeks legal conclusions. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as improper because it requires the interpretation of claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic as duplicative of other Topics, such as Topic No. 9. Tatung also objects to this Topic to the extent it seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 12**

All imports, shipments, sales and/or offers for sale in or to the United States by or for you or your customers, directly or indirectly, including, by model, the products sold to each customer or importer, and corresponding revenue, cost, profit, and gross margin information for each product, and the brand name(s) associated with all such products, since January 1, 2000.

## Objection and Response to Topic No. 12

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Tatung also objects to this Topic as unduly burdensome and duplicative of other Topics, such as Topic No. 17.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 13

Each type of visual display product manufactured by you or for you, and the customers, importers, shippers, distributors, and retailers that bought, sold, imported, and transported such products in or to the U.S., directly or indirectly, since January 1, 2000.

### Objection and Response to Topic No. 13

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any

party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 14

The product brand(s), description(s), designation(s), naming conventions, and model number(s) associated with each visual display product made, shipped, imported, and/or sold by or for you or your customers, in or to the U.S., since 2000, including both internal information and information used to describe or market products to consumers and end users, and how the naming conventions pertain to the components and/or structure of a given visual display product.

### Objection and Response to Topic No. 14

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure.

Tatung also objects to this Topic as vague and ambiguous as to the terms "brand(s)," "designation(s)," "naming conventions," "pertain," "components," and "structure." Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 15

The identity of the persons that have manufactured, sold, purchased, imported, shipped, distributed, and serviced or repaired in or to U.S. visual display products manufactured by or for you, and the extent to which you have the ability and legal right to obtain documents relevant to this case from each such person.

### Objection and Response to Topic No. 15

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding "[t]he identity of the persons that have ... serviced or repaired" visual display products. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of

LA 126698955v1 1/5/2007

admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers. Tatung also objects to this Topic to the extent it seeks a legal conclusion. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 16

The identity of the manufacturers, systems integrator(s), suppliers, and customers that have made, manufactured and/or assembled each type of visual display product manufactured, imported, sold, and/or offered for sale, in or to the United States by or for you since January 1, 2000.

### Objection and Response to Topic No. 16

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not

relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 17

For each month and year since January 1, 2000, your estimated, projected / forecast, and actual sales, revenues, profitability, gross profit, operating profit and profit margins related to all of your visual display products, and the way(s) that you have calculated, accounted for, and reported all such amounts, and to whom reported.

### Objection and Response to Topic No. 17

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "actual sales," "revenues," "profitability," "gross profit," "operating profit" and "profit margins." Tatung also objects to this Topic as overly broad, unduly burdensome, and repetitive to the extent "actual sales" and "revenues" encompass the duplicative information. Tatung also objects to this Topic as overly broad, unduly burdensome, and repetitive to the extent "profitability," "gross profit," "operating profit," and "profit margins" encompass duplicative information. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as unduly burdensome and duplicative of other Topics.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 18

Since January 1, 2000, the extent to which you have, or that you have encouraged others to, purchase, import, distribute, sell, offer to sell, market, and/or advertise visual display products that have entered the U.S. market, as well as all documents concerning such matters, including, but not limited to, correspondence, product samples, sales summaries, database information, brochures, marketing plans, sales literature, advertisements, and product road maps, timelines, descriptions, and specifications.

### Objection and Response to Topic No. 18

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "encouraged," "sales summaries," "database information," "sales literature", "product road maps," "timelines," "descriptions," and "specifications." Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung

LA 126698955v1 1/5/2007

also objects to this Topic as overly broad and unduly burdensome, and as seeking

information that is not relevant to a claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence, to the extent that it seeks

information regarding Tatung visual display products imported, offered for sale, or sold

in the United States between January 1, 2000 to December 24, 2002, the earliest issue

date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly

burdensome, and as seeking information that is not relevant to a claim or defense of any

party and not reasonably calculated to lead to the discovery of admissible evidence, to the

extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or

more witnesses to testify as to information that is not privileged and properly within the

scope of this Topic.

### Topic No. 19

The extent and ways in which the visual display products made by you or for you,
including outside of the U.S., are or have been marketed, sold, offered for sale, and/or
imported into the U.S., directly or indirectly, and by whom, since January 1, 2000.

### Objection and Response to Topic No. 19

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not

relevant to a claim or defense of any party, and is not reasonably calculated to lead to the

discovery of admissible evidence. Tatung also objects to this Topic to the extent that it

imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

## Topic No. 20

Communications and documents concerning you or visual display products made by you or for you, and any customer or company that sells visual display products in the U.S. or any brand of visual display products sold in the U.S., including, for example, meetings, visits, conferences, teleconferences, memoranda, and product road maps, since January 1, 2000.

## Objection and Response to Topic No. 20

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic as vague and ambiguous as to the terms "brand of visual display products," and "product road maps." Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible

LA 126698955v1 1/5/2007

evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 21

Communications and documents concerning the U.S. market, and consumer demands and preferences in the U.S. market, related to visual display products, since January 2000, including your employees, offices, and visits in or concerning the U.S.

### Objection and Response to Topic No. 21

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague, ambiguous, overly broad, and unduly

burdensome, as to the phrases "consumer demands and preferences in the U.S. market, related to visual display products," and "visits in or concerning the U.S." Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 22

All licenses, royalties, and/or technology transfer agreements that pertain to visual display products and/or mounting technologies used in visual display products to which you are a party, assignor, assignee, or beneficiary.

### Objection and Response to Topic No. 22

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested.

Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the term "mounting". Tatung also objects to this Topic as improper because it requires the interpretation of one or more claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome to the extent it seeks information regarding agreements to which Tatung is a "beneficiary." Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by

Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 23

The value to you of the Patents-in-Suit and the technology reflected in those Patents, assuming that the Patents are valid and infringed, and the methods by which you would determine such value, including all policies, practices and/or relevant factors you have used or deem relevant when negotiating the terms of any licenses, royalties and/or technology transfer agreements concerning visual display products and/or mounting technologies, since January 1, 2000.

### Objection and Response to Topic No. 23

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as premature to the extent is requires disclosure of

expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic as vague and ambiguous as to the terms "relevant" and "mounting." Tatung also objects to this Topic as improper because it requires the interpretation of one or more claim terms, including but not limited to "mounting." Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 24

All types of customer and product support that you have offered, provided, or contracted for concerning visual display products made, imported, or sold in the U.S., including, for example, product warranties and authorized service and repair providers, as well as any documents related to such customer and product support.

### Objection and Response to Topic No. 24

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any

party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 25

All conduct by you, and documents, concerning or encouraging the importation, sale, and/or offer for sale of visual display products made by or for you, by any customer or company that has imported or sold visual display products made by or for you since January 1, 2000, including, for example, contracts, negotiations, meetings, transactions, business relationships, rebates, subsidies for product advertising or promotion, and/or information sharing, between you and such customers and companies.

### Objection and Response to Topic No. 25

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the term "encouraging." Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the

United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers, including but not limited to "contracts, negotiations, meetings, transactions, business relationships, rebates, subsidies for product advertising or promotion, and/or information sharing" between Tatung and any of its customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 26

When and how you first became aware of each of the Patents-in-Suit, including, but not limited to, the date of your first actual notice or awareness of each of the Patents-in-Suit and from what source(s), and any patent searches by or for you that included or listed either of the Patents-in-Suit.

### Objection and Response to Topic No. 26

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, as seeking information protected by the attorney-client privilege or work product doctrine, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, for seeking information regarding "any patent searches by or for your that included or listed either of the Patents-in-Suit."

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 27

Your efforts to avoid infringing the Patents-in-Suit since the time that you first learned of the Patents-in-Suit, including, but not limited to, all attempts by or for you to obtain and rely on any advice of counsel, undertake any investigation or analysis, change or consider changing the design, mounting, or assembly concerning any visual display products including the flat panel display and/or flat panel display device and/or housing contained in the visual display products, or take any steps to exercise due care not to infringe.

## Objection and Response to Topic No. 27

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested.

Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "mounting," "flat panel display," "flat panel display device," and "housing." Tatung also objects to this Topic as improper because it requires the interpretation of claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it

seeks information regarding Tatung visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 28

Your efforts to gather and search for information and documents responsive to each of the discovery requests propounded on you by Plaintiff; including: the locations and sources searched; the persons interviewed and responsible; what was done to preserve and produce electronically stored information, documents, data, and visual display products, including, for example, discovery in the possession or control of Tatung, Tatung America, Andrew Sun, Renita Hill, Edward Chen, Mike Lee, Wen-Yen, Kuo Lin, Kuo-Yen Chen, Oliver Shih, Bryan Lin, David Wang, Hang Hui Hu, Huang Chin-Min, Kevin Ho, Tsyr-Huey ("Vincent") Lie, His-Ling ("Jamie") Yang, and S.Y. Tsai.

### Objection and Response to Topic No. 28

Tatung objects to this Topic as vague, overly broad, and unduly burdensome. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense

of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers. Tatung also objects to this Topic as overly broad and unduly burdensome and duplicative as seeking information regarding "discovery in the possession or control of... Tatung, Tatung America, Andrew Sun, Renita Hill, Edward Chen, Mike Lee, Wen-Yen, Kuo Lin, Kuo-Yen Chen, Oliver Shih, Bryan Lin, David Wang, Hang Hui Hu, Huang Chin-Min, Kevin Ho, Tsyr-Huey ("Vincent") Lie, His-Ling ("Jamie") Yang, and S.Y. Tsai" to the extent the information provided from other sources is duplicative.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 29

The persons knowledgeable and/or responsible regarding the assembly of your visual display products, including the methods used to mount and/or assemble flat panel displays and flat panel display devices with respect to such products; your relationships with customers and suppliers regarding visual display products; and the importation, sale, or offers to sell visual display products made by or for you in or to the United States since January 1, 2000, and documents concerning your organizational and departmental structure, hierarchy, and chain of command.

### Objection and Response to Topic No. 29

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the

discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "mount," "flat panel displays," "flat panel display devices," "departmental structure," and "hierarchy." Tatung also objects to this Topic as improper because it requires the interpretation of claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from

third parties. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 30

Your communications, including submissions from you, as well as to, from or with industry or market research firms since January 1, 2000, such as, for example, DisplaySearch, and/or your use of information or data compiled or disclosed by those industry research firms, concerning visual display products or any markets for visual display products.

### Objection and Response to Topic No. 30

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "industry or market research firms." Tatung also

objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding any use of information or data compiled or disclosed by those industry research firms. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding non U.S. markets for visual display products. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

DATED:  January 5, 2007

GREENBERG TRAURIG, LLP

By _____
STEVE P. HASSID
Attorney for Defendants,
TATUNG COMPANY OF AMERICA and
TATUNG COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007 a true copy of the foregoing **Defendant Tatung Company's Objections to Plaintiff LG.Philips, LCD Co., Ltd.'s Notice of Deposition of Tatung Company Pursuant to Federal Rule of Civil Procedure 30(b)(6)** was electronically mailed to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, suite 900
Wilmington, DE 19801

Jeffrey B. Bove
Jaclyn M. Mason
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

I hereby certify that on January 5, 2007 I have sent by e-mail the foregoing document to the following non-registered participants:

Cormac T. Connor
Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Tracy R. Roman
Raskin Peter Rubin & Simon
1801 Century Park East, 23rd Floor
Los Angeles, CA 90067

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

/s/ Steve Hassid
Steve Hassid
Attorney for Defendants,
Tatung Company of America and
Tatung Company