# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION,

Defendants.

CIVIL ACTION NO. 04-343

## AMENDED NOTICE OF DEPOSITION LG.PHILIPS LCD CO., LTD. PURSUANT TO RULE 30(b)(6) TOPICS 1-6

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), Defendant ViewSonic Corporation will take the deposition of LG.Philips LCD Co., Ltd. ("LPL") beginning on March 5, 2007 at 10:00 a.m. at the offices of Connolly Bove Lodge & Hutz LLP located at 1007 North Orange Street, Wilmington, Delaware 19899, or at such other time and/or place as counsel for all parties may agree in writing. The deposition will be conducted upon oral examination before a certified court reporter, notary public, or other person authorized by law to administer oaths. The deposition will continue from day to day until completed. The deposition will be recorded by videotape and stenographically, and may use technology that permits the real time display of the deposition transcript. Parties wishing to see the real time display must supply their own computer.

Pursuant to FRCvP 30(b)(6), LPL shall designate one or more officers, directors, agents or other representatives who consent to testify on its behalf, to testify as to matters known or reasonably available to LPL regarding the topics listed in the attached list of topics. To the

10417.1

extent more than one deponent is identified, LPL shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

CONNOLLY BOVE LODGE & HUTZ LLP

Dated: January 30, 2007

By: */s/ Jaclyn M. Mason*
    Jeffrey B. Bove, Esq. (#998)
    Jaclyn M. Mason, Esq. (#4737)
    The Nemours Building, 8th Floor
    1007 North Orange Street
    Wilmington, DE  19801
    Telephone:  (302) 658-9141
    Facsimile:  (302) 658-5614

    Scott R. Miller, Esq.
    355 South Grand Avenue, Suite 3150
    Los Angeles, CA  90071
    Telephone:  (213) 787-2500
    Facsimile:  (213) 687-0498

    *Attorneys for ViewSonic Corporation*

# EXHIBIT A
## DEPOSITION SUBJECT MATTERS

## I.    Definitions

1.    "ViewSonic" means Defendant ViewSonic Corporation and includes any and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

2.    "LPL" means Plaintiff LG. Philips LCD Co., Ltd. and includes any and all of its predecessors and successors-in-interest in its business, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

3.    "You," "Yours," and "Your" means LPL.

4.    The "'718 patent" shall mean and refer to United States Patent No. 6,498,718.

5.    The "'641 patent" shall mean and refer to United States Patent No. 6,501,641.

6.    The term "Asserted Patents" shall mean and refer to the '718 Patent and the '641 Patent, or any of them.

7.    The term "Counterpart," when used in reference to any patent, means any parent, continuation, continuation in part, divisional or other application or patent, pending, issued or abandoned, that claims priority, directly or indirectly, on or though any of the Asserted Patents or any patent through which any of the Asserted Patents claim priority, whether it be pending, issued or abandoned.

8.    The singular of a term includes the plural form and vice versa, except as the context may otherwise require; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "any" means "any and all;" the word "including" means "including without limitation."

9.    The term "document" is used in its customarily broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Evidence 1001 and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed or produced by any other mechanical, digital, or electronic process, including electronic mail, computer tapes, disks, ROM, CD-ROM, DVD, videotape or any other data storage media (whether or not in machine-readable form), whether or not asserted to be privileged or immune from discovery and whether master or original copy:  agreements; communications (including intra-company communications and communications between individual corporate respondents); correspondence; cablegrams, radiograms, telegrams, telexes, and telecopier; notes and memoranda, summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; diagrams and drawings; blueprints and other engineering drawings; foils; slides; negatives; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press, publicity, trade and product releases; drafts of, or original,

preliminary notes or marginal notations appearing on any document; other reports and records; computer tapes or cards, electronic mail and any other information-containing paper or medium. A draft or non-identical copy is a separate document within the meaning of this term.

10. "Things" means any tangible item, including, without limitation, models, prototypes and samples of any device or apparatus.

11. "Relate to" shall mean anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

12. "Patent Holder" shall mean any inventor, licensee and all assignees of the rights of any invention in any of the Asserted Patents and/or any Counterpart thereof.

13. "Communication" shall mean any transfer of information, ideas, opinions, or thoughts by any means, written, oral, electronic, or otherwise, at any time or place under any circumstances.

14. The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall also include all of the events set forth in each and every subdivision of 35 U.S.C. § 102, including, without limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

15. "Flat Panel Display Products" shall mean any product that uses, contains, or incorporates one or more LCDs, PDPs or FEDs, and includes by way of example flat screen computer monitors, lap top screens and flat screen televisions.

16. The term "LCD" shall mean any display which uses liquid crystals to form or create an image (regardless of the technology, *e.g.* active vs. passive matrix; MVA; IPS; TN, etc.). The terms "PDP" and "FED" shall be interpreted as

the terms PDP and FED are used in the specifications of the Asserted Patents and/or any Counterpart thereof.

17.    "LPL Product" shall mean any product marketed, sold, distributed and/or offered for sale which includes an LCD, PDP and/or FED and includes, without limitation, products referred to by LPL in its press release dated July 11, 2006 entitled "LG Philips LCD Reports Second Quarter Results" and/or the LPL press release dated July 25, 2006 entitled "LG Philips Wins Side-Mounting Patent Arbitration" and/or the depiction attached as Exhibit 1 hereto, each of which are or were posted on the LPL website and including any sample, prototype or developmental version of any of the foregoing.

18.    "Mounting Technology" shall mean the structures, devices and/or methods used to affix, assemble or secure an LCD, PDP, FED and/or an LPL Product within, on or to another structure including, without limitation, a Flat Panel Display Product.

19.    "Accused Products" shall mean any product, including without limitation, all products sold, offered for sale, imported, used, or made, by or on behalf of, any defendant which LPL asserts infringes or may infringe any of the Asserted Patents or any Counterpart thereof and also including those products identified by LPL in response to ViewSonic's Interrogatory Nos. 1, 3 and 4.

20.    The terms "concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

21.    Regardless of the tense employed, all verbs shall be read as applying to past, present and future as is necessary to make the phrase more, rather than less inclusive.

10417.1                                    6

**TOPICS FOR EXAMINATION**

**Topic No. 1**

a.      All methods and structures relating to an LCD, PDP, FED, LPL Product and/or a Flat Panel Display Product disclosed in the specifications of the Asserted Patents or any Counterpart thereof, and all prior art described therein;

b.      LPL's awareness, knowledge, and date and manner of acquisition of each Accused Product of any defendant including those products identified in response to ViewSonic's Interrogatory Nos. 1, 3 and 4;

c.      The structure of, and any methods or steps used to assemble, each of the ViewSonic products identified in response to any of ViewSonic's interrogatory nos. 1, 3 or 4;

d.      Any use of any inventions(s) disclosed in the Asserted Patents or any Counterpart thereof by LPL or any licensee of LPL;

e.      Any marking of any product by LPL or any licensees of any invention(s) disclosed in the specifications of the Asserted Patents or any Counterpart thereof and/or any patent relating to Mounting Technology; and

f.      The state of knowledge of the inventors and/or a person of ordinary skill in the art (i) on or about October 23, 1998, and/or (ii) at the time of conception and/or invention of each invention disclosed in the Accused Patents or any Counterpart thereof, in each case relating to LCDs, PDPs, FEDs, LPL Products, Flat Panel Display Products and/or Mounting Technology including, without limitation, those structures and/or methods disclosed in any of the Asserted Patents and/or any Counterpart thereof.

**Topic No. 2**

a.      The conception of each invention described or disclosed in the Asserted Patents and/or any Counterpart thereof;

    b.    Any corroboration of the conception of each invention described or disclosed in any of the Asserted Patents and/or any Counterpart thereof;

    c.    The reduction to practice of each invention described or disclosed in the Asserted Patents and/or any Counterpart thereof;

    d.    Any corroboration of the reduction to practice of each invention described or disclosed in the Asserted Patents and/or any Counterpart thereof;

    e.    The date of invention of each invention disclosed in the Accused Patents or any Counterpart thereof;

    f.    Any diligent behavior relating to each invention described or disclosed in the Asserted Patents and/or any Counterpart thereof between the date of conception and the date of reduction to practice and/or the effective filing date(s) of any US patent application disclosing each such invention, including but not limited to the design, development, testing, implementation, manufacture, and production of any component and/or product, and/or the simulation of the operation of any such component or product;

    g.    Any corroboration of the diligence between the date of conception, the date of reduction to practice for each invention and/or the effective filing date(s) of any US patent application disclosing each such invention described or disclosed in the Asserted Patents and/or any Counterpart thereof;

    h.    All written descriptions of each invention described or disclosed in the Asserted Patents and/or any Counterpart thereof; and

    i.    The actions and contributions of each inventor to each invention described or disclosed in the Asserted Patents and/or any Counterparts thereof.

### Topic No. 3

The efforts You took to gather and search for information and documents responsive to each of the Interrogatories and Document Requests of each of the

defendants, including the locations for responsive information and documents, the persons interviewed regarding the responsiveness of such information and documents, and the manner in which You searched for electronic information, documents or records including LPL's search of its electronic databases in responding to defendant's discovery requests.

### Topic No. 4

The statements contained in document nos. LPL 01557-1589.

### Topic No. 5

a.    The factual basis for the statements recited at col. 2, lines 41-58 of the '641 patent; and

b.    The statements contained in the Amendment filed on or about January 17, 2001 in the prosecution of the application that led to the '641 patent; including the factual information on which such statements were based.

### Topic No. 6

Documents relating to each topic in this notice; the present and/or last known custody and location of all documents relating to each topic in this notice; the destruction of any such documents; and the facts and circumstances surrounding said destruction.



EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2007, a true copy of the foregoing

**Amended Notice of Deposition of LG.Philips LCD Co., Ltd. Pursuant to Rule 30(b)(6)**

**Topics 1-6** was electronically filed with the Clerk of the Court using CM/ECF which will send

notification of such filing to the following and the document is available for viewing and

downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on the 30th day of January, 2007, I have sent by email the foregoing

document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067-2325

By: _/s/ Jaclyn M. Mason_____
     Jaclyn M. Mason (#4737)
     jmason@cblh.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

               Plaintiff,

      v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION

               Defendants.

CIVIL ACTION NO. 04-343

## AMENDED NOTICE OF DEPOSITION OF LG.PHILIPS LCD CO., LTD. PURSUANT TO RULE 30(b)(6) TOPICS 7-12

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), Defendant ViewSonic Corporation will take the deposition of LG.Philips LCD Co., Ltd. ("LPL") beginning on March 6, 2007 at 10:00 a.m. at the offices of Connolly Bove Lodge & Hutz LLP located at 1007 North Orange Street, Wilmington, Delaware 19899, or at such other time and/or place as counsel for all parties may agree. The deposition will be conducted upon oral examination before a certified court reporter, notary public, or other person authorized by law to administer oaths. The deposition will continue from day to day until completed. The deposition will be recorded by videotape and stenographically, and may use technology that permits the real time display of the deposition transcript. Parties wishing to see the real time display must supply their own computer.

Pursuant to FRCvP 30(b)(6), LPL shall designate one or more officers, directors, agents or other representatives who consent to testify on its behalf, to testify as to matters known or reasonably available to LPL regarding the topics listed in the attached list of topics. To the

10418.1

extent more than one deponent is identified, LPL shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

CONNOLLY BOVE LODGE & HUTZ LLP

Dated:  January 30, 2007

By:  */s/ Jaclyn M. Mason*
     Jeffrey B. Bove, Esq. (#998)
     Jaclyn M. Mason, Esq. (#4737)
     The Nemours Building, 8th Floor
     1007 North Orange Street
     Wilmington, DE  19801
     Telephone:  (302) 658-9141
     Facsimile:  (302) 658-5614

     Scott R. Miller, Esq.
     355 South Grand Avenue, Suite 3150
     Los Angeles, CA  90071
     Telephone:  (213) 787-2500
     Facsimile:  (213) 687-0498

     *Attorneys for ViewSonic Corporation*

**EXHIBIT A**

**DEPOSITION SUBJECT MATTERS**

**I.    Definitions**

1.    "ViewSonic" means Defendant ViewSonic Corporation and includes any and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

2.    "LPL" means Plaintiff LG. Philips LCD Co., Ltd. and includes any and all of its predecessors and successors-in-interest in its business, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

3.    "You," "Yours," and "Your" means LPL.

4.    The "'718 patent" shall mean and refer to United States Patent No. 6,498,718.

5.    The "'641 patent" shall mean and refer to United States Patent No. 6,501,641.

6.    The term "Asserted Patents" shall mean and refer to the '718 Patent and the '641 Patent, or any of them.

7.    The term "Counterpart," when used in reference to any patent, means any parent, continuation, continuation in part, divisional or other application or patent, pending, issued or abandoned, that claims priority, directly or indirectly, on or though any of the Asserted Patents or any patent through which any of the Asserted Patents claim priority, whether it be pending, issued or abandoned.

8.     The singular of a term includes the plural form and vice versa, except as the context may otherwise require; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "any" means "any and all;" the word "including" means "including without limitation."

9.     The term "document" is used in its customarily broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Evidence 1001 and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed or produced by any other mechanical, digital, or electronic process, including electronic mail, computer tapes, disks, ROM, CD-ROM, DVD, videotape or any other data storage media (whether or not in machine-readable form), whether or not asserted to be privileged or immune from discovery and whether master or original copy:  agreements; communications (including intra-company communications and communications between individual corporate respondents); correspondence; cablegrams, radiograms, telegrams, telexes, and telecopier; notes and memoranda, summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; diagrams and drawings; blueprints and other engineering drawings; foils; slides; negatives; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press, publicity, trade and product releases; drafts of, or original,

preliminary notes or marginal notations appearing on any document; other reports and records; computer tapes or cards, electronic mail and any other information-containing paper or medium. A draft or non-identical copy is a separate document within the meaning of this term.

10.    "Things" means any tangible item, including, without limitation, models, prototypes and samples of any device or apparatus.

11.    "Relate to" shall mean anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

12.    "Patent Holder" shall mean any inventor, licensee and all assignees of the rights of any invention in any of the Asserted Patents and/or any Counterpart thereof.

13.    "Communication" shall mean any transfer of information, ideas, opinions, or thoughts by any means, written, oral, electronic, or otherwise, at any time or place under any circumstances.

14.    The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall also include all of the events set forth in each and every subdivision of 35 U.S.C. § 102, including, without limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

15.    "Flat Panel Display Products" shall mean any product that uses, contains, or incorporates one or more LCDs, PDPs or FEDs, and includes by way of example flat screen computer monitors, lap top screens and flat screen televisions.

16.    The term "LCD" shall mean any display which uses liquid crystals to form or create an image (regardless of the technology, *e.g.* active vs. passive matrix; MVA; IPS; TN, etc.). The terms "PDP" and "FED" shall be interpreted as

the terms PDP and FED are used in the specifications of the Asserted Patents and/or any Counterpart thereof.

17.    "LPL Product" shall mean any product marketed, sold, distributed and/or offered for sale which includes an LCD, PDP and/or FED and includes, without limitation, products referred to by LPL in its press release dated July 11, 2006 entitled "LG Philips LCD Reports Second Quarter Results" and/or the LPL press release dated July 25, 2006 entitled "LG Philips Wins Side-Mounting Patent Arbitration" and/or the depiction attached as Exhibit 1 hereto, each of which are or were posted on the LPL website and including any sample, prototype or developmental version of any of the foregoing.

18.    "Mounting Technology" shall mean the structures, devices and/or methods used to affix, assemble or secure an LCD, PDP, FED and/or an LPL Product within, on or to another structure including, without limitation, a Flat Panel Display Product.

19.    "Accused Products" shall mean any product, including without limitation, all products sold, offered for sale, imported, used, or made, by or on behalf of, any defendant which LPL asserts infringes or may infringe any of the Asserted Patents or any Counterpart thereof and also including those products identified by LPL in response to ViewSonic's Interrogatory Nos. 1, 3 and 4.

20.    The terms "concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

21.    Regardless of the tense employed, all verbs shall be read as applying to past, present and future as is necessary to make the phrase more, rather than less inclusive.

**TOPICS FOR EXAMINATION**

Topic No. 7

a.    **VIEWSONIC HAS WITHDRAWN SUBTOPIC 7a. PER MEET AND CONFER.**

b.    **VIEWSONIC HAS WITHDRAWN SUBTOPIC 7b. PER MEET AND CONFER.**

c.    The rights of any Patent Holder in each invention described or disclosed in the Asserted Patents and/or any Counterparts thereof, including without limitation the chain of title from the named inventors to LPL of each of the Asserted Patents and/or any Counterpart thereof.

Topic No. 8

a.    The preparation and/or prosecution of each of the Asserted Patents and/or any Counterpart thereof;

b.    Communications to, from, between and/or with any patent office or similar authority to which any of the invention(s) described, disclosed and/or claimed in the Asserted Patents or any Counterpart thereof were disclosed including without limitation the U.S. Patent and Trademark Office and/or any other person, attorney or agent, concerning in any way any of the Asserted Patents and/or any Counterpart thereof, including but not limited to all documents or information presented to the Examiner of the applications that issued as the Asserted Patents and/or any Counterpart thereof and all notes or reports relating to, reflecting or evidencing any interview and/or communication with any Examiner;

c.    Any disclosure of actual or possible prior art to any patent office or similar authority during prosecution of each of the Asserted Patents and/or any Counterpart thereof, including without limitation any Information Disclosure Statements and/or PTO-1449 Forms submitted to the U.S. Patent and Trademark

Office, and the circumstances as to how and when LPL and/or the inventors, or their attorneys and/or agents for each of the Asserted Patents and/or any Counterpart thereof became aware of any cited or disclosed references;

    d.    Prior art to the inventions disclosed in each of the Asserted Patents and/or any Counterpart thereof, including any such prior art asserted by any person in any meeting, correspondence, document, presentation, or any court or patent office proceeding, or identified in any search by LPL or the inventors, applicants, assignees or their attorneys and agents for each of the Asserted Patents and/or any Counterpart thereof; and

    e.    The development and/or first use, first offer to sell, and/or first sale of any product, prototype, developmental version and/or simulation of a product that does or can achieve one or more of the objects of the invention recited in any of the Asserted Patents and/or any Counterpart thereof.

**Topic No. 9**

Your organizational structure, including but not limited to all persons involved in the evaluation, manufacture, marketing, distribution, importation, purchase, offering for sale and sale of any products which comprise or incorporate an LCD, PDP, FED and/or an LPL Product, and each person's and business entity's respective role and place in the chain of distribution of any products containing or relating to such display products.

**Topic No. 10**

    a.    The current and/or past ownership of any right, title or interest in each of the Asserted Patents and/or any Counterpart thereof, and any non-disclosure agreements, development agreements, ownership agreements, agreements to assign any rights, title or interest in the subject matter of the Asserted Patents and/or any

Counterpart thereof and any similar agreements, any funding agreements relating thereto, and/or agreements not to enforce the Asserted Patents and/or any Counterpart thereof and/or any technology and/or patents relating to Mounting Technology;

      b.    Any agreements between LPL and any other person or entity, concerning or covering (i) any Mounting Technology; and/or (ii) any product, prototype, developmental version and/or simulation of an LCD, PDP, FED and/or any LPL Product, or any component thereof which incorporates, performs, or achieves the subject matter and/or objects or advantages of the inventions disclosed and/or claimed in any of the Asserted Patents and/or any Counterpart thereof; and

      c.    Any agreements with DEC (Digital Equipment Corporation) regarding or covering any development of any technology related to Flat Panel Display Products including any technology related to affixing, attaching and/or securing an LCD, PDP, FED and/or LPL Product within, on or to another structure of any type including without limitation, a Flat Panel Display Product.

**Topic No. 11**

All details regarding the awareness of any of the inventors of the Asserted Patents and/or any Counterpart thereof, the attorneys who prepared and/or prosecuted the applications that led to the Asserted Patents and/or any Counterpart thereof, and anybody substantively involved in the preparation and/or prosecution of the applications that led to the Asserted Patents and/or any Counterpart thereof of any reference, patent, product, publication and/or prior art relating to Mounting Technology including, without limitation, the following:

      1.    Any reference, patent, product and/or publication identified by any defendant in response to any interrogatory propounded by LPL in this

action, including without limitation, any such reference, patent, publication or product identified by ViewSonic in response to LPL Interrogatory No. 8, including all supplements or amendments thereto;

    2.    Bang [USPN 6,191,937, and any Counterpart thereof];

    3.    Any reference to front mounting, side mounting and/or side mount patent (as used in LPL 01557-1589).

**Topic No. 12**

Documents relating any topic in this Notice; the present and/or last known custody and location of all such documents; the destruction of any such documents; and the facts and circumstances surrounding any such destruction.



EXHIBIT I

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2007, a true copy of the foregoing

**Amended Notice of Deposition of LG.Philips LCD Co., Ltd. Pursuant to Rule 30(b)(6)**

**Topics 7-12** was electronically filed with the Clerk of the Court using CM/ECF which will send

notification of such filing to the following and the document is available for viewing and

downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on the 30th day of January, 2007, I have sent by email the foregoing

document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067-2325

By: /s/ Jaclyn M. Mason
     Jaclyn M. Mason (#4737)
     jmason@cblh.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION

Defendants.

CIVIL ACTION NO. 04-343

## AMENDED NOTICE OF DEPOSITION OF LG.PHILIPS LCD CO., LTD. PURSUANT TO RULE 30(b)(6) TOPICS 13-18

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), Defendant ViewSonic Corporation will take the deposition of LG.Philips LCD Co., Ltd. ("LPL") beginning on March 7, 2007 at 10:00 a.m. at the offices of Connolly Bove Lodge & Hutz LLP located at 1007 North Orange Street, Wilmington, Delaware 19899, or at such other date and/or place as counsel for all parties may agree. The deposition will be conducted upon oral examination before a certified court reporter, notary public, or other person authorized by law to administer oaths. The deposition will continue from day to day until completed. The deposition will be recorded by videotape and stenographically, and may use technology that permits the real time display of the deposition transcript. Parties wishing to see the real time display must supply their own computer.

Pursuant to FRCvP 30(b)(6), LPL shall designate one or more officers, directors, agents or other representatives who consent to testify on its behalf, to testify as to matters known or reasonably available to LPL regarding the topics listed in the attached list of topics. To the

10419 1

extent more than one deponent is identified, LPL shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

CONNOLLY BOVE LODGE & HUTZ LLP

Dated:  January 30, 2007

By: */s/ Jaclyn M. Mason*
Jeffrey B. Bove, Esq. (#998)
Jaclyn M. Mason, Esq. (#4737)
The Nemours Building, 8th Floor
1007 North Orange Street
Wilmington, DE  19801
Telephone:  (302) 658-9141
Facsimile:  (302) 658-5614

Scott R. Miller, Esq.
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071
Telephone:  (213) 787-2500
Facsimile:  (213) 687-0498

*Attorneys for ViewSonic Corporation*

# EXHIBIT A
## DEPOSITION SUBJECT MATTERS

## I.    Definitions

1.    "ViewSonic" means Defendant ViewSonic Corporation and includes any and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

2.    "LPL" means Plaintiff LG. Philips LCD Co., Ltd. and includes any and all of its predecessors and successors-in-interest in its business, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

3.    "You," "Yours," and "Your" means LPL.

4.    The "'718 patent" shall mean and refer to United States Patent No. 6,498,718.

5.    The "'641 patent" shall mean and refer to United States Patent No. 6,501,641.

6.    The term "Asserted Patents" shall mean and refer to the '718 Patent and the '641 Patent, or any of them.

7.    The term "Counterpart," when used in reference to any patent, means any parent, continuation, continuation in part, divisional or other application or patent, pending, issued or abandoned, that claims priority, directly or indirectly, on or though any of the Asserted Patents or any patent through which any of the Asserted Patents claim priority, whether it be pending, issued or abandoned.

8.    The singular of a term includes the plural form and vice versa, except as the context may otherwise require; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "any" means "any and all;" the word "including" means "including without limitation."

9.    The term "document" is used in its customarily broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Evidence 1001 and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed or produced by any other mechanical, digital, or electronic process, including electronic mail, computer tapes, disks, ROM, CD-ROM, DVD, videotape or any other data storage media (whether or not in machine-readable form), whether or not asserted to be privileged or immune from discovery and whether master or original copy:  agreements; communications (including intra-company communications and communications between individual corporate respondents); correspondence; cablegrams, radiograms, telegrams, telexes, and telecopier; notes and memoranda, summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; diagrams and drawings; blueprints and other engineering drawings; foils; slides; negatives; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press, publicity, trade and product releases; drafts of, or original,

preliminary notes or marginal notations appearing on any document; other reports and records; computer tapes or cards, electronic mail and any other information-containing paper or medium. A draft or non-identical copy is a separate document within the meaning of this term.

10.    "Things" means any tangible item, including, without limitation, models, prototypes and samples of any device or apparatus.

11.    "Relate to" shall mean anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

12.    "Patent Holder" shall mean any inventor, licensee and all assignees of the rights of any invention in any of the Asserted Patents and/or any Counterpart thereof.

13.    "Communication" shall mean any transfer of information, ideas, opinions, or thoughts by any means, written, oral, electronic, or otherwise, at any time or place under any circumstances.

14.    The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall also include all of the events set forth in each and every subdivision of 35 U.S.C. § 102, including, without limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

15.    "Flat Panel Display Products" shall mean any product that uses, contains, or incorporates one or more LCDs, PDPs or FEDs, and includes by way of example flat screen computer monitors, lap top screens and flat screen televisions.

16.    The term "LCD" shall mean any display which uses liquid crystals to form or create an image (regardless of the technology, *e.g.* active vs. passive matrix; MVA; IPS; TN, etc.). The terms "PDP" and "FED" shall be interpreted as