# EXHIBIT 7

# Christenson, Cass

| | |
|---|---|
| **From:** | Christenson, Cass |
| **Sent:** | Wednesday, March 07, 2007 10:28 PM |
| **To:** | 'Tracy Roman' |
| **Cc:** | Frank Merideth; Scott Miller |
| **Subject:** | RE: Undesignated Topics |

Tracy:

Thank you for your recent email below.  Please note that your email is entirely incorrect in suggesting that I refused to identify any information for you.  That is simply untrue and I am puzzled by your meritless accusation. In any event, as I understand your email in response to my proposal, we have reached an agreement with the Defendants on these issues.  I appreciate Defendants' cooperation in resolving these issues.  Specifically, we agree:

1.  LPL will designate one or more witnesses, subject to its objections, for deposition at a mutually agreed time on Topics 15(a)(6), 15(b), 15(c), 21(a), 23(a), 24(i), 25(a), 25(b), 27(a), 27(d), and 28;

2.  LPL and Defendants will not designate Rule 30(b)(6) witnesses or call fact witnesses at trial to testify concerning the specific subject matter of  Defendants' Topics 24(f), 24(g), or 25(c), which address infringement contentions, validity / invalidity contentions, and the scope of the claims or the meaning of claim terms.  Of course, however, LPL may call at trial any inventors of the rearmount patents as those witnesses were deposed already and can properly testify as to any issues within the scope of their depositions.

3.   For disputed Topics 13(m), 13(n), 13(r), 13(w), we agree to treat those topics as part of the existing topics in the notice, identified by you as corollary topics, for which we have designated Mr. J. S. Kim.  You will depose Mr. Kim this week and he will address the topics for which he was previously designated.  You have not specified any additional information that you believe should be covered based on Topics 13(m), 13(n), 13(r), 13(w).  For disputed Topics 20(b), 21(b)(3), 21(b)(4), 23(b), and 23(c), you have already deposed Mr. Kim, LPL's designee, on the corollary topics, so these topics are now moot.

Nothing in our agreement changes in any way the time limits for any depositions of LPL's witnesses.

Regards,
Cass

---

**From:** Tracy Roman [mailto:TRoman@raskinpeter.com]
**Sent:** Sunday, March 04, 2007 8:31 PM
**To:** Christenson, Cass
**Cc:** Frank Merideth; Scott Miller
**Subject:** Undesignated Topics

Cass:

We have considered your proposal regarding the deposition topics for which LPL has not designated any witnesses.  In an effort to avoid unnecessary motion practice, we hope that a resolution can be reached.

We appreciate that LPL has agreed to designate one or more witnesses, subject to its objections, for topics 15(a)(6), 15(b), 15(c), 21(a), 23(a), 24(i), 25(a), 25(b), 27(a), 27(d), and 28 under the ViewSonic amended deposition notices.  We understand this deposition will also take place during the week of

March 19 – the dates we have mutually agreed to be in Washington for the completion of the LPL 30(b)(6) depositions. We look forward to receiving the identity of your designees for these topics five court days before then as the parties have agreed.

You indicated that LPL will not designate a witness on topics 24(f), 24(g), or 25(c) because LPL contends those topics seek legal conclusions and expert opinion/analysis. LPL therefore proposes that these issues will be addressed in the Markman briefing and expert discovery. As we have previously advised you, ViewSonic is willing to agree that LPL need not produce a witness on these topics so long as LPL also agrees not to put forth a witness in the case other than an outside retained expert to testify on any of the matters within the scope of these topics. Failing that, we cannot agree to your suggestion and must insist that LPL produce a witness to testify on these issues. LPL must likewise agree that ViewSonic can elect to either produce a witness or not to testify on similar topics noticed by LPL on the same conditions.

That leaves topics 13(m), 13(n), 13(r), 13(w), 20(b), 21(b)(3), 21(b)(4), 23(b), and 23(c) at issue. You stated that these topics appear to be duplicative and redundant to other topics, although you would not identify for me which topics these duplicated. We have again looked at these topics and do not believe they are duplicative. In the spirit of compromise, we propose that if you agree we can read each topic listed below (for which a witness has already been designated) to cover the corollary listed disputed topic, and that we can question the designated witness accordingly, then we can agree to eliminate a separate designee for the disputed topic. Thus, for example, you would agree we can read Topic 13(g) as properly noticed to cover the subjects listed in Topic 13(m) and we can question Mr. J.S. Kim as the designated witness based on this understanding.

| Disputed Topic | Corollary Topic |
| --- | --- |
| 13m | 13g |
| 13n | 13g |
| 13r | 13h and 13c |
| 13w | 13f |
| 20b | 20a. |
| 21b.3 | 21b.1 and 2 |
| 21b.4 | 21b.1 and 2 |
| 23b | 21b.1 and 2 |
| 23c | 21b.1 and 2 |

As you will recall, back in January ViewSonic attempted to address your concerns regarding duplicative topics by withdrawing a few topics and serving amended notices. We believe this proposed compromise should alleviate any remaining concern you might have while also ensuring that there is no dispute as to the subjects into which ViewSonic is allowed to inquire. We look forward to your early response so that we may properly examine Mr. J.S. Kim this week.

Regards,
Tracy

Tracy R. Roman
Raskin Peter Rubin & Simon, LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel:  310.277.0010
Fax:  310.277.1980