## RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL
(302) 651-7509
COTTRELL@RLF.COM

March 2, 2007

**BY E-MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

**REDACTED
PUBLIC VERSION**

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

In advance of the telephonic hearing scheduled for 11:00 EST today and in response to Mr. Kirk's letter of March 1, 2007 attaching certain correspondence concerning ongoing discovery discussions between Tatung and LPL, the Tatung Defendants respectfully submit a summary of the documents and information provided to LPL to assist Your Honor in evaluating the Tatung Defendants' compliance with their discovery obligations.

During the period from late January 2007 to the present, the Tatung Defendants have produced close to 10,000 pages of documents which include the following:

- Additional highly confidential Tatung America work instructions for *unaccused products*. Tatung America has produced all of the work instructions it could locate after performing a diligent search, including work instructions for sample products that have never been sold.
- Additional highly confidential Tatung exploded view drawings for *unaccused products*. Tatung has produced all of the exploded view drawings it could locate after performing a diligent search, including drawings for new products from this quarter (quarter 1, 2007).
- Highly confidential sales summaries from 2002 to the present containing model, price and quantity information for all of the visual display products identified in the Tatung Defendants' interrogatory responses. Notably, most of the sales data pertain to *unaccused products*.

RLF1-3121689-1

The Honorable Vincent J. Poppiti
March 2, 2007
Page 2

- Highly confidential Tatung CAD/CAM drawings of components for certain accused products.
- Additional highly confidential technical documents pertaining to certain accused products.
- Service manuals for certain accused products.
- Bills of materials/parts lists for certain accused products.
- Highly confidential OEM and ODM agreements with Tatung's customers.
- Documents relating to the Tatung Defendants' organizational structure.
- Tatung's annual reports.
- Highly confidential purchase orders, invoices and bills of lading for certain accused products.
- Highly confidential documents sufficient to identify the Tatung Defendants' customers and distributors.
- Highly confidential communications between Tatung and its customers regarding certain accused products.
- Brochures and advertisements.
- A correlation of Tatung model numbers to HP model numbers.
- Additional prior art related documents.

The documents identified above are responsive to a number of LPL Document Requests, including Nos. 6, 7, 10, 13, 15, 16, 25, 51, 52, 57, 59, 61, 62, 64, 65, 67, 68, 69 and 70.

In addition, the Tatung Defendants have served amended and supplemental interrogatory responses identifying, among other things, additional products and prior art.

The Tatung Defendants have made available for inspection, and LPL has examined, disassembled and photographed, more than 40 monitor and television products.

Tatung also has provided to LPL an amended chart which identifies the exploded view drawing(s) (by bates number(s)) that cover particular series or groups of products. All of the products identified in Tatung's amended and supplemental interrogatory responses have been categorized. Altogether, Tatung produced at least 66 drawings covering 307 products. (*See* Amended Chart at Exhibit A.) After performing a diligent search, Tatung was unable to locate drawings for three products.

Finally, Tatung will be producing today so-called "Process Flow Charts" for certain accused products.

It is important to remember that what the Tatung Defendants agreed to produce during

The Honorable Vincent J. Poppiti
March 2, 2007
Page 3

the parties' December 2006 meet and confers and during the January 2007 hearing were 1) documents sufficient for LPL to evaluate infringement; 2) sales summaries; and 3) additional documents pertaining to the three previously identified accused products. The Tatung Defendants have lived up to this agreement. Until November 2006, LPL had accused only one Tatung product of infringing the patents-in-suit. In November, LPL identified two additional accused products. *It was not until mid-January 2007 that LPL identified 14 additional accused products.* As a result, the Tatung Defendants have been forced to engage in piecemeal supplementations and are still in the process locating additional responsive documents pertaining to some of the newly identified accused products.

Because LPL now has all of the information it needs to evaluate infringement (including the amended categorization chart, the exploded view drawings and the work instructions for all products), the Tatung Defendants respectfully request that Your Honor set a deadline by which LPL must identify all allegedly infringing Tatung and Tatung America products.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III

FLC,III/afg
cc:   Clerk of Court (via CM/ECF)
      Richard Kirk, Esquire (via electronic mail)
      Cormac T. Connor, Esquire (via electronic mail)
      Lora Brzezynski, Esquire (via electronic mail)
      Mark Krietzman, Esquire (via electronic mail)
      Scott R. Miller, Esquire (via electronic mail)
      Jeffrey B. Bove, Esquire (via electronic mail)

RLF1-3121689-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2007 I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue #900<br>Wilmington, DE 19899 | Jeffrey B. Bove, Esquire<br>James Heisman, Esquire<br>Jaclyn M. Mason, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 |

I hereby certify that on March 9, 2007 I caused to be sent the foregoing document to the following non-registered participants in the manner indicated below:

| | |
|---|---|
| **VIA FEDERAL EXPRESS**<br>Gaspare J. Bono, Esquire<br>Rel S. Ambrozy, Esquire<br>Lora A. Brzezynski, Esquire<br>Cass W. Christenson, Esquire<br>McKenna Long & Aldridge LLP<br>1900 K Street, N.W.<br>Washington D.C. 20006 | **VIA FEDERAL EXPRESS**<br>Tracy R. Roman, Esquire<br>Raskin Peter Rubin & Simon LLP<br>1801 Century Park East, Suite 2300<br>Los Angeles, CA 90067<br><br>**VIA FEDERAL EXPRESS**<br>Scott R. Miller, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>355 South Grand Avenue<br>Suite 3150<br>Los Angeles, CA 90071 |

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
Gaza@rlf.com

RLF1-2967131-1