# THE BAYARD FIRM

A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
Zip Code For Deliveries: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

March 9, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

Plaintiff LG. Philips LCD Co., Ltd. ("LPL") respectfully requests that the Special Master extend the deadline for third party discovery in the referenced action in light of interference by Defendants Tatung Company and Tatung Company of America, Inc. (collectively "Tatung") with LPL's legitimate attempts to obtain necessary third party discovery. LPL also seeks an expedited hearing on this issue because the Special Master's next scheduled hearing, set for March 23, 2007, would not afford LPL sufficient time to conduct the remaining third party discovery after a decision is rendered on this motion.

On February 13 and 14, 2007, LPL served approximately 23 third party subpoenas ("Subpoenas") on various distributors, retailers, and purchasers of Defendants' products in the United States. The Subpoenas were issued based on LPL's understanding that these parties, who have current or former business relationships with Tatung and ViewSonic Corporation ("ViewSonic"), have documents that are relevant to the instant action, including but not limited to, documents related to purchase and sale of the infringing products in the United States, documents relating to Defendants' efforts to market the infringing products in the United States, and other important discovery concerning infringement, inducement, damages, and other issues. The Subpoenas seek documents and information related solely to the products at issue in this action. In addition, the Subpoenas requested that all documents be produced by March 5, 2007, and that depositions occur between March 12 and March 27, 2007, consistent with the March 30 deadline for third party discovery in this case. LPL provided notice and copies of the Subpoenas to the Defendants prior to the service of the Subpoenas.

During a telephone conference on January 30, 2007, Tatung indicated for the first time that it intended to file motions for protective orders with respect to one of the Subpoenas, which was directed to Hewlett-Packard, but Tatung never did so. More than one month later, on March 5, Tatung again threatened to file motions for protective orders. In addition, even though Tatung

**THE BAYARD FIRM**

The Honorable Vincent J. Poppiti<br>March 9, 2007<br>Page 2

had received the Subpoenas nearly three weeks earlier, Tatung indicated that some or all of such motions would be made on an *ex parte* basis because of the upcoming return dates on the Subpoenas, which incidentally was that same day. (*See* Ex. 1, Emails between V. Ho and C. Connor (Mar. 5-7, 2007).) In an exchange of emails, LPL strenuously objected to Tatung's position that it could file *ex parte* motions on any issue in the case, including any issues related to the third party subpoenas served by LPL. (*See id.*) In addition, LPL further reiterated its position that Tatung had no standing to raise objections to the Subpoenas. (*See id.*)

On March 8, 2007, LPL received several motions for protective order filed by Tatung. These motions were filed in the District of Oregon and the Western District of Washington in relation to the Subpoenas served on Planar Systems and Amazon.com, respectively. However, because Defendants have taken the position that they were permitted to file some such motions on an *ex parte* basis, it is unclear whether Tatung filed any other motions and contacted any other third parties, and if so, whether those parties are now withholding the requested discovery. As Tatung does not have standing to challenge the Subpoenas, Tatung is improperly interfering with LPL's legitimate attempts to obtain third party discovery.

Tatung does not have standing to raise any objections to LPL's Rule 45 subpoenas. Rule 45(c) provides protection to persons "subject to subpoenas." Indeed, "[u]nless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena *duces tecum* directed to a nonparty witness, the party to the action has no right to relief under Rule 45(b) or 30(b)." *Dart Industries, Inc. v. Liquid Nitrogen Processing*, 50 F.R.D. 286, 291 (D. Del. 1970); *see Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985) (denying motion to quash for lack of standing); *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (denying motion to quash because no showing of personal right or privilege); *Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York*, 519 F. Supp. 668, 680 (D. Del. 1981) (denying motion to quash because movant failed to prove documents sought were privileged). Here, Tatung has no basis to object to the information sought by LPL's subpoenas and, thus, does not have standing to move to quash any of LPL's subpoenas. As such, Tatung has evidently filed these motions solely to delay and impede LPL's discovery efforts.

Tatung's interference with valid third party discovery is inappropriate and is nothing more than an attempt to delay the third party discovery until after the March 30, 2007 discovery deadline. Indeed, on March 7, 2007, LPL received a telephone message from Sensormatic, who had previously agreed to produce the documents requested in the Subpoena. In that message, Sensormatic stated that Tatung told Sensormatic that it planned to move for a protective order. Sensormatic further expressed concern about being in the middle of the dispute between the parties regarding the Subpoena. Sensormatic has not produced documents yet. On March 8, 2007, LPL received correspondence from Tyco Electronics Corp. ("Tyco"), who LPL had also served with a Subpoena. (*See* Ex. 2.) Prior to that date, Tyco had also agreed to produce documents in response to the Subpoena. In the correspondence on March 8, however, Tyco stated that, "I understand that [Tatung] intends to file a motion for protective order with regard to this subpoena. In light of this, Tyco will await the disposition of this motion by the court before providing any material in response to the subpoena." (*Id.*) These communications clearly show that Tatung's motions are delaying LPL's legitimate discovery in this action. Because Tatung waited until now to file motions pertaining to subpoenas served almost one month ago, it is also

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
March 9, 2007
Page 3

clear that Tatung is using its motions as a way to prevent LPL from obtaining third party discovery prior to the March 30 deadline.

Tatung's disruptive communications with third parties is improper and disregards the Special Master's prior admonition about discovery misconduct. (Ex. 3, Report & Recomms. (Aug. 16, 2005) (D.I. 197) (imposing sanctions on Tatung).) Ultimately, after Your Honor reviewed Tatung's pattern of delay and discovery abuse, Tatung withdrew its jurisdictional defense. (*See generally id.*) LPL also asks that Your Honor take judicial notice of Tatung's prior but strikingly similar behavior in another case. *See Safer Display Technology, Ltd. v. Tatung Co.*, 227 F.R.D. 435 (E.D. Va. 2004) (copy attached hereto). In that case, which Your Honor referenced in the August 16, 2005 Report, (*see* Ex. 3 at 37-41), Tatung engaged in similar delays before it finally withdrew its jurisdictional defense. *See Safer Display*, 227 F.R.D. at 437. (*See generally* Ex. 4, Pl. Safer Display's Subm. Re: Tatung's Mot. For Leave to Withdraw Juris. Challenge.) Notably, in *Safer Display*, Tatung likewise had impeded third party discovery by contacting and attempting to dissuade third parties from producing discovery, (*see* Ex. 4 at 9-10), and filing motions for protective orders for which Tatung lacked standing, (*see id.* at 10-11).

Tatung should not now be permitted to interfere with and delay LPL's third party discovery until after the discovery deadline, at which point Tatung likely will argue that the discovery is untimely and that LPL can no longer obtain it. Such gamesmanship should not be permitted. As such, LPL respectfully requests an extension of time to conduct LPL's third party discovery. LPL also requests that the Special Master order Tatung to disclose a list of parties it has contacted and that Tatung provide notice to LPL of all motions filed in this action, including any filed improperly on an *ex parte* basis.

Respectfully submitted,

/s/ Richard D. Kirk
Richard D. Kirk (rk0922)


cc: Counsel as shown on the attached certificate

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 9, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on March 9, 2007, and will be sent by hand on March 9, 2007, and were sent by email on March 9, 2007, and will be sent by first class mail on March 9, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk