# EXHIBIT 1

# Connor, Cormac

| | |
|---|---|
| **From:** | HoV@GTLAW.com |
| **Sent:** | Wednesday, March 07, 2007 6:06 AM |
| **To:** | Connor, Cormac |
| **Cc:** | Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HassidS@gtlaw.com |
| **Subject:** | Re: 3/5 meet-and-confer |

Your suggestion that the Tatung Defendants have known about LPL's improper subpoenas since January is wrong. LPL did not serve its various batches of subpoenas until mid to late February. We never met and conferred regarding the subpoenas at issue in January because those subpoenas had not even been issued by LPL at the time. Your resentment aside, the record speaks for itself.

The case law you cite is irrelevant.

We will proceed with our motions.

Valerie Ho
--------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Connor, Cormac <cconnor@mckennalong.com>
To: Ho, Valerie W. (Shld-LA-LT)
Cc: Christenson, Cass <cchristenson@mckennalong.com>; Ambrozy, Rel <rambrozy@mckennalong.com>; Brzezynski, Lora <lbrzezynski@mckennalong.com>; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Hassid, Steve (Assoc-LA-IP); Ho, Valerie W. (Shld-LA-LT)
Sent: Tue Mar 06 08:49:18 2007
Subject: RE: 3/5 meet-and-confer

We obviously continue to disagree. LPL will not withdraw or modify its subpoenas as they are entirely proper and seek relevant material. Further, the subpoenas are not limited to discovery disputed by Tatung and seek substantial information that is separate and apart from any motions pending before the Special Master.


Also, your email was the second time yesterday that you insinuated that I am or LPL is somehow using the meet-and-confer process "merely as a delay tactic." As I told you during our call yesterday, I resent your baseless insinuation that I am or LPL is acting in bad faith, particularly as I have been asking you to provide legal authority to support your demands since at least our meet-and-confer on January 30, more than one month ago. Now, after your own delay and inaction, you are trying to use the press of our March 30 discovery deadline as an excuse to proceed against LPL on an ex parte basis. Further, although I specifically requested that you explain why Tatung thinks it should be permitted to file motions without first providing notice to LPL, you have not done so. (Your reference to the CDCA local rule concerning the formatting and process by which an ex parte submission is handled does not suffice.) Tatung is alone responsible for waiting so long to file the motions it has described and LPL rejects any suggestion that Tatung is entitled to proceed against any of LPL's subpoenas without providing LPL proper notice and an opportunity to be heard. If Tatung persists down this path, LPL will seek sanctions and all appropriate relief against Tatung.


As for the case citations that you have finally provided, I have reviewed your references and they are distinguishable from our situation in several ways. Tatung's position also is contrary to settled law. "Unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty witness, the party to the action has no right to relief under Rule 45(b) or

1

30(b)."  Dart Industries, Inc. v. Liquid Nitrogen Processing, 50 F.R.D. 286, 291 (D. Del. 1970); see Ponsford v. United States, 771 F.2d 1305, 1308 (9th Cir. 1985) (denying motion to quash for lack of standing); Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (denying motion to quash because no showing of personal right or privilege); Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York, 519 F. Supp. 668, 680 (D. Del. 1981) (denying motion to quash because movant failed to prove documents sought were privileged).  We do not find that Tatung has any basis to object to the information sought by LPL's subpoenas and, thus, we do not believe that Tatung has standing to move to quash any of LPL's subpoenas.


Further, you have generally objected that the subpoenas seek information that is confidential and not limited to U.S. products.  We believe that these objections are unfounded.  If you have a more specific proposal for narrowing certain issues, however, please let us know so that we can respond.


Cormac T. Connor

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756
email: cconnor@mckennalong.com

---

From: HoV@GTLAW.com [mailto:HoV@GTLAW.com]
Sent: Monday, March 05, 2007 4:52 PM
To: Connor, Cormac
Cc: Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HassidS@gtlaw.com
Subject: RE: 3/5 meet-and-confer


Dear Cormac,

During our meet and confer, you stated that you did not believe the Tatung Defendants have standing to bring motions for protective order in connection with the subpoenas issued by LPL to third party customers of the Tatung Defendants, which seek broad categories of confidential and trade secret information belonging to the Tatung Defendants that do not relate in any way to the accused products or patents-in-suit.  In response to your request that we provide authority on this issue, we agreed to do so with the understanding that LPL may reconsider its position upon reviewing the authorities provided.  Accordingly, in a good faith attempt to meet and confer and potentially obviate the need to file these motions (and in the hopes that LPL is not using the meet and confer process merely as a delay tactic), we agreed to provide you with the authorities requested on the condition that you inform us by the commencement of business (pacific time) tomorrow as to whether LPL will withdraw or narrow its subpoenas (as identified in my letter).

The authorities the Tatung Defendants are relying on include the following:  FRCP 26(c); Visto Corp. v. Smartner Information Systems, Ltd., 2007 WL 218771 (N.D. Cal. 2007); Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227 F.R.D. 374 (W.D. Pa. 2005); Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318 (Fed. Cir. 1990); and Joy Technologies, Inc. v. Flakt, Inc., 772 F.Supp. 842, 849 (D.Del. 1991).

If we do not receive confirmation tomorrow morning that LPL is withdrawing or narrowing its subpoenas, we will move forward with the motions/applications for protective order.

As I mentioned during our meet and confer, we will be filing the applications/motions in the courts from which the subpoenas were issued.  Due to the return dates of the subpoenas, the Tatung Defendants may not have sufficient time to file regularly noticed

motions under the relevant local rules, and as a result, may have to move on an ex parte basis. See, e.g., Central District of California Local Rule 7-19. We, of course, will provide LPL with the appropriate ex parte notice.

With respect to the issues raised in Cass' email from this weekend, I will respond separately as those issues are completely unrelated to the issues discussed during our meet and confer.

Valerie

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.



The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com <mailto:postmaster@gtlaw.com> .

---

From: Connor, Cormac [mailto:cconnor@mckennalong.com]
Sent: Monday, March 05, 2007 12:15 PM
To: Ho, Valerie W. (Shld-LA-LT)
Cc: Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Hassid, Steve (Assoc-LA-IP); Ho, Valerie W. (Shld-LA-LT)
Subject: 3/5 meet-and-confer


Following up on our 2 pm EST meet-and-confer call today, this email will confirm that you have agreed to provide LPL with legal authority supporting Tatung's stated intention to file motions for protective orders with respect to several of LPL's third party subpoenas. (To that end, you noted that Tatung would not be filing any motions concerning the subpoena issued to CTX.) You said that you would provide that authority within the hour and I agreed to respond as to whether LPL will change its position based on those authorities by approximately noon EST tomorrow.

Additionally, you stated that Tatung intends to file its motions in the relevant courts on an ex parte basis. As I stated on the call, LPL objects to Tatung's efforts to file these motions. If this is the route that Tatung intends to take, please be sure to include citations to legal authority that would support Tatung's filing its proposed motions on an ex parte basis. If, as it seems to be, Tatung's intention is to file these motions without notice to LPL, then LPL strenuously objects. LPL demands that Tatung provide LPL with notice of any motions that it files with respect to any issue in this case, including motions pertaining to third party subpoenas. If you refuse to do so, LPL will raise the matter with the appropriate courts and with the Special Master.

Finally, please let us know where Tatung stands with respect to the discovery deficiencies identified in Cass Christenson's March 4 email to you.

Cormac T. Connor

3

```
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756
email: cconnor@mckennalong.com
```

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.
------------------------------------------------------------

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

------------------------------------------------------------