# EXHIBIT 2

# Connor, Cormac

**From:** Klevens, Shari
**Sent:** Thursday, March 08, 2007 3:26 PM
**To:** REARMOUNT-MLA
**Subject:** FW: LG.Philips LCD Co., Ltd. v. Tatung, et al., C.A. No. 04-343-JJF

-----Original Message-----
From: Piraino, Russ [mailto:russ.piraino@tycoelectronics.com]
Sent: Thursday, March 08, 2007 3:06 PM
To: Klevens, Shari
Subject: RE: LG.Philips LCD Co., Ltd. v. Tatung, et al., C.A. No. 04-343-JJF

Shari:

I understand that Phillips intends to file a motion for protective order with regard to this subpoena. In light of this, Tyco will await the disposition of this motion by the court before providing any material in response to the subpoena. Thank you.

Russ Piraino

-----Original Message-----
From: Klevens, Shari [mailto:sklevens@mckennalong.com]
Sent: Thursday, March 01, 2007 3:27 PM
To: Piraino, Russ
Subject: LG.Philips LCD Co., Ltd. v. Tatung, et al., C.A. No. 04-343-JJF

Dear Russ:
This email is a follow up to our discussion this afternoon regarding Plaintiff LG.Philips LCD Co., Ltd.'s ("LG") third party subpoena
("Subpoena") to Tyco International, Ltd. ("Tyco") in the referenced action. I understand that your investigation related to the Subpoena has revealed that Tyco does not merely resell products purchased from Tatung and ViewSonic, but rather that any Tatung and/or ViewSonic products are incorporated into a limited number of custom-made products manufactured and sold by Tyco. I further understand that such purchases account for less than 1% of Tyco's overall products sold.
In light of the above, LG is willing to limit its document requests if Tyco is willing to fully comply with the Subpoena as limited to the
following:
1. A sales summary consisting of a printout from Tyco's sales database.
The summary should reflect the purchase price, brand name, model number, quantity, and sales price of the products sold by Tyco and a sales summary showing all of this information for the products purchased by Tyco from each defendant. These documents should also show the correlation between the Tatung or ViewSonic model number and Tyco's model numbers.
2. All contracts, supply agreements, and licenses between Tyco and Tatung or ViewSonic.
3. Documents related to the technical specifications, manufacturing, or assembly of Tatung and ViewSonic products, including any drawings and/or narrative descriptions of same.
4. Documents sufficient to identify OEMs or ODMs that manufactured Tyco's products incorporating visual display products manufactured by Tatung or Viewsonic, agreements or other documents that mention Tatung or ViewSonic between Tyco and any OEMs, and documents sufficient to show that Tatung or ViewSonic had knowledge of such agreements (such as correspondence with Tatung or ViewSonic).
5. Documents relating to product support or service on Tyco's visual display products provided by Tatung or ViewSonic through a warranty or otherwise, including documents reflecting warranties provided by Tatung or ViewSonic, and documents reflecting any type of repair assistance or help desk assistance, including setting up repair centers in the US.
As we discussed, we agree to extend Tyco's deadline for producing the requested documents until March 12, 2007. Further, after a review of the documents produced by Tyco in response to the Subpoena, we will determine whether a deposition, currently scheduled on March 19, will be necessary. We are hopeful that a deposition will not be required,

1

especially if we can obtain an affidavit from Tyco in lieu of deposition testimony.
Please contact me if you have any further questions.
Regards,
Shari


Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel 202.496.7612
fax 202.496.7756


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.