# CASE 2

Westlaw.

771 F.2d 1305                                                                                                    Page 1
771 F.2d 1305, 56 A.F.T.R.2d 85-5888, 85-2 USTC P 9689
**(Cite as: 771 F.2d 1305)**

▷

United States Court of Appeals,
Ninth Circuit.
William J. PONSFORD, Jr., Plaintiff/Appellant,
v.
UNITED STATES of America, and Mary C.
Romero, Charles Dietz, Robert Hernandez,
Thomas McCarthy, Donna Carroll, Agents and/or
Officers of the Internal Revenue
Service, Defendants/Appellees.
**No. 85-3538.**

Submitted Aug. 7, 1985 [FN*].

FN* Oral argument was waived at the
request of Appellant.

Decided Sept. 18, 1985.

Taxpayer moved to quash Internal Revenue Service
summonses issued in connection with investigation
of taxpayer's failure to file tax returns. The United
States District Court for the District of Alaska, James
A. von der Heydt, J., denied petition, and taxpayer
appealed. The Court of Appeals, Cynthia Holcomb
Hall, Circuit Judge, held that: (1) district court's
four-part inquiry under the governing *Powell* test is
predominately factual and its determination in that
regard is reviewed under the clearly erroneous
standard; (2) finding that bank summons was an
appropriate exercise of summons power was not
clearly erroneous; (3) taxpayer had no proprietary
interest in and lacked standing to quash summons
issued to his employer concerning employment
records; and (4) the 20-day period accorded a
taxpayer to institute proceedings to quash summons
issued to a third-party record keeper is jurisdictional.

Affirmed.

West Headnotes

**[1] Internal Revenue** ⬡⟿**4517**
220k4517 Most Cited Cases
In reviewing district court's decision regarding
enforcement of Internal Revenue Service
summonses, the reviewing court applies a functional
approach to mixed questions of law and fact, and if
the inquiry is essentially factual then concerns of
judicial administration and proximity of the district

court to the fact-finding process favor application of
the clearly erroneous standard, but if the inquiry
focuses on legal concepts and the policies underlying
those concepts then the primacy of the appellate court
in determining legal questions favors de novo review.
26 U.S.C.A. § § 7602, 7609.

**[2] Internal Revenue** ⬡⟿**4507**
220k4507 Most Cited Cases
In determining whether petition to quash an Internal
Revenue Service summons should be granted, the
court is guided by the four-part *Powell* test, under
which the district court determines whether the
investigation is conducted for limited purpose,
whether the material sought is relevant to that
purpose, whether IRS is already in possession of the
material sought and whether IRS has complied with
the applicable administrative requirements. 26
U.S.C.A. § § 7602, 7609.

**[3] Internal Revenue** ⬡⟿**4517**
220k4517 Most Cited Cases
In reviewing district court determination of motion to
quash Internal Revenue Service summons, questions
of intent are essentially factual in nature and review
of IRS's purpose for conducting an investigation is a
predominately factual question, and whether there is
relationship between the material sought and the
investigation and whether the IRS already has the
material sought are also factual inquiries; although
relevancy of material sought and question of IRS
compliance with administrative requirements present
some legal and policy concerns, such does not detract
from conclusion that district court's inquiry under the
four-part *Powell* test is predominately factual and
subject to review under the clearly erroneous
standard. 26 U.S.C.A. § § 7602, 7609.

**[4] Internal Revenue** ⬡⟿**4517**
220k4517 Most Cited Cases
District court's decision not to address certain IRS
summonses which were issued while motion to quash
prior summonses was pending involved questions of
subject matter jurisdiction and statutory interpretation
which were reviewed de novo. 26 U.S.C.A. § §
7602, 7609.

**[5] Internal Revenue** ⬡⟿**4500**
220k4500 Most Cited Cases
(Formerly 220k4600)
District court finding that IRS summons issued to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

771 F.2d 1305
771 F.2d 1305, 56 A.F.T.R.2d 85-5888, 85-2 USTC P 9689
**(Cite as: 771 F.2d 1305)**

Page 2

bank was an appropriate exercise of IRS's summons power was not clearly erroneous where IRS submitted affidavits indicating that summons was issued in compliance with the four-part *Powell* factors, taxpayer's major response to such prima facie showing was assertion that IRS lacked jurisdiction over him and he presented no evidence to refute IRS's evidence of compliance with the *Powell* factors. 26 U.S.C.A. § § 7602, 7609.

**[6] Internal Revenue** 🗝️**4517**
220k4517 Most Cited Cases
In spite of district court's apparent oversight in failing to discuss IRS summons issued to taxpayer's employer in ruling on petition to quash that summons and summons issued to bank, the order was one denying the petition and appealable as a final order; final judgment and enforcement order purported to deny the petition and there was no indication that the court contemplated any further proceedings regarding the employer's summons. 26 U.S.C.A. § 7609(h)(1).

**[7] Internal Revenue** 🗝️**4499**
220k4499 Most Cited Cases
An employer is not a "third-party recordkeeper" for purposes of special procedures for third-party Internal Revenue Service summonses; moreover, employment records kept by employer were not the type of records contemplated by the special procedure statute. 26 U.S.C.A. § 7609(a)(3).

**[8] Internal Revenue** 🗝️**4507**
220k4507 Most Cited Cases
Where taxpayer had no proprietary interest in records sought by Internal Revenue Service summons, he lacked standing to quash the summons; taxpayer had no proprietary interest in employment record prepared by employer and lacked standing to quash IRS summons against employer. 26 U.S.C.A. § 7602.

**[9] Internal Revenue** 🗝️**4507**
220k4507 Most Cited Cases
The 20-day period accorded a taxpayer to bring proceeding to quash IRS summons issued to third-party record keeper is jurisdictional; the 20-day limit must be strictly construed because it is condition precedent to the waiver of sovereign immunity. 26 U.S.C.A. § 7609(b)(2)(A), (h)(1).
**\*1306** William J. Ponsford, Jr., Juneau, Alaska, for plaintiff/appellant.

John P. Griffin, Dept. of Justice, Washington, D.C., for defendants/appellees.

Appeal from United States District Court for the District of Alaska.

Before: WRIGHT, POOLE, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Plaintiff-appellant William J. Ponsford challenges the district court's refusal to quash five Internal Revenue Service (IRS) summonses issued under 26 U.S.C. § 7602 [FN1] in connection with an investigation of Ponsford's failure to file tax returns for the years 1977 through 1982. We affirm.

> FN1. Subsequent citation to the Internal Revenue Code, Title 26 U.S.C., by section number only.

**BACKGROUND**

On February 28, 1984 summonses were issued to B.M. Behrends Bank (Behrends Bank), and Rhine Stone & Plastering Co. (Rhine Stone) to produce certain documents and records for use in the IRS investigation. **\*1307** On March 19, 1984, Ponsford filed a petition to quash these two summonses. The IRS's response to Ponsford's motion to quash explained the IRS's purpose in issuing the Behrends Bank summons, the relevancy of the material sought to the Ponsford investigation, and attested that the IRS had complied with administrative requirements and did not have the materials sought in its possession. The response contained no such information as to the Rhine Stone summons.

On April 23, 1984, while the motion to quash was still pending, summonses were also issued to the National Bank of Alaska, The First National Bank of Anchorage, and the Fedalaska Credit Union (hereinafter the "April 23 summonses"). On June 19, 1984, Ponsford filed a reply to the government's response to the petition to quash which included a request that the district court address the April 23 summonses as part of the action before it.

The district court, without discussion, denied Ponsford's request to consider the April 23 summonses. The district court also denied Ponsford's petition to quash. The district court's order spoke exclusively to the Behrends Bank summons, although Ponsford's petition addressed the Behrends Bank and Rhine Stone summonses. In ruling on the Behrends Bank summons the district

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

771 F.2d 1305                                                                                                                    Page 3
771 F.2d 1305, 56 A.F.T.R.2d 85-5888, 85-2 USTC P 9689
(Cite as: 771 F.2d 1305)

court found that the IRS had met its burden of establishing the legitimacy of the investigation and the relationship between the materials sought and the investigation. The district court also noted that Ponsford's assertion that the IRS lacked jurisdiction over him was frivolous. Ponsford filed a timely appeal.

## STANDARD OF REVIEW

[1] We have previously held that a district court's decision to enforce IRS summonses will not be disturbed unless the district court's finding that the summonses were issued for a proper purpose was clearly erroneous or the district court applied an incorrect legal standard in reaching its conclusion. _United States v. Stuckey,_ 646 F.2d 1369, 1373 (9th Cir.1981), cert. denied, 455 U.S. 942, 102 S.Ct. 1436, 71 L.Ed.2d 653 (1982). See also _United States v. LaSalle National Bank,_ 437 U.S. 298, 319 n. 21, 98 S.Ct. 2357, 2368 n. 21, 57 L.Ed.2d 221 (1978); _United States v. Goldman,_ 637 F.2d 664, 666 (9th Cir.1980). This court has since revised its approach to standard of review questions. _United States v. McConney,_ 728 F.2d 1195 (9th Cir.1984) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Under _McConney_ we apply a functional approach to mixed questions of law and fact which "focuses on the nature of the inquiry required when we apply the relevant rule of law to the facts." _Id._ at 1204. If the inquiry is "essentially factual" then concerns of judicial administration and the proximity of the district court to the fact-finding process favor application of the clearly erroneous standard. _Id._ at 1202. On the other hand, if the inquiry focuses on legal concepts and the policies underlying those concepts then the primacy of the appellate court in determining legal questions favors _de novo_ review. _Id._

[2][3] In determining whether a petition to quash should be granted, the court is guided by the four-part test first enunciated by the Supreme Court in _United States v. Powell,_ 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-255, 13 L.Ed.2d 112 (1964). See _La Mura v. United States,_ 765 F.2d 974, 977 n. 2 (11th Cir.1985) (substantive law applicable to IRS summons remains the same after 1982 procedural changes); _United States v. Samuels, Kramer and Co.,_ 712 F.2d 1342, 1344-45 (9th Cir.1983). Under this test the district court determines: (1) whether the investigation is conducted for a legitimate purpose; (2) whether the material sought is relevant to that purpose; (3) that the IRS is not already in possession of the material sought; and (4) and that the IRS has complied with

the applicable administrative requirements. _Powell,_ 379 U.S. at 57-58, 85 S.Ct. at 254-255. In _McConney_ this court recognized that questions of intent are " 'essentially factual' " in nature. 728 F.2d at 1203 (quoting _Pullman-Standard v. Swint,_ 456 U.S. 273, 288, 102 S.Ct. 1781, 1790, 72 L.Ed.2d 66 (1982)). **\*1308** Similarly, review of the IRS's purpose for conducting an investigation under _Powell_ is a predominately factual question. Whether there is a relationship between the material sought and the investigation, and whether the IRS already has the material that it is seeking in its possession are also factual inquiries. We recognize that the relevancy of the material sought and the question of IRS compliance with administrative requirements present some legal and policy concerns, but we do not think that this detracts from our conclusion that the district court's inquiry under _Powell_ is predominately factual. See _LaSalle National Bank,_ 437 U.S. at 317-18 n. 19, 98 S.Ct. at 2368 n. 19 ("dispositive question" under _Powell_ test is whether the IRS "is pursuing the authorized purposes in good faith"). The functional approach of _McConney,_ like our previous decisions, dictates that district court enforcement decisions regarding IRS summonses be reviewed under the clearly erroneous standard.

[4] The district court's decision not to address the April 23 summonses involved questions of subject matter jurisdiction and statutory interpretation which we review _de novo._ _Clayton v. Republic Airlines, Inc.,_ 716 F.2d 729, 730 (9th Cir.1983) (subject matter jurisdiction); _Southeast Alaska Conservation Council, Inc. v. Watson,_ 697 F.2d 1305, 1309 (9th Cir.1983) (statutory interpretation).

## DISCUSSION

I. The Behrends Bank Summons.

[5] Applying the _Powell_ standard outlined above, the district court found that the Behrends Bank summons was an appropriate exercise of the IRS's summons power under § 7602. This finding is not clearly erroneous.

The IRS submitted affidavits indicating that the Behrends Bank summons was issued in compliance with the four _Powell_ factors. This is the normal method by which the IRS makes a _prima facie_ showing that it has issued the summons in good-faith. See _Samuels, Kramer and Co.,_ 712 F.2d at 1344-45. Ponsford's major contention in response to the IRS's _prima facie_ showing was his claim that the IRS lacked jurisdiction over him. He presented no

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

771 F.2d 1305
771 F.2d 1305, 56 A.F.T.R.2d 85-5888, 85-2 USTC P 9689
(Cite as: 771 F.2d 1305)

Page 4

evidence to refute the IRS's evidence of compliance with the *Powell* factors.  Given the IRS affidavits and the limited response by Ponsford, the district court's enforcement order was not clearly erroneous.

## II. The Rhine Stone Summons.

[6][7][8] The district court, apparently through oversight, did not discuss the Rhine Stone summons in ruling on the petition to quash. [FN2] The record before us contains no evidence of the IRS's compliance with the *Powell* factors in issuing the Rhine Stone summons.  On appeal the IRS argues that the district court's order can be affirmed because the district court lacked subject matter jurisdiction to review the petition to quash as it related to the Rhine Stone summons.  We agree.

> FN2. In spite of this apparent oversight by the district court we conclude that the district court's order was an "order denying the petition" and therefore appealable to this court as a final order under § 7609(h)(1). The district court's final Judgment and Enforcement Order purports to deny the petition.  There is no indication that the district court contemplated any further proceedings regarding the Rhine Stone summons.

An employer is not a third party recordkeeper for purposes of § 7609(a)(3).  *United States v. Brewer,* 681 F.2d 973, 975 (5th Cir.1982).  Moreover, the employment records kept by Rhine Stone are "not the type of records contemplated by 26 U.S.C. § 7609."  *United States v. Income Realty and Mortgage, Inc.,* 612 F.2d 1224, 1226 (10th Cir.1979) *cert. denied,* 446 U.S. 952, 100 S.Ct. 2918, 64 L.Ed.2d 809 (1980).  Where the taxpayer has no proprietary interest in the records sought, he lacks standing to quash the summons.  *Cf. Donaldson v. United States,* 400 U.S. 517, 530-31, 91 S.Ct. 534, 542-43, 27 L.Ed.2d 580 (1971) (permissive intervention in enforcement action);  **\*1309***Income Realty and Mortgage,* 612 F.2d at 1226 (same). [FN3] Since the district court lacked jurisdiction to determine the validity of the Rhine Stone summons, its failure to address the summons has no effect on this appeal.

> FN3. This case is distinguishable from our recent decision in *Wang v. United States,* 757 F.2d 1000 (9th Cir.1985).  In *Wang* the records at issue were prepared by the taxpayer and turned over to his tax preparer.  *Id.* at 1001-02.  We rejected appellants'

permissive intervention claim finding no abuse of discretion.  *Id.* at 1004.  Here, Ponsford asserted no claim to permissive intervention.  Additionally, the records sought are employment records prepared by Rhine Stone.  Thus, Ponsford has no proprietary interest and lacks standing to quash the summons against Rhine Stone.

## III. The April 23 Summonses.

[9] When an IRS summons is issued to a third party recordkeeper as defined in § 7609(a)(3), the taxpayer, as a person "entitled to notice of a summons" under § 7609(a), has twenty days from the date of notice to bring a proceeding to quash the summons.  § 7609(b)(2)(A).  Ponsford failed to meet this requirement because he made no attempt to quash the April 23 summonses until his June 19, 1984 motion to address these summonses as part of the pending action.

The IRS argues that the twenty-day filing requirement of § 7609(b)(2)(A) is jurisdictional. We agree.  Several district courts have addressed this issue and found the twenty-day limit jurisdictional. *See, e.g., Fogelson v. United States,* 579 F.Supp. 573, 574 (D.Kan.1983); *Grisham v. United States,* 578 F.Supp. 73, 74 (S.D.N.Y.1983); *Bilodeau v. United States,* 577 F.Supp. 234, 235 (D.N.H.1983); *Riggs v. United States,* 575 F.Supp. 738, 741-42 (N.D.Ill.1983).  The essence of these decisions is that the twenty-day limit must be strictly construed because it is a condition precedent to the waiver of sovereign immunity.  We agree with the reasoning of these courts to this effect, and conclude that a district court does not have jurisdiction under § 7609(h)(1) where the plaintiff has failed to comply with the twenty-day filing requirement of § 7609(b)(2)(A). Since Ponsford did not attempt to quash the April 23 summonses within the twenty-day period we affirm the district court's decision not to review the April 23 summonses.

AFFIRMED.

771 F.2d 1305, 56 A.F.T.R.2d 85-5888, 85-2 USTC P 9689

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.