# CASE 3

Westlaw.
220 F.R.D. 238                                                                                                                Page 1
220 F.R.D. 238, 2004 Copr.L.Dec. P 28,809
(Cite as: 220 F.R.D. 238)

H

Motions, Pleadings and Filings

United States District Court,
S.D. New York.
NOVA PRODUCTS, INC., Plaintiff,
v.
KISMA VIDEO, INC., et al., Defendants.
Devils Films, Inc., Plaintiff,
v.
Kisma Video, Inc., et al., Defendants.
Nova Products, Inc., Plaintiff,
v.
610 Video Store, et al., Defendants.
West Coast, Inc., Plaintiff,
v.
557 Video, Inc., et al., Defendants.
Nos. 02 Civ.3850(HB)(RLE), 02
Civ.6277(HB)(RLE), 03 Civ.3379(HB)(RLE), 03
Civ.4259(HB)(RLE).

March 26, 2004.

**Background:** Adult film producer brought action for copyright infringement, false designation of origin, and unfair competition against various sellers and alleged distributors and producers of adult films.

**Holdings:** On defendants' motion for leave to serve a third-party summons and complaint, and motion to quash subpoena issued to nonparty, the District Court, Ellis, United States Magistrate Judge, held that:
(1) defendant video store would be granted leave to implead distributor as third-party defendant, and
(2) there was no compelling reason to quash subpoena issued to nonparty arbitration association.
Motion to serve third-party complaint granted; motion to quash denied.

West Headnotes

[1] Federal Civil Procedure 283
170Ak283 Most Cited Cases
The decision to permit a defending party to implead a third-party defendant rests in the trial court's discretion. Fed.Rules Civ.Proc.Rule 14(a), 28 U.S.C.A.

[2] Federal Civil Procedure 282
170Ak282 Most Cited Cases
The underlying principle behind impleader is to promote judicial efficiency by permitting the adjudication of several claims in a single action, and thus to eliminate circuitous, duplicative actions. Fed.Rules Civ.Proc.Rule 14(a), 28 U.S.C.A.

[3] Federal Civil Procedure 281
170Ak281 Most Cited Cases
Generally, timely motions for leave to implead third parties should be freely granted unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim. Fed.Rules Civ.Proc.Rule 14(a), 28 U.S.C.A.

[4] Federal Civil Procedure 281
170Ak281 Most Cited Cases
Relevant factors in determining whether to grant leave to implead include: (1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would unduly delay or complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the third-party complaint states a claim upon which relief can be granted. Fed.Rules Civ.Proc.Rule 14(a), 28 U.S.C.A.

[5] Copyrights and Intellectual Property 81
99k81 Most Cited Cases
Adult video store which was sued for copyright infringement would be granted leave to implead distributor as third-party defendant based on allegations that if it were held liable to plaintiff, it would have breach of contract claims against distributor; although impleading a party would add another layer of complexity to multi-party proceeding, the period for discovery was not yet complete, and discovery regarding any agreement between defendant and distributor would likely not be significant. Fed.Rules Civ.Proc.Rule 14(a), 28 U.S.C.A.

[6] Witnesses 9
410k9 Most Cited Cases
A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right. Fed.Rules Civ.Proc.Rule 45(c)(3), 28 U.S.C.A.

[7] Witnesses 16

410k16 Most Cited Cases
Defendants' motion to quash subpoena issued to nonparty arbitration association would be denied, notwithstanding defendants' contention that subpoena which sought production of documents concerning dispute that was currently in arbitration intruded on right to keep personal financial affairs confidential, where defendants included no evidence to show that the arbitration was meant to be private or confidential in any manner. Fed.Rules Civ.Proc.Rule 45(c)(3), 28 U.S.C.A.

*239 Jules D. Zalon, Maplewood, NJ, for Nova Products, Inc. and Devils Films, Inc.

Allan B. Gellbard, Lawrence N. Weiss, Pantaleoni & Weiss, LLP, New York City, for West Coast Productions, Inc.

Lawrence W. Rader, New York City, for Kisma Video, Inc., Nectar Video, Don Y. Jayasuriya and John Does, 1-20.

Sheldon Eisenberger, New York City, for 557 Video, Inc., Shlomo Cohen, Yitshak MalkaShan Goonetilleke, #1 Video Center, X-Lent Video, 725 Video, Inc., and Sureka Perera Goonetilleke.

Frederick H. Mandel Mandel, Maloof, Lebowitz, Connahan & Oleske, New York City, *240 Sheldon Eisenberger, New York City, for 610 Video, Robert Malka and Eyal Malka.

## MEMORANDUM OPINION & ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Devils Films, Inc. ("Devils Films") brought an action for copyright infringement, false designation of origin under 15 U.S.C. § 1125(a), and unfair competition against various sellers and alleged distributors and producers of adult films. The case, *Devils Films, Inc. v. Kisma Video, et al.*, 02 Civ. 6277, was subsequently consolidated with three others pending in this court: *Nova Products, Inc. v. Kisma Video, Inc.*, 02 Civ. 3850; *Nova Products, Inc. v. 610 Video Store*, 03 Civ. 3379; and *West Coast, Inc. v. 557 Video, Inc*, 03 Civ. 4259. Defendants 610 Video Store, Inc., Eyal Malka, and Robert Malka ("610 Video") seek leave to serve a third-party summons and complaint upon Yocko Distributors, Inc. ("Yocko"). In addition, defendants Shan Goonetilleke and Don Y. Jayasuriya ("Goonetilleke and Jayasuriya") seek to quash a subpoena issued by Devils Films to the nonparty American Arbitration Association ("AAA"). For the reasons discussed below, 610 Video's motion is **GRANTED**, and Goonetilleke and Jayasuriya's motion is **DENIED**.

### II. DISCUSSION
### A. MOTION TO IMPLEAD YOCKO

Devils Films alleges that defendants sold illegal duplicate videos of films that infringe upon and damage its business. *See* Plaintiff's Second Amended Complaint. 610 Video denies that it sold any illegal videos but alleges that, if it did, it unknowingly received them from Yocko. *See* Affirmation in Support of Motion for Leave to Serve Third-Party Summons and Complaint at 2 ("Def.Aff."). It asserts that if it is held liable to Devils Films, it would have breach of contract claims against Yocko, *see* Def. Aff. at 2 ("[i]f the videos were, indeed, bootleg versions then Yocko breached a purchase and sales agreement with 610 Video and/or misrepresented critical facts"), and would be indemnified by it. *Id.* Devils Films opposes the motion, countering that there exist no factual bases for 610 Video's allegations and that adding Yocko would delay resolution of the case. Declaration of Counsel in Opposition to 610 Video Defendants' Motion for Leave to Serve Third Party Complaint at 1.

[1][2][3][4] Federal Rule of Civil Procedure ("Rule") 14(a) permits a defending party to implead a person not a party to the action who is or may be liable to the defending party for any part of the plaintiff's claims. The defending party must obtain leave on motion to implead a third party if sought more than 10 days after serving the original answer, as in the current case. Fed. R. Civ. P. 14(a). The decision to permit a defending party to implead a third-party defendant rests in the trial court's discretion. *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir.1984). The underlying principle behind impleader is to promote judicial efficiency by permitting the adjudication of several claims in a single action, and thus to eliminate "circuitous, duplicative actions." *Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 458-59 (S.D.N.Y.1984); *see also Dery v. Wyer*, 265 F.2d 804 (2d Cir.1959). As a general matter, "timely motions for leave to implead third parties should be freely granted"... "unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Shafarman*, 100 F.R.D. at 459. Relevant factors in determining whether to grant leave to implead include: (i) whether the movant deliberately delayed or was derelict in filing the

motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted. Too, Inc. v. Kohl's Dep't Stores, Inc., et al., 213 F.R.D. 138, 140 (S.D.N.Y.2003).

[5] As noted above, this case has recently been consolidated with three others pending in this court. Impleading a party would add another layer of complexity to this multi-party proceeding. The period for discovery is not yet complete and the case is currently *241 not scheduled for trial until November 2004, however. Discovery regarding any agreement between 610 Video and Yocko should not be significant. In addition, the Court cannot find on the submissions before it that 610 Video's proposed third-party complaint is plainly without factual and legal merit. 610 Video's motion seeking leave to serve a third-party summons and complaint is **GRANTED.**

### B. MOTION TO QUASH THE SUBPOENA OF AAA

Goonetilleke and Jayasuriya seek to quash a subpoena issued by Devils Films to the AAA. Rule 45(c)(3) directs a court to quash a subpoena if, among other factors, it "requires disclosure of privileged or other protected matter" to which "no exception or waiver applies." It also allows a court to quash, modify, or condition a subpoena that "requires disclosure of a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B). Goonetilleke and Jayasuriya state that the nonparty subpoena at issue here calls for the production of documents from a private dispute that is currently in arbitration between Goonetilleke and Jayasuriya regarding ownership of one of the defendant corporations. See Defendants' Memorandum of Law in Support of Motion to Quash Subpoena ("Def. Mem.") at 1. Though Goonetilleke and Jayasuriya claim that the information at issue is "proprietary and confidential," they do not assert any privilege. Id. at 2-3. They also concede that there will be no exposure of trade secrets, and provide no evidence why a dispute about ownership of a corporation would constitute confidential research, development, or commercial information. Id. Thus, there is no compelling reason to quash this subpoena.

[6][7] Moreover, a party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right. See Carrion v. City of New York, 2002 WL 523398, *1 n. 1 (S.D.N.Y. Apr.8, 2002); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1994). Because the subpoena allegedly touches upon their personal financial affairs, Goonetilleke and Jayasuriya assert that they have standing to quash this subpoena as an intrusion on a personal right. Def. Mem. at 2-3. They cite cases where courts found standing to quash subpoenas directed towards personal bank or brokerage accounts to argue that, by analogy, their AAA arbitration should be treated as a confidential personal financial affair. See, e.g., Sierra Rutile Ltd v. Shimon Y. Katz, 1994 WL 185751, at *2, 1994 U.S. Dist. LEXIS 6188, *6-7 (S.D.N.Y. May 11, 1994)(parties had "sufficient privacy interest" in confidentiality of personal bank and brokerage records to establish standing to challenge subpoenas); Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y.1990)(defendants had standing to object to subpoenas against nonparty institutions, mainly banks, on personal privacy grounds). These cases are inapposite since Goonetilleke and Jayasuriya have included no evidence to show that their arbitration with the AAA was meant to be private or confidential in any manner. Their motion to quash is **DENIED.**

### III. CONCLUSION

For these reasons, 610 Video's motion seeking leave to serve a third-party summons and complaint is **GRANTED,** and Goonetilleke and Jayasuriya's motion to quash a subpoena is **DENIED.** 610 Video's third-party summons and complaint must be served within ten days of the date of this order. In addition, plaintiffs' application for an extension of the discovery deadline to June 15, 2004, to which the defendants do not object, is **GRANTED.**

220 F.R.D. 238, 2004 Copr.L.Dec. P 28,809

**Motions, Pleadings and Filings (Back to top)**

• 1:03cv04259 (Docket) (Jun. 11, 2003)

• 2003 WL 24308477 (Trial Pleading) Complaint (Jun. 5, 2003)Original Image of this Document (PDF)

• 2003 WL 24284995 (Trial Pleading) Complaint (May 13, 2003)Original Image of this Document (PDF)

• 2003 WL 24288452 (Trial Pleading) Complaint (May 13, 2003)Original Image of this Document (PDF)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

220 F.R.D. 238 Page 4
220 F.R.D. 238, 2004 Copr.L.Dec. P 28,809
**(Cite as: 220 F.R.D. 238)**

- 1:03cv03379 (Docket) (May. 13, 2003)

- 1:02cv06277 (Docket) (Aug. 06, 2002)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.