# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com

302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

March 12, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

     Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

     Plaintiff LG. Philips LCD Co., Ltd. ("LPL") opposes Defendants' February 7, 2007 application for a protective order ("Motion"). The Motion should be denied and Defendants' depositions should proceed as scheduled. Defendants have not shown good cause for any quashal or limitations of LPL's deposition topics and have not made the requisite demonstration that they will suffer some significant, particular harm. Under Fed. R. Civ. P. 26(c),

> [T]he burden of persuasion [is] on the party seeking the protective order. To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle.

*Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (citations omitted); *see U.S. v. Panhandle Eastern Corp.*, 118 F.R.D. 346, 349 (D. Del. 1988) (applying *Cipollone* and denying motion for protective order). All of LPL's topics seek relevant and necessary information. (*See* Exs. 1-2.) Indeed, the deposition topics about which Defendants complain mirror topics in Defendants' own notices.

     <u>Supplemental Topic 1 Is Proper.</u> LPL's Supplemental Topic 1 seeks information from Defendants to assist LPL in understanding and confirming representative classes or categories of products for trial in this case. (*See* Ex. 2.) At the March 9 hearing, Tatung finally agreed to provide substantial additional discovery that will assist in this process. Some of these products are made by Tatung for ViewSonic, and ViewSonic approves many product specifications and design elements. Accordingly, LPL should be entitled to explore Supplemental Topic 1 in depositions. LPL should also be allowed to use the deposition to test ViewSonic's claim that it does not categorize its products by mounting system.

654165-1

THE BAYARD FIRM

Topics 1, 5, 27, and 29 are Proper. LPL has served topics focused on critical mounting and assembly information that goes to the crux of this case. Defendants sought and LPL provided deposition testimony that relates to claim construction. There is no reason why Defendants cannot also testify on similar issues. Topic 5, for example, addresses "mounting structures and methods of assembly claimed in the Patents-in-Suit." (Ex. 1.) LPL needs to know how relevant products are mounted and assembled. Topic 5 properly relates the mounting structures and methods of assembly to the type of mounting and assembly addressed in the Patents-in-Suit. Thus, LPL is not seeking all mounting and assembly information, which would require the Defendants to testify about every aspect of the manufacture of their products. LPL's topics are properly focused on the most relevant mounting and assembly discovery and Defendants' attempt to avoid such discovery on "claim construction" grounds is meritless. Indeed, the Defendants included similar topics in their own deposition notices. (*See, e.g.*, Exs. 5-6 at Topics 25(c) (seeking "LPL's interpretations of each claim term…"); Exs. 5-6 at 27(b)-(c) (seeking information about all products that LPL believes to fall within scope of Patents).)

Further, ViewSonic improperly objects to Topics 1, 27, and 29 merely because they use words found in the Patents. LPL specifically defined the terms in the notice in a neutral fashion, which is necessary to avoid disputes at the deposition about claim term meaning. LPL is entitled to ask questions that include relevant terms, such as "housing," with neutral definitions, such as "an outer casing or enclosure." The parties may ultimately dispute the meaning of many terms for claim construction purposes, but that does not mean that depositions must exclude all such relevant terms. Indeed, the Defendants similarly defined numerous terms in its Rule 30(b)(6) deposition notices. (*See, e.g.*, Exs. 3-6 at Definitions Section.)

Topics 4, 8, 9, 11, and 23 are Proper. Defendants' assertion that Topics 8, 9, and 11 seek expert testimony and are improper is contrary to their own deposition notices, ***which include the same topics addressed to LPL***. (*See, e.g.*, Exs. 5-6 at Topics 24(f)-(g).) LPL has repeatedly proposed that the parties agree to defer to expert discovery topics on infringement contentions, validity contentions, and claim term meaning. Defendants have yet to agree not to offer fact witnesses at trial to testify to such contentions. LPL has agreed to rely on expert testimony as to such topics (specifically, ViewSonic's topics 24(f), 24(g), 25(c)), and therefore the parties have agreed not to proceed with Rule 30(b)(6) testimony from LPL on those topics. (*See* Ex. 7 at 1.)

Defendants' refusal to rely solely on experts for contention testimony necessarily means that Defendants can be deposed on these contentions, regardless of whether Defendants' fact witnesses could properly testify to contentions at trial. Defendants previously agreed, moreover, to produce deposition witnesses on these topics. Defendants served objections to the topics confirming that witnesses would be designated on these topics. Unless and until Defendants and LPL reach any agreement to the contrary, this testimony is proper and should proceed. Further, Topics 8, 9, and 11 are not limited to contentions, but also include facts and documents relevant to such contentions. Defendants must provide such testimony, just as did LPL. (*See* Ex. 1.)

Topic 4 seeks factual information and is proper. Topic 23 addresses the valuation of the Patents and licensing factors, which are standard topics in all patent infringement cases. Therefore, these topics are completely appropriate. (*See* Ex. 1.)

654165-1

**THE BAYARD FIRM**

The Honorable Vincent J. Poppiti
March 12, 2007
Page 3

<u>The Time Frame Is Proper for all Topics</u>. Defendants' own deposition topics have a broader temporal scope than the LPL topics about which Defendants complain. Defendants' topics have either no time limit or date back to 1998, including with respect to damages-related topics and financial information. (*See, e.g.,* Exs. 3-4 at Topic 13(a)-(w) (no temporal limitations).) Discovery before May 28, 2004 is relevant regardless of when Defendants learned of the Patents. LPL is entitled: (i) to test Defendants' claims concerning their first knowledge of the Patents; (ii) to confirm when infringement began; and (iii) to ascertain the total amount of damages and liability for all such infringement. The Patents-in-Suit issued in December 2002, and discovery before and after that time is relevant on several issues. Notably, LPL needs to learn more about the mounting systems that Defendants were using before the Patents issued, as opposed to changes that Defendants made after the Patents issued.

<u>Topics 13-15, 19-20, 25, and 29 Are Proper</u>. LPL's Topics 13-15, 19-20, 25, and 29 seek critical information that is relevant to infringement, liability, and inducement to infringe the Patents. LPL is entitled to such discovery because, even if damages can be awarded only once for the same infringing product, LPL is entitled to pursue all theories of liability and damages to ensure that LPL recovers the full range of damages for all infringing conduct, including both direct and indirect infringement. Notably, ViewSonic disputes liability for direct infringement, but then concedes that that indirect infringement is relevant if ViewSonic does not directly infringe. ViewSonic cannot have it both ways and must provide discovery that LPL needs.

Further, Defendants' argument that discovery should be limited to accused products is misplaced. One important purpose of this discovery is to identify all infringing products. In addition, the notion that deposition questions could be limited to accused products completely disregards the real-world operations of the company. The Defendants do not do business on an "accused product" basis. Defendants make flat panel products, sell flat panel products, and market flat panel products in large product groups and offerings. As a result, many of the same questions, issues, and documents will necessarily relate to both accused and un-accused products. LPL cannot parse its questions for each product, and doing so would require hours of duplication asking the same questions over and over again for individual products. Moreover, Defendants have continuously blocked LPL's efforts to identify infringing products by not producing highly-detailed CAD-CAM drawings, refusing to correlate their internal product designations to those used by third parties (so that LPL can purchase and analyze products to determine if they infringe) and refusing to produce actual products for inspection or sale.

<u>Defendants are Delaying Discovery</u>. During jurisdictional discovery in this case, Judge Farnan previously rejected similar arguments from Tatung that LPL's deposition topics were overly broad. (*See* Ex. 8 at 27:2-38:16 (D.I. 132).) Also, ViewSonic has designated Mr. Jue to testify on only a few topics at his March 13 deposition. Counsel agreed to exchange witness and topic designations five business days in advance. As a matter of fairness to LPL, if Defendants' tactics and failure to timely designate witnesses to deposition topics results in LPL having to continue any Rule 30(b)(6) depositions, then those should be held in Washington, DC.

654165-1

THE BAYARD FIRM

                    Respectfully submitted,

                    */s/ Richard D. Kirk*
                    Richard D. Kirk (rk0922)

cc:  Counsel as shown on the attached certificate

654165-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 12, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on March 12, 2007, and will be sent by hand on March 12, 2007, and were sent by email on March 12, 2007, and will be sent by first class mail on March 12, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1