# EXHIBIT 7

# Connor, Cormac

**From:** Christenson, Cass
**Sent:** Saturday, March 10, 2007 4:32 PM
**To:** Tracy Roman
**Cc:** Frank Merideth; Scott Miller; jheisman@cblh.com; Anne Gaza; Fred Cottrell; Ambrozy, Rel; Bono, Gaspare; Connor, Cormac; Richard D. Kirk
**Subject:** RE: Undesignated Topics

Tracy:

Thank you for your March 8 email. At yesterday's hearing, you confirmed that Tatung agrees with ViewSonic's position. We agree as follows:

1. Topics 15(a)(6), 15(b), and 15(c) were included as part of Mr. Joo Sup Kim's deposition last week and therefore are resolved. We will provide a designee on Topics 21(a), 23(a), 24(i), 25(a), 25(b), 27(a), 27(d), and 28. The date of the deposition depends on whom LPL designates to testify. If Mr. Jong Hwan Kim is the designee, then he will address these topics when he completes his deposition on March 21, 22, and 23.

2. Topics 24(f), 24(g), and 25(c) are resolved because LPL is relying on expert testimony for those topics.

3. Topics 13(m), 13(n), 13(r), 13(w), 20(b), 21(b)(3), 21(b)(4), 23(b), and 23(c) are resolved per our prior email exchanges.

We do not agree on the following points:

1. LPL does not agree to ViewSonic's proposed limitation on inventor testimony at trial. We reserve the right to call the inventors as witnesses at trial on any appropriate issues. Any evidentiary objections to inventor testimony can be addressed later at trial.

2. LPL intends to proceed with ViewSonic's and Tatung's depositions on all topics, unless and until we either agree not to proceed as to certain topics (for example, if Tatung and ViewSonic agree to rely solely on expert testimony as to such topics), or there is some ruling by the Special Master. If you would like to discuss a proposal on certain topics, you need to specify which topics you believe can be deferred to expert discovery so that we can respond. Your March 8 email does not specify any topics, nor does it indicate whether ViewSonic intends to defer any topics to expert discovery. So, we will proceed with the depositions on all topics, unless and until any such proposal is made for our consideration (which would have to occur before the depositions).

We appreciate your cooperation in addressing these issues.

Regards,

Cass

---

**From:** Tracy Roman [mailto:TRoman@raskinpeter.com]
**Sent:** Thursday, March 08, 2007 10:18 PM
**To:** Christenson, Cass
**Cc:** Frank Merideth; Scott Miller; jheisman@cblh.com; Anne Gaza; Fred Cottrell
**Subject:** RE: Undesignated Topics

3/12/2007

Cass:

Thank you for your proposal. It appears we are close to an agreement. Specifically:

1. I believe we can have resolution regarding ViewSonic's noticed Topics 15(a)(6), 15(b), 15(c), 21(a), 23(a), 24(i), 25(a), 25(b), 27(a), 27(d), and 28, as soon as we can get dates for the deposition. We proposed that the deposition take place during the week of March 19 when we will already be in Washington D.C. for the continuation of Mr. Jong-Hwan Kim's deposition. Your response does not indicate any acceptance to this proposal, nor does it provide a date for the deposition on these topics. In order to make the necessary plans for staffing these depositions please provide us a proposed date.

2. With the following clarification, I believe we have resolution regarding ViewSonic's noticed Topics 24(f), 24(g), or 25(c). We generally do not agree that LPL may call the inventors as fact witnesses at trial to testify on these disputed topics. To resolve this issue, though, we are willing to agree that LPL can call the inventors at trial to testify as to any opinions they held, recalled, and testified to or were prepared to testify to at the time of their respective depositions. ViewSonic will agree not to call a fact witness at trial to testify on similar topics calling for expert testimony except to the extent that we put forth any ViewSonic witness to testify at deposition as to such matters.

3. We have resolved disputed Topics 13(m), 13(n), 13(r), 13(w). I believe we also have resolution regarding disputed ViewSonic's noticed Topics 20(b), 21(b)(3), 21(b)(4), 23(b), and 23(c). We will continue to explore the corollary to these topics as I identified in my previous email at the continuation of Mr. Kim's deposition.

Given that some of these issues are likely to be addressed at tomorrow's hearing, we need to know whether this proposal is acceptable by 9:30 a.m. tomorrow before the start of the hearing.

Regards,
Tracy

Tracy R. Roman
Raskin Peter Rubin & Simon, LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel:  310.277.0010
Fax:  310.277.1980

---

**From:** Christenson, Cass [mailto:cchristenson@mckennalong.com]
**Sent:** Wed 3/7/2007 7:27 PM
**To:** Tracy Roman
**Cc:** Frank Merideth; Scott Miller
**Subject:** RE: Undesignated Topics

Tracy:

Thank you for your recent email below. Please note that your email is entirely incorrect in suggesting that I refused to identify any information for you. That is simply untrue and I am puzzled by your meritless accusation. In any event, as I understand your email in response to my proposal, we have reached an agreement with the Defendants on these issues. I appreciate Defendants' cooperation in resolving these issues. Specifically, we agree:

1. LPL will designate one or more witnesses, subject to its objections, for deposition at a mutually agreed time on Topics 15(a)(6), 15(b), 15(c), 21(a), 23(a), 24(i), 25(a), 25(b), 27(a), 27(d), and 28;

2. LPL and Defendants will not designate Rule 30(b)(6) witnesses or call fact witnesses at trial to testify concerning the specific subject matter of Defendants' Topics 24(f), 24(g), or 25(c), which address infringement contentions, validity / invalidity contentions, and the scope of the claims or the meaning of claim terms. Of course, however, LPL may call at trial any inventors of the rearmount patents as those witnesses were deposed already and can properly testify as to any issues within the scope of their depositions.

3. For disputed Topics 13(m), 13(n), 13(r), 13(w), we agree to treat those topics as part of the existing topics in the notice, identified by you as corollary topics, for which we have designated Mr. J. S. Kim. You will depose Mr. Kim this week and he will address the topics for which he was previously designated. You have not specified any additional

information that you believe should be covered based on Topics 13(m), 13(n), 13(r), 13(w). For disputed Topics 20(b), 21(b)(3), 21(b)(4), 23(b), and 23(c), you have already deposed Mr. Kim, LPL's designee, on the corollary topics, so these topics are now moot.

Nothing in our agreement changes in any way the time limits for any depositions of LPL's witnesses.

Regards,
Cass

---

**From:** Tracy Roman [mailto:TRoman@raskinpeter.com]
**Sent:** Sunday, March 04, 2007 8:31 PM
**To:** Christenson, Cass
**Cc:** Frank Merideth; Scott Miller
**Subject:** Undesignated Topics

Cass:

We have considered your proposal regarding the deposition topics for which LPL has not designated any witnesses. In an effort to avoid unnecessary motion practice, we hope that a resolution can be reached.

We appreciate that LPL has agreed to designate one or more witnesses, subject to its objections, for topics 15(a)(6), 15(b), 15(c), 21(a), 23(a), 24(i), 25(a), 25(b), 27(a), 27(d), and 28 under the ViewSonic amended deposition notices. We understand this deposition will also take place during the week of March 19 – the dates we have mutually agreed to be in Washington for the completion of the LPL 30(b)(6) depositions. We look forward to receiving the identity of your designees for these topics five court days before then as the parties have agreed.

You indicated that LPL will not designate a witness on topics 24(f), 24(g), or 25(c) because LPL contends those topics seek legal conclusions and expert opinion/analysis. LPL therefore proposes that these issues will be addressed in the Markman briefing and expert discovery. As we have previously advised you, ViewSonic is willing to agree that LPL need not produce a witness on these topics so long as LPL also agrees not to put forth a witness in the case other than an outside retained expert to testify on any of the matters within the scope of these topics. Failing that, we cannot agree to your suggestion and must insist that LPL produce a witness to testify on these issues.

That leaves topics 13(m), 13(n), 13(r), 13(w), 20(b), 21(b)(3), 21(b)(4), 23(b), and 23(c) at issue. You stated that these topics appear to be duplicative and redundant to other topics, although you would not identify for me which topics these duplicated. We have again looked at these topics and do not believe they are duplicative. In the spirit of compromise, we propose that if you agree we can read each topic listed below (for which a witness has already been designated) to cover the corollary listed disputed topic, and that we can question the designated witness accordingly, then we can agree to eliminate a separate designee for the disputed topic. Thus, for example, you would agree we can read Topic 13(g) as properly noticed to cover the subjects listed in Topic 13(m) and we can question Mr. J.S. Kim as the designated witness based on this understanding.

<u>Disputed Topic</u>  <u>Corollary Topic</u>

| Disputed Topic | Corollary Topic |
|---|---|
| 13m | 13g |
| 13n | 13g |
| 13r | 13h and 13c |
| 13w | 13f |
| 20b | 20a. |
| 21b.3 | 21b.1 and 2 |
| 21b.4 | 21b.1 and 2 |
| 23b | 21b.1 and 2 |

| | |
|---|---|
| 23c | 21b.1 and 2 |

As you will recall, back in January ViewSonic attempted to address your concerns regarding duplicative topics by withdrawing a few topics and serving amended notices. We believe this proposed compromise should alleviate any remaining concern you might have while also ensuring that there is no dispute as to the subjects into which ViewSonic is allowed to inquire. We look forward to your early response so that we may properly examine Mr. J.S. Kim this week.

Regards,
Tracy

```
Tracy R. Roman
Raskin Peter Rubin & Simon, LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel:  310.277.0010
Fax:  310.277.1980

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.
```