IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

### DECLARATION OF MICHAEL I. ANGERT

I, Michael I. Angert, declare under penalty of perjury as follows:

1. I am an Associate with the law firm of McKenna Long & Aldridge LLP, 1900 K Street, N.W., Washington, D.C. 20006. I joined this firm in August 2005. Since joining this firm, the majority of my time has been spent working on patent infringement litigation matters, including the following two cases: *LG.Philips LCD Company, Ltd. v. Tatung Company, Tatung Company of America, Inc., Chunghwa Pictures Tubes, Ltd., and ViewSonic Corporation*, in the United States District Court for the District of Delaware, Civil Action No. 05-292 ("LPL/CPT litigation") and *Commissariat a L'Energie Atomique v. Samsung Electronics Co., Ltd., et al*, in the United States District Court for the District of Delaware; Civil Action No. 03-484 ("CEA litigation"). I also am a registered patent attorney and have worked, at this firm, on patent prosecution matters, primarily in the areas of washing machines and dryers, air conditioners, digital broadcasting receiver protocol, and communication networks.

2. I have read the Protective Order entered in this case and fully understand that the Protective Order prohibits McKenna Long & Aldridge LLP ("MLA") attorneys from having access to Highly Sensitive Confidential information if such attorneys:

   (1) have participated in, directed or supervised any patent prosecution activity related to the patents-in-suit or currently participate in, direct or supervise any patent prosecution activity involving (i) flat panel or flat panel display technology or (ii) technology related or referring to or incorporating flat panels or flat panel displays.

  3. I only recently began assisting on this case in November 2006 and have had a very limited role. I have not reviewed information or documents designated Highly Sensitive Confidential under the Protective Order by the Defendants in this litigation.

  4. In January 2007, I traveled to California with Mr. Derek Auito, another associate, and inspected certain Tatung monitors. In preparation for the inspection, I reviewed only the claims of the patents in suit. I did not review any Highly Sensitive Confidential information or documents of Defendants in connection with the monitor inspection, and I did not have access to any such documents during that inspection. Although I had my laptop with me during the inspection, it was present for the purpose of collecting and organizing the digital photographs that were taken during the inspection. My laptop does not contain any Highly Sensitive Confidential information or documents produced by the Defendants in this case. Mr. Auito also had his laptop with him during the inspection, but I did not work on his laptop, his laptop is password protected (like mine), and I have no knowledge as to whether Mr. Auito has stored on his laptop any Highly Sensitive Confidential information or documents produced by the Defendants in this case.

  5. Our technical expert, Mr. William Bohannon, was also present during part of the monitor inspection. I had no conversations with Mr. Bohannon regarding any Highly Sensitive Confidential information or documents produced by the Defendants in this case.

  6. I understand it has been suggested that Mr. Auito and I must have looked at Tatung's specifications and drawings during our monitor inspection. That is not true. We did

not have any Tatung specifications or drawings with us during the inspection, and I have not seen any of Tatung's specifications or drawings produced in this case. I have a bachelors degree and a masters degree in electrical engineering, as well as fifteen years of practical experience as a design engineer for military communications and radar equipment; thus there is no need for me (or for Mr. Auito) to view any specifications or drawings of the Defendants when disassembling monitors. We knew exactly how to disassemble and reassemble the monitors, and had no need to view Tatung's specifications or drawings. Further, our purpose was to analyze the monitors in view of the claims of the patents-in-suit, thus we did not need to view any specifications or drawings because we were inspecting the actual products.

7. I have not participated in, directed or supervised any patent prosecution activity related to the Patents-in-Suit. I also have not used any Highly Sensitive Confidential information or documents produced by the Defendants in this case in connection with the prosecution of patents in the area of flat panel technology. From November 2006, when I first worked on this case, until the time I signed my first Declaration on February 2, 2007, I had not participated in, directed, or supervised any patent prosecution activity involving (i) flat panel or flat panel display technology or (ii) technology related or referring to or incorporating flat panels or flat panel displays. Since that time, I have signed within the last three weeks certain filings with the PTO in connection with three pending patent applications related to plasma display technology. I had no substantive role in these filings and simply signed them for one of the other patent attorneys here. I did not use any of the information I learned from my monitor inspections in connection with these filings, and in any event, the subject matter of the plasma display apparatus patent applications is completely unrelated to any material issue in this case. Despite having seen no Highly Sensitive Confidential information produced by the Defendants in this

3

case, I have been instructed that I am not to sign for other attorneys on any plasma display related prosecution matters.

8.  I understand that the Tatung Defendants also have raised a question about Mr. Matthew Bailey's telephone calls from Taiwan to my office in February 2006. During this time, my work with Mr. Bailey related entirely to the LPL/CPT litigation, the CEA litigation, and a marketing opportunity that was completely unrelated to flat panels or flat panel display technology. My work with Mr. Bailey concerning the marketing opportunity was a one-time isolated event. Thus, it is extremely likely that Mr. Bailey's calls related to one or both of the previously mentioned litigation matters. I had no discussions with Mr. Bailey in February 2006 or at any other time regarding the prosecution of patents involving flat panel technology, and any suggestion otherwise is false.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of March, 2007.

                                                                        */s/ Michael I. Angert*
                                                                       Michael I. Angert

DC:50466093.1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 12, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.  
Jaclyn M. Mason, Esq.  
Connolly Bove Lodge & Hutz LLP  
1007 North Orange Street  
P.O. Box 2207  
Wilmington, Delaware 19899-2207  

Frederick L. Cottrell, III, Esq.  
Anne Shea Gaza, Esq.  
Richards, Layton & Finger  
One Rodney Square  
P.O. Box 551  
Wilmington, DE 19899  

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on March 12, 2007, and will be sent by hand on March 12, 2007, and were sent by email on March 12, 2007, and will be sent by first class mail on March 12, 2007, to the following non-registered participants:

Scott R. Miller, Esq.  
Connolly Bove Lodge & Hutz LLP  
355 South Grand Avenue  
Suite 3150  
Los Angeles, CA 90071  

Valerie Ho, Esq.  
Mark H. Krietzman, Esq.  
Frank C. Merideth, Jr., Esq.  
Greenberg Traurig LLP  
2450 Colorado Avenue, Suite 400E  
Santa Monica, CA 90404  

Tracy Roman, Esq.  
Raskin Peter Rubin & Simon LLP  
1801 Century Park East, Suite 2300  
Los Angeles, CA 90067  

/s/ Richard D. Kirk (rk922)  
Richard D. Kirk

571447-1