IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 04-343 JJF |
| | : |
| TATUNG CO., TATUNG COMPANY OF AMERICA, INC., VIEWSONIC CORP., | : |
| | : |
| Defendants. | : |

## SECOND AMENDED [OMNIBUS] RULE 16 SCHEDULING ORDER

The Rule 16 Scheduling Order dated August 18, 2005 (D.I. 198), as previously modified (D.I. 291, 364, 401) is hereby further amended, and restated in full, as follows:

IT IS ORDERED THAT:

1. **Pre-Discovery Disclosures.** The parties will exchange by **July 29, 2005** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Joinder of Other Parties.** All motions to join other parties shall be filed on or before **January 17, 2006**.

3. **Settlement Procedure.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.

4. **Discovery.**

    (a) Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by **June 30, 2006**.

    (b) Maximum of **40** interrogatories, including contention interrogatories, for

each side; except, however, that each Defendant is permitted **10** additional interrogatories, including contention interrogatories, directed to new claims.

(c) Maximum of **50** requests for admission by each side, other than for authenticity of documents; except, however, that each Defendant is permitted **10** additional requests for admission directed to new claims.

(d) Irrespective of the number of depositions noticed, maximum of **84** hours of examination by Plaintiff of fact witnesses, excluding expert depositions, unless otherwise permitted by the Special Master or ordered by the Court. Irrespective of the number of depositions noticed, Defendants combined shall be limited to **140** hours of examination of fact witnesses, excluding expert depositions. No fact witness or designee under Rule 30(b)(6) for whom English is their first language shall be deposed for more than 7 hours. No fact witness or designee under Rule 30(b)(6) for whom English is not their first language shall be deposed for more than 10.5 hours. Notwithstanding the foregoing limitations, each of the inventors of the patents-in-suit may be deposed for up to 21 hours total, which shall be consecutive.

For purposes of depositions noticed under Rule 30(b)(6), the Tatung defendants (collectively) shall constitute a party. Each deposition noticed under Rule 30(b)(6) for non-overlapping topics shall be counted as a separate deposition, irrespective of the number of witnesses designated to testify on the noticed topics. The time limits above for witnesses apply to each designated witness; provided, however, that a separate time limit will apply to each testimony of a witness who is both designated under Rule 30(b)(6) and noticed individually.

The parties should make every attempt to bring deposition-related disputes to the immediate attention of the Special Master by telephone. If that is not possible, a written submission must be made no later than the second business day following the dispute and, in

addition to copies of the relevant authorities, must attach a complete copy of the deposition testimony at issue with specific identification of the relevant portions in dispute.

(e) All non-expert and third party discovery – including all depositions as well as the additional discovery Defendants are permitted to direct to new claims – shall be completed by **March 30, 2007**. The limits on the number, length, and timing of non-expert depositions may be modified only by permission of the Special Master or Order of the Court, for good cause. No discovery related motions are permitted to be filed after the close of discovery without the permission of the Special Master or Order of the Court, unless directed to misconduct and requests for sanctions.

(f) Discovery previously conducted by the parties shall not count against any limits on discovery imposed above or under the Federal or Local rules of procedure.

(g) The Temporary Protective Order previously entered is adopted as the Protective Order in this action. Any party may move to amend said Protective Order.

(h) Special Master Vincent J. Poppiti (the "Special Master") will conduct discovery status teleconferences commencing at **11:30 a.m. (Eastern time) on January 19, 2007; February 21, 2007 (commencing at 2:00 p.m.); March 2, 2007; March 23, 2007;** and on such additional dates and times as set by the Special Master. The Special Master will also conduct a case status teleconference on **April 13, 2007** at 11:30 a.m. Parties may submit discovery motions using a 3-page short form, with opening submissions due two weeks before and oppositions due one week before, the scheduled status conference date at which the motion is requested to be heard. The parties will submit to the Special Master a joint informational status letter on the Monday before each scheduled status conference unless that day is a holiday, in which case the joint status letter will be submitted on the Tuesday before the joint status

3

conference.

(i) The deadline for the parties to file final discovery motions directed to misconduct and/or requests for sanctions (the "Final Discovery Motions") is **April 16, 2007**. Each party will be limited to one 10-page Final Discovery Motion, except that Plaintiff is allowed one 10-page submission relating to Defendant ViewSonic and one 10-page submission relating to the Tatung defendants collectively, and the Tatung defendants collectively will be allowed one 10-page submission. Oppositions to the Final Discovery Motions are limited to 5-pages in response to each such motion, and shall be filed by **April 23, 2007**. The Special Master is assigned to issue Reports & Recommendations on the Final Discovery Motions by **May 18, 2007** which may, for cause, order the completion of additional discovery by **June 20, 2007**. Any exceptions to the Special Master's Report and Recommendations on the Final Discovery Motions shall be filed by **June 4, 2007**, and responses to any such exceptions shall be filed by **June 22, 2007**. Exceptions may be taken to any award of cost-shifting recommended by the Special Master, but exceptions will **not** halt any discovery previously ordered by the Special Master to be completed by June 20, 2007.

5. **Experts**.

(a) Reports from experts required by Fed. R. Civ. P. 26(a)(2) on any issue on which the party bears the burden of proof shall be served by **July 16, 2007**; rebuttal reports and/or reports on issues on which the party does not bear the burden of proof shall be served by **August 17, 2007**.

(b) Any party desiring to depose an expert witness shall notice and complete said deposition no later than **August 31, 2007**, unless otherwise permitted by the Special Master or ordered by the Court.

062038.00612/40167328v.1

6. **Discovery Disputes**. By Order dated February 25, 2005, the Court appointed Vincent J. Poppiti as Special Master to address disputes related to jurisdictional discovery. D.I. 178. All discovery disputes shall be submitted first to the Special Master pursuant to the order of reference. The parties shall present discovery disputes to the Special Master as set forth in the Special Master Discovery Dispute Procedures dated March 24, 2005.

7. **Amendment of the Pleadings**. All motions to amend the pleadings shall be filed on or before **January 17, 2006**.

8. **Markman Hearing**. A Markman Hearing will be held on **May 30, 2007 at 1:00 p.m.** in Courtroom 2A. Briefing on the claim construction issues shall be completed as follows:

(a) Each party shall exchange a list of terms believed to require construction by **September 22, 2006**, with supplementation to address new claims by **January 22, 2007**. Each party shall exchange proposed constructions of the disputed terms by **October 13, 2006**, with supplementation to address new claims by **February 5, 2007**. The parties shall file with the Court a single chart showing each party's proposed construction of the claims at issue together with the intrinsic evidence supporting that construction on **November 16, 2006**. The parties shall jointly file a totally amended version of the claims chart that incorporates each party's proposed construction of the new claims at issue together with the intrinsic evidence supporting that construction by **April 23, 2007**.

(b) Opening Markman briefs for each party will be filed by **December 22, 2006**, with supplementation (limited to new claims) to be filed by **April 30, 2007**. Response briefs will be filed by **May 15, 2007**.

(c) The Special Master, after reviewing the briefing, will allocate time to the parties for the May 30, 2007 Markman hearing. The Special Master is assigned to provide an

initial decision regarding claim construction issues presented by the parties by **June 21, 2007**. Exceptions to the Special Master's Report & Recommendations on claim construction, if any, shall be filed by **July 6, 2007**. Responses to any exceptions taken to the Special Master's Reports & Recommendations on claim construction shall be filed by **July 20, 2007**.

9. **Case Dispositive Motions**.

(a) Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **September 10, 2007**. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the date above without leave of the Special Master.

(b) The Special Master is assigned to provide an initial decision regarding any case dispositive motions submitted by the parties by **October 26, 2007**. Exception to the Special Master's Reports & Recommendations regarding case dispositive motions, if any, shall be filed by **November 9, 2007**. Responses to any exceptions taken to the Special Master's Reports & Recommendations on case dispositive motions shall be filed by **November 16, 2007**.

10. **All Applications Or Requests For Action By The Court**.

(a) Any applications or requests to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

062038.00612/40167328v.1

    (c)    No telephone calls shall be made to Chambers.

    (d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

**11.** **Pretrial Conference.** The parties shall jointly file a Pretrial Order by **November 29, 2007**. A Pretrial Conference will be held on **December 5, 2007, at 1:00 p.m.**, in Courtroom No. 4B on the 4th Floor, Boggs Federal Building, Wilmington, Delaware. The Federal Rules of Civil Procedure and Rule 16.4 of the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995) shall govern the pretrial conference.

**12.** **Trial.** Trial will commence at **9:30 a.m. on January 21, 2008**, in Courtroom No. 4B on the 4th Floor, United States Courthouse, Boggs Federal Building, Wilmington, Delaware.

SO ORDERED this 9 day of March, 2007.

_____
Hon. Joseph J. Farnan, Jr.
United States District Court Judge