IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., :<br><br>   Plaintiff, :<br><br> v. :<br><br>TATUNG CO., TATUNG COMPANY :<br>OF AMERICA, INC., and VIEWSONIC :<br>CORP., :<br><br>   Defendants. : | Civil Action No. 04-343 JJF |

**SPECIAL MASTER REPORT AND RECOMMENDATION
REGARDING LG PHILIPS' MOTION TO COMPEL TATUNG DEFENDANTS
TO PRODUCE UNREDACTED DOCUMENTS**

Upon consideration of Plaintiff LG.Philips LCD Co., Ltd.'s (hereinafter, "LPL") December 7, 2006, Motion to Compel Defendants Tatung Company and Tatung Company of America, Inc. (collectively, "Tatung") to Produce Unredacted Documents (the "Motion"), and Tatung's opposition submitted in response thereto; and after having heard argument on the Motion from LPL and Tatung during the December 28, 2006 hearing (the "December 28 hearing") held in this case, the Special Master concludes that the Motion should be granted for the reasons stated on the record during the December 28 hearing and as set forth below.

**BACKGROUND**

This is a patent infringement action brought by LPL against Tatung and ViewSonic Corporation alleging infringement of United States Patent Nos. 6,498,718 (the '718 Patent) and 6,501,641 (the '641 Patent). The Patents relate to assembly mountings for flat panel display products used in liquid crystal displays ("LCD") for such products as plasma televisions and computer monitors. D.I. 1.

On or about February 4, 2005, pursuant to Fed. R. Civ. P. 26(c), the Court entered an order titled "Protective Order for Jurisdictional Discovery" (the "Protective Order"). The parties had negotiated[1] and presented the Protective Order to the Court for entry on a consensual basis. [D.I. 144].[2]

Paragraph 2.2 of the Protective Order provides in pertinent part:

> Each party shall have the right to designate as restricted to review by those categories of individuals listed in Paragraphs 4.1(a) – 4.1(e) and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses (1) trade secrets, (2) research and development, manufacturing, operational or other highly sensitive technical information, or (3) <u>highly sensitive business related information, such as customer, supplier or financial information</u> (collectively, "HIGHLY SENSITIVE CONFIDENTIAL information"). (Emphasis added)

Paragraph 5 of the Protective Order governs redaction of documents. In part, Paragraph 5 provides that counsel for a party may "mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney client privilege or work product immunity afforded by Rule 26(b), Fed. R. Civ. P." The final sentence of Paragraph 5 of the Protective Order expressly states that the parties "reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by-case basis."

During the written discovery phase of this case, Tatung produced certain documents to LPL in redacted form. The Special Master was informed during the December 28 hearing that the redacted portions of the documents consisted of confidential customer information Tatung did not want LPL to see. (12/28/06 Tr. at 231-32)

---

[1] Former counsel for Tatung in this action negotiated the Protective Order on behalf of Tatung.

## ANALYSIS

It is undisputed that Tatung unilaterally and without the consent of LPL redacted certain customer information from certain documents prior to production of the documents to LPL. Moreover, Tatung did not (and could not, from what the Special Master can determine) assert attorney client privilege or work product immunity in support of such redactions. Finally, it is undisputed that Tatung did not seek approval of the Court to redact sensitive customer information prior to production of such redacted documents.

The Special Master concludes the Motion should be granted on the basis of the above undisputed facts. Production of documents containing sensitive customer information is clearly contemplated by the Protective Order. (Protective Order, ¶2.2) If Tatung did not believe certain customer information should be produced, it should have addressed the issue at the drafting and negotiation stage of the Protective Order.

In redacting customer information from documents without first obtaining the consent of LPL or approval of the Court, Tatung failed to comply with Paragraphs 2.2 and 5 of the Protective Order. The redacted documents should be produced in unredacted form.

## CONCLUSION

For the reasons set forth above, the Special Master concludes that Tatung, to the extent it has not already done so, must produce in unredacted form all of the documents previously produced but redacted by Tatung with respect to customer information, with such unredacted documents to be produced by March 14, 2007.

---

[2]   By stipulation, the parties agreed to extend the Protective Order to cover all documents or information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER and/or HIGHLY SENSITIVE CONFIDENTIAL. [D.I. 232] The stipulation was SO ORDERED on February 2, 2006.

The Special Master's Report and Recommendation will become a final order of the Court unless objection is timely taken in accordance with the provisions of Fed. R. Civ. P. 53(g) or other agreement of the parties.

ENTERED this
8th day of March, 2007

                                          Vincent J. Poppiti  (DSBA No. 100614),
                                          Special Master