# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

March 14, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

    Re: *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

    I write on behalf of plaintiff LG.Philips LCD Co., Ltd. in reference to the deposition of Oliver Shih, about which I wrote earlier today (D.I. 580). Tatung's responsive letter of today (D.I. 581) references the March 9 hearing as if the Court decided that Mr. Shih's deposition must go forward as scheduled, and implies that LPL is asking for reconsideration. LPL recalls no such discussion or resolution regarding Mr. Shih at the March 9 hearing. Rather, the Court and parties decided that at least some Tatung depositions could go forward as scheduled, and that we would talk about that issue on Monday, March 12.

    Tatung's letter today completely ignores the discussion of this issue on March 12. The issue was specifically discussed during the March 12 teleconference. For the Court's convenience, I am enclosing the relevant pages from the transcript of Monday's teleconference specifically discussing Mr. Shih's deposition. In light of the parties' subsequent discussion, the results of which were reported in my earlier letter, LPL requests the Court either to postpone Mr. Shih's deposition or rule that LPL may seek to redepose Mr. Shih based upon Tatung's continuing production of relevant documents.

                             Respectfully submitted,

                             Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

654411-1

4  SPECIAL MASTER POPPITI: Well, you know,
5  I think I have heard enough with respect to Mr. Shea [sic]. He
6  should be -- if he is here and he is preparing and he is
7  dealing with the financials, he is going to be here and
8  he is going to testify while he is here.
9          MR. CHRISTENSON: Your Honor, I have no
10 problem taking his deposition on the financial
11 information. That's fine. What I am concerned about is
12 I need to establish, from his deposition, the activities
13 that induced customers to import and sell infringing
14 products in the U.S., so there has to be that nexus, at
15 least I assume that's what Tatung is going to argue.
16         If they are going to argue that, I have
17 to be permitted to establish that nexus, Your Honor. So
18 maybe what we need to do is take his deposition as
19 scheduled and then talk about some additional deposition
20 from him.
21         MR. MERIDETH: No. We are not going to
22 do that. It's either -- I mean, it's either now or it's
23 at some future date, but you are not going to do it more
24 than once.

47

1          MR. CHRISTENSON: Again, Your Honor, if
2  I need to establish the nexus, I have to know which
3  products I am talking about.
4          SPECIAL MASTER POPPITI: Why don't you
5  speak to that, Mr. Merideth?
6          MR. MERIDETH: Well, I mean, if we can
7  -- I don't think we can have a situation where he is
8  deposed twice, so I think either he is deposed as we have
9  now scheduled it or it's continued until some future
10 date. But we can't --
11         SPECIAL MASTER POPPITI: Well, you would
12 agree with Mr. Christenson that, in fact, if he is the
13 witness that they intend to use to establish nexus, then
14 he is that witness; correct?
15         MR. MERIDETH: If that's what their plan
16 is, yes.
17         SPECIAL MASTER POPPITI: It sounds like
18 that's what their plan is.
19         MR. CHRISTENSON: Yes, Your Honor.
20 Because I am deposing Mr. Chang today but I can't do it
21 with him.

22            SPECIAL MASTER POPPITI: I am not
23  questioning your plan. The impact on the witness is
24  unfortunate, but we are where we are. So it may -- it

                              48
1   sounds like there are four, Tatung Company, Tatung
2   America, Jamie Yang -- actually, five, Brian Lynn, and --
3            MR. CHRISTENSON: And then Tatung
4   Company again, Your Honor, on the other topics.
5            SPECIAL MASTER POPPITI: I understand.
6            MR. MERIDETH: So we have -- are you
7   also planning on taking -- you need to do the same thing
8   with Andrew Sung? He doesn't have -- I mean, Tatung
9   America is in the United States.
10           MR. CHRISTENSON: We can talk about
11  that. I think we can probably proceed with that
12  deposition. I am trying to keep to our schedule as best
13  we can.
14           MR. MERIDETH: I guess there are
15  different views on that, but I have to just figure out
16  and get these guys rescheduled, and I guess we will just
17  have to send them home. I mean, I don't know what else
18  we can do here.
19           MS. HO: Your Honor, with respect to
20  Mr. Shea's [sic] deposition, what I am hearing is that
21  Mr. Christenson would like to -- is, one, is conceding
22  that they tie inducement to his specifically accused
23  products, which is fine, and, but, two, that his
24  deposition will be regarding the product.

                              49
1            If that is the issue, then we will
2   continue Mr. Shea's [sic] deposition; however, I would like to
3   note, for the record, that this morning, LPL has been
4   deposing Mr. Chang, who is another person -- another
5   employee at Tatung within the sales group, and no attempt
6   was made, during the three hours of depositions that we
7   had, to limit any of the questions to the accused
8   products. It was all about Tatung's products in general,
9   globally. It was not limited to the accused products,
10  not limited to the U.S.
11           MR. CHRISTENSON: Your Honor, just to
12  respond for the record quickly: First of all, I tried to
13  get down to the product model level with Mr. Chang, but
14  he is not prepared or knowledgeable to do that.
15           Secondly, I did not concede, as to

16  inducement, that we needed to cite to a specific product.
17  What I said was I suspect Tatung will argue that we need
18  to create that nexus, and if they are going to make that
19  argument, with which I disagree, as a matter of law, I
20  still need to be able to respond to that argument.
21           SPECIAL MASTER POPPITI:  Why don't we do
22  this, then:  Why don't you have some discussion
23  overnight, make some determination as to whether or not,
24  in fact, that will be the argument, and we will forestall

                                50
1  making any decision with respect to Mr. Shea [sic].
2           If the argument isn't going to be made,
3  then you don't need him to do what you suggested you may
4  want him to be doing.
5           MR. CHRISTENSON:  That's true, Your
6  Honor, I agree.  If it can be done generally with product
7  in a general matter instead of specifically if they are
8  not going to make that argument, I agree with you.
9           SPECIAL MASTER POPPITI:  Well, then, why
10  don't you, during the course of whatever minutes you have
11  tomorrow to discuss that, do that for me, please, and we
12  will reconvene with respect to Mr. Shea [sic] tomorrow when we
13  convene at 5:00.

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 14, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on March 14, 2007, and will be sent by hand on March 14, 2007, and were sent by email on March 14, 2007, and will be sent by first class mail on March 14, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1