# EXHIBIT 10

# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com

302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

March 9, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

  Re: *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

  This is Plaintiff LG.Philips LCD Co., Ltd.'s ("LPL") motion to compel Defendant ViewSonic Corporation ("ViewSonic") to produce product inventories and other information requested by LPL's Document Request 51. It has become apparent to LPL that, during the course of this litigation, ViewSonic: (1) has not taken steps necessary to identify all visual display products in its inventory and make those products available to LPL for inspection or purchase; and (2) has not taken all necessary steps since it learned of the instant litigation to ensure that samples of its visual display products are available for LPL's review. In order to confirm whether or not ViewSonic has maintained samples of its products for LPL to review, ViewSonic must be compelled to produce inventories showing the products in ViewSonic's possession during all time periods relevant to this litigation.

  LPL's Document Request 51, which was served on November 29, 2005, seeks copies of "[a]ll inventory reports since January 1, 2002, that reference any types of visual display products responsive to Interrogatory No. 2." (ViewSonic's Resps. to LPL's 2d Set of Reqs. for Prod'n, cited portions of which are attached as Exhibit 1.) ViewSonic has yet to produce any documents responsive to Request 51.[1] Furthermore, after initially informing LPL that the only products that ViewSonic has available for inspection were those that are offered for purchase on ViewSonic's website, ViewSonic only recently admitted that there are at least three types of products that are available for inspection (and likely have always been available), but which appear nowhere on ViewSonic's website and are not available for sale.

---

[1] LPL has also presented Request 51 to the Special Master as part of LPL's September 27, 2006 Motion to Compel ViewSonic to Provide Discovery Regarding Indirect Infringement and Damages. However, newly discovered facts necessitate the instant Motion.

654022-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
March 9, 2007
Page 2

    As background, LPL's Document Requests seek samples of ViewSonic's products. LPL has worked throughout this case to try to identify infringing products by, if necessary, purchasing samples of the Defendants' products. However, LPL has only been able to locate a small fraction of products that are available for retail sale. During negotiations in September 2006, ViewSonic informed LPL that, because all of its products are made by others and arrive at ViewSonic's warehouses in new, unopened boxes, LPL would have to purchase any products from ViewSonic that it wanted to inspect. On September 25, 2006, LPL requested purchase information for any products that ViewSonic had available. (*See* Ex. 2, Letter from C. Connor.) ViewSonic responded by stating that "the visual display products *that are available* can be found on the following website: http://store.viewsonic.com" (emphasis added). (*See* Ex. 3, Letter from S. Miller.) LPL replied the next day, noting that ViewSonic's offering amounted to only a small segment of the total number of products listed in ViewSonic's response to LPL's Interrogatory 2. (*See* Ex. 4, Letter from C. Connor.) ViewSonic did not respond. On October 3, 2006, LPL supplemented its pending motion to compel, asking that the Special Master compel ViewSonic to provide product samples to LPL for inspection.

    Your Honor heard LPL's relevant motions on December 28, 2006 (the "Hearing"). During and after the Hearing, ViewSonic disclosed three new categories of products that are not available for sale and that were *never previously identified to LPL*.

- *Category 1 – "Dinosaurs."* At the Hearing, ViewSonic informed LPL for the first time that it has products that it called "dinosaurs" and further described as "a dead product or something." According to ViewSonic, these products would *only* be made available for inspection, *not* for sale. (*See* Ex. 5, Hr'g Tr. at 77-80.)

- *Category 2 – "C-Stock."* More than one month after the Hearing, in a January 30, 2007 letter, ViewSonic identified another new category of products, known as "C-Stock." (*See* Ex. 6, Letter from S. Miller.) ViewSonic has never explained to LPL what the term "C-Stock" means, but the attachments submitted with the January 30 letter make clear that most of the C-Stock products are *not available for sale* on ViewSonic's website. (*Id.*)

- *Category 3 – "D" products.* The attachments to ViewSonic's January 30 letter also identified a particularly intriguing and disturbing third category of ViewSonic products, which are identified by the suffix "D." (*Id.*) LPL did not learn until it traveled to California to inspect some of ViewSonic's products that the "D" suffix indicates products that ViewSonic has *marked for destruction*.

    When LPL tried to purchase or inspect ViewSonic's products in September, ViewSonic unequivocally informed LPL that the only products available were those listed on its website and that, because it claimed that it only possessed brand new products that would be devalued by LPL's inspection, ViewSonic insisted that LPL purchase every product that ViewSonic made available. (*See* Ex. 3.) ViewSonic never once advised LPL that there were, in fact, three additional categories of products that were not only absent from ViewSonic's website, they were not available for sale. Moreover, the "D" product category is comprised only of products that have been marked for destruction. LPL has no way to know if, between the date that this case commenced and the present, ViewSonic has already destroyed other "D" products.

654022-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
March 9, 2007
Page 3

In addition, although ViewSonic has refused to produce a single inventory list in this case, ViewSonic informed LPL during LPL's counsel's trip to California that the attachments to ViewSonic's January 30 letter actually were inventory reports. (*See* Ex. 6.) However, according to counsel, those reports were more than one month old at the time that they were sent to LPL. As a result, ViewSonic informed LPL's counsel when they arrived in California that the inventory numbers had changed, such that some of the products were no longer available either for inspection or for purchase. ViewSonic's February 6, 2007 letter to LPL confirms this fact by identifying products that the January 30 letter had listed as being available but that – because ViewSonic had not preserved samples in its inventory – were no longer available. (*See* Ex. 7, Letter from S. Miller.)

A party has a duty to preserve evidence starting from the moment that it reasonably should have anticipated litigation and then throughout the course of the litigation. *See In re Quintus Corp.*, 353 B.R. 77, 84 (D. Del. 2006). When a party fails to preserve evidence, and particularly when evidence is destroyed, appropriate relief may be ordered by the Court, including a jury instruction that permits an inference that the missing evidence would have been damaging to the offending party's case. *See Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994); *Howell v. Maytag*, 168 F.R.D. 502, 505 (M.D. Pa. 1996). In this case involving claims that Defendants' products infringe LPL's patents, it is clear that product samples would constitute strong evidence of the mounting systems used in each product and, accordingly, ViewSonic has been under a duty to preserve product sample evidence since at least the date that it was served with the Complaint.

ViewSonic did not disclose the three categories of products discussed above until the discovery period in this case was nearly over. More significantly, when it did finally identify these categories, it became apparent that, beginning at least on the date that this case was filed, ViewSonic may not have preserved samples of its products for LPL to inspect or purchase. LPL advised ViewSonic of the detailed bases for these concerns on February 14, but ViewSonic has not responded. (*See* Ex. 8, Letter from C. Connor.) LPL has also continued to try to purchase or inspect ViewSonic's products, but ViewSonic has delayed in providing the information that LPL needs. (*See* Ex. 9, Letter from R. Ambrozy (Mar. 6, 2007).)

By attaching what it described as an inventory to its January 30 letter, ViewSonic concedes that it is able to generate product inventories. (*See* Ex. 6.) LPL maintains that the only way for ViewSonic to prove that it has preserved all material product sample evidence in this case is by producing monthly inventories from 2002 to the present and pertaining to every one of the products identified in its response to Interrogatory 2. LPL respectfully requests that the Special Master order ViewSonic to immediately produce all documents responsive to Document Request 51 but particularly monthly inventory reports for all of ViewSonic's visual display products.

654022-1

THE BAYARD FIRM

                       Respectfully submitted,

                       */s/ Richard D. Kirk*

                       Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TATUNG CO.; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 04-343 (JJF) |

## PLAINTIFF LG.PHILIPS LCD CO., LTD.'S CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.1.1

The undersigned counsel for plaintiff LG.Philips LCD Co., Ltd. ("LPL") certifies that LPL's attorneys have made reasonable efforts to resolve the issues presented in its Motion to Compel Defendant ViewSonic Corporation to Produce Product Inventories and Other Information (the "Motion"), as more fully described in the Motion, but that no resolution was forthcoming.

654032-1

March 9, 2007

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
astitzer@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 9, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

| | |
|---|---|
| Jeffrey B Bove, Esq. | Frederick L. Cottrell, III, Esq. |
| Jaclyn M. Mason, Esq. | Anne Shea Gaza, Esq. |
| Connolly Bove Lodge & Hutz LLP | Richards, Layton & Finger |
| 1007 North Orange Street | One Rodney Square |
| P.O. Box 2207 | P.O. Box 551 |
| Wilmington, Delaware 19899-2207 | Wilmington, DE 19899 |

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on March 9, 2007, and will be sent by hand on March 9, 2007, and were sent by email on March 9, 2007, and will be sent by first class mail on March 9, 2007, to the following non-registered participants:

| | |
|---|---|
| Scott R. Miller, Esq. | Valerie Ho, Esq. |
| Connolly Bove Lodge & Hutz LLP | Mark H. Krietzman, Esq. |
| 355 South Grand Avenue | Frank C. Merideth, Jr., Esq. |
| Suite 3150 | Greenberg Traurig LLP |
| Los Angeles, CA 90071 | 2450 Colorado Avenue, Suite 400E |
| | Santa Monica, CA 90404 |

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1