# EXHIBIT 11

Burrello, Meta

| | |
|---|---|
| **From:** | Ambrozy, Rel |
| **Sent:** | Thursday, March 15, 2007 3:19 PM |
| **To:** | Burrello, Meta; Connor, Cormac |
| **Subject:** | FW: LG.Philips LCD Co., Ltd. v. Tatung, et al., C.A. No. 04-343-JJF |
| **Attachments:** | LPL_excerpts and cases.doc; Mercy Catholic.doc; TRT FTC Communications.doc; Pennwalt.doc |

**From:** Dick Kirk [mailto:rkirk@bayardfirm.com]
**Sent:** Friday, December 29, 2006 2:23 PM
**To:** Poppiti, Vincent J.
**Cc:** Ambrozy, Rel; Anne Shea Gaza; Frank C. Merideth, Jr.; Frederick L. Cottrell; Jaclyn Mason; Jeff Bove; JP Hong, Esquire; Mark Krietzman; Monika Bialas; Scott Miller; Steve Hassid; Tracy Roman; Valerie Ho
**Subject:** LG.Philips LCD Co., Ltd. v. Tatung, et al., C.A. No. 04-343-JJF

Dear Special Master Poppiti,

Thank you for allowing us the opportunity to summarize the case law we submitted yesterday supporting LPL's position that ViewSonic has custody or control over documents in the possession of OEMs. Below is LPL's summary of the case law:

1. The 3rd Circuit Court of Appeals recently confirmed the legal standard for custody or control over documents: "In the context of Fed.R.Civ.P. 34(a), so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control." *Mercy Catholic Medical Center v. Thompson*, 380 F.3d 142, 160-61 (3d Cir. 2004). *See also TFT/FTC Communications, Inc. v. Insurance Company of the State of Pennsylvania*, No. 91-30-JJF, 1991 U.S. Dist. LEXIS 11925, at *6 (D. Del. Aug. 6, 1991) (ordering production of documents of third party that had no parent-subsidiary relationship nor financial or managerial control by Defendant where documents at issue related to Plaintiff's claim) (J. Farnan).

2. This legal control standard is satisfied here. A showing of intertwined corporate identities is a <u>sufficient</u> but not <u>necessary</u> basis to establish legal control. *See generally Pennwalt Corporation v. Plough, Inc.*, 85 F.R.D. 257, 263 (D. Del. 1979).

3. ViewSonic's OEM agreements include document custody and control provisions that expressly and affirmatively give ViewSonic control over technical documents regarding ViewSonic's products. (See attached summary of OEM contract provisions furnished by email yesterday).

4. These technical documents are highly relevant to analyzing the mounting and assembly of ViewSonic's product and may be the best evidence available. For example, testimony in the California case from one of the OEM's, Jean Co., Ltd., confirms that these documents include detailed mounting and assembly instructions.

5. ViewSonic has already exercised control over some of the documents at issue as evidenced by their production of Jean documents in this litigation. (Bates Nos. VS022180-86).

6. The OEM custody and control provisions require documents to be maintained for and provided to ViewSonic, distinguishing this case from others in this District cited by ViewSonic (see *Inline Connection Corp. v. AOL Time Warner Inc.*, No. C A 02-272-MPT, 2006 WL 2864586 at *3 (D. Del. Oct. 5, 2006); *Novartis Pharm. Corp. v. EON Labs. Mfg.*, 206 F.R.D. 392, 394-95 (D. Del. 2002).

7. In addition, ViewSonic and its OEMs work together as supplier and customer with common business interests to manufacture ViewSonic's products. Further, VS maintains very close oversight and control over its OEMs as evidenced by its OEM agreement. This relationship is unlike the competitor/licensee relationship in *Novartis*, where the party had a mere "right to use" the property.

Respectfully submitted,

Richard D. Kirk (rk0922)

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, Delaware 19801
Main: (302) 655-5000
Direct: (302) 429-4208
Fax: (302) 658-6395
rkirk@bayardfirm.com

------------------------------------
IRS Circular 230 DISCLOSURE:
Notice regarding federal tax matters: Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.
------------------------------------
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.