# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

March 15, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE  19801

      Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

      In connection with LPL's application for an extension of deadline to complete third-party discovery (D.I. 562), which is on the agenda for the telephonic hearing tomorrow, LPL wishes to bring to the Court's attention to additional letters.

      Specifically, they are (1) a letter dated March 12, 2007 from Mr. Connor (LPL) to Ms. Ho (Tatung) regarding Tatung's contact with third-parties; and (2) a letter dated March 15, 2007 from Ms. Klevens (LPL) to Ms. Oh (Tatung) regarding specific interference with production by third-party Pelco.

                                      Respectfully submitted,

                                      Richard D. Kirk (rk0922)

enclosures
cc: Counsel as shown on the attached certificate

654067-1

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

CORMAC T. CONNOR
(202) 496-7439

EMAIL ADDRESS
cconnor@mckennalong.com

March 12, 2007

VIA EMAIL AND U.S. MAIL

Valerie W. Ho, Esq.
Greenberg Traurig LLP
2450 Colorado Avenue
Suite 400E
Santa Monica, CA 90404
hov@gtlaw.com

    Re:    *LG.Philips LCD Co. v. ViewSonic Corp. et. al.*
             U.S. District Court Case No. 04-343 JJF

Dear Valerie:

    We learned recently that the Tatung Defendants ("Tatung") have communicated with some, if not all, of the third parties on which LPL has served subpoenas and that, because of these communications, some of those third parties are now refusing to comply with their obligations under the subpoenas. Please immediately produce copies of all correspondence between Tatung and any of the third parties on which LPL has served subpoenas to the extent that those communications pertain to the issues in this case and, particularly, LPL's subpoenas. As you know, we have already submitted a motion seeking expedited review of Tatung's interference with LPL's third party subpoenas, including Tatung's lack of standing to file motions relating to LPL's appropriate third party subpoenas. We intend to raise this issue with the Special Master as soon as possible.

    Additionally, although we specifically discussed and objected to Tatung's expressed intent to file motions for protective orders concerning LPL's subpoenas on an *ex parte* basis, you have done so anyway. We also received this afternoon service copies of several such motions that were filed last week, but served on us only via regular mail, even though you are obviously aware of our contact information. One of the principal reasons that we object to Tatung filing its motions without providing proper and prior notice to LPL is that LPL now has no way of knowing when Tatung filed its motions, when Tatung sought to schedule its expedited hearings on those motions, or when LPL must submit any responsive briefing. To further highlight the severity of this problem, you have scheduled three separate hearings – that we know about – for the morning of March 15 in New Jersey, Illinois and Massachusetts. (With respect to the matter in Massachusetts, the clerk there seemed to think that Tatung's hearing request was the result of a stipulation among the parties which, as you know, it was not.)

DC:50466286.1

Valarie W. Ho, Esq.
March 12, 2007
Page 2

     Tatung never conferred with us about any hearing dates or times for any of the motions that it has filed. Your motion practice, which did not commence until fully three weeks after LPL served its subpoenas, also happens to coincide with the time that LPL is to begin deposing Tatung's witnesses in California and happens to have commenced with just three weeks remaining in the main fact discovery period. Tatung's efforts to derail LPL's third party discovery by obfuscation and delay are precisely the problems that LPL addressed in its motion to the Special Master on March 9 and LPL will advise the Special Master of these additional developments as soon as possible.

     We insist that Tatung immediately provide LPL with a list of all of the subpoenas that it is challenging by filing motions for protective orders and a list of all hearing dates and times that Tatung has unilaterally arranged. Further, we insist that Tatung immediately provide LPL with electronic service copies of everything that it has filed or will file in relation to LPL's third party subpoenas.

                                                     Sincerely,

                                                     Cormac T. Connor

cc:    Frank Meredith, Esq. (via email)
        Mark Krietzman, Esq. (via email)
        Steve Hassid, Esq. (via email)

| Atlanta | **McKenna Long** | San Diego |
| Denver | **& Aldridge** LLP | San Francisco |
| Los Angeles | Attorneys at Law | Washington, DC |
| Philadelphia | 1900 K Street, NW • Washington, DC 20006 | Brussels |
| | 202.496.7500 • Fax: 202.496.7756 | |
| | www.mckennalong.com | |

SHARI L. KLEVENS  
(202) 496-7612

EMAIL ADDRESS  
sklevens@mckennalong.com

March 15, 2007

**VIA E-MAIL**

Ms. Charlene Oh  
Greenberg Traurig LLP  
2450 Colorado Ave, Suite 400E  
Santa Monica, California  90404

   Re: **LG.Philips LCD Co., Ltd. v. ViewSonic Corp, et al.;**  
     **USDC Case No. 04-343 JJF**

Dear Charlene:

  This morning, I spoke with Don Fischbach of Baker, Manock, & Jensen, who represents Pelco regarding the third party subpoena served on Pelco by LPL in the referenced action.  Prior to this call, Mr. Fischbach had informed me that Pelco would work with LPL and would produce all documents responsive to LPL's subpoena, other than its highly sensitive confidential documents, which are the subject of a motion to quash filed by Pelco.  As such, Mr. Fischbach was prepared to produce to LPL, by FedEx yesterday afternoon, the majority of its responsive documents, which comprise approximately 10 inches of documents.

  However, this morning, Mr. Fischbach informed me that he received a phone call from you yesterday afternoon regarding Tatung's Motion for Protective Order and that you forwarded him a copy of the Motion as well.  Evidently, during your call with Mr. Fischbach, you informed him that the discovery in the case should be limited to accused products and you referenced a matter pending before the Special Master in Delaware.  Mr. Fischbach expressed strong concern that if Pelco produces its documents, it might be in violation of a court order in Delaware.  Even though I advised Mr. Fischbach that no order in Delaware prohibited the production of its documents, Mr. Fischbach is not comfortable producing the responsive documents at this time.  Mr. Fischbach further stated that you forwarded him a copy of the decision from the Southern District of Florida granting Tatung's Motion ex parte.  However, Mr. Fischbach had no idea that the decision had been granted ex parte, before LPL received the Motion, nor that LPL is challenging that decision.  I informed Mr. Fischbach of LPL's Motion for Reconsideration of that decision, which was filed yesterday.  As a result of your phone call with Mr. Fischbach, Pelco

DC:50466940.1

Ms. Charlene Oh
March 15, 2007
Page 2

recalled its package from FedEx yesterday and is now withholding all of its responsive documents.

    Tatung's conduct, including your call to Mr. Fischbach, is improperly interfering with LPL's legitimate third party discovery. If Tatung wants to object to LPL's use of any information at trial, it may do so at the appropriate time. However, it is clearly improper to suggest to a third party that it should not produce documents in response to a valid subpoena or that producing such documents may violate a court order. Please note that we will raise these issues with the Special Master during the hearing tomorrow.

                                        Sincerely,

                                        Shari L. Klevens

DC:50466940.1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 15, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on March 15, 2007, and will be sent by hand on March 15, 2007, and were sent by email on March 15, 2007, and will be sent by first class mail on March 15, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1