# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

March 15, 2007

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

Defendants Tatung Company and Tatung Company of America (collectively, the "Tatung Defendants") oppose Plaintiff LG. Philips LCD Co., Ltd.'s ("LPL") motion to extend the deadline for third party discovery. Unfortunately, LPL's motion is based mostly on mischaracterizations of the record.

As Your Honor will recall, earlier this year, LPL sought to extend the third party discovery cutoff on multiple occasions. On each of those occasions, Your Honor denied LPL's request to prolong discovery. Having delayed seeking third party discovery until the eve of the discovery cutoff in the hopes that the Court would extend the deadline, LPL now tries to use the Tatung Defendants' properly filed motions for protective order as an excuse to seek another extension.

LPL waited until mid to late February 2007 to issue 23 subpoenas out of approximately 16 different districts to the Tatung Defendants' customers. It could have issued these subpoenas in January or early February 2007, but it did not do so. For example, the subpoena to Radio Shack was issued on February 26, 2007. (*See* LPL's Subpoena to RadioShack Corporation, attached hereto as Exhibit A). Contrary to LPL's suggestion that it did not know the Tatung Defendants would be filing motions for protective order until March 5, 2007, **the Tatung Defendants in fact asked for a meet and confer on February 27, 2007 regarding LPL's subpoenas to their customers and the anticipated motions for protective order. In an obvious attempt to "run down the clock", LPL's counsel responded that they were not available for a meet and confer until March 5, 2007, the return date on the subpoenas for the production of documents.** LPL sought to further delay the filing of the motions by asking the Tatung Defendants to provide relevant case law and suggesting that it may be willing to narrow the scope

The Honorable Vincent J. Poppiti
March 15, 2007
Page 2

of the subpoenas. After the Tatung Defendants provided the relevant case law, **LPL finally indicated on March 6, 2007 that it was unwilling to narrow or modify any of its subpoenas.** Because the depositions were noticed for mid to late March, the Tatung Defendants indicated that they may not have sufficient time to file regularly noticed motions under the local rules of the various districts, and informed LPL that they may have to seek expedited relief. The Tatung Defendants stated that they would provide, and in fact have provided, notice of these motions to LPL. (*See* Letter from Valerie Ho to Cormac Connor, dated February 27, 2007, and email correspondence between the same, dated March 5-7, 2007, attached hereto as Exhibit B) The Tatung Defendants filed their first motions on March 9, 2007 - three days after LPL indicated that it was unwilling to modify the subpoenas. In short, any supposed delay associated with third party discovery was caused by LPL, not the Tatung Defendants.

What is even more striking is that while LPL is asking this Court to continue third party discovery on the grounds that it does not have sufficient time to complete this discovery, it is at the same time opposing in the other districts the Tatung Defendants' requests for expedited hearings. (*See* LPL's Opposition to Tatung's Motion for Expedited Hearing, dated March 14, 2007, attached hereto as Exhibit C) Again, LPL is creating the very delay that it is using as a basis for extending third party discovery.

LPL has repeatedly argued that the Tatung Defendants do not have standing to file motions for protective order. LPL apparently cites Rule 45 for this proposition, but the Tatung Defendants have repeatedly informed LPL (including during the meet and confer) that they are filing the motions under Rule 26(c). As a party in this case whose confidential information is being sought by way of subpoenas issued to third parties, the Tatung Defendants clearly have standing to file motions for protective order. *See, e.g.*, Fed. R. Civ. Proc. 26(c); *Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Assoc.*, 38 F. Supp. 2d 1202, 1206 n. 3 (D. Or. 1999), *rev'd on other grounds*, 218 F.3d 1085 (9th Cir. 2000) (noting that FRCP 26(c) "expressly gives" a party standing to challenge third party subpoenas); *see also, In re Ashworth, Inc. Securities Litigation*, 2002 WL 33009225 at * 1 (S.D. Cal. 2002) (finding that under FRCP 26, defendants have standing to seek a protective order in connection with a third party subpoena); *Springbook Lenders v. Northwestern Nat'l Ins. Co.*, 121 F.R.D. 679, 680 (N.D. Cal. 1988) (citing FRCP 26(c) for the proposition that "[Defendant] does have standing to object to [Plaintiff's] subpoena of a third party"). In fact, Mr. Kirk's March 13, 2007 response to Mr. Cottrell's email to Your Honor from this week essentially conceded that the Tatung Defendants have standing to file these motions, but LPL made no attempt to revise its motion to Your Honor in which it mistakenly argued that the Tatung Defendants have no standing.

As to additional items, the Tatung Defendants have not impeded third party discovery. In fact, it is important to note that their motions for protective order do not seek to bar all discovery from third parties. The motions merely seek to limit the document requests and deposition topics to the accused products. The subpoenas currently seek technical, customer, and pricing information regarding all visual display products made or sold by the Tatung Defendants. (*See, e.g.*, Exhibit A hereto)

As for LPL's request that the Tatung Defendants list the parties they have contacted regarding the motions for protective order, LPL cites no case law to support this request. The Tatung Defendants are entitled to inform their customers that they are filing motions for protective order in connection with the subpoenas. Moreover, LPL itself has had numerous communications with subpoenaed parties and have

The Honorable Vincent J. Poppiti
March 15, 2007
Page 3

not provided those communications to the Tatung Defendants.

As to LPL's request that the Tatung Defendants provide notice regarding the motions, this is a red herring. The Tatung Defendants have provided notice to LPL of all the motions filed, including email and mail notice. As Mr. Kirk's letter conceded, counsel for LPL was served with the motions. LPL's main complaint appears to be that Ms. Shari Klevens, another attorney with the McKenna firm, was not one of the email recipients. Ms. Klevens, however, was not on the original service list and counsel for the Tatung Defendants simply were not aware of Ms. Klevens' role in this case. Moreover, LPL does not explain why its many other attorneys did not simply forward to Ms. Klevens the emails regarding the motions for protective order. In any event, Ms. Klevens has since been added to the service list. On March 12, 2007, the Tatung Defendants also provided a chart to LPL detailing the various motions that were filed and the hearing dates schedule. (*See* Chart of Motions for Protective Order Regarding Third Party Subpoenas, attached hereto as Exhibit D)

Finally, LPL completely failed to meet and confer in good faith regarding this motion. Although the parties met and conferred in January and February regarding LPL's prior requests to extend third party discovery, the parties have never met and conferred about this latest motion.

Accordingly, LPL's motion should be denied in its entirety.

Respectfully,

Anne Shea Gaza
(#4093)

ASG/afg
cc:  Clerk of Court (via CM/ECF)
     Richard Kirk, Esquire (via electronic mail)
     Cormac T. Connor, Esquire (via electronic mail)
     Mark Krietzman, Esquire (via electronic mail)
     Scott R. Miller, Esquire (via electronic mail)
     Jeffrey B. Bove, Esquire (via electronic mail)