# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET

ANNE SHEA GAZA

WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

March 15, 2007

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

    Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

    Your Honor has established procedures and a schedule for motions addressing discovery disputes in this action. While Your Honor has accommodated the parties by hearing various pressing issues on a somewhat informal and expedited basis, we do not believe that the meet and confer requirement has been obviated. However, LG Philips LCD Co., Ltd. ("LPL") has reverted to filing letters on nearly a daily basis that amount to nothing more than a running commentary on its perception of discovery compliance by the defendants. There has been no effort to meet and confer or otherwise vet LPL's assertions before they are presented to Your Honor. Most of the LPL's complaints are completely groundless and arise as a result of misunderstandings about what has been produced and what has not. The legitimate complaints, from the Tatung Defendants' vista, have been resolved. Nevertheless, the barrage of correspondence from LPL creates the false impression that the Tatung Defendants have not complied with their discovery obligations. The Tatung Defendants respectfully request that Your Honor require that all parties meet and confer in good faith to resolve discovery issues before presenting them on an emergency or any other basis.

    Mr. Kirk's letter of March 14, 2007, is an example of the waste of time and misimpression that can be created by presenting complaints without first discussing and attempting to resolve them with opposing counsel on a good faith basis. Each of the "points" raised by Mr. Kirk are addressed by the number and topic set forth in the March 14, 2007 letter.

The Honorable Vincent J. Poppiti
March 15, 2007
Page 2

1.  Sales-Related Reports

The Global Monthly Sales Reports do not report monitor or television sales in the United States by model number. This Report lists the volume of sales by size of product on a worldwide basis. It is not linked to accused products sold by retailers and resellers in the United States and, thus, its production is subject to the Tatung Defendants' objection that confidential information not linked to accused products is not relevant, will not lead to the discovery of admissible evidence and should not be produced. It is well established that there can be no infringement of United States patents unless an accused infringer has made, used, sold, or offered for sale the allegedly infringing product in the United States or has induced someone else to make, use, sell or offer for sale the allegedly infringing product in the United States.

Mr. Tsou, a *Tatung Company of America, Inc.* ("Tatung America") employee, testified correctly about Tatung America's practices regarding sales-related reports. Moreover, Tatung America has already produced to LPL the sales information by model and quantity for all products. Sales information by customer has also been provided for accused products. AS LPL has been advised, however, such reports are not available at *Tatung Company*.

2.  Profit Information

Tatung Company does not compute profit information by product. Tatung America does compute profit information by product and this information has been provided to the extent it is available for accused products.

3.  Product Plans and Road Maps

Mr. Jackson Chang testified that the "product plan" and "product roadmap" are part of the presentation materials referenced below. The 2007 document that was produced indicates that Tatung Company hopes to sell products in the European and United States markets. While LPL was aware of this document, it did not to question Mr. Chang or Mr. Calvin Ho about it even though LPL had plenty of time to do so.

4.  Presentations

Mr. Chang's Power Point Presentation on his computer, which was referred to in his deposition, is for EMEA (Europe Middle East/Africa) and is not relevant to any claims or defenses in this case. Nevertheless, Tatung Company is searching for additional presentations and will produce any non-privileged, responsive presentations.

The Honorable Vincent J. Poppiti
March 15, 2007
Page 3

5.  Compliance with Regulations

None of the accused products require FCC approval. Accordingly, no FCC approvals were obtained and, therefore, there were no FCC approvals to produce. LPL does not dispute that UL compliance documents were produced.

6.  License Agreements

We have been unable, due to time differences, to obtain the ITRI license, but will produce the ITRI license as soon as it becomes available.

7.  Relevant Communications with Customers

Tatung Company has produced the documents in these categories that reference accused products. With respect to the three new accused products identified in LPL's most recent supplemental interrogatory responses served on or about March 2, 2007, Tatung Company is still searching for any responsive communications that pertain to these products. Any responsive documents will be produced as soon as possible.

Respectfully,

Anne Shea Gaza
(#4093)

ASG/afg
cc:   Clerk of Court (via CM/ECF)
      Richard Kirk, Esquire (via electronic mail)
      Cormac T. Connor, Esquire (via electronic mail)
      Mark Krietzman, Esquire (via electronic mail)
      Scott R. Miller, Esquire (via electronic mail)
      Jeffrey B. Bove, Esquire (via electronic mail)

RLF1-3127461-1