# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

March 16, 2007

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

I write to supplement the record regarding third party discovery and enclose for Your Honor's review and consideration a letter from Charlene Oh of Greenberg Traurig to Shari Klevens, Esquire of McKenna Long and Aldridge, dated March 16, 2007.

Respectfully,

Anne Shea Gaza
(#4093)

ASG/afg
cc:   Clerk of Court (via CM/ECF)
      Richard Kirk, Esquire (via electronic mail)
      Cormac T. Connor, Esquire (via electronic mail)
      Mark Krietzman, Esquire (via electronic mail)
      Scott R. Miller, Esquire (via electronic mail)
      Jeffrey B. Bove, Esquire (via electronic mail)

RLF1-3127761-1

# Greenberg Traurig

Charlene Oh
Tel. 310.586.6585
Fax 310.586.7800
ohc@gtlaw.com

March 16, 2007

**VIA EMAIL**

Ms. Shari Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Re: *LG.Philips LCD, Co., Ltd. v. Tatung Company et al.*
U.S. District Court Case No. 04-343 JJF

Dear Shari:

I write in response to your letter of March 15, 2007 and in regard to a telephone conversation I had with Mr. Donald Fischbach of Baker, Manock & Jensen (counsel for Pelco) on March 14, 2007. Your letter contains a very serious accusation of improper conduct. The "facts" on which you base your accusation are completely false.

Your letter states that "it is clearly improper to suggest to a third party that it should not produce documents in response to a valid subpoena or that producing such documents may violate a court order."

1. **Neither I nor any of Tatung's lawyers have suggested, encouraged, or otherwise instructed third parties not to respond to LPL's subpoenas.**

During my conversation with Mr. Fischbach, I was informed that: (a) Pelco served timely objections to LPL's subpoena; (b) Pelco had attempted to informally resolve its concerns regarding the impropriety of LPL's subpoena; however, your offer to revise the discovery requests failed to satisfactorily address Pelco's concerns; (c) Pelco therefore moved to quash LPL's subpoena on March 7, 2007 in the Eastern District of California. That motion to quash is scheduled for hearing on Monday, March 19, 2007.

As I am sure you are aware, under Rule 45(C) of the Federal Rules of Civil Procedure, once a subpoenaed party serves objections, its obligation to produce documents is suspended. Mr. Fischbach was, of course, aware of this rule, and told me that Pelco had nevertheless decided to produce a very limited number of documents, with production date set for Thursday,

LA 126749350v1 3/16/2007

Greenberg Traurig, LLP | Attorneys at Law | Los Angeles Office | 2450 Colorado Avenue | Suite 400E | Santa Monica, CA 90404 | Tel 310 586 7700 | Fax 310 586.7800 | www.gtlaw.con

Shari Klevins
March 16, 2007
Page 2

---

March 15. I requested that if Pelco were to produce any documents on that date to LPL, that Tatung be given courtesy copies. Mr. Fischbach agreed to this request.

Yesterday afternoon (March 15), I received a voicemail from Mr. Fischbach indicating that Pelco had decided to postpone its scheduled document production and <u>wait until Monday for the Court's ruling on Pelco's motion to quash</u>. He indicated that Pelco would be ready to produce if, and as soon as, the Court orders it on Monday. Your statement that "[a]s a result of your phone call with Mr. Fischbach, Pelco recalled its package from FedEx yesterday and is now withholding all of its responsive documents" is therefore <u>an incorrect assumption</u> you made, and is not an appropriate basis on which to accuse opposing counsel of improper conduct.

Counsel for Tatung is certainly entitled to contact the subpoenaed parties who are Tatung's customers, inform them of Tatung's motions for protective order, and attempt to cooperate, just as you have had frequent contact with the subpoenaed parties in an effort to inform them of LPL's arguments and ask for their cooperation.

2.  **Whether or not LPL's third party discovery is "valid" and "legitimate" is an issue currently before the Eastern District of California as well as a dozen other district courts.**

Your accusation that I acted improperly by "suggesting" that Pelco not comply with a "valid" subpoena mischaracterizes the facts. As you are aware, both Pelco (the subpoenaed party) and Tatung are independently seeking relief, in two separate proceedings (a motion to quash and a motion for protective order), from what both deem an invalid and improper subpoena.

Moreover, it was entirely proper to inform Mr. Fischbach, and forward a copy, of the Southern District of Florida's order granting relief in connection with a nearly identical subpoena. That order, which remains in effect, is further evidence that the "validity" of LPL's subpoenas is questionable. Indeed, two other district courts have since ruled in Tatung's favor.

3.  **Neither I nor any of Tatung's lawyers have asserted that a third party's compliance with LPL's subpoena would "violate a court order."**

I made no such statement to Mr. Fischbach. As you are surely aware, Tatung's motions for protective orders assert that LPL's third party discovery tactics are an improper attempt to circumvent an *impending decision* from the Special Master on the discoverability of highly confidential information regarding unaccused products.

Shari Klevins
March 16, 2007
Page 3

---

    I provided Mr. Fischbach with a copy of Tatung's motion for protective order. Given that Tatung's motion is premised on the fact that an order from the Delaware Special Master is shortly *forthcoming*, it is both false and illogical to suggest that I told Mr. Fischbach that complying the subpoena would "violate a court order."

    Your letter is not based on any accurate facts but rather on self-serving assumptions. The fact that LPL immediately forwarded your letter to the Special Master without waiting for a response from me (as you know, I have been in depositions the last two days) is further evidence that LPL is manufacturing claims of wrongful conduct in order to prejudice the Tatung Defendants. In the future, please make sure you have all of the facts before suggesting that opposing counsel has engaged in improper conduct.

                                  Sincerely,

                                  Charlene Oh