# EXHIBIT 1

Case 1:04-cv-00343-JJF   Document 591-2   Filed 03/16/2007   Page 1 of 3

Atlanta

Denver

Los Angeles

Philadelphia

# McKenna Long & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

CORMAC T. CONNOR
(202) 496-7439

EMAIL ADDRESS
cconnor@mckennalong.com

September 29, 2006

**VIA E-MAIL AND U.S. MAIL**

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles, CA 90071
smiller@cblh.com

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
U.S. District Court Case No. 04-343 JJF

Dear Scott:

In its Supplemental Responses, ViewSonic offered to sell samples of its products to LPL. During our negotiations on September 22, we asked ViewSonic to provide a list of the products that are available and the prices for each. On September 28, you sent us a letter in which you informed us that the list of available products can be found at the website *http://store.viewsonic.com.*

We are familiar with ViewSonic's website and, in fact, have examined it thoroughly in our efforts to independently obtain ViewSonic products. ViewSonic's website, however, offers only a small fraction of the products about which LPL is interested. Specifically, of the 216 model numbers listed in ViewSonic's supplemental response to Interrogatory 2, only 30 monitors (22 LCD displays and eight LCD televisions) are listed on ViewSonic's website. Of those that are listed, only 14 (seven LCD displays and seven LCD televisions) are listed as available or "in stock." Furthermore, four of the LCD televisions listed for sale on ViewSonic's website are not identified in ViewSonic's response to Interrogatory 2: N2060w, N3260w, N3760w and N4060w. Accordingly, barely 6% of the products listed in ViewSonic's response are available for sale on ViewSonic's website.

If this is the best that ViewSonic can do, then its offer to allow LPL to purchase samples of its products is neither feasible nor responsive to LPL's discovery requests. LPL's pending motion to compel seeks an order compelling responses to the very same document requests for which ViewSonic offered to sell products to LPL. (*See* Doc. Reqs. 2, 3, 46 & 47.) Unless ViewSonic can provide LPL with a comprehensive listing of products, LPL will simply allow the

Scott R. Miller
September 29, 2006
Page 2

Special Master to resolve this issue, as the relevant Document Requests have already been raised in LPL's pending motions to compel.

Sincerely,

Cormac T. Connor
*(Admitted only in Colorado. Supervised by
Lora A. Brzezynski, a member of the D.C. Bar.)*

CTC:vvk

cc: Tracy Roman    (via email)
    Manual Nelson  (via email)

DC:50435989.1