## Gaza, Anne

| | |
|---|---|
| **From:** | Gaza, Anne |
| **Sent:** | Monday, March 19, 2007 5:13 PM |
| **To:** | Dick Kirk; Cottrell, Frederick; Jaclyn M. Mason; jbove@cblh.com; jheisman@cblh.com |
| **Cc:** | Christenson, Cass; meridethf@gtlaw.com; hov@gtlaw.com; krietzmanm@gtlaw.com |
| **Subject:** | RE: LG Philips LCD Co., Ltd. v. Tatung Company, et al., C.A. No. 04-343-JJF |

While we had hoped to not have to burden the Court with an issue we believe was squarely addressed by Ms. Ho's declaration, we will plan to discuss these issues with the Special Master this evening.

Best regards,
Anne


Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER
Phone: (302) 651-7539
gaza@rlf.com



-----Original Message-----
From: Dick Kirk [mailto:rkirk@bayardfirm.com]
Sent: Monday, March 19, 2007 5:06 PM
To: Gaza, Anne; Cottrell, Frederick; Jaclyn M. Mason; jbove@cblh.com; jheisman@cblh.com
Cc: Christenson, Cass; meridethf@gtlaw.com; hov@gtlaw.com; krietzmanm@gtlaw.com
Subject: RE: LG.Philips LCD Co., Ltd. v. Tatung Company, et al., C.A. No. 04-343-JJF

Anne:

We think that with depositions continuing it would be useful to get the Special Master's guidance. Ms. Ho's declaration does not completely answer our concerns. If you feel that you need to bring parts of the Kim deposition to the Special Master's attention, I believe he has the entire transcript already.

Dick Kirk



-----Original Message-----
From: Gaza, Anne [mailto:gaza@RLF.com]
Sent: Monday, March 19, 2007 4:23 PM
To: Dick Kirk; Cottrell, Frederick; Jaclyn M. Mason; jbove@cblh.com; jheisman@cblh.com
Cc: Christenson, Cass; meridethf@gtlaw.com; hov@gtlaw.com; krietzmanm@gtlaw.com
Subject: RE: LG.Philips LCD Co., Ltd. v. Tatung Company, et al., C.A.
No. 04-343-JJF
Importance: High

Dick,

Having reviewed your email below, we believe that you are generally correct in your understanding of deposition practice in Delaware. Even in Delaware, however, we sometimes will go beyond merely "objection as to form" and add something short like: compound question, asked and answered etc.... However, we agree that any comments made by the defending attorney must be very short and that coaching a witness is strictly prohibited. Notably, Mr. Bono has engaged in a practice of making numerous objections where he goes beyond merely stating "Objection, Form" while defending LPL witnesses. See, e.g., 2/28 Kim transcript, pages 10-27.

Of course, when discussions happen between counsel and the witness during breaks in a deposition, if the witness is being coached or asked to change answers, then the court may allow questions into what was actually discussed between counsel and the witness during the break.

1

That was not the case, however, during Mr. Kevin Ho's deposition and I have attached a declaration from Valerie Ho addressing the circumstances surrounding her instruction to Mr. Ho that he not answer a particular question posed to him by Mr. Christenson.

In light of Ms. Valerie Ho's declaration, we request that you withdraw your objections to Mr. Ho's deposition and cancel the hearing for this evening. Given the timing, please let me know whether you will withdraw your objections by 5 p.m. EST so that we can take appropriate steps, if necessary, to put the complete record before the Special Master, including, but not limited to, Mr. Bono's behavior during the deposition of Mr. Kim.

I look forward to hearing from you.

Best regards,
Anne

Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER
Phone: (302) 651-7539
gaza@rlf.com


------------------------------------------------------------
Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.

The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

------------------------------------------------------------


From: Dick Kirk [mailto:rkirk@bayardfirm.com]
Sent: Monday, March 19, 2007 11:33 AM
To: Cottrell, Frederick; Gaza, Anne; Jaclyn M. Mason; jbove@cblh.com; jheisman@cblh.com
Cc: Christenson, Cass
Subject: LG.Philips LCD Co., Ltd. v. Tatung Company, et al., C.A. No. 04-343-JJF

Dear counsel:

Judge Poppiti charged us to discuss deposition behavior with our respective teams.

When Judge Poppiti refers to Delaware cases governing attorney and witness behavior at depositions, I believe he is referring to Tuerkes-Beckers, Inc. v. New Castle Associates, 158 F.R.D. 573 (D.Del. 1993), a decision by Judge McKelvie; Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. Pa. 1993), a decision by Judge Gawthrop of the Eastern District of Pennsylvania that is known to and has been applied by the Judges of the District of Delaware; and In Re: Asbestos Litigation, 492 A.2d 256 (Del.Super. 1985), a decision by Judge Poppiti while he was on the Superior Court.

I think a fair summary of Delaware deposition practice is this:

First, an attorney defending a deposition should state objections succinctly, for example by saying only "objection, form." It is not proper to make an objection that suggests a response to the witness.

Second, an attorney defending a deposition may only instruct a witness not to answer a

2

question (1) when the answer will reveal a privileged communication or (2) when the attorney intends to terminate the deposition and seek a ruling from the court about the area of inquiry.

Third, an attorney defending a deposition may not consult with the witness during a break or continuance of the deposition about the testimony already given or anticipated to be given. At the resumption of a deposition following a break or continuance, the questioner may inquire of the witness whether any such consultation has occurred and with whom it has occurred (without inquiring into the specifics of the consultation if any did occur).

Do you have a different view of what is considered proper practice for depositions in Delaware cases?

These are the subjects that I expect to come up during today's teleconference.


Dick Kirk

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, Delaware 19801
Main: (302) 655-5000
Direct: (302) 429-4208
Fax: (302) 658-6395
rkirk@bayardfirm.com

------------------------------------
IRS Circular 230 DISCLOSURE:
Notice regarding federal tax matters: Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.
------------------------------------
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

3