# EXHIBIT B

Case 1:04-cv-00343-JJF   Document 597-3   Filed 03/21/2007   Page 1 of 18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

L.G. PHILIPS LCD CO., LTD.,

        Plaintiff,

v.

TATUNG CO., et al.,

        Defendants.

No. C07-398 MJP

ORDER

    This matter comes before the Court on Defendant Tatung Company and Tatung Company of America, Inc.'s motion for a protective order limiting the scope of a third-party deposition and subpoena and request for an expedited hearing. (Dkt. No. 1).

    This dispute involves a deposition notice and subpoena issued in this district and served on third-party Amazon.com in connection with a patent infringement lawsuit pending in the United States District Court for the District of Delaware. Defendants filed a motion for protective order limiting discovery from Amazon.com. Plaintiff has requested that the Court formally transfer this dispute to the District of Delaware. (Dkt. No. 3 at 6-7). In their Reply, Defendants state that they do not oppose the transfer. (Dkt. No. 5 at 3).

    The Court has the authority to transfer this matter to the court where the main action is pending. See In re Digital Equipment Corp., 949 F.2d 228, 231 (8th Cir. 1991); Fed. R. Civ. P. 26(c) advisory committee's note ("The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending."). Because the Delaware Court is in a better position to evaluate this dispute in light of the history of the discovery disputes between these parties and the facts at issue in the main case, and because neither party

ORDER - 1

1  opposes the transfer, the Court orders that this case be transferred to the United States District Court
2  for the District of Delaware.

3      The Clerk is directed to prepare all necessary materials and transfer them as expeditiously as
4  possible to the United States District Court for the District of Delaware. The Clerk is also directed to
5  send copies of this order to all counsel of record.

6      Dated this 20th day of March, 2007.

                                                Marsha J. Pechman
                                                United States District Judge

ORDER - 2

## Pouratian, Debbie (Assoc-LA-LT)

| | |
|---|---|
| **From:** | Ho, Valerie W. (Shld-LA-LT) |
| **Sent:** | Monday, March 19, 2007 4:50 PM |
| **To:** | Krietzman, Mark H. (Shld-LA-IP); Merideth, Frank (Shld-LA-LT); Hassid, Steve (Assoc-LA-IP); Oh, Charlene L. (Assoc-LA-LT); Pouratian, Debbie (Assoc-LA-LT); Secondo, Michael (Para-LA-LT) |
| **Subject:** | FW: Activity in Case 2:07-cv-01614-DDP-AJW L G Phiilips LCD Co Ltd v. Tatung Company et al "Discovery Hearing" |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

---

**From:** cacd_ecfmail@cacd.uscourts.gov [mailto:cacd_ecfmail@cacd.uscourts.gov]
**Sent:** Monday, March 19, 2007 4:17 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:07-cv-01614-DDP-AJW L G Phiilips LCD Co Ltd v. Tatung Company et al "Discovery Hearing"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

## CENTRAL DISTRICT OF CALIFORNIA

Notice of Electronic Filing

The following transaction was received from yb, entered on 3/19/2007 at 4:16 PM PDT and filed on 3/19/2007
**Case Name:**     L G Phiilips LCD Co Ltd v. Tatung Company et al
**Case Number:**   2:07-cv-1614
**Filer:**
**Document Number:** 9

**Docket Text:**
MINUTES OF Discovery Hearing held before Andrew J. Wistrich RE: EX PARTE APPLICATION for Order for protective order limiting scope of subpoena serve on thrid party Ingram Micro Inc[1], EX PARTE APPLICATION for Protective Order[5], EX PARTE APPLICATION for Protective Order[4], EX PARTE APPLICATION for Protective Order[6], EX PARTE APPLICATION for Protective Order [7].In the interests of the just, speedy and inexpensive detemination of this action, the motions are transferred to the District of Delawre so that they may be resolved by the court in which the underlying action is pending, Counsel are directed to confer no later than March 21, 2007, in a sincere effort to resolve what little remains on this dispute by negotiation without further judicial involvement. Tape #: 03-19-07. (yb, )

The following document(s) are associated with this transaction:

3/20/2007

**2:07-cv-1614 Notice will be electronically mailed to:**

Frederick A Clark    fclark@mckennalong.com

Valerie W Ho    hov@gtlaw.com

Mark H Krietzman    krietzmanm@gtlaw.com

Frank E Merideth , Jr    meridethf@gtlaw.com

Charlene Lee Oh    ohc@gtlaw.com

**2:07-cv-1614 Notice will be delivered by other means to:**

Lora Brzezynski
McKenna Long & Aldridge
1900 K St NW, Ste 100
Washington, DC 20006

Cormac T Connor
1900 K Street NW
Washington, DC 20006

Shari L Klevens
McKenna Long & Aldridge
1900 K St NW, Ste 100
Washington, DC 20006

3/20/2007

# EXHIBIT C

Case 1:04-cv-00343-JJF   Document 597-3   Filed 03/21/2007   Page 6 of 18

# Greenberg
# Traurig

February 27, 2007

**Via E-Mail and U.S. Mail**

Cormac T. Connor
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

    Re: *LG.Philips LCD Co., Ltd. v. Tatung Company et al.*
         **U.S. District Court Case No. 04-343 JJF**

Dear Cormac:

    I write in regard to LPL's subpoenas to Planar Systems, CTX Technologies, Tatung Science and Technology Inc., Edward Service, Ingram Micro, eMachines, Wal-Mart Stores Inc., Avnet Inc., Sensormatic, Tyco International, Tri-Ed Distribution, CLI, Medion USA, TMX Logistics, American Dynamics, Best Buy, Radio Shack, Safeway, Amazon.com Inc., Gateway Inc., Sam's Club, Tweeter Home Entertainment, CompUSA Inc., and Pelco (the "subpoenas").

    As previously discussed, one of the issues currently pending before Special Master Poppiti is whether the Tatung Defendants are required to produce documents, including highly confidential agreements and communications with their customers, that do not pertain to the products LPL has accused in this case. While the Special Master has not yet rendered a decision on this issue, we do expect a decision from him shortly.

    The subpoenas served by LPL are attempts to circumvent a potential ruling that may be favorable to the Tatung Defendants. LPL has subpoenaed the aforementioned entities for broad categories of confidential, commercially sensitive information relating to the Tatung Defendants' business relationships with these entities and has made no attempt to limit the information sought to the accused products at issue. As such, LPL's subpoenas to the Tatung Defendants' customers appear to serve no legitimate purpose and are merely calculated to harass. Please be advised that the Tatung Defendants object to all Topics and Document Requests on the grounds that they are not limited to the accused products and seek confidential, proprietary, trade secret information belonging to the Tatung Defendants. The deposition topics and document requests are overly broad and seek information that is not relevant to any claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. The topics and document requests are also overly broad because they are not limited as to time.

Cormac T. Connor, Esq.
February 27, 2007
Page 2

      Unless the parties can reach an immediate agreement regarding the scope of the subpoenas, we intend to file motions for protective orders. Please advise regarding your availability for a meet and confer. We are available in the late afternoon on Wednesday, February 28, 2007, or anytime on Thursday, March 1 or Friday, March 2, 2007.

Very truly yours,

Valerie W. Ho

cc:    Rel Ambrozy (via email)
        Lora Brzezynski (via email)
        Richard Kick (via email)
        Scott Miller (via email)
        Jeffrey Bove (via email)
        James Heisman (via email)
        Tracy Roman (via email)
        Anne Gaza (via email)
        Frank Merideth (via email)
        Mark Krietzman (via email)
        Steve Hassid (via email)

**Pouratian, Debbie (Assoc-LA-LT)**

| | |
|---|---|
| **From:** | Ho, Valerie W. (Shld-LA-LT) |
| **Sent:** | Wednesday, March 07, 2007 3:06 AM |
| **To:** | 'cconnor@mckennalong.com' |
| **Cc:** | 'cchristenson@mckennalong.com'; 'rambrozy@mckennalong.com'; 'lbrzezynski@mckennalong.com'; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Hassid, Steve (Assoc-LA-IP) |
| **Subject:** | Re: 3/5 meet-and-confer |

Your suggestion that the Tatung Defendants have known about LPL's improper subpoenas since January is wrong. LPL did not serve its various batches of subpoenas until mid to late February. We never met and conferred regarding the subpoenas at issue in January because those subpoenas had not even been issued by LPL at the time. Your resentment aside, the record speaks for itself.

The case law you cite is irrelevant.

We will proceed with our motions.

Valerie Ho
-----------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Connor, Cormac <cconnor@mckennalong.com>
To: Ho, Valerie W. (Shld-LA-LT)
Cc: Christenson, Cass <cchristenson@mckennalong.com>; Ambrozy, Rel <rambrozy@mckennalong.com>; Brzezynski, Lora <lbrzezynski@mckennalong.com>; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Hassid, Steve (Assoc-LA-IP); Ho, Valerie W. (Shld-LA-LT)
Sent: Tue Mar 06 08:49:18 2007
Subject: RE: 3/5 meet-and-confer

We obviously continue to disagree. LPL will not withdraw or modify its subpoenas as they are entirely proper and seek relevant material. Further, the subpoenas are not limited to discovery disputed by Tatung and seek substantial information that is separate and apart from any motions pending before the Special Master.


Also, your email was the second time yesterday that you insinuated that I am or LPL is somehow using the meet-and-confer process "merely as a delay tactic." As I told you during our call yesterday, I resent your baseless insinuation that I am or LPL is acting in bad faith, particularly as I have been asking you to provide legal authority to support your demands since at least our meet-and-confer on January 30, more than one month ago. Now, after your own delay and inaction, you are trying to use the press of our March 30 discovery deadline as an excuse to proceed against LPL on an ex parte basis. Further, although I specifically requested that you explain why Tatung thinks it should be permitted to file motions without first providing notice to LPL, you have not done so. (Your reference to the CDCA local rule concerning the formatting and process by which an ex parte submission is handled does not suffice.) Tatung is alone responsible for waiting so long to file the motions it has described and LPL rejects any suggestion that Tatung is entitled to proceed against any of LPL's subpoenas without providing LPL proper notice and an opportunity to be heard. If Tatung persists down this path, LPL will seek sanctions and all appropriate relief against Tatung.


As for the case citations that you have finally provided, I have reviewed your references and they are distinguishable from our situation in several ways. Tatung's position also is contrary to settled law. "Unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to

1

a nonparty witness, the party to the action has no right to relief under Rule 45(b) or 30(b)." Dart Industries, Inc. v. Liquid Nitrogen Processing, 50 F.R.D. 286, 291 (D. Del. 1970); see Ponsford v. United States, 771 F.2d 1305, 1308 (9th Cir. 1985) (denying motion to quash for lack of standing); Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (denying motion to quash because no showing of personal right or privilege); Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York, 519 F. Supp. 668, 680 (D. Del. 1981) (denying motion to quash because movant failed to prove documents sought were privileged). We do not find that Tatung has any basis to object to the information sought by LPL's subpoenas and, thus, we do not believe that Tatung has standing to move to quash any of LPL's subpoenas.

Further, you have generally objected that the subpoenas seek information that is confidential and not limited to U.S. products. We believe that these objections are unfounded. If you have a more specific proposal for narrowing certain issues, however, please let us know so that we can respond.

Cormac T. Connor

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756
email: cconnor@mckennalong.com

---

From: HoV@GTLAW.com [mailto:HoV@GTLAW.com]
Sent: Monday, March 05, 2007 4:52 PM
To: Connor, Cormac
Cc: Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HassidS@gtlaw.com
Subject: RE: 3/5 meet-and-confer

Dear Cormac,

During our meet and confer, you stated that you did not believe the Tatung Defendants have standing to bring motions for protective order in connection with the subpoenas issued by LPL to third party customers of the Tatung Defendants, which seek broad categories of confidential and trade secret information belonging to the Tatung Defendants that do not relate in any way to the accused products or patents-in-suit. In response to your request that we provide authority on this issue, we agreed to do so with the understanding that LPL may reconsider its position upon reviewing the authorities provided. Accordingly, in a good faith attempt to meet and confer and potentially obviate the need to file these motions (and in the hopes that LPL is not using the meet and confer process merely as a delay tactic), we agreed to provide you with the authorities requested on the condition that you inform us by the commencement of business (pacific time) tomorrow as to whether LPL will withdraw or narrow its subpoenas (as identified in my letter).

The authorities the Tatung Defendants are relying on include the following: FRCP 26(c); Visto Corp. v. Smartner Information Systems, Ltd., 2007 WL 218771 (N.D. Cal. 2007); Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227 F.R.D. 374 (W.D. Pa. 2005); Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318 (Fed. Cir. 1990); and Joy Technologies, Inc. v. Flakt, Inc., 772 F.Supp. 842, 849 (D.Del. 1991).

If we do not receive confirmation tomorrow morning that LPL is withdrawing or narrowing its subpoenas, we will move forward with the motions/applications for protective order.

As I mentioned during our meet and confer, we will be filing the applications/motions in the courts from which the subpoenas were issued. Due to the return dates of the

subpoenas, the Tatung Defendants may not have sufficient time to file regularly noticed motions under the relevant local rules, and as a result, may have to move on an ex parte basis. See, e.g., Central District of California Local Rule 7-19. We, of course, will provide LPL with the appropriate ex parte notice.

With respect to the issues raised in Cass' email from this weekend, I will respond separately as those issues are completely unrelated to the issues discussed during our meet and confer.

Valerie

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com <mailto:postmaster@gtlaw.com> .

---

From: Connor, Cormac [mailto:cconnor@mckennalong.com]
Sent: Monday, March 05, 2007 12:15 PM
To: Ho, Valerie W. (Shld-LA-LT)
Cc: Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Hassid, Steve (Assoc-LA-IP); Ho, Valerie W. (Shld-LA-LT)
Subject: 3/5 meet-and-confer

Following up on our 2 pm EST meet-and-confer call today, this email will confirm that you have agreed to provide LPL with legal authority supporting Tatung's stated intention to file motions for protective orders with respect to several of LPL's third party subpoenas. (To that end, you noted that Tatung would not be filing any motions concerning the subpoena issued to CTX.) You said that you would provide that authority within the hour and I agreed to respond as to whether LPL will change its position based on those authorities by approximately noon EST tomorrow.

Additionally, you stated that Tatung intends to file its motions in the relevant courts on an ex parte basis. As I stated on the call, LPL objects to Tatung's efforts to file these motions. If this is the route that Tatung intends to take, please be sure to include citations to legal authority that would support Tatung's filing its proposed motions on an ex parte basis. If, as it seems to be, Tatung's intention is to file these motions without notice to LPL, then LPL strenuously objects. LPL demands that Tatung provide LPL with notice of any motions that it files with respect to any issue in this case, including motions pertaining to third party subpoenas. If you refuse to do so, LPL will raise the matter with the appropriate courts and with the Special Master.

Finally, please let us know where Tatung stands with respect to the discovery deficiencies identified in Cass Christenson's March 4 email to you.

Cormac T. Connor

3

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756
email: cconnor@mckennalong.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

# EXHIBIT D

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY  1

```
 1     IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE
 2

 3   LG.PHILIPS LCD CO., LTD.,

 4      Plaintiff/
        Counterclaim Defendant,
 5

 6
                   C.A. No. 04-343(JJF)
 7   v.

 8

 9   TATUNG CO.; TATUNG COMPANY OF
     AMERICA, INC.; AND VIEWSONIC
10   CORPORATION,

11      Defendants
        Counterclaim Plaintiffs.
12

13

14
             Friday, March 9, 2007
15           9:30 a.m.
             Courtroom 2A
16

17           844 King Street
             Wilmington, Delaware
18

19

20
     BEFORE:  THE HONORABLE VINCENT POPPITI
21              Hearing Master

22

23      HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

24
```

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY185

1    MR. CHRISTENSEN: The end being the
2    document starting, I believe, TDE-15211. There
3    is sort of a follow on summary there with
4    interspersed years and products. But in some
5    cases some of those products there appear to be
6    totals calculated out but it is very sporadic.
7    On the front end there are no totals provided and
8    so that's submitted for you, for your review and
9    input, your Honor. So we will secure the other
10   document production that was due today over the
11   weekend and let you know early next week of
12   outstanding issues.
13          One final issue that relates to
14   Tatung defendants that is not ripe for today but
15   I raise it because it is somewhat urgent. That
16   is, we have recently learned that the Tatung
17   defendants have been contacting third parties who
18   have received our subpoenas and we have had
19   instances, at least one, specifically, that I
20   know of, where the third party was fully prepared
21   to produce documents to us, and as a result of
22   the discussions with the Tatung defendants now
23   refuses to produce documents to us. And Tatung
24   defendants, despite a lack of standing, in our

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY186

1  view, are threatening to go to courts around the

2  company in an effort to block the third parties

3  from producing the documents that the third

4  parties are going to produce to us which is

5  problematic for several reasons. It is

6  potentially the type of contract in the Safer

7  Display case, which takes us back to our

8  sanctions motion, and we are still investigating

9  it. And the concern I have, from a practical

10  standpoint, apart from that issue, is we have a

11  March 30th deadline that your Honor concluded

12  should stick, should stick with respect to third

13  parties, and therefore there is an urgency for us

14  to get the information. The defendant's argument

15  was well, that's too bad. And too bad is one

16  thing, but too bad we are going to interfere is

17  something else, so we are filing a motion with

18  you today on that issue, but it is not ripe. I

19  wanted to bring it to your attention because we

20  may need to revisit it at some time period, the

21  third party discovery, along with some other

22  issues.

23      MR. MERIDETH: What happened is

24  LG.Philips has used some of the confidential

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY187

1   information in the course of discover -- we have

2   produced the confidential information and they

3   have gone around and subpoenaed all of our

4   customers. And we proposed, and LG.Philips

5   rejected, the idea that we come before you and

6   talk about the scope of the third party

7   depositions to prevent our customers from being

8   harassed and to protect our customer base from

9   erosion by involving our customers in this

10  litigation, and they refused. They said no.

11  This special master does not have jurisdiction to

12  deal with subpoenas that had been issued by other

13  district courts. And so we said, fine, we will

14  file motions in each those courts to quash the

15  subpoenas. So I'm sorry, but that's -- they

16  asked for it, now they have got it, now they are

17  complaining. And again, I don't want to be

18  flippant, but we said we don't want you doing

19  this to our customers, and they did it to our

20  customers. And we asked for a meet and confer,

21  to talk to you about the scope, and I think that

22  would have been the simplest and most direct and

23  they refused to do that. So we are filing

24  motions for productive orders and they should

1 take it up with the court.

2 MR. CHRISTENSEN: We did not refuse
3 to discuss with you the issue concerning respect
4 to scope of subpoenas. What we did not agree to
5 do is a procedure where the any and all
6 defendants would have the right to assert their
7 own objections in the shoes of a third party, to
8 subpoenas to a third party, and have you resolved
9 the subpoena issues. I mean the third parties
10 have to decide where they are going to assert any
11 of their own objections. But to the extent there
12 are issues that are before you that are properly
13 raised, obviously, we welcome your jurisdiction
14 to address those issues. But there has been no
15 issues put before you from the Tatung defendants
16 on any of these issues.

17 THE COURT: And there is nothing
18 before me right now.

19 Any other items of business?

20 MR. MERIDETH: I don't think so,
21 your Honor.

22 THE COURT: Thank you all.

23 MR. AMBROZY: Thank you, your Honor.

24 (The hearing concluded at 4:00 p.m.)