# EXHIBIT B

# Greenberg
# Traurig

Steve Hassid
Tel. 310 586 7700
Fax 310.586 7800
hassids@gtlaw com

March 15, 2006

Via E-Mail and U.S. Mail

Cormac T. Connor
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Re:     *L.G.Philips LCD Co., Ltd. v. ViewSonic Corporation et al.*
        **U.S. District Court Case No. 04-343 JJF**

Dear Cormac:

    Upon reviewing LP. Philips LCD Co., Ltd's ("LPL") responses and corresponding production to Tatung Company's ("Tatung") First and Second Set of Document Requests (collectively, "Tatung's requests"), we have found LPL's responses, failure to supplement in timely fashion and document production to be inadequate. Accordingly, we request a telephonic meet and confer to discuss these issues and Tatung's potential motions to compel.

    LPL has failed to supplement any of its response to Tatung's requests since July 21, 2006. In many of its responses to Tatung's requests, LPL states that it will "produce non-privileged, responsive, and relevant documents, to the extent such documents exists " LPL has had more than enough time to search for the requested documents, supplement its responses and produce responsive documents. Accordingly, please supplement LPL's responses to Tatung's requests immediately. To the extent that LPL has not produced, and does not have, responsive document, please supplement its responses to Tatung's document requests to indicate that no such documents exist.

    Additionally, please be prepared to discuss the following matters at the meet and confer: 1.) whether LPL has completed its search for documents that are responsive to any of Tatung's document requests, 2.) whether responsive documents exists for each of Tatung's document requests and 3.) to the extent that LPL has documents responsive to Tatung's document requests but has not produced them, when those documents will be produced.

    In a number of responses LPL states that it "is willing to produce relevant, non-privileged documents that are response" if Tatung's request is "narrowed " Tatung is amenable to discussing appropriately narrowing its request to accommodate LPL. Accordingly, for those request, please be prepared to discuss how LPL proposes those requests should be narrowed.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES
MIAMI
MILAN
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH

LA 126242007v1 3/14/2007 Attorneys at Law  | Los Angeles Office  | 2450 Colorado Avenue  | Suite 400E | Santa Monica CA 90404
Tel 310 586 7700 | Fax 310 586 7800

www.gtlaw.com

Cormac T. Connor
March 15, 2006
Page 2

_____

Although Tatung intends to discuss all LPL's responses to Tatung's requests, we would like to discuss the following requests in greater detail.

### Tatung's First Set Of Document Request Nos. 1-10, 12-17, 20-24, 26, 28, 30-37, 41-56, 58-60, 62-66, 68-70, 74-78, 84, 88-97, and 99-100

In its response to Tatung's First Set of Document Requests, LPL states it "...will produce non-privileged, responsive and relevant documents..." for each of these requests. As of this letter, LPL has produced little to no documents that are responsive to these requests.

### Tatung's First Set of Document Request Nos. 18-19, 25 and 27

In its response to Requests 18 & 19 of Tatung's First Set of Document Requests, LPL states "...that it has not offered for sale any invention disclosed or described in the patents-in-suit..." In response to Request Nos. 25 and 27, LPL stated "... it has no documents responsive to this request..." Having obtained information to the contrary, we would like to discuss what assumptions, if any, LPL is making when making these statements. Additionally, if LPL believes it has never offered for sale any invention disclosed or described in the patents-in-suit, it should be amenable to stipulating that none of its visual display products offered for sale, past or present, practice any of the inventions of the patents-in-suit. Please be prepared to discuss these and related issues during the meet and confer.

### Tatung's First Set of Document Request Nos. 29, 41 & 51

In its response to Request 29 of Tatung's First Set of Document Requests, LPL indicated "...LPL will make available for inspection any products in its possession, custody or control that may be responsive to this request." In response to Request 41 of Tatung's First Set of Document Requests, LPL indicated it "...will make available for inspection the products in its possession, custody or control that are responsive to this request." Similarly, in response to Request 51 of Tatung's First Set of Document Requests, LPL indicated it "...will make available for inspection the products in its possession, custody or control that are responsive to this request." Requests 41 and 51 include, among other things, all Tatung products LPL has in its possession, custody or control that LPL alleges practices one or more inventions of the patents-in-suit. We request inspection of all items that are responsive to this request and request No. 117 discussed below. Please provide dates for the inspection immediately.

### Tatung's First Set of Document Request No. 72

Tatung is willing to limit this Request to the "patents-in-suit" if LPL is willing to produce all responsive documents in an expedited manner.

### Tatung's First Set of Document Request No. 79

Tatung is willing to limit this Request to the all documents that describe any acceptable non-infringing FPD products if LPL is willing to produce all responsive documents in an expedited manner.

Cormac T. Connor
March 15, 2006
Page 3

---

### Tatung's First Set of Document Request Nos. 80-83, 85-86 and 98

LPL's objections to these requests are unpersuasive and inappropriate. Tatung is more than willing to clarify any aspects or issues regarding these requests in order to avoid motion practice.

### Tatung's Second Set Of Document Request Nos. 101-102, 105-115, 133-136, 138-150 and 155-163

The parties met and conferred on November 20th, 2006 regarding these document requests. Tatung agreed to limit certain requests, as outlined in my letter of November 27, 2006. LPL has produced nothing in response to these requests, including those which were narrowed. In the interest of avoiding unnecessary motion practice, Tatung is willing to discuss these Requests with LPL. Otherwise, Tatung will take this issue up with the Special Master.

### Tatung's Second Set Of Document Request Nos. 103-104, 116, 128-129, 151-154, 165-168 & 170

In its response to Tatung's Second Set of Document Requests, LPL indicated it "will produce non-privileged relevant documents..." for each of these requests. As of this letter, LPL has produced little to no documents that are responsive to any of these requests.

### Tatung's Second Set Of Document Request No. 117

In its response to Tatung's Second Set of Document Requests, LPL indicated it "...will produce for inspection non-privileged relevant samples..."for Request No. 117. As discussed above, please provide dates for the inspection immediately.

### Tatung's Second Set Of Document Request Nos. 118-127, 130-132, 137, 155-164 & 169

LPL's objections to these requests are unpersuasive. Tatung is more than willing to clarify any aspects or issues regarding these requests in order to avoid motion practice.

Cormac T. Connor
March 15, 2006
Page 4

_____

      We request a conference of counsel to discuss these issues. We expect to have received all responsive documents prior to Kim's resumed and Bang's deposition, otherwise we will raise this issue with the Special Master. We are available for teleconference on Thursday and Friday March 15th and 16th, 2007 from 9:00 am to 5:00 pm PST. Please advise us of your availability during that time. If you are not available on then, please provide alternative times and dates no later than Monday March 19, 2007.

Sincerely,

Steve P. Hassid

cc:    Scott Miller (via e-mail)
       Frank Merideth (via e-mail)
       Richard Kirk, Esq. (via email)
       Richard Horwitz, Esq. (via email)
       Jeffrey Bove, Esq. (via email)
       Mark Krietzman, Esq. (via email)
       Frederick L. Cottrell, III, Esq. (via email)