# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343 (JJF) |
| TATUNG COMPANY, et al., | |
| Defendants. | |

DEFENDANT TATUNG COMPANY'S FIRST SET OF DOCUMENT REQUESTS TO

PLAINTIFF LG.PHILIPS LCD CO., LTD.

Jeffrey S. Goddess (Del. Bar. No. 630)
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
Tel: 302-656-4433
Fax: 302-658-7567

OF COUNSEL:
Julian M. Baum
Robert C. Weems
BAUM & WEEMS
58 Katrina Lane
San Anselmo, CA 94960
Tel: 415-460-1791
Fax: 415-457-9157

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Tatung Company

("TATUNG") hereby requests Plaintiff L.G.Philips LCD Co., Ltd. ("LGP") to produce,

permit inspection and copying (with convenient access to duplicating equipment), or

otherwise cause to be reproduced, each of the following documents and things within the

possession, custody, or control of LGP, designated and organized by the paragraphs and

subparagraphs hereof to which they correspond, within the time prescribed by the Federal

Rules of Civil Procedure and the local rules, at the offices of Baum & Weems, 58 Katrina

Lane, San Anselmo, CA 94960, or at such other location as counsel may agree.

DEFINITIONS

1. "Defendant" or "TATUNG" means Tatung Company, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with TATUNG, and others acting on behalf of TATUNG.

2. "Plaintiff" or "LGP" means L.G.Philips LCD Co., Ltd., including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with LGP, and others acting on behalf of LGP.

3. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

2

Case No. 04-343

4. "Person" includes not only natural individuals, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

5. "Entity" means any person.

6. The "'718 patent" means U.S. Patent No. 6,498,718 entitled "Portable computer and method for mounting a flat panel display device thereon." The "'641 patent" means U.S. Patent No. 6,501,641 entitled "Portable computer having a flat panel display device." The phrase "patents-in-suit" refers to the '718 and '641 patents.

11. "FPD" means flat panel display and includes but is not limited to liquid crystal display, plasma display, field emission display, thin CRT, light emitting diode display, light-emitting polymer, digital light processor, holographic autostereoscopic display, plasma addressed liquid crystal display

12. "FPD product" means FPD's, FPD systems and components, and goods incorporating FPD's including but not limited to monitors, displays and televisions.

13. The term "concerning" includes, but is not limited to, the following meanings: relating to; referring to; pertaining to; discussing; mentioning; containing; reflecting; evidencing; constituting; describing; displaying; showing; identifying; proving; disproving; consisting of; supporting; contradicting; in any way legally, logically, or factually connected with the matters referenced; or having a tendency to prove or disprove any matter referenced.

14. To "relate to" means to describe, discuss, constitute, comprise, or evidence.

Case No. 04-343

15. The term "identify," when used with respect to any natural person, means that the following information shall be provided: the person's full name; last known business address and telephone number; last known title or occupation; and last known employer.

16. The term "identify," when used with respect to any legal entity, such as a corporation, company, or person other than a natural person, means that the following information shall be provided: the entity's name; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that legal entity.

17. The term "identify," when used with respect to a document, subject to the option to produce records under Fed. R. Civ. P. 34, means to provide information sufficient to locate that document, including, but not limited to, the following: the Bates range, the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title, or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and, if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete.

18. The terms "use" and "using" include without limitation use in a power supply, use in testing, use in demonstrating, and use in training.

19. "Any" and "all" shall be construed to mean both any and all.

20. If, after exercising due diligence to secure the information requested, if an individual interrogatory or any part thereof cannot be fully answered, please state the reasons for the inability to fully answer, answer the individual interrogatory to the fullest extent possible, and state what information, knowledge, or belief LGP has concerning the unanswered portion.

## INSTRUCTIONS

A. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

B  These requests shall apply to all documents in your possession, custody, or control at the present time or coming into your possession, custody, or control prior to the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

C. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

D. For any responsive documents or tangible things that have been lost, destroyed or withheld from production based on any ground, you shall provide a written statement setting forth:

(1) the identity of the document; (2) the nature of the document (e.g., letter, memorandum, chart); (3) the identity of each document's author(s), writer(s), sender(s), or initiator(s); (4) the identity of each document's recipient(s), addressee(s), or party(ies) for whom it was intended; (5) the date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document; (6) a brief description of the subject matter of the document; and (7) the

6

circumstances of the loss or destruction of the document and any fact, statute, rule, or decision upon which you rely in withholding the document.

E. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced. Where a document or thing exists in hard copy and electronic format, you shall produce both the hard and the electronic copy. Where a document exists only in electronic format, you shall produce it electronically, as it is kept in the ordinary course of business, including the file or other grouping in which it is electronically stored.

F. These requests seek all responsive documents in their original language and, if such original language is not English, these requests also seek all English language translations that may exist for any such documents.

G. You shall keep and produce a record of the source of each document produced. This shall include the name and location of the file where each document was located and the name of the person, group or department having possession, custody or control of each document.

H. Each document is to be produced along with all drafts, without abbreviation or redaction.

Case No. 04-343

I. A party is under a duty to seasonably amend a prior response to a request for

production. Fed. R. Civ. P. 26(e).

DOCUMENT REQUESTS

REQUEST NO. 1

All documents that relate to or comprise any of the patents-in-suit, including without limitation (i) all documents submitted to or received from the U.S. Patent and Trademark Office or any foreign patent office or foreign representative representing LGP before a foreign patent office, (ii) internal correspondence and memoranda; and (iii) correspondence with persons or entities not employed by LGP.

REQUEST NO. 2

All patents or patent applications (foreign or domestic, pending, abandoned, or issued) owned, controlled, or licensed by LGP that relate to any invention disclosed, described, or claimed by any of the patents-in-suit.

REQUEST NO. 3

All documents written by LGP, including speeches, interviews, publications, press releases, or other descriptions that relate to any of the patents-in-suit, this lawsuit, or any product suspected, or believed, to infringe any of the patents-in-suit.

REQUEST NO. 4

All documents and things that relate to, or were used in connection with, any presentation relating to any of the patents-in-suit made to the Board of Directors or any officer or director of LGP.

REQUEST NO. 5

For each of the patents-in-suit, or any related application or related patent, all documents that relate to or comprise any communication by any inventor to any other person regarding the application or patent.

9                                    Case No. 04-343

REQUEST NO. 6

7 All documents and things that relate to the conception of any invention claimed,

disclosed, or described in any of the patents-in-suit.

REQUEST NO. 7

All documents and things that relate to the first reduction to practice of any invention

claimed, disclosed, or described in any of the patents-in-suit.

REQUEST NO. 8

All documents, including notebooks, diaries, files, appointment calendars, research

reports, or workbooks generated or maintained by any of the inventors of any of the

patents-in-suit that relate to the inventions described in any of the patents-in-suit.

REQUEST NO. 9

All documents and things, including drawings, prototypes, notes, notebooks, workbooks,

project reports, correspondence, memoranda, reports, test results, and all other documents

and things that relate to, or were created, used, or referred to in connection with, the

design, research, development, or testing of any invention claimed, disclosed, or

described by any of the patents-in-suit.

REQUEST NO. 10

All documents prepared, reviewed, or edited by any inventor that relate to any of the

patents-in-suit or any invention claimed in them.

REQUEST NO. 11

All documents that refer to the last-known residence, or place of employment of each

inventor of each of the patents-in-suit.

Case No. 04-343

REQUEST NO. 12

All documents and things that relate to or constitute embodiments of any of the

patents-in-suit.

REQUEST NO. 13

All documents that relate to the preparation and prosecution of any of the patents-in-suit,

or related patent or related application, including any files of any attorney involved in the

prosecution of any of the patents-in-suit, related patent, or related application.

REQUEST NO. 14

All documents sufficient to identify all persons involved with the prosecution of any of

the patents-in-suit, related patent, or related application.

REQUEST NO. 15

All documents that relate to searches, investigations, or evaluations of domestic or

foreign patents, literature, or other published materials that relate to any invention

disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 16

All documents that identify, refer to, relate to, constitute, or discuss any search,

investigation, evaluation, or opinion as to the novelty, patentability, validity,

enforceability, or scope of any of the patents-in-suit, related patent, or related application.

REQUEST NO. 17

All documents that were reviewed or received as part of any search, investigation,

evaluation, or opinion as to the novelty, patentability, validity, enforceability, or scope of

any of the patents-in-suit, related patent, or related application.

Case No. 04-343

REQUEST NO. 18

All documents that relate to the first sale or first offer for sale of any invention disclosed, described, or claimed in any of the patents-in-suit, or of any product embodying or using any invention disclosed, described, or claimed in any of the patents-in-suit, including without limitation all advertising, sales, promotional, and technical materials related to such offer or sale.

REQUEST NO. 19

For each of the patents-in-suit, all documents and things that relate to (a) public use, (b) on sale activity, (c) commercial exploitation, or (d) experimental use (as these phrases are used in the application of 35 U.S.C. § 102(b)), by each inventor, LGP, or any other person of any invention disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 20

All documents that relate to or constitute patents, publications, written descriptions, or other prior art references of which LGP is aware of that concern, disclose, describe, or claim any invention disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 21

All documents, including publications, articles, conference papers, or technical or marketing presentations, that relate to any product that embodies any claim of any of the patents-in-suit.

REQUEST NO. 22

All documents relating to any diligence exercised in reducing to practice the alleged invention claimed in the patents-in-suit, including all documents that refer to or otherwise reflect the identity of each person involved in any such activities.

REQUEST NO. 23

All documents, including internal technical memoranda, authored by any inventor of any of the patents-in-suit.

REQUEST NO. 24

All documents and things that relate to any mode contemplated by any inventor for carrying out any invention disclosed, described, or claimed in any of patents-in-suit, from a period starting with the conception of the invention.

REQUEST NO. 25

All documents and things, including without limitation drawings, schematic diagrams, and block diagrams that show the structure, function, or operation of all products ever made by, or for, or sold by, or for LGP that embody or use any invention disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 26

All documents that identify, refer to, relate to, discuss, or constitute any research project involving the development of any invention disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 27

All documents sufficient to identify all persons who participated in the design or development of every product ever made by or for or sold by or for LGP that embodies or uses any invention disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 28

All documents, including but not limited to product catalogs, advertising or marketing FPD products.

Case No. 04-343

REQUEST NO. 29

All products of LGP and/or competitors in the possession or control of LGP that

constitute prior art to any of the patents-in-suit or that are believed to be covered by any

claim of any of the patents-in-suit.

REQUEST NO. 30

All documents that relate to whether any invention disclosed, described, or claimed in

any of the patents-in-suit, or any product that uses any invention disclosed, described, or

claimed in any of the patents-in-suit, fulfilled any long-felt, but unresolved need.

REQUEST NO. 31

All documents relating to any secondary indicia of non-obviousness (such as failure of

others, long felt need, unexpected results, commercial success, and acquiescence of

competitors); the nexus (or lack therof) between the claimed invention and the objective

evidence of non-obviousness; or, whether the objective evidence is commensurate in

scope with each asserted claim of any of the patents-in-suit.

REQUEST NO. 32

All documents that relate to any problem solved by any invention disclosed,

described, or claimed in any of the patents-in-suit.

REQUEST NO. 33

All documents referring to, relating to, or constituting patents, publications, written

descriptions, or prior art references of which you are aware that concern, disclose,

describe or claim any invention disclosed, described or claimed in any of the patents-in-

suit, or any product or method and/or process embodying or using any invention

disclosed, described or claimed in any of the patents-in-suit.

Case No. 04-343

REQUEST NO. 34

All documents that relate to failures by persons (including inventors and others) to solve any problem solved by any invention disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 35

All documents that refer or relate to any document, reference, or activity alleged by anyone to be prior art to the patents-in-suit or to affect the validity, enforceability, or scope of any of the patents-in-suit.

REQUEST NO. 36

12 All documents and things that LGP believes show, demonstrate, or suggest that any invention disclosed, described, or claimed in any of the patents-in-suit has departed from accepted principles in the industry and all documents that show, demonstrate, or suggest the contrary.

REQUEST NO. 37

All documents that refer or relate to knowledge or use by others of any invention disclosed, described, or claimed in any of the patents-in-suit, including assessments by others of the scope, infringement, or validity of any of the patents-in-suit.

REQUEST NO. 38

All documents that relate to the level of knowledge, schooling, experience, expertise, or relevant technical information of a person who has ordinary skill in the art to which any invention disclosed, described, or claimed in any of the patents-in-suit pertains.

REQUEST NO. 39

All documents that refer or relate to the making or use in this or another country of any invention disclosed, described, or claimed in the patents-in-suit, by one who had not abandoned, suppressed or concealed it, that render any of the patents-in-suit invalid or unenforceable.

REQUEST NO. 40

All documents that LGP believes either alone or in combination anticipate or render obvious or in any other way render any of the patents-in-suit invalid or unenforceable.

REQUEST NO. 41

All documents that relate to the commercial exploitation by others of any invention disclosed, described, or claimed by any of the patents-in-suit.

REQUEST NO. 42

All documents that refer or relate to any prior art reference or potential prior art reference located, reviewed by, or cited to you during any study or search of domestic or foreign patents, literature, or other published materials relating in any manner to any of the patents-in-suit, including without limitation any study, search, or analysis to determine the patentability, the validity, enforceability, or enforceable scope of any of the claims of any of the patents-in-suit.

REQUEST NO. 43

All documents that relate to whether any invention disclosed, described, or claimed in any of the patents-in-suit has been copied by others.

Case No. 04-343

REQUEST NO. 44

All documents, including without limitation articles and internal technical memoranda authored by you, that relate to the subject matter described, disclosed, or claimed in any of the patents-in-suit.

REQUEST NO. 45

All documents that relate to whether any invention disclosed, described, or claimed in any of the patents-in-suit, or any product that uses any invention disclosed, described, or claimed in any or the patents-in-suit, has been praised by a person other than LGP.

REQUEST NO. 46

All patents and patent applications (and related prosecution histories) owned, licensed, or controlled by LGP, from any jurisdiction, that refer or relate to the accused products, the method and/or process of using any accused product, or any product referring or relating to any invention disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 47

All documents that relate to any statement, assertion, or claim by any person relating to the patentability, validity, enforceability, or scope of any claim of any of the patents-in-suit, including any document that states or implies that any of the patents-in-suit, or any claim thereof, is, or may be, invalid or unenforceable.

REQUEST NO. 48

All documents that discuss or make reference to the quality, value, acceptability, workability, performance, or benefits of products incorporating LGP technology, including communications with customers praising, criticizing, or otherwise commenting about these products.

Case No 04-343

REQUEST NO. 49

All documents that relate or refer to any communication between LGP and any other person regarding any of the patents-in-suit or this litigation, including without limitation any reports, statements, or analyses by third parties.

REQUEST NO. 50

All documents that refer or relate to any domestic or foreign litigation, arbitration, or mediation related to any invention disclosed, described, or claimed by any of the patents-in-suit related to FPD, FPD products or FPD technology.

REQUEST NO. 51

All documents and things that describe or constitute any product that LGP contends embodies any claim of any of the patents-in-suit.

REQUEST NO. 52

All documents referring or relating to any consideration given by LGP to any possible liability for patent infringement should TATUNG commence or continue to make, use, distribute, sell, or license the accused products or any product referring or relating to any invention disclosed, described, or claimed in any of the patents-in-suit, including without limitation any internal notes or memoranda.

REQUEST NO. 53

All documents that relate to TATUNG's alleged use of any invention disclosed, described, or claimed in any of the patents-in-suit, or alleged infringement of any of the patents-in-suit, including all documents establishing, or otherwise showing when LGP first learned of any such alleged use or infringement.

18                              Case No. 04-343

REQUEST NO. 54

All documents referring or relating to any patentability or prior art investigation, search, or study, or evaluation, review, monitoring, or testing, of any of the patents-insuit, including, but not limited to, documents relating to whether any accused product does or does not infringe any claim of any of the patents-in-suit either literally or by equivalents.

REQUEST NO. 55

All documents that relate to any analysis of any of TATUNG' s products for potential or actual infringement, either literal or under the doctrine of equivalents, of any of the patents-in-suit.

REQUEST NO. 56

All documents that relate to any product offered by TATUNG that LGP contends infringes, has infringed, or has been used in a manner that infringes any of the patents-in-suit.

REQUEST NO. 57

All documents and things upon which LGP will rely at trial to support LGP's contention that any product of TATUNG infringes any claim of any of the patents-in-suit.

REQUEST NO 58

All documents that relate to any opinion regarding infringement by anyone of any of the patents-in-suit.

REQUEST NO. 59

All documents referring or relating to the design, development, testing, simulation, or operation of the accused products, including components thereof, and including without

limitation complete laboratory notebooks, schematics, engineering specifications, CAD files, and simulation files in both hardcopy and electronic format.

REQUEST NO. 60

All documents that identify, refer to, or discuss the persons at LGP who first became aware of TATUNG's alleged infringement, including all documents comprising and concerning such first awareness.

REQUEST NO. 61

All documents that identify, refer to, or discuss the persons at LGP who played a role in the decision to file a lawsuit against TATUNG for the alleged infringement of the patents-in-suit.

REQUEST NO. 62

All documents that relate to any act by any person other than TATUNG that LGP contends is, or that LGP believes may be, an act of infringement of any of the patents-in-suit.

REQUEST NO. 63

All documents referring to, relating to, or comprising any license entered into or proposed by LGP concerning FPDs, FPD products or FPD technology, including but not limited to any invention disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 64

All documents referring to, relating to, or comprising any decision by LGP to issue a license to any person for rights concrning FPDs, FPD products or FPD technology, including but not limited to any invention disclosed, described, or claimed in any of the patents-in-suit.

Case No. 04-343

REQUEST NO. 65

All documents referring to, relating to, or comprising any request by any person for a license from LGP for any product referring or relating to any invention disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 66

All documents concerning any negotiations for a license under any LGP patent or patent application related to FPDs, FPD products or FPD technology, including but not limited to any invention disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 67

All documents that refer or relate to any entities authorized or licensed to make, use, import into the United States, distribute, and/or sell FPDs, FPD products or FPD technology reading on any invention disclosed, described, or claimed in any foreign or domestic patent in which LGP has rights, including without limitation all sales and distribution agreements, purchase orders, licenses and invoices.

REQUEST NO. 68

All documents that constitute advertisements, brochures, or sales or promotional literature for FPD products that have ever been made by or for or sold by or for any competitor of LGP.

REQUEST NO. 69

All documents that constitute, describe, summarize, or refer to any assignment, sale, acquisition, license, or transfer of any rights entered into, or proposed regarding rights to any invention disclosed, described, or claimed in any of the patents-in-suit or any related patent or related application.

Case No. 04-343

REQUEST NO. 70

All documents that relate to licenses, distribution agreements, broker agreements, franchise agreements, quitclaims, conveyances, negotiations to license or convey, offers to license or convey, or other transfers of rights to, or from, LGP relating to any invention disclosed, described, or claimed by any of the patents-in-suit and any other documents evidencing LGP's consent or permission to third parties to use any technology relating to any invention disclosed, described, or claimed by any of the patents-in-suit.

REQUEST NO. 71

All licenses referring or relating to the patents-in-suit, including, but not limited to, license agreements with FPD product manufacturers, original equipment manufacturers, original design manufacturers or resellers.

REQUEST NO. 72

All documents sufficient to show royalties paid by each licensee or sublicensee, on a quarterly and annual basis, to LGP pursuant to any license or sublicense granted under any patent in which LGP has an interest, including but not limited to the patents-in-suit.

REQUEST NO. 73

All documents referring to any research and development costs incurred in the development of any LGP technology that embodies any invention disclosed, described, or claimed by any of the patents-in-suit.

REQUEST NO. 74

All documents that relate to terms under which LGP would be willing to license any invention disclosed, described, or claimed in any of the patents-in-suit.

Case No. 04-343

REQUEST NO. 75

All documents relating to any efforts by LGP, or its licensees to remedy or counteract any alleged harm inflicted by sales of allegedly infringing products.

REQUEST NO. 76

All documents and things, including press releases or other publications, that relate to any of the patents-in-suit, this lawsuit, or any product suspected or believed to infringe any of the patents-in-suit, or to be disclosed, described, or claimed in any of the patents-in-suit.

REQUEST NO. 77

All documents that relate to any profits LGP claims to have lost or claims it will lose as a consequence of TATUNG's alleged infringement of any of the patents-in-suit.

REQUEST NO. 78

All documents that relate to the methodology employed by LGP to determine the amount of any profits LGP claims to have lost or will lose as a consequence of TATUNG's alleged infringement of any of the patents-in-suit.

REQUEST NO. 79

All documents that relate to any acceptable non-infringing FPD products.

REQUEST NO. 80

All documents sufficient to identify each entity, or person in the United States to whom LGP has sold, offered to sell, or shipped any FPD product.

REQUEST NO. 81

All documents that are sufficient to determine all FPD products sold by LGP and its licensees in competition with TATUNG.

REQUEST NO. 82

All documents sufficient to determine the identity of all end user(s) in the United States of each LGP or competitor FPD product.

REQUEST NO. 83

All documents that identify, relate to, refer to, discuss, or constitute any business plan, strategic plan, operating plan, marketing plan, financial plan, production plan, sales plan and capital, or investment plans referring or relating to LGP or any competitor FPD product.

REQUEST NO. 84

All documents that identify, relate to, refer to, or discuss LGP's contemplated or actual commercial exploitation of any invention disclosed, described, or claimed by any of the patents-in-suit, including without limitation feasibility studies, marketing plans, marketing forecasts, estimates or projections of market share, periodic research and development reports, management reports or other periodic reports, advertisements, promotional brochures, product literature, catalogs, trade show exhibits or displays, technical brochures, specifications, price lists, contracts, purchase orders, papers published or presented, and documents relating to research, development, marketing, manufacturing, production, negotiations, efforts to sell, offers to sell, and actual sales.

REQUEST NO. 85

Any marketing studies or analyses relating to the market for FPD products.

REQUEST NO. 86

All documents that identify, refer to, relate to, discuss, or constitute a comparison between the FPD products of TATUNG and any other manufacturer.

Case No. 04-343

REQUEST NO. 87

All documents that relate to LGP's revenues, costs, and profits relating to any product using or embodying any invention claimed in any of the patents-in-suit, by product and month and year.

REQUEST NO. 88

All documents that relate to any increase in expenses alleged, or believed, to have been experienced by LGP as a consequence of TATUNG's alleged infringement of any of the patents-in-suit.

REQUEST NO. 89

All documents that relate to a reasonable royalty for the alleged use or sale of any invention disclosed, described, or claimed by any of the patents-in-suit by or for TATUNG.

REQUEST NO. 90

All documents that relate to any damages suffered by LGP due to TATUNG's alleged infringement of any of the patents-in-suit.

REQUEST NO. 91

All documents sufficient to show those units, departments, divisions, or other entities within LGP that played any role, indluding but not limited to research, development, marketing, licensing, or prosecution,  concerning any invention claimed in any of the patents-in-suit, including organizational charts.

REQUEST NO. 92

All documents sufficient to show those units, departments, divisions, or other entities within LGP that participated in or otherwise provided information in connection with the

Case No 04-343

preparation, filing, or prosecution of any of the patents-in-suit, related patent or related

application, for the period from the time of conception to the present.

REQUEST NO. 93

All LGP annual reports and government filings, from the initiation of any invention

disclosed, described, or claimed by any of the patents-in-suit to the present.

REQUEST NO. 94

All documents that relate to any opinion by any expert whom LGP may call as a witness

at the trial of this suit.

REQUEST NO. 95

All documents sufficient to determine the organizational structure of LGP, including its

parent, subsidiary, sister, or other affiliated corporations.

REQUEST NO. 96

All documents, including any studies or analyses, in LGP's possession, custody, or

control related to FPD mounting technologies.

REQUEST NO. 97

All documents, including any studies or analyses, in LGP's possession, custody, or

control concerning how FPD mounting technologies relate to the patents-in-suit.

REQUEST NO. 98

All documents refereing to or refecting the acquisition of FPD products, including but not

limited to the acquisition of LCD modules made by Toshiba or other LCD module

suppliers.

Case No. 04-343

REQUEST NO. 99

All documents and things referring to or reflecting the specifications or physical

characteristics of any FPD product, including but not limited to service manuals, user

manuals, datasheets, sketches, drawings, photographs, memoranda and any physical

embodiment thereof.

REQUEST 100

All documents and things concerning any FPD product exhibited in public prior to the

date of conception of any invention disclosed, described, or claimed by any of the

patents-in-suit.

Dated:

Jeffrey S. Goddess (Del. Bar. No. 630)
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
Tel: 302-656-4433
Fax: 302-658-7567

OF COUNSEL:
Julian M. Baum
Robert C. Weems
BAUM & WEEMS
58 Katrina Lane
San Anselmo, CA 94960
Tel: 415-460-1791
Fax: 415-457-9157

Case No. 04-343

## CERTIFICATE OF SERVICE

I, Jeffrey S. Goddess, hereby certify that on August 12, 2005, I caused a two

copies of the foregoing document to be served as follows:


(BY HAND)                    Richard D. Kirk, Esquire
                             The Bayard Firm
                             222 Delaware Avenue #900
                             P. O. Box 25130
                             Wilmington, DE 19899
                             Attorneys for Plaintiff L.G. Philips LCD Co., Ltd.

(BY HAND)                    Richard L. Horwitz, Esquire
                             Potter Anderson & Corroon, LLP
                             1313 N. Market Street
                             Hercules Plaza, 6th Floor
                             P. O. Box 951
                             Wilmington, DE 19899


                                         _____
                                         JEFFREY S. GODDESS (No. 630)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-343 JJF |
| | ) | |
| TATUNG CO., TATUNG COMPANY | ) | |
| OF AMERICA, INC., and VIEWSONIC | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

**PLEASE TAKE NOTICE** that the undersigned, being Delaware counsel for Tatung Company and Tatung Company of America, Inc., hereby certifies that two copies of Defendant Tatung Company's First Set Of Document Requests To Plaintiff LG.Philips LCD Co., Ltd. were served by hand on August 12, 2005, on the attorneys of record at the following addresses as indicated:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801
  Attorneys for Plaintiff
  LG.Philips LCD Co., Ltd.

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Fl.
Wilmington, DE 19801
  Attorneys for Defendant
  ViewSonic Corporation

PLEASE ALSO TAKE NOTICE on August 12, 2005, I electronically filed this NOTICE OF SERVICE with the Clerk of the Court using CM/ECF which will send notification of such filing to the following registered participants:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801
  Attorneys for Plaintiff
  LG.Philips LCD Co., Ltd.

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Fl.
Wilmington, DE 19801
  Attorneys for Defendant
  ViewSonic Corporation

**ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.**

By: _____
Jeffrey S. Goddess (No. 630)
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE  19899-1070
(302) 656-4433
jgoddess@rmgglaw.com
 Attorneys for Defendants

CM/ECF LIVE - U.S. District Court:ded                                                          Page 1 of 1

## Discovery Documents
<u>1:04-cv-00343-JJF LG.Philips LCD Co. v. Tatung Co., et al</u>

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Goddess, Jeffrey entered on 8/12/2005 at 3:49 PM EDT
and filed on 8/12/2005

**Case Name:**          LG.Philips LCD Co. v. Tatung Co., et al
**Case Number:**        <u>1:04-cv-343</u>
**Filer:**              Tatung Co.
**Document Number:** <u>196</u>

**Docket Text:**
NOTICE OF SERVICE of Defendant Tatung Company's First Set Of Document Requests To Plaintiff
LG.Philips LCD Co., Ltd. by Tatung Co. (Goddess, Jeffrey)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/12/2005] [FileNumber=84556-0]
[529ad76ba7e503855c644f2962fc02fa8d03e7dde39fb404bdd6b92f2fde21a369d98
821a9309601ccc2ad20779d5b0c4c2e83e18376f2789720c2ad054bbc5a]]

**1:04-cv-343 Notice will be electronically mailed to:**

Jeffrey S. Goddess    jgoddess@rmgglaw.com

Richard L. Horwitz    rhorwitz@potteranderson.com,
dmoore@potteranderson.com;nmcmenamin@potteranderson.com;achin@potteranderson.com;mbaker@

Richard D. Kirk    bankserve@bayardfirm.com, rkirk@bayardfirm.com

David Ellis Moore    dmoore@potteranderson.com, slynch@potteranderson.com

Tracy R. Roman    tracy.roman@bingham.com

Robert C. Weems    rcweems@comcast.net

**1:04-cv-343 Notice will be delivered by other means to:**