# EXHIBIT J

*220* (handwritten)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-343 (JJF) |
| | ) |
| TATUNG COMPANY, et al., | ) |
| | ) |
| Defendants | ) |

## PLAINTIFF LG.PHILIPS LCD CO., LTD.'S RESPONSES TO DEFENDANT TATUNG COMPANY'S FIRST SET OF DOCUMENT REQUESTS

Plaintiff LG Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P. 34, responds as follows to Defendant Tatung Company's ("Tatung") First Set Of Document Requests.

### GENERAL OBJECTIONS

These general objections apply to each Request and thus, for convenience, are not repeated after each Request, but rather are set forth herein and are hereby incorporated into each response. By responding to any particular request with the phrase "Subject to and without waiving these objections," we are incorporating by reference not only the specific objections but also these general objections.

1       LPL objects to each Request to the extent it seeks discovery of documents containing trade secrets or other confidential research, development or commercial information and will only produce such documents in accordance with the Protective Order entered in this action  However, to the extent that any Request calls for the production of confidential documents of third parties that are in LPL's possession, LPL shall attempt to obtain the consent

1

of such third party prior to production. If LPL cannot obtain such consent, LPL will not produce the documents.

2. LPL objects to these Requests to the extent that they request documents that are: a) not in its possession, custody, or control; b) already in Defendants' possession, custody, or control; c) in the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule, as unduly burdensome, oppressive, and designed to harass.

3. LPL objects to Tatung's "Definitions" to the extent that they purport to impose obligations not required under the Federal Rules of Civil Procedure or any local rule or procedure.

4. LPL objects to Tatung's "Instructions" to the extent that they purport to impose obligations not required under the Federal Rules of Civil Procedure or any local rule or procedure. With respect to any privilege logs to be furnished in discovery in this case, LPL's counsel will confer to discuss a reasonable format and time for such privilege logs.

5. LPL objects to Tatung's definition 2 of "Plaintiff" or "LGP" as including unidentified subsidiaries, parents, affiliates, and entities acting in joint-venture or partner relationships with LPL, etc., as overly broad, unduly burdensome, improperly exceeding the scope of discovery as outside the possession, custody, and control of LPL, and otherwise outside the scope of permissible discovery from LPL. LPL further objects to this definition because it includes individuals such as attorneys, which invades the attorney-client privilege and work product doctrines.

6. LPL objects to Tatung's use of the terms "FPD," "FPD product," and "FPD technology" as encompassing a broad range of issues and technology not related or relevant to

605223v1

2

the claims and defenses in this case. For example, LPL's primary business is related to LCD modules, and the manufacture and sale of such modules is not at issue. LPL thus objects to the extent that Tatung is improperly seeking irrelevant and burdensome discovery from LPL.

7.     LPL will make the documents and things to be produced available for inspection at the offices of LPL's counsel, McKenna Long & Aldridge LLP, in Washington, D.C., within a reasonable time.

## DOCUMENT REQUESTS

### REQUEST NO. 1

All documents that relate to or comprise any of the patents-in-suit, including without limitation (i) all documents submitted to or received from the U.S. Patent and Trademark Office or any foreign patent office or foreign representative representing LGP before a foreign patent office, (ii) internal correspondence and memoranda; and (iii) correspondence with persons or entities not employed by LGP.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that, *inter alia*, "relate to" the patents-in-suit, and for an unlimited time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents.

### REQUEST NO. 2

All patents or patent applications (foreign or domestic, pending, abandoned, or issued) owned,

controlled, or licensed by LGP that relate to any invention disclosed, described, or claimed by any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests unspecified patents and unspecified applications, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents related to the patents-in-suit.

**REQUEST NO. 3**

All documents written by LGP, including speeches, interviews, publications, press releases, or other descriptions that relate to any of the patents-in-suit, this lawsuit, or any product suspected, or believed, to infringe any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents "written by" LPL that "relate to" the patents-in-suit, this lawsuit, or unspecified infringing and accused products). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

605323v1

4

**REQUEST NO. 4**

All documents and things that relate to, or were used in connection with, any presentation relating to any of the patents-in-suit made to the Board of Directors or any officer or director of LGP.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents and unspecified "things" that, *inter alia*, "relate to" unspecified presentations, and for an unlimited time period). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 5**

For each of the patents-in-suit, or any related application or related patent, all documents that relate to or comprise any communication by any inventor to any other person regarding the application or patent.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that, *inter alia*, "relate to" any such "communication," not limited to the patents-in-suit, and for an unlimited time period). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents related to the patents-in-suit.

(00522301)

**REQUEST NO. 6**

All documents and things that relate to the conception of any invention claimed, disclosed, or described in any of the patents-in-suit.

RESPONSE:

     LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents and unspecified "things" that "relate to" conception, and for an unlimited time period). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents.

**REQUEST NO. 7**

All documents and things that relate to the first reduction to practice of any invention claimed, disclosed, or described in any of the patents-in-suit.

RESPONSE:

     LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents and unspecified "things" that "relate to" the first reduction to practice). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents.

**REQUEST NO. 8**

All documents, including notebooks, diaries, files, appointment calendars, research reports, or workbooks generated or maintained by any of the inventors of any of the patents-in-suit that relate to the inventions described in any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests all documents "generated" or "maintained" by inventors that "relate to" the inventions). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents.

## REQUEST NO. 9

All documents and things, including drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, memoranda, reports, test results, and all other documents and things that relate to, or were created, used, or referred to in connection with, the design, research, development, or testing of any invention claimed, disclosed, or described by any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests all documents and unspecified "things" that, *inter alia*, "relate to" the design, research, development, or testing of such invention(s), and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

603223v1

7

## REQUEST NO. 10

All documents prepared, reviewed, or edited by any inventor that relate to any of the patents-in-suit or any invention claimed in them

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents prepared by any inventor that "relate to" the patents-in-suit or "any invention claimed in them," and for an unlimited time period). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

## REQUEST NO. 11

All documents that refer to the last-known residence, or place of employment of each inventor of each of the patents-in-suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad and unduly burdensome (for example, Tatung seeks every document that refers to each inventor's address or place of employment, and for an unlimited time period). Subject to and without waiving these objections, LPL states that the two inventors of the patents-in-suit, Mr. Jong Hwan Kim and Mr. Young Woo Cho, are current employees of LPL and should be contacted only through counsel for LPL. Their employment address is 533, Hogae-dong, Dongan-gu, Anyang-shi, Gyongki-do 431-080, Korea.

60372291

8

## REQUEST NO. 12

All documents and things that relate to or constitute embodiments of any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents and unspecified "things" that, *inter alia*, "relate to" any such "embodiments"). LPL further objects to the term "embodiment" to the extent it is intended to mean anything other than an alternative approach to the methods, apparatus, and/or structure that are within the scope of an invention described in the patents-in-suit. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

## REQUEST NO. 13

All documents that relate to the preparation and prosecution of any of the patents-in-suit, or related patent or related application, including any files of any attorney involved in the prosecution of any of the patents-in-suit, related patent, or related application.

RESPONSE:

LPL objects to this Request because it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests all documents that "relate to" the "preparation" or "prosecution" of the patents-in-suit, and other unspecified patents and applications, and without any limit as to country or

609223v1

9

time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents related to the patents-in-suit.

## REQUEST NO. 14

All documents sufficient to identify all persons involved with the prosecution of any of the patents-in-suit, related patent, or related application.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests documents to identify persons "involved with the prosecution" of the patents-in-suit, and other unspecified patents and applications, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents related to the patents-in-suit.

## REQUEST NO. 15

All documents that relate to searches, investigations, or evaluations of domestic or foreign patents, literature, or other published materials that relate to any invention disclosed, described, or claimed in any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague,



ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that "relate to" any such "searches, investigations, or evaluations," and for an unlimited time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 16**

All documents that identify, refer to, relate to, constitute, or discuss any search, investigation, evaluation, or opinion as to the novelty, patentability, validity, enforceability, or scope of any of the patents-in-suit, related patent, or related application.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that, *inter alia*, identify or "relate to" a laundry list of activities and issues concerning the patents-in-suit, and other unspecified patents and applications, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents related to the patents-in-suit, to the extent such documents exist.

**REQUEST NO. 17**

All documents that were reviewed or received as part of any search, investigation, evaluation, or opinion as to the novelty, patentability, validity, enforceability, or scope of any of the patents-in-suit, related patent, or related application.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents "reviewed" or "received" regarding a laundry list of activities and issues concerning the patents-in-suit, and other unspecified patents and applications, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents related to the patents-in-suit, to the extent such documents exist.

**REQUEST NO. 18**

All documents that relate to the first sale or first offer for sale of any invention disclosed, described, or claimed in any of the patents-in-suit, or of any product embodying or using any invention disclosed, described, or claimed in any of the patents-in-suit, including without limitation all advertising, sales, promotional, and technical materials related to such offer or sale.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome (for example, Tatung requests all documents

that "relate to" any such "first sale" or "first offer of sale", including without limitation a laundry list of documents). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL states that it has not offered for sale any invention disclosed or described in the patents-in-suit.

**REQUEST NO. 19**

For each of the patents-in-suit, all documents and things that relate to (a) public use, (b) on sale activity, (c) commercial exploitation, or (d) experimental use (as these phrases are used in the application of 35 U.S.C. § 102(b)), by each inventor, LGP, or any other person of any invention disclosed, described, or claimed in any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad and unduly burdensome (for example, Tatung requests all documents and unspecified "things" that "relate to" several distinct subjects, and for unspecified "other person[s]," and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist. LPL further states that it has not offered for sale any invention disclosed or described in the patents-in-suit.

## REQUEST NO. 20

All documents that relate to or constitute patents, publications, written descriptions, or other prior art references of which LGP is aware of that concern, disclose, describe, or claim any invention disclosed, described, or claimed in any of the patents-in-suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests all documents that, *inter alia*, "relate to" patents, publications, written descriptions, or unspecified "other prior art references" that "concern, disclose, describe, or claim" any such invention(s), and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

## REQUEST NO. 21

All documents, including publications, articles, conference papers, or technical or marketing presentations, that relate to any product that embodies any claim of any of the patents-in-suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents, including but not limited to several categories of materials, that "relate to" unspecified products, and with no limit as to country or time period). LPL further objects to this Request as unduly

burdensome to the extent it seeks the production of documents already in the public domain.

Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

### REQUEST NO. 22

All documents relating to any diligence exercised in reducing to practice the alleged invention claimed in the patents-in-suit, including all documents that refer to or otherwise reflect the identity of each person involved in any such activities.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests all documents "relating to" any such "diligence"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

### REQUEST NO. 23

All documents, including internal technical memoranda, authored by any inventor of any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that any such inventor has authored, without regard to subject

matter, and for an unlimited time period, calling for documents not relevant to any claim or

defense in this case). LPL further objects to this Request as unduly burdensome and not

reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the

production of documents unrelated to the patents-in-suit. Subject to and without waiving these

objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent

such documents exist and are related to the patents-in-suit.

## REQUEST NO. 24

All documents and things that relate to any mode contemplated by any inventor for carrying out

any invention disclosed, described, or claimed in any of patents-in-suit, from a period starting

with the conception of the invention.

RESPONSE:

     LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example,

Tatung requests all documents and unspecified "things" that "relate to" any "mode"). LPL

further objects to this Request as unduly burdensome to the extent it seeks the production of

documents already in the public domain. Subject to and without waiving these objections, LPL

will produce non-privileged, responsive, and relevant documents, to the extent such documents

exist.

## REQUEST NO. 25

All documents and things, including without limitation drawings, schematic diagrams, and block

diagrams that show the structure, function, or operation of all products ever made by, or for, or

sold by, or for LGP that embody or use any invention disclosed, described, or claimed in any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents and unspecified "things," including, without limitation, several categories of materials, that show the "structure, function, or operation" of unspecified products). Subject to and without waiving these objections, LPL states that it has no documents responsive to this request.

**REQUEST NO. 26**

All documents that identify, refer to, relate to, discuss, or constitute any research project involving the development of any invention disclosed, described, or claimed in any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that, *inter alia*, "relate to" any such "research project"). LPL further objects to this Request because the term "research project" is ambiguous. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 27**

All documents sufficient to identify all persons who participated in the design or development of every product ever made by or for or sold by or for LGP that embodies or uses any invention disclosed, described, or claimed in any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests documents to identify persons who "participated" in the "design or development" of unspecified products). Subject to and without waiving these objections, LPL states that it has no documents responsive to this request.

**REQUEST NO. 28**

All documents, including but not limited to product catalogs, advertising or marketing FPD products.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents "advertising" or "marketing" unspecified and unlimited "FPD products," and without any limit as to country or time period, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents related to unspecified "FPD



products" and is not limited to the production of documents related to the patents-in-suit or rear-mounted products. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist and relate to the patents-in-suit or rear-mounted products.

### REQUEST NO. 29

All products of LGP and/or competitors in the possession or control of LGP that constitute prior art to any of the patents-in-suit or that are believed to be covered by any claim of any of the patents-in-suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests unspecified products of LPL and unidentified "competitors," and without any limit as to country or time period). LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL will make available for inspection any products in its possession, custody, or control that may be responsive to this request.

### REQUEST NO. 30

All documents that relate to whether any invention disclosed, described, or claimed in any of the patents-in-suit, or any product that uses any invention disclosed, described, or claimed in any of the patents-in-suit, fulfilled any long-felt, but unresolved need.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that "relate to" the "fulfil[ing]" of "any long-felt, but unresolved need"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL will produce non-privileged, responsive and relevant documents, to the extent that such documents exist.

**REQUEST NO. 31**

All documents relating to any secondary indicia of non-obviousness (such as failure of others, long felt need, unexpected results, commercial success, and acquiescence of competitors); the nexus (or lack therof) between the claimed invention and the objective evidence of non-obviousness; or, whether the objective evidence is commensurate in scope with each asserted claim of any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents "relating to" multiple, broad issues including any "secondary indicia of obviousness," a "nexus" or "lack thereof," and the "scope" of unspecified "objective evidence," and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL further objects to



this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL will produce non-privileged, responsive and relevant documents, to the extent that such documents exist.

### REQUEST NO. 32

All documents that relate to any problem solved by any invention disclosed, described, or claimed in any of the patents-in-suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that "relate to" any unspecified "problem," and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL will produce non-privileged, responsive and relevant documents, to the extent that such documents exist.

### REQUEST NO. 33

All documents referring to, relating to, or constituting patents, publications, written descriptions, or prior art references of which you are aware that concern, disclose, describe or claim any invention disclosed, described or claimed in any of the patents-in-suit, or any product or method and/or process embodying or using any invention disclosed, described or claimed in any of the patents-in-suit.

603323v1

21

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that, *inter alia*, "relat[e] to" any "prior art references" that "concern, disclose, describe, or claim" any such invention or any unspecified "product or method and/or process," and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 34**

All documents that relate to failures by persons (including inventors and others) to solve any problem solved by any invention disclosed, described, or claimed in any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that "relate to" unspecified "failures" to solve unspecified "problems," and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL will produce non-privileged, responsive and relevant documents, to the extent that such documents exist.

60522344

22

**REQUEST NO. 35**

All documents that refer or relate to any document, reference, or activity alleged by anyone to be prior art to the patents-in-suit or to affect the validity, enforceability, or scope of any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that, *inter alia*, "relate to" unspecified documents, references, or activities alleged as prior art or as affecting the multiple, broad issues of patent "validity, enforceability, or scope"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or already in the possession of defendants. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 36**

All documents and things that LGP believes show, demonstrate, or suggest that any invention disclosed, described, or claimed in any of the patents-in-suit has departed from accepted principles in the industry and all documents that show, demonstrate, or suggest the contrary.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents and unspecified "things" that LPL believes show that any such invention has or has not



"departed" from unspecified "accepted principles in the industry," and without any limit as to country or time period). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 37**

All documents that refer or relate to knowledge or use by others of any invention disclosed, described, or claimed in any of the patents-in-suit, including assessments by others of the scope, infringement, or validity of any of the patents-in-suit.

<u>RESPONSE:</u>

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine  LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests all documents that, *inter alia*, "relate to" others' "knowledge or use" of any such invention, and further requesting others' assessments concerning the multiple, broad issues of patent "scope, infringement, or validity")  LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 38**

All documents that relate to the level of knowledge, schooling, experience, expertise, or relevant technical information of a person who has ordinary skill in the art to which any invention disclosed, described, or claimed in any of the patents-in-suit pertains.

603323v1                                      24

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that "relate to" a laundry list of attributes of a person possessing "ordinary skill in the art" to which any such invention pertains, and without any limit as to country or time period). LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL states that it has no documents responsive to this request.

**REQUEST NO. 39**

All documents that refer or relate to the making or use in this or another country of any invention disclosed, described, or claimed in the patents-in-suit, by one who had not abandoned, suppressed or concealed it, that render any of the patents-in-suit invalid or unenforceable.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests all documents that, *inter alia*, "relate to" the making or use of any such invention to "render" any patent-in-suit "invalid or unenforceable," and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL states that it has no documents responsive to this request.

**REQUEST NO. 40**

All documents that LGP believes either alone or in combination anticipate or render obvious or in any other way render any of the patents-in-suit invalid or unenforceable.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests all documents that LPL believes "anticipate," "render obvious," or otherwise render "invalid or unenforceable" any patent-in-suit, for any reason, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL states that it has no documents responsive to this request.

**REQUEST NO. 41**

All documents that relate to the commercial exploitation by others of any invention disclosed, described, or claimed by any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung seeks all documents that "relate to" unspecified "commercial exploitation" by unidentified "others", and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in

the public domain. Subject to and without waiving these objections, and to the extent that this request refers to products, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist, and will make available for inspection the products in its possession, custody, or control that are responsive to this request.

## REQUEST NO. 42

All documents that refer or relate to any prior art reference or potential prior art reference located, reviewed by, or cited to you during any study or search of domestic or foreign patents, literature, or other published materials relating in any manner to any of the patents-in-suit, including without limitation any study, search, or analysis to determine the patentability, the validity, enforceability, or enforceable scope of any of the claims of any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that, *inter alia*, "relate to" any unspecified "potential prior art reference," including, without limitation, regarding a laundry list of activities, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain, or already in the possession of defendants. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

## REQUEST NO. 43

All documents that relate to whether any invention disclosed, described, or claimed in any of the patents-in-suit has been copied by others.

605923v1

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that "relate to" any such copying by unspecified "others," without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL further objects to this Request because it calls for a legal conclusion. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 44**

All documents, including without limitation articles and internal technical memoranda authored by you, that relate to the subject matter described, disclosed, or claimed in any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that "relate to" the unspecified "subject matter" of the patents-in-suit, and without any limit as to the type of information sought or the time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

603223v1

28

**REQUEST NO. 45**

All documents that relate to whether any invention disclosed, described, or claimed in any of the patents-in-suit, or any product that uses any invention disclosed, described, or claimed in any or the patents-in-suit, has been praised by a person other than LGP.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine  LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that "relate to" whether any invention or unspecified product "has been praised by a person other than" LPL).  Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 46**

All patents and patent applications (and related prosecution histories) owned, licensed, or controlled by LGP, from any jurisdiction, that refer or relate to the accused products, the method and/or process of using any accused product, or any product referring or relating to any invention disclosed, described, or claimed in any of the patents-in-suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine  LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests unspecified patents, applications, "and related prosecution histories" that "refer or relate to" unspecified "accused products" whether or not affiliated with the parties, or other unspecified methods, processes, and products, and without any limit as to country or time period).



LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 47**

All documents that relate to any statement, assertion, or claim by any person relating to the patentability, validity, enforceability, or scope of any claim of any of the patents-in-suit, including any document that states or implies that any of the patents-in-suit, or any claim thereof, is, or may be, invalid or unenforceable.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that "relate to" any "statement, assertion, or claim" regarding the multiple, broad issues of patentability, validity, enforceability, and scope, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or already in the possession of the defendants. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 48**

All documents that discuss or make reference to the quality, value, acceptability, workability, performance, or benefits of products incorporating LGP technology, including communications with customers praising, criticizing, or otherwise commenting about these products.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that discuss or refer to several different undefined issues, regarding unspecified products, and for any "LGP technology," which would implicate products, issues, and subject matter unrelated to any claim or defense in this case, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the patents-in-suit. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or already in the possession of the defendants. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents related to the patents-in-suit, to the extent such documents exist.

**REQUEST NO. 49**

All documents that relate or refer to any communication between LGP and any other person regarding any of the patents-in-suit or this litigation, including without limitation any reports, statements, or analyses by third parties.

603723v1

31

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine (or any other applicable protection, such as for accountant-client communications). LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that "relate or refer to" any such communications, including without limitation unspecified reports, statements, or analyses of unidentified third parties, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

REQUEST NO. 50

All documents that refer or relate to any domestic or foreign litigation, arbitration, or mediation related to any invention disclosed, described, or claimed by any of the patents-in-suit related to FPD, FPD products or FPD technology.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that "refer or relate to" unspecified litigation, arbitration, or mediation "related to" the "patents-in-suit related to FPD, FPD products or FPD technology," which is unclear in scope, and without any limitation as to country or time period). This request, for example, appears to call for production of essentially every document created in the course of

litigation in the U.K. involving Tatung and LPL, without any showing of relevance. LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents related to "FPD products or FPD technology" generally, and is not limited to the production of documents related to rear-mounted products or technology. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain or already in the possession of the defendants. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist and relate to the patents-in-suit and rear-mounted products or rearmounting technology.

### REQUEST NO. 51

All documents and things that describe or constitute any product that LGP contends embodies any claim of any of the patents-in-suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents and unspecified "things" concerning unspecified products). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, and to the extent that this request refers to products, LPL will produce non-privileged, responsive, and relevant documents and will make available for inspection the products in its possession, custody, or control that are responsive to this request.

**REQUEST NO. 52**

All documents referring or relating to any consideration given by LGP to any possible liability for patent infringement should TATUNG commence or continue to make, use, distribute, sell, or license the accused products or any product referring or relating to any invention disclosed, described, or claimed in any of the patents-in-suit, including without limitation any internal notes or memoranda.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents, *inter alia*, "relating to" LPL's "consideration" regarding Tatung's liability for infringement, which request is unclear). LPL further objects to the term "consideration" as vague and ambiguous. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 53**

All documents that relate to TATUNG's alleged use of any invention disclosed, described, or claimed in any of the patents-in-suit, or alleged infringement of any of the patents-in-suit, including all documents establishing, or otherwise showing when LGP first learned of any such alleged use or infringement.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents

that "relate to" Tatung's infringing conduct). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents.

## REQUEST NO. 54

All documents referring or relating to any patentability or prior art investigation, search, or study, or evaluation, review, monitoring, or testing, of any of the patents-in-suit, including, but not limited to, documents relating to whether any accused product does or does not infringe any claim of any of the patents-in-suit either literally or by equivalents.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents "referring or relating to" several broad categories of activity, such as "investigation," "search," "study," "evaluation," "review," "monitoring," and "testing," and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents.

## REQUEST NO. 55

All documents that relate to any analysis of any of TATUNG's products for potential or actual infringement, either literal or under the doctrine of equivalents, of any of the patents-in-suit

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that "relate to" any "analysis" of unspecified products). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents.

**REQUEST NO. 56**

All documents that relate to any product offered by TATUNG that LGP contends infringes, has infringed, or has been used in a manner that infringes any of the patents-in-suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that "relate to" unspecified products). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents.

**REQUEST NO. 57**

All documents and things upon which LGP will rely at trial to support LGP's contention that any product of TATUNG infringes any claim of any of the patents-in-suit

RESPONSE:

   LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, and unduly burdensome (for example, Tatung has propounded

numerous other more specific requests to which LPL is responding). LPL further objects to this

Request as premature in that LPL has not yet determined which documents and things that it

intends to rely upon at trial, discovery remains open, and pretrial disclosures are not yet due.

## REQUEST NO. 58

All documents that relate to any opinion regarding infringement by anyone of any of the patents-

in-suit.

RESPONSE:

   LPL objects to this Request because it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example,

Tatung requests all documents that "relate to" any such unspecified "opinion" by unidentified

persons). LPL further objects to this Request as unduly burdensome to the extent it seeks the

production of documents already in the public domain or already in the possession of the

defendants. Subject to and without waiving these objections, LPL will produce non-privileged,

responsive, and relevant documents.

## REQUEST NO. 59

All documents referring or relating to the design, development, testing, simulation, or operation

of the accused products, including components thereof, and including without limitation

605723v1

complete laboratory notebooks, schematics, engineering specifications, CAD files, and simulation files in both hardcopy and electronic format.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents "referring or relating to" several broad categories regarding unspecified "accused products" and unspecified "components", and including unspecified "laboratory notebooks," "schematics," "engineering specifications," "CAD files," and "simulation files"). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

## REQUEST NO. 60

All documents that identify, refer to, or discuss the persons at LGP who first became aware of TATUNG's alleged infringement, including all documents comprising and concerning such first awareness.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that "identify, refer to, or discuss" unspecified LPL personnel, and without any limit as to time period, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce

60377541

non-privileged, responsive, and relevant documents, to the extent such documents exist and reflect LPL's first awareness of Tatung's infringement.

## REQUEST NO. 61

All documents that identify, refer to, or discuss the persons at LGP who played a role in the decision to file a lawsuit against TATUNG for the alleged infringement of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents that "identify, refer to, or discuss" unspecified LPL personnel, not seeking any relevant factual information or discovery, and without any limit as to time period).

## REQUEST NO. 62

All documents that relate to any act by any person other than TATUNG that LGP contends is, or that LGP believes may be, an act of infringement of any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents that "relate to" any "act of infringement" by unspecified others, including non-defendants, and without any limit as to country or time period). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 63**

All documents referring to, relating to, or comprising any license entered into or proposed by LGP concerning FPDs, FPD products or FPD technology, including but not limited to any invention disclosed, described, or claimed in any of the patents-in-suit.

<u>RESPONSE</u>:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents that, *inter alia*, "relat[e] to" unspecified licenses signed or "proposed" and concerning unspecified and unlimited "FPDs, FPD products, or FPD technology," thus seeking financial and other information not relevant to any claim or defense in this case, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence because it seeks documents related to unspecified "FPDs," "FPD products," and "FPD technology" and is not limited to the production of documents related to any invention disclosed, described, or claimed in the patents-in-suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist and relate to the patents-in-suit.

40

**REQUEST NO. 64**

All documents referring to, relating to, or comprising any decision by LGP to issue a license to any person for rights concerning FPDs, FPD products or FPD technology, including but not limited to any invention disclosed, described, or claimed in any of the patents-in-suit

<u>RESPONSE</u>:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents that, *inter alia*, "relat[e] to" unspecified decisions and licenses concerning unspecified and unlimited "FPDs, FPD products, or FPD technology," thus seeking financial and other information not relevant to any claim or defense in this case, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence, because it seeks documents related to unspecified "FPDs, "FPD products," and "FPD technology" and is not limited to the production of documents related to any invention disclosed, described, or claimed in the patents-in-suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist and relate to the patents-in-suit.

## REQUEST NO. 65

All documents referring to, relating to, or comprising any request by any person for a license from LGP for any product referring or relating to any invention disclosed, described, or claimed in any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that, *inter alia*, "relat[e] to" unspecified requests for licenses concerning unspecified products, and without any limit as to country or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

## REQUEST NO. 66

All documents concerning any negotiations for a license under any LGP patent or patent application related to FPDs, FPD products or FPD technology, including but not limited to any invention disclosed, described, or claimed in any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and is not

660223-1

42

reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents "concerning" unspecified "negotiations" and licenses concerning unspecified and unlimited "FPDs, FPD products, or FPD technology," thus seeking financial and other information not relevant to any claim or defense in this case, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence because it seeks documents related to unspecified "FPDs," "FPD products," and "FPD technology," and is not limited to the production of documents related to any invention disclosed, described, or claimed in the patents-in-suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist and relate to the patents-in-suit.

## REQUEST NO. 67

All documents that refer or relate to any entities authorized or licensed to make, use, import into the United States, distribute, and/or sell FPDs, FPD products or FPD technology reading on any invention disclosed, described, or claimed in any foreign or domestic patent in which LGP has rights, including without limitation all sales and distribution agreements, purchase orders, licenses and invoices.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably

calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents that "refer or relate to" unspecified "entities" and licenses concerning unspecified and unlimited "FPDs, FPD products, or FPD technology," and all LPL patents, thus seeking financial and other information not relevant to any claim or defense in this case, and without any limit as to country or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL. LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence because it seeks documents related to <u>any</u> "FPDs, FPD products, or FPD technology" and documents on <u>any</u> invention disclosed, described, or claimed in <u>any</u> foreign or domestic patent in which LPL has rights, and it is not limited to documents related to the patents-in-suit.

## REQUEST NO. 68

All documents that constitute advertisements, brochures, or sales or promotional literature for FPD products that have ever been made by or for or sold by or for any competitor of LGP

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests unspecified "advertisements, brochures, or sales or promotional literature" for unspecified and unlimited "FPD products" regarding unidentified "competitors," and without any limit as to country or time period, thus calling for documents not relevant to any claim or defense in this

case).  LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence because it seeks documents related to unspecified "FPD products" and is not limited to documents related to the patents-in-suit.  Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist and relate to the patents-in-suit.

## REQUEST NO. 69

All documents that constitute, describe, summarize, or refer to any assignment, sale, acquisition, license, or transfer of any rights entered into, or proposed regarding rights to any invention disclosed, described, or claimed in any of the patents-in-suit or any related patent or related application.

RESPONSE:

        LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine.  LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests documents regarding "any transfer of rights" entered or "proposed" regarding the patents-in-suit or unspecified other patents and applications, without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.  Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents related to the patents-in-suit.

## REQUEST NO. 70

All documents that relate to licenses, distribution agreements, broker agreements, franchise agreements, quitclaims, conveyances, negotiations to license or convey, offers to license or

convey, or other transfers of rights to, or from, LGP relating to any invention disclosed, described, or claimed by any of the patents-in-suit and any other documents evidencing LGP's consent or permission to third parties to use any technology relating to any invention disclosed, described, or claimed by any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents that "relate to" all "transfers of rights," not limited to several broad categories, and further requesting unspecified documents "evidencing" "consent" or "permission," and without any limit as to country or time period). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents

REQUEST NO. 71

All licenses referring or relating to the patents-in-suit, including, but not limited to, license agreements with FPD product manufacturers, original equipment manufacturers, original design manufacturers or resellers.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because the term "original design manufacturers" is vague and ambiguous. Subject to and without waiving these objections, LPL has no documents responsive to this request that relate to the patents-in-suit.

## REQUEST NO. 72

All documents sufficient to show royalties paid by each licensee or sublicensee, on a quarterly and annual basis, to LGP pursuant to any license or sublicense granted under any patent in which LGP has an interest, including but not limited to the patents-in-suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests documents to show royalties regarding unspecified and unlimited licensees and "sublicensees," related to all LPL patents, thus seeking financial and other information not relevant to any claim or defense in this case, and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence because it seeks documents under any patent in which LPL has an interest and is not limited to documents related to the patents-in-suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

## REQUEST NO. 73

All documents referring to any research and development costs incurred in the development of any LGP technology that embodies any invention disclosed, described, or claimed by any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents referring to the "development" of unspecified "LGP technology"). Subject to and without waiving these objections, LPL states that it has no documents responsive to this request.

REQUEST NO. 74

All documents that relate to terms under which LGP would be willing to license any invention disclosed, described, or claimed in any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents that "relate to" unspecified "terms" in an defined context and time period). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

REQUEST NO. 75

All documents relating to any efforts by LGP, or its licensees to remedy or counteract any alleged harm inflicted by sales of allegedly infringing products.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine LPL further objects to this Request because it is vague,

ambiguous, overly broad, and unduly burdensome (for example, Tatung seeks all documents "relating to" unspecified "efforts" by LPL or unidentified others to "remedy or counteract" alleged harm, and without any limit as to country or time period). LPL further objects because the phrase "remedy or counteract any alleged harm" is vague and ambiguous. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, relevant documents.

**REQUEST NO. 76**

All documents and things, including press releases or other publications, that relate to any of the patents-in-suit, this lawsuit, or any product suspected or believed to infringe any of the patents-in-suit, or to be disclosed, described, or claimed in any of the patents-in-suit.

<u>RESPONSE:</u>

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents and unspecified "things" that "relate to" the patents-in-suit, this lawsuit, or unspecified products). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, relevant documents.

**REQUEST NO. 77**

All documents that relate to any profits LGP claims to have lost or claims it will lose as a consequence of TATUNG's alleged infringement of any of the patents-in-suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that "relate to" lost profits). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, relevant documents, to the extent that such documents exist.

**REQUEST NO. 78**

All documents that relate to the methodology employed by LGP to determine the amount of any profits LGP claims to have lost or will lose as a consequence of TATUNG's alleged infringement of any of the patents-in-suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, Tatung requests all documents that "relate to" the "methodology" regarding lost profits). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, relevant documents, to the extent that such documents exist.

**REQUEST NO. 79**

All documents that relate to any acceptable non-infringing FPD products.

603321v1

50

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents that "relate to" unspecified products). LPL further objects to the term "acceptable" as vague and ambiguous. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents not related to the patents-in-suit.

**REQUEST NO. 80**

All documents sufficient to identify each entity, or person in the United States to whom LGP has sold, offered to sell, or shipped any FPD product.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests documents to identify every customer and potential customer of LPL's unspecified and unlimited "FPD products," thus seeking information not relevant to any claim or defense in this case, and without any limit as to country or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, and control of LPL. LPL further objects to this Request as unduly burdensome and not reasonably





calculated to lead to discovery of admissible evidence because it seeks documents related to unspecified "FPD products," and it is not limited to documents related to the patents-in-suit.

### REQUEST NO. 81

All documents that are sufficient to determine all FPD products sold by LGP and its licensees in competition with TATUNG.

<u>RESPONSE</u>:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests documents regarding "all FPD products" sold by LPL and unspecified and unlimited licensees that are "in competition with Tatung," calling for documents not relevant to any claim or defense in this case, and without any limit as to country or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, and control of LPL. LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents related to unspecified "FPD products," and it is not limited to documents related to the patents-in-suit.

### REQUEST NO. 82

All documents sufficient to determine the identity of all end user(s) in the United States of each LGP or competitor FPD product.

605223v1

52

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests documents regarding the identity of every "end user" in the United States for unspecified and unlimited "FPD products" of LPL and unidentified competitors, calling for documents not relevant to any claim or defense in this case, and for an unlimited time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, and control of LPL. LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents related to unspecified "FPD products," and it is not limited to documents related to the patents-in-suit.

REQUEST NO. 83

All documents that identify, relate to, refer to, discuss, or constitute any business plan, strategic plan, operating plan, marketing plan, financial plan, production plan, sales plan and capital, or investment plans referring or relating to LGP or any competitor FPD product.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents that, *inter alia*,

"relate to" or "discuss" a broad range of strategic and financial plans and documents proprietary to LPL "relating to" unspecified and unlimited "FPD products" of LPL and unidentified competitors, calling for documents not relevant to any claim or defense in this case, and without any limit as to country or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, and control of LPL. LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents related to unspecified "FPD products," and it is not limited to documents related to the patents-in-suit.

### REQUEST NO. 84

All documents that identify, relate to, refer to, or discuss LGP's contemplated or actual commercial exploitation of any invention disclosed, described, or claimed by any of the patents-in-suit, including without limitation feasibility studies, marketing plans, marketing forecasts, estimates or projections of market share, periodic research and development reports, management reports or other periodic reports, advertisements, promotional brochures, product literature, catalogs, trade show exhibits or displays, technical brochures, specifications, price lists, contracts, purchase orders, papers published or presented, and documents relating to research, development, marketing, manufacturing, production, negotiations, efforts to sell, offers to sell, and actual sales.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, duplicative of prior requests, and unduly burdensome (for example, Tatung requests all documents that, *inter alia*, "relate to" actual or "contemplated" unspecified "commercial exploitation," including without limitation a laundry list of financial and proprietary reports and documents, and without any limit as to country or time period). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, relevant documents, to the extent that such documents exist.

## REQUEST NO. 85

Any marketing studies or analyses relating to the market for FPD products.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests unspecified "marketing studies or analyses" that "relat[e] to" an undefined "market" for unspecified "FPD products," calling for documents not relevant to any claim or defense in this case, and without any limit as to country or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, and control of LPL. LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents related to unspecified "FPD products," and it is not limited to documents related to the patents-in-suit

## REQUEST NO. 86

603223v1



All documents that identify, refer to, relate to, discuss, or constitute a comparison between the FPD products of TATUNG and any other manufacturer.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents that, *inter alia*, "relate to" unspecified "comparisons" between unspecified "FPD products," calling for documents not relevant to any claim or defense in this case, and without any limit as to country, manufacturer, or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, and control of LPL. LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents related to unspecified "FPD products," and it is not limited to documents related to the patents-in-suit.

REQUEST NO. 87

All documents that relate to LGP's revenues, costs, and profits relating to any product using or embodying any invention claimed in any of the patents-in-suit, by product and month and year.

RESPONSE:

LPL objects to this Request because it is vague, ambiguous, overly broad, and duplicative of prior requests (for example, Tatung requests all documents that "relate to" unspecified "revenues, costs, and profits" concerning unspecified products, and without any limit as to

country or time period). Subject to and without waiving these objections, LPL has no documents responsive to this request.

## REQUEST NO. 88

All documents that relate to any increase in expenses alleged, or believed, to have been experienced by LGP as a consequence of TATUNG's alleged infringement of any of the patents-in-suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that "relate to" increases in unspecified "expenses," which LPL construes to refer to business expenses (as opposed to, e.g., legal fees)). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, relevant documents, to the extent that such documents exist.

## REQUEST NO. 89

All documents that relate to a reasonable royalty for the alleged use or sale of any invention disclosed, described, or claimed by any of the patents-in-suit by or for TATUNG.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that "relate to" a reasonable royalty). Subject to and without

waiving these objections, LPL will produce non-privileged, responsive, relevant documents, to the extent that such documents exist.

### REQUEST NO. 90

All documents that relate to any damages suffered by LGP due to TATUNG's alleged infringement of any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests all documents that "relate to" damages). Subject to and without waiving these objections, LPL will produce non-privileged, responsive, relevant documents, to the extent that such documents exist.

### REQUEST NO. 91

All documents sufficient to show those units, departments, divisions, or other entities within LGP that played any role, including but not limited to research, development, marketing, licensing, or prosecution, concerning any invention claimed in any of the patents-in-suit, including organizational charts.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome (for example, it is unclear what Tatung means by "played any role" and the only specific document referenced is "organizational charts", and for an unlimited time period). LPL further objects to this Request as unduly burdensome to the

660522v1

58

extent it seeks the production of documents already in the public domain. Subject to and without

waiving these objections, LPL will produce non-privileged, responsive, and relevant documents,

to the extent such documents exist.

## REQUEST NO. 92

All documents sufficient to show those units, departments, divisions, or other entities within

LGP that participated in or otherwise provided information in connection with the preparation,

filing, or prosecution of any of the patents-in-suit, related patent or related application, for the

period from the time of conception to the present.

RESPONSE:

     LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, it

is unclear what Tatung means by "participated in" or "otherwise provided information" and the

intended time period is also unclear). LPL further objects to this Request as unduly burdensome

to the extent it seeks the production of documents already in the public domain. Subject to and

without waiving these objections, LPL will produce non-privileged, responsive, and relevant

documents, to the extent such documents exist.

## REQUEST NO. 93

All LGP annual reports and government filings, from the initiation of any invention disclosed,

described, or claimed by any of the patents-in-suit to the present.

RESPONSE:

     LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, and unduly burdensome (for example, it is unclear what Tatung means by "government filings," the intended time period is unclear, and there is no limit as to country). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

### REQUEST NO. 94

All documents that relate to any opinion by any expert whom LGP may call as a witness at the trial of this suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung seeks all documents that "relate to" any expert opinions). LPL further objects to the extent that Tatung seeks documents already in its possession. LPL further objects to this Request as premature. LPL will produce its expert reports in accordance with the Scheduling Order. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

### REQUEST NO. 95

All documents sufficient to determine the organizational structure of LGP, including its parent, subsidiary, sister, or other affiliated corporations.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, it is unclear what Tatung means by "organizational structure" and the Request is for an unlimited time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist.

**REQUEST NO. 96**

All documents, including any studies or analyses, in LGP's possession, custody, or control related to FPD mounting technologies.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents, not limited to unspecified studies and analyses, "related to" unspecified and unlimited "FPD mounting technologies," and for an unlimited time period). LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of documents unrelated to rearmounting or the patents-in-suit. Subject to and without waiving these objections, LPL will produce non-

privileged, responsive, and relevant documents, to the extent such documents exist and relate to

rearmounting or the patents-in-suit.

## REQUEST NO. 97

All documents, including any studies or analyses, in LGP's possession, custody, or control

concerning how FPD mounting technologies relate to the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably

calculated to lead to the discovery of admissible evidence (for example, Tatung requests all

documents, not limited to unspecified studies and analyses, "concerning" how unspecified and

unlimited "FPD mounting technologies" "relate to the patents-in-suit," and for an unlimited time

period). LPL further objects to this Request as unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence to the extent it seeks the production of

documents unrelated to rearmounting or the patents-in-suit. Subject to and without waiving

these objections, LPL will produce non-privileged, responsive, and relevant documents, to the

extent such documents exist and relate to rearmounting or the patents-in-suit.

## REQUEST NO. 98

All documents referring to or reflecting the acquisition of FPD products, including but not

limited to the acquisition of LCD modules made by Toshiba or other LCD module suppliers.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence (for example, Tatung requests all documents "referring to or

reflecting" the "acquisition" of unspecified and unlimited "FPD products" between unidentified

sellers and purchasers, and without any limit as to country or time period, calling for documents

not relevant to any claim or defense in this case). LPL further objects to this Request to the

extent that it seeks the disclosure of documents that are subject to a confidentiality agreement

with a third party or that are proprietary or confidential information of a third party that is in the

possession, custody, and control of LPL. LPL further objects to this Request as unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence

because it seeks documents related to unspecified "FPD products," and it is not limited to

documents related to the patents-in-suit.

**REQUEST NO. 99**

All documents and things referring to or reflecting the specifications or physical characteristics

of any FPD product, including but not limited to service manuals, user manuals, datasheets,

sketches, drawings, photographs, memoranda and any physical embodiment thereof.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably

calculated to lead to the discovery of admissible evidence (for example, Tatung requests all

documents and unspecified "things" regarding unlimited "specifications or physical

characteristics" of unspecified and unlimited "FPD products," not limited to a laundry list of

materials and "physical embodiments," calling for documents and materials not relevant to any

claim or defense in this case, and without any limit as to country or time period). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, and control of LPL. LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents related to unspecified "FPD products," and it is not limited to documents related to the patents-in-suit. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist and relate to the patents-in-suit.

**REQUEST 100**

All documents and things concerning any FPD product exhibited in public prior to the date of conception of any invention disclosed, described, or claimed by any of the patents-in-suit.

RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, duplicative of prior requests, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests all documents and unspecified "things" "concerning" unspecified "FPD products," and for an unclear time period, with no limit as to country). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, and control of LPL. LPL further objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence

because it seeks documents related to unspecified "FPD products," and it is not limited to documents related to any invention disclosed, described, or claimed by the patents-in-suit. Subject to and without waiving these objections, LPL will produce non-privileged, responsive, and relevant documents, to the extent such documents exist and relate to products using the invention disclosed, described, or claimed by any of the patents-in-suit.

Date:  October 14, 2005                THE BAYARD FIRM

/Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 429-4208
rkirk@bayardfirm.com
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500