# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-343 (JJF) |
| | ) | |
| TATUNG CO.; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| AND VIEWSONIC CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT TATUNG COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 101-171) TO PLAINTIFF LG. PHILIPS LCD CO., LTD.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Tatung Co. ("Tatung") hereby requests that Plaintiff LG. Philips LCD Co., Ltd. ("LGP") produce for inspection and copying the documents described below at the offices of Greenberg Traurig LLP, 2450 Colorado Avenue, Suite 400E, Santa Monica, CA  90404, within thirty (30) days after service of these requests.

When responding to these requests, LGP should use the definitions and instructions provided in Tatung's First Set of Interrogatories, dated March 9, 2006, Defendant Tatung Company's Second Set of Interrogatories (Nos. 27-29) to Plaintiff LG. Philips LCD Co., Ltd., dated May 31, 2006, and Defendant Tatung Company's First Set of Document Requests to Plaintiff LG. Philips LCD Co., Ltd., dated August 12, 2005, which are incorporated herein by reference, except that the term "requests," as used herein, refers to Defendant Tatung Company's Second Set of Requests for Production of Documents, and the term "request," as used herein, refers generically to any of the separate enumerated requests in Defendant Tatung Company's Second Set of Requests for Production of Documents.

**REQUEST NO. 101:** All documents and things that relate to LGP's contention that Tatung Company willfully infringes the patents in suit.

**REQUEST NO. 102:** All documents and things that support LGP's contention that Tatung Company willfully infringes the patents in suit.

**REQUEST NO. 103:** All documents and things that relate to LGP's contention that Tatung Company of America willfully infringes the patents in suit.

**REQUEST NO. 104:** All documents and things prepared that support LGP's contention that Tatung Company of America willfully infringes the patents in suit.

**REQUEST NO. 105:** All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' business proposals, including but not limited to, requests for proposals, proposals, prototypes, designs, or projects for Liquid Crystal Displays or products that contain a Liquid Crystal Display which pre-date the filing of the patents in suit.

**REQUEST NO. 106:** All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' Original Design Manufacture ("ODM") including but not limited to requests for proposals, proposals, prototypes, designs, or projects for Liquid Crystal Displays or products that contain a Liquid Crystal Display which pre-date the filing of the patents in suit.

**REQUEST NO. 107:** All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' Original Equipment Manufacture ("OEM"), including but not limited to, requests for proposals, proposals, prototypes, designs, or projects for Liquid Crystal Displays or products that contain a Liquid Crystal Display which pre-date the filing of the patents in suit.

**REQUEST NO. 108:**  All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' joint ventures including but not limited to requests for proposals, proposals, ODM, OEM, prototypes, designs, or projects for Liquid Crystal Displays or products that contain a Liquid Crystal Display which pre-date the filing of the patents in suit

**REQUEST NO. 109:**  All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' Original Design Manufacture ("ODM") including the parties to each ODM agreement, drafts of the agreements, the agreements, the contact persons for all parties to the agreements which pre-date the filing of the patents in suit.

**REQUEST NO. 110:**  All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' Original Equipment Manufacture ("OEM") including the parties to each OEM agreement, drafts of the agreements, the agreements, the contact persons for all parties to the agreements which pre-date the filing of the patents in suit.

**REQUEST NO. 111:**  All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' business proposals including the parties to each agreement, drafts of the agreements, the agreements, the contact persons for all parties to the agreements which pre-date the filing of the patents in suit.

**REQUEST NO. 112:**  All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' joint ventures including the parties to each  agreement, drafts of the agreements, the agreements, the contact persons for all parties to the agreements which pre-date the filing of the patents in suit.

**REQUEST NO. 113:** All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' technology sharing proposals including the parties to each agreement, drafts of the agreement, the agreements, the contact persons for all parties to the agreements which pre-date the filing of the patents in suit.

**REQUEST NO. 114:** All documents referring to, relating to, or evidencing "rear-mounted products" as that phrase is used by LGP in its response to Request No. 28 of Tatung's First Set of Request for Production of Documents.

**REQUEST NO. 115:** Samples of any and all "rear-mounted products" (as defined in RFP No. 114 above) other than the ViewSonic VX900 and the Tatung L17AMTN, and including without limitation prototypes, experimental products, finished products, and/or commercially available products.

**REQUEST NO. 116:** All documents referring to, relating to, or evidencing "rearmounting technology," as that phrase is used by LGP in its response to Request No. 50 of Tatung's First Set of Request for Production of Documents, including without limitation any and all pictures, drawings, schematics, technical designs, engineering notebooks

**REQUEST NO. 117:** Samples of any and all flat panel display devices utilizing "rearmounting technology," (as defined in RFP No. 116 above) including without limitation, prototypes, experimental products, finished products, and/or commercially available products.

**REQUEST NO. 118:** Any and all documents referring to, relating to, or evidencing prototypes that use and/or practice any invention disclosed and/or claimed in the Patents-in-Suit.

**REQUEST NO. 119:** Samples of any and all prototypes that use and/or practice any invention disclosed and/or claimed in the Patents-in-Suit.

**REQUEST NO. 120:** Any and all documents referring to, relating to, or evidencing prototypes that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

**REQUEST NO. 121:** Samples of any and all prototypes that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

**REQUEST NO. 122:** Any and all documents referring to, relating to, or evidencing Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in the Patents-in-Suit.

**REQUEST NO. 123:** Samples of any and all Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any of the Patents-in-Suit.

**REQUEST NO. 124:** Any and all documents referring to, relating to, or evidencing Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

**REQUEST NO. 125:** Samples of any and all Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

**REQUEST NO. 126:** Any and all documents referring to, relating to, or evidencing communications with or materials provided to any draftsman regarding or relating to the Patents-in-Suit and/or the Foreign Counterparts to the Patents-in-Suit, including without limitation all correspondence, instructions, translations, contracts, agreements, drafts, declarations or affidavits, prototypes, and/or samples.

**REQUEST NO. 127:** Any and all documents referring to, relating to, or evidencing work performed by any draftsman for the Patents-in-Suit and/or the Foreign Counterparts to the

Patents-in-Suit, including without limitation all contracts, drawings, designs, drafts, declarations, and/or affidavits.

**REQUEST NO. 128:** Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing instructions, directions, or information prepared and/or distributed by or on behalf of LGP relating to mounting an LCD module on, to, or into an external case of a data processing device, including without limitation manuals, instructions, specifications, drawings, service documents.

**REQUEST NO. 129:** Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing instructions, directions, or information prepared and/or distributed by or on behalf of LGP relating to attaching a flat panel display device on, to, or into an external case of a Flat Panel Display Product, including without limitation manuals, instructions, specifications, drawings, service documents.

**REQUEST NO. 130:** Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing mounting flat panel display devices other than by the "front mounting method," as that term is disclosed in the Patents-in-Suit, including without limitation drawings, specifications, tutorials, product descriptions, schematics.

**REQUEST NO. 131:** Samples of any and all Flat Panel Display Products from January 1, 1997 to the present wherein the flat panel display device is mounted to an external case using any means other than exclusively the "front mounting method."

**REQUEST NO. 132:** Samples of any and all Flat Panel Display Products from January 1, 1997 to the present wherein the flat panel display device is mounted to an external case using the "front mounting method" in combination with any other mounting method.

**REQUEST NO. 133:**  Any and all bill of materials for each LCD module made by LGP from January 1, 1997 to the present.

**REQUEST NO. 134:**  Any and all bill of materials for each LCD module made by anyone other than LGP from January 1, 1997 to the present.

**REQUEST NO. 135:**  Documents sufficient to identify the parts of an LCD module, and the structure, function, source, and/or assemblage of those parts from January 1, 1997 to the present  (This Request does not seek every document referencing an LCD module; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of an LCD module and their assemblage)

**REQUEST NO. 136:**  Documents from January 1, 1997 to the present sufficient to identify each part of an LCD module that is or can be used for mounting an LCD module to the external case of a Flat Panel Display Product.

**REQUEST NO. 137:**  Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the parts of an LCD module that are or can be used for mounting an LCD module to the external case of a Flat Panel Display Product.

**REQUEST NO. 138:**  Any and all bill of materials for any backlight unit for use in a flat panel display device from January 1, 1997 to the present.

**REQUEST NO. 139:**  Documents from January 1, 1997 to the present sufficient to identify the parts of a backlight unit, and the structure, function, source, and/or assemblage of those parts.  (This Request does not seek every document referencing a backlight unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a backlight unit and their assemblage).

**REQUEST NO. 140:** Any and all bill of materials for any light guide unit for use in a flat panel display device from January 1, 1997 to the present.

**REQUEST NO. 141:** Documents from January 1, 1997 to the present sufficient to identify the parts of a light guide unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a light guide unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a light guide unit and their assemblage).

**REQUEST NO. 142:** Any and all bill of materials for any light source unit for use in a flat panel display device from January 1, 1997 to the present.

**REQUEST NO. 143:** Documents from January 1, 1997 to the present sufficient to identify the parts of a light source unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a light source unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a light source unit and their assemblage).

**REQUEST NO. 144:** Any and all bill of materials for any prism unit for use in a flat panel display device from January 1, 1997 to the present.

**REQUEST NO. 145:** Documents from January 1, 1997 to the present sufficient to identify the parts of a prism unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a prism unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a prism unit and their assemblage).

**REQUEST NO. 146:** Any and all bill of materials for any diffuser unit for use in a flat

panel display device from January 1, 1997 to the present.

**REQUEST NO. 147:** Documents from January 1, 1997 to the present sufficient to identify the parts of a diffuser unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a diffuser unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a diffuser unit and their assemblage)

**REQUEST NO. 148:** Any and all bill of materials for any reflector unit for use in a flat panel display device from January 1, 1997 to the present.

**REQUEST NO. 149:** Documents from January 1, 1997 to the present sufficient to identify the parts of a reflector unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a reflector unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a reflector unit and their assemblage).

**REQUEST NO. 150:** Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the attachment of a stand or base to a Flat Panel Display Product, excluding documents relating to the ViewSonic VX900 or the Tatung L17AMTN.

**REQUEST NO. 151:** Any and all documents referring to, relating to, or evidencing communications to or from LGP that mention the advantages or features of the inventions disclosed in the Patents-in-Suit, regardless of whether the communications occurred before or after the application filing dates for the Patents-in-Suit.

**REQUEST NO. 152:** Any and all documents referring to, relating to, or evidencing communications to or from LGP that mention the reduction of side space as expressed at Column 2, lines 29-36 in the '641 Patent, regardless of whether the communications occurred before or

after the application filing dates for the Patents-in-Suit.

    **REQUEST NO. 153:**  Any and all agreements from January 1, 1997 to the present with any third parties pursuant to which any method of mounting flat panel display devices, other than "front mounting," was considered, discussed, mentioned, evaluated, analyzed, conceived, invented, developed, and/or used.

    **REQUEST NO. 154:**  Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing any method of mounting flat panel display devices, other than "front mounting," that LGP has considered, discussed, mentioned, evaluated, analyzed, conceived, invented, developed, and/or used.

    **REQUEST NO. 155:**  Any and all documents that reflect or relate to LGP's costs, from January 1, 2000 to the present, of each flat panel display device that uses, or is made to be mounted using, the "front mounting method," including without limitation, fixed costs, variable costs; direct costs, indirect costs, costs of components purchased from third parties, manufacturing costs, depreciation, allocation of overhead, or other general expenses and the basis for determining each of the foregoing.

    **REQUEST NO. 156:**  Any and all documents that reflect or relate to LGP's costs, from January 1, 2000 to the present, of each flat panel display device that uses, or is made to be mounted using, any method of mounting other than the "front mounting method," including without limitation, fixed costs, variable costs; direct costs, indirect costs, costs of components purchased from third parties, manufacturing costs, depreciation, allocation of overhead, or other general expenses and the basis for determining each of the foregoing.

    **REQUEST NO. 157:** Documents or summaries sufficient to show the monthly, quarterly and/or annual sales (in dollars and units) and/or profits, from January 1, 2000 to the

present, of each LGP flat panel display device that uses, or is made to be mounted using, the "front mounting method," including without limitation:

    (1)    gross revenues;

    (2)    costs of goods sold;

    (3)    royalties;

    (4)    operating and administrative expenses;

    (5)    gross profits;

    (6)    net profits; and

    (7)    profit margins.

**REQUEST NO. 158:** Documents or summaries sufficient to show the monthly, quarterly and/or annual sales (in dollars and units) and/or profits, from January 1, 2000 to the present, of each LGP flat panel display device that uses, or is made to be mounted using, any method of mounting other than the "front mounting method," including:

    (1)    gross revenues;

    (2)    costs of goods sold;

    (3)    royalties;

    (4)    operating and administrative expenses;

    (5)    gross profits;

    (6)    net profits; and

    (7)    profit margins.

**REQUEST NO. 159:** Any and all documents that reflect, evidence, or show the total sales of each LGP flat panel display device, including without limitation, all sales summary reports and computer generated sales reports from January 1, 2000 to the present.

**REQUEST NO. 160:**  Any and all documents that reflect, evidence, or show the total profits of each LGP flat panel display device, including without limitation, all profit and loss statements, profit summary reports, and computer generated profit reports or summaries from January 1, 2000 to the present.

**REQUEST NO. 161:**  Any and all documents that reflect, refer to, or evidence the identity of the distributors who sell or distribute each LGP flat panel display device, including without limitation, distributor agreements, and all documents relating thereto from January 1, 2000 to the present.

**REQUEST NO. 162:**  Any and all documents that reflect, refer to, or relate to the profits (or from which profits can be ascertained) LGP has realized from the sale of each LGP flat panel display device from January 1, 2000 to the present.

**REQUEST NO. 163:**  Any and all documents that reflect, refer to, or relate to the costs LGP claims or intends to claim as deductions from the gross sales of each LGP flat panel display device from January 1, 2000 to the present.

**REQUEST NO. 164:**  Any and all documents referring to, relating to, or evidencing any lost sales, from January 1, 2000 to the present, that LGP believes were lost as a result of any conduct by ViewSonic alleged to infringe (whether directly, indirectly, or contributorily) any of the Patents-in-Suit.

**REQUEST NO. 165:**  Any and all documents referring to, relating to, or evidencing licenses, royalty arrangements, purchases and/or assignments relating to methods for mounting flat panel display devices or related technology, including without limitation, all documents relating to offers, counteroffers and any negotiations or discussions regarding the preparation, execution or performance of any such licenses from January 1, 1997 to the present.

**REQUEST NO. 166:**  Any and all documents referring to, relating to, or evidencing any request for, grant, refusal or denial of, any right (including any forbearance to assert a right), license, title or interest in, to, or under any of the Patents-in-Suit, the applications of any of the Patents-in-Suit, or any continuations, continuations-in-part, divisionals, reissues, or Foreign Counterparts to any of the Patents-in-Suit from January 1, 1997 to the present.

**REQUEST NO. 167:**  Any and all documents referring to, relating to, or evidencing license agreements, settlement agreements or an established royalty or reasonable royalty for patents that cover methods for mounting flat panel display devices or related technology from January 1, 1997 to the present.

**REQUEST NO. 168:**  Any and all documents referring to, relating to, or evidencing any facts that tend to support, or militate against, LGP's contention that it is entitled to reasonable attorney's fees, costs and interest.

**REQUEST NO. 169:**  Documents from January 1, 1997 to the present sufficient to identify each and every product by model number and/or other designation made, sold, or offered for sale by or on behalf of LGP that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit, the time period during which such product was manufactured, sold or offered for sale, and all documents relating or referring to how each such product is or can be mounted to an external case of a Flat Panel Display Product.

**REQUEST NO. 170:**  Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the use in Flat Panel Display Products of that element in the ViewSonic VX900 identified as frame "C" in the Declaration of William K. Bohannon.

**REQUEST NO. 171:**  All documents requested in this litigation by Viewsonic Corporation that have not otherwise been produced in response to any request from Tatung.

Of Counsel:
Christopher Darrow
Mark H. Krietzman
Frank E. Merideth, Jr.
Alan R. Maler
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404
Telephone:  310-586-7700

Kathryn L. Clune
Greenberg Traurig LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC   20006

Eric S. Tautfest
Greenberg Traurig, P.A.
2200 Ross Avenue, Suite 4700E
Dallas, Texas 75201

Dated:  May 31, 2006

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
Attorneys for Defendants Tatung Co. and
Tatung Company of America Inc.

RLF1-3019840-1

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2006, I caused to be served by hand delivery the foregoing document to the following:

| | |
|---|---|
| Richard D. Kirk, Esquire | Richard L. Horwitz, Esquire |
| The Bayard Firm | David E. Moore, Esquire |
| 222 Delaware Avenue #900 | Potter Anderson & Corroon LLP |
| Wilmington, DE 19899 | 1313 N. Market Street |
| | Hercules Plaza, 6th Floor |
| | Wilmington, DE 19899 |

I hereby certify that on May 31, 2006, I have sent by Federal Express the foregoing document to the following:

| | |
|---|---|
| Daniel G. Jarcho, Esquire | Scott R. Miller, Esquire |
| Cass W. Christenson, Esquire | Tracy R. Roman, Esquire |
| Lora A. Brzezynski, Esquire | Bingham McCutchen |
| Matthew T. Bailey, Esquire | 355 S. Grand Avenue, 44th Floor |
| McKenna Long & Aldridge LLP | Los Angeles, CA 90071 |
| 1900 K Street, N.W. | |
| Washington D.C. 20006 | |

Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

# Discovery Documents
## 1:04-cv-00343-JJF LG.Philips LCD Co. v. Tatung Co., et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Gaza, Anne entered on 5/31/2006 at 4:09 PM EDT and
filed on 5/31/2006

| | |
|---|---|
| **Case Name:** | LG Philips LCD Co. v. Tatung Co., et al |
| **Case Number:** | 1:04-cv-343 |
| **Filer:** | Tatung Co. |
| | Tatung Company of America Inc. |

**Document Number:** 252

**Docket Text:**
NOTICE OF SERVICE of Defendant Tatung Company's Second Set of Requests for Production (Nos.
101 - 171) to Plaintiff LG. Philips LCD Co., Ltd. by Tatung Co., Tatung Company of America Inc..
(Gaza, Anne)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/31/2006] [FileNumber=222359-0]
[127b53732d9c5458ef48f3e47980a46f95d8f6693f998cf972e2c7487e74fa3a1b7f
7bc773008ab84c9f374f5e65b7c1ed805410d76f5740db0ff284287e8a09]]

**1:04-cv-343 Notice will be electronically mailed to:**

Lora A. Brzezynski    lbrzezynski@mckennalong.com

Cass W. Christenson    cchristenson@mckennalong.com

Frederick L. Cottrell , III    cottrell@rlf.com

Anne Shea Gaza    gaza@rlf.com, innis@rlf.com

Richard L. Horwitz    rhorwitz@potteranderson.com, dmoore@potteranderson.com;
nmcmenamin@potteranderson.com; achin@potteranderson.com; mbaker@potteranderson.com;
ntarantino@potteranderson.com; kmorris@potteranderson.com; iplitigation@potteranderson.com

Richard D. Kirk    bankserve@bayardfirm.com, rkirk@bayardfirm.com

David Ellis Moore    dmoore@potteranderson.com, ntarantino@potteranderson.com

Tracy R. Roman    tracy.roman@bingham.com

**1:04-cv-343 Notice will be delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG PHILIPS LCD CO , LTD , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civil Action No. 04-343 (JJF) | |
| | ) | |
| TATUNG CO.; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| AND VIEWSONIC CORPORATION | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that copies of Defendant Tatung Company's Second Set of

Requests for Production (Nos. 101-171) to Plaintiff LG. Philips LCD Co., Ltd. were served on

May 31, 2006 upon the following counsel of record in the manner indicated below:

**VIA HAND DELIVERY**

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

**VIA HAND DELIVERY**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

**VIA FEDERAL EXPRESS**

Daniel G. Jarcho, Esquire
Cass W. Christenson, Esquire
Lora A. Brzezynski, Esquire
Matthew T. Bailey, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D C  20006

**VIA FEDERAL EXPRESS**

Scott R. Miller, Esquire
Tracy R. Roman, Esquire
Bingham McCutchen
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

RLF1-3019870-1

Of Counsel:
Christopher Darrow
Mark H. Krietzman
Frank E. Merideth, Jr.
Alan R. Maler
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

Kathryn L. Clune
Greenberg Traurig LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006

Eric S. Tautfest
Greenberg Traurig, P.A.
2200 Ross Avenue, Suite 4700E
Dallas, Texas 75201

Dated: May 31, 2006

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
Attorneys for Defendants Tatung Co. and
Tatung Company of America Inc.

RLF1-3019870-1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2006 I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

I hereby certify that on May 31, 2006 I caused to be sent by Federal Express the foregoing document to the following non-registered participants:

Daniel G. Jarcho, Esquire
Cass W. Christenson, Esquire
Lora A. Brzezynski, Esquire
Matthew T. Bailey, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

Scott R. Miller, Esquire
Tracy R. Roman, Esquire
Bingham McCutchen
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

RLF1-2967131-1