# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343-JJF |
| TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, | |
| Defendants. | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TATUNG COMPANY'S SECOND SET OF DOCUMENT REQUESTS

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P.

34, objects and responds as follows to Defendant Tatung Company's ("Tatung") Second Set of

Document Requests.

### PRELIMINARY STATEMENT

1.      LPL makes the objections and responses herein ("Responses") based solely on its

current knowledge, understanding, and belief as to the facts and the information available to it as

of the date of the Responses.  Additional discovery and investigation may lead to additions to,

changes in, or modifications of these Responses.  LPL reserves the right to produce subsequently

discovered information and to introduce such subsequently discovered information at the time of

any hearing or trial in this action.

2.      By agreeing to produce any relevant and non-privileged categories of documents

or things in its possession, custody, or control, LPL represents not that any such documents or

things actually exist, but that it will make a diligent search and reasonable inquiry to ascertain whether such documents exist and are producible.

3.      By producing documents or things responsive to a Request, LPL does not admit to their authenticity, relevance, or admissibility at trial or any other proceedings in this case. LPL provides such documents without prejudice to its right to object to the introduction of such documents at trial or any other proceeding in this case.

4.      LPL does not waive any objection made in these Responses, nor any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to the Requests. Any inadvertent disclosure of information or inadvertent identification or production of any document shall not constitute waiver of any applicable privilege as to the document identified or produced by LPL.

5.      Any documents made available for inspection and copying in connection with these Responses will be produced at a mutually agreeable time and place or, if no such agreement can be reached, at McKenna Long & Aldridge LLP, 1900 K Street, NW, Washington, DC 20006. Unless otherwise agreed, LPL objects to providing copies of any such documents without prior arrangements being made to reimburse LPL for any copying expenses that may be incurred.

6.      LPL incorporates by reference the following General Objections within each of the individual Objections and Responses to these Requests. All Responses to the Requests are made subject to each and without waiving any of such objections. LPL's specific Objections for any Request are not intended to preclude, override, or withdraw any of the General Objections to that Request.

## GENERAL OBJECTIONS

These General Objections apply to each Request and thus, for convenience, are not repeated after each Request, but rather are set forth herein and are hereby incorporated into each response. By responding to any particular Request with the phrase "Subject to and without waiving these objections," we are incorporating by reference not only the specific objections but also these General Objections.

1.    LPL objects to each Request to the extent it seeks documents subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

2.    LPL objects to each Request to the extent it seeks discovery of documents containing trade secrets or other confidential research, development or commercial information and will only produce such documents in accordance with the Protective Order entered in this action. However, to the extent that any Request calls for the production of confidential documents of third parties that are in Plaintiff's possession, Plaintiff shall attempt to obtain the consent of such third party prior to production. If Plaintiff cannot obtain such consent, Plaintiff will not produce the documents.

3.    LPL objects to these Requests to the extent that they request documents that are: a) not in the Plaintiff's possession; b) already in Tatung's possession; c) in the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule, as unduly burdensome, oppressive, and designed to harass.

4.    LPL objects to these Requests as unduly burdensome, oppressive, and designed to harass to the extent that they request documents in the possession of others, as such documents are beyond the scope of LPL's "custody and control."

5.    LPL objects to these Requests to the extent that they request documents not related specifically to the Patents-in-Suit, not relevant to the claims and defenses in this case, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6.    LPL objects to these Requests to the extent that they lack any appropriate limitation as to time frame and/or geographic scope, making such Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7.    LPL objects to these Requests to the extent that they request documents other than those that are in its possession, custody or control as such Requests are beyond the requirements of the Federal Rules of Civil Procedure.

8.    LPL objects to Tatung's "Definitions" and "Instructions" to the extent that they purport to impose obligations not required under the Federal Rules of Civil Procedure.

9.    LPL objects to Tatung's "Definitions" to the extent these definitions are redundant, or are inconsistent with either the text of any particular requests and/or with definitions of the same terms in any other discovery requests from Tatung to LPL.

10.    LPL objects to Definition 2 of "Plaintiff" or "LGP" as including unidentified subsidiaries, parents, affiliates, and entities acting in joint-venture or partner relationships with LPL, etc., as overly broad, unduly burdensome, improperly exceeding the scope of discovery as outside the possession, custody, and control of LPL, and otherwise outside the scope of permissible discovery from LPL. LPL further objects to this definition because it includes individuals such as attorneys, which invades the attorney-client privilege and work product doctrines.

11.    LPL objects to Tatung's use of the terms "FPD," "FPD product," and "FPD technology" as encompassing a broad range of issues and technology not related or relevant to

the claims and defenses in this case. For example, LPL's primary business is related to LCD

modules, and the manufacture and sale of such modules is not at issue. LPL thus objects to the

extent that Tatung is improperly seeking irrelevant and burdensome discovery from LPL.

## DOCUMENT REQUESTS

### REQUEST NO. 101:

All documents and things that relate to LGP's contention that Tatung Company willfully
infringes the patents in suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, and overly broad (for example, Tatung seeks "[a]ll" documents that "relate" to

LPL's contention). LPL also objects to this Request to the extent that it seeks documents

relating to infringement, as being premature. LPL further objects to the extent the Request seeks

documents not in LPL's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL

responds as follows: To the extent that LPL understands this Request, and to the extent

documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

### REQUEST NO. 102:

All documents and things that support LGP's contention that Tatung Company willfully infringes the patents in suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung seeks "[a]ll" documents that "support" LPL's contention). LPL also objects to this Request to the extent that it seeks documents relating to infringement, as being premature. LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control. LPL also objects to the extent the Request is duplicative of Request No. 101.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 103:**

All documents and things that relate to LGP's contention that Tatung Company of America willfully infringes the patents in suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung seeks "[a]ll" documents that "relate" to LPL's contention). LPL also objects to this Request to the extent that it seeks documents relating to infringement, as being premature. LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 104:**

All documents and things prepared that support LGP's contention that Tatung Company of America willfully infringes the patents in suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung seeks "[a]ll" documents that "support" LPL's contention). LPL also objects to this Request to the extent that it seeks documents relating to infringement, as being premature. LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control. LPL also objects to the extent the Request is duplicative of Request No. 103.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 105:**

All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' business proposals, including but not limited to, requests for proposals, proposals, prototypes, designs, or projects for Liquid Crystal Displays or products that contain a Liquid Crystal Display which pre-date the filing of the patents in suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung requests "[a]ll documents and things prepared, reviewed, edited, responded to or received" concerning "business proposals" and "Liquid Crystal Displays," and without any limit as to country or time period). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

**REQUEST NO. 106:**

All documents and things prepared, reviewed, edited, responded to or received that relate
to LGP's and its predecessors' Original Design Manufacture ("ODM") including but not limited
to requests for proposals, proposals, prototypes, designs, or projects for Liquid Crystal Displays
or products that contain a Liquid Crystal Display which pre-date the filing of the patents in suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, and overly broad (for example, Tatung requests "[a]ll documents and things

prepared, reviewed, edited, responded to or received" concerning "ODM" and "Liquid Crystal

Displays," and without any limit as to country or time period). LPL further objects to this

Request as not reasonably calculated to lead to discovery of admissible evidence because it is not

limited to the production of documents related to any invention disclosed, described, or claimed

in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the

disclosure of documents that are subject to a confidentiality agreement with a third party or that

are proprietary or confidential information of a third party that is in the possession, custody, or

control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

## REQUEST NO. 107:

All documents and things prepared, reviewed, edited, responded to or received that relate
to LGP's and its predecessors' Original Equipment Manufacture ("OEM"), including but not
limited to, requests for proposals, proposals, prototypes, designs, or projects for Liquid Crystal
Displays or products that contain a Liquid Crystal Display which pre-date the filing of the
patents in suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, and overly broad (for example, Tatung requests "[a]ll documents and things

prepared, reviewed, edited, responded to or received" concerning "OEM" and "Liquid Crystal

Displays," and without any limit as to country or time period). LPL further objects to this

Request as not reasonably calculated to lead to discovery of admissible evidence because it is not

limited to the production of documents related to any invention disclosed, described, or claimed

in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the

disclosure of documents that are subject to a confidentiality agreement with a third party or that

are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST NO. 108:

All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' joint ventures including but not limited to requests for proposals, proposals, ODM, OEM, prototypes, designs, or projects for Liquid Crystal Displays or products that contain a Liquid Crystal Display which pre-date the filing of the patents in suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung requests "[a]ll documents and things prepared, reviewed, edited, responded to or received" concerning "joint ventures" and "Liquid Crystal Displays," and without any limit as to country or time period). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that

are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

### REQUEST NO. 109:

All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' Original Design Manufacture ("ODM") including the parties to each ODM agreement, drafts of the agreements, the agreements, the contact persons for all parties to the agreements which pre-date the filing of the patents in suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung requests "[a]ll documents and things prepared, reviewed, edited, responded to or received" concerning "ODM" and without any limit as to country or time period). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a

confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST NO. 110:

All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' Original Equipment Manufacture ("OEM") including the parties to each OEM agreement, drafts of the agreements, the agreements, the contact persons for all parties to the agreements which pre-date the filing of the patents in suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung requests "[a]ll documents and things prepared, reviewed, edited, responded to or received" concerning "OEM" and without any limit as to country or time period). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a

confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST NO. 111:

All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' business proposals including the parties to each agreement, drafts of the agreements, the agreements, the contact persons for all parties to the agreements which pre-date the filing of the patents in suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung requests "[a]ll documents and things prepared, reviewed, edited, responded to or received" concerning unspecified "business proposals" and without any limit as to country or time period). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that

are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST NO. 112:**

All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' joint ventures including the parties to each agreement, drafts of the agreements, the agreements, the contact persons for all parties to the agreements which pre-date the filing of the patents in suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung requests "[a]ll documents and things prepared, reviewed, edited, responded to or received" concerning unspecified "joint ventures" and without any limit as to country or time period). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are

proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST NO. 113:

All documents and things prepared, reviewed, edited, responded to or received that relate to LGP's and its predecessors' technology sharing proposals including the parties to each agreement, drafts of the agreement, the agreements, the contact persons for all parties to the agreements which pre-date the filing of the patents in suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung requests "[a]ll documents and things prepared, reviewed, edited, responded to or received" concerning unspecified "technology sharing proposals" and without any limit as to country or time period). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that

are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST NO. 114:

All documents referring to, relating to, or evidencing "rear-mounted products" as that phrase is used by LGP in its response to Request No. 28 of Tatung's First Set of Request for Production of Documents.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung seeks "[a]ll documents referring to, relating to, or evidencing 'rear-mounted products'"). LPL also objects to this Request to the extent that it requires the term "rear-mounted products" to be construed, as being premature. LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 115:**

Samples of any and all "rear-mounted products" (as defined in RFP No. 114 above) other than the ViewSonic VX900 and the Tatung L17AMTN, and including without limitation prototypes, experimental products, finished products, and/or commercially available products.

**RESPONSE:**

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung seeks "any and all 'rear-mounted products'"). LPL also objects to this Request to the extent that it requires the term "rear-mounted products" to be construed, as being premature. LPL further objects to the extent the Request seeks samples not in LPL's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL

responds as follows: To the extent that LPL understands this Request, and to the extent samples

exist and can be located by a reasonable investigation, LPL will produce for inspection non-

privileged, relevant samples not previously produced, as they pertain to the Patents-in-Suit, in its

possession, custody, or control that are responsive to the Request. Discovery is continuing and

LPL reserves the right to supplement this response as, and when necessary.

## REQUEST NO. 116:

All documents referring to, relating to, or evidencing "rearmounting technology," as that
phrase is used by LGP in its response to Request No. 50 of Tatung's First Set of Request for
Production of Documents, including without limitation any and all pictures, drawings,
schematics, technical designs, engineering notebooks.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, and overly broad (for example, Tatung seeks "[a]ll documents referring to, or

evidencing 'rearmounting technology'"). LPL also objects to this Request to the extent that it

requires the term "rearmounting technology'" to be construed, as being premature. LPL further

objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 117:**

Samples of any and all flat panel display devices utilizing "rearmounting technology," (as defined in RFP No. 116 above) including without limitation, prototypes, experimental products, finished products, and/or commercially available products.

**RESPONSE:**

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung seeks "any and all flat panel display devices utilizing 'rearmounting technology'"). LPL also objects to this Request to the extent that it

requires the term "rearmounting technology" to be construed, as being premature. LPL further objects to the extent the Request seeks samples not in LPL's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent samples exist and can be located by a reasonable investigation, LPL will produce for inspection non-privileged, relevant samples not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

### REQUEST NO. 118:

Any and all documents referring to, relating to, or evidencing prototypes that use and/or practice any invention disclosed and/or claimed in the Patents-in-Suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, Tatung seeks "[a]ny and all documents referring to,

relating to, or evidencing prototypes"). LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST NO. 119:

Samples of any and all prototypes that use and/or practice any invention disclosed and/or claimed in the Patents-in-Suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad. LPL further objects to the extent the Request seeks samples not in LPL's possession, custody, or control.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 120:**

Any and all documents referring to, relating to, or evidencing prototypes that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests "all" documents "referring to, relating to, or evidencing" unspecified "prototypes that use and/or practice any invention disclosed and/or claimed in any Foreign

Counterparts to the Patents-in-Suit" and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 121:**

Samples of any and all prototypes that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example,

Tatung requests "all" unspecified "prototypes" that "use and/or practice any invention disclosed and or claimed in any Foreign Counterparts to the Patents-in-Suit", and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of samples already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 122:**

Any and all documents referring to, relating to, or evidencing Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests "all" documents "referring to, relating to, or evidencing Flat Panel Display Products" and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 123:**

Samples of any and all Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any of the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests "all Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any of the Patents-in-Suit", and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of samples already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST NO. 124:

Any and all documents referring to, relating to, or evidencing Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example,

Tatung requests "all" documents "referring to, relating to, or evidencing Flat Panel Display

Products that use and/or practice any invention disclosed and/or claimed in any Foreign

Counterparts to the Patents-in-Suit" and without any limit as to country or time period). LPL

further objects to this Request as unduly burdensome to the extent it seeks the production of

documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper

because it requires claim interpretation and/or the premature disclosure of expert testimony prior

to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 125:**

Samples of any and all Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, Tatung requests "all Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit", and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of samples already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST NO. 126:

Any and all documents referring to, relating to, or evidencing communications with or materials provided to any draftsman regarding or relating to the Patents-in-Suit and/or the Foreign Counterparts to the Patents-in-Suit, including without limitation all correspondence, instructions, translations, contracts, agreements, drafts, declarations or affidavits, prototypes, and/or samples.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request in that it appears improperly calculated to seek protected and confidential attorney opinions and/or communications with LPL. LPL further objects to this Request because it is overly broad, vague, ambiguous, and unduly burdensome (for example, Tatung requests "all" documents "referring to, relating to, or evidencing" unspecified communications and without any limit as to country or time period).

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the

630675                    31

importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST NO. 127:

Any and all documents referring to, relating to, or evidencing work performed by any draftsman for the Patents-in-Suit and/or the Foreign Counterparts to the Patents-in-Suit, including without limitation all contracts, drawings, designs, drafts, declarations, and/or affidavits.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request in that it appears improperly calculated to seek protected and confidential attorney opinions and/or communications with LPL. LPL further objects to this Request because it is overly broad, vague, ambiguous, and unduly burdensome (for example, Tatung requests "all" documents "referring to, relating to, or evidencing" work performed" and without any limit as to country or time period).

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

630675                                       32

### REQUEST NO. 128:

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing instructions, directions, or information prepared and/or distributed by or on behalf of LGP relating to mounting an LCD module on, to, or into an external case of a data processing device, including without limitation manuals, instructions, specifications, drawings, service documents.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all" documents "referring to, relating to, or evidencing" the "instructions, directions, or information" relating to "mounting an LCD module on, to, or into an external case of a data processing device"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-

630675                                    33

privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 129:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing instructions, directions, or information prepared and/or distributed by or on behalf of LGP relating to attaching a flat panel display device on, to, or into an external case of a Flat Panel Display Product, including without limitation manuals, instructions, specifications, drawings, service documents.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all" documents "referring to, relating to, or evidencing" the "instructions, directions, or information" relating to "attaching a flat panel display device on, to, or into an external case of a Flat Panel Display Product"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 130:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing mounting flat panel display devices other than by the "front mounting method," as that term is disclosed in the Patents-in-Suit, including without limitation drawings, specifications, tutorials, product descriptions, schematics.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all" documents "referring to, relating to, or evidencing mounting flay panel display devices" by unspecified methods). LPL also objects to this Request to the extent that it requires the term "front mounting method" to be construed, as being premature. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from other source that is more convenient, less burdensome, or less expensive, and

because the burden or expense of the proposed discovery outweighs its likely benefit, taking into

account the needs of the case, the amount in controversy, the parties' resources, the importance of

the issues at stake in the litigation, and the importance of the proposed discovery in resolving the

issues.

## REQUEST NO. 131:

Samples of any and all Flat Panel Display Products from January 1, 1997 to the present
wherein the flat panel display device is mounted to an external case using any means other than
exclusively the "front mounting method."

## RESPONSE:

LPL objects to this Request to the extent it seeks samples subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example,

Tatung requests "all Flat Panel Display Products" wherein the "flat panel display device is

mounted to an external case" using unspecified "means"). LPL also objects to this Request to

the extent that it requires the term "front mounting method" to be construed, as being premature.

LPL further objects to this Request as unduly burdensome to the extent it seeks the production of

samples already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper

because it requires claim interpretation and/or the premature disclosure of expert testimony prior

to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

## REQUEST NO. 132:

Samples of any and all Flat Panel Display Products from January 1, 1997 to the present
wherein the flat panel display device is mounted to an external case using the "front mounting
method" in combination with any other mounting method.

## RESPONSE:

LPL objects to this Request to the extent it seeks samples subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example,

Tatung requests "all" Flat Panel Display Products "wherein the flat panel display device is

mounted to an external case using" an unspecified "mounting method"). LPL also objects to this

Request to the extent that it requires the term "front mounting method" to be construed, as being

premature. LPL further objects to this Request as unduly burdensome to the extent it seeks the

production of samples already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper

because it requires claim interpretation and/or the premature disclosure of expert testimony prior

to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST NO. 133:**

Any and all bill of materials for each LCD module made by LGP from January 1, 1997 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all bill of materials", without regard to subject matter, calling for documents not relevant to any claim or defense in this case, and without defining "bill of materials"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL

responds as follows: LPL is willing to produce relevant, non-privileged documents that are

responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST NO. 134:**

Any and all bill of materials for each LCD module made by anyone other than LGP from
January 1, 1997 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example,

Tatung requests "all bill of materials", without regard to subject matter, calling for documents

not relevant to any claim or defense in this case, and without defining "bill of materials"). LPL

further objects to this Request as unduly burdensome to the extent it seeks the production of

documents already in the public domain. LPL also objects to this Request as unduly burdensome

and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks

the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL

responds as follows: LPL is willing to produce relevant, non-privileged documents that are

responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST NO. 135:

Documents sufficient to identify the parts of an LCD module, and the structure, function, source, and/or assemblage of those parts from January 1, 1997 to the present. (This Request does not seek every document referencing an LCD module; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of an LCD module and their assemblage).

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example,

Tatung requests documents "sufficient to identify the parts of an LCD module", without regard

to subject matter, calling for documents not relevant to any claim or defense in this case). LPL

further objects to this Request as unduly burdensome to the extent it seeks the production of

documents already in the public domain. LPL also objects to this Request as unduly burdensome

and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks

the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST NO. 136:**

Documents from January 1, 1997 to the present sufficient to identify each part of an LCD module that is or can be used for mounting an LCD module to the external case of a Flat Panel Display Product.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests documents "sufficient to identify each part of an LCD module" used for "mounting an LCD module to the external case of a Flat Panel Display Product" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST NO. 137:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the parts of an LCD module that are or can be used for mounting an LCD module to the external case of a Flat Panel Display Product.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all" documents "referring to, relating to, or evidencing" the parts of an LCD module used for "mounting an LCD module to the external case of a Flat Panel Display Product" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as

unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST NO. 138:**

Any and all bill of materials for any backlight unit for use in a flat panel display device from January 1, 1997 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all bill of materials" for any "backlight unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case, and without defining "bill of materials"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST NO. 139:**

Documents from January 1, 1997 to the present sufficient to identify the parts of a backlight unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a backlight unit; rather, it simple seeks documents that will show the name, shape, structure, function and source of the various parts of a backlight unit and their assemblage).

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests documents "sufficient to identify" the "parts of a backlight unit", calling for

documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

### REQUEST NO. 140:

Any and all bill of materials for any light guide unit for use in a flat panel display device from January 1, 1997 to the present.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all bill of materials" for any "light guide unit" for use in an unspecified "flat

panel display device", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST NO. 141:

Documents from January 1, 1997 to the present sufficient to identify the parts of a light guide unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a light guide unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a light guide unit and their assemblage).

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests documents "sufficient to identify" the "parts of a light guide unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST NO. 142:**

Any and all bill of materials for any light source unit for use in a flat panel display device from January 1, 1997 to present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all bill of materials" for any "light source unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST NO. 143:

Documents from January 1, 1997 to the present sufficient to identify the parts of a light source unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a light source unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a light source unit and their assemblage).

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests documents "sufficient to identify" the "parts of a light source unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST NO. 144:

Any and all bill of materials for any prism unit for use in a flat panel display device from January 1, 1997 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all bill of materials" for any "prism unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

### REQUEST NO. 145:

Documents from January 1, 1997 to the present sufficient to identify the parts of a prism unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a prism unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a prism unit and their assemblage).

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests documents "sufficient to identify" the "parts of a prism unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST NO. 146:

Any and all bill of materials for any diffuser unit for use in a flat panel display device from January 1, 1997 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all bill of materials" for any "diffuser unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST NO. 147:

Documents from January 1, 1997 to the present sufficient to identify the parts of a diffuser unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a diffuser unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a diffuser unit and their assemblage).

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests documents "sufficient to identify" the "parts of a diffuser unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST NO. 148:

Any and all bill of materials for any reflector unit for use in a flat panel display device from January 1, 1997 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all bill of materials" for any "reflector unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case, and without defining "bill of materials"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST NO. 149:**

Documents from January 1, 1997 to the present sufficient to identify the parts of a reflector unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a reflector unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a reflector unit and their assemblage).

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests documents "sufficient to identify" the "parts of a reflector unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST NO. 150:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the attachment of a stand or base to a Flat Panel Display Product, excluding documents relating to the ViewSonic VX900 or the Tatung L17AMTN.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all" documents "referring to, relating to, or evidencing" the "attachment of a stand or base to a Flat Panel Display Product" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated

to lead to discovery of admissible evidence to the extent it seeks the production of documents
unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither
relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of
admissible evidence. LPL also objects to this Request to the extent that the discovery sought is
obtainable from some other source that is more convenient, less burdensome, or less expensive,
and because the burden or expense of the proposed discovery outweighs its likely benefit, taking
into account the needs of the case, the amount in controversy, the parties' resources, the
importance of the issues at stake in the litigation, and the importance of the proposed discovery
in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL
responds as follows: LPL is willing to produce relevant, non-privileged documents that are
responsive to this Request, but is unable to do so until the Request is narrowed.

### REQUEST NO. 151:

Any and all documents referring to, relating to, or evidencing communications to or from
LGP that mention the advantages or features of the inventions disclosed in the Patents-in-Suit,
regardless of whether the communications occurred before or after the application filing dates for
the Patents-in-Suit.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client
privilege and work product doctrine. LPL further objects to this Request because it is overly
broad, vague, ambiguous, and unduly burdensome (for example, Tatung requests "all"
documents "referring to, relating to, or evidencing" unspecified "communications", and without
any limit as to country or time period). LPL further objects to this Request as unduly
burdensome to the extent it seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 152:**

Any and all documents referring to, relating to, or evidencing communications to or from LGP that mention the reduction of side space as expressed at Column 2, lines 29-36 in the '641 Patent, regardless of whether the communications occurred before or after the application filing dates for the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, and unduly burdensome (for example, Tatung requests "all" documents "referring to, relating to, or evidencing" unspecified "communications", and without

any limit as to country or time period). LPL further objects to this Request as unduly

burdensome to the extent it seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL

responds as follows: To the extent that LPL understands this Request, and to the extent

documents exist and can be located by a reasonable investigation, LPL will produce non-

privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in

its possession, custody, or control that are responsive to the Request. Discovery is continuing

and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST NO. 153:

Any and all agreements from January 1, 1997 to the present with any third parties
pursuant to which any method of mounting flat panel display devices, other than "front
mounting," was considered, discussed, mentioned, evaluated, analyzed, conceived, invented,
developed, and/or used.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is overly

broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence (for example, Tatung requests "all agreements" pursuant to which any unspecified "method of mounting flat panel display devices" was "considered, discussed, mentioned, evaluated, analyzed, conceived, invented, developed, and/or used" and without any limit as to country or time period). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in

its possession, custody, or control that are responsive to the Request. Discovery is continuing

and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST NO. 154:

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing any method of mounting flat panel display devices, other than "front mounting," that LGP has considered, discussed, mentioned, evaluated, analyzed, conceived, invented, developed, and/or used.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example,

Tatung requests "all" documents "referring to, relating to, or evidencing" an unspecified

"method of mounting flat panel display devices" that LPL has "considered, discussed,

mentioned, evaluated, analyzed, conceived, invented, developed, and/or used" and without any

limit as to country or time period). LPL further objects to this Request as not reasonably

calculated to lead to discovery of admissible evidence because it is not limited to the production

of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request as unduly burdensome to the extent it seeks the production of

documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST NO. 155:

Any and all documents that reflect or relate to LGP's costs, from January 1, 2000 to the present, of each flat panel display device that uses, or is made to be mounted using, the "front mounting method," including without limitation, fixed costs, variable costs; direct costs, indirect costs, costs of components purchased from third parties, manufacturing costs, depreciation, allocation of overhead, or other general expense and the basis for determining each of the foregoing.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all" documents that "reflect or relate to" LPL's costs from unspecified "flat panel display device[s]" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL also objects to this Request to the extent that it requires the term "front mounting method" to be construed, as being premature. LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

630675                                    62

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST NO. 156:

Any and all documents that reflect or relate to LGP's costs, from January 1, 2000 to the present, of each flat panel display device that uses, or is made to be mounted using, any method of mounting other than the "front mounting method," including without limitation, fixed costs, variable costs, direct costs, indirect costs, costs of components purchased from third parties, manufacturing costs, depreciation, allocation of overhead, or other general expenses and the basis for determining each of the foregoing.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine.  LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all" documents that "reflect or relate to" LPL's's costs from unspecified "flat panel display device[s]" without regard to subject matter, calling for documents not relevant to any claim or defense in this case).  LPL also objects to this Request to the extent that it requires the term "front mounting method" to be construed, as being premature.  LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

## REQUEST NO. 157:

Documents or summaries sufficient to show the monthly, quarterly and/or annual sales
(in dollars and units) and/or profits, from January 1, 2000 to the present, of each LGP flat panel
display device that uses, or is made to be mounted using, the "front mounting method," including
without limitation:

    (1)     gross revenues;
    (2)     cost of goods sold;
    (3)     royalties;
    (4)     operating and administrative expenses;
    (5)     gross profits;
    (6)     net profits; and
    (7)     profit margins

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example,

Tatung requests documents "sufficient to show" sales and/or profits of unspecified "flat panel

display device[s]" without regard to subject matter, calling for documents not relevant to any

claim or defense in this case). LPL also objects to this Request to the extent that it requires the

term "front mounting method" to be construed, as being premature. LPL further objects to this

Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST NO. 158:**

Documents or summaries sufficient to show the monthly, quarterly and/or annual sales (in dollars and units) and/or profits, from January 1, 2000 to the present, of each LGP flat panel display device that uses, or is made to be mounted using, any method of mounting other than the "front mounting method," including:

    (1)     gross revenues;
    (2)     cost of goods sold;
    (3)     royalties;
    (4)     operating and administrative expenses;
    (5)     gross profits;
    (6)     net profits; and
    (7)     profit margins

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests documents "sufficient to show" sales and/or profits of unspecified "flat panel

display device[s]" without regard to subject matter, calling for documents not relevant to any

claim or defense in this case). LPL also objects to this Request to the extent that it requires the

term "front mounting method" to be construed, as being premature. LPL further objects to this

Request as not reasonably calculated to lead to discovery of admissible evidence because it is not

limited to the production of documents related to any invention disclosed, described, or claimed

in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

### REQUEST NO. 159:

Any and all documents that reflect, evidence, or show the total sales of each LGP flat
panel display device, including without limitation, all sales summary reports and computer
generated sales reports from January 1, 2000 to the present.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example,

Tatung requests "all" documents that "reflect, evidence, or show" the "total sales" of unspecified

"flat panel display device[s]" without regard to subject matter, calling for documents not relevant

to any claim or defense in this case). LPL further objects to this Request as not reasonably

calculated to lead to discovery of admissible evidence because it is not limited to the production

of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

**REQUEST NO. 160:**

Any and all documents that reflect, evidence, or show the total profits of each LGP flat
panel display device, including without limitation, all profit and loss statements, profit summary
reports, and computer generated profit reports or summaries from January 1, 2000 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example,

Tatung requests "all" documents that "reflect, evidence, or show" the "total profits" of

unspecified "flat panel display device[s]" without regard to subject matter, calling for documents

not relevant to any claim or defense in this case). LPL further objects to this Request as not

reasonably calculated to lead to discovery of admissible evidence because it is not limited to the

production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST NO. 161:**

Any and all documents that reflect, refer to, or evidence the identity of the distributors who sell or distribute each LGP flat panel display device, including without limitation, distributor agreements, and all documents relating thereto from January 1, 2000 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests "all" documents that "reflect, refer to, or evidence" unspecified "distributors" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of

documents that are subject to a confidentiality agreement with a third party or that are

proprietary or confidential information of a third party that is in the possession, custody, or

control of LPL. LPL also objects to this Request on the grounds that it seeks information which

is not relevant to the claims or defenses of this lawsuit, and which is not reasonably calculated to

lead to the discovery of admissible evidence including that it is not limited to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither

relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive,

and because the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.

**REQUEST NO. 162:**

Any and all documents that reflect, refer to, or relate to the profits (or from which profits
can be ascertained) LGP has realized from the sale of each LGP flat panel display device from
January 1, 2000 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client

privilege and work product doctrine. LPL further objects to this Request because it is vague,

ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example,

Tatung requests "all" documents that "reflect, refer to, or relate to" the "profits" of unspecified

"flat panel display device[s]" without regard to subject matter, calling for documents not relevant

to any claim or defense in this case). LPL further objects to this Request as not reasonably

calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST NO. 163:**

Any and all documents that reflect, refer to, or relate to the costs LGP claims or intends to claim as deductions from the gross sales of each LGP flat panel display device from January 1, 2000 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all" documents that "reflect, refer to, or relate to" LPL's "costs" claimed as undefined "deductions" from the "gross sale[s]" of unspecified "flat panel display device[s]" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST NO. 164:

Any and all documents referring to, relating to, or evidencing any lost sales, from January 1, 2000 to the present, that LGP believes were lost as a result of any conduct by ViewSonic alleged to infringe (whether directly, indirectly, or contributorily) any of the Patent-in-Suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all" documents "referring to, relating to, or evidencing" any "lost sales"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome to the extent it seeks the production of documents in the possession of Tatung that have not yet been produced to LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is

obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST NO. 165:**

Any and all documents referring to, relating to, or evidencing licenses, royalty arrangements, purchases and/or assignments relating to methods for mounting flat panel display devices or related technology, including without limitation, all documents relating to offers, counteroffers and any negotiations or discussions regarding the preparation, execution or performance of any such licenses from January 1, 1997 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests "all" documents "referring to, relating to, or evidencing licenses, royalty arrangements, purchases and/or assignments relating to methods for mounting" unspecified "flat panel display devices", without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

630675                                72

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 166:**

Any and all documents referring to, relating to, or evidencing any request for, grant, refusal or denial of, any right (including any forbearance to assert a right), license, title or interest in, to, or under any of the Patents-in-Suit, the applications of any of the Patents-in-Suit, or any continuations, continuations-in-part, divisionals, reissues, or Foreign Counterparts to any of the Patents-in-Suit from January 1, 1997 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests "all" documents "referring to,

relating to, or evidencing" any unspecified "right (including any forbearance to assert a right), license, title or interest in, to, or under any of the Patents-in-Suit"). LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 167:**

Any and all documents referring to, relating to, or evidencing license agreements, settlement agreements or an established royalty or reasonable royalty for patents that cover methods for mounting flat panel display devices or related technology from January 1, 1997 to the present.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, Tatung requests "all" documents "referring to, relating to, or evidencing" "agreements" or "royalty" relating to unspecified "flat panel display devices", without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request to the extent that it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LPL.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent

documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST NO. 168:

Any and all documents referring to, relating to, or evidencing any facts that tend to support, or militate against, LGP's contention that it is entitled to reasonable attorney's fees, costs and interest.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung has propounded numerous other more specific requests to which LPL is responding). LPL further objects to this Request as premature in that LPL has not yet determined which documents it intends to rely upon at trial, discovery remains open, and pretrial disclosures are not yet due.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 169:**

Documents from January 1, 1997 to the present sufficient to identify each and every product by model number and/or other designation made, sold, or offered for sale by or on behalf of LGP that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit, the time period during which such product was manufactured, sold or offered for sale, and all documents relating or referring to how each such product is or can be mounted to an external case of a Flat Panel Display Product.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all" documents "sufficient to identify" unspecified products, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as not reasonably calculated to lead to discovery of admissible evidence because it is not limited to the production of documents related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST NO. 170:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the use in Flat Panel Display Products of that element in the ViewSonic VX900 identified as frame "C" in the Declaration of William K. Bohannon.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, Tatung requests "all" documents "referring to, relating to, or evidencing" the use in unspecified "Flat Panel Display Products" of an element in a product sold by Tatung). LPL further objects to this Request as unduly burdensome because it seeks documents in ViewSonic's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST NO. 171:

All documents requested in this litigation by ViewSonic Corporation that have not otherwise been produced in response to any request from Tatung.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, and unduly burdensome. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more

convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

Dated: July 21, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500