RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL
(302) 651-7509
COTTRELL@RLF.COM

March 30, 2007

**BY E-MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG. Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

    Defendants Tatung Company and Tatung Company of America, Inc. (jointly, "Tatung") respectfully submit this letter brief in support of their motion to compel Plaintiff LG. Philips LCD Co., Ltd. ("LPL") to allow inspection of those products in LPL's possession, custody or control that LPL claims were manufactured by Tatung.

    This motion is necessitated by LPL's continued refusal to permit Tatung to inspect the alleged Tatung products in LPL's possession, most of which LPL is accusing of infringement in this case and presumably will use at trial. Tatung's Document Request 57, served on October 14, 2005, seeks "all documents and *things* upon which LPL will rely at trial to support LPL's contention that any product of Tatung infringes any claim of any of the patents-in-suit." On March 15, 2007, Tatung specifically requested an inspection of all alleged Tatung products in LPL's possession, custody or control. *See* Letter dated March 15, 2007 at Exh. 1. LPL has refused to permit such an inspection, claiming that an inspection of the products would invade the work product of LPL's attorneys. *See* Letter dated March 21, 2007 at Exh. 2.

A.   **Legal Standard For Inspections.**

    Rule 26(b)(1) of the Federal Rules of Civil Procedure allows parties to obtain discovery regarding any unprivileged matter that is "relevant to the claim or defense of any party."[1] For good cause, a court may order discovery of any matter relevant to the subject matter of the action. Pursuant to Rule 34, a party may request to inspect "any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody, or control of the party upon whom the request is served."

---

[1] LPL has demanded that Tatung explain why an inspection is "necessary." *See* Letter from Cormac Connor dated March 19, 2007 at Exh. 3. LPL is incorrect; the standard for inspections is relevance. *See Cuno, Inc. v. Pall Corp.*, 116 F.R.D. 279, 281 (E.D.N.Y. 1987) (allowing inspection and stating that "only a showing of relevance is necessary and this has been met").

RLF1-3133574-1

The Honorable Vincent J. Poppiti
March 30, 2007
Page 2

Courts routinely allow inspections of tangible things in the other party's possession if they are relevant to the action. *See Plasse v. Tyco Elec. Corp.*, 448 F.Supp. 2d. 302, 306 (D. Mass. 2006) (granting defendant's motion to compel and ordering plaintiff to produce all computers and media storage devices in plaintiff's possession, under his control or accessible by him, for inspection by defendant's expert); *Minks v. Polaris Indus., Inc.*, 2006 WL 2400954 at *1 (M.D. Fla. 2006) (ordering plaintiff to produce for inspection "all documents within its possession, custody or control" responsive to defendant's requests, given that plaintiff's objections were not supported by facts or law).

Particularly in patent suits, inspections are commonplace. *See Cuno Inc.*, 116 F.R.D. at 280-81 (overruling objections and holding that "inspections are not an extraordinary means of discovery in patent suits"); *Micro Chem, Inc. v. Lextron, Inc.*, 193 F.R.D. 667, 670 (D. Colo. 2000) (granting defendant's motion to compel and allowing defendant and defendant's expert to inspect plaintiff's commercial embodiment of patent-in-suit); *Minnesota Mining & Mfg. v. Nippon Carbide Indus.*, 171 F.R.D. 246, 248-49 (D. Minn. 1997) (granting motion to compel inspection of premises because an "inspection provides the most efficient and effective means for determining whether a patented process has been infringed").

**B.    Tatung Is Entitled To Inspect The Products To Determine The Manufacturer Of The Products And To Conduct Its Own Analysis.**

Whether or not Tatung manufactured the accused products is not only relevant, but is a dispositive issue in this case. LPL has indicated in its interrogatory responses that it possesses a number of alleged Tatung products accused of infringement.[2] *See* LPL's Third Supplemental Response at Exh. 4. Since then, LPL has accused three additional products, which it presumably possesses.[3] Because many of the companies for which Tatung provides OEM services also utilize other manufacturers to make the same product, in order to accurately determine which supplier actually manufactured a specific product, a physical inspection is necessary.[4] Tatung therefore is entitled to examine and disassemble the products to confirm that they are in fact made by Tatung.

Tatung is also entitled to examine the products to conduct its independent analysis with respect to

---

[2] LPL's Third Supplemental Response to Interrogatory Number 21 states that LPL has in its possession the following models: L17AMTN-U01; L17AMTN; V17AFTW; TelArt NT19S (Tatung 17121); LT17A; V20KQDX-U02; TLM 1705; L17UCCT-U02; TLM 1905; TLM 1503; TLM 1703; L5CTSDP-U01; L5CDS; L5CDSDP-U21.

[3] The additional accused products presumably in LPL's possession are the following models: HP RG556AA; IloFCBT; Hitachi 37HDL52.

[4] LPL has offered, in lieu of inspection, serial numbers of the products in its possession. This proposal is insufficient for two reasons. First, Tatung is entitled to inspect the products to verify that information. Second, Tatung is entitled to inspect the products in order to conduct its own analysis. LPL also offered to provide unspecified photographs of the products. Photographs selected by LPL would not be sufficient for the same reasons. Moreover, LPL fails to explain why providing photographs which are presumably taken and selected by LPL's counsel would be acceptable whereas making the products themselves available for inspection would invade counsel's work product.

RLF1-3133574-1

The Honorable Vincent J. Poppiti
March 30, 2007
Page 3

infringement/noninfringement. Presumably, LPL has performed an infringement analysis regarding the alleged Tatung products in its possession, and will rely on that analysis at trial. Tatung is likewise entitled to examine the products in order to perform its own independent analysis and to develop appropriate defenses.

C. **LPL Has Not Offered Any Authority For Its Claim That Inspection Would Invade Attorney Work Product.**

In refusing to allow inspection, LPL has asserted that "Tatung's request is designed to probe into attorneys' thought processes and mental impressions." *See* Exh. 3. LPL has also stated that an inspection "would require LPL to reveal attorney work product and would be unnecessarily burdensome to LPL." *See* Email from Cormac Connor dated March 29, 2007 at Exh. 5. As the objecting party, LPL has the burden of establishing privilege. LPL has not, however, offered any particularized facts or case law in support of its assertion.

LPL's work product claim is without merit. The products themselves are not in any way privileged or protected by the work product doctrine, which only protects against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney. *See* Fed. R. Civ. P. 26(b)(3); *see also FTC v. Grolier Inc.*, 462 U.S. 19, 25 (1983). Moreover, LPL's attorneys' thought processes or mental impressions will not be divulged in any way by Tatung or its expert's examination and disassembly of the products. Tatung has not and will not ask LPL or its attorneys to do anything during the inspection.

Accordingly, Tatung respectfully requests that Your Honor order LPL to allow inspection of all alleged Tatung products in LPL's possession, custody or control. Counsel for Tatung has offered to schedule the inspection after the depositions set for mid-April 2007 have been conducted in an effort to accommodate LPL's schedule. Tatung will continue to cooperate in scheduling the inspection so it can occur at a mutually convenient time.

Respectfully,

Frederick L. Cottrell, III (#2555)

FLC,III/afg

cc: Clerk of the Court (By Electronic Filing)
Richard Kirk, Esquire (via electronic mail)
Cormac T. Connor, Esquire (via electronic mail)
Lora Brzezynski, Esquire (via electronic mail)
Mark Krietzman, Esquire (via electronic mail)
Scott R. Miller, Esquire (via electronic mail)
Jeffrey B. Bove, Esquire (via electronic mail)
Tracy Roman, Esquire (via electronic mail)

RLF1-3133574-1