# EXHIBIT 3

Case 1:04-cv-00343-JJF   Document 608-4   Filed 03/30/2007   Page 1 of 4

Albany
Atlanta
Brussels
Denver
Los Angeles

**McKenna Long & Aldridge** LLP
Attorneys at Law
1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

CORMAC T. CONNOR
(202) 496-7439

EMAIL ADDRESS
cconnor@mckennalong.com

March 19, 2007

BY E-MAIL AND US MAIL

Steve P. Hassid, Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
hassids@gtlaw.com

Re: *LG.Philips LCD Co., Ltd. v. Tatung, et al.*;
Civil Action No. 04-343 (JJF)

Dear Steve:

We have reviewed your letters of March 15, 2007 and find them to be calculated only to waste time and to distract LPL from preparing to depose Tatung's witnesses.

Your letter concerning Tatung's Document Requests suggests that, prior to writing that letter, you reviewed neither LPL's document production nor Tatung's document requests. Between Tatung's First and Second Sets of Requests for Production of Documents and Things, Tatung has propounded at total of 171 different requests for production on LPL. Your letter, which was sent 15 days before the close of discovery and at a time when Tatung knows that LPL is preparing to depose Tatung's deposition witnesses, claims that Tatung has disputes concerning all but 10 of its 171 requests. Given all of the hearings and related motion practice that have occurred thus far in this case, your decision to wait until the 15 days before the close of discovery and almost 19 months after Tatung served its First Set of Requests to try to manufacture disputes about 160 different Document Requests shows only that Tatung is using your letters to try to sap LPL's resources and distract attention from Tatung's own discovery deficiencies.

To date, LPL has produced over 13,500 pages of documents in response to Tatung's and ViewSonic's document requests. This volume of documents has been produced in response not only to Tatung's 171 different requests for production, but also to the similar discovery requests propounded by ViewSonic. Accordingly, LPL maintains that, subject to its objections to Tatung's discovery requests and to issues that are currently before the Special Master, LPL has already produced documents responsive to Tatung's requests.

Steve Hassid, Esq.
March 19, 2007
Page 2

By raising, at this late date, purported disputes concerning almost all of Tatung's 171 document requests, your letter fails to identify any particular deficiencies in LPL's production and, in contrast, fails to account for the substantial amount of responsive documents that LPL has produced. Your letter fails to take into account, moreover, the fact that Tatung and LPL have engaged in negotiations about many, if not most, of these same requests since at least July 2006 and, thus, fails to recount the parties' positions on any of those requests. Your letter fails to recognize that most of Tatung's requests seek the same types of information that ViewSonic seeks through its own Document Requests and, therefore, completely ignores the fact that most of those same issues have already been briefed and argued before the Special Master and that Tatung has joined many of those motions. In fact, your letter arrives after the Special Master has conducted no fewer than 12 separate discovery hearings since December 28, 2006 and, in advance of three of those hearings, had set three successive briefing periods during which the parties were instructed to raise any discovery disputes. If the 160 different disputes that your letter asserts were actually viable, then Tatung surely would not have waited to raise them until *after* the majority of LPL's witnesses have already been deposed. Furthermore, rather than aggressively pursuing its purported disputes concerning 160 different document requests, Tatung has concealed these purported disputes and is springing them on LPL now in an effort to distract LPL from its efforts to prepare to depose Tatung's witnesses.

If Tatung has any real disputes about any of the 160 requests listed in your letter that do not also pertain to issues that are already before the Special Master or that the Special Master has already ruled upon, please state them with specificity. We cannot begin to understand the nature of your purported disputes until you do so. Further, we cannot agree to hold a meet-and-confer with you until you have provided us with specific requests that you believe to be in dispute and until you identify with specificity what types of documents or information you believe has not been produced. To do otherwise would be a complete waste of time.

Finally, with respect to your letter seeking to inspect Tatung products that are in LPL's possession, please explain why that inspection is necessary. As you know, LPL previously identified all Tatung products that it had in its possession prior to the March 9, 2007 hearing. LPL will supplement that list pursuant to the April 6th deadline set by the Special Master during the March 12, 2007 hearing. Thus, other than harassment, we do not see why Tatung needs to inspect its own products simply because they are in LPL's possession. Further, we believe that Tatung's request is designed to try to probe into LPL's attorneys' thought processes and mental impressions so, in order to protect LPL's attorney work product, we must know why it is necessary for Tatung to physically inspect its own products that are in LPL's possession.

Steve Hassid, Esq.
March 19, 2007
Page 3

      We look forward to receiving your responses.

                                        Sincerely,

                                        Cormac T. Connor

cc:    Debbie Pouratian, Esq. (via email)
        Frank E. Merideth, Jr., Esq. (via email)
        Mark H. Krietzman, Esq. (via email)
        Charlene Oh, Esq. (via email)
        Valerie W. Ho, Esq. (via email)
        William Tran, Esq. (via email)

DC:50467413.1