# EXHIBIT 1

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

LOS ANGELES, CA

355 S. Grand Ave.
Suite 3150
Los Angeles, CA 90071
TEL: (213) 787 2500
FAX: (213) 687 0498
WEB: www.cblh.com

Scott R. Miller
Partner

TEL (213) 787-2510
EMAIL smiller@cblh.com

*Via Email and U.S. Mail*

February 15, 2007

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006-1108

      Re:    ***LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.***
             **USDC Case No. 04-343 JJF**

Dear Cass:

Thank you for your recent inquiry regarding ViewSonic's Supplemental Initial Disclosures.

With regard to Mr. Nguyen, your letter indicates that his name, which appeared in the Initial Disclosures as originally served, was deleted from ViewSonic's Supplemental Initial Disclosures. I was not aware of this and confirm that Mr. Nguyen is still an employee of ViewSonic Corporation and still has knowledge relating to products that have been accused of infringement in the instant action and should still be considered as listed in our disclosure.

As LPL has expanded the list or products it has accused of infringement since ViewSonic's last update of its Rule 26 disclosure, we will take this opportunity to also supplement our Rule 26 disclosure regarding persons who have knowledge of the design and/or development, including forecasts, relating to one or more of the accused products. In addition to Sally Wang, ViewSonic identifies Eric Willey, David Lee, Gene Hsiao, Alex Huang, Victoria Yip, Tony Huang and James Sung. Mr. Zapka also belongs on this list, but as you know, he is not a current ViewSonic employee.

You have asked ViewSonic to identify the person or persons who have taken over the responsibilities of Mr. Zapka who is no longer a ViewSonic employee. Mr. Zapka held several positions during his time at ViewSonic, and thus your request is unclear. His successors in the functions he performed concerning monitors and accused products would be one or more of the persons listed above.

10773.1        **HIGHLY SENSITIVE CONFIDENTIAL UNDER PROTECTIVE ORDER**



CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
February 15, 2007
Page 2

Finally, in assembling the monthly sales information LPL has requested from
ViewSonic, it appears that in addition to Vivian Liu, Kim Stetson is another ViewSonic
employee who has knowledge with regard to those matters.

Sincerely,

Scott R. Miller

cc:    Rel S. Ambrozy, Esq. (via email)
       Lora A. Brzezynski, Esq. (via email)
       Cormac T. Connor, Esq. (via email)
       Richard D. Kirk, Esq. (via email)
       Mark H. Krietzman, Esq. (via email)
       Valerie W. Ho, Esq. (via email)
       Steve P. Hassid, Esq. (via email)
       Anne Shea Gaza, Esq. (via email)
       Frederick L. Cottrell III, Esq. (via email)
       Tracy R. Roman, Esq. (via email)
       Jeffrey B. Bove, Esq. (via email)
       Jaclyn M. Mason, Esq. (via email)
       Manuel C. Nelson, Esq. (via email)
       James D. Heisman, Esq. (via email)

    HIGHLY SENSITIVE CONFIDENTIAL UNDER PROTECTIVE ORDER

# EXHIBIT 2

SHEET 1

1

1           IN THE UNITED STATES DISTRICT COURT

2           IN AND FOR THE DISTRICT OF DELAWARE

3                           - - -

4   L.G. PHILIPS LCD COMPANY          :  CIVIL ACTION
    LTD.,                             :
5                                     :
            Plaintiffs,               :
6                                     :
            v.                        :
7                                     :
    TATUNG COMPANY, TATUNG            :
8   COMPANY OF AMERICA, INC.; and     :
    VIEWSONIC CORPORATION,            :
9                                     :
            Defendants.               :  NO. 04-343 (JJF)
10
                           - - -
11
            Special Master's Hearing taken at the Law
12  Offices of Blank Rome, LLP, 1201 North Market Street,
    Suite 800, Wilmington, Delaware, beginning at 11:30 a.m.,
13  on Friday, March 2, 2007, before Brian P. Gaffigan,
    Registered Merit Reporter.
14
                           - - -
15
    BEFORE:   HONORABLE VINCENT J. POPPITI, SPECIAL MASTER
16
                           - - -
17  APPEARANCES:

18
            THE BAYARD FIRM
19          BY:  RICHARD D. KIRK, ESQ.

20                 and

21  McKENNA LONG & ALDRIDGE, LLP
            BY:  GASPARE J. BONO, ESQ.,
22               CASS W. CHRISTENSON, ESQ., and
                 REL S. AMBROZY, ESQ.,
23               (Washington, District of Columbia)

24                      Counsel for LG.Philips LCD Co. Ltd

SHEET 21

**78**

1  THE SPECIAL MASTER: Let's proceed then.
2  Let's talk about the discussion that occurred over the
3  course of the lunch with respect to deposition
4  scheduling.
5  MR. BONO: Your Honor, this is Gap Bono.
6  We had a discussion among counsel about scheduling, just
7  getting available dates for Mr. Kim and also Mr. Bang,
8  at least from counsels' point of view, and I also had
9  the opportunity to meet with Mr. Kim to consult on his
10 schedule. Mr. Kim is available from March 21 through
11 March 24. Those are dates that I didn't check previously
12 with counsel for defendants and they work from the
13 lawyers' point of view. So depending upon Your Honor's
14 ultimate ruling with respect to the continuation of his
15 deposition and question of how long that should take, I
16 have those dates available for both the witness and
17 counsel.
18 THE SPECIAL MASTER: Okay.
19 MR. BONO: And as far as Mr. Bang --
20 THE SPECIAL MASTER: Well, let's just
21 deal with Mr. Kim first.
22 MR. BONO: All right.
23 THE SPECIAL MASTER: Counsel, those
24 dates, do they work for you, please?

**79**

1  MR. MERIDETH: Yes, sir, Your Honor.
2  MR. MILLER: Your Honor, this is Scott
3  Miller. They do. The only question I raise with
4  Mr. Bono is to the extent that for whatever reason we
5  don't get the appropriate number, the necessary number of
6  hours in at that time, hopefully Mr. Kim can stay beyond
7  the 24th, we just get it finished at that point in time.
8  But assuming we work in a way that will make it happen
9  within those four days, that is fine with us.
10 THE SPECIAL MASTER: Okay. Mr. Bang.
11 MR. MILLER: With respect to Mr. Bang,
12 Your Honor, of course we have not had the opportunity
13 to talk with the witness but at least from counsels'
14 points of view, we have agreed upon March 18 and 19 for
15 Mr. Bang's deposition. And as I understand it, March 18
16 is a Sunday and we did discuss the fact that this would
17 be a 10 and-a-half hour deposition so we talked in terms
18 of starting in the afternoon of the 18th, getting about
19 three or four hours of testimony in and then completing
20 it all day on Monday the 19th. And that was agreeable
21 among counsel but, of course, we have to check with the
22 witness which we haven't been able to do yet.
23 THE SPECIAL MASTER: Counsel, is that
24 acceptable?

**80**

1  MR. MILLER: This is Scott Miller. Yes.
2  MR. MERIDETH: Frank Merideth. Yes,
3  sir.
4  THE SPECIAL MASTER: Okay. Thank you.
5  All right. Next, please.
6  MR. MILLER: Your Honor, this is Scott
7  Miller. You had raised issue of the Monday call and the
8  timing of that.
9  THE SPECIAL MASTER: Yes, the timing of
10 Monday. I was mistaken with respect to my commitment.
11 It begins at 1:30. Now, that means if we can convene at
12 12:00 and expect that we will conclude by 1:15, then
13 that's fine. If you expect that it going to take longer
14 than an hour and 15 minutes, then we'll have to either
15 start earlier or finish at some later point during the
16 day or on another day.
17 MR. MILLER: Your Honor, this is Scott
18 Miller. My suggestion would be we start at 11:30 and
19 hopefully finish before 1:00 o'clock and we can restart
20 the deposition earlier rather than run into a risk of
21 trying to split-off another 20 minutes to some disparate
22 point in time.
23 THE SPECIAL MASTER: Any comments,
24 please?

**81**

1  MR. MERIDETH: This Frank Merideth.
2  That is acceptable.
3  MR. BONO: That's fine, Your Honor.
4  THE SPECIAL MASTER: All right. Let's
5  do 11:30 then. Thank you.
6  All right. What is next on what you
7  expect should be the agenda, unless you want me to pull
8  up another issue?
9  MS. ROMAN: Your Honor, this is Tracy
10 Roman. I think at this point we were hoping, with
11 respect to the other people at the deposition, assuming
12 all deposition issues that were tabled for the day were
13 finished, to restart our deposition and for all of us to
14 drop off the line and let the remaining counsel handle
15 the issues that have been briefed in the status report.
16 THE SPECIAL MASTER: I have no problems
17 with that if everyone agrees that any issues with respect
18 to depositions that we were dealing with today have in
19 fact been dealt with and everyone can go back to your
20 other work.
21 MR. CHRISTENSON: Your Honor, this is
22 Cass Christenson. I think there is one issue that does
23 relate to depositions. And it's referenced in the status
24 letter to you of February 26th. And the issue relates to

SHEET 22

**82**

1  a recent communication from ViewSonic where they have
2  identified I believe nine additional witnesses as persons
3  with knowledge concerning issues in this case, which
4  happened just as we were finalizing the schedule for
5  the witnesses we had noticed for deposition in early
6  December.
7          Our position is that we want to note
8  that now because we feel that it's prejudicial for us
9  for them to identify additional witnesses at this point
10  from which we have neither the time from a scheduling
11  standpoint to depose from our deadline, nor do we have
12  the available hours that we would need to take their
13  depositions within the overall hours limit established by
14  the Court which had been discussed and based upon early
15  disclosures of people. So that is something I did want
16  to note today.
17          THE SPECIAL MASTER: Are there any
18  comments with respect to that or is it just a matter of
19  advisement?
20          MR. MILLER: This is Scott Miller. I
21  think it's a matter of record.
22          THE SPECIAL MASTER: Yes, I think that
23  is. Okay. Then that is fine. With that, everybody can
24  go back to the deposition of Mr. Kim.

**83**

1          MR. MILLER: This is Mr. Miller. I
2  would say we disagree with the prejudice issue but that,
3  for the record, is complete.
4          THE SPECIAL MASTER: I understand.
5  Well, you just said the record is complete?
6          MR. MILLER: Well, on Mr. Christenson's
7  comment.
8          THE SPECIAL MASTER: Right. Okay
9          MR. MILLER: Yes.
10          MS. ROMAN: We're going to sign-off here
11  now, Your Honor.
12          THE SPECIAL MASTER: Thank you.
13          (Pause.)
14          THE SPECIAL MASTER: Counsel, let me
15  just go back for a moment. Mr. Christenson, you are
16  still on; correct?
17          MR. CHRISTENSON: Yes, I am, Your Honor.
18          THE SPECIAL MASTER: The comment you
19  just made or comments that were just made with respect to
20  the February 26th status report, I am looking at page
21  five and the paragraph that deals with that issue. Just
22  give me another moment, please.
23          MR. CHRISTENSON: Yes.
24          (Pause.)

**84**

1          THE SPECIAL MASTER: Let me ask
2  this question: By virtue of describing what you have
3  described, what you all have described in the status
4  report in that paragraph, are you suggesting that
5  matter has now been joined? I mean clearly there is no
6  application before me. It's the information you provided
7  on the status report.
8          Again, if it's just for status and you
9  are telling me there is a dispute kind of hanging out
10  there and you are telling each other that you don't
11  agree, I understand that. If you are telling me that
12  there is a dispute, it's described within the four
13  corners of those 15 or 16 lines and you want me to be
14  dealing with it, that's a different story.
15          MR. CHRISTENSON: I would prefer to deal
16  with it, Your Honor. Because I think it's a matter of,
17  from our perspective, we would be seeking one of two
18  things: either an understanding that these late
19  identified witnesses are not going to be permitted to
20  be involved in the trial of this case -- and we had a
21  similar issue in the prior case before Judge Farnan where
22  he did preclude witnesses from testifying, including
23  ViewSonic's CFO at the prior trial, because we never
24  had an opportunity to depose that person -- we have an

**85**

1  understanding we don't need to depose that person or if
2  we do need to depose any of these individuals, then we
3  would need an opportunity to do that.
4          And we respectfully submit we don't
5  have a fair opportunity for the reasons I explained
6  earlier. I think ViewSonic's position as indicated is
7  that -- well, they're not conceding either -- I think
8  their position is those people are in the case now and
9  they're not agreeing to any kind of accommodation for
10  us to depose those witnesses.
11          MR. NELSON: Your Honor, this is Manuel
12  Nelson.
13          MR. MILLER: I'm here as well. Scott
14  Miller.
15          THE SPECIAL MASTER: Who is going to
16  speak?
17          MR. MILLER: I understood it was more
18  the former than the latter. It's an issue of status.
19  I'm happy to try to work something out. The issue is
20  obviously as the list of accused products grows, the
21  people who may have knowledge relating to those
22  particular accused products will grow also because
23  different people have different responsibilities.
24          THE SPECIAL MASTER: Right.

SHEET 23

**86**

1    MR MILLER: And so it's going to be a
2  natural evolution. As the list that we get from LPL
3  grows, the list from our people will grow.
4    THE SPECIAL MASTER: Can I expect,
5  commensurate with that -- and I understand why we're
6  where we are with respect to how that list is growing.
7  Can I expect there is also going to be an opportunity to
8  accommodate the appropriate deposition of those newly
9  identified witnesses?
10    MR. MILLER: As best as we can,
11  absolutely, Your Honor.
12    THE SPECIAL MASTER: I understand what
13  you say, "as best as you can " You have some deadlines
14  you are having to live with and maybe there are going to
15  be a lot of busy days out there, but in the course of
16  your discussions, and I expect those discussions will be
17  ongoing, either as a result of continued production, as a
18  result perhaps of decisions that I'll be making in the
19  next course of the next week, I expect accommodations
20  will be made when there are newly identified, newly
21  accused products, therefore, newly identified witnesses
22  and therefore a need to create dates within the dates
23  I've already set.
24    MR. AMBROZY: Your Honor, it's Rel

**87**

1  Ambrozy. If I might jump in there.
2    ViewSonic just I think it was yesterday,
3  has taken issue with your order that they produce the OEM
4  documents, for example.
5    THE SPECIAL MASTER: I understand.
6    MR. AMBROZY: By the time that gets
7  resolved, and let's just say that it's found in LPL's
8  favor that those documents should have been produced
9  but that order is not handed down until after the close
10  of discovery in March, and I believe we talked about this
11  earlier, but Your Honor is willing to accommodate further
12  depositions after the close of discovery?
13    THE SPECIAL MASTER: I mean I understand
14  the reality of the process we're all involved in and
15  that reality is that I don't have the authority to issue
16  an order that stands up to the date and through the
17  trial. That's Judge Farnan's ultimate decision. And I
18  understand the impact that can have on any scheduling
19  order.
20    MR CHRISTENSON: Your Honor, Cass
21  Christenson. I would like to clarify one thing to make
22  sure I understood Mr Miller correctly. I just want to
23  make sure
24    As I understood Mr. Miller, his

**88**

1  representation today is that the newly identified
2  witnesses are witnesses that are identified solely with
3  respect to having knowledge about newly accused products.
4  Is that right?
5    MR. MILLER: Yes, they have been added
6  to the list as people who have information -- well, there
7  are two sets of people there, Cass. One is, the first
8  we're putting up is Kim Stepson (phonetic) that we're
9  putting up as a 30(b)(6) witness. She is someone I
10  learned is more qualified than the person that had
11  previously been discussed with about it and so we put her
12  on the list and you are going to depose her.
13    The other people are technical people
14  who have had dealings with new products. You asked for a
15  successor to one of the people who was on the list
16  originally who have since left and they are successors to
17  that function that was handled by that person.
18    MR. CHRISTENSON: Okay. I guess my only
19  follow-up sought on this, Your Honor, is that I really
20  don't think that given the fact we are already double
21  tracking defense, defendants' witnesses in some cases,
22  I think it's really not feasible for us to be able to
23  work these additional depositions into the schedule and
24  complete them before March 30 particularly.

**89**

1    THE SPECIAL MASTER: Well, we'll get to
2  that when we come to it.
3    MR. CHRISTENSON: Okay. Very well.
4    THE SPECIAL MASTER: That's why it's
5  important to talk about it.
6    Okay  Next please.
7    MS. ROMAN: Your Honor, this is Tracy
8  Roman again  If there is nothing further on deposition
9  issues, I'd like to remove from the record the people
10  here in the D.C. office and let us sign-off.
11    THE SPECIAL MASTER: Please do.
12    MS. ROMAN: So removing from the hearing
13  is Tracy Roman of Raskin Pet, Scott Miller of Connolly
14  Bove, Frank Merideth of Greenberg Traurig, Derrick Aiuto
15  of McKenna Long and Gap Bono of McKenna Long.
16    THE SPECIAL MASTER: Thank you, all.
17    (The attorneys respond, "Thank you, Your
18  Honor.")
19    THE SPECIAL MASTER: Okay. Who is
20  marshaling the rest of the issues?
21    MR. NELSON: This is Manuel Nelson, Your
22  Honor.
23    THE SPECIAL MASTER: Mr. Nelson.
24    MR. NELSON: If we're prepared to begin

# EXHIBIT 3

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
Zip Code For Deliveries 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

# THE BAYARD FIRM
### A  T  T  O  R  N  E  Y  S

BY HAND AND BY EMAIL

February 26, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

    **Re:**   *LG.Philips LCD Co., Ltd. v. ViewSonic,* **C.A. No. 04-343 JJF**

Dear Special Master Poppiti:

    This letter is a joint submission from the parties containing a general Status Report of the parties' efforts to resolve discovery disputes and compliance with deadlines.

I.    <u>March 2, 2007 Status Conference and Hearing</u>

    The following new discovery motion is pending Your Honor's consideration during the March 2, 2007 status conference and hearing:  ViewSonic's Motion to Compel LPL to Produce Technical and Mounting Documents filed on February 16, 2007.  LPL filed its opposition to the motion on February 23, 2007.

    On February 20, 2007, the Tatung Defendants requested to stay production of the Tatung Defendants' confidential documents regarding unaccused products pending discovery and resolution of issues concerning LPL's alleged Protective Order violations.  The Tatung Defendants' position is that these issues can be heard at the March 2, 2007 status conference and hearing.  Alternatively, the Tatung Defendants propose that these issues be heard at the March 9, 2007 all day, in person hearing and that LPL's responsive papers be filed on March 2, 2007, LPL has not yet submitted its opposition to this motion.  LPL's position is that Tatung needed to file its brief by February 16 to have been heard on March 2, 2007.  LPL will file its reply brief on March 16, 2007, per the Special Master's instructions, or as otherwise instructed.

    As discussed below, the parties also seek Your Honor's assistance concerning other discovery issues that remain pending.

II.    <u>New Scheduling Order</u>

    On February 21, 2007, the Special Master circulated an amended Omnibus Scheduling Order for this case, which was discussed during the Status Conference that day.  On February 22,

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
February 26, 2007
Page 2

2007, the parties further discussed the Scheduling Order, and reported to the Special Master an agreement concerning the following dates:

      (1)     July 16, 2007:  Opening Expert Reports due;

      (2)     August 17, 2007:  Expert Rebuttal Reports due; and

      (3)     August 31, 2007:  Deadline for completing expert depositions.

III.     Issues Concerning Classification of Products by Mounting System and Sufficiency of Drawings Produced

On December 28, 2006, the Special Master heard LPL's requests for assistance in having Tatung categorize its visual display products by mounting system.  On January 8, 2007, Tatung submitted its report concerning classification of products by mounting system.  On January 18, 2007 LPL addressed the concerns raised in Tatung's January 8 report.  This issue was discussed during the January 22, 2007 hearing.  LPL submitted a proposal to Tatung on January 24, 2007, for classifying Tatung's mounting systems into specific categories.  On January 29, 2007 LPL submitted a status report to the Special Master regarding developments on this issue and Tatung submitted a response to the Special Master on January 30, 2007.  Tatung provided its categorization of products by common assembly drawing on January 30, 2007, and on January 31, 2007.  Counsel discussed Tatung's categorization on February 2, 2007.

Tatung contends that it has produced all assembly drawings it could locate for the products at issue.  Tatung contends that the assembly drawings are sufficient for LPL to determine whether the products infringe the patents-in-suit.  LPL respectfully disagrees.  Tatung further contends that it has provided to LPL the categorization information it previously agreed to provide, and, as a result, there is no pending issue regarding categorization.  LPL respectfully disagrees.  Tatung also has offered to provide updated categorization information for additional products included in its recently served amended and supplemental interrogatory responses.  LPL disputes that the Tatung Defendants have provided or offered to provide the complete and relevant mounting categorization information.

With respect to Tatung America, it does not have assembly drawings or CAD/CAM drawings.  It only has work instructions, all of which have been provided to LPL, according to Tatung America.

LPL contends that Tatung's production of drawings is insufficient to determine infringement.  In this regard, LPL asserts that Tatung should produce CAD/CAM drawings and native format files for all flat panel display products.  Tatung does not believe that they should have to produce these drawings for unaccused products.  Tatung also is concerned with providing the CAD/CAM files in their native format because they can be manipulated or altered.  The parties and Your Honor agreed during the February 21, 2007 hearing to schedule an in-person hearing so that Your Honor may determine whether the drawings produced by Tatung are insufficient to determine infringement.  That hearing has been set for March 9, 2007 (specific starting time and location to be set by the Special Master).

THE BAYARD FIRM

The parties believe that certain discovery is still outstanding and certain issues remain unresolved from the December 28, 2006 hearing. LPL and ViewSonic have exchanged correspondence on these issues. The parties seek assistance from the Special Master concerning the unresolved issues. Further, LPL seeks assistance concerning the availability and production of ViewSonic's visual display products.

On February 14, 2007, the Special Master ordered that ViewSonic must produce all technical and mounting-related documents in the possession of its OEMs. LPL awaits this production.

Based on LPL's inspection of Tatung products, LPL gave notice to Tatung of 17 additional accused products on January 23, 2007. Eight additional visual display products that LPL did not inspect were shipped to the Delaware office of Tatung's counsel, and were inspected by LPL counsel on February 7-9, 2007. LPL continues to seek samples of products made by the Tatung Defendants.

During the January 19, 2007 hearing, Tatung confirmed that they would correlate technical documents produced according to groups of Tatung products by mounting category or system, produce sales information for all products listed in response to LPL's Interrogatory 2, and provide brand and model number information for all Tatung products accused of infringing. On January 30, January 31, February 2, and February 13, 2007, Tatung provided document production supplementations. These supplementations did not include the sales summaries or the brand name and model information requested by LPL. LPL seeks the Special Master's assistance to obtain, before Tatung's depositions, outstanding discovery from the Tatung Defendants, including discovery that Tatung agreed to produce in the parties' December 2006 meet and confer discussions and the January 2007 teleconferences with the Special Master.

LPL served supplemental responses to ViewSonic's first and second sets of interrogatories on February 21, 2007. Tatung Company supplemented its responses to LPL's interrogatories on February 14, 2007, and Tatung Company of America supplemented its responses to LPL's interrogatories on February 13, 2007. ViewSonic served amended supplemental answers to LPL's interrogatories on February 20, 2007.

LPL confirms that, on January 22, 2007, LPL produced all bill of materials information to ViewSonic as agreed during the December 28, 2006 hearing. On February 8, 2007 ViewSonic stated that this production was illegible and was not responsive to Document Requests 82, 84-85, and 87. On February 12, 2007, LPL responded that its production was responsive to the relevant document requests. On February 13, 2007, LPL reproduced a clear copy of the documents as ViewSonic had requested. ViewSonic seeks the discovery responsive to Document Request 85 LPL agreed to provide during the December 28, 2006 hearing. *See* December 28, 2006 Hearing Transcript (D.I. 384), p. 134, l. 22 - 135, l. 7). ViewSonic also seeks complete discovery to Document Requests 82, 84-85, and 87 as outlined in its February 16, 2007 motion. LPL maintains that it has responded in good faith to these requests. ViewSonic seeks assistance from the Special Master concerning these unresolved issues.

Both LPL and ViewSonic filed a supplemental submission regarding ViewSonic Document Requests 71-74 and 118 on January 24, 2007. On February 6, 2007, LPL also

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
February 26, 2007
Page 4

produced documents potentially responsive to ViewSonic's document requests including, for example, ViewSonic's Document Requests 71-74. On February 16, 2007, LPL produced further discovery, including a list of modules with rear surface holes, and updated sales and profit information for 2005-2006, which is potentially responsive to ViewSonic's document requests. ViewSonic continues to seek complete responses to ViewSonic's Document Requests 71-74 as indicated in its January 24, 2007 supplemental submission and its February 16, 2007 motion to compel. LPL maintains that it has responded in good faith to these requests. ViewSonic seeks assistance from the Special Master concerning these unresolved issues.

ViewSonic seeks from LPL a copy of a 1996 agreement between DEC and LG Electronics ("the DEC agreement") which LPL expressly agreed to produce during the December 28, 2006 hearing. D.I. 384, p. 146, l. 21 - p. 148, l. 3. LPL has a copy of the DEC agreement produced by a third party under a protective order in another case. LPL has offered to seek permission from the third party to produce this agreement. ViewSonic believes that LPL conceded its possession and custody of and control over the DEC agreement during the December 28, 2006 hearing. ViewSonic also believes that, because the DEC agreement involved LG Electronics, LPL's parent and predecessor in interest, and is clearly related to the business that led to the formation of LPL, the DEC agreement is within LPL's possession, custody or control. Moreover, ViewSonic has been advised, and upon such information believes, that the subject agreement is not governed by a protective order in the other case referenced by LPL. ViewSonic seeks assistance from the Special Master concerning these unresolved issues. Now that ViewSonic has first raised these issues, LPL is willing to work with ViewSonic to resolve them. LPL requests an opportunity to do so.

IV.    Issues Concerning Deposition Scheduling

On February 22, 2007, the parties continued discussions on deposition scheduling and reached an agreement on deposition scheduling as to most of Defendants' witnesses. LPL reported on this agreement in Mr. Kirk's February 23, 2007 letter to the Special Master. LPL's witnesses are scheduled for depositions the weeks of February 26, 2007 and March 5, 2007.

On February 16, 2007, ViewSonic served deposition notices for Mr. Ho Lee and Mr. Yeong-Un Bang. On February 22, 2007 ViewSonic offered not to take Mr. Ho Lee's deposition provided that LPL agreed not to call Mr. Lee as a trial witness or use his declaration filed in this case. LPL will respond tomorrow to this proposal and expects to resolve this issue. LPL has not agreed to produce Mr. Bang for a deposition on a date certain. Again, LPL will respond tomorrow to ViewSonic's February 22, 2007 letter. LPL hopes to resolve this issue between counsel. LPL also does not agree with the Defendants regarding the amount of time that LPL's 30(b)(6) designees must be available to testify under the Special Master's recent guidance. Consequently, the parties have not agreed on deposition scheduling as to all of LPL's witnesses. ViewSonic submitted the present schedule of all party witnesses in Mr. Heisman's February 26, 2007 letter to the Special Master and, with assistance from the Special Master, the parties hope to resolve the remaining deposition scheduling issues during the February 26, 2007 telephone conference, or as soon thereafter as possible.

THE BAYARD FIRM

Recently, Defendants have identified persons with relevant knowledge or information, and LPL objects to the testimony of such witnesses at trial, or, alternatively, believes that LPL is entitled to depose any such individuals, at least to the extent that such witnesses may be offered as trial witnesses by Defendants. ViewSonic has advised LPL that the list of people with relevant knowledge or information is subject to change, based upon the different and new ViewSonic products that LPL accuses of infringement. LPL's February 21, 2007 supplemental responses to ViewSonic's interrogatories accuses ten new ViewSonic products of infringing the patents in suit. ViewSonic has no objection to LPL deposing ViewSonic witnesses, subject to the total deposition time limitations imposed on the parties. LPL will not be able to do so within the existing time limits, however, and believes that this is unfair. During the parties' meet and confer, the Tatung Defendants asked LPL to identify the new Tatung witnesses and LPL did not do so. LPL instead referred Tatung to Tatung's recently amended interrogatory answers. In any event, LPL has sufficient time to notice additional depositions but has not done so, according to the Tatung Defendants. LPL respectfully disagrees.

V.    Privilege Logs

On February 14, 2007, the Special Master provided guidance on the scope of the privilege logs and ordered that logs be exchanged on February 19, 2007. LPL served its privilege log on February 19, 2007. Tatung served a privilege log on February 21, 2007. ViewSonic did not serve a privilege log because ViewSonic has no documents, including post-filing documents, related to advice of counsel as a defense to alleged willful infringement. They have not received a separate opinion of counsel at this time, and believe they have nothing to log. The parties' agreement as to privilege logs was stated on the record during February 21, 2007 hearing. See February 21, 2007 hearing transcript, p. 56, l. 5 - p. 58, l. 12. The Tatung Defendants contend that LPL's privilege log is inadequate because it does not provide sufficient information for the parties to determine whether the communications are in fact privileged and includes communications with and among non-attorneys. LPL respectfully disagrees. The Tatung Defendants have sent a letter to LPL regarding these issues. LPL received this letter after the close of business on February 23, 2007, and LPL is responding today, including with respect to asserted deficiencies in the Tatung Defendants' one-page privilege log. The Tatung Defendants contend that their privilege log contains sufficient information.

VI.    Issues Concerning the Protective Order

As mentioned above, on February 20, 2007 the Tatung Defendants filed a motion regarding the Protective Order in this case. LPL will file an opposition to Tatung's motion. As LPL stated in the February 21, 2007 teleconference, LPL also has learned that attorneys at Greenberg Traurig are also involved in prosecuting patents for LCD technology. The Tatung Defendants contend that whether attorneys at Greenberg Traurig LLP are prosecuting patents relating to flat panel display device is not relevant because these attorneys are not on the litigation team in this case, unlike the McKenna attorneys, according to the Tatung Defendants. LPL respectfully disagrees. LPL has repeatedly confirmed that its litigation team in this case is not prosecuting patents for flat panel display technology as addressed in the protective order.

THE BAYARD FIRM

The Tatung Defendants also have objected to LPL using and disclosing deposition excerpts designated confidential from the LG.Philips LCD Co. Ltd v. Tatung Company, Case No. 05-292 (JJF) case in connection with LPL's motion to compel technical and assembly-related discovery. This matter was discussed during the February 21, 2007 hearing, and Your Honor found the issue was not ripe for his consideration. LPL maintains that it has acted properly but, to resolve this issue, LPL has agreed to withdraw Exhibit E from its motion, reserving the right to seek relief from the Court in this case and/or Case No. 05-292 (JJF). See February 23, 2007 communication from Mr. Kirk to Special Master Poppiti.

The Tatung Defendants contend that withdrawing the improperly filed Exhibit E is insufficient. LPL's letter to the Special Master was filed in the public records and includes a discussion of Exhibit E. This letter has not been withdrawn or stricken from the record. In addition, the belated withdrawal of Exhibit E does not address the more important issue with respect to LPL's wholesale use of discovery from the other cases for purposes of this litigation. The Tatung Defendants will file a motion with the Special Master requiring LPL to disclose all of the confidential information from the other cases its attorneys in this case has reviewed and used in connection with this litigation. LPL notes that this issue is premature and not pending at this time. Further, LPL disagrees with the Tatung Defendants' contentions and characterizations.

VII.    Other Issues

On February 23, 2007, ViewSonic served its Second Set of Requests for Admissions, its Third Set of Interrogatories, and its Third Set of Requests for Production, pursuant to paragraph 4(d) of the Scheduling Order, as amended by the January 17, 2007 Amended Scheduling Order.

Respectfully submitted,

Richard D. Kirk (rk0922)

cc:  Counsel as shown on the attached certificate

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 26, 2007, he electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Jeffrey B Bove, Esq.                    Frederick L. Cottrell, III, Esq.
Jaclyn M. Mason, Esq.                   Anne Shea Gaza, Esq.
Connolly Bove Lodge & Hutz LLP          Richards, Layton & Finger
1007 North Orange Street                One Rodney Square
P.O. Box 2207                           P.O. Box 551
Wilmington, Delaware 19899-2207         Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document

were sent by email to the above counsel on February 26, 2007, and will be sent by hand

on February 26, 2007, and were sent by email on February 26, 2007, and will be sent by

first class mail on February 26, 2007, to the following non-registered participants:

Scott R. Miller, Esq.                   Valerie Ho, Esq.
Connolly Bove Lodge & Hutz LLP          Mark H. Krietzman, Esq.
355 South Grand Avenue                  Frank C. Merideth, Jr., Esq.
Suite 3150                              Greenberg Traurig LLP
Los Angeles, CA 90071                   2450 Colorado Avenue, Suite 400E
                                        Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1

# EXHIBIT 4

# THE BAYARD FIRM
### A  T  T  O  R  N  E  Y  S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries 19801

Ⅲ MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access
302-429-4242
astitzer@bayardfirm.com

BY HAND AND BY EMAIL

January 11, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, Delaware  19801

> Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
>        **U.S. District Court Case No. 04-343 JJF**

Dear Special Master Poppiti:

I write on behalf of all parties in the above-referenced litigation to report to Your Honor regarding the agreements reached by counsel on the deposition locations and the status of on-going discussions addressing the subject matters of Rule 30(b)(6) depositions.

First, counsel for all parties are agreeable to having the depositions of LPL's witnesses take place in Washington, D.C., at the offices of either Connolly Bove Lodge & Hutz LLP or Greenberg Traurig, LLP and the depositions of ViewSonic's and Tatung's witnesses take place in Los Angeles, CA at the offices of McKenna Long & Aldridge LLP.  Counsel hope to avoid the need to seek assistance from the Special Master during depositions.  If necessary, however, counsel will follow the Special Master's telephonic dispute resolution process for deposition disputes set forth in paragraph 10 of the Special Master's Discovery Dispute Procedures, recognizing that the Special Master may grant appropriate relief to remedy any deposition misconduct.  One issue remains unresolved to make this a complete agreement.[1]

---

[1] Defendants propose that, the parties acknowledge that, should Your Honor deem it necessary, the deposition will be moved to Wilmington, DE so that Your Honor may personally oversee the deposition.  ViewSonic's agreement to the location of LPL depositions is expressly conditioned on the understanding that the agreement as to deposition location does not prevent a party from requesting the Special Master relocate the deposition, if needed, as outlined above.  Defendants also propose that the parties acknowledge that Your Honor is empowered to order whomever

*(footnote continued on next page)*

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 11, 2007
Page 2

Second, counsel have engaged in a meet and confer regarding the Rule 30(b)(6) deposition notices and objections thereto filed by each party. Plaintiff served objections to Defendants' Rule 30(b)(6) topics on December 13 and December 21. ViewSonic and Tatung served objections to LPL's Rule 30(b)(6) topics on January 5. Counsel are in the process of exchanging and considering proposals to limit certain topics based on the requested subject matter and to address other topics during expert discovery. The parties have agreed to reconvene to further discuss the Rule 30(b)(6) deposition topics and objections thereto on January 17, 2007 at 3:00 p.m. EST and will report to Your Honor promptly thereafter. The parties are also discussing and attempting to agree on the meaning of the Scheduling Order regarding the time limits applicable to these depositions and deposition scheduling. Deposition dates remain to be confirmed, but Defendants will not refuse to produce all witnesses until after LPL's depositions.[2]

Third, counsel have discussed certain of Defendants' witnesses for which depositions may be partially or wholly unnecessary if a deposition of that witness from a prior recent case can be used in this case. Counsel for LPL will identify depositions of specific witnesses from other cases for use in this case and counsel for Defendants will then consider whether to agree to allow

---

*(footnote continued from previous page)*

Your Honor believes is engaging in improper conduct to bear the costs of moving the deposition to Wilmington. LPL has not agreed to any of these proposals, which were made in an effort to reach compromise regarding the location of depositions. The proposal for where to conduct depositions was made by LPL, and Tatung has agreed to LPL's proposal on deposition location. ViewSonic's attempt to condition the location on an agreed remedy is premature. Originally, ViewSonic insisted that the Special Master should attend each deposition of LPL's witnesses. Now, ViewSonic insists that the parties agree to a remedy on the unwarranted assumption that LPL will engage in deposition misconduct. ViewSonic proposes that "should the Special Master deem it necessary, the deposition will be moved to Wilmington, DE so that Your Honor may personally oversee the deposition. The parties propose that whomever Your Honor believes is engaging in improper conduct be ordered to bear the costs of moving the deposition to Wilmington." LPL has always maintained that any party can seek any desired relief for deposition misconduct and that the choice of remedy is for the Special Master. LPL informed ViewSonic that there is no need now, when no disputes even exist, to agree to a specific remedy that should apply, which is an issue for the Special Master to decide if and when necessary. These issues can be addressed at the appropriate time based on specific facts. Tatung has previously agreed to LPL's proposal on location.

[2] The defendants' agreement to extend the March 2, 2006 deposition deadline reported to Your Honor on January 10, 2007, was based on the express understanding that the defendants would voluntarily produce only one or two witnesses before the February 22, 2007 deposition of LPL witnesses. LPL never indicated that this condition was unacceptable and in fact expressly asked defendants to make the agreement to extend based on the assumption that only one or two defendant depositions would take place before the February 22 LPL depositions. No agreement has been reached concerning the number or identity of witnesses that Defendants will produce before LPL's depositions. LPL disputes that Defendants may withhold all but 1-2 deposition witnesses and will seek relief from the Special Master, if necessary. LPL intends to proceed with Defendants' depositions as soon as possible, but Defendant have refused to ever provide a single proposed deposition date for any of their witnesses.

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
January 11, 2007
Page 3

such depositions to be used in this case, to the extent it has the necessary access to the deposition transcripts. In the event that the parties are unable to agree, LPL reserves the right to file an appropriate motion with the Court.[3]

Respectfully submitted,

Ashley B. Stitzer

cc: Counsel as shown on the attached certificate

---

[3] It is Defendants position that LPL should identify the efficiencies LPL expects to result from using such deposition testimony. ViewSonic will not waive its right to examine the witness in a deposition in this case even if the testimony comes in as LPL proposes, and ViewSonic will not stipulate to allowing the testimony to be used here without the right to fully examine the testimony. To do that, ViewSonic needs full access to the testimony of all witnesses. Presently, ViewSonic does not have access to the Tatung testimony, the LPL testimony, or the testimony of CPT or Jean Co. that would even permit further conversations to proceed among counsel. This situation requires the Protective Order in the other cases to be modified and that burden is on LPL, as noted by Your Honor during the December 28, 2006 teleconference. LPL disputes that Defendants lack access to their own clients' depositions in prior cases. The protective order allows the Defendants' counsel to have access to their depositions. Accordingly, there is nothing to prevent Defendants' counsel from engaging in good faith discussions regarding the use of their respective clients' prior depositions in this case.

648678-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on January 11, 2007, copies of the

foregoing document were served as follows:

BY EMAIL AND BY HAND:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

BY EMAIL AND BY U.S. MAIL:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Ashley B. Stitzer (as3891)
Ashley B. Stitzer

632604-1

# EXHIBIT 5

# THE BAYARD FIRM
### A  T  T  O  R  N  E  Y  S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

BY HAND AND BY EMAIL

February 23, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic,* C.A. No. 04-343 JJF

Dear Special Master Poppiti:

On behalf of LG.Philips LCD Co., Ltd. ("LPL"), I write to update Your Honor concerning LPL's motion to compel deposition dates and the parties' discussions regarding the depositions of Defendants' witnesses. Below is a schedule of the depositions of Defendants' witnesses that have been confirmed and agreed to by the parties, subject to the overall hours limit for LPL depositions. LPL reserves the right, if necessary, to seek additional deposition time to complete the depositions. All of the depositions will occur at the Los Angeles office of McKenna Long & Aldridge LLP and will be videotaped depositions.

| DATE | WITNESS |
|------|---------|
| March 12 | Jackson Chang |
| March 13 | Tommy Jue (primarily technical issues - 30(b)(6)designee) |
| March 14 | His-Ling (Jamie) Yang |
| March 14 | Kim Stetson (primarily business issues - 30(b)(6)designee) |
| March 15 | Jeff Volpe (primarily business issues - 30(b)(6) designee) |
| March 16 | Calvin Ho (sales / customer account manager, previously identified as Kevin Ho) |
| March 19 | Vincent Liu (technical / patent 30(b)(6)designee) |
| March 20 | Continued deposition of Vincent Liu, as necessary |
| March 20 | Oliver Shih (business / damages 30(b)(6)designee) |
| March 21 | Continued deposition of Oliver Shih, as necessary |
| March 21 | Sally Wang (date not confirmed as witness is out of country) |
| March 22 | Andrew Sun (business / damages 30(b)(6) designee) |
| March 23 | Continued deposition of Andrew Sun, as necessary |
| March 23 | Peter Farzin (technical / patent 30(b)(6) designee) |
| March 26 | Continued deposition of Peter Farzin, as necessary |
| March 27 | Robert Ranucci (primarily business issues - 30(b)(6) designee) |

652371-1

THE BAYARD FIRM

|          |            |
|----------|------------|
| March 28 | Vivian Liu |
| March 29 | Bryan Lin  |

Tatung's counsel has confirmed that Huang Chin-Min will not be called to testify at trial and is retired.  Tatung's counsel also represents that S.Y. Tsai is no longer an employee of Tatung Company and will not be called as a trial witness.  LPL reserves the right to seek his deposition if appropriate.

ViewSonic will confirm whether an interpreter is needed for Sally Wang and Vivian Liu.

Respectfully submitted,

/s/ Richard D. Kirk (rk0922)

cc:  Counsel as shown on the attached certificate

652571-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 23, 2007, he electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Jeffrey B Bove, Esq.                    Frederick L. Cottrell, III, Esq.
Jaclyn M. Mason, Esq.                   Anne Shea Gaza, Esq.
Connolly Bove Lodge & Hutz LLP          Richards, Layton & Finger
1007 North Orange Street                One Rodney Square
P.O. Box 2207                           P.O. Box 551
Wilmington, Delaware 19899-2207         Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document

were sent by email to the above counsel on February 23, 2007, and will be sent by hand

on February 23, 2007, and were sent by email on February 23, 2007, and will be sent by

first class mail on February 23, 2007, to the following non-registered participants:

Scott R. Miller, Esq.                   Valerie Ho, Esq.
Connolly Bove Lodge & Hutz LLP          Mark H. Krietzman, Esq.
355 South Grand Avenue                  Frank C. Merideth, Jr., Esq.
Suite 3150                              Greenberg Traurig LLP
Los Angeles, CA 90071                   2450 Colorado Avenue, Suite 400E
                                        Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

                        /s/ Richard D. Kirk (rk922)
                        Richard D. Kirk

571447-1

# EXHIBIT 6

# Connor, Cormac

| | |
|---|---|
| **From:** | Connor, Cormac |
| **Sent:** | Thursday, March 22, 2007 5:34 PM |
| **To:** | 'Scott Miller'; troman@raskinpeter.com |
| **Cc:** | Christenson, Cass; Klevens, Shari; HoV@GTLAW.com; HassidS@gtlaw.com; Gillie, Douglas; rkirk@bayardfirm.com; astitzer@bayardfirm.com; Bono, Gaspare; Ambrozy, Rel; Jeff Bove; James Heisman; Jaclyn M. Mason; Jill J. Herr; Manuel C. Nelson; Nancy Phillips; Julie Lorenzen; Kristen Rohrabaugh; cottrell@rlf.com; gaza@rlf.com; lees@rlf.com; MeridethF@GTLAW.com, KrietzmanM@GTLAW.com; BialasM@gtlaw.com; OhC@gtlaw.com; PouratianD@gtlaw.com; tranw@gtlaw.com |
| **Subject:** | RE: ViewSonic Depositions |
| **Importance:** | High |

Scott and Tracy:

I write to you in response to email correspondence that you have exchanged with Rel and Cass. Specifically, I am responding to Scott's email below and Tracy's email to Rel, dated March 13.

Per the offerings in your emails, LPL accepts the proposal in Tracy's email, which stated that Sally Wang appears to be available for deposition on April 24 and that Tommy Jue appears to be available for deposition on April 25-26. We accept these dates and ask that they be scheduled for depositions of Mr. Jue and Ms. Wang. Additionally, LPL notes that, in separate correspondence, it has agreed to dates for the depositions of four Tatung witnesses. The Tatung depositions will occur on the five days from April 16 to 20.

In response to the other proposals in your emails:

1 - Because we have already agreed to take depositions of Tatung's witnesses during the week of April 16, we propose that ViewSonic's depositions start on or after April 23 and conclude, as stated above, by May 13 (or 14) at the latest.

2 - Scott's email offered to have all ViewSonic depositions be completed by May 13 and to endeavor to complete them all by May 6. However, both of these dates fall on Sundays. Therefore, LPL will agree to have ViewSonic's depositions be completed instead by May 14 and to endeavor to complete them by May 7.

3 - Scott proposes below that the depositions of Mr. Ranucci be rescheduled but that of Ms. Liu proceed as scheduled on March 28. We cannot accept this proposal because it would unreasonably require LPL incur the expense of travel to LA for a single deposition that was purposely linked to Mr. Ranucci's deposition date because the general subject-matter of their testimony is expected to be similar. If one date moves, then both must move. We will agree to have Mr. Ranucci's and Ms. Liu's deposition moved into April, but we need to have their deposition dates be consecutive and, if possible, grouped with dates for other witnesses that will have similar types of testimony. This is an issue that LPL and ViewSonic dealt with in setting the current schedule, so we see no reason why the parties cannot agree to a similar arrangement now. If they do not proceed next week, we propose that Mr. Ranucci's and Ms. Liu's depositions be set for April 25-26. Regardless, if ViewSonic will not agree to move both the Liu and Ranucci depositions to consecutive dates in April or May, then LPL will not agree to move the dates at all. If we do not hear from you on this matter by noon EST on March 23, we will insist that both depositions proceed as currently scheduled. (On that note, we still have not received Rule 30(b)(6) topic designations for Mr. Ranucci.)

4 - Scott proposes below that the depositions of David Lee, Eric Willey, Alex Huang, Gene Hsiao, Tony Huang, James Sung, Michael Zapka (or current employee), Victoria Yip and Tuan Nguyen (collectively, the "Individual Witnesses") all be rescheduled in April and May and that ViewSonic will establish firm dates for these depositions by March 26. We will agree to this deadline and will agree to reschedule the Individual Witnesses, but only if ViewSonic agrees that, also on March 26, ViewSonic will: (a) describe the general subject matter of each witness' expected testimony (i.e. business/sales topics or technical/assembly topics); (b) group the Individual Witnesses with similar types of subject matter together so that they can be deposed on consecutive dates and thus reduce the travel required for LPL; (c) work with LPL to establish firm dates for the depositions of the Individual Witnesses; and (d) identify any of the Individual Witnesses that will not be called at trial. Related to this request, LPL asks that ViewSonic agree to work with LPL to submit a final schedule to the Special Master on March 26, but no later than March 30. Further, if ViewSonic agrees to identify any of the Individual Witnesses that will not be called at trial by March 26, then LPL will, after the later of the depositions of Ms. Wang or Mr. Jue, notify ViewSonic of any Individual Witness depositions that need not proceed.

5 - We would like to set the deposition of David Lee on April 23. As an alternative, we would be willing to shuffle dates for Ms. Wang and Mr. Jue among April 23-26, provided that Mr. Jue's two dates are consecutive and that Ms. Wang and Mr. Jue both complete their depositions between April 23-26.

Please let us know if these proposals are acceptable by noon EST tomorrow, so that we can all adjust our plans accordingly.


Cormac T. Connor

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756
email: cconnor@mckennalong.com

-----Original Message-----
From: Scott Miller [mailto:SMiller@cblh.com]
Sent: Thursday, March 22, 2007 12:25 PM
To: Christenson, Cass; Klevens, Shari; HoV@GTLAW.com; Connor, Cormac; HassidS@gtlaw.com; Gillie, Douglas;
rkirk@bayardfirm.com; astitzer@bayardfirm.com; Bono, Gaspare; Ambrozy, Rel; Jeff Bove; James Heisman; Jaclyn M. Mason; Jill J.
Herr; Manuel C. Nelson; Nancy Phillips; Julie Lorenzen; Kristen Rohrabaugh; troman@raskinpeter.com; cottrell@rlf.com;
gaza@rlf.com; lees@rlf.com; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; BialasM@gtlaw.com; OhC@gtlaw.com;
PouratianD@gtlaw.com; tranw@gtlaw.com
Subject: RE: ViewSonic Depositions

Cass:
I am puzzled by your demand for firm dates for the witnesses other than Ranucci and Liu noticed for deposition next week by LPL in
light of the fact that LPL has advised us that it believes it is unlikely to take any of the depositions once it completes the depositions of
Mr. Jue and Ms.
Wang, and that it cannot decide whether to proceed with those depositions until it completes the depositions of Mr. Jue and Ms. Wang.
We long ago provided dates for the depositions of Mr. Jue and Ms. Wang, and have heard nothing from LPL about whether those
dates are
acceptable.

Rather than continue this attempt to cooperatively set dates for these depositions, ViewSonic will establish firm dates for these
depositions not later that Monday, March 26.  Though I have not yet checked for specific dates with the witnesses located outside the
US during this period, I am not aware of any reason why these depositions, should they go forward, would not be completed by May
13, and we will endeavor to have them completed not later than May 6.  This, of course, will require LPL to identify which of the
witnesses it still wishes to depose not later than the completion of the Wang and/or Jue depositions.

You again ask for information regarding these persons without explaining what information you seek beyond that already provided.
Please explain so that we can respond to any reasonable query you may have.

Mr. Ranucci has a family member having surgery and associated follow up on the 27th and 28th.  Hopefully, we can address this by
agreement with LPL without input from the Special Master.  We will accede to your demand that the deposition of Ms. Liu go forward
on the 28th as scheduled.

Please let me know if we can reach agreement on these matters.


This e-mail message, including any attached documents, is intended only for use by the addressee(s) named herein and may contain
information which is privileged and/or confidential and may be an attorney-client communication and work product of counsel.  If you
are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or use of the contents of this e-
mail is strictly prohibited and may be a violation of law.  Please notify the sender by reply e-mail or telephone (302-658-9141) to
advise the sender of the error in transmission and permanently delete the message and any accompanying attachments from your
system and any printout thereof.

To ensure compliance with IRS requirements, we inform you that any tax advice contained in this communication is not intended or
written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting,
marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT 7

## Connor, Cormac

| | |
|---|---|
| **From:** | Connor, Cormac |
| **Sent:** | Friday, March 23, 2007 1:30 PM |
| **To:** | 'Tracy Roman'; Scott Miller |
| **Cc:** | Christenson, Cass; Klevens, Shari; HoV@GTLAW.com; HassidS@gtlaw.com; Gillie, Douglas; rkirk@bayardfirm.com; astitzer@bayardfirm.com; Bono, Gaspare; Ambrozy, Rel; Jeff Bove; James Heisman; Jaclyn M. Mason; Jill J. Herr; Manuel C. Nelson; Nancy Phillips; Julie Lorenzen; Kristen Rohrabaugh; cottrell@rlf.com; gaza@rlf.com; lees@rlf.com; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; BialasM@gtlaw.com; OhC@gtlaw.com; PouratianD@gtlaw.com; tranw@gtlaw.com |

**Subject:** RE: ViewSonic Depositions

OK.  Based on your confirmation that we will get the information that we seek by 9 am PST on March 28, we will agree to postpone the depositions of the Individual Witnesses until dates between April 23 and May 14.  We also understand that ViewSonic agrees to work with LPL reach a final schedule by March 30 and to submit that final schedule to the Special Master on March 30.


Cormac T. Connor

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756

email: cconnor@mckennalong.com


---

**From:** Tracy Roman [mailto:TRoman@raskinpeter.com]
**Sent:** Friday, March 23, 2007 11:03 AM
**To:** Connor, Cormac; Scott Miller
**Cc:** Christenson, Cass; Klevens, Shari; HoV@GTLAW.com; HassidS@gtlaw.com; Gillie, Douglas; rkirk@bayardfirm.com; astitzer@bayardfirm.com; Bono, Gaspare; Ambrozy, Rel; Jeff Bove; James Heisman; Jaclyn M. Mason; Jill J. Herr; Manuel C. Nelson; Nancy Phillips; Julie Lorenzen; Kristen Rohrabaugh; cottrell@rlf.com; gaza@rlf.com; lees@rlf.com; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; BialasM@gtlaw.com; OhC@gtlaw.com; PouratianD@gtlaw.com; tranw@gtlaw.com
**Subject:** RE: ViewSonic Depositions

Scott Miller has asked me to respond.  Because several of the Individual Witnesses are in Taiwan, and Mr. Miller needs his ViewSonic contact to participate in any call with those witnesses, he will not be able to communicate with them until Tuesday evening PST at the earliest.  Thus, he will provide you with any additional information by 9 a.m PST on Wednesday March 28.


Tracy R. Roman
Raskin Peter Rubin & Simon, LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel:  310.277.0010
Fax:  310.277.1980


---

**From:** Connor, Cormac [mailto:cconnor@mckennalong.com]

**Sent:** Fri 3/23/2007 7:58 AM
**To:** Scott Miller; Tracy Roman
**Cc:** Christenson, Cass; Klevens, Shari; HoV@GTLAW.com; HassidS@gtlaw.com; Gillie, Douglas; rkirk@bayardfirm.com; astitzer@bayardfirm.com; Bono, Gaspare; Ambrozy, Rel; Jeff Bove; James Heisman; Jaclyn M. Mason; Jill J. Herr; Manuel C. Nelson; Nancy Phillips; Julie Lorenzen; Kristen Rohrabaugh; cottrell@rlf.com; gaza@rlf.com; lees@rlf.com; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; BialasM@gtlaw.com; OhC@gtlaw.com; PouratianD@gtlaw.com; tranw@gtlaw.com
**Subject:** RE: ViewSonic Depositions

Scott:

Thank you for your email below.  We agree to postpone the depositions of Mr. Ranucci and Ms. Liu until consecutive dates in April, per your email.  As for the depositions of Ms. Wang and Mr. Jue, we cannot yet agree to limit Mr. Jue's deposition to a single day because there is still uncertainty as to whether ViewSonic has identified witnesses for each of LPL's Rule 30(b)(6) topics.  Further, we would like to schedule the depositions of David Lee, Ms. Wang and Mr. Jue as a group.  You said that you would need to confirm dates of availability for Ms. Wang and Mr. Jue, so we can discuss this matter further, but our preference is to schedule all three between April 23-26.

We cannot yet agree to postpone the depositions of the nine Individual Witnesses referenced in my email until we have confirmation from you that you will be able to confirm the types of information that each witness will testify about and whether or not ViewSonic intends to call that witness at trial.  You have finally agreed to provide this information, which we have been seeking for a long time, but now tell us that your contact is unavailable today and Monday.  We cannot wait until next Friday to have this information.  We will agree to give ViewSonic until Tuesday, March 27, to provide that information and then submit a final deposition schedule to the Special Master on March 30, but only if ViewSonic agrees to provide the information that we seek by 5:00 pm EST on March 27.  If ViewSonic agrees to this March 27 deadline, then LPL will agree to postpone the depositions of the Individual Witnesses to occur between April 23 and May 14, provided also that those new dates are set in a way that the witnesses are grouped based on the general subject-matter of their testimony.  However, absent such an agreement, LPL will proceed next week with the Individual Witness depositions as scheduled.

Please let us know ViewSonic's position as soon as possible so that we may confirm or cancel our arrangements with court reporters, videographers, etc.


Cormac T. Connor

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756
email: cconnor@mckennalong.com

-----Original Message-----
From: Scott Miller [mailto:SMiller@cblh.com]
Sent: Friday, March 23, 2007 9:05 AM
To: Connor, Cormac; troman@raskinpeter.com
Cc: Christenson, Cass; Klevens, Shari; HoV@GTLAW.com; HassidS@gtlaw.com; Gillie, Douglas; rkirk@bayardfirm.com; astitzer@bayardfirm.com; Bono, Gaspare; Ambrozy, Rel; Jeff Bove; James Heisman; Jaclyn M. Mason; Jill J. Herr; Manuel C. Nelson; Nancy Phillips; Julie Lorenzen; Kristen Rohrabaugh; cottrell@rlf.com; gaza@rlf.com; lees@rlf.com;

MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; BialasM@gtlaw.com;
OhC@gtlaw.com; PouratianD@gtlaw.com; tranw@gtlaw.com
Subject: RE: ViewSonic Depositions

Cormac:

As you know, I am tied up this week In the deposition of LPL in
Washington.  While I am working to respond to the entirety of your
email, it is not likely to be done by noon today.  I can commit that
ViewSonic will commit to reschedule both Ms Liu and Mr Ranucci to
consecutive dates in April.  I have a message that the dates you have
proposed for those two depositions are avaiable ,but I have not
specifically confirmed those dates wit the witnesses directly.  So,
while I expect those dates will work, I will need until Monday to
confirm them.  As for the depositions of Ms. Wang and Mr. Jue, the dates
were clear when we proposed them but again, I prefer to specifically
reconfirm the dates with the witnesses before we consider them "locked
in".  Please advise which of the two days listed for Mr. Jue you prefer,
as he is an English speaker that only requires 7 hours of testimony.  As
for the other witnesses, we will agree to provide you with information
of the type you seek, but will not be able to do so by Monday as I
leaned last night that my contact at ViewSonic for obtaining such
information is out today and Monday.  We will be able to have this
finalized by Friday as you suggest.

Please let me know if you need any further information today and I will
attempt to get it during a deposition break or after the deposition is
concluded for the day.

Scott.

This e-mail message, including any attached documents, is intended only
for use by the addressee(s) named herein and may contain information
which is privileged and/or confidential and may be an attorney-client
communication and work product of counsel.  If you are not the intended
recipient, you are hereby notified that any disclosure, copying,
distribution and/or use of the contents of this e-mail is strictly
prohibited and may be a violation of law.  Please notify the sender by
reply e-mail or telephone (302-658-9141) to advise the sender of the
error in transmission and permanently delete the message and any
accompanying attachments from your system and any printout thereof.

To ensure compliance with IRS requirements, we inform you that any tax
advice contained in this communication is not intended or written to be
used, and cannot be used, for the purpose of (1) avoiding penalties
under the Internal Revenue Code or (2) promoting, marketing or
recommending to another party any transaction or matter addressed
herein.

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

3/30/2007

RE: ViewSonic Depositions

# EXHIBIT 8

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

LOS ANGELES, CA

355 S. Grand Ave.
Suite 3150
Los Angeles, CA 90071
TEL: (213) 787 2500
FAX: (213) 687 0498
WEB: www.cblh.com

Scott R. Miller
Partner

TEL (213) 787-2510
EMAIL smiller@cblh.com

*Via Email and U.S. Mail*

March 28, 2007

Cormac T. Connor, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006-1108

Re:     *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
        **USDC Case No. 04-343 JJF**

Dear Cormac:

I write in response to your emails of last week regarding the ViewSonic depositions. As for scheduling depositions, to be clear, we understand that LPL is only permitted to depose these witnesses to the extent LPL still has time left in the limit set by the Court in the Scheduling Order. Please let me know if you have a different understanding as well as the basis for any contrary understanding.

ViewSonic confirms that Mr. Jue will be available to be deposed on April 24 and Ms. Wang will be available to be deposed on April 25. Ms. Liu will be available to be deposed on April 25 and Mr. Ranucci will be available to be deposed on April 26.

With regard to the persons you have identified as "individual witnesses" in your March 22 correspondence, ViewSonic provides the following general information regarding the types of information held by the persons identified: David Lee (technical information); Erik Willey (business and technical information); Gene Hsaio (technical information); Tony Huang (technical information); James Sung (technical information); Victoria Yip (business information); and Tuan Nguyen (primarily technical information). Also, we have learned that the Alex Huang we identified is no longer working for the company. Our inclusion of him in our February letter regarding additional witnesses was a mistake and we will not be calling him at trial. While ViewSonic does not know the type of nature of the information LPL intends to present at trial, ViewSonic does not presently plan to call any of these individuals as trial witnesses in this case. Were it to call a witness from this list, my guess is that the person most likely to be called would be Mr. Willey though, as indicated above, ViewSonic has no present plans to call Mr. Willey as a witness in this case.

11292.1

WILMINGTON, DE                    WASHINGTON, DC                    LOS ANGELES, CA

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Cormac T. Connor, Esq.
March 28, 2007
Page 2

Of the persons you have identified as the "individual witnesses," Messrs. Lee, Hsaio, Huang and Sung are all located in Taiwan. The agreement between the parties was that each defendant would agree to bring a reasonable number (2-3 max) of persons to the United States to testify, with the understanding that if LPL wanted to depose more than a few Taiwan-based witnesses from any defendant, the depositions would proceed in Taiwan rather than forcing the defendant to incur all of the costs associated with requiring a substantial number of witnesses to travel to the United States. Thus, if LPL intends to proceed with depositions on all four of these Taiwan-based persons, we will need to discuss scheduling these depositions in Taiwan. As for availability of these individuals, we have confirmed that Mr. Lee is available between May 7- 14 and are continuing to seek to confirm that all of Messrs. Hsaio, Huang and Sung can also each be available for deposition between May 7 and May 14, 2007. Mr. Nguyen is available for deposition on May 3, Mr. Willey is available May 4, and Ms. Yip is available May 7. I hope to report to you further on this later today. As our efforts above indicate, ViewSonic will work with LPL to schedule the depositions of the persons selected by LPL on adjacent days to the extent witness availability will allow and absent some unforeseen intervening circumstance. To make this efficient, LPL must advise ViewSonic at the earliest date possible (and certainly not later than the close of business on April 25) which, if any, of the Taiwan-based witnesses LPL wishes to depose.

Finally, your correspondence raises two other issues that merit comment at this time. First, you indicate that you are not in a position to agree to limit the deposition of Mr. Jue to one seven hour day. There is no need for an agreement as the Court has ruled on this matter. Second, as we have advised you in the past, your deposition notice directed to ViewSonic's former employee Mike Zapka (or his successor) is improper under the Rules. Please confirm that you will withdraw the notice. Failing that, ViewSonic will have no choice but to bring this improper notice to the attention of the Special Master and request relief.

Sincerely,

Scott R. Miller

Scott R. Miller


cc:     All Counsel (via email)


11292.1

# EXHIBIT 9

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

CORMAC T. CONNOR
(202) 496-7439

EMAIL ADDRESS
cconnor@mckennalong.com

March 29, 2007

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071
smiller@cblh.com

Re:    *LG.Philips LCD Co., Ltd. v. Tatung, et al.*;
       *Civil Action No. 04-343 (JJF)*

Dear Scott:

In response to your March 28 letter, we still need to reach agreement on deposition dates. As we discussed last week, a condition to our agreement to postpone the depositions set for last week was your agreement - which you provided - to work with LPL to set dates for each witness and to submit a final schedule to the Special Master by March 30.

We agree to set the depositions of Mr. Jue, Ms. Wang, Mr. Ranucci and Ms. Liu on the dates set forth in your letter. All depositions will be held at MLA's offices in Los Angeles.

You have confirmed that Alex Huang will not be called at trial. Therefore, LPL will not proceed with the deposition of Alex Huang at this time. You have also stated that ViewSonic does not *intend* to call any of the other witnesses at trial. We need confirmation from you, as you agreed to provide, so that we can determine whether to cancel any other depositions of the witnesses that have been noticed. To that end, contrary to your assertions, none of the parties agreed to hold any of ViewSonic's depositions in Taiwan. In fact, except for Mr. Nguyen's notice, which was served on March 20, LPL served all of the relevant deposition notices on March 9, 2007. As you know, all of those notices, including Mr. Nguyen's, set the depositions to occur at McKenna Long & Aldridge LLP's ("McKenna") offices in Los Angeles, which was and still is consistent with the parties' actual agreement. ViewSonic never once objected to the location of any of these depositions. Only now, having first secured LPL's agreement to postpone the deposition dates, do you assert that four of these witnesses can only be deposed in Taiwan. To be clear, we must have by close of business today ViewSonic's agreement to produce every one of the noticed witnesses at McKenna's offices in Los Angeles (assuming that

Scott R. Miller, Esq.
March 29, 2007
Page 2

ViewSonic may call them as trial witnesses), or we will present this matter to the Special Master tomorrow.

As for the notice to Mr. Zapka or his successor, we have repeatedly asked for you to provide last-known address information for Mr. Zapka and to identify Mr. Zapka's successor. You have not provided any of this information. LPL will only agree not to proceed with this deposition if ViewSonic will either confirm that Mr. Zapka's successor or successors have no knowledge about the issues in this case and provide Mr. Zapka's last-known address. Otherwise, LPL will proceed and raise this issue with the Special Master tomorrow, if necessary.

LPL proposes the following schedule, with all depositions to occur at McKenna's offices in Los Angeles and begin at the times set forth in the deposition notices. With the exception only of Ms. Yip, we have proposed dates that match or fall within the ranges provided in your letter:

Mr. Jue - April 24

Ms. Wang - April 25

Ms. Liu - April 25

Mr. Ranucci - April 26

Ms. Yip (busi.) - April 27

Mr. Zapka (or successor) - May 2

Mr. Nguyen (tech.) - May 3

Mr. Willey (busi./tech) - May 4

Mr. Lee (tech.) - May 8

Mr. Hsiao (tech.) - May 9

Mr. T. Huang (tech.) - May 10

Mr. Sung (tech.) - May 11

Scott R. Miller, Esq.
March 29, 2007
Page 3

      Please let us know today by your close of business whether ViewSonic agrees to this schedule. Otherwise, LPL will seek expedited relief from the Special Master.

Sincerely,

Cormac T. Connor

cc:    Jill Herr, Esq. (via email)
        Jaclyn M. Mason, Esq. (via email)
        James Heisman, Esq. (via email)
        Jeffrey Bove, Esq. (via email)
        Manual Nelson, Esq. (via email)
        Tracy Roman, Esq. (via email)

DC 50469630 1

# EXHIBIT 10



# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

LOS ANGELES, CA

355 S. Grand Ave.
Suite 3150
Los Angeles, CA 90071
TEL: (213) 787 2500
FAX: (213) 687 0498
WEB: www.cblh.com

Scott R. Miller
Partner

TEL (213) 787-2510
EMAIL smiller@cblh.com

*Via Email and U.S. Mail*

March 29, 2007

Cormac T. Connor, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006-1108

> **Re:** *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
> **USDC Case No. 04-343 JJF**

Dear Cormac:

In response to your letter of today, needless to say we disagree with your contention regarding the location of foreign-based witnesses. Nonetheless, this issue seems, at best, premature for presentation to the Special Master, particularly since, to my knowledge, there has been no full discussion of this issue between Delaware counsel as we understand is required by the Special Master before any party files motions to compel. Indeed, it is simply not possible for such a discussion to have taken place since prior to your letter of today, LPL had repeatedly advised ViewSonic that, while it had noticed these depositions, it did not expect to actually follow through and take these depositions. Based on your letter of today, we will consult with our Delaware counsel on this issue so that they are prepared to participate in any such conference to appropriately ascertain whether this is an issue which needs to be presented to the Special Master at some point in the future.

As for Mr. Zapka, I believe we have already provided this information to LPL but will do so again. At the time of his departure from ViewSonic's employ, Mr. Zapka advised the company that he had taken a position with Texas Instruments in Plano, Texas. We assume this resolves this issue and that LPL will withdraw its ill-conceived deposition notice, thus bringing this issue to an end.

Sincerely,

Scott R. Miller

cc:    All Counsel (via email)

11350.1

WILMINGTON, DE                    WASHINGTON, DC                    LOS ANGELES, CA

# EXHIBIT 11

## Connor, Cormac

| | |
|---|---|
| **From:** | Connor, Cormac |
| **Sent:** | Friday, March 30, 2007 12:20 PM |
| **To:** | Scott Miller |
| **Cc:** | Ashley Stitzer; Anne Gaza; BialasM@gtlaw.com; Christenson, Cass; Ambrozy, Rel; Richard D. Kirk; Frank Merideth; cottrell@rlf.com; Bono, Gaspare; Steve P. Hassid; Jaclyn M. Mason; James Heisman; Jeff Bove; Jill J. Herr; Julie Lorenzen; Kristen Rohrabaugh; Cynthia Lees; Brzezynski, Lora; Manuel C. Nelson; OhC@gtlaw.com; PouratianD@gtlaw.com; Klevens, Shari; Scott Miller; Tracy Roman; Valerie Ho |

**Subject:** RE: LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.

Dear Scott:

Your attached letter of March 29 continues ViewSonic's refusal to cooperate with LPL to finalize a schedule for ViewSonic's remaining witnesses. Because ViewSonic identified most of these witnesses late in discovery, you informed us and the Special Master that ViewSonic would work with LPL to accommodate scheduling depositions for each witness. LPL then served its deposition notices which, consistent with the parties' agreement, noticed every ViewSonic deposition for Los Angeles. You waited to raise any objection to the location of these depositions until after LPL agreed to postpone them. A condition of that agreement was ViewSonic's prior and express agreement to work with LPL to finalize a deposition schedule for all witnesses by today. ViewSonic is breaching that agreement.

Additionally, LPL has informed you that, assuming it obtains information that it needs from other witnesses, then it may elect to cancel some of the remaining depositions. However, just as, with one exception, you have not taken a firm position as to whether ViewSonic will call each of these witnesses at trial, LPL cannot yet make a firm commitment as to whether it will need to depose every witness. Thus, LPL must proceed with the depositions it has noticed but remains willing to not proceed with certain depositions depending how initial depositions transpire. Until then, ViewSonic may operate under the assumption that LPL intends to depose every witness that ViewSonic has identified as a potential trial witness. You agreed to let us know by earlier this week whether ViewSonic would not call any of these witnesses at trial, and depending on your position we may be able to avoid depositions, but we need a firm response from you.

By 2:00 pm EST today, ViewSonic must either accept the proposed schedule that I sent yesterday (and about which I left voice messages yesterday for both you and Ms. Roman) or coordinate with LPL to reach agreement on an alternative schedule , for depositions at our LA office. Otherwise, LPL will ask the Special Master to order ViewSonic's to appear on the dates and at the places specified in my letter to you of yesterday. If LPL is forced to make such a submission, LPL reserves the right to request an award of costs and fees. For your convenience, LPL's proposed schedule is listed again below:

Mr. Jue - April 24
Ms. Wang - April 25
Ms. Liu - April 25
Mr. Ranucci - April 26
Ms. Yip (busi.) - April 27
Mr. Zapka (or successor) - May 2
Mr. Nguyen (tech.) - May 3
Mr. Willey (busi./tech) - May 4
Mr. Lee (tech.) - May 8
Mr. Hsiao (tech.) - May 9
Mr. T. Huang (tech.) - May 10
Mr. Sung (tech.) - May 11

We look forward to receiving your prompt response.


Cormac T. Connor

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756

email: cconnor@mckennalong.com

---

**From:** Nancy Phillips [mailto:NPhillips@cblh.com]
**Sent:** Thursday, March 29, 2007 9:26 PM
**To:** Connor, Cormac
**Cc:** Ashley Stitzer; Anne Gaza; BialasM@gtlaw.com; Christenson, Cass; Ambrozy, Rel; Richard D. Kirk; Frank Merideth; cottrell@rlf.com; Bono, Gaspare; Steve P. Hassid; Jaclyn M. Mason; James Heisman; Jeff Bove; Jill J. Herr; Julie Lorenzen; Kristen Rohrabaugh; Cynthia Lees; Brzezynski, Lora; Manuel C. Nelson; OhC@gtlaw.com; PouratianD@gtlaw.com; Klevens, Shari; Scott Miller; Tracy Roman; Valerie Ho
**Subject:** LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.

Mr. Connor,

Please see the attached letter.

Nancy J. Phillips
Assistant to Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071-1560
Telephone:  213-787-2517
Facsimile:  213-687-0498
nphillips@cblh.com

This e-mail message, including any attached documents, is intended only for use by the addressee(s) named herein and may contain information which is privileged and/or confidential and may be an attorney-client communication and work product of counsel. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or use of the contents of this e-mail is strictly prohibited and may be a violation of law. Please notify the sender by reply e-mail or telephone (302-658-9141) to advise the sender of the error in transmission and permanently delete the message and any accompanying attachments from your system and any printout thereof.

To ensure compliance with IRS requirements, we inform you that any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.