IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) Civil Action No. 04-343 (JJF) | |
| ) | |
| TATUNG COMPANY; ) | |
| TATUNG COMPANY OF AMERICA, INC.; ) | |
| and VIEWSONIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS TATUNG COMPANY AND TATUNG COMPANY OF AMERICA'S CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.1.1 REGARDING MOTIONS TO COMPEL DISCOVERY FROM PLAINTIFF LG.PHILIPS LCD CO., LTD.**

I hereby certify that counsel for Defendants Tatung Company and Tatung Company of America (collectively, "Tatung") attempted in good faith to resolve the issues presented in Tatung's two March 30, 2007 motions regarding document production and Tatung's inspection of monitors LG.Philips LCD Co., LTD. ("LPL") has in its possession, custody or control. Counsel for Tatung attempted in good faith to resolve matters regarding LPL's document production beginning with a letter on November 10, 2006 that identified specific Tatung document requests and requested a conference of counsel. The parties met and conferred regarding the requests on November 20, 2006 and, by letter dated November 27, 2007, Tatung offered to substantially limit those requests in an effort to resolve the pending dispute. Tatung did not receive any response to its proposed limitations.

Counsel for Tatung sent two letters on March 15, 2007 regarding the subject of the motions Tatung filed on March 30, 2007. One letter identified numerous Tatung documents requests for which Tatung had received little to no responsive documents and requested a

meeting of counsel. Among other things, Tatung specifically requested that LPL indicate for each request whether all non-privileged responsive documents had been produced. After numerous requests for a meet and confer on these issues, counsel for LPL responded on March 19, 2007, demanding, among other things, a list of categories identifying LPL's document production deficiencies. In an effort to resolve the dispute, counsel for Tatung sent a letter on March 21, 2007 that included a non-exhaustive list of 39 categories identifying the numerous deficiencies in LPL's production. Counsel for LPL responded on March 22, 2007 again claiming that Tatung's letter did not sufficiently identify the requests in dispute. On March 27, 2007, counsel for Tatung responded to LPL's March 22, 2007 letter in which they asked LPL not to further delay the conference of counsel.

The second letter to counsel for LPL sent on March 15, 2007 requested that LPL provide mutually convenient dates for inspection of the Tatung monitors LPL had in its possession, custody or control. LPL responded on March 19, 2007 stating that Tatung's request for inspection was intended only for "harassment" and "to probe into LPL's attorney's thought processes and mental impressions." Tatung's counsel then sent a letter on March 21, 2007 addressing LPL's concerns and indicating that Tatung was entitled to inspect the requested monitors to, among other things, confirm that they are made by Tatung and to conduct its own analysis regarding the products. Additionally, the letter clarified that LPL's work product was not as issue because Tatung was not asking LPL or its attorneys to do anything at the inspection as Tatung and/or its experts would disassemble and re-assemble the monitors.

The parties met and conferred regarding the items raised in the March 15, 2007 letters on March 27-30. On March 27, the parties first discussed Tatung's request to inspect the alleged Tatung monitors in LPL's possession, custody or control. LPL offered to provide serial numbers for those monitors, but continued to refuse to make them available for inspection. Counsel for

RLF1-3134357-1

Tatung clarified, during the conference and in a subsequent email, why providing serial numbers would not suffice. On March 30, LPL for the first time offered to provide unspecified photographs of the products in its possession. In an email, Tatung explained why providing unspecified photographs would not be sufficient.

One March 27-30, the parties also discussed the various production deficiencies Tatung raised about LPL's document production in its March 15, 2007 letters and some of the requests raised in its letter of November 10, 2006. During the three day meet and confer, counsel for LPL was equivocal and would not confirm 1) whether LPL has performed a diligent search for all responsive documents; 2) whether LPL has produced all responsive documents; 3) what types of documents LPL is withholding based on its numerous boilerplate objections; and 4) whether responsive documents even exist. Counsel for LPL would not agree to produce all non-privileged responsive documents for any of the requests notwithstanding Tatung's offer to narrow the requests. Instead, counsel for LPL indicated that they would have to check with their client and the rest of their team and get back to counsel for Tatung. When asked for a specific date by which they would do so, counsel for LPL could not provide a specific date. Accordingly, no material disputes were resolved and the parties eventually agreed to disagree regarding LPL's production in response to the document requests raised in Tatung's November 10, 2006 and March 15, 2007 letters.

Despite Tatung's good faith efforts, the parties have not been able to resolve their disputes, and Tatung therefore submitted its motions by the March 30, 2007 deadline for consideration by the Special Master.

|  |  |
|---|---|
| Of Counsel:<br>Christopher Darrow<br>Mark H. Krietzman<br>Frank E. Merideth, Jr.<br>Alan R. Maler<br>Greenberg Traurig LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA 90404<br>Telephone: 310-586-7700<br><br>Kathryn L. Clune<br>Greenberg Traurig LLP<br>800 Connecticut Avenue, N.W., Suite 500<br>Washington, DC 20006<br><br>Dated: April 2, 2007 | *(signature)*<br>Frederick L. Cottrell, III (#2555)<br>Anne Shea Gaza (#4093)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, Delaware 19899<br>(302) 651-7700<br>cottrell@rlf.com<br>gaza@rlf.com<br>  *Attorneys for Defendants Tatung Company*<br>  *and Tatung Company of America Inc.* |

RLF1-3134357-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2007 I caused to be served by electronic mail the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Jeffrey B. Bove, Esquire
James Heisman, Esquire
Jaclyn M. Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I hereby certify that on April 2, 2007 I caused to be sent the foregoing document to the following non-registered participants in the manner indicated below:

**VIA ELECTRONIC MAIL**
Gaspare J. Bono, Esquire
Rel S. Ambrozy, Esquire
Lora A. Brzezynski, Esquire
Cass W. Christenson, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

**VIA ELECTRONIC MAIL**
Tracy R. Roman, Esquire
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

**VIA ELECTRONIC MAIL**
Scott R. Miller, Esquire
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Anne Shea Gaza (#4093)
Gaza@rlf.com

RLF1-2967131-1