

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

**James D. Heisman**
Partner
TEL (302) 888-6216
EMAIL jheisman@cblh.com

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

April 9, 2007

*Via Email and Hand-Delivery*
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
USDC Case No. 04-343 JJF

Dear Special Master Poppiti:

LPL's motion to compel a deposition schedule for the remaining ViewSonic witnesses is surprising. ViewSonic was under the distinct impression that all issues were being resolved informally. In fact, ViewSonic provided dates for <u>all</u> of the witnesses identified in the motion and also notified LPL's counsel that any motion on this issue would be premature. *See* LPL's 7.1.1 Cert., Ex. 8 & 10. LPL admits that an informal resolution is still being worked out between the parties. *See* LPL's Motion at p. 3. The motion should be dismissed for that reason alone.

Although LPL does not say so, the only issue seems to be whether four witnesses based in Taiwan must be brought to Los Angeles for deposition. The motion identifies 12 witnesses with dates to be compelled for deposition. Just so the issue is clear, ViewSonic is not aware that any dispute exists regarding Mr. Jue, Ms. Wang, Ms. Liu, or Mr. Ranucci. The dates in the motion are the dates ViewSonic provided to LPL. *See* LPL's 7.1.1 Cert., Ex. 8.

Mr. Jue and Ms. Wang were originally scheduled to be deposed on March 13 and 24, respectively. But when ViewSonic pointed out that the issue of OEM documents remained open, LPL agreed to reschedule his deposition for April for reasons of efficiency. LPL's counsel then requested that ViewSonic postpone the deposition of Ms. Wang as a courtesy to counsel who had traveled from D.C. Naturally, ViewSonic's counsel agreed. *See* Ex. A. Immediately thereafter, LPL's counsel also requested that ViewSonic agree to postpone the depositions of eight other witnesses whose depositions were noticed on March 9 to take place the last week of March.[1] *See* Ex. B. ViewSonic agreed to this request provided that LPL would agree to postpone ViewSonic's remaining two witnesses (Ms. Liu and Mr. Ranucci) until the same time period for efficiency purposes. LPL reluctantly agreed. Accordingly, ViewSonic provided LPL with the following dates for each of its remaining witnesses:

---

[1] Those witnesses are Ms. Yip, Mr. Nguyen, Mr. Willey, Mr. Lee, Mr. Hsiao, Mr. T. Huang, Mr. Sung, and Mr. Zapka.


**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
April 9, 2007
Page 2

| | | |
|---|---|---|
| Mr. Jue – April 24 | Mr. Nguyen – May 3 | Mr. Hsiao – May 7-14 |
| Ms. Wang – April 25 | Mr. Willey – May 4 | Mr. T. Huang – May 7-14 |
| Ms. Liu – April 25 | Ms. Hip – May 7 | Mr. Sung – May 7-14 |
| Mr. Ranucci – April 26 | Mr. Lee – May 7-14 | |

    Because Mssrs. Lee, Hsiao, Huang, and Sung are in Taiwan, ViewSonic requested their depositions be taken in Taiwan. These four Taiwanese witnesses are part of the newly-noticed witnesses. They were added to ViewSonic's Initial Disclosures on February 15, 2007, solely because LPL amended its Interrogatory Response to accuse new products of infringement. *See* LPL's 7.1.1 Cert., Ex. 2 at 85:17-86:11. These individuals have knowledge about one or more of those newly accused products. Rather than praising ViewSonic for abiding by its obligations to supplement disclosures, LPL would have the Special Master believe that some nefarious conduct has occurred. That is simply not the case. Indeed, it is precisely because ViewSonic takes its discovery obligations seriously that ViewSonic agreed to accommodate LPL's request to postpone the depositions of these witnesses to some time in April. *See* LPL's 7.1.1 Cert., Ex. 6, p.1 & Ex. 8.

    ViewSonic has secured dates for the Taiwanese witnesses and for Ms. Liu and Ms. Yip, despite LPL stating that it does not know whether it even intends to depose them. *See* LPL's 7.1.1 Cert., Ex. 6, p.2., Ex. 10, & Ex. 11. LPL argues that its decision to depose these witnesses depends on whether ViewSonic will call them at trial. ViewSonic has told LPL that, "While ViewSonic does not know the type of nature of the information LPL intends to present at trial, ViewSonic does not presently plan to call any of these individuals as trial witnesses in this case. Were it to call a witness from this list, my guess is that the person most likely to be called would be Mr. Willey though, as indicated above, ViewSonic has no present plans to call Mr. Willey as a witness." *See* LPL's 7.1.1 Cert., Ex. 8, p.1. LPL complained that this representation was insufficient, yet it is as firm a representation as LPL made to Your Honor and ViewSonic to secure ViewSonic's agreement not to depose Mr. Ho Lee, to wit: LPL "does not *intend* to call Mr. Lee as part of its case at trial." *See* Ex. C. The truth is, LPL's decision whether to depose these witnesses has nothing to do with whether ViewSonic will call them at trial. Rather, LPL will base its decision on whether it gets the information it needs from Mr. Jue and Ms. Wang. *See* LPL's 7.1.1 Cert., Ex. 6, p.1. That is why LPL insists upon waiting until after their depositions in April before it will tell ViewSonic if it will depose these other witnesses. *See* LPL's 7.1.1 Cert., Ex. 6, p.1.

    The significance of this delay cannot be understated. ViewSonic has made great efforts to schedule these depositions. Now LPL wants the Special Master to order ViewSonic to bear the additional burden of bringing these witnesses from Taiwan before LPL even commits to taking their deposition. As the Court knows, it is a difficult process to secure visas and

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
April 9, 2007
Page 3

coordinate travel. Furthermore, it means ViewSonic must expend the time and cost to prepare these witnesses for depositions that LPL might not take.[2]

LPL's argument that ViewSonic previously agreed its witnesses would be deposed in Los Angeles suffers from one simple flaw. That agreement – made January 11, 2007 – related to the witnesses that LPL had already noticed for deposition, none of whom were in Taiwan. *See* LPL's 7.1.1 Cert., Ex. 4. Location simply was not an issue then. As such, that agreement cannot be interpreted as applying to several later-noticed Taiwanese witnesses. And even if it could, the burden LPL seeks to impose on ViewSonic to bring these witnesses to the United States far outweighs any benefit to LPL, who will not even decide if it wants to depose these witnesses.

The last witness in LPL's motion is Mr. Zapka who is no longer employed by ViewSonic. He provided a declaration in this case on September 10, 2004 regarding the ViewSonic VPA 138 and VP140, which products are potential prior art to the asserted patents. During 1997-98 he was a product engineer responsible for these products. As such, he had general personal knowledge about their structure and the time periods when they were sold. These products were first sold in 1997, with the last version of the VPA138 sold in 2001 and the last version of the VP140 sold in 2004. Because ViewSonic no longer sells these products, no supposed successor to Mr. Zapka will have the personal knowledge he had about the products. Mr. Zapka was identified in ViewSonic's original Initial Disclosure in July 2005. After LPL noticed his deposition in December 2006, ViewSonic promptly notified LPL that he was no longer an employee. On February 15, 2007, ViewSonic also explained to LPL that Mr. Zapka held many positions while at ViewSonic, and thus, many people took over his responsibilities. *See* LPL's 7.1.1 Cert., Ex. 1. Those people were all identified in that February 15th letter, as well as in ViewSonic's Supplemental Initial Disclosures, and have also been offered for deposition. *See id*; *see also*, LPL's 7.1.1 Cert., Ex. 2 at 88:5-17. Notwithstanding the above, LPL served the disputed notice to "Mike Zapka or his successor" without further identification. Put simply, LPL should have subpoenaed Mike Zapka to obtain his testimony.

In sum, ViewSonic respectfully requests that the Court either dismiss this motion as premature because LPL admits it did not complete the meet and confer process, or in the alternative, confirm the dates for deposition ViewSonic offered for these witnesses and order that the depositions of the Taiwanese witnesses be taken in Taiwan. Should the Court instead order that these witnesses be deposed in Los Angeles, ViewSonic respectfully requests that ViewSonic be given leave to file any necessary sanctions motions, should, for example, LPL decide not to depose these witnesses after their flights have been secured.

---

[2] ViewSonic can only hope that if LPL decides at the last minute not to depose these witnesses, the Special Master will award ViewSonic its costs incurred in securing the Taiwanese witnesses' travel to Los Angeles, as well as the attorneys' fees ViewSonic spent in unnecessarily preparing each of these six witnesses for deposition.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
April 9, 2007
Page 4

                                        Respectfully submitted,

                                        */s/ James D. Heisman*

                                        James D. Heisman

cc:     Gaspare J. Bono, Esq.
         Cass W. Christenson, Esq.
         Rel S. Ambrozy, Esq.
         Lora A. Brzezynski, Esq.
         Cormac T. Connor, Esq.
         Richard D. Kirk, Esq.
         Ashley B. Stitzer, Esq.
         Mark H. Krietzman, Esq.
         Valerie W. Ho, Esq.
         Steve P. Hassid, Esq.
         Anne Shea Gaza, Esq.
         Frederick L. Cottrell III, Esq.
         Tracy R. Roman, Esq.
         Jeffrey B. Bove, Esq.
         Jaclyn M. Mason, Esq.
         James D. Heisman, Esq.
         531832/70104*4