# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. Box 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

April 9, 2007

**FILED ELECTRONICALLY**

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

    Re: *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

    This is Plaintiff LG.Philips LCD Co., Ltd.'s ("LPL") response to Defendants Tatung Company's and Tatung Company of America, Inc.'s (collectively, "Tatung") March 30, 2007 motion to compel LPL to produce documents (the "Motion"). Tatung's Motion raises issues that LPL had addressed months ago or that Tatung never previously asserted until just before filing its motion. Tatung has unfairly ignored LPL's prior communications, LPL's document productions and prior discovery motions and hearings, in asserting its Motion. As specified below, only a few of the Requests listed in the Motion are even arguably at issue, but, because Tatung failed to satisfy its meet-and-confer obligations about any of the Requests raised in its Motion, the Motion should be denied. (*See generally* LPL's Resp. to Tatung's L.R. 7.1.1 Cert. (hereinafter "LR 7.1.1 Response").)[1]

    LPL has produced the documents that it understands to be responsive to at least Tatung's Requests 5, 6, 8-10, 12, 15, 36, 37, 39, 41, 44-47, 49, 54-56, 58, 59, 65, 66, 72, 74, 76, 84, 114, 135-37, 139 and 151. (*See* Ex. Z at 1.) In some cases, as Tatung knows, LPL has no documents (*e.g.*, because LPL does not make finished flat panel display products). (*See, e.g.*, LR 7.1.1 Resp. at 11 (reviewing Reqs. 42, 80, 118-20 and 122).) Requests 67, 72, 108, 112-13, 135, 136, 139 and 150 are addressed by LPL's prior correspondence from 2006. (*See id.* at 5-8.) Any issues pertaining Requests 65-67, 69, 70, 72, 84, 114-16, 118-20, 122, 124, 135-37, 139 and 150-52 were all addressed in prior hearings or are the subject of fully-briefed, pending motions because all of these Requests mirror Requests made by ViewSonic. (*See id.* at 8-11.) The only Requests, therefore, as to which there appear to be potential disputes are Requests 48, 52, 53, 64, 79, 80, 88 and 96 (the "Disputed Requests") and Tatung has not timely raised these issues. Further, the Disputed Requests are burdensome, not relevant, and are not reasonably calculated to lead to discovery of admissible evidence. In short, Tatung's efforts to cast aspersions on

---

[1] All Exhibits referenced herein are attached to LPL's LR 7.1.1 Response, which was submitted contemporaneously.

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
April 9, 2007
Page 2

LPL's document productions through Sections A and B of the Motion are without merit, the discovery Tatung seeks through the Disputed Requests is improper, and Tatung's Motion should be denied.

Tatung's Motion ignores the facts that LPL has already produced all available documents for almost all of the Requests and that many of the disputed issues were previously resolved with Tatung or through prior discovery motions. Nonetheless, between March 27 and 29, 2007, the parties spent more than 8.5 hours discussing Tatung's Document Requests.[2] (*See* LR 7.1.1 Resp.) During those discussions, LPL repeatedly informed Tatung that it had performed good faith, diligent searches for documents responsive to Tatung's Requests. LPL has already produced all responsive, non-privileged documents, except for the few Requests for which documents were not produced based on LPL's objections. (*See* Ex. X.) Without allowing LPL's counsel time to reconfirm that LPL had no further documents to produce, as was believed, Tatung prematurely filed a motion to compel. Tatung should not be rewarded for filing a motion after waiting until just before the close of discovery to raise 160 document requests and failing to allow for a meaningful attempt to identify and resolve any actual disputes.[3] *See, e.g., Celegene Corp. v. Centocor Corp.*, 2006 WL 305431, Civ. A. 03-5978, *1-*2 (E.D. Pa. 2006) (denying motion to compel where moving party was aware of alleged disputes months before motion filed); *JOM, Inc. v. Adell Plastics, Inc.*, 193 F.3d 47, 51 (1st Cir. 1999) (motion to compel denied as untimely where it appeared that moving party's delay in filing motion suggested that it had been improperly withheld to try to gain strategic advantage); *Buttler v. Benson*, 193 F.R.D. 664 (D. Colo. 2000) (same).

Section C of the Motion addresses documents that are broadly related to the Patents-in-Suit. LPL has already produced its documents, including, for example, its patent prosecution files, documents regarding the invention, patent files related to foreign counterpart patents and even McKenna Long & Aldridge LLP's own patent prosecution files. Additionally, by asserting Requests 136, 137 and 139, Tatung tries to resuscitate a dispute that was already resolved during the December 28, 2006 hearing, when LPL and ViewSonic discussed nearly identical requests submitted by ViewSonic's motion to compel technical documents. (*See* LR 7.1.1 Resp. at 8-11.) Tatung never voiced any concerns about its own parallel requests during that hearing and, furthermore, per Your Honor's order, LPL produced documents responsive to ViewSonic's and Tatung's parallel Requests months ago. LPL has produced its documents related to the patents and the corresponding invention.

---

[2] LPL filed its formal responses and objections to Tatung's first two sets of Document Requests in October 2005 and July 2006, respectively. Between August and December 2006, LPL addressed the only Document Request issues that Tatung raised. However, during the parties' negotiations on March 27-29, 2007, it became clear that Tatung had not reviewed LPL's prior communications concerning many of the requests. LPL reminded Tatung of at least four different letters from 2006, each of which responded to specific issues that Tatung raised. (*See* Exs. M, N, P & Q.) These letters addressed issues regarding Requests 67, 72, 108, 112-13, 135, 136, 139 and 150. Yet, Tatung's Motion disregards the parties' prior negotiations, to which Tatung had not previously responded.

[3] Even though Tatung's attempt to address LPL's document production ignored prior discussions, discovery motions, hearings, and agreements, LPL's counsel agreed to review the record and to confirm yet again that LPL has produced all appropriate documents. In general, as LPL repeatedly informed Tatung during their negotiations, if no responsive documents were produced, it is most likely because no responsive, non-privileged documents exist.

656696-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
April 9, 2007
Page 3

In Section D of the Motion, Tatung incorrectly claims that its Requests seek documents that relate to modules and finished products such as the 500LC, which was a monitor made by non-party LG Electronics, Inc. ("LGE"). LPL does not have documents regarding finished products such as the 500LC. Moreover, Tatung's counsel incorrectly stated in the meet and confer that such documents are responsive to Requests 42, 80, 118-20 and 122, but these Requests seek discovery only on finished products like monitors, they do ***not*** seek discovery on LPL's modules. Similarly, the Requests cited in the Motion relate to the invention claimed by the Patents-in-Suit and/or to finished products, not modules, and modules alone do not practice the patented invention. (*See* LPL's Feb. 23, 2007 Resp., 2-3.) Furthermore, Tatung previously contended that the issues and Requests raised in Section D of the Motion are encompassed by ViewSonic's February 16 Motion, which has been fully briefed and argued. (*See* Ex. V, Mar. 23, 2007 Hr'g Tr. at 73:1-21) (Tatung's counsel stating that its concerns about these issues all are covered by ViewSonic's pending motion).)

Section E of the Motion is focused on documents in LPL's possession that pertain to Tatung's accused products. LPL has already produced any such documents. LPL asked if Tatung's Requests also extend to any documents that Tatung produced to LPL in other cases which relate to accused products in this case but that have not been produced in this case. Tatung said that its Requests would only apply to such documents if LPL used them make infringement decisions in this case. (*See* Ex. Y at Req. 56.) Assuming that any documents regarding Tatung products were produced in other cases, LPL did not use those documents to make infringement allegations here. There is no basis to compel any further production.

Regarding Section F, LPL already produced appropriate discovery. Tatung's Requests ignore LPL's over-inclusive production of license agreements, which were produced to Tatung on September 18, 2006. Further, many of the Requests listed in this Section were addressed in LPL's 2006 letters. (*See* LR 7.1.1 Resp. at 5-8.) In those unanswered letters, LPL clearly informed Tatung months ago that LPL would produce documents subject to its objections, but that LPL would not produce irrelevant documents regarding LPL's business agreements, supply chain, etc. (*See* Exs. M, N, P & Q.) Because Tatung never responded, LPL understood these issues either to have been resolved or – because Tatung has deposed LPL's witnesses on reasonable royalty issues – to be moot. Now, contrary to the Special Master's determination that discovery should not include irrelevant customer and business information, (*see* Report & Recomms. (Mar. 30, 2007)), and Tatung's own objections to producing such discovery, Tatung is asking for irrelevant information about LPL's business and business relationships.

In addition to producing all license agreements, LPL has produced comprehensive summaries of sales and cost information for all of its products for the period 2000-2006. LPL has produced discovery relating to damages and reasonable royalty amounts. Tatung's Request for royalty payment information is meritless. While some of LPL's license agreements broadly license multiple patents, including the Patents-in-Suit, the only potential relevance of those agreements pertains to the effort to derive a reasonable royalty rate and amount. The agreements include the royalty information that may be relevant. Customer information and evidence of any actual royalty payments paid under those agreements is irrelevant because such information relates to the performance of LPL's agreements, not to the determination of the royalty rate set in the agreement. Indeed, Tatung has refused to produce this same type of discovery to LPL.

656696-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
April 9, 2007
Page 4

Respectfully submitted,

/s/ Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

656696-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on April 9, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

| | |
|---|---|
| Jeffrey B Bove, Esq.<br>Jaclyn M. Mason, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899-2207 | Frederick L. Cottrell, III, Esq.<br>Anne Shea Gaza, Esq.<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 |

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on April 9, 2007, and will be sent by hand on April 9, 2007, and were sent by email on April 9, 2007, and will be sent by first class mail on April 9, 2007, to the following non-registered participants:

| | |
|---|---|
| Scott R. Miller, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>355 South Grand Avenue<br>Suite 3150<br>Los Angeles, CA 90071 | Valerie Ho, Esq.<br>Mark H. Krietzman, Esq.<br>Frank C. Merideth, Jr., Esq.<br>Greenberg Traurig LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA 90404 |
| Tracy Roman, Esq.<br>Raskin Peter Rubin & Simon LLP<br>1801 Century Park East, Suite 2300<br>Los Angeles, CA 90067 | |

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1