# CASE 1

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 305431 (E.D.Pa.)
(Cite as: 2006 WL 305431 (E.D.Pa.))

Page 1

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
CELGENE CORPORATION, Plaintiff,
v.
CENTOCOR, INC. Defendant.
**No. Civ.A. 03-5978.**

Feb. 8, 2006.
Camille M. Miller, Philip G. Kircher, Cozen & O'Connor, P.C., Philadelphia, PA, for Plaintiff.

Theodore F. Haussman, Jr., Wilson M. Brown, III, Drinker Biddle & Reath LLP, Philadelphia, PA, for Defendant.

*MEMORANDUM AND ORDER*

BUCKWALTER, J.

*1 Although the Federal Rules of Civil Procedure, specifically Rule 37, contain no deadline for the filing of a motion to compel, "district courts have broad discretion to manage discovery." *Flynn v. Health Advocates, Inc.,* No. 03- 3764, 2005 U.S. Dist. LEXIS 1704, at *26 (E.D.Pa. Feb. 8, 2005) (citations omitted); Fed.R.Civ.P. 37. In this case, Plaintiff's Motion is untimely for three reasons.

First, the Court has already provided ample opportunity for discovery in this case, [FN1] and Plaintiff's Motion was filed over four months after the expiration of the fact discovery deadline. [FN2] *See Flynn,* 2005 U.S. Dist. LEXIS 1704, at *26-29 (holding that a motion filed less than three months after the discovery deadline had passed was untimely); *Koresko v. Bleiweis,* No. 04-00769, 2005 U.S. Dist. LEXIS 10852, at *2-3 (E.D. Pa. June 1, 2005) (denying plaintiff's motion to compel a second day of deposition testimony because it was filed after an already extended fact discovery deadline); *Ferranti Int'l, Inc. V. Willard,* No. 02-CV-404, 2003 U.S. Dist. LEXIS 12240, at *7-8 (E.D. Pa. June 26, 2003) (holding that a motion to compel a deposition filed on the last day of an already extended discovery period was untimely); *Novartis Pharm. Corp. v. Abbott Lab.,* 203 F.R.D. 159, 164 (D.Del.2001) (finding a motion to compel timely solely because the court decided to extend discovery for the limited purpose of addressing the issues presented in the motion to compel). [FN3]

FN1. The Court set an initial fact discovery deadline of October 31, 2004 and expert discovery deadline for December 31, 2004. (Docket No. 19.) Several subsequent Orders extended the fact discovery and expert discovery deadlines. (Docket No. 22) (extending fact discovery deadline to January 31, 2005 and expert discovery deadline to March 31, 2005); (Docket No. 33) (extending fact discovery deadline to April 29, 2005 and expert discovery deadline to June 30, 2005); (Docket No. 39) (extending fact discovery deadline to May 31, 2005 and expert discovery deadline to July 29, 2005); (Docket No. 43) (extending fact discovery deadline to June 30, 2005 and expert discovery deadline to August 29, 2005); (Docket No. 45) (extending expert discovery deadline to November 15, 2005); (Docket No. 47) (extending expert discovery deadline to November 29, 2005); and (Docket No 53) (extending expert discovery deadline to December 30, 2005).
Although Plaintiff initially addressed discovery issues with respect to Defendant's rebuttal expert report by Mark Lynch (Pl.'s Mot. to Compel at 4), Plaintiff noted in its' Reply that the parties were able to resolve this issue. Thus, as Plaintiff notes, the issue is moot. (Pl.'s Reply at 2.)

FN2. As noted in footnote 1, after numerous extensions, the fact discovery deadline expired on June 30, 2005. Plaintiff never requested an extension of the fact discovery deadline beyond June 30, 2005. Nonetheless, Plaintiff filed their Motion to Compel on November 11, 2005.

FN3. Plaintiff failed to cite any decisions contrary to those listed in this paragraph. (Pl.'s Reply at 4.)

Second, the Court surmises that Plaintiff was aware

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 2
Not Reported in F.Supp.2d, 2006 WL 305431 (E.D.Pa.)
**(Cite as: 2006 WL 305431 (E.D.Pa.))**

of the deficiencies it considered in Defendant's production of documents and corporate designee testimony many weeks, if not months, prior to the filing of their Motion to Compel. Plaintiff concedes that it waited "until all supplemental discovery ha [d] been voluntary [sic] produced by [Defendant]" before filing their Motion. (Pl.'s Mot. to Compel at 1.) The only reason that Plaintiff cites for the delay in filing their Motion is that "given the tremendous volume of documents that have been produced by [Defendant] ... [Plaintiff] had to take the time necessary to review all of these documents ... requir[ing] [Plaintiff] to file its Motion after the close of discovery." (Pl.'s Reply at 4.) Plaintiff's argument is unpersuasive, particularly in view of the lateness of the filing.

Without mentioning any dates, Plaintiff states that only "[a]fter issuing subpoenas to third parties, Celgene *realized* that Centocor should have produced certain documents in its own production." (Pl.'s Mot. to Compel at 4) (emphasis added). Yet, evidencing that it was aware of deficiencies in Defendant's production prior to filing the Motion to Compel, Plaintiff states that after reviewing Defendant's responses to interrogatories, it thought certain responses "did not make sense and therefore subpoenaed [a third-party]." (Pl.'s Reply at 6.) Thus, Plaintiff perceived deficiencies in Defendant's document production several weeks, if not months, prior to November 11, 2005, the date it filed its Motion.

*2 Further, with respect to the depositions, Plaintiff reached its ten fact deposition limit on September 8, 2005. [FN4] (Pl.'s Mot. to Compel at 3.) Despite the postponement of the deposition of Dr. Palekar and by proceeding with the depositions of Dr. Dittrich and Dr. Weisman, Plaintiff was aware, as late as September 2005, that it was fast approaching the ten fact deposition limit. Thus, Plaintiff had ample time to request leave of court to take additional fact depositions or to file a motion to compel Defendant to produce additional corporate designees to further address the topics outlined in Plaintiff's Rule 30(b)(6) deposition notice.

> FN4. Federal Rule of Civil Procedure 30(a)(2)(A) requires a party to seek leave of court to take more than ten depositions. Fed.R.Civ.P. 30(a)(2)(A).

Third, despite arguing for much needed documentation, testimony and alterations of Defendant's answers to Plaintiff's Request for Admissions, Plaintiff filed a Motion for Summary Judgment on January 17, 2006. [FN5] (Docket No. 61.) Thus, as Defendant points out, "at some point, discovery in this case--as in any other case--must end" and this case is ripe for summary judgment. (Def. Reply at 2, 19) (citing *Koresko,* 2005 U.S. Dist. LEXIS 10852, at *3).)

> FN5. The Court notes that Plaintiff never filed a motion requesting a suspension of the deadline for dispositive motions pending the outcome of their Motion to Compel.

For the foregoing reasons, Plaintiff's Motion to Compel is DENIED.

IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2006 WL 305431 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

• 2007 WL 855845 (Trial Motion, Memorandum and Affidavit) Celgene Corporation's Opposition to Centocor, Inc's Motion in Limine to Strike Celgene's Demand for Monetary Relief (Feb. 2, 2007)

• 2007 WL 855846 (Trial Motion, Memorandum and Affidavit) Defendant Centocor, Inc.'s Memorandum of Law in Opposition to the Motion in Limine of Plaintiff Celgene Corporation to Preclude Evidence and Testimony Relating to the Survey of Michael B. Mazis (Feb. 2, 2007)

• 2007 WL 855847 (Trial Motion, Memorandum and Affidavit) Celgene Corporation's Opposition to Centocor, Inc's Motion in Limine for A Spoliation Adverse Inference Instruction (Feb. 2, 2007)

• 2007 WL 855848 (Trial Motion, Memorandum and Affidavit) Celgene Corporation's Opposition to Centocor, Inc's Motions in Limine to Preclude the Testimony of Barry S. Sussman and Dr. William Trombetta (Feb. 2, 2007)

• 2007 WL 855849 (Trial Motion, Memorandum and Affidavit) Defendant Centocor, Inc.'s Memorandum of Law in Opposition to Celgene Corporation's Motion in Limine to Preclude Evidence and Testimony Relating to the Survey Report and Testimony of Kenneth B. Germain (Feb. 2, 2007)

• 2007 WL 855873 (Trial Motion, Memorandum and Affidavit) Defendant Centocor, Inc.'s Memorandum in Opposition to the Motion in Limine of Plaintiff

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2006 WL 305431 (E.D.Pa.)
**(Cite as: 2006 WL 305431 (E.D.Pa.))**

Celgene Corporation to Preclude Evidence and Testimony Relating to the Survey of James H. Fouss (Feb. 2, 2007)

• 2007 WL 483299 (Expert Report and Affidavit) Expert Report of Kenneth B. Germain Per F.RC.P. 26(a)(2)(B) (Jan. 19, 2007)

• 2007 WL 575940 (Trial Motion, Memorandum and Affidavit) Motion In Limine of Plaintiff Celgene Corporation to Preclude Evidence and Testimony Relating to the Survey of Michael B. Mazis (Jan. 19, 2007)

• 2007 WL 575941 (Trial Motion, Memorandum and Affidavit) Motion In Limine of Plaintiff Celgene Corporation to Preclude Evidence and Testimony Relating to the Survey of James H. Fouss (Jan. 19, 2007)

• 2007 WL 575942 (Trial Motion, Memorandum and Affidavit) Motion in Limine of Plaintiff Celgene Corporation to Preclude Evidence and Testimony Relating to the Survey Report and Testimony of Kenneth B. Germain (Jan. 19, 2007)

• 2006 WL 736933 (Trial Motion, Memorandum and Affidavit) Celgene Corporation's Response to Centocor, Inc.'s Motion to Deem as Admitted Its Requests for Admissions Nos. 11, 13, 15, 19,37-42,44-50,55-56,59,60,62-77,84-101,104-116,119,122-125,134-137 (Feb. 7, 2006)Original Image of this Document (PDF)

• 2005 WL 5267351 (Partial Expert Testimony) (Partial Testimony of Gabriel M. Gelb) (Dec. 16, 2005)

• 2005 WL 5221353 (Expert Deposition) Oral Deposition of Michael B. Mazis, Ph.D. (Dec. 15, 2005)

• 2005 WL 5221354 (Expert Deposition) Oral Deposition of James H. Fouss (Dec. 14, 2005)

• 2005 WL 5297937 (Expert Deposition) Oral Deposition of James H. Fouss (Dec. 14, 2005)Original Image of this Document (PDF)

• 2005 WL 5221355 (Expert Deposition) Oral Deposition of Kenneth B. Germain, Esquire (Dec. 1, 2005)

• 2005 WL 3724421 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Plaintiff Celgene Corporation's Motion to Compel Depositions and Discovery Responses as to Defendant Centocor, Inc. (Nov. 11, 2005)Original Image of this Document (PDF)

• 2005 WL 5190211 (Expert Report and Affidavit) Expert Report of Michael B. Mazis, Ph.D. (Sep. 12, 2005)

• 2005 WL 5190212 (Expert Report and Affidavit) (Report or Affidavit of James H. Fouss) (May 12, 2005)

• 2004 WL 2717057 (Trial Pleading) Defendant Centocor, Inc.'s Answer and Defenses (May 17, 2004)Original Image of this Document (PDF)

• 2004 WL 2717050 (Trial Motion, Memorandum and Affidavit) Reply Brief of Defendant Centocor, Inc. in Support of Its Motion to Dismiss the Complaint (Feb. 10, 2004)Original Image of this Document (PDF)

• 2004 WL 2717039 (Trial Motion, Memorandum and Affidavit) Plaintiff Celgene Corporation's Response in Opposition to Motion of Defendant Centocor, Inc. to Dismiss the Complaint (Jan. 20, 2004)Original Image of this Document (PDF)

• 2004 WL 2717043 (Trial Motion, Memorandum and Affidavit) Plaintiff Celegene Corporation's Memorandum of Law in Opposition to Defendant Centocor, Inc.'s Motion to Dismiss (Jan. 20, 2004)Original Image of this Document (PDF)

• 2003 WL 23903567 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Defendant Centocor, Inc., in Support of Its Motion to Dismiss the Complaint (Dec. 19, 2003)Original Image of this Document (PDF)

• 2003 WL 23903554 (Trial Pleading) Complaint (Oct. 29, 2003)Original Image of this Document (PDF)

• 2:03cv05978 (Docket) (Oct. 29, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.