# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

April 9, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic,* C.A. No. 04-343 JJF

Dear Special Master Poppiti:

This letter is a joint submission from the parties containing a general Status Report of the parties' efforts to resolve discovery disputes and compliance with deadlines.

<u>April 13, 2007 Status Conference and Hearing</u>

The following new discovery motions are pending Your Honor's consideration during the April 13, 2007 status conference and hearing:

LPL's Motion to Compel ViewSonic to Set Deposition Schedule for Remaining ViewSonic Witnesses, which was filed on March 30, 2007. This matter is fully briefed. After the Motion was filed, on April 3, 2007, LPL submitted a proposal to ViewSonic in an effort to resolve this dispute. As of the date of this Status Report, the parties have not reached agreement.

LPL's Motion regarding Tatung's Rule 30(b)(6) deposition which was filed on March 30, 2007. This matter is fully briefed. LPL contends that on April 2, 2007, Tatung and LPL held a meet and confer, after prior good faith efforts to resolve these issues also failed, but no agreement was reached. Tatung contends that LPL did not meet and confer in good faith either before or after filing this motion.

LPL's Motion regarding Tatung's Document Production, which was filed on March 30, 2007. This matter is fully briefed. On April 2, LPL and Tatung held a meet and confer. Tatung has agreed to search for several categories of documents, and confirms that production is complete for other categories. Attached as Exhibit "A" are copies of LPL's April 3, 2007 letter and Tatung's April 4, 2007 letter.

LPL's Motion regarding ViewSonic's Rule 30(b)(6) deposition, which was filed on March 30, 2007. The motion is fully briefed.

656768-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
April 9, 2007
Page 2

LPL's Motion regarding ViewSonic's document production, which was filed on March 30, 2007. This matter is fully briefed.

Tatung's Motion to Compel LPL to Produce Documents and Responses to Tatung's Document Requests, which was filed on March 30, 2007. This matter is fully briefed. LPL contends that Tatung did not meet-and-confer in good faith regarding this motion. Tatung disagrees because the parties met and conferred for at least three days prior to Tatung's filing of the motion.

Tatung's Motion to Compel LPL to Make Alleged Tatung Products that are in LPL's Possession Available for Inspection, which was filed on March 30, 2007. This motion is fully briefed.

As discussed below, the parties also seek Your Honor's assistance concerning other discovery issues that remain pending.

Issues Concerning Document Productions and Inspections

The parties seek assistance from the Special Master concerning the unresolved issues stated below.

Between March 31 and April 4, 2007, Tatung produced, for the first time, a large volume of additional CAD/CAM drawings and exploded view documents for products about which LPL was previously unaware of (the "New Products"). These productions were not only made after the deadline for Tatung to produce such documents, but were produced so close to LPL's April 6 deadline to identify infringing Tatung products that it has severely prejudiced and inhibited LPL's ability to satisfy its April 6th deadline. LPL maintains that this information should have been produced weeks ago. Further, some of the New Products have a CAD/CAM drawing but lack an exploded view diagram, and vice versa. Additionally, Tatung failed to provide any guidance as to which product categories these New Products fall into. Moreover, there are still numerous previously identified products that have not yet been grouped in to product categories. LPL contacted counsel for Tatung on April 5, 2007, and the parties agreed that if LPL served its supplemented interrogatories for the information produced prior to March 30th, then Tatung would agree to allow LPL to supplement the respective Interrogatories at some point in the future. Once LPL receives all the necessary information it will provide a date certain to Tatung by which its additional supplementation will be complete. This extension of time is necessary so that LPL can: i) consider the new Tatung productions; ii) purchase products that correspond to the products just identified in Tatung's new productions; and iii) supplement LPL's responses to the relevant Tatung interrogatories.

Tatung met and conferred with LPL immediately upon receiving LPL's April 5, 2007 letter regarding the New Products. Tatung explained that pursuant to its duty to supplement, it identified the New Products, which include sample products, in its supplemental interrogatory responses served on March 30, 2007. Tatung informed LPL that it had produced exploded view drawings and CAD/CAM drawings it could locate for these products. That same day, Tatung sent to LPL an updated chart that, among other things, identified by bates numbers the drawings that had been produced for the New Products. The updated chart also categorized the New

656768-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
April 9, 2007
Page 3

Products into existing and new product groupings. On April 6, 2007, Tatung provided to LPL a more detailed chart that further clarified the product groupings. Tatung also agreed that LPL could have additional time to evaluate the New Products.

LPL contends that it needs additional time to evaluate the New Products because Tatung's recent productions nearly doubled the number of products that LPL needs to evaluate for identifying Tatung's infringing products.

LPL and ViewSonic agreed that LPL could supplement its Interrogatory responses by April 13, 2007. LPL is still awaiting delivery of certain ViewSonic products that might be included in that supplementation. If those products are not received by April 10, 2007, LPL will need to either enter into an agreement with ViewSonic that it will have additional time to supplement its responses, or LPL will need to approach the Special Master for similar relief.

Deposition Scheduling

As noted above, ViewSonic and LPL have still not reached agreement on a schedule for ViewSonic's remaining witnesses. On March 23, the parties did agree that all of ViewSonic's witnesses would be scheduled for depositions between April 23 and May 14, 2007, but the parties have yet to reach agreement on specific dates or witnesses.

The following deposition dates are confirmed for depositions of Tatung's witnesses, as stated in the letter Mr. Kirk sent to Your Honor on March 23, 2007. All depositions are to occur at MLA's offices in Los Angeles:

Vincent Liu – April 16 and, if necessary, April 17

Peter Farzin – April 18

Jamie Yang – April 19

Bryan Lin – April 20

Third Party Discovery

LPL has had difficulty getting some of the third parties on which it has served subpoenas to produce documents that are limited to accused products. These third parties have informed LPL that they need the Defendants to provide SKU and/or UPC codes to the third parties so that they can identify which of their products relate to the accused products. Tatung requested information, such as the identity of the third parties who are seeking SKU/UPC code information, and LPL has provided this information. LPL is not seeking the SKU/UPC codes for its own benefit; rather, third parties have specifically requested this information so that they can comply with their subpoena obligations and limit their productions to products specified in the parties' stipulation. The third parties apparently do not maintain information that would enable them to link their own product numbers with those related to Tatung's products. Without the SKU/UPC codes, the third parties cannot determine which of their own products are so-called

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
April 9, 2007
Page 4

"accused products." LPL asked the Defendants to provide this information. Tatung has refused to cooperate. ViewSonic has not responded.

Tatung contends that the preceding paragraph completely misrepresents the parties' discussions. On April 5, 2007, LPL informed Tatung that unspecified third parties have stated that they needed "SKU and UPC information" in order to respond to LPL's subpoenas. LPL demanded that Tatung provide "SKU and UPC information" for unspecified products. LPL also stated that if Tatung did not provide this information, it will seek all documents and all information relating to all Tatung products. Tatung asked LPL for more information, including identifying the third parties who have requested this information, identifying the LPL interrogatory or document request that would cover this information, and providing any correspondence between LPL and the third parties that would further clarify the information sought. Tatung informed LPL that upon receiving the requested information, it will investigate this issue. Tatung also objected to LPL's threatened violation of the Stipulated Protective Order.

Miscellaneous Issues

The parties, through Delaware counsel, have been discussing the upcoming April 16 deadline for filing motions directed to discovery misconduct and for sanctions, "Final Discovery Motions", with an eye towards attempting to negotiate a reduction in the scope of this type of motion practice. The parties will be speaking again tomorrow to attempt to resolve some of these issues but, if their efforts are unsuccessful, may request the Special Master's guidance relating to this topic.

Respectfully submitted,

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

656768-1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on April 9, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on April 9, 2007, and will be sent by hand on April 9, 2007, and were sent by email on April 9, 2007, and will be sent by first class mail on April 9, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1