# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

James D. Heisman
Partner
TEL (302) 888-6216
EMAIL jheisman@cblh.com

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

April 9, 2007

*Via Email and Hand-Delivery*
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

REDACTED –

**PUBLIC VERSION**

Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
     USDC Case No. 04-343 JJF

Dear Special Master Poppiti:

Defendant ViewSonic Corporation ("ViewSonic") hereby opposes the motion by plaintiff LG.Philips LCD Co., Ltd. ("LPL") which falsely asserts that Jeff Volpe, a designee to testify on behalf of ViewSonic under Rule 30(b)(6), was not prepared to testify regarding certain topics. Denial of the instant motion is mandated by (i) LPL's admitted failure to meet and confer with ViewSonic with regard to this matter prior to filing the motion; (ii) the lack of any substantive merit underlying LPL's assertions in the motion; and (iii) the overreaching and improper nature of the remedy sought by LPL. The record conclusively establishes that any dissatisfaction LPL may seek to suggest is has stems from the poor drafting of deposition topics, the questioning of the witness and/or its dissatisfaction with the content of the responses, not with the witness's ability to answer questions actually posed. The remedy sought by LPL belies any supposed harm and exposes the true motive underlying this motion – namely, to seek an unfounded expansion of the 84-hour deposition time limit imposed by the Court in the absence of any cause, much less good cause as required to amend the Scheduling Order. Accordingly, and for each of these reasons, ViewSonic respectfully requests that LPL's motion be denied and that the costs associated with opposing this motion be imposed solely on LPL and/or its counsel in accordance with Rule 37 of the Federal Rules of Civil Procedure.

Initially, it is clear that LPL's motion is not ripe for consideration. Indeed, LPL admits the same in the last sentence of the first paragraph of its motion. The Special Master has repeatedly advised the parties that it is not proper for the Special Master to be involved in disputes that are not ripe for consideration and decision. As this motion presents a classic example of this situation, the instant motion should be denied on that ground alone.

Additionally, denial of the instant motion is proper given the lack of any substantive merit to LPL's assertions. LPL promulgated a deposition notice on ViewSonic which contains 30 topics. ViewSonic has designated Tommy Jue to testify with regard to Topic No. 1:

> "The structure of the visual display products and the method of assembling the visual display products, manufactured by or for you, . . . including the structure and method of assembling the flat panel display and flat panel display device contained in each of those visual display products, as well as the use, placement, location, function, and purpose of

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
April 9, 2007
Page 2

> fastening part(s), fastening hole(s), and frames associated with that structure and method of assembling each of those visual display products."

Likewise, Mr. Jue, and not Mr. Volpe, has been designated to testify on Topic No. 3:

> "The evolution of the mounting technology used in the visual display products manufactured or assembled by or for you . . . including: . . . ii) the reasons why you selected, developed and/or approved any particular mounting technology or method for assembling for use in any particular visual display product; and iii) all methods for assembly and/or technologies that you rejected or modified related to mounting or assembly of visual display products, including how and why you rejected or modified each such method or technology."

Mr. Volpe was designated to testify with regard to Topic No. 2, which seeks:

> "The conception, design and development of your visual display products including for example, the determination of which structures, methods of assembling, components and/or parts to use in the manufacture and/or assembly of visual display products manufactured or assembled by or for you."

The topic goes on to seek the identity of individuals responsible for making determinations and the point in the product development/manufacturing process in which these decisions are made.

It is uncontroverted that ViewSonic is not the manufacturer of the products that it sells. Instead, it uses highly skilled OEMs to manufacture the products. Contrary to LPL's assertions, Mr. Volpe did testify regarding the conception, design and development process associated with ViewSonic's visual display products.

**Redacted**

Rather than ask questions to elucidate this state of information from the witness, LPL sought only to elicit testimony from which it could argue the present motion in an effort to harass ViewSonic and in an obvious attempt to mitigate the inescapable conclusion that the corporate designee identified by LPL was woefully unable to testify on matters presented.

ViewSonic cannot be held accountable for the poor drafting of deposition topics and/or the strategic (or inadequate) questioning made of witnesses at a deposition. Simply put, LPL's motion lacks any substantive merit. LPL's dissatisfaction, if any, is attributable solely to its own doing.

531771.1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
April 9, 2007
Page 3

    Notwithstanding the foregoing, in an effort to resolve this issue and avoid the costs associated with the unnecessary presentation of this matter to the Special Master, ViewSonic proposed to identify an additional witness who could provide further testimony on issues within the scope of Topic No. 2. LPL rejected this proposal because ViewSonic would not agree to extend the 84-hour deposition cap set by the Court in the Scheduling Order in a matter totally unrelated to the Volpe deposition. In total, LPL spent approximately ten minutes asking questions of Mr. Volpe regarding the issues presented by Topic No. 2. Ex. A at pg. 19 (58:21.3) – Pg. 23 (1:09:05.9). Yet, LPL asks here for an unlimited extension of the 84-hour deposition limit – as well as the seven-hour limit for any individual witness – to inquire into all issues LPL believes are contained within the scope of Topic No. 2. This outrageous demand underscores LPL's true motives in bringing the instant motion – namely, seeking to smear ViewSonic with the brush of unpreparedness that so heavily infected LPL's witnesses and an elimination of the deposition limits set by the Court in the Scheduling Order without any cause, much less without good cause as required by Rule 16.

    Accordingly, ViewSonic respectfully requests that the instant motion be denied in its entirety and that LPL or its counsel be required to pay the attorneys' fees and Special Master fees associated with its improper request.

                                                Respectfully submitted,

                                               /s/ James D. Heisman

                                               James D. Heisman

cc:    Gaspare J. Bono, Esq.
        Cass W. Christenson, Esq.
        Rel S. Ambrozy, Esq.
        Lora A. Brzezynski, Esq.
        Cormac T. Connor, Esq.
        Richard D. Kirk, Esq.
        Ashley B. Stitzer, Esq.
        Mark H. Krietzman, Esq.
        Valerie W. Ho, Esq.
        Steve P. Hassid, Esq.
        Anne Shea Gaza, Esq.
        Frederick L. Cottrell III, Esq.
        Tracy R. Roman, Esq.
        Scott R. Miller, Esq.
        Jeffrey B. Bove, Esq.
        Jaclyn M. Mason, Esq.

531771.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 04-343-JJF ) |
| TATUNG CO.; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

# EXHIBIT A

## HIGHLY SENSITIVE – CONFIDENTIAL INFORMATION

## TO BE FILED UNDER SEAL

## TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT

Dated: April 9, 2007

Of Counsel:

Scott R. Miller
Manuel C. Nelson
Connolly Bove Lodge & Hutz LLP
355 South Grand Ave.
Suite 3150
Los Angeles, CA 90071

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ James D. Heisman
Jeffrey B. Bove, Esq. (#998)
James D. Heisman, Esq. (#2746)
Jaclyn M. Mason, Esq. (#4737)
The Nemours Building, 8th floor
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

*Attorneys for Defendant ViewSonic Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2007, a true copy of the foregoing **Redacted Version of D.I. 624, ViewSonic Corporation's Opposition To LPL's Motion Relating to ViewSonic's FRCP 30(b)(6) Designee, Mr. Volpe** was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on April 16, 2007, I have sent by email the foregoing document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman
Raskin Peter Rubin & Simon
1801 Century Park East 23rd Floor
Los Angeles, CA 90067

By: /s/ James D. Heisman
James D. Heisman (#2746)
jheisman@cblh.com