**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

James D. Heisman
Partner
TEL (302) 888-6216
EMAIL jheisman@cblh.com

April 9, 2007

*Via Email and Hand-Delivery*
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

**REDACTED –**

**PUBLIC VERSION**

Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
         USDC Case No. 04-343 JJF

Dear Special Master Poppiti:

Defendant ViewSonic Corporation ("ViewSonic") respectfully requests that the motion of plaintiff LG.Philips LCD Co., Ltd. ("LPL") be denied and that LPL or its counsel be ordered to pay ViewSonic's costs incurred in opposing this frivolous motion, including its attorneys' fees and the costs of the Special Master. This request is based upon LPL's manifest failure to meet and confer with respect to the instant motion prior to filing same and the utter lack of merit in the underlying motion. LPL seeks reconsideration of its prior motions which this Court rejected back in December, 2006 under the guise of a motion to compel. In so doing, LPL asks this Court to stretch its discovery requests beyond any recognizable form in an obvious attempt to now rewrite those requests. Though directed to a patentee's attempt to rewrite patent claims, LPL's conduct here brings to mind the famous "nose of wax" quote from the Supreme Court, namely:

> "Some persons seem to suppose that a claim in a patent is like a nose of wax, which may be turned and twisted in any direction, by merely referring to the specification, so as to make it include something more than, or something different from, what its words express. The context may, undoubtedly, be resorted to, and often is resorted to, for the purpose of better understanding the meaning of the claim; but not for the purpose of changing it, and making it different from what it is."

*White v. Dunbar*, 119 U.S. 47, 51-52 (1886).

The simple fact is that the requests do not seek the documents LPL seeks to compel and LPL's attempt to have this Court rewrite its discovery requests is improper and must be rejected. Moreover, the lack of merit in their requests made herein demands that LPL be ordered to bear the costs associated with ViewSonic's opposition to this motion, and the Special Master's time associated with this ill-conceived submission. Accordingly, ViewSonic respectfully requests that the Court deny LPL's motion in its entirety and order LPL or its counsel to bear all costs of the Special Master associated with this motion as well as reimburse ViewSonic for its attorneys' fees associated with the opposition and any hearing thereon.

In its Rule 7.1.1 Certification, LPL makes conclusory assertions that the parties have met and conferred on the issues presented by this motion, the facts tell a different story. As the motion indicates, Exhibit 6 to LPL's motion constitutes the substance of LPL's contentions

531779.1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
April 9, 2007
Page 2

presented to ViewSonic as a "meet and confer" in advance of the filing of the instant motion. Remarkably, after ViewSonic responded that none of the document requests identified by LPL in Exhibit 6 sought the documents LPL now asks this Court to compel be produced (*see* LPL's Exhibits 7 and 8), LPL proceeded to file a motion seeking an order compelling the production of documents under ten document requests -- all but two of which were *never previously identified by LPL before the filing of the instant motion.* LPL's "bait and switch" approach to litigation communications has plagued this case throughout, and reared its ugly head once again. Accordingly, LPL's present motion which seeks an order compelling ViewSonic to produce documents under RFP Nos. 28-32, 58, 62-63 must be denied. Moreover, LPL's failure to advise the Special Master that none of these requests have ever been the subject of a meet and confer between the parties, and to seek exemption from the meet and confer requirements applicable thereto, demands that sanctions be imposed against LPL and/or its counsel beyond those compelled by Rule 37 of the Federal Rules of Civil Procedure.

LPL's shell game of identifying document requests, however, has not improved its substantive argument that the identified documents are called for by LPL's discovery requests. None of the requests enumerated in the present motion – just as none of the requests identified by LPL in its meet and confer letter (Exhibit 6) – call for the documents LPL seeks by way of this motion. **Redacted**

ViewSonic produced these documents because it intends to rely on them in this case, not because they are the subject of any LPL discovery request.

Moreover, LPL previously moved for an order compelling ViewSonic to produce summary documents under the same requests it now presents again, which motion was heard and rejected by the Special Master on December 28, 2006. Apparently, LPL feels that if it dresses up a stale and unmeritorious motion for reconsideration in the garb of illusory ViewSonic misconduct, its chances of obtaining unwarranted relief from the Special Master are enhanced. The lack of any merit to LPL's proposal, as well as its failure to properly present this motion, each doom the instant request, and again warrant the imposition of the costs associated with this opposition, and the Special Master's consideration of this request, on LPL or its counsel.

LPL's instant motion is also based on the mischaracterization of the testimony of Mr. Volpe and Ms. Stetson by LPL. LPL falsely asserts that Mr. Volpe testified that suppliers such as Tatung provide product **Redacted**

Similarly, LPL seeks to compel ViewSonic to produce summary documents showing sales only in the United States of the type ViewSonic has produced for all of North America. **Redacted** Dissatisfied with doing the math this requires, LPL asks this Court to compel ViewSonic to produce summary documents of U.S. sales only based on an unfounded theory that they "must exist" and under a vague reference to documents produced in other litigations which are the subject of protective orders. Since at least September of 2006,

531779.1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
April 9, 2007
Page 3

ViewSonic's counsel in this case invited LPL to provide Bates numbers of documents it believes were produced in other cases which have not been produced in this action so that counsel could investigate those matters. LPL has repeatedly declined to do so, preferring instead to rely on vague innuendo of the type presented in the instant motion. LPL's use of this information in the fashion it does so here is a violation of the protective order in the others matters, which must be brought to an end. Indeed, falsity of LPL's innuendo in the instant motion was confirmed by the express testimony of ViewSonic's corporate designee, Kim Stetson, long before the present motion was filed, wherein she testified:

**Redacted**

In sum, the instant motion represents yet another example of LPL's practice of twisting and inaccurately reporting facts, using the meet and confer process as a shell game, an attempt to seek reconsideration of motions previously ruled on adverse to LPL without complying with the proper procedures therefore. Accordingly, ViewSonic respectfully requests that the instant motion be denied and that all costs associated with the opposition and argument of this motion, including attorneys' fees, be imposed upon LPL and/or its counsel.

Respectfully submitted,

/s/ James D. Heisman

James D. Heisman

531779.1

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
April 9, 2007
Page 4


cc:     Gaspare J. Bono, Esq.
        Cass W. Christenson, Esq.
        Rel S. Ambrozy, Esq.
        Lora A. Brzezynski, Esq.
        Cormac T. Connor, Esq.
        Richard D. Kirk, Esq.
        Ashley B. Stitzer, Esq.
        Mark H. Krietzman, Esq.
        Valerie W. Ho, Esq.
        Steve P. Hassid, Esq.
        Anne Shea Gaza, Esq.
        Frederick L. Cottrell III, Esq.
        Tracy R. Roman, Esq.
        Scott R. Miller, Esq.
        Jeffrey B. Bove, Esq.
        Jaclyn M. Mason, Esq.

531779.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2007, a true copy of the foregoing **Redacted Version of**

**D.I. 626, ViewSonic Corporation's Opposition To LPL's Motion to Compel Viewsonic to**

**Produce Documents Discussed in Depositions** was hand delivered to the following persons and

was electronically filed with the Clerk of the Court using CM/ECF which will send notification

of such filing to the following and the document is available for viewing and downloading from

CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on April 16, 2007, I have sent by email the foregoing document to

the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman
Raskin Peter Rubin & Simon
1801 Century Park East 23rd Floor
Los Angeles, CA 90067

By: */s/ James D. Heisman*
    James D. Heisman (#2746)
    jheisman@cblh.com