# THE BAYARD FIRM

A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899

MERITAS LAW FIRMS WORLDWIDE

302-655-5000
(FAX) 302-658-6395

Richard D. Kirk

BY EMAIL AND BY HAND

302-429-4208
rkirk@bayardfirm.com

May 1, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic,* C.A. No. 04-343 JJF

Dear Special Master Poppiti:

This letter is a joint submission from the parties containing a general Status Report of the parties' efforts to resolve discovery disputes and compliance with deadlines.

I.     Agreement Not to File Sanctions Motions

By their submission to Your Honor on April 24, 2007, the parties have agreed not to file any motions for discovery sanctions that were provided for in § 4(i) of the March 9, 2007 Scheduling Order (D.I. 577).

II.    May 4, 2007 Status Conference and Hearing

Your honor scheduled a May 4, 2007 teleconference to follow up on certain issues discussed during the discovery hearings on April 13 and April 17, 2007.

The following issues may require Your Honor's consideration during the upcoming status conference and hearing:

A.     Whether the Tatung Defendants have produced all discovery responsive to the issues presented in LPL's Motion regarding Tatung's Document Production, which was filed on March 30, 2007. Counsel for LPL and Tatung are continuing to communicate on this matter.

B.     The Declaration of Oliver Shih was submitted by Tatung on April 20, 2007 as Your Honor required during the April 13, 2007 teleconference. (*See, e.g.*, Apr. 13, 2007 Hr'g Tr. at 100-09.) On April 26, 2007, LPL sent a letter to Tatung objecting to this declaration. Counsel for LPL and Tatung have discussed their disputes regarding the declaration, but have not resolved their disputes. LPL and Tatung seek Your Honor's guidance on this matter.

652867-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti<br>
May 1, 2007<br>
Page 2

Tatung believes that any "objections" LPL may have to Mr. Shih's declaration should be set out in a written submission so that Tatung can respond to the "objections" and the issues can be fully briefed prior to the hearing before the Special Master.

LPL maintains that further briefing on this issue is not necessary. For purposes of addressing this issue, LPL submits as Exhibit A a copy of its letter dated April 26, 2007, which presents LPL's objections.

  C. LPL's request for certain discovery from ViewSonic, including, U.S. sales records, e-mails between ViewSonic and Tatung Company and other discovery as set forth in LPL's April 24, 2007 letter to ViewSonic.

  D. With respect to Tatung's motion to compel production of documents filed on March 30, 2007, the Special Master had ordered LPL to produce documents in response to certain requests. Tatung and LPL are continuing to communicate regarding these issues.

  E. With respect to the deposition of Tatung's witness, Bryan Lin, LPL understood that the parties had agreed to set Mr. Lin's deposition for June 4 at MLA's offices in Los Angeles, beginning at 9:00 a.m. PDT. Tatung informed LPL that Mr. Lin would need a Cantonese interpreter. LPL's understanding was based on its communications with Tatung on the issue and, as a result of those communications and its understanding of the parties' discussions, LPL scheduled the deposition of a ViewSonic witness for June 11 and scheduled an interpreter for Mr. Lin's deposition on June 4. Tatung advised LPL late on May 1 that it wanted to move Mr. Lin's deposition to June 11. Because LPL did not receive Tatung's request until late on May 1, LPL's counsel has not been able to fully review Tatung's demand and, for purposes of this Status Report, was not able to respond to Tatung's demand. The parties will continue to discuss this matter.

III.  <u>Deposition Scheduling</u>

  A. ViewSonic and LPL have agreed to the revised schedule for depositions of ViewSonic's remaining witnesses, as set forth below. All depositions are to occur at MLA's offices in Los Angeles, beginning at 9:30 a.m. PDT:

    1.  David Lee – June 11 (Cantonese interpreter needed)

    2.  Erik Willey – June 12 (no interpreter needed)

  B. Tatung and LPL have agreed to the revised schedule for depositions of Tatung's remaining witnesses, as set forth below. All depositions are to occur at MLA's offices in Los Angeles, beginning at 9:00 a.m. PDT:

    1.  Peter Farzin – June 5 (no interpreter needed)

    2.  Vincent Liu – June 6-7 (Mandarin interpreter needed)

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
May 1, 2007
Page 3

      3.      Jamie Yang – June 8 (Mandarin interpreter needed)

IV.      Other Issues

    A.    The parties have been negotiating to try to reach agreement as to a deadline by which the Defendants must identify any new prior art references that were discovered through third party discovery and a deadline by which LPL must identify any new accused products discovered through third party discovery. LPL has asked that both deadlines fall on the same date, May 30, 2007.[1] Defendants have not agreed to allow LPL any additional time to identify any new accused products that were discovered only through third party discovery. The parties seek Your Honor's guidance on this matter.

    Tatung contends that pursuant to the Special Master's ruling limiting non-technical discovery to the accused products and the parties' stipulated protective orders, the third party discovery sought by LPL is limited to the accused products. Therefore, it is unlikely that third party discovery will lead to the identification of additional accused products. Moreover, Tatung has provided LPL with the information LPL needs in order to make its infringement analysis. The Court previously ordered that LPL has until May 4, 2007 to identify additional accused products. Tatung believes it is inappropriate and unnecessary at this stage of the proceedings to further extend the deadline for LPL to identify accused products.

    LPL disagrees with Tatung's position and believes that both sides should have simultaneous deadlines by which to supplement based on third party discovery. Further, as reflected in its April 19 correspondence to the Defendants, LPL understood that Your Honor had approved the revised deadline that LPL requested and that the matter was ripe for a stipulation; however, the Defendants have not entered into a stipulation with LPL on this matter.

    B.    ViewSonic and LPL have been negotiating over certain discovery issues pertaining to ViewSonic's most recent sets of discovery requests. Those negotiations are still ongoing and the parties have obtained Your Honor's approval to postpone briefing deadlines pertaining to any motion that ViewSonic may elect to file.

    C.    Counsel for LPL and ViewSonic are discussing certain issues, including document production, that arose based upon a recent deposition of ViewSonic.

    D.    With respect to Tatung's motion to compel inspection of alleged Tatung products in LPL's possession filed on March 30, 2007, LPL has provided Tatung with the model and serial numbers for the alleged Tatung products in LPL's possession. Tatung is in the process

---

[1] LPL reserves the right to add any additional accused products that it learns about through any additional production of OEM documents that ViewSonic may make at a future date, as ViewSonic's appeal concerning the production of OEM documents is still pending before the Court.

652867-1

T̲ʜᴇ B̲ᴀʏᴀʀᴅ F̲ɪʀᴍ

The Honorable Vincent J. Poppiti<br>
May 1, 2007<br>
Page 4

of determining whether it can independently obtain these products and will provide a status report to the parties and the Special Master once that determination has been made.

During the April 17, 2007 hearing, LPL agreed to provide Tatung with a list of all Tatung products that are in LPL's possession, with reference to the model numbers and serial numbers for each. As agreed, LPL provided this list on April 18, 2007. In turn, Tatung agreed to evaluate LPL's list and, in this Status Report, to present LPL with a list of those products that Tatung was unable to procure either from its own inventory or on the open market. (*See* Apr. 17, 2007 Hr'g Tr. at 29:8-23.) Accordingly, LPL objects to Tatung's failure to timely identify products that it believes it needs to inspect and to any effort by Tatung to further delay the resolution of this issue.

                                                Respectfully submitted,

                                                /s/ Richard D. Kirk (rk0922)

cc: all counsel shown on attached certificate

652867-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that copies of the foregoing document were served as follows:

BY EMAIL ON MAY 1, 2007 AND BY HAND ON MAY 2, 2007:

| | |
|---|---|
| Jeffrey B Bove, Esq. | Frederick L. Cottrell, III, Esq. |
| Jaclyn M. Mason, Esq. | Anne Shea Gaza, Esq. |
| Connolly Bove Lodge & Hutz LLP | Richards, Layton & Finger |
| 1007 North Orange Street | One Rodney Square |
| P.O. Box 2207 | P.O. Box 551 |
| Wilmington, Delaware 19899-2207 | Wilmington, DE 19899 |

BY EMAIL ON MAY 1, 2007 AND BY U.S. MAIL ON MAY 2, 2007:

| | |
|---|---|
| Scott R. Miller, Esq. | Valerie Ho, Esq. |
| Connolly Bove Lodge & Hutz LLP | Mark H. Krietzman, Esq. |
| 355 South Grand Avenue | Frank C. Merideth, Jr., Esq. |
| Suite 3150 | Greenberg Traurig LLP |
| Los Angeles, CA 90071 | 2450 Colorado Avenue, Suite 400E |
| | Santa Monica, CA 90404 |

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

652867-1