# EXHIBIT A

| | | |
|---|---|---|
| Albany | **McKenna Long** | New York |
| Atlanta | **& Aldridge** LLP | Philadelphia |
| Brussels | Attorneys at Law | San Diego |
| Denver | 1900 K Street, NW • Washington, DC 20006-1108 | San Francisco |
| Los Angeles | Tel: 202.496.7500 • Fax: 202.496.7756 | Washington, D.C. |
| | www.mckennalong.com | |

CASS W. CHRISTENSON  
(202) 496-7218

April 26, 2007

EMAIL ADDRESS  
cchristenson@mckennalong.com

**VIA E-MAIL AND U.S. MAIL**

Frank E. Merideth, Jr., Esq.  
Greenberg Traurig, LLP  
2450 Colorado Avenue, Suite 400 East  
Santa Monica, CA 90404

Re:  LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Frank:

I write concerning the Declaration of Oliver Shih that Tatung submitted to Special Master Poppiti on April 20, 2007. The declaration is insufficient and fails to comply with the Special Master's instructions. The Special Master attempted to accommodate Tatung by allowing Tatung to provide a sworn declaration, as a possible substitute to further testimony, only if doing so would provide LPL with complete information concerning inducement and accused products. Mr. Shih's declaration does not provide any information concerning Tatung's communications or conduct with respect to accused products supplied to and for the U.S. market. Further, paragraph two is limited only to meetings within the U.S. (not other relevant meetings, teleconferences, and communications) and does not even specify which employees were consulted, whether those employees reviewed any records, etc. Paragraph three does not state whether all trip reports were reviewed, and is contrary to Tatung's prior agreement to produce documents, including trip reports, that relate generally to sales and marketing for the U.S., not just documents that specifically reference accused products. Paragraph four is conclusory and self-serving, requiring cross-examination. LPL objects to Mr. Shih's declaration on all of these grounds. The Special Master concluded that Tatung was not prepared at the deposition and Mr. Shih's declaration only compounds this problem and is contrary to the record.

Please let me know what times tomorrow or on Monday, April 30, you are available to discuss these issues.

Very truly yours,

Cass W. Christenson

CWC:ea

Frank E. Merideth, Jr., Esq.
April 26, 2007
Page 2

cc: Richard D. Kirk, Esq. (via e-mail)
    Scott R. Miller, Esq. (via e-mail)
    Mark Krietzman, Esq. (via e-mail)
    Valerie W. Ho, Esq. (via e-mail)
    Steve P. Hassid, Esq. (via e-mail)
    Anne Shea Gaza, Esq. (via e-mail)
    Frederick L. Cottrell, III, Esq. (via e-mail)
    Manuel Nelson, Esq. (via e-mail)
    Tracy R. Roman, Esq. (via e-mail)
    Jeffrey B. Bove, Esq. (via e-mail)
    Jaclyn M. Mason, Esq. (via e-mail)
    James D. Heisman, Esq. (via e-mail)