# EXHIBIT B

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

January 22, 2007

**BY FEDERAL EXPRESS AND E-MAIL**

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Re: LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Scott:

Enclosed please find additional documents produced by LPL, reflecting bates numbers LPL-09463 through LPL-09762. Please note that the enclosed documents are designated Highly Sensitive Confidential and should not be disclosed to anyone except as provided in the protective order in this case.

The enclosed production includes a spreadsheet (bates nos. LPL-09463 to LPL-09762) that is responsive to ViewSonic's Document Request No. 82. Please note that this information is also responsive to other document requests, including, for example, ViewSonic's Document Request Nos. 84, 85, and 87. Regarding ViewSonic's Document Request Nos. 83 and 102, LPL is not aware of any responsive documents.

With respect to ViewSonic's Document Request No. 103, LPL searched for the documents that we understand that ViewSonic is seeking based on the December 28, 2006 teleconference. LPL is unaware of any responsive documents, including joint venture agreements, concerning inventorship by parties other than LPL of mounting technology other than front mounting. LPL also does not have documents concerning any transfer of interest from LPL to any other party related to LPL's mounting technology. During the December 28, 2006 teleconference, you specifically referred to an agreement from 1996 between Digital Equipment Corporation and LG Electronics Inc. (the "DEC Agreement") as a document that ViewSonic deemed potentially responsive. The DEC Agreement, however, has no bearing on rearmounting technology or any claims or defenses in this case. Further, copies of the DEC Agreement were produced by parties other than LPL in the California case, including a copy produced by CPT and designated "CONFIDENTIAL" (bates nos. CPT095472 to CPT095548). Based on the protective order in the California case, please provide written consent from CPT and any other necessary party if you would like for us to produce this CPT document to you.

Scott Miller
January 22, 2007
Page 2

      If you have any questions, or would like to discuss this further, please let us know.

                                    Very truly yours,

                                    Cass W. Christenson

Enclosures

cc:    Frank Meredith, Esq. (via overnight delivery, with enclosures)
        Mark H. Krietzman, Esq. (via e-mail, w/o enclosures)
        Valerie Ho, Esq. (via e-mail, w/o enclosures)
        Frederick L. Cottrell, III, Esq. (via e-mail, w/o enclosures)
        Tracy R. Roman, Esq. (via e-mail, w/o enclosures)
        Manuel Nelson, Esq. (via email, w/o enclosures)
        Jeffrey B. Bove, Esq. (via e-mail, w/o enclosures)
        Jaclyn M. Mason, Esq. (via e-mail, w/o enclosures)
        Richard Kirk, Esq. (via e-mail, w/o enclosures)

DC:50456474.1