# EXHIBIT C

## CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

LOS ANGELES, CA

355 S. Grand Ave.
Suite 3150
Los Angeles, CA 90071
TEL: (213) 787 2500
FAX: (213) 687 0498
WEB: www.cblh.com

Scott R. Miller
Partner

TEL (213) 787-2510
EMAIL smiller@cblh.com

*Via Email and U.S. Mail*

February 8, 2007

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006-1108

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
      **USDC Case No. 04-343 JJF**

Dear Cass:

This letter responds to your letter of January 22, 2007 and addresses the document production that accompanied that letter.

We have reviewed LPL's January 22, 2007 production (LPL-09463 to LPL-09762). This set of 299 pages of spread sheets does not appear to be a bill of material, although it contains a nearly unintelligible agglomeration of information in miniature text that may be from bills of material for all manufacturing steps for several products. Contrary to your letter, this production is not responsive to ViewSonic's Request for Production ("RFP") Nos. 82, 84-85, or 87.

RFP 82 requests bills of material for each LCD module made by LPL. It does not request bills of material for fabricating thin film transistors (TFTs), LCD panels (or flat display panels), printed wiring boards (PWBs), driver assemblies, packing assemblies, pallet assemblies, or any of the multitude of other non-responsive information LPL appears to have improperly dumped in its January 22 production.

RFP 84 seeks documents sufficient to identify the parts of an LCD module, and the structure, function, source, and/or assemblage of those parts from January 1, 1997 to the present. LPL's January 22 production does not identify, illustrate, or otherwise show the shape, structure, function or assemblage of the parts of an LCD module. Moreover, rather than identify the parts of an LCD module, LPL's January 22 production hides the parts of an LCD module within a much larger universe of information that was not requested.

10698.1

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
February 8, 2007
Page 2

RFP 85 seeks documents sufficient to identify each part of an LCD module that is or can be used for mounting an LCD module to the external case of a Flat Panel Display Product. LPL's January 22 production does not identify any part of the LCD module that is or can be used for mounting, and is thus completely unresponsive to RFP 85.

RFP 87 has the same form of RFP 82, but is directed at the backlight unit rather than the LCD module. RFP 87 seeks bills of material for any backlight unit for use in a flat panel display device from January 1, 1997 to the present.

Please produce immediately the bills of materials for each LCD module made by LPL, as well as the documents sufficient to show the parts of an LCD module, and the shape, structure, function, source and assemblage of such parts, as requested in RFPs 82 and 84. Please also produce documents sufficient to identify each part of an LCD module that is or can be used for mounting an LCD module to the external case of a Flat Panel Display Product as requested in RFP 85. Please also produce the bills of material for any backlight unit for use in a flat panel display device, as well as the documents sufficient to show the parts of a backlight unit, and the shape, structure, function, source and assemblage of such parts, as requested in RFPs 87 and 88.

To the extent LPL refuses to supplement its production, and elects to rely on its January 22, 2007 production (LPL-09463 to LPL-09762), please provide immediately a more legible copy of these pages. If legible copies are not available, please provide the native electronic file. Please note that it was our understanding that the parties had agreed to exchange production in electronic format. With very few exceptions, ViewSonic has generally done so. LPL has never done so.

Your January 22 letter also addressed the 1996 agreement between Digital Equipment Corporation ("DEC") and LG Electronics, and suggests that we seek this document from a third party, Chungwa Picture Tubes. We have expressly requested that LPL produce a copy of that agreement. Moreover, LPL specifically agreed it could produce that agreement during the December 28, 2006 hearing:

> MR. CHRISTENSON: Well, I guess, if you are talking about the specific documents, *you referred to the dec. agreement*, and then he said that he hasn't seen the dec. agreement, so I don't know if that's the agreement he wants us to produce. ***We could produce that agreement.***
>
> SPECIAL MASTER POPPITI: Mr. Miller, is there -- can you better define the universe as you know it?

10698.1


**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
February 8, 2007
Page 3

> MR. MILLER: The only agreement I know of is what I have read in the news releases about the dec. agreement, but what we are seeking are agreements between LPL and third parties regarding the development of mounting technology as expressly set forth in these requests.
>
> SPECIAL MASTER POPPITI: Mr. Christenson, I think that describes what counsel is looking for, so, *certainly, it encompasses a dec. agreement* and any other agreements. I think you just said that you were not aware of any others, and that may be -- that may be the answer, *but certainly it does encompass a dec. agreement*.
>
> MR. CHRISTENSON: If we are talking about validity and enforceability, I assume we are talking about the same time frame that we were addressing earlier? In other words, I think Mr. Miller's contention is, perhaps, somewhere out there, is some agreement that prior to the time we invented rear mounting, we were engaged in a joint venture and that joint venture actually developed a rear mounting, which would mean we would be going back to the critical date period as of December, '98, or earlier.
>
> SPECIAL MASTER POPPITI: Mr. Miller, do you agree?
>
> MR. MILLER: We can -- yes. We can look at that, the date parameter that we discussed earlier.
>
> MR. CHRISTENSON: *We will agree to respond*, given that limitation, Your Honor.

December 28, 2006 Hearing Transcript, p. 146, l. 24 - p. 148, l. 13 (emphasis added). Please produce not later than Monday, February 12, a copy of the DEC agreement referenced in your January 22 letter and during the December 28 hearing.

Unless the above matters are resolved immediately, we intend to bring them to the Special Master's attention at the earliest possible time.

Sincerely,

Scott R. Miller

10698.1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
February 8, 2007
Page 4

cc:    Rel S. Ambrozy, Esq.
      Lora A. Brzezynski, Esq.
      Cormac T. Connor, Esq.
      Richard D. Kirk, Esq.
      Mark H. Krietzman, Esq.
      Valerie W. Ho, Esq.
      Steve P. Hassid, Esq.
      Anne Shea Gaza, Esq.
      Frederick L. Cottrell III, Esq.
      Tracy R. Roman, Esq.
      Jeffrey B. Bove, Esq.
      Jaclyn M. Mason, Esq.
      Manuel C. Nelson, Esq.
      James D. Heisman, Esq.

10698.1