# EXHIBIT D

# McKenna Long
# & Aldridge LLP
Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

San Diego

San Francisco

Washington, DC

Brussels

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

February 12, 2007

**VIA E-MAIL AND U.S. MAIL**

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Re:   LG.Philips LCD Co., Ltd. v. Tatung, et al.; Civil Action No. 04-343 (JJF)

Dear Scott:

This responds to your letter of February 8, 2007, addressing LPL's document production on January 22, 2007.

In your February 8 letter, you request additional bill of materials documents from LPL. LPL, however, does not have bills of material for LCD modules back to the relevant time period (1997-98). LPL produced, however, a nearly three hundred page spreadsheet that provides bill of material information for at least 1997-1998, and is responsive to several of ViewSonic's Document Requests. This is a comprehensive spreadsheet that includes the parts and material information that is available from LPL. We do not understand why, after insisting that LPL produce this information, ViewSonic now contends that this information is not what ViewSonic wants or needs. We argued to the Special Master that bill of materials information was not relevant and you disagreed. ViewSonic requested bill of material information for various parts or components. This information has been produced to you in the format in which LPL maintains it. Although we did not agree during the December 28 hearing to produce all the bill of materials discovery sought by ViewSonic, by producing this document LPL presumably has resolved all of ViewSonic's document requests for such information. If you feel that there is some aspect of additional information that ViewSonic needs, please let us know.

You also requested another copy of the bill of materials document, specifically a "more legible" document. We are working now to provide a better copy, if possible. With respect to what you described as "electronic format" discovery, we are not aware of what agreement you are referring to, or what ViewSonic document production you are referring to. We should be able to send the replacement production on February 13, 2007.

Further, with respect to Document Request number 84, we are uncertain as to what additional information you seek from LPL and we have objected to that request as unclear and

Scott R. Miller, Esq.
February 12, 2007
Page 2

overly broad. We are awaiting the Special Master's guidance. Also, on February 6, 2007, we produced additional documents to ViewSonic.

    Finally, you requested a copy of the 1996 agreement between Digital Equipment Corporation ("DEC") and LG Electronics. We are not aware of any copy of that agreement produced by LPL in the California case. If you are aware of such a copy, please let me know immediately so that we can address it. The copy that we have available, as I informed you in my January 22 letter, was produced by Chungwa Picture Tubes ("CPT"), in the California litigation, and we are also aware that another third party (HP) may have produced this agreement. We are concerned about producing a copy of a CPT document in this case that was produced subject to the protective order in the California case, without appropriate consent or permission. ViewSonic and Tatung have contended in this case that protected documents from the California case are off limits in this case. As I indicated in my January 22 letter, we remain willing to cooperate to produce the CPT copy of the DEC agreement. If you would like for us to send a letter to CPT's counsel in the California case as to whether we can produce CPT's document in this case, and if you think that such an agreement would suffice to comply with the Protective Order in the California case, please confirm that to us.

Very truly yours,

Cass W. Christenson

CWC:ea

cc:    Richard D. Kirk, Esq. (via e-mail)
        Mark Krietzman, Esq. (via e-mail)
        Valerie W. Ho, Esq. (via e-mail)
        Steve P. Hassid, Esq. (via e-mail)
        Anne Shea Gaza, Esq. (via e-mail)
        Frederick L. Cottrell, III, Esq. (via e-mail)
        Tracy R. Roman, Esq. (via e-mail)
        Jeffrey B. Bove, Esq. (via e-mail)
        Jaclyn M. Mason, Esq. (via e-mail)
        Manuel C. Nelson, Esq. (via e-mail)
        James D. Heisman, Esq. (via e-mail)