# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION,<br><br>Defendants. | Civil Action No. 04-343-JJF |

**PLAINTIFF'S OBJECTIONS AND ANSWERS TO
DEFENDANT VIEWSONIC CORPORATION'S THIRD SET OF INTERROGATORIES**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P. 33 and 26, objects and responds as follows to Defendant ViewSonic Corporation's ("ViewSonic") Third Set of Interrogatories.

**PRELIMINARY STATEMENT**

1.  LPL makes the objections and answers herein (collectively "Answers") based solely on its current knowledge, understanding, and belief as to the facts and the information available to it as of the date of the Answers. Additional discovery and investigation may lead to additions to, changes in, or modifications of these Responses. LPL reserves the right to produce subsequently discovered information and to introduce such subsequently discovered information at the time of any hearing or trial in this action.

2.  LPL does not waive any objection made in these Answers, nor any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in the Answers. Any inadvertent disclosure of information or inadvertent

1

identification or production of any document shall not constitute waiver of any applicable privilege.

3. LPL incorporates by reference the following General Objections within each of the individual Objections and Answers to these Interrogatories. All Answers are made subject to each and without waiving any of such objections. LPL's specific Objections are not intended to preclude, override, or withdraw any of the General Objections to that Interrogatory.

## GENERAL OBJECTIONS

These general objections apply to each Interrogatory and thus, for convenience, are not repeated after each Interrogatory, but rather are set forth herein and are hereby incorporated into each response. By responding to any particular interrogatory with the phrase "Subject to and without waiving these objections," we are incorporating by reference not only the specific objections but also these general objections.

1. LPL objects to each Interrogatory to the extent it seeks information subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

2. LPL objects to each Interrogatory to the extent it seeks discovery of trade secrets or other confidential research, development or commercial information and will only produce such information subject to the Protective Order entered in this action. However, to the extent that any Interrogatory calls for the disclosure or production of confidential information of third parties that are in Plaintiff's possession, Plaintiff shall attempt to obtain the consent of such third party prior to disclosure or production. If Plaintiff cannot obtain such consent, Plaintiff will not disclose or produce the information.

3.  LPL objects to these Interrogatories to the extent that they request information that is: a) not in Plaintiff's possession; b) already in ViewSonic's possession; c) in the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule, as unduly burdensome, oppressive, and designed to harass.

4.  LPL objects to these Interrogatories as unduly burdensome, oppressive, and designed to harass to the extent that they request information in the possession of others, as such information is beyond the scope of LPL's "custody and control."

5.  LPL objects to these Interrogatories to the extent they request information not relevant to the claims and defenses in this case, or not reasonably calculated to lead to the discovery of admissible evidence.

6.  LPL objects to these Interrogatories to the extent that they ask Plaintiff to identify documents as overly broad and unduly burdensome, in that the interrogatory seeks numerous particulars that can be discerned from the documents themselves.

7.  LPL objects to ViewSonic's "Definitions and Instructions" to the extent that they purport to impose obligations not required under the Federal Rules of Civil Procedure.

8.  LPL objects to Special Definition B of "LPL" because it is overly broad, unduly burdensome and improperly includes a variety of persons and entities over which LPL has no control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client privilege and work product doctrine.

9.  LPL objects to Special Definition F because it is overly broad and unduly burdensome in that it is not limited to foreign counterparts of the Patents-in-Suit.

11. LPL objects to General Definition I to the extent that it exceeds the requirements of the Federal Rules of Civil Procedure. LPL will supplement its responses if required under Fed. R. Civ. P. 26(e).

12. LPL objects to General Definitions H, K, L, and M because they impose unreasonable burdens not required by the Federal Rules of Civil Procedure and exceed the scope of proper discovery. LPL will answer the Interrogatories pursuant to Fed. R. Civ. P. 26 and 33.

## INTERROGATORIES

### INTERROGATORY NO. 30:

Identify each product by model number and/or other designation made, sold, offered for sale, demonstrated or used by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies a "flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent.

### OBJECTIONS AND ANSWER

LPL incorporates its general objections herein by reference. LPL further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL also objects to this Request to the extent that it seeks legal conclusions and/or requires claim constructions because it requires the term "flat panel display device" to be construed. Because as the Special Master has held the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request. In addition, LPL objects to this Interrogatory to the extent it seeks discovery that is the subject of

ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL.  LPL also objects to this Interrogatory because it is vague, ambiguous, and overly broad.

LPL also objects to this Interrogatory to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time.  Any response to this Interrogatory should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  The Special Master recently suggested that discovery should focus on products that practice the rear mount inventions at issue, and LPL's products do not practice the claims or inventions of the Patents-in-Suit.  LPL also objects to this Interrogatory to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows:  LPL has not ever made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit.  LPL reserves the right to supplement this Interrogatory response, if appropriate, when and if additional information becomes available, or otherwise.

**INTERROGATORY NO. 31:**

State the monthly and annual sales and resultant gross and net profits for each product sold by or on behalf of LPL on or after January 1, 1998 by country and by model number and/or other designation that incorporates or embodies a "flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent. It is acceptable, to the extent it is less burdensome for LPL, to provide the information requested by country in a form that provides the information by U.S. and by the rest of the world.

**OBJECTIONS AND ANSWER**

LPL incorporates its general objections herein by reference. LPL further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL also objects to this Request to the extent that it seeks legal conclusions and/or requires claim constructions because it requires the term "flat panel display device" to be construed. Because as the Special Master has held the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request. In addition, LPL objects to this Interrogatory to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL also objects to this Interrogatory because it is vague, ambiguous, and overly broad.

LPL also objects to this Interrogatory to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Interrogatory should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

discovery of admissible evidence. The Special Master recently suggested that discovery should focus on products that practice the rear mount inventions at issue, and LPL's products do not practice the claims or inventions of the Patents-in-Suit. LPL also objects to this Interrogatory to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: LPL has not ever made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit. LPL reserves the right to supplement this Interrogatory response, if appropriate, when and if additional information becomes available, or otherwise.

**INTERROGATORY NO. 32:**

Identify each product by model number and/or other designation made, sold, offered for sale, demonstrated or used by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies a "rear mountable flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent.

**OBJECTIONS AND ANSWER**

LPL incorporates its general objections herein by reference. LPL further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641

Patent, and this Request is not so limited. LPL also objects to this Request to the extent that it seeks legal conclusions and/or requires claim constructions because it requires the term "rear mountable flat panel display device" to be construed. Because as the Special Master has held the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request. In addition, LPL objects to this Interrogatory to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL also objects to this Interrogatory because it is vague, ambiguous, and overly broad.

LPL also objects to this Interrogatory to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Interrogatory should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. The Special Master recently suggested that discovery should focus on products that practice the rear mount inventions at issue, and LPL's products do not practice the claims or inventions of the Patents-in-Suit. LPL also objects to this Interrogatory to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows:  LPL has not ever made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit.  LPL reserves the right to supplement this Interrogatory response, if appropriate, when and if additional information becomes available, or otherwise.

**INTERROGATORY NO. 33:**

State the monthly and annual sales and resultant gross and net profits for each product sold by or on behalf of LPL on or after January 1, 1998 by country and by model number and/or other designation that incorporates or embodies a "rear mountable flat panel display device" as that taw is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent. It is acceptable, to the extent it is less burdensome for LPL, to provide the information requested by country in a form that provides the information by U.S. and by the rest of the world.

**OBJECTIONS AND ANSWER**

LPL incorporates its general objections herein by reference.  LPL further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure.  LPL further objects to this Request because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited.  LPL also objects to this Request to the extent that it seeks legal conclusions and/or requires claim constructions because it requires the term "rear mountable flat panel display device" to be construed.  Because as the Special Master has held the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request.  In addition, LPL objects to this Interrogatory to the extent it seeks discovery that is the

9

subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL also objects to this Interrogatory because it is vague, ambiguous, and overly broad.

LPL also objects to this Interrogatory to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Interrogatory should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. The Special Master recently suggested that discovery should focus on products that practice the rear mount inventions at issue, and LPL's products do not practice the claims or inventions of the Patents-in-Suit. LPL also objects to this Interrogatory to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: LPL has not ever made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit. LPL reserves the right to supplement this Interrogatory response, if appropriate, when and if additional information becomes available, or otherwise.

**INTERROGATORY NO. 34:**

State in detail the material differences between any product made, sold, offered for sale by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies any "rear mountable flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or

56 of the '641 patent and any invention claimed in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent, and any other products made, sold, or offered for sale by or on behalf of LPL on or after January 1, 1998 that incorporate or embody any invention claimed in claims 35, 36 and/or 55 of the '641 patent and/or claims 33, 34, 35 and/or 40 of the '718 patent.

**OBJECTIONS AND ANSWER**

LPL incorporates its general objections herein by reference. LPL further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL also objects to this Request to the extent that it seeks legal conclusions and/or requires claim constructions because it requires the term "rear mountable flat panel display device" to be construed. Because as the Special Master has held the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request. In addition, LPL objects to this Interrogatory to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL also objects to this Interrogatory because it is vague, ambiguous, and overly broad.

LPL also objects to this Interrogatory to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Interrogatory should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. The Special Master recently suggested that discovery should

focus on products that practice the rear mount inventions at issue, and LPL's products do not practice the claims or inventions of the Patents-in-Suit. LPL also objects to this Interrogatory to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: LPL cannot state in detail the material differences between "any product made, sold, offered for sale by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies any "rear mountable flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent and any invention claimed in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent, and any other products made, sold, or offered for sale by or on behalf of LPL on or after January 1, 1998 that incorporate or embody any invention claimed in claims 35, 36 and/or 55 of the '641 patent and/or claims 33, 34, 35 and/or 40 of the '718 patent" because LPL has never made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit. LPL reserves the right to supplement this Interrogatory response, if appropriate, when and if additional information becomes available, or otherwise.

AS TO OBJECTIONS:

March 26, 2007                                         THE BAYARD FIRM

<u>/s/ Richard D. Kirk (rk0922)</u>
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

655451-1                                                                                                                    DC:50463633.1