# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S SECOND SET OF REQUESTS FOR ADMISSION**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P. 26 and 36, objects and responds as follows to Defendant ViewSonic Corporation's ("ViewSonic") Second Set of Requests for Admission.

**GENERAL OBJECTIONS**

These general objections apply to each Request for Admission and thus, for convenience, are not repeated after each Request for Admission, but rather are set forth herein and are hereby incorporated into each response.

1. LPL objects to each Request for Admission to the extent it seeks information subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

1

2.  LPL objects to these Requests for Admissions to the extent they request information not relevant to the claims and defenses in this case, or not reasonably calculated to lead to the discovery of admissible evidence.

3.  LPL objects to ViewSonic's "Definitions and Instructions" to the extent that they are vague and ambiguous, or purport to impose obligations not required under the Federal Rules of Civil Procedure.

4.  LPL objects to Definition B of "LPL" because it is overly broad, unduly burdensome and improperly includes a variety of persons and entities over which LPL has no control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client privilege and work product doctrine. As to all the requests for admission, LPL responds only on behalf of LPL.

5.  LPL objects to Definitions and Instructions G and H as related to interrogatories and not to requests for admission.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 34:**

Admit that LPL believes that no product sold by or on behalf of LPL on or after January 1, 1998 incorporates or embodies a "rear mountable flat panel display device" as that term is used in claims 38, 39, 44, 45, and 56 of the '641 patent.

**RESPONSE:**

LPL incorporates its general objections herein by reference. LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "as that term is used in claims . . . ." The claims of the '641 Patent read on multiple embodiments, and simply asking LPL to admit that it believes that its products do not

3

incorporate or embody one of those embodiments renders the Request vague and ambiguous. LPL further objects to this Request on the grounds that it is premature and improper because: i) it would require "that LPL admit or deny whether certain assemblies conform to claims of the patents-in-suit"; and/or ii) the Request seeks "to have LPL admit or deny constructions based upon the actual claim language of the patents-in-suit . . . ." See Special Master's November 8, 2006 Report and Recommendation, pp. 15-18. Because the Scheduling Order contemplates a separate phase for claim construction, and/or because this Court has not yet issued its claim construction Order, it would be premature and impermissible at this juncture to require LPL to respond to this Request. See *Id*. at 18.

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Request should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL also objects to this Request because it seeks legal conclusions and such Request for a legal conclusion under Fed. R. Civ. P. 36 is not appropriate. In addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL further objects to this Request as overly broad, vague and ambiguous because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

3

**REQUEST FOR ADMISSION NO. 35:**

Admit that LPL believes that no product sold by or on behalf of LPL on or after January 1, 1998 incorporates or embodies any invention claimed in claims 38, 39, 44, 45, and 56 of the '641 patent and claim 36 of the '718 patent.

**RESPONSE:**

LPL incorporates its general objections herein by reference. LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request on the ground that vague and ambiguous, including, for example, regarding "any invention claimed in claims…." The claims of the '641 Patent read on multiple embodiments, and simply asking LPL to admit that it believes that its products do not incorporate or embody one of those embodiments renders the Request vague and ambiguous. LPL further objects to this Request on the grounds that it is premature and improper because: i) it would require "that LPL admit or deny whether certain assemblies conform to claims of the patents-in-suit"; and/or ii) the Request seeks "to have LPL admit or deny constructions based upon the actual claim language of the patents-in-suit . . . ." See Special Master's November 8, 2006 Report and Recommendation, pp. 15-18. Because the Scheduling Order contemplates a separate phase for claim construction, and/or because this Court has not yet issued its claim construction Order, it would be premature and impermissible at this juncture to require LPL to respond to this Request. See *Id*. at 18.

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Request should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

4

LPL also objects to this Request because it seeks legal conclusions and such Request for a legal conclusion under Fed. R. Civ. P. 36 is not appropriate. . In addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL further objects to this Request as overly broad, vague and ambiguous because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 36:**

Admit that LPL believes that no product sold by or on behalf of LPL on or after January 1, 1998 incorporates or embodies a "frame" that is "capable of being fixed to a housing of a data processing device" as those terms are used in claim 56 of the '641 patent.

**RESPONSE:**

LPL incorporates its general objections herein by reference. LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL objects to this Request on the ground that vague and ambiguous, including, for example, regarding "as those terms are used in claim 56…." The claims of the '641 Patent read on multiple embodiments, and simply asking LPL to admit that it believes that its products do not incorporate or embody one of those embodiments renders the Request vague and ambiguous. LPL further objects to this Request on the grounds that it is premature and improper because: i) it would require "that LPL admit or deny whether certain assemblies conform to claims of the patents-in-suit"; and/or ii) the Request seeks "to have LPL admit or deny constructions based

5

upon the actual claim language of the patents-in-suit . . . ." See Special Master's November 8, 2006 Report and Recommendation, pp. 15-18.  Because the Scheduling Order contemplates a separate phase for claim construction, and/or because this Court has not yet issued its claim construction Order, it would be premature and impermissible at this juncture to require LPL to respond to this Request.  See *Id*. at 18. .

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time.  Any response to this Request should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL also objects to this Request because it seeks legal conclusions and such Request for a legal conclusion under Fed. R. Civ. P. 36 is not appropriate. .  In addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL.  LPL further objects to this Request as overly broad, vague and ambiguous because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited.  LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 37:**

Admit that LPL does not contend that ViewSonic's VE155b infringes any of claims 38, 39, 44, 45, and 56 of the '641 patent and claim 36 of the '718 patent.

**RESPONSE:**

6

655456-1

LPL incorporates its general objections herein by reference.  LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure.   LPL also objects to this Request to the extent that it seeks legal conclusions, expert opinions, and/or requires claim constructions because as the Special Master has previously held, the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request. LPL also objects to this Request because it seeks legal conclusions and such Request for a legal conclusion under Fed. R. Civ. P. 36 is not appropriate.  LPL further objects to this Request as overly broad, vague and ambiguous because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited.  LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, and based on the information available on the dates these responses were prepared, and reserving the right to supplement this response after the court issues its claim construction Order, LPL states as follows:  Admitted.

March 26, 2007								THE BAYARD FIRM

								/s/ Richard D. Kirk (rk0922)
								Richard D. Kirk
								Ashley B. Stitzer
								222 Delaware Avenue, Suite 900
								P.O. Box 25130
								Wilmington, DE  19899-5130
								rkirk@bayardfirm.com
								(302) 655-5000
								Counsel for Plaintiff
								LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500