# EXHIBIT 11

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

LOS ANGELES, CA

355 S. Grand Ave.
Suite 3150
Los Angeles, CA 90071
TEL: (213) 787 2500
FAX: (213) 687 0498
WEB: www.cblh.com

Scott R. Miller
Partner

TEL (213) 787-2510
EMAIL smiller@cblh.com

*Via Email and U.S. Mail*

April 13, 2007

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006-1108

    Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
            USDC Case No. 04-343 JJF

Dear Cass:

    I write to address LPL's deficient responses to ViewSonic's Request for Production ("RFP") Nos. 121-130, Interrogatory ("ROG") Nos. 31-37, and Request for Admission ("RFA") Nos. 34-36 (collectively "Requests").

    As you know, Paragraphs 1 and 2 of the January 17, 2007 Amended Scheduling Order (DI 401) (respectively amending paragraphs 4(e) and 4(d) of the August 18, 2005 Scheduling Order) permitted the defendants to serve additional discovery requests directed to claims 38, 39, 44, 45, and 56 of the '641 patent and claim 36 of the '718 patent (collectively "new claims") by no later than February 28, 2007 so that proper responses could be timely served by no later than March 30, 2007. In compliance with the Court's directive, on February 23, 2007, ViewSonic served RFP Nos. 121-127, ROG Nos. 31-34, and RFA Nos. 34-37, and on February 28, 2007, ViewSonic served RFP Nos. 128-130, and ROG Nos. 35-37. Except for LPL's response to RFA No. 37, LPL's written replies to these discovery requests are wholly insufficient, and unresponsive.

    For example, LPL improperly objected to each of the Requests based on the erroneous position that the Requests are not limited to the new claims. These objections are not well taken, as the plain reading of each Request is specifically tailored to the new claims.

    Additionally, LPL improperly objected to the Requests to the extent they are not temporally limited to a date on or before December 31, 1998. Again, LPL's position is contrary to the express language in the Requests. ViewSonic has narrowly temporally limited the Requests to periods generally not more than about 10 years in duration.

11589.1



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
April 13, 2007
Page 2

      As another example, LPL continues to represent that LPL products do not practice the claims or inventions of the patents in suit, yet LPL's responses to RFA Nos. 34-36 are irreconcilable with these representations. Moreover, LPL's reliance on the Special Master's November 8, 2006 Report and Recommendation (DI 306) is misguided. The Special Master's November 8, 2006 Report and Recommendation mandates a response to ViewSonic's RFA Nos. 34-36. *See* DI 306, at 23.

      LPL's obstructive conduct prevents ViewSonic from preparing its defense in this case, and is increasingly prejudicial to ViewSonic. Please confirm by the close of business Monday, April 16, 2007, dates or times that LPL will be available to meet and confer on these requests. We also need to meet and confer on the issue of the briefing schedule so that any motion, if required, can be heard on May 4, 2007 per today's discussion with the Special Master. I am available to meet and confer on both or either of these issues on Monday or Tuesday, April 16 or 17, between 1:30 and 3:00 pm PST.

      I look forward to your anticipated cooperation.

                              Sincerely,

                              Scott R. Miller

cc:    All Counsel (via email)

11589.1