# EXHIBIT 12

**Manuel C. Nelson**

---

| | |
|---|---|
| **From:** | Manuel C. Nelson |
| **Sent:** | Wednesday, April 18, 2007 6:34 PM |
| **To:** | 'Cormac Connor' |
| **Cc:** | 'A. Stitzer'; 'Allan Jansen'; 'Anne Shea Gaza'; 'Cass W. Christenson '; 'Christopher Darrow'; 'Dick Kirk'; 'Frank C. Merideth, Jr. '; 'Frederick L. Cottrell'; 'Gap Bono'; 'HassidS@gtlaw.com'; Jaclyn M. Mason; James Heisman; Jeff Bove; Jill J. Herr; Julie Lorenzen; Kristen Rohrabaugh; 'Lees'; Litigation Docketing Desk; 'Lora A. Brzezynski '; 'Mark Krietzman'; 'Michael Secondo'; Nancy Phillips; 'Ohc'; 'Pouratiand'; 'Rel Ambrozy'; 'S. Klevens'; Scott Miller; 'Tracy R. Roman'; 'Valerie Ho' |
| **Subject:** | RESENDING: April 18, 2007 meet and confer re ViewSonic's discovery requests |

Dear Mr. Connor,

Thank you for meeting and conferring with me today on ViewSonic's most recent discovery requests. We agreed to continue the call, and you asked me to propose times tomorrow when ViewSonic will be available. Scott and I will be traveling tomorrow. However, I can continue our meet and confer at 7:00 am PST (10:00 am EST), at least to raise the remaining issues that we did not have time to discuss today. I am not available any other time tomorrow, and likely will not be available Friday. I will call your office tomorrow at 7:00 am PST (this time is corrected from the time indicated in my earlier email).

To move things forward, pursuant to the Special Master's suggestion, you and I discussed a possible briefing schedule for a motion to compel ViewSonic may file regarding its most recent discovery requests (i.e., RFPs 121-130, ROGs 31-37, and RFAs 34-36). I proposed the following briefing schedule:
    ViewSonic's motion to be served by email by the end of the day April 24, 2007, and filed by hand with the Special Master first thing April 25, 2007;
    LPL's opposition to be served and filed by 5:00 pm May 1, 2007.
Please let me know if this proposed briefing schedule is acceptable to LPL. In the meantime, we will check with Mr. Heisman regarding the propriety of the proposed briefing schedule.

The following briefly summarizes our discussions today regarding various objections of LPL to ViewSonic's recent discovery requests:

(1) LPL's objection that various terms used in the discovery requests (e.g., flat display panel, first frame, second frame, flat panel display device, rear mountable flat panel display device) require construction. I explained ViewSonic's position that LPL's and ViewSonic's constructions of these terms are not mutually exclusive. While ViewSonic's interpretation of these terms is narrower, and LPL's broader, neither LPL's interpretation nor ViewSonic's interpretation of, e.g., first frame, second frame, flat panel display device, rear mountable flat panel display device, etc. excludes LPL's LCD modules. (If I am mistaken, I ask that you please confirm that LPL's position is that LPL's interpretation of these terms does not encompass its own products.) You advised that LPL needed some time to review ViewSonic's position. We agreed to continue this discussion.

(2) LPL's objection that the recent discovery is not limited to the new claims. Specifically, I understand LPL's position to be that the new discovery must be limited to the new terms in the new claims, and that ViewSonic cannot seek discovery of information that could have been sought earlier. I indicated that ViewSonic does not agree with LPL's position, and agreed to look for a citation to a hearing transcript regarding this issue. Please see the transcript of the January 19, 2007 hearing with the Special Master, p. 9, l. 15 to p. 10, l. 11.

(3) LPL's objection that ViewSonic's recent discovery requests seek the same discovery sought by ViewSonic's February 16, 2007 motion to compel. I indicated that the recent discovery requests are different than the requests that are the subject of ViewSonic's February 16, 2007 motion. I also indicated that, although information that is responsive to ViewSonic's new requests may also be responsive to other requests, that does not make the new requests improper. I understand LPL's position to be that ViewSonic cannot use new requests to seek information that is responsive to prior requests. ViewSonic does not agree with LPL's position under the circumstances here.

(4) LPL's objection that discovery should focus on products that practice the rear mount inventions of the patents at issue. I indicated that, as a general proposition, a patentee will seek a different scope of information than will an accused infringer. Specifically, in addition to LCD modules with holes on the rear surface, LCD modules that practice side mounting and front mounting are relevant for invalidity (obviousness) and damages considerations.

(5) LPL's objection that RFP 130 is duplicative of RFP 129. We discussed that LPL's transcription of RFP 130 contained a typo, and that RFP 129 and 130 are mutually exclusive, not duplicative.

We also discussed LPL's response to RFA 35. LPL and ViewSonic are aware of the Special Master's November 11, 2006 R&R, at 22-24, that impacts this RFA. You asked whether ViewSonic would accept a response to RFA 35 from LPL that was subject to the Special Master's claim construction order, and Judge Farnan's review of such order. ViewSonic is prepared to accept an admission or denial in response to RFA 35 that is subject to the Special Master's claim construction order, and Judge Farnan's review of such order.

I look forward to discussing the remaining issues with you tomorrow.

Regards,

Manuel

5/2/2007