# EXHIBIT 20

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILLIPS, L.G., LCD CO., LTD, ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 04-343(JJF) |
| ) | |
| v. ) | |
| ) | |
| TATUNG CO., TATUNG COMPANY OF ) | |
| AMERICA, INC., and VIEWSONIC ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

Hearing of above matter taken pursuant to notice before Renee A. Meyers, Registered Professional Reporter and Notary Public, in the law offices of BLANK ROME, LLP, 1201 North Market Street, Wilmington, Delaware, on Friday, January 19, 2007, beginning at approximately 11:45 a.m., there being present:

BEFORE:  VINCENT J. POPPITI, SPECIAL MASTER

APPEARANCES:

       THE BAYARD FIRM
       RICHARD D. KIRK, ESQ.
         222 Delaware Avenue, Suite 900
         Wilmington, Delaware  19899
         for Plaintiffs

CORBETT & WILCOX
Registered Professional Reporters
230 North Market Street     Wilmington, DE 19899
(302) 571-0510
www.corbettreporting.com
Corbett & Wilcox is not affiliated
with Wilcox & Fetzer, Court Reporters

2 (Pages 2 to 5)

### Page 2

```
 1   APPEARANCES (Continued):
 2        MCKENNA, LONG & ALDRIDGE, LLP
          CASS W. CHRISTENSON, ESQ.
 3        REL S. AMBROZY, ESQ.
          JESSE KOKRDA, ESQ.
 4        LORA BRZEZYSKI, ESQ.
            1900 K Street, N.W.
 5          Washington, D.C. 20006
            for Plaintiffs
 6
          RICHARDS LAYTON & FINGER
 7        FREDERICK L. COTTRELL, III, ESQ.
          ANNE SHEA GAZA, ESQ
 8          One Rodney Square
            Wilmington, Delaware 19801
 9          for Defendant Tatung Co.
10        GREENBERG TRAURIG LLP
          FRANK MERIDETH, ESQ.
11        VALERIE HO, ESQ.
            2450 Colorado Avenue, Suite 400E
12          Santa Monica, California 90404
            for Defendant Tatung Company of America, Inc.
13
          CONNOLLY BOVE LODGE & HUTZ LLP
14        JACQUELINE MASON, ESQ.
            1007 North Orange Street
15          Wilmington, Delaware 19899
            for Defendant Viewsonic Corporation
16
          BINGHAM McCUTCHEN LLP
17        SCOTT R. MILLER, ESQ.
          MANUEL NELSON, ESQ.
18          355 South Grand Avenue
            Los Angeles, California 90071-3106
19          for Defendant Viewsonic Corporation
20
21
22
23
24
```

### Page 3

 1    SPECIAL MASTER POPPITI: I sincerely
 2 appreciate the work that local counsel did last night to
 3 agenda items that are ripe for some discussion, not
 4 necessarily ripe for determination, but for at least ripe
 5 for some discussion, and I will use the agenda that
 6 Miss Mason and others prepared, so I am looking at the
 7 January 19th document which I received this morning.
 8    The first item on the agenda is
 9 questions regarding the Amended Rule 16 Scheduling Order
10 which Judge Farnan issued on January 17th, and let me
11 suggest, perhaps, some items that certainly should be
12 discussed and entertain any discussion with respect to
13 any other items that you all need to bring to my
14 attention.
15    No. 1 -- and this may address the
16 request of LPL that defendants identify whether they seek
17 briefing on any additional claim terms -- looking at
18 paragraph five of the Amended Rule 16C Scheduling Order,
19 I expect that the way that is intended to operate is that
20 rather than filing a response brief by each of you on
21 January 31, 2007, that filing date would be forestalled
22 and the filing date for responsive briefs in the
23 paragraph five that I just referenced to be filed on May
24 15 of 2007, would be the response briefs that would be

### Page 4

 1 global, if you will. It would encompass what you have
 2 already briefed and it would encompass any supplemental
 3 briefing on additional claim terms.
 4    So, with that, the expectation is that
 5 that permits you to direct your focus on other work and
 6 on other deadlines as contemplated by the order.
 7    So, as I would expect paragraph five to
 8 operate, it is really supplemental opening briefing, if
 9 you will, on additional claim terms and a global
10 responsive brief on everything that you have briefed
11 heretofore and the new terms that you briefed by April
12 30.
13    Does that answer LPL's suggestion of a
14 discussion topic?
15    MR. AMBROZY: Your Honor, this is Rel
16 Ambrozy. The thing that we are curious about was I think
17 we had previously identified either today -- I think it
18 was the 19th of January as the date for defendants to
19 identify additional claim terms, so if I understand you
20 correctly, they don't need to do that until we exchange
21 the chart on the 15th; is that right?
22    SPECIAL MASTER POPPITI: No. This,
23 again, as I see the operation of this document, I am just
24 referring to briefing.

### Page 5

 1    MR. AMBROZY: Okay. That's all I wanted
 2 to know. Thank you, Your Honor.
 3    SPECIAL MASTER POPPITI: None of the
 4 other dates in the scheduling order, unless they have
 5 been addressed by this supplement, should be considered
 6 changed.
 7    MR. CHRISTENSON: Your Honor, Cass
 8 Christenson for LPL. I think, as a point of
 9 clarification, LPL was wondering whether there are,
10 indeed, any additional terms that would require briefing
11 at this point given the fact that LPL has withdrawn some
12 of the additional claims from the process, so --
13    SPECIAL MASTER POPPITI: I understand
14 your comment, and that really is for you all to discuss.
15 Whether you want to discuss it now or whether you want to
16 discuss it off-line, it matters not to me. If you want
17 to take this time to do that, please feel free to do
18 that, but I --
19    MR. AMBROZY: Your Honor, that's why I
20 brought up the January 19th date that the Court had set.
21    SPECIAL MASTER POPPITI: Sure. And I
22 understand that the landscape has changed somewhat, so
23 if, by virtue of what you have done, we don't need to
24 operate under the amended order, then certainly tell me

Page 6

1  that. But what I was expecting is if there is the need
2  for supplemental briefing, that paragraph five addresses
3  that.
4           MR. AMBROZY: Your Honor, that's why we
5  were curious about sticking to the January 19th date
6  because if there are no additional terms, then we don't
7  believe there would be a need to modify the original
8  paragraph eight of the scheduling order.
9           MR. MILLER: Your Honor, this is Scott
10 Miller for Viewsonic. I think where we are today is we
11 believe there are probably two or three terms that are
12 going to be, from our standpoint, that we have identified
13 that likely will be submitted. The one thing that's
14 missing from the proposed amended schedule that was in
15 the original scheduling order was a process by which
16 terms were identified, which we had as the 19th, and then
17 the question of the parties exchanging proposed
18 constructions to see if they could reach some agreement
19 as to the meaning of those terms or not or at least know
20 where everybody's proposed construction is prior to
21 updating the chart on the 15th.
22          I don't know if there is -- if it's
23 possible to set a date for that exchange of proposed
24 constructions?

Page 7

1           SPECIAL MASTER POPPITI: No reason not
2  to.
3           MR. MILLER: Excuse me?
4           SPECIAL MASTER POPPITI: I said, "There
5  is no reason not to."
6           Do you want to discuss that now?
7           MR. MILLER: Sure. As to exchanging the
8  proposed terms, we had targeted today as the date. Given
9  the change and everything else that's gone on, I was sort
10 of hoping that we could move it to Monday, but if we have
11 to do it today we can do it to leave it to the prior
12 schedule, but Monday would just be more convenient so
13 that we could finalize those terms. So we could do it,
14 from my standpoint, by noon on Monday, our time, which
15 would be 3:00 Eastern Time so there wouldn't be a huge
16 loss of opportunity.
17          And then I would suggest maybe the
18 parties exchange proposed constructions perhaps two weeks
19 after that so that they can -- it's going to be a small
20 number of terms, so we could do it more quickly if people
21 want, but I am just trying to fit it into, because we are
22 going to have a lot of discovery happening given the
23 discovery cutoff date that's been established, so my
24 thought was sort of two weeks to do exchange of proposed

Page 8

1  constructions which would be February 5th.
2           MR. AMBROZY: We are okay with that.
3  And I think within two weeks from the February 5th date,
4  I think we could exchange and determine whether the
5  claims even require briefing. And if they do, then we
6  just stick with your new paragraph five of the claim
7  chart being updated on April 15th. We would brief the
8  new terms on April 30, and then we'd have the one single
9  response brief on May 15.
10          MR. MILLER: If there is no new opening
11 brief, then we would just, presumably, have the response
12 brief on May 15th?
13          SPECIAL MASTER POPPITI: Right.
14          MR. AMBROZY: I am just concerned -- I
15 see also that the scheduling order requires a Markman
16 hearing no later than May 30.
17          SPECIAL MASTER POPPITI: Yes.
18          MR. AMBROZY: And you believe that
19 getting the response brief by May 15 is enough time to
20 conduct that hearing by the 30th?
21          SPECIAL MASTER POPPITI: Yes.
22          MR. AMBROZY: Thank you, Your Honor.
23          SPECIAL MASTER POPPITI: So, if those
24 dates make sense to everyone, consider them done. And,

Page 9

1  again, I would, although I can go through the transcript
2  when I have it to issue those dates from my desk, if
3  someone would do the courtesy of capturing them and
4  circulating them to make sure we are all on the same page
5  with dates and send it to me either close of business
6  today or midday on Monday, that would be great.
7           MS. MASON: Your Honor, this is
8  Jacqueline Mason. That's fine. Local counsel will work
9  together again to get that to you.
10          SPECIAL MASTER POPPITI: Appreciate
11 that.
12          MR. AMBROZY: Your Honor, Rel Ambrozy
13 again.
14          SPECIAL MASTER POPPITI: Yes.
15          MR. AMBROZY: Paragraph one of your new
16 Amended Rule 16 discusses that, in the italics, including
17 all deposition as well as interrogatories and document
18 discovery directed to the new claims.
19          SPECIAL MASTER POPPITI: Yes.
20          MR. AMBROZY: But then in paragraph two,
21 it talks about ten additional interrogatories, ten
22 requests for admissions, and ten document requests. I
23 just want to clarify, since the request for admissions
24 were not captured in paragraph one, that the ten

Page 10

1  additional requests for admission are limited to just the
2  new terms.
3              SPECIAL MASTER POPPITI: Just to the new
4  terms, that's correct.
5              MR. AMBROZY: Thank you, Your Honor.
6              MR. MILLER: New terms or the new
7  claims?
8              SPECIAL MASTER POPPITI: New claims.
9              MR. MILLER: Thank you.
10             SPECIAL MASTER POPPITI: Sorry, the new
11 claims.
12             Next question on the scheduling order:
13 Are there any other issues that you see need to be
14 discussed?
15             MR. KIRK: Your Honor, this is Dick Kirk
16 for the plaintiff, for LPL. I do have one that I would
17 like to discuss with Your Honor this morning. The
18 original scheduling order said that depositions --
19             SPECIAL MASTER POPPITI: Mr. Kirk, which
20 scheduling order are you referring to?
21             MR. KIRK: Well, the very original one,
22 8/18, 2005.
23             SPECIAL MASTER POPPITI: I have that.
24             MR. KIRK: Paragraph 4E said that

Page 11

1  depositions -- I don't want to make amends -- but it
2  says, "Depositions shall be completed by November 17,
3  2006." That date was moved, by agreement of the parties,
4  but the parties had contemplated, I think, that that
5  reference really meant depositions of each other, not
6  necessarily third parties, I think, in part, because that
7  completion date was still 15 months before the start of
8  trial.
9              Recently, the parties agreed, among
10 themselves, that third-party discovery, deposition
11 discovery, could continue and end by, it was 90 days
12 before the trial, so I think that would be October
13 21st --
14             SPECIAL MASTER POPPITI: I saw that.
15             MR. KIRK: -- or thereabouts. And we
16 reported -- it was one of the few things we agreed on --
17 and reported to Your Honor, in a letter from my partner,
18 Ashley Stitzer, on January 10.
19             The new scheduling order says that the
20 time to complete third-party discovery is March 30, 2007,
21 so at least our initial response is that that has at
22 least cut our -- the time we were contemplating by some
23 seven months. And at least right now, our -- LPL's
24 feeling is that there will be a difficulty in noticing,

Page 12

1  serving, and probably fighting about third-party
2  depositions in that short of time within the next 70
3  days, I guess, is what we have, so we would like to talk
4  about that if we could.
5              SPECIAL MASTER POPPITI: Well, yeah.
6  Certainly talk about it. I did bring your request to the
7  attention of Judge Farnan, so he was aware of the request
8  that was mutual to deal with issues involving third-party
9  discovery as you described.
10             MR. KIRK: Would Your Honor want us,
11 LPL, or everybody, to maybe file a motion addressing this
12 particular item?
13             SPECIAL MASTER POPPITI: I don't know
14 that I need a motion. What I'd like you to do, knowing
15 that it is now more clearly my responsibility to manage
16 this going forward, I would like you to describe why all
17 of the time you are requesting is necessary.
18             As I read the original scheduling order,
19 I read that to mean non-expert deposition discovery, and
20 I read that, therefore, to mean non-expert deposition
21 discovery even of contemplating third parties.
22             I am looking at the language dealing
23 with depositions. The second sentence of that paragraph
24 reads, "The limits on the number, length, and timing of

Page 13

1  non-expert depositions may be modified by agreement of
2  the parties or by order of the Court for good cause."
3              So, I guess what I need, in light of
4  what you are suggesting, is whether it is a joint
5  document or whether it is a document, no more than two
6  pages each, describing for me why you each believe there
7  is good cause to extend that right up to the front door
8  of the trial.
9              MR. KIRK: Yes, Your Honor.
10             SPECIAL MASTER POPPITI: And I realize,
11 you know, looking down at the scheduling order that Judge
12 Farnan entered, I know that the time frames are
13 challenging, but I also know that the discovery cutoff,
14 as it presently exists in that scheduling order, is
15 two-and-a-half months away.
16             So, if there is an interest to provide a
17 submittal that is jointly submitted, I am certainly happy
18 to receive that.
19             MR. KIRK: Your Honor, if may
20 suggest that counsel talk among themselves.
21             SPECIAL MASTER POPPITI: I was just
22 going to suggest if you want to take, even now, just a
23 few minutes off-line, I mean, I can do that. I will just
24 go off-line and I will dial back in so that you don't