# EXHIBIT 24-1



PATENT
8733.042.00

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re application of

**Jong Hwan KIM et al.**                    Group Art Unit: **2835**

Application No.: **09/285,338**              Examiner: **Y. Chang**

Filed: **April 2, 1999**

For:   **PORTABLE COMPUTER HAVING A FLAT PANEL DISPLAY DEVICE**

RECEIVED
JAN 28 2002
TC 2800 MAIL ROOM

## REQUEST FOR RECONSIDERATION

Commissioner of Patents
Washington, D.C. 20231

Dear Sir:

In response to the Examiner's Final Office Action dated June 20, 2001, the following amendments and remarks are respectfully submitted.

## REMARKS

At the outset, the Examiner is thanked for the thorough review and consideration of the subject application.

In the Final Office Action dated September 20, 2001 the Examiner rejected claims 1-34 under 35 U.S.C. § 102(b) as being anticipated by Abell, Jr. et al. (U.S. Pat. No. 5,268,816). Claims 35-43, 47-50 and 54-55 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Yun et al. (U.S. Pat. No. 5,835,139) and claims 44-46 and 51-53 were rejected under 35 U.S.C. § 103(a) over Yun et al. in view of Liu (U.S. Pat. No. 5,423,605). In addition, the Examiner objected to the drawings as not showing every feature of the

VS5005602

Application No.: 09/285,338                              Docket No.: 8733.042.00
Group Art Unit: 2835                                                        Page 2

invention specified in the claims. Claims 1-55 are pending in this application. Applicants

respectfully traverse the rejections and reconsideration is requested.

The Examiner objected to the drawings under 37 CFR 1.83(a) as not containing every

feature of the claimed invention. Applicants respectfully traverse these objections and

reconsideration is requested. The Examiner states *"the 'first fastening element', 'second*

*fastening element', 'third fastening element', 'first support member', 'second support*

*member', 'a flat panel display', 'a light source unit', 'a first part', and 'a second part' must*

*be shown."* Applicants respectfully submit that examples of each of the above-listed

elements are clearly shown in the Drawings and described in the specification. For example

only, first fastening elements (associated with a case) are shown in: Fig. 5, element 21a; Fig.

6 & 7, element 23; Fig. 8, element 30a; and Figs. 15 & 16, element 30b. Also, for example

only, second fastening elements (associated with a display device) are shown in: Figs. 4C &

5, element 15; Figs. 6 & 7, element 17; Figs. 8 & 9, element 15; and Figs. 15 & 16, element

19. Also, for example only, Fig. 8, element 24c shows a third fastening element associated

with a display device support member 24. All of these are examples of "a fastening part."

Moreover, for example only, the hinge arm element 24b shown in Figs. 8, 9, 12-14 includes a

first support member and a second support member together forming an "F-shaped" display

device support member. Further, for example only, Figs. 5 and 6 show a "peg" (element

15a). Also, for example only, Figs. 15 and 16 show a fastener 19 having a first part and a

second part where the first part is larger than the second part to be retained in the hole 30b.

Accordingly, Applicants respectfully submit that examples of all claim elements are clearly

indicated in the drawings, and respectfully request the Examiner to withdraw all objections to

the drawings.

DC:92321.1

VS5005603

Application No.: 09/285,338                                   Docket No.: 8733.042.00
Group Art Unit: 2835                                                          Page 3

The Examiner rejected claims 1-34 under 35 U.S.C. § 102(b) as being anticipated by Abell, Jr. et al. Applicants respectfully traverse these rejections and reconsideration is requested.

Claim 1 is allowable over the cited references in that claim 1 recites a combination of elements including, for example, "a display device including a second fastening element at a rear surface of the display device, the case and the display device being attached through the first and second fastening elements . . . ." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. In contrast, Abell, Jr. et al. discloses a front mounted LCD display while the instant invention utilizes a rear mounted display. Accordingly, Applicants respectfully submit that claims 2-27 which depend from claim 1, are allowable over the cited references.

Claim 30 is allowable over the cited references in that claim 1 recites a combination of elements including, for example, "a display device including a second fastening element at a rear surface of the display device, the case and the display device being attached through the first and second fastening elements . . . ." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. For at least the similar reasons as discussed above Abell Jr., et al., fails to teach each and every element of the claimed invention. Accordingly, Applicants respectfully submit that claims 31-34 which depend from claim 30, are allowable over the cited references.

The Examiner rejected claims 35-43, 47-50 and 54-55 under 35 U.S.C. §103(a) as being unpatentable over Yun et al. Applicants respectfully traverse these rejections and reconsideration is requested.

VS5005604

Application No.: 09/285,338                              Docket No.: 8733.042.00
Group Art Unit: 2835                                                      Page 4

Claim 35 is allowable over the cited references in that claim 1 recites a combination

of elements including, for example, "wherein the flat display panel is between the first frame

and the second frame, the first frame of the backlight unit capable of being fixed to a housing

of the data processing device through the fastening part at the rear surface of the first frame."

None of the cited references, singly or in combination, teaches or suggests at least this feature

of the claimed invention. The Examiner admits Yun et al. fails to teach at least this element,

however, appears to rely on Official Notice to cure the deficiencies of Yun et al. The

Examiner states, *"It would have been obvious to one having ordinary skill in the art at the*

*time of the invention was made to rearrange the fastening parts being on the rear surface of*

*the first frame, since it has been held that rearranging parts of an invention involves only*

*routine skill in the art."* The Examiner may take official notice of facts outside of the record

which are capable of instant and unquestionable demonstration as being "well-known" in the

art. As set forth in M.P.E.P. § 2144.03, if an applicant traverses an assertion made by an

Examiner while taking official notice, the Examiner should cite a reference in support of their

assertion. Therefore, Applicants traverse all use of Official Notice in the outstanding office

action.

In the alternative, if the Examiner is not relying on Official Notice, Applicants,

respectfully submit the Examiner has not meet his burden in establishing a *prima facie* case

of obviousness. There is no proper motivation or suggestion found in the reference for one of

ordinary skill in the art to utilizing alleged teachings.

Rather, Applicants respectfully submit that such combination is suggested only by the

claimed invention and to do so would be considered impermissible hindsight. Accordingly,

DC:92321.1

Application No.: 09/285,338                          Docket No.: 8733.042.00
Group Art Unit: 2835                                                    Page 5

Applicants respectfully submit that claims 36-46 which depend from claim 35, are allowable over the cited references.

Claim 47 is allowable over the cited references in that claim 1 recites a combination of elements including, for example, "wherein the flat panel display is between the first frame and the second frame, the first a frame of the backlight unit capable of being fixed to the housing through the fastening part at he rear surface of the first frame." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. For at least the similar reasons as discussed above the Examiner has not established a prima facie case of obviousness. Accordingly, Applicants respectfully submit that claims 48-54 which depend from claim 47 are allowable over the cited references.

If the Examiner deems that a telephone call would further the prosecution of this application, the Examiner is invited to call the undersigned at (202) 624-1250. All correspondence should continue to be sent to the below-listed address.

DC:92321.1

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                        Page 6

If these papers are not considered timely filed by the Patent and Trademark Office,

then a petition is hereby made under 37 C.F.R. § 1.136, and any additional fees required

under 37 C.F.R. § 1.136 for any necessary extension of time, or any other fees required to

complete the filing of this response, may be charged to Deposit Account No. 50-0911. Please

credit any overpayment to deposit Account No. 50-0911.

Respectfully submitted,

LONG ALDRIDGE & NØRMAN, LLP

Date:   January 24, 2002          By  John M Kelly  33,920  for
                                      Song K. Jung
                                      Registration No: 35,210

701 Pennsylvania Avenue, N.W.
Sixth Floor, Suite 600
Washington, D.C. 20004
Telephone No.:  (202) 624-1200
Facsimile No.:  (202) 624-1298

DC:92321.1

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/285,338 | 04/02/1999 | JONG HWAN KIM | 8733D-7033 | 3601 |

7590    02/26/2002

SONG K. JUNG
LONG ALDRIDGE & NORMAN, LLP
SIXTH FLOOR
701 PENNSYLVANIA AVE.,N.W.
WASHINGTON,, DC   20004

| EXAMINER |
|---|
| CHANG, YEAN HSI |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2835 | |

DATE MAILED: 02/26/2002    _18_

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

VS5005608

| Interview Summary | Application No. | Applicant(s) |
|---|---|---|
| | 09/285,338 | KIM ET AL. |
| | Examiner | Art Unit |
| | Yean-Hsi Chang | 2835 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Yean-Hsi Chang_.                    (3)_____.

(2) _Mr. Song K. Jung_.                   (4)_____.

Date of Interview: _19 February 2002_ .

Type:  a)☐  Telephonic    b)☐  Video Conference
c)☒  Personal [copy given to: 1)☐  applicant    2)☐  applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes    e)☐ No.
If Yes, brief description: _____ .

Claim(s) discussed: _1_ .

Identification of prior art discussed: _____ .

Agreement with respect to the claims  f)☒  was reached.   g)☐  was not reached.   h)☐  N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _The independent claims are to be amended with limitation "back mounted display" or the equivalent and pending for approval_ .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

    i)☒  It is not necessary for applicant to provide a separate record of the substance of the interview(if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

DARREN SCHUBERG
PRIMARY EXAMINER
Supervisory Patent

Examiner's signature, if required

Examiner Note:  You must sign this form unless it is an
Attachment to a signed Office action.

U.S. Patent and Trademark Office
PTO-413 (Rev. 03- 98)                    Interview Summary                    Paper No. 18.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/285,338 | 04/02/1999 | JONG HWAN KIM | 8733D-7033 | 3601 |

7590    03/20/2002

SONG K. JUNG
LONG ALDRIDGE & NORMAN, LLP
SIXTH FLOOR
701 PENNSYLVANIA AVE.,N.W.
WASHINGTON,, DC  20004

| EXAMINER |
|---|
| CHANG, YEAN HSI |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2835 | 19 |

DATE MAILED: 03/20/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

VS5005611

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 09/285,338 | KIM ET AL. |
| | Examiner | Art Unit |
| | Yean-Hsi Chang | 2835 |

*— The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒  Responsive to communication(s) filed on <u>24 January 2002</u> .

2a) ☐  This action is FINAL.   2b) ☒  This action is non-final.

3) ☐  Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒  Claim(s) <u>1-55</u> is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐  Claim(s) _____ is/are allowed.

6) ☒  Claim(s) <u>1-55</u> is/are rejected.

7) ☐  Claim(s) _____ is/are objected to.

8) ☐  Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐  The specification is objected to by the Examiner.

10) ☒  The drawing(s) filed on <u>02 April 1999</u> is/are: a)☐ accepted or b)☒ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐  The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12) ☐  The oath or declaration is objected to by the Examiner.

## Priority under 35 U.S.C. §§ 119 and 120

13) ☒  Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☒ All  b)☐ Some * c)☐ None of:

1. ☒  Certified copies of the priority documents have been received.

2. ☐  Certified copies of the priority documents have been received in Application No. _____ .

3. ☐  Copies of the certified copies of the priority documents have been received in this National Stage
application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14) ☐  Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐  The translation of the foreign language provisional application has been received.

15) ☐  Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

## Attachment(s)

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .
4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____ .

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)                    Office Action Summary                    Part of Paper No. 19

VS5005612

Application/Control Number: 09/285,338                                    Page 2
Art Unit: 2835

## DETAILED ACTION

### Drawings

1.     The drawings are objected to under 37 CFR 1.83(a).  The drawings must show every feature of the invention specified in the claims.  Therefore, the "first fastening element", "second fastening element", "third fastening element",  "first support member", "second support member", "a flat panel display", "a light source unit", "a first part", and "a second part" must be shown or the feature(s) canceled from the claim(s).  No new matter should be entered.

### Claim Rejections - 35 USC § 102

2.     The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless —

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

3.     Claims 1-34 are rejected under 35 U.S.C. 102(b) as being anticipated by Abell Jr. et al. (US 5,268,816).

Abell teaches a portable computer (10, fig. 2) comprising: a body having an information input device; a case having a first fastening element; a display device including a second fastening element at a rear surface of the LCD display device; a

Application/Control Number: 09/285,338                                    Page 3
Art Unit: 2835

hinge; a display device support member having a third fastening element attached to the display device; a hinge arm attached to the display device, having a pin portion, and an extended portion shaped like a "F", "L", "C", "E", or "H"; and fastening holes and screws being at four corners, and covered behind a bezel.

### Claim Rejections - 35 USC § 103

4.     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

5.     Claims 35-43, 47-50 and 54-55 are rejected under 35 U.S.C. 103(a) as being unpatentable over Yun et al. (US 5,835,139).

Yun teaches a flat panel display device (fig. 6) comprising: a backlight unit including a first frame having fastening parts at four corners, a reflector unit, a light source unit, a light guide unit, a diffuser unit, and a prism unit; a flat display panel between the first frame and a second frame; and screws for fastening purposes.

Yun discloses the claimed invention except for the fastening part being on a rear surface of the first frame. It would have been obvious to one having ordinary skill in the art at the time the invention was made to rearrange the fastening parts being on the rear surface of the first frame, since it has been held that rearranging parts of an invention involves only routine skill in the art. *In re Japikse*, 86 USPQ 70 (CCPA 1950).

Application/Control Number: 09/285,338                                    Page 4
Art Unit: 2835

6.     Claims 44-46 and 51-53 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Yun et al. (US 5,835,139) in view of Liu (US 5,423,605).

       Yun differs from claims 44-46 and 51-53 in that it does not teach a fastening part

including a protruding hook and a hole. However, Liu teaches a fastening part including

a hook (fig. 1) with one portion being larger than another. and a hole. It would have

been obvious to one having ordinary skill in the art at the time the invention was made

to modify the device of Yun with the fastening part taught by Liu for the purpose of snap

assembling.


### *Response to Arguments*


7.     Applicant's arguments filed 24 January 2002 have been fully considered but they

are not persuasive.

       Applicant's argument upon the Drawings Objections states that all claimed

features listed are clearly shown in the drawings and described in the specification as

amended hereby. But it is not true. Since no one name of the claimed features listed in

the Drawings Objections hereinabove, appears in the Specification of the application

after amended by the amendment of 4/25/2001, therefore, it would be impossible for

those elements being shown in any of the drawings. For detailed response, please refer

to the office action of paper 14.

VS5005615



Application/Control Number: 09/285,338                     Page 5
Art Unit: 2835

Applicant argues "the display device of <u>Abell '816</u> does not include a fastening element **on a rear surface of the display device**" for claims 1 and 30. The answer is clearly stated in paragraph 3 herein above.

Applicant argues also about the rejection to claims 35-55 that a fastening part is **on a rear surface of the first frame.** The answer to this argument can be found in paragraph 5 of this Office Action hereinabove.


*Correspondence*


8.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to Yean-Hsi Chang whose telephone number is (703) 306-5798.  The examiner can normally be reached on 07:30-16:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Darren Schuberg can be reached on (703) 308-4815.  The fax phone number for the organization where this application or proceeding is assigned is (703) 305-3431 for regular communications and for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 305-8558.

Application/Control Number: 09/285,338

Art Unit: 2835

Page 6

Yean-Hsi Chang
Patent Examiner
Art Unit: 2835
March 12, 2002

DARREN SCHUBERG
PRIMARY EXAMINER

#20/D
3-29-2
Roberton amdt

PATENT
8733.042.00

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re application of

**Jong Hwan KIM et al.**                    Group Art Unit:  **2835**

Application No.:  **09/285,338**              Examiner:  **Y. Chang**

Filed:  **April 2, 1999**

For:    **PORTABLE COMPUTER HAVING A FLAT PANEL DISPLAY
        DEVICE**

### PRELIMINARY AMENDMENT

Commissioner of Patents
Washington, D.C. 20231

Dear Sir:

        Prior to examination, Applicants submit the following amendments and remarks as

follows.

**IN THE SPECIFICATION:**

        Please amend the specification as shown on the following pages.

**IN THE CLAIMS**

        Please amend claims 1, 2, 10, 19-20, and 25-33, and 35-55, and add new claim 56 as

shown on the following pages.


        A marked-up copy of the claims to show the changes made is attached to this

Preliminary Amendment.


03/15/2002 CV0111    00000119 09285338
                              84.00 OP
01 FC:102                     18.00 OP
02 FC:103

DC:94758.1

VS5005618

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                              Page 2

**Amended Claims 1, 2, 10, 19-20, and 25-33, and 35-55**

1.    (Twice Amended)  A portable computer comprising:

a housing including first and second sections, the first section having an information input device and the second section having a case having a first fastening element;

a rear mountable display device including a second fastening element at a rear surface of the rear mountable display device, the case and the rear mountable display device being attached through the first and second fastening elements;

a hinge coupling the first and the second sections to each other; and

a display device support member having a third fastening element, the display device support member being attached to the rear mountable display device through the third fastening element.


2.    (Twice Amended)  The portable computer according to claim 1, wherein the display device support member is attached to the rear mountable display device through the first and third fastening elements


10.    (Twice Amended)  The portable computer according to claim 7, wherein the arm includes a fastening hole a portion of the arm, the rear mountable display device being attached to the arm through the fastening hole of the arm.


19.    (Twice Amended)  The portable computer according to claim 1, further comprising a screw attaching the rear mountable display device to the second section through the first and second fastening elements.



DC:94758.1

VS5005619

Application No.: 09/285,338                         Docket No.: 8733.042.00
Group Art Unit: 2835                                              Page 3

20.     (Twice Amended)  The portable computer according to claim 1, wherein the
first and second fastening elements include first and second fastening holes, respectively, and
further comprising a screw, the screw attaching the rear mountable display device to the case
through the first and second fastening elements.

25.     (Twice Amended)  The portable computer according to claim 6, wherein the
second fastening element includes at least one fastening hole located at a corner of the rear
mountable display device corresponding to the fastening hole of the first fastening element.

26.     (Twice Amended)  The portable computer according to claim 9, wherein the
second fastening element includes at least two fastening holes at two corners of the rear
mountable display device.

27.     (Twice Amended)  The portable computer according to claim 9, wherein the
second fastening element includes four fastening holes at four corners of the rear mountable
display device.

28.     (Twice Amended)  The portable computer according to claim 1, wherein the
first fastening element and the second fastening element include a screw hole, and a screw is
inserted from the rear of the case to fasten the case to the rear mountable display device.

DC:94758.1

VS5005620

Application No.: 09/285,338
Group Art Unit: 2835

Docket No.: 8733.042.00
Page 4

29.    (Twice Amended)  The portable computer according to claim 28, wherein the screw hole of the case is located at a position corresponding to a display area of the rear mountable display device.

30.    (Twice Amended)  A portable computer comprising:

a housing including first and second sections, the first section having an information input device and the second section having a case having a first fastening element;

a rear mountable display device including a second fastening element at a rear surface of the rear mountable display device, the case and the rear mountable display device being attached through the first and second fastening elements;

a hinge coupling the first and the second sections to each other;

a display device support member including an arm extending upward and a third fastening element, the display device support member being attached to the rear mountable display device through the first and third fastening elements;

wherein the arm includes a fastening hole at a portion of the arm, the rear mountable display device being attached to the arm through the fastening hole of the arm;

wherein the first and second fastening elements include first and second fastening holes, respectively, and the rear mountable display device is attached to the case through the first and second fastening elements using a screw; and

wherein the display device support member is coupled to the hinge.

DC:94758.1



VS5005621

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                              Page 5

31.    (Amended)  The portable computer according to claim 30, wherein the second fastening element is not visible from a viewing direction of the rear mountable display device.



32.    (Amended)  The portable computer according to claim 30, wherein no fastening element is visible when viewed from the viewing direction of the rear mountable display device.

33.    (Amended)  The portable computer according to claim 30, wherein the second fastening element includes protruding portions protruding away from the rear mountable display device.

35.    (Twice Amended)  A rear mountable flat panel display device capable of being mounted to a data processing device, the flat panel display device comprising:



    a backlight unit including a first frame having a fastening part at a rear surface of the first frame, a flat display panel adjacent to the backlight unit; and

    a second frame;

    wherein the flat display panel is between the first frame and the second frame, the first frame of the backlight unit capable of being fixed to a housing of the data processing device through the fastening part at the rear surface of the first frame.

36.    (Amended)  The rear mountable flat panel display device according to claim 35, wherein the fastening part includes a fastening hole.

DC:94758.1



Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                              Page 6

37.    (Amended)  The rear mountable flat panel display device according to claim
36, further comprising a screw attaching the first frame of the backlight unit to the second
frame through the fastening hole.

38.    (Amended)  The rear mountable flat panel display device according to claim
36, wherein the fastening part includes at least two fastening holes at two corners of the first
frame.

Cord D6

39.    (Amended)  The rear mountable flat panel display device according to claim
36, wherein the fastening part includes four fastening holes at four corners of the first frame.

40.    (Amended)  The rear mountable flat panel display device according to claim
35, wherein the backlight unit comprises:

        a reflector unit adjacent the first frame;

        a light source unit adjacent the reflector unit; and

        a light guide unit adjacent the light source unit.

41.    (Amended)  The rear mountable flat panel display device according to claim
40, further comprising a diffuser unit and a prism unit.

DC:94758.1

33

D

VS5005623

Application No.: 09/285,338
Group Art Unit: 2835

Docket No.: 8733.042.00
Page 7

42. (Twice Amended) The rear mountable flat panel display device according to claim 35, wherein the fastening part is not visible from a viewing direction of the flat display panel.

43. (Twice Amended) The rear mountable flat panel display device according to claim 35, wherein the flat panel display device only shows the flat display panel and the second frame when viewed from a viewing direction of the display panel.

44. (Twice Amended) The rear mountable flat panel display device according to claim 35, wherein the fastening part includes a protruding portion protruding away from the flat display panel.

45. (Amended) The rear mountable flat panel display device according to claim 44, wherein the protruding portion includes a peg having a fastening hole.

46. (Amended) The rear mountable flat panel display device according to claim 44, wherein the protruding portion includes a first part and a second part, the first part being larger than the second part.

47. (Thrice Amended) A rear mountable flat panel display device capable of being mounted to a housing, the rear mountable flat panel display device comprising:

a backlight unit including:

a first frame having a fastening part at a rear surface of the first frame;

DC:94758.1

VS5005624

Application No.: 09/285,338                        Docket No.: 8733.042.00
Group Art Unit: 2835                                              Page 8

a reflector unit adjacent the first frame; and

a light guide unit adjacent the light source unit;

a flat panel display adjacent to the backlight unit;

a second frame; and

a screw attaching the first frame of the backlight unit to the second frame

through the fastening part;

wherein the flat panel display is between the first frame and the second frame,

the first frame of the backlight unit capable of being fixed to the housing through the

fastening part at the rear surface of the first frame.

48.    (Twice Amended) The rear mountable flat panel display device according to
claim 47, further comprising a diffuser unit and a prism unit.

49.    (Twice Amended) The rear mountable flat panel display device according to
claim 47, wherein the fastening part is not visible from a viewing direction of the flat display
panel.

50.    (Twice Amended) The rear mountable flat panel display device according to
claim 47, wherein the flat panel display device only shows the flat panel display and the
second frame when viewed from a viewing direction of the display panel.

DC:94758.1

VS5005625

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                              Page 9

*Cord*
*D11*

51.    (Twice Amended)  The rear mountable flat panel display device according to claim 47, wherein the fastening part includes a protruding portion protruding away from the flat display panel.

52.    (Amended)  The rear mountable flat panel display device according to claim 51, wherein the protruding portion includes a peg having a fastening hole.

*D12*

53.    (Amended)  The rear mountable flat panel display device according to claim 51, the protruding portion includes a first part and a second part, the first part being larger than the second part.

54.    (Amended)  The rear mountable flat panel display device according to claim 47, wherein the fastening part includes a fastening hole.

55.    (Twice Amended)  A rear mountable flat panel display device comprising:

*D13*

   a first frame having a fastening part at a rear surface of the first frame;

   a second frame; and

   a flat display panel between the first and second frames;

   wherein the first frame is capable of being fixed to a housing of a data processing device through the fastening part at the rear surface of the first frame.

DC:94758.1

Application No.: 09/285,338
Group Art Unit: 2835

Docket No.: 8733.042.00
Page 10

**New Claim 56**

56.    (NEW)  A rear mountable flat panel display device comprising:

a first frame having a fastening part at a rear surface of the first frame;

a second frame; and

a flat display panel between the first and second frames;

wherein the first frame is capable of being fixed to a housing of a data

processing device through the fastening part at the rear surface of the first frame and the flat

display panel is rear mounted.

DC:94758.1

Application No.: 09/285,338                          Docket No.: 8733.042.00
Group Art Unit: 2835                                              Page 11

## REMARKS

Applicants wish to gratefully thank Examiner Chang for the courtesies extended to
Applicants' representatives during the interview on February 19, 2002. As a result of that
interview, Applicants understand that the Examiner now agrees with Applicants that the
drawings are in full compliance with 37 CFR 1.136(a) and claims 1-56 are allowable over the
cited references for at least the reasons set forth below.

By this amendment, Applicants amend claims 1, 2, 10, 19-20, 25-33, and 35-55 and
add new claim 56. Accordingly, claims 1-56 are pending in the present application. At the
Examiner's suggestion, the amendments herein are made for clarification purposes only and
should not be construed as limiting the scope of the claims.

In the Final Office Action dated September 20, 2001 the Examiner rejected claims 1-
34 under 35 U.S.C. § 102(b) as being anticipated by Abell, Jr. et al. (U.S. Pat. No.
5,268,816). Claims 35-43, 47-50 and 54-55 were rejected under 35 U.S.C. § 103(a) as being
unpatentable over Yun et al. (U.S. Pat. No. 5,835,139) and claims 44-46 and 51-53 were
rejected under 35 U.S.C. § 103(a) over Yun et al. in view of Liu (U.S. Pat. No. 5,423,605).

In addition, the Examiner objected to the drawings as not showing every feature of the
invention specified in the claims. Applicants respectfully traverse the rejections and
reconsideration is requested.

The Examiner objected to the drawings under 37 CFR 1.83(a) as not containing every
feature of the claimed invention. Applicants respectfully traverse these objections and
reconsideration is requested. The Examiner states *"the 'first fastening element', 'second
fastening element', ' third fastening element', ' first support member', 'second support*

DC:94758.1

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                              Page 12

member', 'a flat panel display', 'a light source unit', 'a first part', and 'a second part' must

be shown." Applicants respectfully submit that examples of each of the above-listed

elements are shown in the Figures, such as Figs. 5, 8-9, and 12-16 and described in the

Specification of this Application.

The Examiner rejected claims 1-34 under 35 U.S.C. § 102(b) as being anticipated by

Abell, Jr. et al. Applicants respectfully traverse these rejections and reconsideration is

requested.

Claim 1 is allowable over the cited references in that claim 1 recites a combination of

elements including, for example, "a rear mountable display device including a second

fastening element at a rear surface of the rear mountable display device, the case and the rear

mountable display device being attached through the first and second fastening elements."

None of the cited references, singly or in combination, teaches or suggests at least this feature

of the claimed invention. In contrast, Abell, Jr. et al. discloses a front mounted LCD display

while the instant invention utilizes a rear mountable display. Accordingly, Applicants

respectfully submit that claim 1 and claims 2-29, which depend from claim 1, are allowable

over the cited references.

Claim 30 is allowable over the cited references in that claim 30 recites a combination

of elements including, for example, "a rear mountable display device including a second

fastening element at a rear surface of the display device, the case and the rear mountable

display device being attached through the first and second fastening elements." None of the

cited references, singly or in combination, teaches or suggests at least this feature of the

claimed invention. For at least similar reasons as discussed above, Abell Jr., et al. fails to

teach each and every element of the claimed invention. Accordingly, Applicants respectfully

DC:94758.1



Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                          Page 13

submit that claims 31-34 which depend from claim 30, are allowable over the cited references.

The Examiner rejected claims 35-43, 47-50 and 54-55 under 35 U.S.C. §103(a) as being unpatentable over Yun et al. Applicants respectfully traverse these rejections and reconsideration is requested.

Claim 35 is allowable over the cited references in that claim 35 recites a combination of elements including, for example, "wherein the flat display panel is between the first frame and the second frame, the first frame of the backlight unit capable of being fixed to a housing of the data processing device through the fastening part at the rear surface of the first frame." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention.

Claim 47 is allowable over the cited references in that claim 47 recites a combination of elements including, for example, "wherein the flat panel display is between the first frame and the second frame, the first a frame of the backlight unit capable of being fixed to the housing through the fastening part at the rear surface of the first frame." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. For at least similar reasons as discussed above, Applicants respectfully submit that claim 47 is allowable. Accordingly, Applicants respectfully submit that claim 47, and claims 48-54, which depend from claim 47 are allowable over the cited references.

Claim 55 is allowable over the cited references in that claim 55 recites a combination of elements including, for example, "A rear mountable flat panel display device ... a flat display panel between the first and second frames; wherein the first frame is capable of being fixed to a housing of data processing device through the fastening part at the rear surface of

DC:94758.1

VS5005630

Application No.: 09/285,338
Group Art Unit: 2835

Docket No.: 8733.042.00
Page 14

the first frame." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. Accordingly, Applicants respectfully submit that claim 55 is allowable over the cited references.

Applicants respectfully submit that new claim 56 is allowable for at least similar reasons as stated above.

If the Examiner deems that a telephone call would further the prosecution of this application, the Examiner is invited to call the undersigned at (202) 624-1250. All correspondence should continue to be sent to the below-listed address.

If these papers are not considered timely filed by the Patent and Trademark Office, then a petition is hereby made under 37 C.F.R. § 1.136, and any additional fees required under 37 C.F.R. § 1.136 for any necessary extension of time, or any other fees required to complete the filing of this response, may be charged to Deposit Account No. 50-0911. Please credit any overpayment to deposit Account No. 50-0911.

Respectfully submitted,

LONG ALDRIDGE & NORMAN, LLP

By_Rebecca A. Stedman Reg. No 41786_
    Song K. Jung
    Registration No: 35,210

Date:___March 12, 2002_____

701 Pennsylvania Avenue, N.W.
Sixth Floor, Suite 600
Washington, D.C. 20004
Telephone No.: (202) 624-1200
Facsimile No.: (202) 624-1298

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                                    Page 15

**Amended Claims 1, 2, 10, 19-20, 25-33, and 35-55:  Marked-Up Version to Show Changes Made**

1.      (Twice Amended)  A portable computer comprising:

a housing including first and second sections, the first section having an information input device and the second section having a case having a first fastening element;

a <u>rear mountable</u> display device including a second fastening element at a rear surface of the <u>rear mountable</u> display device, the case and the <u>rear mountable</u> display device being attached through the first and second fastening elements;

a hinge coupling the first and the second sections to each other; and

a display device support member having a third fastening element, the display device support member being attached to the <u>rear mountable</u> display device through the third fastening element.

2.      (Twice Amended)  The portable computer according to claim 1, wherein the display device support member is attached to the <u>rear mountable</u> display device through the first and third fastening elements

10.     (Twice Amended)  The portable computer according to claim 7, wherein the arm includes a fastening hole a portion of the arm, the <u>rear mountable</u> display device being attached to the arm through the fastening hole of the arm.

DC:94758.1

Application No.: 09/285,338
Group Art Unit: 2835

Docket No.: 8733.042.00
Page 16

19.    (Twice Amended)  The portable computer according to claim 1, further comprising a screw attaching the <u>rear mountable</u> display device to the second section through the first and second fastening elements.

20.    (Twice Amended)  The portable computer according to claim 1, wherein the first and second fastening elements include first and second fastening holes, respectively, and further comprising a screw, the screw attaching the <u>rear mountable</u> display device to the case through the first and second fastening elements.

25.    (Twice Amended)  The portable computer according to claim 6, wherein the second fastening element includes at least one fastening hole located at a corner of the <u>rear mountable</u> display device corresponding to the fastening hole of the first fastening element.

26.    (Twice Amended)  The portable computer according to claim 9, wherein the second fastening element includes at least two fastening holes at two corners of the <u>rear mountable</u> display device.

27.    (Twice Amended)  The portable computer according to claim 9, wherein the second fastening element includes four fastening holes at four corners of the <u>rear mountable</u> display device.

DC:94758.1

VS5005633

Application No.: 09/285,338                               Docket No.: 8733.042.00
Group Art Unit: 2835                                                          Page 17

28.     (Twice Amended)  The portable computer according to claim 1, wherein the first fastening element and the second fastening element include a screw hole, and a screw is inserted from the rear of the case to fasten the case to the rear mountable display device.

29.     (Twice Amended)  The portable computer according to claim 28, wherein the screw hole of the case is located at a position corresponding to [the] a display area of the rear mountable display device.

30.     (Twice Amended)  A portable computer comprising:

a housing including first and second sections, the first section having an information input device and the second section having a case having a first fastening element;

a rear mountable display device including a second fastening element at a rear surface of the rear mountable display device, the case and the rear mountable display device being attached through the first and second fastening elements;

a hinge coupling the first and the second sections to each other;

a display device support member including an arm extending upward and a third fastening element, the display device support member being attached to the rear mountable display device through the first and third fastening elements;

wherein the arm includes a fastening hole at a portion of the arm, the rear mountable display device being attached to the arm through the fastening hole of the arm;

DC:94758.1

Application No.: 09/285,338
Group Art Unit: 2835

Docket No.: 8733.042.00
Page 18

wherein the first and second fastening elements include first and second fastening holes, respectively, and the <u>rear mountable</u> display device is attached to the case through the first and second fastening elements using a screw; and

wherein the display device support member is coupled to the hinge.


31.    (Amended)  The portable computer according to claim 30, wherein the second fastening element is not visible from a viewing direction of the <u>rear mountable</u> display [panel] <u>device</u>.


32.    (Amended)  The portable computer according to claim 30, wherein no fastening element is visible when viewed from the viewing direction of the <u>rear mountable</u> display [panel] <u>device</u>.


33.    (Amended)  The portable computer according to claim 30, wherein the second fastening element includes protruding portions protruding away from the <u>rear mountable</u> display [panel] <u>device</u>.


35.    (Twice Amended)  A <u>rear mountable</u> flat panel display device capable of being mounted to a data processing device, the flat panel display device comprising:

a backlight unit including a first frame having a fastening part at a rear surface of the first frame, a flat display panel adjacent to the backlight unit; and

a second frame;

DC:94758.1

Application No.: 09/285,338
Group Art Unit: 2835

Docket No.: 8733.042.00
Page 19

wherein the flat display panel is between the first frame and the second frame, the first frame of the backlight unit capable of being fixed to a housing of the data processing device through the fastening part at the rear surface of the first frame.

36.    (Amended)  The <u>rear mountable</u> flat panel display device according to claim 35, wherein the fastening part includes a fastening hole.

37.    (Amended)  The <u>rear mountable</u> flat panel display device according to claim 36, further comprising a screw attaching the first frame of the backlight unit to the second frame through the fastening hole.

38.    (Amended)  The <u>rear mountable</u> flat panel display device according to claim 36, wherein the fastening part includes at least two fastening holes at two corners of the first frame.

39.    (Amended)  The <u>rear mountable</u> flat panel display device according to claim 36, wherein the fastening part includes four fastening holes at four corners of the first frame.

40.    (Amended)  The <u>rear mountable</u> flat panel display device according to claim 35, wherein the backlight unit comprises:

a reflector unit adjacent the first frame;

a light source unit adjacent the reflector unit; and

a light guide unit adjacent the light source unit.

DC:94758.1

VS5005636

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                          Page 20

41.   (Amended)  The rear mountable flat panel display device according to claim 40, further comprising a diffuser unit and a prism unit.

42.   (Twice Amended)  The rear mountable flat panel display device according to claim 35, wherein the fastening part is not visible from a viewing direction of the flat display panel.

43.   (Twice Amended)  The rear mountable flat panel display device according to claim 35, wherein the flat panel display device only shows the flat display panel and the second frame when viewed from a viewing direction of the display panel.

44.   (Twice Amended)  The rear mountable flat panel display device according to claim 35, wherein the fastening part includes a protruding portion protruding away from the flat display panel.

45.   (Amended)  The rear mountable flat panel display device according to claim 44, wherein the protruding portion includes a peg having a fastening hole.

46.   (Amended)  The rear mountable flat panel display device according to claim 44, wherein the protruding portion includes a first part and a second part, the first part being larger than the second part.

DC:94758.1

Application No.: 09/285,338                               Docket No.: 8733.042.00
Group Art Unit: 2835                                                      Page 21

47.    (Thrice Amended)  A <u>rear mountable</u> flat panel display device capable of being mounted to a housing, the <u>rear mountable</u> flat panel display device comprising:

a backlight unit including:

a first frame having a fastening part at a rear surface of the first frame;

a reflector unit adjacent the first frame; and

a light guide unit adjacent the light source unit;

a flat panel display adjacent to the backlight unit;

a second frame; and

a screw attaching the first frame of the backlight unit to the second frame through the fastening part;

wherein the flat panel display is between the first frame and the second frame, the first frame of the backlight unit capable of being fixed to the housing through the fastening part at the rear surface of the first frame.


48.    (Twice Amended)  The <u>rear mountable</u> flat panel display device according to claim 47, further comprising a diffuser unit and a prism unit.


49.    (Twice Amended)  The <u>rear mountable</u> flat panel display device according to claim 47, wherein the fastening part is not visible from a viewing direction of the flat <u>display</u> panel.

DC:94758.1

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                        Page 22

50.    (Twice Amended)  The <u>rear mountable</u> flat panel display device according to claim 47, wherein the flat panel display device only shows the flat panel display and the second frame when viewed from a viewing direction of the display panel.

51.    (Twice Amended)  The <u>rear mountable</u> flat panel display device according to claim 47, wherein the fastening part includes a protruding portion protruding away from the flat display panel.

52.    (Amended)  The <u>rear mountable</u> flat panel display device according to claim 51, wherein the protruding portion includes a peg having a fastening hole.

53.    (Amended)  The <u>rear mountable</u> flat panel display device according to claim 51, the protruding portion includes a first part and a second part, the first part being larger than the second part.

54.    (Amended)  The <u>rear mountable</u> flat panel display device according to claim 47, wherein the fastening part includes a fastening hole.

55.    (Twice Amended)  A <u>rear mountable</u> flat panel display device comprising:

          a first frame having a fastening part at a rear surface of the first frame;

          a second frame; and

          a flat display panel between the first and second frames;

DC:94758.1

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                        Page 23

wherein the first frame is capable of being fixed to a housing of a data

processing device through the fastening part at the rear surface of the first frame.

DC:94758.1

VS5005640

PATENT APPLICATION

09285338

U-503 U. S. PTO
09/285338
04/02/99

APR 1 6 9 9 3 7

INITIALS _____

# CONTENTS

| | | Date received (Incl. C. of M.) or Date Mailed | | Date received (Incl. C. of M.) or Date Mailed |
|---|---|---|---|---|
| 1. | Application 16 sheets papers. | | 42. | |
| 2. | Preliminary Amendment A | 4-2-99 | 43. | |
| 3. | Priority Paper | 4-2-99 | 44. | |
| 4. | Change of Add. | 11/1/99 | 45. | |
| 5. | Chart into P/A | 11/1/99 | 46. | |
| 6. | Non Final | 10-11-00 | 47. | |
| 7. | I.D.S. | 12/5/00 | 48. | |
| 8. | Ext of time ① | 1/17/01 | 49. | |
| 9. | Drawing Changes | 1/17/01 | 50. | |
| 10. | Amdt B | 1/17/01 | 51. | |
| 11. | I.D.S | 01/25/01 | 52. | |
| 12. | Non Final | 2-9-01 | 53. | |
| 13. | Amdt C | 4-25-01 | 54. | |
| 14. | Final Rej | 6-20-01 | 55. | |
| 15. | Notice of Appeal | 9-21-01 | 56. | |
| 16. | EOT (3) | 1-24-02 | 57. | |
| 17. | RCE & Response | 1-24-02 | 58. | |
| 18. | Interview Summary | 2-19-2 | 59. | |
| 19. | Non-Final REJ. | 3/20/02 | 60. | |
| 20. | Amdt D | 3-12-2 | 61. | |
| 21. | Allowance | 4/5/02 JC | 62. | |
| 22. | RCE | 7-3-2 | 63. | |
| 23. | IDS | 7-3-2 | 64. | |
| 24. | Allowance | 8/1/02 | 65. | |
| 25. | Drawings (16 sheets) set | 11-1-02 | 66. | |
| 26. | | | 67. | |
| 27. | | | 68. | |
| 28. | | | 69. | |
| 29. | | | 70. | |
| 30. | | | 71. | |
| 31. | | | 72. | |
| 32. | | | 73. | |
| 33. | | | 74. | |
| 34. | | | 75. | |
| 35. | | | 76. | |
| 36. | | | 77. | |
| 37. | | | 78. | |
| 38. | | | 79. | |
| 39. | | | 80. | |
| 40. | | | 81. | |
| 41. | | | 82. | |

(LEFT OUTSIDE)

VS5006191

```
***************************************************************
   asbaker
***************************************************************
   10.1.15.123
***************************************************************
      Real Name: Alyssa S. Baker
          Pages: 75
           Cost: 0.00
        Balance: N/A
           Date: May 2, 2007 - 19:44
       Document: Ex 24 [File History US 6,501,641].pdf
        Printer: COPY9NW_Q
***************************************************************
```