# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

**WILMINGTON, DE**

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

**James D. Heisman**
Partner

TEL (302) 888-6216
EMAIL jheisman@cblh.com

May 8, 2007

*Via Email and Hand-Delivery*
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF
    DM 31-1:[1] ViewSonic's Motion to Compel Sales Summaries for 1998-1999

Dear Special Master Poppiti:

Pursuant to the guidance provided during the May 4, 2007 hearing, ViewSonic Corporation ("ViewSonic") moves to compel Plaintiff ("LPL") to produce sales summaries for the period 1998-1999. This discovery is responsive to Request for Production ("RFP") Nos. 122 and 124 and Interrogatory ("ROG") Nos. 31, 33, 36 and 37.[2]

RFPs 122 and 124 and ROGs 31 and 33 seek monthly and annual sales and resultant gross and net profits, by country and model, for LPL's sales since 1998 of flat panel display devices and rear mountable flat panel display devices. ROGs 36 and 37 seek monthly and annual sales and resultant gross and net profits since 1998, by country and model, for LPL's sales of flat panel display devices that can be affixed to, on or within any other structure at or near the corners, or not at or near the corners, respectively, of the flat panel display device. The requested sales summaries clearly come with these requests, and there is no real dispute that the requested sales summaries are relevant for a reasonable royalty investigation, and are needed to properly evaluate the commercial success of the alleged invention, one of the factors considered in invalidity (obviousness) analyses.

During the parties' discussions regarding ViewSonic's discovery requests directed to LPL's newly asserted claims, ViewSonic thought a resolution had been reached regarding sales summaries. *See* Exs. 17-18.[3] Specifically, ViewSonic agreed to accept sales summaries for 1998-1999 with the same format and breakdown provided by LPL in

---

[1] This motion complements ViewSonic's May 2, 2007, motion (DM 31) and falls within the scope of clean-up issues allowed by the Special Master during last week's May 4 hearing. Thus, ViewSonic has used the same "DM" number, with an extension "-1". Except for new Exhibits 25-27, the exhibits referenced herein were provided with ViewSonic's May 2 motion. New Exhibits 25-27 continue the exhibit numbering format used ViewSonic's May 2 motion.
[2] The subject RFPs are found in Ex. 1 to ViewSonic's May 2, 2007, 7.1.1 Certification, and the subject ROGs are found in Exs. 3 and 4. LPL's responses are respectively found at Exs. 6, 8 and 9.
[3] For details on the negotiations regarding LPL's sales summaries, see Exs. 17, 18, 19 and 19.1 to ViewSonic's May 2, 2007, 7.1.1 Certification, and Exs. 25-26 submitted herewith.


CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
May 8, 2007
Page 2

its 2006 sales summaries. *See* Ex. 17. However, LPL thereafter indicated that it would only provide summaries without cost and/or profit information, alleging that, because of changes to its accounting and/or software systems, LPL lacked access to cost and profit information for its sales during 1998-1999. *See* Exs. 19, 19-1.

ViewSonic asked LPL to clarify whether the requested cost and profit data or information is difficult to access or simply no longer exists, and, assuming the data still exists, offered to consider a cost-sharing or cost-shifting arrangement for the retrieval of LPL's cost and profit information if the expenditures required to retrieve the information were unduly excessive. *See* Exs. 25-26. At this writing, LPL has not responded to ViewSonic's request for clarification.

As LPL has produced sales summaries, including profit and cost information, for the period 2000-2006, the only real dispute remaining between the parties on the issue of LPL's sales summaries is whether LPL will produce cost and profit information in sales summaries for 1998-1999. It is undisputed that cost and profit information is relevant for any reasonable royalty calculus, and to properly evaluate the commercial success of the alleged invention, one of the factors considered in invalidity (obviousness) analyses.

Based on the parties' discussions, ViewSonic infers that LPL no longer has easy access to cost and profit information for 1997 and 1998. However, easy access is not required to compel LPL to provide the requested information. ViewSonic asks Your Honor to compel LPL to produce sales summaries for 1997 and 1998 with the same breakdown provided in LPL's 2006 summaries.

In the unlikely event that the cost and profit information for 1998-1999 no longer exists, ViewSonic is willing to accept sales summaries, by country and model, related to LPL's sales of flat panel display devices (i.e., LCD modules or plasma display panels), with a binding representation that cost and profit information no longer exists for the relevant period.

Based on the foregoing, ViewSonic requests that LPL be compelled to produce monthly and annual sales and resultant gross and net profits, by country and model, for LPL's sales of flat panel display devices for 1998-1999.

Respectfully submitted,

/s/ *James D. Heisman*

James D. Heisman

cc:   Counsel of record