**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>                    Plaintiff,<br><br>             v.<br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION<br><br>                    Defendants. | Civil Action No. 04-343 (JJF) |

**DEFENDANT VIEWSONIC CORPORATION'S D. DEL. LR 7.1.1
SUPPLEMENTAL CERTIFICATION CONCERNING VIEWSONIC'S MOTION
TO COMPEL LPL TO PRODUCE SALES SUMMARIES**

Pursuant to D. Del. LR 7.1.1, defendant ViewSonic Corporation ("ViewSonic") submits this supplemental certification of its counsel's efforts to resolve the refusal by plaintiff LG.Philips LCD Co., Ltd. ("LPL") to produce adequate sales summaries for 1997-1998 in response to ViewSonic's new discovery requests served February 23 and 28, 2007. This certification supplements the 7.1.1 certification submitted May 2, 2007, which is incorporated as if set forth fully herein. Exhibits 1-24 were submitted with ViewSonic's May 2, 2007, 7.1.1 certification. Exhibits 25-26 reflect communications made after May 2, 2007, and are submitted herewith.

To summarize, during the parties' discussions regarding ViewSonic's discovery requests directed to LPL's newly asserted claims, ViewSonic thought a resolution had been reached regarding sales summaries. *See* Exs. 17-18.[1] Specifically, ViewSonic agreed to accept sales summaries for 1998-1999 with the same format and breakdown provided by LPL in its 2006 sales summaries. *See* Ex. 17.

However, LPL thereafter indicated that it would only provide summaries without cost

---

[1] For details on the negotiations regarding LPL's sales summaries, see Exs. 17, 18, 19 and 19.1 to ViewSonic's May 2, 2007, 7.1.1 Certification, and Exs. 25-26 submitted herewith.

1

and/or profit information, alleging that, because of changes to its accounting and/or software systems, LPL lacked access to cost and profit information for its sales during 1998-1999.  *See* Exs. 19, 19-1.

    ViewSonic asked LPL to clarify whether the requested cost and profit data or information is difficult to access or simply no longer exists, and, assuming the data still exists, offered to consider a cost-sharing or cost-shifting arrangement for the retrieval of LPL's cost and profit information if the expenditures required to retrieve the information were unduly excessive.  *See* Exs. 25-26.  At this writing, LPL has not responded substantively to ViewSonic's request for clarification.  *See* Ex. 27.

Date:  May 8, 2007

Respectfully submitted,

Connolly Bove Lodge & Hutz LLP

Of Counsel:

Tracy R. Roman (CA Bar No. 199031)
Raskin Peter Rubin & Simon LLP
1801 Century Park East
Suite 2300
Los Angeles, CA  90067

By:  */s/ James D. Heisman*
Scott R. Miller  (CA Bar No. 112656)
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071

Jeffrey B. Bove (#0998)
James D. Heisman (#2746)
Jaclyn M. Mason (#4737)
The Nemours Building, 8th floor
1007 North Orange Street
Wilmington, DE 19801
Telephone:  (302) 658-9141
Facsimile:  (302) 658-5614

*Attorneys for Defendant
ViewSonic Corporation*