# EXHIBIT 26

**Manuel C. Nelson**

---

| | |
|---|---|
| **From:** | Manuel C. Nelson |
| **Sent:** | Friday, May 04, 2007 6:07 PM |
| **To:** | 'Connor, Cormac' |
| **Cc:** | 'A. Stitzer'; 'Allan Jansen'; 'Anne Shea Gaza'; 'Christenson, Cass'; 'Christopher Darrow'; 'Dick Kirk'; 'Frank C. Merideth, Jr. '; 'Frederick L. Cottrell'; 'HassidS@gtlaw.com'; Jaclyn M. Mason; James Heisman; Jeff Bove; Jill J. Herr; Julie Lorenzen; Kristen Rohrabaugh; 'Lees'; Litigation Docketing Desk; 'Brzezynski, Lora'; 'Mark Krietzman'; 'Michael Secondo'; Nancy Phillips; 'Ohc'; 'Pouratiand'; 'Ambrozy, Rel'; 'Klevens, Shari'; 'Tracy R. Roman'; 'Valerie Ho'; 'Kokrda, Jessie'; Scott Miller; Manuel C. Nelson |
| **Subject:** | RE: May 1, 2007 Meet and Confer |

Dear Mr. Connor:
Please let us know by 12:00 pm EST, Monday, May 7, 2007 LPL's response to ViewSonic's questions regarding the existence of the cost and/or profit data for the period 1997-1998. If the parties cannot resolve the issue of LPL's sales information for the period 1997-1998, pursuant to the guidance provided at today's hearing, ViewSonic may need to submit the issue to the Special Master.
Regards,
Manuel

---

**From:** Manuel C. Nelson
**Sent:** Thursday, May 03, 2007 4:37 PM
**To:** 'Connor, Cormac'
**Cc:** 'A. Stitzer'; 'Allan Jansen'; 'Anne Shea Gaza'; 'Christenson, Cass'; 'Christopher Darrow'; 'Dick Kirk'; 'Frank C. Merideth, Jr. '; 'Frederick L. Cottrell'; 'HassidS@gtlaw.com'; Jaclyn M. Mason; James Heisman; Jeff Bove; Jill J. Herr; Julie Lorenzen; Kristen Rohrabaugh; 'Lees'; Litigation Docketing Desk; 'Brzezynski, Lora'; 'Mark Krietzman'; 'Michael Secondo'; Nancy Phillips; 'Ohc'; 'Pouratiand'; 'Ambrozy, Rel'; 'Klevens, Shari'; 'Tracy R. Roman'; 'Valerie Ho'; 'Kokrda, Jessie'; Manuel C. Nelson; Scott Miller
**Subject:** RE: May 1, 2007 Meet and Confer

Dear Mr. Connor,

This email continues our discussions regarding LPL sales summaries for 1997-1998. ViewSonic needs a bit more information before it can agree to forego any information regarding costs and/or profits for the period 1997-1998, and agree to accept LPL's partial summaries as fully responsive to the discovery requests identified in your May 2, 2007 email. Based on our May 1, 2007 discussions, ViewSonic understands that LPL does not have access to profit and/or cost information for the period 1997-1998. Please advise whether that data has been lost or destroyed or otherwise no longer exists, or whether the data, although in existence somewhere, is not accessible with the software applications presently used, and/or otherwise is not easily accessible. If the data is still in existence, but not accessible with LPL's present software applications, and/or otherwise not easily accessible, ViewSonic would like to discuss further the costs of retrieving that data using a third-party service, and the possibility of sharing or shifting such costs.

I look forward to LPL's response on this limited issue.

Regards,

Manuel

---

**From:** Manuel C. Nelson
**Sent:** Wednesday, May 02, 2007 11:43 PM
**To:** 'Connor, Cormac'
**Cc:** A. Stitzer; Allan Jansen; Anne Shea Gaza; Christenson, Cass; Christopher Darrow; Dick Kirk; Frank C. Merideth, Jr. ; Frederick L. Cottrell; HassidS@gtlaw.com; Jaclyn M. Mason; James Heisman; Jeff Bove; Jill J. Herr; Julie Lorenzen; Kristen Rohrabaugh; Lees; Litigation Docketing Desk; Brzezynski, Lora; Mark Krietzman; Michael Secondo; Nancy Phillips; Ohc; Pouratiand; Ambrozy, Rel; Klevens, Shari; Tracy R. Roman; Valerie Ho; Kokrda, Jessie; Scott Miller
**Subject:** RE: May 1, 2007 Meet and Confer

Dear Mr. Connor,

Thank you for your email below.

ViewSonic is considering the additional conditions placed on LPL's offer regarding sales summaries, and will respond shortly. Mr. Miller is out of the office, but is due back tomorrow. I imagine that ViewSonic likely will accept LPL's new conditions.

With respect to your assertion that LPL's list of products having holes on the rear surface of such products is not limited to LCDs for televisions, your email represents the first time I have been made aware of this. Moreover, this revelation cannot be reconciled with the representation made in Mr. Auito's January 9, 2007 letter. Despite the noted inconsistencies, there is no reason not to accept LPL's new representation in your email. To confirm LPL's new position, please identify what types of products, other than LCDs for televisions, are included in the list.

Regards,

Manuel

---

**From:** Connor, Cormac [mailto:cconnor@mckennalong.com]
**Sent:** Wednesday, May 02, 2007 2:04 PM
**To:** Manuel C. Nelson
**Cc:** A. Stitzer; Allan Jansen; Anne Shea Gaza; Christenson, Cass; Christopher Darrow; Dick Kirk; Frank C. Merideth, Jr. ; Frederick L. Cottrell; HassidS@gtlaw.com; Jaclyn M. Mason; James Heisman; Jeff Bove; Jill J. Herr; Julie Lorenzen; Kristen Rohrbaugh; Lees; Litigation Docketing Desk; Brzezynski, Lora; Mark Krietzman; Michael Secondo; Nancy Phillips; Ohc; Pouratiand; Ambrozy, Rel; Klevens, Shari; Tracy R. Roman; Valerie Ho; Kokrda, Jessie; Scott Miller
**Subject:** RE: May 1, 2007 Meet and Confer

Dear Mr. Nelson:

Thank you for your email below. LPL confirms our agreement concerning ViewSonic's RFAs 34-36. The last three paragraphs of your email describe issues about which we continue to disagree. With respect to assertions in your fourth paragraph, however, I must note, as I did during our discussions yesterday, that the list of LPL products containing rear surface holes that LPL has already produced is <u>not</u> limited to LCD televisions.

This email also responds to your discussion about the parties' negotiations concerning sales summaries. LPL's offer to produce sales summaries was intended to and conditioned on resolving all of the discovery requests involving financial information. I understand your email to be saying that ViewSonic will accept LPL sales summaries for 1998 and 1999 with the content fields that you describe below, but will only accept them as being responsive to RFPs 121-22 and Interrogatories 30-31. As we discussed, RFPs 121-22 and Interrogatories 30-31 are the broadest of the requests that we reviewed and would subsume the information that ViewSonic also seeks not only in its RFPs 123-24 and Interrogatories 32-33, but also in Interrogatories 36-37. (I recognize that we did not specifically discuss Interrogatories 36-37 yesterday, but we did discuss LPL's position that it wanted to be sure that any sales summary production would generally resolve ViewSonic's disputes concerning LPL's financial information.)

Further, as you note, LPL has already produced a list of its products that have rear surface holes. Whether ViewSonic is entitled to additional discovery on LPL's modules is in dispute and will be resolved by the Special Master. Regardless of whether more technical discovery is warranted, the LPL sales summaries that we discussed would be over-inclusive because they would cover LPL's modules generally. As a result, the summaries would cover to any subset of LPL modules targeted in RFPs 123-24 and Interrogatories 32-33 or 36-37. Any technical discovery that ViewSonic seeks presumably is covered separately by the discovery requests addressed in ViewSonic's prior discovery motion that will be resolved in the future. Therefore, LPL is willing to produce the sales summaries in the form that we discussed, but only if ViewSonic will accept those summaries as being fully responsive to RFPs 121-24 and Interrogatories 30-33 and 36-37.

Please let us know ViewSonic's position on this matter. Thank you.

Cormac T. Connor

5/8/2007

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756
email: cconnor@mckennalong.com

---

**From:** Manuel C. Nelson [mailto:MNelson@cblh.com]
**Sent:** Wednesday, May 02, 2007 2:03 PM
**To:** Connor, Cormac
**Cc:** A. Stitzer; Allan Jansen; Anne Shea Gaza; Christenson, Cass; Christopher Darrow; Dick Kirk; Frank C. Merideth, Jr. ; Frederick L. Cottrell; HassidS@gtlaw.com; Jaclyn M. Mason; James Heisman; Jeff Bove; Jill J. Herr; Julie Lorenzen; Kristen Rohrbaugh; Lees; Litigation Docketing Desk; Brzezynski, Lora; Mark Krietzman; Michael Secondo; Nancy Phillips; Ohc; Pouratiand; Ambrozy, Rel; Klevens, Shari; Tracy R. Roman; Valerie Ho; Kokrda, Jessie; Scott Miller; Manuel C. Nelson
**Subject:** May 1, 2007 Meet and Confer

Dear Mr. Connor:

Thank you for meeting and conferring again yesterday, May 1, 2007. This email summarizes the highlights of our meet and confer.

ViewSonic and LPL agreed that LPL will revise its responses to RFAs 34-36 to provide qualified admissions or denials that are subject to LPL's right to change its responses, if necessary, after claim construction. Thus, the initial disagreements concerning RFAs 34-36 have been resolved.

LPL offered to produce supplemental sales summaries for 1998-1999. However, LPL advised ViewSonic that, because of changes to LPL's accounting system and/or software, LPL no longer has access to profit or cost information for that period. Consequently, the supplemental sales summaries would identify the product models, the number of units sold for each model for the relevant period (i.e., monthly, quarterly or yearly), and the gross revenues generated for such sales of each model for the same relevant period.  As we discussed, ViewSonic will accept such partial summaries, along with a written representation that LPL no longer has access to profit or cost information for the period 1998-1999. This will resolve any disagreements concerning RFPs 121-122 and ROGs 30-31.  Any remaining issues regarding RFPs 123-124 and ROGs 32-33 will await claim construction, and may be moot in light of other discovery ViewSonic seeks to obtain.

We also discussed your April 30, 2007 request that ViewSonic identify LPL products that ViewSonic believes are missing from LPL's list of products with "holes" on the rear surface. As I explained previously, ViewSonic understands that the list of products identified by LPL with holes on the rear surface (LPL11775-LPL11780) are limited to LCD TVs. LPL has not produced any product specifications, assembly drawings or samples for any of its older products, including any products identified in the bill of material information LPL produced (LPL9463-LPL9762). Thus, it is not feasible for ViewSonic to identify in the first instance what products may be missing from LPL's list of products with "holes" on the back. As I indicated previously, ViewSonic believes that most if not all LCD modules have holes on the back or rear surface of the modules.

Moreover, the products reflected in the bill of material information predate the U.S. filing date of the patents in suit, and thus represent prior art products. Products specs, assembly drawings and samples of all of such prior art products are relevant to the issues in the case outlined in my previous emails, including invalidity, damages, and noninfringing alternatives.

Finally, during our conversation, I pointed out that LPL has not even produced exploded view diagrams for its products like those produced by the defendants for all of their domestic products, not just accused products. Despite such production from the defendants, LPL argued during the March 9, 2007 hearing that it needed better drawings (e.g., CAD drawings) and/or  product samples to be able to determine whether a product has holes on the rear surface. That is the same type of information ViewSonic seeks. LPL and ViewSonic agreed that they are at an impasse with respect to the technical discovery ViewSonic seeks.

Regards,

Manuel

**This e-mail message, including any attached documents, is intended only for use by the addressee(s) named herein and may contain information which is privileged and/or confidential and may be an attorney-client communication and work product of counsel. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or use of the contents of this e-mail is strictly prohibited and may be a

**violation of law. Please notify the sender by reply email or telephone (302-658-9141) to advise the sender of the error in transmission and permanently delete the message and any accompanying attachments from your system and any printout thereof.**

**To ensure compliance with IRS requirements, we inform you that any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.**

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

5/8/2007