# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

May 8, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

      Plaintiff LG.Philips LCD Co., Ltd., ("LPL") respectfully submits this letter in response to Mr. Cottrell's letter dated March 30, 2007 (D.I. 606), requesting the Court to permit Defendants to have until May 30, 2007 to supplement their discovery responses relating to prior art and validity.

      This Court should deny Defendants' request because Defendants have had ample time to sufficiently obtain all information necessary to supplement their discovery responses related to prior art and validity, and because they have in fact prevented LPL from learning of that same information.

      For example, during the deposition of Hewlett-Packard, LPL learned that Defendants had been in contact with Hewlett-Packard and its deposition witness since January 2005. Pursuant to those communications between Hewlett-Packard and Defendants, Hewlett-Packard's 30(b)(6) witness testified that he generated for the Defendants photographs, documents and an alleged prior art monitor between the time period of January and April of 2005. Yet Defendants failed to produce this discovery or offer it for inspection until January 9th of 2007 - just 10 days before the date of the originally noticed Hewlett-Packard deposition.

      Similarly, LPL learned during the deposition of Mr. Morgan, the 30(b)(6) witness for third party Pixelvision, that Defendants had not only been in contact with Mr. Morgan since November of 2005, but that it had received documents from Mr. Morgan in November or December of 2005. Again, however, Tatung failed to disclose or produce these documents to LPL until the day before Mr. Morgan's deposition.

      In fact, just today LPL learned during the deposition of yet another third party, NEC Electronics America, that the NEC 30(b)(6) witness prepared certain documents in response to requests from Defendants at least nine months ago. To prevent such surprises, LPL wrote to

659463-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
May 8, 2007
Page 2

Defendants on March 30th, specifically laying out in chart form all third party production LPL had received in response to Defendants' subpoenas, and asking Defendants to confirm that all documents produced by third parties had been forwarded to LPL. *See* Exhibit 1 at p. 2. Although this chart included the documents produced by NEC in response to Defendants subpoenas, it did not list the document produced last night. Defendants ignored LPL's letter and again failed to produce that information until late last night - the night before the deposition.

Also troubling is the fact that both ViewSonic and Tatung "informed" LPL on March 27 and 28, 2007 - just days before the March 30th close of fact discovery - that 52 monitors which might constitute prior art were suddenly available for inspection. All these monitors, as well as the other documents and items discussed above, fall squarely within the call of LPL's written discovery requests served in November 2005. For example, LPL Document Request No. 35 sought from Defendants all documents concerning the factual basis for your contention that any product qualifies as prior art under U.S. law, and specifically named numerous products including Pixelvision products, IBM products, LG Electronics products, etc. Similarly, LPL Document Request No. 37 sought all documents concerning the structural assembly and components related to structural assembly regarding any product or thing that you contend qualifies as prior art, and listed the same products. No party has ever disputed that LPL's document requests included actual monitors within their scope. Importantly, during meet and confers conducted throughout 2006 Defendants agreed to produce information responsive to those Requests, and thus have been under an obligation to make all the alleged prior art discussed above available for, at least, inspection since November 2005.

Defendants repeated failure to timely produce the alleged prior art supports LPL's position that Defendants not be allowed to supplement their discovery responses to include any information learned of or developed after the close of discovery on March 30th. Because this matter began with a simple letter request from Mr. Cottrell, LPL is answering in kind. LPL would be willing to fully brief this issue, however, if this Court determines it is necessary or appropriate.

Respectfully submitted,

*/s/ Richard D. Kirk*
Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

659463-1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 8, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on May 8, 2007, and will be sent by hand on May 8, 2007, and were sent by email on May 8, 2007, and will be sent by first class mail on May 8, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1