# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

May 9, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

    Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic,* C.A. No. 04-343 JJF

Dear Special Master Poppiti:

    Plaintiff LG.Philips LCD Co., Ltd. ("LPL") opposes Defendant ViewSonic Corporation's ("ViewSonic") May 2, 2007 motion to compel discovery concerning LPL's LCD modules (the "Motion"). The Motion should be denied because: (1) it overlaps with information that ViewSonic is seeking through prior Document Requests and through ViewSonic's February 16, 2007 motion to compel (the "February Motion") that Your Honor deferred resolving until after claim construction; (2) Request 128 uses disputed claim terms; and (3) ViewSonic's discovery demands are burdensome, irrelevant, and not reasonably calculated to lead to discovery of admissible evidence. The Motion should be denied or, alternatively, deferred until after claim construction to coincide with a decision regarding the February Motion.

    The instant Motion is duplicative of ViewSonic's February Motion. When it filed the February Motion, ViewSonic introduced purported disputes concerning at least 24 different Document Requests. (*See, e.g.,* Ex. 1, Mar. 2, 2007 Hr'g Tr. at 155:3-161:2 (listing disputes concerning Document Requests 17, 18, 25, 29, 33, 36-40, 53, 57, 58, 63, 65, 71, 73, 77-79, 84-86 and 103).) At the hearing on March 2, 2007, ViewSonic presented arguments pertaining to its February Motion, virtually all of which have resurfaced in the instant Motion. (*Compare id.* at 89:19-161:2 *with* Mot. at 1-3.) However, during the April 13, 2007 hearing, Your Honor determined that, because discovery concerning LPL's products could be "significant" and thus burdensome, and because any need for and scope of that discovery depends on how the patent claims are construed, any decision regarding whether to permit discovery on LPL's products would be postponed until after claim construction. (Ex. 2, Apr. 13, 2007 Hr'g Tr. at 3:12-12:21.) Yet, once again ViewSonic seeks sweeping discovery that overlaps with ViewSonic's February Motion, as ViewSonic attempts to justify both motions based on "prior art," (Mot. at 1; Ex. 1 at 155:7-12), "development and commercialization of the subject matter of the patents-in-suit," (Ex. 1 at 155:13-17; *see* Mot. at 3), "obviousness or nonobviousness," (Ex. 1 at 155:21-22; *see* Mot. at 2-3), "commercial success," (Ex. 1 at 155:23-156:3; Mot. at 3), "utility and advantage of the patent," (Ex. 1 at 156:14-20; *see* Mot. at 2-3), "noninfringing substitutes [including] front

659589-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
May 9, 2007
Page 2

mounting and side mounting," (Ex. 1 at 156:14-157:2; *see* Mot. at 2-3), and "the structure, function and assemblage of LCD modules," (Ex. 1 at 157:12-158:14; Mot. at 1-2). This discovery is irrelevant, overly broad, burdensome, and intrudes on the claim construction process. (*See generally* Ex. 3, LPL's Feb. 23, 2007 Resp. to Feb. Mot.; Ex. 1 at 89:19-161:2.)

ViewSonic is attempting to circumvent Your Honor's decision that any discovery regarding LPL's modules is deferred until after the *Markman* process. (*See* Nov. 8, 2006 Report at 2-3 (D.I. 306).) Previously, ViewSonic argued that it needed discovery concerning LPL's modules that are the subject of the inventions. The modules alone, however, do not practice the invention.[1] Further, LPL's modules have various holes that may or may not be used for different assembly-related purposes by third party OEMs. Indeed, ViewSonic and Tatung have not produced technical discovery concerning all fastening parts and holes located on all frames and/or modules used in their display products. This discovery is improper and unnecessary.

ViewSonic's Motion seeks irrelevant information that would be an undue burden on LPL to produce. ViewSonic seeks discovery regarding *all* of LPL's modules, even though those modules could not possibly be used by third parties to practice LPL's rearmounting technology.[2] (*See* Mot. at 2.) ViewSonic contends that all of LPL's modules have some hole(s) somewhere on the module. (*See id.*). ViewSonic admits that it does not care whether or not the function of one or more holes could be related to assembly or mounting. (*See id.*) Rather, ViewSonic wants discovery on all LPL modules, on the irrelevant basis that perhaps holes on the module "could be used to attach various items to the module, or to attach the module to another component." ViewSonic ignores the claim language, which pertains not to all modules with any type of holes, or all ways of attaching any types of "items" or "components," but rather to flat panel display devices and specific mounting methods or structures with certain "fastening elements" on a "first frame" that is attached to a "housing" of a data processing device. (*See id.* at 1.) ViewSonic thus has no basis for seeking incredibly broad discovery that covers every module product that LPL has sold over the past ten years. (*See id.*)

---

[1] Further, even if LPL's modules alone could practice the invention, those modules would have no relevance to this case, with the sole possible exception of perhaps prior art issues, assuming that the modules existed before October 1998. ViewSonic's counsel previously conceded that prior art discovery should not extend beyond 1998. (*See id.* (discussing agreements reached in December 2006 hearing).) Yet, ViewSonic now refuses to limit the temporal scope of its discovery requests, seeking information on LPL's products sold long after the time that such products could be relevant to any validity argument. Modules that do not practice the invention, moreover, cannot support invalidity defenses or constitute prior art. ViewSonic cites *Graham* for the proposition that courts look at differences between asserted claims and prior art, but this does not support discovery that is unrelated to prior art based on substance or time period. (*See* Mot. at 2 (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966).)

[2] ViewSonic seeks virtually unlimited discovery on LPL's modules largely based on a misplaced "non-infringing alternatives" argument. (*See* Mot. at 2-3.) In the *Minco* case on which ViewSonic also relies, the Federal Circuit observed that one of many factors relied on by the District Court in settling a royalty rate was that "the market contained no non-infringing alternatives" to the invention. *See Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1120 (Fed. Cir. 1996). This factor refers to alternatives to rearmounting that may exist in the *marketplace*, not to all products made by a patentholder. ViewSonic's reliance on the doctrine of "non-infringing alternatives" is misplaced and does not support ViewSonic's newfound attempts to obtain technical discovery on every LPL module regardless of type, time, or technology. Nor would ViewSonic need such discovery to argue that it uses alternative mounting technology in its own products.

659589-1

**THE BAYARD FIRM**

<div style="text-align: right">The Honorable Vincent J. Poppiti<br>May 9, 2007<br>Page 3</div>

The Motion also should be denied (or deferred) because Request 128 is focused on the terms "corners" and "flat panel display device," which are terms that require construction. (*See* Am. Jt. Subm. of Claim Terms, Sched. A, at 7-10 and 27-29 (listing disputed claim terms) (D.I. 636).) Request 128 focuses specifically on LPL's modules and the disputed term, "corners." According to Your Honor's previous rulings, because Request 128 focuses on disputed claim terms, any discovery responsive to Request 128 should await claim construction.

ViewSonic unpersuasively argues that Your Honor should ignore the competing constructions of "flat panel display device," because LPL's proposed construction may encompass ViewSonic's proposed construction. (*See* Mot. at 2.) Obviously, this argument depends on and can only be answered after Your Honor issues the claim construction order. Moreover, ViewSonic asserts that Request 128 defines "flat panel display device" as "an LCD module or plasma display panel," such that any ambiguities pertaining to LPL's modules or panels are resolved. (Mot. at 1.) However, the actual text of Request 128 does not define "flat panel display device" as a module or panel; rather, it lists panels, modules and "field emission device[s]" as *examples* of flat panel display devices. (*See* Ex. 4 at 3.) In fact, LPL specifically objected to ViewSonic's effort to define "flat panel display device" before the claim construction process has run its course. (*See id.* at 4.) ViewSonic's argument is also flawed because the parties' proposed constructions do not limit Your Honor's eventual determination, as Your Honor is free to adopt a construction that does not necessarily follow those proposed by the parties. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-14 (Fed. Cir. 2005). ViewSonic's assertion incorrectly oversimplifies the claim construction process and directly conflicts with Your Honor's prior ruling. (*See, e.g.*, D.I. 306.)

The recent *KSR* decision does not apply. (*See* Mot. at 3 (citing *KSR Int'l Co. v. Teleflex Inc.*, ___ S.Ct. ___, 2007 WL 1237837 (2007).) *KSR* involved a summary judgment ruling made after the trial court reviewed all of the evidence. In contrast, this is a discovery dispute that depends on Your Honor's forthcoming claim constructions. The standard for deciding any obviousness defense is not at issue and need not be addressed now. Rather, Your Honor's rulings protect the parties from having to produce burdensome discovery that may become totally irrelevant after the claim construction process concludes. (*See, e.g.*, Ex. 2 at 10:2-8.)

For the foregoing reasons, ViewSonic's Motion should be denied or, in the alternative, any resolution should wait until the claim construction process concludes.

<div style="margin-left: 40%">Respectfully submitted,<br><br>/s/ Richard D. Kirk<br>Richard D. Kirk (rk0922)</div>

cc: Counsel as shown on the attached certificate

659589-1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 9, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on May 9, 2007, and will be sent by hand on May 9, 2007, and were sent by email on May 9, 2007, and will be sent by first class mail on May 9, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1