# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET

ANNE SHEA GAZA

WILMINGTON, DELAWARE 19801
(302) 651-7700
Fax (302) 651-7701
WWW.RLF.COM

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

May 10, 2007

**VIA ELECTRONIC MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

> **Re:**    *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation et al.*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

The Tatung Defendants submit this supplemental brief in response to Plaintiff LG. Philips LCD Co., Ltd.'s supplemental brief regarding its motion to compel production of documents filed on March 30, 2007. LPL's supplemental brief is based entirely on mischaracterizing the parties' prior agreements regarding discovery and mischaracterizing the evidence. Simply put, the documents that Tatung has agreed to produce already have been provided to LPL to the extent that responsive documents can be located.

LPL suggests in its supplemental brief that Tatung recently reversed position by limiting its document production to include only documents that refer to the accused products. That is not true. Tatung's position always has been that discovery should be limited to the accused products. LPL has not, and cannot, cite to any written agreement or correspondence that suggests otherwise. Mr. Merideth did state at the January 22, 2007 hearing that "to the extent that there are *general correspondence where sales and marketing in the United States generally, for example, was discussed* without any particular model number being referenced, that, you know, I accepted you are entitled to discovery of that." (Exh. 2 to LPL's Supplemental Brief (emphasis added).) The agreement was to produce any correspondence regarding general sales and marketing in the United States without any reference to specific products, and those documents were produced. However, that does not mean that LPL is entitled to all documents regarding all Tatung products, regardless of whether the products have been accused or not. Under LPL's untenable position, all documents could potentially relate to "sales and marketing" and that was not the parties' agreement.

<u>Trip Reports</u>:    Tatung never agreed to produce trip reports that relate to unaccused products. (April 4, 2007 letter from Ho to Christenson at Exh. 1 hereto.) That position was made clear to LPL in Ms. Ho's April 4, 2007 letter and in Tatung's opposition to LPL's motion to compel. Tatung has performed a diligent search and has been unable to locate any responsive trip reports. Moreover, at the April 13, 2007 hearing, LPL represented that its motion to compel was limited to documents that relate to the accused products in view of the Special Master's ruling limiting non-technical discovery. LPL is now attempting to revisit this agreement and to perform an end run around the Special Master's ruling.

<u>Presentation Materials</u>:    Despite LPL's attempt to create a dispute by complaining that Tatung did not produce a presentation document attached as Exhibit 6 to LPL's supplemental brief, this is a non-issue. While LPL points to HP58627 as evidence that the presentation was about certain accused products, HP's representative, who was deposed on May 9, 2007, testified that the meeting at issue 1) probably took place in Taiwan or China and not

Special Master Poppiti
May 10, 2007
Page 2

the United States; 2) was about promoting other products; and 3) HP58627 merely identifies two models on what is referred to as a roadmap and the roadmap identifies those products as being older models or are current models that are being. Further, neither the presentation materials nor the roadmap are not relevant to LPL's inducement theory because LPL does not contend that HP ever purchased the two models referenced on the roadmap. Accordingly, the presentation is neither relevant nor admissible and Tatung has no obligation to produce it.

Correspondence with Wal-Mart: LPL has received the sought after correspondence with Wal-Mart relating to the accused products. Tatung Science and Technology, Inc.("TSTI"), a third party subpoenaed by LPL, has produced approximately 12 boxes of documents including correspondence with Wal-Mart and correspondence with Tatung regarding Wal-Mart. Based on these documents, LPL should understand that it is TSTI, and not Tatung, that has regular contacts with Wal-Mart. In any event, LPL has the information it claims it needs.

Correspondence with HP regarding MDF Incentives: LPL has been informed on multiple occasions that Tatung has produced all of the correspondence with HP it could locate regarding the accused HP products. While Mr. Ho testified that sometimes "MDF incentives" were provided, LPL never asked whether such incentives were provided for the accused products. Therefore, LPL's assumption that there must be correspondence regarding "MDF incentives" for the accused HP products is unfounded.

Clarifications Sought By LPL: LPL has not shown why it needs or is entitled to any further clarifications, especially when it failed to ask such questions at the appropriate depositions. With respect to the document produced by Tatung that identifies internal customer numbers for U.S. customers, Tatung explained in its opposition to LPL's motion to compel that this information is irrelevant because it does not shed light on which U.S. customers purchased the accused products (information that LPL already has) or which U.S. customer purchased products for the U.S. market. In an effort to be cooperative, Tatung agreed to provide these customers numbers to LPL. Tatung never agreed, however, to subject itself to never-ending questions regarding its document production. With respect to Mr. Shih's declaration, Your Honor already has resolved all issues relating to Mr. Shih's deposition and declaration. Moreover, Mr. Shih's declaration simply was not the subject of LPL's motion to compel production of documents.

Supplementations: On May 4, 2007, LPL identified a number of additional accused products. It is simply unreasonable for LPL to demand supplementations regarding these products by May 22, 2007 when it knows the parties will be devoting their attention to *Markman* reply briefs and the *Markman* hearing during this time. In addition, Tatung needs more time to search for responsive documents relating to the newly accused products. Accordingly, Tatung proposes that supplementation be completed by June 29, 2007.

Respectfully submitted,

Anne Shea Gaza

Anne Shea Gaza (#4093)

cc:    Clerk of Court (CM/ECF filing)
       Richard D. Kirk, Esquire (e-mail)
       Jeffrey B. Bove, Esquire (e-mail)
       Daniel G. Jarcho, Esquire (e-mail)
       Cormac T. Connor, Esquire (e-mail)
       Lora Brzezynski, Esquire (e-mail)
       Tracy R. Roman, Esquire (e-mail)
       Scott R. Miller, Esquire (e-mail)

RLF1-3149539-1