# EXHIBIT A

# Greenberg Traurig

Valerie W. Ho
Tel 310 586 7841
Fax 310 586 7800
HoV@gtlaw.com

April 4, 2007

**Via E-Mail and U.S. Mail**

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re: *LG Philips LCD Co., Ltd vs. ViewSonic Corporation, et al.*
Delaware District Court, Case No. 04-343 JJF

Dear Cass:

This responds to your April 3, 2007 letter.

With respect to LPL's "motion concerning deposition testimony," LPL never asked for, and did not participate in, a meeting of counsel prior to filing this motion on March 30, 2007. In fact, the stated purpose of our April 2 meet and confer, which took place after LPL already had filed its motions, was to discuss Tatung's document production, and not LPL's "motion concerning deposition testimony." Most of our discussion on April 2 focused on Tatung's document production. At the end of that discussion, you did ask in a perfunctory manner whether I had any proposals regarding LPL's "motion concerning deposition testimony." I stated that if you had a proposal, you should raise it since this is LPL's motion. I further stated that contrary to your contention, LPL had made no prior requests to resolve the disputes concerning Mr. Shih's or Mr. Sun's deposition testimony and you were unable to point to any such prior requests. It is, therefore, our position that LPL's "motion concerning deposition testimony" was improperly filed because it did not comply with the meet and confer requirements set forth in the District of Delaware Local Rules and as reiterated by the Special Master at the previous hearings.

With respect to Tatung's document production, I agreed to investigate the following:

1) Whether Tatung has any documents reflecting U.S. customer numbers for customers who have purchased the accused products.

2) Whether Tatung has trip reports that refer to the accused products (either by model number or product size). I did not agree to produce all trip reports pertaining to trips to the United States regarding all products. Trip reports regarding unaccused products are irrelevant and not discoverable.

LA 126763426v1 4/4/2007

Greenberg Traurig, LLP | Attorneys at Law | Los Angeles Office | 2450 Colorado Avenue | Suite 400E | Santa Monica, CA 90404 | Tel 310 586 7700 | Fax 310 586 7800 | www.gtlaw.com

Cass W. Christenson, Esq.
April 4, 2007
Page 2

3) Whether Tatung has profit and loss statements for the period prior to Q1 2005.

4) Whether Tatung has additional communications with customers (for example, with Viewsonic and Hitachi) regarding the accused products, including sales forecasts.

5) Whether Tatung has printouts of information posted on the website provided by HP that relate to the accused HP product.

Please note that after performing a diligent, reasonable search, we believe all correspondence between Tatung and HP relating to the accused HP product have been produced. If additional responsive documents are located, we of course will supplement our production.

I will let you know when we have completed our investigation regarding the items set forth above.

Very truly yours,

Valerie W. Ho

cc:   Rel Ambrozy (via email)
      Lora Brzezynski (via email)
      Richard Kick (via email)
      Scott Miller (via email)
      Jeffrey Bove (via email)
      James Heisman (via email)
      Tracy Roman (via email)
      Frank Merideth (via email)
      Mark Krietzman (via email)
      Allan Jansen (via email)

LA 126763426v1 4/4/2007