# EXHIBIT 2

Case 1:04-cv-00343-JJF    Document 661-3    Filed 05/10/2007    Page 1 of 4

Hearing

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PHILLIPS, L.G., LCD CO., LTD,    )
                                 )
        Plaintiffs,              )   C.A. No. 04-343(JJF)
                                 )
v.                               )
                                 )
TATUNG CO., TATUNG COMPANY OF    )
AMERICA, INC., and VIEWSONIC     )
CORPORATION,                     )
                                 )
        Defendants.              )

    Hearing of above matter taken pursuant to notice before Renee A. Meyers, Registered Professional Reporter and Notary Public, in the law offices of BLANK ROME, LLP, 1201 North Market Street, Wilmington, Delaware, on Friday, May 4, 2007, beginning at approximately 11:45 a.m., there being present:

BEFORE:  HONORABLE VINCENT J. POPPITI, SPECIAL MASTER

APPEARANCES:

    THE BAYARD FIRM
    STEPHEN BRAUERMAN, ESQ.
      222 Delaware Avenue, Suite 900
      Wilmington, Delaware  19899
      for Plaintiffs

CORBETT & WILCOX
Registered Professional Reporters
230 North Market Street    Wilmington, DE 19899
(302) 571-0510
www.corbettreporting.com
Corbett & Wilcox is not affiliated
with Wilcox & Fetzer, Court Reporters

Hearing

10 (Pages 34 to 37)

Page 34

1  issues that you had already asked us to supplement on.
2      MS. HO: Your Honor, we do not agree
3  that there was a prior agreement.
4      SPECIAL MASTER POPPITI: I am sorry?
5      MS. HO: We do not agree --
6      SPECIAL MASTER POPPITI: I understand
7  that.
8      MS. HO: We do not agree that there was
9  a prior agreement, at least in the way that
10 Mr. Christenson is construing.
11     SPECIAL MASTER POPPITI: Okay. Let's
12 move on, then, please, if you would.
13     Are we now at C?
14     MR. CHRISTENSON: Yes, Your Honor. C
15 relates to discovery that we are seeking from
16 ViewSonic --
17     SPECIAL MASTER POPPITI: Just a minute.
18 I am moving papers around and I cut you off. Go ahead.
19     MR. CHRISTENSON: I had sent a letter to
20 counsel for ViewSonic, following up on some issues from
21 our prior hearings, and I don't believe I have received a
22 response back yet from -- to my letter, so I am not sure
23 what the best way is to proceed on this issue.
24     SPECIAL MASTER POPPITI: Mr. Merideth?

Page 35

1  ViewSonic, I am sorry.
2      MR. MILLER: That would be Mr. Miller,
3  Your Honor.
4      SPECIAL MASTER POPPITI: Thank you,
5  Mr. Miller.
6      MR. MILLER: I am happy to just run
7  through a couple of questions real quick that were the
8  subject of the letter.
9      SPECIAL MASTER POPPITI: And is this in
10 the nature of your having a discussion with
11 Mr. Christenson or is it something that I should be
12 attending to today? I am happy to permit -- I am happy
13 for that to occur if it advances the ball. Even if it
14 doesn't advance the ball, at least tell us where the ball
15 is.
16     MR. MILLER: Sure. I think it would be
17 -- some of the issues came up in the hearing, at the last
18 hearing we had before Your Honor on April 13. For
19 example, one of the sets of documents that
20 Mr. Christenson has inquired about are documents that he
21 indicated on the record were ViewSonic documents prepared
22 in the ordinary course of business that reflected only
23 U.S. sales, and he gave me some document control numbers
24 from a prior litigation. I have gotten those documents

Page 36

1  and I have gotten the testimony of them, and the
2  testimony is that those documents were prepared
3  specifically by the Howry firm for an interrogatory
4  response and not documents that are maintained in the
5  ordinary course of business.
6      So we have, you know, a disconnect
7  between what Mr. Christenson indicates the documents are
8  and what the facts are relating to these documents and I
9  think we have that problem on a couple of other
10 circumstances he's asked about as well. I am happy to
11 deal with it now, or we can deal with it off-line, Cass,
12 if you want, or however you think it's appropriate.
13     We seem to have this inability to match
14 up the contentions that are made about our failure to
15 produce discovery with the facts.
16     MR. CHRISTENSON: Well, I don't agree
17 with that, obviously. I think you mischaracterized what
18 the documents are and what I stated I thought they would
19 be, so, I haven't heard your position back yet in
20 response to my April 24 letter until now. You know, if
21 -- that's why I was originally just posing the question
22 of whether I should proceed to run through these issues
23 or if we should have further discussion, but --
24     MR. MILLER: Let me address that, Your

Page 37

1  Honor, because I can read from the transcript of the
2  April 13 hearing on this point.
3      SPECIAL MASTER POPPITI: Why don't you
4  point me to it, please.
5      MR. MILLER: Page 191 of that hearing --
6      SPECIAL MASTER POPPITI: Wait just a
7  second. I am there, please.
8      MR. MILLER: Starting at line three with
9  Mr. Christenson speaking, and the -- I am happy to read
10 the two paragraphs that exist there between line three
11 extending down to line 24, but rather than burden the
12 entire record here with it, what I would say is looking,
13 in particular, starting at line 18 of that subsection,
14 where it says, "What we are asking to compel are the
15 documents that we believe exist, that have already done
16 that, they are documents that ViewSonic has from the
17 ordinary course of business that isolate shipments
18 specifically within the U.S. and those are documents we
19 obtained in the prior C.P.T. case in Delaware before
20 Judge Farnan that went to trial last year."
21     So I asked Mr. Christenson for the
22 document control numbers on that and he gave them to me
23 which were documents that the testimony that was given in
24 the case that he referred to, the 05-292 case, were that

Hearing

11 (Pages 38 to 41)

Page 38

1  those were documents that were prepared by the Howry &
2  Simon firm specifically from thumbing the information,
3  those that were the subject of Mr. Christenson's
4  discussion on the record at our April 13th hearing, are
5  not documents that are maintained in the ordinary course
6  of business.
7       And, so, you know, we are in a situation
8  where the -- it's very frustrating, Your Honor, to be in
9  a situation where we are continually being -- having
10 issues arise like this on the record and then having to
11 respond to them.
12       I think that this is just a classic
13 example of a situation where either the facts were not
14 checked before the assertion was made on the 13th, or,
15 you know, whatever. It's just a very difficult
16 situation.
17       Other documents that were asked for,
18 documents that they contend that ViewSonic has that
19 identify mounting structures --
20       MR. CHRISTENSON: Well, Your Honor, can
21 I respond, please? It's our --
22       SPECIAL MASTER POPPITI: I am not sure
23 that it's very productive for me to listen to what you
24 have to say, again, based on the status as described. I

Page 39

1  don't think it's fair for you to have to create a record
2  without my having been informed beforehand. It's just
3  not productive.
4       MR. MILLER: We can do briefing if we
5  need to or address it off-line.
6       SPECIAL MASTER POPPITI: I would prefer
7  you address it off-line, and if we need to develop it
8  further, we will wrap it into everything else that is
9  left undone today to be turned around in short order.
10      MR. CHRISTENSON: That's fine. And I
11 would just, you know, suggest, with respect to
12 Mr. Miller's accusations about checking facts, I would
13 suggest he check all the relevant testimony and not
14 selected testimony.
15      SPECIAL MASTER POPPITI: Well, those
16 comments are for your edification.
17      MR. MILLER: I don't have all the
18 testimony. I only have the testimony that I can get from
19 prior counsel. I am happy to have Mr. Christenson give
20 me the testimony if there is other out there that makes
21 it seem different.
22      MR. CHRISTENSON: You shouldn't make
23 accusations --
24      SPECIAL MASTER POPPITI: Well, that's

Page 40

1  why I am asking you to do it off-line.
2       MR. CHRISTENSON: That's fine, Your
3  Honor. I am happy to do that. I thought Mr. Miller
4  wanted to proceed. I am happy to do it off-line.
5       SPECIAL MASTER POPPITI: Please do it
6  that way.
7       We are to D, please.
8       MR. CHRISTENSON: That's Tatung's
9  motion, Your Honor.
10      SPECIAL MASTER POPPITI: And I see there
11 is continuing communication.
12      Is that the status of that?
13      MR. CHRISTENSON: The status is that I
14 did send a letter to counsel, I believe, last week,
15 giving the status update, and I can report that our
16 client has investigated and has -- is in the process of
17 sending to me any documents that might be responsive on
18 these issues, and I would then promptly review those and
19 produce any that are appropriate.
20      SPECIAL MASTER POPPITI: Okay. Miss Ho,
21 I think you were about to say something.
22      MS. HO: I was about to inform Your
23 Honor that we did receive a letter from
24 Mr. Christenson --

Page 41

1       SPECIAL MASTER POPPITI: Okay.
2       MS. HO: -- providing a status as to the
3  document review and document production, so we are
4  continuing to try to work it out on that front.
5       SPECIAL MASTER POPPITI: Okay. Good.
6  E, please.
7       MR. CHRISTENSON: I think E might be
8  resolved. There were discussions -- I wasn't involved --
9  but there have been some discussions, I believe,
10 Mr. Merideth can correct me if he disagrees, but I think
11 there are some discussions that are ongoing trying to
12 work out the date for Mr. Linn's deposition, Your Honor.
13      MR. MERIDETH: That's correct. We have,
14 as between counsel, agreed that June 12 would be the most
15 convenient date for the parties and the witness; however,
16 there is one caveat, and, that is, we have not been able
17 to contact Mr. Linn to confirm that to be the case. We
18 don't have any reason to believe that it will be a
19 problem.
20      SPECIAL MASTER POPPITI: Okay.
21      MR. CHRISTENSON: I think we will
22 continue discussing that, Your Honor. I don't think
23 there is any decision that needs to be made by you at
24 this time.