### RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

Anne Shea Gaza

Direct Dial (302) 651-7539
Gaza@RLF.COM

May 25, 2007

**BY E-MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.,* C.A. No. 04-343-JJF

Dear Special Master Poppiti:

LPL's new rendition of Figure 10, now has eliminated the alteration of the hinge arm base, yet it remains an exercise in creative coloring. LPL gives a misimpression concerning the ambiguous artifacts in the green squares below. These artifacts do not support LPL's argument that "on or inside the border" is a meaningful phrase. The drawing does not show the first frame (which LPL attempts to create with a green zone). It is unclear whether the drawing even shows fastening parts because fastening parts are not called out in the drawing. The drawing also does not show the relationship of fastening parts to the first frame.



It is improper to rely on a silent artifact to rewrite the intrinsic record.[1] For example, if speculation were a proper tool for claim construction (which it is not), one could speculate that Defendants' Figure 10 shows the hinge arm (in red), and not the first frame, being attached to the

---

[1] Because the "on or inside the border" limitation advocated by LPL is not found anywhere in the claims, the specification or the prosecution history, LPL asks the Court to infer from an ambiguous, unlabeled drawing that the artifacts are specific fastening element that attach the first frame to the case and the fastening elements are inside the border of the flat display panel. This type of inference is prohibited. *See Franklin Elec. Co., Inc. v. Dover Corp.*, Slip Copy, 2007 WL 634430 at *6 (Fed. Cir. 2007).

case. This connection of hinge arm to the case, without extending fasteners to the LCD device, is supported by the specification. ('641 Patent, 6:21-24 at Exh. A.) (*See* Appendix A.). Additionally, Figure 10 is but one preferred embodiment. As LPL acknowledges, even if LPL's speculation was accepted, it is improper to import a claim limitation from a preferred embodiment.

Moreover, merely adding a fastening element to a prior art device was a claim scope already rejected by the Patent Examiner. Original rejected claim 35 recited "[a] flat panel display device capable of being mounted to a housing, the flat panel display device comprising: . . . the first frame of the backlight unit capable fo being fixed to the housing through the fastening part at the rear surface of the first frame." ('641 File History, JA00124-25 at Exh. G.) The Patents were allowed to issue only after LPL added the "rear mountable (flat panel display device)" limitation. As a result, "rear mountable" must mean more than just adding a fastening element to the rear surface of the first frame. When construed in context, the limitation "rear mountable" means eliminating the space wasting prior art fastening features and relocating those features to the rear of the device. Indeed, not one of the embodiments in the Patents-in-Suit include front or side mounting features plus an extra screw in the back of the device.

 

"Eliminate and relocate" is found throughout the intrinsic record. LPL expressly differentiated rear mounting from front mounting in discussing Abell. Likewise, the specification expressly rejects the use of additional side space consumed in side mounting, through the contents of the '475 Korean Application, which LPL incorporated by reference into the specification of the '641 Patent.[2] Thus, the specification of the patents-in-suit also expressly teach that the wasted space as illustrated by "t" in figure 3 above, is also avoided by the invention. The application goes on to systematically show LCD devices without "d" or "t." At all times contemporaneous with the invention's conception and its prosecution, it was elimination of wasted space and relocation of the fastening elements to the rear that was the "invention."

Respectfully,

*Anne Shea Gaza*
Anne Shea Gaza
(#4093)

Enclosure
cc:   Clerk of Court (via CM/ECF)

---

[2] "When a document is 'incorporated by reference' into a host document, such as a patent, the referenced document becomes effectively part of the host document as if it were explicitly contained therein." *Telemac Cellular Corp v. Topp Telecom, Inc.*, 247 F.3d 1316, 1329 (Fed Cir 2001) *See also* Manual of Patent Examining Procedure, 2163 07(b).

2

Richard Kirk, Esquire (via electronic mail)
Gaspare Bono, Esquire (via electronic mail)
Cormac T. Connor, Esquire (via electronic mail)
Mark Krietzman, Esquire (via electronic mail)
Scott R. Miller, Esquire (via electronic mail)
Tracy Roman, Esquire (via electronic mail)
Jeffrey B. Bove, Esquire (via electronic mail)

*LA 126810546v1 5/25/2007*
*RLF1-3156723-1*