# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.G. PHILLIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION,<br><br>Defendants | C. A. No. 04-343-JJF |

**DEFENDANTS TATUNG COMPANY'S AND TATUNG COMPANY OF AMERICA, INC.'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS REGARDING (A) LG. PHILIPS LCD CO., LTD.'S MOTION TO COMPEL TATUNG DEFENDANTS TO PROVIDE DISCOVERY ON ADVICE OF COUNSEL AND DUTY OF CARE; AND (B) THE TATUNG DEFENDANTS' CROSS-MOTION TO BIFURCATE DISCOVERY**

Of Counsel:
Frank E. Merideth, Jr.
Mark H. Krietzman
Allan W. Jansen
Valerie W. Ho
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404


Dated: May 29, 2007

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
*Attorneys for Defendant Tatung Company and Tatung Company of America*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.     INTRODUCTION ................................................................................................ 1

II.    STATEMENT OF FACTS ................................................................................... 2

III.   ARGUMENT ........................................................................................................ 3

       A.    Standard Of Review ................................................................................... 3

       B.    Discovery Regarding Advice Of Counsel Should Be Postponed
             Until After Claim Construction ................................................................ 4

             1.   Reliance On Advice of Counsel Implicates Waiver Of The
                  Attorney-Client Privilege .................................................................. 4

             2.   Postponing Discovery On Advice of Counsel Will Not
                  Prejudice LPL ................................................................................... 6

       C.    Advice Of Counsel Need Not Be Pled As An Affirmative Defense
             In Order For A Party To Potentially Rely On An Opinion Of Counsel ..... 9

             1.   Advice Of Counsel Is Not A True Affirmative Defense .................. 9

             2.   In Any Event, The Tatung Defendants' Denial Of Willfulness
                  In Their Answers Provided Sufficient Notice to LPL ..................... 12

IV.    CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*A.L. Hansen Manufacturing Co. v. Bauer Products, Inc.*,
No. 03 C 3642, Not Reported in F. Supp.2d, 2004 WL. 1125911 (N.D. Ill. 2004)..............5

*Affinion Net Patents, Inc. v. Maritz, Inc.*,
440 F. Supp. 2d 354 (D. Del. 2006).................................................................................4

*Baker v. City of Detroit*,
483 F. Supp. 919 (E.D. Mich. 1979)..............................................................................12

*In re EchoStar Communs. Corp.*,
448 F.3d 1294 (Fed. Cir. 2006).......................................................................................4

*Glenmede Trust Co. v. Thompson*,
56 F.3d 476 (3d Cir. 1995)............................................................................................11

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
897 F.2d 508 (Fed. Cir. 1990).......................................................................................11

*Johns Hopkins University v. Cellpro*,
160 F.R.D. 30 (D. Del. 1995).........................................................................................12

*Kennan v. Dow Chemical Co.*,
717 F. Supp. 799 (M.D. Fla. 1989).................................................................................10

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GH v. Dana Corp.*,
383 F.3d 1337 (Fed. Cir. 2004).......................................................................................6

*Mobil Oil Corp. v. Amoco Chemicals Corp.*,
779 F. Supp. 1429 (D. Del. 1991).....................................................................................8

*nCube Corp. v. Seachange Intern., Inc.*,
436 F.3d 1317 (Fed. Cir. 2006)......................................................................................10

*Quantum Corp. v. Tandon Corp.*,
940 F.2d 642 (Fed. Cir. 1991)..........................................................................................4

*Read Corp. v. Portec, Inc.*,
970 F.2d 816 (Fed. Cir. 1992).............................................................................6, 11, 13

*Reis Robotics USA, Inc. v. Concept Industries, Inc.*,
462 F.Supp.2d 897 (N.D. Ill. 2006)................................................................................10

*Rolls Royce Ltd. v. GTE Valeron Corp.*,
    800 F.2d 1101 (Fed. Cir. 1986)................................................................6, 11, 13

*Saks v. Franklin Covey Co.*,
    316 F.3d 337 (2d Cir. 2003)..............................................................................10

*Sanden v. Mayo Clinic*,
    495 F.2d 221 (C.A. Minn. 1974) .......................................................................10

*Smith v. Sushka*,
    117 F.3d 965 (6th Cir. 1997) ............................................................................12

*Ultra-Precision Mfg, Ltd. v. Ford Motor Co.*,
    411 F.3d 1369 (Fed. Cir. 2005)..........................................................................12

*William Reber, LLC v. Samsung Electronics America, Inc.*,
    220 F.R.D. 533 (N.D. Ill. 2004)..........................................................................5

*Wilson Group, Inc. v. Quorum Health Resources, Inc.*,
    880 F. Supp. 416 (D.S.C. 1995).....................................................................10, 12

## STATUTES AND OTHER AUTHORITIES

Fed. R. Civ. Proc. 8.........................................................................................................9

Fed. R. Civ. Proc. 53....................................................................................................3, 4

iii

## I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 53(g)(2), Defendants Tatung Company and Tatung Company of America (the "Tatung Defendants") object to the Special Master's Report and Recommendation Regarding (a) LG. Philips LCD Co., Ltd.'s ("LPL") Motion to Compel Tatung Defendants to Provide Discovery on Advice of Counsel and Duty of Care; and (b) the Tatung Defendants' Cross-Motion to Bifurcate Discovery, issued on May 8, 2007. D.I. 658.

The Tatung Defendants' cross-motion to bifurcate discovery relating to advice of counsel should be granted. Recognizing the difficult choice confronting an accused infringer, who has to choose between asserting advice of counsel in response to a claim of willful infringement and waiving the attorney-client privilege, a number of courts have postponed discovery relating to advice of counsel until after the *Markman* hearing and/or after the filing of dispositive motions. Here, the Tatung Defendants merely asked that they be given until June 2007 -- a full seven months before trial -- to make this election. The *Markman* hearing will take place on May 30, 2007 and the Special Master will issue the report regarding claim construction by June 15, 2007. The brief extension sought by the Tatung Defendants will not impact any of the other deadlines in the Scheduling Order. LPL will not be prejudiced at all, especially because the parties are still in the midst of discovery. If the Tatung Defendants elect to assert advice of counsel, LPL will have ample opportunity to obtain discovery regarding this issue. Accordingly, the Tatung Defendants' motion to bifurcate discovery should be granted.

1

## II.    STATEMENT OF FACTS

Plaintiff LPL filed this lawsuit on May 27, 2004 alleging that the Tatung Defendants infringed U.S. Patent Nos. 6,498,718 and 6,501,641. The Patents are directed to flat panel displays capable of being mounted in portable computers from the rear (referred to by the Patents as "rear mountable").

On December 22, 2006, LPL filed a motion to compel discovery concerning advice of counsel. (Exh. A to Declaration of Valerie W. Ho ("Ho Decl.").) On January 8, 2007, the Tatung Defendants opposed LPL's motion on the grounds that it is premature. (Exh. B to Ho Decl.) The Tatung Defendants explained that the decision of whether to assert advice of counsel is monumental because it implicates waivers of the attorney-client privilege and work product doctrine. As a result, the Tatung Defendants asked the Special Master to bifurcate discovery relating to advice of counsel. Specifically, the Tatung Defendants proposed that the Special Master set a June 2007 deadline for the Tatung Defendants to inform LPL as to whether they will be relying on opinions of counsel and to extend the discovery cutoff relating to advice of counsel to August 2007.

By letter to the Special Master dated January 11, 2007, LPL argued that the Tatung Defendants did not plead advice of counsel as an affirmative defense in their answers. LPL contended that the Tatung Defendants had waived this defense because the deadline to move to amend had passed.[1] (Exh. C to Ho Decl.)

---

[1] LPL relied on an earlier ruling by the Special Master relating to a similar motion to compel directed to Co-Defendant ViewSonic Corporation ("ViewSonic"). The Special Master had concluded that the motion was not ripe for consideration because ViewSonic had not pled advice of counsel as an affirmative defense. (D.I. 385)

2

On January 19, 2007, the parties participated in a telephonic hearing before the Special Master regarding various discovery disputes, including LPL's motion to compel and the Tatung Defendants' cross-motion to bifurcate discovery. At that hearing, the Special Master directed the parties to submit supplemental briefing regarding 1) whether advice of counsel is considered an affirmative defense such that it should have been pled and 2) bifurcation of discovery. The Tatung Defendants submitted their supplemental brief on January 26, 2007. (Exh. D to Ho Decl.) LPL filed its supplemental brief on January 31, 2007. (Exh. E to Ho Decl.)

On May 8, 2007, the Special Master issued his report and recommendation. (Exh. F to Ho Decl.) The Special Master concluded that LPL's motion to compel was not ripe for consideration because the Tatung Defendants had not pled advice of counsel as an affirmative defense. The Special Master also denied the Tatung Defendants' motion to bifurcate discovery relating to advice of counsel. The Tatung Defendants respectfully disagree with the Special Master's recommendation for the reasons set forth below.

### III.    ARGUMENT

**A.    Standard Of Review**

When ruling on a party's objections to the Special Master's report and recommendation, the Court may "adopt or affirm; modify; wholly or partly reject or reverse; or resubmit to the master with instructions." Fed. R. Civ. Proc. 53(g)(1). The Court's review of findings of fact is *de novo* absent the parties' stipulation to the contrary. Fed. R. Civ. Proc. 53(g)(3). The Court's review of conclusions of law is *de novo*. Fed. R. Civ. Proc. 53(g)(4). The Court's review of rulings on a procedural matter is for abuse of discretion. Fed. R. Civ. Proc. 53(g)(5). "The subordinate role of the

3

master means that the trial court's review for abuse of discretion may be more searching than the review that an appellate court makes of a trial court." Fed. R. Civ. Proc. 53, Adv. Com. Notes.

**B.     Discovery Regarding Advice Of Counsel Should Be Postponed Until After Claim Construction.**

    **1.     Reliance On Advice of Counsel Implicates Waiver Of The Attorney-Client Privilege.**

The decision of whether to assert reliance on opinion of counsel in response to a claim of willful infringement is a monumental one because it implicates waivers of the attorney-client privilege and work product doctrine. *See In re EchoStar Communs. Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006); *Affinion Net Patents, Inc. v. Maritz, Inc.*, 440 F.Supp.2d 354, 356 (D. Del. 2006). The Federal Circuit has acknowledged the dilemma faced by an accused infringer, who has to choose between waiving the attorney-client privilege with respect to reliance on opinions of counsel or risking a finding of willful infringement. In *Quantum Corp v. Tandon Corp*, 940 F.2d 642, 643-44 (Fed. Cir. 1991), the Court stated:

> Proper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. . . .
>
> An accused infringer ... should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. . . .

In order to ameliorate the harsh effects of this dilemma, some courts have bifurcated trial on issues of liability from issues of willfulness and damages so that an accused infringer is not required to make the monumental decision of whether to waive the attorney-client privilege until infringement has been established. *See id.* at 644 ("While our court has recognized that refusal of a separate trial will not require reversal in every case involving attorney client communications bearing on willfulness, we have suggested the advisability of separate trials in appropriate cases.").

Alternatively, other courts have postponed discovery regarding advice of counsel until after the *Markman* hearing and/or the filing of dispositive motions. *See A.L. Hansen Manufacturing Co. v. Bauer Products, Inc.*, No. 03 C 3642, Not Reported in F. Supp.2d, 2004 WL 1125911 at *6 (N.D. Ill. 2004); *William Reber, LLC v. Samsung Electronics America, Inc.*, 220 F.R.D. 533, 541-42 (N.D. Ill. 2004) (vacated in part). In *A.L. Hansen*, the court denied the defendant's motion to bifurcate trial but stayed discovery relating to advice of counsel until after the *Markman* hearing and the filing of dispositive motions. The court reasoned that "[t]his approach would best protect Bauer from the prejudice resulting from early disclosure of its attorneys' thought processes while preserving an efficient trial." *A.L. Hansen*, 2004 WL 1125911 at *6. Accordingly, the court ruled:

> Therefore, the Court will stay discovery of Bauer's opinion of counsel through the discovery phase. The Court will set a date for the filing of dispositive motions . . . . At that time, Bauer must make the *Quantum* choice: if Bauer intends to present its opinion of counsel at trial, the parties shall conduct expedited discovery on the opinion. Naturally the Court will preclude Bauer from presenting the opinion at trial if Bauer elects not to waive the privilege at that time.
>
> . . .
>
> In this way, Bauer can at least maintain attorney-client privilege throughout the pre-trial phase, including the *Markman* hearing and until the filing of summary judgment motions. However, expedited discovery

5

on Bauer's opinion of counsel will begin immediately if Bauer relies on its
opinion of counsel earlier for any reason.

*Id.* The rationale of these cases applies equally here.

The Special Master, however, concluded that the dilemma of having to choose
between responding to a claim of willful infringement and waiving the attorney-client
privilege has been substantially ameliorated by the Federal Circuit's decision in *Knorr-
Bremse Systeme Fuer Nutzfahrzeuge GH v. Dana Corp.*, 383 F.3d 1337, 1344-45 (Fed.
Cir. 2004). (Exh. F, pg. 8, to Ho Decl.) However, *Knorr-Bremse* merely held that an
adverse inference regarding willful infringement could no longer be drawn from the lack
of an opinion of counsel. Whether an accused infringer exercised due care and obtained
an opinion of counsel are still highly relevant because they are factors in the "totality of
these circumstances" test for willful infringement which carries with it the possibility of
treble damages. *See Read Corp. v. Portec, Inc.* 970 F.2d 816, 826-28 (Fed. Cir. 1992);
*Rolls Royce Ltd v. GTE Valeron Corp.*, 800 F.2d 1101, 1109-10 (Fed. Cir. 1986).
Because reliance on advice of counsel is still a factor in the willful infringement analysis,
the dilemma facing an accused infringer is still present notwithstanding the *Knorr-
Bremse* decision.

### 2.    Postponing Discovery On Advice of Counsel Will Not Prejudice LPL.

In view of the serious ramifications associated with the decision of whether to
assert advice of counsel, the Tatung Defendants requested a postponement of discovery
on this issue. The Tatung Defendants proposed that they will notify LPL by mid-June
2007 as to whether they will produce opinions of counsel and the parties will have until
mid-August 2007 to complete discovery on this issue. The Tatung Defendants also

6

offered to make the appropriate witnesses available for deposition in the United States at a location of LPL's choosing. (Exh. B to Ho Decl.)

LPL argued that it would be prejudiced if discovery relating to advice of counsel were postponed. In his report and recommendation, the Special Master concluded that "Tatung's request to bifurcate discovery would effectively thwart LPL from timely taking discovery that is both permissible and necessary whenever the advice of counsel defense is asserted." (Exh. F, pg. 7-8, to Ho Decl.) The Special Master also concluded that "[t]o achieve Tatung's stated objective of deferring its election until after liability is established, the Special Master determines that it would likely be necessary to bifurcate and stage the trial on willfulness following the trial for infringement." (*Id*. at pg. 7.) The Tatung Defendants respectfully disagree. First, the Tatung Defendants did not request to bifurcate trial.

Second, the Tatung Defendants merely sought an extension to June 2007 to make the election. This approach would allow the Tatung Defendants to maintain the attorney-client privilege throughout the *Markman* proceedings. The *Markman* hearing is scheduled for May 30, 2007 and the Special Master has stated that he will issue the report and recommendations regarding claim construction by June 15, 2007. In short, the Tatung Defendants did not insist on postponing discovery regarding advice of counsel until after infringement has been established. They merely sought a brief extension to until at least after the *Markman* proceedings, *i e* , mid-June 2007. (*See* Exhs. B & D to Ho Decl.)

Third, LPL will have an opportunity to conduct discovery regarding advice of counsel if the Tatung Defendants elect to produce opinions of counsel. The Tatung

7

Defendants have offered to make the appropriate witnesses available for deposition from June to August 2007. (Exh. B to Ho Decl.) LPL, therefore, will not be prejudiced at all. The circumstances here are entirely distinguishable from *Mobil Oil Corp v Amoco Chemicals Corp.*, 779 F.Supp. 1429, 1485 n. 43 (D. Del. 1991), cited by the Special Master. In *Mobil*, the accused infringer waited until immediately before the pre-trial conference to clearly assert advice of counsel. Understandably, the Court concluded that the accused infringer's late waiver prevented the plaintiff from taking necessary discovery. Unlike in *Mobile*, the Tatung Defendants proposed that they would notify LPL as to whether they will assert advice of counsel by mid-June 2007 and will provide discovery regarding these issues by no later than August 2007 -- five months before trial scheduled for January 21, 2008.

Fourth, notwithstanding the original March 30, 2007 fact discovery cutoff, the parties are still in the midst of discovery. For example, the parties stipulated to continue third party discovery to May 11, 2007. In addition, LPL requested and received postponements of the depositions of the Tatung Defendants' technical witnesses, which now will be conducted during the weeks of June 4 and 11, 2007. Moreover, on April 6 and May 4, 2007, LPL supplemented its interrogatory responses to include over 200 newly accused products. (Exhs. G and H at Ho Decl.) The Tatung Defendants' supplemental document productions relating to these newly accused products will not be completed until June 29, 2007 at the earliest. Because the parties in any event are still in the midst of discovery, permitting discovery regarding advice of counsel to take place between June and August 2007 simply will not prejudice LPL. Indeed, it is fundamentally unfair for LPL on the one hand to demand supplementations of discovery

8

that it perceives to be helpful to its case and to postpone numerous depositions when it is in its interest to do so, while on the other hand attempt to preclude the Tatung Defendants from relying on advice of counsel on the grounds that that discovery should have been provided prior to the March 30 deadline.

Finally, the Special Master notes in his report and recommendation that the Scheduling Order "does not contemplate bifurcation of discovery that relates to advice of counsel." (Exh. F, pg. 9 at Ho Decl.) The Special Master further notes that the parties have proposed, and the Court has approved, amendments to the Scheduling Order but that during this process, the Tatung Defendants did not propose a different schedule for discovery relating to advice of counsel. However, the Tatung Defendants simply did not believe it was appropriate or necessary to propose an amendment to the Scheduling Order because their cross-motion to bifurcate discovery was under submission.

**C.    Advice Of Counsel Need Not Be Pled As An Affirmative Defense In Order For A Party To Potentially Rely On An Opinion Of Counsel.**

      **1.    Advice Of Counsel Is Not A True Affirmative Defense.**

Rule 8(c) of the Federal Rules of Civil Procedure requires a party to set forth "affirmatively" in a responsive pleading certain defenses. Rule 8 specifies a number of affirmative defenses, including laches, res judicata, statute of limitations, and "any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. Proc. 8(c). In determining whether a particular theory or contention constitutes an affirmative defense, courts have considered the following factors: (1) whether the defense is one which, if true, would wholly defeat the plaintiff's claim or otherwise excuse the defendant from liability, or whether the defense simply controverts an element of the plaintiff's prima facie case; and (2) whether failure to plead the defense would unfairly surprise the

9

plaintiff. *Kennan v. Dow Chemical Co.*, 717 F.Supp. 799, 807 (M.D. Fla. 1989), *accord Sanden v. Mayo Clinic*, 495 F.2d 221, 224 (C.A. Minn. 1974); *see also Wilson Group, Inc. v. Quorum Health Resources, Inc.*, 880 F.Supp. 416, 425 (D.S.C. 1995). An affirmative defense is a defendant's assertion of new facts and argument that, if true, will defeat the plaintiff's claim, *even if all allegations in the complaint are true. Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003), *citing* Black's Law Dictionary 430 (7th ed. 1999) (emphasis added). Put another way, the "concept of an affirmative defense under Rule 8(c) 'requires a responding party to *admit* a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability (or perhaps from full liability).'" *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F.Supp.2d 897, 906 (N.D. Ill. 2006), *citing Menchaca v. Am. Med. Resp. of Ill.*, 6 F.Supp.2d 971, 972 (N.D. Ill. 1998) (emphasis in original). Thus, a defense that "merely negates some element of plaintiff's prima facie case is not truly an affirmative defense and need not be pleaded." *Sanden*, 495 F.2d at 224.

Reliance on opinion of counsel is not an affirmative defense to a claim of willful infringement within the meaning of Rule 8(c). First, an accused infringer's reliance on opinion of counsel is not a defense which, if true, would necessarily defeat a claim of willful infringement. Rather, reliance on opinion of counsel is merely one factor, among many, that may controvert an element of the patentee's prima facie case regarding willful infringement. The burden of proving willful infringement by clear and convincing evidence remains with the patentee. *See nCube Corp. v. Seachange Intern., Inc.*, 436 F.3d 1317, 1319 (Fed. Cir. 2006). Courts have long held that whether a defendant willfully infringed is a question that must necessarily contemplate the "contributions of

several factors," and must be made upon a consideration of the "totality of the circumstances." *See, e.g., Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990); *see also Rolls-Royce*, 800 F.2d at 1109-10. These factors include: 1) Whether the accused infringer made efforts to redesign the allegedly infringing product or method; 2) whether the accused infringer engaged in bad faith litigation conduct; 3) whether the accused infringer deliberately copied the product or method of the patentee; 4) whether upon learning of the patent, the accused infringer investigated the scope of the patent and formed a good faith belief that it was not infringed or was invalid; and 5) whether the accused infringer obtained an opinion of counsel. *See Read Corp.*, 970 F.2d at 826-28; *Rolls-Royce*, 800 F.2d at 1110. Because reliance on opinion of counsel is only one factor that may negate the patentee's prima facie case, it is not a true affirmative defense under Rule 8. Indeed, there is no requirement (and LPL has not suggested otherwise) that an accused infringer plead as affirmative defenses each of the many factors that are considered in the totality of circumstances analysis.

Second, reliance on advice of counsel is not an admission that the allegations in the complaint are true but that liability should be excused for other reasons. *See Reis*, 2006 WL 3198934 at * 5 (stating that an affirmative defense is one that admits the allegations of the complaint and asserts that for other legal reasons liability should be excused). For example, asserting advice of counsel in response to a claim of willful infringement is not an admission that the allegations regarding infringement are true.

Here, the Special Master found "Tatung's Rule 8 analysis [to be] compelling," but noted that the courts in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir.

11

1995) and *Johns Hopkins University v. Cellpro*, 160 F.R.D. 30, 34 (D. Del. 1995) characterized advice of counsel as an affirmative defense. "In this regard the Special Master concludes it would be inappropriate for a Special Master to ignore the characterization." (Exh. F, pg. 10 at Ho Decl.) *Glenmede*, however, was not a patent case. The advice of counsel issue in that case was wholly different. In addition, while *Johns Hopkins* was a patent case and the court there did refer to advice of counsel as an "affirmative defense," it did not consider the Rule 8 analysis set forth above. In view of Rule 8 and the corresponding case law, the Tatung Defendants respectfully submit that advice of counsel is not a true affirmative defense such that it must be affirmatively pled.

### 2.    In Any Event, The Tatung Defendants' Denial Of Willfulness In Their Answers Provided Sufficient Notice To LPL.

The purpose of requiring affirmative defenses to be pled is to notify the other party of the existence of certain issues. *See Wilson Group*, 880 F.Supp. at 425; *see also Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005), citing *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (stating that the purpose of Rule 8(c) is to "give the opposing party notice of the affirmative defense and a chance to respond"). "[W]hat matters is not whether magic words 'affirmative defense' appear in pleadings but whether court and parties were aware of issues involved." *Baker v. City of Detroit*, 483 F.Supp. 919, 921 (E.D. Mich. 1979).

Here, the Tatung Defendants' answers to the complaint expressly denied that they willfully infringed the Patents-in-Suit. The Tatung Defendants' denial of willfulness provided sufficient notice to LPL of all matters at issue. LPL's allegations of willful infringement and the Tatung Defendants' denial of willfulness placed into issue all of the factors in the totality of circumstances test for willfulness, including whether the Tatung

12

Defendants attempted to design around the Patents, whether they obtained opinions of counsel and whether they intentionally copied the alleged invention. *See Read Corp.*, 970 F.2d at 826-28; *Rolls-Royce*, 800 F.2d at 1110. In fact, LPL has explored these issues in discovery notwithstanding that they were not specifically discussed in the Tatung Defendants' answers.

Moreover, LPL knew that advice of counsel was a potential issue because it filed a motion to compel the production of opinions of counsel. LPL also knows that the Tatung Defendants have written opinions of counsel because they have been so informed and the opinions are identified on the Tatung Defendants' privilege log. That advice of counsel was not specifically pled in the answers has not caused any surprise or prejudice to LPL. Accordingly, the Tatung Defendants should not be required to amend their answers to affirmatively plead advice of counsel as a defense before potentially relying on written opinions of counsel.

IV.    CONCLUSION

For the reasons stated above, the Tatung Defendants respectfully request that the Court grant their motion to bifurcate discovery relating to advice of counsel.    A form of order is attached hereto.

Of Counsel:
Frank E. Merideth, Jr.
Mark H. Krietzman
Allan W. Jansen
Valerie W. Ho
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404


Dated:  May 29, 2007

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
*Attorneys for Defendant Tatung Company
and Tatung Company of America*

14

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2007 I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Jeffrey B. Bove, Esquire
James Heisman, Esquire
Jaclyn M. Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I hereby certify that on May 29, 2007 I caused to be sent the foregoing document by electronic mail and Federal Express to the following non-registered participants:

Gaspare J. Bono, Esquire
Rel S. Ambrozy, Esquire
Lora A. Brzezynski, Esquire
Cass W. Christenson, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

Tracy R. Roman, Esquire
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Scott R. Miller, Esquire
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com