# EXHIBIT A

# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

BY HAND AND BY EMAIL

December 22, 2006

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

      Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
            **U.S. District Court Case No. 04-343 JJF**

Dear Special Master Poppiti:

      This is Plaintiff LG.Philips LCD Co., Ltd.'s ("LPL") Motion to Compel Defendants Tatung Company and Tatung Company of America, Inc. (collectively "Tatung") to provide discovery concerning any advice of counsel or other evidence related to whether Tatung exercised any due care after learning of U.S. Patent Nos. 6,498,718 and 6,501,641 (the "Patents in Suit"). LPL requested this discovery in November 29, 2005 discovery requests.[1]

      LPL alleges that Tatung directly, indirectly and willfully infringes the "Patents in Suit," which concern the mounting of flat panel displays and devices associated with popular consumer products such as liquid crystal display ("LCD") products ("visual display products"). If Tatung is relying on any legal opinion or advice, then LPL is entitled to discovery regarding all such advice and opinions for depositions and trial. *See, e.g., Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 396, 399 (D. Del. 2002) (ordering production of documents relied upon in forming the basis of counsel's opinion and all legal advice the party received from counsel relating to the subject matter of counsel's opinion). LPL respectfully requests that the Special Master order Tatung to provide discovery concerning any advice of counsel or legal opinions on which Tatung intends to rely as a defense in this case and order Tatung to provide discovery concerning whether Tatung has exercised any due care to avoid infringing the Patents-in-Suit.

---

[1] This Letter Motion pertains to LPL's Interrogatories 5-7 and Document Requests 19-24, 49-50, 55, 72 (regarding Tatung Company only) and 73 (regarding Tatung America only) served on Tatung on November 29, 2005. (*See* Exhibits 1-6.) LPL has filed three Motions to Compel that relate to a common set of discovery requests, and, for the convenience of the Special Master, the Exhibits cited in LPL's Motions to Compel are attached as Exhibits to LPL's Local Rule 7.1.1 Certification, which has been filed contemporaneously.

647164-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
December 22, 2006
Page 2

      LPL alleges that Tatung has engaged in willful infringement, contrary to Tatung's duty of due care. When a party learns of a patent, that party has an affirmative duty to act with due care. *See, e.g., Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001); *SRI Int'l, Inc. v. Advanced Tech. Lab., Inc.*, 127 F.3d 1462, 1464 (Fed. Cir. 1997). In many cases, Defendants attempt to show due care based on legal advice and opinions concerning infringement and validity. *See id.* Any relevant legal advice or opinions, however, must be scrutinized and do not necessarily prevent a finding of willful infringement. *See SRI Int'l*, 127 F.3d at 1464-65. LPL needs discovery, for example, regarding the scope of, basis for, and adequacy of any legal opinions or advice obtained or relied on by Tatung. *See id.*

      In its February 13, 2006 responses, Tatung states that it "has not yet finally determined which defenses it will pursue, including without limitation, whether it will rely on advice of counsel as a defense to Plaintiff's claims." (*See* Exs. 3 & 4 at Resps. to Interrog. 6.) Tatung has continued to refuse to take a position on or provide discovery regarding whether Tatung relied on the advice of counsel, even more than one year after LPL served its discovery requests. Tatung continues to refuse to take a position or provide this discovery. (*See* LPL's Local Rule 7.1.1 Certification, filed contemporaneously with this Motion.)

      LPL has noticed depositions for January and February 2007, in order to meet the current fact deposition deadline of March 2, 2007. Before taking depositions, LPL is entitled to know whether Tatung is relying on the advice of counsel as a defense or contends that it has otherwise exercised due care. If Tatung does intend to assert an advice of counsel defense, then LPL is entitled to complete discovery regarding any advice of counsel on Tatung's infringement of the Patents-in-Suit, including document production and deposition testimony from Tatung and Tatung's counsel. *See Novartis*, 206 F.R.D. at 398.

      As Judge Farnan stated in the *Novartis* case, "it is critical for the patentee to have a full opportunity to probe, not only the state of mind of the infringer, but also the mind of the infringer's lawyer upon which the infringer so firmly relied." Judge Farnan further explained that asserting advice of counsel waives any privilege:

> Where, as here, a party relies on the advice of counsel defense to a charge of willful infringement, the Court concludes that that party has expressly waived its privilege with respect to attorney-client communications and work product documentation. Having concluded that these privileges are waived, the Court concludes that ***everything with respect to the subject matter of counsel's advice is discoverable***, despite the protection that is normally afforded to attorney-client communications and work product material.

*Novartis*, 206 F.R.D. at 398 (emphasis added).

      The scope of waiver is thus broad and applies to "all communications relating to non-infringement, invalidity, and unenforceability." *Affinion Met Patents, Inc. v. Maritz, Inc.*, 440 F.

647164-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
December 22, 2006
Page 3

Supp. 2d 354, 356 (D. Del. 2006). Further, the attorney-client privilege is waived "as to communications with all counsel related to the same subject matter." *Id.* (citing *In re Echostar Communs. Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006)). Allowing such discovery discourages incompetent legal opinions and "legal gamesmanship." *Novartis*, 206 F.R.D. at 399. Further, this discovery is highly relevant and probative of issues for trial.

In this case, it is unfair for Tatung to withhold discovery by postponing any further its disclosure of any advice of counsel defense. LPL needs this discovery now so that LPL can depose the relevant attorneys and Tatung witnesses and then prepare for trial. As this Court has concluded, failing to waive the privilege during the discovery period unfairly prevents "taking any appropriate discovery regarding the opinions or from ascertaining that all of the documents relating to the opinions had been produced." *Mobil Oil Corp. v. Amoco*, 779 F. Supp. 1429, 1485 n.43 (D. Del. 1991).

LPL requests that Tatung be compelled to produce discovery promptly, including: any efforts made by Tatung to avoid infringing the Patents-in-Suit (*see, e.g.*, Exs. 3 & 4 at Interrogs. 5 & 7; Exs. 5 & 6 at Doc. Reqs. 19-23 & 72); Tatung's intent to rely on any legal opinion or advice as part of its defense (*see, e.g.*, Exs. 3 & 4 at Interrog. 6; Exs. 5 & 6 at Doc. Req. 55); and investigations of the Patents-in-Suit undertaken by Tatung or on its behalf (*see, e.g.*, Exs. 3 & 4 at Interrog. 7; Exs. 5 & 6 at Doc. Reqs. 24, 49 & 50), along with such further relief as the Special Master deems just and proper. LPL also requests that the Special Master order Tatung to produce documents related to any exercise of due care by Tatung to avoid infringing the Patents-in-Suit, or lack of due care. (*See, e.g.*, Ex. 5 at Doc. Req. 72; Ex. 6 at Doc. Req. 73.)

LPL respectfully requests that the Special Master order Tatung to produce promptly all of the discovery requested in this Motion, along with such further relief as the Special Master deems just and proper.

Respectfully submitted,

/s/ Richard D. Kirk

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

647164-1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on December 22, 2006, copies of the foregoing document were served as follows:

BY EMAIL AND BY HAND:

| | |
|---|---|
| Jeffrey B Bove, Esq.<br>Jaclyn M. Mason, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899-2207 | Frederick L. Cottrell, III, Esq.<br>Anne Shea Gaza, Esq.<br>Richards, Layton & Finger<br>One Rodney Sqare<br>P.O. Box 551<br>Wilmington, DE 19899 |

BY EMAIL AND BY U.S. MAIL:

| | |
|---|---|
| Scott R. Miller, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>355 South Grand Avenue<br>Suite 3150<br>Los Angeles, CA 90071 | Valerie Ho, Esq.<br>Mark H. Krietzman, Esq.<br>Frank C. Merideth, Jr., Esq.<br>Greenberg Traurig LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA 90404 |

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

632604-1