# EXHIBIT B

Case 1:04-cv-00343-JJF    Document 680-3    Filed 05/29/2007    Page 1 of 4

RLF1-3157583-1

# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

January 8, 2007

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

Defendants Tatung Company and Tatung Company of America, Inc. (collectively, the "Tatung Defendants") respectfully submit this letter brief in opposition to Plaintiff LG. Philips LCD Co., Ltd.'s ("LPL") Motion to Compel Discovery Regarding Advice of Counsel.

The decision of whether to assert the advice of counsel defense is a monumental one because it implicates waivers of the attorney-client privilege and work product doctrine. *See Affinion Net Patents, Inc. v. Maritz, Inc.*, 440 F.Supp.2d 354, 356 (D. Del. 2006). Indeed, the Federal Circuit has acknowledged the dilemma faced by an accused infringer, who has to choose between waiving the attorney client privilege with respect to reliance on opinions of counsel or risking a finding of willful infringement.[1] In *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-644 (Fed. Cir. 1991), the Court noted:

> Proper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. . . .
>
> An accused infringer . . . should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to

---

[1] Needless to say, the Tatung Defendants affirmatively denied LPL's claim of willful infringement in their Answers. (D.I. 186; 187).

RLF1-3102116-1

The Honorable Vincent J. Poppiti
January 8, 2007
Page 2

protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. . . .

In order to ameliorate the harsh effects of this dilemma, some Courts have been willing to bifurcate liability from willfulness and damages so that an accused infringer is not required to make the monumental decision of whether to waive the attorney client privilege until infringement has been established. *See id.* at 644.

Here, the Tatung Defendants repeatedly have informed LPL that they have not yet decided whether to assert the advice of counsel defense. At the parties' December 2006 meet and confer, LPL stated that it needed this information because of the upcoming March 2007 fact discovery cut-off. The Tatung Defendants proposed that the parties agree to a date (*e.g.*, mid-June 2007) by which the Tatung Defendants will inform LPL as to whether they are relying on the advice of counsel defense and agree to extend the fact discovery cutoff relating to advice of counsel issues (*e.g.*, to mid-August 2007). Counsel for LPL stated that they were willing to consider this proposal. (Declaration of Valerie W. Ho, ¶ 6.) Should advice of counsel issues become ripe for discovery, the Tatung Defendants are willing make the relevant witnesses available for deposition at a location in the United States of LPL's choosing. This approach will not cause LPL any prejudice whatsoever.[2]

Accordingly, the Tatung Defendants respectfully request that the Court deny LPL's Motion to Compel. The Tatung Defendants further request that the Court (1) set a deadline for sometime in June 2007 by which the Tatung Defendants will inform LPL as to whether they are asserting the advice of counsel defense and (2) extend the fact discovery cut-off relating to advice of counsel issues to sometime in August 2007.

Respectfully,

*Anne Shea Gaza*
Anne Shea Gaza
(#4093)

ASG/afg

---

[2] In fact, as the Special Master knows, LPL only very recently has asserted a number of new claims against the Defendants and has asked for an extension of the fact discovery cut-off.

RLF1-3102116-1

The Honorable Vincent J. Poppiti
January 8, 2007
Page 3

cc:     Clerk of the Court (By Electronic Filing)
        Richard Kirk, Esquire (via electronic mail)
        Cormac T. Connor, Esquire (via electronic mail)
        Lora Brzezynski, Esquire (via electronic mail)
        Mark Krietzman, Esquire (via electronic mail)
        Scott R. Miller, Esquire (via electronic mail)
        Jeffrey B. Bove, Esquire (via electronic mail)