# EXHIBIT C

(302) 429-4208<br>
rkirk@bayardfirm.com

BY HAND AND BY EMAIL

January 11, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE  19801

  Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
     U.S. District Court Case No. 04-343 JJF

Dear Special Master Poppiti:

  I write on behalf of Plaintiff LG.Philips LCD Co., Ltd. ("LPL") in response to the three-page January 9, 2007 submission,[1] of Defendants Tatung Company and Tatung Company of America, Inc. (collectively, "Tatung") asking the Special Master to award an amorphous running sanction against LPL.  Tatung suggests that the new claims that LPL has asserted against the Defendants will require the Defendants to effectively start a new case within this case and argues that LPL should be required to pay all resulting costs and fees.  Further, Tatung argues that, although it has never asserted an advice of counsel defense, it should now be allowed to have more time just to consider whether or not to do so.  Tatung is asking the Special Master to award it an unjustified windfall of virtually unlimited cost shifting as a sanction for prejudice that, if it exists at all, may be swiftly cured without any cost shifting sanctions.

  LPL's Complaint notified all of the Defendants that their products infringe the Patents-in-Suit.  As relevant here, LPL's Complaint did not identify, nor was it required to identify, specific claims of the Patents-in-Suit that LPL believed were being infringed.  In fact, Tatung did not even seek these assertions from LPL until two months after the deadline for the parties to amend their pleadings.  Consequently, contrary to Tatung's claims, any strategic planning, validity or infringement analysis, preparation of litigation budgets, reviews of prior art, staffing considerations, allocation of corporate resources, expert witness selections and consultations, discovery preparations, review of the intrinsic record or any of the other items on Tatung's long list of purported prejudices should have been and likely were completed long before LPL asserted that **any** specific patent claims had been infringed.  (*Cf.* Tatung's Subm. at 2-3.)

---

[1] Your Honor explicitly instructed the parties to limit their submissions to two pages.

645555-1

The Honorable Vincent J. Poppiti
January 11, 2007
Page 2

Tatung's claims that it has been globally prejudiced have no merit. Because Tatung challenged jurisdiction, it did not participate in the preliminary injunction phase of this case, which is when LPL first notified Tatung and Defendant ViewSonic Corporation ("ViewSonic") of particular claims of the Patents-in-Suit that would be at issue in this case. After dropping its jurisdictional challenge, Tatung filed Answers to the Complaint, each containing 14 affirmative defenses. (*See* D.I. 186-87.) However, Tatung has **never raised** an advice of counsel defense. Furthermore, Tatung elected not to serve its First Set of Interrogatories until March 9, 2006 – more than one year after it served its Answers and almost **two months after the deadline** for amending pleadings in this case – and used those Interrogatories to ask LPL to "identify each claim of each of the Patents-in-Suit that [LPL] contends is infringed…." (Tatung's 1st Set of Interrogs. at No. 1.) As a result, following the preliminary injunction process, the first time that LPL expressly identified any specific claims of the Patents-in-Suit was in LPL's April 5, 2006 responses to Tatung's First Set of Interrogatories.

Despite their own delay in asking LPL to identify specific claims, Tatung now claims that it "requires more time to decide whether to assert the advice of counsel defense" and any other defenses. (Tatung's Subm. at 1.) Tatung's position, however, conflicts with rulings that Your Honor made during the December 28, 2006 hearing (the "Hearing") and in the subsequent Report and Recommendations of January 5, 2007 (the "Report"). Specifically, in the Report, Your Honor determined that Defendant ViewSonic never pled an advice of counsel defense. (*See* Report at 4.) Further, because the deadline to amend pleadings expired almost one year ago, ViewSonic has waived its defense. *See Trio Process Corp. v. L. Goldstein's Sons, Inc.*, 461 F.2d 66, 74 (3d Cir. 1972) (untimely affirmative defenses may be deemed waived). (*See also* Hr'g Tr. at 99.) In the Report, Your Honor found that "the record is clear that ViewSonic has not raised the affirmative defense of advice of counsel – and, based on the Scheduling Order, may not amend its pleadings to assert that defense without leave of Court…." (Report at 4.) As such, Your Honor determined that LPL's motion to compel discovery pertaining to advice of counsel did not apply to any existing claim or defense and was, therefore, not ripe for review. (*Id.*)

Tatung and ViewSonic are in identical situations. Like ViewSonic, Tatung has never asserted an advice of counsel defense. Instead, as ViewSonic did, Tatung responded to LPL's interrogatories by claiming that it has not been able to decide whether or not to assert the defense. Consistent with Your Honor's rulings, the Defendants should not be allowed to assert untimely advice of counsel defenses without first obtaining leave from the Court, especially where Tatung waited until after the pleading deadline to serve its discovery.

Tatung's claims of prejudice are not supported by fact or law. In fact, none of the Defendants' claims of prejudice justify the sweeping and nearly limitless sanctions that Tatung requests. As stated in LPL's contemporaneous submission in response to ViewSonic, which LPL incorporates herein, any prejudice to the Defendants may be promptly and fairly cured before the existing *Markman* hearing date. Also, as explained further in LPL's contemporaneous submission LPL is offering to withdraw half of its newly-asserted claims. Thus, of the remaining new claims, the Defendants have already briefed four terms and there are only two more terms that could even arguably require construction by the Court. LPL, therefore, respectfully requests that Your Honor reject all of the unfounded prejudice claims in Tatung's submission and deny any relief related to those excessive claims.

645555-1

The Honorable Vincent J. Poppiti
January 11, 2007
Page 3

        Respectfully submitted,

        /s/ Richard D. Kirk (rk0922)

cc:  Counsel as shown on the attached certificate