RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

June 5, 2007

EMERGENCY MOTION

**VIA ELECTRONIC MAIL
& HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation et al.*
      **U.S. District Court Case No. 04-343 JJF**

Dear Special Master Poppiti:

Tatung Company and Tatung Company of America (the "Tatung Defendants") hereby move for a protective order limiting the scope of the depositions and the Rule 30(b)(6) topics noticed by LG. Philips LCD Co., Ltd. ("LPL") to the accused products identified in LPL's interrogatory responses. Tatung moves pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, which authorizes the Court to protect against undue burden, expense, and oppression by limiting the scope of discovery.

On December 5, 2006, LPL served Rule 30(b)(6) notices of deposition on the Tatung Defendants. (*See* Exhs. A & B.) Some of the deposition topics are directed to the assembly and structure of "visual display products." Specifically, the topics seek information regarding all "visual display products" made, sold, offered for sale or imported by the Tatung Defendants. The Tatung Defendants served their objections to LPL's notices on January 5, 2007. (*See* Exhs. C & D.)

The Tatung Defendants designated certain witnesses to testify regarding the assembly-related topics. The depositions originally were scheduled to take place in March 2007. Shortly before the depositions were scheduled to start, LPL requested and obtained a postponement of the depositions on the grounds that it needed additional time to evaluate the Tatung Defendants' technical documents and to identify additional accused products. After several continuations, the parties finally agreed to schedule the depositions for this week. Peter Farzin, Tatung America's Rule 30(b)(6) witness on the assembly-related topics (among others), is scheduled to be deposed

Special Master Poppiti
June 5, 2007
Page 2

on June 5, 2007. Vincent Liu, Tatung's Rule 30(b)(6) witness on similar topics, is scheduled to be deposed on June 6 and 7. Jamie Yang, another Tatung witness, is scheduled to be deposed on June 8.

On June 4, 2007, the Tatung Defendants asked LPL to confirm that the scope of these depositions will be limited to the accused products identified in LPL's interrogatory responses. LPL refused to provide such confirmation, thereby necessitating the filing of this motion. For the reasons set forth below, the Tatung Defendants respectfully request that Your Honor issue a Protective Order limiting the scope of the depositions to products that have been accused of infringement by LPL.

### A. Discovery Regarding Hundreds Of Unaccused Products Is Burdensome And Unnecessary Because LPL Cannot Identify Any More Accused Products.

The Tatung Defendants have produced assembly drawings, CAD drawings and work instructions relating to hundreds of products. LPL requested and obtained multiple extensions of time to evaluate these technical documents, to purchase and inspect certain products and to provide a definitive list of accused products. Your Honor set a deadline of May 4, 2007 for LPL to identify all accused products. In April and May 2007, LPL supplemented its interrogatory responses to accuse over 200 additional products. LPL already has provided its definitive list of accused products. LPL's deadline to provide the final and definitive list has now passed. Any discovery regarding unaccused products at this point is unnecessarily burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and will constitute a complete waste of time because LPL simply cannot accuse any more products. Requiring the Tatung Defendants to prepare their witnesses on hundreds of unaccused products is unreasonable and exceedingly burdensome.

### B. LPL's Request For An Extension Of Time To Identify Additional Accused Products Was Denied By The Special Master.

After granting LPL multiple extensions of time, Your Honor had set May 4, 2007 as the deadline for LPL to provide a final and definitive list of accused products. At the hearing before Your Honor on May 4, 2007, LPL again requested an extension until May 30, 2007 on the basis that it might learn of additional accused products based on the ongoing third party discovery. *See* Transcript at 43:5-46:3. Tatung opposed that request on the grounds that third party discovery was limited precisely to accused products. Your Honor agreed and refused to extend the deadline. *See* Transcript at 46:4-14.

### C. The Depositions Were Postponed Multiple Times Because LPL Wanted A Complete List Of Accused Products Prior To The Depositions.

The depositions of the Tatung Defendants' technical witnesses originally were scheduled for March 2007. Tatung's witnesses had traveled to the United States from Taiwan and were ready

RLF1-3160827-1

Special Master Poppiti
June 5, 2007
Page 3

to testify when LPL asked for a postponement of the depositions. LPL claimed that it needed more time to study technical drawings produced by Tatung in order to compile a definitive list of accused products. Tatung's witnesses were forced to make a second trip to the United States at great expense to Tatung.

Because the premise for postponing the depositions was that LPL wanted to have a definitive list of accused products prior to deposing the Tatung Defendants' technical witnesses, the Tatung Defendants' understanding was that the scope of the depositions necessarily will be limited to the accused products identified by LPL.

### D. The Parties Agreed That Additional Discovery Would Be Limited To The Accused Products.

In the fall of 2006, the parties agreed that the Tatung Defendants would identify all of their display products and produce technical drawings for these products sufficient for LPL to conduct an infringement analysis. In turn, LPL agreed that it would provide a definitive list of accused products and that additional discovery would be limited to those products. Consistent with this agreement, the Tatung Defendants have supplemented their discovery responses and have agreed to provide further supplementations relating to the accused products recently identified by LPL. Since the parties have operated under this agreement which limits additional discovery to the accused products, LPL at this late stage should not be allowed to delve into matters regarding unaccused products that have absolutely no relevance in this case.

Accordingly, the Tatung Defendants respectfully request that Your Honor limit the scope of depositions and Rule 30(b)(6) topics noticed by LPL to the accused products identified in LPL's interrogatory responses.

Respectfully submitted,

Anne Shea Gaza
(#4093)

ASG/afg
Enclosures
cc: Richard D. Kirk, Esquire (e-mail)
    Jeffrey B. Bove, Esquire (e-mail)
    Daniel G. Jarcho, Esquire (e-mail)
    Cormac T. Connor, Esquire (e-mail)
    Lori Brzezynski, Esquire (e-mail)
    Tracy R. Roman, Esquire (e-mail)
    Scott R. Miller, Esquire (e-mail)

RLF1-3160827-1