# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| L.G. PHILIPS LCD CO., LTD., | |
| Plaintiff/Counterclaim Defendant, | Civil Action No. 04-343-JJF |
| TATUNG COMPANY, TATUNG COMPANY OF AMERICA, INC., AND VIEWSONIC CORPORATION, | |
| Defendants/Counterclaim Plaintiffs. | |

**DEFENDANT TATUNG COMPANY OF AMERICA INC.'S OBJECTIONS TO PLAINTIFF LG. PHILIPS LCD CO., LTD.'S NOTICE OF DEPOSITION OF TATUNG COMPANY PURSUANT TO F.R.C.P. 30(B)(6)**

Defendant Tatung Company of America ("Defendant" or "Tatung"), by its undersigned counsel, hereby objects to Plaintiff's Notice of Rule 30(b)(6) Deposition of Tatung Corporation dated December 5, 2006 ("Notice") served by LG Philips LCD Co., Ltd. ("Plaintiff" or "LPL").

## I.    GENERAL OBJECTIONS

These General Objections apply to each of the Topics to be Addressed at the Deposition ("Topics") identified in the Notice and are hereby incorporated into each of Tatung's Specific Objections and Responses set forth below.

1.    Tatung objects to the definitions of "Tatung," "you," and "your" as vague, ambiguous, and overly broad, to the extent the definitions purport to include unspecified entities and any entities that are not a party to this action. In addition, the definitions include, for example, attorneys and accountants of Tatung, which may improperly implicate, for example, privileged information.

2.    Tatung objects to the definition of "communication" as vague, ambiguous, and overly broad. In addition, the definition includes, for example, communications with counsel and other information that is or may be privileged or otherwise immune from discovery.

3.    Tatung objects to the definition of "concern" and "concerning" as vague, ambiguous, and overly broad.

4.    Tatung objects to the definition of "discuss," "discussing," "relate to," "relating to," "support" or "supporting" as vague, ambiguous, and overly broad.

5.    Tatung objects to the definition of "document" as vague, ambiguous, and overly broad. In addition, the definition includes, for example, opinions of counsel and other information that is or may be privileged or otherwise immune from discovery.

6.    Tatung objects to the definitions of "flat panel display," and "flat display panel" as vague, ambiguous, and overly broad. Tatung also objects to the definitions as improperly substituting a definition that may be inconsistent with the Court's construction of the same or similar term(s). Tatung objects to the definitions to the extent they are inconsistent with, or purport to impose obligations beyond, the Court's Scheduling Order. Tatung also objects to the combined definitions of these two terms which may not be the same, based upon, among other things, the knowledge of one of ordinary skill in the art and the teachings of U.S. Patent No. 6,501,641 ("the '641 patent") and U.S. Patent No. 6,498,718 ("the '718 patent") and their prosecution histories.

2

7.    Tatung objects to the definitions of "flat panel display device" as vague, ambiguous, and overly broad. Tatung also objects to the different definitions provided for "flat panel display device" as inconsistent with each other. Tatung also objects to the definitions as improperly substituting a definition that may be inconsistent with the Court's construction of the same or similar term(s). Tatung objects to the definitions to the extent they are inconsistent with, or purport to impose obligations beyond, the Court's Scheduling Order. Tatung also objects to the definitions to the extent they are inconsistent with, among other things, the knowledge of one of ordinary skill in the art and the teachings of the '641 patent and the '718 patent and their prosecution histories.

8.    Tatung objects to the definitions of "housing" as vague, ambiguous, and overly broad. Tatung also objects to the different definitions provided for "housing" as inconsistent with each other. Tatung also objects to the definitions as improperly substituting a definition that may be inconsistent with the Court's construction of the same or similar term(s). Tatung also objects to the definitions to the extent they are inconsistent with, or purport to impose obligations beyond, the Court's Scheduling Order. Tatung also objects to the definitions to the extent they are inconsistent with, among other things, the knowledge of one of ordinary skill in the art and the teachings of the '641 patent and the '718 patent and their prosecution histories.

9.    Tatung objects to the definitions of "identify" as vague, ambiguous, overly broad and unduly burdensome. Tatung also objects to the extent the definitions purport to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure.

3

Tatung also objects to the definition of "identify" in definition no. 18 as it ostensibly relates to interrogatories, not to deposition topics.

10.    Tatung objects to definition nos. 19-2 1 and 24 as vague, ambiguous and overly broad, to the extent any one of them purports to encompass subject matter beyond the scope of 35 U.S.C. § 27 1(a) or (b).

11.    Tatung objects to the definition of "prior art" as vague, ambiguous and overly broad, to the extent that it purports to encompass subject matter beyond the scope of 35 U.S.C. § 102 and/or 103.

12.    Tatung objects to the definition of "visual display product" as vague, ambiguous, overly broad and unduly burdensome. The definition encompasses any visual display product, including hypothetical visual display products. Tatung also objects to the extent the definitions purport to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure.

13.    Tatung objects to the definition of "type of visual display product" as vague, ambiguous, overly broad and unduly burdensome. The definition encompasses any visual display product, including hypothetical visual display products. Tatung also objects to the extent the definitions purport to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to LPL imposing any particular type of nomenclature or alpha numeric identifier not used by Tatung.

4

14.    Tatung objects to the Topics in the Notice to the extent that they seek discovery from any entity other than Tatung, including, for example, discovery from any unnamed entity or any entity that is not a party to this action.

15.    Tatung objects to the Topics in the Notice to the extent that they seek discovery which would impose obligations beyond those contemplated by the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's Scheduling Order.

16.    Tatung objects to LPL's attempts to unilaterally schedule depositions at a date and location selected by LPL. Tatung will produce witness(es) in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court at a mutually convenient and appropriate time and location.

17.    Tatung objects to the length and scope of deposition to the extent it is inconsistent with the limits set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's Scheduling Order.

18.    Tatung objects to any attempt by LPL to depose Tatung regarding subjects or Topics not listed in the Notice.

19.    Tatung objects to the scope of the Topics in the Notice as overly broad, repetitive, and unduly burdensome. LPL has noticed 30 Topics with multiple subparts and issues for deposition, including Topics, subparts and issues that are repetitive, duplicative, and irrelevant.

20.    Tatung objects to the Topics in the Notice to the extent they seek information protected by the attorney-client privilege, work product doctrine, or any other applicable protection or immunity from discovery.

21.    Tatung objects to the Topics in the Notice to the extent they do not describe with reasonable particularity the matters on which examination is requested.

22.    Tatung objects to the Topics in the Notice to the extent they are vague, ambiguous, overly broad, or unduly burdensome.

23.    Tatung objects to the Topics in the Notice to the extent they call for legal conclusions.

24.    Tatung objects to the Topics in the Notice to the extent they address issues or contentions that are outside the scope of Rule 30(b)(6) of the Federal Rules of Civil Procedure.

25.    Tatung objects to the Topics in the Notice to the extent they address issues or contentions that are better addressed by other discovery methods.

26.    Tatung objects to the Topics in the Notice to the extent they address subjects or issues calling for expert discovery, and are thus premature under the Court's Scheduling Order.

27.    Tatung objects to the Topics in the Notice to the extent they seek information not relevant to the claims and defenses in this case and/or are not reasonably calculated to lead to the discovery of admissible evidence.

*LA 126699447v1 1/5/2007*

28.    Tatung objects to the Topics in the Notice to the extent they seek discovery of trade secrets or other confidential research, development, or commercial information. Tatung will only produce such information in accordance with the Protective Order entered in this action. To the extent any Topic entails the disclosure or production of confidential information of third parties that is in Tatung's possession, Tatung will attempt to obtain the consent of such third party prior to disclosure or production. If Tatung cannot obtain such consent, Tatung will not disclose or produce the information.

29.    To the extent applicable, Tatung reincorporates and reasserts herein any and all objections that Tatung has asserted in Tatung's objections and responses to LPL's discovery requests (including Requests for Production of Documents and Things, and Interrogatories) in this case.

30.    Tatung notes that it is responding to the Notice based solely on Tatung's current knowledge, understanding, and belief as to the facts and information available to it as of the undersigned date. Additional investigation, discovery from LPL, third-parties, and/or experts may produce additional, relevant information. Accordingly, Tatung reserves the right to amend or supplement these Objections.

31.    Tatung objects to the date scheduled for the Deposition on the grounds that the date was not pre-cleared with Tatung and the date of the Deposition conflicts with the Chinese Lunar New Year Holidays. Additional time will be required to meet and confer regarding these objections and, once the objections are resolved, to identify and prepare the 30(b)(6) witnesses.

7

32.    Tatung  objects to the location selected for the Deposition; the Deposition is required to be taken at the principal place of business of the corporation.

33.    Tatung objects to each Testimony Topic to the extent that it calls for information that already has been produced by Tatung, information that already is in LPL's possession, custody or control, or that is available from public sources on the grounds that such Testimony Topics are unduly burdensome and oppressive and, as such, exceed the bounds of permissible discovery.

34.    Tatung objects to each Testimony Topic to the extent that it calls for testimony which would require the Deponent to merely read statistical information which more appropriately can be provided in a document production or in response to an interrogatory.

35.    Tatung objects to each Testimony Topic to the extent the Topics relate or inquire concerning the fabrication or manufacture of LCD devices; Tatung merely assembles LCD devices manufactured by others.

36.    Tatung objects to each Testimony Topic to the extent that the Topics or any portion of one or more Topics are vague and/or ambiguous.

37.    Tatung objects to each Testimony Topic to the extent that the Topics or any portion of one or more Topics are over inclusive and should be limited to, for example, to the patents-in-suit.

38.    Tatung objects to each Testimony Topic to the extent that the Topics or any portion of one or more Topics require expert analysis or opinion.

8

relates to or touches upon claim construction. Tatung also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. Tatung also objects to this Topic to the extent it seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

## Topic No. 2

The conception, design, and development of your visual display products including for example, the determination of which structures, methods of assembling, components and/or parts to use in the manufacture and/or assembly of visual display products manufactured or assembled by or for you, including but not limited to: i) all specifications, drawings, and instructions related to the mounting technologies, methods, components, parts, structures, and/or processes; and ii) the identity of the individuals that were responsible for and/or involved in making those determinations (e.g., you, your customers, your suppliers, or others); and iii) at what point in the conception, design and development process such determinations are made product design, procurement, assembly, etc.) [sic]

## Objection and Response to Topic No. 2

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "structures," "components," "parts," "manufacture," and "mounting." Tatung also objects to this Topic as improper because it requires the interpretation of one or more claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung

also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. Tatung also objects to this Topic to the extent it seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

LA 126699447v1 1/5/2007

## Topic No. 3

The evolution of the mounting technology used in the visual display products manufactured or assembled by or for you, and shipped, imported, sold and/or offered for sale in or to the United States since January 1, 2000, including: i) any attempts by you or by your manufacturers or your assemblers, to design around the Patents-in-Suit; ii) the reasons why you selected, developed and/or approved any particular mounting technology or method for assembling for use in any particular visual display product; and iii) all methods for assembly and/or technologies that you rejected or modified related to mounting or assembly of visual display products, including how and why you rejected or modified each such method or technology.

## Objection and Response to Topic No. 3

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "evolution," "manufactured," "manufacturers," and "mounting." Tatung also objects to this Topic as improper because it requires the interpretation of one or more claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic

13

as overly broad and unduly burdensome, and as seeking information that is not relevant

to a claim or defense of any party and not reasonably calculated to lead to the discovery

of admissible evidence, to the extent that it seeks information regarding Tatung visual

display products imported, offered for sale, sold in the United States between January 1,

2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also

objects to this Topic as overly broad and unduly burdensome, and as seeking information

that is not relevant to a claim or defense of any party and not reasonably calculated to

lead to the discovery of admissible evidence, to the extent that it seeks information that

should be sought from third parties. Tatung also objects to this Topic to the extent it

seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or

more witnesses to testify as to information that is not privileged and properly within the

scope of this Topic.

### Topic No. 4

Any infringement analyses, inspections, investigations or testing, whether
performed or authored by you or for you, including, but not limited to, infringement
analyses, inspections, investigations, or testing involving the mounting technologies,
methods of assembly or processes employed in your visual display products with respect
to the Patents-in-Suit, and including, but not limited to, claim charts, reverse engineering
reports, and conclusions reached for any such infringement analyses, inspections,
investigations, or testing.

### Objection and Response to Topic No. 4

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not

relevant to a claim or defense of any party, and is not reasonably calculated to lead to the

discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks

information protected by the attorney-client privilege or work product doctrine. Tatung

also objects to this Topic to the extent that it imposes obligations beyond those

contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic

as vague and ambiguous as to the terms "mounting" and "processes employed." Tatung

also objects to this Topic as improper because it requires the interpretation of claim

terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or

touches upon claim construction. Tatung also objects to this Topic as premature to the

extent is requires disclosure of expert discovery prior to the deadlines set forth by the

Court's Scheduling Order. Tatung also objects to this Topic as vague, ambiguous, overly

broad and unduly burdensome, as seeking information protected by the attorney-client

privilege or work product doctrine, and as seeking information that is not relevant to a

claim or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence, for seeking information regarding "[a]ny infringement analysis,

inspections, investigations, or testing" that is not limited to the asserted claims of the

patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome,

and as seeking information that is not relevant to a claim or defense of any party and not

reasonably calculated to lead to the discovery of admissible evidence, to the extent that it

seeks information regarding visual display products not imported, offered for sale or sold

in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic to the extent it seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 5

Any and all technical, economic, or other advantages, benefits, or disadvantages, concerning the use of mounting structures and methods of assembly claimed in the Patents-in-Suit, and any comparisons or analysis conducted by you or for you concerning the mounting of flat panel displays or flat panel display devices used in visual display products manufactured by or for you, and shipped, imported, sold and/or offered for sale in or to the United States since January 1, 2000.

### Objection and Response to Topic No. 5

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung

16

also objects to this Topic to the extent that it imposes obligations beyond those

contemplated by the Federal Rules of Civil Procedure. Tatung also objects to the phrase

"[any and all technical, economic, or other advantages, benefits, or disadvantages,

concerning the use of mounting structures and methods of assembly claimed in the

Patents-in-Suit." as vague, ambiguous, overly broad and unduly burdensome, and as

seeking information that is not relevant to a claim or defense of any party and not

reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects

to this Topic as vague and ambiguous as to the terms "mounting," "flat panel displays,"

and "flat panel display devices." Tatung also objects to this Topic as improper because it

requires the interpretation of claim terms. Tatung also objects to this Topic as premature

to the extent it requires, relates to or touches upon claim construction. Tatung also objects

to this Topic as premature to the extent is requires disclosure of expert discovery prior to

the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic

as vague, ambiguous, overly broad and unduly burdensome, as seeking information

protected by the attorney-client privilege or work product doctrine, and as seeking

information that is not relevant to a claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence, for seeking information that is

not limited to the asserted claims of the patents in suit. Tatung also objects to this Topic

as vague, ambiguous, overly broad and unduly burdensome, as seeking information

protected by the attorney-client privilege or work product doctrine, and as seeking

information that is not relevant to a claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence, for seeking information regarding "any comparisons or analysis concerning the mounting of flat panel displays or flat panel display devices" used in Tatung visual display products imported, offered for sale, or sold in the United States since January 1, 2000. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that should be sought from third parties. Tatung also objects to this Topic to the extent it seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 6

All communications and documents involving you and concerning the assembly of visual display products shipped, imported, offered for sale or sold in or to the United States since January 1, 2000, including with respect to the mounting of LCD or plasma modules or panels.

18

### Objection and Response to Topic No. 6

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, as to the phrase "[a]ll communications and documents involving you and concerning the assembly of visual display products shipped, imported, offered for sale or sold in or to the United States since January 1, 2000." Tatung also objects to this Topic as vague and ambiguous as to the term "mounting," "modules," and "panels." Tatung also objects to this Topic as improper because it requires the interpretation of claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information

the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 8

Your contentions regarding the validity of the Patents-in-Suit, as well as any specific facts, opinions, prior art, and documents that support those contentions, including for each prior art product or reference that you rely on, the facts relevant to whether that asserted prior art qualifies as prior art and/or supports any defenses, including, for example, facts regarding the dates, conception, design, development, manufacture and distribution of all prior art products and references.

### Objection and Response to Topic No. 8

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent it seeks legal conclusions. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as improper because it requires the interpretation of claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung

22

discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent it seeks legal conclusions. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as improper because it requires the interpretation of claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic to the extent it seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 10

Your position and contentions concerning whether or not the Patents-in-Suit are infringed by one or more of your visual display products, literally and/or under the doctrine of equivalents, as well as the factual basis, responses to LPL' s Interrogatories, and documents concerning such position.

### Objection and Response to Topic No. 10

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the

discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks

information protected by the attorney-client privilege or work product doctrine. Tatung

also objects to this Topic to the extent it seeks legal conclusions. Tatung also objects to

this Topic to the extent that it imposes obligations beyond those contemplated by the

Federal Rules of Civil Procedure. Tatung also objects to this Topic as improper because

it requires the interpretation of claim terms. Tatung also objects to this Topic as

premature to the extent it requires, relates to or touches upon claim construction. Tatung

also objects to this Topic as premature to the extent is requires disclosure of expert

discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also

objects to this Topic as duplicative of other Topics, such as Topic No. 9. Tatung also

objects to this Topic to the extent it seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or

more witnesses to testify as to information that is not privileged and properly within the

scope of this Topic.

### Topic No. 11

Your position and contentions concerning whether the Patents-in-Suit are
unenforceable for any reason, as well as the factual basis, responses to LPL's
Interrogatories, and documents concerning such position.

### Objection and Response to Topic No. 11

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not

25

relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent it seeks legal conclusions. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as improper because it requires the interpretation of claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as premature to the extent is requires disclosure of expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic as duplicative of other Topics, such as Topic No. 9. Tatung also objects to this Topic to the extent it seeks contentions.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 12

All imports, shipments, sales and/or offers for sale in or to the United States by or for you or your customers, directly or indirectly, including, by model, the products sold to each customer or importer, and corresponding revenue, cost, profit, and gross margin information for each product, and the brand name(s) associated with all such products, since January 1, 2000.

**Objection and Response to Topic No. 12**

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

party and not reasonably calculated to lead to the discovery of admissible evidence, to the

extent that it seeks information regarding Tatung visual display products imported,

offered for sale, or sold in the United States between January 1, 2000 to December 24,

2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as

overly broad and unduly burdensome, and as seeking information that is not relevant to a

claim or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or

more witnesses to testify as to information that is not privileged and properly within the

scope of this Topic.

### Topic No. 14

The product brand(s), description(s), designation(s), naming conventions, and
model number(s) associated with each visual display product made, shipped, imported,
and/or sold by or for you or your customers, in or to the U.S., since 2000, including both
internal information and information used to describe or market products to consumers
and end users, and how the naming conventions pertain to the components and/or
structure of a given visual display product.

### Objection and Response to Topic No. 14

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not

relevant to a claim or defense of any party, and is not reasonably calculated to lead to the

discovery of admissible evidence. Tatung also objects to this Topic to the extent that it

imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure.

Tatung also objects to this Topic as vague and ambiguous as to the terms "brand(s),"
"designation(s)," "naming conventions," "pertain," "components," and "structure."
Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking
information that is not relevant to a claim or defense of any party and not reasonably
calculated to lead to the discovery of admissible evidence, to the extent that it seeks
information regarding visual display products not imported, offered for sale or sold in the
United States by Tatung. Tatung also objects to this Topic as overly broad and unduly
burdensome, and as seeking information that is not relevant to a claim or defense of any
party and not reasonably calculated to lead to the discovery of admissible evidence, to the
extent that it seeks information regarding Tatung visual display products imported,
offered for sale, or sold in the United States between January 1, 2000 to December 24,
2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as
overly broad and unduly burdensome, and as seeking information that is not relevant to a
claim or defense of any party and not reasonably calculated to lead to the discovery of
admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or
more witnesses to testify as to information that is not privileged and properly within the
scope of this Topic.

LA 126699447v1 1/5/2007

### Topic No. 15

The identity of the persons that have manufactured, sold, purchased, imported, shipped, distributed, and serviced or repaired in or to U.S. visual display products manufactured by or for you, and the extent to which you have the ability and legal right to obtain documents relevant to this case from each such person.

### Objection and Response to Topic No. 15

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding "[t]he identity of the persons that have ... serviced or repaired" visual display products. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence, to the extent that it seeks information regarding Tatung visual

display products imported, offered for sale, or sold in the United States prior to

December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to

this Topic as overly broad and unduly burdensome, and as seeking information that is not

relevant to a claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence, to the extent that it seeks information regarding Tatung

customers. Tatung also objects to this Topic to the extent it seeks a legal conclusion.

Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking

information that is not relevant to a claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence, to the extent that it seeks

information that should be sought from third parties.

Subject to Tatung's General and Specific Objections, Tatung will designate one or

more witnesses to testify as to information that is not privileged and properly within the

scope of this Topic.

### Topic No. 16

The identity of the manufacturers, systems integrator(s), suppliers, and customers
that have made, manufactured and/or assembled each type of visual display product
manufactured, imported, sold, and/or offered for sale, in or to the United States by or for
you since January 1, 2000.

### Objection and Response to Topic No. 16

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not

requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "actual sales," "revenues," "profitability," "gross profit," "operating profit" and "profit margins." Tatung also objects to this Topic as overly broad, unduly burdensome, and repetitive to the extent "actual sales" and "revenues" encompass the duplicative information. Tatung also objects to this Topic as overly broad, unduly burdensome, and repetitive to the extent "profitability," "gross profit," "operating profit," and "profit margins" encompass duplicative information. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as unduly burdensome and duplicative of other Topics.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 18

Since January 1, 2000, the extent to which you have, or that you have encouraged others to, purchase, import, distribute, sell, offer to sell, market, and/or advertise visual display products that have entered the U.S. market, as well as all documents concerning such matters, including, but not limited to, correspondence, product samples, sales summaries, database information, brochures, marketing plans, sales literature, advertisements, and product road maps, timelines, descriptions, and specifications.

### Objection and Response to Topic No. 18

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "encouraged," "sales summaries," "database information," "sales literature", "product road maps," "timelines," "descriptions," and "specifications." Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung

35

also objects to this Topic as overly broad and unduly burdensome, and as seeking

information that is not relevant to a claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence, to the extent that it seeks

information regarding Tatung visual display products imported, offered for sale, or sold

in the United States between January 1, 2000 to December 24, 2002, the earliest issue

date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly

burdensome, and as seeking information that is not relevant to a claim or defense of any

party and not reasonably calculated to lead to the discovery of admissible evidence, to the

extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or

more witnesses to testify as to information that is not privileged and properly within the

scope of this Topic.

### Topic No. 19

The extent and ways in which the visual display products made by you or for you,
including outside of the U.S., are or have been marketed, sold, offered for sale, and/or
imported into the U.S., directly or indirectly, and by whom, since January 1, 2000.

### Objection and Response to Topic No. 19

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not

relevant to a claim or defense of any party, and is not reasonably calculated to lead to the

discovery of admissible evidence. Tatung also objects to this Topic to the extent that it

36

imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 20**

Communications and documents concerning you or visual display products made by you or for you, and any customer or company that sells visual display products in the U.S. or any brand of visual display products sold in the U.S., including, for example, meetings, visits, conferences, teleconferences, memoranda, and product road maps, since January 1, 2000.

**Objection and Response to Topic No. 20**

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic as vague and ambiguous as to the terms "brand of visual display products," and "product road maps." Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible

evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 21

Communications and documents concerning the U.S. market, and consumer demands and preferences in the U.S. market, related to visual display products, since January 2000, including your employees, offices, and visits in or concerning the U.S.

### Objection and Response to Topic No. 21

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague, ambiguous, overly broad, and unduly

39

burdensome, as to the phrases "consumer demands and preferences in the U.S. market, related to visual display products," and "visits in or concerning the U.S." Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States between January 1, 2000 to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 22

All licenses, royalties, and/or technology transfer agreements that pertain to visual display products and/or mounting technologies used in visual display products to which you are a party, assignor, assignee, or beneficiary.

### Objection and Response to Topic No. 22

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested.

Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the term "mounting". Tatung also objects to this Topic as improper because it requires the interpretation of one or more claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome to the extent it seeks information regarding agreements to which Tatung is a "beneficiary." Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by

41

Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 23

The value to you of the Patents-in-Suit and the technology reflected in those Patents, assuming that the Patents are valid and infringed, and the methods by which you would determine such value, including all policies, practices and/or relevant factors you have used or deem relevant when negotiating the terms of any licenses, royalties and/or technology transfer agreements concerning visual display products and/or mounting technologies, since January 1, 2000.

### Objection and Response to Topic No. 23

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as premature to the extent is requires disclosure of

42

expert discovery prior to the deadlines set forth by the Court's Scheduling Order. Tatung also objects to this Topic as vague and ambiguous as to the terms "relevant" and "mounting." Tatung also objects to this Topic as improper because it requires the interpretation of one or more claim terms, including but not limited to "mounting." Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

**Topic No. 24**

All types of customer and product support that you have offered, provided, or contracted for concerning visual display products made, imported, or sold in the U.S., including, for example, product warranties and authorized service and repair providers, as well as any documents related to such customer and product support.

**Objection and Response to Topic No. 24**

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung visual display products imported, offered for sale, or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any

44

party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 25

All conduct by you, and documents, concerning or encouraging the importation, sale, and/or offer for sale of visual display products made by or for you, by any customer or company that has imported or sold visual display products made by or for you since January 1, 2000, including, for example, contracts, negotiations, meetings, transactions, business relationships, rebates, subsidies for product advertising or promotion, and/or information sharing, between you and such customers and companies.

### Objection and Response to Topic No. 25

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the term "encouraging." Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the

45

United States by Tatung. Tatung also objects to this Topic as overly broad and unduly

burdensome, and as seeking information that is not relevant to a claim or defense of any

party and not reasonably calculated to lead to the discovery of admissible evidence, to the

extent that it seeks information regarding Tatung visual display products imported,

offered for sale, or sold in the United States between January 1, 2000 to December 24,

2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as

overly broad and unduly burdensome, and as seeking information that is not relevant to a

claim or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence, to the extent that it seeks information regarding Tatung customers,

including but not limited to "contracts, negotiations, meetings, transactions, business

relationships, rebates, subsidies for product advertising or promotion, and/or information

sharing" between Tatung and any of its customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or

more witnesses to testify as to information that is not privileged and properly within the

scope of this Topic.

### Topic No. 26

When and how you first became aware of each of the Patents-in-Suit, including,
but not limited to, the date of your first actual notice or awareness of each of the Patents-
in-Suit and from what source(s), and any patent searches by or for you that included or
listed either of the Patents-in-Suit.

### Objection and Response to Topic No. 26

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is

46

requested. Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, as seeking information protected by the attorney-client privilege or work product doctrine, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, for seeking information regarding "any patent searches by or for your that included or listed either of the Patents-in-Suit."

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 27

Your efforts to avoid infringing the Patents-in-Suit since the time that you first learned of the Patents-in-Suit, including, but not limited to, all attempts by or for you to obtain and rely on any advice of counsel, undertake any investigation or analysis, change or consider changing the design, mounting, or assembly concerning any visual display products including the flat panel display and/or flat panel display device and/or housing contained in the visual display products, or take any steps to exercise due care not to infringe.

## Objection and Response to Topic No. 27

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for failing to describe with reasonable particularity the matters on which examination is requested.

Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as vague and ambiguous as to the terms "mounting," "flat panel display," "flat panel display device," and "housing." Tatung also objects to this Topic as improper because it requires the interpretation of claim terms. Tatung also objects to this Topic as premature to the extent it requires, relates to or touches upon claim construction. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding visual display products not imported, offered for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it

seeks information regarding Tatung visual display products imported, offered for sale or sold in the United States prior to December 24, 2002, the earliest issue date of the patents in suit.

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

### Topic No. 28

Your efforts to gather and search for information and documents responsive to each of the discovery requests propounded on you by Plaintiff; including: the locations and sources searched; the persons interviewed and responsible; what was done to preserve and produce electronically stored information, documents, data, and visual display products, including, for example, discovery in the possession or control of Tatung, Tatung America, Andrew Sun, Renita Hill, Edward Chen, Mike Lee, Wen-Yen, Kuo Lin, Kuo-Yen Chen, Oliver Shih, Bryan Lin, David Wang, Hang Hui Hu, Huang Chin-Min, Kevin Ho, Tsyr-Huey ("Vincent") Lie, His-Ling ("Jamie") Yang, and S.Y. Tsai.

### Objection and Response to Topic No. 28

Tatung objects to this Topic as vague, overly broad, and unduly burdensome.

Tatung also objects to this Topic to the extent it seeks information that is not relevant to a claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Tatung also objects to this Topic to the extent that it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic as overly broad and unduly burdensome, and as seeking information that is not relevant to a claim or defense

49

of any party and not reasonably calculated to lead to the discovery of admissible

evidence, to the extent that it seeks information regarding Tatung customers. Tatung also

objects to this Topic as overly broad and unduly burdensome and duplicative as seeking

information regarding "discovery in the possession or control of... Tatung, Tatung

America, Andrew Sun, Renita Hill, Edward Chen, Mike Lee, Wen-Yen, Kuo Lin, Kuo-

Yen Chen, Oliver Shih, Bryan Lin, David Wang, Hang Hui Hu, Huang Chin-Min, Kevin

Ho, Tsyr-Huey ("Vincent") Lie, His-Ling ("Jamie") Yang, and S.Y. Tsai" to the extent

the information provided from other sources is duplicative.

Subject to Tatung's General and Specific Objections, Tatung will designate one or

more witnesses to testify as to information that is not privileged and properly within the

scope of this Topic.

### Topic No. 29

The persons knowledgeable and/or responsible regarding the assembly of your
visual display products, including the methods used to mount and/or assemble flat panel
displays and flat panel display devices with respect to such products; your relationships
with customers and suppliers regarding visual display products; and the importation, sale,
or offers to sell visual display products made by or for you in or to the United States
since January 1, 2000, and documents concerning your organizational and departmental
structure, hierarchy, and chain of command.

### Objection and Response to Topic No. 29

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not

relevant to a claim or defense of any party, and is not reasonably calculated to lead to the

discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks

information protected by the attorney-client privilege or work product doctrine. Tatung

also objects to this Topic to the extent that it imposes obligations beyond those

contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic

as vague and ambiguous as to the terms "mount," "flat panel displays," "flat panel

display devices," "departmental structure," and "hierarchy." Tatung also objects to this

Topic as improper because it requires the interpretation of claim terms. Tatung also

objects to this Topic as premature to the extent it requires, relates to or touches upon

claim construction. Tatung also objects to this Topic as overly broad and unduly

burdensome, and as seeking information that is not relevant to a claim or defense of any

party and not reasonably calculated to lead to the discovery of admissible evidence, to the

extent that it seeks information regarding visual display products not imported, offered

for sale or sold in the United States by Tatung. Tatung also objects to this Topic as overly

broad and unduly burdensome, and as seeking information that is not relevant to a claim

or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence, to the extent that it seeks information regarding Tatung visual

display products imported, offered for sale or sold in the United States prior to December

24, 2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as

overly broad and unduly burdensome, and as seeking information that is not relevant to a

claim or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence, to the extent that it seeks information that should be sought from

51

third parties. Tatung also objects to this Topic as overly broad and unduly burdensome,

and as seeking information that is not relevant to a claim or defense of any party and not

reasonably calculated to lead to the discovery of admissible evidence, to the extent that it

seeks information regarding Tatung customers.

Subject to Tatung's General and Specific Objections, Tatung will designate one or

more witnesses to testify as to information that is not privileged and properly within the

scope of this Topic.

### Topic No. 30

Your communications, including submissions from you, as well as to, from or with
industry or market research firms since January 1, 2000, such as, for example,
DisplaySearch, and/or your use of information or data compiled or disclosed by those
industry research firms, concerning visual display products or any markets for visual
display products.

### Objection and Response to Topic No. 30

Tatung objects to this Topic as vague, overly broad, unduly burdensome, and for

failing to describe with reasonable particularity the matters on which examination is

requested. Tatung also objects to this Topic to the extent it seeks information that is not

relevant to a claim or defense of any party, and is not reasonably calculated to lead to the

discovery of admissible evidence. Tatung also objects to this Topic to the extent it seeks

information protected by the attorney-client privilege or work product doctrine. Tatung

also objects to this Topic to the extent that it imposes obligations beyond those

contemplated by the Federal Rules of Civil Procedure. Tatung also objects to this Topic

as vague and ambiguous as to the terms "industry or market research firms." Tatung also

52

objects to this Topic as vague, ambiguous, overly broad and unduly burdensome, and as

seeking information that is not relevant to a claim or defense of any party and not

reasonably calculated to lead to the discovery of admissible evidence, to the extent that it

seeks information regarding any use of information or data compiled or disclosed by

those industry research firms. Tatung also objects to this Topic as overly broad and

unduly burdensome, and as seeking information that is not relevant to a claim or defense

of any party and not reasonably calculated to lead to the discovery of admissible

evidence, to the extent that it seeks information regarding visual display products not

imported, offered for sale or sold in the United States by Tatung. Tatung also objects to

this Topic as overly broad and unduly burdensome, and as seeking information that is not

relevant to a claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence, to the extent that it seeks information regarding non

U.S. markets for visual display products. Tatung also objects to this Topic as overly

broad and unduly burdensome, and as seeking information that is not relevant to a claim

or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence, to the extent that it seeks information regarding visual display

products imported, offered for sale or sold in the United States prior to December 24,

2002, the earliest issue date of the patents in suit. Tatung also objects to this Topic as

overly broad and unduly burdensome, and as seeking information that is not relevant to a

claim or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence, to the extent that it seeks information regarding Tatung customers.

53

Subject to Tatung's General and Specific Objections, Tatung will designate one or more witnesses to testify as to information that is not privileged and properly within the scope of this Topic.

DATED: January 5, 2007                    GREENBERG TRAURIG, LLP

                                          By _____
                                          STEVE P. HASSID
                                          Attorney for Defendants,
                                          TATUNG COMPANY OF AMERICA and
                                          TATUNG COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007 a true copy of the foregoing **Defendant Tatung Company of America Inc's Objections to Plaintiff LG.Philips, LCD Co., Ltd.'s Notice of Deposition of Tatung Company Pursuant to Federal Rule of Civil Procedure 30(b)(6)** was electronically mailed to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, suite 900
Wilmington, DE 19801

Jeffrey B. Bove
Jaclyn M. Mason
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

I hereby certify that on January 5, 2007 I have sent by e-mail the foregoing document to the following non-registered participants:

Cormac T. Connor
Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Tracy R. Roman
Raskin Peter Rubin & Simon
1801 Century Park East, 23rd Floor
Los Angeles, CA 90067

Scott R. Miller
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

/s/ Steve Hassid
Steve Hassid
Attorney for Defendants,
Tatung Company of America and
Tatung Company