# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

June 6, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF
*Discovery Matter 32 – Plaintiff's Response*

Dear Special Master Poppiti:

I write on behalf of LG.Philips LCD Co., Ltd. ("LPL") to respond to the Tatung Defendants' Emergency Motion for Protective Order submitted on June 5, 2007 (Discovery Matter 32). The motion fails to comply with the requirement of good faith efforts to resolve discovery disputes and is contrary to Your Honor's prior instructions that any protective order motion should be filed timely -- not in the midst of the depositions. In any event, the Tatung Defendants cannot show good cause for a blanket limitation on the scope of deposition topics and the motion for protective order should be denied.

LPL respectfully submits that Your Honor should deny the Tatung Defendants' June 5, 2007 Motion for the following reasons:

1. The Tatung Defendants failed to comply with Fed. R. Civ. P. 26(c) and Local Rule 7.1.1, which impose a mandatory obligation to make good faith efforts to raise and resolve issues before seeking judicial intervention. Here, the Tatung Defendants failed even to raise the substance of their motion until a single letter transmitted via email late on the evening of June 4, 2007, just before the first deposition on the morning of June 5. The Tatung Defendants' non-compliance with the "meet and confer" requirement is particularly notable because Your Honor previously admonished Defendants for similar and untimely motion practice seeking a protective order on the eve of depositions. *See* Mar. 13, 2007 Tr. at 9-15, 24. Further, the motion comes after the originally agreed dates for these depositions, after the fact discovery deadline of March 30, and contrary to the Scheduling Order's prohibition on unauthorized discovery motions. The

662046-1

**THE BAYARD FIRM**

The Honorable Vincent J. Poppiti
June 6, 2007
Page 2

motion is untimely and, as with Defendants' prior motion for protective order, "too little, too late."[1]

    2. The Tatung Defendants seek to enforce a non-existent objection that was never asserted, and thus waived. Defendant ViewSonic previously contended in this case that all objections to deposition topics needed to be asserted before the scheduled deposition, or were waived. The Tatung Defendants have submitted a copy of their written objections to the deposition topics served on January 5, 2007. The date of the objections shows that the Tatung Defendants inexcusably delayed in seeking a protective order. In addition, the Tatung Defendants did not assert any objection seeking to limit the deposition topics to accused products. The lack of such an objection is conspicuous and should foreclose the relief sought in the motion, particularly as the Tatung Defendants did assert other objections to the scope of topics (to the extent they related to non-U.S. products, for example, but not to the extent that they related to non-accused products). *See, e.g.*, Tatung's Objs. to Topics 1, 2, 4 (Tatung's Ex. C at pp. 10, 12, 15-16).[2]

    3. The Special Master already rejected Defendants' similar previous attempt to limit the scope of LPL's deposition topics. In the March 13, 2007 teleconference, ViewSonic (in a motion joined by Tatung) contended that deposition topics should be barred or curtailed. The Special Master denied almost all aspects of the motion. Notably, during that hearing, the Defendants did not seek to limit the scope of any topics to accused products. Further, the Special Master declined to limit topics based on the number of products that could be implicated (*see* Mar. 13, 2007 Tr. at 62-66), when ViewSonic's counsel (like Tatung now) made a generalized burden argument. *Compare* Mar. 13, 2007 Tr. at 62 (ViewSonic counsel citing 230 products) and Tatung's June 5, 2007 Mot. at § A (referencing "hundreds of unaccused products"). LPL will continue to focus its deposition questions on relevant issues, as LPL has done throughout this case. Further, Tatung's witnesses will not be burdened in preparing as the time and effort to prepare necessarily already has been expended given that the depositions are in progress.

    4. Further, there is no basis for Tatung to obtain a blanket preemption on all possible questions not specifically related to accused products. The full scope of relevant and proper questions is not (and could not be) addressed by Tatung's motion. Deposition examination is a fluid process and many relevant questions could be asked that are only partly related to accused products, or that relate to relevant issues other than accused products. Imposing far-reaching limits on unasked questions would be extremely unfair to LPL and unnecessary to protect Tatung. Certainly, Tatung's counsel did not limit the examination of LPL's deposition witnesses

---

[1] Tatung's attempt to mischaracterize the postponement of Tatung's technical depositions as resulting from LPL's own delay is inaccurate and misplaced. Tatung's failure to provide discovery on a timely basis necessitated certain extensions of time. Further, Tatung's mischaracterization would not excuse its lack of diligence and Tatung should not be rewarded for its delay and inaction.

[2] Tatung America served objections to the deposition topics that mirror the substance of Tatung's objections to the same or similar deposition topics.

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
June 6, 2007
Page 3

to "accused products." Nor would such a one-sided prohibition be appropriate concerning Tatung's witnesses.[3]

    We look forward to discussing this issue with Your Honor on the call at 2:45 p.m. EDT this afternoon.

Respectfully submitted,

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

---

[3] As a final point in Tatung's motion, the Tatung Defendants vaguely reference a purported agreement among counsel that Tatung contends should be construed to limit the scope of deposition topics. Tatung does not provide any citation to any source concerning this purported agreement. *See* June 5, 2007 Mot. at Para. D. LPL disputes Tatung's contentions regarding this purported understanding.

662046-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 6, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email on June 6, 2007 and will be sent by hand to the above counsel on May 17, 2007, and were sent by email on June 6, 2007, and will be sent by first class mail onMay 17, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1