# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

(302) 429-4208
rkirk@bayardfirm.com

June 8, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF
     *Plaintiff's Response to ViewSonic's May 8 Motion to Compel*

Dear Special Master Poppiti:

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") submits this opposition to Defendant ViewSonic Corporation's ("ViewSonic") May 8, 2007 motion to compel LPL to produce sales summaries for 1998-99 (the "Motion"). ViewSonic contends that the sales summaries it seeks will be responsive to its Document Requests 122 and 124 and Interrogatories 31, 33, 36 and 37. (*See* Mot. at 1; Exs. 6, 8 and 9 to ViewSonic's May 2, 2007 L.R. 7.1.1 Certification (containing the discovery requests at issue here and LPL's responses and objections to same).) The Motion should be denied because, among other reasons: (1) it seeks financial information that is not relevant or reasonably calculated to lead to discovery of admissible evidence; (2) ViewSonic previously has argued that it is improper to require a party to prepare data summaries for litigation purposes; and (3) ViewSonic's Motion raises discovery requests that overlap with disputed claim terms of the Patents-in-Suit.

By agreement and in response to the temporal scope of ViewSonic's previous discovery requests, LPL has already produced sales summaries for 2000-06. ViewSonic now seeks broader sales summaries to include sales of all LPL products anywhere in the world during 1998-99. These new demands, however, contradict ViewSonic's prior contentions that financial information from before December 2002 is irrelevant to this case.[1] ViewSonic should be estopped from asserting a contrary position now.

During the March 13, 2007 hearing regarding LPL's deposition topics, ViewSonic argued that LPL's discovery from ViewSonic should be limited to the time period after the Patents-in-Suit issued. (*See* Ex. A, Mar. 13, 2007 Hr'g Tr. at 48-55; Ex. B, E-mail from C. Connor to S.

---

[1] The discovery requests covered by the Motion were all served in February 2007 after Your Honor permitted Defendants to serve new written discovery requests that focused on the claim terms that LPL identified in November 2006. ViewSonic's demand for financial information from 1998-99 is totally unrelated to the claim terms identified in November.

662293-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
June 8, 2007
Page 2

Miller (May 21, 2007).) At that hearing, ViewSonic noted that the Patents-in-Suit issued in December 2002 and, as a result, December 2002 is "the earliest date that could come into play." (Ex. A at 49.) ViewSonic also argued that, because LPL is only seeking reasonable royalty damages in this case, requiring ViewSonic to prepare to testify about information from before December 2002 would be "an undue burden for information that can't actually be used in this case." (*Id.* at 51.) Based on that position, ViewSonic confirmed that it had refused to produce information for sales prior to December 2002. (*Id.* at 54-55.) Your Honor accepted ViewSonic's arguments and limited LPL's deposition topics to "the time frame for which production has been provided." (*Id.* at 51 & 55.) LPL's production of sales summaries going back to 2000, therefore, exceeds the scope of ViewSonic's production by almost three years. If, according to ViewSonic, financial information prior to December 2002 is irrelevant, then LPL should not be held to different standard and should not be required to produce any sales information for 1998 or 1999.[2]

ViewSonic incorrectly argues that sales summaries are relevant: (1) to "a reasonable royalty investigation"; and (2) to "evaluate the commercial success of the alleged invention."[3] As stated above, ViewSonic specifically has argued that sales information before December 2002 is generally irrelevant because such information cannot "actually be used in this case." (Ex. A at 51.) The reasonable royalty analysis focuses on the so-called hypothetical negotiation for a license at the time of first infringement (in or about December 2002). *See Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1363-64 (Fed. Cir. 2006). ViewSonic has not produced any sales information prior to December 2002, while LPL has already produced data since 2000. Nor has ViewSonic satisfactorily explained how LPL's 1998-99 financial information is relevant and discoverable, despite LPL's inquiries. (*See* Exs. B & C.)

ViewSonic's "commercial success" argument is equally unavailing. Again, ViewSonic's contention that pre-2002 information is not discoverable should preclude its current Motion. Further, ViewSonic already has LPL's sales information that predates the Patents-in-Suit by almost three years. In any event, the commercial success of the invention refers to whether LPL's rearmounting technology enhances the commercial success of products using that technology.[4] ViewSonic, however, cannot show that all of LPL's module sales in 1998-99 are relevant to either the patented invention or commercial success.

---

[2] During meet-and-confer discussions, LPL had made a proposal to produce certain sales information to resolve various disputed issues. (*See, e.g.*, Ex. 25 to ViewSonic's May 8 L.R. 7.1.1. Cert. (5/2/07 email from Mr. Connor: "Therefore, LPL is willing to produce the sales summaries in the form that we discussed, but only if ViewSonic will accept those summaries as being fully responsive to RFPs 121-124 and Interrogatories 30-33 and 36-37).) ViewSonic, however, did not accept LPL's proposal. (*See id.* (5/2/07 and 5/3/07 emails from Mr. Nelson to Mr. Connor).) Before LPL could discuss the issue further, moreover, ViewSonic rebuffed LPL and filed the Motion.

[3] ViewSonic's Motion seeks *only* summaries, rather than any source data, and source data is not at issue.

[4] Commercial success is a factor that can be used to show non-obviousness. *See, e.g., Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 18 (1966). As the Federal Circuit has explained, "there must of course be a sufficient relationship between the commercial success and the patented invention." *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988). The nexus generally exists when "the thing (product or method) that is commercially successful is the invention disclosed and claimed in the patent." *Id.*

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
June 8, 2007
Page 3

     Further, the Motion seeks to compel LPL to generate and produce summaries for discovery purposes, even after ViewSonic contended that "to create [summaries] solely for the purposes of responding to a discovery request" is "entirely inappropriate." (Ex. D, May 23, 2007 Hr'g Tr., 45-46.) Based on ViewSonic's contentions, Your Honor ruled that, even if a party has the ability "to go into a database and create something that is new and snappy and more clear and more cogent and more focused, if that's not done in the ordinary course of business and it is only done – or only done against the backdrop of a litigation request, it's something that the Court is not going to direct." (*Id.* at 44-45.) LPL therefore should not be required to produce summaries specifically for purposes of litigation and responding to a discovery request, as opposed to producing existing reports or summaries that LPL had already created for business purposes.

     Underlying cost and profit data from 1998-99 also is not relevant or reasonably calculated to lead to discovery of admissible evidence. In any event, based on its investigations, LPL only has certain cost data for the month of December 1999. Thus, LPL cannot produce summaries with cost and profit data from 1998-99. (*See* Ex. C, Letter from C. Connor to M. Nelson (May 11, 2007); Ex. 18 to ViewSonic's May 2 Cert., E-mail from C. Connor to M. Nelson (Apr. 30, 2007), ¶ 1; Ex. 19-1 to ViewSonic's May 2 Cert., at 1-2, E-mail from C. Connor to M. Nelson (May 2, 2007) and E-mail from M. Nelson to C. Connor (May 2, 2007).)

     Finally, at a minimum, the Motion should be deferred to the extent that the discovery requests inject disputed claim terms and require claim construction in order to respond. Document Request 124, for example, focuses on the disputed term "rear mountable" and Interrogatories 36 and 37 focus on the disputed term "corners." Their reliance on disputed claim terms means that these requests improperly preempt the claim construction process contrary to the Scheduling Order. Just as resolution of ViewSonic's May 2, 2007 motion to compel was deferred until after the claim construction process, if the instant Motion is not denied, it should be deferred to the extent it requires Your Honor's claim construction.[5] (*See generally* Ex. E, May 24, 2007 Hr'g Tr., 3-33 (deferring motion largely because it was based on disputed terms).)

     For all of these reasons, ViewSonic's Motion should be denied.

Respectfully submitted,

*/s/ Richard D. Kirk*
Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

---

[5] ViewSonic appears to concede that at least some of these issues overlap with claim construction and should be deferred. (*See* Ex. 19-1 to ViewSonic's May 2 Cert., 2 (noting that Interrogatory 33 and Document Request 124 either require claim construction or are mooted by other requests).)

662293-1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 8, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email on June 8, 2007 and will be sent by hand to the above counsel on May 17, 2007, and were sent by email on June 8, 2007, and will be sent by first class mail onMay 17, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1