# EXHIBIT B

Case 1:04-cv-00343-JJF    Document 685-3    Filed 06/08/2007    Page 1 of 2

# Johnson, Karen

| | |
|---|---|
| **From:** | Connor, Cormac |
| **Sent:** | Monday, May 21, 2007 3:01 PM |
| **To:** | Scott Miller |
| **Cc:** | Christenson, Cass; Ambrozy, Rel; Jaclyn M. Mason (JMason@cblh.com); James Heisman (jheisman@cblh.com); Jeffrey Bove; Jill Herr; jlorenzen@cblh.com; KRohrabaugh@cblh.com; Manuel Nelson (mnelson@cblh.com); nphillips@cblh.com; Scott R. Miller (smiller@cblh.com); Tracy R. Roman (troman@raskinpeter.com) |
| **Subject:** | LPL costs information |

Scott:

Following up on our conversation of Thursday, we are continuing to investigate the existence of costs and/or profits data and whether we can resolve our disputes over this information. However, I do not have anything further to report that would change the status report that I gave you on Thursday. As I explained on Thursday, LPL is continuing its search efforts and we will report to you as soon as we can.

In general, our objections to ViewSonic's need for LPL's costs and/or profits information for 1998 and 1999 remain. LPL has already produced the type of information that you seek for 2000-06. We do not see how costs and/or profits information from 1998-99 would be relevant to the issues in this case and your team has not responded to my May 11 letter to Mr. Nelson. Additionally, ViewSonic's demands for costs and/or profits data from 1998-99 is inconsistent with the limitations ViewSonic placed on LPL's efforts to obtain the same types of information. During the March 13, 2007 hearing with the Special Master, ViewSonic argued that LPL's deposition topics should be limited to the time period after the patents issued. (*See* Hr'g Tr. at 48-55.) ViewSonic initially argued that it should not be required to prepare a witness on financial information prior to May 2004, the date that ViewSonic contends if first learned of the patents-in-suit, but then alternatively argued that LPL's topics should be limited to dates after December 2002, the date that the patents issued, because "[i]t's the earliest date that could come into play on these topics." (*Id.* at 49.) ViewSonic acknowledged that it had limited its own document production to post-December 2002 as well. Furthermore, ViewSonic argued that it should not be required to produce information prior to December 2002 largely because LPL is not seeking lost profits damages in this case and, therefore, requiring ViewSonic to prepare to testify about information before December 2002 would be "an undue burden for information that can't actually be used in this case." (*Id.* at 51.) The Special Master agreed with ViewSonic's arguments and ultimately ordered that LPL's deposition topics would be limited to "the time frame for which production has been provided." (*Id.* at 51 & 55.)

LPL has already produced information that extends almost two years beyond that which the Defendants have produced, yet ViewSonic asks for even more. We do not see how ViewSonic can ask LPL to produce information of the same type that ViewSonic successfully argued is irrelevant to the issues in this case. If you have any additional arguments or information that would explain why this information should be relevant only for LPL's document production, but not for the Defendants, please let us know.

Cormac T. Connor

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756
email: cconnor@mckennalong.com

1