# EXHIBIT C

| | **McKenna Long** | |
| --- | --- | --- |
| Atlanta | **& Aldridge**LLP | San Diego |
| Denver | Attorneys at Law | San Francisco |
| Los Angeles | 1900 K Street, NW • Washington, DC 20006 | Washington, DC |
| | 202.496.7500 • Fax: 202.496.7756 | |
| Philadelphia | www.mckennalong.com | Brussels |

CORMAC T. CONNOR   EMAIL ADDRESS
(202) 496-7439   cconnor@mckennalong.com

May 11, 2007

**Via Email and U.S. Mail**

Manuel Nelson, Esq.
Connolly Bove Lodge & Hutz, LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071
*mnelson@cblh.com*

      Re:    *LG.Philips LCD Co., Ltd. v. Tatung, et al.,*
              Civil Action No. 04-343 (JJF)

Dear Manuel:

    As you know, I was out of town at the end of last week and for part of this week. This letter responds to your May 1, 3 and 4, 2007 emails and supplements my May 7 email to you, all of, which pertain to our discussions about data that ViewSonic is seeking concerning LPL's sales, costs and profits in 1998 and 1999.

    We previously discussed the fact that LPL does not have cost and/or profit data for pre-2000 archived in a way that would allow LPL to incorporate that data into summaries similar to those that LPL has already produced for 2000-06. Whether any profit or cost summary data could be generated at great effort and expense to LPL is an issue that we still need to investigate further. Even if such data could be generated, however, LPL does not have any duty to produce such information because it is irrelevant, nor has ViewSonic established any basis to require its production, even assuming that ViewSonic is willing to bear all related expense, as suggested in your May 3 email. Nonetheless, we remain willing to further investigate and discuss this issue with you in order to understand your position concerning what discovery ViewSonic believes is necessary and why you believe that information is relevant.

    You previously indicated that we would likely be able to agree on a production of sales-related data from LPL without the profit and cost information. If we are able to reach an agreement on the production of data pertaining to revenues and actual unit sales for 1998-99, why would ViewSonic also need profit and cost information? We have reviewed your representations on this issue but still do not see how cost and profit data would be relevant either

Manuel Nelson, Esq.
May 11, 2007
Page 2

to prior art or reasonable royalty determinations because, especially for reasonable royalty purposes, any hypothetical royalty negotiation could only have occurred after the patent applications were filed. We would appreciate any further explanations that you can provide.

    As soon as I have any additional information concerning LPL's data, I will update you; and we will try to provide further information by the meet-and-confer session (pertaining to other discovery issues) that we have been discussing for late next week.

Sincerely,

Cormac T. Connor

cc:    Counsel of Record (via email)

DC:50476941.2