**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LG.PHILIPS LCD CO., LTD.,

                Plaintiff/Counterclaim Defendant,

         v.

TATUNG CO.; TATUNG COMPANY OF
AMERICA, INC.; and VIEWSONIC
CORPORATION,

              Defendants/Counterclaim Plaintiffs.

Civil Action No. 04-343 (JJF)

**PLAINTIFF LG.PHILIPS LCD CO., LTD.'S RESPONSE TO TATUNG
DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S REPORT AND
RECOMMENDATIONS REGARDING (A) LG.PHILIPS' LCD CO., LTD.'S
MOTION TO COMPEL TATUNG DEFENDANTS TO PROVIDE DISCOVERY
ON ADVICE OF COUNSEL AND DUTY OF CARE; AND (B) THE TATUNG
DEFENDANTS' CROSS-MOTION TO BIFURCATE DISCOVERY**

June 12, 2007

THE BAYARD FIRM
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Rel S. Ambrozy
Cass W. Christenson
Cormac Connor
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

# TABLE OF CONTENTS

**Page**

I.   NATURE & STAGE OF THE PROCEEDINGS ................................................. 1

II.  SUMMARY OF ARGUMENT ............................................................. 4

III. STATEMENT OF FACTS ............................................................... 6

IV.  ARGUMENT ......................................................................... 8

    A.   The Special Master's Decision Is Reviewed for Abuse of
       Discretion .................................................................... 10

    B.   Tatung's Deliberate Refusal to Assert any Advice of Counsel
       Defense Forecloses the Right to Assert any Such Defense ..................... 10

          1.   Tatung Failed To Plead Any Advice of Counsel Defense ........... 11

          2.   Tatung Failed Otherwise To Assert Any Advice of Counsel
              Defense ..................................................................... 12

    C.   Tatung's Unilateral Refusal to Provide Discovery Has Prejudiced
       LPL and Precludes any Advice of Counsel Defense ............................. 14

    D.   Bifurcating Discovery After the Close of Discovery Would Be
       Unfair and Inappropriate ...................................................... 16

          1.   Bifurcating and Postponing any Advice of Counsel Defense
              Would Disrupt the Scheduling Order and Trial ...................... 18

          2.   *Quantum Corp. v. Tanden Corp.* Does Not Warrant
              Bifurcation ................................................................. 19

V.   CONCLUSION ....................................................................... 21

## TABLE OF AUTHORITIES

<u>Cases</u>

*A.L. Hansen Manufacturing Co. v. Bauer Products, Inc.*, 2004 WL
  1125911 (N.D. Ill. May 18, 2004) .............................................................................. 20

*Affinion Net Partners, Inc. v. Maritz, Inc.*, 440 F. Supp. 2d 354 (D. Del.
  2006) .......................................................................................................................... 15

*Computer Assocs. Intern'l v. Simple.com, Inc.*, No. 02 Civ. 2748 DRH
  MLO, 2006 WL 3050883 (S.D.N.Y. Oct. 23, 2006) .................................................. 14

*Edward Lowe Indus., Inc. v. Oil-Dri Corp. of Am.*, No. 94C 7568, 1995
  WL 609231 (N.D. Ill. Oct. 13, 1995) ..................................................................... 14, 15

*Fuji Machine Mfg. Co. v. Hover-Davis, Inc.*, 982 F. Supp. 923 (W.D.N.Y.
  1997) ...................................................................................................................... 17, 18

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995).................................. 11, 15

*In re Buspirone Antitrust Litig.*, 208 F.R.D. 516 (S.D.N.Y. 2002).................................... 15

*In re EchoStar Communs. Corp.*, 448 F.3d 1294 (Fed. Cir. 2006).................................... 15

*In re Orthopedic Bone Screw Prods. Liab. Lit.*, 246 F.3d 315 (3d Cir.
  2001) .......................................................................................................................... 10

*Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30 (D. Del. 1995) ............................... 11, 17

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GH v. Dana Corp.*, 383 F.3d
  1337 (Fed. Cir. 2004)........................................................................................... 5, 19, 20

*Mobil Oil Corp. v. Amoco*, 779 F. Supp. 1429 (D. Del. 1991) ..................................... 9, 15

*Nitinol Med. Techs., Inc. v. AGA Med. Corp.*, 135 F. Supp. 2d 212 (D.
  Mass. 2000).............................................................................................................. 13, 17

*Quantum Corp. v. Tandon Corp.*, 940 F.2d 642 (Fed. Cir. 1991) .......................... 5, 19, 20

*Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000) ............................... 19

*SmithKline Beecham Corp. v. Apotex Corp., et al.*, No. 99-CV-4304, *et al.*,
  2005 WL 2436662 (E.D. Pa. Sept. 28, 2005) ............................................................. 15

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99 (N.D. Cal.
  1992) ...................................................................................................................... 16, 19

*Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487 (D. Del. 2005) ...................................................................................................... 14

*Trading Techs. Intern'l, Inc. v. eSpeed, Inc.*, 431 F. Supp. 2d 834 (N.D. Ill. 2006) ............................................................................................... 17, 19

*Tuerkes-Beckers, Inc. v. New Castle Assocs.*, 158 F.R.D. 573 (D. Del. 1993) ..................................................................................................... 16

*William Reber, LLC v. Samsung Electronics America, Inc.*, 220 F.R.D. 533 (N.D. Ill. 2004) ......................................................................... 20

*William Reber, LLC v. Sony Ericsson Mobile*, No. Civ. A 03-C-4174, 2004 WL 2535074, **2-3 (N.D. Ill. Sept. 27, 2004) .................................... 20

*Wolf Designs, Inc. v. DHR & Co.*, 231 F.R.D. 430 (N.D. Ga. 2005) ........................ 11, 15

Rules

Federal Rules of Civil Procedure 53 ............................................................. 1, 10

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), through counsel and pursuant to Fed. R. Civ. P. 53, submits this Response to Defendants Tatung Company and Tatung Company of America, Inc.'s (collectively "Tatung") Objections to Special Master's Report and Recommendations Regarding (A) LG.Philips LCD Co., Ltd.'s Motion to Compel Tatung Defendants To Provide Discovery on Advice of Counsel and Duty of Care; and (B) the Tatung Defendants' Cross-Motion To Bifurcate Discovery (D.I. 679), stating as follows:

## I.    NATURE & STAGE OF THE PROCEEDINGS

This is a patent infringement case filed in May 2004.  LPL seeks remedies for infringement of U.S. Patent No. 6,498,718 ("the '718 Patent") and U.S. Patent No. 6,501,641 ("the '641 Patent") (collectively, the "Patents-in-Suit"), which relate to mounting methods and structures regarding visual display products such as liquid crystal display ("LCD") computer monitors.  LPL alleges that Tatung directly and indirectly infringes the Patents-in-Suit and supplies infringing products to and for the U.S. market under Tatung's own brand and other major brands used by Tatung's customers.

Special Master Poppiti was appointed to resolve discovery disputes and to address other case management issues. (*See generally* D.I. 178 & 577.)   By agreement among counsel, objections to any Report and Recommendations of the Special Master must be filed within ten days from when the Report is issued. (*See* Hr'g Tr., 19:7-21:3 (Jan. 19, 2007) (all counsel agreeing to reduce Rule 53 briefing deadline to ten days for objections

to any Special Master recommendation), cited portions of which are attached as Exhibit 1 to the Decl. of Cormac T. Connor.[1])

LPL already has deposed all of Tatung's witnesses designated to testify under Rule 30(b)(6) concerning any defense to willful infringement and Tatung's duty of due care to avoid infringing the Patents-in-Suit, specifically including any reliance on advice of counsel.[2] At their depositions, however, Tatung's witnesses refused to testify concerning any advice of counsel, and even refused to state whether Tatung has relied on any advice of counsel in this case. (*See* Depo. Tr. of Tatung America's Rule 30(b)(6) witness A. Sun, 178:5-183:19 (Mar. 22, 2007), cited portions of which are attached under seal as Exhibit 2 to Connor Decl.; Depo. Tr. of Tatung Company's Rule 30(b)(6) witness O. Shih, 215:9-218:19 (Mar. 20, 2007), cited portions of which are attached under seal as Exhibit 3 to Connor Decl.)

A jury trial is scheduled to begin on January 21, 2008. (D.I. 577 at ¶ 12.) Trial will proceed on all issues related to liability and damages, including willful infringement.[3]

LPL's discovery requests covered all issues necessary to prepare for and conduct trial. In its requests for production, interrogatories, and depositions, LPL sought to obtain complete discovery concerning any defenses to willful infringement, specifically

---

[1] The Declaration of Cormac T. Connor [hereinafter referred to as the "Connor Decl." or the "Declaration"] was filed contemporaneously with this brief. All subsequent citations to "Exhibit" or "Ex." in this brief are references to the exhibits attached to the Declaration.

[2] LPL already has deposed Tatung's witnesses and ViewSonic's witnesses designated to testify concerning willful infringement issues and defenses. LPL is completing depositions of ViewSonic witnesses the week of June 11, 2007, but those depositions are not addressing willful infringement or advice of counsel.

[3] Tatung concedes that it "did not request to bifurcate trial." (D.I. 679 at 7.)

2

including any reliance on advice of counsel by any Defendant. Defendants have refused to take any position regarding whether they relied on advice of counsel, likewise failing to provide discovery on any relevant legal opinions or advice. (*See* Ex. 2 at 178:5-183:19; Ex. 3 at 215:9-218:19.)

Tatung's refusal to take a position on any advice of counsel defense is similar to the position taken by Tatung's co-Defendant, ViewSonic Corporation. On September 27, 2006, LPL filed a motion to compel against Defendant ViewSonic Corporation ("ViewSonic") seeking discovery related to advice of counsel and due care. During a hearing on the motion, ViewSonic's counsel conceded that any advice of counsel defense needed to be formally pleaded. Because ViewSonic has never asserted such a defense, the Special Master concluded that there was no advice of counsel defense in the case and, therefore, that LPL's motion to compel discovery was moot because it related to a non-existent defense. (*See* D.I. 385.) ViewSonic has never sought to amend its pleadings or otherwise to introduce any advice of counsel defense in this case.[4]

On December 22, 2006, LPL filed a similar motion against Tatung to compel discovery on advice of counsel and the duty of care (the "Motion to Compel"). (*See* Exhibit A to Decl. of V. Ho (D.I. 680).)[5] Tatung opposed the motion and, during a hearing on January 19, 2007, suggested that perhaps discovery regarding willfulness could be stayed. (*See* Ex. 1 at 70:15-81:12.) The Special Master requested supplemental

---

[4] Despite conceding its obligation to plead any advice of counsel defense, ViewSonic subsequently filed objections to the Special Master's Report and Recommendation. (*See* D.I. 409.) LPL has responded to those objections. (*See* D.I. 442.) As noted in LPL's Response brief, ViewSonic's failure to assert an advice of counsel defense, as here, effectively waives or forecloses that defense. (*See* D.I. 442 at 6-9.)

[5] All underlying briefing pertaining to these issues was submitted at D.I. 680.

argument on these issues.  In its January 26, 2007 supplemental submission to the Special

Master, Tatung requested "that the Special Master postpone discovery on the advice of

counsel defense until after the *Markman* and summary judgment proceedings.  At that

time, the Tatung Defendants will inform LPL as to whether they are relying on advice of

counsel."  (D.I. 415 at 3.)  LPL filed a response opposing Tatung's requested relief.  (D.I.

430.)

On May 8, 2007, the Special Master issued a detailed Report and

Recommendations (the "Report").  (D.I. 658.)  The Report concluded that: (1) LPL's

motion to compel discovery related to any advice of counsel defense is not ripe because

Tatung has never asserted any advice of counsel defense in this case, (Report at 9-11);

and (2) that Tatung's request to bifurcate discovery regarding willfulness should be

denied, as it would threaten to require bifurcation of trial, would delay the proceedings,

would be unfair to LPL, and was not proposed by Tatung as part of the Court's prior

scheduling orders, (*id.* at 6-9).  On May 29, 2007, Tatung filed its objections to the

Report ("Objections").  (*See* D.I. 679.)

## II.   <u>SUMMARY OF ARGUMENT</u>

1.    Tatung's Objections are untimely because Tatung failed to file its

Objections within the ten-day time period previously agreed to, and the Court should thus

reject Tatung's untimely attempt to seek review of the Report.

2.    In any event, the Special Master properly rejected Tatung's untimely

attempt to bifurcate or stay discovery concerning willfulness, and its request to postpone

until after dispositive motions any decision whether to assert an advice of counsel

defense.  Tatung's position is unfair and unworkable, including because:

(a) Tatung waited until the close of discovery to seek to bifurcate or stay discovery;

(b) Tatung has had sufficient time to assert any advice of counsel defense but deliberately failed to do so;

(c) asserting an advice of counsel defense in the future would prejudice LPL and require burdensome and duplicative discovery efforts; and

(d) staying discovery would conflict with established deadlines under the Scheduling Order.

3.    Tatung's reliance on *Quantum Corp. v. Tandon Corp.,* 940 F.2d 642 (Fed. Cir. 1991), is misplaced. The Special Master explained that the purported *Quantum* "dilemma" is "substantially ameliorated" by the Federal Circuit's decision in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GH v. Dana Corp.*, 383 F.3d 1337, 1344-45 (Fed. Cir. 2004). (Report at 8 (D.I. 658).) In light of the *Knorr-Bremse* decision, which issued after the opinion in *Quantum Corp.*, Tatung does not face the threat of an adverse inference.

4.    At this late juncture, bifurcating or staying discovery would be unfair and prejudicial. As the Special Master noted, "the delay bifurcation would interpose is not favored under principles of judicial economy." (Report at 7.) Further, the Special Master correctly determined that "the balance of harms favors LPL because Tatung's request to bifurcate discovery would effectively thwart LPL from timely taking discovery that is both permissible and necessary whenever the advice of counsel defense is asserted." (*Id.* at 7-8.) This Court should, therefore, affirm and adopt the Special Master's Report and Recommendations.

662708-1

### III.    STATEMENT OF FACTS

The following facts are relevant to the issues presented in this Response Brief and in Tatung's Objections:

1.    In its Complaint, LPL alleged that Tatung willfully and deliberately infringed the Patents-in-Suit. (*See* D.I. 1 at ¶¶ 21 and 26.)

2.    Tatung filed Answers to LPL's Complaint on April 19, 2005. (D.I. 186-87.) Tatung specifically asserted 14 different defenses, but did not plead an advice of counsel defense to LPL's willfulness allegations. (*See id.*) Also, while Tatung denied LPL's willful infringement allegations, Tatung said nothing about advice of counsel. (*See id.* at ¶¶ 21 and 26.)

3.    The parties submitted proposed provisions (some agreed, others disputed) for purposes of a Scheduling Order. None of the Defendants proposed any bifurcation of discovery pertaining to willfulness or the advice of counsel defense. (Report at 9 ("The Special Master also notes that Tatung's proposals did not request the bifurcation it now seeks.").) Neither the original Scheduling Order nor any of the subsequent amended or revised Scheduling Orders contemplate bifurcation for discovery on willfulness or the advice of counsel defense. The Scheduling Orders thus "reveal no suggestion that discovery relating to advice of counsel should proceed under a schedule different" from other discovery. (*Id.*)

4.    The parties have propounded and exchanged fact discovery on issues concerning liability, damages, and willful infringement. LPL's discovery requests, including interrogatories, document requests, and Rule 30(b)(6) deposition topics,

662708-1

specifically sought discovery related to willful infringement and any advice of counsel defense, if asserted.

5.    On November 29, 2005, for example, LPL served its Second Set of Interrogatories, (D.I. 225), which specifically asked whether Tatung was asserting any advice of counsel defense. (*See* Tatung's Resps. to LPL's 2d Set of Interrogs. at Interrogs. 5-7 (providing text of Interrogatories), cited portions of which are attached as Exhibits 4-5 to Connor Decl.)

6.    On February 13, 2006, in response to LPL's Interrogatory No. 6, Tatung stated that it had "not yet finally determined which defenses it will pursue, including without limitation, whether it will rely on advice of counsel as a defense . . . . Tatung will make this determination *in accordance with the directions and schedule set by the Court*." (*See id.* (emphasis added).)

7.    Subsequently, Tatung has not asserted any advice of counsel defense.

8.    Pursuant to the Scheduling Order, the parties were to file any motions to amend their pleadings by January 17, 2006. (*See* D.I. 198 at ¶ 7.) Tatung has not filed any motion to amend its pleadings.

9.    Tatung has also never moved to bifurcate any issues for trial in this case. All issues are scheduled to be tried together before one jury.

10.    LPL repeatedly has attempted to get Tatung to take a position with respect to any advice of counsel defense, but Tatung has refused and maintained that it had not decided whether to assert the defense. (*See, e.g.,* Letter from R. Ambrozy to M. Krietzman at 2-3 (July 19, 2006); Letter from S. Perkins to R. Ambrozy at 2 (Aug. 11, 2006); Letter from C. Connor to S. Perkins at 2 (Aug. 30, 2006); Letter from C. Connor

7

to V. Ho at 3 (Dec. 15, 2006); E-mail from V. Ho to C. Connor (Dec. 18, 2006), copies of which are attached as Exhibits 6-10 to Connor Decl., respectively.)

11.    On January 5, 2007, the Special Master issued a Report and Recommendation in response to LPL's September 26, 2006 motion to compel discovery from ViewSonic regarding any advice of counsel defense. The Special Master confirmed his previously stated conclusion that ViewSonic had failed to assert any advice of counsel defense. (D.I. 385.) In the Report, the Special Master determined that (i) ViewSonic has never pled an advice of counsel defense, which means that (ii) no advice of counsel defense is at issue in this case and, therefore, (iii) LPL's Motion to Compel is not ripe for review. (*See id*.) ViewSonic has objected to this Report.

12.    On May 8, 2007, the Special Master issued a Report and Recommendations in response to LPL's December 22, 2006 motion to compel discovery from Tatung regarding any advice of counsel defense. The Special Master confirmed that Tatung failed to assert in this case a timely and proper defense based on advice of counsel. (D.I. 658.) The Special Master further concluded that allowing Tatung to assert such a defense in the future, after the close of discovery, would be inefficient and prejudicial, and contrary to the Scheduling Order deadlines previously established.

## IV.    ARGUMENT

Tatung's Objections should be denied or stricken because they are untimely. The Special Master's Report issued on May 8, 2007. The parties had previously agreed that any objections to any of the Special Master's determinations must be submitted to the Court within ten business days, the time limits of Rule 53 notwithstanding. (*See* Ex. 1 at 19:7-21:3.) As such, Tatung's Objections should have been filed by May 22, but they were not filed until May 29, 2007. Because the Objections were not timely filed, they

662708-1

should be denied or stricken and the Special Master's findings in the Report should be adopted by this Court.

In any event, this Court should adopt the Special Master's Report and Recommendations, and preclude Tatung from attempting to assert or establish in this case any advice of counsel defense or reliance on any legal opinion as a defense to LPL's willful infringement claims. Tatung has deliberately and repeatedly refused to assert such a defense during the three years since LPL filed its complaint in this case. Tatung has refused to provide any discovery concerning any advice of counsel or legal opinion throughout the discovery period in this case. Tatung's suggestion to bifurcate discovery concerning any advice of counsel defense -- first proposed shortly before the deadline for non-expert depositions but long after the deadline for amendments to the pleadings expired -- would unfairly prejudice LPL and undermine the Scheduling Order.

Tatung has never affirmatively asserted in this case, in pleadings or otherwise, any advice of counsel defense. Indeed, Tatung continues to avoid asserting an advice of counsel defense, yet seeks to preserve an option to do so in the future. As several courts have held, an infringer cannot unilaterally withhold discovery and delay indefinitely any assertion of an advice of counsel defense -- by doing so Tatung has prejudiced LPL and foreclosed the right to assert advice of counsel. *See Mobil Oil Corp. v. Amoco*, 779 F. Supp. 1429, 1485 n. 43 (D. Del. 1991).

LPL already has taken discovery regarding its willful infringement claim and any defense to that claim. LPL has deposed all of the Defendants' Rule 30(b)(6) witnesses on those issues. LPL should not be forced to reopen depositions of those witnesses or to embark on a new, redundant round of depositions to obtain discovery that Tatung could

and should have produced months or years ago. Tatung's conscious decision not to invoke or assert any advice of counsel defense, while allowing the fact discovery period to close, fully supports the Special Master's conclusions.

### A.    The Special Master's Decision Is Reviewed for Abuse of Discretion

The Court may wholly or partly adopt, modify or reject any of the Special Master's recommendations. *See* Fed. R. Civ. P. 53(g)(1). The Special Master's findings of fact and conclusions of law are reviewed *de novo*. *See* Fed. R. Civ. P. 53(g)(3)-(4). A ruling on a "procedural matter," however, is set aside "only for an abuse of discretion." Fed. R. Civ. P. 53(g)(5). The Special Master's ruling on the timing and process for asserting an advice of counsel defense and disclosing related discovery is a procedural matter that should be reviewed under the deferential abuse of discretion standard. An abuse of discretion generally exists only in limited circumstances, such as when there is a definite and firm conviction that the lower court committed "a clear error of judgment . . . ." *In re Orthopedic Bone Screw Prods. Liab. Lit.*, 246 F.3d 315, 320 (3d Cir. 2001). The Special Master's determinations were entirely proper and should be adopted.

### B.    Tatung's Deliberate Refusal to Assert any Advice of Counsel Defense Forecloses the Right to Assert any Such Defense

Tatung has refused to assert any advice of counsel defense in this case, even as fact discovery concluded. LPL does not know whether any legal opinion that Tatung obtained could even support Tatung's position in this case. LPL has repeatedly attempted to obtain information concerning any relevant legal opinions or advice of counsel defense, including through interrogatories, document requests, and depositions. At every

turn, however, Tatung has stubbornly refused to provide discovery or even to disclose whether Tatung is relying on any advice of counsel.[6]

The Special Master correctly concluded "that the advice of counsel defense to willful infringement must be asserted" in some way, regardless of whether it needs to be alleged as an affirmative defense. (*See* Report at 9.) Tatung's argument about whether advice of counsel must be alleged as an affirmative defense, therefore, is unavailing. Tatung failed to affirmatively assert any advice of counsel defense in this case in any way, whether by pleading, discovery response, or otherwise.

### 1.    Tatung Failed To Plead Any Advice of Counsel Defense

The U.S. Court of Appeals for the Third Circuit and this Court have characterized advice of counsel as an affirmative defense. *See, e.g., Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995); *Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30, 34 (D. Del. 1995) (alleged patent infringer's answer "asserts good faith reliance on advice of counsel as an affirmative defense"). The Special Master cited these cases and deemed them to be controlling. (*See* Report at 10.) If Tatung intended to rely on any advice of counsel -- a "standard" defense in opposing a willful infringement claim -- then Tatung should have timely alleged such a defense or moved to amend its answer to allege an advice of counsel defense. *See Wolf Designs, Inc. v. DHR & Co.*, 231 F.R.D. 430, 436-37 (N.D. Ga. 2005) (noting that advice of counsel is a standard defense and denying untimely motion to amend answer to plead an advice of counsel affirmative defense).

---

[6] Tatung has served a privilege log that may include legal opinions and Tatung claims to have obtained legal opinions relevant to this case. Tatung's only privilege log, however, was submitted after LPL filed its motion to compel on December 22, 2006 and one year after the deadline for amendments to the pleadings.

2.  **Tatung Failed Otherwise To Assert Any Advice of Counsel Defense**

Regardless of whether Rule 8(c) applies, the Special Master correctly ruled that

Tatung failed to timely and affirmatively assert any advice of counsel defense in any

fashion:

> Even were the Special Master to accept that Tatung's
> F.R.C.P. 8(c) analysis is correct, the Special Master
> nonetheless concludes that Tatung must put LPL on notice
> of its assertion of the defense, that is, Tatung must assert
> advice of counsel, which waives attorney-client privilege,
> in a time frame consistent with the extant scheduling order
> or risk the consequence of waiving this defense.

(Report at 10 (citations omitted).)

Tatung has never asserted an advice of counsel defense in any way.  For example,

Tatung did not assert the defense in its pleadings, (*see* D.I. 186-87), never amended its

pleadings to assert the defense,[7] refused to take a position on the defense when

responding to LPL's discovery requests, (*see, e.g.*, Exs. 4-5 at Resps. to Interrogs. 5-7),

and refused to take a position in response to LPL's correspondence concerning the issue,

(*see, e.g.*, Exs. 6-10).  When LPL sought to depose Tatung concerning whether it relied

on any advice of counsel defense, Tatung's counsel instructed the witnesses not to answer

such questions even though the witnesses had been specifically designated to address that

deposition topic.  (*See* Ex. 2 at 178:5-183:19; Ex. 3 at 215:9-218:19.)  Tatung has,

therefore, consciously refused to assert an advice of counsel defense.

The Court also should reject Tatung's unpersuasive suggestion that a boilerplate

denial of an allegation expressly and affirmatively put LPL on notice of an advice of

---

[7] The time period for amendments to the pleadings expired almost 18 months ago, on January 17, 2006.
(*See* Sched. Order at ¶ 7 (D.I. 198).)

12

counsel defense. (*See* Objecs. at 12 (D.I. 679).) Tatung is relying on its denial of LPL's allegation that Tatung's infringement is willful. (*See id.*) Tatung, however, offered nothing more than a simple, unsubstantiated, general denial of LPL's allegations. (D.I. 186-87 at ¶¶ 21 and 26.) As the Special Master concluded, this general denial does not expressly or affirmatively put LPL on notice of any advice of counsel defense. (*See* Report at 11 (concluding that Tatung's general denials "simply do not put LPL on notice that they are asserting advice of counsel as a defense").) Because Tatung admits that it has not yet decided whether to assert an advice of counsel defense, Tatung cannot plausibly contend that it put LPL on notice of such a defense. "Advice of counsel remains unasserted." (*Id.*)

Further, putting LPL on notice of a defense would not cure the prejudice caused by Tatung's refusal to provide discovery. Had Tatung asserted an advice of counsel defense, Tatung would have been obligated to provide substantial discovery related to that defense. (*See id.* at 7 ("Tatung's request to bifurcate discovery would effectively thwart LPL from timely taking discovery that is both permissible and necessary wherever the advice of counsel defense is asserted.").) Indeed, it is the assertion of the defense that waives privilege and mandates discovery. (*See, e.g., id.* at 7-8 (rejecting bifurcation of discovery as prejudicial to LPL's right to obtain discovery "that is both permissible and necessary whenever the advice of counsel defense is asserted") (citations omitted).) *See also Nitinol Med. Techs., Inc. v. AGA Med. Corp.*, 135 F. Supp. 2d 212, 215 (D. Mass. 2000) ("when a party asserts an advice of counsel defense, the result is at least some waiver of the attorney-client and work product privileges"). Tatung has neither asserted the defense nor provided discovery.

662708-1

**C.**     **Tatung's Unilateral Refusal to Provide Discovery Has Prejudiced LPL and Precludes any Advice of Counsel Defense**

Because of Tatung's silence and inaction, LPL has not obtained discovery that would be necessary and appropriate concerning any advice of counsel defense. Under the most recent Scheduling Order, non-expert depositions were to conclude by March 30, 2007. (*See* D.I. 401 at ¶ 1). LPL deposed Tatung's witnesses concerning advice of counsel issues by the March 30, 2007 deadline. Therefore, Tatung's assertion that discovery is ongoing is unpersuasive.[8] LPL has made abundant, repeated efforts to obtain discovery on any advice of counsel defense, and Tatung has refused to provide that discovery at every turn. Tatung's request to bifurcate or stay discovery is untimely.

After blocking discovery on any advice of counsel issues and refusing to take a position on the advice of counsel defense during fact discovery, Tatung should be foreclosed from asserting such a defense. *See Edward Lowe Indus., Inc. v. Oil-Dri Corp. of Am.*, No. 94C 7568, 1995 WL 609231,*5-*6 (N.D. Ill. Oct. 13, 1995) (finding that "defendants elected to waive their advice of counsel defense" by asserting privilege throughout fact discovery, "even in opposition to [patent-holder's] motion to compel"). (*See also* Hr'g Tr. at 96:6-97:24 (Dec. 28, 2006) (finding that ViewSonic has likely waived defense by failing to assert it), cited portions of which are attached as Exhibit 11 to Connor Decl.) Tatung cannot use the advice of counsel defense and the attorney-client privilege as both a shield and a sword. *See, e.g., Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 513 (D. Del. 2005); *Computer Assocs. Intern'l v. Simple.com, Inc.*,

---

[8] Similarly, Tatung's statement that "the parties are still in the midst of discovery" is misleading. (*See* Objecs. at 1.) Fact discovery is substantially completed. The parties are resolving specific discovery that was unable to be completed by the March 30 deadline. Tatung, for example, is in the midst of producing supplemental discovery to LPL that LPL has sought since serving written discovery requests in 2005.

14

No. 02 Civ. 2748 DRH MLO, 2006 WL 3050883, *3 (S.D.N.Y. Oct. 23, 2006); *Edward Lowe Indus.*, 1995 WL 609231 at *3-*5. And, Tatung knows the facts relevant to such a defense and could have asserted the defense long ago had it wanted to do so; "[t]his is not a case in which a defendant first realized during discovery that he had an affirmative defense because of some document the plaintiff produced." *Wolf Designs, Inc.*, 231 F.R.D. at 436 (denying untimely motion to amend seeking to assert advice of counsel as an affirmative defense to willful infringement).

Asserting an advice of counsel defense waives privilege and entitles LPL to discovery concerning the defense. *See Affinion Net Partners, Inc. v. Maritz, Inc.*, 440 F. Supp. 2d 354, 356 (D. Del. 2006) (quoting and applying *In re EchoStar Communs. Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006)); *see also Mobil Oil Corp.*, 779 F. Supp. at 1485 (failing to waive privilege during discovery period unfairly prevents "taking any appropriate discovery regarding the opinions or from ascertaining that all of the documents relating to the opinions had been produced"). "Accordingly, a defendant may be required to declare *during discovery* whether he or she intends to assert an advice of counsel defense at trial *in order to permit the plaintiff to pursue discovery on that issue*." *SmithKline Beecham Corp. v. Apotex Corp., et al.*, No. 99-CV-4304, *et al.*, 2005 WL 2436662, *2 (E.D. Pa. Sept. 28, 2005) (emphasis added) (citing *In re Buspirone Antitrust Litig.*, 208 F.R.D. 516 (S.D.N.Y. 2002)); *Glenmede Trust*, 56 F.3d at 486. Tatung's deliberate refusal to assert any defense, and corresponding refusal to provide

15

discovery, is tantamount to a decision not to assert any advice of counsel defense.[9]

Tatung maintained its refusal to disclose its position or provide discovery even after LPL

filed a motion to compel such discovery.

Further, Tatung did not seek any protective order to avoid providing discovery on

willfulness or advice of counsel in this case. Instead, Tatung unilaterally decided to

forestall such discovery to LPL's prejudice. Indeed, Tatung affirmatively designated a

witness to testify concerning willfulness and advice of counsel issues, yet then instructed

its witness not to answer those questions. (*See, e.g.*, Report at 7 n.6 (D.I. 658); Ex. 2 at

178:5-183:19; Ex. 3 at 215:9-218:19.) Tatung thus unilaterally withheld discovery,

without seeking a protective order, and must bear the consequences. (*See id.* ("It is

worthy of note that Tatung's counsel failed to immediately seek a protective order.")

(citing *Tuerkes-Beckers, Inc. v. New Castle Assocs.*, 158 F.R.D. 573 (D. Del. 1993).)

### D.    Bifurcating Discovery After the Close of Discovery Would Be Unfair and Inappropriate

Tatung waited until the end of fact discovery to suggest bifurcating discovery. As

the party seeking bifurcation, Tatung has not met its burden to show that bifurcation

would promote judicial economy and avoid prejudice, especially at this late stage. *See*

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992)

(party seeking bifurcation has burden to show that bifurcation is justified). Delaying any

advice of counsel defense until after dispositive motions and the close of discovery would

---

[9] For example, in *Edward Lowe Industries*, the court noted that the defendant had waited until three weeks before the close of discovery to file a motion to bifurcate and then never actually asserted an advice of counsel defense until well after fact discovery had closed. *See Edward Lowe Industries*, 1995 WL 609231 at *4-*5. The court determined that "[d]efendants' attempt to have it both ways will not succeed... [and] defendants are precluded from offering evidence of legal consultation as part of their good faith defense." *Id.* at *6. The same rationale applies here.

16

create disproportionate burdens on LPL. LPL, for example, would have to incur the

expense related to traveling to redepose witnesses regarding any advice of counsel

defense, after previously deposing all witnesses during the existing discovery period.

LPL's counsel already traveled repeatedly from Washington, D.C. to California to depose

witnesses on many issues, particularly including any defense to willful infringement. The

parties are now focusing on expert discovery, followed by any dispositive motions. LPL

should not be forced to divert its resources to redeposing fact witnesses in this case.

       The issues concerning advice of counsel and willful infringement, moreover,

overlap with other issues for which discovery is now concluded. Courts recognize, for

example, that patent infringement liability is intertwined with willfulness and advice of

counsel. *See, e.g., Nitinol Med. Techs., Inc.*, 135 F. Supp. 2d at 216 (rejecting stay of

discovery and noting that "many courts have found that the issue of willfulness is

inextricably intertwined with issues of liability"). Similarly, advice of counsel discovery

could overlap with other affirmative defenses. *See, e.g., Fuji Machine Mfg. Co. v. Hover-*

*Davis, Inc.*, 982 F. Supp. 923, 925 (W.D.N.Y. 1997) (concluding that discovery

concerning legal advice also relevant to defendant's assertion of laches and estoppel

defenses).

       Further, this Court has discussed the problems inflicted by bifurcating discovery:

> Staying discovery on communications relating to the advice
> of counsel until after liability has been established builds
> difficult delays and complications into the case. For
> example, it precludes the possibility of granting a summary
> judgment on the willfulness claim prior to trial.

*Johns Hopkins*, 160 F.R.D. at 36; *see also Trading Techs. Intern'l, Inc. v. eSpeed, Inc.*,

431 F. Supp. 2d 834, 841 (N.D. Ill. 2006) (evaluating issues pertaining to assertion of

advice of counsel defense and then finding that "bifurcation would result in prejudice to

plaintiff, who, along with facing a substantial delay in final determination of the action,

would be forced to present the same evidence in two separate trials"). Given the

disadvantages of separating discovery on willfulness, many courts have rejected requests

to bifurcate or stay discovery on advice of counsel:

> There is ample reason to allow discovery on the entire case
> to proceed at this time. At this stage, this does not appear
> to be a case requiring bifurcation and a stay of discovery.
> Judicial resources and resources of the attorneys are best
> served if discovery proceeds on all issues.

*Fuji Machine Mfg. Co.*, 982 F. Supp. at 925. To avoid the problems that would result

from bifurcation, especially at this stage of the case, the Court should reject Tatung's

appeal of the Special Master's Report.

### 1. Bifurcating and Postponing any Advice of Counsel Defense Would Disrupt the Scheduling Order and Trial

"Tatung seeks to postpone the decision whether to waive attorney-client privilege

until after infringement has been established." (Report at 6 (citing D.I. 395 at 3).) In

Tatung's January 26, 2007 submission, Tatung specifically requested to "postpone

discovery on the advice of counsel issue until after the *Markman* and summary judgment

proceedings. At that time, the Tatung Defendants will inform LPL as to whether they are

relying on advice of counsel." (D.I. 415 at 3.) As the Special Master concluded,

Tatung's Objections attempt to defer advice of counsel issues so late in the case – after

dispositive motions – "would likely [make it] necessary to bifurcate and stage the trial on

willfulness following the trial on infringement[.]"[10] (Report at 7.)

---

[10] As the Special Master noted, case dispositive motions will be decided and appealed in late October
through mid-November 2007, shortly before trial is scheduled to begin in January 2008. (Report at 7 n.5.)

662708-1

Tatung's attempt to obtain a shorter postponement of the time to assert an advice of counsel defense is likewise unconvincing. (*See* Objecs. at 7 (characterizing Tatung's position as seeking "merely . . . a brief extension to until at least after the *Markman* proceedings").) Tatung's supplemental submission to the Special Master on this issue requested to defer the advice of counsel issue until after summary judgment proceedings, noting that "courts have ruled that accused infringers are not required to make this election until after the Markman proceedings ***and after dispositive motions have been considered.***" (D.I. 415 at 3 (emphasis added).) As the Special Master reasoned, moreover, Tatung's reference to June and August 2007 deadlines to assert any advice of counsel defense and produce discovery would precede case-dispositive motion practice and such deadlines thus "are simply not calculated to achieve Tatung's stated objective of deferring" advice of counsel issues until after infringement is determined. (Report at 7.)

### 2.    *Quantum Corp. v. Tanden Corp.* Does Not Warrant Bifurcation

Tatung's reliance on *Quantum Corp. v. Tanden Corp.* is misplaced. As the Special Master concluded, the Federal Circuit's decision in *Knorr-Bremse* significantly impacted the concerns expressed in *Quantum Corp.*, by abolishing the adverse inference that prompted those concerns. (*See* Report at 8 (*Knorr-Bremse* "substantially ameliorated" the dilemma in deciding whether to assert advice of counsel).) *See also Trading Techs. Int'l, Inc.,* 431 F. Supp. 2d at 839 (characterizing *Knorr-Bremse* as "an easing of the defendants' quandary" in deciding whether to assert advice of counsel). Tatung's argument that it faced an unfair dilemma ignores the impact of *Knorr-Bremse*.

Indeed, even before *Knorr-Bremse*, bifurcating or staying advice of counsel issues was the exception, not the rule. *See Trading Techs.*, 431 F. Supp. 2d at 839; *see also Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000); *Spectra-Physics*

*Lasers, Inc.*, 144 F.R.D. at 101-02. Nothing in any federal precedent establishes any right or presumption in favor of bifurcating or staying discovery. In this case, moreover, Tatung has not timely sought, or established a proper basis for, such relief.

Tatung's reliance on *A.L. Hansen Manufacturing Co. v. Bauer Products, Inc.*, 2004 WL 1125911 (N.D. Ill. May 18, 2004) and *William Reber, LLC v. Samsung Electronics America, Inc.*, 220 F.R.D. 533 (N.D. Ill. 2004)[11] -- two decisions from the Northern District of Illinois -- is misplaced. (*See* Objecs. at 5.) Both of these decisions were issued without the benefit of the Federal Circuit's decision in *Knorr-Bremse*. In *A.L. Hansen*, moreover, the court specifically noted that the Federal Circuit was re-evaluating the law in *Knorr-Bremse* and recognized that the *Knorr-Bremse* decision would greatly reduce the "force of the *Quantum* delimma" if the Federal Circuit discontinued the adverse inference associated with refusing to disclose advice of counsel. 2004 WL 1125911, *3 n.4 ("Of course, if the Federal Circuit were to eliminate the propriety of these adverse inferences, the force of the *Quantum* dilemma would be greatly reduced."). The Federal Circuit did end the adverse inference rule in *Knorr-Bremse*, and, as a result, the rationale of *Quantum Corp.* and *A.L. Hansen* are substantially diluted. Accordingly, Tatung's reliance on *Quantum Corp.* and *A.L. Hansen* is unpersuasive.

---

[11] The court subsequently vacated its order granting bifurcation with respect to damages, based on partial settlements that reduced the complexity of the case, noting that bifurcation "in patent cases is the exception, not the rule" and that the court "normally disfavors bifurcation." *William Reber, LLC v. Sony Ericsson Mobile*, No. Civ. A 03-C-4174, 2004 WL 2535074, **2-3 (N.D. Ill. Sept. 27, 2004).

662708-1

V.     **CONCLUSION**

For the reasons stated above, the Court should adopt the recommendations in the

Special Master's Report and should foreclose Tatung from asserting any advice of

counsel defense.  If, however, this Court determines that Tatung may still introduce an

advice of counsel defense, then LPL respectfully requests that the Court order Tatung to

do so immediately, to supplement its responses to LPL's long-standing discovery

requests on an expedited basis, extend the time for LPL to complete discovery concerning

any such defense, and require Tatung to pay any fees and costs that LPL incurs in re-

deposing witnesses, taking additional depositions, or otherwise, with respect to any such

defense.

June 12, 2007                                THE BAYARD FIRM

                                             /s/ Richard D. Kirk (rk0922)
                                             Richard D. Kirk
                                             Ashley B. Stitzer
                                             222 Delaware Avenue, Suite 900
                                             P.O. Box 25130
                                             Wilmington, DE  19899-5130
                                             (302) 655-5000
                                             rkirk@ bayardfirm.com
                                             Counsel for Plaintiff
                                             LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Rel S. Ambrozy
Lora A. Brzeznski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

21

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 12, 2007, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document

were sent by email on June 12, 2007 and will be sent by hand to the above counsel on

May 17, 2007, and were sent by email on June 12, 2007, and will be sent by first class

mail onMay 17, 2007, to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk