# CASE 1

Case 1:04-cv-00343-JJF    Document 688-2    Filed 06/12/2007    Page 1 of 6

Not Reported in F.Supp.  
Not Reported in F.Supp., 1995 WL 609231 (N.D.Ill.)  
(Cite as: 1995 WL 609231 (N.D.Ill.))

Page 1

▷  
Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.  
EDWARD LOWE INDUSTRIES, INC., Plaintiff,  
v.  
OIL-DRI CORPORATION OF AMERICA and Marcal Paper Mills, Inc., Defendants.  
No. 94 C 7568.

Oct. 13, 1995.

Brian Edward Martin, John William Rotunno, Bell, Boyd & Lloyd, Chicago, IL, Barry Warren Sufrin, John T. Gabrielides, Tim C. Meece, Laff, Whitesel, Conte & Saret, Chicago, IL, for plaintiff.

Talivaldis Cepuritis, Kathryn Elizabeth Garipay, Arne M. Olson, Olson & Hierl, Chicago, IL, Craig M. White, Wildman, Harrold, Allen & Dixon, Chicago, IL, Robert S. Swecker, William C. Rowland, Allen R. Baum, Burns, Doane, Swecker & Mathis, Alexandria, VA, for defendants.

*MEMORANDUM OPINION AND ORDER*

CONLON, District Judge.

*1 Edward Lowe Industries, Inc. ("ELI") sues Oil-Dri Corporation of America ("Oil-Dri") and Marcal Paper Mills, Inc. ("Marcal") (collectively "defendants") for patent infringement. The parties exchanged experts' opinions and reports on August 28, 1995, pursuant to Fed.R.Civ.P. 26(a)(2). Among Marcal's disclosures was the report of B.R. Pravel ("the Pravel report") who opined that four opinion letters of Marcal's lead counsel Robert S. Swecker ("Swecker"), dated June 24 and August 3, 1993, and October 14 and November 9, 1994, were competent legal opinions that serve as a complete defense to ELI's willful infringement claim. Marcal produced the four Swecker letters in conjunction with the Pravel report. ELI moves to exclude evidence relating to defendants' reliance on the advice of counsel, pursuant to Rules 16(f) and 37(b)(2) of the Federal Rules of Civil Procedure.

*BACKGROUND*  
This action relates to two patents owned by ELI ("the ELI patents"). ELI asserts that defendants knowingly and willfully infringed and continue to infringe the ELI patents.

The court's February 9, 1995 [FN1] scheduling order adopted the parties' joint proposed discovery schedule. Pursuant to the discovery schedule, all fact discovery was to be completed by August 15 and expert discovery by October 1. On July 3, the court ordered full compliance with Rule 26(a)(2) by August 15 regarding disclosure of expert witnesses and submissions of their reports. The court later extended the deadline to August 28. On September 19, the court extended expert discovery until October 7.

On February 8, ELI served defendants with discovery requests, including requests for documents relating to: (i) defendants' knowledge or notice of ELI's patents; (ii) discussions or analysis of any alleged infringement of ELI's patents; and (iii) any opinions concerning the validity or enforceability of ELI's patents. *See* Plaintiff's Exhibit ("Pl.Ex.") I, J at ¶¶ 3, 18, 19. On March 10 and 13, Oil-Dri and Marcal, respectively, responded to ELI's discovery requests. Both defendants asserted the attorney-client privilege as an objection to these and other requests and agreed to produce only non-privileged documents, as well as a privilege log pursuant to Rule 26(b)(5). *Id.*

On April 22-23, Oil-Dri permitted ELI to inspect responsive documents. Among these documents was a July 13, 1993 letter from Oil-Dri attorney Talivaldis Cepuritis ("the Cepuritis letter") to an Oil-Dri executive and Swecker's June 24, 1993 opinion letter to a Marcal executive. Swecker's June 24 opinion letter asserted that Marcal's process did not infringe ELI's patents. The Cepuritis letter criticizes Swecker's opinion because Swecker ignored possible infringement under the doctrine of equivalents. ELI requested copies of these and other documents; Oil-Dri did not provide copies of either opinion letter. *See* Memorandum Opinion and Order, No. 94 C 7568, at 2 (N.D.Ill. July 10, 1995) (the "July 10 opinion"). However, Oil-Dri inadvertently provided copies of 13 documents listed in Marcal's privilege log. *Id.*

*2 On June 14, ELI moved to compel defendants to produce more than 20 documents identified on Marcal's privilege log along with all documents

Not Reported in F.Supp.  
Not Reported in F.Supp., 1995 WL 609231 (N.D.Ill.)  
**(Cite as: 1995 WL 609231 (N.D.Ill.))**

Page 2

responsive to ELI's document request paragraphs 1-4, 14, 17-20 and 23. ELI specifically identified the Cepuritis letter and Swecker's June 24, 1993 letter. ELI argued that defendants waived any privilege by exchanging the letters among themselves and by making copies available for ELI's inspection. ELI further claimed that defendants were required to produce all other related communications.

Defendants maintained that they did not waive any privilege. Oil-Dri responded that it inadvertently disclosed privileged documents and that it was not aware of the disclosure before receiving ELI's motion to compel. July 10 opinion at 2-3. On June 15, defendants each requested the return of the inadvertently disclosed privileged documents and transcripts, dictations or summaries of the Cepuritis letter and Swecker's June 24 letter. *Id.* at 3. On June 16, ELI refused defendants' request. *Id.*

On July 10, this court granted ELI's motion to compel in part. *Id.* at 11. However, the court found that the Cepuritis and Swecker letters were protected by the community of interest doctrine. *Id.* at 5. The court further noted that Oil-Dri's disclosure was inadvertent and did not waive the defendants' privilege. *Id.* at 10-11. The court ordered ELI to return all notes, dictations or extracts of the Cepuritis and Swecker letters. *Id.* at 12. In addition, pursuant to the court's order, defendants redacted many documents produced in discovery to delete references to patent infringement advice. *Id.* at 11; Pl.Ex. K. Defendants were not compelled to disclose privileged documents responsive to ELI document request paragraphs 3, 18 and 19.

On July 14, ELI served Marcal with its second set of interrogatories. In interrogatory number 16, ELI asks if Marcal contends that its infringement is not willful and, if so, to describe all facts, identify all documents including opinions of counsel, and identify all persons having knowledge that tend to support or negate the contention. Pl.Ex. L at 2.

Without answering ELI's second set of interrogatories, three weeks before the close of fact discovery Marcal moved to bifurcate the case into two separate trials: one on the issues of validity and infringement and the other on damages and willfulness. *See* Opinion, No. 94 C 7568 (N.D.Ill. Aug. 18, 1995) ("the August 18 opinion"). Marcal's proposed bifurcation would apply to discovery and trial. *Id.* Marcal contended that it faced a dilemma of either relying on advice of counsel as a willfulness defense, thereby waiving the privilege as to that subject matter, or relinquishing the advice of counsel defense. Marcal requested that ELI's discovery of defendants' good faith reliance on opinion of counsel be limited to the period for expert witness discovery.

On August 18, the court granted in part Marcal's bifurcation motion as it related to the trial of non-willful damage issues, but denied the motion as it related to bifurcation of discovery. *Id.* The court found that bifurcating discovery was inappropriate because there was common evidence on the infringement and willfulness issues. *Id.* The court specifically noted the untimeliness of Marcal's motion as it related to discovery. Not only was fact discovery to conclude by August 15, but on *April 15* Marcal amended its response to ELI's February discovery request because of Marcal's announced decision *not* to file a bifurcation motion. *Id.* The court concluded that Marcal's "belated attempt to create different tracks of discovery at the close of *all* fact discovery suggests a tactical decision to delay resolution of the serious issues raised in this litigation." *Id.* (emphasis in original). The court held that the parties' agreed discovery schedule would stand. *Id.*

*3 On August 14, Marcal responded to ELI's second set of interrogatories. Pl.Ex. L. Marcal objected to interrogatory 16 in part because it sought information or documents covered by the attorney-client privilege. *Id.* at 2. Marcal further objected to providing additional information at the time because the subject matter was the subject of Marcal's motion to bifurcate. Marcal stated that further information, if "otherwise properly discoverable," would be provided after the court addressed its bifurcation motion. *Id.* at 3. Fact discovery concluded on August 15.

On August 28, Marcal timely complied with Rule 26(a)(2)'s disclosure requirements. Marcal provided ELI with the Pravel report along with copies of Swecker's four opinion letters on which the report was based. Pravel opines that Swecker's four letters were competent legal opinions that serve as a complete defense to ELI's willful infringement claim. Pl.Ex. B at 7. Pravel concludes that Swecker's four letters were more than adequate to give Marcal confidence that it would not infringe ELI's patents. *Id.* Because the Pravel report did not consider the Cepuritis letter, Marcal did not provide ELI with a copy of the Cepuritis letter. However, Marcal contends that Oil-Dri waived its privilege to the Cepuritis letter. Oil-Dri agreed to provide ELI a copy of the letter prior to Pravel's scheduled

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00343-JJF   Document 688-2   Filed 06/12/2007   Page 4 of 6

Not Reported in F.Supp.                                                                                                Page 3
Not Reported in F.Supp., 1995 WL 609231 (N.D.Ill.)
**(Cite as: 1995 WL 609231 (N.D.Ill.))**

September 26-27 deposition. Marcal's Opposition at 8.

Other than these disclosures, defendants have not provided further information or otherwise updated their responses to interrogatory number 16. ELI asserts that on September 1, Marcal informed ELI that ELI is not entitled to any discovery on defendants' advice of counsel defense other than through expert discovery.

### DISCUSSION
### I. *Reliance On Advice Of Counsel*

Generally, when a party learns of the existence of a patent, that party must obtain the advice of competent legal counsel before undertaking any actions that may constitute infringement. *Electro Med. Sys. S.A. v. Cooper Life Sciences, Inc.,* 34 F.3d 1048, 1056 (Fed.Cir.1994). The failure to seek legal advice is a factor that supports a finding of willful infringement. *Id.* Conversely, a party's reliance on the advice of counsel is a factor that militates against a finding of willfulness. *Ryco, Inc. v. Ag-Bag Corp.,* 857 F.2d 1418, 1428 (Fed.Cir.1988); *Keyes Fibre Co. v. Packaging Corp. of America,* 763 F.Supp. 374, 375 n. 1 (N.D.Ill.1991).

Thus, an accused infringer faces a dilemma when there are allegations of willful infringement. *Quantum Corp. v. Tandon Corp.,* 940 F.2d 642, 643 (Fed.Cir.1991). If an accused infringer intends to assert a reliance on counsel defense at trial, the patentee is entitled to full disclosure in order to prepare its case. *Keyes, 763 F.Supp. at 376.* Full disclosure requires disclosure of the opinions upon which the potential infringer has chosen to rely, all other attorney communications on the same subject matter and all documents relied upon or considered by counsel at the time and in conjunction with rendering that opinion. *FMT Corp. Inc. v. Nissei ASB Co.,* 24 U.S.P.Q.2d 1073, 1075 (N.D.Ga.1992); *Abbott Laboratories v. Baxter Travenol Laboratories, Inc.,* 676 F.Supp. 831, 832-33 (N.D.Ill.1987). On the other hand, if the accused infringer asserts the attorney-client privilege, then it cannot introduce opinions or testimony of counsel at trial to show that it is not guilty of willful infringement. *Dorr-Oliver Inc. v. Fluid-Quip, Inc.,* 834 F.Supp. 1008, 1012 (N.D.Ill.1993); *Keyes, 763 F.Supp. at 376.* An accused infringer cannot be compelled to waive the attorney-client privilege. *Keyes, 763 F.Supp. at 376.*

*4 ELI argues that defendants should not be entitled to present evidence concerning their purported reliance on advice of counsel. Faced with the accused infringers' dilemma, defendants chose to assert the attorney-client privilege; defendants opposed ELI's June 14 motion to compel. ELI argues that defendants maintained the privilege until fact discovery closed. As a result, ELI was not entitled to fact discovery into the Swecker opinion letters, the Cepuritis letter, other related documents which were withheld or redacted, or defendants' purportedly good faith reliance on the advice of counsel. Marcal did not assert a good faith defense until after fact discovery closed. Marcal only agreed to permit ELI to depose Marcal's expert as to the basis of his expert opinion that Marcal received competent advice of counsel.

In response, Marcal denies that ELI forced Marcal to elect between its attorney-client privilege and the good faith reliance defense. Marcal asserts that in response to ELI's June 14 motion to compel, Marcal reserved its right to disclose its counsels' opinion letters at a later date. After receiving ELI's July 14th second set of interrogatories, Marcal claims it merely followed the Federal Circuit's recommended procedure by moving for bifurcation of issues and proffering to submit the relevant attorney letters for the court's *in camera* inspection. Marcal asserts that the court did not inspect Marcal's proffered opinions, did not mention Marcal's dilemma in the August 18 opinion and did not preclude Marcal from relying on its counsels' opinions as part of an advice of counsel defense. Finally, Marcal notes that Oil-Dri waived its claim of privilege to the Cepuritis letter. Oil-Dri agreed to provide the letter to ELI prior to Pravel's expert deposition.

Marcal's argument that ELI never filed a motion that forced Marcal to resolve its dilemma lacks merit. Marcal stated in its *March 13* response to ELI's request for documents that it was moving for bifurcation. *See* August 18 opinion. Marcal failed to do so. Marcal amended its response to ELI's discovery requests on April 5 because of Marcal's announced decision *not* to file a bifurcation motion. *Id.*

Moreover, Marcal failed to address its dilemma in response to ELI's June 14 motion to compel. In the motion to compel, ELI specifically sought production of privileged documents relevant to defendants' willful infringement of the ELI patents. In addition to seeking documents that were inadvertently produced, ELI sought production of undisclosed, privileged documents responsive to its February 7 document request relating to: (i) defendants'

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00343-JJF   Document 688-2   Filed 06/12/2007   Page 5 of 6

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 609231 (N.D.Ill.)
(Cite as: 1995 WL 609231 (N.D.Ill.))

Page 4

knowledge or notice of ELI's patents; (ii) discussions or analysis of any alleged infringement of ELI's patents; and (iii) any opinions rendered concerning the validity or enforceability of ELI's patents. Pl.Exs. I, J at ¶¶ 3, 18, 19. Marcal was well aware of its dilemma when it opposed ELI's motion to compel. While Marcal could have waived its privilege in order to maintain its advice of counsel defense, [FN2] Marcal elected to maintain its privilege *and* reserve its right to later disclose its counsels' opinions. The court could not force Marcal to waive its privilege and held that Marcal did not waive its privilege by inadvertently disclosing privileged documents. The court ordered ELI to return all notes, dictations or extracts of the Cepuritis and Swecker letters, and permitted defendants to redact many documents produced in discovery to delete references to patent infringement advice. The court did not compel defendants to disclose documents responsive to ELI's document request paragraphs 3, 18 and 19. Thus, by maintaining its privilege, Marcal prevented ELI's discovery of relevant but privileged documents relating to defendants' advice of counsel defense.

*5 By the time Marcal moved to bifurcate discovery it was too late. Marcal's July 24 motion was filed three weeks before the close of fact discovery. The court carefully considered Marcal's motion for a separate trial and discovery track for damages including the willfulness issue. The court previously inspected two opinion letters *in camera* in connection with ELI's earlier motion to compel. The court described Marcal's motion as tardy, noting that Marcal specifically declined to file a bifurcation motion in April. The court noted that Marcal's claim of prejudice lacked credibility because it failed to support its generalized claim that attorney communications typically discuss legal theories and strategies with any specifics related to its attorneys' opinion letters. Finally, the court found that there was common evidence on the infringement and willfulness issues. While the court agreed to separate damages from liability issues at trial, the court specifically ordered that willfulness issues be tried together with liability. The court concluded that the parties' agreed discovery schedule, set in February, would stand.

The court's order is fully consistent with Quantum Corp. v. Tandon Corp., 940 F.2d 642 (Fed.Cir.1991). In Quantum, the court found that an accused infringer should not be forced to choose between waiving its attorney-client privilege or its advice of counsel defense without the court's careful consideration. *Id.* at 644. The court suggested the advisability of separate trials in appropriate cases. *Id.*

After careful consideration, this court determined that it was not appropriate to separate willfulness from liability in this case. The court determined that Marcal made a tactical decision to delay filing its motion until the close of fact discovery. Marcal's tactical decision of delay is further evidenced by the fact that Marcal waited an additional 10 days after the court's August 18 opinion and 13 days after fact discovery closed to disclose to ELI that Marcal was waiving its attorney-client privilege relating to its legal advice on the possible infringement of the ELI patents.

Marcal cannot use its attorney-client privilege as both a shield and a sword. Marcal has prevented ELI from engaging in fact discovery relating to advice of counsel, but now attempts to assert an advice of counsel defense. The accused infringer's dilemma is choosing one course or the other. By waiting until after fact discovery closed before it waived its attorney-client privilege, Marcal is precluded from raising its advice of counsel defense. Dorr-Oliver, 834 F.Supp. at 1012.

Marcal's attempt to distinguish *Dorr-Oliver* and *Keyes Fibre* is unconvincing. Marcal's claim that ELI never moved for production of the opinion letters is specious. The opinion letters were responsive to ELI document request paragraphs 3, 18 and 19, which were at issue in ELI's motion to compel.

Marcal further claims that unlike the defendants in *Dorr-Oliver* and *Keyes Fibre*, it disclosed its attorneys' legal opinions. Marcal's disclosure of its attorneys' legal opinions after fact discovery closed is of little consequence. ELI's ability to depose Marcal's expert about the basis for his opinion is not the full discovery to which ELI is entitled. ELI is entitled to *fact* discovery into all documents relied upon or considered by Marcal's attorney at the time and in conjunction with rendering those opinions. FMT Corp., 24 U.S.P.Q.2d at 1075; Abbott Laboratories, 676 F.Supp. at 832-33. The scope of defendants' waiver extends beyond the particular opinions on which defendants rely and includes documents referring or relating to the basis for the opinions. Nobelpharma AB v. Implant Innovations, Inc., 23 U.S.P.Q.2d 1476, 1477-78 (N.D.Ill.1992). *See also* Pl.Ex. I ¶ 18 (seeking all documents that describe, discuss, analyze, mention, reflect or relate to any alleged infringement of the ELI patents). ELI also would have been entitled to unredacted

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00343-JJF    Document 688-2    Filed 06/12/2007    Page 6 of 6

Not Reported in F.Supp.    Page 5
Not Reported in F.Supp., 1995 WL 609231 (N.D.Ill.)
**(Cite as: 1995 WL 609231 (N.D.Ill.))**

documents. Finally, had ELI received the Swecker letters and the Cepuritis letter in a timely manner, ELI would likely have deposed: (i) Cepuritis and Swecker to discover the basis for their opinions; (ii) Oil-Dri executives to determine why they did not heed the Cepuritis letter's warnings; (iii) Marcal executives to determine if they received notice of the letter and, if so, why they did not heed its warnings. *See* ELI's Opposition to Motion for Bifurcation at 10.

**\*6** Defendants' attempt to have it both ways will not succeed. Accordingly, defendants are precluded from offering evidence of legal consultation as part of their good faith defense.

II. *Rule 16(f)*

ELI contends that it should be awarded attorneys' fees incurred in preparation of this motion to exclude, as well as a preclusion order. ELI maintains that defendants' failure and refusal to permit discovery into their purported advice of counsel defense prior to the close of fact discovery directly contravenes the court's February 9, 1995 scheduling order (setting August 15, 1995 for the close of fact discovery). ELI further argues that defendants' actions were deliberate as evidenced by their decision not to seek bifurcation in April, their opposition to ELI's motion to compel, and the eleventh hour attempt to bifurcate discovery.

Marcal responds by claiming that it did not violate Rules 16(f) or 37(b)(2) because it has not failed to comply with an order compelling discovery. Marcal asserts that it has not failed to obey any scheduling order because Marcal disclosed the opinions to ELI during discovery. Marcal maintains ELI never moved to require Marcal to elect between its privilege and reliance on advice of counsel.

Rule 16(f) provides in pertinent part:
> If a party or party's attorney fails to obey a scheduling or pretrial order ... or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed.R.Civ.P. 16(f). Rule 16(f) "really reaffirms a court's always-recognized inherent power to regulate litigation." *Coleman v. Ballentine,* 101 F.R.D. 541, 542 (N.D.Ill.1984). Rule 37(b)(2) provides that the court may enter an order "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2).

Marcal's arguments are not persuasive. As discussed in section I, *supra,* defendants made tactical decisions throughout discovery to assert their privilege and delay a motion for bifurcation. The court's February 9 scheduling order set August 15 for the close of fact discovery. By waiting until *after* fact discovery closed to disclose the opinion letters, Marcal sought to limit ELI's discovery to the opinion letters themselves and an expert deposition. Marcal does not deny ELI's assertion that Marcal refused to permit any discovery other than expert discovery.

By maintaining its privilege throughout fact discovery, even in opposition to ELI's motion to compel, defendants elected to waive their advice of counsel defense. Defendants are bound by their own resolution of the accused infringers' dilemma. The court shall preclude defendants from raising the advice of counsel defense at trial pursuant to Rule 16(f).

**\*7** ELI's request for attorneys' fees as an additional sanction is not justified. Rule 16(f) provides that an award of attorneys' fees should not be allowed when other circumstances make an award of expenses unjust. Had there been a direct violation of a court order, an additional sanction would be justified. Instead, defendants elected to prevent fact discovery in favor of asserting their attorney-client privilege. Accordingly, ELI's request for attorneys' fees shall be denied.

### CONCLUSION
Plaintiff Edward Lowe Industries, Inc.'s motion to exclude evidence relating to a purported defense of reliance on advice of counsel is granted.

> FN1. All dates occur in 1995 unless otherwise noted.

> FN2. Defendants did not generally maintain their privilege; rather, defendants abandoned any claim of privilege with respect to seven individual documents unrelated to the advice of counsel defense. *See* July 10 opinion at 3 n. 2.

Not Reported in F.Supp., 1995 WL 609231 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.