# CASE 2

Westlaw.

Not Reported in F.Supp.2d                                                                                                   Page 1
Not Reported in F.Supp.2d, 2006 WL 3050883 (E.D.N.Y.)
**(Cite as: 2006 WL 3050883 (E.D.N.Y.))**

C

Only the Westlaw citation is currently available.


United States District Court,
E.D. New York.
COMPUTER ASSOCIATES INTERNATIONAL,
INC., Plaintiff,
v.
SIMPLE.COM, INC., Wired Solutions, LLC., a
revoked Nevada LLC, Defendants.
**No. 02 Civ. 2748 DRH MLO.**

Oct. 23, 2006.
Heller Ehrman White & McAuliffe LLP, by James
R. Knox, Esq., L.J. Chris Martiniak, Esq., Michael
M. Markman, Esq., Michele K. Connors, Esq., &
Robert D. Fram, Esq., San Francisco, CA, for
Plaintiff.

Farrell Fritz, P.C., by Stephen J. Smirti, Jr., Esq.,
John P. McEntee, Esq., & Celeste M. Butera, Esq.,
Uniondale, NY, for Defendants.

Fulbright & Jaworski LLP, by Alan M. Anderson,
Esq., Mark E. Ungerman, Esq., Sharna A. Wahlgren
Esq., & Steven M. War, Esq., Minneapolis, MN, for
Defendants.

Rivkin Radler LLP, by Celeste M. Butera, Esq.,
Uniondale, NY, for Defendants.

Gale R. Peterson, Esq., San Antonio, TX, for Special
Master.

### MEMORANDUM & ORDER

HURLEY, Senior District Judge.

### INTRODUCTION
**\*1** Plaintiff Computer Associates International, Inc.
("CA" or "Plaintiff") objects to the Report and
Recommendation ("R & R") of Special Master Gale
Peterson on Defendants' motion to compel documents
related to Plaintiff's advise of counsel defense to
Defendants' claim of willful infringement. For the
reasons set forth herein, the Court adopts the R & R
and grants Defendants' motion to compel.

### BACKGROUND
Plaintiff "is a provider of software solutions and

services for the management of information
technology infrastructure, business information, and
application development." (3d Amended Complaint ¶
2.) Defendants Simple.com, Inc. and Wired
Solutions, LLC (collectively "Simple") are the
current owners of three patents: U .S. Patent Nos.
6,272,493 ("493"), 6,434,563 ("563"), and 6,535,882
("882"). CA commenced the present action in May
2002. As amended, the complaint seeks a declaratory
judgment that the three patents are invalid,
unenforceable, and "not infringed" by Plaintiff's
products. (See id. ¶ 34.) Simple has counterclaimed
against CA for willful infringement. (Amended
Answer and Counterclaims ¶ ¶ 11-25 and Prayer for
Relief ¶ 5.)

On September 1, 2004, CA notified Simple that it
elected to invoke the advice of counsel defense to
rebut the accusation of willful infringement. CA
produced two opinions of Cooper & Dunham, LLP
relating *solely* to the validity of the patents in suit.
The first opinion is dated September 5, 2003 and
relates to the '493 patent. The second opinion is dated
March 3, 2004 and relates to the '882 and '563
patents.

CA has produced documents in response to Simple's
document request for "[a]ll attorney's opinions upon
which you intend to rely in asserting any defense
against a claim of willful infringement in this case
and all documents related to any such opinion."
However, CA did not produce any communications
between it and its Litigation Counsel claiming
attorney-client privilege. Simple then moved before
the Special Master for an order to compel.

By Order dated November 24, 2004, the Special
Master granted the motion. After a thorough
discussion of the then existing, and conflicting, case
law, the Special Master rejected CA's claims that it
did not waive the attorney-client privilege as to
Litigation Counsel:
  [I]t is known that Cooper & Dunham have given
  written opinions that CA has chosen to rely on in
  its advice of counsel defense. CA has thus chosen
  to place those opinions "at issue" in this litigation.
  Whether CA has received communications or
  advice from Heller Ehrman or it prior trial counsel
  on the subject matter of the Cooper & Dunham
  opinions is unknown, but given that CA has chosen
  to place the Cooper & Dunham opinions "at issue"

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                Page 2
Not Reported in F.Supp.2d, 2006 WL 3050883 (E.D.N.Y.)
**(Cite as: 2006 WL 3050883 (E.D.N.Y.))**

in this lawsuit opens the door for Simple to examine what other advice CA received on that subject matter, whether conflicting or not.

(Special Master's Order at p. 23.) Further, the Special Master rejected CA's proposed temporal limitation limiting the waiver of privilege vis-a-vis trial counsel to the period prior to the commencement of the suit. (Id. at pp. 23-24.) Nonetheless, in order to protect litigation or trial strategy, the Special Master provided that any materials concerning the subject matter of the Cooper & Dunham opinions that also relate to trial or litigation strategy should be submitted for in camera review.

**\*2** CA filed objections to the Special Master's Order arguing principally that because litigation counsel and opinion counsel serve different functions, the scope of the privilege rules must be different and that the Federal Circuit's precedent favors protecting the attorney-client privilege over the "marginal" benefit that might be derived from extending the waiver to Litigation Counsel. Simple has responded, arguing that the scope of CA's waiver of the attorney-client privilege included communications from litigation counsel relating to the subject matter of its advise of counsel defense.

### STANDARD

The parties dispute the appropriate standard to be applied to the Special Master's Report and Recommendation. The Order appointing the Special Master in this case provides in pertinent part: "Review of an appeal from all orders and recommendations, as well as the standard of review, shall be governed by Federal Rules of Civil Procedure 72 and associated case law." Federal Rule 72 of Civil Procedure provides that non-dispositive rulings will be modified by the District Court only if "clearly erroneous or contrary to law." Discovery orders are generally considered non-dispositive. See Webb v. Robert Lewis Rosen Assoc., Ltd., 2005 U.S.App. Lexis 5710 at p. 6 (2d Cir.2005); Thomas E. Hoar v. Sara Lee Corp., 900 F.2d 522, 525(2d Cir.1990).

### DISCUSSION

At issue in this case is the extent of the waiver of the attorney client privilege [FN1] by an alleged infringer who asserts the defense of advice of counsel in response to a claim of willful infringement. Specifically, the question is whether the waiver extends to any and all attorney client communications on the same subject matter [FN2] including communications with trial counsel. Because questions of privilege and discoverability arising

from a defense of advice of counsel involve substantive patent law, they are governed by the law of Federal Circuit. In re EchoStar Communications Corp., 448 F.3d 1294, 1298 (Fed.Cir.2006)(citing In re Spalding Sports Worldwide, Inc., 203 F.3d 300, 803-03 (Fed .Cir.2005)).

> FN1. Although related, the attorney-client privilege and work product immunity "are distinct concepts and waiver of one does not necessarily waive the other." In re Echostar Communications Corp ., 448 F.3d 1294, 1300 (Fed.Cir.2006). This opinion, like the Special Master's R & R, only addresses the issue of waiver of the attorney-client privilege.

> FN2. In this case, the subject matter of the Cooper & Dunham opinion is the validity of the patents in suit.

Under 35 U.S.C. § 284, damages awarded for patent infringement may be increased where the infringement is willful. Read Corp. v. Portec Inc., 970 F.2d 816, 826 (Fed.Cir.1992); Beatrice Foods Co. v. New England Printing & Lithographing Co., 923 F.2d 1576, 1578 (Fed.Cir.1991). A party in a patent infringement action may assert the advice of counsel as a defense to a claim of willful infringement. Reliance on the advice must be reasonable as the determination of willfulness centers on the infringer's state of mind. See Ortho Pharmaceutical Corp. v. Smith, 959 F.2d 936, 944 (Fed.Cir.1992). Once a party notifies its adversary that it will rely on the advice of counsel defense, the attorney-client privilege is waived. As the Federal Circuit recently reiterated, "[t]he widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other[attorney-client] communications relating to the same subject matter." In re EchoStar, 448 F.3d at 1299 (quoting Fort James Corp. v. Solo Cup Co.. 412 F.3d 1340, 1349 (Fed.Cir.2005)). "The waiver extends beyond the document initially produced out of concern for fairness, so that a party is prevented from disclosing communications that support its position while simultaneously concealing communications that do not." Fort James Corp.. 412 F.3d at 1349 (internal citations omitted).

**\*3** The Federal Circuit's most recent pronouncement on the question of waiver of the attorney-client privilege and work product doctrine arising from the advice of counsel defense is In re Echostar, 448 F.3d 1294 ( Fed. Cir.2006).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 3050883 (E.D.N.Y.)
(Cite as: 2006 WL 3050883 (E.D.N.Y.))

Page 3

*EchoStar* involved questions of waiver of both attorney-client privilege and work-product immunity. With regard to the waiver of attorney-client privilege resulting from the assertion of the advice of counsel defense, the Federal Circuit concluded that when a party chooses "to rely on the advice of in-house counsel, it waive[s] the attorney client privilege with regard to *any attorney client communication relating to the same subject matter, including communications with counsel other than* [the counsel who rendered the opinion relied upon]." *Id.* at 1299 (emphasis added) (citing *Akeva LLC v. Mizuno Corp.,* 243 F.Supp.2d 418, 423 (M.D.N.C.2003). The *Echostar* Court reiterated that the attorney-client privilege is at the discretion of the client. The client can waive the privilege when it invokes the advice of counsel defense or decline to assert the advice of counsel defense and maintain the attorney-client privilege. [FN3] What a client cannot do is use the privilege as both a sword and a shield by waiving its privilege for favorable advice while asserting it for unfavorable advice. Indeed, "the overrarching goal of waiver" is to prevent a party from using advice as both a sword and a shield. 448 F.3d at 1303.

> FN3. As a result of *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp,* 383 F.3d 1337 (Fed.Cir.2004), a decision not to invoke the advice of counsel defense and to maintain the attorney-client privilege no longer results in an adverse inference that any withheld opinions are adverse to the client.

The *EchoStar* Court then turned to the scope of waiver of work product immunity. The Court explained that work-product waiver extends only to "factual" or "non-opinion" work product concerning the same subject matter as the disclosed work product. *Id* at 1302. Acknowledging that the line between factual and opinion work product can be less than clear, the Federal Circuit directed courts to "balance the policies to prevent sword and shield litigation tactics with the policy to protect work product." *Id.* The Court then went on to discuss three categories of work product potentially relevant to the advice of counsel defense: "(1) documents that embody a communication between the attorney and client concerning the subject matter of the case, such as a traditional opinion letter; (2) documents analyzing the law, facts, trial strategy, and so forth that reflect the attorney's mental impressions but were not given to the client; and (3) documents that discuss a communication between attorney and client

concerning the subject matter of the case but are not themselves communications to or from the client." *Id.* at 1302 (citing *Thorn EMI N. Am. v. Micron Tech.,* 837 F.Supp. 616, 622-623 n. 3 (D.Del.1993)). The *EchoStar* Court found that as to the first category the work-product immunity is waived. As to the second category, it is not waived. As to the third category, the privilege is waived but only insofar as the document contains a substantive reference to what was communicated to the client.

*4 In reaching this result, the *EchoStar* Court was guided by the maxim that waiver extends only so far as to inform the court of the infringer's state of mind. "Counsel's opinion is not important for its legal correctness. It is important to the inquiry [of] whether it is 'thorough enough as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed or unenforceable.' " *Id.* at 1303 (quoting *Ortho Pharm Corp. v. Smith,* 959 F.2d 936, 944 (Fed .Cir.1992). "It is what the alleged infringer knew or believed ... that informs the court of an infringer's willfulness." *Id.* Accordingly, the Court concluded that "when an alleged infringer asserts its advice-of -counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable and infringed by the accused. This waiver of both the attorney-client privilege and the workproduct immunity includes not only any letters, memorandum, conversation, or the like between the attorney and his client, but also includes, when appropriate, any documents referencing a communication between attorney and client." *Id.* at 1304.

The *EchoStar* Court also addressed the question of imposing temporal limitations on the waiver of attorney-client privilege and work-product immunity resulting from the advice of counsel defense. In cases where ongoing infringement is at issue, the waiver extends to advice and work product communicated to the client after the litigation has begun. *Id.* at 1303 n. 4 (citing *Akeva LLC,* 243 F.Supp.2d at 423).

*EchoStar* leaves this Court of the firm opinion that the Special Master's Report and Recommendation is neither clearly erroneous nor contrary to law. The scope of CA's waiver of the attorney-client privilege and work-product doctrine lies within the sound discretion of the trial court and EchoStar provides ample support for the Special Master's recommendations.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 4
Not Reported in F.Supp.2d, 2006 WL 3050883 (E.D.N.Y.)
(Cite as: 2006 WL 3050883 (E.D.N.Y.))

The Special Master's holding that the waiver extends to trial counsel is consistent with *EchoStar.* [FN4] *EchoSta* r did not involve trial counsel. However, the *EchoStar* Court, in describing the scope of the waiver of the attorney-client privilege, cited favorably to *Akeva,* wherein the Court held that "all opinions received by the client relating to infringement must be revealed, even if they come from defendants' trial attorney." 243 F.Supp.2d at 423. The supporting citation to *Akeva* in describing the scope of the waiver, together with the reasoning of the *Echostar* Court, indicates to this Court that the Federal Circuit would extend the waiver to all attorneys who provided advice, including, in the case of ongoing infringement, trial counsel. Excluding trial counsel from the scope of the waiver would permit a party to use the attorney-client privilege as both a sword and shield by allowing a party to choose which opinions are disclosed and which are not.

> FN4. Courts that have considered the issue of waiver with respect to trial counsel, both before and after *EchoStar,* have not arrived at any consistent rulings. *See, e.g., Affinion Net Patents, Inc. v. Maritz,* Inc. 440 F.Supp.2d 354, 356 (D.Del.2006); *Ampex Corp. v. Eastman Kodak Co.,* 2006 U.S. Dist. LEXIS 48702 at *9 (D.Del. July 17, 2006); *Convolve, Inc. v. Compaq Computer Corp.,* 224 F.R.D. 98, 103-104 (S.D.N.Y.2004); *Sharper Image Corp. v. Honeywell Int'l Inc.,* 222 F.R.D. 621, 643 (N.D.Cal.2004).

**\*5** The Court is cognizant of the fact that the attorney-client privilege exists in order to promote full and honest disclosure between attorney and client. *See Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981); *Knorr-Bromse,* 383 F.3d at 1345. However, the decision to waive the privilege is within the control of the alleged infringer and is, presumably, one of the factors that will be weighed in determining whether to assert the advice of counsel defense. Given that the decision whether or not to assert the advice of counsel defense is no longer tainted by the possibility of an adverse inference, any intrusion into the attorney-client relationship is not undue. Moreover, applying the waiver to trial counsel does not grant Simple the unfettered right to rummage through counsel's files. *See EchoStar,* 448 F.3d at 1303. Litigation strategy and advice of counsel are not the same and the Special Master's Recommendation recognized the difference by providing CA an opportunity to submit materials for

his *in camera* review.

Rejection of CA's temporal limitation was also appropriate. First, on-going infringement is at issue here and therefore CA's state of mind throughout this litigation remains relevant and advice that CA may have received from any counsel is relevant to CA's state of mind. Second, establishing the commencement of this action as a temporal limitation on the waiver of the attorney-client privilege vis-a-vis trial counsel seems incongruous given that the opinions of Cooper & Dunham were rendered after the commencement of the action and current trial counsel appeared in this action approximately two years after the commencement of this action.

In its Reply in support of its objections to the Special Master's Report and Recommendation, CA raises for the first time, bifurcation of the willfulness determination until such time as the jury finds the patent infringed as a way of meeting the attorney-client privilege problem. The propriety of bifurcation will only be addressed upon a properly presented motion.

Lastly, the Court notes CA's suggestion that the basis for Simple's motion to compel has been rendered moot in view of the Special Master's Report and Recommendation of noninfringement. Suffice it to say that given the parties voluminous objections to the Reports and Recommendations issued by the Special Master on, for example, the subjects of claim construction, infringement and validity, which objections are pending before this Court, the suggestion of mootness is not well taken.

*CONCLUSION*

The Court adopts the Special Master's Report and Recommendation, dated November 24, 2004 and grants Simple's motion to compel.

**SO ORDERED.**

Not Reported in F.Supp.2d, 2006 WL 3050883 (E.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.