# CASE 5

**Westlaw.**

Not Reported in F.Supp.2d                                                                                                         Page 1
Not Reported in F.Supp.2d, 2004 WL 2535074 (N.D.Ill.)
(Cite as: 2004 WL 2535074 (N.D.Ill.))

H
Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.
WILLIAM REBER, LLC Plaintiff,
v.
SONY ERICSSON MOBILE, Communications (USA Inc.) and Sony Ericsson Mobile Communications AB, Defendants.
No. Civ.A. 03 C 4174.

Sept. 27, 2004.
Raymond P. Niro, Dean D. Niro, Vasilios D. Dossas, Robert P. Greenspoon, William W. Flachsbart, Niro, Scavone, Haller & Niro, Chicago, Illinois, for Plaintiff.

Thomas C. McDonough, Robert E. Browne, Timothy M. Morella, Neal, Gerber & Eisenberg LLP, Chicago, Illinois, Edward H. Rice, Natalie J. Spears, Marina N. Saito, Sonnenschein Nath & Rosenthal LLP, Chicago, Illinois, Morton Amster, Abraham Kasdan, Ph.D., Joseph M. Casino, Kenneth M. Bernstein, Amster Rothstein & Ebenstein LLP, New York, New York, for Defendant.

*MEMORANDUM OPINION AND ORDER*

DENLOW, Magistrate J.

I. INTRODUCTION
*1 Plaintiff William Reber, LLC ("Plaintiff" or "Reber") moves this Court to vacate the portion of its March 12, 2004 order bifurcating the issue of liability from the issue of damages. Plaintiff's claim is that the bifurcation order granted by this Court was based, almost solely, on the number of defendants and the relationship between them. Therefore, due to the reduction in the number of defendants from six competing defendant groups to one competing defendant group ("Sony"), the reasons for bifurcation no longer exist. For the reasons stated herein, Plaintiff's motion is granted.

II. FACTUAL BACKGROUND
Plaintiff is the owner of two United States patents, Nos. 5,584,070 and 5,701,258 (collectively the "Reber patents") that it claimed had been infringed by twelve defendants (collectively "original Defendants") located in Asia, the United States, and Europe. Plaintiff sued the original Defendants for patent infringement arising out of camera phones manufactured and sold by them. Plaintiff asserted one patent against all original Defendants and one patent against two of the original Defendants, and joined all original Defendants in one suit. Original Defendants filed a motion to bifurcate pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, seeking to bifurcate the issue of liability from the issue of damages and willfulness for both discovery and trial.

In its motion to bifurcate, the original Defendants argued that discovery involved thousands of documents written in various languages other than English, witnesses who speak other languages, and that many of these documents and witnesses were located outside of the United States. *William Reber, LLC v. Samsung Elec. America, Inc., 220 F.R.D. 533, 535 (N.D. Ill 2004).* Due to these circumstances, bifurcation served the interests of judicial economy, efficiency, and simplicity without prejudice to Plaintiff's right to a jury trial. Further, the original Defendants claimed that denying the motion to bifurcate would be prejudicial because the original Defendants were direct competitors in the wireless telephone market and there was potential for inadvertent disclosure of financial information. Plaintiff contended that bifurcation would make discovery and trial more expensive and delay the ultimate disposition of the case.

This Court granted bifurcation in its March 12, 2004 order, reasoning that the volume of documents and witnesses and the complexity of the damages calculation both gave rise to extenuating circumstances that warranted bifurcation. *Id at 539.* Further, the original Defendants' direct competition in the wireless telephone market meant that any inadvertent disclosure of confidential business information in discovery regarding damages would be greatly prejudicial. *Id. at 536.*

However, from the time of filing the suit until now, Reber settled with all but one defendant group, Sony. Due to this, the complexity and difficulty that the Court cited as voluminous enough to call for bifurcation has evaporated, as has any risk of prejudice due to the release of sensitive information to competing companies. Plaintiff therefore moved to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00343-JJF    Document 688-6    Filed 06/12/2007    Page 3 of 4

Not Reported in F.Supp.2d                                                                                                   Page 2
Not Reported in F.Supp.2d, 2004 WL 2535074 (N.D.Ill.)
(Cite as: 2004 WL 2535074 (N.D.Ill.))

vacate this Court's March 12, 2004 bifurcation order.

**\*2** First, Plaintiff claims the discovery in the case against Sony is not as complex as originally expected. Production of documents from the Plaintiff revealed only 5,500 pages of documents and Sony has produced 7,800 pages of documents--most of which are in English. Plaintiff claims that any outstanding documents should not add substantial complexity to the dispute.

Sony responds that this case is still complex though only one of the original Defendants remains; there are still six claims of two patents against at least fifteen different phones manufactured by Sony. Sony asserts that significant time will have to be spent on discovery with each carrier to determine the significance and usage of the feature allegedly covered by the patents-in-suit. Sony believes that it can demonstrate Plaintiff is without standing in bringing this suit, and therefore it would serve judicial economy to decide the issue of liability prior to commencing discovery on the issue of damages.

### III. DISCUSSION

The issue in this case is whether this Court's decision to grant the original Defendants' motion to bifurcate should be vacated because the potential prejudice to original Defendants is no longer a concern and the extenuating circumstances at the time of the March 12, 2004 decision are no longer present. The decision to bifurcate pursuant to Rule 42(b) is made on a case by case basis and is reserved for the sole discretion of the Court. _Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 619 (N.D.Ill.2000)_. In those cases in which motions to bifurcate have been granted, the facts and circumstances were such that bifurcation lent itself to judicial economy while not unduly prejudicing any party. Such circumstances include but are not limited to the following: a) a need for voluminous documents to resolve damage issues; b) complex infringement issues; c) multiple patents, infringing products, claims, counterclaims or parties; or d) the probability that the defendant would prevail on the infringement issue, thereby eliminating the need to address the issue of damages. _Id. at 621._

In a March 12, 2004 opinion, this Court held that bifurcation was appropriate because the case involved two patents, thirteen claims, six competing defendant groups, sixteen product lines, and several affirmative defenses. _Reber, 220 F.R.D. at 538_. Discovery would involve thousands of pages of documents and hundreds of witnesses from around the world. _Id._ Although this Court normally disfavors bifurcation, the volume of documents and witnesses, as well as the potential prejudice due to the fact that the original Defendants were competitors in the wireless phone industry, gave rise to the extenuating circumstances in this case. The original Defendants' motion to bifurcate the issue of liability from the issue of damages was granted. _Id. at 542._

However, this Court has observed that bifurcation in patent cases is the exception, not the rule. _Real, 195 F.R.D. at 620_. Since the March 12, 2004 opinion, this case has been significantly simplified, and the reasons the Court cited as sufficient for bifurcation are no longer at issue. While Sony's claim that allowing the bifurcation order to remain will serve judicial economy, that fact alone is not enough to support a bifurcation order. "Courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice. Essentially, ... courts must balance the equities in ruling on a motion to bifurcate." _Reber, 220 F.R.D. at 536_ (quoting _Laitram Corp. v. Hewlett-Packard Co., 791 F.Supp. 113, 115_) (E.D.La.1992).

**\*3** In _Real_, this Court rejected a motion for bifurcation claiming that the case involved "one patent, one claim, and one allegedly infringing product." _Real, 195 F.R.D. at 622_. _Real_ involved the owner of a patent for a beverage dispensing machine who filed a patent infringement suit against Bunn-O-Matic Corporation. _Id. at 619_. The Defendant filed a motion to bifurcate for discovery and trial the issue of liability from the issue of damages, claiming that bifurcation would serve the interest of economy, efficiency and simplicity. _Id. at 620_. This Court ruled that there was no reason to bifurcate, as the separate trials would not further any interest expressed in Rule 42(b). _Id._ In _Real_ this Court pointed out that when weighing the competing equities under Rule 42(b), prejudice is the most important consideration. _Id. at 621_. This Court ruled there was not any danger of prejudice that could not be remedied, nor were any of the extenuating circumstances that warrant separate trials present. _Id . at 622._

While Sony asserts that Reber's claim is dissimilar to the claim in _Real_, this Court is not convinced. First, this Court strongly considered the fact that the potential detrimental effects of inadvertent disclosure of sensitive financial information outweighed any prejudice to the Plaintiff in its March 12, 2004 opinion. _Reber, 220 F.R.D. at 539_. The previous concern of this Court regarding sensitivity and confidentiality has been lifted due to the fact that

Not Reported in F.Supp.2d   Page 3
Not Reported in F.Supp.2d, 2004 WL 2535074 (N.D.Ill.)
**(Cite as: 2004 WL 2535074 (N.D.Ill.))**

there is only one defendant group remaining.

Second, Sony does not convince this Court that there exist extenuating circumstances to continue the bifurcation order. Sony asserts that this case is complex enough to warrant bifurcation based solely on the fact that several wireless phone carriers will need to be included in discovery. The type of discovery and computation remaining in this case are the same types that are regularly performed in patent litigation.

### IV. CONCLUSION

Bifurcation is to be ordered only when clearly necessary. Bifurcation is the exception, not the rule. This case is no longer an exception because of the settlements reached with all of the original Defendants, except Sony. For the foregoing reasons, Plaintiff's motion to vacate the March 12, 2004 bifurcation order is granted with respect to the issues of liability and damages. In all other respects, this Court's March 12, 2004 order shall remain in full force and effect.

SO ORDERED

Not Reported in F.Supp.2d, 2004 WL 2535074 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.