## CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

**James D. Heisman**
Partner
TEL (302) 888-6216
EMAIL jheisman@cblh.com

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

June 13, 2007

*Via Email and Hand-Delivery*
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF
    Unresolved Issues Related to December 28, 2006 Hearing

Dear Special Master Poppiti:

Pursuant to Mr. Kirk's June 1, 2007 letter to Your Honor (DI 681), ViewSonic sent LPL a letter (Ex. A hereto) identifying discovery discussed during the December 28, 2006 hearing that LPL has failed to provide, or that awaits a decision on a motion to compel filed by ViewSonic.[1] The parties subsequently met and conferred several times in an attempt to resolve such issues. ViewSonic's summary of the meet and confers is enclosed as Ex. C.[2] Pursuant to I.3 of DI 681, ViewSonic respectfully brings to Your Honor's attention several discovery disputes with LPL that remain unresolved.

### 1. Discovery That LPL Agreed to Provide But Has Failed To Provide

During the December 28 hearing, LPL agreed to produce documents responsive to Request for Production ("RFP") 85, which seeks "Documents from January 1, 1997 to the present sufficient to identify each part of an LCD module that is or can be used for mounting an LCD module to the external case of a Flat Panel Display Product."[3] LPL agreed to produce documents responsive to RFP 85. *See* Dec. 28, 2006 Hearing Tr. ("Tr.") at 135:3-7. Rather than comply with its obligation under the agreement, LPL has retracted its agreement. LPL has not produced documents that identify each part of an LCD module that is or can be used to mount an LCD module to another structure. ViewSonic respectfully requests that LPL be compelled to produce documents responsive to RFP 85, which would encompass at least product specifications for LPL's LCD modules.

### 2. Discovery That Remains Pending With The Special Master

During the December 28 hearing, ViewSonic believes that Your Honor expressed an intent to compel LPL to produce documents responsive to ViewSonic's RFPs 63-66, 77-81 and 99. *See* Tr., at 101:3-113:13, especially 111:14-21. However, a ruling has not yet issued. These

---

[1] LPL also sent ViewSonic an email. Ex. B hereto.
[2] LPL's June 7 letter is enclosed as Ex. D hereto.
[3] RFP 85 was raised as part of the October 3, 2006 Motion of ViewSonic to Compel Plaintiff to Provide Discovery Regarding Components, Assemblies, and Structures, Including Mounting Methods and Structures, of Flat Panel Display Devices (DM 3, "ViewSonic's Technical Motion"), at 7-8.

WILMINGTON, DE             WASHINGTON, DC             LOS ANGELES, CA

 **CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
June 13, 2007
Page 2

RFPs were raised as part of ViewSonic's Technical Motion (at 2-7), and seek information related to mounting methods and mounting structures.

Similarly, ViewSonic understood that Your Honor intended to compel LPL to produce documents responsive to ViewSonic's RFPs 84, 88, 90, 92, 94, 96, and 98. *See* Tr., at 113:14-140:1, especially 133:8-12; 139:11-17. However, a ruling has not yet issued. These RFPs were raised as part of ViewSonic's Technical Motion (at 7-9), and seek documents sufficient to show the parts and assemblage of an LCD module, and the shape, structure, function, source, and assemblage of such parts, from January 1, 1997, including but not limited to backlights and other light sources, light guides, prisms, diffusers, and reflectors. ViewSonic understands that the Court intends to revisit these particular requests after the Markman ruling, and is willing to await that procedure for these requests.

ViewSonic also believes that Your Honor suggested an intent to compel LPL to produce documents responsive to ViewSonic's RFP 119 if the parties could not reach an agreement. *See* Tr., 150:21-164:21, especially 157:14-17. RFP 119 was raised as part of ViewSonic's Technical Motion (at 6), and seeks documents relating to or evidencing the use, in any Flat Panel Display Product, of the element in the ViewSonic VX900 identified as frame "C" in the Declaration of William Bohannon (also referred to by ViewSonic as a "tray" or "chassis").

Finally, ViewSonic believes that LPL's change of position after the December hearing regarding its use of rear-mount technology requires production of documents responsive to RFP 118, which was deferred during the December 28 hearing. *See* Tr., 171:13-172:6. RFP 118 was raised in ViewSonic's Technical Motion (at 10) and seeks documents sufficient to identify the model number of products made or sold by or on behalf of LPL or its predecessor(s) that incorporate any invention disclosed in the patents-in-suit, and documents relating to how each product is or can be mounted to an external case of a flat panel display product.

### 3. Discovery LPL Seeks

During the parties' meet and confers, consistent with the guidance provided in your March 30, 2007 Order, ViewSonic offered to produce documents responsive to LPL's overlybroad and unduly burdensome requests, provided that LPL accepted a cost-shifting arrangement to absorb the costs to ViewSonic. LPL refused ViewSonic's offer. The details of the parties' meet and confers is provided in Mr. Miller's June 13, 2007 letter to Mr. Christenson (Ex. C hereto).

Counsel for ViewSonic looks forward to discussing the issues raised herein at Your Honor's convenience.

Respectfully submitted,

James D. Heisman

cc:   Counsel of record