IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| L.G. PHILLIPS LCD CO., LTD., <br><br>Plaintiff, <br><br>TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, <br>Defendants | C. A. No. 04-343-JJF |

**DEFENDANTS TATUNG COMPANY'S AND TATUNG COMPANY OF AMERICA, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS REGARDING (A) LG. PHILIPS LCD CO., LTD.'S MOTION TO COMPEL TATUNG DEFENDANTS TO PROVIDE DISCOVERY ON ADVICE OF COUNSEL AND DUTY OF CARE; AND (B) THE TATUNG DEFENDANTS' CROSS-MOTION TO BIFURCATE DISCOVERY**

Of Counsel:
Frank E. Merideth, Jr.
Mark H. Krietzman
Valerie W. Ho
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

Dated: June 19, 2007

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
   *Attorneys for Defendants Tatung Company and Tatung Company of America Inc.*

RLF1-3166839-1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT .................................................................................................................. 1

    A.  The Tatung Defendants' Objections Were Timely ............................................... 1

    B.  The Tatung Defendants Moved To Bifurcate Discovery
        Months Before The Discovery Cutoff .................................................................. 2

    C.  LPL Cannot Point To Any Prejudice ................................................................... 2

III. CONCLUSION ............................................................................................................... 6

ii

## TABLE OF AUTHORITIES

### CASES

*In re Echostar Communications Corp.*,
    449 F.3d 1294 (Fed. Cir. 2006) ............................................................................................3

*Edward Lowe Industries, Inc. v. Oil-Dri Corp. of America*,
    No. 94 C 7568, 1995 WL 609231 (N.D. Ill. 1995) ................................................................4

*Johns Hopkins University v. Cellpro*,
    160 F.R.D. 30 (D. Del. 1995) .................................................................................................5

*Lemelson v. United States*,
    752 F.2d 1538 (Fed. Cir. 1985) .............................................................................................3

*Wolf Designs, Inc. v. DHR & Co.*,
    231 F.R.D. 430 (N.D. Ga. 2005) ...........................................................................................4

## I. INTRODUCTION

Defendants Tatung Company and Tatung Company of America (jointly, the "Tatung Defendants") respectfully submit this Reply to LG. Philips LCD Co., Ltd.'s ("LPL") Response to the Tatung Defendants' Objections to the Special Master's Report and Recommendations Regarding (A) LPL's Motion to Compel Tatung Defendants to Provide Discovery on Advice of Counsel and Duty of Care; and (B) the Tatung Defendants' Cross-Motion to Bifurcate Discovery. The Tatung Defendants' Objections were timely filed prior to the June 1, 2007 deadline set by the Special Master. Moreover, LPL's suggestion that the Tatung Defendants waited until after the discovery cutoff to seek bifurcation is incorrect. LPL's Response also fails to identify any alleged prejudice that would occur should the Court grant the Tatung Defendants' motion to bifurcate discovery. Should the Tatung Defendants decide to produce their written opinions of counsel, LPL will have ample time and opportunity to conduct discovery and depose the necessary witnesses.

## II. ARGUMENT

### A. The Tatung Defendants' Objections Were Timely.

LPL contends that the Tatung Defendants' Objections to the Special Master's Report and Recommendation were untimely. LPL's contention has no merit. The Special Master expressly gave the Tatung Defendants until June 1, 2007 to file any objections to the Report and Recommendation. The docket clearly states: "Objections to R&R due by 6/1/07. Signed by Special Master Vincent J. Poppiti on 5/8/2007." (Docket at Exh. A.) The Tatung Defendants filed their Objections on May 29, 2007, well before the deadline set by the Special Master.

While the parties did agree during the January 19, 2007 hearing to shorten the time to file objections, that agreement was made in the context of discussing claim construction and dispositive motion proceedings. *See* Transcript at 19:7-21:4. In any event, the Special Master clearly gave the Tatung Defendants until June 1, 2007 to file their Objections. The Objections, therefore, were and are timely.

### B. The Tatung Defendants Moved To Bifurcate Discovery Months Before The Discovery Cutoff.

LPL's suggestion that the Tatung Defendants waited until after the discovery cutoff to seek bifurcation is inaccurate. The Tatung Defendants filed their Cross-Motion to Bifurcate in January 2007 -- months before the scheduled fact discovery cutoff on March 30, 2007. The parties subsequently extended substantial portions of the fact discovery through June 2007 and are, in fact, still engaged in discovery. Indeed, LPL did not complete its depositions of the Tatung Defendants' witnesses until June 8, 2007.

Moreover, LPL itself waited until late December 2006 to move to compel discovery relating to advice of counsel. While LPL now argues that it is too late for the Tatung Defendants to assert advice of counsel because the deadline to amend pleadings passed in January 2006, LPL itself clearly believed that advice of counsel was an issue eleven months after that deadline passed when it filed its motion to compel in December 2006.

### C. LPL Cannot Point To Any Prejudice.

By its motion to bifurcate discovery, the Tatung Defendants merely sought a brief extension, to mid-June 2007, to decide whether to produce opinions of counsel. If advice of counsel is asserted, LPL will not be deprived of discovery. Rather, LPL will have ample opportunity to analyze the opinions and depose the necessary witnesses. In

2

addition, because trial is seven months away, bifurcating discovery in this manner will not impact the trial schedule or any of the other dates in the Scheduling Order.

While LPL claims that bifurcating discovery on advice of counsel would be "unfair," it does not, and cannot, point to any actual demonstrated prejudice. The only alleged "burden" claimed by LPL is that its counsel will have to travel from Washington D.C. to California to depose relevant witnesses. Putting aside that this is not the kind of burden that warrants depriving an accused infringer of the option of responding to a willful infringement claim by asserting advice of counsel, the claimed burden itself is wholly manufactured by LPL. The Tatung Defendants repeatedly have informed LPL that they will make the necessary witnesses available for deposition at a location of LPL's choosing.

LPL also argues that discovery relating to willfulness may overlap with discovery regarding infringement or other affirmative defenses. LPL, however, provides no examples of any specific overlapping issues. In fact, any overlap will not be significant because infringement analysis focuses on a comparison of the accused products or process with the asserted claims as construed by the Court, while willfulness and in particular reliance on advice of counsel focuses on the state of mind of the accused infringer. *Lemelson v. United States*, 752 F.2d 1538, 1551 (Fed. Cir. 1985); *In re Echostar Communications Corp.*, 449 F.3d 1294, 1303 (Fed. Cir. 2006).

Moreover, LPL already has had opportunities to depose, and in fact has deposed, the Tatung Defendants' witnesses regarding willfulness and various affirmative defenses. For example, LPL questioned the witnesses regarding any investigations performed by the Tatung Defendants, any actions taken by the Tatung Defendants upon learning of the

3

patents-in-suit and the lawsuit, and any attempts to design around the patents. Should advice of counsel be asserted, LPL will have ample opportunity to question the appropriate witnesses regarding the legal opinions provided and the Tatung Defendants' reliance. Therefore, even if there are overlapping issues (and LPL has not pointed to any), bifurcation at this stage of the proceedings will not in any way prejudice LPL.

Finally, LPL relies on cases that are completely distinguishable from the situation here. For example, in *Wolf Designs, Inc. v. DHR & Co.*, 231 F.R.D. 430, 436 (N.D. Ga. 2005), the Court refused to permit the accused infringer to amend its answer to assert an advice of counsel "defense" because it believed the accused infringer transferred venue to the District of Georgia on the eve of trial in order to "get a second chance to pursue litigation strategies that would be unavailable had the case stayed in California." The Court found that permitting amendment would greatly prejudice the plaintiff "who has already had its November 2004 trial date greatly delayed as a result of defendants' transfer of the case to this district." *Id.*

*Edward Lowe Industries, Inc. v. Oil-Dri Corp of America*, No. 94 C 7568, 1995 WL 609231 at *2-3 (N.D. Ill. 1995), is similarly inapposite. There, the accused infringer initially produced certain opinions, then claimed inadvertent disclosure and succeeded in retrieving the documents, and subsequently refused to produce opinion related documents in response to a motion to compel. The accused infringer then reversed course, produced the opinions but refused to permit additional fact discovery regarding advice of counsel contending instead that the plaintiff could explore the issue only during expert discovery. The accused infringer also waited until three weeks before the close of discovery to move to bifurcate.

4

*Johns Hopkins University v. Cellpro*, 160 F.R.D. 30, 36 (D. Del. 1995), is also distinguishable. There, the accused infringer sought a bifurcation of discovery *and trial* on the grounds that advice of counsel issues should be postponed until after liability had been established. The Court found this to be complicated and burdensome because it would require two Rule 16 schedules, two pretrial conferences and two trials.

The facts here are completely different. The Tatung Defendants timely sought bifurcation of discovery and the brief extension sought will not delay the January 2008 trial. The Tatung Defendants are not asking for a bifurcation of trial. They merely sought to postpone advice of counsel issues to mid-June 2007, after the *Markman* proceedings. Moreover, this is not a case of sandbagging. The Tatung Defendants have never suggested that they will prevent LPL from conducting discovery regarding advice of counsel issues. LPL will have plenty of time and opportunity to fully explore this issue should the Tatung Defendants decide to produce their written opinions of counsel. In light of the complete absence of prejudice to LPL, the Tatung Defendants' request to bifurcate discovery should have been granted.

### III. CONCLUSION

Based on the foregoing, the Tatung Defendants respectfully request that the Court grant their Cross-Motion to Bifurcate Discovery.

Of Counsel:
Frank E. Merideth, Jr.
Mark H. Krietzman
Valerie W. Ho
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

Dated: June 19, 2007

*/s/ Anne Shea Gaza*
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
*Attorneys for Defendants Tatung Company and Tatung Company of America Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2007 I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue #900<br>Wilmington, DE 19899 | Jeffrey B. Bove, Esquire<br>James Heisman, Esquire<br>Jaclyn M. Mason, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 |

I hereby certify that on June 19, 2007 I caused to be sent the foregoing document by Federal Express to the following non-registered participants:

| | |
|---|---|
| Gaspare J. Bono, Esquire<br>Rel S. Ambrozy, Esquire<br>Lora A. Brzezynski, Esquire<br>Cass W. Christenson, Esquire<br>McKenna Long & Aldridge LLP<br>1900 K Street, N.W.<br>Washington D.C. 20006 | Tracy R. Roman, Esquire<br>Raskin Peter Rubin & Simon LLP<br>1801 Century Park East, Suite 2300<br>Los Angeles, CA 90067<br><br>Scott R. Miller, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>355 South Grand Avenue<br>Suite 3150<br>Los Angeles, CA 90071 |

*Anne Shea Gaza*
Anne Shea Gaza (#4093)
Gaza@rlf.com