# CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Jaclyn M. Mason

TEL (302) 888-6433
EMAIL jmason@cblh.com

*Via Email and Hand-Delivery*

June 20, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF
      Discovery from LPL Deferred Until After Claim Construction

Dear Special Master Poppiti:

LPL has produced almost no technical discovery in this case. Thus, LPL has produced no technical discovery regarding its own prior art products, or its own products that represent non-infringing alternatives. LPL's articulated basis for not providing any of this relevant discovery is its objection that such discovery first required claim construction. A claim construction Order having been issued and pursuant to section II.1 of Mr. Kirk's June 1, 2007 letter to Your Honor (DI 681), ViewSonic hereby seeks the discovery discussed below. This discovery all relates to the issues of invalidity, unenforceability, noninfringement, and damages.[1]

**I.   Certain Discovery Can be Limited if LPL Makes Clear, Unequivocal and Unconditional Representations on the Record.**

**A.   If LPL Represents That It Does Make A Product That Is "Rear Mountable" As Construed By Your Honor, Certain Discovery Can Be Deferred Until the Claim Construction is Adopted or Modified by The District Court.**

The asserted claims of the patents in suit all recite "rear mountable" which has been construed to require "a flat panel display device that is capable of being mounted to a housing solely from the back of the first frame and that has no front or side mounting fastening elements." DI 692, at 17-21. To the extent that LPL represents on the record that it does not make any products that are "rear mountable" as that term has been construed, certain discovery that has been deferred may properly be continued to be deferred.

**1.   Disputed Temporal Limit From December 28, 2006 Hearing.**

RFPs 84, 88, 90, 92, 94, 96 and 98 (Exs. 2, 11)[2]
During the December 28, 2006 hearing, ViewSonic relied on LPL's repeated representations that LPL did not and does not make any products covered by the patents in suit, to temporally limit LPL's responses to ViewSonic's Request for Production ("RFP")

---

[1] To the extent the construction of "rear mountable" or any other term changes, ViewSonic reserves the right to seek different or additional discovery based on such change(s) in the claim construction.
[2] The Appendix cross-references the enclosed Exhibits and the relevant discovery request or response.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
June 20, 2007
Page 2

Nos. 84, 85, 88, 90, 92, 94, 96 and 98 to documents dated between January 1, 1997 and December 31, 1998. *See* Tr. of Dec. 28 Hr., 107:18-22; 113:14-139:20. These RFPs seek documents sufficient to show the parts and assemblage of LCD modules, the shape, structure, function and assemblage of such parts, and the identity if each part that is or can be used for mounting an LCD module to the external case or housing, from January 1, 1997 to the present. To the extent that LPL clearly, unconditionally and unequivocally represents on the record at this time that it does not make any products that are "rear mountable" as that term has been construed, ViewSonic agrees that discovery relating to products sold only after December 31, 1998 can continue to be deferred. Documents relating to products sold prior to December 31, 1998, however, remain highly relevant to ViewSonic's invalidity defenses. *See, e.g., Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (obviousness inquiry examines scope and content of prior art, and differences between prior art and claims at issue). This discovery also is critical to the development of the defense of inequitable conduct which is at issue in this case. Notably, LPL to date has not produced ***any*** discovery regarding the structure and assemblage of its own prior art LCD modules.

If LPL is unable to clearly, unconditionally and unequivocally represent that it does not make any products that are "rear mountable" as that term has been construed, then the full temporal scope of the documents sought by these requests is essential for ViewSonic's defenses. Without the representation, ViewSonic needs the full scope of discovery to evaluate any commercial success any LPL rear mountable products may or may not enjoy, which directly impacts invalidity and damages analyses. *See, e.g., Graham*, 383 U.S. at 17-18 (commercial success a secondary consideration for obviousness inquiry); *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) ("secondary" considerations refer to later in time); *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120-21 (S.D.N.Y. 1970) (eighth factor for reasonable royalty determination includes commercial success).

### 2. Other Requests That May Be Narrowed By LPL's Representation.

<u>RFPs 118, 123 (Exs. 2, 3, 11, 12)</u>
ViewSonic's RFP 118 (Ex. 2) seeks the identification of all LPL LCD modules that practice the claimed invention. RFP 123 (Ex. 3) similarly seeks the identity of LPL LCD modules that are "rear mountable".

LPL objected to RFPs 118 and 123 as requiring claim construction. Exs. 11, 12. To the extent that LPL satisfactorily represents on the record that it has not made and does not make any products or prototypes that are "rear mountable" as that term has been construed, then these requests are no longer relevant. If LPL is unable to so represent, ViewSonic is entitled to such information both before and after December 31, 1998 to analyze it for possible use at trial on issues such as non-infringement, invalidity, damages, and LPL's inequitable conduct.

<u>Interrogatory ("ROG") Nos. 25, 32 (Exs. 6, 7, 15, 16)</u>
ViewSonic's ROG 25 (Ex. 6) seeks the identification of products made, sold, or offered for sale by or on behalf of LPL that incorporate or embody any alleged invention claimed in the patents-in-suit, while ROG 32 (Ex. 7) seeks identification of "rear mountable" LPL products. LPL objected to these ROGs as requiring claim construction. Exs. 15, 16. To the extent that LPL satisfactorily represents on the record that it has not made and does not make any products or prototypes that are "rear mountable" as that term

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
June 20, 2007
Page 3

has been construed, then these requests are no longer relevant. If LPL is unable to so represent, ViewSonic is entitled to complete responses to these ROGs.

### B. Discovery That LPL May Be Able To Represent It Does Not Have.

<u>RFPs 63-74 (Exs. 2, 11)</u>

RFPs 63-66 (Ex. 2) are directed to methods and structures used to rear-mount a flat panel display device to a case, including pictures, drawings, schematics, technical designs, engineering notebooks, and samples of any rear mounted products or prototypes. These requests are not limited to LPL products. ViewSonic's RFPs 67-70 (Ex. 2) seek information, including samples, regarding prototypes from anyone, not just LPL, that practice the alleged invention of the patents in suit or their foreign counterparts. Similarly, RFPs 71-74 (Ex. 2) are not limited to LPL products, and seek information and samples regarding any products from anyone that practice the claimed invention. RFPs 63-66 and 71-74 were addressed in ViewSonic's Oct. 3, 2007 motion which was argued Dec. 28, 2006, and were raised again during the Mar. 2, 2007 hearing (*see* Mar. Tr. at 157:1-11; 164:10-165:7). No decision has been rendered on ViewSonic's October 3 motion, and the issues discussed during the Mar. 2, 2007 hearing were deferred (*see* Tr. of Apr. 13, 2007 Hr., 3:12-7:9). RFPs 67-70 were addressed in ViewSonic's Feb. 26, 2007 motion (at 2-3), which was argued March 2 and deferred. Given the claim constructions, LPL may be able to represent it does not have any of these materials, thereby ending this discovery. Failing that, ViewSonic submits that this discovery is needed for its defense of this case.

### II. Discovery That Is Needed but Cannot Be Limited By LPL Representations.

Much of the following discovery is both necessary and needed before ViewSonic can submit its expert report on invalidity.

<u>ROG 1 (Ex. 5, 15)</u>

ViewSonic's ROG 1 (Ex. 5), which seeks LPL's infringement contentions, was addressed in ViewSonic's July 31, 2006 motion (at 3), and at the August 23 hearing on such motion. Your Honor held that a complete response from LPL to ViewSonic's ROG 1 should be deferred until after claim construction. *See* Tr. of Aug. 23 Hr., at 4:2-21, 6:6-16. Now that the claims have been construed, LPL must do more than parrot the claim terms, and must provide detailed infringement contentions, limitation by limitation, for each ViewSonic product LPL elects to continue to accuse of infringement. ViewSonic is entitled to evaluate how LPL is applying the construed claim terms to each of its products accused in this case in preparation of its noninfringement and invalidity defenses. This discovery is needed before ViewSonic can submit its expert report on invalidity.

<u>RFP 58 (Exs. 1, 10)</u>

ViewSonic's RFP 58 (Ex. 1) seeks information regarding non-infringing alternatives. This request covers front and side mounting technology. Documents dated prior to, or relating to products produced prior to, December 31, 1998 are relevant to the issues of invalidity, damages, and inequitable conduct., Documents relating to products produced there after or dated thereafter continue to be relevant at least as to ViewSonic's damages case and noninfringement defense. RFP 58 was addressed in ViewSonic's Feb. 26, 2007 motion (at 2-3; *see also* Tr. of Mar. 2, 2007 Hr., at 156:21-24), which was deferred (*see* Tr. of Apr. 13, 2007 Hr., 3:12-7:9).

<u>RFPs 77-78, 126-128 (Exs. 2, 3, 4, 11, 12, 13)</u>

ViewSonic's RFPs 77-78 (Ex. 2) seek instructions, directions or other information

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
June 20, 2007
Page 4

prepared or distributed by or on behalf of LPL relating to mounting or attaching an LCD module to a case, including without limitation manuals, instructions, specification, drawings, service documents, etc., from January 1, 1998 to the present. RFP 126 (Ex. 3) seeks documents sufficient to show the location of the flat display panel relative to the first and second frames, or the distances between the flat display panel and the first and second frames in any LPL product sold on or after January 1, 1998. RFP 127 (Ex. 3) seeks information from 1998 forward regarding the shape, structure or performance of any structure in any LPL product sold on or after January 1, 1998 that enables mounting a flat panel display device to a housing. RFP 128 (Ex. 4) seeks information from 1998 forward regarding the structures, devices, mechanisms or methods used to mount or attach a flat panel display device to or within any other structure, including but not limited to a frame, chassis, tray, enclosure, case, housing, or stand, at or near the corners of the flat panel display device, and seeks samples of all such flat panel display devices.

RFPs 77-78 were addressed in ViewSonic's Feb. 16, 2007 motion (at 2-3; *see also* Tr. of Mar. 2, 2007 Hr., at 157:12-24), which was deferred (*see* Tr. of Apr. 13, 2007 Hr., 3:12-7:9). RFP 128 was the subject of ViewSonic's May 2, 2007 motion, which was deferred (*see* Tr. of May 24, 2007 Hr., at 29:15-19). LPL objected to RFPs 126 and 127 as requiring claim construction. See Exs. 12, 13. None of these requests is limited to rear mountable products. ViewSonic is entitled to such information from January 1, 1998 forward to analyze it for use at trial in conjunction with the issues of invalidity, damages, and LPL's inequitable conduct. This discovery too is needed before ViewSonic can submit its expert report on invalidity.

Request for Admission ("RFA") Nos. 11-16 (Exs. 8, 17)
In DI 306, Your Honor determined that ViewSonic's RFAs 11-16 required claim construction. *Id.*, at 17-18. As the claims have now been construed, LPL should be compelled to admit or deny ViewSonic's RFAs 11-16.

RFAs 32-33 (Exs. 8, 17)
ViewSonic's RFAs 32-33 seek admissions that (1) ViewSonic's VX900 uses the same method of mounting the LCD module to the housing as used in ViewSonic's VS2000, and (2) ViewSonic's VX2000 does not infringe either of the patents in suit. LPL objected to these RFAs as requiring claim construction. See Ex. 17. As the claims have been construed, LPL should be compelled to admit or deny ViewSonic's RFAs 32-33.

RFAs 34-36 (Exs. 9, 18)
RFAs 34-36 seek admissions that no LPL products made or sold since January 1, 1998 implement various elements of the claims of the patents in suit. LPL objected to these RFAs as requiring claim construction. See Ex. 18. As the claims have been construed, LPL should be compelled to admit or deny these RFAs.

Counsel for ViewSonic looks forward to discussing the issues raised herein at Your Honor's convenience.

Respectfully submitted,

Jaclyn M. Mason (#4737)



The Honorable Vincent J. Poppiti
June 20, 2007
Page 5

cc:    Counsel of record

**APPENDIX
TO JUNE 20, 2007 LETTER FROM JACLYN M. MASON RE
DISCOVERY FROM LPL DEFERRED UNTIL AFTER CLAIM CONSTRUCTION**

Ex 1   ViewSonic's 1st set of RFPs (RFP 58)
Ex 2   ViewSonic's 2nd set of RFPs (RFPs 63-74; 77-78; 84-85; 88; 90; 95; 94; 96; 98; 118)
Ex 3   VS 3rd set RFPs (RFPs 123; 125-127)
Ex 4   VS 4th set RFPs (RFP 128)
Ex 5   VS 1st set ROGs (ROG 1)
Ex 6   VS 2nd set ROGs (ROG 25)
Ex 7   VS 3rd set ROGs (ROG 32)
Ex 8   VS 1st set RFAs (RFAs 11-16; 32-33)
Ex 9   VS 2nd set RFAs (RFAs 34-36)
Ex 10  LPL's responses to RFP 58
Ex 11  LPL's responses to RFPs 63-74; 77-78; 84-85; 88; 90; 95; 94; 96; 98; 118
Ex 12  LPL's responses to RFPs 123; 125-127
Ex 13  LPL's responses to RFP 128
Ex 14  LPL's responses to ROG 1
Ex 15  LPL's responses to ROG 25
Ex 16  LPL's responses to ROG 32
Ex 17  LPL's responses to RFAs 11-16; 32-33
Ex 18  LPL's responses to RFAs 34-36

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2007, a true copy of the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

Richard D. Kirk  
The Bayard Firm  
222 Delaware Avenue, Suite 900  
Wilmington, DE  19801

Anne Shea Gaza  
Frederick L. Cottrell III  
Richards, Layton & Finger, P.A.  
One Rodney Square  
Wilmington, DE  19801

I hereby certify that on June 20, 2007, I have sent by email the foregoing document to the following non-registered participants:

Cass W. Christenson  
Lora A. Brzezynski  
Rel S. Ambrozy  
McKenna Long & Aldridge LLP  
1900 K Street, NW  
Washington, DC  20006

Mark H. Krietzman  
Valerie W. Ho  
Frank E. Merideth, Jr.  
Steve P. Hassid  
Greenberg Traurig, LLP  
2450 Colorado Avenue, Suite 400E  
Santa Monica, CA  90404

Tracy R. Roman  
Raskin Peter Rubin & Simon  
1801 Century Park East 23rd Floor  
Los Angeles, CA  90067

By: /s/   *Jaclyn M. Mason*  
    Jaclyn M. Mason (#4737)  
    jmason@cblh.com