# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C. A. No. 04-343-JJF |
| TATUNG CO.; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| and VIEWSONIC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT VIEWSONIC CORPORATION'S SECOND SET OF
INTERROGATORIES TO PLAINTIFF LG. PHILIPS LCD CO., LTD. (NOS. 17-29)**

Pursuant to Rule 33 of the Federal Rule of Civil Procedure, Defendant ViewSonic

Corporation requests that Plaintiff LG. Philips LCD Co., Ltd. respond to the following

Interrogatories, separately and fully, under oath and in writing. The response shall be signed by

the person making said response and served upon Plaintiff within 30 days after service of these

Interrogatories.

## I.    DEFINITIONS AND INSTRUCTIONS

### 1.    SPECIAL DEFINITIONS

A.    "ViewSonic" means Defendant ViewSonic Corporation and includes any

and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions,

affiliates and affiliated entities as well as the respective officers, directors, agents, employees,

attorneys, accountants, consultants and representatives of the foregoing.

B.    "LPL" means Plaintiff LG. Philips LCD Co., Ltd. and includes any and all

of its predecessors and successors-in-interest in its business, any and all parents, subsidiaries,

divisions, affiliates and affiliated entities as well as the respective officers, directors, agents,

employees, attorneys, accountants, consultants and representatives of the foregoing.

C.    The term "'718 Patent" shall mean and refer to U.S. Patent No. 6,498,718.

D.    The term "'641 Patent" shall mean and refer to U.S. Patent No. 6,501,641.

E.    The term "Patents-in-Suit" shall mean and refer to the '718 Patent and the '641 Patent, or any of them.

F.    The term "Foreign Counterparts" shall mean any non-United States patent or patent application (1) that claims priority from or through any U.S. patent or patent application, or (2) from which any U.S. patent or patent application claims priority.

G.    "Patent Holder" shall mean any inventor, licensee and all assignees of the rights of any invention in any of the Patents-in-Suit.

H.    "Prior Art" includes, by way of example and without limitation, the subject matter described in 35 U.S.C. § 103 and each and every subdivision of 35 U.S.C. § 102.

2.    **GENERAL DEFINITIONS**

A.    "Describe" requires a statement of the information sought by the interrogatory sufficient to answer the question posed and identifying at least one person knowledgeable concerning the subject matter inquired about and, also, where an event is inquired about, the date and location of the event.

B.    "Individual" shall mean a natural person.

C.    "Person" means any natural person or individual, association, joint venture, partnership, company, corporation, governmental agency, body or authority, court, or any other organizations of individuals or other entities.

D.    The term "document" is used in its customarily broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Evidence 1001 and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed or produced by any other mechanical, digital, or electronic process, including electronic mail, computer tapes, disks, ROM, CD-ROM, DVD, videotape or any other data storage media (whether or not in machine-readable form), whether or not asserted to be privileged or immune

from discovery and whether master or original copy: agreements; communications (including intra-company communications and communications between individual corporate respondents); correspondence; cablegrams, radiograms, telegrams, telexes, and telecopier; notes and memoranda, summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; diagrams and drawings; blueprints and other engineering drawings; foils; slides; negatives; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press, publicity, trade and product releases; drafts of, or original, preliminary notes or marginal notations appearing on any document; other reports and records; computer tapes or cards, electronic mail and any other information-containing paper or medium. A draft or non-identical copy is a separate document within the meaning of this term.

      E.    "Things" means any tangible item, including, without limitation, models, prototypes and samples of any device or apparatus.

      F.    The singular as used herein shall include the plural and vice versa, and the masculine gender shall include the feminine and the neuter; all as is necessary to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope but substantively pertain thereto.

      G.    "And" and "or" as used herein shall be construed both conjunctively and disjunctively and the term "including" means "including but not limited to," all as is necessary to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope but substantively pertain thereto.

H.    In answering these interrogatories, LPL is required to furnish all information known to LPL, including without limitation, information in possession of LPL's advisors, associates, agents, consultants, employees, attorneys, consultants, or investigators. If LPL is unable to answer an interrogatory fully and completely after exercising due diligence to make inquiry and secure information to do so, please so state, answer each such interrogatory to the extent able, specifically identify the portion of the interrogatory that cannot be answered fully and completely, state the facts supporting LPL's contention that the interrogatory cannot be answered fully and completely, and state LPL's current knowledge, information and belief concerning the unanswered portion of each interrogatory.

I.    These interrogatories are deemed to be continuing, and in addition to the obligations imposed by Rule 26(e) of the Federal Rules of Civil Procedure, LPL is requested to promptly produce, by way of supplementary response, any additional information which may become known or available to LPL or any person acting on LPL's behalf, which will augment or otherwise modify LPL's responses.

J.    These interrogatories are submitted for purposes of discovery only, and nothing contained herein shall be taken as an admission of relevance, or as a waiver of any objections to the admissibility at trial, of any evidence or information inquired about by these interrogatories or furnished in response thereto.

K.    A request to "identify" or for "identification" requires the following information:

(a)    For an individual, his or her full name, last known residence address and occupation, except that for a current employee, the address of the facility at which he or she is employed should be provided in lieu of the residence address.

(b)    For a person other than an individual, its actual and any fictitious names, last known address, and type of entity.

4

(c)     For a patent, the country, patent number and date of issue.  For a patent application, the country, the serial number, filing date, named inventors, title and whether the application is pending or has been abandoned.

(d)     For a printed publication, the title of the publication, its date, volume and issue numbers, author, page numbers, and publisher.

(e)     For a document, or a study reported in a document, the name of the author(s) and all recipient(s), date, title, number of pages, and a general indication of content.

L.     If LPL objects that a term or phrase is ambiguous or indefinite, then provide LPL's understanding of the term or phrase and respond accordingly.

M.     For any interrogatory which is objected to on the ground of privilege or immunity, state in full:

(a)     a brief identification and description of the withheld communication, information, matter or document, including, for example:

(i)     the date of the communication, information, matter or document;

(ii)     identity of the author of the communication, information, matter or document;

(iii)     the identity and address of each recipient of the communication, information, matter or document, including any copy thereof;

(iv)     for documents, the type or nature of document withheld (e.g., letter, memorandum, etc.); the length of the document in pages; the location of the original and each copy of the document;

(b)     The general subject matter of the communication, information, matter or document, including a statement of sufficient relevant facts and circumstances which will explain the basis of the claim of privilege or immunity and will permit the adjudication of the propriety of the claim of privilege or immunity;

5

(c)     the nature of the claimed privilege or immunity (i.e., attorney-client; work product); and

(d)     each person, other than the attorneys of record, having knowledge of the factual basis asserted for the privilege or immunity.

## II.     INTERROGATORIES

### INTERROGATORY NO. 17:

State with specificity the level of knowledge, education, experience, and/or expertise possessed by a person who has ordinary skill in the art to which any invention disclosed, described or claimed in any of the Patents-in-Suit pertains.

### INTERROGATORY NO. 18:

State in detail the basis for your contention that any invention identified, disclosed or claimed in the '641 Patent is not rendered obvious pursuant to 35 U.S.C. §103(a) by the combination of U.S. Patent No. 5,570,267 ("Ma") with U.S. Patent No. 5,119,204 ("Hashimoto"), include without limitation, all relevant facts, identify all documents on which you rely to support your contention, and identify all persons with information or knowledge relevant to your contention, summarizing each person's knowledge.

### INTERROGATORY NO. 19:

State in detail the basis for your contention that any invention identified, disclosed or claimed in the '641 Patent is not rendered obvious pursuant to 35 U.S.C. §103(a) by the combination of U.S. Patent No. 5,570,267 ("Ma") with Japan Patent No. JP 09-190156 ("Fujitsu '156"), include without limitation, all relevant facts, identify all documents on which you rely to support your contention, and identify all persons with information or knowledge relevant to your contention, summarizing each person's knowledge.

**INTERROGATORY NO. 23:**

State in detail the basis for your contention that any invention identified, disclosed or claimed in the '641 Patent is not rendered obvious pursuant to 35 U.S.C. §103(a) by the combination of U.S. Patent No. 5,570,267 ("Ma") with U.S. Patent No. 5,835,139 ("Yun"), include without limitation, all relevant facts, identify all documents on which you rely to support your contention, and identify all persons with information or knowledge relevant to your contention, summarizing each person's knowledge.

**INTERROGATORY NO. 24:**

State all material facts that support and/or upon which LPL bases its contentions that ViewSonic has contributorily infringed and/or actively induced infringement of the Patents-in-Suit, including but not limited to all relevant facts, identify all documents on which you rely to support your contention, and identify all persons with information or knowledge relevant to your contention, summarizing each person's knowledge.

**INTERROGATORY NO. 25:**

Identify each and every product by model number and/or other designation made, sold, or offered for sale by or on behalf of LPL that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit, identify each such claim, state with specificity how each product is covered by such claim and where each claim limitation is found within each such product, state the time period during which such product was manufactured, sold, offered for sale or imported into the United States and identify all documents relating or referring to how each such product is covered by any claim of the Patents-in-Suit.

8

**INTERROGATORY NO. 26:**

Define the phrase "back mounting" as it relates to any invention disclosed and/or claimed in the Patents-in-Suit, and specify the basis, if any, for your definition including without limitation, any support for the definition found in the Patents-in-Suit and/or any Prior Art.

**INTERROGATORY NO. 27:**

Define the phrase "rear-mounted products" (as used by LPL in its response to Request No. 28 of Tatung's First Set of Request for Production of Documents) as it relates to any invention disclosed and/or claimed in the Patents-in-Suit, and specify the basis, if any, for your definition including without limitation, any support for the definition found in the Patents-in-Suit and/or any Prior Art.

**INTERROGATORY NO. 28:**

Define the phrase "rearmounting technology" (as used by LPL in its response to Request No. 50 of Tatung's First Set of Request for Production of Documents) as it relates to any invention disclosed and/or claimed in the Patents-in-Suit, and specify the basis, if any, for your definition including without limitation, any support for the definition found in the Patents-in-Suit and/or any Prior Art.

**INTERROGATORY NO. 29:**

To the extent you contend that any reference listed below does not invalidate the Patents-in-Suit under any provision of 35 U.S.C. §§ 102 and/or 103, set forth in detail the entire basis for your contention as to each reference, including stating all relevant facts, identifying all documents on which you rely to support your contention, and identifying all persons with information or knowledge relevant to your contention, summarizing each person's knowledge:

(1) Sharp LQR4A31;

9

(2) Sharp LQR4A32;

(3) Sharp LQR4A35;

(4) Sharp LQ5AW116; and

(5) Sharp LQ5AW136

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Scott R. Miller
Tracy R. Roman
BINGHAM MCCUTCHEN LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA  90071-3106
Telephone:  (213) 680-6400

By:  */s/ Richard L. Horwitz*
　　　 Richard L. Horwitz (#2246)
　　　 David E. Moore (#3983)
　　　 Hercules Plaza, 6th Floor
　　　 1313 N. Market Street
　　　 Wilmington, DE  19899-0951
　　　 Telephone:  (302) 984-6000
　　　 Facsimile:  (302) 658-1192
　　　 rhorwitz@potteranderson.com
　　　 dmoore@potteranderson.com

Dated:  May 31, 2006

*Attorneys for Defendant
ViewSonic Corporation*

734543

10

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on February 8, 2006, a true and correct copy of

the within document was caused to be served on the attorney of record at the following addresses

as indicated:

### VIA HAND DELIVERY

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

### VIA FEDERAL EXPRESS

Daniel G. Jarcho
Cass W. Christenson
Andrew J. Park
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006
djarcho@mckennalong.com
cchristenson@mckennalong.com

Mark H. Krietzman
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA 90404
krietzmanm@gtlaw.com


 */s/ Richard L. Horwitz*
Richard L. Horwitz

639612

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

                Plaintiff,

         v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION

                Defendants.

CIVIL ACTION NO. 04-343

## DEFENDANT VIEWSONIC CORPORATION'S THIRD SET OF INTERROGATORIES TO PLAINTIFF LG. PHILIPS LCD CO., LTD.

Pursuant to Rule 33 of the Federal Rule of Civil Procedure, Defendant ViewSonic Corporation requests that Plaintiff LG. Philips LCD Co., Ltd. respond to the following Interrogatories, separately and fully, under oath and in writing. The response shall be signed by the person making said response and served upon Plaintiff within 30 days after service of these Interrogatories.

## I.    DEFINITIONS AND INSTRUCTIONS

ViewSonic incorporates the definitions and instructions in its previous Interrogatories.

## II.    INTERROGATORIES

## INTERROGATORY NO. 30:

Identify each product by model number and/or other designation made, sold, offered for sale, demonstrated or used by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies a "flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent.

**INTERROGATORY NO. 31:**

State the monthly and annual sales and resultant gross and net profits for each product sold by or on behalf of LPL on or after January 1, 1998 by country and by model number and/or other designation that incorporates or embodies a "flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent. It is acceptable, to the extent it is less burdensome for LPL, to provide the information requested by country in a form that provides the information by U.S. and by the rest of the world.

**INTERROGATORY NO. 32:**

Identify each product by model number and/or other designation made, sold, offered for sale, demonstrated or used by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies a "rear mountable flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent.

**INTERROGATORY NO. 33:**

State the monthly and annual sales and resultant gross and net profits for each product sold by or on behalf of LPL on or after January 1, 1998 by country and by model number and/or other designation that incorporates or embodies a "rear mountable flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent. It is acceptable, to the extent it is less burdensome for LPL, to provide the information requested by country in a form that provides the information by U.S. and by the rest of the world.

**INTERROGATORY NO. 34:**

State in detail the material differences between any product made, sold, offered for sale by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies any "rear mountable flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent and any invention claimed in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent, and any other products made, sold, or offered for sale by or on behalf of LPL on or after January 1, 1998 that incorporate or embody any invention claimed in claims 35, 36 and/or 55 of the '641 patent and/or claims 33, 34, 35 and/or 40 of the '718 patent.

2

Date:  February 23, 2007

Respectfully submitted,

Connolly Bove Lodge & Hutz LLP

Of Counsel:

Scott R. Miller  (CA Bar No. 112656)
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071
Telephone:  (213) 787-2500
Facsimile:   (213) 687-0498

Tracy R. Roman (CA Bar No. 199031)
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone: (310) 277-0010
Facsimile: (310) 277-1980

By:  /s/ James D. Heisman
      Jeffrey B. Bove (#998)
      Jaclyn M. Mason (#4737)
      James D. Heisman (# 2746)
      The Nemours Building, 8th floor
      1007 North Orange Street
      Wilmington, DE 19801
      Telephone:  (302) 658-9141
      Facsimile:  (302) 658-5614

*Attorneys for Defendant*
*ViewSonic Corporation*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February 2007, a true and correct copy of the

foregoing DEFENDANT VIEWSONIC CORPORATION'S THIRD SET OF

INTERROGATORIES TO PLAINTIFF LG. PHILIPS LCD CO., LTD.

was hand delivered to the following persons:

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

Anne Shea Gaza, Esq.
Frederick L. Cottrell, III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I further certify that on the 23rd day of February 2007, I have sent by email the foregoing

document to the following non-registered participants:

Cass W. Christenson, Esq.
Lora A. Brzezynski, Esq.
Rel S. Ambrozy, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Tracy R. Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East
Suite 2300
Los Angeles, CA 90067-2325

Mark H. Krietzman, Esq.
Valerie W. Ho, Esq.
Frank E. Merideth, Jr., Esq.
Steve Hassid, Esq.
Greenberg Traurig, LLP
2450 Colorado Ave., Suite 400E
Santa Monica, CA 90404

_/s/ James D. Heisman_
James D. Heisman (# 2746)
jheisman@cblh.com

4

# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LG.PHILIPS LCD CO., LTD.,

        Plaintiff,

          v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION

        Defendants.

C. A. No. 04-343

**DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF LG. PHILIPS LCD CO., LTD.**

PROPOUNDING PARTY:     Defendant ViewSonic Corporation

RESPONDING PARTY:      Plaintiff LG. Philips LCD Co., Ltd.

SET NO.:               One (Nos. 1-33)

     In accordance with Rule 36 of the Federal Rules of Civil Procedure, Defendant ViewSonic Corporation ("ViewSonic") requests Plaintiff LG. Philips LCD Co., Ltd. ("LPL") to answer the following Requests for Admissions ("RFAs") within thirty (30) days after service hereof.

**I.    DEFINITIONS AND INSTRUCTIONS**

     A.    "VIEWSONIC" means Defendant ViewSonic Corporation and includes any and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

B.    "YOU," YOUR," "YOURS," and "LPL" means Plaintiff LG. Philips LCD Co., Ltd., and includes any and all of its predecessors and successors-in-interest in its business, assignors, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

C.    The term "'718 Patent" shall mean and refer to U.S. Patent No. 6,498,718.

D.    The term "'641 Patent" shall mean and refer to U.S. Patent No. 6,501,641.

E.    The term "Patents-in-Suit" shall mean and refer to U.S. Patent Nos. 6,498,718, and 6,501,641 collectively.

F.    In answering these Requests for Admission, you are required to either admit or deny the matter set forth in each Request, or set forth in detail the reasons why you cannot truthfully admit or deny the matter.  If, in good faith, you are unable to admit a Request in its entirety, you must specify that portion of the Request that is true and admitted, and qualify or deny only the remaining portion.

G.    The singular as used herein shall include the plural and vice versa, and the masculine gender shall include the feminine and the neuter; all as is necessary to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope but substantively pertain thereto.

H.    "And" and "or" as used herein shall be construed both conjunctively and disjunctively and the term "including" means "including but not limited to," all as is necessary to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope but substantively pertain thereto.

## II.    REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1.

Admit that the "flat panel display device" is not a "data processing device" as these terms

2

**REQUEST FOR ADMISSION NO. 8.**

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "d1" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

**REQUEST FOR ADMISSION NO. 9.**

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "d2" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

**REQUEST FOR ADMISSION NO. 10.**

Admit that using a rear mountable flat panel display device as claimed in the '641 Patent reduces the space identified as "D" in Figure 3B of the '641 Patent when compared to using a flat panel display device that is not rear mountable.

**REQUEST FOR ADMISSION NO. 11.**

Admit that, as disclosed in the '641 Patent, the rear housing substantially supports the flat panel display device, when the flat panel display device is mounted to the rear housing via the fastening part at the rear surface of the first frame.

**REQUEST FOR ADMISSION NO. 12.**

Admit that, as disclosed in the '641 Patent, the fastening part at the rear surface of the first frame must securely fix, firmly attach, or make fast the rear housing to the flat panel display device when fastened as claimed in the '641 Patent.

**REQUEST FOR ADMISSION NO. 13.**

Admit that a flat panel display device that is not substantially supported by the rear

4

housing when mounted via the fastening part at the rear surface of the first frame does not practice the invention as claimed in the '641 Patent.

## REQUEST FOR ADMISSION NO. 14.

Admit that when practicing the prior art front mounting method as referenced in the '641 Patent, the housing provides substantial support for the flat panel display device when mounted through the front mounted fastening part(s).

## REQUEST FOR ADMISSION NO. 15.

Admit that, as defined by the '641 Patent, the front mounting method does not require that the LCD device be mounted to the front case (identified as element **121** in Figure 2 of the '641 Patent).

## REQUEST FOR ADMISSION NO. 16.

Admit that when assembled, the rear center screw "B5" and the threaded post "D5" of the PixelVision SGT15P, as identified in exhibit L to the Supplemental Brinkerhoff Declaration (DI 100; *see* Exhibit A hereto), do not in and of themselves securely fix, firmly attach, or make fast the flat panel display device to the rear housing such that the rear housing provides substantial support for the flat panel display device.

## REQUEST FOR ADMISSION NO. 17.

Admit that the two top screws and two screw holes in the ViewSonic VX900 identified as "B" and "D" respectively in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto) attach the stand to the VX900 monitor.

## REQUEST FOR ADMISSION NO. 18.

As shown in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto), admit

**REQUEST FOR ADMISSION NO. 31.**

Admit that LPL is aware of the manner or method by which the LCD device in the ViewSonic VX2000 monitor is mounted to the housing.

**REQUEST FOR ADMISSION NO. 32.**

Admit that the VX900 uses the same manner or method of mounting the LCD device to the housing as is used in the VX2000.

**REQUEST FOR ADMISSION NO. 33.**

Admit that the VX2000 does not infringe any claim of either of the Patents-in-Suit.

POTTER ANDERSON & CORROON LLP

By: _____

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

*Attorneys for ViewSonic Corporation*

Dated: February 8, 2006

Of Counsel:

Scott R. Miller
Tracy R. Roman
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

*Attorneys for ViewSonic Corporation*

#718841

# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S SECOND SET OF REQUESTS FOR ADMISSION

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P.

26 and 36, objects and responds as follows to Defendant ViewSonic Corporation's

("ViewSonic") Second Set of Requests for Admission.

### GENERAL OBJECTIONS

These general objections apply to each Request for Admission and thus, for convenience,

are not repeated after each Request for Admission, but rather are set forth herein and are hereby

incorporated into each response.

1.    LPL objects to each Request for Admission to the extent it seeks information

subject to the attorney-client privilege, work product doctrine, and other applicable privileges or

immunities from discovery. LPL does not by these responses waive any claim of privilege or

work product.

2.      LPL objects to these Requests for Admissions to the extent they request

information not relevant to the claims and defenses in this case, or not reasonably calculated to

lead to the discovery of admissible evidence.

3.      LPL objects to ViewSonic's "Definitions and Instructions" to the extent that they

are vague and ambiguous, or purport to impose obligations not required under the Federal Rules

of Civil Procedure.

4.      LPL objects to Definition B of "LPL" because it is overly broad, unduly

burdensome and improperly includes a variety of persons and entities over which LPL has no

control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client

privilege and work product doctrine.  As to all the requests for admission, LPL responds only on

behalf of LPL.

5.      LPL objects to Definitions and Instructions G and H as related to interrogatories

and not to requests for admission.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 34:**

Admit that LPL believes that no product sold by or on behalf of LPL on or after
January 1, 1998 incorporates or embodies a "rear mountable flat panel display device" as that
term is used in claims 38, 39, 44, 45, and 56 of the '641 patent.

**RESPONSE:**

LPL incorporates its general objections herein by reference.  LPL further objects to this

Request to the extent that it seeks information protected by the attorney-client privilege or the

work product doctrine, or that is otherwise privileged and protected from disclosure.  LPL

objects to this Request on the ground that it is vague and ambiguous, including, for example,

regarding "as that term is used in claims . . . ."  The claims of the '641 Patent read on multiple

embodiments, and simply asking LPL to admit that it believes that its products do not

2

incorporate or embody one of those embodiments renders the Request vague and ambiguous. LPL further objects to this Request on the grounds that it is premature and improper because: i) it would require "that LPL admit or deny whether certain assemblies conform to claims of the patents-in-suit"; and/or ii) the Request seeks "to have LPL admit or deny constructions based upon the actual claim language of the patents-in-suit . . . ." See Special Master's November 8, 2006 Report and Recommendation, pp. 15-18. Because the Scheduling Order contemplates a separate phase for claim construction, and/or because this Court has not yet issued its claim construction Order, it would be premature and impermissible at this juncture to require LPL to respond to this Request. See *Id.* at 18.

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Request should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL also objects to this Request because it seeks legal conclusions and such Request for a legal conclusion under Fed. R. Civ. P. 36 is not appropriate. In addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL further objects to this Request as overly broad, vague and ambiguous because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

655456-1

**REQUEST FOR ADMISSION NO. 35:**

Admit that LPL believes that no product sold by or on behalf of LPL on or after January 1, 1998 incorporates or embodies any invention claimed in claims 38, 39, 44, 45, and 56 of the '641 patent and claim 36 of the '718 patent.

**RESPONSE:**

LPL incorporates its general objections herein by reference. LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request on the ground that vague and ambiguous, including, for example, regarding "any invention claimed in claims...." The claims of the '641 Patent read on multiple embodiments, and simply asking LPL to admit that it believes that its products do not incorporate or embody one of those embodiments renders the Request vague and ambiguous. LPL further objects to this Request on the grounds that it is premature and improper because: i) it would require "that LPL admit or deny whether certain assemblies conform to claims of the patents-in-suit"; and/or ii) the Request seeks "to have LPL admit or deny constructions based upon the actual claim language of the patents-in-suit . . . ." See Special Master's November 8, 2006 Report and Recommendation, pp. 15-18. Because the Scheduling Order contemplates a separate phase for claim construction, and/or because this Court has not yet issued its claim construction Order, it would be premature and impermissible at this juncture to require LPL to respond to this Request. See *Id.* at 18.

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Request should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL also objects to this Request because it seeks legal conclusions and such Request for

a legal conclusion under Fed. R. Civ. P. 36 is not appropriate. . In addition, LPL objects to this

Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007

motion to compel, which is opposed by LPL. LPL further objects to this Request as overly

broad, vague and ambiguous because the supplemental discovery permitted by the Special

Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641

Patent, and this Request is not so limited. LPL further objects to this Request on the grounds that

it seeks information that is neither relevant to the parties' claims or defenses nor reasonably

calculated to lead to the discovery of admissible evidence.


### REQUEST FOR ADMISSION NO. 36:

Admit that LPL believes that no product sold by or on behalf of LPL on or after
January 1, 1998 incorporates or embodies a "frame" that is "capable of being fixed to a housing of a
data processing device" as those terms are used in claim 56 of the '641 patent.

#### RESPONSE:

LPL incorporates its general objections herein by reference. LPL further objects to this

Request to the extent that it seeks information protected by the attorney-client privilege or the

work product doctrine, or that is otherwise privileged and protected from disclosure. LPL

objects to this Request on the ground that vague and ambiguous, including, for example,

regarding "as those terms are used in claim 56...." The claims of the '641 Patent read on

multiple embodiments, and simply asking LPL to admit that it believes that its products do not

incorporate or embody one of those embodiments renders the Request vague and ambiguous.

LPL further objects to this Request on the grounds that it is premature and improper because: i) it

would require "that LPL admit or deny whether certain assemblies conform to claims of the

patents-in-suit"; and/or ii) the Request seeks "to have LPL admit or deny constructions based

655456-1

upon the actual claim language of the patents-in-suit . . . ." See Special Master's November 8, 2006 Report and Recommendation, pp. 15-18. Because the Scheduling Order contemplates a separate phase for claim construction, and/or because this Court has not yet issued its claim construction Order, it would be premature and impermissible at this juncture to require LPL to respond to this Request. See *Id.* at 18. .

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Request should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL also objects to this Request because it seeks legal conclusions and such Request for a legal conclusion under Fed. R. Civ. P. 36 is not appropriate. . In addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL further objects to this Request as overly broad, vague and ambiguous because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 37:**

Admit that LPL does not contend that ViewSonic's VE155b infringes any of claims 38, 39, 44, 45, and 56 of the '641 patent and claim 36 of the '718 patent.

**RESPONSE:**

655456-1

6

March 26, 2007

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

655456-1

# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343-JJF |
| TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, | |
| Defendants. | |

## PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF DOCUMENT REQUESTS

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R.

Civ. P. 34, objects and responds as follows to Defendant ViewSonic Corporation's

("ViewSonic") First Set of Document Requests.

### GENERAL OBJECTIONS

LPL hereby incorporates its general objections from Plaintiff's Objections and

Responses to Defendant ViewSonic Corporation's First Set of Document Requests.

Those general objections apply to each Document Request and thus, for convenience, are

not repeated after each Document Request, and are hereby incorporated into each

response.

### DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 22:

All documents and things relating to any decision as to what potential prior art
references to cite, or not to cite, during prosecution of:

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it is not currently withholding any documents or things responsive to this request, and no responsive documents have been discovered. LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 58:**

All documents concerning or relating to any acceptable non-infringing substitutes for ViewSonic's allegedly infringing products.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request

12

because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence (for example, ViewSonic requests all documents "concerning or relating to" non-infringing substitutes for unspecified products).  LPL further objects to the term "acceptable" as vague and ambiguous.  LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents not related to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, LPL states that it is not currently withholding any documents or things responsive to this request, and no responsive documents have been discovered.  LPL reserves the right to supplement this Interrogatory Response, if appropriate, when and if additional information becomes available, or otherwise.

13

Dated:  July 25, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

14