# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343-JJF |
| TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, | |
| Defendants. | |

### PLAINTIFF LG.PHILIPS LCD CO., LTD'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S SECOND SET OF DOCUMENT REQUESTS

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P. 34, objects and responds as follows to Defendant ViewSonic Corporation's ("ViewSonic") Second Set of Document Requests.

### PRELIMINARY STATEMENT

1.     LPL makes the objections and responses herein (collectively "Responses") based solely on its current knowledge, understanding, and belief as to the facts and the information available to it as of the date of the Responses. Additional discovery and investigation may lead to additions to, changes in, or modifications of these Responses. LPL reserves the right to produce subsequently discovered information and to introduce such subsequently discovered information at the time of any hearing or trial in this action.

2.     By agreeing to produce any relevant and non-privileged categories of documents or things in its possession, custody, or control, LPL represents not that any

such documents or things actually exist, but that it will make a diligent search and reasonable inquiry to ascertain whether such documents exist and are producible.

3.    By producing documents or things responsive to a Request, LPL does not admit to their authenticity, relevance, or admissibility at trial or any other proceedings in this case. LPL provides such documents without prejudice to its right to object to the introduction of such documents at trial or any other proceeding in this case.

4.    LPL does not waive any objection made in these Responses, nor any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to the Requests. Any inadvertent disclosure of information or inadvertent identification or production of any document shall not constitute waiver of any applicable privilege as to the document identified or produced by LPL.

5.    Any documents made available for inspection and copying in connection with these Responses will be produced at a mutually agreeable time and place or, if no such agreement can be reached, at McKenna Long & Aldridge LLP, 1900 K Street, NW, Washington, DC 20006. Unless otherwise agreed, LPL objects to providing copies of any such documents without prior arrangements being made to reimburse LPL for any copying expenses that may be incurred.

6.    LPL incorporates by reference the following General Objections within each of the individual Objections and Responses to these Requests. All Responses to the Requests are made subject to each and without waiving any of such objections. LPL's specific Objections for any Request are not intended to preclude, override, or withdraw any of the General Objections to that Request.

## GENERAL OBJECTIONS

These General Objections apply to each Request and thus, for convenience, are not repeated after each Request, but rather are set forth herein and are hereby incorporated into each response. By responding to any particular Request with the phrase "Subject to and without waiving these objections," we are incorporating by reference not only the specific objections but also these General Objections.

1.     LPL objects to each Request to the extent it seeks documents subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

2.     LPL objects to each Request to the extent it seeks discovery of documents containing trade secrets or other confidential research, development or commercial information and will only produce such documents in accordance with the Protective Order entered in this action. However, to the extent that any Request calls for the production of confidential documents of third parties that are in Plaintiff's possession, Plaintiff shall attempt to obtain the consent of such third party prior to production. If Plaintiff cannot obtain such consent, Plaintiff will not produce the documents.

3.     LPL objects to these Requests to the extent that they request documents that are: a) not in the Plaintiff's possession; b) already in ViewSonic's possession; c) in the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule, as unduly burdensome, oppressive, and designed to harass.

4.     LPL objects to these Requests as unduly burdensome, oppressive, and designed to harass to the extent that they request documents in the possession of others, as such documents are beyond the scope of LPL's "custody and control."

·5.     LPL objects to these Requests to the extent that they request documents not related specifically to the Patents-in-Suit, not relevant to the claims and defenses in this case, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6.     LPL objects to these Requests to the extent that they lack any appropriate limitation as to time frame and/or geographic scope, making such Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7.     LPL objects to these Requests to the extent that they request documents other than those that are in its possession, custody or control as such Requests are beyond the requirements of the Federal Rules of Civil Procedure.

8.     LPL objects to ViewSonic's "Definitions" and "Instructions" to the extent that they purport to impose obligations not required under the Federal Rules of Civil Procedure.

9.     LPL objects to ViewSonic's "Definitions" to the extent these definitions are redundant, or are inconsistent with either the text of any particular requests and/or with definitions of the same terms in any other discovery requests from ViewSonic to LPL.

10.     LPL objects to Definition 2 of "LPL" because it is overly broad, unduly burdensome and improperly includes a variety of persons and entities over which LPL

has no control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client privilege and work product doctrine.

11.    LPL objects to Definition 7 because it is overly broad and unduly burdensome in that it is not limited to foreign counterparts of the Patents-in-Suit.

12.    LPL objects to Definition 15 because it is overly broad, vague, and ambiguous.    In addition, LPL objects to the extent that the term "prior art" in these document requests is intended to suggest that any such "prior art" exists that would invalidate any claim in any of the Patents-in-Suit.

13.    LPL objects to Instruction H to the extent that it exceeds the requirements of the Federal Rules of Civil Procedure. LPL will supplement its responses if required.

14.    LPL objects to Instructions A, B, C, D, E, F, and G because they impose unreasonable burdens and/or seek information, responses, or acts not required by the Federal Rules of Civil Procedure. LPL will respond and produce documents pursuant to Fed. R. Civ. P. 26 and 34.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 63:

All documents referring to, relating to, or evidencing "rear-mounted products" as that phrase is used by LPL in its response to Request No. 28 of Tatung's First Set of Requests for Production of Documents.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, ViewSonic seeks "[a]ll documents referring to, relating to, or evidencing 'rear-mounted products'"). LPL also objects to this Request to the extent that it requires the term "rear-mounted products" to

be construed, as being premature. LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 64:**

Samples of any and all "rear-mounted products" (as defined in RFP No. 63 above) other than the ViewSonic VX900 and the Tatung L17AMTN, and including without limitation prototypes, experimental products, finished products, and/or commercially available products.

**RESPONSE:**

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it

is vague, ambiguous, and overly broad (for example, ViewSonic seeks "any and all 'rear-mounted products'"). LPL also objects to this Request to the extent that it requires the term "rear-mounted products" to be construed, as being premature. LPL further objects to the extent the Request seeks samples not in LPL's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent samples exist and can be located by a reasonable investigation, LPL will produce for inspection non-privileged, relevant samples not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST FOR PRODUCTION NO. 65:

All documents referring to, or evidencing "rearmounting technology," as that phrase is used by LPL in its response to Request No. 50 of Tatung's First Set of Request for Production of Documents, including without limitation any and all pictures, drawings, schematics, technical designs, engineering notebooks.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, ViewSonic seeks "[a]ll documents referring to, or evidencing 'rearmounting technology'"). LPL also objects to this Request to the extent that it requires the term "rearmounting technology'" to be construed, as being premature. LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 66:**

Samples of any and all flat panel display devices utilizing "rearmounting technology," (as defined in RFP No. 65 above) including without limitation, prototypes, experimental products, finished products, and/or commercially available products.

**RESPONSE:**

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, ViewSonic seeks "any and all flat panel display devices utilizing 'rearmounting technology'"). LPL also objects to this Request to the extent that it requires the term "rearmounting technology" to be construed, as being premature. LPL further objects to the extent the Request seeks samples not in LPL's possession, custody, or control.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent samples exist and can be located by a reasonable investigation, LPL will produce for inspection non-privileged, relevant samples not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to

636988v1

9

the Request.  Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 67:**

Any and all documents referring to, relating to, or evidencing prototypes that use and/or practice any invention disclosed and/or claimed in Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine.  LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, ViewSonic seeks "[a]ny and all documents referring to, relating to, or evidencing prototypes").  LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## SUPPLEMENTAL RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad (for example, ViewSonic seeks "[a]ny and all documents referring to, relating to, or evidencing prototypes"). LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and specific objections, LPL responds as follows: To the extent that LPL understands this Request, LPL does not

have in its possession, custody, or control any documents referring to, relating to, or evidencing prototypes that use and/or practice any invention disclosed and/or claimed in Patents-in-Suit. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST FOR PRODUCTION NO. 68:

Samples of any and all prototypes that use and/or practice any invention disclosed and/or claimed in the Patents-in-Suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad. LPL further objects to the extent the Request seeks samples not in LPL's possession, custody, or control.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, and overly broad. LPL further objects to the extent the Request seeks samples not in LPL's possession, custody, or control.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, LPL does not have in its possession, custody, or control any samples of prototypes that use and/or practice any invention disclosed and/or claimed in the Patents-in-Suit.

636988v1

13

Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 69:**

Any and all documents referring to, relating to, or evidencing prototypes that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" unspecified "prototypes that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit" and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## SUPPLEMENTAL RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" unspecified "prototypes that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit" and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed

discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, LPL does not have in its possession, custody, or control any documents referring to, relating to, or evidencing prototypes that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST FOR PRODUCTION NO. 70:

Samples of any and all prototypes that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, ViewSonic requests "all" unspecified "prototypes" that "use and/or practice any invention disclosed and or claimed in any Foreign Counterparts to the Patents-in-Suit", and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of samples already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, ViewSonic requests "all" unspecified "prototypes" that "use and/or practice any invention disclosed and or claimed in any Foreign Counterparts to the Patents-in-Suit", and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of samples already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows:  To the extent that LPL understands this Request, LPL does not have in its possession, custody, or control any samples of prototypes that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.  Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 71:**

Any and all documents referring to, relating to, or evidencing Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine.  LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of

prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing Flat Panel Display Products" and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST FOR PRODUCTION NO. 72:

Samples of any and all Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any of the Patents-in-Suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it

is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, ViewSonic requests "all Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any of the Patents-in-Suit", and without any limit as to country or time period).  LPL further objects to this Request as unduly burdensome to the extent it seeks the production of samples already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST FOR PRODUCTION NO. 73:

Any and all documents referring to, relating to, or evidencing Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit" and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

## REQUEST FOR PRODUCTION NO. 74:

Samples of any and all Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit.

## RESPONSE:

LPL objects to this Request to the extent it seeks samples subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and duplicative of prior requests (for example, ViewSonic requests "all Flat Panel Display Products that use and/or practice any invention disclosed and/or claimed in any Foreign Counterparts to the Patents-in-Suit", and without any limit as to country or time period). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of samples already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 75:**

Any and all documents referring to, relating to, or evidencing communications with or materials provided to any draftsman regarding or relating to the Patents-in-Suit and/or the Foreign Counterparts to the Patents-in-Suit, including without limitation all correspondence, instructions, translations, contracts, agreements, drafts, declarations or affidavits, prototypes and/or samples.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request in that it appears improperly calculated to seek protected and confidential attorney opinions and/or communications with LPL. LPL further objects to this Request because it is overly broad, vague, ambiguous, and unduly burdensome (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" unspecified communications and without any limit as to country or time period).

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 76:**

Any and all documents referring to, relating to, or evidencing work performed by any draftsman for the Patents-in-Suit and/or the Foreign Counterparts to the Patents-in-Suit, including without limitation all contracts, drawings, designs, drafts, declarations, and/or affidavits.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request in that it appears improperly calculated to seek protected and confidential attorney opinions and/or communications with LPL. LPL further objects to this Request because it is overly broad, vague, ambiguous, and unduly burdensome (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" work performed" and without any limit as to country or time period).

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 77:**

Any and all documents from January 1, 1977 to the present referring to, relating to, or evidencing instructions, directions, or information prepared and/or distributed by or

on behalf of LPL relating to mounting an LCD module on, to, or into an external case of data processing device, including without limitation manuals, instructions, specification, drawings, service documents.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" the "instructions, directions, or information" relating to "mounting an LCD module on, to, or into an external case of a data processing device"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the

Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 78:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing instructions, directions, or information prepared and/or distributed by or on behalf of LPL relating to attaching a flat panel display device on, to, or into an external case of a Flat Panel Display Product, including without limitation manuals, instructions, specifications, drawings, service documents.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" the "instructions, directions, or information" relating to "attaching a flat panel display device on, to, or into an external case of a Flat Panel Display Product"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: To the extent that LPL understands this Request, and to the extent documents exist and can be located by a reasonable investigation, LPL will produce non-privileged, relevant documents not previously produced, as they pertain to the Patents-in-Suit, in its possession, custody, or control that are responsive to the Request. Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

### REQUEST FOR PRODUCTION NO. 79:

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing mounting flat panel display devices other than by the "front mounting method," as that terms is disclosed in the Patents-in-Suit, including without limitation drawings, specifications, tutorials, product descriptions, schematics.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing mounting flay panel display devices" by unspecified methods). LPL also objects to this Request to the extent that it requires the term "front mounting method" to be construed, as being premature. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST FOR PRODUCTION NO. 84:**

Documents sufficient to identify the parts of an LCD module, and the structure, function, source, and/or assemblage of those parts from January 1, 1997 to the present. (This Request does not seek every document referencing an LCD module; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of an LCD module and their assemblage).

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to identify the parts of an LCD module", without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the

public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST FOR PRODUCTION NO. 85:**

Documents from January 1, 1997 to the present sufficient to identify each part of an LCD module that is or can be used for mounting an LCD module to the external case of a Flat Panel Display Product.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to identify each part of an LCD module" used for "mounting an LCD module to the external case of a

Flat Panel Display Product" without regard to subject matter, calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST FOR PRODUCTION NO. 86:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the parts of an LCD module that are or can be used for mounting an LCD module to the external case of a Flat Panel Display Product.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request

documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 88:

Documents from January 1, 1997 to the present sufficient to identify the parts of a backlight unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a backlight unit; rather, it simply seeks documents that will show the name, shape, structure, function, and source of the various parts of a backlight unit and their assemblage).

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to identify" the "parts of a backlight unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 89:

Any and all bill of materials for any light guide unit for use in a flat panel display device from January 1, 1997 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials" for any "light guide unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit. Subject to and without waiving these objections, LPL will produce non-privileged, relevant documents that are responsive to the Request, to the extent such documents exist.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

### REQUEST FOR PRODUCTION NO. 90:

Documents from January 1, 1997 to the present sufficient to identify the parts of a light guide unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a light guide unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a light guide unit and their assemblage).

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to identify" the "parts of a light guide unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of

admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 91:

Any and all bill of materials for any light source unit for use in a flat panel display device from January 1, 1997 to the present.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials" for any "light source unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as

unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 92:

Documents from January 1, 1997 to the present sufficient to identify the parts of a light source unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a light source unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a light source unit and their assemblage).

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of

prior requests (for example, ViewSonic requests documents "sufficient to identify" the "parts of a light source unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 93:

Any and all bill of materials for any prism unit for use in a flat panel display device from January 1, 1997 to the present.

**REQUEST FOR PRODUCTION NO. 94:**

Documents from January 1, 1997 to the present sufficient to identify the parts of a prism unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a prism unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a prism unit and their assemblage).

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to identify" the "parts of a prism unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

### REQUEST FOR PRODUCTION NO. 95:

Any and all bill of materials for any diffuser unit for use in a flat panel display device from January 1, 1997 to the present.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials" for any "diffuser unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

### REQUEST FOR PRODUCTION NO. 96:

Documents from January 1, 1997 to the present sufficient to identify the parts of a diffuser unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a diffuser unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a diffuser unit and their assemblage).

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to identify" the "parts of a diffuser unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the

discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

### REQUEST FOR PRODUCTION NO. 97:

Any and all bill of materials for any reflector unit for use in a flat panel display device from January 1, 1997 to the present.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all bill of materials" for any "reflector unit" for use in an unspecified "flat panel display device", calling for documents not relevant to any claim or defense in this case , and without defining "bill of materials"). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

**REQUEST FOR PRODUCTION NO. 98:**

Documents from January 1, 1997 to the present sufficient to identify the parts of a reflector unit, and the structure, function, source, and/or assemblage of those parts. (This Request does not seek every document referencing a reflector unit; rather, it simply seeks documents that will show the name, shape, structure, function and source of the various parts of a reflector unit and their assemblage).

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests documents "sufficient to identify" the "parts of a reflector unit", calling for documents not relevant to any claim or defense in this case). LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain. LPL also objects to this

Request as unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence to the extent it seeks the production of documents unrelated to the Patents-in-Suit.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: LPL is willing to produce relevant, non-privileged documents that are responsive to this Request, but is unable to do so until the Request is narrowed.

## REQUEST FOR PRODUCTION NO. 99:

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the attachment of a stand or base to a Flat Panel Display Product, excluding documents relating to the ViewSonic VX900 or the Tatung L17AMTN.

## RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of prior requests (for example, ViewSonic requests "all" documents "referring to, relating to, or evidencing" the "attachment of a stand or base to a Flat Panel Display Product"

burdensome, or less expensive, and because the burden or expense of the proposed
discovery outweighs its likely benefit, taking into account the needs of the case, the
amount in controversy, the parties' resources, the importance of the issues at stake in the
litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific
objections, LPL responds as follows: To the extent that LPL understands this Request,
and to the extent documents exist and can be located by a reasonable investigation, LPL
will produce non-privileged, relevant documents not previously produced, as they pertain
to the Patents-in-Suit, in its possession, custody, or control that are responsive to the
Request. Discovery is continuing and LPL reserves the right to supplement this response
as, and when necessary.

### REQUEST FOR PRODUCTION NO. 118:

Documents from January 1, 1997 to the present sufficient to identify each and
every product by model number and/or other designation made, sold, or offered for sale
by or on behalf of LPL that incorporates or embodies any invention disclosed or claimed
in the Patents-in-Suit, the time period during which such product was manufactured, sold
or offered for sale, and all documents relating or referring to how each such product is or
can be mounted to an external case of a Flat Panel Display Product.

### RESPONSE:

LPL objects to this Request to the extent it seeks documents subject to the
attorney-client privilege and work product doctrine. LPL further objects to this Request
because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of
prior requests (for example, ViewSonic requests "all" documents "sufficient to identify"
unspecified products, calling for documents not relevant to any claim or defense in this
case). LPL further objects to this Request as not reasonably calculated to lead to
discovery of admissible evidence because it is not limited to the production of documents

related to any invention disclosed, described, or claimed in the Patents-in-Suit. LPL further objects to this Request as unduly burdensome to the extent it seeks the production of documents already in the public domain.

LPL also objects to this request as premature in that it requires construction and improper because it requires claim interpretation and/or the premature disclosure of expert testimony prior to the deadlines set forth by the Scheduling Order.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving the general objections, and these specific objections, LPL responds as follows: Discovery is continuing and LPL reserves the right to supplement this response as, and when necessary.

**REQUEST FOR PRODUCTION NO. 119:**

Any and all documents from January 1, 1997 to the present referring to, relating to, or evidencing the use in Flat Panel Display Products of that element in the ViewSonic VX900 identified as frame "C" in the Declaration of William K. Bohannon.

**RESPONSE:**

LPL objects to this Request to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. LPL further objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome, and duplicative of

636988v1

72