# EXHIBIT 12

Case 1:04-cv-00343-JJF   Document 696-5   Filed 06/20/2007   Page 1 of 17

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S THIRD SET OF REQUESTS FOR PRODUCTION**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P. 26 and 34, objects and responds as follows to Defendant ViewSonic Corporation's Third Set of Requests for Production.

**General Objections**

These General Objections apply to each Request and thus, for convenience, are not repeated after each Request, but rather are set forth herein and are hereby incorporated into each response. By responding to any particular Request with the phrase "Subject to and without waiving these objections," we are incorporating by reference not only the specific objections but also these General Objections.

1. LPL objects to each Request to the extent it seeks documents subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

2. LPL objects to each Request to the extent it seeks discovery of documents containing trade secrets or other confidential research, development or commercial information

655450-1

and will only produce such documents in accordance with the Protective Order entered in this action. However, to the extent that any Request calls for the production of confidential documents of third parties that are in Plaintiff's possession, Plaintiff shall attempt to obtain the consent of such third party prior to production. If Plaintiff cannot obtain such consent, Plaintiff will not produce the documents.

3. LPL objects to these Requests to the extent that they request documents that are: a) not in the Plaintiff's possession; b) already in ViewSonic's possession; c) in the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule, as unduly burdensome, oppressive, and designed to harass.

4. LPL objects to these Requests as unduly burdensome, oppressive, and designed to harass to the extent that they request documents in the possession of others, as such documents are beyond the scope of LPL's "custody and control."

5. LPL objects to these Requests to the extent that they request documents not related specifically to the Patents-in-Suit, not relevant to the claims and defenses in this case, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. LPL objects to these Requests to the extent that they lack any appropriate limitation as to time frame and/or geographic scope, making such Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7. LPL objects to these Requests to the extent that they request documents other than those that are in its possession, custody or control as such Requests are beyond the requirements of the Federal Rules of Civil Procedure.

8. LPL objects to ViewSonic's "Definitions" and "Instructions" to the extent that they purport to impose obligations not required under the Federal Rules of Civil Procedure.

9. LPL objects to ViewSonic's "Definitions" to the extent these definitions are redundant, or are inconsistent with either the text of any particular requests and/or with definitions of the same terms in any other discovery requests from ViewSonic to LPL.

10. LPL objects to Definition 2 of "LPL" because it is overly broad, unduly burdensome and improperly includes a variety of persons and entities over which LPL has no control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client privilege and work product doctrine.

11. LPL objects to Definition 7 because it is overly broad and unduly burdensome in that it is not limited to foreign counterparts of the Patents-in-Suit.

12. LPL objects to Instruction H to the extent that it exceeds the requirements of the Federal Rules of Civil Procedure. LPL will supplement its responses if required.

13. LPL objects to Instructions A, B, C, D, E, F, and G because they impose unreasonable burdens and/or seek information, responses, or acts not required by the Federal Rules of Civil Procedure. LPL will respond and produce documents pursuant to Fed. R. Civ. P. 26 and 34.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 121:

Documents sufficient to identify each product by model number and/or other designation made, sold, offered for sale, demonstrated or used by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies a "flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 Patent.

the Patents-in-Suit. LPL reserves the right to supplement its response to this Request, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 123:**

Documents sufficient to identify each product by model number and/or other designation made, sold, offered for sale, demonstrated or used by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies a "rear mountable flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent.

**RESPONSE:**

LPL incorporates its general objections herein by reference. LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL objects to this Request because it is vague, ambiguous, and overly broad. LPL also objects to this Request to the extent that it seeks legal conclusions and/or requires claim constructions because it requires the term "rear mountable flat panel display device" to be construed. Because as the Special Master has held the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request. In addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Interrogatory should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request because the Special Master recently directed that discovery should focus on products that practice the rear mount inventions at issue, and LPL products do not practice the claims or inventions of the Patents-in-Suit. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: LPL has not made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit. LPL reserves the right to supplement its response to this Request, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 124:**

Documents sufficient to show the monthly and annual sales and resultant gross and net profits for each product sold by or on behalf of LPL on or after January 1, 1998 by country and by

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: LPL has not made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit. LPL reserves the right to supplement its response to this Request, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 126:**

Documents sufficient to illustrate, show and/or evidence the location of the "flat display panel" (as that term is used in claim 56 of the '641 patent) relative to the "first frame" and "second frame" (as those terms are used in claim 56 of the '641 patent), or the distances between the "flat display panel" and the "first frame" and "second frame" in any product made, sold, or offered for sale by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies any "flat panel display device" (as that term is used in claim 56 of the '641 patent), whether or not the "flat panel display device" is "rear mountable" (as that term is used in claim 56 of the '641 patent).

**RESPONSE:**

LPL incorporates its general objections herein by reference. LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited. LPL objects to this Request because it is vague, ambiguous, and overly broad LPL also objects to this Request to the extent that it seeks legal conclusions and/or requires claim constructions because it requires the terms "flat display panel," "first frame," "second frame," "flat panel display device," and "flat panel display device" is "rear mountable" to be construed. Because as the Special Master has held the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request. In

12

addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Interrogatory should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request because the Special Master recently directed that discovery should focus on products that practice the rear mount inventions at issue, and LPL products do not practice the claims or inventions of the Patents-in-Suit. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: LPL has not made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit. LPL reserves the right to supplement its response to this Request, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 127:**

Documents sufficient to illustrate, show and/or evidence the shape, structure, form and/or performance of any structure provided in any product made, sold, offered for sale, demonstrated or used anywhere by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies any "flat panel display device" (as that term is used in claim 56 of the '641 patent), that enable mounting of a "flat display panel" (as that term is used in claim 56 of the '641 patent) to a "housing" (as that term is used in claim 56 of the '641 patent).

**RESPONSE:**

LPL incorporates its general objections herein by reference. LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL objects to this Request because it is vague, ambiguous, and overly broad. LPL also objects to this Request to the extent that it seeks legal conclusions and/or requires claim constructions because it requires the terms "flat display panel," "flat panel display device," and "housing" to be construed. Because as the Special Master has held the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request. In addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Interrogatory should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request because the Special Master recently directed that discovery should focus on products that practice the rear mount inventions at issue, and LPL products do not practice the claims or inventions of the Patents-in-Suit. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: LPL has not made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit. LPL reserves the right to supplement its response to this Request, if appropriate, when and if additional information becomes available, or otherwise.

March 26, 2007

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

15

655450-1

# EXHIBIT 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S FOURTH SET OF REQUESTS FOR PRODUCTION**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P. 26 and 34, objects and responds as follows to Defendant ViewSonic Corporation's Fourth Set of Requests for Production.

**General Objections**

These General Objections apply to each Request and thus, for convenience, are not repeated after each Request, but rather are set forth herein and are hereby incorporated into each response. By responding to any particular Request with the phrase "Subject to and without waiving these objections," we are incorporating by reference not only the specific objections but also these General Objections.

1. LPL objects to each Request to the extent it seeks documents subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

2. LPL objects to each Request to the extent it seeks discovery of documents containing trade secrets or other confidential research, development or commercial information

and will only produce such documents in accordance with the Protective Order entered in this action. However, to the extent that any Request calls for the production of confidential documents of third parties that are in Plaintiff's possession, Plaintiff shall attempt to obtain the consent of such third party prior to production. If Plaintiff cannot obtain such consent, Plaintiff will not produce the documents.

3. LPL objects to these Requests to the extent that they request documents that are: a) not in the Plaintiff's possession; b) already in ViewSonic's possession; c) in the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule, as unduly burdensome, oppressive, and designed to harass.

4. LPL objects to these Requests as unduly burdensome, oppressive, and designed to harass to the extent that they request documents in the possession of others, as such documents are beyond the scope of LPL's "custody and control."

5. LPL objects to these Requests to the extent that they request documents not related specifically to the Patents-in-Suit, not relevant to the claims and defenses in this case, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. LPL objects to these Requests to the extent that they lack any appropriate limitation as to time frame and/or geographic scope, making such Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7. LPL objects to these Requests to the extent that they request documents other than those that are in its possession, custody or control as such Requests are beyond the requirements of the Federal Rules of Civil Procedure.

8. LPL objects to ViewSonic's "Definitions" and "Instructions" to the extent that they purport to impose obligations not required under the Federal Rules of Civil Procedure.

9. LPL objects to ViewSonic's "Definitions" to the extent these definitions are redundant, or are inconsistent with either the text of any particular requests and/or with definitions of the same terms in any other discovery requests from ViewSonic to LPL.

10. LPL objects to Definition 2 of "LPL" because it is overly broad, unduly burdensome and improperly includes a variety of persons and entities over which LPL has no control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client privilege and work product doctrine.

11. LPL objects to Definition 7 because it is overly broad and unduly burdensome in that it is not limited to foreign counterparts of the Patents-in-Suit.

12. LPL objects to Instruction H to the extent that it exceeds the requirements of the Federal Rules of Civil Procedure. LPL will supplement its responses if required.

13. LPL objects to Instructions A, B, C, D, E, F, and G because they impose unreasonable burdens and/or seek information, responses, or acts not required by the Federal Rules of Civil Procedure. LPL will respond and produce documents pursuant to Fed. R. Civ. P. 26 and 34.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 128:

All information from January 1, 1997 relating to structures, devices, mechanisms and/or methods used to affix, secure, mount, or attach a flat panel display device (e.g. an LCD module, plasma display panel or field emission device) to, on, or within any other structure, including but not limited to a frame, chassis, tray, enclosure, case, housing, or stand, at or near the corners of the flat panel display device, including a sample of each such flat panel display device.

**RESPONSE:**

LPL incorporates its general objections herein by reference. LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL also objects to this Request to the extent that it seeks or requires legal conclusions and/or claim constructions. Because as the Special Master has held the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request. LPL objects to this Request to the extent that it defines "a flat panel display device" as, for example, an LCD module, plasma display panel or field emission device. In addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL and awaiting a decision from the Special Master. LPL further objects to the extent the Request seeks documents not in LPL's possession, custody, or control.

LPL objects to this Request because it is vague, ambiguous and overly broad. LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1997, but does not provide an end point in time. Any response to this Request should be limited to the time frame previously discussed in the December 28, 2006 hearing.

In addition, LPL objects to this Request as overly broad and burdensome because it seeks "all information" and includes all types of mounting since January 1, 1997. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Request because the Special Master recently directed that discovery should focus on products that practice the rear mount inventions at issue, and LPL products do not practice the claims or inventions of the Patents-in-Suit. This Request is overly broad and

655987-1                                                    4

appears to address any type of mounting including side mounting and front mounting. LPL also objects to this Request to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: LPL previously has produced a list of modules that have holes at the rear surface. Third parties make decisions about assembly and mounting, including with respect to the use of fastening elements and methods and multiple options may exist for assembly and mounting concerning many display products. LPL reserves the right to supplement its response to this response, if appropriate, when and if additional information becomes available, or otherwise.

**REQUEST FOR PRODUCTION NO. 129:**

All information related to projections, budgets, forecasts and business plans from January 1, 1997 regarding any flat panel display device (e.g. an LCD module, plasma display panel or field emission device) that can be affixed, secured, mounted, or attached to, on, or within any other structure, including but not limited to a frame, chassis, tray, enclosure, case, housing, or stand, at or near the corners of the flat panel display device.

**RESPONSE:**

LPL incorporates its general objections herein by reference. LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL also objects to this Request to the extent that it seeks legal conclusions and/or requires claim constructions. Because as the Special Master has held the Scheduling Order contemplated a

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: LPL previously has produced a list of modules that have holes at the rear surface. In addition, LPL has produced summaries of sales and cost information for all LPL's products. Third parties make decisions about assembly and mounting, including with respect to the use of fastening elements and methods and multiple options may exist for assembly and mounting concerning many display products. LPL reserves the right to supplement its response to this response, if appropriate, when and if additional information becomes available, or otherwise.

March 30, 2007

        THE BAYARD FIRM

        /s/ Richard D. Kirk (rk0922)
        Richard D. Kirk
        Ashley B. Stitzer
        222 Delaware Avenue, Suite 900
        P.O. Box 25130
        Wilmington, DE  19899-5130
        rkirk@bayardfirm.com
        (302) 655-5000
        Counsel for Plaintiff
        LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Lora Brzezynski
Rel S. Ambrozy
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500