# EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343-JJF |
| TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, | |
| Defendants. | |

### PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND ANSWERS TO DEFENDANT VIEWSONIC CORPORATION'S SECOND SET OF INTERROGATORIES

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P. 33, supplements its objections and responses to Defendant ViewSonic Corporation's ("ViewSonic") Second Set of Interrogatories for the second time as follows.

### PRELIMINARY STATEMENT

1.    LPL makes the objections and answers herein (collectively "Answers") based solely on its current knowledge, understanding, and belief as to the facts and the information available to it as of the date of the Answers. Additional discovery and investigation may lead to additions to, changes in, or modifications of these Answers. LPL reserves the right to produce subsequently discovered information and to introduce such subsequently discovered information at the time of any hearing or trial in this action.

2.    LPL does not waive any objection made in these Answers, nor any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in the Answers. Any inadvertent disclosure of information or inadvertent

identification or production of any document shall not constitute waiver of any applicable privilege.

3.    LPL incorporates by reference the following General Objections within each of the individual Objections and Answers to these Interrogatories. All Answers are made subject to each and without waiving any of such objections. LPL's specific Objections are not intended to preclude, override, or withdraw any of the General Objections to that Interrogatory.

## GENERAL OBJECTIONS

These general objections apply to each Interrogatory and thus, for convenience, are not repeated after each Interrogatory, but rather are set forth herein and are hereby incorporated into each response. By responding to any particular interrogatory with the phrase "Subject to and without waiving these objections," we are incorporating by reference not only the specific objections but also these general objections.

1.    LPL objects to each Interrogatory to the extent it seeks information subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

2.    LPL objects to each Interrogatory to the extent it seeks discovery of trade secrets or other confidential research, development or commercial information and will only produce such information subject to the Protective Order entered in this action. However, to the extent that any Interrogatory calls for the disclosure or production of confidential information of third parties that are in Plaintiff's possession, Plaintiff shall attempt to obtain the consent of such third party prior to disclosure or production. If Plaintiff cannot obtain such consent, Plaintiff will not disclose or produce the information.

3.     LPL objects to these Interrogatories to the extent that they request information that is: a) not in Plaintiff's possession; b) already in ViewSonic's possession; c) in the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule, as unduly burdensome, oppressive, and designed to harass.

4.     LPL objects to these Interrogatories as unduly burdensome, oppressive, and designed to harass to the extent that they request information in the possession of others, as such information is beyond the scope of LPL's "custody and control."

5.     LPL objects to these Interrogatories to the extent they request information not relevant to the claims and defenses in this case, or not reasonably calculated to lead to the discovery of admissible evidence.

6.     LPL objects to these Interrogatories to the extent that they ask Plaintiff to identify documents as overly broad and unduly burdensome, in that the interrogatory seeks numerous particulars that can be discerned from the documents themselves.

7.     LPL objects to ViewSonic's "Definitions and Instructions" to the extent that they purport to impose obligations not required under the Federal Rules of Civil Procedure.

8.     LPL objects to Special Definition B of "LPL" because it is overly broad, unduly burdensome and improperly includes a variety of persons and entities over which LPL has no control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client privilege and work product doctrine.

9.     LPL objects to Special Definition F because it is overly broad and unduly burdensome in that it is not limited to foreign counterparts of the Patents-in-Suit.

3

10.    LPL objects to Special Definition H because it is overly broad, vague, and ambiguous. In addition, LPL objects to the extent that the term "prior art" in these interrogatories is intended to suggest that any such "prior art" exists that would invalidate any claim in any of the Patents-in-Suit.

11.    LPL objects to General Definition I to the extent that it exceeds the requirements of the Federal Rules of Civil Procedure. LPL will supplement its responses if required under Fed. R. Civ. P. 26(e).

12.    LPL objects to General Definitions H, K, L, and M because they impose unreasonable burdens not required by the Federal Rules of Civil Procedure and exceed the scope of proper discovery. LPL will answer the Interrogatories pursuant to Fed. R. Civ. P. 26 and 33.

## INTERROGATORIES

### INTERROGATORY NO. 17:

State with specificity the level of knowledge, education, experience, and/or expertise possessed by a person who has ordinary skill in the art to which any invention disclosed, described or claimed in any of the Patents-in-Suit pertains.

### OBJECTIONS AND ANSWER

LPL incorporates its general objections herein by reference. LPL further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Interrogatory to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties'

4

- documents describing ViewSonic's business and/or business relationships,

    including, for example, investor presentations, annual reports and/or prospectuses.

Persons with knowledge of ViewSonic's indirect and direct infringement of the Patents-in-Suit include: ViewSonic's officers and employees; and ViewSonic's customers, suppliers and distributors.

Additional information necessary to respond to this Interrogatory is in ViewSonic's possession and LPL expects to discover that information as discovery continues in this case. LPL's investigation and discovery is continuing and LPL reserves the right to supplement this response.

### INTERROGATORY NO. 25:

Identify each every product by model number and/or other designation made, sold, or offered for sale by or on behalf of LPL that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit, identify each such claim, state with specificity how each product is covered by such claim and where each claim limitation is found within each such product, state the time period during which such product was manufactured, sold, offered for sale or imported into the United States and identify all documents relating to or referring to how each such product is covered by any claim of the Patents-in-Suit.

### OBJECTIONS AND ANSWER

LPL incorporates its general objections herein by reference. LPL further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Interrogatory on the ground that it is premature and improper because it addresses infringement and/or patent claim term meaning and interpretation and/or because it seeks the premature disclosure of expert testimony. Moreover, LPL objects to this Interrogatory because it seeks legal conclusions. LPL further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably

47

calculated to lead to the discovery of admissible evidence. LPL also objects to this Interrogatory to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

LPL reserves the right to supplement this Interrogatory response, if appropriate, when and if additional information becomes available, or otherwise as required by the Court's Scheduling Order. LPL also reserves the right to offer other and additional evidence, including, but not limited to, expert testimony, to respond to any prior art and invalidity defenses alleged by Defendants.

## FIRST SUPPLEMENTAL OBJECTIONS AND ANSWER

LPL incorporates its general objections herein by reference. LPL further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Interrogatory on the ground that it is premature and improper because it addresses infringement and/or patent claim term meaning and interpretation and/or because it seeks the premature disclosure of expert testimony. Moreover, LPL objects to this Interrogatory because it seeks legal conclusions. LPL further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. LPL also objects to this Interrogatory to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: No products exist that are responsive to this Request because neither LPL nor anyone on behalf of LPL has ever made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit. LPL reserves the right to supplement this Interrogatory response, if appropriate, when and if additional information becomes available, or otherwise as required by the Court's Scheduling Order. LPL also reserves the right to offer other and additional evidence, including, but not limited to, expert testimony, to respond to any prior art and invalidity defenses alleged by Defendants.

### INTERROGATORY NO. 26:

Define the phrase "back mounting" as it relates to any invention disclosed and/or claimed in the Patents-in-Suit, and specify the basis, if any, for your definition including without limitation, any support for the definition found in the Patents-in-Suit and/or any Prior Art.

### OBJECTIONS AND ANSWER

LPL incorporates its general objections herein by reference. LPL further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Interrogatory on the ground that it is premature and improper because it addresses infringement and/or patent claim term meaning and interpretation and/or because it seeks the premature disclosure of expert testimony. Moreover, LPL objects to this Interrogatory because it seeks legal conclusions. LPL further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably

disclosed or disseminated under an obligation of confidentiality; iv) in which country or

countries the Sharp LQ5AW136 document may have been disclosed or disseminated; and/or v)

whether the Sharp LQ5AW136 document would enable one skilled in the art to make and use the

claimed inventions.  LPL reserves the right to supplement this Response, if and when

supplementation becomes necessary.


February 21, 2007

                                THE BAYARD FIRM

                                /s/ Richard D. Kirk (rk0922)
                                Richard D. Kirk
                                Ashley B. Stitzer
                                222 Delaware Avenue, Suite 900
                                P.O. Box 25130
                                Wilmington, DE  19899-5130
                                (302) 655-5000
                                rkirk@ bayardfirm.com

                                Counsel for Plaintiff
                                LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzeznski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

# EXHIBIT 16

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

**PLAINTIFF'S OBJECTIONS AND ANSWERS TO
DEFENDANT VIEWSONIC CORPORATION'S THIRD SET OF INTERROGATORIES**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P.

33 and 26, objects and responds as follows to Defendant ViewSonic Corporation's

("ViewSonic") Third Set of Interrogatories.

**PRELIMINARY STATEMENT**

1.      LPL makes the objections and answers herein (collectively "Answers") based

solely on its current knowledge, understanding, and belief as to the facts and the information

available to it as of the date of the Answers.  Additional discovery and investigation may lead to

additions to, changes in, or modifications of these Responses.  LPL reserves the right to produce

subsequently discovered information and to introduce such subsequently discovered information

at the time of any hearing or trial in this action.

2.      LPL does not waive any objection made in these Answers, nor any claim of

privilege, whether expressly asserted or not, by providing any information or identifying any

document or thing in the Answers.  Any inadvertent disclosure of information or inadvertent

identification or production of any document shall not constitute waiver of any applicable privilege.

   3.    LPL incorporates by reference the following General Objections within each of the individual Objections and Answers to these Interrogatories. All Answers are made subject to each and without waiving any of such objections. LPL's specific Objections are not intended to preclude, override, or withdraw any of the General Objections to that Interrogatory.

## GENERAL OBJECTIONS

   These general objections apply to each Interrogatory and thus, for convenience, are not repeated after each Interrogatory, but rather are set forth herein and are hereby incorporated into each response. By responding to any particular interrogatory with the phrase "Subject to and without waiving these objections," we are incorporating by reference not only the specific objections but also these general objections.

   1.    LPL objects to each Interrogatory to the extent it seeks information subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

   2.    LPL objects to each Interrogatory to the extent it seeks discovery of trade secrets or other confidential research, development or commercial information and will only produce such information subject to the Protective Order entered in this action. However, to the extent that any Interrogatory calls for the disclosure or production of confidential information of third parties that are in Plaintiff's possession, Plaintiff shall attempt to obtain the consent of such third party prior to disclosure or production. If Plaintiff cannot obtain such consent, Plaintiff will not disclose or produce the information.

3.      LPL objects to these Interrogatories to the extent that they request information that is: a) not in Plaintiff's possession; b) already in ViewSonic's possession; c) in the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule, as unduly burdensome, oppressive, and designed to harass.

4.   .   LPL objects to these Interrogatories as unduly burdensome, oppressive, and designed to harass to the extent that they request information in the possession of others, as such information is beyond the scope of LPL's "custody and control."

5.      LPL objects to these Interrogatories to the extent they request information not relevant to the claims and defenses in this case, or not reasonably calculated to lead to the discovery of admissible evidence.

6.      LPL objects to these Interrogatories to the extent that they ask Plaintiff to identify documents as overly broad and unduly burdensome, in that the interrogatory seeks numerous particulars that can be discerned from the documents themselves.

7.      LPL objects to ViewSonic's "Definitions and Instructions" to the extent that they purport to impose obligations not required under the Federal Rules of Civil Procedure.

8.      LPL objects to Special Definition B of "LPL" because it is overly broad, unduly burdensome and improperly includes a variety of persons and entities over which LPL has no control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client privilege and work product doctrine.

9.      LPL objects to Special Definition F because it is overly broad and unduly burdensome in that it is not limited to foreign counterparts of the Patents-in-Suit.

11.    LPL objects to General Definition I to the extent that it exceeds the requirements

of the Federal Rules of Civil Procedure.  LPL will supplement its responses if required under

Fed. R. Civ. P. 26(e).

12.    LPL objects to General Definitions H, K, L, and M because they impose

unreasonable burdens not required by the Federal Rules of Civil Procedure and exceed the scope

of proper discovery.  LPL will answer the Interrogatories pursuant to Fed. R. Civ. P. 26 and 33.

## INTERROGATORIES

### INTERROGATORY NO. 30:

Identify each product by model number and/or other designation made, sold, offered for
sale, demonstrated or used by or on behalf of LPL on or after January 1, 1998 that incorporates or
embodies a "flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or
56 of the '641 patent.

### OBJECTIONS AND ANSWER

LPL incorporates its general objections herein by reference.  LPL further objects to this

Interrogatory to the extent that it seeks information protected by the attorney-client privilege or

the work product doctrine, or that is otherwise privileged and protected from disclosure.  LPL

further objects to this Request because the supplemental discovery permitted by the Special

Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641

Patent, and this Request is not so limited.  LPL also objects to this Request to the extent that it

seeks legal conclusions and/or requires claim constructions because it requires the term "flat

panel display device" to be construed.  Because as the Special Master has held the Scheduling

Order contemplated a separate phase for claim construction, and because the Court has not yet

issued its claim construction Order, it is premature to require LPL to respond to this Request.  In

addition, LPL objects to this Interrogatory to the extent it seeks discovery that is the subject of

discovery of admissible evidence. The Special Master recently suggested that discovery should focus on products that practice the rear mount inventions at issue, and LPL's products do not practice the claims or inventions of the Patents-in-Suit. LPL also objects to this Interrogatory to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: LPL has not ever made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit. LPL reserves the right to supplement this Interrogatory response, if appropriate, when and if additional information becomes available, or otherwise.

## INTERROGATORY NO. 32:

Identify each product by model number and/or other designation made, sold, offered for sale, demonstrated or used by or on behalf of LPL on or after January 1, 1998 that incorporates or embodies a "rear mountable flat panel display device" as that term is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent.

### OBJECTIONS AND ANSWER

LPL incorporates its general objections herein by reference. LPL further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641

655451-1

DC:50463633.1

Patent, and this Request is not so limited. LPL also objects to this Request to the extent that it seeks legal conclusions and/or requires claim constructions because it requires the term "rear mountable flat panel display device" to be construed. Because as the Special Master has held the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request. In addition, LPL objects to this Interrogatory to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL also objects to this Interrogatory because it is vague, ambiguous, and overly broad.

LPL also objects to this Interrogatory to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Interrogatory should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence. The Special Master recently suggested that discovery should focus on products that practice the rear mount inventions at issue, and LPL's products do not practice the claims or inventions of the Patents-in-Suit. LPL also objects to this Interrogatory to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiving these objections, and based on the information available on the date these responses were prepared, LPL states as follows: LPL has not ever made, sold, or offered for sale any product that incorporates or embodies any invention disclosed or claimed in the Patents-in-Suit. LPL reserves the right to supplement this Interrogatory response, if appropriate, when and if additional information becomes available, or otherwise.

## INTERROGATORY NO. 33:

State the monthly and annual sales and resultant gross and net profits for each product sold by or on behalf of LPL on or after January 1, 1998 by country and by model number and/or other designation that incorporates or embodies a "rear mountable flat panel display device" as that taw is used in any of claims 38, 39, 44, 45, and/or 56 of the '641 patent. It is acceptable, to the extent it is less burdensome for LPL, to provide the information requested by country in a form that provides the information by U.S. and by the rest of the world.

### OBJECTIONS AND ANSWER

LPL incorporates its general objections herein by reference. LPL further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL also objects to this Request to the extent that it seeks legal conclusions and/or requires claim constructions because it requires the term "rear mountable flat panel display device" to be construed. Because as the Special Master has held the Scheduling Order contemplated a separate phase for claim construction, and because the Court has not yet issued its claim construction Order, it is premature to require LPL to respond to this Request. In addition, LPL objects to this Interrogatory to the extent it seeks discovery that is the

AS TO OBJECTIONS:

March 26, 2007

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

655451-1

DC:50463633.1

# EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343-JJF |
| TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, | |
| Defendants. | |

### PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S FIRST SET OF <u>REQUESTS FOR ADMISSION</u>

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P.

36, supplements its objections and responses as follows to Defendant ViewSonic Corporation's

("ViewSonic") First Set of Requests for Admission.

### <u>PRELIMINARY STATEMENT & GENERAL OBJECTIONS</u>

LPL hereby incorporates its Preliminary Statements and its General Objections from

Plaintiff's previous Objections and Answers to Defendant ViewSonic Corporation's First Set of

Requests for Admission. Those general objections apply to each Interrogatory herein and thus,

for convenience, are not repeated after each Interrogatory, and are hereby incorporated into each

response.

This set of Objections and Responses incorporates into this single document all of LPL's

previously-submitted supplemental objections and responses to Defendant ViewSonic

Corporation's First Set of Requests for Admission as well as any of LPL's previous

supplemental responses.  Through this set of supplemental objections and responses, LPL

supplements its objections and responses to Requests for Admission Nos. 28-32.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that the "flat panel display device" is not a "data processing device" as these terms are used in Claim 35 of the '641 Patent.

### RESPONSE:

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation.  LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation.  Further, LPL objects because this Request seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 2:

Admit that a "flat panel display device" does not include "a housing of the data processing device" as these terms are used Claim 35 of the '641 Patent.

### RESPONSE:

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation.  LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation.  Further, LPL objects because this Request seeks legal conclusions.

### REQUEST FOR ADMISSION NO. 3:

Admit that the express objects of the invention disclosed in the '641 Patent are all directed to minimizing side space identified as dimension "D" in Figure 3B of the '641 Patent.

643417v1

Patent do not require that any specific objects of the inventions recited in the '641 Patent be achieved.

### SECOND SUPPLEMENTAL RESPONSE:

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby redacts and withdraws all prior responses to this Request and states that it need not respond to this Request in that it "pose[s] impermissible hypotheticals by seeking comparisons to an unidentified and unspecified 'flat panel device that is not rear mountable.'" (D.I. 306, at 14-15.)

### REQUEST FOR ADMISSION NO. 11:

Admit that, as disclosed in the '641 Patent, the rear housing substantially supports the flat panel display device, when the flat panel display device is mounted to the rear housing via the fastening part at the rear surface of the first frame.

### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "substantially supports." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

### SUPPLEMENTAL RESPONSE:

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby reiterates its general and specific objections to this Request, and notes that it need not respond to this Request in that it poses "vague and ambiguous because [it does] not contain meaningful interpretations of claim language for purposes of discovery sought . . . [and to the] extent that [it contains] vague and/or ambiguous language." (D.I. 306, at 15-18.)

643417v1

### REQUEST FOR ADMISSION NO. 12:

Admit that, as disclosed in the '641 Patent, the fastening part at the rear surface of the first frame must securely fix, firmly attach, or make fast the rear housing to the flat panel display device when fastened as claimed in the '641 Patent.

### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "must securely fix, firmly attach, or make fast the rear housing." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

### SUPPLEMENTAL RESPONSE:

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby reiterates its general and specific objections to this Request, and notes that it need not respond to this Request in that it poses "vague and ambiguous because [it does] not contain meaningful interpretations of claim language for purposes of discovery sought . . . [and to the] extent that [it contains] vague and/or ambiguous language." (D.I. 306, at 15-18.)

### REQUEST FOR ADMISSION NO. 13:

Admit that a flat panel display device that is not substantially supported by the rear housing when mounted via the fastening part at the rear surface of the first frame does not practice the invention as claimed in the '641 Patent.

### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "not substantially supported" and "does not practice the invention." LPL

643417v1

12

objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

### SUPPLEMENTAL RESPONSE:

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby reiterates its general and specific objections to this Request, and notes that it need not respond to this Request in that it poses "vague and ambiguous because [it does] not contain meaningful interpretations of claim language for purposes of discovery sought . . . [and to the] extent that [it contains] vague and/or ambiguous language." (D.I. 306, at 15-18.)

### REQUEST FOR ADMISSION NO. 14:

Admit that when practicing the prior art front mounting method as referenced in the '641 Patent, the housing provides substantial support for the flat panel display device when mounted through the front mounted fastening part(s).

### RESPONSE:

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "when practicing the prior art front mounting method," "provides substantial support," and "front mounted fastening part(s)." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**SUPPLEMENTAL RESPONSE:**

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby reiterates its general and specific objections to this Request, and notes that it need not respond to this Request in that it poses "vague and ambiguous because [it does] not contain meaningful interpretations of claim language for purposes of discovery sought . . . [and to the] extent that [it contains] vague and/or ambiguous language." (D.I. 306, at 15-18.)

**REQUEST FOR ADMISSION NO. 15:**

Admit that, as defined by the '641 Patent, the front mounting method does not require that the LCD device be mounted to the front case (identified as element 121 in Figure 2 of the '641 Patent).

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "the front mounting method," "does not require," and "mounted to the front case." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**SUPPLEMENTAL RESPONSE:**

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby reiterates its general and specific objections to this Request, and notes that it need not respond to this Request in that it poses "vague and ambiguous because [it does] not contain meaningful interpretations of claim language for purposes of discovery sought . . . [and to the] extent that [it contains] vague and/or ambiguous language." (D.I. 306, at 15-18.)

64341741v1

14

**REQUEST FOR ADMISSION NO. 16:**

Admit that when assembled, the rear center screw "B5" and the threaded post "D5" of the PixelVision SGT15P, as identified in exhibit L to the Supplemental Brinkerhoff Declaration (DI 100; *see* Exhibit A hereto), do not in and of themselves securely fix, firmly attach, or make fast the flat panel display device to the rear housing such that the rear housing provides substantial support for the flat panel display device.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "in and of themselves," "securely fix, firmly attach, or make fast," and "provides substantial support." LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**SUPPLEMENTAL RESPONSE:**

Pursuant to the Special Master's Report and Recommendation of November 8, 2006, LPL hereby reiterates its general and specific objections to this Request, and notes that it need not respond to this Request in that it poses "vague and ambiguous because [it does] not contain meaningful interpretations of claim language for purposes of discovery sought . . . [and to the] extent that [it contains] vague and/or ambiguous language." (D.I. 306, at 15-18.)

**REQUEST FOR ADMISSION NO. 17:**

Admit that the two top screws and two screw holes in the ViewSonic VX900 identified as "B" and "D" respectively in exhibit 6 to the Bohannon Declaration (DI 5; *see* Exhibit B hereto) attach the stand to the VX900 monitor.

**RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "attach the stand." LPL objects to this Request because it improperly poses a

**REQUEST FOR ADMISSION NO. 32:**

Admit that the VX900 uses the same manner or method of mounting the LCD device to the housing as is used in the VX2000.

**OBJECTIONS AND ANSWER**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "uses" and "same manner or method." LPL further objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

**SUPPLEMENTAL RESPONSE:**

LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "uses" and "same manner or method." LPL further objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions.

Subject to and without waiving these objections and the general objections, and based upon the information presently available, LPL states as follows:

LPL admits that the VX900 and the VX2000 use the same manner of mounting the LCD device to the housing in that, without limitation, both the VX900 and the VX2000 use a manner of assembling a rear mountable flat panel display device capable of being mounted to a housing,

643417v1

26

comprising: placing a flat display panel on a top surface of a backlight unit having a first frame, the first frame having a fastening element for fastening the first frame to the housing, said fastening element being located on a rear surface opposite the top surface of the backlight unit where the flat display panel is placed; placing a second frame on the flat display panel; and fixing the flat display panel between the first frame of the backlight unit and the second frame ,.

### REQUEST FOR ADMISSION NO. 33:

Admit that the VX2000 does not infringe any claim of either of the Patents-in-Suit.

### OBJECTIONS AND ANSWER

LPL objects to this Request because it improperly poses a question hypothetically and/or in the abstract, precluding a response without clarification and/or explanation. LPL also objects to this Request on the ground that it is premature and improper because it addresses infringement and/or patent/claim term meaning and interpretation. Further, LPL objects because this Request seeks legal conclusions, contentions, and/or opinions.

Dated: November 16, 2006

        THE BAYARD FIRM

        /s/ Richard D. Kirk  (rk0922)
        Ashley B.Stitzer (as3891)
        222 Delaware Avenue, Suite 900
        P.O. Box 25130
        Wilmington, DE 19899-5130
        (302) 655-5000
        rkirk@bayardfirm.com
        astitzer@bayardfirm.com
        Counsel for Plaintiff
        LG.PHILIPS LCD CO., LTD.

643417v1

OF COUNSEL:

Lora Brzezynski
Matthew T. Bailey
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

643417v1

# EXHIBIT 18

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VIEWSONIC CORPORATION'S SECOND SET OF REQUESTS FOR ADMISSION

Plaintiff LG.Philips LCD Co., Ltd. ("LPL"), by counsel and pursuant to Fed. R. Civ. P. 26 and 36, objects and responds as follows to Defendant ViewSonic Corporation's ("ViewSonic") Second Set of Requests for Admission.

## GENERAL OBJECTIONS

These general objections apply to each Request for Admission and thus, for convenience, are not repeated after each Request for Admission, but rather are set forth herein and are hereby incorporated into each response.

1.    LPL objects to each Request for Admission to the extent it seeks information subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LPL does not by these responses waive any claim of privilege or work product.

1

2.     LPL objects to these Requests for Admissions to the extent they request information not relevant to the claims and defenses in this case, or not reasonably calculated to lead to the discovery of admissible evidence.

3.     LPL objects to ViewSonic's "Definitions and Instructions" to the extent that they are vague and ambiguous, or purport to impose obligations not required under the Federal Rules of Civil Procedure.

4.     LPL objects to Definition B of "LPL" because it is overly broad, unduly burdensome and improperly includes a variety of persons and entities over which LPL has no control, and because it includes LPL's "attorneys" as parties, which implicates the attorney-client privilege and work product doctrine.  As to all the requests for admission, LPL responds only on behalf of LPL.

5.     LPL objects to Definitions and Instructions G and H as related to interrogatories and not to requests for admission.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 34:

Admit that LPL believes that no product sold by or on behalf of LPL on or after January 1, 1998 incorporates or embodies a "rear mountable flat panel display device" as that term is used in claims 38, 39, 44, 45, and 56 of the '641 patent.

### RESPONSE:

LPL incorporates its general objections herein by reference.  LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure.  LPL objects to this Request on the ground that it is vague and ambiguous, including, for example, regarding "as that term is used in claims . . . ."  The claims of the '641 Patent read on multiple embodiments, and simply asking LPL to admit that it believes that its products do not

incorporate or embody one of those embodiments renders the Request vague and ambiguous. LPL further objects to this Request on the grounds that it is premature and improper because: i) it would require "that LPL admit or deny whether certain assemblies conform to claims of the patents-in-suit"; and/or ii) the Request seeks "to have LPL admit or deny constructions based upon the actual claim language of the patents-in-suit . . . ." See Special Master's November 8, 2006 Report and Recommendation, pp. 15-18. Because the Scheduling Order contemplates a separate phase for claim construction, and/or because this Court has not yet issued its claim construction Order, it would be premature and impermissible at this juncture to require LPL to respond to this Request. See *Id.* at 18.

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Request should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL also objects to this Request because it seeks legal conclusions and such Request for a legal conclusion under Fed. R. Civ. P. 36 is not appropriate. In addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL further objects to this Request as overly broad, vague and ambiguous because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 35:**

Admit that LPL believes that no product sold by or on behalf of LPL on or after January 1, 1998 incorporates or embodies any invention claimed in claims 38, 39, 44, 45, and 56 of the '641 patent and claim 36 of the '718 patent.

**RESPONSE:**

LPL incorporates its general objections herein by reference. LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure. LPL further objects to this Request on the ground that vague and ambiguous, including, for example, regarding "any invention claimed in claims...." The claims of the '641 Patent read on multiple embodiments, and simply asking LPL to admit that it believes that its products do not incorporate or embody one of those embodiments renders the Request vague and ambiguous. LPL further objects to this Request on the grounds that it is premature and improper because: i) it would require "that LPL admit or deny whether certain assemblies conform to claims of the patents-in-suit"; and/or ii) the Request seeks "to have LPL admit or deny constructions based upon the actual claim language of the patents-in-suit . . . ." See Special Master's November 8, 2006 Report and Recommendation, pp. 15-18. Because the Scheduling Order contemplates a separate phase for claim construction, and/or because this Court has not yet issued its claim construction Order, it would be premature and impermissible at this juncture to require LPL to respond to this Request. See *Id.* at 18.

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Request should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

655456-1

LPL also objects to this Request because it seeks legal conclusions and such Request for a legal conclusion under Fed. R. Civ. P. 36 is not appropriate. .  In addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL.  LPL further objects to this Request as overly broad, vague and ambiguous because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited.  LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 36:

Admit that LPL believes that no product sold by or on behalf of LPL on or after January 1, 1998 incorporates or embodies a "frame" that is "capable of being fixed to a housing of a data processing device" as those terms are used in claim 56 of the '641 patent.

### RESPONSE:

LPL incorporates its general objections herein by reference.  LPL further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine, or that is otherwise privileged and protected from disclosure.  LPL objects to this Request on the ground that vague and ambiguous, including, for example, regarding "as those terms are used in claim 56...."  The claims of the '641 Patent read on multiple embodiments, and simply asking LPL to admit that it believes that its products do not incorporate or embody one of those embodiments renders the Request vague and ambiguous. LPL further objects to this Request on the grounds that it is premature and improper because: i) it would require "that LPL admit or deny whether certain assemblies conform to claims of the patents-in-suit"; and/or ii) the Request seeks "to have LPL admit or deny constructions based

upon the actual claim language of the patents-in-suit . . . ." See Special Master's November 8, 2006 Report and Recommendation, pp. 15-18. Because the Scheduling Order contemplates a separate phase for claim construction, and/or because this Court has not yet issued its claim construction Order, it would be premature and impermissible at this juncture to require LPL to respond to this Request. See *Id.* at 18. .

LPL also objects to this Request to the extent that it seeks information generated on or after January 1, 1998, but does not provide an end point in time. Any response to this Request should be limited to a date no later than December 31, 1998, as previously discussed in the December 28, 2006 hearing.

LPL also objects to this Request because it seeks legal conclusions and such Request for a legal conclusion under Fed. R. Civ. P. 36 is not appropriate. . In addition, LPL objects to this Request to the extent it seeks discovery that is the subject of ViewSonic's February 16, 2007 motion to compel, which is opposed by LPL. LPL further objects to this Request as overly broad, vague and ambiguous because the supplemental discovery permitted by the Special Master on January 19, 2007, must be limited to claims 38, 39, 44, 45 and/or 56 of the '641 Patent, and this Request is not so limited. LPL further objects to this Request on the grounds that it seeks information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 37:**

Admit that LPL does not contend that ViewSonic's VE155b infringes any of claims 38, 39, 44, 45, and 56 of the '641 patent and claim 36 of the '718 patent.

**RESPONSE:**

March 26, 2007

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500