## RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

June 20, 2007

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

> Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*,
>      **C.A. No. 04-343-JJF**
>      **Discovery from LPL Deferred Until After Claim Construction**

Dear Special Master Poppiti:

Pursuant to section II.1 of the joint submission provided by Mr. Kirk to Your Honor on June 1, 2007 (Ex "A"), Tatung Company and Tatung Company of America (collectively, "Tatung") hereby renew and repeat their request for discovery that LPL has previously objected to providing based on the alleged need for claim construction, or was deferred until after claim construction, which issued June 15, 2007. The additional discovery sought relates to Tatung's defenses of invalidity, unenforceability, non-infringement, and damages.[1]

### I.  LPL's Promise to Provide More Detailed Infringement Contentions

ROG 1:  Tatung seeks LPL's identification of allegedly infringing Tatung products and LPL's infringement contentions regarding those products. LPL has consistently agreed that "LPL will provide more detailed information regarding infringing products and asserted claims at the appropriate time." *See* Plaintiff's Seventh Supplemental Objections and Answers to Defendant Tatung Company's First Set of Interrogatories at Page 93 dated May 4, 2007 (Ex. "B"). At the August 23 hearing, Your Honor held that, with reference to ViewSonic's July 31, 2006 motion, complete responses from LPL to infringement interrogatories such as Interrogatory 1 should be deferred until after claim construction. *See* Tr. of Aug. 23 Hr., at 4:2 - 21, 6:6 - 16.

---

[1] To the extent the construction of "rear mountable" or any other term changes, Tatung reserves the right to seek different or additional discovery based on such change(s) in the claim construction.

RLF1-3168206-1

The Honorable Vincent J. Poppiti
June 20, 2007
Page 2

As Your Honor is well aware, the claim terms in dispute have now been construed. Accordingly, LPL must now provide detailed infringement contentions, limitation by limitation, for any Tatung product LPL continues to accuse of infringement. In particular, this information is needed in order to evaluate how LPL is applying the construed claim terms to each of the Tatung products accused in this case in preparation for Tatung's non- infringement and invalidity defenses. This supplementation should be provided before Tatung is required to submit its expert report on invalidity so as to allow Tatung's expert to understand and/or address how LPL is applying the claim limitations as part of the expert's evaluation of the prior art.

ROG 2: Tatung seeks a categorization from LPL of what Tatung products it contends infringe its patents and, for each product, whether such infringement is alleged to be literal or by the Doctrine of Equivalents ("DOE"). In LPL's response to Interrogatory 2, LPL again indicated that "LPL will provide more detailed information regarding infringing products and asserted claims at the appropriate time." *See* Ex "B" at page 108. Thus, for any remaining Tatung products, LPL should be required to indicate - asserted claim by asserted claim - whether the alleged infringement is literal, DOE or both.

ROG 3: Tatung seeks the detailed literal infringement contentions from LPL for each asserted claim for each accused product. In particular, LPL should be required to provide limitation by limitation contentions that connect each limitation to an element of the accused product. In LPL's response to Interrogatory 3, LPL again indicated that "LPL will provide more detailed information regarding infringing products and asserted claims at the appropriate time." *See* Ex. "B" at page 150. Accordingly, to the extent LPL continues to allege that any remaining Tatung products literally infringe any claim of the patents, LPL should now be required to provide detailed literal infringement contentions.

ROG 4: Tatung seeks the detailed DOE infringement contentions from LPL for each asserted claim for each accused product. In particular, Tatung seeks LPL's limitation by limitation contentions that connect each limitation to an element of the accused product. In LPL's response to Interrogatory 4, LPL again indicated that "LPL will provide more detailed information regarding infringing products and asserted claims at the appropriate time." *See* Ex. "B" at page 230. Accordingly, to the extent LPL continues to allege that any remaining Tatung products infringe any claim of the patents by DOE, LPL should now be required to provide its detailed infringement contentions.

### DEPOSITION/DECLARATION OF MS. REBECCA RUDICH:

Ms. Rudich was intimately involved in the prosecution of the patents in suit and is involved with the sibling patents which are still being prosecuted. Her deposition was noticed by Tatung for March 21, 2007 (Ex. "C" hereto), but that deposition has not been held. Tatung and

The Honorable Vincent J. Poppiti
June 20, 2007
Page 3


LPL have agreed to postpone that deposition and have been discussing, as a possible alternative, the submission by Ms. Rudich of a signed declaration in lieu of the deposition. LPL has agreed to provide Tatung with certain photographs that LPL has indicated Ms. Rudich reviewed when submitting an Official response to a USPTO office action on a sibling patent. To date, LPL has not provided readable copies of those photographs, although LPL previously indicated it would do so. (*See* Ex. "D"). Without the opportunity to review readable photographs, it is not possible for Tatung to determine whether or not Ms. Rudich's deposition may be avoided. Tatung respectfully requests that the Special Master order LPL to provide those photographs, as previously promised, in the immediate future.

Respectfully,

Anne Shea Gaza
(#4093)

ASG/afg
Enclosures
cc:    Clerk of the Court (By Electronic Filing)
       Richard Kirk, Esquire (via electronic mail)
       Cormac T. Connor, Esquire (via electronic mail)
       Lora Brzezynski, Esquire (via electronic mail)
       Mark Krietzman, Esquire (via electronic mail)
       Scott R. Miller, Esquire (via electronic mail)
       Jeffrey B. Bove, Esquire (via electronic mail)

RLF1-3168206-1