# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
astitzer@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

June 25, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

      Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

      Plaintiff LG.Philips LCD Co., Ltd. ("LPL") submits this opposition to Defendants Tatung Company's and Tatung Company of America, Inc.'s (collectively, "Tatung") June 20, 2007 submission ("Submission") seeking supplemental discovery responses from LPL in light of Your Honor's June 15, 2007 claim construction determinations ("Markman Ruling"). Tatung seeks supplemental responses from LPL to Tatung's Interrogatories 1-4. LPL may need to supplement its responses to Interrogatories 1-4 based on the Markman Ruling. Tatung did not raise these issues with LPL prior to filing its Submission, however, and does not need any of these supplemental responses in order to complete its opening expert reports on July 16, 2007. Rather, pursuant to the parties' prior agreements, Your Honor should allow LPL to have until at least July 30, 2007 to provide supplemental responses to Interrogatories 1-4. Any supplementation, moreover, should take into account the fact that LPL's own expert report will provide information concerning infringement on July 16. Finally, the parties are negotiating a resolution to Tatung's request for additional information from LPL's attorney Rebecca Rudich.

      Tatung's Interrogatories 1-4 all pertain to LPL's infringement claims against Tatung's products. None of the Defendants need these supplemental responses in order for them to prepare their opening expert reports by July 16, 2007. (*See* Ex. A, May 24, 2007 Hr'g Tr. at 22:11-33:3 (ViewSonic's counsel discussing potential need for expedited discovery related to ViewSonic's opening expert reports).) Furthermore, the parties previously agreed that they would provide supplemental discovery responses within 45 days after the Markman Ruling issued. Consistent with that agreement, LPL should not be required to provide any supplemental discovery responses that are not necessary for opening expert reports until at least July 30, 2007.

      In October and November 2006, the parties discussed the fact that claim construction would potentially require all parties to supplement certain discovery responses. As a result, ViewSonic proposed that the parties agree to supplement any discovery responses impacted by

663702-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
June 25, 2007
Page 2

the forthcoming Markman Ruling within 45 days after the issuance of that Ruling. (*See* Ex. B, Letter from S. Miller (Oct. 11, 2006).) LPL accepted ViewSonic's proposal (*see* Ex. C, Letter from R. Ambrozy (Nov. 3, 2006)) and, because Tatung never objected, LPL has been operating on the understanding that all parties would supplement discovery responses within 45 days after the Markman Ruling, which would be on or before July 30, 2007.

There is no need to expedite responses on Tatung's Interrogatories 1-4. Tatung has never explained why it must have detailed, updated infringement analysis from LPL in order for Tatung's expert witness(es) to prepare a validity analysis, which is based on claim constructions and prior art assertions, not on LPL's infringement contentions. Given the fact that preparation of opening expert reports is an intensely laborious and time-consuming process, there is no need for any party to expend time and resources on supplemental responses that are not necessary for those reports. Tatung's Interrogatories 1-4 all will require LPL to engage in complicated and time-consuming analysis of over 165 different accused products in light of Your Honor's claim constructions. Furthermore, LPL's own expert reports will provide a detailed analysis of LPL's infringement contentions, meaning that the Defendants will be advised of LPL's infringement contentions by no later than July 16. Because expedited supplementation would impose undue and unnecessary burdens, LPL should not be required to supplement its responses to Tatung's Interrogatories 1-4, which can have no bearing on Tatung's opening expert reports, on an expedited basis.

LPL has attempted and is continuing to attempt to resolve Tatung's requests for more information from attorney Rebecca Rudich. Tatung attached a letter dated April 26, 2007, in which it demanded that Ms. Rudich submit an amended affidavit. (*See* Ex. D to Tatung Subm.) However, Tatung ignores the fact that LPL responded the very next day by submitting another draft affidavit and 84 pages of exhibits, including photograph exhibits, from Ms. Rudich for Tatung's review. (*See* Ex. D, E-mail from D. Auito (Apr. 27, 2007) (with attachment).) Tatung's only comment in response to LPL's April 27 correspondence was to claim that the attached images are unclear. On June 25, LPL contacted Tatung's counsel again to try to resolve this dispute. The parties will advise Your Honor if they are able to reach agreement.

Respectfully submitted,

Ashley B. Stitzer (as3891)

cc: Counsel as shown on the attached certificate

663702-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 25, 2007, she electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand on June 25, 2007 to the above counsel and were sent by email and by U.S. Mail on June 25, 2007 to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Ashley B. Stitzer (as3891)
Ashley B. Stitzer

571447-1