# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

- - -

PHILLIPS, L.G., LCD CO., LTD,       :
                                    : Civil Action
    Plaintiffs,                     : No. 04-343(JJF)
                                    :
    vs.                             :
                                    : TRIAL BY JURY OF 12
TATUNG CO., TATUNG COMPANY OF       :
AMERICA, INC., and VIEWSONIC        :
CORPORATION,                        :
                                    :
    Defendants.                     :

- - -

A status conference was taken before The Honorable Vincent J. Poppiti on Thursday, May 24, 2007, beginning at approximately 3:15 p.m.

APPEARANCES:

        STEPHEN BRAUERMAN, ESQ.
        THE BAYARD FIRM
        222 Delaware Avenue, Suite 900
        Wilmington, Delaware 19899
          Attorney for Plaintiffs


Gail Inghram Verbano, CSR, RMR, CLR
CORBETT & WILCOX
230 N. Market Street - Wilmington, Delaware 19801
(302) 571-0510

Corbett & Wilcox is not affiliated with
Wilcox & Fetzer, Court Reporters

Page 2

```
 1  APPEARANCES: (CONT'D.)
 2      CASS W. CHRISTENSON, ESQ.
        CORMAC T. CONNOR, ESQ.
 3      McKENNA, LONG & ALDRIDGE
        1900 K Street NW
 4      Washington, D.C. 20006-1108
           Attorney for Plaintiffs
 5
        JAIME TWEEDIE, ESQ.
 6      RICHARDS LAYTON & FINGER
        One Rodney Square
 7      Wilmington, Delaware 19899
           Attorney for Defendant Tatung Co.
 8
        VALERIE HO, ESQ.
 9      GREENBERG TRAURIG, LLP
        2450 Colorado Avenue, Suite 400E
10      Santa Monica, California 90404
           Attorney for Defendant Tatung Company
11         of America, Inc.
12      JAMES D. HEISMAN, ESQ.
        CONNOLLY, BOVE, LODGE & HUTZ
13      1220 North Market Street
        Wilmington, DE 19801
14         Attorney for Defendant Viewsonic
           Corporation
15
        SCOTT MILLER, ESQ.
16      CONNOLLY, BOVE, LODGE & HUTZ
        355 South Grand Avenue
17      Los Angeles, California 90071-31076
           Attorney for Defendant Viewsonic
18         Corporation
19
20
21
22
23
24
```

Page 3

1  JUDGE POPPITI: Okay. We are back
2  with the May 2nd application, by correspondence of
3  that date from Mr. Heisman. The response is dated
4  May 9 from Mr. Kirk. And for my purposes, that is
5  No. DM31. Please, Mr. Heisman.
6  MR. MILLER: Your Honor, this is
7  Scott Miller. I'll be speaking to this one.
8  JUDGE POPPITI: Thank you,
9  Mr. Miller.
10  MR. MILLER: And what we seek,
11  obviously, by this motion is a production of
12  technical-related documents from LPL relating to the
13  structure and drawings showing the structure of and
14  information regarding various products that are made
15  by LPL.
16  The discovery request under which
17  these are sought seek information about products that
18  are provided by LPL where there are instructions
19  included to mount or the product itself is arranged
20  so as to mount at the corners.
21  As you know, there was some
22  late-asserted claims and some allowed discovery was
23  permitted by defendants to address these new claims.
24  One of the claim terms that was in the new claims and

Page 4

1  one of the new claims relates to fastening at the
2  corner.
3  JUDGE POPPITI: Right.
4  MR. MILLER: So we asked for this
5  information.
6  And I know LPL has asserted that
7  this is an attempt to end-run the discovery and the
8  discovery order Your Honor entered as a result of the
9  hearing that took place back in February.
10  JUDGE POPPITI: Yes.
11  MR. MILLER: And from our
12  standpoint, it clearly is not an end-run.
13  First, it's independent discovery
14  related to different topics. The fact that some of
15  the documents may overlap, or a substantial amount of
16  the documents may be the same is not an attempt to
17  end run.
18  The other thing that I think is
19  important to remember is that, based on my
20  understanding at least, the reason for the deferral
21  by Your Honor of the decision for the motion that was
22  argued back in February was that Your Honor wants to
23  be able to assess the veracity of the statements made
24  by LPL with regard to whether their products practice

Page 5

1  the inventions that led to the agreement with
2  Viewsonic about narrowing or limiting the time frame
3  of certain discovery responses.
4  JUDGE POPPITI: That's correct.
5  MR. MILLER: And this is totally
6  independent of the determination of the veracity of
7  that statement.
8  As I say, it's independent
9  discovery. It's tied to issues that are the subject
10  matter of the new claims. And what we believe, from
11  what we've been able to ascertain, we've submitted to
12  Your Honor some product specifications that we've
13  been able to find on the Internet that show
14  information about how LPL directs that certain of its
15  products be mounted at corners; and as a result,
16  we're asking for documents that relate to those sorts
17  of products.
18  We also note from those drawings
19  that there appear to be fasteners on the back of
20  those products in some of the depictions.
21  And those fasteners we believe
22  relate also to issues involved in this case -- in
23  particular, to the validity of the patents in suit
24  where there are fasteners on the back.

Page 22

1 pleadings in this case, not just limited to the
2 issues that we may have raised or may not have
3 raised.
4     Mr. Connor's arguments that these
5 discovery -- this discovery request should be denied
6 because the courts withheld ruling on the other
7 discovery request because they had numerous claim
8 terms seems to me to be putting -- ignoring the fact
9 that one has to evaluate this request on the terms of
10 this request.
11     JUDGE POPPITI: No, and I
12 understand that.
13     No. 1, if I decide to be consistent
14 with the ruling that the discovery is staged the way
15 I expect that Judge Farnan states it, by virtue of
16 signing the scheduling order, which you all crafted,
17 and staged in a fashion that I continue to structure,
18 with Judge Farnan's direction to me, by virtue of
19 saying some discovery will likely have to occur after
20 Markman, I in no way intend to suggest, and will not,
21 deny the motion. I will simply forestall it.
22     And I want to just talk about that
23 just for a little bit longer.
24     There is some suggestion,

Page 23

1 Mr. Miller, in your papers, that were I to forestall
2 the discovery until after the terms have been --
3 after the claims and the terms have been construed,
4 that -- I'm not sure I recall you actually using the
5 word, but you may have: Prejudice, that it would
6 have some impact on the trial. And I'm not quite
7 sure what you're suggesting.
8     MR. MILLER: Here's my concern,
9 Your Honor.
10     LPL has advised all of us that this
11 discovery is going to be voluminous. We will have
12 approximately three weeks from the date of the claim
13 construction order in which to finalize our expert
14 report on invalidity defenses. Now, that would
15 include the issues of inequitable conduct.
16     And just to dot the "I" on that
17 point, we have put in our discovery responses, under
18 our unclean hands defense, which has been
19 specifically pled, information about the inequitable
20 conduct defense, and specifically raised it during
21 the discovery period in this case.
22     And so LPL -- it's an issue that
23 will have to be decided by Judge Farnan, I
24 understand. But I just want you to have the full

Page 24

1 background of that circumstance.
2     JUDGE POPPITI: Right.
3     MR. MILLER: In that three-week
4 period of time, there's just no possible way that
5 we're going to be able to obtain, digest and prepare
6 a report of an expert of voluminous discovery
7 relating to fasteners on the back of these devices
8 and their impact on LPL's obligation to make
9 disclosure to the patent office and the obviousness
10 that may result from that.
11     And as a result, if we don't --
12 we're obviously not even going to have the full three
13 weeks, because once the Court issues the order, then
14 it will re-take up the issue of this discovery. And
15 presumably it's going to take -- I would imagine it's
16 going to take a week or 10 days, if not two weeks, in
17 order to get that material in our hands in the first
18 instance; even if the Court decides at that point in
19 time -- assuming the Court decides at that point in
20 time that the discovery should go forward.
21     Under those circumstances, it's
22 going to be completely impossible for us to meet the
23 deadlines that have been set by the Court for the
24 expert discovery, which obviously has an impact all

Page 25

1 the way down the line, through the summary
2 adjudication motions and ultimately, potentially, on
3 the trial date.
4     So we can't be asked, I don't
5 believe, to -- because of the staging order that's
6 been entered by Judge Farnan, if this is his
7 intention, to compress our ability to put together an
8 expert report on voluminous -- analyze and prepare a
9 report on voluminous discovery over the course of
10 what's going to amount to a week or 10 days of time.
11     JUDGE POPPITI: And I can't -- I
12 certainly am not in a position to suggest what Judge
13 Farnan would do or not do. At the same time, it is
14 my primary responsibility to make sure that the time
15 frames that have been established are workable and
16 are working.
17     So if they're not working, then
18 it's my responsibility to listen to your respective
19 positions, make some informed judgment as to how
20 deadlines that are established, short of moving the
21 trial deadlines, can be adjusted. So there's
22 certainly no expectation on my part that you would be
23 working within the constraints of that very short
24 period of time.

Conference

8 (Pages 26 to 29)

Page 26

1  It may be helpful for me to
2  expand -- let me see if I have -- just give me one
3  moment. I'm operating out of a different room today,
4  and I want to access the calendar. If you all would
5  just give me a moment, I'm going to put you on mute.
6  (Discussion off the record.)
7  JUDGE POPPITI: Thank you for your
8  patience, Counsel.
9  MR. CHRISTENSON: Your Honor, this
10 is Cass Christenson. May I respond to what
11 Mr. Miller said?
12 JUDGE POPPITI: Yes, you may. But
13 I want a moment to look down at some dates here.
14 I'm just looking at the date that I
15 have committed myself to issuing the initial
16 recommendation, and that is on the 21st of June.
17 You know, I will make every effort
18 to get that out before then. And I don't know
19 whether I should actually commit to a different date,
20 but I'm -- the 21st is on a Thursday.
21 I think what I can do is commit to
22 you, so at least you see time frames in terms of how
23 they are unfolding, to be -- to the Friday before
24 that, the 15th.

Page 27

1  And knowing that I -- were I to
2  take the same approach with this application as I
3  took with an earlier application, knowing that there
4  will be discovery impact -- or there is likely to be
5  discovery impact, it may be important for me to
6  schedule time now for a conference to deal with that.
7  I don't know whether that would be
8  helpful.
9  For example, if I commit to issuing
10 on the 15th -- that's a Friday -- and reschedule a
11 conference on the 19th to deal with the impact of
12 the Markman on discovery -- that may be too soon, but
13 we can do it the 20th, for example, and give you
14 all time on Monday to describe, in very short order,
15 what you see to be the impact, and deal with it
16 either on the 19th or the 20th.
17 Any thoughts?
18 MR. CONNOR: Your Honor, I think
19 that is a workable proposal.
20 I just want to point out that
21 our -- we certainly disagree with Mr. Miller's
22 generalizations about the -- first, about volume of
23 discovery. Because as he said, he said that -- he
24 made that statement that it will be voluminous.

Page 28

1  It certainly may be, but that's
2  also going to depend on where the constructions come
3  out. In fact, depending what the constructions are,
4  it may be nothing.
5  And the second point is that he
6  said that it would be, therefore, completely
7  impossible for Viewsonic to meet their deadline. I
8  don't know how, at this point, he can make those
9  kinds of representations without knowing what the
10 ruling is going to be and what the volume of
11 discovery is going to be.
12 JUDGE POPPITI: I understand that.
13 MR. CONNOR: Additionally, he made
14 a point about the inequitable conduct defense, which
15 apparently Viewsonic's -- I may be getting into what
16 Mr. Christenson --
17 MR. CHRISTENSON: Yeah, that was
18 the point I was going to make.
19 I wanted to make you aware that
20 there's a decision by Judge Farnan that -- as I
21 recall; I don't have it in front of me. But as I
22 recall, he states that a party cannot essentially
23 plead or support a defense of an inequitable conduct
24 through Interrogatory answers.

Page 29

1  So again, we're going to have a
2  dispute about whether there's any inequitable conduct
3  defense.
4  JUDGE POPPITI: But that's
5  something for another day.
6  MR. CHRISTENSON: And I just want
7  to make the point that Viewsonic doesn't have that
8  defense. I don't see how it could have an expert
9  report on a defense it has not pled.
10 JUDGE POPPITI: Well, I expect,
11 then, that I may be dealing with that in short order.
12 Correct?
13 MR. CHRISTENSON: That seems to be
14 the case, Your Honor. Yes.
15 JUDGE POPPITI: All right. Well,
16 let me -- I appreciate and I believe understand your
17 respective views on the application. I will defer
18 the application until after the issuance of the
19 Markman decision.
20 If it is going to be helpful --
21 because I certainly don't want to shave time off of
22 the time that I've allotted to myself. But if it is
23 going to be helpful to issue on the 15th and then
24 begin to use the time in the new week to discuss the

Page 30

1   impact of Markman on discovery, then I'm willing to
2   commit myself to the 15th.
3           Now, I understand, as we all
4   understand, that my work is not something that gets
5   written in stone. It is in sandstone until you all,
6   as parties, either agree to accept it, or even after
7   objection, Judge Farnan exercises his authority and
8   either adopts, rejects or modifies it. But that does
9   not suggest that we don't keep the ship moving
10  forward.
11          So if there is a consensus that
12  issuing on the 15th and then beginning to focus on
13  the impact on discovery 18, 19 and 20, then I'll do
14  that.
15          MR. MILLER: Your Honor, I think
16  the earlier we can start assessing the impact on
17  discovery, the better off we'll all be.
18          MR. CHRISTENSON: Your Honor, I
19  agree with Mr. Miller. I think we all need to
20  understand what Your Honor's rulings will be and then
21  have a chance to digest it and then proceed
22  accordingly.
23          JUDGE POPPITI: All right. Well,
24  then, I will commit to issuing on the 15th.

Page 31

1           And is it premature to talk about
2   the following week, or should we target something in
3   the following week?
4           And let me just describe part of a
5   calendar. I will not be -- that would be too late
6   anyway. But just for Counsel's information, I will
7   not be in the office of week of July 4. So whatever
8   we're doing, we're going to be doing commencing the
9   week of the 18th and the week of the 25th.
10          MR. MILLER: Your Honor, I think we
11  should try to do something that week of the 18th.
12  I might suggest that we have until the end of the
13  19th to -- because that's Father's Day weekend. I
14  don't know if people will be traveling and things --
15  I know I'm actually traveling that weekend.
16          But if we have until the end of the
17  19th to file something, and then perhaps have a
18  conference with Your Honor on the 21st.
19          JUDGE POPPITI: Okay. Does that
20  work for everyone?
21          MR. CHRISTENSON: You know, I don't
22  have a calendar in front of me. I guess my thought
23  is, given that that is the Father's Day weekend,
24  perhaps we could submit something by close of

Page 32

1   business on the Wednesday, and have a conference with
2   you on the Friday. That would give us --
3           JUDGE POPPITI: Let's do this. I
4   will -- whether it's a Thursday, which was a
5   committed day for me anyway, expecting that I was
6   going to be using all the time to ramp up to Markman
7   and to issue it. So you know that I've got
8   availability on the 21st. And I can tell you that
9   I have -- I presently have ability on the 22nd.
10          I would like you all to marshal
11  your own forces and make some determination as to
12  when there will be a filing in the nature of a
13  discovery update, status if you will, what yet needs
14  to be done.
15          I'd like you to discuss some page
16  limitations so it make sense for me, on this end, to
17  get whatever you're going to be giving me so that I
18  can turn it around and make a determination either on
19  the 21st or 22nd. But I'll leave it to you all
20  to work out that detail.
21          And then just be in a position to
22  let me know -- well, let me know at Markman, or at
23  the end of the Markman.
24          MR. CHRISTENSON: Very well, Your

Page 33

1   Honor.
2           MR. MILLER: That's fine, Your
3   Honor.
4           JUDGE POPPITI: Now, I think that's
5   all we need. I just want to make sure that we have
6   enough time scheduled for Markman. I know we
7   addressed this briefly the other day. And if there's
8   any sense that we're going to need the courtroom
9   beyond what they consider to be their normal closing
10  time of 5 o'clock, please let me know that so I can
11  tell them that we're going to need the courtroom
12  beyond 5:00. We're starting at 2:00.
13          MR. MILLER: I have on our calendar
14  we were starting at 1:00, Your Honor.
15          JUDGE POPPITI: Wait a minute. I'm
16  sorry. We are starting at 1:00. Thank you.
17          So that should give us more than
18  sufficient time. If there's any sense that it is not
19  giving us sufficient time, just let my office know so
20  that we can make whatever arrangements we need to
21  have late lights.
22          That's an old Jesuit term, for
23  those of you who remember late lights in college.
24          Anything else, please?