IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,         :
                                  :
           Plaintiff,             :
                                  :
     v.                           :  Civil Action No. 04-343-JJF
                                  :
TATUNG CO., TATUNG COMPANY        :
OF AMERICA, INC., and             :
VIEWSONIC CORP.,                  :
                                  :
           Defendants.            :

### MEMORANDUM ORDER

Pending before the Court are two sets of Objections To Portions Of Special Master's Report And Recommendations On Motion Of Defendant ViewSonic Corporation To Compel Discovery, one (D.I. 313) filed by Plaintiff, LG. Phillips LCD Co., Ltd. ("LPL"), and one (D.I. 316) filed by Defendant ViewSonic Corporation ("ViewSonic"). By its Objections, LPL contends that it should not be required to supplement its responses to ViewSonic's Requests for Admission Nos. 17 and 23 because they require LPL to engage in claim construction and are vague and ambiguous. LPL also contends that Request for Admission No. 23 contains inappropriate hypothetical scenarios. By its Objections, ViewSonic contends that LPL should be compelled to respond to ViewSonic's Requests for Admissions Nos. 5-7 and 15, or those requests should be deemed admitted.

The Court has reviewed <u>de novo</u> the Special Master's Report and Recommendations On Motion Of Defendant ViewSonic Corp. To Compel Discovery (D.I. 306) and concludes that the Special Master's decisions were not erroneous. With respect to LPL's Objections, the Court agrees with the Special Master that Requests for Admission 17 and 23 involve LPL's understanding of observable facts related to the accused product.[1] As for ViewSonic's Objections, the Court likewise agrees with the Special Master's conclusion that Requests for Admission Nos. 5-7 "seek comparison of the accused product to something that is admittedly not the alleged invention covered by the patents-in-suit," and therefore, these Requests for Admission seek a legal conclusion that the accused products practice the prior art instead of the claimed invention. (D.I. 306 at 14). The Court also agrees with the Special Master that LPL was not required to respond to Request for Admission No. 15 because it involved claim construction. The Court notes that ViewSonic has recently filed a letter (D.I. 696) with the Special Master renewing its request that LPL be compelled to respond to Request for Admission 15 now that claim construction has been completed. Because that letter request is currently before the Special Master, the Court

---

[1] Even if the Court were to accept LPL's argument that its answers would implicate and/or require claim construction, the Court notes that the Special Master has already issued his decision on claim construction. Therefore, LPL's concerns have been substantially ameliorated.

declines to further address the issue at this juncture.

NOW THEREFORE IT IS HEREBY ORDERED that:

1. The Objections To Portions Of Special Master's Report And Recommendations On Motion Of Defendant ViewSonic Corporation To Compel Discovery (D.I. 313) filed by LPL are **OVERRULED**.

2. The Objections To Portions Of Special Master's Report And Recommendations On ViewSonic Corporation's Motion To Compel Discovery (D.I. 316) filed by ViewSonic are **OVERRULED**.

3. The Special Master's Report And Recommendation On Motion Of Defendant ViewSonic Corp. To Compel Discovery (D.I., 306) is **ADOPTED**.

July 3, 2007
DATE

UNITED STATES DISTRICT JUDGE

3