IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-343-JJF |
| TATUNG CO., TATUNG COMPANY OF AMERICA, INC., and VIEWSONIC CORP., | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff LG.Philips LCD Co., Ltd.'s Objections To Special Master's February 21, 2007 Report And Recommendations (D.I. 550). For the reasons discussed, the Court will overrule the Objections filed by Plaintiff, LG.Philips LCD Co., Ltd. ("LPL") and adopt the Special Master's February 21, 2007 Report and Recommendation (D.I. 629).

On January 26, 2007, Plaintiff filed a letter motion requesting the Special Master to compel Viewsonic Corporation ("ViewSonic") to work promptly with LPL to categorize its products into "mounting systems" or "mounting categories."[1] The Special Master concluded that ViewSonic could not be compelled to provide and/or create documents that are not maintained and do

---

[1] Plaintiff's January 26 letter motion is related to its September 27, 2006 motion to compel ViewSonic to provide technical and mounting related documents. The Special Master granted that Motion by a separate Report and Recommendation (D.I. 487) dated February 14, 2007, and the Court has overruled ViewSonic's Objection and adopted the Special Master's Report and Recommendation.

not exist in the ordinary course of ViewSonic's business.

By its Objection, LPL contends that the Court has the authority to require ViewSonic to generate an index that categorizes its products based upon the mounting systems used. LPL contends that ViewSonic is uniquely able to evaluate its own products, and the Court fashioned similar relief in <u>LG.Philips LCD Co., Ltd. v. Tatung Co., Tatung Co. of America, Inc., Chungwha Pictures Tubes Ltd. and ViewSonic Corp.</u>, Civil Action No. 05-292-JJF, by requiring Defendant Chungwha Picture Tubes Ltd. ("CPT") to generate a summary document, in English, categorizing products. LPL also contends that such relief would not be required if ViewSonic had produced all of its technical documents and product samples in a timely fashion so that LPL could have evaluated them and categorized them independently.

LPL further contends that the Special Master erred in construing the September 15, 2006 letter from LPL to ViewSonic as an admission that the documents produced by ViewSonic were sufficient for LPL to make a determination about infringement. LPL contends that its letter was asking ViewSonic to complete its document production and that its letter never suggested that ViewSonic's production was adequate or sufficient for LPL to make an infringement determination.[2]

---

[2] It appears to the Court that ViewSonic has not filed a response to LPL's Objection.

Reviewing the Special Master's decision <u>de novo</u>, the Court concludes that the Special Master's decision was not erroneous. LPL acknowledges that it is capable of categorizing the products itself once it has full production by ViewSonic, and the Court has ordered that production consistent with the Special Master's instructions in his February 14, 2007 Report and Recommendation.

The Court further agrees with the Special Master's interpretation of the September 26, 2006 letter from LPL to ViewSonic. Although LPL was also looking for additional information from ViewSonic and wanted to confirm that the additional production would continue, the Court agrees with the Special Master that the letter suggests that the production until that point had been sufficient to enable LPL to make, at least some infringement assessments.

Assuming ViewSonic completes the outstanding production of documents in this case, including any outstanding product inspections, the Court concludes that LPL can assess the products on its own accord. Accordingly, the Court will adopt the findings of fact and conclusion of law rendered by the Special Master in his February 21, 2007 Report and Recommendation.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff LG.Philips LCD Co., Ltd.'s Objections To Special Master's February 21, 2007 Report And Recommendations are **<u>OVERRULED</u>**.

2. The Special Master's February 21, 2007 Report and Recommendation (D.I. 629) is **ADOPTED**.

July 3, 2007  
DATE

_____  
UNITED STATES DISTRICT JUDGE