IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
LG.PHILIPS LCD CO., LTD.,            :
                                     :
            Plaintiff,               :
                                     :
      v.                             :   Civil Action No. 04-343-JJF
                                     :
TATUNG CO., TATUNG COMPANY           :
OF AMERICA, INC., and                :
VIEWSONIC CORP.,                     :
                                     :
            Defendants.              :
```

### MEMORANDUM ORDER

Pending before the Court is ViewSonic Corporation's Objections To Findings In Special Master's Report And Recommendation Regarding A Portion Of LG. Philips' Motion To Compel ViewSonic To Provide Technical And Mounting Related Discovery (D.I. 526). In his February 14, 2007, Report And Recommendation (D.I. 487), the Special Master concluded, based upon contractual agreements between ViewSonic Corporation ("ViewSonic") and certain third party Original Equipment Manufacturers ("OEMs"), that ViewSonic had control over the documents at issue for purposes of requiring production pursuant to Federal Rule of Civil Procedure 34(a).

By its Objections, ViewSonic contends that the documents at issue belong to third-party OEMs who are competitors of Plaintiff, LG. Philips LCD Co., Ltd. ("LPL"). ViewSonic maintains that its agreements with the OEMs are insufficient

standing alone, to support a conclusion that ViewSonic has control over the documents. ViewSonic contends that cases within this Circuit including Gerling Int'l Ins. Co. v. Comm'r, 839 F.2d 131, 140 (3d Cir. 1998); Novartis Pharms. Corp. v. Eon Labs Mfg., Inc., 206 F.R.D. 392 (D. Del. 2002) (Farnan, J.), and Inline Connection Corp., v. AOL Time Warner, Inc., 2006 U.S. Dist. Lexis 72724, *2 (D. Del. Oct. 5, 2006) (Thynge, Magistrate J.), require a higher threshold for establishing control. Because ViewSonic does not have a parent/subsidiary relationship with these OEMs and their respective businesses are not intertwined, ViewSonic maintains that it does not have control over the documents and argues that a contrary holding would reduce the concept of control to the question of whether one had the "practical ability" to access the documents, a standard rejected by the Third Circuit.

    The Court has reviewed the findings and conclusions of the Special Master de novo and concludes that the Special Master correctly concluded in the circumstances of this case that ViewSonic is in control of the documents sought by LPL. Specifically, the Court agree with the Special Master that the plain language of paragraph 10.9 of the OEM agreements provides ViewSonic with broad and unfettered access to the documents in

question[1], and the Court adopts the rationale provided by the Special Master in support of his conclusion. The Court also agrees with the Special Master's analysis of the cases cited by ViewSonic and finds those cases to be distinguishable from the circumstances here. With regard to the <u>Novartis</u> decision, the Court further highlights what the Special Master noted in his factual recitation of that case, namely that the contractual provision in <u>Novartis</u> was far more limited than the provision here and only provided the party from who production was sought access to the technical information in question for use in "developing products for sale in the United States." 206 F.R.D. at 395. Thus, <u>Novartis</u> is distinguishable not only because the Court did not rest its holding on the contractual provision, but

---

[1]    Section 10.9 provides:

> Supplier shall retain copies of, and provide ViewSonic access to, all records created or received during the performance under this Agreement, in hard and/or electronic copies, including records supplied by subcontracted third parties, for five (5) years following the date of termination of this Agreement. In the event that Supplier becomes insolvent or discontinues its business at any point in time while this provision is operative, Supplier shall immediately notify ViewSonic of this situation and provide ViewSonic with immediate access to the documents and the right to take possession, custody or control and remove the documents to a storage facility of ViewSonic's own choosing.

(D.I. 526, Exh. 3 at VS025147).

also because it was presented with a factually dissimilar contractual provision.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. ViewSonic Corporation's Objections To Findings In Special Master's Report And Recommendation Regarding A Portion Of LG. Philips' Motion To Compel ViewSonic To Provide Technical And Mounting Related Discovery (D.I. 526) are **OVERRULED**.

2. The Special Master's February 14, 2007 Report and Recommendation Regarding A Portion Of LG Philips' Motion To Compel Defendant ViewSonic Corporation To Provide Certain Technical And Mounting-Related Discovery (D.I. 487) is **ADOPTED**.

July 3, 2007
DATE

UNITED STATES DISTRICT JUDGE