# Exhibit 31

# Part 3



#9
8-29-01
Robert. ~
PATENT
8733.173.00 Drawing

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re application of

**Young Woo CHO et al.**                    Group Art Unit: **2835**

Application No.: **09/437,222**              Examiner: **L. Lea Edmonds**

Filed: **November 10, 1999**

For:    **PORTABLE COMPUTER AND METHOD FOR MOUNTING A FLAT
         PANEL DISPLAY DEVICE MODULE**

### DRAWING CHANGE AUTHORIZATION REQUEST

Commissioner of Patents
Washington, D.C. 20231

Sir:

Applicants submit proposed drawing corrections as shown in red in the appended drawing, in which the following changes are indicated:

The removal of solid black shading from Fig. Nos. 1-3B, 7-9 and 12.

No new matter has been added. Favorable consideration is sought therefore.

Applicants respectfully request that submission of formal drawings be deferred until a Notice of Allowance has been issued in this application.

Applicants hereby authorizes the Commissioner for Patents to charges any fees necessary to complete this filing, including any fees required under 37 C.F.R. §1.136 for any necessary Extension of Time to make the filing of the attached documents timely, or credit any overpayment in fees, to Deposit Account No. 50-0911. Further, if these papers are not considered timely filed, then a petition is hereby made under 37 C.F.R. §1.136 for the necessary extension of time. A copy of this sheet is enclosed.

                         Respectfully submitted,

                         LONG ALDRIDGE & NORMAN, LLP

Date:  August 23, 2001          By
                                    Rebecca A. Goldman
                                    Registration No. 41,786

RAG/SJH/dlt

                         Sixth Floor, Suite 600
                         701 Pennsylvania Avenue, N.W.
                         Washington, D.C. 20004
                         Telephone No: (202) 624-1200
                         Facsimile No: (202) 624-1298

RECEIVED AUG 27 2001 TECHNOLOGY CENTER 2800

1/14



*REMOVE solid black shading*

FIG. 1

DC:39688.1

VS078332

2/14



REMOVE solid
Black Shading

FIG. 2

DC:39688.1

VS078333

3/14



REMOVE Solid
BlAck shading

FIG. 3A

DC:39688.1

VS078334

4/14



FIG. 3B

8/14



REMOVE SOLID
BLACK SHADING

FIG. 7

DC:39688.1

9/14



FIG. 8

DC:39688.1

VS078337

10/14



*Remove solid BLACK shading*

FIG. 9

VS078338

14/14



*Remove solid Black Shading*

# FIG. 12



# FIG. 13

DC:39688.1

2835

Docket No.    8733.173.00

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

INVENTOR(S)  Young Woo CHO et al.

SERIAL NO:   09/437,222

FILING DATE: November 10, 1999

FOR:         **Portable Computer and Method for Mounting a Flat Panel Display Device Module**

### FEE TRANSMITTAL

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C.  20231

| FOR | NUMBER FILED | NUMBER EXTRA | RATE | CALCULATIONS |
|---|---|---|---|---|
| TOTAL CLAIMS | 33 - 31 = | 2 | × $18 = | $36.00 |
| INDEPENDENT CLAIMS | 7 - 6 = | 1 | × $80 = | $80.00 |
| ☐   MULTIPLE DEPENDENT CLAIMS (If applicable) | | | + $270 = | $0.00 |
| ☐   LATE FILING OF DECLARATION | | | + $130 = | $0.00 |
| BASIC FEE | | | | $0.00 |
| TOTAL OF ABOVE CALCULATIONS | | | | |
| ☐   REDUCTION BY 50% FOR FILING BY SMALL ENTITY | | | | $0.00 |
| ☐   FILING IN NON-ENGLISH LANGUAGE | | | + $130 = | $0.00 |
| ☐   RECORDATION OF ASSIGNMENT | | | + $40 = | $0.00 |
| | | | TOTAL | $116.00 |

☐    Please charge Deposit Account No. <u>50-0911</u> in the amount of          A duplicate copy of this
                                                                               sheet is enclosed.

☒    Check totaling          **$116.00**    to cover additional claim fees

☒    The Commissioner is hereby authorized to charge any additional fees which may be required for the papers
      being filed herewith and for which no check is enclosed herewith, or credit any overpayment to Deposit
      Account No. <u>50-0911 (8733.173.00)</u> A duplicate copy of this sheet is enclosed.

Respectfully Submitted,

LONG ALDRIDGE & NORMAN LLP

Date:  <u>August 23, 2001</u>

Rebecca A. Goldman
Registration No.    41,786

Sixth Floor, Suite 600
701 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Tel. (202) 624-1200
Fax. (202) 624-1298
83072.1





**PATENT**
**8733.173.00**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re application of

**Young Woo CHO et al.**                           Group Art Unit: **2835**

Application No.: **09/437,222**                    Examiner: **L. Lea Edmonds**

Filed: **November 10, 1999**

For:    **PORTABLE COMPUTER AND METHOD FOR MOUNTING A FLAT**
        **PANEL DISPLAY DEVICE MODULE**

### AMENDMENT UNDER 37 C.F.R. 1.111

COMMISSIONER OF PATENTS
WASHINGTON, D.C. 20231

Dear Sir:

In response to the Examiner's non-final Office Action mailed May 23, 2001, please consider the following amendments and remarks in connection with the above-identified application.

## IN THE CLAIMS:

Please add new claims 32 and 33.

32. (New)  A portable computer comprising:

a system body having an input device;

a display module having a display surface;

a display case having walls, the display module secured between the walls of the display case; and

DC:82063.1DC82063

06/24/2001 BWITHIB1 00000068 09437222
01 FC:103                                36.00 OP
02 FC:102                                80.00 OP

VS078341

Application No.: 09/437,222                                Docket No.: 8733.173.00
Group Art Unit: 2835                                                    Page 2

a hinge pivotally coupling display module to the display case, the hinge including a

hinge frame having a first, second and third surfaces.

33. (New)  The computer of claim 32, wherein the third surface is over a portion of

the first surface.

## **REMARKS**

At the outset, the Examiner is thanked for the thorough review and consideration of

the present application.

The Examiner's non-final Office Action dated May 23, 2001 has been received and its

contents carefully noted.  Claims 1-31 were pending in the present application.  By this

amendment, Applicants amend the drawings and add new claims 32-33.  Accordingly, claims

1-33 are pending in this application.  Applicants respectfully submit that no new matter has

been added.

The Examiner is thanked for the indication of allowable subject matter in claims 4-7,

11-12, 16-17, and 20.

In the Office Action dated August 23, 2001, the Examiner rejected claims 1-3, 8-10,

13-15, 18-19, and 21-31 under 35 U.S.C. § 103(a) as being unpatentable over Fujimori et al.

(U.S. Pat. No.: 5,379,182)(hereinafter "Fujimori") in view of Kurihara et al. (U.S. Pat. No.:

5,946,061)(hereinafter "Kurihara").

The rejection of claims 1-3, 8-10, 13-15, 18-19, and 21-31 under 35 U.S.C. 103(a) is

respectfully traversed and reconsideration is requested.

Independent claim 1 is allowable over the cited references in that this claim 1 recites a

combination of elements including, for example "[t]he second surface coupled with the side

wall surface of the display case."  None of the cited references, singly or in combination,

DC:82063.1DC82063

Application No.: 09/437,222                                   Docket No.: 8733.173.00
Group Art Unit: 2835                                                         Page 3

teaches or suggests at least this feature of the claimed invention.  Accordingly, Applicants

respectfully submit that claim 1 and claims 2-7, which depend from claim 1, are allowable

over the cited references.

       Independent claim 8 is allowable over the cited references in that this claim 8 recites a

combination of elements including, for example "[t]he hinge including a hinge frame having

first and second surfaces, the first surface coupled with the inner surface of the display case,

the second surface coupled with the side wall surface of the display module."  None of the

cited references, singly or in combination, teaches or suggests at least this feature of the

claimed invention.  Accordingly, Applicants respectfully submit that claim 8 and claims 9-12,

which depend from claim 8, are allowable over the cited references.

       Independent claim 13 is allowable over the cited references in that this claim 13

recites a combination of elements including, for example "[a] hinge pivotally coupling the

body to the display case, the hinge including a hinge frame coupled to the inner surface of the

display case."  None of the cited references, singly or in combination, teaches or suggests at

least this feature of the claimed invention.  Accordingly, Applicants respectfully submit that

claim 13 and claims 14-17, which depend from claim 13, are allowable over the cited

references.

       In rejecting Claims 18-19, and 21-31, the Examiner stated that, "[W]ith respect to the

methods claims 18, 19, 21-31, the method steps as claimed the apparatus of Fujimori et al. in

view of the Kurhara et al. would teach the method steps as claimed."

       Independent claim 18 is allowable over the cited reference in that this claim recites a

combination of elements including, for example "[f]astening the first surface of the hinge

frame to the rear surface of the display module; and fastening the second surface the hinge

DC:82063.1DC82063

Application No.: 09/437,222                      Docket No.: 8733.173.00
Group Art Unit: 2835                                            Page 4

frame to the side wall surface of the display case."  None of the cited references singly or in

combination, teaches or suggests at least this feature of the claimed invention.  Accordingly,

Applicants respectfully submit that claim 18 and claims 19-22, which depend from claim 18,

are allowable over the cited references.

Independent claim 23 is allowable over the cited reference in that this claim recites a

combination of elements including, for example "[f]astening the first surface of the hinge

frame to the inner surface of the display case; and fastening the second surface of the hinge

frame to the side wall surface of the display module."  None of the cited references singly or

in combination, teaches or suggests at least this feature of the claimed invention.

Accordingly, Applicants respectfully submit that claim 23 and claims 24-27, which depend

from claim 23, are allowable over the cited references.

Independent claim 28 is allowable of over the cited reference in that this claim recites

a combination of elements including, for example "[f]astening the surface of the hinge frame

to the inner surface of the display case; and securing the display module between the side

walls of the display case."  None of the cited references singly or in combination, teaches or

suggests at least this feature of the claimed invention. Accordingly, Applicants respectfully

submit that claim 28 and claims 29-31, which depend from claim 28, are allowable over the

cited references.


## CONCLUSION

Having responded to all rejections set forth in the outstanding non-final Office

Action, it is submitted that claims 1-33 are now in condition for allowance.  An early and

favorable Notice of Allowance is respectfully solicited.  In the event that the Examiner is of

Application No.: 09/437,222                                    Docket No.: 8733.173.00
Group Art Unit: 2835                                                            Page 5

the opinion that a brief telephone or personal interview will facilitate allowance of one or

more of the above claims, the Examiner is courteously requested to contact Applicant's

undersigned representative.

    If necessary, the Commissioner is hereby authorized in this, concurrent, and future

replies, to charge payment or credit any overpayment to Deposit Account No. 05-0911 for

any additional fee required under 37 C.F.R. §§ 1.16 or 1.17, particularly, extension of time

fees.

                                      Respectfully submitted,

                                      LONG ALDRIDGE & NORMAN, LLP

Date: August 23, 2001                             By _____
                                      Song K. Jung
                                      Reg. No. 35,210

SKJ/RAG/SJH:dlt

                                      Rebecca A. Goldman
                                      Reg. No. 41,786

                                      701 Pennsylvania Avenue, N.W.
                                      Sixth Floor, Suite 600
                                      Washington, D.C. 20004
                                      Telephone No.: (202) 624-1200
                                      Facsimile No.: (202) 624-1298



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
            Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| | | | Y | 8733-20067 |

| | EXAMINER |
|---|---|
| | LEA EDMONDS,L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2835 | 11 |

DATE MAILED:

11/02/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

VS078346

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
|  | 09/437,222 | CHO ET AL. |
|  | Examiner | Art Unit |
|  | Lisa Lea-Edmonds | 2835 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>23 August 2001</u> .

2a)☒ This action is FINAL.    2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-33</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-3m 8-10, 13-15, 18-, 19, 21-32</u> is/are rejected.

7)☒ Claim(s) <u>4-7,11,12,16,17,20 and 33</u> is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☒ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All b)☐ Some * c)☐ None of:

        1.☐ Certified copies of the priority documents have been received.

        2.☐ Certified copies of the priority documents have been received in Application No. _____ .

        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .

5) ☐ Notice of Informal Patent Application (PTO-152)

6) ☐ Other: _____ .

VS078347

Application/Control Number: 09/437,222                                    Page 2
Art Unit: 2835

## DETAILED ACTION

### Claim Rejections - 35 USC § 112

The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Claim 33 is rejected under 35 U.S.C. 112, first paragraph, as containing subject matter

which was not described in the specification in such a way as to enable one skilled in

the art to which it pertains, or with which it is most nearly connected, to make and/or use

the invention.  In claim 33 applicant claims a hinge pivotally coupling the display module

to the display case.  This claim limitation is not possible as the display module is

secured between the walls of the display case.  However, the figures suggest a hinge

pivotally coupling the display module and the display case to the system body as

claimed in claims 1-31.

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 1-3, 8-10, 13-15, 18, 19, and 21-32 are rejected under 35 U.S.C. 103(a) as

being unpatentable over Fujimori et al. in view of Kurihara et al..  With respect to claims

1-3, 8-10, 13-15, 18, 19, and 21-32 in so far as best understood by the examiner;

Application/Control Number: 09/437,222                                    Page 3
Art Unit: 2835

Fujimori et al. teaches a portable computer, comprising: a system body (1) having an

input device; a liquid crystal display module (13) having a display surface and a rear

surface; a display case (2) having a side wall surface; and hinge pivotally coupling the

system body to the display module (see for example figures 1, 2, and 8). However,

Fujimori et al. lacks a teaching of a hinge frame having a first and second surface as

claimed. Kurihara et al. teaches a hinge frame (13) having a first surface coupled to the

rear surface of the display module, a second surface coupled with the side wall surface

of the display case. It would have been obvious to one of ordinary skill in the art at the

time the invention was made to incorporate the hinge structure of Kurihara et al. into the

LCD of Fujimori et al. as one of many ways of fixing LCD to the system body. With

respect to the method claims 18, 19, and 21-31, the method steps as claimed the

apparatus of Fujimori et al. in view of Kurihara et al. would teach the method steps as

claimed.

### Allowable Subject Matter

Claims 4-7, 11, 12, 16, 17, 20, and 32 are objected to as being dependent upon a

rejected base claim, but would be allowable if rewritten in independent form including all

of the limitations of the base claim and any intervening claims or otherwise incorporated

into the limitations of the base claim and any intervening claims.

VS078349

Application/Control Number: 09/437,222                                    Page 4
Art Unit: 2835

### *Response to Arguments*

Applicant's arguments filed 08/23/01 have been fully considered but they are not

persuasive. With respect to applicant's arguments, it is noted that all objects have

multiple surfaces or sides i.e. top, bottom, front, back, left and right.  It is also noted that

both Fujimori et al. and Kurihara et al. teaches hinge/hinge frame with multiple surfaces

as claimed (see the above recited 103 rejection as well as the figures shown in prior are

or record).  Furthermore, it is appears that applicant has ignored the above 103

rejection, figure 2 of Fujimori et al. and figures 2, 3, and 3a of Kurihara et al. show

surfaces of the hinge/hinge frame being coupled with the walls of the display case.  It is

the position of the examiner of record that the above cited 103 rejections still stands.

### *Conclusion*

1.     **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

   A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.

Application/Control Number: 09/437,222                                    Page 5
Art Unit: 2835

     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Lisa Lea-Edmonds whose telephone number is 703-

305-0265.  The examiner can normally be reached on 6:30 am to 3:00 pm.

     If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Leo Picard can be reached on 703-308-0538.  The fax phone numbers for

the organization where this application or proceeding is assigned are 703-305-3431 for

regular communications and 703-305-3432 for After Final communications.

     Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is 703-305-

1782.

Lisa  Lea-Edmonds
Examiner
Art Unit 2835

October 27, 2001

Leo P. Picard
Supervisory Patent Examiner
Technology Center 2800



$2835$ *AF*

RECEIVED

JAN 30 2002

**PATENT**
8733.173.00 *12*

TECHNOLOGY CENTER 2800

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

*#11
amdt B(NE)
D.Smalls-Logan  2-1-01*

In Re application of

**Young Woo Cho et al.**                                        Group Art Unit: **2835** *2-1-01*

Application No.: **09/437,222**                                  Examiner: **L. Lea-Edmonds**

*ENTER
2-21-2
Roberto~*

Filed: **November 10, 1999**

For:    **PORTABLE COMPUTER AND METHOD FOR MOUNTING A FLAT
        DISPLAY DEVICE MODULE**

*Please
enter
ylu
2/12/02*

<u>**AMENDMENT AFTER FINAL**</u>

Commissioner of Patents
Washington, D.C. 20231

Dear Sir:

In response to the Examiner's Final Office Action dated November 2, 2001, the

following amendments and remarks are respectfully submitted.

<u>**IN THE CLAIMS:**</u>

32. (Amended)  A portable computer comprising:

a system body having an input device;

a display module having a display surface;

a display case having walls, the display module secured between the walls of the

display case; and

a hinge pivotally coupling the display module and the display case to the system

body, the hinge including a hinge frame having first, second and third surfaces.

*B1*

DC:90089.1

VS078352

Application No.: 09/437,222                                      Docket No.: 8733.173.00
Group Art Unit: 2835                                                          Page 2

## REMARKS

At the outset, the Examiner is thanked for the thorough review and consideration of

the subject application.

In the Final Office Action date November 2, 2001, the Examiner indicated that claims

4-7, 11, 12, 16, 17, 20 and 33 contain allowable subject matter.  The Examiner rejected claim

33 under 35 U.S.C. § 112, first paragraph, and rejected claims 1-3, 8-10, 13-15, 18-19, and

21-32 under 35 U.S.C. § 103(a).

By this amendment, Applicants amend claim 32.  Accordingly, claims 1-33 are

pending in this application.  Applicants respectfully submit that no new matter has been

added.

The Examiner is thanked for the indication that claims 4-7, 11-12, 16-17, and 20 and

32 contain allowable subject matter.

Applicants request clarification of the record regarding claim 32 as it is indicated as

being allowable if rewritten in independent form including all of the limitations of the base

claim and is also rejected under 35 U.S.C. § 103(a).

In the Office Action dated November 12, 2001, the Examiner rejected claim 33 under

35 U.S.C. § 112, first paragraph.  Applicants request clarification regarding this rejection, as

there appears to be a typographical error as claim 33 depends from independent claim 32.

Accordingly, Applicants respectfully submit that amended claim 32 is in full compliance with

35 U.S.C. § 112, first paragraph.

The Examiner rejected claims 1-3, 8-10, 13-15, 18-19, and 21-32 under 35 U.S.C.

§ 103(a) as being unpatentable over Fujimori et al. (U.S. Pat. No.: 5,379,182), hereinafter

"Fujimori" in view of Kurihara et al. (U.S. Pat. No.: 5,946,061), hereinafter "Kurihara."

DC:90089.1

VS078353

Application No.: 09/437,222                                    Docket No.: 8733.173.00
Group Art Unit: 2835                                                          Page 3

The rejection of claims 1-3, 8-10, 13-15, 18-19, and 21-32 under 35 U.S.C. § 103(a) is respectfully traversed and reconsideration is requested.

Independent claim 1 is allowable over the cited references in that claim 1 recites a combination of elements including, for example, "the second surface coupled with the side wall surface of the display case." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. The Examiner states that Fujimori fails to disclose at least, a second surface coupled with the side wall surface of the display case, as recited in claim 1. The Examiner relies on Kurihara to cure the deficiencies of Fujimori by stating "Kurihara teaches a hinge frame (13) having a first surface coupled to the rear surface of the display module, a second surface coupled with side wall surface of the display case." Applicants respectfully directs the Examiner to Figures 5a-7a of Kurihara. In Fig. 7a, for example, the second surface 13 is not coupled to the side wall surface of the display case 14. As shown in Fig. 7a, the second surface 13 does not touch the side wall surface of the display case 14. For at least this reason, Kurihara fails to cure the deficiencies of Fujimori. Accordingly, Applicants respectfully submit that claim 1 and claims 2-7, which depend from claim 1, are allowable over the cited references.

Independent claim 8 is allowable over the cited references in that claim 8 recites a combination of elements including, for example, "the hinge including a hinge frame having first and second surfaces, the first surface coupled with the inner surface of the display case, the second surface coupled with the side wall surface of the display module." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. As noted in the arguments above, Kurihara fails to cure the deficiencies of Fujimori, for example, because it lacks the second surface coupled with the side wall

DC:90089.1

VS078354

Application No.: 09/437,222                                    Docket No.: 8733.173.00
Group Art Unit: 2835                                                          Page 4

surface of the display module. Accordingly, Applicants respectfully submit that claim 8 and

claims 9-12, which depend from claim 8, are allowable over the cited references.

    Independent claim 13 is allowable over the cited references in that claim 13 recites a

combination of elements including, for example, "a hinge pivotally coupling the body to the

display case, the hinge including a hinge frame coupled to the inner surface of the display

case." None of the cited references, singly or in combination, teaches or suggests at least this

feature of the claimed invention. For at least the similar reasons as discussed above, Kurihara

fails to cure the deficiencies of Fujimori. Accordingly, Applicants respectfully submit that

claim 13 and claims 14-17, which depend from claim 13, are allowable over the cited

references.

    In rejecting claims 18-19, and 21-31 the Examiner stated that, "With respect to the

methods claims 18, 19, 21-31, the method steps as claimed the apparatus of Fujimori et al. in

view of the Kurihara et al. would teach the method steps as claimed."

    Independent claim 18 is allowable over the cited reference in that claim 18 recites a

combination of elements including, for example "fastening the first surface of the hinge

frame to the rear surface of the display module; and fastening the second surface of the hinge

frame to the side wall surface of the display case." Applicants respectfully direct the

Examiner to Figs. 5a-7a of Kurihara. In Fig. 7a, for example, there is no fastening of the

second surface of the hinge frame to the side wall surface of the display case. As shown in

Fig. 7a, the second surface 13 does not even touch the side wall surface of the display case

14. For at least this reason, Kurihara fails to cure the deficiencies of Fujimori. Accordingly,

Applicants respectfully submit that claim 18 and claims 19-22, which depend from claim 18,

are allowable over the cited references.

DC:90089.1

VS078355

Application No.: 09/437,222                          Docket No.: 8733.173.00
Group Art Unit: 2835                                                    Page 5

Independent claim 23 is allowable over the cited reference in that claim 23 recites a

combination of elements including, for example, "fastening the first surface of the hinge

frame to the inner surface of the display case; and fastening the second surface of the

frame to the side wall surface of the display module." For at least similar reasons as

discussed above, Kurihara fails to cure the deficiencies of Fujimori. Accordingly, Applicants

respectfully submit that claim 23 and claims 24-27, which depend from claim 23, are

allowable over the cited references.

Independent claim 28 is allowable of over the cited reference in that claim 28 recites a

combination of elements including, for example, "fastening the surface of the hinge frame to

the inner surface of the display case; and securing the display module between the side walls

of the display case." For at least similar reasons as discussed above, Kurihara fails to cure

the deficiencies of Fujimori. Accordingly, Applicants respectfully submit that claim 28 and

claims 29-31, which depend from claim 28, are allowable over the cited references.

Independent claim 32 is allowable of over the cited reference in that claim 32 recites a

combination of elements including, for example, "a hinge pivotally coupling the display

module and the display case to the system body, the hinge including a hinge frame having a

first, second and third surfaces." For at least the similar reasons as discussed above, Kurihara

fails to cure the deficiencies of Fujimori. Accordingly, Applicants respectfully submit that

claim 32 and claim 33, which depend from claim 32, are allowable over the cited references.

Moreover, Applicants respectfully submit that no proper motivation or suggestion is

found in either Fujimori or Kurihara for one of ordinary skill in the art to combine the two

references. Applicants respectfully submit that such combination is suggested only by the

claimed invention and to do so would be considered impermissible hindsight. Accordingly,

DC:90089.1

VS078356

Application No.: 09/437,222                    Docket No.: 8733.173.00
Group Art Unit: 2835                                              Page 6

Applicants respectfully submit that the pending claims are allowable over <u>Fujimori</u> and

<u>Kurihara</u>.

     If the Examiner deems that a telephone call would further the prosecution of this

application, the Examiner is invited to call the undersigned at (202) 624-1250. All

correspondence should continue to be sent to the below-listed address.

     If these papers are not considered timely filed by the Patent and Trademark Office,

then a petition is hereby made under 37 C.F.R. § 1.136, and any additional fees required

under 37 C.F.R. § 1.136 for any necessary extension of time, or any other fees required to

complete the filing of this response, may be charged to Deposit Account No. 50-0911. Please

credit any overpayment to deposit Account No. 50-0911.

                           Respectfully submitted,

                           LONG ALDRIDGE & NORMAN, LLP

Date:   January 29, 2002                    By

                           Song K. Jung
                           Registration No: 35,210

                           701 Pennsylvania Avenue, N.W.
                           Sixth Floor, Suite 600
                           Washington, D.C. 20004
                           Telephone No.: (202) 624-1200
                           Facsimile No.: (202) 624-1298

Attachment: Marked up version of the amended claim

DC:90089.1

VS078357

Application No.: 09/437,222                                    Docket No.:  8733.173.00
Group Art Unit: 2835                                                         Page 7

## MARKED UP VERSION OF THE AMENDED CLAIM

Please amend claim 32 as follows:

32. (Amended)  A portable computer comprising:

a system body having an input device;

a display module having a display surface;

a display case having walls, the display module secured between the walls of the display case; and

a hinge pivotally coupling the display module and [to] the display case to the system body, the hinge including a hinge frame having [a] first, second and third surfaces.

| *Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/437,222 | CHO ET AL. |
| | Examiner | Art Unit |
| | Yean-Hsi Chang | 2835 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Yean-Hsi Chang_.        (3)_____ .

(2) _Song K. Jung_.        (4)_____ .

Date of Interview: _08 February 2002_ .

Type:  a)☒ Telephonic  b)☐ Video Conference
    c)☐ Personal [copy given to: 1)☐ applicant  2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes  e)☐ No.
    If Yes, brief description: _____ .

Claim(s) discussed: _1-33_ .

Identification of prior art discussed: _____ .

Agreement with respect to the claims f)☒ was reached.  g)☐ was not reached.  h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Claims 1-31 could be allowed; and claims 32 and 33 canceled by examiner's amemdment_ .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

    i)☒ It is not necessary for applicant to provide a separate record of the substance of the interview(if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note:  You must sign this form unless it is an Attachment to a signed Office action.

Examiner's signature, if required

U.S. Patent and Trademark Office
PTO-413 (Rev. 03- 98)        **Interview Summary**        Paper No. 13.

VS078359

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

—————

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable. Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
(The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

2

VS078360

| ***Notice of Allowability*** | Application No. | Applicant(s) |
| | 09/437,222 | CHO ET AL. |
| | Examiner | Art Unit | |
| | Yean-Hsi Chang | 2835 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *a telephone interview on 08 February 2002*.

2. ☒ The allowed claim(s) is/are *1-31*.

3. ☐ The drawings filed on _____ are accepted by the Examiner.

4. ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
        a) ☒ All   b) ☐ Some*   c) ☐ None   of the:
            1. ☒ Certified copies of the priority documents have been received.
            2. ☐ Certified copies of the priority documents have been received in Application No. _____.
            3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
        * Certified copies not received: _____.

5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
        (a) ☐ The translation of the foreign language provisional application has been received.

6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☒ CORRECTED DRAWINGS must be submitted.
        (a) ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
            1) ☐ hereto or 2) ☒ to Paper No. *8*.
        (b) ☒ including changes required by the proposed drawing correction filed *23 August 2001*, which has been approved by the Examiner.
        (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.**

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1 ☐ Notice of References Cited (PTO-892)
3 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
5 ☐ Information Disclosure Statements (PTO-1449), Paper No. _____.
7 ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

2 ☐ Notice of Informal Patent Application (PTO-152)
4 ☐ Interview Summary (PTO-413), Paper No. _____.
6 ☒ Examiner's Amendment/Comment
8 ☒ Examiner's Statement of Reasons for Allowance
9 ☐ Other

DARREN SCHUBERG
PRIMARY EXAMINER
Supervisory Patent

VS078361

*# 14/C*
*2-2l- 2*

Application/Control Number: 09/437,222                                    Page 2
Art Unit: 2835

## DETAILED ACTION

### EXAMINER'S AMENDMENT

1.      An examiner's amendment to the record appears below. Should the changes

and/or additions be unacceptable to applicant, an amendment may be filed as provided

by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be

submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview

with Mr. Song Jung on 2 February 2002.

The application has been amended as follows: in the claims, cancel claims 32

and 33.

### *Allowable Subject Matter*

2.      Claims 1-31 are allowed.

3.      The following is an examiner's statement of reasons for allowance: The best prior

art of record, Fujimori et al. (US 5,379,182) and Kurihara et al. (US 5,946,061), taken

alone or in combination fails to teach a portable computer comprising a system body, a

display module having a rear surface, a display case having a side surface, and a hinge

including a hinge frame having first surface coupled with the rear surface of the display

module, and a second surface coupled with the side wall surface of the display case as

Application/Control Number: 09/437,222                                  Page 3
Art Unit: 2835

claimed in claims 1, 8, 13, 18, 23 and 28. Claims 2-7, 9-12, 14-17, 19-22 and 24-27 are

dependent claims from claims 1, 8, 13, 18, 23 and 28 respectively.

      Any comments considered necessary by applicant must be submitted no later

than the payment of the issue fee and, to avoid processing delays, should preferably

accompany the issue fee.  Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."


### *Correspondence*


4.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Yean-Hsi Chang whose telephone number is (703) 306-

5798.  The examiner can normally be reached on 07:30-16:00.

      If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Darren Schuberg can be reached on (703) 308-4815.  The fax phone

number for the organization where this application or proceeding is assigned is (703)

305-3431 for regular communications and for After Final communications.

      Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is 305-8558.

Application/Control Number: 09/437,222                                    Page 4

Art Unit: 2835

Yean-Hsi Chang
Patent Examiner
Art Unit: 2835
February 16, 2002

DARREN SCHUBERG
PRIMARY EXAMINER
Supervisory Patent

VS078364

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

| 7590 | 02/22/2002 |
| --- | --- |

LONG ALDRIDGE & NORMAN LLP
701 PENNSYLVANIA AVENUE N W
WASHINGTON, DC 20004

| EXAMINER |
| --- |
| CHANG, YEAN HSI |

| ART UNIT | CLASS-SUBCLASS |
| --- | --- |
| 2835 | 361-681000 |

DATE MAILED: 02/22/2002

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 09/437,222 | 11/10/1999 | YOUNG WOO CHO | 8733-20067 | 7668 |

TITLE OF INVENTION: PORTABLE COMPUTER AND METHOD FOR MOUNTING A FLAT DISPLAY DEVICE MODULE

| TOTAL CLAIMS | APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| 31 | nonprovisional | NO | $1280 | $0 | $1280 | 05/22/2002 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.**

### HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above. If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

B. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004.

VS078365

## PART B - FEE(S) TRANSMITTAL

**Complete and mail this form, together with applicable fee(s), to:**     **Box ISSUE FEE**
**Assistant Commissioner for Patents**
**Washington, D.C. 20231**

MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

7590      02/22/2002

LONG ALDRIDGE & NORMAN LLP
701 PENNSYLVANIA AVENUE N W
WASHINGTON, DC 20004

Note: The certificate of mailing below can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/437,222 | 11/10/1999 | YOUNG WOO CHO | 8733-20067 | 7668 |

TITLE OF INVENTION: PORTABLE COMPUTER AND METHOD FOR MOUNTING A FLAT DISPLAY DEVICE MODULE

| TOTAL CLAIMS | APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 31 | nonprovisional | NO | $1280 | $0 | $1280 | 05/22/2002 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| CHANG, YEAN HSI | 2835 | 361-681000 |

| 1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.<br><br>❑ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.<br><br>❑ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached. | 2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.     1_____  2_____  3_____ |
|---|---|

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.
(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)    ❑ individual    ❑ corporation or other private group entity    ❑ government

| 4a. The following fee(s) are enclosed:<br><br>❑ Issue Fee<br>❑ Publication Fee<br>❑ Advance Order - # of Copies _____ | 4b. Payment of Fee(s):<br><br>❑ A check in the amount of the fee(s) is enclosed.<br>❑ Payment by credit card. Form PTO-2038 is attached.<br>❑ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form). |
|---|---|

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature) _____        (Date) _____

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, United States Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington, D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004. OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

VS078366

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/437,222 | 11/10/1999 | YOUNG WOO CHO | 8733-20067 | 7668 |

| | EXAMINER |
|---|---|
| 7590     02/22/2002 | CHANG, YEAN HSI |

LONG ALDRIDGE & NORMAN LLP
701 PENNSYLVANIA AVENUE N W
WASHINGTON, DC 20004

| ART UNIT | PAPER NUMBER |
|---|---|
| 2835 | 15 |

DATE MAILED: 02/22/2002

### Determination of Patent Term Extension under 35 U.S.C. 154 (b)
**(application filed after June 7, 1995 but prior to May 29, 2000)**

The patent term extension is 0 days. Any patent to issue from the above identified application will include an indication of the 0 day extension on the front page.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term extension is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

Page 3 of 3

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004.

VS078367





30827
PATENT TRADEMARK OFFICE

Docket No.: 8733.173.00
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:

Young W. Cho, et al.

Application No.: 09/437,222                    Allowed: February 22, 2002

Filed: November 10, 1999                       Group Art Unit: 2835

For:  PORTABLE COMPUTER AND METHOD FOR         Examiner: Y. Chang
      MOUNTING A FLAT PANEL DISPLAY
      DEVICE MODULE

### SUBMISSION OF CORRECTED FORMAL DRAWINGS

Commissioner for Patents
Washington, DC  20231

Dear Sir:

        Submitted herewith is one set (fourteen sheets, sixteen figures) of corrected formal

drawings for filing in the above-identified patent application, as required by the Office.

Dated:  May 2, 2002                    Respectfully submitted,

                                       By_____
                                          Song K. Jung
                                          Registration No.: 35,210

                                       LONG ALDRIDGE & NORMAN LLP
                                       701 Pennsylvania Avenue N.W.
                                       Suite 600
                                       Washington, DC  20004
                                       (202) 624-1200
                                       Attorneys for Applicants

DC:99643.1

VS078368

**6411501**

entor:  Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



*FIG. 1*

VS078369



entor: Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00

**FIG. 2**

VS078370

ntor:  Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



*FIG. 3A*

VS078371

....entor: Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



**FIG. 3B**

VS078372

Inventor: Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



*FIG. 4*

VS078373

Inventor:  Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



**FIG. 5**

VS078374

entor: Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



**FIG. 6**

Inventor: Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



**FIG. 7**

VS078376

ᴵ. ᵛᵉⁿtor: Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



**FIG. 8**

VS078377

Inventor: Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



**FIG. 9**

VS078378

Inventor: Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



**FIG. 10A**



**FIG. 10B**

VS078379

 ntor:  Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



**FIG. 10C**

VS078380

Inventor: Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



**FIG. 11**

VS078381

.  ~ntor:  Young Woo CHO et al.
PORTABLE COMPUTER AND METHOD FOR MOUNTING
A FLAT PANEL DISPLAY DEVICE MODULE
Attorney Docket No. 8733.173.00



**FIG. 12**



**FIG. 13**

VS078382

**PART B - FEE(S) TRANSMITTAL**

MAY 1 2002

Complete and mail this form, together with applicable fee(s), to:    Box ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

7590    02/21/2002

LONG ALDRIDGE & NORMAN LLP
701 PENNSYLVANIA AVENUE N W
WASHINGTON, DC 20004

Note: The certificate of mailing below can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

**CUSTOMER NUMBER 30827**

| APPLICATION NO | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/437,222 | 11/10/1999 | YOUNG WOO CHO | 8733.173.00 | 7668 |

TITLE OF INVENTION: PORTABLE COMPUTER AND METHOD FOR MOUNTING A FLAT DISPLAY DEVICE MODULE

| TOTAL CLAIMS | APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 31 | nonprovisional | NO | $1280 | $0 | $1280 | 05/22/2002 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| CHANG, YEAN HSI | 2835 | 361-681000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  **Long Aldridge & Norman LLP**
2  _____
3  _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: An assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

**LG.Philips LCD Co., Ltd.**    **Seoul, Korea**

Please check the appropriate assignee category or categories (will not be printed on the patent)  ☐ individual  ☒ corporation or other private group entity  ☐ government

4a. The following fee(s) are enclosed:

☒ Issue Fee
☐ Publication Fee
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature)  _____  (Date)

Song K. Jung
Reg. No. 35,210    5/2/2002

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, United States Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington, D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

05/03/2002 EV0222    00000165 09437222
01 FC:142    1260.00 OP

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004. OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

VS078383