222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

# THE BAYARD FIRM

A   T   T   O   R   N   E   Y   S

℟ MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395
Writer's Direct Access

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

July 12, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

> Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic,* C.A. No. 04-343 JJF

Dear Special Master Poppiti:

I write on behalf of plaintiff, LG.Philips LCD Co., Ltd. ("LPL"). As discussed during the July 10 teleconference, LPL would like to address the following issues regarding the extent any inequitable conduct defenses have been preserved for trial.

During the July 10 teleconference, Your Honor confirmed that any trial of inequitable conduct would occur after trial of the other issues. As previously explained, however, LPL disputes whether Defendants have asserted proper inequitable conduct defenses for trial. LPL could submit these issues either directly to Your Honor or to the Court, seeking an order striking or limiting the inequitable conduct issues. *See, e.g.*, Fed.R.Civ.P. 12(c), 12(f), and 56.

LPL therefore respectfully requests guidance concerning whether the following related issues should be submitted to Your Honor or to the Court:

(1)   Whether ViewSonic has failed to plead any inequitable conduct defense;

(2)   Whether the Tatung Defendants have failed to plead a proper inequitable conduct defense and whether any such defense must be limited to the pleadings, as Defendants' discovery responses assert separate issues and provided no timely support or disclosure; and

(3)   Whether Tatung should be prohibited from deposing counsel for LPL concerning patent prosecution issues.

<u>ViewSonic's Pleadings Concerning Inequitable Conduct</u>

ViewSonic has not asserted or preserved **any** inequitable conduct defense and has no basis to assert such a defense at trial or to offer any expert opinion on the issue. ViewSonic served its answer and defenses on June 30, 2004, more than three years ago. In that pleading, ViewSonic alleged several affirmative defenses, but **not any inequitable conduct defense**.

The Honorable Vincent J. Poppiti
July 12, 2007
Page 2

THE BAYARD FIRM

Indeed, ViewSonic specifically stated at the end of its defenses that "ViewSonic reserves the right to assert any **other defenses that discovery may reveal, including inequitable conduct**." ViewSonic Answer & Affirmative Defenses, ¶44 (emphasis added). ViewSonic has neither filed any motion to amend its defenses nor asserted any inequitable conduct defense. The deadline for filing motions to amend pleadings expired on January 17, 2006. On May 23, 2007, ViewSonic submitted a letter to LPL proposing to file an amended answer adding an inequitable conduct defense. LPL objects to ViewSonic's attempt to assert a new defense after the close of discovery.

ViewSonic contended in its May 23 letter that its unclean hands defense should be construed as an inequitable conduct defense even though that defense includes no facts and does not refer to inequitable conduct. The two defenses, moreover, are distinct. Also, ViewSonic's response to LPL's interrogatories does not disclose specific information regarding even ViewSonic's unclean hands defense. In April 2007, when LPL deposed ViewSonic's corporate designee on the factual basis for the unclean hands defense, moreover, ViewSonic refused to testify on the factual basis for that defense.

LPL requests guidance as to whether ViewSonic has presented and preserved any inequitable conduct defense.

<u>The Tatung Defendants' Pleadings Concerning Inequitable Conduct</u>

The Tatung Defendants served their answer, defenses, and counterclaims on April 19, 2005. In their pleadings, the Tatung Defendants asserted a purported inequitable conduct defense. These defenses give only a few specific examples of prior art allegedly not disclosed. Further, the defenses are deficient for making allegations merely "upon information and belief" and for referencing undisclosed facts and prior art, contrary to the requirement to plead inequitable conduct with specificity under Fed.R.Civ.P. 9(b). In LPL's replies to the counterclaims and defenses, LPL objected to the inequitable conduct defense and requested that the Court strike the defense. See Exhibits A and B, D.I.189 and D.I. 190. Despite LPL's objections in LPL's May 9, 2005 reply, the Tatung Defendants have never amended their pleadings.

Tatung also failed to provide any further factual basis for its limited inequitable conduct defense in response to LPL's Interrogatory No. 18 or when LPL recently deposed Tatung. On June 8, 2007, the Tatung Defendants attempted to assert a new inequitable conduct defense by supplementing interrogatory answers to assert new facts. LPL objects to Tatung's attempt to assert a new inequitable conduct defense at trial, as the issues were not pleaded or timely asserted. The Tatung Defendants' inequitable conduct defense should be stricken, or, at a minimum, limited to the prior art specifically identified in the Tatung Defendants' affirmative defense as pleaded, exclusive of recent interrogatory answers.

Although LPL believes its motions to strike are fully preserved (and were actually supported in the replies as filed), if Your Honor requests, LPL could separately brief the motion to strike the Tatung Defendants' counterclaims as they currently exist. LPL also requests guidance as to the scope or extent of any inequitable conduct defense asserted by the Tatung Defendants.

664787-1

THE BAYARD FIRM

Tatung's Recent Demand To Depose LPL's Patent Counsel

Tatung's counsel recently suggested that Tatung intends to depose Rebecca Rudich, a patent attorney for LPL, whose testimony is not necessary or proper. Further, LPL has cooperated in good faith and offered a declaration from Ms. Rudich, which would provide the information that Tatung has pursued. LPL objects to any deposition of counsel as unwarranted, harassing, invading attorney-client privilege, and for additional reasons. In response to Tatung's request, LPL has provided draft declarations from Ms. Rudich to Tatung and even revised those declarations in response to Tatung's further requests. Tatung has not stated why it now appears to be refusing to accept a declaration, nor has Tatung offered any proper basis for a deposition.

LPL would appreciate guidance from Your Honor or the Court concerning the most efficient way to resolve these issues and the timing of any submissions.

Respectfully submitted,

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

664787-1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343 (JJF) |
| TATUNG CO.; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION | JURY TRIAL DEMANDED |
| Defendants. | |

## PLAINTIFF'S REPLY TO THE COUNTERCLAIMS
## OF TATUNG COMPANY OF AMERICA

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby files its Reply to the Counterclaims of Defendant Tatung Company of America ("Tatung America"), in the above titled action. Except to the extent expressly and specifically admitted herein, LPL denies each and every allegation contained in the Counterclaims.

1.     Upon information and belief, Tatung America is not a corporation organized under the laws of Taiwan, Republic of China, with its principal place of business in Taipei, Taiwan, but is a California corporation, with a place of business in Long Beach, California.

2.     LPL admits that LPL is a corporation organized under the laws of the Republic of Korea.

3.     LPL admits that this Court has jurisdiction over the subject matter of this action (although not necessarily on each and every basis alleged).  LPL also admits that venue in this District is proper.  LPL denies the remaining allegations, if any, contained in paragraph 3 of the Counterclaims.

587124v1

1

4.      LPL admits that there is an actual and justiciable controversy between LPL and Tatung America with respect to the LG.Philips Patents-In-Suit, United States Patent No. 6,498,718 (the "'718 Patent") and United States Patent No. 6,501,641 (the "'641 Patent"), but otherwise denies the remaining allegations, if any, contained in paragraph 4 of the Counterclaims.

## DECLARATORY JUDGMENT COUNTER-CLAIMS

### COUNT ONE (THE '718 PATENT)

5.      LPL denies the allegations contained in paragraph 5 of the Declaratory Judgment Counterclaims.

6.      LPL denies the allegations contained in paragraph 6 of the Declaratory Judgment Counterclaims.

7.      LPL denies the allegations contained in paragraph 7 of the Declaratory Judgment Counterclaims.  By way of further response, LPL requests that the Court strike the allegations of paragraph 7 as superfluous and irrelevant to the purported counterclaims for declaratory judgment.

### COUNT TWO (THE '641 PATENT)

8.      LPL denies the allegations contained in paragraph 8 of the Declaratory Judgment Counterclaims.

9.      LPL denies the allegations contained in paragraph 9 of the Declaratory Judgment Counterclaims.

10.     LPL denies the allegations contained in paragraph 10 of the Declaratory Judgment Counterclaims.  By way of further response, LPL requests that the Court strike the allegations of

paragraph 10 as superfluous and irrelevant to the purported counterclaims for declaratory judgment.

11.    LPL denies that Tatung America is entitled to any of the relief requested in its Prayer for Relief.

### PLAINTIFF'S AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") asserts the following affirmative defenses to the Counterclaims alleged by Tatung Company of America, Inc. ("Tatung America"):

12.    As a first Affirmative Defense to the Counterclaims, LPL alleges that Tatung America fails to state a claim for a judgment declaring the '718 Patent invalid. *See, e.g., Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050-51 (N.D. Cal. 2004).

13.    As a second Affirmative Defense to the Counterclaims, LPL alleges that Tatung America fails to state a claim for a judgment declaring the '641 Patent invalid. *See, e.g., Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050-51 (N.D. Cal. 2004).

14.    As a third Affirmative Defense to the Counterclaims, LPL alleges that Tatung America fails to state a claim for an injunction or any other equitable relief or remedy concerning Count One or the '718 Patent.

15.    As a fourth Affirmative Defense to the Counterclaims, LPL alleges that Tatung America fails to state a claim for an injunction or any other equitable relief or remedy concerning Count Two or the '641 Patent.

### PLAINTIFF'S OBJECTIONS TO INSUFFICIENT DEFENSES

Tatung America has withdrawn, with prejudice, its first, second, third, and fourth affirmative defenses. *See* D.I. 188. As set forth below, LPL objects to each and every remaining defense as improper and insufficient, and requests that the Court strike these defenses.

587124v1

3

16.    Tatung America's purported fifth affirmative defense of non-infringement as to the '718 Patent should be stricken as improperly pled and insufficient in law and/or fact, because it is merely a denial of liability and not an affirmative defense.

17.    Tatung America's purported sixth affirmative defense of invalidity as to the '718 Patent should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.,* No. C-95-3577 DLJ, 1996 WL 467293, *13 (N.D. Cal. July 24, 1996).

18.    Tatung America's purported seventh affirmative defense of non-infringement as to the '641 Patent should be stricken as improperly pled and insufficient in law and/or fact, because it is merely a denial of liability and not an affirmative defense.

19.    Tatung America's purported eighth affirmative defense of invalidity as to the '641 Patent should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.,* No. C-95-3577 DLJ, 1996 WL 467293, *13 (N.D. Cal. July 24, 1996).

20.    Tatung America's purported ninth affirmative defense of laches should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. For example, Tatung America fails to allege that any delay occurred after the time when LPL was aware of Tatung America's infringing conduct, and fails to allege the circumstances of any prejudice or how any prejudice was caused by LPL. *See, e.g., Meyers v. Asics Corp.*, 974 F.2d 1304 (Fed. Cir. 1992); *see also Symbol Techs., Inc. v. Proxim Inc.*, No. Civ. 01-801-SLR, 2004 WL 1770290 (D. Del. July 28, 2004).

21.    Tatung America's purported tenth affirmative defense of estoppel should be stricken as improperly pled and insufficient in law and/or fact, contrary to the requirements of

the Federal Rules of Civil Procedure. *See, e.g., Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004); *Raines v. Switch Mfg.*, 44 U.S.P.Q.2d 1195 (N.D. Cal. 1997); *see also Symbol Techs., Inc. v. Proxim Inc.*, No. Civ. 01-801-SLR, 2004 WL 1770290 (D. Del. July 28, 2004); *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-3577 DLJ, 1996 WL 467293, *13 (N.D. Cal. July 24, 1996).

22.     Tatung America's purported eleventh affirmative defense of unclean hands should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Raines v. Switch Mfg.*, 44 U.S.P.Q.2d 1195 (N.D. Cal. 1997). For example, Tatung America fails to allege that any misconduct relates specifically to the subject of this action <u>and</u> the same defendant. *See Safe Bed Techs. Co. v. KCI USA, Inc.*, No 02 C 0097, 2003 WL 21183948, *5 (N.D. Ill. May 20, 2003).

23.     Tatung America's purported twelfth affirmative defense related to marking and notice should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. For example, there is no allegation that LPL produced or sold the patented product in the U.S. at any relevant time or why the statute applies. *See, e.g., Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1219-20 (Fed. Cir. 2002); *see also Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 262 F. Supp. 2d 358 (D. Del. 2003). The statute also does not apply to patents directed only to a method or process, such as the '718 Patent. Further, the statute does not bar claims but, instead, relates only to damages and does not operate retroactively. *See, e.g., Tulip Computers Int'l B.V. v. Dell Computer Corp.*, Civ. A. No. 00-981-KAJ, 2003 WL 1606081, **13-16 (D. Del. Feb. 4, 2003), *adopted in part*, 2003 WL 21011157 (D. Del. May 1, 2003), *rejected in part*, 262 F. Supp. 2d 358 (D. Del. 2003). In any event, LPL's filing of an action for infringement constitutes notice. *See* 35 U.S.C. §287(a).

24.    Tatung America's purported thirteenth affirmative defense of patent misuse should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Raines v. Switch Mfg.,* 44 U.S.P.Q.2d 1195 (N.D. Cal. 1997).

25.    Tatung America's purported fourteenth affirmative defense of inequitable conduct should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 9(b); *EMC Corp. v. Storage Tech. Corp.,* 921 F. Supp. 1261 (D. Del. 1996).  Further:

a.    Tatung America makes the allegation on belief, rather than fact, when it alleges failure to disclose prior art "believed to be known to plaintiff, its employees, and agents" and alleges other prior art omissions on "information and belief."  Yet, Tatung America improperly fails to allege any basis for its purported belief, e.g. how or why it believes that any individual associated with the filing and prosecution of LPL's Patents-in-Suit was aware of and failed to disclose information material to patentability.  *See Magarl, L.L.C. v. Crane Co.,* No. IP 02-0478-C-T/L, 1:03-CV-01255-JDT-TW, 2004 WL 2750252, *12 (S.D. Ind. Sept. 29, 2004); and

b.    Tatung America makes broad, general allegations using the terms "various LCD monitors and devices," "including," and "such as", which fail to provide fair notice to LPL of alleged inequitable conduct and, accordingly, all such terms are improper and should be stricken. *See, e.g., id. at *13; Safe Bed Techs. Co. v. KCI USA, Inc.,* No 02 C 0097, 2003 WL 21183948, *3 (N.D. Ill. May 20, 2003).

**JURY DEMAND**

LPL requests a jury trial as to all issues, claims, counterclaims, and defenses as to which jury trial is proper.

587124v1

6

WHEREFORE, LG.Philips LCD Co., Ltd. respectfully requests that the Court enter
judgment in its favor, and against Tatung Company of America, Inc., with respect to each and
every defense and counterclaim asserted by Tatung Company of America, Inc., and that the
Court further award LG.Philips LCD Co., Ltd. all of its attorneys' fees, costs, and expenses.

May 9, 2005                                THE BAYARD FIRM

                                           /s/ Richard D. Kirk (rk0922)
                                           222 Delaware Avenue, Suite 900
                                           P.O. Box 25130
                                           Wilmington, DE  19899-5130
                                           (302) 655-5000
                                           Counsel for Plaintiff
                                           LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

587124v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 9, 2005, he electronically filed the

foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Richard L. Horwitz, Esq.                Jeffrey S. Goddess, Esq.
David E. Moore, Esq.                     Jessica Zeldin, Esquire
Potter Anderson & Corroon LLP           Rosenthal, Monhait, Gross & Goddess
1313 N. Market St., 6th Fl.             Mellon Bank Center, Suite 1401
Wilmington, DE 19801                     Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document

were sent by hand to the above counsel and by email and first class mail to the following

non-registered participants:

Julian M. Baum, Esq.                    Scott Miller, Esq.
Robert C. Weems, Esq.                   Tracy Roman, Esq.
Baum & Weems                            Bingham McCutchen LLP
58 Katrina Lane                         355 South Grand Ave., 44th Floor
San Anselmo, CA 94960                   Los Angeles, CA 90071-3106


                                        /s/ Richard D. Kirk (rk0922)
                                        Richard D. Kirk

571447v1

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

                  Plaintiff,

        v.

TATUNG CO.; TATUNG COMPANY OF
AMERICA, INC.; AND VIEWSONIC
CORPORATION

                  Defendants.

Civil Action No. 04-343 (JJF)

JURY TRIAL DEMANDED

## PLAINTIFF'S REPLY TO THE COUNTERCLAIMS
## OF TATUNG COMPANY

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby files its Reply to the Counterclaims of

Defendant Tatung Company ("Tatung"), in the above titled action.  Except to the extent

expressly and specifically admitted herein, LPL denies each and every allegation contained in the

Counterclaims.

        1.     LPL admits that Tatung is a corporation organized under the laws of Taiwan,

Republic of China with its principal place of business in Taipei, Taiwan.

        2.     LPL admits that it is a corporation organized under the laws of the Republic of

Korea.

        3.     LPL admits that this Court has jurisdiction over the subject matter of this action

(although not necessarily on each and every basis alleged).  LPL also admits that venue in this

District is proper.  LPL denies the remaining allegations, if any, contained in paragraph 3 of the

Counterclaims.

        4.     LPL admits that there is an actual and justiciable controversy between LPL and

Tatung with respect to the LG.Philips Patents-In-Suit, United States Patent No. 6,498,718 (the

587125v1

1

"'718 Patent") and United States Patent No. 6,501,641 (the "'641 Patent"), but otherwise denies the remaining allegations, if any, contained in paragraph 4 of the Counterclaims.

DECLARATORY JUDGMENT COUNTER-CLAIMS

COUNT ONE (THE '718 PATENT)

5.      LPL denies the allegations contained in paragraph 5 of the Declaratory Judgment Counterclaims.

6.      LPL denies the allegations contained in paragraph 6 of the Declaratory Judgment Counterclaims.

7.      LPL denies the allegations contained in paragraph 7 of the Declaratory Judgment Counterclaims. By way of further response, LPL requests that the Court strike the allegations of paragraph 7 as superfluous and irrelevant to the purported counterclaims for declaratory judgment.

COUNT TWO (THE '641 PATENT)

8.      LPL denies the allegations contained in paragraph 8 of the Declaratory Judgment Counterclaims.

9.      LPL denies the allegations contained in paragraph 9 of the Declaratory Judgment Counterclaims.

10.     LPL denies the allegations contained in paragraph 10 of the Declaratory Judgment Counterclaims. By way of further response, LPL requests that the Court strike the allegations of paragraph 10 as superfluous and irrelevant to the purported counterclaims for declaratory judgment.

11.     LPL denies that Tatung is entitled to any of the relief requested in its Prayer for Relief.

587125v1

2

## PLAINTIFF'S AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") asserts the following affirmative defenses to the Counterclaims alleged by Tatung Company ("Tatung"):

12.    As a first Affirmative Defense to the Counterclaims, LPL alleges that Tatung fails to state a claim for a judgment declaring the '718 Patent invalid. *See, e.g., Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050-51 (N.D. Cal. 2004).

13.    As a second Affirmative Defense to the Counterclaims, LPL alleges that Tatung fails to state a claim for a judgment declaring the '641 Patent invalid. *See, e.g., Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050-51 (N.D. Cal. 2004).

14.    As a third Affirmative Defense to the Counterclaims, LPL alleges that Tatung fails to state a claim for an injunction or any other equitable relief or remedy concerning Count One or the '718 Patent.

15.    As a fourth Affirmative Defense to the Counterclaims, LPL alleges that Tatung fails to state a claim for an injunction or any other equitable relief or remedy concerning Count Two or the '641 Patent.

## PLAINTIFF'S OBJECTIONS TO INSUFFICIENT DEFENSES

Tatung has withdrawn, with prejudice, its first, second, third, and fourth affirmative defenses. *See* D.I. 188. As set forth below, LPL objects to each and every remaining defense as improper and insufficient, and requests that the Court strike these defenses.

16.    Tatung's purported fifth affirmative defense of non-infringement as to the '718 Patent should be stricken as improperly pled and insufficient in law and/or fact, because it is merely a denial of liability and not an affirmative defense.

587125v1

17.    Tatung's purported sixth affirmative defense of invalidity as to the '718 Patent should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.,* No. C-95-3577 DLJ, 1996 WL 467293, *13 (N.D. Cal. July 24, 1996).

18.    Tatung's purported seventh affirmative defense of non-infringement as to the '641 Patent should be stricken as improperly pled and insufficient in law and/or fact, because it is merely a denial of liability and not an affirmative defense.

19.    Tatung's purported eighth affirmative defense of invalidity as to the '641 Patent should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.,* No. C-95-3577 DLJ, 1996 WL 467293, *13 (N.D. Cal. July 24, 1996).

20.    Tatung's purported ninth affirmative defense of laches should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. For example, Tatung fails to allege that any delay occurred after the time when LPL was aware of Tatung's infringing conduct, and fails to allege the circumstances of any prejudice or how any prejudice was caused by LPL. *See, e.g., Meyers v. Asics Corp.,* 974 F.2d 1304 (Fed. Cir. 1992); *see also Symbol Techs., Inc. v. Proxim Inc.,* No. Civ. 01-801-SLR, 2004 WL 1770290 (D. Del. July 28, 2004).

21.    Tatung's purported tenth affirmative defense of estoppel should be stricken as improperly pled and insufficient in law and/or fact, contrary to the requirements of the Federal Rules of Civil Procedure. *See, e.g., Qarbon.com Inc. v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004); *Raines v. Switch Mfg.,* 44 U.S.P.Q.2d 1195 (N.D. Cal. 1997); *see also Symbol Techs., Inc. v. Proxim Inc.,* No. Civ. 01-801-SLR, 2004 WL 1770290 (D. Del. July 28,

2004); *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.,* No. C-95-3577 DLJ, 1996 WL 467293, *13 (N.D. Cal. July 24, 1996).

  22. Tatung's purported eleventh affirmative defense of unclean hands should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Raines v. Switch Mfg.,* 44 U.S.P.Q.2d 1195 (N.D. Cal. 1997). For example, Tatung fails to allege that any misconduct relates specifically to the subject of this action <u>and</u> the same defendant. *See Safe Bed Techs. Co. v. KCI USA, Inc.*, No 02 C 0097, 2003 WL 21183948, *5 (N.D. Ill. May 20, 2003).

  23. Tatung's purported twelfth affirmative defense related to marking and notice should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. For example, there is no allegation that LPL produced or sold the patented product in the U.S. at any relevant time or why the statute applies. *See, e.g., Texas Digital Sys., Inc. v. Telegenix, Inc.,* 308 F.3d 1193, 1219-20 (Fed. Cir. 2002); *see also Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 262 F. Supp. 2d 358 (D. Del. 2003). The statute also does not apply to patents directed only to a method or process, such as the '718 Patent. Further, the statute does not bar claims but, instead, relates only to damages and does not operate retroactively. *See, e.g., Tulip Computers Int'l B.V. v. Dell Computer Corp.*, Civ. A. No. 00-981-KAJ, 2003 WL 1606081, **13-16 (D. Del. Feb. 4, 2003), *adopted in part*, 2003 WL 21011157 (D. Del. May 1, 2003), *rejected in part*, 262 F. Supp. 2d 358 (D. Del. 2003). In any event, LPL's filing of an action for infringement constitutes notice. *See* 35 U.S.C. §287(a).

  24. Tatung's purported thirteenth affirmative defense of patent misuse should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g., Raines v. Switch Mfg.,* 44 U.S.P.Q.2d 1195 (N.D. Cal. 1997).

25.    Tatung's purported fourteenth affirmative defense of inequitable conduct should be stricken as improperly pled and insufficient in law and/or fact, contrary to the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 9(b); *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261 (D. Del. 1996). Further:

a.    Tatung makes the allegation on belief, rather than fact, when it alleges failure to disclose prior art "believed to be known to plaintiff, its employees, and agents" and alleges other prior art omissions on "information and belief." Yet, Tatung improperly fails to allege any basis for its purported belief, e.g. how or why it believes that any individual associated with the filing and prosecution of LPL's Patents-in-Suit was aware of and failed to disclose information material to patentability. *See Magarl, L.L.C. v. Crane Co.*, No. IP 02-0478-C-T/L, 1:03-CV-01255-JDT-TW, 2004 WL 2750252, *12 (S.D. Ind. Sept. 29, 2004); and

b.    Tatung makes broad, general allegations using the terms "various LCD monitors and devices," "including," and "such as", which fail to provide fair notice to LPL of alleged inequitable conduct and, accordingly, all such terms are improper and should be stricken. *See, e.g., id. at *13; Safe Bed Techs. Co. v. KCI USA, Inc.*, No 02 C 0097, 2003 WL 21183948, *3 (N.D. Ill. May 20, 2003).

## JURY DEMAND

LPL requests a jury trial as to all issues, claims, counterclaims, and defenses as to which jury trial is proper.

WHEREFORE, LG.Philips LCD Co., Ltd. respectfully requests that the Court enter

judgment in its favor, and against Tatung Company, with respect to each and every defense and

counterclaim asserted by Tatung Company, and that the Court further award LG.Philips LCD

Co., Ltd. all of its attorneys' fees, costs, and expenses.

May 9, 2005                                    THE BAYARD FIRM

                                               /s/ Richard D. Kirk (rk0922)
                                               222 Delaware Avenue, Suite 900
                                               P.O. Box 25130
                                               Wilmington, DE  19899-5130
                                               (302) 655-5000
                                               Counsel for Plaintiff
                                               LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Daniel G. Jarcho
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

587125v1

7

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 9, 2005, he electronically filed the

foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Jeffrey S. Goddess, Esq.
Jessica Zeldin, Esquire
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document

were sent by hand to the above counsel and by email and first class mail to the following

non-registered participants:

Julian M. Baum, Esq.
Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Scott Miller, Esq.
Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

571447v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 12, 2007, she electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand on July 12, 2007 to the above counsel and were sent by email and by U.S. Mail on July 12, 2007 to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Ashley B. Stitzer (as3891)
Ashley B. Stitzer

571447-1