IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,                :
                                         :
            Plaintiff,                   :
                                         :
      v.                                 :   Civil Action No. 04-343-JJF
                                         :
TATUNG CO., TATUNG COMPANY               :
OF AMERICA, INC., and                    :
VIEWSONIC CORP.,                         :
                                         :
            Defendants.                  :

Gaspare J. Bono, Esquire; Rel S. Ambrozy, Esquire; Lora A. Brzezynski, Esquire; Cass W. Christenson, Esquire and Cormac Connor, Esquire of MCKENNA LONG & ALDRIDGE LLP, Washington, D.C.
Richard D. Kirk, Esquire and Ashley B. Stitzer, Esquire of THE BAYARD FIRM, Wilmington, Delaware.

Attorneys for Plaintiff, LG.Philips LCD Co., Ltd.

Frank E. Merideth, Jr., Esquire; Mark H. Krietzman, Esquire; Allan W. Jansen, Esquire and Valerie W. Ho, Esquire of GREENBERG TRAURIG LLP, Santa Monica, California.
Frederick L. Cottrell, III, Esquire and Anne Shea Gaza, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.

Attorneys for Defendants Tatung Company and Tatung Company of America.

Scott R. Miller, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP, Los Angeles, California.
Tracy R. Roman, Esquire of RASKIN PETER RUBIN & SIMON LLP, Los Angeles, California.
Jeffrey B. Bove, Esquire and Jaclyn M. Mason, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.

Attorneys for Defendant, ViewSonic Corporation.

## O P I N I O N

July 13, 2007
Wilmington, Delaware.

Farnan, District Judge.

    Pending before the Court are ViewSonic Corporation's Objections To Finding In Special Master's Report And Recommendation Regarding LG.Phillips' Motion To Compel Viewsonic To Provide Discovery On Advice Of Counsel (D.I. 409) and Defendant Tatung Company's and Tatung Company of America, Inc.'s Objections To Special Master's Report And Recommendations Regarding (A) LG.Philips LCD Co., Ltd's Motion To Compel Tatung Defendants To Provide Discovery On Advice Of Counsel And Duty Of Care; And (B) The Tatung Defendants' Cross Motion To Bifurcate Discovery (D.I. 679).  For the reasons discussed, the Court will sustain the Objections and not adopt the Special Master's conclusion, as set forth in the January 5, 2007 (D.I. 385) and May 8, 2007 (D.I. 658) Reports and Recommendations, that an "advice of counsel" defense is an affirmative defense that must be pled in an answer.  The Court will also reverse the Special Master's May 8, 2007 decision as it pertains to bifurcation of discovery.

**I.    BACKGROUND**

    The Special Master issued two Reports and Recommendations addressing similar issues in connection with two Motions To Compel submitted by Plaintiff LG.Philips LCD Co., LTD ("LPL"). One Motion to Compel was directed to ViewSonic Corporation ("ViewSonic"), and the other Motion To Compel was directed to

1

Defendants Tatung Co. and Tatung Company of America, Inc. (the "Tatung Defendants"). Both Motions To Compel sought discovery related to issues concerning willful infringement. Specifically, the central issue concerned discovery related to the advice of counsel defense.

In his Report And Recommendation Regarding LG.Philips' Motion To Compel Defendant ViewSonic Corporation To Provide Discovery On Advice Of Counsel And Duty Of Care (D.I. 385), the Special Master concluded that the issues raised by LPL's Motion To Compel were not ripe for consideration because ViewSonic had not raised the affirmative defense of reliance on the advice of counsel in the pleadings and could not do so without leave of Court. Thus, the Special Master concluded that the discovery sought by LPL was not related to any claims or defenses currently asserted in this action, and therefore, LPL's Motion To Compel was not ripe for consideration.

In his Report And Recommendation Regarding (a) Philips' Motion To Compel Tatung Defendants To Provide Discovery On Advice Of Counsel And Duty Of Care; and (b) The Tatung Defendants' Cross-Motion To Bifurcate Discovery (D.I. 658), the Special Master likewise concluded that LPL's Motion To Compel was not ripe for consideration because the Tatung Defendants had not raised advice of counsel as an affirmative defense in the pleadings. The Special Master also denied the Tatung Defendants'

2

request to bifurcate discovery on the advice of counsel.

**II. THE PARTIES' CONTENTIONS**

ViewSonic and the Tatung Defendants have filed Objections to the respective Reports and Recommendations issued by the Special Master contending that the Special Master erred in concluding that advice of counsel must be raised as an affirmative defense in the pleadings. Collectively, Defendants argue that: (1) Rule 8(c) does not list advice of counsel as an affirmative defense, (2) advice of counsel is but one factor related to willful infringement, and those factors do not have to be independently and affirmatively asserted by a defendant, and (3) the burden of proof regarding willfulness rests on Plaintiff and a decision which would preclude Defendants from subsequently raising advice of counsel as a defense would create a presumption that every infringement is willful.

As a threshold argument in response to ViewSonic's Objection, LPL contends that unlike the Tatung Defendants, ViewSonic does not have an advice of counsel defense to assert, and ViewSonic conceded at the hearing before the Special Master that advice of counsel is an affirmative defense that must be raised in the pleadings.[1] With respect to the Tatung Defendants,

---

[1] The Court will not hold ViewSonic to its counsel's concession at the hearing because unlike the Tatung Defendants, ViewSonic did not have the benefit of full research or briefing on the issue of whether advice of counsel must be expressly pled as an affirmative defense under Rule 8(c).

3

LPL contends, as a threshold matter, that their objection is untimely.[2]

On the merits of the dispute, LPL contends that Defendants' failure to plead advice of counsel amounts to a waiver of the defense. LPL contends that the Third Circuit and this Court have characterized advice of counsel as an affirmative defense, and therefore, the defense must be pled in the answer to the complaint. LPL further contends that it has been prejudiced by Defendants' decision to withhold discovery and delay assertion of the advice of counsel defense, because LPL has deposed all of

---

[2] The Tatung Defendants contend that their acquiescence to a ten-day objection deadline was made in the context of discussing claim construction and dispositive motion proceedings. However, the Special Master expressly stated that he would "like to see [the ten-day deadline] apply to everything," and the parties seemingly agreed. (D.I. 689, Exh. 1 at 20:13-21:4). Nevertheless, the Court acknowledges the Tatung Defendants' second argument that the docket set the objection deadline as June 1, 2007, in accordance with the Special Master's statement at the end of his decision that the "Report and Recommendation will become a final order of the Court unless objection is timely taken in accordance with the provisions of Fed. R. Civ. P. 53(g)." The Court notes that docket deadlines are automatically set by the computer in accordance with Rule 53(g) and must be manually revised. In this case, the parties did not file a stipulation regarding an agreed upon Objection deadline and the Special Master's decision did not flag a different deadline. Accordingly, the Court will consider the Tatung Defendants' Objections to be timely filed in light of the docket entry. In the future; however, if the parties agree to a deadline different than that set by the Special Master or by the parameters of Rule 53(g), the parties should file a stipulation with the Court or ensure that the Special Master's decision reflects such agreement. In any event, if the agreement for briefing is less than the time allotted by the Court or any applicable rules, the Court would expect the parties to honor the agreements made among themselves, regardless of deadlines set on the docket.

Defendants' Rule 30(b)(6) issues on willfulness. Similarly, LPL contends that any proposal to bifurcate discovery would be disproportionately burdensome on LPL who would have to incur expense to redepose witnesses. LPL further contends that bifurcation of discovery at this late juncture would disrupt the Scheduling Order in this case.

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 53(g), the Court may adopt or affirm; modify; wholly or partly reject or reverse; or resubmit to the master with instructions." Fed. R. Civ. P. 53(g)(1). The Court reviews the Special Master's conclusions of law de novo. Fed. R. Civ. P. 53(g)(4). Findings of fact rendered by the Special Master are also reviewed de novo absent the parties' stipulation to the contrary. Fed. R. Civ. P. 53(g)(3). The Special Master's rulings on procedural matters are reviewed under the abuse of discretion standard. Fed. R. Civ. P. 53(g)(5).

## IV. DISCUSSION

### A. Whether Advice Of Counsel Is An Affirmative Defense That Must Be Pled In An Answer Under Federal Rule Of Civil Procedure 8(c)

The primary question presented by Defendants' Objections is whether advice of counsel needs to be pled in an answer as an affirmative defense under Federal Rule of Civil Procedure 8(c). The Special Master recognized that courts have referred to the

5

advice of counsel defense as an affirmative defense and concluded that he could not ignore such characterizations despite Defendants' arguments to the contrary. (D.I. 658 at 10). The Court, however, does not feel similarly constrained, particularly in light of the fact that those courts who have used the affirmative defense characterization have not engaged in an analysis under Federal Rule of Civil Procedure 8(c) for determination of what constitutes an affirmative defense. See e.g., Glenmede Trust Co. v. Thompson, 56 F.3d 476, 486 (3d Cir. 1995) (non-patent case); Johns Hopkins University v. Cellpro, 160 F.R.D. 30, 34 (D. Del. 1995) (McKelvie, J.) (referring to the "current convention in patent litigation strategy" as including, among others, the following steps: "the patent owner opens with a claim for willful infringement; [and] the alleged infringer answers by denying willful infringement and asserts good faith reliance on advice of counsel as an affirmative defense . . .")

Rule 8(c) enumerates specific affirmative defenses that must be raised in the pleadings and includes a "catchall provision" which provides for "any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). When controlling precedent concerning the nature of a particular defense is lacking, there are two approaches which may be taken to determine whether a defense must be pleaded affirmatively: (1) "whether a particular issue arises by logical inference from the well-

pleaded allegations in the complaint relating to a necessary or intrinsic element of the plaintiff's claim," or (2) whether considerations of policy, fairness, and in some cases probability weigh in favor of requiring the matter to be pled affirmatively. 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 3d. § 1271.  The utility of the first approach has been questioned because "determining what matters are part of the plaintiff's case is the very thing to be ascertained by deciding whether a certain issue is or is not an affirmative defense." Id.  In the Court's view, the more helpful inquiry examines the policy and fairness considerations implicated by the defense, considerations which are particularly acute in the context of the advice of counsel defense.

Most significantly, the decision to assert the advice of counsel defense in response to a claim of willful infringement results in a waiver of the attorney-client privilege as to all communications regarding the same subject matter.  See In re EchoStar Communications Corp., 448 F.3d 1294, 1299 (Fed. Cir. 2006).  The Federal Circuit has recognized the magnitude of this decision and the resultant dilemmas faced by accused infringers making this decision:

> Proper resolution of the dilemma of an accused
> infringer who must choose between the lawful assertion
> of the attorney-client privilege and avoidance of a
> willfulness finding if infringement is found, is of
> great importance not only to the parties but to the
> fundamental values sought to be preserved by the

7

>   attorney-client privilege. An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found.

Quantum Corp. v. Tandon Corp., 940 f.2D 642, 643-644 (Fed. Cir. 1991). While it is true that the Federal Circuit has lessened the burden on accused infringers by abolishing all adverse inferences formerly drawn against them from the failure to obtain the advice of counsel or the decision to withhold the advice of counsel under the attorney-client privilege[3], the threshold decision of whether to advance the advice of counsel defense remains momentous because "once a party announces that it will rely on advice of counsel . . . the attorney-client privilege is waived." Echostar, 448 F.3d at 1299. Thus, the question of timing - of when to assert the advice of counsel defense and bear the burden of the attendant waiver of the attorney-client privilege that follows - becomes crucial to an accused infringer. This concern must, of course, be counterbalanced by the concern of fairness to the party asserting a claim for willful infringement because, as the Special Master recognized, that party becomes entitled to timely discovery concerning the advice

---

[3] Knorr-Bremse Systeme Fuer Nutzfahrzeuge GH v. Dana Corp., 383 F.3d 1337, 1344-1345 (Fed. Cir. 2004).

of counsel.

In determining the manner in which to balance these concerns, the Court is foremost guided by the substantive law concerning willful infringement. Whether an accused infringer acted willfully is a question of fact determined in light of the totality of the circumstances concerning the alleged infringer's state of mind. In re MediaTek, Inc., 2007 WL 1046900 (Fed. Cir. 2007). Reliance on the competent advice of counsel as a means of showing a party's good faith is but one factor relevant to this determination[4], and the Federal Circuit has not deemed the advice of counsel to be dispositive of a plaintiff's claim of willfulness. Machinery Corp. of America v. Gullfiber AB, 774 F.2d 467, 472 (Fed. Cir. 1985) ("There is no per se rule that an opinion letter from patent counsel will necessarily preclude a finding of willful infringement . . . , nor is there a per se rule that the lack of such a letter necessarily requires a finding of willfulness."). In contrast, a genuine affirmative defense has been defined as "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." Saks v. Franklin Covey Co., 316 F.3d

---

[4] Read Corp. v. Portec, Inc., 970 F.2d 816, 826-27 (Fed. Cir. 1992) (superseded on other grounds as recognized in Hoechst Celanese Corp. v. BP Chems. Ltd., 78 F.3d 1575, 1578 (Fed. Cir. 1996))

9

337, 350 (2d Cir. 2003) (citing Black's Law Dictionary 430 (7th ed. 1999)); Reis Robotics USA, Inc. v. Concept Industries, Inc., 462 F. Supp. 2d 897, 906 (N.D. Ill. 2006). A defense which "merely negates some element of plaintiff's prima facie case is not truly an affirmative defense and need not be pleaded." Sanden v. Mayo Clinic, 495 F.2d 221, 224 (8th Cir. 1974). The defense of advice of counsel does not entail admitting the allegations of the plaintiff's complaint and does not alone overcome a plaintiff's claim of willful infringement. Rather, the advice of counsel is only one of several factors to be considered in mitigation of a claim of willfulness. Accordingly, the Court concludes that advice of counsel is only an "affirmative defense" in the sense that it must be introduced into the litigation by the accused infringer in mitigation of a claim of willfulness; it is not a "true" or "mandatory" affirmative defense under Rule 8(c) that must be pled in the answer.[5]

---

[5] The Court's conclusion is also consistent with the burden of proof accompanying a claim of willful infringement. The patentee bears the burden of establishing willful infringement by clear and convincing evidence. Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1368 (Fed. Cir. 2006) (citations omitted). There is no evidentiary presumption that infringement is willful. Id. (citations omitted). Once the patentee comes forward with evidence of willfulness, the burden of production shifts to the accused infringer to show that it acted with due care. Id. However, the burden of proof on willfulness always remains with the patentee, and in the Court's view, treating advice of counsel as an affirmative defense that must be pled in the answer risks weakening and/or shifting the

In the Court's view, this conclusion best harmonizes the policy considerations invoked by advice of counsel, including allowing the accused infringer, who is the holder of the attorney-client privilege, some choice in determining when to waive that privilege. That being said, however, the Court also notes that an accused infringer does not have an unfettered right to determine when to raise the advice of counsel defense, and there is a point in litigation when it becomes too late to raise the defense. In deciding when the defense must be offered considerations of fairness, notice and/or surprise to the plaintiff claiming willful infringement may begin to weigh more heavily than the attorney-client privilege policy considerations which typically favor the accused infringer. In any event, these intricate timing questions are best left to a case by case determination.

> B. Whether Defendants Waived Their Right To Pursue An Advice Of Counsel Defense

In addition to raising the question of whether advice of counsel is a true affirmative defense, the Tatung Defendants also argued before the Special Master the question of whether they could postpone the decision to inform LPL as to whether they will assert the advice of counsel defense until mid-June 2007, and concomitantly extend the cut-off for fact discovery relating to

---

burden of proof to the accused infringer.

11

the advice of counsel issues until August 2007. The Special Master rejected what was essentially a request to bifurcate discovery recognizing that the Scheduling Order did not provide for the bifurcation of discovery and, in any event, the dates proposed by Tatung did not coincide with Tatung's stated objective of deferring a decision on whether to raise advice of counsel until after infringement has been established. The Special Master further noted that the only way the Tatung Defendants' stated objective could be achieved would be to bifurcate the trials on liability and willfulness, a result which the Special Master found would be disfavored by principles of judicial economy because of the delays it would cause.

The Tatung Defendants have objected to the Special Master's decision denying their request to bifurcate discovery. In so doing, the Tatung Defendants reiterate that they are not requesting a bifurcation of trial in this case and are only requesting an extension of time until after the <u>Markman</u> hearing to reveal whether they intend to rely upon the advice of counsel as a defense to willful infringement. The Tatung Defendants also contend that despite the March 30 fact discovery deadline, the parties are still in the midst of discovery.

In response, LPL contends that the Tatung Defendants should be foreclosed from asserting the advice of counsel defense because (1) their request to bifurcate was untimely, (2) fact

discovery closed March 30, 2007, and is substantially complete except for discrete outstanding issues, and (3) LPL has already deposed the Tatung Defendants' witnesses concerning the advice of counsel issues, and the Tatung Defendants unilaterally instructed these witnesses not to answer advice of counsel questions without moving for a protective order on the issue. LPL further contends that an extension of the discovery period at this time would cause it to incur additional expenses in redeposing witnesses and would divert its resources from expert discovery which is now ongoing. Thus, LPL contends that the Tatung Defendants' silence and inaction throughout the discovery period, which has precluded LPL from obtaining any evidence on the advice of counsel, amounts to a waiver of that defense.

LPL makes a similar waiver argument against Viewsonic, but points out that unlike Tatung, ViewSonic has never affirmatively indicated whether it even has an opinion of counsel to advance as a defense to willfulness. At the hearing before the Special Master, ViewSonic indicated that it only learned of the patents-in-suit when this litigation was filed and it "does not have an independent opinion of counsel directed to the issues of infringement or validity other than what they received from [litigation] counsel of record." (D.I. 385 at 3) (citing D.I. 384 at 94:18-21).

ViewSonic contends that it should not be precluded from presenting advice of counsel evidence. ViewSonic points out that LPL did not move the Special Master for an order precluding ViewSonic from relying on advice of counsel, and ViewSonic contends that it would contravene its due process rights if it were precluded from asserting this defense based on the Special Master's Report and Recommendation.

In light of the Court's decision that an advice of counsel defense need not be raised in the pleadings, the Special Master's rejection of the Tatung Defendants' request for bifurcation of discovery is tantamount to a determination that the Tatung Defendants have waived their ability to purse an advice of counsel defense. Although ViewSonic did not likewise move for bifurcation of discovery, the Court cannot envision that ViewSonic would be subject to a different result. Accordingly, the Court will address the question of waiver as it applies to both Defendants.

The circumstances in this case do not present an easy resolution. To say that discovery has been contentious in this litigation would be an understatement, and the prospect of allowing further discovery on the advice of counsel defense concerns the Court in light of September 10, 2007 deadline for case dispositive motions and the January 21, 2008 trial date. However, since the filing of the parties' Objections, the Markman

hearing has been completed and the Special Master has issued his Report and Recommendation concerning claim construction. Thus, the concerns raised by the Tatung Defendants of having to make a decision regarding assertion of the attorney-client privilege prior to the <u>Markman</u> hearing have been resolved. Also, the parties are apparently still completing outstanding factual discovery despite the March 30, 2007 deadline, and the parties are still in the discovery phase of the litigation with ongoing expert discovery. While the Court understands that LPL will suffer some degree of prejudice having to redepose certain witnesses, that prejudice is not as great as that which will be suffered by the Tatung Defendants and ViewSonic if they are precluded from asserting advice of counsel in mitigation of LPL's willful infringement claims. Accordingly, the Court will require Defendants to notify LPL in writing by August 1, 2007, whether they intend to rely upon an advice of counsel defense. Discovery on the advice of counsel defense, if asserted, shall be completed by September 5, 2007, with the specific details of such discovery to be set by the Special Master in consultation with the parties.

V.   **CONCLUSION**

For the reasons discussed, the Court will not adopt the Special Master's conclusion, as set forth in the January 5, 2007 and May 8, 2007 Reports and Recommendations, that an advice of counsel defense is an affirmative defense that must be pled in an

answer. The Court will also reverse the Special Master's May 8, 2007 decision as it pertains to bifurcation of discovery. Specifically, Defendants shall notify LPL in writing by August 1, 2007, whether they intend to rely upon an advice of counsel defense. Discovery on the advice of counsel defense shall be completed by September 5, 2007, with the specific details of such discovery to be set by the Special Master in consultation with the parties.

    An appropriate Order will be entered.