**RICHARDS, LAYTON & FINGER**

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL
(302) 651-7539
GAZA@RLF.COM

July 18, 2007

**BY E-MAIL & HAND DELIVERY**

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

    Re: *LG.Philips LCD Co., Ltd. v. ViewSonic et al.,*
       C.A. No. 04-343-JJF
       **Discovery from LPL Deferred Until After Claim Construction**

Dear Special Master Poppiti:

  Defendants Tatung Company and Tatung Company of America (collectively, the "Tatung Defendants") hereby respond to Plaintiff LG.Philips LCD Co., Ltd.'s ("LPL") July 12, 2007 submission regarding Defendants' inequitable conduct defenses and the deposition of Rebecca Rudich.

**A.** **The Inequitable Conduct Defense**

  **1.** **The Tatung Defendants Properly Pled An Inequitable Conduct Defense And LPL Never Moved To Strike.**

  The inequitable conduct defense has been at issue in this case for more than two years. As LPL recognizes, the Tatung Defendants filed and served their Answer and Counterclaims on April 19, 2005 -- 27 months ago. (*See* Exhs. A and B.) The Answer and Counterclaims allege, among other things, an inequitable conduct affirmative defense, which states that the Patents-in-Suit are unenforceable because LPL and its agents, including the inventors and prosecuting attorneys, failed to disclose material prior art during prosecution of the Patents-in-Suit. The Answer and Counterclaims provide specific examples of prior art that were widely available to the public and known to LPL. The inequitable conduct defense, therefore, was properly pled.

  LPL did not move to strike the Tatung Defendants' inequitable conduct defense. Pursuant to Federal Rule of Civil Procedure 12(f), motions to strike must be filed before a responsive pleading is filed or, if no responsive pleading is permitted, within 20 days of service

RLF1-3179650-1

The Honorable Vincent J. Poppiti
July 18, 2007
Page 2

of the pleading that is the subject of the motion to strike. No such motion was filed by LPL. Instead, on May 9, 2005, LPL filed its responsive pleadings. (LPL's Replies to Tatung Company's and Tatung America's Counterclaims are attached to LPL's July 12, 2007 submission as Exhibits A and B.) Based on the plain language of Rule 12(f), the time for LPL to move to strike has long passed. While LPL's Replies to the Counterclaims contain purported "objections" to the Tatung Defendants' affirmative defenses, these objections do not "preserve" LPL's motion to strike, as LPL contends, with no supporting legal authority. Simply including "objections" in a responsive pleading does not create a two year window for a party to decide whether to move to strike an affirmative defense. Therefore, LPL's belated offer to now "brief the motion to strike" should be rejected. Allowing LPL to file such a motion would not be an efficient use of the Special Master's and/or the Court's time.

    2.    **LPL Propounded And Obtained Extensive Discovery Regarding The Tatung Defendants' Inequitable Conduct Defense.**

LPL propounded and obtained discovery regarding the Tatung Defendants' affirmative defenses, including the inequitable conduct defense. For example, on June 8, 2007, pursuant to Your Honor's instructions, the Tatung Defendants supplemented their interrogatory responses regarding invalidity, unclean hands and inequitable conduct to include information learned from third party discovery. (May 23, 2007 Hearing Transcript, 36-37 at Exh. C; Tatung's Third Set of Supplemental Interrogatory Responses at Exh. D; Tatung America's Fourth Set of Supplemental Interrogatory Responses at Exh. E.) For example, through third party discovery, the Tatung Defendants were able to confirm that LPL's parent company, LG. Electronics, Inc. ("LGE'), had shipped a product known as the 500 LC monitor to the United States for testing and had sold this product in the United States prior to the critical date. Based on LPL's own reading of the Patents-in-Suit, the 500 LC clearly is material prior art. Yet, it was not disclosed to the Patent Office during prosecution of the Patents-in-Suit.

The purpose behind LPL's attempt to limit the Tatung Defendants' inequitable conduct defense to only the prior art cited in their Answer and Counterclaims is to exclude damaging evidence relating to the LG 500 LC monitor. LPL's desperate request should be rejected for two reasons. First, there is absolutely no basis for limiting the Tatung Defendants' inequitable conduct defense to the prior art identified in the pleadings. This would completely eviscerate the purpose of discovery. The pleadings gave LPL notice of the affirmative defenses at issue. The Tatung Defendants, however, are entitled to discover and rely on additional prior art known to and not disclosed by LPL. Second, LPL has suffered no prejudice. The facts underlying the inequitable conduct defense have been fully identified in discovery.

The Honorable Vincent J. Poppiti
July 18, 2007
Page 3

**B.  The Deposition Of Rebecca Rudich**

At the parties' July 12, 2007 meet and confer regarding discovery issues, LPL suggested that the postponed deposition of Ms. Rudich, LPL's patent prosecution attorney, is related to Defendants' inequitable conduct defenses. While it is possible that Ms. Rudich's testimony may provide additional facts relating to LPL's inequitable conduct, that is not the primary reason the Tatung Defendants need her deposition. The subject of Ms. Rudich's deposition is limited to her written representations to the Patent Office in connection with a continuation application related to the '641 Patent. (A copy of the relevant portions of the Response to Office Action is attached as Exhibit F). Defendants do not suggest Ms. Rudich's representation is not accurate. Rather, they contend it is inconsistent with some of the positions LPL is now asserting in this case. For example, while Ms. Rudich refers to a structure in the referenced IBM monitor (prior art she was attempting to distinguish) as a "tray," LPL has asserted in this case that an almost identical structure in the Tatung Defendants' products is the "first frame." The method of mounting using a tray or "LCD bracket" is common to the Tatung products accused by LPL. Ms. Rudich's testimony is relevant to impeach LPL's expert and other witnesses who Tatung anticipates will testify that the structure referred to by Ms. Rudich as a "tray" is the first frame of a rear mountable flat panel display device. Because the subject of Ms. Rudich's deposition relates to statements she made to the Patent Office while prosecuting patent applications on behalf of LPL, the subject itself is not privileged.

The deposition of Ms. Rudich is necessary because she resides outside of Delaware and cannot be compelled to testify at the trial. Ms. Rudich was subpoenaed by the Tatung Defendants well before the close of fact discovery. (*See* Subpoena at Exh. G.) LPL asked to postpone Ms. Rudich's deposition while the parties attempted to negotiate an acceptable declaration in lieu of deposition testimony. That negotiation, although protracted, was not successful. As a result, the Tatung Defendants have asked LPL to provide dates for Ms. Rudich's deposition at the end of August or early September 2007. The Tatung Defendants respectfully request that Your Honor order LPL to provide mutually convenient dates for Ms. Rudich's deposition.

Respectfully,

*Anne Shea Gaza (by Jameson A.L. Tweedie (#4927))*
Anne Shea Gaza
(#4093)

ASG/afg
Enclosures

RLF1-3179650-1

The Honorable Vincent J. Poppiti
July 18, 2007
Page 4

cc: Clerk of the Court (By Electronic Filing)
Richard Kirk, Esquire (via electronic mail)
Cormac T. Connor, Esquire (via electronic mail)
Lora Brzezynski, Esquire (via electronic mail)
Mark Krietzman, Esquire (via electronic mail)
Scott R. Miller, Esquire (via electronic mail)
Jeffrey B. Bove, Esquire (via electronic mail)