# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | : |
| Plaintiff, | : |
| | : Civil Action No. 04-343-JJF |
| v. | : |
| TATUNG COMPANY, TATUNG COMPANY OF AMERICA, INC., and VIEWSONIC CORPORATION, | : **JURY TRIAL DEMANDED** |
| Defendants | : |

**ANSWER, COUNTERCLAIMS AND DEMAND FOR JURY
TRIAL OF DEFENDANT TATUNG COMPANY OF AMERICA**

ANSWER

Defendant Tatung Company of America, by its attorneys, for itself and for no others, for its Answer to the Complaint of Plaintiff LG.Philips LCD Co., Ltd., hereby demands a jury trial and pleads as follows:

NATURE OF ACTION

1. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, on that basis, denies them.

2. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and, on that basis, denies them.

## THE PARTIES

3. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and, on that basis, denies them.

4. Tatung Company of America admits the allegations of paragraph 4.

5. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and, on that basis, denies them.

6. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and, on that basis, denies them.

7. Tatung Company of America admits that LG.Philips Co LTD, Ltd. purports to state a claim for patent infringement under Title 35, United States Code; save and except as specifically admitted, the allegations of paragraph 7 are denied.

8. Tatung Company of America admits that subject matter jurisdiction over claims arising under Title 35, United States Code, lies in the federal courts; save and except as specifically admitted, the allegations of paragraph 8 are denied.

9. Tatung Company of America denies the allegations of paragraph 9.

10. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, on that basis, denies them.

11. Tatung Company of America denies the allegations of paragraph 11.

12. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and, on that basis, denies them.

## THE PATENTS-IN-SUIT

13. Tatung Company of America admits that the Exhibit "A" appears to be a copy of United States Patent No. 6,498,718, that Exhibit "A" bears the title "Portable Computer And Method For Mounting A Flat Panel Display Device Thereon" and that Exhibit "A" states an issue date of December 24, 2002. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and, on that basis, denies them.

14. Tatung Company of America admits that the Exhibit "B" appears to be a copy of United States Patent No. 6,501,641, that Exhibit "B" bears the title "Portable Computer Having A Flat Panel Display Device" and that Exhibit "B" states the issue date of December 31, 2002. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and, on that basis, denies them.

15. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and, on that basis, denies them.

16: Tatung Company of America denies the allegations of paragraph 16.

## COUNT I

(PATENT INFRINGEMENT BY DEFENDANTS
TATUNG AND TATUNG AMERICA OF THE '718 PATENT)

17. Tatung Company of America incorporates its responses to paragraphs 1 though 16, as if fully set forth herein.

18. Tatung Company of America denies the allegations of paragraph 18.

19. Tatung Company of America denies the allegations of paragraph 19.

20. Tatung Company of America denies the allegations of paragraph 20.

21. Tatung Company of America denies the allegations of paragraph 21.

## COUNT II

### (PATENT INFRINGEMENT BY DEFENDANTS TATUNG AND TATUNG AMERICA OF THE '641 PATENT)

22. Tatung Company of America incorporates its responses to paragraphs 1 though 21, as if fully set forth herein.

23. Tatung Company of America denies the allegations of paragraph 23.

24. Tatung Company of America denies the allegations of paragraph 24.

25. Tatung Company of America denies the allegations of paragraph 25.

26. Tatung Company of America denies the allegations of paragraph 26.

## COUNT III

### (PATENT INFRINGEMENT BY DEFENDANT VIEWSONIC OF THE '718 PATENT)

27. Tatung Company of America incorporates its responses to paragraphs 1 though 26, as if fully set forth herein.

28. Tatung Company of America denies the allegations of paragraph 28 to the extent that any product provided by Tatung Company of America is alleged to infringe and as to the remaining allegations is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and, on that basis, denies them.

29. Tatung Company of America denies the allegations of paragraph 29 to the extent that any product provided by Tatung Company of America is alleged to infringe and as to

the remaining allegations is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and, on that basis, denies them.

30. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and, on that basis, denies them.

31. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and, on that basis, denies them.

COUNT IV

(PATENT INFRINGEMENT BY DEFENDANT
VIEWSONIC OF THE '641 PATENT)

32. Tatung Company of America incorporates its responses to paragraphs 1 though 31, as if fully set forth herein.

33. Tatung Company of America denies the allegations of paragraph 33 to the extent that any product provided by Tatung Company of America is alleged to infringe and as to the remaining allegations is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and, on that basis, denies them.

34. Tatung Company of America denies the allegations of paragraph 34 to the extent that any product provided by Tatung Company of America is alleged to infringe and as to the remaining allegations is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and, on that basis, denies them.

35. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and, on that basis, denies them.

36. Tatung Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and, on that basis, denies them.

### AFFIRMATIVE DEFENSES

Tatung Company of America asserts the following affirmative defenses:

#### FIRST AFFIRMATIVE DEFENSE
#### (LACK OF PERSONAL JURISDICTION)

As a separate and distinct affirmative defense, the Court lacks personal jurisdiction over defendant Tatung Company of America under 10 Del. C. § 3041 and the applicable due process clause of the United States Constitution as to the claims asserted.

#### SECOND AFFIRMATIVE DEFENSE
#### (IMPROPER VENUE)

As a separate and distinct affirmative defense, venue is improper in the United States District Court as the court lacks personal jurisdiction over this answering defendant.

#### THIRD AFFIRMATIVE DEFENSE
#### (INSUFFICIENCY OF PROCESS)

As a separate and distinct affirmative defense, LG.Philips LCD Co. failed to comply with Federal Rule of Civil Procedure 4 as to this answering defendant.

#### FOURTH AFFIRMATIVE DEFENSE
#### (INSUFFICIENCY OF SERVICE OF PROCESS)

As a separate and distinct affirmative defense, LG.Philips LCD Co., Ltd.'s service of process was insufficient as to this answering defendant.

### FIFTH AFFIRMATIVE DEFENSE
### (NO INFRINGEMENT OF '718 PATENT)

As a separate and distinct affirmative defense, Tatung Company of America has not infringed, contributed to the infringement of or induced the infringement of any valid and enforceable claim of the '718 Patent.

### SIXTH AFFIRMATIVE DEFENSE
### (INVALIDITY OF '718 PATENT)

As a separate and distinct affirmative defense, the claims of the '718 Patent are invalid for failure to meet the requirements of the patent laws of the Untied Sates including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### SEVENTH AFFIRMATIVE DEFENSE
### (NO INFRINGEMENT OF '614 PATENT)

As a separate and distinct affirmative defense, Tatung Company of America has not infringed, contributed to the infringement of or induced the infringement of any valid and enforceable claim of the '614 Patent.

### EIGHTH AFFIRMATIVE DEFENSE
### (INVALIDITY OF '614 PATENT)

As a separate and distinct affirmative defense, the claims of the '614 Patent are invalid for failure to meet the requirements of the patent laws of the Untied Sates including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### NINTH AFFIRMATIVE DEFENSE
### (LACHES)

As a separate and distinct affirmative defense, the doctrine of laches bars LG.Philips LCD Co., Ltd.'s claims of infringement of the '718 and '614 Patents against Tatung Company of America. LG.Philips LCD Co., Ltd. unreasonably delayed in bringing suit to the material prejudice of this defendant.

## TENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

As a separate and distinct affirmative defense, the doctrine of estoppel bars LG.Philips LCD Co., Ltd.'s claims of infringement of the '718 and '614 Patents against Tatung Company of America, including but not limited to the doctrine of prosecution history estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

As a separate and distinct affirmative defense, LG.Philips LCD Co., Ltd.'s claims are barred by the doctrine of unclean hands in that it has violated conscience, or good faith, or other equitable principles, in its prior conduct with respect to these patents and/or this answering defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### (MARKING)

As a separate and distinct affirmative defense, L.G.Philips LCD Co., Ltd.'s claims for damages and other remedies are barred by the marking and notice requirements of 35 U.S.C. § 287.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (PATENT MISUSE)

As a separate and distinct affirmative defense, L.G.Philips LCD Co., Ltd.'s claims are barred and the patents in suit unenforceable by the doctrine of patent misuse in that *inter alia*, LG.Philips LCD Co., Ltd. has sought to improperly extend the scope of the patents.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (INEQUITABLE CONDUCT)

As a separate and distinct affirmative defense, L.G.Philips LCD Co., Ltd.'s claims are barred and the patents in suit unenforceable by reason of inequitable conduct before the patent office by L.G.Philips LCD Co., Ltd.'s employees and agents during prosecution of the

patents-in-suit, including misrepresentations of or failures to disclose material information such as limitations of the foreign patent relied upon; failure to disclose prior art believed to be known to plaintiff, its employees and agents, due to the wide availability of various LCD monitors and devices sold, offered for sale, marketed and/or manufactured by others, including products sold by Pixelvision, such as the SGT 115; CTX, such as the Panoview 600; IBM, such as the 9052; Apple, such as the duo product line and flat panel display for the Apple II; Tatung, such as L4KAS; Hewlett-Packard, such as the s1010; Sun, such as the Voyager; Compaq, such as the 640; Viewsonic, such as the 140; Advantech PPC-140T and, on information and belief, Summitomo and LG Semicon; and failure to disclose publications and patents including "Cockpit Displays;" U.S. Pat. Nos. 5,041,965; 5,119,204; 5,570,267; 5,831,816; 5,844,772; and Japanese Patent Nos. 407020447A, 4091711358A, 4019190156A, 406214511A, and 410117313A. The failure to disclose this information was knowing, willful, and done with an intent to deceive the PTO into issuing the patents-in-suit.

## COUNTERCLAIMS

Counterclaim Plaintiff Tatung Company of America, by its attorneys, hereby demands a jury trial and pleads the following counterclaims against Counterclaim Defendant LG.Philips LCD. Co., Ltd.:

## THE PARTIES

1. Tatung Company of America, is a corporation organized under the laws of Taiwan, Republic of China with its principal place of business in Taipei, Taiwan.

2. LG.Philips LCD Co. Ltd., is, on information and belief, a Korean Company.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Tatung Company of America's declaratory judgment counter-claims by virtue of the Plaintiff's filing of a complaint in this District and under 28 USC § 1331, 1367, 1338, 2201 and/or 2202 and venue is proper under 28 USC § 1391 and/or 1400.

4. An actual and justifiable controversy exists between Tatung Company of America and LG.Philips LCD Co., Ltd. as to Tatung Company of America's declaratory judgment counter-claims by virtue of the allegations of the Complaint and Answer in this action as to the infringement and validity of U.S. Patent No. 6,498,718, entitled "Portable Computer And Method For Mounting A Flat Panel Display Device Thereon," and U.S. Patent No. 6,501,641, entitled "Portable Computer Having A Flat Panel Display Device." These patents are collectively referred to as the "LG.Philips Patents-In-Suit."

## DECLARATORY JUDGMENT COUNTER-CLAIMS

### COUNT ONE
### (THE '718 PATENT)

5. Tatung Company of America has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '718 Patent.

6. The claims of the '718 Patent are invalid for failure to meet the requirements of the patent laws of the United States including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

7. Tatung Company of America has no adequate remedy at law. The assertions of infringement and actions made by LG.Philips LCD Co., Ltd. have caused and, if not enjoined, will continue to cause irreparable injury to Tatung Company of America

## COUNT TWO
## (THE '641 PATENT)

8. Tatung Company of America has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '641 Patent.

9. The claims of the '641 Patent are invalid for failure to meet the requirements of the patent laws of the United States including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

10. Tatung Company of America has no adequate remedy at law. The assertions of infringement and actions made by LG.Philips LCD Co., Ltd. have caused and, if not enjoined, will continue to cause irreparable injury to Tatung Company of America.

WHEREFORE, Tatung Company of America respectfully requests that:

(1) the plaintiff take nothing by its claims;

(2) the Court enter an order declaring that Tatung Company of America has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the LG.Philips Patents-In-Suit;

(3) the Court enter an order declaring that the claims of the LG.Philips Patents-In-Suit are invalid;

(4) the Court enter an order declaring this case exceptional under 35 U.S.C. § 285 and award to Tatung Company of America its attorneys fees, costs and expenses; and

(5) the Court grant to Tatung Company of America such further relief as may be just or proper in law or equity.

## DEMAND FOR JURY TRIAL

Tatung Company of America hereby demands trial by jury on all claims and issues triable by jury.

                                  ROSENTHAL, MONHAIT, GROSS
                                        & GODDESS, P.A.

                                  /s/ Jessica Zeldin
                                  Jeffrey S. Goddess (Del. Bar. No. 630)
                                  Jessica Zeldin (Del. Bar No. 3558)
                                  919 Market Street, Suite 1401
                                  P.O. Box 1070
                                  Wilmington, Delaware 19899-1070
                                  (302) 656-4433
                                  Email: jzeldin@rmgglaw.com
                                    Attorneys for Tatung Company of America, Inc.

OF COUNSEL:

Julian M. Baum
Robert C. Weems
BAUM & WEEMS
58 Katrina Lane
San Anselmo, CA 94960
(415) 460-1791

April 19, 2005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 19th day of April, 2005, that I caused to be served a copy of the foregoing ANSWER, COUNTERCLAIMS AND DEMAND FOR JURY TRIAL OF DEFENDANT TATUNG COMPANY OF AMERICA upon the following counsel of record in the manner indicated:

### VIA HAND DELIVERY

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

### VIA E-MAIL

Tracy Roman, Esquire
Bingham McCutchen
355 S. Grand Ave., 44th Floor
Los Angeles, CA 90071

Cass W. Christenson, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006

/s/ Jessica Zeldin
Jessica Zeldin (Del. Bar No. 3558)
ROSENTHAL, MONHAIT, GROSS
 & GODDESS, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
(302) 656-4433
Email: jzeldin@rmgglaw.com

## DEMAND FOR JURY TRIAL

Tatung Company of America hereby demands trial by jury on all claims and issues triable by jury.

                ROSENTHAL, MONHAIT, GROSS
                     & GODDESS, P.A.


/s/ Jessica Zeldin
Jeffrey S. Goddess (Del. Bar. No. 630)
Jessica Zeldin (Del. Bar No. 3558)
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
(302) 656-4433
Email: jzeldin@rmgglaw.com
  Attorneys for Tatung Company of America

OF COUNSEL:

Julian M. Baum
Robert C. Weems
BAUM & WEEMS
58 Katrina Lane
San Anselmo, CA 94960
(415) 460-1791

April 19, 2005

12