# **EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG Philips LCD Co.,<br>    Plaintiff,<br>v.<br>Tatung Company, Tatung Company of America Inc., and Viewsonic Corp.,<br><br>    Defendants. | )<br>)<br>)<br>) C.A. No.: 04-343-JJF<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |

**DEFENDANT TATUNG COMPANY OF AMERICA'S FOURTH SET OF SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant Tatung Company of America ("TATUNG AMERICA") hereby supplements its responses to Plaintiff's Second Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

Defendant Tatung America hereby makes its Objections and Responses to the Plaintiff's Second Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

TATUNG AMERICA has not yet completed its gathering of facts and documents related to this action. Therefore, in responding to the Interrogatories, TATUNG reserves the right to revise, correct, add to, supplement, and clarify any of its responses.

All responses are submitted as presently advised, and without prejudice to TATUNG AMERICA's right to modify, amend, revise, correct, supplement, add to or clarify such responses at the appropriate time.

Counsel for TATUNG AMERICA invites discussion with counsel for Plaintiff with respect to these responses, with the expectation that discussions between counsel may eliminate or modify objections, reduce burdens on TATUNG, or otherwise result in a mutually satisfactory resolution of the objections set forth herein.

## **GENERAL OBJECTIONS**

TATUNG AMERICA hereby makes the following general objections to all of the individual Interrogatories. These general objections are incorporated into each and every Interrogatory set forth below, whether referenced specifically or not.

1) TATUNG AMERICA hereby interposes the following general objections to all of the individual Interrogatories contained in Plaintiff's Interrogatories. These general objections are incorporated into each and every individual objection set forth below, whether referenced specifically or not.

2) TATUNG AMERICA specifically objects to Plaintiff's Second Set of Interrogatories on the grounds that such Interrogatories are overly broad and unduly burdensome, and/or because they that are neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

3) TATUNG AMERICA objects to the Interrogatories to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege or other privilege, or by the work-product doctrine. Such information or documents will not be produced to Plaintiffs and any inadvertent production shall not be deemed a waiver of any privilege with respect to the information or any work product doctrine which may apply.

2

4) TATUNG AMERICA objects to the Interrogatories to the extent they attempt to impose duties that are beyond the scope of the Federal Rules of Civil Procedure and the Local Rules of this Court.

5) TATUNG AMERICA objects to the Interrogatories on the grounds that they are not limited by time, and, therefore, are in many instances overly broad and unduly burdensome, and/or Interrogatory documents that are neither relevant to the claims and defenses of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

6) TATUNG AMERICA objects to the Interrogatories as to the requested time, place, and manner. It is not currently possible to accurately gauge the quantity of documents requested. To the extent that there are properly producible documents, they will be produced at a mutually agreed upon time, place, and manner.

7) TATUNG AMERICA objects to the Interrogatories to the extent that they seek materials obtained or prepared in anticipation of litigation or trial, materials prepared by or for an attorney, materials protected by a state or federal right of privacy or protection, materials protected from disclosure under relevant procedural rules or case law, and further seek mental impressions, conclusions, opinion, or legal theories concerning anticipated or actual litigation.

8) TATUNG AMERICA objects to the Interrogatories on the grounds that they seek information that is more readily and efficiently obtained through deposition questions rather than written discovery.

9) TATUNG AMERICA objects to the Interrogatories on the grounds that they seek information that is readily accessible to Plaintiffs from public sources or Plaintiff's own files.

3

10) TATUNG AMERICA objects to the Interrogatories on the grounds and to the extent that they call for disclosure of proprietary or confidential information or trade secrets, disclosure of which would be prejudicial to TATUNG AMERICA, its customers, suppliers, and any witnesses testifying on behalf of TATUNG AMERICA, the clients of such witness, or the person or persons who provided such information to TATUNG AMERICA. Any such information that TATUNG AMERICA provides will be provided subject to the stipulated Protective Order entered into by the parties in this proceeding.

11) TATUNG AMERICA objects to the Interrogatories to the extent that they seek information that, if furnished, would violate a court order, protective order, and/or stipulation of confidentiality that has been entered with respect to such information.

12) TATUNG AMERICA objects to the Interrogatories to the extent that they call for disclosure of proprietary or confidential information of a third party, or the joint proprietary or confidential information of TATUNG AMERICA and the third party. TATUNG AMERICA will not provide such information until the third party has been notified of such Requests, and the third party has consented to the production of such requested information.

13) TATUNG AMERICA objects to the Interrogatories to the extent that they seek copyrighted material or other information, the copyright, or other intellectual property rights, access to which TATUNG AMERICA does not possess.

14) TATUNG AMERICA objects to the Interrogatories as premature to the extent that they seek disclosure of witnesses, evidence and theories to be presented by TATUNG AMERICA at the trial of this action before TATUNG AMERICA has had an opportunity to obtain discovery.

LA 126827869v1 6/8/2007

15) TATUNG AMERICA objects to the Interrogatories on the grounds and to the extent that responding to such Interrogatories would improperly require TATUNG AMERICA or its witnesses, or both, to perform studies, analyses, calculations or compilations that do not currently exist.

16) TATUNG AMERICA hereby incorporates Co-Defendant Viewsonic Corp.'s specific and general objections to the interrogatories below herein.

### SPECIFIC RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

Subject to the general objections, TATUNG AMERICA makes the following specific objections and responses:

### Interrogatory No. 8:

If you contend that any claim of the Patents-In-Suit is invalid for any reason (including, for example, under 35 U.S.C. §§ 101, 102, 103, and 112), then as to each such claim and patent, set forth in detail the entire basis for your contention, including stating all relevant facts, identifying all documents on which you rely to support your contention, and identifying all persons with information or knowledge relevant to your contention, summarizing each person's knowledge.

5

**Supplemental Response:**

Tatung America incorporates by reference its prior objections and responses to this interrogatory. Subject to and without waiving its objections, Tatung America responds as follows:

Anticipation Under 35 U.S.C. § 102 Or Obviousness Under 35 U.S.C. § 103

1. U.S. Patent No. 5,583,529

This reference invalidates at least claim 55 of the '641 Patent because it discloses each of the following elements: 1) A rear mountable flat panel display device; 2) a first frame having a fastening part at a rear surface of the first frame; 3) a second frame; 3) a falt display panel between the first and second frames; 4) the first frame capable of being fixed to a housing of a data processing device through the fastening part at the rear surface of the first frame.

2. U.S. Patent No. 5,636,102

This reference invalidates at least claim 35 of the '641 Patent because it discloses each of the following elements: 1) a rear mountable flat panel display device capable of being mounted to a data processing device; 2) a backlight unit including a first frame having a fastening part at a rear surface of the first frame; 3) a flat display panel adjacent to the backlight unit; 4) a second frame; 5) a flat display panel between the first frame and the second frame; 6) the first frame of the backlight unit capable of being fixed to a housing of the data processing device through the fastening part at the rear surface of the first frame. This reference invalidates dependent claim 36 because it discloses each of the following elements: a fastening hole. This reference invalidates claim 55 because it discloses each of the following elements: 1) A rear mountable flat panel display device; 2) a first frame having a fastening part at a rear surface of the first

6

frame; 3) a second frame; 3) a flat display panel between the first and second frames; 4) the first frame capable of being fixed to a housing of a data processing device through the fastening part at the rear surface of the first frame.

This reference invalidates at least claim 33 of the '718 Patent because it discloses each of the following steps: 1) assembling a rear mountable flat panel display device capable of being mounted to a housing; 2) placing a flat display panel on a top surface of a backlight unit having a first frame, the first frame having a fastening element for fastening the first frame to the housing, said fastening element being located on a rear surface opposite the top surface of the backlight unit where the flat display panel is placed; 3) placing a second frame on the flat display panel; 4) fixing the flat display panel between the first frame of the backlight unit and the second frame. This reference invalidates claim 34 and claim 35 because it discloses each of the following steps: a screw and a screw hole. This reference invalidates claim 40 because it discloses each of the following steps: 1) A rear mountable method of assembling a liquid crystal display (LCD) device; 2) arranging the LCD device on a inner surface of a display case, wherein the display case has an inner surface and back; 3) attaching the LCD device to the display case from the back of the display case.

Tatung America reserves the right to supplement this interrogatory response after the Court renders its ruling on claim construction.

**Interrogatory No. 9:**

For each claim of the Patents-In-Suit that you contend would have been obvious in response to the preceding interrogatory, identify each portion of each prior art item that provides an incentive, suggestion, and/or motivation to combine or modify the prior art to achieve the

7

claimed invention, citing the document, page, column, line and/or figure reference numbers, as well as any testimony or statements supporting your contention.

**Supplemental Response:**

Tatung America incorporates by reference its prior objections and responses to this interrogatory. Subject to and without waiving its objections, Tatung America responds as follows: U.S. Patent 5,636,102, column 2, lines 1-30.

Tatung America reserves the right to supplement this interrogatory response after the Court renders its ruling on claim construction.

**Interrogatory No. 10:**

Identify each prior art reference or item that you contend is relevant, including prior use and product(s).

**Supplemental Response:**

Tatung America incorporates by reference its prior objections and responses to this interrogatory. Subject to and without waiving its objections, Tatung America responds as follows: U.S. Patent No. 5,583,529 and U.S. Patent No. 5,636,102.

**Interrogatory No. 11:**

For each prior art reference or item on which you rely, describe in detail how the alleged prior art reference or item qualifies as prior art under every section of Title 35 of the United States Code on which you rely, including, for example: the first date, by whom, and how the alleged prior art was known or used in the U.S., patented or described in a printed publication in any country, and/or conceived and reduced to practice; the making, knowledge, use, or sale of the prior art; the authors and title of each patent, patent application, and article/publication; the date that each reference was issued, filed, or published; the number of each patent and patent application; and/or the country(ies) where each reference was issued, filed, or published.

**Supplemental Response:**

Tatung America incorporates by reference its prior objections and responses to this interrogatory. Subject to and without waiving its objections, Tatung America responds as follows: U.S. Patent No. 5,583,529 (Satou), filed on March 13, 1995 and issued on December 10, 1996. U.S. Patent No. 5,636,102 (Fujino), filed on July 31, 1006 and issued on June 3, 1997.

**Interrogatory No. 15:**

Regarding your eleventh affirmative defense (unclean hands), set forth in detail the entire basis for your defense, including stating all relevant facts, identifying all documents on which you rely for this defense, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

9

**Supplemental Response:**

Tatung America incorporates by reference its prior objections and responses to this interrogatory. Subject to and without waiving its objections, Tatung America responds as follows: Its unclean hands defense is based on conduct and information including, but not limited to, the following:

1) Failure to disclose material prior art believed to be known to Plaintiff, its employees, agents and/or attorneys, due to the wide availability of various LCD products sold, offered for sale, marketed and/or manufactured by others, including products sold by Sharp, such as the LQ4RA01/02, LQ4NC31/32, LQ5AW116, LQ4RB17, LQ4RB15, LQ6MC01/02, LQ6RA01/02, LQ4RA31/32, LQ4RA35, LQ6RA52, LQ4RB17. *See* SH002325-2396, SH001073-1106, SH001038-1072, SH000854-890, SH000972-1004, SH000945-971, SH000493-512, SH000411-444, SH000380-410, SH000920-944, SH1005-1037. Tatung America also refers LPL to the depositions of Sharp. The people and entities who have information or knowledge include Sharp, Ken Green, David Mathews, and LPL and LG. Electronics, Inc. and their employees, agents, representatives and/or attorneys.

2) Failure to disclose material prior art believed to be known to Plaintiff, its employees, agents and/or attorneys, due to the wide availability of various LCD products sold by NEC, such as the NL3224AC35-01 and NL3224AC35-06. *See* TDE004529-4548, TDE013811-013827, NECEA001-005. Tatung America also refers LPL to the depositions of NEC. The people and entities who have information or knowledge include NEC, Richard Russell Cripps, Shigehiko Sata, and LPL and LG. Electronics, Inc. and their employees, agents, representatives and/or attorneys.

10

3) Failure to disclose material prior art known to Plaintiff, its employees, agents, attorneys, and/or its predecessor or parent company, LG. Electronics, Inc., including the LG 500LC monitor manufactured by LG. Electronics, Inc. and offered for sale in the United States prior to October 1, 1998. *See* TDE024485-24666, TDE024747-24766, TDE025240, RE000002-9, LGE00001-88. Tatung America also refers LPL to the depositions of LG. Electronics, Inc. and Rhein Tech Laboratories Inc. The people and entities who have information or knowledge include LPL and LG. Electronics, Inc. and their employees, agents, representatives and/or attorneys.

4) Failure to disclose material prior art known to Plaintiff, its employees, agents and/or attorneys, including U.S. Patent Nos. 5,583,529 and 5,636,102. *See* VS007020-7034, VS007057-7067. LPL, LG. Electronics, Inc. and their employees, agents and/or attorneys learned of the '529 and '102 Patents at least during prosecution of U.S. Patent No. 5,872,606, but failed to disclose these patents to the Patent Office during prosecution of the Patents-in-Suit. The people and entities who have information or knowledge include LPL and LG. Electronics, Inc. and their employees, agents, representatives and/or attorneys.

**Interrogatory No. 18:**

Regarding your fourteenth affirmative defense (inequitable conduct), set forth in detail the entire basis for your defense (specifically, including, but not limited to, the basis for your allegation that "The failure to disclose this information knowing, willful, and done with an intent to deceive the PTO into issuing the patents-in-suit"), including stating all relevant facts, identifying all documetns on which you rely for this defense, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

11

**Supplemental Response:**

Tatung America incorporates by reference its prior objections and responses to this interrogatory. Subject to and without waiving its objections, Tatung America responds as follows: Its inequitable conduct defense is based on conduct and information including, but not limited to, the following:

1) Failure to disclose material prior art believed to be known to Plaintiff, its employees, agents and/or attorneys, due to the wide availability of various LCD products sold, offered for sale, marketed and/or manufactured by others, including products sold by Sharp, such as the LQ4RA01/02, LQ4NC31/32, LQ5AW116, LQ4RB17, LQ4RB15, LQ6MC01/02, LQ6RA01/02, LQ4RA31/32, LQ4RA35, LQ6RA52, LQ4RB17. *See* SH002325-2396, SH001073-1106, SH001038-1072, SH000854-890, SH000972-1004, SH000945-971, SH000493-512, SH000411-444, SH000380-410, SH000920-944, SH1005-1037. Tatung America also refers LPL to the depositions of Sharp America. The people and entities who have information or knowledge include Sharp, Ken Green, David Mathews, and LPL and LG. Electronics, Inc. and their employees, agents, representatives and/or attorneys.

2) Failure to disclose material prior art believed to be known to Plaintiff, its employees, agents and/or attorneys, due to the wide availability of various LCD products sold by NEC, such as the NL3224AC35-01 and NL3224AC35-06. *See* TDE004529-4548, TDE013811-013827, NECEA001-005. Tatung America also refers LPL to the depositions of NEC. The people and entities who have information or knowledge include NEC, Richard Russell Cripps, Shigehiko Sata, and LPL and LG. Electronics, Inc. and their employees, agents, representatives and/or attorneys.

12

3) Failure to disclose material prior art known to Plaintiff, its employees, agents, attorneys, and/or its predecessor or parent company, LG. Electronics, Inc., including the LG 500LC monitor manufactured by LG. Electronics, Inc. and offered for sale in the United States prior to October 1, 1998. *See* TDE024485-24666, TDE024747-24766, TDE025240, RE000002-9, LGE00001-88. Tatung America also refers LPL to the depositions of LG. Electronics, Inc. and Rhein Tech Laboratories Inc. The people and entities who have information or knowledge include LPL and LG. Electronics, Inc. and their employees, agents, representatives and/or attorneys.

4) Failure to disclose material prior art known to Plaintiff, its employees, agents and/or attorneys, including U.S. Patent Nos. 5,583,529 and 5,636,102. *See* VS007020-7034, VS007057-7067. LPL, LG. Electronics, Inc. and their employees, agents and/or attorneys learned of the '529 and '102 Patents at least during prosecution of U.S. Patent No. 5,872,606, but failed to disclose these patents to the Patent Office during prosecution of the Patents-in-Suit. The people and entities who have information or knowledge include LPL and LG. Electronics, Inc. and their employees, agents, representatives and/or attorneys.

As to Objections,

_[signature]_

Dated: June 8, 2007

Frank E. Merideth, Jr.
Mark H. Krietzman
Valerie W. Ho
Steve Hassid
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
   *Attorneys for Defendant Tatung Company and Tatung Company of America*

14