# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Jeffrey B. Bove
Partner

TEL (302) 888-6241
EMAIL jbove@cblh.com

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

*Via Email and Hand Delivery*

July 18, 2007

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

WEB www.cblh.com

**Re:**    *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF

Dear Special Master Poppiti:

Pursuant to permission granted by Your Honor during the July 13, 2007 hearing, I write on behalf of ViewSonic to respond to Mr. Kirk's July 12, 2007 letter (DI 713) regarding the defense in this case of the inequitable conduct LPL engaged in to procure the patents in suit.

LPL's July 12 letter mischaracterizes the record regarding the defense of inequitable conduct in this case, and attempts to prevent ViewSonic from exercising its right to amend its Answer under Rule 15 of the Federal Rules of Civil Procedure, which liberally allows amendments to the pleadings.[1]

As LPL knows, ViewSonic's Eighth Affirmative Defense in its originally filed Answer alleged that "[w]ith discovery still ongoing, ViewSonic has yet to complete its investigation. ViewSonic reserves the right to assert any other defenses that discovery may reveal, including inequitable conduct." *See* DI 21 (ViewSonic's Answer), at 8. ViewSonic elected to follow conventional practice in this District to seek discovery regarding inequitable conduct before filing an (amended) answer to plead such an affirmative defense. *See Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F.Supp.2d 484, 489 (D.Del.2003) (J. Farnan) (accused infringer "prudent and possibly ***required*** to confirm the factual allegations through discovery" prior to pleading inequitable conduct) (emphasis added).

Until only this week, LPL had refused to provide *any* of the discovery ViewSonic sought related to LPL's inequitable conduct before the U.S. Patent and Trademark Office ("PTO"). For example, LPL had not provided any technical or sales information related to its own LCD modules made or sold prior to November 22, 1999, the effective U.S. filing date of the patents in suit, or prior to October 27, 1998, the claimed foreign filing date of the patents in suit. This information is highly relevant not only to ViewSonic's inequitable conduct investigation, but also to ViewSonic's invalidity defenses.

In addition to refusing to provide technical information about its LCD modules, LPL refused to provide any discovery regarding flat screen LCD monitors sold in the U.S. by LPL's predecessor and parent company, LG Electronics ("LGE"), which contain LCD modules made by LPL or its predecessor. ViewSonic diligently sought the information LPL refused to produce through 3rd party discovery, and was able to learn in April 2007 that at least one LGE flat screen monitor, the 500LC, was sold in the U.S. prior to October 1998. This prior art monitor has the same physical configuration as many of ViewSonic's products accused in this case, including an

---

[1] FRCvP 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires."



**CONNOLLY BOVE LODGE & HUTZ LLP**

ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
Page 2
July 18, 2007

LCD module (corresponding to a claimed "flat panel display device") which is mounted to a metal chassis or bracket, and the chassis or bracket is then fastened to the monitor stand via screws through the rear case. If ViewSonic's monitors infringe, the 500LC represents invalidating prior art made by LPL's predecessor and parent that was withheld from the PTO.

ViewSonic learned in May 2007 through third party discovery in this case that the Video Electronics Standards Association (VESA) Flat Panel Monitor Physical Mounting Interface Standard ("VESA Standard"), was first published in November 1997, two years before the effective US filing date of the patents in suit. The VESA Standard establishes specific requirements for mounting a flat panel monitor to a monitor stand, thereby increasing compatibility among products from different sources. All of the ViewSonic accused products are compliant with the VESA Standard. Upon information and belief, LPL's predecessor and parent company, LGE, sold monitors prior to October 1998 that were compliant with the VESA Standard. LPL failed to disclose to the PTO either the VESA Standard, or the LGE monitors compliant with the VESA Standard.

Despite LPL's refusal to provide relevant technical discovery until Ordered to do so by Your Honor, based upon the information available to ViewSonic at the time, ViewSonic served amended interrogatory responses on March 31, 2007 that expressly put LPL on notice that ViewSonic was pursuing an inequitable conduct defense. *See* Ex. 1, at 606-607. ViewSonic has since further amended that interrogatory response in June 2007 to include information it learned through 3rd party discovery. *See* Ex. 2, at 892-894; *see also Enzo Life Sciences*, at 489 (patentee not prejudiced by addition of inequitable conduct since accused infringer had already voluntarily supplemented written discovery responses to address the proposed new defense).

Further, in May 2007, LPL refused to agree to permit ViewSonic to file an Amended Complaint, choosing instead to force ViewSonic to burden the Court with yet another motion. *See* Exs. 3, 4. ViewSonic intends to file a motion for leave to serve and file an Amended Answer that pleads inequitable conduct in compliance with FRCvP 9(b), but awaits the forthcoming discovery LPL has been Ordered by Your Honor to produce to be able to fully particularize and finalize the inequitable conduct allegations. ViewSonic has no objection to having this matter be presented either to the District Court or having it be first referred to Your Honor for a Report and Recommendation.

Finally, it bears mentioning that, in their Answers filed April 19, 2005, the Tatung defendants pled, with particularity, LPL's inequitable conduct as an affirmative defense (DI 186, at 8-9; DI 187, at 8-9). Thus, inequitable conduct already is an issue that was joined in the case long ago. Thus, LPL will not be prejudiced by ViewSonic's proposed Amended Answer similarly asserting a defense of inequitable conduct. Furthermore, coupled with the fact that discovery is still ongoing (reflected in part by LPL's supplemental productions extending until at least the end of this month, and the Court's extension of discovery on advice of counsel defense until September 5, 2007), allowing ViewSonic to Amend its Answer to include the defense of inequitable conduct will have little or no impact on the schedule in this case; any minor adjustments can be accommodated easily in the forthcoming Scheduling Order which is presently being revised.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
Page 3
July 18, 2007


      Counsel for ViewSonic looks forward to discussing the issues raised herein at Your Honor's convenience.

                    Respectfully submitted,

                    */s/ Jeffrey B. Bove*

                    Jeffrey B. Bove (#998)

cc:    Counsel of record