# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG CO.; <br> TATUNG COMPANY OF AMERICA, INC.; AND <br> VIEWSONIC CORPORATION <br><br> Defendants. | CIVIL ACTION NO. 04-343 |

**DEFENDANT VIEWSONIC CORPORATION'S
AMENDED SECOND SUPPLEMENTAL RESPONSES
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant ViewSonic Corporation ("ViewSonic") submits its Amended Second Supplemental Responses to Plaintiff LG.Philips LCD Co. Ltd.'s ("LPL") Second Set of Interrogatories ("Interrogatories").

**General Objections**

ViewSonic objects to each and every interrogatory as set forth below. These objections are incorporated into every response and are set forth here to avoid the duplication and repetition of restating them for each interrogatory. These general objections may specifically be referred to in response to an interrogatory for clarity; however, the failure to specifically repeat a general objection should not be construed as a waiver of the objection.

1.    ViewSonic objects to the Definitions and/or the Interrogatories to the extent they purport to impose obligations on ViewSonic greater than those imposed by operation of law.

11312.1

accordance with the schedule established by the Court's Scheduling Order and the August 23, 2006 oral Order of the Special Master.

**AMENDED SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

ViewSonic incorporates its general objections herein by reference. ViewSonic further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

ViewSonic now understands that, under the Court's Scheduling Order, discovery is subordinate to claim construction. Thus, ViewSonic also objects to this Interrogatory as premature to the extent it requires, relates to or touches upon claim construction and/or is improper because it requires the interpretation of one or more claim terms and/or the premature disclosure of expert discovery prior to the deadlines set forth by the Scheduling Order.

Subject to and without waiving the foregoing objections and without construing the claim terms or implying any construction whatsoever, ViewSonic supplements its response as follows: ViewSonic contends that during the prosecution history, the inventors argued that the Patents-in-Suit were not obvious in light of the disclosed references. Moreover, once claim construction is completed, ViewSonic will be able to ascertain whether LPL is engaged in unclean hand conduct based upon its attempts to apply the claims of the Patents-in-Suit to the VX900 and any other products LPL may allege of infringement. Furthermore, ViewSonic is informed and believes, and therefore contends, that during the prosecution of the patents in suit, LPL's employees and agents engaged in inequitable conduct including without limitation, making misrepresentations of or failures to disclose material information such as limitations of the Korean parent patents, and failure to disclose prior art believed to be known to LPL due to the wide availability of LCD

devices at the time including references such as Yun, U.S. Pat. No. 5,835,139, products such as the LG 500LC LCD monitor and/or LCD modules including the IBM 21L6550, LG LP141x_, LG LP064V1 and any other display modules having similar construction.

The documents that ViewSonic has thus far identified as supporting this defense are the prosecution histories for the Patents-in-Suit, the prior art references disclosed in the Patents-in-Suit, and documents produced that relate to the prior art references listed and discussed above in response to Interrogatories Nos. 8 and 9. The persons that ViewSonic has thus far identified as having knowledge of the facts supporting this defense are Jong Hwan Kim, Young Woo Cho, Yeong Un Bang, Dae Hee Park, Hee Young Yun, Kyo Hun Moon, Byeong Yun Lee, Yong Bum Kim, Young Un Bang, and each and every attorney that prosecuted or participated in the prosecution of the Patents-in-Suit.

Until the Court construes the claim terms, ViewSonic cannot complete its discovery. ViewSonic believes that further discovery, including discovery obtained after claim construction, as well as expert discovery and depositions of the inventors could reveal additional information responsive to this Interrogatory and therefore, reserves the right to supplement this response in accordance with the schedule established by the Court's Scheduling Order and the August 23, 2006 oral Order of the Special Master.

**INTERROGATORY NO. 17:**

Regarding your Sixth Defense (Marking), set forth in detail the entire basis for your defense, including stating all relevant facts, identifying all documents on which you rely for this defense, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

CONNOLLY BOVE LODGE & HUTZ LLP

Dated: March 30, 2007

By: _____
Jeffrey B. Bove (#998)
James D. Heisman (#2746)
Jaclyn M. Mason (#4737)
The Nemours Building, 8th Floor
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

Scott R. Miller
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071
Telephone: (213) 787-2500
Facsimile: (213) 687-0498

*Attorneys for ViewSonic Corporation*

Of Counsel:

Tracy R. Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 277-0010
Facsimile: (310) 277-1980