# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION,<br><br>Defendants. | CIVIL ACTION NO. 04-343 |

**DEFENDANT VIEWSONIC CORPORATION'S**
**THIRD SUPPLEMENTAL RESPONSES**
**TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant ViewSonic Corporation ("ViewSonic") submits its Third Supplemental Responses to Plaintiff LG.Philips LCD Co. Ltd.'s ("LPL") Second Set of Interrogatories ("Interrogatories").

**General Objections**

ViewSonic objects to each and every interrogatory as set forth below. These objections are incorporated into every response and are set forth here to avoid the duplication and repetition of restating them for each interrogatory. These general objections may specifically be referred to in response to an interrogatory for clarity; however, the failure to specifically repeat a general objection should not be construed as a waiver of the objection.

1. ViewSonic objects to the Definitions and/or the Interrogatories to the extent they purport to impose obligations on ViewSonic greater than those imposed by operation of law.

prosecution of the Patents-in-Suit.

Until the Court construes the claim terms, ViewSonic cannot complete its discovery. ViewSonic believes that further discovery, including discovery obtained after claim construction, as well as expert discovery and depositions of the inventors could reveal additional information responsive to this Interrogatory and therefore, reserves the right to supplement this response in accordance with the schedule established by the Court's Scheduling Order and the August 23, 2006 oral Order of the Special Master.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

ViewSonic incorporates its general objections herein by reference. ViewSonic further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

ViewSonic now understands that, under the Court's Scheduling Order, discovery is subordinate to claim construction. Thus, ViewSonic also objects to this Interrogatory as premature to the extent it requires, relates to or touches upon claim construction and/or is improper because it requires the interpretation of one or more claim terms and/or the premature disclosure of expert discovery prior to the deadlines set forth by the Scheduling Order.

Subject to and without waiving the foregoing objections and without construing the claim terms or implying any construction whatsoever, ViewSonic supplements its response as follows: ViewSonic contends that during the prosecution history, the inventors argued that the Patents-in-Suit were not obvious in light of the disclosed references. Moreover, once claim construction is completed, ViewSonic will be able to ascertain whether LPL is engaged in unclean hand conduct based upon its attempts to apply the claims of the Patents-in-Suit to the VX900 and any other

products LPL may allege of infringement. Furthermore, ViewSonic is informed and believes, and therefore contends, that during the prosecution of the patents in suit, LPL's or LPL's predecessor(s)'s employees and agents engaged in inequitable conduct including without limitation, with the intent to deceive, making misrepresentations of or failing to disclose material information to the USPTO such as limitations of the Korean parent patents, and failing to disclose prior art believed to be known to LPL due to the wide availability of LCD devices at the time including references such as Yun, U.S. Pat. No. 5,835,139, products such as the LG 500LC LCD monitor and any related models listed on LGE-USA00001 to LGE-USA00002, including but not limited to the LA500, the LB500A, the LG501, the LV501A, and/or LCD modules including the IBM 21L6550, LG LP141x, LG LP064V1, Sharp prior art LCD products, including LQ0B01, LQ4NC31, LQ4NC32, LQ4RA01, LQ4RA02, LQ4RA31, LQ4RA32, LQ4RA35, LQ4RB15, LQ4RB17, LQ5AW116, LQ5AW136, LQ6MC01, LQ6MC02, LQ6RA01, LQ6RA02, LQ6RA52, and any other LCD display modules having similar construction, as well as various LCD modules made by LPL or its predecessor(s) and sold, offered for sale, disclosed, published, disseminated or used in or imported into the U.S. by or on behalf of LPL or LPL's predecessor(s), or within the knowledge of LPL or its predecessor(s), and any other LCD or plasma display modules having similar construction, prior to September 28, 1998, the Video Electronics Standards Association (VESA) Flat Panel Monitor Physical Mounting Interface Standard, and the ViewSonic (Optiquest) L700.

Additionally, ViewSonic is informed and believes, and therefore contends, that during the prosecution of the patents in suit, Jong Hwan Kim and/or Young Woo Cho, and/or LPL's or LPL's predecessor(s)'s employees and agents may have been aware of, and failed to disclose to the USPTO, one or more of the following material references:  U.S. Pat. Nos. 5,041,965;

5,119,204; 5,570,267; 5,583,529; 5,636,102; 5,831,816; 5,844,772; 5,872,606; and Japanese Patent Nos. 407020447A, 4091711358A, 4019190156A, 406214511A, and 410117313A.

Additionally, ViewSonic is informed and believes, and therefore contends, that during the prosecution of the patents in suit, Jong Hwan Kim and/or Young Woo Cho, and/or LPL's or LPL's predecessor(s)'s employees and agents engaged in inequitable conduct by, with the intent to deceive, making misrepresentations of or failing to disclose material information to the USPTO regarding inventorship of the patents in suit, including but not limited to submitting false declarations regarding inventorship. ViewSonic is informed and believes, and therefore contends that, contrary to his February 22, 1999 declaration (VS5005371, VS5006223), Jong Hwan Kim is not an inventor or co-inventor of the patents in suit, and, contrary to his February 22, 1999 declaration (VS5005371, VS5006223), Young Woo Cho is not an inventor or co-inventor of the patents in suit.

Additionally, ViewSonic incorporates by reference the inequitable conduct contentions from the Interrogatory Responses of defendants Tatung Company and Tatung Company of America.

The documents that ViewSonic has thus far identified as supporting this defense are the prosecution histories for the Patents-in-Suit, the prior art references disclosed in the Patents-in-Suit, and documents produced and documents, deposition transcripts and exhibits that relate to the prior art references listed and discussed above in response to Interrogatories Nos. 8 and 9, as well as the transcripts and exhibits of the February 26, 27, 28, March 1, 2, 21, 22, and 23, 2007 depositions of Jong Hwan Kim, and the transcripts and exhibits of the March 5, 6, and 7, 2007 depositions of Young Woo Cho. Although ViewSonic has made several requests for documents from LPL, and sought to compel production from LPL, LPL has refused to produce documents

related to this defense, especially documents related to its prior art LCD modules, which would clearly illustrate some of LPL's inequitable conduct. Thus, ViewSonic expressly reserves its right to further supplement its response to this interrogatory once it receives further discovery from LPL. The persons that ViewSonic has thus far identified as having knowledge of the facts supporting this defense are Jong Hwan Kim, Young Woo Cho, Yeong Un Bang, Dae Hee Park, Hee Young Yun, Kyo Hun Moon, Byeong Yun Lee, Yong Bum Kim, Young Un Bang, Hyo Sun Ko, and each and every attorney that prosecuted or participated in the prosecution of the Patents-in-Suit.

Until the Court construes the claim terms, ViewSonic cannot complete its discovery. ViewSonic believes that further discovery, including discovery obtained after claim construction, as well as expert discovery could reveal additional information responsive to this Interrogatory and therefore, reserves the right to supplement this response in accordance with the schedule established by the Court's Scheduling Order and the August 23, 2006 oral Order of the Special Master.

**INTERROGATORY NO. 17:**

Regarding your Sixth Defense (Marking), set forth in detail the entire basis for your defense, including stating all relevant facts, identifying all documents on which you rely for this defense, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 17:**

ViewSonic incorporates its general objections herein by reference. ViewSonic further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-

CONNOLLY BOVE LODGE & HUTZ LLP

Dated: June 8, 2007               By:   /s/ Jaclyn M. Mason
                                        Jeffrey B. Bove (#998)
                                        James D. Heisman (#2746)
                                        Jaclyn M. Mason (#4737)
                                        The Nemours Building, 8th Floor
                                        1007 North Orange Street
                                        Wilmington, DE 19801
                                        Telephone: (302) 658-9141
                                        Facsimile: (302) 658-5614

                                        Scott R. Miller
                                        355 South Grand Avenue, Suite 3150
                                        Los Angeles, CA 90071
                                        Telephone: (213) 787-2500
                                        Facsimile: (213) 687-0498

                                        *Attorneys for ViewSonic Corporation*

Of Counsel:

Tracy R. Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 277-0010
Facsimile: (310) 277-1980