# EXHIBIT 4

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

May 25, 2007

**VIA E-MAIL AND U.S. MAIL**

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Re: *LG.Philips LCD Co., Ltd. v. Tatung, et al.,*
Civil Action No. 04-343 (JJF)

Dear Scott:

I write to respond to your May 23, 2007 letter proposing that we consent on behalf of LG.Philips LCD Co., Ltd. ("LPL") to ViewSonic's request to amend its pleadings and assert a new inequitable conduct defense.

We discussed this issue yesterday during the discovery teleconference with the Special Master. As I made clear, LPL will oppose any attempt by ViewSonic to amend its answer and allege an inequitable conduct defense. Asserting an inequitable conduct defense now would be untimely, unfair, and prejudicial to LPL. Discovery is closed. The deadline to amend pleadings has expired. ViewSonic has never pleaded an inequitable conduct defense in this case and cannot do so now after failing to act with diligence and unfairly delaying any attempt to raise this issue until after discovery. LPL has not had proper notice of such a defense, nor has LPL been provided with proper discovery. The proposed defense, moreover, is meritless and lacks a factual or legal basis, contrary to settled law and standards for pleading under Rule 9(b).

Further, your May 23 letter fails to provide important information. For example, the letter refers to undisclosed "discovery" on which ViewSonic purports to base its new inequitable conduct defense. Please identify specifically what discovery ViewSonic is relying on so that we may consider this and respond. In addition, your letter refers to unspecified "interrogatory responses" that purportedly address inequitable conduct. Please identify these interrogatory answers. Also, please explain when ViewSonic first learned of each fact and purported prior art reference identified in ViewSonic's proposed inequitable conduct defense.

Scott R. Miller, Esq.
May 25, 2007
Page 2

      During the teleconference yesterday, you also indicated that ViewSonic might attempt to rely on a purported inequitable conduct defense in the Tatung Defendants' answer. As I responded, ViewSonic's expert witness cannot properly testify about a defense not pleaded by ViewSonic. Therefore, there is no basis for ViewSonic's expert to address any inequitable conduct defense. As set forth in LPL's reply, moreover, Tatung's purported inequitable conduct defense is fatally deficient and fails to comply with the applicable standards for pleading such a defense. Therefore, there is no basis for either ViewSonic or Tatung to offer any evidence, including expert testimony, in support of an inequitable conduct defense.

      LPL will oppose as improper any attempt by ViewSonic or Tatung to inject into this case unwarranted evidence or issues related to inequitable conduct.

Sincerely,

Cass W. Christenson

cc:    Counsel of Record (via email)