
# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

**James D. Heisman**
Partner
TEL (302) 888-6216
EMAIL jheisman@cblh.com

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

July 27, 2007

*Via email and hand-delivery*
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

    Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF
              Status Report re LPL's Supplemental Production of Technical Discovery

Dear Special Master Poppiti:

      Pursuant to Your Honor's guidance provided during the July 13, 2007 telephonic hearing, ViewSonic hereby submits a status report regarding LPL's recent supplemental production of technical discovery.

      ViewSonic received 453 pages from LPL on July 17, 2007 (LPL 18297-18749), 660 pages on July 18 (LPL 18750-19409), and 1343 pages on July 23 (LPL 19410-20752). ViewSonic is working diligently to complete is review of the documents (many of which require translation from Korean), and this letter addresses deficiencies in LPL's supplemental production that ViewSonic has thus far identified.

<u>Assembly of LCD Modules:</u>
None of the produced documents appear to show the assembly or manner of assembly of any of LPL's LCD modules. In a July 23, 2007 letter (Ex. 1 enclosed herewith), ViewSonic advised LPL of the deficiency, and invited LPL to direct ViewSonic to the Bates numbers of any such documents. LPL has not responded to that letter. This information is called for by ViewSonic's discovery requests that were the subject of the June 29 hearing (*see, e.g.*, DI 696, at 1-2, addressing RFPs 84, 88, 90, 92, 94, 96 and 98). As explained in that hearing, these documents are critical to show any fastening elements or parts on the rear side of LPL's LCD modules. ViewSonic believes that documents likely show this information include assembly drawings, instructions and/or photos. Service or repair manuals or instructions also likely describe the manner of disassembly and reassembly of the LCD modules. As far as ViewSonic can tell, however, LPL has not produced these types of documents.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
July 27, 2007
Page 2

Legibility of Documents:
In its July 23 letter (Ex. 1), ViewSonic notified LPL of issues concerning the legibility and copy quality of the documents produced. Specifically, ViewSonic identified several drawings that appear to have not been produced using the minimum resolution and copy quality necessary to discern the information that is material to the case, including embodiments of flat display panels, flat panel display devices, frames, mounting holes, fastening part and elements, and screw holes and/or other holes. See Ex. 1, at 1-2. Examples of some of the drawings that ViewSonic contends are not sufficiently legible are enclosed herewith as Exhibit 2, filed under seal.[1] To assist LPL with understanding the problem, ViewSonic also identified document Bates number LPL 19001 (enclosed as Ex. 3 under seal) as a contrasting example of a drawing from LPL's production that does have the minimum resolution and copy quality needed to properly ascertain the relevant information. ViewSonic awaits production of legible quality documents from LPL.

Lack of Information Regarding LPL's Prior Art Products:
To date, LPL has produced very little technical information dated prior to October 23, 1998, the Korean filing date claimed by LPL to be the foreign priority date for the patents in suit.[2] Moreover, many of the important drawings produced by LPL are not legible. Consequently, in order to ascertain the necessary information, it appears as though ViewSonic will need to acquire physical samples of LPL products.[3] LPL has not produced or offered for inspection samples of any of its products, including those dated prior to October 23, 1998. As a result, ViewSonic has independently attempted to find LPL's prior art products in the marketplace. Unfortunately, because LPL's products are modules that are, for the most part, sold to customers who then incorporate the LCD modules into finished products, it is a nearly impossible task for ViewSonic to locate LPL's products without first knowing to whom they were sold or in what products they were incorporated. LPL has not provided any information regarding its customer or the product brands and/or models into which LPL's LCD modules were incorporated.

Deposition of LPL:
In its July 23 letter (Ex. 1), ViewSonic advised LPL that at least one additional 30(b)(6) deposition of LPL will be needed to address various issues caused by LPL's deferred production

---

[1] Exhibit 2 provides a copy (under seal) of the following LPL documents: LPL 18301, 18303, 18308, 18311, 18312, 18315, 18318, 18319, 18320, 18325, 18326, 18328, 18362, 18377, 18449, 18468, 18488, 18674, 18925, 19148, and 19241.
[2] Based upon the information that is legible and excluding duplicates, ViewSonic has determined that LPL has produced approximately 51 documents evidencing technical information (approximately 476 pages) dated prior to October 23, 1998.
[3] ViewSonic's RFP 128 seeks samples of LPL's LCD modules from 1998 forward. See DI 696, at 4 & Ex. 4 thereto, at 1-2.



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
July 27, 2007
Page 3

of documents. *See* Ex. 1, at 3. Some of the deposition topics that ViewSonic anticipates needing testimony on include authentication and explanation of the documents recently produced, invalidity of the patents in suit based on these documents, issues of LPL's inequitable conduct raised by these documents, and the identity of products sold containing LPL's LCD modules, or LPL's customers, prior to October 23, 1998. ViewSonic proposed to LPL that the deposition be conducted in Los Angeles after all of LPL's supplemental technical information has been produced and analyzed by ViewSonic's expert consultants.

In fact, to help expedite this review process, ViewSonic asked LPL to agree to allow two of ViewSonic's expert consultants to access LPL's confidential information immediately. This permission is necessary because ViewSonic disclosed these expert consultants on July 19, 2007, and under paragraph 6.1 of the Protective Order, must wait until August 2 for the objection period to expire before these individuals can be provided access to any confidential documents. *See* Ex. 1, at 3. LPL has not responded to this proposal either.

Counsel for ViewSonic looks forward to discussing the issues raised herein during the July 31 teleconference, or at any other time that is convenient to Your Honor.

Respectfully submitted,

James D. Heisman

cc:   All Counsel of Record
      554915/70104*4