# EXHIBIT 1



# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

**Manuel Nelson**

DIRECT (213) 787-2515
EMAIL mnelson@cblh.com

LOS ANGELES, CA

355 S. Grand Ave.
Suite 3150
Los Angeles CA 90071
TEL: (213) 787 2500
FAX: (213) 687 0498
WEB: www.cblh.com

*Via Email*

July 23, 2007

Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC 20006

    Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*
           USDC, Delaware, C.A. No. 04-343-JJF

Dear Mr. Christenson:

    This letter addresses some of the deficiencies in LPL's document productions received July 17, 2007 (spanning LPL 18297 - LPL 18749) and July 18, 2007 (spanning LPL 18750 - LPL 19409). The documents identified in your July 18, 2007 letter (LPL 19410 - LPL 20752) did not arrive until today, July 23. Any deficiencies in this latter bates span or other documents produced by LPL will be addressed in a subsequent letter.

    In our review of the above documents, we have been unable to find any documents that show the assembly of any of LPL's LCD modules. These documents are required to be produced pursuant to the Special Master's oral Orders issued during the June 28 telephonic hearing. Documents showing the assembly of LPL's LCD modules typically would include assembly drawings, instructions and/or photos. Service or repair manuals or instructions undoubtedly also would describe the manner of disassembly and reassembly of the LCD modules, or at least many parts thereof. If LPL has produced documents that show the assembly of LPL's LCD modules, we would appreciate your identifying their bates numbers for our consideration. Otherwise, we look forward to promptly receiving production of the required assembly documents.

    Our review further revealed that most of the documents suffer from poor legibility. As such, we are unable to ascertain that information which is material to this litigation. ViewSonic therefore requests that LPL provide legible copies - in a format that provides such legibility, e.g., electronic format, native format, paper, etc. - of at least the following specific bates numbers:

        LPL 18297 - LPL 18303;
        LPL 18305 - LPL 18328;
        LPL 18347 - LPL 18352;
        LPL 18355;
        LPL 18361 - LPL 18362;
        LPL 18377;
        LPL 18401 - LPL 18402;

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

July 23, 2007
Page 2

        LPL 18449;
        LPL 18468;
        LPL 18488;
        LPL 18507 - LPL 18508;
        LPL 18570;
        LPL 18582 - LPL 18583;
        LPL 18609 - LPL 18610;
        LPL 18625 - LPL 18628;
        LPL 18634 - LPL 18637;
        LPL 18674;
        LPL 18693;
        LPL 18713;
        LPL 18735;
        LPL 18925;
        LPL 18972-18973;
        LPL 18988;
        LPL 19099 - LPL 19100;
        LPL 19123 - LPL 19124;
        LPL 19147 - LPL 19148;
        LPL 19241; and
        LPL 19260.

       These documents were not produced using the minimum resolution and copy quality necessary to discern all details material to the instant case, including embodiments of flat display panels, flat panel display devices, frames, mounting holes, fastening part and elements, and screw holes and/or other holes. Please provide replacements for each of the above listed documents using adequate resolution and copy quality by Wednesday, July 25. If there is any question regarding the adequacy of the image quality, LPL 18334, LPL 18336, and LPL 19001 are examples of documents that LPL produced that actually do provide the minimum resolution and copy quality needed to properly review the documents. Note, however, that in LPL 18334 and LPL 18336, the box in column 5, row f, below the box labeled "THIRD ANGLE PROJECT", is not legible.

       As many of the documents produced by LPL contain a foreign language, presumably Korean, we have not yet been able to complete our review of these documents. We will supplement this letter as soon as we have had the opportunity to obtain and review their translations.

       LPL 18455 appears to have a redaction in the lower center portion of the page. Please confirm whether a redaction has been made, and if so, please provide the redacted information.

       We also note that much of LPL's production is duplicative. For example, the following documents are duplicates of each other:

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

July 23, 2007
Page 3

        LPL 18680 - LPL 18698 appear to be the same as LPL 18455 - LPL 18473 (except that no redaction on LPL 18680 is apparent);
        LPL 18699 - LPL 18718 appear to be the same as LPL 18474 - LPL 18493;
        LPL 18750 - LPL 18763 appear to be the same as LPL 18363 - LPL 18376;
        LPL 18796 - LPL 18801 appear to be the same as LPL 18407 - LPL 18412;
        LPL 19212 - LPL 19225 appear to be the same as LPL 18638 - LPL 18651 and LPL 18818 - LPL 18831.
        LPL 19284 - LPL 19293 appear to be the same as LPL 18379 - LPL 18388;
        LPL 19294 - LPL 19309 appear to be the same as LPL 18802 - LPL 18817;
        LPL 19310 - LPL 19325 appear to be the same as LPL 18780 - LPL 18795;
        LPL 19326 - LPL 19341 appear to be the same as LPL 18764 - LPL 18779;
        LPL 19343 - LPL 19346 appear to be the same as LPL 18850 - LPL 18853;
        LPL 19347 - LPL 19361 appear to be the same as LPL 18856 - LPL 18870; and
        LPL 19374 - LPL 19390 appear to be the same as LPL 18871 - LPL 18887.

    Now that LPL has begun producing documents that ViewSonic requested nearly two years ago, it has become clear that ViewSonic is faced with a significant amount of work that needs to be done. To help advance the significant tasks that must be undertaken, and reduce the impact on the Court's schedule, ViewSonic requests that LPL agree to allow Mr. Brinkerhoff and Dr. Silzars, two of ViewSonic's expert consultants disclosed on July 19, 2007, to access LPL's confidential or highly sensitive confidential information immediately, rather than waiting until August 2 for the objection period to expire pursuant to paragraph 6.1 of the Protective Order. This will help expedite the review process.

    Based upon LPL's representations made during the July 13, 2007 conference with the Special Master (Tr., at 25:16-26:16), ViewSonic understands that LPL has produced all information available regarding fastening elements on the front, side or rear of LPL LCD modules made or sold from 1997-1998, and the assembly of such modules. Please confirm that LPL has no other responsive information from this time period, including samples of any products.

    Finally, ViewSonic anticipates that at least one additional deposition of LPL will be needed to address various issues caused by LPL's deferred production of documents, including but not limited to authentication and explanation of the documents, invalidity of the patents in suit, and LPL's inequitable conduct engaged in to procure the patents in suit. Given the lateness of the process, we believe that the deposition should be conducted in Los Angeles after all of the documents have been produced and analyzed by ViewSonic's expert consultants. Please let us know whether LPL will agree to this proposal or if this is an issue that we need to raise with the Special Master.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

July 23, 2007
Page 4

  We look forward to your anticipated cooperation in this matter.

            Sincerely,

            Manuel Nelson

cc: Counsel of Record (via email)