

*Phone:*   *(302) 425-6410*
*Fax:*     *(302) 428-5132*
*Email:*   *Poppiti@BlankRome.com*

July 27, 2007

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 North King Street, Lock Box 27
Wilmington, DE 19801

      Re:    LG. Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.
               Proposed Stipulated Protective Order
               C.A. No. 04-343 JJF

Dear Judge Farnan:

      This letter follows up on our discussion on July 10, 2007 regarding Tatung Company's and Tatung Company of America's (Tatung defendants) Requests for Clarification of the Special Master's Opinion and Claim Construction Order (the "Order"). In this regard, you instructed me to review the requests and provide any clarification if required. Although the Tatung defendants' request for clarification initiated this review, I took the opportunity to consider all of the parties' exceptions to the Order. In short, I conclude that clarification is not required for any of the terms objected to by the parties.

      On June 15, 2007, I issued the Order construing 20 claim terms. Each of the parties subsequently filed their exceptions to the Order on July 6, 2007 and responses to the exceptions on July 20, 2007. I reviewed each of the parties' exceptions to the Order; however, this correspondence focuses on the Tatung defendants' submission in particular because it requested clarification of rather than objecting to the Order.

      Although couched as a request for clarification, the Tatung defendants' request in my view attempts to seek a different and more favorable claim construction. For example, the Tatung defendants request clarification of the term "flat panel display device."[1] That term was construed in the Order as a device having at least a flat display panel sandwiched by the first and second frames. The Tatung defendants first suggest that "sandwiched" must mean that the frames and panel are "proximally associated or connected so as to form a unit." See Tatung Defendants' Request at 15. The Tatung defendants then argue that this interpretation of the term

---

[1] Defendant ViewSonic makes arguments similar to Tatung regarding several claims terms including "flat panel display device." ViewSonic clearly indicated, however, that they were objecting to the claim construction order. See ViewSonic's Objection to the Special Master's Report and Recommendation Regarding Claim Construction Order.



The Honorable Joseph J. Farnan, Jr.
July 27, 2007
Page 2

"sandwiched" is necessary because plaintiff LG.Philips LCD Co., Ltd. (LPL) misconstrues the construction of "flat panel display device" set forth in the Order.[2]

As detailed in the Order, I conclude that the claim language (particularly claims 55 and 56 of U.S. Patent No. 6,501,641) is clear. In my view, any further amplification of the construction of "flat panel display device" would improperly read in limitations from the specification. Moreover, the term "sandwiched" has a common meaning that does not require elaboration. I am also satisfied that it would be inappropriate to consider, as the Tatung defendants request, LPL's interpretation, post issuance of the Order, of the construction of "flat panel display device" in the context of ongoing discovery disputes. To do so would be outside the scope of claim construction.

For the above reasons, I conclude that no clarification is necessary for "flat panel display device." Additionally, I conclude the Order is clear with respect to the remaining objected to terms, and thus clarification is not necessary.

I, of course, stand ready to accept any further direction from the Court in this regard.

Respectfully,

/s/ Vincent J. Poppiti

Vincent J. Poppiti

VJP/dal
cc:   Richard D. Kirk, Esquire
      Frederick L. Cottrell, III, Esquire
      Jeffrey B. Bove, Esquire

---

[2] The Tatung defendants argues that LPL asserts a bracket or shield added by a "setmaker" to the back of an LCD device qualifies as a first frame of a "flat panel display device" as construed in the Order, ignoring the fact that the LCD device has its own frame. See the Tatung Defendants Request at 13.

062038.00612/40170273v.1