# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS
(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
BY HAND AND BY EMAIL

August 1, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

      Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

      LG.Philips LCD Co., Ltd. ("LPL") moves for a protective order relating to Tatung Company's ("Tatung") request for a deposition of Rebecca Rudich, a McKenna Long & Aldridge LLP attorney. Tatung's intent appears to be to harass LPL and its attorneys as there is no justifiable reason why a deposition is necessary or material to this case. Tatung's demand is now untimely, and Tatung has waived any right it may have had to pursue a deposition.

      Tatung first stated in March 2007 that it was willing to accept a declaration in lieu of a deposition from Ms. Rudich. Tatung sent a draft declaration by letter dated March 29, 2007 (Ex. 1), but that draft incorrectly assumed that MLA was in possession of an IBM 9516 monitor and that Ms. Rudich had seen such monitor. It also asked Ms. Rudich to attest to photos taken by Tatung of an IBM 9516 monitor that she had not seen. Just four days later on April 3, 2007, LPL responded with its detailed comments. (Ex. 2.) Tatung responded by email (Ex. 3) and counsel for Tatung and LPL spoke on April 5, 2007, during which conversation LPL stated that it would prepare a revised draft declaration in response to the issues raised by Tatung. Specifically, Tatung asked that Ms. Rudich attach to her declaration a photo or other picture identifying what she meant by "rear tray" in her response to the PTO. On April 23, 2007, LPL responded as promised with a four page detailed declaration that referenced on an Exhibit B attached to her declaration what Ms. Rudich meant by rear tray. (Ex. 4.) Tatung responded on April 26, 2007 and stated that it did not want Ms. Rudich to include "subjective observations and commentary," which it stated was "not relevant or admissible." (Ex. 5.) Just one day later, LPL responded with a revised declaration that deleted her commentary but did clearly show on an attached exhibit what structure she was referring to when she used the term "rear tray." (Ex. 6.)

      Then, on July 9, 2007, Tatung stated that it wanted to proceed with Ms. Rudich's deposition without providing LPL any reason why the April 27, 2007 declaration was not sufficient. (Ex. 7.) There was an exchange of better quality photos in June (Ex. 8), but that can be of no importance because as noted, Ms. Rudich indicated what she meant by rear tray not on the photos but on an IBM 9516 Reference diagram that was submitted to the PTO. LPL tried to learn Tatung's reasoning for why it believes a declaration is now insufficient (Ex. 9), but Tatung

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
August 1, 2007
Page 2

has refused to provide an explanation. Because it appears that Tatung never had any intention of actually accepting a declaration, LPL submits that the Court should find that Tatung has waived the right to pursue Ms. Rudich's deposition. Further, Tatung having sat for months on the last version of the declaration which it had essentially prepared, Tatung's renewed request for a deposition is now untimely as discovery has essentially concluded.

"[T]he request to depose a party's attorney must be weighed by balancing, generally speaking, the necessity for such discovery in the circumstances of the case against its potential to oppress the adverse party and to burden the adversary process itself." *Resqnet.com, Inc. v. Lansa, Inc.*, 2004 WL 1627170, *2 (S.D.N.Y. 2004) citing *Madanes v. Madanes*, 199 F.R.D. 135, 151 (S.D.N.Y. 2001). The proposed Rudich deposition testimony is neither necessary nor relevant to this case; Tatung's only motive appears to be to harass LPL. Tatung stated in its July 18, 2007 submission that the "subject of Ms. Rudich's deposition is limited to her written representation to the patent office in connection with a continuation application" regarding a structure in the referenced IBM monitor that she referred to as a "tray." (D.I. 728.) However, the continuation application is not the subject of this case. Moreover, Ms. Rudich has already stated all that she can about her reference to a "tray" in her two draft declarations. Stating more would only add her subjective observations and commentary, which Tatung stated it did not want. Finally, Tatung has already deposed the two inventors on eleven separate days. In fact, Tatung spent considerable time deposing at least one inventor on the term "tray" as it supposedly pertains to the Invention Disclosure Forms for the Patents-in-Suit. If Tatung had a question about the use of the term "rear tray" in the continuation application, it should have asked the inventors. Having failed to do so, Tatung wants another bite at the apple. *See Resqnet*, 2004 WL 1627170, *5 (denying request to depose prosecuting attorney because inventors already deposed with detailed questions about patent histories, cited prior art, and patents-in-suit).

Further, Tatung's position that the method of mounting in the IBM 9516 is common to the Tatung accused products is not relevant because Tatung's accused products also meet the claim limitations of the Patents-in-Suit. Importantly, the prosecution history at issue is not the prosecution history of the Patents-in-Suit, and the exact claim referenced in Ms. Rudich's response to the PTO is not even in the Patents-in-Suit, thus further establishing the lack of relevance of Ms. Rudich's statements to the PTO.

Tatung's suggestion that Ms. Rudich's testimony may provide facts relating to inequitable conduct also is not a sufficient reason for granting the deposition. Inequitable conduct must be pled with specificity, and Tatung has not asserted that LPL committed inequitable conduct related to the continuation application or the IBM product. *See Resqnet*, 2004 WL 1627170, *4. Finally, Tatung does not need Ms. Rudich's testimony because it can use LPL's document filed with the PTO to establish what representations were made and can argue any alleged inconsistency based on the document alone.

Respectfully submitted,

/s/ Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

666503-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 1, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand on August 1, 2007 to the above counsel and were sent by email and by U.S. Mail on August 1, 2007 to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue
Suite 2300
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

571447-1