# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG.PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-343 (JJF) |
| | ) | |
| TATUNG COMPANY | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| AND VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE OF SERVICE OF NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that copies of defendant Tatung Company's and Tatung

Company of America, Inc 's Notice of Deposition of Rebecca Goldman Rudich a copy of which

is attached hereto were served on February 28, 2007 upon the following counsel of record via

electronic mail and Federal Express at the addresses indicated below:


Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Jeffrey B. Bove, Esquire
Jaclyn M Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P O  Box 2207
Wilmington, DE 19899


Gaspare J. Bono, Esquire
Rel S. Ambrozy, Esquire
Lora A. Brzezynski, Esquire
Cass W. Christenson, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W
Washington D.C  20006

Tracy R. Roman, Esquire
Raskin Peter Rubin & Simon LLP
1801 Century Park East
Suite 2300
Los Angeles, CA 90067


RLF1-3121357-1

Scott R. Miller, Esquire
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071


Of Counsel:                                  Frederick L. Cottrell, III (#2555)
Christopher Darrow                           Anne Shea Gaza (#4093)
Mark H. Krietzman                            Richards, Layton & Finger, P.A.
Frank E. Merideth, Jr.                       One Rodney Square
Alan R. Maler                                P.O. Box 551
Greenberg Traurig LLP                        Wilmington, Delaware 19899
2450 Colorado Avenue, Suite 400E             (302) 651-7700
Santa Monica, CA 90404                       cottrell@rlf.com
Telephone: 310-586-7700                      gaza@rlf.com
                                               *Attorneys for Defendants Tatung Company*
Kathryn L. Clune                               *and Tatung Company of America Inc*
Greenberg Traurig LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006

Dated: March 1, 2007

**Bialas, Monika (Secy-LA-IP)**

From:      ded_nefreply@ded.uscourts.gov
Sent:      Thursday, March 01, 2007 12:32 PM
To:        ded_ecf@ded.uscourts.gov
Subject:   Activity in Case 1:04-cv-00343-JJF LG.Philips LCD Co. v. Tatung Co., et al Notice of Service

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered by Gaza, Anne on 3/1/2007 at 3:31 PM EST and filed on 3/1/2007
**Case Name:**       LG.Philips LCD Co. v. Tatung Co., et al
**Case Number:**     1:04-cv-343
**Filer:**           Tatung Co.
                     Tatung Company of America Inc.
**Document Number:** 519

**Docket Text:**
NOTICE OF SERVICE of of Notice of Deposition of Rebecca Goldman Rudich by Tatung Co., Tatung Company of America Inc..(Gaza, Anne)

**1:04-cv-343 Notice has been electronically mailed to:**

Adam Balick    abalick@bgbde.com, jzielinski@bgbde.com

Jeffrey B. Bove    jbove@cblh.com, dhallowell@cblh.com, dkt@cblh.com

Lora A. Brzezynski    lbrzezynski@mckennalong.com

Joanne Ceballos    jceballos@bgbde.com, jzielinski@bgbde.com

Cass W. Christenson    cchristenson@mckennalong.com

Frederick L. Cottrell , III    cottrell@rlf.com

Anne Shea Gaza    gaza@rlf.com, innis@rlf.com

James D. Heisman    jheisman@cblh.com, dhallowell@cblh.com, dkt@cblh.com

Valerie Ho    hov@gtlaw.com

Richard D. Kirk    bankserve@bayardfirm.com, rkirk@bayardfirm.com

Mark H. Krietzman    krietzmanm@gtlaw.com

Jaclyn Michele Mason    jmason@cblh.com, dhallowell@cblh.com, dkt@cblh.com

Frank C. Merideth , Jr    meridethf@gtlaw.com

Scott R. Miller    smiller@cblh.com

Vincent J. Poppiti    poppiti@blankrome.com

Tracy R. Roman    troman@raskinpeter.com

**1:04-cv-343 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/1/2007] [FileNumber=350966-0]
[329c958125d5a8018a666fa75dc66ab7ac597361fcceb09279e53e1e0f26cf1b5cee9
a179451e3b2dbfd19d9c949991e0b13eddf67eda8a4fab13ea260b99371]]

Case 1:04-cv-00343-JJF    Document 519    Filed 03/01/2007    Page 3 of 9

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2007 I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Jeffrey B. Bove, Esquire
James Heisman, Esquire
Jaclyn M. Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I hereby certify that on March 1, 2007 I caused to be sent the foregoing document to the following non-registered participants in the manner indicated below:

**VIA FEDERAL EXPRESS**
Gaspare J. Bono, Esquire
Rel S. Ambrozy, Esquire
Lora A. Brzezynski, Esquire
Cass W. Christenson, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C 20006

**VIA FEDERAL EXPRESS**
Tracy R. Roman, Esquire
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

**VIA FEDERAL EXPRESS**
Scott R. Miller, Esquire
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Anne Shea Gaza (#4095)
Gaza@rlf.com

RLF1-2967131-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG PHILIPS LCD CO , LTD ,

        Plaintiff,

      v.

TATUNG CO ;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION

        Defendants.

CIVIL ACTION NO. 04-343

## NOTICE OF DEPOSITION OF REBECCA GOLDMAN RUDICH

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 26 of the Federal Rules of Civil Procedure ("FRCP"), Defendants Tatung Company and Tatung Company of America will take the deposition of Rebecca Goldman Rudich beginning on March 21, 2007 at 10:00 a m at the offices of Greenberg Traurig, LLP located at 800 Connecticut Avenue, N W Suite 500, Washington, D C. 20006 or at such other time and/or place as counsel for all parties may agree in writing. The deposition will be conducted upon oral examination before a certified court reporter authorized by law to administer oaths. The deposition will continue from day to day until completed The deposition will be recorded by videotape and stenographically, and may use technology that permits the real time display of the deposition transcript Parties wishing to see the real time display must supply their own computer

All parties are invited to attend and cross-examine.

Of Counsel:
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P A
One Rodney Square
P O Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

Frank E. Merideth, Jr.
Mark H Krietzman
Valerie W. Ho
Steve Hassid
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

*Attorneys for Defendant Tatung Company*

Dated: February 27, 2007

i

OAO B8 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF  DISTRICT OF COLUMBIA

LG PHILIPS LCD CO., LTD

V.

TATUNG CO.; TATUNG COMPANY OF AMERICA,
INC.; and VIEWSONIC CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] 04-343
USDC, District of Delaware

TO: Rebecca Goldman Rudich
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC 20006-1108

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case

| PLACE OF DEPOSITION  Greenberg Traurig LLP  800 Connecticut Avenue, N.W  Suite 500 Washington, D.C  20006 | DATE AND TIME  March 21, 2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Defendants Tatung Co., and Tatung Co. of America | DATE  February 27, 2007 |
|---|---|

ISSUING OFFICER'S NAME  ADDRESS AND PHONE NUMBER
VALERIE HO, ESQ., GREENBERG TRAURIG, LLP, 2450 Colorado Avenue, Suite 400E. Santa Monica. CA  90404  (310) 586-
7700

(See Rule 45 Federal Rules of Civil Procedure  Subdivisions (c), (d) and (e) on next page)

[1] If action is pending in district other than district of issuance  state district under case number

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88 (Rev 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if a

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved

(e) CONTEMPT Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)

American LegalNet, Inc
www.FormsWorkflow.com

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **2450 Colorado Avenue, Suite 400E, Santa Monica, CA 90404.**

On February 28, 2007, I served the **NOTICE OF DEPOSITION OF NEC ELECTRONICS AMERICA, INC. PURSUANT TO RULE 30(b)(6)** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

### SEE ATTACHED SERVICE LIST

☒    (BY E-MAIL - -PURSUANT TO THE AGREEMENT OF THE PARTIES)

☒    **(BY MAIL)**
☐ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.
☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☐    (STATE)    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (FEDERAL)    I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 28, 2007, at Santa Monica, California.

_Monica A. Solorzano_
Signature

_Monica A. Solorzano_
Print Name

1

2

## SERVICE LIST

3  Cass W. Christenson, Esq.                    Jeffrey B. Bove, Esq.
   McKenna Long & Aldridge LLP                  Jaclyn M. Mason, Esq.
4  1900 K Street, N.W.                          Connolly Bove Lodge & Hutz LLP
   Washington, DC  20006                        1008 North Orange Street
5                                               P.O. Box 2207
                                                Wilmington, DE  19899-2207
6

7  Tracy Roman, Esq.                            Scott R. Miller, Esq.
   Raskin Peter Rubin & Simon LLP               Connolly Bove Lodge & Hutz LLP
8  1801 Century Park East, Suite 2300           355 S. Grand Ave., Suite 3150
   Los Angeles, CA  90067                       Los Angeles, CA  90071
9

10

11 Richard D. Kirk, Esq.                        Frederick L. Cottrell, III, Esq.
   Ashley B. Stitzer                            Anne Shea Gaza, Esq.
12 The Bayard Firm                              Richards, Layton & Finger
   222 Delaware Avenue, Suite 900               One Rodney Square
13 P.O. Box 25130                               P.O. Box 551
   Wilmington, DE  19899-5130                   Wilmington, DE  19899
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA 126728826v1 2/22/2007

# EXHIBIT B



#20/D
3-28-2
Robert
amdt

PATENT
8733.041.00

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re application of

**Jong Hwan KIM et al.**

Application No.: **09/444,376**

Filed: **November 22, 1999**

Group Art Unit: **2835**

Examiner: **Y. Chang**

For:    **PORTABLE COMPUTER AND METHOD FOR MOUNTING A FLAT PANEL DISPLAY DEVICE THEREON**

## PRELIMINARY AMENDMENT

Commissioner for Patents
Washington, D.C. 20231

Sir:

Prior to examination of the above-identified application, the following changes are respectfully submitted.

## IN THE CLAIMS:

Please amend claims 56, 60-61, 64, 66-70, 72, 76-77, 80, 82-86, and 88 and add new claims 94-96 as shown on the following pages.

A marked-up copy of the amended claims to show the changes made is attached to this Preliminary Amendment.

```
03/15/2002 CV0111   00000088 09444376
01 FC:102              168.00 OP
02 FC:103               54.00 OP
```

DC:94684.1

VS5006470

Application No.: 09/444,376                    Docket No.: 8733.041.00
Group Art Unit: 2835                                              Page 2

**Specification Page 1, After The Title And Before Line 1**

This application is a continuation of application Serial No. 09/285,338 filed April 2,

1999.

DC:94684 1

VS5006471

Application No.: 09/444,376
Group Art Unit: 2835

Docket No.: 8733.041.00
Page 3

## Clean Copy of Amended Claims 56, 60-61, 64, 66-70, 72, 76-77, 80, 82-86, and 88

56. (Twice Amended) A method of attaching a rear mountable display device to a housing for a portable computer, said housing comprising a first section having an information input device and a second section having a case including a first fastening element, the method comprising:

fastening the display panel to the case by the first fastening element and a second fastening element on a rear surface of the rear mountable display device;

fastening a display device support member, having a third fastening element, to the case; and

fastening the rear mountable display device to the display device support member by the third fastening element.

60. (Twice Amended) The method of claim 59, wherein fastening the rear mountable display device to the case further comprises:

inserting a screw from a rear of the case through the screw holes of the first and second fastening elements; and

attaching the rear mountable display device to the case by the screw.

61. (Twice Amended) The method of claim 56, wherein fastening the rear mountable display device to the display panel support member comprises fastening the rear mountable display device to the display device support member by the first and third fastening elements.

31

DC:94684.1

VS5006472

Application No.: 09/444,376                                    Docket No : 8733.041.00
Group Art Unit: 2835                                                        Page 4

9̶4̶. (Twice Amended) The method of claim 6̶3̶, wherein fastening the rear mountable display device to the display device support member further comprises:

inserting a screw through the screw holes of the first and third fastening elements; and

attaching the rear mountable display device to the case by the screw.

6̶6̶. (Twice Amended) The method of claim 6̶5̶, wherein fastening the rear mountable display device to the display device support member further comprises:

inserting a screw from a rear of the case through the screw holes of the first, second and third fastening elements; and

attaching the rear mountable display device to the case by the screw.

6̶7̶. (Twice Amended) The method of claim 5̶6̶, wherein the first fastening element includes a stepped hole, the second fastening element includes a compressible head, and wherein fastening the rear mountable display device to the case comprises inserting the compressible head through the stepped hole.

6̶8̶. (Twice Amended) The method of claim 5̶6̶, wherein the first fastening element includes a fastening hole, the second fastening element comprises a hook, and wherein fastening the rear mountable display device to the case comprises pressing the hook through the fastening hole to snap the hook into place.

6̶9̶. (Twice Amended) The method of claim 5̶6̶, wherein the first fastening element includes a stepped hole, the second fastening element includes a compressible head, and the third fastening element includes a fastening hole, and wherein fastening the rear mountable





DC:94684.1

Application No.: 09/444,376                          Docket No.: 8733.041.00
Group Art Unit: 2835                                               Page 5

display device to the case comprises inserting the compressible head through the fastening

hole and the stepped hole.

15
76. (Twice Amended)  The method of claim 56, wherein the first fastening element

includes a first fastening hole, the second fastening element includes a hook, and the third

fastening element includes a second fastening hole, and wherein fastening the rear mountable

display device to the case comprises pressing the hook through the first and second fastening

holes to snap the hook into place.

17
72. (Thrice Amended)  A method of assembling a portable computer having a rear

mountable display device and a housing comprising a first section having an information

input device and a second section having a case including a first fastening element, the

method comprising:

        attaching the rear mountable display device to the case by the first fastening element

and a second fastening element on a rear surface of the rear mountable display device;

        coupling the first and second sections of the housing with a hinge; and

attaching a display device support member to the rear mountable display device by a third

fastening element on the display device support member.

2\76. (Twice Amended)  The method of claim 75, wherein attaching the rear mountable

display device to the case further comprises:

        inserting a screw from a rear of the case through the screw holes of the first and

second fastening elements; and

        fastening the rear mountable display device to the case by the screw.

33

DC:94684.1    

VS5006474

Application No.: 09/444,376                                    Docket No.: 8733.041.00
Group Art Unit: 2835                                                          Page 6

77. (Twice Amended)  The method of claim 72, wherein attaching the rear mountable

display device to the display device support member comprises fastening the rear mountable

display device to the display device support member by the first and third fastening

elements.

80. (Twice Amended)  The method of claim 79, wherein attaching the rear mountable

display device to the display device support member further comprises:

        inserting a screw through the screw holes of the first and third fastening elements; and

fastening the rear mountable display device to the case by the screw.

82. (Twice Amended)  The method of claim 81, wherein attaching the rear mountable

display device to the display device support member further comprises:

        inserting a screw from a rear of the case through the screw holes of the first, second

and third fastening elements; and

        fastening the rear mountable display device to the case by the screw.

83. (Twice Amended)  The method of claim 72, wherein the first fastening element

includes a stepped hole, the second fastening element includes a compressible head, and

wherein attaching the rear mountable display device to the case comprises inserting the

compressible head through the stepped hole.

DC:94684.1

VS5006475

Application No.: 09/444,376
Group Art Unit: 2835

Docket No.: 8733.041.00
Page 7

29 84. (Twice Amended) The method of claim 17, wherein the first fastening element includes a fastening hole, the second fastening element comprises a hook, and wherein attaching the rear mountable display device to the case comprises pressing the hook through the fastening hole to snap the hook into place.

30 85. (Twice Amended) The method of claim 17, wherein the first fastening element includes a stepped hole, the second fastening element includes a compressible head, and the third fastening element includes a fastening hole, and wherein attaching the rear mountable display device to the case comprises inserting the compressible head through the fastening hole and the stepped hole.

31 86. (Twice Amended) The method of claim 17, wherein the first fastening element includes a first fastening hole, the second fastening element includes a hook, and the third fastening element includes a second fastening hole, and wherein attaching the rear mountable display device to the case comprises pressing the hook through the first and second fastening holes to snap the hook into place.

33 88. (Twice Amended) A method of assembling a rear mountable flat panel display device capable of being mounted to a housing, comprising:

    placing a flat display panel on a top surface of a backlight unit having a first frame, the first frame having a fastening element for fastening the first frame to the housing, said fastening element being located on a rear surface opposite the top surface of the backlight unit where the flat display panel is placed;

    placing a second frame on the flat display panel; and



DC:94684 1



VS5006476

Application No.: 09/444,376                          Docket No.: 8733.041.00
Group Art Unit: 2835                                                 Page 8

        fixing the flat display panel between the first frame of the backlight unit and the

second frame.

DC:94684.1

)                                    )

Application No.: 09/444,376                        Docket No.: 8733.041.00
Group Art Unit: 2835                                                Page 9

New Claims 94-96

39 ~~94.~~ (NEW)  A rear mountable method of assembling a liquid crystal display (LCD)

device comprising:

arranging a first frame on a light guide, the first frame having holes for coupling a

a LCD panel to a supporting frame, the supporting frame having a front surface and a rear

surface;  and

coupling the LCD panel, the light guide to the first frame from the rear surface of the

supporting frame.

40

~~95.~~ (NEW)  A rear mountable method of assembling a liquid crystal display (LCD)

device comprising:

arranging the LCD device on a inner surface of a display case, wherein the display

case has an inner surface and back;

attaching the LCD device to the display case from the back of the display case.

41

~~96.~~ (NEW)  The rear mountable method of assembling a liquid crystal display (LCD)

40

device of claim ~~95,~~ wherein the LCD device is attached to the display case by bolts inserted

into the holes from the back of the display case.



DC:94684.1

Application No.: 09/444,376                          Docket No.: 8733.041.00
Group Art Unit: 2835                                              Page 10

## **REMARKS**

Applicants wish to gratefully thank Examiner Chang for the courtesies extended to Applicants' representatives during the interview on February 19, 2002. As a result of that interview, Applicants understand that the Examiner now agrees with Applicants that the drawings are in full compliance with 37 CFR 1.136(a) and claims 56-93 are allowable over the cited references for at least the reasons set forth below.

By this amendment, Applicants amend claims 56, 60-61,64, 66-70, 72, 76-77, 80, 82-86, and 88 and add new claims 94-96. Accordingly, claims 56-96 are pending in the present application. At the Examiner's suggestion, the amendments herein are made for clarification purposes only and should not be construed as limiting the scope of the claims.

In the Final Office Action dated June 20, 2001, the Examiner rejected claims 56-66, 71-82 and 87 under 35 U.S.C. § 102(b) as being anticipated by Abell, Jr. et al. (U.S. Pat. No. 5,268,816). Claims 88-93 were rejected under 35 U.S.C. § 102(e) as being anticipated by Yun et al. (U.S. Pat. No. 5,835,139) and claims 67-70 and 83-86 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Yun et al. in view of Masaru (GB 2 170 035 A).

In addition, the Examiner objected to the drawings as not showing every feature of the invention specified in the claims. Applicants respectfully traverse these rejections and objections and reconsideration is requested.

The Examiner objected to the drawings under 37 CFR 1.83(a) as not containing every feature of the claimed invention. Applicants respectfully traverse the objection and reconsideration is requested. The Examiner states *"the 'first fastening element', 'second fastening element', and ' third fastening element' must be shown."* Applicants respectfully

DC:94684.1



VS5006479

submit that examples of each of the above-listed elements are shown in the Figures and Specification of this application.

The Examiner rejected claims 56-66, 71-82 and 87 under 35 U.S.C. § 102(b) as being anticipated by <u>Abell, Jr. et al.</u> (U.S. Pat. No. 5,268,816). Applicants respectfully traverse these rejections and reconsideration is requested.

Claim 56 is allowable over the cited references in that claim 56 recites a combination of elements including, for example, "fastening the display panel to the case by the first fastening element and a second fastening element on the rear surface of the rear mountable display device." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. In contrast, <u>Abell, Jr. et al.</u> discloses a front mounted LCD display and does not disclose at least the combination of elements as recited above. Accordingly, Applicants respectfully submit that claim 56, and claims 57-71 which depend from claim 56, are allowable over the cited references.

Claim 72 is allowable over the cited references in that claim 72 recites a combination of elements including, for example, "attaching the rear mountable display device to the case by the first fastening element and a second fastening element on a rear surface of the rear mountable display device." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. In contrast, <u>Abell, Jr. et al.</u> discloses a front mounted LCD display and does not disclose at least the combination of elements as recited above. Accordingly, Applicants respectfully submit that claim 72 and claims 73-87, which depend from claim 72, are allowable over the cited references.

The Examiner also rejected claims 88-93 under 35 U.S.C. § 102(e) as being anticipated by <u>Yun et al.</u> Applicants respectfully traverse these rejections and reconsideration is requested.

DC:94684 1



VS5006480

Application No.: 09/444,376                     Docket No.: 8733.041.00
Group Art Unit: 2835                                          Page 12

Claim 88 is allowable over the cited references in that claim 88 recites a combination of elements including, for example, "placing a flat display panel on a top surface of a backlight unit having a first frame, the first frame having a fastening element for fastening the first frame to the housing, said fastening element being located on a rear surface opposite the top surface of the backlight unit where the flat display panel is placed." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention.

In contrast, Yun et al. is directed toward a side-mounted flat panel display device (see fastening elements 410a and 410b in Fig. 6 of Yun et al.) Yun et al. does not disclose at least the foregoing combination of elements. Accordingly, Applicants respectfully submit that claim 88 and claims 89-93, which depend from claim 88 are allowable over the cited references.

The Examiner rejected claims 67-70 and 83-86 under 35 U.S.C. §103(a) as being unpatentable over the combination of Yun et al. in view of Masaru. Applicants respectfully traverse these rejections and reconsideration is requested. The Examiner states *"Yun differs from claims 67-70 and 83-86 in that it does not teach a fastening means including a compressible head with a hook and stepped hole."* However, as noted above, Yun et al. is directed toward a side-mounted flat panel display device and does not disclose an attachment method as recited in claim 56. Masaru alone or in combination with Yun et al. fails to cure the deficiencies of Yun et al. In addition, Yun et al. fails to disclose all the elements recited in claim 56. Accordingly, Applicants respectfully submit that claim 56 and claims 57-71, which depend from claim 56 are allowable.

Applicants respectfully submit that new claims 94-96 are allowable for at least similar reasons as discussed above.

DC:94684.1



Application No.: 09/444,376                              Docket No.: 8733.041.00
Group Art Unit: 2835                                                    Page 13

If the Examiner deems that a telephone conference would further prosecution of the

application, the Examiner is invited to call the undersigned attorney at (202) 624-1200. All

correspondence should continue to be sent to the below-listed address.

If these papers are not considered timely filed by the Patent and Trademark Office,

then a petition is hereby made under 37 C.F.R. § 1.136, and any additional fees required

under 37 C.F.R. § 1.136 for any necessary extension of time, or any other fees required to

complete the filing of this response, may be charged to Deposit Account No. 50-0911. Please

credit any overpayment to Deposit Account No. 50-0911.

Respectfully submitted,

LONG, ALDRIDGE & NORMAN, LLP

By: _____ Reg. No 41786
      Song K. Jung
      Registration No. 35,210

701 Pennsylvania Avenue, N.W.
Sixth Floor, Suite 600
Washington, D.C. 20004
Telephone: (202) 624-1200
Facsimile: (202) 624-1298

Date: __March 12, 2002__

**Attachment: Marked-up version of Claims**

DC:94684 1

# EXHIBIT C

Exhibit C



#20/D
3-29-2
Robertson
PATENT amdt
8733.042.00

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re application of

**Jong Hwan KIM et al.**                              Group Art Unit: 2835

Application No.: 09/285,338                          Examiner: Y. Chang

Filed: **April 2, 1999**

For:  **PORTABLE COMPUTER HAVING A FLAT PANEL DISPLAY
      DEVICE**

                    PRELIMINARY AMENDMENT

Commissioner of Patents
Washington, D.C. 20231

Dear Sir:

        Prior to examination, Applicants submit the following amendments and remarks as

follows.

**IN THE SPECIFICATION:**

        Please amend the specification as shown on the following pages.

**IN THE CLAIMS**

        Please amend claims 1, 2, 10, 19-20, and 25-33, and 35-55, and add new claim 56 as

shown on the following pages.


        A marked-up copy of the claims to show the changes made is attached to this

Preliminary Amendment.


03/15/2002 CVO111    00000119 09285338
                              84.00 OP
01 FC:102                     18.00 OP
02 FC:103

                                                    DC:94758 1

VS5005618

Application No.: 09/285,338                          Docket No.: 8733.042.00
Group Art Unit: 2835                                                  Page 2

Amended Claims 1, 2, 10, 19-20, and 25-33, and 35-55

1.    (Twice Amended)  A portable computer comprising:

a housing including first and second sections, the first section having an information input device and the second section having a case having a first fastening element;

a rear mountable display device including a second fastening element at a rear surface of the rear mountable display device, the case and the rear mountable display device being attached through the first and second fastening elements;

a hinge coupling the first and the second sections to each other; and

a display device support member having a third fastening element, the display device support member being attached to the rear mountable display device through the third fastening element.

2.    (Twice Amended)  The portable computer according to claim 1, wherein the display device support member is attached to the rear mountable display device through the first and third fastening elements

10.    (Twice Amended)  The portable computer according to claim 7, wherein the arm includes a fastening hole a portion of the arm, the rear mountable display device being attached to the arm through the fastening hole of the arm

19.    (Twice Amended)  The portable computer according to claim 1, further comprising a screw attaching the rear mountable display device to the second section through the first and second fastening elements.

DC:94758.1



VS5005619

Application No.: 09/285,338
Group Art Unit: 2835

Docket No.: 8733.042.00
Page 3

Cond
D3

20.    (Twice Amended)  The portable computer according to claim 1, wherein the first and second fastening elements include first and second fastening holes, respectively, and further comprising a screw, the screw attaching the rear mountable display device to the case through the first and second fastening elements.

D4

25.    (Twice Amended)  The portable computer according to claim 6, wherein the second fastening element includes at least one fastening hole located at a corner of the rear mountable display device corresponding to the fastening hole of the first fastening element.

26.    (Twice Amended)  The portable computer according to claim 9, wherein the second fastening element includes at least two fastening holes at two corners of the rear mountable display device.

27.    (Twice Amended)  The portable computer according to claim 9, wherein the second fastening element includes four fastening holes at four corners of the rear mountable display device.

28.    (Twice Amended)  The portable computer according to claim 1, wherein the first fastening element and the second fastening element include a screw hole, and a screw is inserted from the rear of the case to fasten the case to the rear mountable display device.

DC:94758.1



VS5005620

Application No.: 09/285,338                           Docket No.: 8733.042.00
Group Art Unit: 2835                                                    Page 4

29     (Twice Amended)  The portable computer according to claim 28, wherein the

screw hole of the case is located at a position corresponding to a display area of the rear

mountable display device.


30.    (Twice Amended)  A portable computer comprising:

Cond
D4

          a housing including first and second sections, the first section having an

information input device and the second section having a case having a first fastening

element;

          a rear mountable display device including a second fastening element at a rear

surface of the rear mountable display device, the case and the rear mountable display device

being attached through the first and second fastening elements;

          a hinge coupling the first and the second sections to each other;

          a display device support member including an arm extending upward and a

third fastening element, the display device support member being attached to the rear

mountable display device through the first and third fastening elements;

          wherein the arm includes a fastening hole at a portion of the arm, the rear

mountable display device being attached to the arm through the fastening hole of the arm;

          wherein the first and second fastening elements include first and second

fastening holes, respectively, and the rear mountable display device is attached to the case

through the first and second fastening elements using a screw; and

          wherein the display device support member is coupled to the hinge.

DC:94758.1

31.

D

VS5005621

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                           Page 5



31.    (Amended)  The portable computer according to claim 30, wherein the second fastening element is not visible from a viewing direction of the rear mountable display device.

32.    (Amended)  The portable computer according to claim 30, wherein no fastening element is visible when viewed from the viewing direction of the rear mountable display device.

33.    (Amended)  The portable computer according to claim 30, wherein the second fastening element includes protruding portions protruding away from the rear mountable display device.



35.    (Twice Amended)  A rear mountable flat panel display device capable of being mounted to a data processing device, the flat panel display device comprising:

a backlight unit including a first frame having a fastening part at a rear surface of the first frame, a flat display panel adjacent to the backlight unit; and

a second frame;

wherein the flat display panel is between the first frame and the second frame, the first frame of the backlight unit capable of being fixed to a housing of the data processing device through the fastening part at the rear surface of the first frame.

36.    (Amended)  The rear mountable flat panel display device according to claim 35, wherein the fastening part includes a fastening hole.

DC:94758 1

 

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                          Page 6

37.    (Amended)  The rear mountable flat panel display device according to claim 36, further comprising a screw attaching the first frame of the backlight unit to the second frame through the fastening hole.

38.    (Amended)  The rear mountable flat panel display device according to claim 36, wherein the fastening part includes at least two fastening holes at two corners of the first frame.

Cmd Db

39.    (Amended)  The rear mountable flat panel display device according to claim 36, wherein the fastening part includes four fastening holes at four corners of the first frame.

40.    (Amended)  The rear mountable flat panel display device according to claim 35, wherein the backlight unit comprises:

        a reflector unit adjacent the first frame;

        a light source unit adjacent the reflector unit; and

        a light guide unit adjacent the light source unit.

41.    (Amended)  The rear mountable flat panel display device according to claim 40, further comprising a diffuser unit and a prism unit.

DC:94758 1

33

VS5005623

Application No.: 09/285,338
Group Art Unit: 2835

Docket No.: 8733.042.00
Page 7

42.    (Twice Amended)  The rear mountable flat panel display device according to claim 35, wherein the fastening part is not visible from a viewing direction of the flat display panel.



43.    (Twice Amended)  The rear mountable flat panel display device according to claim 35, wherein the flat panel display device only shows the flat display panel and the second frame when viewed from a viewing direction of the display panel.

44.    (Twice Amended)  The rear mountable flat panel display device according to claim 35, wherein the fastening part includes a protruding portion protruding away from the flat display panel.

45.    (Amended)  The rear mountable flat panel display device according to claim 44, wherein the protruding portion includes a peg having a fastening hole.



46.    (Amended)  The rear mountable flat panel display device according to claim 44, wherein the protruding portion includes a first part and a second part, the first part being larger than the second part.

47.    (Thrice Amended)  A rear mountable flat panel display device capable of being mounted to a housing, the rear mountable flat panel display device comprising:

       a backlight unit including:

       a first frame having a fastening part at a rear surface of the first frame;

DC:94758.1

34

VS5005624

Application No.: 09/285,338                    Docket No.: 8733.042.00
Group Art Unit: 2835                                              Page 8

a reflector unit adjacent the first frame; and

a light guide unit adjacent the light source unit;

a flat panel display adjacent to the backlight unit;

a second frame; and

a screw attaching the first frame of the backlight unit to the second frame

through the fastening part;

wherein the flat panel display is between the first frame and the second frame,

the first frame of the backlight unit capable of being fixed to the housing through the

fastening part at the rear surface of the first frame.

48.    (Twice Amended)  The rear mountable flat panel display device according to

claim 47, further comprising a diffuser unit and a prism unit.

49.    (Twice Amended)  The rear mountable flat panel display device according to

claim 47, wherein the fastening part is not visible from a viewing direction of the flat display

panel.

50.    (Twice Amended)  The rear mountable flat panel display device according to

claim 47, wherein the flat panel display device only shows the flat panel display and the

second frame when viewed from a viewing direction of the display panel.

DC:94758.1

VS5005625

Application No.: 09/285,338                    Docket No : 8733.042 00
Group Art Unit: 2835                                         Page 9

*Cord*
*D 11*

51.     (Twice Amended)  The rear mountable flat panel display device according to claim 47, wherein the fastening part includes a protruding portion protruding away from the flat display panel.

*D 12*

52.     (Amended)  The rear mountable flat panel display device according to claim 51, wherein the protruding portion includes a peg having a fastening hole

53.     (Amended)  The rear mountable flat panel display device according to claim 51, the protruding portion includes a first part and a second part, the first part being larger than the second part.

54.     (Amended)  The rear mountable flat panel display device according to claim 47, wherein the fastening part includes a fastening hole.

*D 13*

55.     (Twice Amended)  A rear mountable flat panel display device comprising:

a first frame having a fastening part at a rear surface of the first frame;

a second frame; and

a flat display panel between the first and second frames;

wherein the first frame is capable of being fixed to a housing of a data processing device through the fastening part at the rear surface of the first frame.

DC:94758 1

VS5005626

Application No.: 09/285,338
Group Art Unit: 2835

Docket No.: 8733.042.00
Page 10

New Claim 56

    56.    (NEW)  A rear mountable flat panel display device comprising:

        a first frame having a fastening part at a rear surface of the first frame;

        a second frame; and

        a flat display panel between the first and second frames;

        wherein the first frame is capable of being fixed to a housing of a data

processing device through the fastening part at the rear surface of the first frame and the flat

display panel is rear mounted.

DC:94758.1

VS5005627

Application No.: 09/285,338                                    Docket No.: 8733.042.00
Group Art Unit: 2835                                                        Page 11

---

## REMARKS

Applicants wish to gratefully thank Examiner Chang for the courtesies extended to

Applicants' representatives during the interview on February 19, 2002. As a result of that

interview, Applicants understand that the Examiner now agrees with Applicants that the

drawings are in full compliance with 37 CFR 1.136(a) and claims 1-56 are allowable over the

cited references for at least the reasons set forth below.

By this amendment, Applicants amend claims 1, 2, 10, 19-20, 25-33, and 35-55 and

add new claim 56. Accordingly, claims 1-56 are pending in the present application. At the

Examiner's suggestion, the amendments herein are made for clarification purposes only and

should not be construed as limiting the scope of the claims.

In the Final Office Action dated September 20, 2001 the Examiner rejected claims 1-

34 under 35 U.S.C. § 102(b) as being anticipated by Abell, Jr. et al. (U.S. Pat. No.

5,268,816). Claims 35-43, 47-50 and 54-55 were rejected under 35 U.S.C. § 103(a) as being

unpatentable over Yun et al. (U.S. Pat. No. 5,835,139) and claims 44-46 and 51-53 were

rejected under 35 U.S.C. § 103(a) over Yun et al. in view of Liu (U.S. Pat. No. 5,423,605).

In addition, the Examiner objected to the drawings as not showing every feature of the

invention specified in the claims. Applicants respectfully traverse the rejections and

reconsideration is requested.

The Examiner objected to the drawings under 37 CFR 1.83(a) as not containing every

feature of the claimed invention. Applicants respectfully traverse these objections and

reconsideration is requested. The Examiner states *"the 'first fastening element', 'second*

*fastening element', 'third fastening element', 'first support member', 'second support*

DC:94758.1



VS5005628

Application No.: 09/285,338                                              Docket No.: 8733.042.00
Group Art Unit: 2835                                                                              Page 12

*member', 'a flat panel display', 'a light source unit', 'a first part', and 'a second part' must be shown."* Applicants respectfully submit that examples of each of the above-listed elements are shown in the Figures, such as Figs. 5, 8-9, and 12-16 and described in the Specification of this Application.

The Examiner rejected claims 1-34 under 35 U.S.C. § 102(b) as being anticipated by Abell, Jr. et al. Applicants respectfully traverse these rejections and reconsideration is requested.

Claim 1 is allowable over the cited references in that claim 1 recites a combination of elements including, for example, "a rear mountable display device including a second fastening element at a rear surface of the rear mountable display device, the case and the rear mountable display device being attached through the first and second fastening elements." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. In contrast, Abell, Jr. et al. discloses a front mounted LCD display while the instant invention utilizes a rear mountable display. Accordingly, Applicants respectfully submit that claim 1 and claims 2-29, which depend from claim 1, are allowable over the cited references.

Claim 30 is allowable over the cited references in that claim 30 recites a combination of elements including, for example, "a rear mountable display device including a second fastening element at a rear surface of the display device, the case and the rear mountable display device being attached through the first and second fastening elements." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. For at least similar reasons as discussed above, Abell Jr., et al. fails to teach each and every element of the claimed invention. Accordingly, Applicants respectfully

DC:94758 1



VS5005629

Application No.: 09/285,338
Group Art Unit: 2835

Docket No : 8733.042.00
Page 13

submit that claims 31-34 which depend from claim 30, are allowable over the cited

references.

The Examiner rejected claims 35-43, 47-50 and 54-55 under 35 U.S.C. §103(a) as

being unpatentable over <u>Yun et al.</u>  Applicants respectfully traverse these rejections and

reconsideration is requested.

Claim 35 is allowable over the cited references in that claim 35 recites a combination

of elements including, for example, "wherein the flat display panel is between the first frame

and the second frame, the first frame of the backlight unit capable of being fixed to a housing

of the data processing device through the fastening part at the rear surface of the first frame."

None of the cited references, singly or in combination, teaches or suggests at least this feature

of the claimed invention.

Claim 47 is allowable over the cited references in that claim 47 recites a combination

of elements including, for example, "wherein the flat panel display is between the first frame

and the second frame, the first a frame of the backlight unit capable of being fixed to the

housing through the fastening part at the rear surface of the first frame."  None of the cited

references, singly or in combination, teaches or suggests at least this feature of the claimed

invention.  For at least similar reasons as discussed above, Applicants respectfully submit that

claim 47 is allowable.  Accordingly, Applicants respectfully submit that claim 47, and claims

48-54, which depend from claim 47 are allowable over the cited references.

Claim 55 is allowable over the cited references in that claim 55 recites a combination

of elements including, for example, "A rear mountable flat panel display device ... a flat

display panel between the first and second frames; wherein the first frame is capable of being

fixed to a housing of data processing device through the fastening part at the rear surface of

DC:94758 1



VS5005630

Application No.: 09/285,338
Group Art Unit: 2835

Docket No.: 8733.042.00
Page 14

the first frame." None of the cited references, singly or in combination, teaches or suggests at least this feature of the claimed invention. Accordingly, Applicants respectfully submit that claim 55 is allowable over the cited references.

Applicants respectfully submit that new claim 56 is allowable for at least similar reasons as stated above.

If the Examiner deems that a telephone call would further the prosecution of this application, the Examiner is invited to call the undersigned at (202) 624-1250. All correspondence should continue to be sent to the below-listed address.

If these papers are not considered timely filed by the Patent and Trademark Office, then a petition is hereby made under 37 C.F.R. § 1.136, and any additional fees required under 37 C.F.R. § 1.136 for any necessary extension of time, or any other fees required to complete the filing of this response, may be charged to Deposit Account No. 50-0911. Please credit any overpayment to deposit Account No. 50-0911.

Respectfully submitted,

LONG ALDRIDGE & NORMAN, LLP

Date:    March 12, 2002

By Reg. No 41786
Song K. Jung
Registration No: 35,210

701 Pennsylvania Avenue, N.W.
Sixth Floor, Suite 600
Washington, D.C. 20004
Telephone No.: (202) 624-1200
Facsimile No.: (202) 624-1298

DC:94758.1

VS5005631

# EXHIBIT D

# Greenberg
# Traurig

Frank E. Merideth, Jr
Tel 310.586.7825
Fax 310.586.0275
MeridethF@gtlaw.com

March 16, 2007

**VIA EMAIL AND FIRST CLASS MAIL**

Lora Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

      Re:    <u>LG. Philips, LCD Co., Ltd v. Tatung Company</u>

Dear Lora:

      Based on McKenna Long & Aldridge's agreement to provide designated privileged documents to the Special Master, Tatung Company agreed to withdraw its subpoena of Ms. Rudich.

      There is one very limited issue, unrelated to the Protective Order, on which we need testimony from Ms. Rudich. The testimony will be limited to her responses to a specific PTO office action regarding the '079 Patent related to an IBM product. In lieu of such testimony we would be willing to accept a declaration and McKenna Long & Aldridge's agreement that such declaration would be admissible in this action. I understand Ms. Rudich will be on vacation at the end of March, so I am willing to stipulate to take her testimony, if necessary, in April. Please let me know either a convenient date for the testimony described above or whether a declaration is acceptable.

                    Very truly yours,

                    Frank E. Merideth, Jr.

FEM:cdb
cc:   Rel Ambrozy (via email)
      Cass W. Christenson (via email)
      Richard Kirk (via email)
      Mark Krietzman (via email)
      Valerie Ho (via email)
      Steve Hassid (via email)
      Scott Miller (via email)
      James Heisman (via email)

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

www.gtlaw.com

# EXHIBIT E



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO |
|---|---|---|---|---|
| 11/096.079 | 04/01/2005 | Jong Hwan Kim | 8733.042 21 | 5046 |

| | |
|---|---|
| 7590    12/19/2005 | EXAMINER |
| MCKENNA LONG & ALDRIDGE LLP | CHANG, YEAN HSI |
| Song K. Jung | |

| | |
|---|---|
| 1900 K Street, N.W. | ART UNIT | PAPER NUMBER |
| Washington, DC  20006 | 2835 | |

DATE MAILED: 12/19/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev 10/03)

VS5003194

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 11/096,079 | KIM ET AL. |
| | Examiner | Art Unit | |
| | Yean-Hsi Chang | 2835 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>01 April 2005</u>.

2a)☐ This action is FINAL.     2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>56-65</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>56-65</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>01 April 2005</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☒ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☒ Certified copies of the priority documents have been received in Application No. <u>10/787,933</u>.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date <u>4/1,5/11, 9/13/05</u>.
4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5)☐ Notice of Informal Patent Application (PTO-152)
6)☐ Other: _____.

VS5003195

Application/Control Number: 11/096,079                                    Page 2
Art Unit: 2835

## DETAILED ACTION

### Claim Rejections - 35 USC § 103

1.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

2.      Claims 56-65 are rejected under 35 U.S.C. 103(a) as being unpatentable over

IBM color display (IBM 9516-A03) in view of Yun et al. (US 5,835,139).

        IBM color display teaches a flat panel display device mounted to a housing

(figure on page 5) including a front part and a rear part (shown in figure on page 9),

wherein the flat panel display device is fixed to the rear part of the housing with a

fastening part (2) comprising a fastening hole at the rear surface and within a lateral

boundary of the flat panel display device, and a screw (as shown in figure on page 9).

        IBM color display fails to indicate the details of the flat panel display device.

        Yun teaches a flat panel display device (fig. 6) comprising: a flat display panel (a

LCD panel 300), a backlight (110), a light guide (130), a reflector plate (140), a first

frame (190), and a second frame (400), wherein the flat display panel is between the

first frame and the second frame (shown in fig. 6), and wherein the first frame is

positioned substantially to the rear of the backlight (shown in fig. 6).

Application/Control Number: 11/096,079                                    Page 3

Art Unit: 2835

It would have been obvious to one having ordinary skill in the art at the time the

invention was made to modify the device of the IBM color display with the flat display

panel taught by Yun for a complete information of the flat panel display device.

### *Double Patenting*

3.    The nonstatutory double patenting rejection is based on a judicially created
doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the
unjustified or improper timewise extension of the "right to exclude" granted by a patent
and to prevent possible harassment by multiple assignees. A nonstatutory
obviousness-type double patenting rejection is appropriate where the conflicting claims
are not identical, but at least one examined application claim is not patentably distinct
from the reference claim(s) because the examined application claim is either anticipated
by, or would have been obvious over, the reference claim(s). See, e.g., In re Berg, 140
F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); In re Goodman, 11 F.3d 1046, 29
USPQ2d 2010 (Fed. Cir. 1993); In re Longi, 759 F.2d 887, 225 USPQ 645 (Fed. Cir.
1985); In re Van Ornum, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); In re Vogel, 422
F.2d 438, 164 USPQ 619 (CCPA 1970); and In re Thorington, 418 F.2d 528, 163 USPQ
644 (CCPA 1969).
       A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d)
may be used to overcome an actual or provisional rejection based on a nonstatutory
double patenting ground provided the conflicting application or patent either is shown to
be commonly owned with this application, or claims an invention made as a result of
activities undertaken within the scope of a joint research agreement.
    Effective January 1, 1994, a registered attorney or agent of record may sign a
terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with
37 CFR 3.73(b).

4.    Claims 56-65 are provisionally rejected on the ground of nonstatutory

obviousness-type double patenting as being unpatentable over claims 83-84, 88 and

92-93 of copending Application No. 10/787,933. Although the conflicting claims are not

identical, they are not patentably distinct from each other because same subject matters

VS5003197

Application/Control Number: 11/096,079                                    Page 4
Art Unit: 2835

are claimed with some different terminologies, such as: a flat panel display device vs. a

flat panel display apparatus, and a housing vs. a case.

    This is a provisional obviousness-type double patenting rejection because the

conflicting claims have not in fact been patented.

## Conclusion

5.    Please be notified that the IDS submitted 4/1/05 includes 10 pages of tables,

three of which are not considered since they are not in form-1449.

## Correspondence

6.    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Yean-Hsi Chang whose telephone number is (571) 272-

2038. The examiner can normally be reached on 07:30 - 16:00, Monday through

Thursday.

    If attempts to reach the examiner by telephone are unsuccessful, the Art Unit

phone number is (571) 272-2800, ext. 35. The fax phone number for the organization

where this application or proceeding is assigned is 571-273-8300. Information regarding

the status of an application may be obtained from the Patent Application Information

Retrieval (PAIR) system. Status information for published applications may be obtained

from either Private PAIR or Public PAIR. Status information for unpublished applications

Application/Control Number: 11/096,079                                    Page 5
Art Unit: 2835

is available through Private PAIR only. For more information about the PAIR system,

see http://pair-direct.uspto.gov. Should you have questions on access to the Private

PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

    Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 305-

8558.


Yean-Hsi Chang
Primary Examiner
Art Unit: 2835
December 8, 2005

YEAN-HSI CHANG
PRIMARY EXAMINER

Application No.: 11/096,079
Amdt. dated June 19, 2006
Reply to Office Action dated December 19, 2006

Docket No.: 8733.042.21

## REMARKS

At the outset, the Examiner is thanked for the thorough review and consideration of the pending application. The Office Action dated December 19, 2006, has been received and its contents carefully reviewed.

Claims 56, 60 and 65 are hereby amended; and claims 66-69 are hereby added. Accordingly, claims 56-69 are currently pending. Reexamination and reconsideration of the pending claims is respectfully requested.

In the Office Action, claims 56-65 are rejected under 35 U.S.C. § 103(a) as being unpatentable over IBM color display (IBM 9516-A03)(hereinafter "IBM 9516") in view of U.S. Patent No. 5,835,139 to Yun et al. (hereinafter "Yun"). Claims 56-65 are also provisionally rejected on the ground of nonstatutory obviousness-type double patenting as being unpatentable over claims 83-84, 88 and 92-93 of copending Application No. 10/787,933 (hereinafter "the '933 application").

In the Office Action, the Examiner states "IBM color display teaches a flat panel display device . . . wherein the flat panel display device is fixed to the rear part of the housing with a fastening part (2) comprising a fastening hole at the rear surface and within a lateral boundary of the flat panel display device." Applicants note that this statement is incorrect for several reason. That is, IBM 9615 does not teach or suggest "the flat display panel . . . between the first frame and the second frame, the first frame including a fastening part behind the display area at a rear surface of the first frame . . . the first frame being fixed to the rear part of the housing with the fastening part at the rear surface of the first frame," as recited by at least independent claim 56 of the present application. The IBM 9516 is a front mounted display. That is, the flat panel display of the IBM 9516 is mounted by screws that go *through* the rear surface of the rear tray and attach to the front housing. So, nothing in the IBM 9516 teaches or suggests the first frame being fixed to the rear part of the housing. Applicants refer the Examiner to the cited figure on page 9 of the IBM 9516 reference. At best, the figure shows the screws (2) go through the back cover from the back to the front. There is no teaching or suggestion that there is any fixing at the first frame. And in fact, in the physical device, the fixing occurs at the front housing of the IBM 9516.

6

VS5003218

Application No.: 11/096,079                                                    Docket No.: 8733.042.21
Amdt. dated June 19, 2006
Reply to Office Action dated December 19, 2006

Yun fails to cure these deficiencies in the IBM 9516. Therefore, Applicants submit that claim 56, and claims 57-59 and 66-67, which depend from claim 56, are allowable over the cited references.

Moreover, IBM 9615 does not teach or suggest "a fastener fixing the rear frame to the rear portion of the housing using the fastening hole associated with the rear surface of the rear frame, wherein the flat display panel and the backlight are disposed between the front and rear frames and wherein the fastener is behind the display area," as recited by at least independent claim 60 of the present application. As discussed above with respect to claim 56, the flat panel display of the IBM 9516 is mounted by screws that go *through* the rear surface of the rear tray and attach to the front housing. So, nothing in the IBM 9516 teaches or suggests a fastener fixing the rear frame to the rear portion of the housing using the fastening hole associated with the rear surface of the rear frame. Applicants refer the Examiner to the cited figure on page 9 of the IBM 9516 reference. At best, the figure shows the screws (2) go through the back cover from the back to the front. There is no teaching or suggestion that there is any fixing of the rear frame to the rear portion of the housing using the fastening hole associated with the rear surface of the rear frame. And in fact, in the physical device, there is no such fixing of the rear frame to the rear portion of the housing of the IBM 9516.

Yun fails to cure these deficiencies in the IBM 9516. Therefore, Applicants submit that claim 60, and claims 61-65 and 68-69, which depend from claim 60, are allowable over the cited references.

Applicants acknowledge the provisional obviousness double patenting rejection of claims 56-65 over the copending '933 application. Applicants note that the claim amendments made herein and the claim amendments recently made in the '933 application render the provisional obviousness double patenting rejection moot.

Applicants believe the foregoing amendments place the application in condition for allowance and early, favorable action is respectfully solicited.

If for any reason the Examiner finds the application other than in condition for allowance, the Examiner is requested to call the undersigned attorney at (202) 496-7500 to

7

VS5003219

**Application No.: 11/096,079**                                              Docket No.: 8733.042.21
**Amdt. dated June 19, 2006**
**Reply to Office Action dated December 19, 2006**

discuss the steps necessary for placing the application in condition for allowance.    All
correspondence should continue to be sent to the below-listed address.

      If these papers are not considered timely filed by the Patent and Trademark Office,
then a petition is hereby made under 37 C.F.R. §1.136, and any additional fees required under 37
C.F.R. §1.136 for any necessary extension of time, or any other fees required to complete the
filing of this response, may be charged to Deposit Account No. 50-0911.  Please credit any
overpayment to deposit Account No. 50-0911.  A duplicate copy of this sheet is enclosed.

Dated:  June 19, 2006                              Respectfully submitted,

                                                   By

                                                   Rebecca G. Rudich
                                                   Registration No.: 41,786
                                                   McKENNA LONG & ALDRIDGE LLP
                                                   1900 K Street, N.W.
                                                   Washington, DC  20006
                                                   (202) 496-7500
                                                   Attorney for Applicant

8

VS5003220