# EXHIBIT F

# Greenberg
# Traurig

Frank E. Merideth, Jr
Tel. 310 586 7825
Fax 310 586 0275
MeridethF@gtlaw.com

March 29, 2007

<u>VIA EMAIL AND FIRST CLASS MAIL</u>

Lora Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:     <u>LG. Philips, LCD Co., Ltd v. Tatung Company</u>

Dear Lora:

Enclosed is a draft of the Declaration for Ms Rudich that we discussed.  Please call or email me with your comments to this draft.  It is my hope that we can reach agreement on a declaration from Ms. Rudich along these lines in lieu of a deposition.

Very truly yours,

Frank E. Merideth, Jr.

FEM:cdb
cc:     Rel Ambrozy (via email)
        Cass W. Christenson (via email)
        Richard Kirk (via email)
        Mark Krietzman (via email)
        Valerie Ho (via email)
        Steve Hassid (via email)
        Scott Miller (via email)
        James Heisman (via email)

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES
MIAMI
MILAN
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO
TYSONS CORNER
WASHINGTON D.C.
WEST PALM BEACH
ZURICH

www.gtlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA,<br>INC.; AND VIEWSONIC CORPORATION<br><br>Defendants. | CIVIL ACTION NO. 04-343 |

## DECLARATION OF REBECCA GOLDMAN RUDICH

I, Rebecca G. Rudich, declare:

1.    I am a partner of the law firm McKenna, Long & Aldridge.  I am a registered U.S. Patent Attorney, registration number 41,786.  I am one of the attorneys for LG Philips LCD, Ltd that is responsible for prosecution of United States Patent Application 11/096,079 (the '079 Application").

2.    The '079 Application currently is pending in the United States Patent Office ("PTO").  A copy of the PAIR Bibliographic Data for the '079 Application is attached as Exhibit A.

3.    The '079 Patent Application is a continuation application of the 6,501,641 the subject of the above entitled action and shares the same written specification.

1

126755347 v2 070272011200

4.    In connection with the '079 Application, I received the Office Action from the PTO Examiner, dated December 19, 2005, attached hereto as Exhibit B.

5.    In connection with that Office Action, on June 19, 2006, I filed a Response on behalf of LG Philips LCD, the 3 page "Remarks" portion of that Response is attached hereto as Exhibit C.

6.    Prior to filing my Response (Exhibit C) I had examined an actual device referred to in Exhibits B and C as the IBM 9516.

7.    The photographs attached as Exhibits D and E depicted an IBM 9516.

8.    The IBM 9516 is also graphically depicted in LPL productions LPL 05593 and LPL 05594 attached as exhibits F and G, respectively.

9.    My examination of an IBM 9516 included locating the element identified in my Remarks (Exhibit C) as a "Rear Tray" in the IBM 9516 product.

10.    Exhibits H and I show partially disassembled IBM 9516 product.

11.    The "Rear Tray" identified in my Remarks (Exhibit C) corresponds to the element marked "Rear Tray" in Exhibits H and I.

2

12. To inspect the "Rear Tray" I removed screws that "went through the rear surface of the rear tray and attach[ed] to the front housing." The front housing is the "Front Housing" identified in Exhibits D, H and I as "Front Housing".

13. The element identified in Exhibits D, H and I as "LCD module" corresponds to an LCD module in the IBM 9516 product.

14. The element identified in Exhibits E and H as "Back Cover" corresponds to the Back Cover of the IBM 9516 product.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this __ day of April, 2007 at Washington, DC.

_____
Rebecca G. Rudich

3

EXHIBIT A

| 11/096,079 | Portable computer and method for mounting a flat panel display device thereon | 03-27-2007::22:02:10 |
|---|---|---|

## Bibliographic Data

| | | | |
|---|---|---|---|
| Application Number: | 11/096,079 | Customer Number: | - |
| Filing or 371 (c) Date: | 04-01-2005 | Status: | Non Final Action Mailed |
| Application Type: | Utility | Status Date: | 02-16-2007 |
| Examiner Name: | CHANG, YEAN HSI | Location: | ELECTRONIC |
| Group Art Unit: | 2835 | Location Date: | - |
| Confirmation Number: | 5046 | Earliest Publication No: | US 2005-0168930 A1 |
| Attorney Docket Number: | 8733.042.21 | Earliest Publication Date: | 08-04-2005 |
| Class / Subclass: | 361/683 | Patent Number: | - |
| First Named Inventor: | Jong Kim , Kyunggi-Do, (KR) | Issue Date of Patent: | - |

| | |
|---|---|
| Title of Invention: | Portable computer and method for mounting a flat panel display device thereon |

**Close Window**

EXHIBIT B



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO |
|---|---|---|---|---|
| 11/096,079 | 04/01/2005 | Jong Hwan Kim | 8733 042 21 | 5046 |

7590     12/19/2005

MCKENNA LONG & ALDRIDGE LLP
Song K. Jung
1900 K Street, N.W.
Washington, DC  20006

| EXAMINER |
|---|
| CHANG, YEAN HSI |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2835 | |

DATE MAILED: 12/19/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| *Office Action Summary* | Application No | Applicant(s) |
|---|---|---|
| | 11/096.079 | KIM ET AL. |
| | Examiner | Art Unit |
| | Yean-Hsi Chang | 2835 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on _01 April 2005_.
2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) _56-65_ is/are pending in the application.
  4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) _56-65_ is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☒ The drawing(s) filed on _01 April 2005_ is/are: a)☒ accepted or b)☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  a)☒ All   b)☐ Some *   c)☐ None of:
    1.☐ Certified copies of the priority documents have been received.
    2.☒ Certified copies of the priority documents have been received in Application No. _10/787,933_.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
  * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date _4/1,5/11, 9/13/05_.
4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
5)☐ Notice of Informal Patent Application (PTO-152)
6)☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 7-05)                    Office Action Summary                    Part of Paper No./Mail Date 20051207

Application/Control Number: 11/096,079

Page 2

Art Unit: 2835

## DETAILED ACTION

### Claim Rejections - 35 USC § 103

1.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2.      Claims 56-65 are rejected under 35 U.S.C. 103(a) as being unpatentable over

IBM color display (IBM 9516-A03) in view of Yun et al. (US 5,835,139).

IBM color display teaches a flat panel display device mounted to a housing

(figure on page 5) including a front part and a rear part (shown in figure on page 9),

wherein the flat panel display device is fixed to the rear part of the housing with a

fastening part (2) comprising a fastening hole at the rear surface and within a lateral

boundary of the flat panel display device, and a screw (as shown in figure on page 9).

IBM color display fails to indicate the details of the flat panel display device.

Yun teaches a flat panel display device (fig. 6) comprising: a flat display panel (a

LCD panel 300), a backlight (110), a light guide (130), a reflector plate (140), a first

frame (190), and a second frame (400), wherein the flat display panel is between the

first frame and the second frame (shown in fig. 6), and wherein the first frame is

positioned substantially to the rear of the backlight (shown in fig. 6).

Application/Control Number: 11/096,079                                    Page 3

Art Unit: 2835

It would have been obvious to one having ordinary skill in the art at the time the

invention was made to modify the device of the IBM color display with the flat display

panel taught by Yun for a complete information of the flat panel display device.


### Double Patenting


3.     The nonstatutory double patenting rejection is based on a judicially created
doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the
unjustified or improper timewise extension of the "right to exclude" granted by a patent
and to prevent possible harassment by multiple assignees. A nonstatutory
obviousness-type double patenting rejection is appropriate where the conflicting claims
are not identical, but at least one examined application claim is not patentably distinct
from the reference claim(s) because the examined application claim is either anticipated
by, or would have been obvious over, the reference claim(s). See, e.g., In re Berg, 140
F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); In re Goodman, 11 F.3d 1046, 29
USPQ2d 2010 (Fed. Cir. 1993); In re Longi, 759 F.2d 887, 225 USPQ 645 (Fed. Cir.
1985); In re Van Ornum, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); In re Vogel, 422
F.2d 438, 164 USPQ 619 (CCPA 1970); and In re Thorington, 418 F.2d 528, 163 USPQ
644 (CCPA 1969).
       A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d)
may be used to overcome an actual or provisional rejection based on a nonstatutory
double patenting ground provided the conflicting application or patent either is shown to
be commonly owned with this application, or claims an invention made as a result of
activities undertaken within the scope of a joint research agreement.
       Effective January 1, 1994, a registered attorney or agent of record may sign a
terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with
37 CFR 3.73(b).

4.     Claims 56-65 are provisionally rejected on the ground of nonstatutory

obviousness-type double patenting as being unpatentable over claims 83-84, 88 and

92-93 of copending Application No. 10/787,933. Although the conflicting claims are not

identical, they are not patentably distinct from each other because same subject matters

Application/Control Number: 11/096,079                    Page 4
Art Unit: 2835

are claimed with some different terminologies, such as: a flat panel display device vs. a

flat panel display apparatus, and a housing vs. a case.

This is a <u>provisional</u> obviousness-type double patenting rejection because the

conflicting claims have not in fact been patented.

## Conclusion

5.    Please be notified that the IDS submitted 4/1/05 includes 10 pages of tables,

three of which are not considered since they are not in form-1449.

## Correspondence

6.    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Yean-Hsi Chang whose telephone number is (571) 272-

2038.  The examiner can normally be reached on 07:30 - 16:00, Monday through

Thursday.

If attempts to reach the examiner by telephone are unsuccessful, the Art Unit

phone number is (571) 272-2800, ext. 35.  The fax phone number for the organization

where this application or proceeding is assigned is 571-273-8300. Information regarding

the status of an application may be obtained from the Patent Application Information

Retrieval (PAIR) system. Status information for published applications may be obtained

from either Private PAIR or Public PAIR. Status information for unpublished applications

Application/Control Number: 11/096,079                              Page 5
Art Unit: 2835

is available through Private PAIR only. For more information about the PAIR system,

see http://pair-direct.uspto.gov. Should you have questions on access to the Private

PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 305-

8558.

Yean-Hsi Chang
Primary Examiner
Art Unit: 2835
December 8, 2005

YEAN-HSI CHANG
PRIMARY EXAMINER

EXHIBIT C

Application No.: 11/096,079
Amdt. dated June 19, 2006
Reply to Office Action dated December 19, 2006

Docket No.: 8733.042.21

### REMARKS

At the outset, the Examiner is thanked for the thorough review and consideration of the pending application. The Office Action dated December 19, 2006, has been received and its contents carefully reviewed.

Claims 56, 60 and 65 are hereby amended; and claims 66-69 are hereby added. Accordingly, claims 56-69 are currently pending. Reexamination and reconsideration of the pending claims is respectfully requested.

In the Office Action, claims 56-65 are rejected under 35 U.S.C. § 103(a) as being unpatentable over IBM color display (IBM 9516-A03)(hereinafter "IBM 9516") in view of U.S. Patent No. 5,835,139 to Yun et al. (hereinafter "Yun"). Claims 56-65 are also provisionally rejected on the ground of nonstatutory obviousness-type double patenting as being unpatentable over claims 83-84, 88 and 92-93 of copending Application No. 10/787,933 (hereinafter "the '933 application").

In the Office Action, the Examiner states "IBM color display teaches a flat panel display device . . . wherein the flat panel display device is fixed to the rear part of the housing with a fastening part (2) comprising a fastening hole at the rear surface and within a lateral boundary of the flat panel display device." Applicants note that this statement is incorrect for several reason. That is, IBM 9615 does not teach or suggest "the flat display panel . . . between the first frame and the second frame, the first frame including a fastening part behind the display area at a rear surface of the first frame . . . the first frame being fixed to the rear part of the housing with the fastening part at the rear surface of the first frame," as recited by at least independent claim 56 of the present application. The IBM 9516 is a front mounted display. That is, the flat panel display of the IBM 9516 is mounted by screws that go *through* the rear surface of the rear tray and attach to the front housing. So, nothing in the IBM 9516 teaches or suggests the first frame being fixed to the rear part of the housing. Applicants refer the Examiner to the cited figure on page 9 of the IBM 9516 reference. At best, the figure shows the screws (2) go through the back cover from the back to the front. There is no teaching or suggestion that there is any fixing at the first frame. And in fact, in the physical device, the fixing occurs at the front housing of the IBM 9516.

6

Yun fails to cure these deficiencies in the IBM 9516.  Therefore, Applicants submit that claim 56, and claims 57-59 and 66-67, which depend from claim 56, are allowable over the cited references.

Moreover, IBM 9615 does not teach or suggest "a fastener fixing the rear frame to the rear portion of the housing using the fastening hole associated with the rear surface of the rear frame, wherein the flat display panel and the backlight are disposed between the front and rear frames and wherein the fastener is behind the display area," as recited by at least independent claim 60 of the present application.  As discussed above with respect to claim 56, the flat panel display of the IBM 9516 is mounted by screws that go *through* the rear surface of the rear tray and attach to the front housing.  So, nothing in the IBM 9516 teaches or suggests a fastener fixing the rear frame to the rear portion of the housing using the fastening hole associated with the rear surface of the rear frame.  Applicants refer the Examiner to the cited figure on page 9 of the IBM 9516 reference. At best, the figure shows the screws (2) go through the back cover from the back to the front.  There is no teaching or suggestion that there is any fixing of the rear frame to the rear portion of the housing using the fastening hole associated with the rear surface of the rear frame.  And in fact, in the physical device, there is no such fixing of the rear frame to the rear portion of the housing of the IBM 9516.

Yun fails to cure these deficiencies in the IBM 9516.  Therefore, Applicants submit that claim 60, and claims 61-65 and 68-69, which depend from claim 60, are allowable over the cited references.

Applicants acknowledge the provisional obviousness double patenting rejection of claims 56-65 over the copending '933 application.  Applicants note that the claim amendments made herein and the claim amendments recently made in the '933 application render the provisional obviousness double patenting rejection moot.

Applicants believe the foregoing amendments place the application in condition for allowance and early, favorable action is respectfully solicited.

If for any reason the Examiner finds the application other than in condition for allowance, the Examiner is requested to call the undersigned attorney at (202) 496-7500 to

Application No.: 11/096,079                                    Docket No.: 8733.042.21
Amdt. dated June 19, 2006
Reply to Office Action dated December 19, 2006

discuss the steps necessary for placing the application in condition for allowance.    All
correspondence should continue to be sent to the below-listed address.

If these papers are not considered timely filed by the Patent and Trademark Office,
then a petition is hereby made under 37 C.F.R. §1.136, and any additional fees required under 37
C.F.R. §1.136 for any necessary extension of time, or any other fees required to complete the
filing of this response, may be charged to Deposit Account No. 50-0911. Please credit any
overpayment to deposit Account No. 50-0911. A duplicate copy of this sheet is enclosed.

Dated:  June 19, 2006                          Respectfully submitted,

                                               By
                                               Rebecca G. Rudich
                                                 Registration No.: 41,786
                                               McKENNA LONG & ALDRIDGE LLP
                                               1900 K Street, N.W.
                                               Washington, DC  20006
                                               (202) 496-7500
                                               Attorney for Applicant

                                  8

EXHIBIT D



**EXHIBIT "D"**

EXHIBIT E

**EXHIBIT "E"**

EXHIBIT F

LPL 00559



IBM-AUSTDUA - PC-HW-Support   30 Aug 1999

# Locations - Connecting the Interface Cables (9516 Axx/Bxx)

**Locations - Connecting the Interface Cables**
The following identifies the major parts of the IBM 9516-A03 Color LCD Display.

**Front View**



**Rear View**

LPL 05593

# EXHIBIT G

LPL00559

Locations - Connecting the Interface Cables (9516 Axx/Bxx)　　　　　　　　　　Page 2 of 3



R-Signal Input Connector

G-Signal Input Connector

B-Signal Input Connector

Horizontal Sync. Input Connector

Vertical Sync. Input Connector

Keyboard Connector

Mouse Connector

Keyboard/Mouse Y-Cable Connector

DC - IN. Connector

Height Adjustment Button

Setup Switch

### Connecting the Interface Cables

1. Turn off the PC or Workstation and all attached devices.
2. Remove the cover at the rear of the 9516 monitor.
3. Connect the video interface cables of the PC or Workstation to the monitor.
   Connect red, green, and blue *interface cables to the connectors* of the same color on the monitor.
   Also, if the cable has 5 BNCs, connect the H-sync and V-sync interface cable to the corresponding 9516 display connectors.

   See Video Cables for the part numbers and more information about the cables.

   A. Position the ends of the cables in front of the connectors.
   B. Plug in the cables to the connectors. Push and twist the ends of the cables until they are firmly locked to the connectors.

4. If you use standby mode and there is no power-saving function in the computer, you need to connect the optional keyboard/mouse Y-cable (P/N 82H8627), *the keyboard and the mouse to* the 9516 display.
   If you use DPMS function, you do not need to connect the optional keyboard/mouse Y-cable.

   NOTE: If the computer is a SUN or HP workstation, you cannot connect the optional keyboard/mouse Y-cable, because the power-saving function is not supported.

   A. Disconnect the keyboard from the PC or RS/6000, then connect it to the keyboard connector at the rear of the 9516 monitor.
   B. Disconnect the mouse from the PC or RS/6000, then connect it to the mouse connector at the rear of the 9516 monitor.
   C. Connect the keyboard/mouse Y-cable (optional) to the Y-cable connector at the rear of

LPL 06594

# EXHIBIT H

**EXHIBIT "H"**

# EXHIBIT I



**EXHIBIT "I"**

# EXHIBIT G

# Greenberg Traurig

Frank E. Merideth, Jr
Tel 310.586.7825
Fax 310.586.0275
MeridethF@gtlaw.com

March 30, 2007

## VIA EMAIL AND FIRST CLASS MAIL

Lora Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:    LG. Philips, LCD Co., Ltd v. Tatung Company

Dear Lora:

We have not heard back from you regarding if Ms. Rudich will agree to execute the draft declaration which was e-mailed to you on March 29, 2007. If we do not receive a substantive response from you by close of business on Tuesday April 3, 2007 we will have no choice but to bring the matter to the attention of the Special Master and seek his guidance.

Very truly yours,

Frank E. Merideth, Jr.

FEM:cdb
cc:    Rel Ambrozy (via email)
       Cass W. Christenson (via email)
       Richard Kirk (via email)
       Mark Krietzman (via email)
       Valerie Ho (via email)
       Steve Hassid (via email)
       Scott Miller (via email)
       James Heisman (via email)

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

www.gtlaw.com

Greenberg Traurig, LLP | Attorneys at Law | Los Angeles Office | 2450 Colorado Avenue | Suite 400E | Santa Monica, CA 90404
Tel 310.586.7700 | Fax 310.586.7800

126759707 v1 .07027201120b