# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

**WILMINGTON, DE**

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

James D. Heisman
Partner
TEL (302) 888-6216
EMAIL jheisman@cblh.com

August 3, 2007

*Via Email and Hand-Delivery*
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

RE: *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF
Status Report re LPL's Supplemental Production of Technical Discovery

Dear Special Master Poppiti:

Pursuant to Your Honor's direction, ViewSonic hereby supplements its July 27, 2007, status report regarding LPL's recent supplemental production of technical discovery.

As of August 2, 2007, LPL has produced approximately 3000 pages of technical information, including duplicate copies of various documents.[1] ViewSonic has been working diligently to review the documents (many of which are in Korean and require translation). This letter addresses deficiencies in LPL's supplemental discovery that ViewSonic has identified thus far, and related discovery issues which the parties have been unable to resolve.[2]

Assembly of LCD Modules:
Almost none of the produced documents show the assembly or manner of assembly of any of LPL's LCD modules. ViewSonic has advised LPL of the deficiency in two letters and in a telephone call. *See* Ex. 1, at 1; Ex. 5, at 1. LPL has objected to producing this information, but, while maintaining its objection, has indicated that it will produce service manual documents for nine of LPL's LCD modules which may show their assembly.[3] Further, ViewSonic understands that these documents will not be for any of LPL's prior art LCD modules. LPL argues that assembly information is not relevant to ViewSonic's case. ViewSonic disagrees. Information regarding LCD module assembly is relevant to invalidity, damages, and LPL's

---

[1] ViewSonic has so far received 453 pages of technical information from LPL on July 17, 2007 (LPL 18297-18749), 660 pages on July 18 (LPL 18750-19409), 1343 pages on July 23 (LPL 19410-20752), 245 pages on July 30 (LPL 20900 - LPL 21144) and 45 pages on August 1 that replace documents previously produced. ViewSonic received 55 pages of 1998-1999 sales summaries on July 20 (LPL 20753 - LPL 20807). ViewSonic received today 353 additional pages (LPL 21188 - LPL 21540).
[2] The correspondence between the parties regarding the deficiencies in LPL's technical discovery is attached as Exhibits 1-6.
[3] ViewSonic received certain Service Manuals just today and unfortunately has not been able to review these documents as of the time of this filing.



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
August 3, 2007
Page 2

inequitable conduct, and is called for by ViewSonic's discovery requests that were the subject of the June 29 hearing (*see, e.g.*, DI 696, at 1-2, addressing RFPs 84, 88, 90, 92, 94, 96 and 98). Moreover, LPL disingenuously ignores that it is seeking the same type of assembly information from Tatung. *See* Ex. 7.

Legibility of Documents:
ViewSonic has notified LPL of sweeping issues concerning the legibility and resolution of the documents LPL recently produced. *See* Ex. 1, at 1-2; Ex. 5, at 2-3. For LPL's convenience, ViewSonic has identified numerous drawings by Bates number that do not provide the minimum legibility and resolution necessary to discern all of the information that is material to the case, including embodiments of flat display panels, flat panel display devices, frames, mounting holes, fastening parts and elements including screws, and screw holes and/or other holes. *See* Ex. 1 at 1-2; Ex. 2, at 2-3. So far, LPL has managed to replace only about 45 pages of the illegible drawings with better quality copies. *See* Ex. 3. LPL has indicated during a conference call that if no replacement pages were provided for a document, it is because they are unable to provide a better quality. ViewSonic has asked LPL to confirm this is the case for the remaining illegible documents.

Lack of Information Regarding LPL's Prior Art Products:
LPL has produced very little technical information related to its LCD modules made or sold prior to October 23, 1998, the Korean filing date claimed by LPL to be the foreign priority date for the patents in suit. Moreover, many of the drawings produced by LPL corresponding to this time period are not legible. *See* Ex. 1, at 1-2. Consequently, ViewSonic has independently attempted to find LPL's prior art LCD modules in the marketplace. Unfortunately, because LPL's LCD modules are primarily sold to customers who then incorporate the modules into finished products such as TVs, monitors or laptop computers, it is difficult, burdensome, and very inefficient for ViewSonic to try to locate LPL's modules without first knowing to whom the modules were sold or the end products in which the modules were incorporated. LPL has not provided any information regarding its customers or the product brands and/or models into which its LCD modules were incorporated.

Samples of LCD Modules:
The large number of illegible drawings and the lack of information from LPL regarding its prior art products present unexpected deficiencies in LPL's production of technical information. As a result, ViewSonic has notified LPL that it seeks physical samples of the LCD modules to ascertain the necessary information that is missing from LPL's document production, such as, but not limited to, information regarding fastening parts or elements on the rear surface of the first frame or back light unit, and information regarding backlight, frame and module


**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
August 3, 2007
Page 3

assemblies. *See* Ex. 4, at 1; Ex. 5, at 1-2, 3-4. LPL has neither produced any samples of its modules nor offered any dates to inspect its modules.[4]

<u>Deposition of LPL</u>:
ViewSonic has advised LPL that at least one additional 30(b)(6) deposition of LPL will be needed to address various issues caused by LPL's deferred production of these highly relevant documents. *See* Ex. 1, at 3; Ex. 5, at 4. Some of the topics on which ViewSonic anticipates needing testimony include, without limitation, authentication of the documents recently produced, explanation of the information in the documents (including information that cannot be discerned due to legibility issues), invalidity of the patents in suit based on these documents, issues of LPL's inequitable conduct raised by these documents, LPL's offers for sale and sales of LCD modules prior to October 23, 1998, and the identity of products sold containing LPL's LCD modules, or LPL's customers, prior to October 23, 1998. The deposition can occur at the location directed by Your Honor, though ViewSonic proposed to LPL that the deposition be conducted in Los Angeles after all of LPL's supplemental technical information has been produced and analyzed by ViewSonic's expert consultant(s). LPL opposes ViewSonic's request for additional 30(b)(6) deposition discovery.

Counsel for ViewSonic looks forward to discussing the issues raised herein during the August 7 teleconference, or at any other time that is convenient to Your Honor.

Respectfully submitted,

James D. Heisman

cc: All Counsel of Record
556423/70104*4

---

[4] ViewSonic's RFP 128 seeks samples of LPL's LCD modules from 1998 forward. *See* DI 696, at 4 & Ex. 4 thereto, at 1-2.