# EXHIBIT 2

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

July 27, 2007

**VIA E-MAIL AND U.S. MAIL**

Manuel Nelson, Esq.
Connolly Bove Lodge & Hutz, LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071

Re: *LG.Philips LCD Co., Ltd. v. Tatung, et al.,*
**Civil Action No. 04-343 (JJF)**

Dear Manuel:

I write in response to your July 23, 2007 letter that was emailed to me on July 24, 2007, while I was away on vacation without email access. We have proposed a meet and confer today to discuss the issues that you raised and some concerns that we have with ViewSonic's recent document productions. We hope to resolve or narrow these issues with you at your earliest convenience.

Because we expect to discuss these issues with you in detail, I will not respond here to each of the points that you raised in your letter. Generally, however, please note the following:

1. LPL has produced exploded view drawings for certain modules that show the relative location of parts and thus address the assembly of those parts / products, but for many products we have determined that such drawings are not available;

2. We are investigating the alleged "legibility problem" and will discuss this with you by telephone. It would be helpful to better understand ViewSonic's specific concerns regarding the documents referenced in your letter. We look forward to speaking with you;

3. To the extent that certain documents are duplicative, ViewSonic can determine whether any differences exist between similar documents and can determine whether to use one or more sets of documents. Duplication of documents is possible, however, as we attempted to be inclusive in LPL's production, which may have resulted in some overlap;

4. We are still investigating Dr. Silzars' background and ViewSonic has not explained the reason for the delay in disclosing this expert;

Manuel Nelson, Esq.
July 27, 2007
Page 2

      5. We do not agree that it would be appropriate for ViewSonic to further depose LPL, especially given the already extensive and burdensome number of depositions of LPL in this case. Further, we dispute the extent of any inequitable conduct defense in this case, and ViewSonic still has not sought to assert such a defense. In addition, your proposal for depositions in Los Angeles is contrary to the parties' prior agreement regarding deposition location.

      In addition, we would like to discuss deficiencies in ViewSonic's recent document productions. For example, ViewSonic's production is extremely limited and appears to be missing some communications between ViewSonic and its OEM suppliers. In addition, the correspondence that ViewSonic produced is unsigned and presumably does not include the date of the correspondence. Please reproduce the actual copies of all communications as soon as possible as we intend to raise this with the Special Master if necessary on Tuesday's call. We also look forward to ViewSonic's production today of communications with Tatung entities.

      We look forward to discussing these issues with ViewSonic as soon as possible.

Sincerely,

Cass W. Christenson

cc:    Counsel of Record (via email)