# EXHIBIT 4

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

August 1, 2007

BY E-MAIL AND U.S. MAIL

Tracy R. Roman, Esq.
Raskin Peter Rubin & Simon, LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Re:   LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.
      U.S. District Court Case No. 04-343 JJF

Dear Tracy:

I write to follow up on our July 30, 2007 telephone call. During our call, we discussed the various issues that ViewSonic raised in its July 27, 2007 letter to Special Master Poppiti.

We resolved the issues concerning legibility of certain pages. As we agreed, yesterday we produced larger size copies to the extent that we were able to do so. As we discussed, however, we were not able to provide better copies of some documents.

We also discussed LPL's production of documents relevant to parts and assembly. We believe that LPL's production is appropriate and responds to ViewSonic's relevant document requests, consistent with discussions during recent teleconferences with the Special Master. Nonetheless, we agreed to investigate further concerning whether LPL has available service or repair manuals with the type of information that we discussed, corresponding to the LPL modules for which we have provided discovery. Based on our continuing efforts, we understand that LPL is able to produce nine (9) service manual documents that correspond to those top-selling modules. Reserving all of LPL's rights and objections, we will agree to produce those service manuals, in the spirit of cooperation and in order to resolve this issue. We will produce those documents as soon as we can, probably at the end of this week. So far, LPL has not been able to locate any additional service or repair manuals for LPL's top-selling modules. If we do find any such manuals, however, we will let you know promptly.

With respect to ViewSonic's reference to samples of LPL's modules in its July 27 letter to the Special Master, I explained that we understand ViewSonic to be seeking module samples for the time period before 1999 for the top ten module products that are the subject of discovery. I also inquired as to what specific information ViewSonic expects to discover from the modules that ViewSonic believes is not available from the documents we produced for those modules. You had suggested that you would respond yesterday to let us know what module samples are sought and what information they would show that is not provided in the documents already

Tracy R. Roman, Esq.
August 1, 2007
Page 2


produced, but you have not yet responded with this information. In any event, we have confirmed that LPL does not keep old modules, so this issue presumably is moot.

With respect to ViewSonic's reference to further depositions, I reaffirmed LPL's objection to any further depositions of LPL's witnesses. I also indicated, however, that we are willing to discuss with you ways to resolve issues without the need for further depositions of LPL. For example, we discussed our willingness to attempt to reach agreements concerning authenticity of documents, so as to avoid the need for testimony on those issues. You agreed that, after you review LPL's documents, including the replacement documents that we sent to you yesterday, you will let us know more specifically what issues ViewSonic seeks to address through deposition, so that we can discuss possible alternatives. We look forward to hearing from you.

Finally, we also discussed LPL's concerns regarding various documents that LPL is awaiting from ViewSonic, including documents from OEMs, documents concerning correspondence with Tatung, and documents related to specific ViewSonic products. With respect to ViewSonic's communications with Tatung, you agreed to let us know the status of that production, which was ordered by the Special Master. Yesterday, you sent an email to me stating that ViewSonic was unable to locate any responsive documents, but was continuing to search. Please confirm whether any responsive documents exist.

Regarding ViewSonic's recent production of documents from one OEM supplier, I explained that LPL objects to ViewSonic's limited production, including because ViewSonic did not undertake appropriate efforts to obtain or demand documents. I also requested actual signed and dated copies of letters from ViewSonic to OEMs regarding the documents, as we received only unsigned, undated documents. I also asked whether ViewSonic had any telephone discussions with the OEMs concerning this discovery. You agreed to let me know whether ViewSonic made any efforts to obtain documents by telephone. If so, please describe those efforts sufficiently so that we can assess the extent, nature, and timing of any discussions. You stated that all correspondence to and from the OEMs had been produced. You also stated that ViewSonic was unable to find the signed copies of correspondence sent to the OEM companies, but then yesterday you sent an email to me stating that you have now located signed copies and would produce them to us, with additional emails. You disputed LPL's position that ViewSonic's efforts were inadequate, and we agreed that this is a disputed issue.

We look forward to hearing from you and to speaking again before the August 7 teleconference with respect to the above issues to the extent that they remain open.

Very truly yours,

Cass W. Christenson

CWC:ea
cc:   All Counsel of Record