# THE BAYARD FIRM
### A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

FILED ELECTRONICALLY

WRITER'S DIRECT ACCESS
(302) 429-4208
rkirk@bayardfirm.com

August 8, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

Although LPL previously inspected the accused devices, and inspected certain of the asserted prior art devices, all those inspections were conducted in light of both LPL's proposed constructions and Defendants' proposed constructions of the disputed claim terms. Because of changed circumstances since the inspections occurred, LPL asks Your Honor to allow LPL and its expert to inspect only the accused monitors that LPL does not have in its possession, and inspect the asserted prior art devices.

All of LPL's inspections of Defendants' accused products occurred well before the May 30, 2007, claim construction hearing. Accordingly, when LPL conducted its inspection of the accused devices, it was doing so based on LPL's proposed constructions, and on Defendants' proposed constructions. When Your Honor issued the Special Master Opinion and Report on Claim Construction on June 15, 2007, however, it contained certain constructions that were different than any that the parties had proposed. For example, Your Honor construed the term rear mountable to require that the flat panel display device is "capable of being mounted to a housing solely from the back of the first frame." This construction was not contemplated by any of the parties.

Importantly, LPL is not asking for an inspection of every accused product in the possession of the Defendants. LPL has many of the accused devices in its possession already. LPL is simply asking to inspect the accused devices that LPL was unable to obtain either in the public domain, or from the Defendants. As Your Honor is aware, many of the accused devices in the Defendants' possession were one of a kind remnants that had gone out of circulation, and so the only products that remained were in the Defendants' possession - and Defendants refused to sell them to LPL. Thus, LPL is unable to otherwise inspect the products and further inspection is necessary in light of Your Honor's claim constructions. See *Fullone v. Goodyear Tire & Rubber Co.*, 107 F.R.D. 1, 1-2 (W.D.N.Y. 1985) (granting defendant's motion for production for private examination and testing although defendant had already inspected at office of plaintiff's attorney).

667001-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
August 8, 2007
Page 2

Similarly, in regard to the asserted prior art devices, LPL should be allowed to inspect those devices based both on Your Honor's claim constructions, and because both Defendants supplemented their invalidity contentions on July 16, 2007. Because the manufacturers of the asserted prior art devices constantly revise them, even if LPL were able to purchase a device with similar identifiers, there is no way to be absolutely sure that LPL is examining the exact same version as that asserted by Defendants. Thus, as with the accused devices, Defendants are the only party in possession of the asserted prior art devices, and inspection is proper. See *Fullone*, 107 F.R.D. at 1-2.

LPL attempted to resolve this issue without involving Your Honor by writing to Defendants on July 26, 2007, asking for the inspection of both the accused devices and the asserted prior art devices. (See Ex. A and Ex. B.) Notably, neither Defendant objects to an inspection of newly identified products. For example, Tatung stated: "We will agree to make any newly identified uninspected products in our possession available for inspection at our offices in Santa Monica in August. So long as we have a few days notice, you can pick the date. We have no objection to Mr. Bohannon being involved in making that inspection. However, <u>absent a compelling reason</u>, we are not going to provide products for re-inspection that have been inspected already by LG Philips representatives." (See Ex. C at ¶¶ 2 & 3 (emphasis added), and Ex. D at ¶ 2.)

As discussed above, the <u>compelling reasons</u> for allowing LPL to inspect the accused devices are at least the variation in the constructions handed down by Your Honor and the fact that Defendants possess the only available accused products. Similarly, the compelling reasons for allowing LPL to inspect the asserted prior art devices are at least the variation in the constructions handed down by Your Honor, Defendants' revised invalidity contentions incorporating these constructions, and because Defendants are the only parties in possession of the asserted prior art devices. Moreover, just as the opposing party in *Fullone* offered no "valid reason" why the requesting party should have been foreclosed from additional examination of the product in question, 107 F.R.D. at 1, Defendants in the instant situation similarly cannot provide any rationale for why LPL should be foreclosed from conducting the inspection of the accused devices and asserted prior art devices solely in the possession of the Defendants.

Thus, for all the reasons discussed above, LPL respectfully requests that Your Honor permit LPL and its expert to inspect these products at a mutually convenient time and location.

Respectfully submitted,

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

667001-1

**PLAINTIFF LG.PHILIPS LCD CO., LTD.'S CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.1.1 REGARDING MOTIONS TO COMPEL DISCOVERY FROM TATUNG**

I hereby certify that counsel for Plaintiff LG.Philips LCD Co., Ltd. ("LPL") attempted in good faith to resolve the issues presented in LPL's August 8, 2007 motion regarding re-inspection of defendants' products. Counsel for LPL attempted in good faith to resolve this matter with defendants' counsel, as set forth more fully in that motion. Specifically, LPL's counsel wrote to defendants on July 26, 2007 and counsel for defendants responded on July 30 and 31, 2007. This matter appears to be at an impasse.

August 8, 2007

THE BAYARD FIRM

/s/ Richard D. Kirk

Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:

Gaspare J. Bono
Rel S. Ambrozy
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

666986-1

# Exhibit A

| | **McKenna Long** | |
|---|---|---|
| Atlanta | **& Aldridge**LLP | San Diego |
| Denver | Attorneys at Law | San Francisco |
| Los Angeles | 1900 K Street, NW • Washington, DC 20006 | Washington, DC |
| Philadelphia | 202.496.7500 • Fax: 202.496.7756 | Brussels |
| | www.mckennalong.com | |

DEREK A. AUITO  
(202) 496-7102

EMAIL ADDRESS  
dauito@mckennalong.com

July 26, 2007

**VIA E-MAIL AND FEDERAL EXPRESS**

Scott R. Miller, Esq.  
Connolly Bove Lodge & Hutz LLP  
333 South Grand Avenue  
Suite 2300  
Los Angeles, CA 90071

Tracy Roman, Esquire  
1801 Century Park East 23rd Floor  
Los Angeles, CA 90067

Re:   *LG.Philips LCD Co., Ltd. v. Tatung, et al.*;  
      *Civil Action No. 04-343 (JJF)*

Dear Scott and Tracy:

We need to schedule a time and location for our attorneys and Mr. William Bohannon to inspect all of the products relied upon by ViewSonic for prior art purposes that are identified in the charts on pages 269-364 and pages 433-472 ("Supplemental Charts") of ViewSonic Corporation's Fourth Supplemental Responses to Interrogatory No. 8 Contained in Plaintiff's Second Set of Interrogatories, which are in your possession. It is our understanding that these products are the only products that ViewSonic will be relying on for its invalidity contentions, therefore, please provide us with dates and a location for our inspection. Like before, our inspection will consist of disassembling each product, photographing the internal and external structures, assembling the products, etc.

Also, Mr. Bohannon needs to inspect all products in ViewSonic's possession that he did not personally inspect but were inspected by attorneys from our firm. We will provide a list of these monitors to you shortly.

Please provide dates for this inspection and contact me if you have any questions.

Regards,

Derek A. Auito

cc:   Counsel of Record (via email)

DC:50491026.1

Exhibit B

| | | |
|---|---|---|
| Atlanta | **McKenna Long** | San Diego |
| Denver | **& Aldridge** LLP | San Francisco |
| Los Angeles | Attorneys at Law | Washington, DC |
| Philadelphia | 1900 K Street, NW • Washington, DC 20006<br>202.496.7500 • Fax: 202.496.7756<br>www.mckennalong.com | Brussels |

DEREK A. AUITO
(202) 496-7102

EMAIL ADDRESS
dauito@mckennalong.com

July 26, 2007

**VIA E-MAIL AND FEDERAL EXPRESS**

Frank E. Merideth, Jr., Esquire
Greenberg Traurig LLP
2450 Colorado Avenue
Suite 400E
Santa Monica, CA 90404

Re:   *LG.Philips LCD Co., Ltd. v. Tatung, et al.;*
      *Civil Action No. 04-343 (JJF)*

Dear Frank:

We need to schedule a time and location for our attorneys and Mr. William Bohannon to inspect all of the products relied upon by Tatung for prior art purposes in Exhibit A of Defendant Tatung Company's Fourth Set of Supplemental Responses to Plaintiff's Second Set of Interrogatories, served on July 16, 2007, that are in your possession. It is our understanding that these products are the only products that Tatung will be relying on for its invalidity contentions, therefore, please provide us with dates and a location for our inspection. Like before, our inspection will consist of disassembling each product, photographing the internal and external structures, assembling the products, etc.

Also, Mr. Bohannon needs to inspect all products in Tatung's possession that he did not personally inspect but were inspected by attorneys from our firm. We will provide a list of these monitors to you shortly.

Please provide dates for this inspection and contact me if you have any questions.

Regards,

Derek A. Auito

Enclosures

cc:   Counsel of Record (via email)

DC:50491022.1

Exhibit C

# Greenberg
# Traurig

Frank E. Merideth, Jr.
Tel. 310.586.7825
Fax 310.586.0275
MeridethF@gtlaw.com

July 31, 2007

**VIA EMAIL AND FIRST CLASS MAIL**

Derek Auito, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

      Re:    <u>LG. Philips, LCD Co., Ltd v. Tatung Company</u>

Dear Derek:

      This is in response to your July 26, 2007 letter regarding inspection of products by Mr. Bohannon.

      Your understanding that all of the products that will be relied on by the Tatung defendants as prior art are listed in Exhibit A to the Tatung Company Fourth Set of Supplemental Responses to Plaintiff's Second Set of Interrogatories is not correct. Shortly, we will be serving Supplemental Responses identifying additional prior art based on LG Philips infringement contentions and recent identification of LGE products in further supplemental responses. The defendants' position in this regard has been made clear in prior communications, including Ms. Ho's letter to Mr. Ambrozy, dated July 23, 2007.

      We will agree to make any newly identified uninspected products in our possession available for inspection at our offices in Santa Monica in August. So long as we have a few days advance notice, you can pick the date.

      We have no objection to Mr. Bohannon being involved in making that inspection. However, absent a compelling reason, we are not going to provide products for re-inspection that have been inspected already by LG Philips representatives.

Very truly yours,

Frank E. Merideth, Jr.

FEM:cdb
cc:    Counsel via email.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

www.gtlaw.com

Greenberg Traurig, LLP | Attorneys at Law | Los Angeles Office | 2450 Colorado Avenue | Suite 400E | Santa Monica, CA 90404
Tel 310.586.7700 | Fax 310.586.7800

Exhibit D



**RASKIN PETER RUBIN & SIMON LLP**   ATTORNEYS AT LAW

1801 Century Park East, Suite 2300 - Los Angeles, CA 90067-2325 - Ph (310) 277-0010 - Fax (310) 277-1980 - RaskinPeter.com

July 30, 2007

**VIA US MAIL & EMAIL**

Derek A. Auito, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
      USDC Case No. 04-343 JJF

Dear Derek:

This is in response to your letter dated July 26, 2007. Regarding the statement that it is your "understanding that these products are the only products that ViewSonic will be relying on for its invalidity contentions," ViewSonic makes no such concession. As has been repeatedly discussed during the recent discovery hearings, ViewSonic's ability to complete its invalidity contentions is, and continues to be, affected by LPL's infringement contentions. I direct your attention to Mr. Miller's letter to Mr. Ambrozy dated July 19, 2007 for further information in this regard.

To the extent ViewSonic has identified any products in its "Supplemental Charts" that have not previously been inspected, and those products are in ViewSonic's possession, we will make them available at Connolly Bove's office in Los Angeles in August and will work with you to select a date.

As for your request to re-inspect all products in ViewSonic's possession that Mr. Bohannon did not personally inspect, we are not in a position to agree to this requested second bite at the discovery apple. As you know, the previous inspections were undertaken at great expense and burden to ViewSonic. To my knowledge, LPL never objected to the dates or locations on which those inspections took place, nor do I recall any requests that the inspections take place at different dates or times to accommodate Mr. Bohannon's schedule.

Very truly yours,

Tracy R. Roman

cc: All Counsel (*via email*)

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 8, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand on August 8, 2007 to the above counsel and were sent by email and by U.S. Mail on August 8, 2007 to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue
Suite 2300
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

571447-1