RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA
COUNSEL

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

August 8, 2007

**VIA ELECTRONIC FILING AND HAND DELIVERY**
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

At the August 7, 2007 hearing during which Your Honor heard argument regarding the deposition of Rebecca Rudich, Your Honor asked the parties to brief whether a patentee's inequitable conduct in connection with a patent/patent application that is a continuation of the Patents-in-Suit renders the Patents-in-Suit unenforceable. Pursuant to Your Honor's request, the Tatung Defendants hereby submit this supplemental brief.

A.   **Related Patents May Be Found To Be Unenforceable Under An Unclean Hands Theory.**

In general, inequitable conduct in connection with one patent does not extend to another patent that was not acquired through culpable conduct. *See Pharmacia Corp. v. Par Pharmaceutical, Inc.*, 417 F.3d 1369, 1375 (Fed. Cir. 2005). However, a continuation patent may be unenforceable based on inequitable conduct during prosecution of the parent patent if the continuation patent claims similar subject matter that is related to the omitted prior art. *See AGFA Corp. v. Creo Products Inc.*, 451 F.3d 1366, 1379 (Fed. Cir. 2006). In addition, under an unclean hands theory, "a broad pattern of inequitable conduct" in connection with one patent may render an entire family of patents unenforceable where there is a relationship between the culpable conduct and the patents or a relationship between the culpable conduct and the relief sought. *See Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 809-10 (Fed. Cir. 1990). In other words, even if the taint of inequitable conduct generally flows from parent to child, and not from child to parent, a broad pattern of inequitable conduct in connection with the child can render even the parent unenforceable under an unclean hands theory.

If LPL was not sufficiently forthcoming with the Patent Office during prosecution of the '079 application, this may support an unclean hands defense. For example, the rear mountable LG LC056N1 module has not been disclosed by LPL in connection with the '079 prosecution. (*See* Exh. A.) However, at this time, the Tatung Defendants do not have sufficient information regarding LPL's conduct with respect to the '079 application without Ms. Rudich's deposition.

B.   **Regardless Of Whether LPL Engaged In Inequitable Conduct With Respect To The '079 Application, Ms. Rudich's Testimony Is Relevant To Infringement And Invalidity Of The Patents-In-Suit.**

The statements made by Ms. Rudich on behalf of LPL during prosecution of the '079 application are relevant to infringement and invalidity of the Patents-in-Suit. Notably, the '079 application shares the same

specification as the '641 Patent and claims similar subject matter. The Tatung products accused in this case are strikingly similar to the cited IBM 9516 prior art reference, which Ms. Rudich contends practices front mounting, which the Patents-in-Suit explain was known in the art. Ms. Rudich's statements support the Tatung Defendants' non-infringement positions and are entirely inconsistent with LPL's infringement contentions. Based on positions taken by LPL during prosecution of the '079 application, the products accused by LPL either do not infringe the Patents-in-Suit, or the Patents are invalid based on prior art references such as the IBM 9516. Accordingly, the '079 application and Ms. Rudich's testimony are relevant to non-infringement and invalidity of the Patents-in-Suit. Indeed, the Federal Circuit has found that a patentee's statements regarding one patent may be relevant to the understanding of a related patent. *See Microsoft Corp. v. Multi-Tech Systems, Inc.*, 357 F.3d 1340, 1349-50 (Fed. Cir. 2004) (stating that patentee's statement to the Patent Office during prosecution of one patent was a "representation of its own understanding of the invention disclosed in all three [related] patents.").

**C.    Ms. Rudich's Testimony Also Is Relevant To LPL's Inequitable Conduct Relating To The Patents-In-Suit.**

At the August 7 hearing, Ms. Brzezinsky represented that Ms. Rudich "does not have any relevant information at all" about the Patents-in-Suit and that Ms. Rudich only signed the March 12, 2002 Preliminary Amendments in connection with the '376 and '338 applications (which eventually issued as the Patents-in-Suit) for Song Jung, another McKenna attorney. (Tr. 43:12-13, 48:21-24, 51:11-16 at Exh. B) These statements appear to be contradicted by LPL's own privilege log, which includes no less than 66 references to written communications involving Ms. Rudich (formerly Ms. Goldman). (Exh. C at 14-16, 18, 20, 29-30, 32-33, 45-48, 58-59, 61, 63-64, 69-71, 73-75, 77, 80-81, 83, 90-92, 95, 97-98, 100-102.) Many of these communications are from the time frame during which the Patents-in-Suit were being prosecuted -- 1999 to 2002. Notably, there are communications involving Ms. Rudich in March 2002, when she signed the Preliminary Amendments. (Exh. C at 20, 29, 45.) Ms. Rudich's claim of lack of involvement also is belied by her own declaration submitted in this case, which states: "I currently participate in, direct, and supervise patent prosecution activity related to the Patents-in-Suit and involving flat panel display technology." (Exh. D at ¶ 3.) She further states: *"For the past several years, I have been the Senior Partner in charge of day to day activities for all of the patent prosecution work.* I have and continue to supervise the patent associates in our Intellectual Property Department who also prosecute patents involving flat panel display technology and who work on patent prosecution activity related to the Patents-in-Suit." (*Id.* at ¶ 4 (emphasis added).)

A crucial issue on the subject of inequitable conduct that requires deposition testimony is whether and when LPL or its counsel became aware of material prior art, including the Lucky Goldstar LC056N1 (a rear mountable flat panel display device with no front mounting elements, developed in 1996). Lucky Goldstar was the predecessor to LG Electronics, Inc., which contributed its LCD product division to LPL. Therefore, it is highly unlikely that LPL was unaware of this product during. Further, the drawing for the LC056N1 (with bates no. LPL 18925) attached to the Tatung Defendants' August 3 submission also bears a bates number from the *LG Philips LCD Co. v. NEC Corporation* litigation. There were two related cases filed against NEC in the District of Delaware, No. 1:99-cv-00680-RRM and 1:99-cv-00726-RRM. A review of the dockets in those two cases shows that all discovery in the cases occurred in 1999 and 2000. (Exhs. E and F.) It appears that the cases were settled in early 2001. Mr. Kirk was counsel of record for LPL in those cases. Thus, the drawing for the LG LC056N1 module must have been produced by LPL in the NEC litigation in 1999 or 2000, *when the Patents-in-Suit were being prosecuted.*

Because Ms. Rudich played a role in prosecuting the Patents-in-Suit (including signing documents submitted to the Patent Office) and is the "Senior Partner in charge of day to day activities for all of the patent prosecution work" at the McKenna firm, the Tatung Defendants are entitled to depose her regarding her knowledge of relevant prior art, the investigation she conducted regarding the existence of prior art, her custom and practice when prosecuting patents, and the McKenna firm's policies and procedures relating to patent prosecution. *See Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1379-83 (Fed. Cir. 2001); *Alcon Laboratories, Inc. v. Pharmacia Corp.*, 225 F.Supp.2d 340, 344 (S.D.N.Y. 2002). Ms. Rudich should be ordered to submit to a deposition because her testimony is relevant to non-infringement, invalidity and inequitable conduct relating to the Patents-in-Suit.

Respectfully,

*[signature]*

Anne Shea Gaza (#4390)

ASG/afg  
Enclosures  
cc:    Clerk of the Court (via Electronic Filing)  
        All Counsel of Record (via electronic mail)