# THE BAYARD FIRM

A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899

MERITAS LAW FIRMS WORLDWIDE

302-655-5000
(FAX) 302-658-6395

Richard D. Kirk

BY EMAIL AND BY HAND

302-429-4208
rkirk@bayardfirm.com

August 8, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

**Re:** *LG.Philips LCD Co., Ltd. v. ViewSonic,* **C.A. No. 04-343 JJF**

Dear Special Master Poppiti:

      In response to Your Honor's request, LG.Philips LCD Co., Ltd. ("LPL") has researched what impact, if any, there is to the Patents-in-Suit from inequitable conduct relating to a continuation application. The research firmly establishes that if any inequitable conduct occurred with respect to the '079 continuation application, such inequitable conduct would have no impact on the Patents-in-Suit. There is no immediate and necessary nexus between the '079 application and the Patents-in-Suit since the '079 application is not asserted in this litigation and is not the parent patent. Accordingly, compelling testimony from Rebecca Rudich relating to the '079 application is both irrelevant and unnecessary.

      In cases involving related patents, courts have recognized "infectious unenforceability" when a related patent bears an immediate and necessary connection to the alleged inequitable conduct. *See MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 362 F. Supp. 2d 526, 553-54 (D.N.J. 2005). "To prove infectious unenforceability, an accused infringer must establish: (1) that a patent is unenforceable due to inequitable conduct, and (2) that related patents bear an immediate and necessary relation to that alleged inequitable conduct." *Id.* citing *Arthrocare Corp. v. Smith & Nephew, Inc.*, 310 F. Supp. 2d 638, 675 (D. Del. 2004). To the extent that defendants assert the defense of inequitable conduct on the basis of patents which either are not expressly asserted in the litigation or are not parent patents, the defense fails for lack of an "immediate and necessary relation." *See Ronald A. Katz Tech. Licensing, L.P. v. Verizon Communs., Inc.*, 2002 WL 1565483, *3 (E.D. Pa. 2002). Similarly, there can be no immediate and necessary relation in this case because the '079 continuation application is (1) not expressly asserted in this litigation, and (2) is not a parent application.

      Indeed, the principle of "infectious unenforceability" has *never* been applied to a situation where inequitable conduct pertaining to the prosecution of a later, non-asserted continuation patent renders the parent patent unenforceable. Instead, cases relating to the infection of inequitable conduct to related patents involve misconduct with respect to an earlier patent that affects the prosecution of later, related patents. *See, e.g., Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1379 (Fed. Cir. 2006) (continuation patent unenforceable based on inequitable conduct found in the prosecution of the parent application); *Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 812 (Fed. Cir. 1990) ("Consolidated's concealment of the [best mode] from the '917 patent permeated the prosecution of the other patents-in-suit

652867-1

THE BAYARD FIRM

[which descended from the '917 patent] and renders them unenforceable."); *Fox Indus., Inc. v. Structural Preservation Sys.*, 922 F.2d 801, 804 (Fed. Cir. 1990) (stating that inequitable conduct "early in the prosecution may render unenforceable all claims which eventually issue from the same or a related application"). The relevant inquiry is whether the "inequitable conduct in prosecuting the [parent] patent had 'immediate and necessary relation' to the...enforcement of the [child] patents." *Consolidated Aluminum*, 910 F.2d at 810-11.

There is no legal authority for a claim of reverse infectious inequitable conduct. Rather, the Federal Circuit has explicitly found that any alleged inequitable conduct occurring in connection with a later patent cannot be the basis for charging inequitable conduct in connection with an earlier patent. See *SSIH Equip. S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 378-79 (Fed. Cir. 1983). In *SSIH*, the defendant maintained that other patents no longer being asserted by plaintiff were "'procured through inequitable conduct' and that such activity also taints the '762 patent [the patent-in-suit] and renders it wholly unenforceable." *Id.* at 378. Inequitable conduct was not specifically asserted against the '762 patent. *Id.* In rejecting the defendant's claim of infectious unenforceability as a matter of law, the court stated: "The acts which are alleged to have taken place all occurred after the '762 patent issued and do not deal with the invention claimed in the '762 patent." *Id*. at 378-79. Significantly, in this case, Tatung's allegations of inequitable conduct purportedly relate to a June 2006 office action response filed in the '079 continuation application, 3 ½ years after the Patents-in-Suit issued. That office action response relates to the disclosure by LPL of an IBM 9516 Reference and photos that LPL did not even have until ViewSonic cited that product in this litigation, which necessarily was after the Patents-in-Suit issued. *See also Matter of Certain Excimer Laser Sys.*, 2000 WL 126070 at 64 (U.S.I.T.C. 2000) (circumstances at issue do not meet the standard for "infectious conduct" because no "immediate and necessary" relationship between the inequitable conduct and the relief being sought in connection with the allegedly "infected" patent); *Pharmacia Corp. v. Par Pharmaceutical, Inc.*, 417 F.3d 1369, 1375 (Fed. Cir. 2005) (inequitable conduct did not extend to sibling patent as it had already issued before the inequitable conduct occurred).

Before even reaching the "immediate and necessary" relation test, however, the Court must first determine that inequitable conduct occurred with the '079 application. There can be no such inequitable conduct, however, where LPL fully disclosed the IBM product and produced both a reference document with diagrams and photos of the product. Further, Rebecca Rudich disclosed to the PTO during a subsequent interview that she did not have the actual product and was only relying on the document and photos. In any event, any attempt to depose Ms. Rudich by showing her either the IBM product or the LG product cited in Tatung's August 3, 2007 letter would be inappropriate and in the nature of expert testimony. The parties have expressly agreed that only expert witnesses can be asked about invalidity contentions. (March 13, 2007 Tr. at 33-38.) Because Ms. Rudich was not aware of either product at the time of prosecution of the Patents-in-Suit, her testimony is not relevant or necessary and will be nothing more than a fishing expedition. Tatung's citation to *Microsoft Corp. v. Multi-Tech Systems, Inc.*, 357 F.3d 1340 (Fed. Cir. 2004) in its August 1 letter to establish relevance is misplaced as that case involved an appeal of a claim construction ruling *not* involving testimony from a prosecuting attorney. That case looked at the prosecution history of a sibling patent that also was a patent-in-suit to construe a common term in the other patent-in-suit. Similarly, Tatung can rely on the prosecution history documents in the continuation application to assert its arguments and does not need the testimony of Rebecca Rudich. *See also* Fed.R.Civ.P.26(b)(2) (protective order should be granted where discovery sought is obtainable from another source, party seeking discovery has had ample opportunity to obtain the information in discovery, and burden or expense outweighs likely benefit).

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
August 8, 2007
Page 3

/s/ Richard D. Kirk (rk0922)

cc: all counsel shown on attached certificate

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that copies of the foregoing document were served as follows:

BY EMAIL ON AUGUST 8, 2007 AND BY HAND ON AUGUST 9, 2007:

| | |
|---|---|
| Jeffrey B Bove, Esq. | Frederick L. Cottrell, III, Esq. |
| Jaclyn M. Mason, Esq. | Anne Shea Gaza, Esq. |
| Connolly Bove Lodge & Hutz LLP | Richards, Layton & Finger |
| 1007 North Orange Street | One Rodney Square |
| P.O. Box 2207 | P.O. Box 551 |
| Wilmington, Delaware 19899-2207 | Wilmington, DE 19899 |

BY EMAIL ON AUGUST 8, 2007 AND BY U.S. MAIL ON AUGUST 9, 2007:

| | |
|---|---|
| Scott R. Miller, Esq. | Valerie Ho, Esq. |
| Connolly Bove Lodge & Hutz LLP | Mark H. Krietzman, Esq. |
| 355 South Grand Avenue | Frank C. Merideth, Jr., Esq. |
| Suite 3150 | Greenberg Traurig LLP |
| Los Angeles, CA 90071 | 2450 Colorado Avenue, Suite 400E |
| | Santa Monica, CA 90404 |

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

652867-1