# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA
COUNSEL

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

August 10, 2007

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

LPL would not have had to file its motion to compel a second inspection of products had it bothered to complete the meet and confer process. Upon receiving Frank Merideth's July 31, 2007 letter, which suggested that the Tatung Defendants would consider permitting a second inspection if LPL provided a "compelling reason," LPL failed to respond but instead filed this motion prematurely, thus violating the meet and confer requirement and wasting the parties' and Your Honor's time. Had LPL explained that even though its attorneys and/or purported expert, William Bohannon, inspected, disassembled and photographed the products, those inspections were not sufficiently thorough and were not done in view of Defendants' proposed constructions, the Tatung Defendants would have at least considered whether those reasons were sufficiently compelling to justify a second inspection (notwithstanding the fact that LPL refused to permit the Tatung Defendants to inspect any of the samples in LPL's possession). LPL provided no explanation and simply filed this motion.

In any event, the Tatung Defendants are willing to make the following products available for inspection in an effort to cooperate:

1. Previously inspected products that remain accused by LPL if the Special Master's claim constructions are adopted by the Court. (In its most recent interrogatory responses, LPL identified a list of products that are accused if the Special Master's construction of "rear mountable" is overruled and a narrowed list of accused products if the Special Master's construction of "rear mountable" is adopted.)

2. Previously un-inspected products that have become available to the Tatung Defendants and remain accused by LPL if the Special Master's claim constructions are adopted. Indeed, on August 8, 2007, the Tatung Defendants sent LPL a letter offering to make certain recently obtained products available for inspection. (*See* Exh. A.)

3.     Prior art products, whether previously inspected or not, to the extent that their inspection will not interfere with the Tatung Defendants' expert's work relating to the invalidity expert report.

The Tatung Defendants are willing to make the above products available for inspection at Greenberg Traurig's Santa Monica office, at a mutually agreed upon time, so long as the prior inspection rules apply. For example, the parties previously agreed that LPL will not disassemble the LCD or PDP modules because once the frame or frames are removed, the modules no longer will be held together and it will be difficult, if not impossible, to re-assemble them.

Because LPL's proposed re-inspection of products will create additional burdens for the Tatung Defendants (for example, arrangements will have to be made to accommodate LPL's counsel and expert, and someone will have to supervise the inspection to ensure the products are re-assembled correctly), LPL's inspection should be limited to two days.

Respectfully,

*Anne Shea Gaza*

Anne Shea Gaza (#4093)

ASG/afg
Enclosure
cc:     Clerk of the Court (By Electronic Filing)
        All Counsel of Record (via electronic mail)

RLF1-3188304-1