# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS
(302) 429-4208
rkirk@bayardfirm.com

FILED ELECTRONICALLY

August 13, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

   Re: *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

  LG.Philips LCD Co., Ltd. ("LPL") opposes Defendants' request for additional deposition testimony that is unnecessary, burdensome, and primarily related to old issues and documents rather than new issues and documents produced by LPL. See Ex. A (proposed Rule 30(b)(6) deposition topics). Defendants already have taken an extraordinary amount of deposition discovery from LPL in this case. *See* Ex. B (ViewSonic's prior deposition notices); Ex. C. (Tatung's prior deposition notices); Ex. D (summary of prior depositions of LPL). The Federal Rules of Civil Procedure ordinarily prohibit taking more than one deposition of a witness. *See* Fed. R. Civ. P. 30(a)(2)(B) (party must obtain leave of court when seeking to re-depose a witness). Defendants have taken multiple day depositions of both LPL inventors, have taken four Rule 30(b)(6) depositions of LPL, and have deposed another LPL witness, for more than 1,350 pages of testimony from LPL. *See* Ex. D. Defendants cannot justify their request to re-depose LPL for twenty-one more hours, especially since the proposed broad topics already were or could have been covered in previous depositions. *See* Ex. E (showing how proposed topics overlap with, and in many cases are identical to, prior deposition topics).

  <u>Defendants' Request To Re-Depose LPL On Previous Topics Is Improper</u>

  Discovery may be limited if a party seeks duplicative or cumulative information, had ample opportunity to obtain the discovery, or if the burden outweighs the benefit. *Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 162 (D. Del. 2001) (citing Fed. R. Civ. P. 26(b)(2)). This Court properly has denied attempts to take cumulative depositions. *See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. C.A. 04-1371 JJF, 2006 WL 2604540, *3 (D. Del. Aug. 24, 2006) (quashing subpoena that sought information that was the subject of prior discovery); *Novartis Pharms. Corp.*, 203 F.R.D. at 163 (denying request for individual deposition of witness previously deposed in an official capacity, finding that second deposition "would be cumulative" to prior testimony). Defendants must show substantial need for another deposition, including the specific issues to be addressed and how those issues will relate to evidence that is new and relevant. *See Lakewood Eng'g & Mfg Co. v. Lasko Prods.,*

667240-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
August 13, 2007
Page 2

*Inc.*, No. 01 C 7867, 2003 WL 1220254, *8 (N.D. Ill. Mar. 14, 2003). "The Court will not allow [defendant] to re-open discovery on issues that it should have explored earlier under the guise of seeking discovery on the new issues." *Id.*

ViewSonic purportedly seeks a deposition "*relating to the recent document production.*"[1] Ex. F at 4 (emphasis added). The proposed deposition topics, however, are much broader. On August 8 and 9, LPL received Defendants' proposed deposition topics. *See* Ex. A. Defendants' proposed topics are overly broad and not limited to LPL's recent document production or related issues.[2] Defendants seek twenty-one (21) hours of testimony concerning seventy (70) topics and sub-topics (numbered as Topics 1 through 9).[3] *See* Ex. A. As LPL explained during a meet and confer on the topics, the excessive scope of the topics unfairly seeks to re-depose LPL on old issues and does not fairly specify what specific information Defendants seek or for which LPL products. Defendants' topics cover one hundred or more products reflected in LPL's documents and all components within those products. Also, Defendants have confirmed that they do not intend to limit the scope of the deposition to LPL's recently produced documents or products that Defendants deem relevant to validity. Defendants seek, for example, testimony regarding all of LPL's pre-1999 products *and* all of LPL's top selling products since 1999, including everything about the origin of the products, components in the products, customer relationships, meetings, advertising, and a laundry list of other issues. *See* Ex. A at Topics 1-4. Defendants argued that their depositions should not cover all of their products, as doing so would be unduly burdensome, but they now seek such testimony from LPL. *See* Ex. G, 3/13/07 Tr. at 62-65.

The Proposed Deposition Topics Are Cumulative, Overly Broad, and Burdensome

Topics 1 and 2 call for minutia that is far too expansive to be relevant and could not be known or addressed by LPL in such detail, including, for example, "all methods and structures relating to" each product, "structure, assembly, operation, and functionality" of each product and "each component" of each product; "research, design, development and/or engineering" of any product and "each component", etc. *See* Topics 1(c)-(e) & 2(c)-(e). This is not reasonably defined or limited, but is instead overly broad and harassing.

---

[1] In ViewSonic's August 3, 2007 submission, ViewSonic stated more specifically that it seeks testimony from LPL regarding the authenticity of LPL's recently produced documents, information in the documents, invalidity, inequitable conduct, and LPL's pre-1999 products. *See* D.I. 747, ViewSonic's 8/3/07 submission at 3. During the August 7 hearing, Tatung stated for the first time that Tatung seeks a supplemental deposition on two topics, Topics 8 and 23 in Tatung's prior deposition notice. *See* 8/7/07 Tr. at 27. Topic 8 relates to patent prosecution and Topic 23 relates to LPL's products and corresponding documents. *See* Ex. C.

[2] Topic 9 is directed to LPL's supplemental document production. Topic 9, however, is overbroad and does not specify the type of information sought and for which LPL products. Topic 9 refers, for example, to the "contents" of LPL's documents and the "preparation" of LPL's documents. LPL cannot speak to every aspect of every document.

[3] Defendants have stated that, if translation is required, and depending on the scope of the topics permitted for the deposition, Defendants intend to depose LPL for an additional twenty-one (21) hours. That would result in nearly one hundred hours of deposition from LPL, far beyond what the rules allow. Twenty one additional hours -- three days of deposition -- is excessive and based on the improper inclusion of 70 proposed issues, topics, and sub-topics.

667240-1

THE BAYARD FIRM

Topics 3 and 4 likewise are unreasonable. Topics 3 and 4 address mounting or incorporation of LPL's products into finished visual display products. LPL, however, does not make finished display products. Defendants also seek to explore LPL's customer relationships concerning all products. *See* Topics 3(e) & 4(e) (referencing LPL's "meetings, communications, agreements, and contractual and business relationships, that relate to the importation, manufacture, distribution, promotion, marketing, advertising, purchases, or sales in the United States . . . ."). The breadth of these topics far exceeds the reasonable scope of Rule 30(b)(6) discovery. Defendants previously objected strenuously to discovery into their customer and business relationships. In response, Your Honor required that LPL identify accused products as a precursor to certain discovery. *See* Ex. H, 3/30/07 Report & Recommendation at 9 (reasoning that as to non-accused products "such non-technical and often proprietary and confidential business information is not relevant pursuant to the plain language of Fed. R. Civ. P. 26(b)(1)."). Defendants should not now be permitted unfettered access to LPL's business and customer information concerning all of LPL's products, regardless of whether such products are relevant or could correspond to rearmounted display products or asserted prior art.

Topic 5 relates to damages and has nothing to do with LPL's recent document production. Indeed, Topic 5 is the same as Topic 13 in Defendants' previous deposition notice to LPL. *See* Ex. B. Like other proposed topics, Topic 5 is simply cut and pasted from the prior deposition notice and LPL produced a high-ranking executive from Korea for two days of deposition on those topics. Defendants improperly seek to redepose LPL under the guise of supplemental discovery.[4] Further, LPL's damages will be addressed by LPL's damages expert.

Topic 6 refers very generally to "commercial success." Defendants already deposed LPL concerning commercial success. Indeed, Defendants' Topic 22(b) in the prior deposition notices specifically addresses this issue. *See* Exs. B, C. LPL should not be re-deposed on this topic.

Topic 7 is likewise improper, again seeking to address the same issues previously noticed for LPL's deposition. *See* Exs. B & C at Topic 19. Topic 7 refers generically to all of LPL's document retention policies and procedures. Defendants previously deposed LPL on this same subject. Further, Tatung added two proposed subtopics that seek discovery on the document production history of a completely *separate* dispute involving NEC and LPL that was settled years ago. Tatung wants to depose LPL on the document production in that case, including the attorneys and employees involved, delving into irrelevant issues. *See* Ex. A, Topics 7(h)-(i). LPL's document productions in prior cases are not relevant and not the proper subject of deposition here. Further, Topic 7 appears to intrude on privileged matter or protected work product. *See Equal Employment Opportunity Comm'n v. Boeing Co.*, No. CV 05-03034-PHX-FJM, 2007 WL 1146446, **2-3 (D. Ariz. Apr. 18, 2007) (denying motion to compel Rule 30(b)(6) testimony concerning party's efforts to locate documents requested by opposing party).

Topic 8 is yet another topic covered in LPL's previous depositions. *See* Ex. B at Topic 8. Topic 8 addresses the entire patent prosecution history and process associated with the "Asserted

---

[4] During the parties' meet and confer, Defendants suggested that Topic 5 relates to commercial success. As LPL pointed out, however, proposed Topic 6 addresses commercial success and new Topic 5 is identical to old Topic 13.

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
August 13, 2007
Page 4

Patents and/or any Counterpart thereof." Defendants already have taken testimony from both inventors and from LPL concerning patent prosecution. *See* Ex. E at 11-14. There is no basis for Defendants to reopen LPL's deposition on this entire topic. Doing so would be burdensome, particularly since this topic refers to all communications between any patent office and "any other person, attorney or agent" for LPL "concerning in any way any of the Asserted Patents and/or any Counterpart thereof, including but not limited to all documents or information presented to the Examiner of the applications that issued as the Asserted Patents and/or any Counterpart thereof and all notes or reports, relating to, reflecting or evidencing any interview and/or communication with any Examiner." Ex. A, Topic 8(b). LPL could not possibly know this information, much of which is in the possession of LPL's patent attorneys, and this topic is an improper fishing expedition.

Instead of a limited *supplemental* deposition focused on new documents and corresponding issues, Defendants want to revisit broad areas which were already the subject of extensive deposition testimony. Defendants have deposed LPL on the issues reflected in the proposed deposition topics. *See* Ex. E. Any further deposition of LPL would impose significant burden and expense associated with preparing for and attending such a deposition. Defendants have not justified that burden and should not be permitted to re-depose LPL. LPL respectfully requests that Your Honor not require further deposition testimony from LPL, or, alternatively, limit any further deposition to one day and to discrete issues. In particular, LPL submits that:

1. LPL should not be re-deposed on topics, issues, and documents covered in Defendants' prior deposition notices and depositions of LPL (for example, damages issues);

2. LPL should not be deposed concerning all products, but rather only regarding products identified as relevant (presumably to prior art or invalidity);

3. LPL should not be deposed as to its positions and contentions regarding validity, infringement, and enforceability, by prior agreement (Ex. G, 3/13/07 Tr. at 25-27, 37-38);

4. LPL should not be re-deposed concerning its customer and business relationships;

5. LPL should not be re-deposed concerning prior document production issues; and

6. LPL should not be deposed concerning other cases, including the NEC cases.

Respectfully submitted,

/s/ Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

667240-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 13, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand on August 13, 2007 to the above counsel and were sent by email and by U.S. Mail on August 13, 2007 to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue
Suite 2300
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

571447-1