# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION,

Defendants.

CIVIL ACTION NO. 04-343

## AMENDED NOTICE OF DEPOSITION LG.PHILIPS LCD CO., LTD. PURSUANT TO RULE 30(b)(6) TOPICS 1-6

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), Defendant ViewSonic Corporation will take the deposition of LG.Philips LCD Co., Ltd. ("LPL") beginning on March 5, 2007 at 10:00 a.m. at the offices of Connolly Bove Lodge & Hutz LLP located at 1007 North Orange Street, Wilmington, Delaware 19899, or at such other time and/or place as counsel for all parties may agree in writing. The deposition will be conducted upon oral examination before a certified court reporter, notary public, or other person authorized by law to administer oaths. The deposition will continue from day to day until completed. The deposition will be recorded by videotape and stenographically, and may use technology that permits the real time display of the deposition transcript. Parties wishing to see the real time display must supply their own computer.

Pursuant to FRCvP 30(b)(6), LPL shall designate one or more officers, directors, agents or other representatives who consent to testify on its behalf, to testify as to matters known or reasonably available to LPL regarding the topics listed in the attached list of topics. To the

10417.1

extent more than one deponent is identified, LPL shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

CONNOLLY BOVE LODGE & HUTZ LLP

Dated:  January 30, 2007

By:  */s/ Jaclyn M. Mason*
    Jeffrey B. Bove, Esq. (#998)
    Jaclyn M. Mason, Esq. (#4737)
    The Nemours Building, 8th Floor
    1007 North Orange Street
    Wilmington, DE  19801
    Telephone:  (302) 658-9141
    Facsimile:  (302) 658-5614

    Scott R. Miller, Esq.
    355 South Grand Avenue, Suite 3150
    Los Angeles, CA  90071
    Telephone:  (213) 787-2500
    Facsimile:  (213) 687-0498

*Attorneys for ViewSonic Corporation*

# EXHIBIT A
## DEPOSITION SUBJECT MATTERS

## I.     Definitions

1.     "ViewSonic" means Defendant ViewSonic Corporation and includes any and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

2.     "LPL" means Plaintiff LG. Philips LCD Co., Ltd. and includes any and all of its predecessors and successors-in-interest in its business, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

3.     "You," "Yours," and "Your" means LPL.

4.     The "'718 patent" shall mean and refer to United States Patent No. 6,498,718.

5.     The "'641 patent" shall mean and refer to United States Patent No. 6,501,641.

6.     The term "Asserted Patents" shall mean and refer to the '718 Patent and the '641 Patent, or any of them.

7.     The term "Counterpart," when used in reference to any patent, means any parent, continuation, continuation in part, divisional or other application or patent, pending, issued or abandoned, that claims priority, directly or indirectly, on or though any of the Asserted Patents or any patent through which any of the Asserted Patents claim priority, whether it be pending, issued or abandoned.

8.    The singular of a term includes the plural form and vice versa, except as the context may otherwise require; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "any" means "any and all;" the word "including" means "including without limitation."

9.    The term "document" is used in its customarily broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Evidence 1001 and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed or produced by any other mechanical, digital, or electronic process, including electronic mail, computer tapes, disks, ROM, CD-ROM, DVD, videotape or any other data storage media (whether or not in machine-readable form), whether or not asserted to be privileged or immune from discovery and whether master or original copy:  agreements; communications (including intra-company communications and communications between individual corporate respondents); correspondence; cablegrams, radiograms, telegrams, telexes, and telecopier; notes and memoranda, summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; diagrams and drawings; blueprints and other engineering drawings; foils; slides; negatives; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press, publicity, trade and product releases; drafts of, or original,

preliminary notes or marginal notations appearing on any document; other reports and records; computer tapes or cards, electronic mail and any other information-containing paper or medium. A draft or non-identical copy is a separate document within the meaning of this term.

10. "Things" means any tangible item, including, without limitation, models, prototypes and samples of any device or apparatus.

11. "Relate to" shall mean anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

12. "Patent Holder" shall mean any inventor, licensee and all assignees of the rights of any invention in any of the Asserted Patents and/or any Counterpart thereof.

13. "Communication" shall mean any transfer of information, ideas, opinions, or thoughts by any means, written, oral, electronic, or otherwise, at any time or place under any circumstances.

14. The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall also include all of the events set forth in each and every subdivision of 35 U.S.C. § 102, including, without limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

15. "Flat Panel Display Products" shall mean any product that uses, contains, or incorporates one or more LCDs, PDPs or FEDs, and includes by way of example flat screen computer monitors, lap top screens and flat screen televisions.

16. The term "LCD" shall mean any display which uses liquid crystals to form or create an image (regardless of the technology, *e.g.* active vs. passive matrix; MVA; IPS; TN, etc.). The terms "PDP" and "FED" shall be interpreted as

the terms PDP and FED are used in the specifications of the Asserted Patents and/or any Counterpart thereof.

17.    "LPL Product" shall mean any product marketed, sold, distributed and/or offered for sale which includes an LCD, PDP and/or FED and includes, without limitation, products referred to by LPL in its press release dated July 11, 2006 entitled "LG Philips LCD Reports Second Quarter Results" and/or the LPL press release dated July 25, 2006 entitled "LG Philips Wins Side-Mounting Patent Arbitration" and/or the depiction attached as Exhibit 1 hereto, each of which are or were posted on the LPL website and including any sample, prototype or developmental version of any of the foregoing.

18.    "Mounting Technology" shall mean the structures, devices and/or methods used to affix, assemble or secure an LCD, PDP, FED and/or an LPL Product within, on or to another structure including, without limitation, a Flat Panel Display Product.

19.    "Accused Products" shall mean any product, including without limitation, all products sold, offered for sale, imported, used, or made, by or on behalf of, any defendant which LPL asserts infringes or may infringe any of the Asserted Patents or any Counterpart thereof and also including those products identified by LPL in response to ViewSonic's Interrogatory Nos. 1, 3 and 4.

20.    The terms "concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

21.    Regardless of the tense employed, all verbs shall be read as applying to past, present and future as is necessary to make the phrase more, rather than less inclusive.

## TOPICS FOR EXAMINATION

### Topic No. 1

a.    All methods and structures relating to an LCD, PDP, FED, LPL Product and/or a Flat Panel Display Product disclosed in the specifications of the Asserted Patents or any Counterpart thereof, and all prior art described therein;

b.    LPL's awareness, knowledge, and date and manner of acquisition of each Accused Product of any defendant including those products identified in response to ViewSonic's Interrogatory Nos. 1, 3 and 4;

c.    The structure of, and any methods or steps used to assemble, each of the ViewSonic products identified in response to any of ViewSonic's interrogatory nos. 1, 3 or 4;

d.    Any use of any inventions(s) disclosed in the Asserted Patents or any Counterpart thereof by LPL or any licensee of LPL;

e.    Any marking of any product by LPL or any licensees of any invention(s) disclosed in the specifications of the Asserted Patents or any Counterpart thereof and/or any patent relating to Mounting Technology; and

f.    The state of knowledge of the inventors and/or a person of ordinary skill in the art (i) on or about October 23, 1998, and/or (ii) at the time of conception and/or invention of each invention disclosed in the Accused Patents or any Counterpart thereof, in each case relating to LCDs, PDPs, FEDs, LPL Products, Flat Panel Display Products and/or Mounting Technology including, without limitation, those structures and/or methods disclosed in any of the Asserted Patents and/or any Counterpart thereof.

### Topic No. 2

a.    The conception of each invention described or disclosed in the Asserted Patents and/or any Counterpart thereof;

b.     Any corroboration of the conception of each invention described or disclosed in any of the Asserted Patents and/or any Counterpart thereof;

c.     The reduction to practice of each invention described or disclosed in the Asserted Patents and/or any Counterpart thereof;

d.     Any corroboration of the reduction to practice of each invention described or disclosed in the Asserted Patents and/or any Counterpart thereof;

e.     The date of invention of each invention disclosed in the Accused Patents or any Counterpart thereof;

f.     Any diligent behavior relating to each invention described or disclosed in the Asserted Patents and/or any Counterpart thereof between the date of conception and the date of reduction to practice and/or the effective filing date(s) of any US patent application disclosing each such invention, including but not limited to the design, development, testing, implementation, manufacture, and production of any component and/or product, and/or the simulation of the operation of any such component or product;

g.     Any corroboration of the diligence between the date of conception, the date of reduction to practice for each invention and/or the effective filing date(s) of any US patent application disclosing each such invention described or disclosed in the Asserted Patents and/or any Counterpart thereof;

h.     All written descriptions of each invention described or disclosed in the Asserted Patents and/or any Counterpart thereof; and

i.     The actions and contributions of each inventor to each invention described or disclosed in the Asserted Patents and/or any Counterparts thereof.

**Topic No. 3**

The efforts You took to gather and search for information and documents responsive to each of the Interrogatories and Document Requests of each of the

defendants, including the locations for responsive information and documents, the persons interviewed regarding the responsiveness of such information and documents, and the manner in which You searched for electronic information, documents or records including LPL's search of its electronic databases in responding to defendant's discovery requests.

### Topic No. 4

The statements contained in document nos. LPL 01557-1589.

### Topic No. 5

a.    The factual basis for the statements recited at col. 2, lines 41-58 of the '641 patent; and

b.    The statements contained in the Amendment filed on or about January 17, 2001 in the prosecution of the application that led to the '641 patent; including the factual information on which such statements were based.

### Topic No. 6

Documents relating to each topic in this notice; the present and/or last known custody and location of all documents relating to each topic in this notice; the destruction of any such documents; and the facts and circumstances surrounding said destruction.



EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2007, a true copy of the foregoing

**Amended Notice of Deposition of LG.Philips LCD Co., Ltd. Pursuant to Rule 30(b)(6)**

**Topics 1-6** was electronically filed with the Clerk of the Court using CM/ECF which will send

notification of such filing to the following and the document is available for viewing and

downloading from CM/ECF:

Richard D. Kirk                            Anne Shea Gaza
The Bayard Firm                         Frederick L. Cottrell III
222 Delaware Avenue, Suite 900   Richards, Layton & Finger, P.Á.
Wilmington, DE 19801               One Rodney Square
                                              Wilmington, DE 19801

I hereby certify that on the 30th day of January, 2007, I have sent by email the foregoing

document to the following non-registered participants:

Cass W. Christenson                    Mark H. Krietzman
Lora A. Brzezynski                      Valerie W. Ho
Rel S. Ambrozy                          Frank E. Merideth, Jr.
McKenna Long & Aldridge LLP     Steve P. Hassid
1900 K Street, NW                      Greenberg Traurig, LLP
Washington, DC 20006                2450 Colorado Avenue, Suite 400E
                                              Santa Monica, CA 90404

Tracy R. Roman
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067-2325

By: _/s/ Jaclyn M. Mason_____
Jaclyn M. Mason (#4737)
jmason@cblh.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION

Defendants.

CIVIL ACTION NO. 04-343

## AMENDED NOTICE OF DEPOSITION OF LG.PHILIPS LCD CO., LTD. PURSUANT TO RULE 30(b)(6) TOPICS 7-12

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), Defendant ViewSonic Corporation will take the deposition of LG.Philips LCD Co., Ltd. ("LPL") beginning on March 6, 2007 at 10:00 a.m. at the offices of Connolly Bove Lodge & Hutz LLP located at 1007 North Orange Street, Wilmington, Delaware 19899, or at such other time and/or place as counsel for all parties may agree. The deposition will be conducted upon oral examination before a certified court reporter, notary public, or other person authorized by law to administer oaths. The deposition will continue from day to day until completed. The deposition will be recorded by videotape and stenographically, and may use technology that permits the real time display of the deposition transcript. Parties wishing to see the real time display must supply their own computer.

Pursuant to FRCvP 30(b)(6), LPL shall designate one or more officers, directors, agents or other representatives who consent to testify on its behalf, to testify as to matters known or reasonably available to LPL regarding the topics listed in the attached list of topics. To the

extent more than one deponent is identified, LPL shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

CONNOLLY BOVE LODGE & HUTZ LLP

Dated:  January 30, 2007

By: */s/ Jaclyn M. Mason*
Jeffrey B. Bove, Esq. (#998)
Jaclyn M. Mason, Esq. (#4737)
The Nemours Building, 8th Floor
1007 North Orange Street
Wilmington, DE  19801
Telephone:  (302) 658-9141
Facsimile:  (302) 658-5614

Scott R. Miller, Esq.
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071
Telephone:  (213) 787-2500
Facsimile:  (213) 687-0498

*Attorneys for ViewSonic Corporation*

# EXHIBIT A
## DEPOSITION SUBJECT MATTERS

## I.    Definitions

1.    "ViewSonic" means Defendant ViewSonic Corporation and includes any and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

2.    "LPL" means Plaintiff LG. Philips LCD Co., Ltd. and includes any and all of its predecessors and successors-in-interest in its business, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

3.    "You," "Yours," and "Your" means LPL.

4.    The "'718 patent" shall mean and refer to United States Patent No. 6,498,718.

5.    The "'641 patent" shall mean and refer to United States Patent No. 6,501,641.

6.    The term "Asserted Patents" shall mean and refer to the '718 Patent and the '641 Patent, or any of them.

7.    The term "Counterpart," when used in reference to any patent, means any parent, continuation, continuation in part, divisional or other application or patent, pending, issued or abandoned, that claims priority, directly or indirectly, on or though any of the Asserted Patents or any patent through which any of the Asserted Patents claim priority, whether it be pending, issued or abandoned.

8.     The singular of a term includes the plural form and vice versa, except as the context may otherwise require; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "any" means "any and all;" the word "including" means "including without limitation."

9.     The term "document" is used in its customarily broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Evidence 1001 and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed or produced by any other mechanical, digital, or electronic process, including electronic mail, computer tapes, disks, ROM, CD-ROM, DVD, videotape or any other data storage media (whether or not in machine-readable form), whether or not asserted to be privileged or immune from discovery and whether master or original copy:  agreements; communications (including intra-company communications and communications between individual corporate respondents); correspondence; cablegrams, radiograms, telegrams, telexes, and telecopier; notes and memoranda, summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; diagrams and drawings; blueprints and other engineering drawings; foils; slides; negatives; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press, publicity, trade and product releases; drafts of, or original,

preliminary notes or marginal notations appearing on any document; other reports and records; computer tapes or cards, electronic mail and any other information-containing paper or medium. A draft or non-identical copy is a separate document within the meaning of this term.

10.    "Things" means any tangible item, including, without limitation, models, prototypes and samples of any device or apparatus.

11.    "Relate to" shall mean anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

12.    "Patent Holder" shall mean any inventor, licensee and all assignees of the rights of any invention in any of the Asserted Patents and/or any Counterpart thereof.

13.    "Communication" shall mean any transfer of information, ideas, opinions, or thoughts by any means, written, oral, electronic, or otherwise, at any time or place under any circumstances.

14.    The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall also include all of the events set forth in each and every subdivision of 35 U.S.C. § 102, including, without limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

15.    "Flat Panel Display Products" shall mean any product that uses, contains, or incorporates one or more LCDs, PDPs or FEDs, and includes by way of example flat screen computer monitors, lap top screens and flat screen televisions.

16.    The term "LCD" shall mean any display which uses liquid crystals to form or create an image (regardless of the technology, *e.g.* active vs. passive matrix; MVA; IPS; TN, etc.). The terms "PDP" and "FED" shall be interpreted as

the terms PDP and FED are used in the specifications of the Asserted Patents and/or any Counterpart thereof.

17.    "LPL Product" shall mean any product marketed, sold, distributed and/or offered for sale which includes an LCD, PDP and/or FED and includes, without limitation, products referred to by LPL in its press release dated July 11, 2006 entitled "LG Philips LCD Reports Second Quarter Results" and/or the LPL press release dated July 25, 2006 entitled "LG Philips Wins Side-Mounting Patent Arbitration" and/or the depiction attached as Exhibit 1 hereto, each of which are or were posted on the LPL website and including any sample, prototype or developmental version of any of the foregoing.

18.    "Mounting Technology" shall mean the structures, devices and/or methods used to affix, assemble or secure an LCD, PDP, FED and/or an LPL Product within, on or to another structure including, without limitation, a Flat Panel Display Product.

19.    "Accused Products" shall mean any product, including without limitation, all products sold, offered for sale, imported, used, or made, by or on behalf of, any defendant which LPL asserts infringes or may infringe any of the Asserted Patents or any Counterpart thereof and also including those products identified by LPL in response to ViewSonic's Interrogatory Nos. 1, 3 and 4.

20.    The terms "concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

21.    Regardless of the tense employed, all verbs shall be read as applying to past, present and future as is necessary to make the phrase more, rather than less inclusive.

**TOPICS FOR EXAMINATION**

**Topic No. 7**

a.    **VIEWSONIC HAS WITHDRAWN SUBTOPIC 7a. PER MEET AND CONFER.**

b.    **VIEWSONIC HAS WITHDRAWN SUBTOPIC 7b. PER MEET AND CONFER.**

c.    The rights of any Patent Holder in each invention described or disclosed in the Asserted Patents and/or any Counterparts thereof, including without limitation the chain of title from the named inventors to LPL of each of the Asserted Patents and/or any Counterpart thereof.


**Topic No. 8**

a.    The preparation and/or prosecution of each of the Asserted Patents and/or any Counterpart thereof;

b.    Communications to, from, between and/or with any patent office or similar authority to which any of the invention(s) described, disclosed and/or claimed in the Asserted Patents or any Counterpart thereof were disclosed including without limitation the U.S. Patent and Trademark Office and/or any other person, attorney or agent, concerning in any way any of the Asserted Patents and/or any Counterpart thereof, including but not limited to all documents or information presented to the Examiner of the applications that issued as the Asserted Patents and/or any Counterpart thereof and all notes or reports relating to, reflecting or evidencing any interview and/or communication with any Examiner;

c.    Any disclosure of actual or possible prior art to any patent office or similar authority during prosecution of each of the Asserted Patents and/or any Counterpart thereof, including without limitation any Information Disclosure Statements and/or PTO-1449 Forms submitted to the U.S. Patent and Trademark

Office, and the circumstances as to how and when LPL and/or the inventors, or their attorneys and/or agents for each of the Asserted Patents and/or any Counterpart thereof became aware of any cited or disclosed references;

    d.    Prior art to the inventions disclosed in each of the Asserted Patents and/or any Counterpart thereof, including any such prior art asserted by any person in any meeting, correspondence, document, presentation, or any court or patent office proceeding, or identified in any search by LPL or the inventors, applicants, assignees or their attorneys and agents for each of the Asserted Patents and/or any Counterpart thereof; and

    e.    The development and/or first use, first offer to sell, and/or first sale of any product, prototype, developmental version and/or simulation of a product that does or can achieve one or more of the objects of the invention recited in any of the Asserted Patents and/or any Counterpart thereof.

**Topic No. 9**

Your organizational structure, including but not limited to all persons involved in the evaluation, manufacture, marketing, distribution, importation, purchase, offering for sale and sale of any products which comprise or incorporate an LCD, PDP, FED and/or an LPL Product, and each person's and business entity's respective role and place in the chain of distribution of any products containing or relating to such display products.

**Topic No. 10**

    a.    The current and/or past ownership of any right, title or interest in each of the Asserted Patents and/or any Counterpart thereof, and any non-disclosure agreements, development agreements, ownership agreements, agreements to assign any rights, title or interest in the subject matter of the Asserted Patents and/or any

Counterpart thereof and any similar agreements, any funding agreements relating thereto, and/or agreements not to enforce the Asserted Patents and/or any Counterpart thereof and/or any technology and/or patents relating to Mounting Technology;

      b.      Any agreements between LPL and any other person or entity, concerning or covering (i) any Mounting Technology; and/or (ii) any product, prototype, developmental version and/or simulation of an LCD, PDP, FED and/or any LPL Product, or any component thereof which incorporates, performs, or achieves the subject matter and/or objects or advantages of the inventions disclosed and/or claimed in any of the Asserted Patents and/or any Counterpart thereof; and

      c.      Any agreements with DEC (Digital Equipment Corporation) regarding or covering any development of any technology related to Flat Panel Display Products including any technology related to affixing, attaching and/or securing an LCD, PDP, FED and/or LPL Product within, on or to another structure of any type including without limitation, a Flat Panel Display Product.

**Topic No. 11**

All details regarding the awareness of any of the inventors of the Asserted Patents and/or any Counterpart thereof, the attorneys who prepared and/or prosecuted the applications that led to the Asserted Patents and/or any Counterpart thereof, and anybody substantively involved in the preparation and/or prosecution of the applications that led to the Asserted Patents and/or any Counterpart thereof of any reference, patent, product, publication and/or prior art relating to Mounting Technology including, without limitation, the following:

      1.      Any reference, patent, product and/or publication identified by any defendant in response to any interrogatory propounded by LPL in this

action, including without limitation, any such reference, patent, publication or product identified by ViewSonic in response to LPL Interrogatory No. 8, including all supplements or amendments thereto;

      2.     Bang [USPN 6,191,937, and any Counterpart thereof];

      3.     Any reference to front mounting, side mounting and/or side mount patent (as used in LPL 01557-1589).

**Topic No. 12**

Documents relating any topic in this Notice; the present and/or last known custody and location of all such documents; the destruction of any such documents; and the facts and circumstances surrounding any such destruction.



EXHIBIT I

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2007, a true copy of the foregoing

**Amended Notice of Deposition of LG.Philips LCD Co., Ltd. Pursuant to Rule 30(b)(6)**

**Topics 7-12** was electronically filed with the Clerk of the Court using CM/ECF which will send

notification of such filing to the following and the document is available for viewing and

downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on the 30th day of January, 2007, I have sent by email the foregoing

document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067-2325

By: _/s/ Jaclyn M. Mason_
Jaclyn M. Mason (#4737)
jmason@cblh.com

10418.1                              12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

                    Plaintiff,

        v.                                          CIVIL ACTION NO. 04-343

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION

                    Defendants.

## AMENDED NOTICE OF DEPOSITION OF LG.PHILIPS LCD CO., LTD. PURSUANT TO RULE 30(b)(6) TOPICS 13-18

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), Defendant ViewSonic Corporation will take the deposition of LG.Philips LCD Co., Ltd. ("LPL") beginning on March 7, 2007 at 10:00 a.m. at the offices of Connolly Bove Lodge & Hutz LLP located at 1007 North Orange Street, Wilmington, Delaware 19899, or at such other date and/or place as counsel for all parties may agree. The deposition will be conducted upon oral examination before a certified court reporter, notary public, or other person authorized by law to administer oaths. The deposition will continue from day to day until completed. The deposition will be recorded by videotape and stenographically, and may use technology that permits the real time display of the deposition transcript. Parties wishing to see the real time display must supply their own computer.

Pursuant to FRCvP 30(b)(6), LPL shall designate one or more officers, directors, agents or other representatives who consent to testify on its behalf, to testify as to matters known or reasonably available to LPL regarding the topics listed in the attached list of topics. To the

10419.1

extent more than one deponent is identified, LPL shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

CONNOLLY BOVE LODGE & HUTZ LLP


Dated: January 30, 2007

By: */s/ Jaclyn M. Mason*
    Jeffrey B. Bove, Esq. (#998)
    Jaclyn M. Mason, Esq. (#4737)
    The Nemours Building, 8th Floor
    1007 North Orange Street
    Wilmington, DE 19801
    Telephone: (302) 658-9141
    Facsimile: (302) 658-5614

    Scott R. Miller, Esq.
    355 South Grand Avenue, Suite 3150
    Los Angeles, CA 90071
    Telephone: (213) 787-2500
    Facsimile: (213) 687-0498

*Attorneys for ViewSonic Corporation*

# EXHIBIT A
## DEPOSITION SUBJECT MATTERS

## I.    Definitions

1.    "ViewSonic" means Defendant ViewSonic Corporation and includes any and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

2.    "LPL" means Plaintiff LG. Philips LCD Co., Ltd. and includes any and all of its predecessors and successors-in-interest in its business, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

3.    "You," "Yours," and "Your" means LPL.

4.    The "'718 patent" shall mean and refer to United States Patent No. 6,498,718.

5.    The "'641 patent" shall mean and refer to United States Patent No. 6,501,641.

6.    The term "Asserted Patents" shall mean and refer to the '718 Patent and the '641 Patent, or any of them.

7.    The term "Counterpart," when used in reference to any patent, means any parent, continuation, continuation in part, divisional or other application or patent, pending, issued or abandoned, that claims priority, directly or indirectly, on or though any of the Asserted Patents or any patent through which any of the Asserted Patents claim priority, whether it be pending, issued or abandoned.

8.    The singular of a term includes the plural form and vice versa, except as the context may otherwise require; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "any" means "any and all;" the word "including" means "including without limitation."

9.    The term "document" is used in its customarily broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Evidence 1001 and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed or produced by any other mechanical, digital, or electronic process, including electronic mail, computer tapes, disks, ROM, CD-ROM, DVD, videotape or any other data storage media (whether or not in machine-readable form), whether or not asserted to be privileged or immune from discovery and whether master or original copy:  agreements; communications (including intra-company communications and communications between individual corporate respondents); correspondence; cablegrams, radiograms, telegrams, telexes, and telecopier; notes and memoranda, summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; diagrams and drawings; blueprints and other engineering drawings; foils; slides; negatives; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press, publicity, trade and product releases; drafts of, or original,

preliminary notes or marginal notations appearing on any document; other reports and records; computer tapes or cards, electronic mail and any other information-containing paper or medium. A draft or non-identical copy is a separate document within the meaning of this term.

10.    "Things" means any tangible item, including, without limitation, models, prototypes and samples of any device or apparatus.

11.    "Relate to" shall mean anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

12.    "Patent Holder" shall mean any inventor, licensee and all assignees of the rights of any invention in any of the Asserted Patents and/or any Counterpart thereof.

13.    "Communication" shall mean any transfer of information, ideas, opinions, or thoughts by any means, written, oral, electronic, or otherwise, at any time or place under any circumstances.

14.    The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall also include all of the events set forth in each and every subdivision of 35 U.S.C. § 102, including, without limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

15.    "Flat Panel Display Products" shall mean any product that uses, contains, or incorporates one or more LCDs, PDPs or FEDs, and includes by way of example flat screen computer monitors, lap top screens and flat screen televisions.

16.    The term "LCD" shall mean any display which uses liquid crystals to form or create an image (regardless of the technology, *e.g.* active vs. passive matrix; MVA; IPS; TN, etc.). The terms "PDP" and "FED" shall be interpreted as

the terms PDP and FED are used in the specifications of the Asserted Patents and/or any Counterpart thereof.

17.    "LPL Product" shall mean any product marketed, sold, distributed and/or offered for sale which includes an LCD, PDP and/or FED and includes, without limitation, products referred to by LPL in its press release dated July 11, 2006 entitled "LG Philips LCD Reports Second Quarter Results" and/or the LPL press release dated July 25, 2006 entitled "LG Philips Wins Side-Mounting Patent Arbitration" and/or the depiction attached as Exhibit 1 hereto, each of which are or were posted on the LPL website and including any sample, prototype or developmental version of any of the foregoing.

18.    "Mounting Technology" shall mean the structures, devices and/or methods used to affix, assemble or secure an LCD, PDP, FED and/or an LPL Product within, on or to another structure including, without limitation, a Flat Panel Display Product.

19.    "Accused Products" shall mean any product, including without limitation, all products sold, offered for sale, imported, used, or made, by or on behalf of, any defendant which LPL asserts infringes or may infringe any of the Asserted Patents or any Counterpart thereof and also including those products identified by LPL in response to ViewSonic's Interrogatory Nos. 1, 3 and 4.

20.    The terms "concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

21.    Regardless of the tense employed, all verbs shall be read as applying to past, present and future as is necessary to make the phrase more, rather than less inclusive.

## TOPICS FOR EXAMINATION

### Topic No. 13

a.      Any damages sustained by LPL as a result of the infringement of the Asserted Patents and/or any Counterpart thereof and/or any patent you own or license regarding Mounting Technology by any entity, including any contentions, positions, or assertions of price erosion, lost profits, reasonable royalty, established royalty and/or lost sales, and/or any other basis for compensation under 35 U.S.C. § 284;

b.      All actions you have taken to sell, distribute, market, promote, advertise the inventions disclosed and/or claimed in the Asserted Patents or any Counterpart thereof, including the promotional, marketing, sales and advertising activities with respect to any LCD, PDP, FED, LPL Products and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in such patents;

c.      All actions you have taken to sell, distribute, market, promote, advertise the inventions disclosed and/or claimed in any patent you hold, claim to hold and/or license which relates to Mounting Technology, including the promotional, marketing, sales and advertising activities with respect to any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in such patents other than the Asserted Patents and any Counterparts thereof;

d.      All efforts you have made to promote, market, and/or advertise: (i) your company, including any parents, subsidiaries and affiliates thereof; (ii) LPL Products; (iii) products using one or more PDPs and/or FEDs; (iv) Flat Panel Display Products and, (v) your technology and/or patents you hold, claim to

hold and/or license including, without limitation, any technology and/or patents relating to Mounting Technology;

      e.    The relevant market(s) for any LCD, PDP, FED, LPL Product and/or any Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed: (i) in the Asserted Patents and/or any Counterpart thereof; and/or (ii) any other patent you hold, claim to hold and/or license that relates to Mounting Technology;

      f.    The monthly, quarterly, and annual unit volume and dollar revenue, by customer, of each LCD, PDP, FED, LPL Product and/or Flat Panel Display Product sold and/or shipped by you or on your behalf which uses, is arranged to use, capable of employing and/or embodies any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any other patent you hold, claim to hold and/or license that relates to Mounting Technology that is made, used, sold, offered for sale or otherwise transferred: (i) in the United States and/or (ii) outside the United States;

      g.    All costs associated with manufacturing, selling or otherwise transferring any LPL Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any other patent you hold or license that relates to Mounting Technology. This topic includes without limitation the unit costs of all such LCD, PDP, FED, LPL Product and/or Flat Panel Display Products and/or the cost(s), actual, projected or estimated, associated with each design of any manner and/or method to attach, secure and/or assemble the LCD, PDP, FED and/or LPL Product within, on or to another structure including without limitation a Flat Panel Display Product including, without limitation, the structure depicted in Exhibit 1 hereto from the LPL website;

h.    For each year from the first commercialization by LPL, the monthly, quarterly and/or annual gross revenues, gross profits, gross profit margins, net profits and net profit margins on sales of each LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any other patent you hold, claim to hold and/or license that relates to Mounting Technology;

i.    The actual, projected, or desired return on investment, and all analyses related to, associated with the manufacture and/or sale of any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any other patent you hold, claim to hold and/or license that relates to Mounting Technology;

j.    The percentage of LPL's total sales volume of LCDs, PDPs, FEDs, LPL Products and/or Flat Panel Display Products (i) sold inside the United States; and (ii) sold outside the United States;

k.    LPL's royalty payments and future obligations, if any, to or from any third party with respect to any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

l.    LPL's cost of goods for any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

m.    LPL's actual or projected costs of research, development and testing of any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology.

n.    LPL's cost of developing the capacity to manufacture any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

o.    **VIEWSONIC HAS WITHDRAWN THIS SUBTOPIC 13o. PER MEET AND CONFER.**

p.    All forecasts, projections or expectations, since 1998, regarding sales and/or profitability for any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

q.    LPL's pricing of and price changes for any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

r.    The nature, timing, extent, cost or business rationale for any promotional practices engaged in by LPL for any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents

and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

s.    LPL's actual or approximate annual cost of working capital since 1998;

t.    LPL's actual or approximate annual cost of borrowing since 1998;

u.    Competitors or competitive products in the market for any product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology;

v.    Market share information regarding each of LPL, each defendant, and/or any other person that competes with any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product of any party including without limitation the market share information for all such products which use, are arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology; and

w.    Actual or potential customers for any LCD, PDP, FED, LPL Product and/or Flat Panel Display Product using, arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof and/or any patent you hold, claim to hold and/or license that relates to Mounting Technology.

## Topic No. 14

a.    LPL's patent licenses, licensing practices and/or licensing programs and the policies, practices or standards that LPL uses to evaluate any actual or proposed license;

b.    Any license, or effort to license, rights in or to any patent, copyright, trademark or other intellectual property pertaining to any LCD, PDP, FED, LPL Product, Flat Panel Display Product and/or Mounting Technology of any type, including but not limited to the Asserted Patents and/or any Counterpart thereof, to or from any person or entity;

c.    Any license granted by another to LPL of rights in any patent, copyright, trademark or other intellectual property concerning LCDs, PDPs, FEDs, LPL Products, Flat Panel Display Products and/or Mounting Technology;

d.    For each year from 1998 through the present, gross royalties and net royalties received by and/or paid by LPL under, for or attributable to each license of any of the Asserted Patents and/or any Counterpart thereof and/or any technology or patent that you hold, claim to hold and/or license which relates to Mounting Technology;

e.    Any negotiations or communications with any third party regarding the actual or prospective transfer or license of any rights under any technology and/or patent you hold, claim to hold and/or license relating to Mounting Technology including without limitation the Asserted Patents and/or any Counterpart thereof, regardless of whether an agreement was ever concluded; and

f.    Any assignment, license, sublicense, right, privilege, or immunity from suit ever requested by LPL, or offered or granted to LPL, under any technology and/or patents of third parties relating to LCDs, PDPs, FEDs, LPL Products, Flat Panel Display Products and/or Mounting Technology.

## Topic No. 15

a.    The corporate and/or business relationship or affiliation between LPL and any of the following:

1. LGE, or any company affiliated with LGE;

2. Philips Electronics, or any company affiliated with Philips;

3. American Panel Corporation, or any company affiliated with APC;

4. Universal Avionics, or any company affiliated with Universal Avionics;

5. DEC (Digital Equipment Corporation) or any company affiliated with DEC;

6. Any other entity in the United States that manufactures, sells or distributes LCDs, PDPs, FEDs, LPL Products, Flat Panel Display Products and/or Mounting Technology;

b.    All distributors, suppliers, channels, and networks through which you have, directly by you, for you or on your behalf, marketed, shipped, imported, transferred, sold, and/or distributed LCDs, PDPs, FEDs, LPL Products and/or Flat Panel Display Products in the United States, the relationship between or among you and all such entities, the identity of all such entities, any contracts, agreements, or contractual business arrangements between you and such entities, and the quantity and value of such products; and

c.    All meetings, communications, agreements, and contractual and business relationships, that relate to the importation, manufacture, distribution, promotion, marketing, advertising, purchases, or sales in the United States of any of your LCDs, PDPs, FEDs, LPL Products and/or Flat Panel Display Products including but not limited to those products which use, are arranged to use, capable of employing and/or embodying any invention disclosed and/or claimed in the asserted patents and/or any Counterpart thereof and/or any patent or technology you hold, claim to hold and/or license that relates to Mounting Technology.

**Topic No. 16**

The information and documents referenced in your answers to each of the Interrogatories propounded by each of the defendants.

**Topic No. 17**

The types and categories of documents that you receive, create, generate, or maintain concerning the development, manufacture, importation, purchase, distribution, sale, offer for sale, receipt, or advertisement of LCDs, PDPs, FEDs, LPL Products, Flat Panel Display Products and/or Mounting Technology, and/or any component(s) of any of the foregoing including, without limitation, any "support main frame" as it is depicted in Exhibit 1 hereto from the LPL website and/or any component which serves the purpose and/or function of such "support main frame".

**Topic No. 18**

All Documents relating to any topic in this Notice; the present and/or last known custody and location of all such documents; the destruction of any documents; and the facts and circumstances surrounding said destruction.



EXHIBIT I

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2007, a true copy of the foregoing

**Amended Notice of Deposition of LG.Philips LCD Co., Ltd. Pursuant to Rule 30(b)(6)**

**Topics 13-18** was electronically filed with the Clerk of the Court using CM/ECF which will send

notification of such filing to the following and the document is available for viewing and

downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on the 30th day of January, 2007, I have sent by email the foregoing

document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067-2325

By: _/s/ Jaclyn M. Mason_
Jaclyn M. Mason (#4737)
jmason@cblh.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION

Defendants.

CIVIL ACTION NO. 04-343

## AMENDED NOTICE OF DEPOSITION OF LG.PHILIPS LCD CO., LTD. PURSUANT TO RULE 30(b)(6) TOPICS 19-30

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26 and Rule 30(b)(6) of the Federal

Rules of Civil Procedure ("FRCvP"), Defendant ViewSonic Corporation will take the deposition

of LG.Philips LCD Co., Ltd. ("LPL") beginning on March 8, 2007 at 10:00 a.m. at the offices of

Connolly Bove Lodge & Hutz LLP located at 1007 North Orange Street, Wilmington, Delaware

19899, or at such other date and/or place as counsel for all parties may agree.  The deposition

will be conducted upon oral examination before a certified court reporter, notary public, or other

person authorized by law to administer oaths.  The deposition will continue from day to day until

completed.  The deposition will be recorded by videotape and stenographically, and may use

technology that permits the real time display of the deposition transcript.  Parties wishing to see

the real time display must supply their own computer.

Pursuant to FRCvP 30(b)(6), LPL shall designate one or more officers, directors, agents

or other representatives who consent to testify on its behalf, to testify as to matters known or

reasonably available to LPL regarding the topics listed in the attached list of topics.  To the

10420.1

extent more than one deponent is identified, LPL shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

CONNOLLY BOVE LODGE & HUTZ LLP

Dated:  January 30, 2007

By:  */s/ Jaclyn M. Mason*
     Jeffrey B. Bove, Esq. (#998)
     Jaclyn M. Mason, Esq. (#4737)
     The Nemours Building, 8th Floor
     1007 North Orange Street
     Wilmington, DE  19801
     Telephone:  (302) 658-9141
     Facsimile:  (302) 658-5614

     Scott R. Miller, Esq.
     355 South Grand Avenue, Suite 3150
     Los Angeles, CA  90071
     Telephone:  (213) 787-2500
     Facsimile:  (213) 687-0498

     *Attorneys for ViewSonic Corporation*

# EXHIBIT A
## DEPOSITION SUBJECT MATTERS

**I.     Definitions**

1.     "ViewSonic" means Defendant ViewSonic Corporation and includes any and all of its predecessors and successors-in-interest, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

2.     "LPL" means Plaintiff LG. Philips LCD Co., Ltd. and includes any and all of its predecessors and successors-in-interest in its business, any and all parents, subsidiaries, divisions, affiliates and affiliated entities as well as the respective officers, directors, agents, employees, attorneys, accountants, consultants and representatives of the foregoing.

3.     "You," "Yours," and "Your" means LPL.

4.     The "'718 patent" shall mean and refer to United States Patent No. 6,498,718.

5.     The "'641 patent" shall mean and refer to United States Patent No. 6,501,641.

6.     The term "Asserted Patents" shall mean and refer to the '718 Patent and the '641 Patent, or any of them.

7.     The term "Counterpart," when used in reference to any patent, means any parent, continuation, continuation in part, divisional or other application or patent, pending, issued or abandoned, that claims priority, directly or indirectly, on or though any of the Asserted Patents or any patent through which any of the Asserted Patents claim priority, whether it be pending, issued or abandoned.

8.     The singular of a term includes the plural form and vice versa, except as the context may otherwise require; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "any" means "any and all;" the word "including" means "including without limitation."

9.     The term "document" is used in its customarily broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Evidence 1001 and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed or produced by any other mechanical, digital, or electronic process, including electronic mail, computer tapes, disks, ROM, CD-ROM, DVD, videotape or any other data storage media (whether or not in machine-readable form), whether or not asserted to be privileged or immune from discovery and whether master or original copy:  agreements; communications (including intra-company communications and communications between individual corporate respondents); correspondence; cablegrams, radiograms, telegrams, telexes, and telecopier; notes and memoranda, summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; diagrams and drawings; blueprints and other engineering drawings; foils; slides; negatives; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press, publicity, trade and product releases; drafts of, or original,

preliminary notes or marginal notations appearing on any document; other reports and records; computer tapes or cards, electronic mail and any other information-containing paper or medium. A draft or non-identical copy is a separate document within the meaning of this term.

10.    "Things" means any tangible item, including, without limitation, models, prototypes and samples of any device or apparatus.

11.    "Relate to" shall mean anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

12.    "Patent Holder" shall mean any inventor, licensee and all assignees of the rights of any invention in any of the Asserted Patents and/or any Counterpart thereof.

13.    "Communication" shall mean any transfer of information, ideas, opinions, or thoughts by any means, written, oral, electronic, or otherwise, at any time or place under any circumstances.

14.    The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall also include all of the events set forth in each and every subdivision of 35 U.S.C. § 102, including, without limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

15.    "Flat Panel Display Products" shall mean any product that uses, contains, or incorporates one or more LCDs, PDPs or FEDs, and includes by way of example flat screen computer monitors, lap top screens and flat screen televisions.

16.    The term "LCD" shall mean any display which uses liquid crystals to form or create an image (regardless of the technology, *e.g.* active vs. passive matrix; MVA; IPS; TN, etc.). The terms "PDP" and "FED" shall be interpreted as

the terms PDP and FED are used in the specifications of the Asserted Patents and/or any Counterpart thereof.

17.    "LPL Product" shall mean any product marketed, sold, distributed and/or offered for sale which includes an LCD, PDP and/or FED and includes, without limitation, products referred to by LPL in its press release dated July 11, 2006 entitled "LG Philips LCD Reports Second Quarter Results" and/or the LPL press release dated July 25, 2006 entitled "LG Philips Wins Side-Mounting Patent Arbitration" and/or the depiction attached as Exhibit 1 hereto, each of which are or were posted on the LPL website and including any sample, prototype or developmental version of any of the foregoing.

18.    "Mounting Technology" shall mean the structures, devices and/or methods used to affix, assemble or secure an LCD, PDP, FED and/or an LPL Product within, on or to another structure including, without limitation, a Flat Panel Display Product.

19.    "Accused Products" shall mean any product, including without limitation, all products sold, offered for sale, imported, used, or made, by or on behalf of, any defendant which LPL asserts infringes or may infringe any of the Asserted Patents or any Counterpart thereof and also including those products identified by LPL in response to ViewSonic's Interrogatory Nos. 1, 3 and 4.

20.    The terms "concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

21.    Regardless of the tense employed, all verbs shall be read as applying to past, present and future as is necessary to make the phrase more, rather than less inclusive.

## TOPICS FOR EXAMINATION

### Topic No. 19

a.     LPL's record retention policies and procedures and the adherence or suspension of such policies in connection with this litigation; and

b.     The storage of, access to and searchability and/or retrieval of electronic information including any and all electronic mail or messaging systems used by LPL.

### Topic No. 20

a.     All research and development, design and/or engineering that relates and/or bears upon in any way any invention(s) disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof;

b.     All research and development, design and/or engineering that relates and/or bears in any way upon any Mounting Technology developed, owned and/or claimed to be owned by you and/or someone other than you; and

c.     Any advantages, disadvantages, benefits or detriments, whether technical, financial or legal pertaining to any:  (i) invention(s) disclosed and/or claimed in any of the Asserted Patents or any Counterpart thereof; (ii) any prior art cited during the prosecution of the Asserted Patents or any Counterpart thereof; and/or (iii) any Mounting Technology developed, owned and/or claimed to be owned by you and/or someone other than you.

### Topic No. 21

a.     All specifications relating to affixing, attaching and/or securing any LCD, PDP, FED and/or LPL Product within, on or to another structure of any type including, without limitation, a Flat Panel Display Product; and

b.    The structure, operation, and functionality of any LCD, PDP, FED, LPL Product and/or Flat Panel Display Products manufactured, sold or offered for sale by you, including but not limited to the following:

1.    The physical properties for each LCD, PDP, FED and/or LPL Product and the components of any of the foregoing, including but not limited to any "support main frame" as it is depicted in Exhibit 1 hereto from the LPL website and/or any component which serves the purpose and/or function of such "support main frame";

2.    The structures provided by and/or methods identified by you for affixing, attaching and/or securing an LCD, PDP, FED and/or any LPL Product within, on or to another structure of any type including, without limitation, a Flat Panel Display Product. Such structures may include, without limitation, any "support main frame" as it is depicted in Exhibit 1 hereto from the LPL website and/or any component which serves the purpose and/or function of such "support main frame";

3.    Any simulations, analyses, research and/or test results that in any way concern, relate or bear upon the design, actual or proposed, of the Mounting Technology of any LCD, PDP, FED, LPL Product and/or a Flat Panel Display Product, or the components thereof, including but not limited to any "support main frame" as it is depicted in Exhibit 1 hereto from the LPL website and/or any component which serves the purpose and/or function of such "support main frame", and the manner and/or method of affixing, attaching and/or securing an LCD, PDP, FED and/or LPL Product within, on or to another structure of any type including, without limitation, a Flat Panel Display Product; and

4.    The performance and/or function associated with each design of any manner and/or method to affix, attach and/or secure an LCD, PDP, FED

and/or LPL Product within, on or to another structure of any type including, without limitation, a Flat Panel Display Product.

**Topic No. 22**

a.      Any long felt but unmet need for the subject matter and/or inventions disclosed and/or claimed in each of the Asserted Patents and/or any Counterpart thereof or unexpected result achieved by such subject matter and/or inventions;

b.      Any "commercial success" of the subject matter and/or inventions disclosed and/or claimed in each of the Asserted Patents and/or any Counterpart thereof by such subject matter and/or inventions including without limitation, the availability of each LCD, PDP, FED and/or any LPL Product using, arranged to use, capable of employing and/or embodying the subject matter disclosed in the Asserted Patents and/or any Counterpart thereof and/or any patent or technology of which you are aware relating to Mounting Technology;

c.      Any "failure of others" to arrive at the subject matter and/or inventions disclosed and/or claimed in each of the Asserted Patents and/or any Counterpart thereof by such subject matter and/or inventions; and

d.      All other secondary considerations or other objective evidence of nonobviousness for subject matter and/or inventions disclosed and/or claimed in each of the Asserted Patents and/or any Counterpart thereof by such subject matter and/or inventions.

**Topic No. 23**

a.      The identity, structure, function, operation, design and development of any LCD, PDP, FED, LPL Product and/or any Flat Panel Display Product made, sold, offered for sale, imported or distributed by LPL or its customers (including

LG Electronics) that LPL contends is disclosed and/or claimed in the Asserted Patents and/or any Counterpart thereof;

b.    All research and development, design and/or engineering of any LCD, PDP, FED and/or any LPL Product as it relates and/or bears upon in any way, the means or method by which such LCD, PDP, FED and/or LPL Product is affixed, attached and/or secured within, on or to another structure of any type including, without limitation, a Flat Panel Display Product, and all documentation (*e.g.*, blueprints, assembly drawings, engineering change orders, file version histories, configuration management logs) associated therewith or related thereto;

c.    All steps that you have taken to evaluate and/or develop structures and/or methods for affixing, securing and/or attaching an LCD, PDP, FED and/or LPL Product within, on or to another structure of any type including, without limitation, a Flat Panel Display Product;

d.    **VIEWSONIC HAS WITHDRAWN THIS SUBTOPIC 23d. PER MEET AND CONFER.**

e.    The structure, operation, and functionality of your LPL Products, including but not limited to the following:

1. – 4.  **VIEWSONIC HAS WITHDRAWN THESE SUBTOPICS 23e1-4. PER MEET AND CONFER.**

**Topic No. 24**

a.    LPL's first notice and/or awareness of, and its knowledge of, the identity, structure, function, operation, or design of a Flat Panel Display Product other than the Accused Products which use any Mounting Technology held, claimed to be held and/or licensed by you; your notice and knowledge of any possible infringement by such products of any of the Asserted Patents and/or any Counterpart thereof and/or any LPL technology or patents relating to Mounting

Technology; the structure and/or method used to affix, attach and/or secure the LCD, PDP, FED and/or LPL Product within, on or to such product; any actions you took upon becoming aware of each such product; the date of your first actual notice of each such product; the form of such notice; the source of such notice; and the LPL representatives(s) or employee(s) who first received notice and any discussion internal to you regarding any such products;

b.      All communications with third parties (including vendors, customers, and others) regarding any structure and/or method for affixing, attaching and/or securing an LCD, PDP, FED and/or any LPL Product within, on or to another structure of any type including, without limitation, a Flat Panel Display Product, including any such structure or method which you contend or believe may constitute an infringement of the Asserted Patents and/or any Counterpart thereof and/or any patent you hold or license that relates to Mounting Technology;

c.      LPL's discussions and/or communications with any defendant or third party regarding each of the Accused Products;

d.      LPL's decision to file this action;

e.      All analyses, studies, testing, and/or investigations of each and any of the Accused Products;

f.      LPL's contentions concerning the validity, scope, enforceability and patentability of the claims of the Asserted Patents and/or any Counterpart thereof and any patents you hold, claim to hold and/or license that relate to Mounting Technology;

g.      LPL's contentions concerning the infringement of the claims of the Asserted Patents and/or any Counterpart thereof by the Flat Panel Display Products of any defendant or any other party;

h.      Any LPL policy, strategy, plan, or practice, whether formal or informal, regarding patents, including filing patent applications, acquiring patents

or patent applications from other persons, exploiting patents or patented technology, charging other persons with patent infringement, enforcing patents, licensing patents or patented technology, cross-licensing patents or patented technology, or marking products with patent numbers, including but not limited to patents relating to Mounting Technology and/or the Asserted Patents and/or any Counterpart thereof;

     i.     Any compensation or other consideration received by the inventors of the Asserted Patents and/or any Counterpart thereof and/or any Mounting Technology patents in connection with procuring the Asserted Patents and/or any Counterpart thereof and/or any Mounting Technology patents, or this lawsuit and/or any other action taken by LPL to enforce or license any such patent;

     j.     Your communications with anyone other than ViewSonic concerning any of the Asserted Patents and/or any Counterpart thereof and/or any patents relating to Mounting Technology, excluding communications relating to the prosecution of the Asserted Patents and/or any Counterpart; and

     k.     LPL's first notice and/or awareness of, and its knowledge of, the identity, structure, function, operation, design and/or method of manufacture or assembly of each of the Accused Products, and any possible infringement by such products of any of the Asserted Patents and/or any Counterpart thereof and/or any LPL patents relating to Mounting Technology including, without limitation, your awareness of the structure and/or method used to affix, attach and/or secure the LCD, PDP, FED and/or any LPL Product within, on or to the Accused Product; any actions you took upon becoming aware of each such product; the date of your first actual notice of each such product; the form of such notice; the source of such notice; the LPL representatives(s) or employee(s) who first received notice; and any discussion internal to you regarding any such products and all communications

with third parties (including vendors, customers, and others) regarding any such products.

### Topic No. 25

a.      The identification of each study, search, investigation or opinion concerning any of the Asserted Patents and/or any Counterpart thereof and/or any patent relating to Mounting Technology, and the content and results of any such study, search, investigation or opinion;

b.      All opinion(s) of counsel and pre-filing investigations regarding infringement, validity, and/or enforceability of any of the Asserted Patents and/or any Counterpart thereof;

c.      LPL's interpretations of each claim term of the asserted claims of the Asserted Patents and/or any Counterpart thereof;

d.      Communications between LPL or its public relations agents and any third party regarding any claim or potential claim of infringement of any of the Asserted Patents and/or any Counterpart thereof; and

e.      All allegations by LPL of infringement of any of the Asserted Patents and/or any Counterpart thereof.

### Topic No. 26

a.      LPL's involvement in any proposed, emerging or adopted standard or specification that relates to or impacts upon in any way any Mounting Technology and/or the affixing, attaching and/or securing of an LCD, PDP, FED and/or any LPL Product to another structure including, without limitation, any Flat Panel Display Product;

b.      LPL's communications or submissions to any standards body or group, including without limitation, VESA, Display Search and/or the Standards

Panels Working Group, concerning any proposed, emerging or adopted standard or specification that relates to or impacts upon in any way any Mounting Technology and/or the affixing, attaching and/or securing of the display of any Flat Panel Display Product to another structure including, without limitation, a stand or a wall; and

c.      All meetings, communications and agreements that relate in any way to the affixing, attaching and/or securing of the display of any Flat Panel Display Product to another structure including without limitation a stand or a wall of any of LCD, PDP, FED, LPL Products and/or Flat Panel Display Products.

**Topic No. 27**

a.      The actual or potential liability by any third party, in whole or in part, for infringement of any of the Asserted Patents and/or any Counterpart thereof, including but not limited to agreements, licenses, correspondence, and contracts, whether or not the document mentions the Asserted Patents and/or any Counterpart thereof;

b.      Any products alleged or believed by LPL to fall within the scope of any claim of any of the Asserted Patents and/or any Counterpart thereof;

c.      Any products alleged or believed by LPL to, or which any person has advised LPL does or may, fall within the scope of any claim of any of any patent relating to Mounting Technology excluding the Asserted Patents and/or any Counterpart thereof; and

d.      Any and all meetings, correspondence, agreements or communications with third parties including without limitation, CPT, Sharp or Fujitsu (e.g., as reflected in document nos. LPL 00001-00038) regarding Mounting Technology and/or the Asserted Patents (and/or any Counterpart thereof).

**Topic No. 28**

The Mounting Technology associated with each LCD, PDP, FED, LPL Product and/or Flat Panel Display Product of which you are aware, whether held, owned, licensed, manufactured, sold or offered for sale by you or any other person.

**Topic No. 29**

Any and all product modification(s), design around efforts, non-infringement or invalidity investigation(s), and/or seeking advice of counsel regarding the Asserted Patents or any Counterpart thereof of which you are aware.

**Topic No. 30**

All documents relating to any topic in this Notice; the present and/or last known custody and location of all such documents; the destruction of any such documents; and the facts and circumstances surrounding any said destruction.



EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2007, a true copy of the foregoing

**Amended Notice of Deposition of LG.Philips LCD Co., Ltd. Pursuant to Rule 30(b)(6)**

**Topics 19-30** was electronically filed with the Clerk of the Court using CM/ECF which will send

notification of such filing to the following and the document is available for viewing and

downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on the 30th day of January, 2007, I have sent by email the foregoing

document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Greenberg Traurig, LLP
Steve P. Hassid
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067-2325

By:  _/s/  Jaclyn M. Mason_
        Jaclyn M. Mason (#4737)
        jmason@cblh.com

10420.1

17