# EXHIBIT F

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

LOS ANGELES, CA

333 S. Grand Ave.
Suite 2300
Los Angeles CA 90071
TEL: (213) 787 2500
FAX: (213) 687 0498
WEB: www.cblh.com

Manuel Nelson

DIRECT (213) 787-2515
EMAIL mnelson@cblh.com

*Via Email and First Class Mail*

August 2, 2007

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC 20006

Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*
USDC, Delaware, C.A. No. 04-343-JJF

Dear Mr. Christenson:

This follows up on the July 30, 2007 teleconference held with Ms. Roman, your July 27 and August 1 letters, and my July 23 letter all addressing deficiencies in LPL's supplemental technical discovery the Special Master Ordered LPL to produce.

Thank you for sending us replacement pages for some of the documents identified in our July 23 letter as illegible. Unfortunately, most of the documents for which you did not provide replacement pages are drawings related to prior art LPL products. I understand from your conference call with Ms. Roman that you intended to produce legible copies of all documents that you could, but that you indicated many of the documents were of originally poor quality and you said you could not provide better copies of those. Thus, please confirm that LPL has provided the most legible copies it can of all documents identified in our July 23 letter.

As further highlighted in our July 23 letter and again during the July 30 teleconference, LPL has not produced documents that show the assembly of its prior art LCD modules or the assemblage of the more important components, such as backlight and frame assemblies. In my letter and during the teleconference, ViewSonic specifically requested production of documents such as service manuals or other documents that either show or describe the assembly, disassembly, or reassembly, of these products. You indicated LPL would look for such documents. We expect documents related to the assembly of LPL's LCD products to be produced, not only for the 1997-1998 period, but later as well.

You have indicated that LPL produced some "exploded view" drawings. In response, we noted that we had seen one document showing what appears to be an "exploded view," and specifically requested you direct us to the Bates numbers of the remaining drawings to help us resolve this issue. Through our continued review of the documents, we have independently located four such drawings: LPL 20156- LPL 20157 (related to model LP150X06(A2)); LPL 21152 (still illegible, and no model indicated); LPL 21043 (LC260Wx2-SLB2); and LPL 21046 (document including model designation illegible). Unless LPL is willing or able to provide legible copies of all of these documents *and* unqualifiedly represent that these exploded views are representative of all LPL modules, these four documents unfortunately cannot serve as a substitute for the assembly information LPL is obligated to produce.

Due to these unexpected, and potentially incurable, deficiencies in LPL's production of information related to its own prior art LCD modules, ViewSonic has also notified LPL that it

 **CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Cass W. Christenson, Esq.
August 2, 2007
Page 2

seeks samples of any LPL LCD modules made, sold or offered for sale on or before December 31, 1998. Your August 1 letter represents that you "have confirmed that LPL does not keep old modules, so this issue presumably is moot." We would appreciate a more definitive statement as to what constitutes "old modules," and confirmation that LPL has no samples of its LCD modules for the period prior to December 31, 1998.

With respect to the documents we received July 23, 2007 (LPL 19410 - LPL 20752), with one exception, these documents are all product specifications for LPL modules dated 2002-2006. All of these specifications generally include drawings that, if legible, may show fasteners on the rear surface. Unfortunately, many of the drawings do not have sufficient resolution to discern all of the important features, such as the location of screws and/or holes. *See, e.g.*, without limitation,

| | |
|---|---|
| LPL 19486; | LPL 20133; |
| LPL 19512- LPL 19513; | LPL 20151; |
| LPL 19538 - LPL 19539; | LPL 20153 - LPL 20160; |
| LPL 19587 - LPL 19589; | LPL 20180 - LPL 20181; |
| LPL 19614 - LPL 19616; | LPL 20206 - LPL 20207; |
| LPL 19645 - LPL 19646; | LPL 20265 - LPL 20266; |
| LPL 19668 - LPL 19669; | LPL 20295; |
| LPL 19698; | LPL 20325; |
| LPL 19727 - LPL 19728; | LPL 20377 - LPL 20378; |
| LPL 19867 - LPL 19868; | LPL 20455 - LPL 20456; |
| LPL 19894 - LPL 19895; | LPL 20482 - LPL 20483; |
| LPL 19921; | LPL 20514; |
| LPL 19983; | LPL 20542; |
| LPL 20011; | LPL 20570; |
| LPL 20040; | LPL 20600 - LPL 20601; |
| LPL 20066 - LPL 20067; | LPL 20627 - LPL 20628; |
| LPL 20091; | LPL 20659 - LPL 20660; |
| LPL 20114; | LPL 20689 - LPL 20690; and |
| LPL 20116; | LPL 20719 - LPL 20720. |

Moreover, the drawings in the product specifications do not provide the same level of detail as provided by the "LCM"[1] or backlight assembly drawings. Please confirm that LPL has produced LCM and backlight assembly drawings corresponding to each of the products for which a product specification was produced, or please produce such drawings forthwith.

The one exception mentioned above is found at LPL 20109 - LPL 20163, and is a different type of specification that includes limited, but relevant, disassembly and assembly instructions. *See* LPL 20153 - LPL 20160. This type of information falls within the scope of the ordered production, and we request that LPL provide these, or similar, specifications, assembly instructions or manuals, and/or service or repair manuals, guides or instructions, corresponding

---

[1] LPL's documents refer to an LCD module as a Liquid Crystal Module or "LCM".

**CONNOLLY BOVE LODGE & HUTZ LLP**

ATTORNEYS AT LAW

Cass W. Christenson, Esq.
August 2, 2007
Page 3

to all of LPL's LCD modules for which LPL is providing technical information, including LPL's prior art LCD modules.

We have also been diligently reviewing the last set of technical documents that we received July 30, 2007 (LPL 20900 - LPL 21144). LPL 20900 - LPL 21064 are almost all backlight assembly and LCM drawings, most of which are dated after 1999.[2] Unfortunately, none of these drawings are of sufficient resolution to be legible. Many drawings also suffer from poor color contrast. Important features, such as fastening elements on the rear surface of the LCD module (or "LCM" in LPL's drawings) or the rear surface of a backlight unit or assembly are not discernible in any of these drawings. Some drawings are of such poor quality that the model number or document date cannot be discerned, and there are several instances where pages are missing from a multi-page drawing. *See, e.g.*, without limitation,

| | |
|---|---|
| LPL 20901 - LPL 20904; | LPL 20970; |
| LPL 20906; | LPL 20972; |
| LPL 20908; | LPL 20974; |
| LPL 20910 - LPL 20912; | LPL 20976 - LPL 20978; |
| LPL 20914 - LPL 20915; | LPL 20981; |
| LPL 20918 - LPL 20919; | LPL 20983 - LPL 20984; |
| LPL 20921; | LPL 20986; |
| LPL 20923 - LPL 20926; | LPL 20988; |
| LPL 20928; | LPL 20990; |
| LPL 20930; | LPL 20992; |
| LPL 20932; | LPL 20994 - LPL 20996; |
| LPL 20934 - LPL 20936; | LPL 20998 - LPL 20999; |
| LPL 20938; | LPL 21001; |
| LPL 20941; | LPL 21003 - LPL 21008; |
| LPL 20943 - LPL 20948; | LPL 21010; |
| LPL 20950 - LPL 20952; | LPL 21012 - LPL 21021; |
| LPL 20954 - LPL 20956; | LPL 21023 - LPL 21042; |
| LPL 20958; | LPL 21044 - LPL 21052; |
| LPL 20961; | LPL 21054; and |
| LPL 20963 - LPL 20968; | LPL 21056 - LPL 21064. |

The above list is merely illustrative of the sweeping nature of the legibility problem with the documents within LPL 20900 - LPL 21064, but is not intended to imply that the other documents in this Bates number span are somehow legible. Unfortunately, all of the documents in this Bates range need to be produced with a resolution and contrast that makes them legible.

Your August 1 letter indicates your understanding that ViewSonic's request for sample modules is temporally limited. However, faced with the above-identified additional unforeseeable deficiencies in LPL's production of information related to its LCD modules made,

---

[2] LPL 21065 - LPL 21144 comprise product specs for the LC201V02, LP121X04 and LC260WX2.

**CONNOLLY BOVE LODGE & HUTZ LLP**

ATTORNEYS AT LAW

Cass W. Christenson, Esq.
August 2, 2007
Page 4

sold or offered for sale *after* December 31, 1998, ViewSonic must also request samples of any LPL LCD modules made, sold or offered for sale after December 31, 1998. Please advise how far back in time LPL has modules available for inspection and/or purchase.

The parties have discussed ViewSonic's request for at least one additional deposition of LPL relating to the recent document production but no resolution has been reached. ViewSonic reiterates its request and reminds LPL that this request is necessitated by LPL's own tactical decision to defer production of this relevant technical information until the 11th hour. LPL's unilateral decision cannot be permitted to restrict or foreclose discovery ViewSonic is entitled to obtain, or prejudice ViewSonic's preparation of its case. ViewSonic is entitled to seek discovery regarding the information relating to these documents that are just now being produced by LPL. Without limitation, some of the information ViewSonic intends to seek, either through a deposition or other means, relates to the various fastening parts, including screws and holes, which may be found on the rear surface of LPL's LCD modules or the rear surface of the backlight units used in such modules. Among other deposition topics, ViewSonic intends to authenticate the sales information for the period 1997-1998 only recently produced by LPL. Additionally, without limitation, ViewSonic intends to explore inequitable conduct issues raised by LPL's recently produced documents. We remain open to discussing this with LPL, but are currently without alternative suggestions on how this information can be obtained without a deposition.

We look forward to resolving these issues without the Special Master's intervention. To that end, please let me know your availability for a teleconference on August 6.

Sincerely,

Manuel Nelson

cc:    Counsel of Record (via email)