# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

**James D. Heisman**
Partner
TEL (302) 888-6216
EMAIL jheisman@cblh.com

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

August 13, 2007

*Via Email and Hand-Delivery*
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF
ViewSonic's Status Report re Request for LPL Deposition (DM ___)

Dear Special Master Poppiti:

This is ViewSonic's brief status report regarding its request to conduct a deposition of LPL relating to LPL's recently-produced documents and the information and issues raised by those documents. As briefed in ViewSonic's July 27 and August 3 status reports, Defendants need to depose LPL on various issues and subjects that arise out of or relate to the recently-produced documents.

During the August 7, 2007 hearing, the Special Master requested Defendants provide LPL with their proposed deposition topics to see if the parties could reach an agreement on this deposition. As agreed, ViewSonic sent LPL its proposed deposition topics the next day, Wednesday August 8, and Tatung sent LPL two additional topics on August 9. On Friday August 10, the parties held a meet and confer to discuss these topics. Unfortunately we were unable to reach resolution on any of the topics. ViewSonic attempted during the meet and confer to ascertain whether LPL's position is that it will simply not agree to a deposition regardless of how the topics are phrased, or if it will agree to a deposition but only for certain, specified topics. Despite these attempts, LPL was unable to articulate a single area where it was willing to agree that deposition testimony would be acceptable. Instead, LPL demanded that Defendants identify the particular LPL products on which they wished to question a witness before LPL would consider agreeing to any deposition topics. ViewSonic asked LPL to send it any changes it could make to the proposed topics that would make them acceptable to LPL and ViewSonic would consider them for purposes of trying to reach a compromise. As of the writing of this status report, LPL has not sent any counter-proposed or narrowed topics.[1]

As Defendants explained in the meet and confer, the deposition cannot be limited to only a few of the products about which documents were produced. Instead, the deposition must extend to the relevant aspects of all of the products identified and/or included within the scope of

---

[1] ViewSonic likewise agreed to review the proposed topics over the weekend. Attached to this status report are ViewSonic's revised proposed deposition topics.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
August 13, 2007
Page 2

a topic. For example, as Defendants pointed out during the meet and confer, Defendants must be allowed to question the witness to elicit what properly discoverable knowledge or information LPL has relating to other products or product features similar to those disclosed in the newly produced documents even if LPL has not located or produced documents about that particular product or feature. Thus, it would not be proper to require that the deposition be limited to the contents of the newly produced documents and not include issues that relate to or extend from those documents.

Similarly, Defendants need to be able to question a witness about the existence or lack of any commercial success of the invention sought to be protected by the patents in suit. Commercial success, or lack thereof, directly relates to validity (as a factor enumerated in the *Graham* test by the Supreme Court) and to damages (as a factor enumerated in the *Georgia Pacific* test). Thus, Defendants also need to question a witness about the sales, marketing, market acceptable and/or demand for the features of the products in the newly produced documents. If the parties proceed in good faith and with dispatch, ViewSonic believes that the deposition can be completed in two deposition days.

ViewSonic respectfully requests that LPL be ordered to identify and produce a corporate representative to testify for two deposition days on the attached topics. If a translator is used, this would amount to 21 deposition hours. ViewSonic further respectfully requests that the deposition commence on August 21, continuing day to day until completed, and that consistent with the parties existing agreement regarding the deposition of corporate representatives, that LPL identify the person(s) who will testify 5 business days in advance.

Respectfully submitted,

*/s/ James D. Heisman*

James D. Heisman

cc:   All Counsel of Record
558055/70104*4