# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS
(302) 429-4208
rkirk@bayardfirm.com

FILED ELECTRONICALLY

August 14, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

LG.Philips LCD Co., Ltd. ("LPL") submits this supplemental opposition to Defendants' request for additional deposition testimony from LPL, to address the proposed deposition topics filed yesterday by ViewSonic.[1] See Ex. A (redlined document with revised deposition topics). During yesterday's hearing, ViewSonic suggested that the revised topics reduce the scope of the proposed deposition, in response to LPL's objections to the original topics. Instead, the revised topics are essentially of equal scope, and, in some respects, are now broader than the original proposed topics. Many of the changes made to the topics merely consolidate subtopics, reducing the number of subtopics without actually reducing the scope and burden of the overall deposition. LPL should not be re-deposed on these topics.

In both sets of deposition topics, Defendants are seeking to reopen LPL's prior deposition with respect to topics and issues within the scope of LPL previous depositions. LPL thus objects to the revised proposed topics for the same reasons as set forth in LPL's August 13 submission. Further, the revisions to the proposed topics either fail to narrow the overbroad scope of the topics, or increase their scope. In both cases, the topics are improper.

<u>Defendants Seek To Expand the Scope and Substance of Proposed Topics</u>

Defendants agreed to provide a combined set of proposed deposition topics by August 8, 2007. *See* 8/7 Tr. at 31-32. On August 8, LPL received approximately seventy (70) proposed topics and subtopics. On August 9, Tatung provided two additional proposed topics. *See* LPL's 8/13/07 submission, Ex. A (Topics 7(h), (i)). Now, Defendants are attempting to expand certain

---

[1] LPL's August 13, 2007 submission summarizes LPL's objections to a further deposition and shows that the proposed deposition topics are overly broad and not limited to new, supplemental issues. ViewSonic's August 13, 2007 submission included a revised set of proposed deposition topics. Late yesterday, at LPL's request, ViewSonic provided a redlined version of the proposed topics. The redlined version shows that the revised proposed topics are substantially similar in scope and substance to the original proposed topics.

667391-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
August 14, 2007
Page 2

topics, including by adding new terms to previously proposed topics. *See, e.g.*, new proposed Topic 1(a) & 2(a) (adding "manner of identification"); Topics 1(c) & 2(c) (adding "location, structure"); Topic 1(d) & 2(d) (adding "performance and/or function"); Topic 1(e) (adding "disclosure of" to what used to be Topic 2(i)); Topic 4(c) (adding the term "LPL Prior Art Product" to what used to be Topic 5(e)); Topic 7(a) (adding "or any feature thereof" to what used to be Topic 8(c)). LPL objects to Defendants' further expansion of these proposed topics.

LPL also objects to new subject matter added to the prior topics. For example, Defendants added new Topic 4(d): "All forecasts, projections, or expectations, since January 1, 1996, regarding sales and/or profitability for any LPL Prior Art Product and/or LPL Other Product." This is a new proposed topic that should be disregarded. In addition to being untimely, the topic addresses the time period back to 1996, even though ViewSonic's original document requests sought sales only back to 2000. More recently, ViewSonic sought (and LPL produced) additional sales summaries for 1998-1999. ViewSonic has not sought prior sales data. According to Defendants, any deposition testimony should mirror the time period of document production. *See* LPL's 8/13/07 submission, Ex. G at 49-54 (limiting sales-related testimony to sales since 2002). Defendants' topics are improper and not limited to appropriate time periods.

Defendants' Proposed Topics Remain Unduly Broad and Improper

Many of Defendants' other revisions to the proposed topics are an exercise of "form over substance." Defendants have made cosmetic changes to certain topics, for example, presumably to create the appearance of narrowing the topics, but without actually doing so. Therefore, Defendants' revisions to the topics do not make the topics less objectionable or more proper.

Several proposed topics, for example, originally referred to "All" broad categories of subject matter, which is patently excessive in scope. *See, e.g.*, Topic 3(b) ("All customers, distributors, suppliers, and resellers . . ."); Topic 3(e) ("All meetings, communications, agreements, and contractual and business relationships . . ."). As Your Honor previously concluded, a discovery request seeking "All information . . ." is overbroad. *See See* 6/28/07 Tr. at 128-29 (deeming ViewSonic's RFP 128 improper). Similarly, Defendants' proposed deposition topics are overbroad and improper. In an attempt to make the topics appear less objectionable, without reducing their improper scope, Defendants have now replaced "All" with "The facts concerning." *See, e.g.*, Topics 3(b), 3(d) & 3(e). Yet, there is no limit on which "facts" or on the remainder of the topic, so that the scope of the topics currently include "all facts concerning", for example, LPL's entire "customers, distributors, suppliers, and resellers to whom" LPL has "disclosed, marketed, shipped, imported, transferred, sold, and/or distributed" products (Topic 3(b)), and LPL's entire "distributors, suppliers, channels, and networks through which you have, directly by you, for you or on your behalf, marketed, shipped, imported, transferred, sold, and or distributed" products (Topic 3(d)). These topics, and similarly worded topics, are improper. *See, e.g.*, Ex. A at Topic 4(a).

Further, Defendants have combined and consolidated some subparts without reducing the scope of the overall deposition. *See, e.g.*, new Topics 1(b) and (2)(b), combining previous Topics 1(c)(d)(e) and 2(c)(d)(e); new Topics 1(d) and 2(d), combining previous Topics 1(g)(h) and 2(g)(h); new Topic 6(e), combining previous Topics 7(e) and (f). Similarly, Defendants

667391-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
August 14, 2007
Page 3

have consolidated original Topic 4 into current Topic 3, by adding the term "and/or Other LPL Product" to the subparts in Topic 3. In Defendants' original proposed topics, Topic 3 and Topic 4 focused on the same type of information, except that Topic 3 addressed "Prior Art LPL Products" and Topic 4 addressed "Other LPL Products." *See* Ex. A. Now, however, Defendants simply added the term "Other LPL Products" throughout Topic 3.

Similarly, Defendants create the misimpression that Topic 5 is now stricken. In reality, Defendants merely shifted Topic 5 issues into the vacancy created in Topic 4 when Topic 4 was consolidated into Topic 3.[2] New subtopic 4(b), for example, is adapted from old Topics 5(b) and (c). New subtopic 4(c) comes directly from old Topic 5(e), but is expanded. The remaining scope of Topics 5(a) through (r), moreover, is apparently intended to be captured in a new, catch-all Topic 4(a) that refers to all "Facts concerning any" reasonable royalty "based on the structure, function, sales, costs, profits, return on investment, lost sales, customer demand *and/or any other relevant factor associated with* the LPL Prior Art Products, LPL Other Products, and/or Flat Panel Display Product using, arranged to use, capable of employing, and/or embodying any LPL Product.or LPL Other Product." This Topic is impermissibly vague and facially overbroad. Further, LPL already produced a witness on these issues for two days of deposition.

Defendants' Definitions Make the Topics Unreasonable and Ambiguous

The proposed definitions create additional problems. The terms "Prior Art Product" and "Other LPL Product", for example, cover one hundred or more products regardless of whether they could be relevant to this case, or and regardless of whether LPL produced documents for those products. *See* Ex. A, Definitions, ¶¶17-18. Further, the definitions for these terms are now revised to include testimony based on when products were "conceived" by LPL. *See id.* LPL should not have to determine conception dates for each of its products, nor should Defendants be permitted to examine LPL concerning every top selling product that LPL "conceived" or "made" or "marketed" or "sold" or "distributed" or "offered for sale" each year. This approach is burdensome, unnecessary, and contrary to LPL's actual document production.

LPL has produced certain documents (primarily drawings and specifications) with respect to various products sold since before 1999. With respect to post-1999 products, LPL produced those types of documents for certain top-selling products, excluding by agreement products made for cellular phones or other small size applications. *See* 7/13/07 Tr. at 14 (production to focus on products for laptops, monitors, and televisions). Also, LPL's production for top sellers for each year was based on sales, regardless of the (likely unknown) dates of marketing, conception, etc.

ViewSonic's proposed scope of deposition thus disregards the nature of LPL's document production and appears calculated to create new disputes on irrelevant side issues, such as the time period when LPL actually "conceived" or "marketed" each and every top product ever sold by LPL. LPL should not be deposed concerning products beyond the scope of the document

---

[2] Defendants likewise have essentially repackaged and renumbered what were originally proposed Topics 6, 7, 8, and 9 as new proposed Topics 5, 6, 7, and 8. Defendants have not, however, actually dropped any of those topics. Defendants have made minor revisions to certain subparts, preserving the overbroad scope of the deposition.

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
August 14, 2007
Page 4

production. Further, if LPL was not able to locate any information concerning a top selling product for a given year, it would be unfair for Defendants to use the lack of available information as a basis to harass a witness. If LPL was unable to find documents regarding a specific product, LPL will not be able to produce a witness to discuss specific, detailed information regarding such products. LPL's engineers cannot be expected to memorize documents that do not exist, even if they previously existed, and it would be an exercise in futility for LPL to be deposed on unavailable records.

Accordingly, Defendants' proposed definitions of the terms "Prior Art Product" and "Other LPL Product" -- and corresponding topics -- are blatantly overly broad and should be rejected.[3] In addition, these terms are now defined in a way that appears to assume incorrectly that all possible fastening elements are used for "front mounting", "side mounting" and/or "rear mounting" as relevant to this case. Defendants' use of ambiguous terms could be unfairly intended to force LPL to testify about infringement, validity, or enforceability, contrary to the parties' agreement to defer such issues to expert testimony. Similarly, ViewSonic strenuously argued that its deposition testimony could not be construed as an admission concerning any claim terms. *See* 8/13/07 Submission at Ex. G, pp. 39-43. Likewise, Defendants should not be using claim terms (e.g., "fastening part") in the Topics to establish LPL's position on claim terms or contentions with respect to validity, infringement, or enforceability. *See id.* at Ex. G, pp. 25-27 & 37-38 (agreement to defer these issues to experts and claim construction briefing).

For the reasons set forth above and in LPL's August 13 submission, LPL submits that Defendants' proposed topics are improper and are not limited to new issues related to LPL's recent document production. LPL respectfully requests that Your Honor not require further deposition testimony from LPL, or, alternatively, limit any further deposition to one day and to discrete issues. In particular, LPL submits that:

1.  LPL should not be re-deposed on topics, issues, and documents covered in Defendants' prior deposition notices and depositions of LPL (for example, damages issues);

2.  LPL should not be deposed concerning all products, but rather only regarding products identified as relevant (presumably to prior art or invalidity);

3.  LPL should not be deposed as to its positions and contentions regarding validity, infringement, and enforceability, by prior agreement (Ex. G, 3/13/07 Tr. at 25-27, 37-38);

4.  LPL should not be re-deposed concerning its customer and business relationships;

5.  LPL should not be re-deposed concerning prior document production issues; and

6.  LPL should not be deposed concerning other cases, including the NEC cases.

---

[3] Defendants also have added the term "Things" as a part of the definition of the separate term "Documents". LPL objects to this proposed expansion, which is overly broad and ambiguous.

667391-1

THE BAYARD FIRM

                            Respectfully submitted,

                            /s/ Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

667391-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 14, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand on August 14, 2007 to the above counsel and were sent by email and by U.S. Mail on August 14, 2007 to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue
Suite 2300
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

571447-1