# RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

August 15, 2007

**VIA E- FILE AND HAND DELIVERY**
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

In connection with the Tatung Defendants' motion to compel the deposition of Rebecca Rudich and LPL's motion for protective order, the Tatung Defendants wanted to bring to Your Honor's attention their recent proposal to LPL, which they believe is a reasonable compromise under the circumstances, but which LPL rejected outright.

As Your Honor knows, within the last several weeks, LPL finally produced technical documents regarding its own products. A review of these documents led to the discovery that the LG LC056N1 LCD module, which has rear mounting features, was on sale in 1996 (as shown by LPL documents) and is therefore highly material prior art to the Patents-in-Suit that should have been disclosed during prosecution. LPL's recent document productions have raised new issues regarding inequitable conduct, especially because it appears that LPL had gathered, reviewed and produced those documents in its litigation with NEC Corporation during the exact time frame that the Patents-in-Suit were being prosecuted. Based on these newly discovered facts, it has become even more imperative that the Tatung Defendants have an opportunity to depose LPL's prosecuting attorney, that is, the attorney at the McKenna firm who is familiar with the firm's policies and procedures regarding patent prosecution and disclosure of prior art and who played a substantial role in prosecuting the Patents-in-Suit.

Until the August 13, 2007 hearing, the Tatung Defendants believed that the appropriate witness was Rebecca Rudich, whose declaration in this case stated that she is involved in prosecution activities relating to the Patents-in-Suit and is the senior partner in charge of all prosecution work. At the August 13, 2007 hearing, however, Ms. Brzeynski suggested for the first time that while Ms. Rudich has worked in that capacity for the past several years, she worked in a different capacity as an associate during the time the Patents-in-Suit were being prosecuted. Ms. Brzeynski also suggested that Ms. Rudich is not the appropriate witness to testify about prosecution of the Patents-in-Suit or the McKenna firm's policies regarding patent prosecution for the time frame in question.

In light of these revelations, on August 13, 2007, the Tatung Defendants sent a letter to LPL proposing the following compromise:

1) The Tatung Defendants will withdraw their request that Your Honor review in camera certain communications and documents identified in LPL's privilege log as having been sent from or to Ms. Rudich.

2) McKenna will make Ms. Rudich available for deposition limited to questions relating to the '079 continuation application, which LPL concedes is being prosecuted by Ms. Rudich.

3) In lieu of making Ms. Rudich available on other topics, McKenna will provide an appropriate Rule 30(b)(6) witness for deposition. The topics to be addressed at this deposition will include (a) McKenna's policies and procedures relating to patent prosecution during the time frame that the Patents-in-Suit were being prosecuted; (b) any policies and procedures implemented by McKenna to ensure that its prosecuting attorneys and clients comply with their duty of candor to the Patent Office during the time frame that the Patents-in-Suit were being prosecuted; (c) the custom and practice employed by McKenna prosecution attorneys in connection with obtaining, investigating, evaluating and disclosing prior art; (d) the prosecution of the Patents-in-suit; and (e) whether any McKenna attorneys were involved in any capacity in the NEC litigation. (*See* Exh. A.)

LPL rejected this proposal on August 14, 2007. (*See* Exh. B.) LPL contends that it is too late for the Tatung Defendants to depose McKenna because the discovery cutoff has passed. This position, of course, is extremely disingenuous because LPL chose to wait until after Your Honor's issuance of the claim construction rulings to produce highly relevant technical documents relating to its own products. The Tatung Defendants simply did not know about the materiality of the LG LC056N1 reference until three weeks ago. Moreover, relying on Ms. Rudich's declaration, the Tatung Defendants believed that they had subpoenaed the appropriate witness before the close of fact discovery. LPL now claims, long after the close of fact discovery, that Ms. Rudich is not the appropriate witness after all. If that is true, then LPL and McKenna should be required to produce an appropriate witness for deposition.

LPL also mistakenly contends that the Tatung Defendants are seeking these depositions in order to harass LPL and to delve into attorney-client privileged communications. That is simply not true. Prosecuting attorneys are routinely deposed in cases in which inequitable conduct of the patentee has been raised. Indeed, courts have ordered depositions of prosecuting attorneys even in situations where the attorneys also were acting as litigation counsel. *See, e.g., Alcon Laboratories, Inc. v. Pharmacia Corp.*, 225 F.Supp.2d 340, 344 (S.D.N.Y. 2002) (holding that "the prosecuting attorney's mental impressions are crucial to any claim of inequitable conduct" and the prosecuting attorney must submit to a deposition even if he has no non-privileged information so that "'his lack of knowledge may be tested and any claimed privilege placed on the record.'"); *Environ Products, Inc. v. Total Containment, Inc.*, 1996 WL 494132 at *4 (E.D. Pa. 1996) (denying motion for protective order on grounds that prosecuting attorney has information relevant to inequitable conduct defense).

The Tatung Defendants believe that their proposal is reasonable because it will obviate the need for LPL to submit privileged documents for in camera review, it will spare Your Honor the need to review potentially voluminous documents, Ms. Rudich will not be burdened with an extensive deposition and will be required to testify only about what LPL concedes she knows (*i.e.*, prosecution of the '079 application), and the Tatung Defendants will have a meaningful opportunity to explore the issue of inequitable conduct, and in particular, the recently disclosed prior art, with an appropriate witness. Accordingly, the Tatung Defendants respectfully request that Your Honor consider this approach.

Respectfully,

Frederick L. Cottrell, III, by Jameson A.L. Tweedie (#4927)

Frederick L. Cottrell, III (#2555)

FLC,III/afg
Enclosures

cc:  Clerk of the Court (By Electronic Filing)
All Counsel of Record (via electronic mail)