# EXHIBIT A

# Greenberg
# Traurig

Valerie W Ho
Tel 310 586 7841
Fax 310 586 7800
HoV@gtlaw.com

August 13, 2007

<u>Via E-Mail and U.S. Mail</u>

Cass Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re: *LG Philips LCD Co., Ltd. vs. ViewSonic Corporation, et al.*
    Delaware District Court, Case No. 04-343 JJF

Dear Cass:

As Ms. Brzeynski is on vacation, we are directing this letter to your attention. In light of LPL's recent document productions, including disclosure of the LG LC056N1 module, it has become necessary for us to depose the attorney at McKenna, Long & Aldridge who is familiar with the firm's policies and procedures regarding patent prosecution and who played a substantial role in prosecuting the Patents-in-Suit. Until today's hearing, we believed the appropriate witness was Rebecca Rudich, whose declaration stated that she is involved in prosecution activities relating to the Patents-in-Suit and that she is the senior partner in charge of all prosecution work. At today's hearing, however, Ms. Brzeynski suggested for the first time that while Ms. Rudich has worked in this capacity for the past several years, she worked in a different capacity as an associate during the time the Patents-in-Suit were being prosecuted. Ms. Brzeynski further represented that Ms. Rudich is not competent to testify regarding prosecution of the Patents-in-Suit or the firm policies regarding patent prosecution for the time frame in question.

In light of Ms. Brzeynski's statements today, we propose the following compromise:

1) LPL will not be required to submit documents from its privilege log for in camera review;

2) McKenna will make Ms. Rudich available for a short deposition limited to questions relating to the '079 patent application;

3) In lieu of making Ms. Rudich available on other topics, McKenna will provide an appropriate Rule 30(b)(6) witness for deposition. The topics will include McKenna's policies and procedures relating to patent prosecution, any policies and procedures implemented by McKenna to ensure that its prosecuting attorneys and clients comply with their duty of candor to the Patent Office, the custom and practice employed by McKenna prosecution attorneys in connection with obtaining, investigating, evaluating and disclosing prior art, the prosecution of the Patents-in-Suit, and whether any McKenna attorney was involved in any capacity in the *LG*

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO
TYSONS CORNER
WASHINGTON D.C.
WEST PALM BEACH
ZURICH

LA 126905449v2 8/13/2007
Greenberg Traurig LLP | Attorneys at Law | Los Angeles Office | 2450 Colorado Avenue | Suite 400E | Santa Monica CA 90404
Tel 310 586 7700 | Fax 310 586 7800

www.gtlaw.com

Cass W. Christenson, Esq.
August 13, 2007
Page 2

---

*Philips LCD Co., Ltd. v. NEC Corporation* litigation. We, of course, are amenable to discussing the topics in more detail with you.

Please let us know if this proposal is acceptable to LPL and McKenna by the close of business on August 14, 2007. If the parties cannot reach agreement, we intend to bring this proposal to the Special Master's attention at the August 16, 2007 hearing.

Very truly yours,

Valerie W. Ho

cc:    Counsel on service list (via email)

# EXHIBIT B

Albany
Atlanta
Brussels
Denver
Los Angeles

**McKenna Long & Aldridge**LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

August 14, 2007

VIA E-MAIL AND U.S. MAIL

Scott Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071

Valerie W. Ho, Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

      Re:    *LG.Philips LCD Co., Ltd. v. Tatung, et al.*,
             **Civil Action No. 04-343 (JJF)**

Dear Scott and Valerie:

    I write in response to Valerie's August 13, 2007 letter (received today) and ViewSonic's August 13, 2007 status report.

    Valerie's August 13 letter purports to demand that LPL agree to a deposition of McKenna Long & Aldridge LLP ("MLA"), as patent prosecution counsel for LPL on certain topics, and to produce Ms. Rudich for a limited deposition only regarding the '079 patent application. The proposed deposition topics to which you refer continue to expand even after yesterday's hearing, and we object to Tatung's ongoing effort to add deposition topics for Ms. Rudich's deposition (or for MLA in her place). Also, as discussed in yesterday's hearing, we do not agree with Tatung's position regarding the import of the documents listed in LPL's privilege log. If Tatung still seeks submission of any privilege log documents, please specify immediately which documents as discussed in yesterday's hearing. We also dispute Tatung's request for a deposition of Ms. Rudich. I will not take the time to respond to your characterizations of Ms. Brzezynski's statements regarding Ms. Rudich, except to point out that the transcript sets forth what was and was not discussed. Tatung's new request for a deposition of MLA, on new issues, is untimely and harassing. Tatung appears intent on pursuing baseless discovery and intruding into the protected attorney-client relationship between LPL and MLA. Throughout this case, and after asserting an inequitable conduct defense, Tatung never once requested such a deposition of

Scott Miller, Esq.
Valerie W. Ho, Esq.
August 14, 2007
Page 2

patent prosecution counsel or MLA during the discovery period. Discovery is now closed. It is unfair and unnecessary for Tatung to seek to pursue additional depositions, particularly depositions of counsel. Tatung has known of the patent prosecution attorneys for the asserted patents and Tatung identified those attorneys in Tatung's initial disclosures years ago. We object to any new attempt to depose MLA now. We further object to your threat to raise this issue at the August 16, 2007 hearing. The August 16 hearing is scheduled to address other pending matters. You have not discussed this issue with us pursuant to Local Rule 7.1.1, nor is there any pending submission to the Special Master concerning a deposition of MLA.

With respect to ViewSonic's August 13 status report seeking a further deposition of LPL, we continue to object to the proposed deposition topics for the reasons summarized in our August 13 submission and our supplemental submission filed today. In addition, we object to ViewSonic's proposed deposition date of August 21, 2007, which is an arbitrary date that was never discussed with us. Indeed, yesterday was the first time that ViewSonic proposed this date, and no scheduling issues have ever been discussed with us. LPL could not possibly produce a witness in the United States for deposition only five business days from now, and three business days after the Special Master addresses LPL's objections to the proposed deposition topics. Deposition dates and logistics can be discussed, if necessary, after the Special Master addresses the parties' competing positions on the substantive issues. Any scheduling, of course, would need to take into account the calendars of counsel for all parties and any witness(es), and will require sufficient time to prepare as well. LPL reserves all rights and objections concerning these issues, including any appeal rights.

Sincerely,

Cass W. Christenson

cc:    Counsel of Record (via email)