# Exhibit D



**BLANK ROME LLP**
COUNSELORS AT LAW

Phone:   (302) 425-6410
Fax:     (302) 428-5132
Email:   Poppiti@BlankRome.com

March 23, 2007

**BY CM/ECF and EMAIL**

Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Ave., Suite 900
P.O. Box 25130
Wilmington, DE 19899

Frederick L. Cottrell, Esquire
Anne S. Gaza, Esquire
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

Jeffrey B. Bove, Esquire
Jaclyn M. Mason, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

Re:   *LG. Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*;
      C.A. No. 04-343 (JJF)

Dear Counsel:

This will serve as my Report and Recommendations regarding the February 20, 2007 letter submission by Tatung Company and Tatung Company of America, Inc. (collectively, "Tatung"), together with the related submissions of the parties and the discussion held on the record during the March 8, 2007 discovery conference. Tatung's submission (i) raises concerns as to whether counsel for LG. Philips LCD Co., Ltd. ("LPL") is in compliance with the Protective Order entered in this case, and (ii) seeks relief from any requirement that Tatung continue to produce confidential information.

The Special Master has reviewed *in camera* certain documents identified by Tatung from LPL's Privilege Log to ascertain whether there is any indicia that confidential information produced to LPL's trial team pursuant to the Protective Order in this case has been shared with LPL's patent prosecution counsel. The documents identified by Tatung for review, and inspected by the Special Master *in camera*, are: Privilege Log Document Nos. 58-60, 62-69, 120, 311, 312, 315, 319-321, 341-342, 344-346, 351, 361-363, 368, 372-376, 378, 390-395, 397-398, 411, 426 and 430-431.

In connection with this review, the Special Master has also reviewed the declarations of LPL counsel Rebecca Rudich and Matthew Bailey, both senior partners at the law firm of McKenna Long & Aldridge, as well as the declarations of associate attorneys Derek Auito, Michael Angert and Jennifer Davis of the same law firm.



Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
Frederick L. Cottrell, Esquire
Anne S. Gaza, Esquire
Jeffrey B. Bove, Esquire
Jaclyn M. Mason, Esquire
March 23, 2007
Page 2

    These declarations specifically aver that appropriate procedures are in place at the law firm of McKenna Long & Aldridge (hereafter "MLA") to ensure that no MLA attorney who prosecutes patents relating to flat panel display technology either receives or reviews confidential information produced in the present litigation. Briefly summarized, those procedures require all attorneys to review and comply with the Protective Order in this case by, among other things, keeping litigation and patent prosecution files separate and by password protecting access to the Summation software used in the litigation.

    Based on the Special Master's careful *in camera* review of each of the documents identified from LPL's Privilege Log, including the attachments and enclosures thereto, the Special Master concludes that there is no evidence whatsoever that LPL's counsel has violated the Protective Order entered in this case.

    Finding no violation of the Protective Order, the Special Master further concludes that Tatung should immediately resume production of its information responsive to discovery in this case.

    As a final matter, the Special Master concludes that there is no justification for shifting the costs associated with the Special Master's consideration of this matter and, therefore, each party shall bear its own costs.

ENTERED this
23rd day of March, 2007

Vincent J. Poppiti (DSBA No. 100614)
Special Master