Exhibit I

# Greenberg Traurig

Valerie W. Ho
Tel 310.586.7841
Fax 310.586.7800
HoV@gtlaw.com

August 13, 2007

<u>**Via E-Mail and U.S. Mail**</u>

Cass Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:  *LG Philips LCD Co., Ltd. vs. ViewSonic Corporation, et al.*
     Delaware District Court, Case No. 04-343 JJF

Dear Cass:

As Ms. Brzeynski is on vacation, we are directing this letter to your attention.  In light of LPL's recent document productions, including disclosure of the LG LC056N1 module, it has become necessary for us to depose the attorney at McKenna, Long & Aldridge who is familiar with the firm's policies and procedures regarding patent prosecution and who played a substantial role in prosecuting the Patents-in-Suit.  Until today's hearing, we believed the appropriate witness was Rebecca Rudich, whose declaration stated that she is involved in prosecution activities relating to the Patents-in-Suit and that she is the senior partner in charge of all prosecution work.  At today's hearing, however, Ms. Brzeynski suggested for the first time that while Ms. Rudich has worked in this capacity for the past several years, she worked in a different capacity as an associate during the time the Patents-in-Suit were being prosecuted.  Ms. Brzeynski further represented that Ms. Rudich is not competent to testify regarding prosecution of the Patents-in-Suit or the firm policies regarding patent prosecution for the time frame in question.

In light of Ms. Brzeynski's statements today, we propose the following compromise:

1)  LPL will not be required to submit documents from its privilege log for in camera review;

2)  McKenna will make Ms. Rudich available for a short deposition limited to questions relating to the '079 patent application;

3)  In lieu of making Ms. Rudich available on other topics, McKenna will provide an appropriate Rule 30(b)(6) witness for deposition.  The topics will include McKenna's policies and procedures relating to patent prosecution, any policies and procedures implemented by McKenna to ensure that its prosecuting attorneys and clients comply with their duty of candor to the Patent Office, the custom and practice employed by McKenna prosecution attorneys in connection with obtaining, investigating, evaluating and disclosing prior art, the prosecution of the Patents-in-Suit, and whether any McKenna attorney was involved in any capacity in the *LG*.

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

BRUSSELS

CHICAGO

DALLAS

DELAWARE

DENVER

FORT LAUDERDALE

HOUSTON

LAS VEGAS

LONDON

LOS ANGELES

MIAMI

MILAN

NEW JERSEY

NEW YORK

ORANGE COUNTY

ORLANDO

PHILADELPHIA

PHOENIX

ROME

SACRAMENTO

SILICON VALLEY

TALLAHASSEE

TAMPA

TOKYO

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

ZURICH

LA 126905449v2 8/13/2007

Greenberg Traurig, LLP | Attorneys at Law | Los Angeles Office | 2450 Colorado Avenue | Suite 400E | Santa Monica, CA 90404
Tel 310.586.7700 | Fax 310.586.7800

www.gtlaw.com

Cass W. Christenson, Esq.
August 13, 2007
Page 2

_____

*Philips LCD Co., Ltd. v. NEC Corporation* litigation.  We, of course, are amenable to discussing the topics in more detail with you.

Please let us know if this proposal is acceptable to LPL and McKenna by the close of business on August 14, 2007.  If the parties cannot reach agreement, we intend to bring this proposal to the Special Master's attention at the August 16, 2007 hearing.

Very truly yours,

Valerie W. Ho

cc:    Counsel on service list (via email)

Greenberg Traurig, LLP