# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA
COUNSEL

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

August 28, 2007

## REDACTED - PUBLIC VERSION

<u>VIA E- FILE AND HAND DELIVERY</u>
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   <u>LG.Philips LCD Co., Ltd. v. ViewSonic et al.</u>, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

At the hearing yesterday, Your Honor granted the Tatung Defendants' motion to compel a Rule 30(b)(6) witness from McKenna, Long & Aldridge ("MLA") respecting alleged prior art disclosed in LPL's recent supplemental document production. This letter is directed to the outstanding issue of the extent to which the Tatung Defendants are entitled to question the MLA witness concerning the LG 500 LC monitor (the "500 LC"), which was discovered by the defendants before the recent document production.

LPL's argument is that the Tatung Defendants should be precluded from exploring any issues regarding 500 LC because they knew about that product before the discovery. The Tatung Defendants were aware of the existence of the 500 LC and, indeed, as set forth below, questioned LPL's Rule 30(b)(6) witness about that product. The 500 LC is invalidating only if LPL's argument that a LCD bracket or "tray" is the first frame is sustained. Thus, <u>alone</u>, the 500 LC reference, in Tatung's view, did not justify the deposition of MLA. However, <u>the combination</u> of the recently produced Lucky Goldstar reference <u>and</u> the omission of the 500 LC from the most recent MLA supplemental disclosure statement filed with the PTO in connection with the '079 Application, now make the issues respecting the 500 LC far more probative of the issue of inequitable conduct.

Taken together, the newly disclosed Lucky Goldstar Module, which teaches mounting elements solely on the back of the first frame of the LCD device and the 500 LC monitor, which teaches screws inserted through the back of the casing into the LCD bracket or "tray," corroborate the Tatung Defendants' inequitable conduct defense. The Tatung Defendants are entitled to discovery on this defense by inquiring about the 500 LC, as well as the newly disclosed alleged prior art.

RLF1-3194795-1

REDACTED

, the Tatung Defendants are entitled to depose the prosecuting attorneys to determine (1) what MLA did to locate prior art, (2) whether MLA was aware of the 500 LC product, and (3) why that product was not produced during the prosecution of the patents in suit and the IDS filed in connection with the '079 Application

Finally, exploration of the 500 LC issues falls within the purview of the first noticed deposition topic. That topic seeks information from the Rule 30(b)(6) witness regarding MLA's prosecution policies and procedures. Given that Lora Bryzenski recently represented MLA's practice is to list **all** alleged prior art produced during supplemental discovery, the Tatung Defendants should be allowed to ask why McKenna varied this procedure by omitting the 500 LC from the recently filed IDS.

For all these reasons, the Tatung Defendants respectfully submit that they are entitled to explore issues regarding the 500 LC monitor at the MLA Rule 30(b)(6) deposition.

Respectfully,

*Anne Shea Gaza*
Anne Shea Gaza (#4093)

ASG/afg
Enclosure
cc: Clerk of the Court (By Electronic Filing)
All Counsel of Record (via electronic mail)