# THE BAYARD FIRM
A  T  T  O  R  N  E  Y  S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com

302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS
(302) 429-4208
rkirk@bayardfirm.com

FILED ELECTRONICALLY

September 4, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:  *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

On behalf of LPL, I respectfully write to state briefly the basis of several comments and concerns that LPL has expressed regarding the proposed form of Report and Recommendation related to a further deposition of LPL that was sent to you by ViewSonic's counsel earlier today. The submission from ViewSonic did not include LPL's comments. I am attaching a redlined version of ViewSonic's proposal that shows the additions and deletions LPL proposed but that defendants rejected.

LPL's changes to paragraph 2 clarify that the rulings were made orally on the record, not in a written report or order. The scope of document production was addressed on July 13. Also, LPL clarifies that Your Honor did not specifically determine a scope of sample production, but expected counsel to discuss and resolve that issue.

LPL's proposed deletion of paragraph 3 and the fourth sentence of paragraph 9 are to avoid making incorrect "findings" suggested by ViewSonic that were not addressed in depth during the hearings. In response to a question from Your Honor, LPL's counsel agreed that LPL documents could, in theory, have been produced earlier in the case. LPL has not, however, improperly withheld documents for purposes of delay, as implied by the language proposed by ViewSonic. Indeed, as LPL has repeatedly explained to ViewSonic in discussing this proposed report, there are many facts and circumstances bearing upon the timing of LPL's production (including, for example, the different requests propounded at different stages of the case, the motions and hearings related to those requests, Your Honor's determination that a ruling on technical discovery would issue after claim construction, etc.) LPL respectfully requests an opportunity to be heard before any "findings" on the timing of LPL's production, but this seems unnecessary for purposes of Your Honor's present Report on a further deposition of LPL.

LPL's proposed addition to paragraph 4 recites the most relevant example of when the issue of supplemental discovery from LPL was addressed and provides context.

669241-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
September 4, 2007
Page 2

     LPL's proposed addition to paragraph 6 simply points out another of the grounds raised by LPL in response to the request for further deposition.

     LPL's proposed deletion in paragraph 9 is for the same reasons discussed above concerning paragraph 3.

     LPL's proposed addition to paragraph 10 is intended to provide a deadline for the clarification of topics required by Your Honor, rather than leaving the time to Defendants' discretion.

     LPL's proposed changes to paragraph 11 are to confirm the limited scope of the deposition and Your Honor's expectation that objections could preclude responses to questions, if beyond the scope, subject to rulings from Your Honor concerning any disputes. This is consistent with Your Honor's statements in the August 16 hearing, when you confirmed that the same objections and instructions would be permitted at the LPL deposition as would be permitted at the deposition of Ms. Rudich. See, e.g., 8/16 Tr. at 59-60 (LPL deposition); 8/13/07 Tr. at 39 (Rudich deposition). We also attempted to make clear the limited scope of the deposition, consistent with Your Honor's repeated statements in prior hearings. See, e.g., 8/16 Tr. at 57-58, 78; 8/17 Tr. at 17, 25-26. Notably, in all prior drafts until late this afternoon, ViewSonic objected to putting any limitation in the Report limiting the scope of the deposition, and LPL is thus concerned that further disputes could arise without a proper limitation in the report.

     LPL's proposed changes in the WHEREFORE clauses are intended to reserve all of LPL's rights and objections, consistent with the record and LPL's position. Also, LPL's submission on August 21, 2007 confirmed that, while reserving its rights and objections, LPL would not contest the timing and dates, with any deposition proceeding at LPL's counsel's office in Washington. Defendants did not object to this location until August 31, when they first proposed to change that location. LPL believes that it would be appropriate to compromise on the logistical issues -- scheduling, duration, and location of any supplemental deposition.

     Respectfully submitted,

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

669241-1

CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 4, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
James D. Heisman, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand on September 4, 2007 to the above counsel and were sent by email and by U.S. Mail on September 4, 2007 to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue
Suite 2300
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

571447-1