**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>                Plaintiff,<br><br>            v.<br><br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION,<br><br>                Defendants. | Civil Action No. 04-343 (JJF) |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING FURTHER DEPOSITION OF PLAINTIFF LG.PHILIPS LCD CO., LTD.**

      This matter comes before me, as Special Master,[1] on the request of Defendant ViewSonic Corporation ("ViewSonic") to further depose Plaintiff LG.Philips LCD Co., Ltd. ("LPL") relating to recently produced documents and products. LPL opposes ViewSonic's request.

      Having read and considered the numerous papers submitted by the parties, and having heard and considered the oral arguments made, and having participated in certain discussions in the nature of "meet and confer" discussions with the consent of the parties, including during several hearings conducted on August 7, August 13, August 16, August 17, and August 27, 2007, the Special Master recommends that ViewSonic's request to depose LPL on the topics identified in attached Exhibit A hereto, be GRANTED for the reasons set forth herein and on the record.

---

[1] See The Order Appointing Special Master, dated February 25, 2005 [D.I. 178] in the above-captioned case.

**BACKGROUND**

1.    The above-captioned litigation was filed in May, 2004. Fact discovery in the above-captioned litigation officially closed March 30, 2007, with limited discovery continuing since that time. During the period that fact discovery was open, and thereafter, the Special Master has heard and resolved numerous discovery disputes between the parties to the above-captioned litigation.

2.    On June 28, 2007, the Special Master orally ruled on the record granting in part and denying in part the motion of ViewSonic compelling LPL to locate and produce various documents which had previously been requested by ViewSonic during the fact discovery period. The scope of that production was addressed in a hearing on July 13, 2007. The Special Master also ruled on the record on August 7, 2007, requiring LPL to search for and promptly report back to the Court regarding the date on which it would produce physical samples of LPL modules, based on further discussion between counsel.

3.    In the various hearings relating to discovery disputes between the parties during and after the close of the fact discovery period, the Special Master advised all parties that it was possible, if not likely, that additional discovery would be permitted after the Special Master issued his recommendations regarding claim construction if full discovery were not made during the fact discovery period. More specifically, at the April 13, 2007 hearing, the Special Master determined that issues concerning ViewSonic's disputed requests for technical discovery from LPL, including issues argued before me in February 2007, would be addressed after the claim construction decision issued in June 2007, and, depending on the claim constructions, there could be additional discovery from LPL, possibly including deposition discovery. The Special Master issued his Report and Recommendations Regarding Claim Construction on June 15, 2007.

2

4. During the proceedings with regard to this further deposition of LPL on the dates referenced above, ViewSonic argued that a further deposition of LPL was appropriate and necessary for various reasons, including but not limited to: (i) the deposition related to discovery including documents and products which had not been previously produced by LPL and about which Defendants could not properly inquire of LPL during prior depositions; (ii) the discovery including documents and products recently produced by LPL related to Defendants' defenses of invalidity of the patents-in-suit, damages LPL may seek in the form of reasonable royalties and the possible inequitable conduct by LPL in the prosecution of the patents-in-suit; and (iii) other matters within the scope of proper discovery including the credibility of witnesses previously deposed.

5. LPL opposed a further deposition on various grounds, including, but not limited to (i) fact discovery had closed and Defendants had not made an adequate showing of a need for further discovery; (ii) Defendants had produced additional discovery after their depositions; and (iii) various topics identified by Defendants were improper, including as outside the scope of proper discovery, within the scope of prior discovery during the discovery period, vague and ambiguous, unduly burdensome, and seeking expert opinion.

6. During the course of submissions and discussions concerning the deposition topics, the deposition topics originally proposed by Defendants were focused and clarified. On August 27, 2007, the Special Master heard final oral arguments with regard to these matters.

## SPECIAL MASTER'S CONCLUSIONS

7. As noted on the record, the Special Master concludes and recommends that LPL should prepare and provide one or more witnesses to testify in response to a deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure on the topics attached hereto as Exhibit A.

8.     The Special Master concludes that the discovery sought by the deposition is appropriately directed to issues related to the present litigation. Defendants could not have adequately obtained this deposition testimony previously without the documents and products which the Special Master has ordered produced. LPL's decision not to produce these documents and materials prior to an order by the Special Master compelling same thus deprived Defendants of the right to obtain the deposition testimony during previous sessions of LPL's corporate deposition pursuant to Rule 30(b)(6). Defendants have agreed to advise LPL, as promptly as reasonably possible, of any products they determine during their preparation for the deposition about which they do not intend to question a witness.

**Deleted:** Any burden on LPL in preparing and providing one or more corporate representatives to testify on the subject matters contained within the attached Exhibit A stem from LPL's decision not to produce the documents and materials prior to the previous sessions of LPL's corporate deposition, which LPL acknowledges it could have done.

9.     The Special Master concludes that the topics identified on the attached Exhibit A, given the clarifications and guidance provided during the hearings are appropriate topics and provide fair and appropriate notice to LPL of the topics on which the deposition can be conducted and the matters for which the corporate representatives must be prepared on those issues. As noted in the record, the topics are subject to: (i) the discussions relating to any proper assertion of the attorney-client privilege; (ii) the parties' preexisting agreement concerning issues exclusively deferred to expert witnesses; and (iii) other proper and customary deposition objections. Additionally, as reflected in the record, the Special Master understands that the use of the references to "commercial success" in Topic 5, "Georgia Pacific" factor in Topic 4, "defense of inequitable conduct" in Topic 7, and "the requirements of admissible evidence under the Federal Rules of Evidence" in Topic 8 is not intended to permit questions seeking legal conclusions about those issues, but rather is an appropriate "shorthand" designation to illuminate for LPL's counsel the factual inquiries that are properly within the scope of the deposition notice and on which the witness must be prepared. No later than September 12, 2007, Defendants shall

**Deleted:** As they prepare for the deposition

4

advise LPL of particular Georgia Pacific factors about which they do not expect to question a witness and advise LPL of any particular rules of evidence that may form the basis of factual questioning.

    10.    As explained on the record, the scope of the deposition is limited to discovery recently produced by LPL and issues arising out of that recent discovery.  The witness may be instructed not to answer questions outside the intended scope of the deposition.  The Special Master is available by telephone in case of deposition disputes.

    WHEREFORE, for the foregoing reasons, the Special Master concludes that ViewSonic's request to further depose LPL under Rule 30(b)(6) of the Federal Rules of Civil Procedure on the topics attached hereto as Exhibit A should be GRANTED.

    As reflected in the record, LPL has reserved its right to object to this Report and Recommendation.  Subject to LPL's right to object and appeal, the parties have agreed that available dates for the deposition to be conducted are September 19-21, 2007 and that the duration of the deposition, if permitted to proceed, shall be 21 hours of testimony time if translation is required, 14 hours if it is not.  The deposition will be taken at the offices of LPL's Counsel in Washington, D.C.

    WHEREFORE, for the foregoing reasons, the Special Master recommends that LPL be Ordered to proceed with the deposition of LPL under Rule 30(b)(6) of the Federal Rules of Civil Procedure on the topics identified in Exhibit A hereto, on the date and for the duration agreed upon without further notice being served.

Margin comments (tracked changes):
- Deleted: have agreed to
- Deleted: as early as reasonable possible
- Deleted: to
- Deleted: Finally, the scope of proper questioning of the deposition is intended to be limited to issues and/or facts tied to, associated with or stemming from the Recent Discovery and the contents thereof.  This does not mean that questions may not be asked on subjects outside of information contained in the Recent Discovery but there must be some relationship between the area of inquiry and the Recent Discovery to make inquiry beyond foundational issues.
- Deleted:  on the issues of whether the deposition should go forward and on the scope of the topics
- Deleted: T
- Deleted: parties have previously agreed that depositions of LPL
- Deleted: defendants'
- Deleted: , and the Special Master sees no reason to change that agreement here.

   **Per agreement of the parties, the Special Master's Report and Recommendation will become a final order of the Court unless objection is taken not later than September 17, 2007.**

ENTERED the _____ day  
of September, 2007        _____  
              Special Master Vincent J. Poppiti

DC:50497755.1