IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.G. PHILLIPS LCD CO., LTD., | |
| Plaintiff, | C. A. No. 04-343-JJF |
| TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, | |
| Defendants. | |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION ON THE MOTION OF TATUNG COMPANY AND TATUNG COMPANY OF AMERICA TO COMPEL THE 30(b)(6) DEPOSITION OF MCKENNA, LONG & ALDRIDGE, LLP**

This matter comes before me, as Special Master,[1] on the motion of Defendants Tatung Company and Tatung Company of America (collectively, "Tatung") to compel the 30(b)(6) deposition of counsel for L.G. Philips LCD Co., Ltd., McKenna, Long & Aldridge, LLP ("MLA"). In particular, Tatung seeks to depose MLA regarding Tatung's defense of inequitable conduct. (D.I. 768, 775, 777) Plaintiff LG Philips LCD Co., Ltd. ("LPL") opposes Tatung's request. (D.I. 773, 776).

Having read and considered the papers submitted by the parties, and having heard and considered the oral arguments made before the Special Master, the Special Master **RECOMMENDS** that Tatung's request to compel the 30(b)(6) deposition of MLA be **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth herein and on the

---

[1] The Order Appointing Special Master, dated February 25, 2005 is docketed as item number 178 in the above-captioned case.

record.[2] The Special Master also **RECOMMENDS** that LPL's request for a 30(b)(6) deposition of Greenberg Traurig LLP ("GT") and Connolly Bove Lodge & Hutz LLP ("CBLH") be **DENIED**.

## BACKGROUND

1. On February 27, 2007 Tatung issued a subpoena to Ms. Rudich, an MLA lawyer. Tatung then withdrew the subpoena to Ms. Rudich during a hearing before the Special Master on March 8, 2007. As discussed in the Special Master's Report and Recommendation on the Motion of Tatung Company and Tatung Company of America to Compel the Deposition of Rebecca Rudich, Tatung subsequently brought a motion to compel Ms. Rudich's deposition testimony and sought to expand the scope of the testimony (based on documents recently produced by LPL) to include alleged inequitable conduct.

2. In resisting the motion to compel Ms. Rudich's deposition, LPL asserted that Ms. Rudich was not involved in the prosecution of the patents-in-suit and was not the most knowledgeable individual at MLA regarding Tatung's inequitable conduct defense. (D.I. 744, 769, 773)

3. Based on LPL's representations regarding Ms. Rudich, the Tatung Defendants withdrew their request that Ms. Rudich testify regarding alleged inequitable conduct and, instead, the Tatung Defendants sought the Rule 30(b)(6) deposition of MLA regarding the prosecution of the patents-in-suit and Tatung's inequitable conduct defense.

4. On August 27, 2007, the Special Master heard final oral argument from the parties on Tatung's motion. On August 28, 2007, the parties filed simultaneous supplemental submissions regarding Tatung's motion to compel the 30(b)(6) deposition of MLA on the

---

[2] In entering this Report and Recommendation the Special Master considered the proposed form of Report and Recommendations submitted by Tatung as well as LPL's counter submittal.

specific subject of whether the Tatung Defendants should be permitted to inquire regarding the 500 LC alleged prior art. Tatung argues that the inquiry into the 500 LC is necessary as a result of the recently produced LPL documents coupled with the representations regarding Ms. Rudich's limited role with respect to the prosecution of the patents in suit. LPL contends that Tatung has know about the 500 LC product since March 2007 and never sought to depose MLA relating to same during the fact discovery period.

5.     In LPL's August 28, 2007 supplemental submission, LPL also requested that the Special Master delay entry of a Report and Recommendation relating to a deposition of MLA until after LPL is deposed and Defendants make a subsequent case for a McKenna deposition. LPL also argued in the alternative, that if the Special Master decided to enter a Report and Recommendation, the Special Master should also order the Rule 30(b)(6) depositions of Greenberg Traurig LLP and Connolly Bove Lodge & Hutz LLP on the following topics: a) Their policies and procedures relating to patent prosecution for the time frame of April 1998 to December 2002, including any policies or procedures implemented by them to ensure that its patent prosecution attorneys and clients comply with the requirements of 37 C.F.R. § 1.56; and b) The custom and practice employed by their prosecution attorneys during the time frame of April 1998 to December 2002 in connection with researching, obtaining, investigating, evaluating, and disclosing prior art to the Patent Office during prosecution. LPL has made this request because it maintains that LPL must be given an opportunity to present evidence to the jury that MLA's practices and procedures are fully appropriate and commensurate with the policies and procedures of other law firms, including Defendants' own law firms. Tatung argued, *inter alia*, that the matter is not properly before the Special Master.

## SPECIAL MASTER'S CONCLUSIONS

6. For reasons stated on the record during the August 27, 2007 hearing, the Special Master concludes that the 30(b)(6) deposition of MLA is timely sought, narrowly focused and intended to explore issues raised by LPL's recent production. It should therefore be required. In particular, Tatung should be permitted to question MLA regarding prosecution of the patents-in-suit and Tatung's inequitable conduct defense. The topics about which MLA may be questioned are those which were either agreed to by the parties or those fashioned with the Special Master's guidance.

7. The Special Master also concludes, however, that Tatung should not be permitted to question MLA about the 500 LC alleged prior art. In this regard, the Special Master is mindful that Tatung understood in March 2007 that LPL may contend that a "tray" is the "first frame" of the patents-in-suit. March 7, 2007 hearing transcript 32:16-20. (In response to LPL's arguments during the hearing Tatung specifically argued that a "tray" is not a "first frame.") Coupling this statement with Tatung's interpretation of the 500 LC, namely that, "[it] teaches screws inserted through the back of the casing into the LCD bracket or 'tray,'" (Tatung's submission dated August 28, 2007), the Special Master concludes that before fact discovery ended Tatung should have expected that the 500 LC could have potential relevance to issues of invalidity and/or inequitable misconduct. Further, the Special Master concludes that while the recent supplemental production by LPL of the Lucky Gold Star Module makes the 500 LC that much more of an attractive target for Tatung, the fact remains that it was on the radar screen before fact discovery ended. The Special Master is also not persuaded that the confusion over Ms. Rudich's role in the prosecution of the patents-in-suit should have played a significant role in Tatung's decision not to pursue the discovery of the 500 LC earlier.

8.  Finally, the Special Master is not persuaded that the deposition of MLA should be delayed until after the Rule 30(b)(6) deposition of LPL at which time it should make "another" case for the MLA deposition. The case has been made, the deposition should take place forthwith.

9.  The Special Master concludes that LPL requests to depose GT and CBLH is not appropriately before the Special Master. In this regard, the request was made in LPL's August 28, 2007 submittal which was to have been limited to a discussion of LPL's position regarding the 500 LC. LPL did not follow the procedures for submitting disputes to the Special Master (D.I. 691). While the Special Master declines to issue an advisory ruling with respect to the merits of LPL's request, the Special Master is not at the same time inviting LPL to file such an application.

**WHEREFORE**, for the foregoing reasons, the Special Master **RECOMMENDS** that Tatung's motion to compel the Rule 30(b)(6) deposition of MLA should be **GRANTED IN PART** and **DENIED IN PART**. The Special Master **RECOMMENDS** that LPL requests to take the 30(b)(6) deposition of GT and CBLH be **DENIED**.

**By agreement of LPL and Tatung the Special Master's Report and Recommendation will become a final order of the Court unless objection is taken by September 17, 2007.**

ENTERED this 5TH day of September, 2007.

_____
Vincent J. Poppiti (DSBA #00614)
Special Master