# EXHIBIT 2

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PHILLIPS, L.G., LCD CO., LTD,    )
                                 )
    Plaintiffs,                  )    C.A. No. 04-343(JJF)
                                 )
v.                               )
                                 )
                                 )
TATUNG CO., TATUNG COMPANY OF    )
AMERICA, INC., and VIEWSONIC     )
CORPORATION,                     )
                                 )
    Defendants.                  )

    Hearing of above matter taken pursuant to notice before Renee A. Meyers, Registered Professional Reporter and Notary Public, in the law offices of BLANK ROME, LLP, 1201 North Market Street, Wilmington, Delaware, on Tuesday, July 10, 2007, beginning at approximately 3:30 p.m., there being present:

BEFORE:   THE HONORABLE VINCENT J. POPPITI, SPECIAL
          MASTER

APPEARANCES:

    THE BAYARD FIRM
    RICHARD D. KIRK, ESQ.
      222 Delaware Avenue, Suite 900
      Wilmington, Delaware  19899
      for Plaintiffs

CORBETT & WILCOX
Registered Professional Reporters
230 North Market Street     Wilmington, DE 19899
(302) 571-0510
www.corbettreporting.com
Corbett & Wilcox is not affiliated
with Wilcox & Fetzer, Court Reporters

### Page 2

```
 1
     APPEARANCES (Continued):
 2
       MCKENNA, LONG & ALDRIDGE, LLP
 3     CASS W. CHRISTENSON, ESQ.
       DEREK AUITO, ESQ.
 4     CORMAC CONNOR, ESQ.
         1900 K Street, N.W.
 5       Washington, D.C. 20006
         for Plaintiffs
 6
       RICHARDS LAYTON & FINGER
 7     ANNE SHEA GAZA, ESQ.
         One Rodney Square
 8       Wilmington, Delaware 19801
         for Defendant Tatung Co.
 9
       GREENBERG TRAURIG LLP
10     FRANK MERIDETH, ESQ.
       MARK KREISMAN, ESQ.
11       2450 Colorado Avenue, Suite 400E
         Santa Monica, California 90404
12       for Defendant Tatung Company of America, Inc.
13     CONNOLLY BOVE LODGE & HUTZ LLP
       JAMES D. HEISMAN, ESQ.
14       1007 North Orange Street
         Wilmington, Delaware 19899
15       for Defendant Viewsonic Corporation
16     BINGHAM McCUTCHEN LLP
       SCOTT R. MILLER, ESQ.
17     MANUEL NELSON, ESQ.
         355 South Grand Avenue
18       Los Angeles, California 90071-3106
         for Defendant Viewsonic Corporation
19
20
21
22
23
24
```

### Page 3

 1    MR. KIRK: Richard Kirk from The Bayard Firm
 2 here in Wilmington for the plaintiff LG Phillips, LCD
 3 Company, Ltd. With me on the line from Washington, from
 4 the firm of McKenna, Long & Aldridge, are my colleagues,
 5 Cass Christenson, Cormac Connor.
 6    MR. CONNOR: Yes, and Derek Auito.
 7    MR. AUITO: For the court reporter, that's
 8 A-u-i-t-o.
 9    MR. HEISMAN: Good afternoon, your Honor.
10 Jim Heisman from Connolly Bove on behalf of ViewSonic
11 Corporation. With me on the line are Scott Miller and
12 Manuel Nelson also from Connolly Bove.
13    SPECIAL MASTER POPPITI: Thanks very much.
14    MS. GAZA: Your Honor, for the Tatung
15 defendants, it's Anne Gaza at Richards, Layton. With me
16 on the phone, I believe, are Frank Merideth and Mark
17 Kreisman from Greenberg Traurig.
18    MR. MERIDETH: I don't think that Mark has
19 joined us as of yet.
20    SPECIAL MASTER POPPITI: Should we proceed?
21    MR. MERIDETH: Yes, your Honor.
22    SPECIAL MASTER POPPITI: Let me first bring
23 everyone up-to-date on what I was able to have with
24 Judge Farnan earlier today. I was able to confirm with

### Page 4

 1 him a new trial date for March the 10th. Although there
 2 was an earlier date available, in light of the
 3 conversation I had with Judge Farnan, he thought that
 4 the date of March 10 made more sense.
 5    (Discussion off the record.)
 6    SPECIAL MASTER POPPITI: The other question
 7 that you asked me to raise with the Court was motions in
 8 limine and how Judge Farnan would intend to handle that,
 9 and given the trial date, he would handle those in the
10 normal fashion, and that would be I expect he would
11 handle them in conjunction with a pretrial conference.
12    He gave me no date for that yet because he
13 was going to be waiting for us to ramp up dates, if you
14 will, before assigning a pretrial date to the date that
15 he gave me.
16    The other question was the question of
17 dealing with inequitable conduct, and it is my
18 understanding that he will assign additional trial days
19 for that part of the trial and he would do that at the
20 end. I think those were the two questions that you
21 wanted me to raise with him, and I did that.
22    MR. CHRISTENSON: Your Honor, we appreciate
23 the update. And I think the only other question, from
24 our perspective, is there are some questions or issues

### Page 5

 1 that we have concerning inequitable conduct and to what
 2 extent it is an issue in the case, and, so, I don't know
 3 if you have any guidance for us on whether those --
 4 whether submissions regarding inequitable conduct
 5 defenses are something that should be directed to you or
 6 to the Court in the first instance?
 7    SPECIAL MASTER POPPITI: I did not ask that
 8 question, but I can certainly circle back in short order
 9 and raise that question with the Court.
10    MR. CHRISTENSON: And would it be helpful,
11 your Honor, if we submitted to you our view of what the
12 issues are that need to be addressed so that you could
13 discuss that?
14    SPECIAL MASTER POPPITI: I think that would
15 be helpful.
16    MR. CHRISTENSON: We can do that.
17    SPECIAL MASTER POPPITI: Does everyone agree
18 to that process? Does anyone disagree?
19    MR. MERIDETH: I am not exactly sure what
20 the request is.
21    SPECIAL MASTER POPPITI: I expect the
22 request is to find out from the Court whether the Court
23 will be handling any application that deals with whether
24 inequitable conduct will be part of the trial or whether

Page 6

1  it will be something that the Court would not permit;
2  didn't I understand that, Mr. Christenson?
3          MR. CHRISTENSON: That's correct, your
4  Honor.
5          MR. MERIDETH: I see. Okay. I understand.
6  No problem with that, then.
7          MR. MILLER: We don't have a problem either.
8          SPECIAL MASTER POPPITI: I think the sooner
9  that that is done the better we will be in terms of
10 fashioning the scheduling order that will bring us to
11 the trial date.
12         Can I expect or are you in a position to
13 tell me that that trial date fits with everyone's
14 schedule at this point?
15         MR. CHRISTENSON: Your Honor, we could
16 certainly check promptly on our end with the people who
17 would be impacted by that and confirm back to you, if
18 that's acceptable.
19         MR. MERIDETH: I believe that I can do
20 exactly the same thing.
21         SPECIAL MASTER POPPITI: Okay.
22         MR. MILLER: We can do the same thing.
23         SPECIAL MASTER POPPITI: We are scheduled, I
24 believe, for another conference later in the week.

Page 7

1          MR. MILLER: On Friday, your Honor.
2          SPECIAL MASTER POPPITI: Friday at 3:30.
3  Can it be done by that -- if it can be done sooner than
4  that, that's great so I can communicate with the Court
5  before Friday. If it has to wait until Friday, so be
6  it, and then I will communicate with the Court as soon
7  as our conference is over.
8          MR. MILLER: Are you saying, by "it,"
9  meaning the acceptability of the March trial date or
10 some information about the position papers?
11         SPECIAL MASTER POPPITI: The trial issues.
12         MR. MILLER: Certainly, we can get you our
13 position papers by Friday.
14         SPECIAL MASTER POPPITI: Can everyone else
15 do that as well?
16         MR. MERIDETH: Yes, your Honor.
17         MR. CHRISTENSON: Yes, your Honor. We
18 should be able to do that by Friday.
19         SPECIAL MASTER POPPITI: Okay. Then that's
20 fine. And perhaps what we should be doing, then, and if
21 you would even communicate among yourselves in advance
22 of Friday with respect to that date. We are going to
23 want to use some time on Friday to re-craft the
24 deadlines that we have in the case so that they all make

Page 8

1  sense against that trial date. Okay?
2          MR. MILLER: Very well, your Honor.
3          MR. MERIDETH: Yes.
4          MR. CHRISTENSON: Yes.
5          SPECIAL MASTER POPPITI: Now, I did receive
6  correspondence, I guess earlier today, from Mr. Heisman
7  involving your meet and confers to finally resolve
8  orders that I entered in the last -- in the -- during
9  the course of the last teleconference. I do not believe
10 that I received anything other than Mr. Heisman's
11 correspondence.
12         MR. CHRISTENSON: Yes, your Honor. This is
13 Cass Christenson for LPL. I believe that counsel for
14 ViewSonic had submitted to you copies of three letters
15 exchanged last week and we had hoped to speak with
16 ViewSonic on these issues but that has not happened as
17 of yet.
18         SPECIAL MASTER POPPITI: What's everyone's
19 pleasure? I mean, I can certainly listen to what you
20 have to say if you think that's going to be productive.
21 I can suggest that you continue to have some further
22 discussion and we can do this on Friday. I just want to
23 be productive in terms of the time that we would take,
24 whether it's today or Friday.

Page 9

1          MR. MILLER: I am happy to do either if LPL
2  believes some further communications would be useful. I
3  am just concerned that Friday, if we don't start until
4  3:30, we may not have enough time to deal with the two
5  pending matters that were on calendar then, the two
6  scheduling orders and then this issue as well. I don't
7  know if there is a chance to start earlier on Friday.
8          SPECIAL MASTER POPPITI: Let me check that.
9  Hold on one sec. I certainly can start earlier. I can
10 start as early as 1:30.
11         MR. CHRISTENSON: I think we are available
12 starting any time at 1:30 or thereafter.
13         MR. MILLER: 1:30, we could do the
14 California equivalent of 1:30.
15         MR. MERIDETH: That's acceptable.
16         SPECIAL MASTER POPPITI: I guess the
17 representation that Mr. Miller was looking for,
18 Mr. Christenson, was whether you believe that further
19 conversation would be productive.
20         MR. CHRISTENSON: I think it would, and our
21 client has been -- we have been working, obviously, with
22 our client to try to expedite the process of finding the
23 appropriate documents and producing them. The intent
24 that we have is to provide the documents that are

4 (Pages 10 to 13)

Page 10

1  sufficient to show the types of information we discussed
2  during the June 28 hearing, and we have, essentially,
3  identified two types of documents that we think would
4  provide that information, and I think that the only real
5  question at this point is whether the -- for how many
6  different products should we be producing that
7  information? So, I am happy to talk about that now with
8  you or I am happy to talk about that with Mr. Miller.
9       I think that if we treat your March -- I am
10 sorry, your June 28 rulings as the rulings that would
11 trigger a time for us to submit anything to the Court,
12 our submission to the Court, if we were unable to
13 resolve the issues, would be due on this Friday.
14      I view that only as a last resort, but I
15 wouldn't want to waive any rights by pushing our
16 conference with your Honor until Friday.
17      So, that's the only concern I have about
18 having further discussions and postponing the issues
19 until Friday. But I do think it might be useful for us
20 to have a chance to talk among counsel about the scope
21 and what our proposal encompasses because I really think
22 that we should be able to work this issue out.
23      I just don't want to waive any of my
24 client's rights, obviously.

Page 11

1       SPECIAL MASTER POPPITI: Mr. Miller.
2       MR. MILLER: Your Honor, I am obviously not
3  looking for LPL to waive rights. The one question this
4  brings to mind is whether the orders that we are talking
5  about are entered under the scheduling order powers that
6  were given to Your Honor that allowed for an appeal to
7  proceed but did not stay the production of the
8  discovery.
9       If we are in a situation where pursuing an
10 appeal to the District Court is going to further stay
11 the discovery, then, obviously, we need to get that
12 process moving sooner rather than later. If that's not
13 the case, then I would -- I don't think you had ever
14 explicitly discussed whether these were under those
15 powers or the original powers that dealt more broadly
16 with discovery which where those -- that discovery would
17 be stayed by such an appeal.
18      If we are not going to have that further
19 potential for delay, then I don't have a problem putting
20 off the day for an appeal.
21      SPECIAL MASTER POPPITI: We have not
22 discussed that, and I don't know whether we need to
23 discuss that now. I think what would make some sense,
24 in light of what you are all saying, is if you are able

Page 12

1  to resolve by Friday, that ends the issue. If it's a
2  function of my having to make some determination,
3  ultimate determination, the exception would run from the
4  time that I make an ultimate determination. I think
5  that's a fair way to approach it because my orders were
6  certainly entered. The record, I hope, is clear in
7  terms of the reason for those orders, and I expect that
8  what was being done between then and now was some
9  compromise in light of the discussion of the burden of
10 it all.
11      Is that a fair way to characterize where we
12 are at this point?
13      MR. CHRISTENSON: Yes, your Honor.
14      MR. MILLER: Yes, your Honor.
15      SPECIAL MASTER POPPITI: So I don't think
16 any rights are being compromised, and I don't -- I don't
17 think it's -- I don't think I need to give -- we need to
18 get into a discussion about what happens if exceptions
19 are ultimately taken.
20      So, with that, we will convene at -- I think
21 1:30 will give us plenty of time to address what is
22 outstanding unless you think a start time -- if we need
23 an additional half hour, 1:00 works for me as well.
24      MR. CHRISTENSON: Your Honor, do you have

Page 13

1  any sense of what time you would like to conclude by on
2  Friday?
3       THE COURT: I am hoping we can conclude
4  certainly at 5:00 if not long before that.
5       MR. CHRISTENSON: I would think that 1:30
6  would give us plenty of time. That's my view.
7       MR. MILLER: I'd be happy with that as well.
8       SPECIAL MASTER POPPITI: Okay. Let's
9  reconvene at 1:30 on Friday.
10      (The hearing was adjourned at 3:48 p.m.)

```
                                              Page 14
 1              CERTIFICATE
 2    STATE OF DELAWARE:
                         :
 3    NEW CASTLE COUNTY:
 4        I, Renee A. Meyers, a Registered Professional
 5    Reporter, within and for the County and State aforesaid,
 6    do hereby certify that the foregoing teleconference was
 7    taken before me, pursuant to notice, at the time and
 8    place indicated; that the teleconference was correctly
 9    recorded in machine shorthand by me and thereafter
10    transcribed under my supervision with computer-aided
11    transcription; that the foregoing teleconference is a
12    true record; and that I am neither of counsel nor kin to
13    any party in said action, nor interested in the outcome
14    thereof.
15        WITNESS my hand this 10th day of July A.D. 2007.
16
17
           _____
18         RENEE A. MEYERS
             REGISTERED PROFESSIONAL REPORTER
19           CERTIFICATION NO. 106-RPR
           (Expires January 31, 2008)
20
21
22
23
24
```