# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG PHILIPS LCD CO., LTD., :
:
      Plaintiff, :
: Civil Action No. 04-343-JJF
      v. :
:
TATUNG CO., TATUNG COMPANY :
OF AMERICA, INC., and VIEWSONIC :
CORPORATION, :
:
      Defendants :
:

## COMBINED INITIAL DISCLOSURES OF
## DEFENDANT TATUNG COMPANY OF AMERICA AND TATUNG COMPANY

                                        ROSENTHAL, MONHAIT, GROSS &
                                        GODDESS, P.A.
                                        Jeffrey S. Goddess (Del. Bar. No. 630)
                                        919 Market Street, Suite 1401
                                        P.O. Box 1070
                                        Wilmington, Delaware 19899-1070
                                        Tel: 302-656-4433
                                        Fax: 302-658-7567
                                        jgoddess@rmgglaw.com

OF COUNSEL:
Julian M. Baum
Robert C. Weems
BAUM & WEEMS
58 Katrina Lane
San Anselmo, CA 94960
Tel: 415-460-1791
Fax: 415-457-9157

July 29, 2005

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, the defendant Tatung Company ("TROC") and defendant Tatung Company of America ("TUS"), hereby provide Initial Disclosures. Because TROC's and TUS's respective investigation and discovery are ongoing, each reserves the right to amend or supplement its disclosures at an appropriate time.

**1.      Fed. R. Civ. P. 26(a)(1)**

Based on the limited information now available, TROC and TUS respectively identify the following individuals as likely to have discoverable information that TROC and/or TUS may use to support claims or defenses and, without limitation, general subject matters upon which TROC and/or TUS currently believe these persons may have information. TROC and TUS each reserve the right to object to the deposition or testimony of any individuals below, under the applicable rules and the inclusion herein is not a representation of such person's availability to testify nor of an ability to produce such person.

| Name/Contact Information | General Subject Matter |
|---|---|
| Vincent Liu<br>Tatung Company, through counsel | Design and Manufacture of Accused Product (L17AMTN) |
| S.Y. Tsai<br>Tatung Company, through counsel | Design and Manufacture of Accused Product (L17AMTN) |
| Huang Chin-Min<br>Tatung Company, through counsel | Design and Manufacture of Accused Product (42" Plasma TV) |
| Oliver Shih<br>Tatung Company, through counsel | Marketing and sales of Accused Products above identified by Tatung Company |
| Vincent Liu<br>Tatung Company, through counsel | Prior art including at least the Tatung L4KAS mechanical, design, manufacture |
| David Wang<br>No.11, Minle St., Sinjhuang City, Taipei County 242, Taiwan (R.O.C.) | Prior art including at least the Tatung L4KAS electrical |
| Andrew Sun<br>Tatung Company of America, through counsel | Tatung Company of America's sales and marketing of above identified accused products and of prior art |
| Jong Hwan Kim | Patents In Suit, including but not limited to |

2

| | |
|---|---|
| Kyunggi-Do, Korean Republic | purported invention, prior art, prosecution of patents-in-suit, assignment |
| Young Woo Cho<br>Kyunggi-Do, Korean Republic | Patents In Suit, including but not limited to purported invention, prior art, prosecution of patents-in-suit, assignment |
| Song Jung<br>McKenna Long & Aldridge<br>1900 K Street NW<br>Washington, DC 20006-1108<br>1.202.496.7413 | Prosecution of Patents in Suit |
| Kenneth D. Springer<br>Volentine Francos & Whitt PLLC<br>1 Freedom Square<br>11951 Freedom Dr #1260<br>Reston, VA 20190<br>(703) 715-0870 | Prosecution of Patents in Suit |
| Scott J. Hawranek<br>Nixon Peabody LLP<br>401 9th Street, NW<br>Suite 900<br>Washington DC US 20004-2128<br>202-585-8000 | Prosecution of Patents in Suit |
| Rebecca Rudich,<br>McKenna Long & Aldridge, LLP<br>1901 K Street, NW<br>Washington DC US 20006<br>202-496-7463 | Prosecution of Patents in Suit |
| John M. Kelly<br>Kelly and Tolin□18 Oak Street□, Salem NJ US 08079 □202-744-4787 | Prosecution of Patents in Suit |
| Mark Brinkerhoff, Fusion Design, 591 W. Hamilton Ave., Ste 160, Campbell, CA 95008<br>408-378-9980 | Patents-in-suit, prior art, anticipation, claim terms |
| William Bohannon, FTI Tekicon, 3031 Tech Way, Ste 1010, San Jose, CA 95126<br>408-261-8800 | Patents-in-suit, prior art, anticipation, claim terms |
| Stuart Morgan, 3 Assabet Road, Westford MA | Prior art including at least PixelVision displays |
| Brian Hotaling, 9 Jean Road, Arlington MA | Prior art including at least PixelVision displays |
| Arthur J. Flagg III, 23 East Street, Westford, MA | Prior art including at least PixelVision displays |
| Jon R. Rossman, 89 Park Road, Chelmsford, MA | Prior art including at least PixelVision displays |
| Wade Chan, | Prior art including at least CTX Panoview |

3

| | |
|---|---|
| JJ Chang, or other CTX designee 11, Li-Hsin Rd, Science-Based Industrial Park, Hsinchu, Taiwan, R.O.C | flat panel displays |
| Tim Rodd Chart House, Sandy Lane, Lyndhurst, Hampshire SO43 7DN John Wiseman, Hillsboro Beach FL Kazuhiko Yamazaki, Hiratsuka, JP | Prior art including at least IBM 9052 |
| William Lewis, Mountain View, CA William J. Schoenfield, Saratoga, CA Robert Ricommini, Saratoga, CA Vijay Char, San Jose CA | Prior art including at least Apple duo and other products or product designs |
| Rob J. Gemmell, Santa Clara CA Stephen Peart, Loc Gatos, CA | Prior art including at least Apple FPD and other Apple products or product designs |
| Tom Searby, Colorado Springs, CO. Henry Y Chin, Portland OR Jan Hippen, Portland OR David J. Hodge Bradly J. Foster Steven J. Kommrusch | Prior art including at least HP 1010a |
| Craig M. Leversult, Mountain View Michael F. McCormick, Jr., San Jose Robert J. Lajara, San Jose Alan W. Lam, Fremont Peter C.D. Ta, Hayward Howard W. Stolz, Soquel Jay K. Osborn, San Francisco Micheal S. Dann, Mountain View Ronald Barnes, Livermore | Prior art including at least Sun SPARCStation Voyager and related patents |
| Jerry Meerkatz, Vice President, PC Options Division, Compaq Computer Corporation and/or other former employees of Compaq Computer Corporation | Prior art including at least Compaq 640 and other Compaq flat panel displays |
| Michael Zapka Pearlyn Lim Tuan Ngyen Viewsonic Corp., through counsel | Prior art including at least Viewsonic 140 |
| Designee of Advantech, No. 1, Alley 20, Lane 26, Rueiguang Road, Neihu District, Taipei 114, Taiwan, R. O. C. | Prior art including at least Advantech PPC-140T |
| Hee Gook Lee Sung Yong Kang LG Electronics Inc. LG Twin Towers | Prior art, licensing |

| | |
|---|---|
| 20 Yoido-dong, Youngdungpo-gu<br>Seoul 150-721, Korea | |
| Joosup Kim<br>LG Semicon Co., Ltd.<br>16 Woomyeon-Dong, Seocho-Gu 137-140<br>Seoul 137-140, Korea | Prior art, licensing |
| Ad Huijsser<br>Bruce I. Berkoff;<br>Budiman Sastra,<br>Woo Shik Kim,<br>Sang Deog Yeo<br>Ho Lee<br>and corporate designees<br>LGPhilips LCD Co., through counsel | Prior art, marketplace representations concerning patents-in-suit, licensing, patents-in-suit, patents-in-suit family of patents; applications for patent; sales; damages allegations; infringement investigation; manufacture of FPD products and/or components |
| Mr. David Chang<br>Philips China | Prior art |
| Charles Hopper<br>Ted Wood | Prior art including at least Cockpit Displays |
| Chen, Chin-Mao; Hsintien, Taiwan | Prior art including at least US5041965: Laptop computer with detachable display for overhead projector; and other Rever Computer Inc. products |
| Hashimoto, Yoichiro; Yokohama, Japan<br>Misono, Hideo; Yokohama, Japan | Prior art including at least US Patent 5,119,204: Liquid crystal television set having driving circuit on peripheral portion and method of fabrication of image display section; Hitachi, Ltd., Tokyo, Japan |
| Ma, Hsi-Kuang; 4F, No. 48, Sec. 2, Chung Cheng Rd., Taipei, Taiwan | Prior art including at least US Patent 5,570,267: Flat display module |
| Tsutomu Toyoshima<br>Fujitsu General Ltd., Japan | Prior art including at least Japanese Patent 08-268137 |
| Kazuhiro Mizutani<br>Fujitsu General Ltd., Japan | Prior art including at least Japanese Patent 09-190156 |
| Kiyotaka Naitoh<br>Sumitomo Wiring Systems, Ltd., Japan | Prior art including at least Japanese Patent 05-188810 |
| Mike Zapka<br>Twon Wen<br>Per Lim<br>Viewsonic Corp., through counsel | Viewsonic operations and prior art at least as reflected in prior testimony herein |
| Satoshi (Sam) Matsuno and/or other current or former employees of Display Search | Prior art |
| Massaki Konno, Yokohama, JP<br>Shuji Ito, Yokohama, JP | Prior art including at least US Pat. 5,546,270 |
| Takeshi Minemoto, Sagamihara, JP<br>Atsuhiko Urushihara, Kokubunji, JP | Prior art including at least the Hitachi VisionDesk and/or U.S. Pat. 6,188,569) |

5

| | |
|---|---|
| Takeshi Hoshino, Kodaira, JP<br>Taisuke Kashima, Urawa, JP<br>Satoshi Hamazaki, Fujisawa, JP<br>Masaaki Hiramatsu, Ebina, JP | |
| Robert R. Crockett,<br>Central, S.C. | Prior art including at least US Pat. 5,363,276 |
| Per Hogdahl, Palm Beach Gardens, FL<br>William Hart, Lake Park, FL<br>Charles Krallman, Singer Island, FL<br>Kenneth Shaw, Palm Beach Gardens, FL | Prior art including at least US Pat. 5,264,992 |
| Robert C. McKillip, Seal Beach, CA | Prior art including at least US Pat. 5,272,601 |
| Hideaki Fujimori, Tokyo<br>Tetsu Ishikawa, Tochigi<br>Yoshihisa Tamura, Grunma<br>Minoru Imaizumi, Saitama | Prior art including at least US Pat 5,379,182 |
| Glenn D. Bonsall, Vancouver<br>Ezra T. Peachey, Vancouver<br>Gary O Kaga, West Vancouver | Prior art including at least US Pat 5,636,101 |
| H. Douglas Johns, Atlanta, GA<br>Nicholas G. Forlenza, Marietta, GA<br>Gregory K. Adams, Roswell, GA<br>Jeffrey M. Reents, Atlanta, GA<br>Michael C. Mayne, Conyers, GA<br>Carl R. Spoeth, Bayonet Point, FL | Prior art including at least US Pat 5,835,343 |
| Harry C. Sweere, Minneapolis, MN<br>Michael D. Gonnerman, Eagan. MN<br>Donald M. Voeller, Eagan, MN | Prior art including at least Ergotron, Inc. supported products |
| Jeff Salazar and other current or former employees of Lunar Design<br>541 Eighth Street.<br>San Francisco, CA 94103. | Prior art including at least certain Hewlett Packard Products and Apple Computer Products |
| Tim Brown and other current or former employees of IDEO<br>100 Forest Ave<br>Palo Alto, CA 94301 | Prior art including at least certain Samsung FPD Products |
| John Grundy<br>Holly Wells | Prior art including at least 300Xa Super-TFT 13.3-inch Nokia LCD Display |
| Harada, Yoshinori; Osaka, Japan<br>Takami, Mitsuru; Osaka, Japan<br>Usui, Shigeo; Osaka, Japan | Prior art including at least US Des. Patent 356077: Monitor television receiver |
| Marina J. Falkner, Arlington MA | Prior art including at least US Des. Patent 328,291 Digital Equipment Corp |

6

TROC and TUS respectively are further informed and believe that in addition to those listed above, current and former employees of the law firm McKenna, Long & Aldridge and its predecessors and of Loeb & Loeb will likely have discoverable information related to the patents-in-suit, prior art and prosecution of the patents-in-suit.

TROC and TUS respectively are further informed and believe that current and former employees of at least the following companies and their affiliates, whether now operating or dissolved, will likely have discoverable information related to relevant prior art which prior art may invalidate the patents-in-suit or claims thereof, effect construction of such claims or otherwise be relevant to issues presented by this action: Acer Peripherals; ADI; Advan; Advantech; Akia; Apple Computer; Artworks; Asuko Co.; AST; Aydin Displays; BARCO Display Systems; Batron (Data Modul); Canon Inc.; Compal (Sceptre); Compaq; CTX Opto; DEC; Dell Computer; Dolch Computer Systems; Dynapro Techonologies (3M); Eaton; Eizo Nanao; Electro-Plasma; Ergotron, Inc.; Fujitsu Ltd.; Fujitsu-Siemens; Hitachi Ltd.; Hewlett Packard; IBM; IDEO; Iiyama Electric; FED Corp (eMagin Corp); Kent Digital Science (Kent Displays); Keycorp; Korea Computer; Korea Data Systems (KDS); LG Electronics; LG Philips LCD; Lunar Design; MAG Innovision; Matsushita Electric Industrial Co.; MELCO; Microvitec; Mitsubishi Electric; Monorail, Inc.; NCR Corporation; NEC Technologies; Nokia; Panasonic; Philips; PixelVision; Photonics Imaging (Photonics System); Planar Systems; Plasmaco; Princeton Graphics; Rever Computer Inc.; Rockwell International Corporation; SAMPO Corporation; Samsung; Sharp; Siemens; Sun Microsystems, Inc.; Sumitomo; Symbol Technologies; Tatung; Taxan; Tektronix; Three-Five Systems, Inc.; Viewsonic Corporation; ViewTek; Wyse Technology; Ziba Design.

Further, TROC and TUS are respectively informed and believe that current and former employees of the following companies and their affiliates, whether now operating or dissolved, will likely have discoverable information related to relevant prior art which prior art may invalidate the patents-in-suit or claims thereof, effect construction of such claims or otherwise be relevant to issues presented by this action, based at least upon these companies having been market participants prior to the time of application for the Patents-In-Suit:

Chinese FPD Producers:

Anshan Sante Electronics Co. Ltd.; CASIL Optoelectronic Product Development Ltd.; Changzhou Douguan LCD Co. Ltd.; Clover Display Ltd.; Dalian Eastern Display Co., Ltd.; Dian Guang Electronics Ltd.; Elec & Eltek Display Technology Ltd.; Fordic Components; Hainan Ocular Electronics Co., Ltd; Hebei Jiya Electronics Co. Ltd.; Hoyu and Taiwa LCD; Intech LCD Group; Jilin Tonghai Hi-Technology Co. Ltd.; ODS; RCL; Shanghai Hai Jing Electron Co. Ltd.; Shantou Go World Display Co.; Shenzhen Asian Liquid Crystal Displayer Co. Ltd.; Shenzhen Jinghua Displays Co. Ltd.; Shenzhen Orient Display Co. Ltd.; Shenzhen STD Display Technology Engineering Co., Ltd.; Smartech Display Ltd.; Sunway Electronics Co.; Tianma Microelectronics; TQL Technology; Truly Semiconductors Ltd; Varitronix International; Xiamen Ocular LCD Devices Co., Ltd; Yeebo LCD Ltd.

Japanese FPD Producers:

Adamant Kogyo Co., Ltd.; Advanced Display Inc. (ADI) (Mitsubishi Electric Corp.); Alps Electric Co., Ltd.; Canon Inc.; Casio Computer Co., Ltd.; Citizen Watch Co., Ltd.; Denso Corp.; Fujitsu; Futaba Corp.; Hitachi Manufacturing; Hosiden; Hosiden

8

and Philips Display Corp. (HAPD); Hunet; Idemitsu Kosan; Ise Electronics Corp.; Kyocera Corp.; Matsushita Electric Industry; Mitsubishi Electric; Nanox Corp.; NEC Corp.; Okaya Electric; Optrex; Pioneer; Ricoh; Rohm Co., Ltd.; Sanyo LCD Engineering; Seiko Epson Corp.; Seiko Instruments; Sharp; Sony Corp.; ST LCD; Stanley Electric; Toshiba Corp.; Tottori Sanyo.

Korean FPD Producers:

Hyundai Electronics Industries; Korea Electronics Corp.; LG Electronics; LG LCD; Orion Electric; Samsung Display Devices; Samsung Electronics Co., Ltd.

North American FPD Producers:

Advanced Display Systems, Inc.; Alien Technology Corp.; Candescent Technologies Corp.; Colorado MicroDisplay; Crystaloid; Digital Reflection, Inc.; Displaytech; dpiX; Eastman Kodak; FED Corp.; IBM; inViso; Iridigm; Kent Displays, Inc.; Kopin; MicroDisplay Corp.; Microvision; Motorola; Planar Display; Retinal Displays, Inc.; Sarif; SI Diamond Technology, Inc.; Silicon Light Machines; SpatiaLight; S-Vision; Texas Instruments (TI); Three-Five; Uniax Polymer Electronics; Universal Display Corporation; Westaim.

Taiwanese FPD Producers:

Acer Display Technology; Chi Mei Optoelectronics; Chunghwa Picture Tubes; Giantplus Technology Corp.; Grand Pacific Optoelectronics; HannStar Display; Industrial Technology Research Institute (ITRI); Nan Ya Plastic; Picvue Electronics Ltd.; PrimeView International; Quanta Computer; Unipac Optoelectronics; United Radiant Technology Corp.; Wintek.

9

Other FPD Producers:

Cambridge Display Technologies; Crystal Clear Technology; MicroPix; Opsys; PixTech; Printable Field Emitters Ltd.; Printed Circuits International Ltd.; Royal Philips Electronics; Thompson S.A.; Vikay Technology.

TROC and TUS respectively anticipate that additional company, firm or individual witnesses may be located or identified during the course of discovery in this action, including but not limited to discovery concerning the particular products alleged by plaintiff to infringe.

TROC and TUS respectively further anticipate potentially calling additional witnesses identified through the course of discovery, including but not limited to witnesses, identified through documents produced herein, identified in interrogatories or otherwise obtained or identified in connection with discovery related to and investigation of the claims, allegations and facts presented by this case.

TROC and TUS each further notes that it anticipates relying upon expert testimony, that TROC and TUS respectively has yet to designate any testifying experts for this case. TROC and TUS respectively will identify testifying experts and their opinion in accordance with the Court's scheduling and protective orders.

2.   **Fed. R. Civ. P. 26(a)(1)(B) Document Categories**

Based on the limited information available to TROC and TUS, each anticipates, without limitation, that at least the following categories of documents, data compilations and/or tangible things within TROC or TUS's possession, custody or control may be used by TROC and/or TUS to support claims or defenses:

- Documents, data compilations and/or tangible things related to the patents-in-suit and their prosecution history;

- Documents, data compilations and/or tangible things relating to prior art to the patents-in-suit, including but not limited to publications, exemplars, technical and sales information;

- Documents, data compilations and/or tangible things including at least pleadings, discovery responses and testimony previously provided or produced by non-parties and/or parties to this action and such documents, data compilations and/or tangible things as may be produced or developed herein in response to future discovery;

- Documents, data compilations and/or tangible things relating to the design and development of accused products;

- Documents, data compilations and/or tangible things relating to the manufacture of accused products;

- Documents, data compilations and/or tangible things relating to the sale and marketing of accused products;

- Documents, data compilations and/or tangible things as may be relevant to the defenses of Plaintiff's damages allegations and such damages theories as plaintiff may develop, which may include sales and expense information concerning accused products.

TUS and TROC note, that documents, data compilations and/or tangible things in the possession of one of them may or may not be in the possession, custody or control of the other and each reserves the right to supplement the following disclosure after further

11

discovery and investigation. Neither TROC nor TUS waive any objection or claim of privilege, whether expressly asserted or not, by this identification or subsequent production and each reserves the right to object to any inadvertently identified or produced document on the grounds of attorney-client privilege or work product doctrine as to that document and to otherwise object to the introduction into evidence of any document produced herein under applicable law.

TROC and TUS each further anticipates that documents, data compilations and/or tangible things in the possession, custody or control of Plaintiff and/or third parties, including such items related to, but not limited to, licensing, assignment, prior art, infringement allegations, patent prosecution, and technical information regarding, *inter alia*, FPD products and designs, and/or damages allegations may be used to support claims or defenses.

Each of TROC and TUS further reserve the right to object to the production of any document, data compilation and/or tangible thing identified herein until such time as an appropriate protective order has been entered herein and/or based upon any order of the Court regarding case management issues.

Documents, data compilations and/or tangible things within the possession, custody or control of either TROC or TUS may be inspected at the law offices of Baum & Weems, 58 Katrina Lane, San Anselmo, CA 94960, or at such other place as counsel may agree, during regular business hours upon reasonable notice and subject to the agreement of counsel.

The above categories of documents, data compilations and tangible things, is made without prejudice to either TROC or TUS further supplementation, identification

and/or refinement of categories of documents, data compilations and tangible things as further information comes to their respective attention or the significance of information becomes appreciated during the course of litigation.

3.  **Fed. R. Civ. P. 26(a)(1)(C) Computation of Damages**

Not applicable at this time. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), however, TROC and TUS respectively contend they will be entitled to damages equal to their attorneys fees and costs in defending against meritless infringement claims and each reserves the right to provide information concerning such damages calculation after further discovery and investigation.

4.  **Insurance Agreements**

TROC and TUS are each currently unaware of any applicable insurance agreement.

                                          ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A

                                          Jeffrey S. Goddess (Del. Bar. No. 630)
                                          Rosenthal, Monhait, Gross & Goddess, P.A.
                                          919 Market Street, Suite 1401
                                          P.O. Box 1070
                                          Wilmington, Delaware 19899-1070
                                          Tel: 302-656-4433
                                          Fax: 302-658-7567
                                          jgoddess@rmgglaw.com

OF COUNSEL:
Julian M. Baum
Robert C. Weems
BAUM & WEEMS
58 Katrina Lane
San Anselmo, CA 94960
Tel: 415-460-1791
Fax: 415-457-9157

July 29, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG PHILIPS LCD CO., LTD., : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 04-343-JJF |
| v. : | |
| : | |
| TATUNG CO., TATUNG COMPANY : | |
| OF AMERICA, INC., and VIEWSONIC : | |
| CORPORATION, : | |
| : | |
| Defendants : | |
| : | |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that copies of the COMBINED INITIAL DISCLOSURE OF DEFENDANT TATUNG COMPANY OF AMERICA AND TATUNG COMPANY were served upon the following counsel on July 29, 2005 in the manners indicated:

BY E-MAIL AND BY HAND

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, 6th Floor
Wilmington, DE  19801

Richard D. Kirk, Esquire
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

<u>BY E-MAIL AND U.S. MAIL</u>

Scott Miller, Esquire
Tracy Roman, Esquire
BINGHAM MCCUTCHEN LLP
355 South Grant Avenue
44th Floor
Los Angeles, CA 90071-3106

Daniel G. Jarcho, Esquire
Cass W. Christenson, Esquire
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC 20006

                                      ROSENTHAL, MONHAIT, GROSS
                                                & GODDESS, P.A.

                                        Jeffrey S. Goddess (DSBA No. 630)
                                        919 Market Street, Suite 1401
                                        P.O. Box 1070
                                        Wilmington, DE 19899-1070
                                        (302) 656-4433
                                        jgoddess@rmgglaw.com

OF COUNSEL:

Julian M. Baum
Robert C. Weems
BAUM & WEEMS
58 Katrina Lane
San Anselmo, CA 94960
(415) 460-1791

July 29, 2005