# EXHIBIT 13

# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET

ANNE SHEA GAZA
COUNSEL

WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

August 1, 2007

The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, **C.A. No. 04-343-JJF**

Dear Special Master Poppiti:

The Tatung Defendants respectfully submit this letter brief regarding the deposition of Rebecca Rudich. On February 28, 2007, well before the fact discovery cutoff, the Tatung Defendants subpoenaed Rebecca Rudich, one of the attorneys at the McKenna law firm who prosecuted the Patents-in-Suit. (*See* Subpoena at Exh. A and Excerpts from '718 File History and '641 File History at Exhs. B and C.) In addition to being intimately involved in the prosecution of the Patents-in-Suit, Ms. Rudich continues to be involved in the prosecution of the family of continuation patent applications derived from the Patents-in-Suit. On March 16, 2007, the Tatung Defendants confirmed in writing with counsel for LPL that it would be necessary to depose Ms. Rudich, or in lieu of her deposition, to obtain an acceptable declaration that LPL would stipulate could be used at trial. (*See* Letter at Exh. D.) The subject of the declaration and/or deposition was identified specifically as her written response on behalf of LPL to a PTO office action regarding a continuation patent application, Serial No. 11/096,079, which shares the same specification as the Patents-in-Suit. (*See* Office Actions and Responses at Exh. E.)

In follow up correspondence, the Tatung Defendants provided a draft declaration. Several exchanges of proposed language followed. (*See* Exhs. F-L.) After requesting and finally receiving on June 26, 2007 clearer copies of the photographs attached to LPL's most recent draft declaration, the Tatung Defendants finally were able to fully evaluate the proffered declaration and concluded that the declaration proposed by LPL was not sufficient. On July 9, 2007, the Tatung Defendants notified LPL that the parties were at an impasse on the declaration and again asked to discuss a mutually convenient date for Ms. Rudich's testimony. At no time during this four month exchange was any objection raised by LPL to the taking of Ms. Rudich's deposition and at no time did LPL suggest it would file a motion for protective order. Also, during this period, the parties' status reports noted Ms. Rudich's deposition was an open item. Instead of responding with proposed dates, on July 12, 2007, LPL requested that the Special Master not permit Ms. Rudich to be deposed. Five months after Ms. Rudich was subpoenaed, LPL suggests for the first time that it may seek a protective order in connection with her deposition. Your Honor should deny LPL's request for a protective order and order LPL to make Ms. Rudich available for deposition.

Ms. Rudich's testimony is relevant for the following reasons. First, Ms. Rudich's anticipated testimony authenticating and explaining her responses to the office actions is relevant and admissible to impeach LPL. At trial, it is anticipated that LPL witnesses will testify (as confirmed in its recent supplemental infringement contentions) that a tray structure in the accused Tatung products to which the module or flat panel display device is mounted is the claimed "first frame" notwithstanding that the

module itself has a first frame and is front or side mounted to the tray. During prosecution of the '079 application, Ms. Rudich referred to the tray structure as a "tray" and not a "first frame." The position taken by Ms. Rudich on behalf of LPL contradicts LPL's infringement claims in this case and is entirely consistent with the Tatung Defendants' non-infringement positions. In addition, in her efforts to distinguish the cited IBM 9516 reference, Ms. Rudich argued to the PTO that the IBM, which is strikingly similar to the accused Tatung products, is distinguishable from the claimed invention because it practices "front mounting." The statements made by Ms. Rudich to the PTO further support the Tatung Defendants' position that their products practice the prior art of "front mounting" and do not practice "rear mounting." Accordingly, the statements made by Ms. Rudich on behalf of LPL during prosecution of the '079 continuation application are highly relevant to infringement and invalidity. *See Microsoft Corp. v. Multi-Tech Systems, Inc.*, 357 F.3d 1340, 1349-50 (Fed. Cir. 2004) (stating that patentee's statement to PTO during prosecution of one patent was "representation of its own understanding of the invention disclosed in all three [related] patents."). The Tatung Defendants are entitled to question to Ms. Rudich regarding the '079 application, among other things, and to determine for example if it was her practice to forward PTO office actions to her clients and whether she solicits, evaluates and adopts her clients' comments about prior art. The statements made by LPL to the PTO obviously are not privileged. LPL's blanket claim of privilege, therefore, has no merit.

Second, in response to Defendant ViewSonic Corporation's discovery requests and the Special Master's instructions, LPL only recently produced long anticipated technical information regarding its flat panel display devices with rear mounting features. These devices were disclosed, published, used, and/or sold in the United States prior to the earliest priority date for the Patents. LPL did not disclose these material references to the PTO Examiner. The Tatung Defendants believe that had these LG products been disclosed, the Patents would not have issued. *See* 35 U.S.C. § 102(b). Because Ms. Rudich was one of the prosecuting attorneys for the Patents-in-Suit, the Tatung Defendants are entitled to question her regarding LPL's inequitable conduct, including the investigation she performed. *See Brasseler, U.S.A. 1, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1379-83 (Fed. Cir. 2001) (inventors and their attorney are under duty of candor to disclose material information including facts that would trigger Section 102's on-sale bar and attorney has duty to inquire if he is on notice that specific, material information exists and should be disclosed). Indeed, prosecuting attorneys are routinely deposed. *See, e.g., Alcon Laboratories, Inc. v. Pharmacia Corp.*, 225 F.Supp.2d 340, 344 (S.D.N.Y. 2002) (holding that "the prosecuting attorney's mental impressions are crucial to any claim of inequitable conduct" and the prosecuting attorney must submit to a deposition even if he has no non-privileged information so that "'his lack of knowledge may be tested and any claimed privilege placed on the record.'"); *Environ Products, Inc. v. Total Containment, Inc.*, 1996 WL 494132 at *4 (E.D. Pa. 1996) (denying motion for protective order on grounds that prosecuting attorney has information relevant to inequitable conduct defense). Notably, in *Alcon*, the prosecuting attorney was also trial counsel who nevertheless was ordered to submit to a deposition. Here, Ms. Rudich is not even one of LPL's litigation attorneys. The McKenna law firm has represented to Your Honor that there is a complete separation of litigation and prosecution counsel, as required by the Protective Order.

Without Ms. Rudich's deposition, the Tatung Defendants believe that LPL may object to the '079 file history as hearsay or lacking foundation (even though such objections would have no merit), refuse to produce Ms. Rudich, who resides outside of Delaware, as a witness at trial, and/or claim that her statements were ambiguous or mistaken. The Tatung Defendants acted diligently to arrange for Ms. Rudich's deposition. Ms. Rudich's testimony is relevant to issues of infringement, invalidity and inequitable conduct. To their detriment, the Tatung Defendants extended the courtesy of allowing Ms. Rudich to submit an admissible declaration in lieu of testimony, only to be "strung along" by LPL, who apparently had no intention of ever agreeing to a meaningful declaration or deposition. Accordingly, the Special Master should order LPL to make Ms. Rudich available for deposition on a mutually agreeable date.

Respectfully,

Anne Shea Gaza (#4093)

ASG/afg

cc:    Clerk of the Court (By Electronic Filing)
       All Counsel of Record (via electronic mail)