# EXHIBIT 16

Case 1:04-cv-00343-JJF    Document 785-17    Filed 09/17/2007    Page 1 of 3

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

August 14, 2007

**VIA E-MAIL AND U.S. MAIL**

Scott Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071

Valerie W. Ho, Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

    Re:    *LG.Philips LCD Co., Ltd. v. Tatung, et al.,*
             **Civil Action No. 04-343 (JJF)**

Dear Scott and Valerie:

    I write in response to Valerie's August 13, 2007 letter (received today) and ViewSonic's August 13, 2007 status report.

    Valerie's August 13 letter purports to demand that LPL agree to a deposition of McKenna Long & Aldridge LLP ("MLA"), as patent prosecution counsel for LPL on certain topics, and to produce Ms. Rudich for a limited deposition only regarding the '079 patent application. The proposed deposition topics to which you refer continue to expand even after yesterday's hearing, and we object to Tatung's ongoing effort to add deposition topics for Ms. Rudich's deposition (or for MLA in her place). Also, as discussed in yesterday's hearing, we do not agree with Tatung's position regarding the import of the documents listed in LPL's privilege log. If Tatung still seeks submission of any privilege log documents, please specify immediately which documents as discussed in yesterday's hearing. We also dispute Tatung's request for a deposition of Ms. Rudich. I will not take the time to respond to your characterizations of Ms. Brzezynski's statements regarding Ms. Rudich, except to point out that the transcript sets forth what was and was not discussed. Tatung's new request for a deposition of MLA, on new issues, is untimely and harassing. Tatung appears intent on pursuing baseless discovery and intruding into the protected attorney-client relationship between LPL and MLA. Throughout this case, and after asserting an inequitable conduct defense, Tatung never once requested such a deposition of

Scott Miller, Esq.
Valerie W. Ho, Esq.
August 14, 2007
Page 2

patent prosecution counsel or MLA during the discovery period. Discovery is now closed. It is unfair and unnecessary for Tatung to seek to pursue additional depositions, particularly depositions of counsel. Tatung has known of the patent prosecution attorneys for the asserted patents and Tatung identified those attorneys in Tatung's initial disclosures years ago. We object to any new attempt to depose MLA now. We further object to your threat to raise this issue at the August 16, 2007 hearing. The August 16 hearing is scheduled to address other pending matters. You have not discussed this issue with us pursuant to Local Rule 7.1.1, nor is there any pending submission to the Special Master concerning a deposition of MLA.

With respect to ViewSonic's August 13 status report seeking a further deposition of LPL, we continue to object to the proposed deposition topics for the reasons summarized in our August 13 submission and our supplemental submission filed today. In addition, we object to ViewSonic's proposed deposition date of August 21, 2007, which is an arbitrary date that was never discussed with us. Indeed, yesterday was the first time that ViewSonic proposed this date, and no scheduling issues have ever been discussed with us. LPL could not possibly produce a witness in the United States for deposition only five business days from now, and three business days after the Special Master addresses LPL's objections to the proposed deposition topics. Deposition dates and logistics can be discussed, if necessary, after the Special Master addresses the parties' competing positions on the substantive issues. Any scheduling, of course, would need to take into account the calendars of counsel for all parties and any witness(es), and will require sufficient time to prepare as well. LPL reserves all rights and objections concerning these issues, including any appeal rights.

Sincerely,

Cass W. Christenson

cc:    Counsel of Record (via email)