# EXHIBIT 21

# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com

302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS
(302) 429-4208
rkirk@bayardfirm.com

CONTAINS HIGHLY CONFIDENTIAL MATERIAL
FILED UNDER SEAL

August 28, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

   Re: *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

  LG.Philips LCD Co., Ltd. ("LPL") reiterates its objection to any Rule 30(b)(6) deposition of McKenna Long & Aldridge LLP ("McKenna"). Tatung Company's ("Tatung") request for a McKenna deposition is untimely, its proposed topics are extremely overbroad and seek information proprietary to McKenna, and Tatung has waived its right to take such a deposition having failed to notice a deposition of McKenna or any prosecuting attorney for the Patents-in-Suit during fact discovery. At a minimum, LPL also states that a McKenna deposition is premature given that Your Honor has ordered LPL to resubmit to a deposition on certain issues relating to Defendants' claims of inequitable conduct concerning a Lucky Goldstar product, LG LC056N1. Defendants' topics for LPL's deposition include topics relating to LPL's knowledge of this product and the NEC litigation; thus, a McKenna deposition would be unnecessarily cumulative. Accordingly, LPL respectfully requests that Your Honor delay entry of an order compelling a McKenna deposition until after LPL is deposed and Defendants make a subsequent case for a McKenna deposition.

  Alternatively, if Your Honor proceeds to order a deposition of McKenna at this time, LPL maintains that Tatung should not be permitted to depose a McKenna witness regarding the LG 500 LC monitor. Tatung has known about the LG 500LC monitor since at least March 21, 2007, when Tatung first produced documents in this case relating to that monitor. (Ex. A.) In addition, Tatung deposed multiple LPL witnesses about the LG 500LC monitor in March of 2007 and then decided not to participate in the deposition of third party LG Electronics, U.S.A., Inc., which related almost entirely to the LG 500LC monitor, on April 20, 2007, as evidenced by the Notice of Deposition and the transcript itself. (Exs. B-C). Specifically, Tatung questioned both Mr. John Kim (Ex. D at 879-892) as both inventor and LPL Rule 30(b)(6) witness on March 23, 2007, and Mr. Young Un Bang (Ex. E at 14-16) of LPL on March 29, 2007, extensively about the LG 500LC monitor. During the Kim deposition, Tatung also marked the LG 500LC User Guide, an exploded view drawing, and a wiring diagram as deposition exhibits 68-70.

  In between the depositions of LPL and LGE, on March 30th, Tatung served its Second Set of Supplemental Responses to Plaintiff's Second Set of Interrogatories and supplemented its invalidity contentions (Interrogatory No. 8), but not its inequitable conduct allegations

668644-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
August 28, 2007
Page 2

(Interrogatory No. 15), to include the LG 500LC. (Ex. F.) Subsequently, on June 8th, Tatung served its Third Set of Supplemental Responses to Plaintiff's Second Set of Interrogatories and finally supplemented its inequitable conduct allegations (Interrogatory No. 15) to include the "LG 500LC monitor manufactured by LG Electronics, Inc." (Ex. G.) Tatung presented absolutely no basis for its inequitable conduct allegation regarding the LG 500LC monitor.

More than one month later, Tatung served its Fourth Set of Supplemental Responses to Plaintiff's Second Set of Interrogatories on July 16th setting forth in detail its invalidity contentions, which only allege the LG 500LC product to be a prior art reference in the alternative "if it is determined that a display case is not inherently disclosed . . . under section 103 . . . it would have been obvious to one of ordinary skill in the art to combine the remaining teachings of this reference [Sharp LQ5AW116] with the display case structure[] disclosed in . . . LGE 500LC . . . and other similar references." (Ex. H.) Importantly, Tatung is not presently asserting that the LG 500LC alone practices the invention because it has not asserted the LG 500LC monitor as an anticipatory prior art reference. Instead, after deposing multiple LPL witnesses, electing not to participate in the deposition of LGE, not relying on the LG 500LC monitor as an anticipatory prior art reference, and setting forth absolutely no basis for its inequitable conduct allegation regarding the LG 500LC monitor, Tatung is now unjustifiably using LPL's recent supplemental document production as a pretext to untimely depose McKenna. The supplemental document production contains no new information related to the LG 500LC that necessitates Tatung's deposition of a McKenna witness on this subject. Accordingly, LPL requests that Your Honor deny Tatung's request to depose a McKenna witness concerning the LG 500LC product.

Further, if Your Honor orders a deposition of McKenna at this time, LPL states that it must also be permitted to depose Defendants' law firms, Greenberg Traurig LLP and Connolly Bove Lodge & Hutz LLP on the following topics: a) Their policies and procedures relating to patent prosecution for the time frame of April 1998 to December 2002, including any policies or procedures implemented by them to ensure that its patent prosecution attorneys and clients comply with the requirements of 37 C.F.R. § 1.56; and b) The custom and practice employed by their prosecution attorneys during the time frame of April 1998 to December 2002 in connection with researching, obtaining, investigating, evaluating, and disclosing prior art to the Patent Office during prosecution. These are the same general broad topics that Your Honor found were appropriate to ask McKenna. Because Defendants will surely attempt to argue that McKenna's policies and procedures are inadequate, LPL must be given an opportunity to present evidence to the jury that McKenna's practices and procedures are fully appropriate and commensurate with the policies and procedures of other law firms, including Defendants' own law firms. LPL must be able to defend the practices and procedures of McKenna through depositions of Greenberg Traurig and Connolly Bove. Accordingly, if Your Honor orders a McKenna deposition, LPL requests that any order also include LPL's right to proceed with Rule 30(b)(6) depositions of Greenberg Traurig and Connolly Bove.

Respectfully submitted,

/s/ Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

668644-1