# EXHIBIT 22

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG Philips LCD Co., <br>     Plaintiff, <br> v. <br> Tatung Co., Tatung Company of America Inc., and Viewsonic Corp. <br><br>     Defendants. | ) <br> ) <br> )    C.A. No.: 04-343-JJF <br> )    JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT TATUNG COMPANY'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Tatung Company ("TATUNG") hereby makes its Objections and Responses to the Plaintiff's Second Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

TATUNG has not yet completed its gathering of facts and documents related to this action. Therefore, in responding to the Interrogatories, TATUNG reserves the right to revise, correct, add to, supplement, and clarify any of its responses.

All responses are submitted as presently advised, and without prejudice to TATUNG's right to modify, amend, revise, correct, supplement, add to or clarify such responses at the appropriate time.

Counsel for TATUNG invites discussion with counsel for Plaintiff with respect to these responses, with the expectation that discussions between counsel may eliminate or modify objections, reduce burdens on TATUNG, or otherwise result in a mutually satisfactory resolution of the objections set forth herein.

RLF1-2980641-1

**Interrogatory No. 8.**

If you contend that any claim of the Patents-In-Suit is invalid for any reason (including, for example, under 35 U.S.C. §§ 101, 102, 103, and 112), then as to each such claim and patent, set forth in detail the entire basis for your contention, including stating all relevant facts, identifying all documents on which you rely to support your contention, and identifying all persons with information or knowledge relevant to your contention, summarizing each person's knowledge.

**Response:**

TATUNG specifically objects to this Interrogatory on the grounds that it prematurely seeks expert discovery. TATUNG further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. TATUNG also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure. Finally, TATUNG objects on the grounds that this Interrogatory seeks information which is not relevant to the claims or defenses of this lawsuit, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the general and specific objections, TATUNG will provide a complete response to this Interrogatory as part of the disclosure of its expert reports in accordance with the directions and schedule set by the Court. TATUNG presently believes that the response to this Interrogatory includes the information contained in TATUNG's responses to Interrogatory Nos. 7, 10 and 11 and, at a minimum, the following:

Facts: TATUNG responds on information and belief that information responsive to this Interrogatory is in co-defendant ViewSonic's Opposition to Plaintiff's Motion for Preliminary Injunction, its Request to File Sur-Reply, and the supporting Declarations and Exhibits. Additional facts responsive to this Interrogatory are set forth in the deposition transcript of William Bohannon, taken August 6, 2004; the deposition transcript of Mark Brinkerhoff, taken

11

January 20, 2005; the witness statements of Nicholas Talesfore dated August 11, 2005 and September 14, 2005; the witness statements of Mark Brinkerhoff dated July 29, 2005 and September 6, 2005, the witness statement of Stuart Morgan dated July 20, 2005; the testimony of Nicholas Talesfore given on September 15 and 16, 2005 in the UK Patents County Court Case No. PAT04022; the testimony of Mark Brinkerhoff given on September 19, 2005 in the UK Patents County Court Case No. PAT04022; the testimony of Stuart Morgan given on September 20, 2005 in the UK Patents County Court Case No. PAT04022; the facts contained in the March 7, 2005 draft amended Particulars of Infringement in the UK Patents County Court Case No. PAT04022. Facts contained in the March 22, 2005 - Amended Particulars of Infringement in the UK Patents County Court Case No. PAT04022. Facts contained in the August 11 2005 Re-Amended Particulars of Infringement in the UK Patents County Court Case No. PAT0402. The transcripts and exhibits from the trial held in the UK Patents County Court Case No. PAT04022 on September 15, 16, 19-22, 2005; and the Judgment rendered on November 28, 2005 in the UK Patents County Court Case No. PAT04022.

Documents: The USPTO file history for the Patents-In-Suit. In addition to those prior art documents and products already produced in this case by ViewSonic, documents that support this contention include, documents produced by TATUNG in response to Plaintiff's Second Set of Requests for Production of Documents, Plaintiff's Motion for Preliminary Injunction, ViewSonic's Opposition to Plaintiff's Motion for Preliminary Injunction, Plaintiff's Reply, ViewSonic's Request to File Sur-Reply, the First and Fourth Declarations of William Bohannon, the Declaration and Supplemental Declaration of Mark Brinkerhoff, the Declaration of Mike Zapka, the Declaration of Alexandra Brodie, the Declaration of Tracy Roman, the deposition transcript of William Bohannon, the deposition transcript of Mark Brinkerhoff, the witness

12

statements of Nicholas Talesfore, the witness statements of Mark Brinkerhoff, the witness statement of Stuart Morgan, the transcripts and exhibits from the trial held in the UK Patents County Court Case No. PAT04022 on September 15, 16, 19-22, 2005; draft amended Particulars of Infringement in the UK Patents County Court Case No. PAT04022; Amended Particulars of Infringement March 22, 2005 in the UK Patents County Court Case No. PAT04022; Re-Amended Particulars of Infringement August 11 2005 in the UK Patents County Court Case No. PAT0402, and the Judgment rendered on November 28, 2005 in the UK Patents County Court Case No. PAT04022. Tatung responds on information and belief that the records of, and pertaining to, the prosecution and subsequent appeal of the sibling Japanese patent application No. JP 2000132279.

People: At least the following:

Jong Hwan Kim; Young Woo Cho; Nicholas Talesfore; William Bohannon; Song K. Jung; Rebecca Goldman Rudish; Matthew Bailey; John M Kelly; Eric Nuss; Kenneth D. Springer Mark Brinkerhoff, Stuart Morgan.

Discovery is ongoing and TATUNG reserves the right to supplement this response.

**Interrogatory No. 9.**

For each claim of the Patents-In-Suit that you contend would have been obvious in response to the preceding interrogatory, identify each portion of each prior art item that provides an incentive, suggestion, and/or motivation to combine or modify the prior art to achieve the claimed invention, citing the document, page, column, line and/or figure reference numbers, as well as any testimony or statements supporting your contention.

**Response:**

TATUNG specifically objects to this Interrogatory on the grounds that it prematurely seeks expert discovery. TATUNG further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. TATUNG also objects to this Interrogatory to the extent it

13

By the time the case came to trial in the UK, LG no longer claimed that the L17AMTN monitor infringed its patent, whether as granted or as sought to be amended. The UK court found the UK patent to be invalid and so revoked it pending any appeal by LG. The UK court also refused LG's application to amend the patent and dismissed all of its remaining assertions of infringement against other TATUNG's monitors. TATUNG further states that pursuant to Fed. R. Civ. P. Rule 33(d), TATUNG will rely the following records from which the answer may be derived or ascertained: TDE 000169-000183.

By way of further response, TATUNG refers Plaintiff to the prior art that TATUNG has already produced and made available for inspection in this case and to TATUNG's responses to Interrogatory Nos. 10 and 11. TATUNG also states that some of the information necessary to respond to this Interrogatory is in Plaintiff's possession. Discovery is continuing and TATUNG reserves the right to supplement this response.

**Interrogatory No. 18.**

> Regarding your fourteenth affirmative defense (inequitable conduct), set forth in detail the entire basis for your defense (specifically including, but not limited to, the basis for your allegation that "The failure to disclose this information was knowing, willful, and done with an intent to deceive the PTO into issuing the patents-in-suit"), including stating all relevant facts, identifying all documents on which you rely for this defense, and identifying all persons with information or knowledge relevant to this defense, summarizing each person's knowledge.

**Response:**

TATUNG specifically objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, or that is otherwise privileged and protected from disclosure.

Subject to and without waiver of the general and specific objections, TATUNG responds by stating that, at present, its inequitable conduct defense is based on conduct and information

including, but not limited to, the following: misrepresentations of or failures to disclose material information such as limitations of the foreign patent relied upon; failure to disclose prior art believed to be known to plaintiff, its employees and agents, due to the wide availability of various LCD monitors and devices sold, offered for sale, marketed and/or manufactured by others, including products sold by Pixelvision, such as the SGT 115; CTX, such as the Panoview 600; IBM, such as the 9052; Apple, such as the duo product line and flat panel display for the Apple II; Tatung, such as L4KAS; Hewlett-Packard, such as the s1010a; Sun, such as the Voyager; Compaq, such as the 640; ViewSonic, such as the 140; Advantech, such as the PPC-140T and, on information and belief, Sumitomo and LG Semicon; and failure to disclose publications and patents including "Cockpit Displays;" U.S. Pat. Nos. 5,041,965; 5,119,204; 5,570,267; 5,831,816; 5,844,772; and Japanese Patent Nos. 407020447A, 4091711358A, 4019190156A, 406214511A, and 410117313A. TATUNG further states that the persons with knowledge pertaining to TATUNG's defense are as follows; Song K. Jung, Rebecca Goldman Rudish; Matthew Bailey; John M Kelly; Eric Nuss; Kenneth D. Springer.

By way of further response, TATUNG states that additional information necessary to respond to this Interrogatory is in Plaintiff's possession. Discovery is continuing and TATUNG reserves the right to supplement this response.

As to Objections,

*/s/ Anne Shea Gaza/AMS #4351*
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
Attorneys for Defendant Tatung Company of America Inc

Of Counsel:
Christopher Darrow
Mark H. Krietzman
Andrews Eliseev
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone: 310-586-7700

Kathryn L. Clune
Greenberg Traurig LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006

Dated: February 13, 2006

25

RLF1-2980641-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2006, I caused to be served by hand delivery and electronic mail the foregoing document to the following:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
Wilmington, DE 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

I hereby certify that on February 13, 2006, I have sent by Federal Express and electronic mail the foregoing document to the following:

Daniel G. Jarcho, Esquire
Cass W. Christenson, Esquire
Lora A. Brzezynski, Esquire
Matthew T. Bailey, Esquire
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington D.C. 20006

Scott R. Miller, Esquire
Tracy R. Roman, Esquire
Bingham McCutchen
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

RLF1-2980626-1