# EXHIBIT 23

Case 1:04-cv-00343-JJF    Document 785-24    Filed 09/17/2007    Page 1 of 3

# RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA
COUNSEL

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

August 27, 2007

**VIA E- FILE AND HAND DELIVERY**
The Honorable Vincent J. Poppiti
BLANK ROME LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

The Tatung Defendants respectfully submit this brief in response to LPL's letter brief dated August 23, 2007, regarding the depositions of Rebecca Rudich and a McKenna Rule 30(b)(6) witness.

First, LPL falsely contends that the Tatung Defendants' subpoena to Ms. Rudich is related to McKenna's violations of the Protective Order. From the outset, the Tatung Defendants have consistently stated that Ms. Rudich's deposition relates to issues regarding the '079 continuation application. Since LPL concedes that Ms. Rudich is the appropriate deponent for the '079 application, LPL should make Ms. Rudich available to testify on this subject.

LPL also states that the Tatung Defendants should have subpoenaed Mr. Song Jung rather than Ms. Rudich. The Tatung Defendants believed Ms. Rudich was the appropriate witness because she stated in her declaration that she is involved in prosecution activities relating to the Patents-in-Suit and that she is the senior partner in charge of all prosecution work. LPL suggested, for the first time, at the August 13, 2007 hearing that Ms. Rudich is not competent to testify on these topics for the time period in question. LPL should not now be allowed to avoid a deposition regarding prosecution of the Patents-in-Suit by claiming that the Tatung Defendants subpoenaed the wrong person when the Tatung Defendants expressly relied on the declaration submitted by LPL.

Second, LPL should not benefit from its strategic decision to delay the production of highly relevant documents until after the Special Master's claim construction ruling. LPL's argument that the Tatung Defendants should have served a 30(b)(6) notice on McKenna before discovery closed ignores the fact that LPL's recent, belated document production gave rise to a host of new issues that the Tatung Defendants did not know about and should now be permitted to explore. Those recent documents establish that: (1) there is relevant prior art before the critical date; (2) LPL knew of the prior art (indeed, the prior art are LG products); and (3) the prior art was not disclosed during prosecution of the Patents-in-Suit. These newly discovered facts are clear grounds for an inequitable

RLF1-3194226-1

conduct claim, and the Tatung Defendants are entitled to depose the person most knowledgeable at McKenna with respect to this defense.

Finally, the Tatung Defendants' proposed 30(b)(6) topics are grounded in facts that have only recently been discovered because of LPL's late disclosure. The deposition topics are narrowly tailored to: (1) the LPL products identified in LPL's recent document productions; and (2) the LG 500 LC monitor, a product made by LPL's parent company, LG Electronics. With regard to issues surrounding the NEC litigation, Your Honor has already ruled that the Tatung Defendants may explore this topic at LPL's supplemental deposition. LPL's blanket claim of privilege, therefore, has no merit and already has been rejected.

Accordingly, Your Honor should order LPL and McKenna to make Ms. Rudich and an appropriate McKenna witness available for deposition.

Respectfully,

*Anne Shea Gaza*
Anne Shea Gaza (#4093)

ASG/afg
cc:   Clerk of the Court (By Electronic Filing)
      All Counsel of Record (via electronic mail)