**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LG.PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION

Defendants.

Civil Action No. 04-343 (JJF)

**FIRST AMENDED ANSWER AND DEFENSES
OF DEFENDANT VIEWSONIC CORPORATION**

Defendant ViewSonic Corporation ("ViewSonic") hereby files its Answer, including

Defenses, in response to the Complaint of Plaintiff, LG. Philips LCD Co., Ltd. ("LPL"), in the

above-captioned action in accordance with the numbered paragraphs in the Complaint. Except to

the extent expressly and specifically admitted herein, ViewSonic denies each and every

allegation contained in the Complaint.

**ANSWER**

1.      ViewSonic admits only that the Complaint purports to state a cause of action for

willful patent infringement of U.S. Patent No. 6,498,718 ("the '718 Patent") and U.S. Patent No.

6,501,641 ("the '641 Patent"), (collectively the "Patents-in-Suit") under the laws of the United

States. ViewSonic lacks knowledge or information sufficient to form a belief as to Plaintiff's

ownership of the '718 Patent and/or the '641 Patent.  ViewSonic denies the remaining

allegations contained in paragraph 1, if any.

2.      ViewSonic admits that a liquid crystal display ("LCD") is a type of flat panel

display that is used in certain products, such as certain computer monitors, and that flat panel

display devices are at issue in the case. ViewSonic denies the remaining allegations contained in paragraph 2 of the Complaint, if any.

3.      ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint, and on that basis, denies the allegations.

4.      ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, and on that basis, denies the allegations.

5.      ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, and on that basis, denies the allegations.

6.      ViewSonic admits that ViewSonic is a corporation existing under the laws of the State of Delaware, and has a place of business at 381 Brea Canyon Road, Walnut, California 91789.

7.      ViewSonic admits only that the Complaint purports to state a cause of action for infringement under the laws of the United States, Title 35, United States Code §§ 271, 281, 283, 284, and 285.  ViewSonic denies the remaining allegations, if any, contained in paragraph 7 of the Complaint.

8.      ViewSonic admits that this Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code §§ 1331 and 1338(a).  ViewSonic denies the remaining allegations, if any, contained in paragraph 8 of the Complaint.

9.      ViewSonic admits to having imported or caused to be imported; used or caused to be used; offered for sale or caused to be offered for sale; or sold or caused to be sold directly or

through intermediaries in the United States a variety of products that include an LCD and that it presently intends to continue to do so. ViewSonic denies each of the remaining allegations contained in paragraph 9 of the Complaint as directed to ViewSonic.  For any allegations contained in paragraph 9 of the Complaint which are directed to defendants listed in the Complaint other than ViewSonic, ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and on that basis, denies the allegations.

10.    ViewSonic admits that this Court has personal jurisdiction over ViewSonic and venue is proper for ViewSonic.  ViewSonic denies each of the remaining allegations contained in paragraph 10 of the Complaint as directed to ViewSonic.  For any allegations contained in paragraph 10 of the Complaint which are directed to defendants listed in the Complaint other than ViewSonic, ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and on that basis, denies the allegations.

11.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, and on that basis, denies the allegations.

12.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint, and on that basis, denies the allegations.

13.    ViewSonic admits that the '718 Patent was issued by the U.S. Patent and Trademark Office on December 24, 2002, and that a copy of the '718 Patent was attached to the Complaint as Exhibit A.  ViewSonic lacks sufficient information to admit or deny the remaining allegations of paragraph 13, including without limitation, that the '718 Patent was duly or legally

issued, listing LPL as assignee, and on that basis, denies the remaining allegations.

14.     ViewSonic admits that the '641 Patent was issued by the U.S. Patent and

Trademark Office on December 31, 2002, and that a copy of the '641 Patent was attached to the

Complaint as Exhibit B. ViewSonic lacks sufficient information to admit or deny the remaining

allegations of paragraph 14, including without limitation, that the '641 Patent was duly or legally

issued listing LPL as assignee, and on that basis, denies the remaining allegations.

15.     ViewSonic lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations contained in paragraph 15 of the Complaint, and on that basis,

denies the allegations.

16.     ViewSonic denies each of the allegations contained in paragraph 16 of the

Complaint as directed to ViewSonic. For any allegations contained in paragraph 16 of the

Complaint which are directed to defendants listed in the Complaint other than ViewSonic,

ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of

the allegations contained therein, and on that basis, denies the allegations.

17.     ViewSonic incorporates by reference its responses 1-16 to the allegations

contained in paragraph 17 of the Complaint as if restated and set forth in full.

18.     ViewSonic lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations contained in paragraph 18 of the Complaint, and on that basis,

denies the allegations.

19.     ViewSonic lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations contained in paragraph 19 of the Complaint, and on that basis,

denies the allegations.

20.     ViewSonic lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations contained in paragraph 20 of the Complaint, and on that basis, denies the allegations.

21.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint, and on that basis, denies the allegations.

22.    ViewSonic incorporates by reference its responses 1-21 to the allegations contained in paragraph 22 of the Complaint as if restated and set forth in full.

23.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, and on that basis, denies the allegations.

24.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, and on that basis, denies the allegations.

25.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, and on that basis, denies the allegations.

26.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, and on that basis, denies the allegations.

27.    ViewSonic incorporates by reference its responses 1-26 to the allegations contained in paragraph 27 of the Complaint as if restated and set forth in full.

28.    ViewSonic denies the allegations contained in paragraph 28 of the Complaint.

29.    ViewSonic denies the allegations contained in paragraph 29 of the Complaint.

30.    ViewSonic denies the allegations contained in paragraph 30 of the Complaint.

31.    ViewSonic denies the allegations contained in paragraph 31 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested against ViewSonic.

32.    ViewSonic incorporates by reference its responses 1-31 to the allegations contained in paragraph 32 of the Complaint as if restated and set forth in full.

33.    ViewSonic denies the allegations contained in paragraph 33 of the Complaint.

34.    ViewSonic denies the allegations contained in paragraph 34 of the Complaint.

35.    ViewSonic denies the allegations contained in paragraph 35 of the Complaint.

36.    ViewSonic denies the allegations contained in paragraph 36 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested against ViewSonic.

## DEFENSES

In further responding to LPL's claims contained in the Complaint, ViewSonic asserts the following defenses:

### First Defense (Failure to State a Claim)

37.    Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense (Non-Infringement)

38.    On information and belief, ViewSonic does not, willfully or otherwise, infringe, induce infringement, or contribute to the infringement of the '718 Patent or the '641 Patent, either literally or by the doctrine of equivalents, and at all times relevant to this Action, ViewSonic has not infringed, induced infringement, or contributed to the infringement of the '718 Patent or the '641 Patent, either literally or by the doctrine of equivalents.

### Third Defense (Invalidity)

39.    Through discovery and otherwise, ViewSonic intends to develop evidence, and on

that basis alleges, that the '718 and '641 Patents are invalid due to the failure of the specification and/or claims of each the '718 and '641 Patents to comply with the statutory requirements of one or more of the provisions of Title 35 of the United States Code, including Sections 102, 103, and 112.

### Fourth Defense (Laches and/or Estoppel)

40.     On information and belief, Plaintiffs claims are barred by the doctrines of laches, waiver, acquiescence and/or estoppel.

### Fifth Defense (Unclean Hands)

41.     On information and belief, Plaintiffs claims are barred by reason of unclean hands.

### Sixth Defense (Marking)

42.     Through discovery and otherwise, ViewSonic intends to develop evidence that some or all of Plaintiffs claims for damages and other remedies in the Complaint are barred by the marking and notice requirements set forth in 35 U.S.C. § 287.

### Seventh Defense (Prosecution History Estoppel)

43.     Through discovery and otherwise, ViewSonic intends to develop evidence that some or all of Plaintiffs claims are barred by the doctrine of prosecution history estoppel.

### Eighth Defense (Inequitable Conduct)

44.     LG.Philips LCD Co., Ltd.'s claims are barred and the patents-in-suit are unenforceable by reason of inequitable conduct before the patent office by LG.Philips LCD Co., Ltd. and its predecessors, and their employees and agents, including the purported inventors and prosecuting attorneys, during prosecution of the patents-in-suit, including misrepresentations of or failures to disclose material information such as limitations of the foreign patent relied upon; failure to disclose the existence of mounting holes and/or fastening elements on the back of prior

art LCD modules and/or LCD devices, including the LCD modules and/or LCD devices built, sold and/or offered for sale by LPL or its predecessor in interest LG Electronics, which models are believed to include, without limitation, one or more of the following products: LC056B1, LC056N1, LV56ND01A, LV56ND11A, LCA4SE13A, LCB3SE11A, LM151X1, LM151X2, LM181E1, LM220W1, LMEOXG01A, LP064V1, LC064N1, LC95VA01A, LME1XE11A, LP104V2, LP121SA-A2QT, LP121SP, LP133X1, LP150X1, LP104S3, LP121S4, LP121SB, LP121SL, LP133X2, LP133X3, LP133X4, LP133X6, LP141E1, LP141X1, LP141X2, LP141X3, LP141X4, LP141X5, LP141XA-A1, and also further including products with the same family model number but different suffix numbers having the same or substantially similar construction and/or mounting configurations; and, failure to disclose prior art believed to be known to plaintiff, its employees and agents or its predecessor in interest LG Electronic, of: (i) various LCD monitors and devices sold, offered for sale, marketed and/or manufactured by LG Electronics, including without limitation the 500LC monitor; and, (ii) prior art publications disclosing, discussing, leading up to, regarding and constituting the November 13, 1997 VESA Flat Panel Monitor Physical Mounting Interface (FPMPMI) Standard, in each case based on the understanding of the invention and claims which the patentee presented to, and which were allowed by, the PTO.  The failure to disclose this information was knowing, willful, and done with an intent to deceive the PTO into issuing the patents-in-suit.

<u>Ninth Defense (Discovery Continuing)</u>

45.    With discovery still ongoing, ViewSonic has yet to complete its investigation. ViewSonic reserves the right to assert any other defenses that discovery may reveal.

**PRAYER FOR RELIEF**

WHEREFORE, ViewSonic respectfully requests that this Court enter a judgment on the

Complaint granting the relief set forth below:

    a)      a dismissal with prejudice of Plaintiffs Complaint as against ViewSonic;

    b)      a denial of all relief sought by Plaintiff as against ViewSonic;

    c)      that this Court declare the '718 Patent invalid;

    d)      that this Court declare the '718 Patent unenforceable;

    e)      that this Court declare that ViewSonic has neither infringed nor actively induced nor contributed to any infringement of any claim of the '718 Patent;

    f)      that this Court declare the '641 Patent invalid;

    g)      that this Court declare the '641 Patent unenforceable;

    h)      that this Court declare that ViewSonic has neither infringed nor actively induced nor contributed to any infringement of any claim of the '641 Patent;

    i)      judgment in favor of ViewSonic and against Plaintiff;

    j)      adjudging this an exceptional case under 35 U.S.C. § 285 and awarding ViewSonic its reasonable attorneys' fees; and,

    k)      such other relief as this Court may deem just and proper.

Date:  September 25, 2007

Respectfully submitted,

Connolly Bove Lodge & Hutz LLP

<u>Of Counsel:</u>

Scott R. Miller  (CA Bar No. 112656)
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone:  (213) 787-2500
Facsimile:  (213) 687-0498


Tracy R. Roman (CA Bar No. 199031)
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:  (310) 277-0010
Facsimile:   (310) 277-1980

By:  */s/ James D. Heisman*
_____
    Jeffrey B. Bove (#998)
    James D. Heisman (# 2746)
    The Nemours Building, 8th floor
    1007 North Orange Street
    Wilmington, DE 19801
    Telephone:  (302) 658-9141
    Facsimile:   (302) 658-5614

*Attorneys for Defendant*
*ViewSonic Corporation*