# EXHIBIT 2

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,    )
                             )
           Plaintiff,        )
                             )
      v.                     ) C.A. No. 05-292 (JJF)
                             )
TATUNG COMPANY; TATUNG       )
COMPANY OF AMERICA, INC.;    )
CHUNGHWA PICTURE TUBES,      )
LTD.; and ViewSonic          )
CORPORATION,                 )
                             )
           Defendants.       )
_____)

COPY

HIGHLY SENSITIVE - CONFIDENTIAL

RULE 30(B)(6) DEPOSITION OF ViewSonic CORPORATION

TOMMY WAYNE JUE

TUESDAY, APRIL 24, 2007

9:22 A.M.

Reported By: Lindsay Pinkham, CSR 3716, RPR, CRP, CRR

--------------------------------------------------

DIGITAL EVIDENCE GROUP

1111 16th Street, NW Suite 410

Washington, DC  20036

(202) 232-0646

4/24/2007        LG Philips v. Tatung Company et al        Tommy Jue
                 Highly Sensitive-Confidential

Page 127

1   STATE OF CALIFORNIA     )
                            ) ss:
2   COUNTY OF LOS ANGELES   )
3
4        I, Lindsay Pinkham, Certified Shorthand
5   Reporter No. 3716, do hereby certify:
6        That the witness named in the foregoing
7   deposition, prior to being examined was by me first duly
8   sworn;
9        That said deposition was taken before me at the
10  time and place therein set forth and was taken down by
11  me in shorthand and thereafter transcribed into
12  typewriting under my direction and supervision;
13       That said deposition is a true record of the
14  testimony given by the witness and of all objections
15  made at the time of the examination;
16       I further certify that I am neither counsel for
17  not related to any party to said action, nor in anywise
18  interested in the outcome thereof.
19       In witness whereof, I have subscribed my name
20  this 29th day of April, 2007.
21
22
23                      *Lindsay Pinkham*
                        Lindsay Pinkham
24                      Certified Shorthand Reporter
                        No. 3716
25

Page 128

1   Digital Evidence Group, L.L.C.
2   1111 16th Street, Northwest, Suite 410
3   Washington, D.C. 20036
4   (202) 232-0646
5
                    SIGNATURE PAGE
6
       Case Name:  LG Philips v. Tatung, Tatung Co, Viewsonic
7
       Witness Name:  Tommy Jue
8
       Deposition Date:  4/24/2007
9
10
11  I do hereby acknowledge that I have read
    and examined the foregoing pages
12  of the transcript of my deposition and that:
13
14  (Check appropriate box):
15  ( ) The same is a true, correct and
        complete transcription of the answers given by
16      me to the questions therein recorded.
17  ( ) Except for the changes noted in the
        attached Errata Sheet, the same is a true,
18      correct and complete transcription of the
        answers given by me to the questions therein
19      recorded.
20
21
22  _____                    _____
      DATE                              WITNESS SIGNATURE
23
24
25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>AND VIEWSONIC CORPORATION,<br><br>Defendants. | Civil Action No. 04-343 (JJF) |

### NOTICE OF VIDEOTAPED DEPOSITION OF TOMMY JUE

**TO:**

Jeffrey B. Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building, 8th Floor
1007 North Orange Street
Wilmington, DE 19801

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071

Anne Shea Gaza, Esq.
Fredrick L. Cottrell III, P.A.
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

Mark H. Krietzman, Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

PLEASE TAKE NOTICE that Plaintiff LG.Philips LCD Co., Ltd. ("LPL") will take the deposition by oral examination of Tommy Jue on January 8, 2007 at 9:00 a.m. The deposition will take place at The Bayard Firm, 222 Delaware Avenue, 9th Floor, Wilmington, DE 19899-5130. The deposition will be videotaped and taken before a notary public or court reporter, duly

645152-1

authorized to administer oaths and transcribe the testimony of the deponent(s) and may use technology that permits the real time display of the deposition transcript for attendees who bring a compatible computer. The deposition will continue from day to day until completed or adjourned if authorized by the Court or stipulated by the parties.

December 5, 2006

        THE BAYARD FIRM

        /s/ Richard D. Kirk (rk0922)
        Richard D. Kirk
        Ashley B. Stitzer
        222 Delaware Avenue, Suite 900
        P.O. Box 25130
        Wilmington, DE  19899-5130
        (302) 655-5000
        rkirk@ bayardfirm.com
        Counsel for Plaintiff
        LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Rel S. Ambrozy
Lora A. Brzeznski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

645152-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on December 5, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Sqare
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by hand to the above counsel and by email and first class mail to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Bingham McCutchen LLP
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071-3106

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

571447-1

Page 15

1   is with him?  It's just the answers to defenses.
2          MR. MILLER:  Okay.
3             (Plaintiff's Exhibit 102 was
4          marked for identification.)
5   Q    BY MR. AMBROZY:  So looking at Plaintiff's
6   Exhibit 100, which is the e-mail from Mr. Miller to
7   myself, is it your understanding that you're presented
8   here today on topics 1?  And by "1" I'm referring to the
9   first topic in Plaintiff's Exhibit 18, so looking at
10  page 9 of Plaintiff's Exhibit 18.
11             (Brief interruption; discussion
12         off the record.)
13  Q    BY MR. AMBROZY:  So looking at Plaintiff's
14  Exhibit 18, do you understand that you're being
15  presented here as to topic 1 of Plaintiff's Exhibit 18?
16  A    Yes.
17  Q    And also, if you look at topic 9, which is on
18  page 11, do you understand that you're being presented
19  on topic 9 as regards to subtopic 2 of ViewSonic's
20  answer and defenses, which is marked as Plaintiff's
21  Exhibit 102?
22         MR. MILLER:  Just so the record's clear, the
23  court has given us guidance with regard to the scope of
24  appropriate testimony relating to contentions and
25  assertions.  And my understanding -- and in fact,

Page 16

1  Mr. Ambrozy and I had a conversation about this last
2  week -- my understanding is that the witness's testimony
3  on issues with regard to, for example, the affirmative
4  defenses, is based on the testimony regarding the
5  structure of the accused products.
6      So we believe, as I think my e-mail indicates,
7  it overlaps topic 1, and have identified him in that
8  capacity.  And I don't know that there's a disagreement
9  with regard to the scope of the allowed testimony
10 between the parties, but the witness may not -- I have
11 not had that particular aspect of the discussion with
12 the witness, so he may not be fully aware of the
13 intricacies of this aspect, the court's ruling and that
14 sort of thing.
15      MR. AMBROZY:  Okay.  And from our point of
16 view, the court's ruling is basically, we can ask him
17 questions about the monitors, we're not barred from
18 using the terms that appear in the patents; it's just
19 that a lot of those questions are also topics for the
20 expert to testify on.
21      MR. MILLER:  Right.  They're fact questions
22 that you can ask him about.  And if the terms of the
23 patent are necessary for purposes of the examination,
24 then you can use them.  If they're not, then they're
25 not.

Page 17

1    But we'll deal with that sort of on an ad hoc
2    basis as we go forward, I think, but testimony about the
3    structure of the products that are accused is the
4    subject matter of the deposition and the subject, the
5    issues on which the witness is prepared.
6        Q    BY MR. AMBROZY:  So to be clear, in Plaintiff's
7    Exhibit 102, the second defense that's on page 7, do you
8    see that in paragraph 38?  It's the second defense of
9    noninfringement?
10       A    Yes.
11       Q    Do you understand that that is the topic on
12   which you're testifying, and that it overlaps with topic
13   1?
14            MR. MILLER:  Object to the question, form of
15   the question.
16            THE WITNESS:  I cannot answer that question.
17       Q    BY MR. AMBROZY:  So you don't know if you're
18   being presented here today to testify on the
19   noninfringement defense on page 7 of Plaintiff's Exhibit
20   102.
21       A    I'm requested here to just provide the facts on
22   the case based on my knowledge of my experience with
23   products.
24       Q    Okay.  Did you review Plaintiff's Exhibit 102
25   in preparation for your deposition today, specifically,

Page 18

1　paragraph 38?
2　　A　No.
3　　Q　If you could also, referring back to
4　Plaintiff's Exhibit 101, where Mr. Miller said that the
5　topics that you would cover today are topic 1 and
6　overlapping topics 9 and 10, so if you could look at
7　Plaintiff's Exhibit 18, topic 10, which is on page 11.
8　　A　Paragraph 9?
9　　Q　Paragraph 10.
10　A　10.
11　　　MR. MILLER: And again, the parties have had
12　guidance from the special master with regard to the
13　scope of appropriate testimony on topic 10, being
14　limited to testimony regarding the structure of the
15　accused products, and that's what the witness is
16　prepared to testify about.
17　　　I think the other, as we indicated, aspects of
18　the topic that relate to expert testimony with regard to
19　positions and contentions are reserved, as I understand
20　it, for expert testimony, and the witness is not
21　prepared to testify on those aspects of topic 10.
22　　　MR. AMBROZY: As to the legal aspects. But he
23　is here to testify as to the structure and --
24　　　MR. MILLER: The facts underlying, yes, the
25　facts known to the company with regard to the structure

Page 19

```
1    of the products.
2         Q    BY MR. AMBROZY:  Do you want the question read
3    back?
4         A    Yes, please.
5              (Record read as follows:
6              "Q    If you could also,
7         referring back to Plaintiff's Exhibit
8         101, where Mr. Miller said that the
9         topics that you would cover today are
10        topic 1 and overlapping topics 9 and
11        10, so if you could look at
12        Plaintiff's Exhibit 18, topic 10,
13        which is on page 11.")
14        Q    BY MR. AMBROZY:  So having read topic 10, do
15   you understand that you are here to testify today as to
16   the portions of topic 10 that overlap with topic 1,
17   which deals with the structure of the ViewSonic
18   products?
19        A    Yes.
20        Q    Okay.  Still in Plaintiff's Exhibit 101, as
21   Mr. Miller stated earlier, we're going to table topic 8,
22   then moving to topic 14.
23             Do you understand that you are here to testify
24   today as to topic 14, which is here in Plaintiff's
25   Exhibit 18, as to the model number aspect of topic 14?
```

Page 88

1      A    No.

2      Q    Does the supplier indemnify ViewSonic for harm
3   that might come if the tensile strength isn't sufficient
4   and the product injures someone?

5           MR. MILLER:  Objection.  Beyond the scope of
6   the witness's designation.

7           To the extent you have personal knowledge and
8   haven't learned it as a result of communication you've
9   had with either outside counsel or in-house counsel,
10  you'd be free to testify.

11          THE WITNESS:  I have no knowledge of that.
12  That's a legal issue.

13     Q    BY MR. AMBROZY:  What is your understanding of
14  ViewSonic's basis for its noninfringement defense as set
15  forth in its affirmative defense No. 2?

16          MR. MILLER:  Objection.  To the extent you're
17  asking him for anything other than facts concerning the
18  structure of the products, I think that goes beyond the
19  scope of what the special master's indicated is proper
20  testimony.  So I think he's here to testify about the
21  structure of particular products and not as to the basis
22  for contentions.

23          MR. AMBROZY:  And that's what I'm trying to
24  determine.  Is there any basis, other than what's been
25  set forth in ViewSonic's interrogatory responses, in

1  regard to its noninfringement defense?

2      Q    So let me ask you a different question.  Does
3  ViewSonic have any basis for noninfringement as an
4  affirmative defense, other than what's set forth in its
5  response to LPL's interrogatories?

6           MR. MILLER:  Again, I think that's not
7  consistent with the guidance as I understood we got from
8  the special master, which was -- and our conversation of
9  last week, which was that his testimony is really
10 directed to the structure of the products and the
11 implication of the structure of those products is for an
12 expert or someone else to make a determination of, not a
13 30(b)(6) witness.

14          And so the way you phrased the question with
15 regard to basis, other than as set forth in the
16 interrogatory answer, I think improperly implicates
17 attributes of the defense that the witness is not
18 prepared to testify about, or obligated to testify
19 about, based on the guidance we got from the special
20 master.

21          MR. AMBROZY:  Here's what I'm trying to
22 determine.  He's been identified as a witness for
23 interrogatory -- for deposition topic 9 and 10 as it
24 goes to noninfringement.  Affirmative defense subpart 2
25 is noninfringement.  And ViewSonic has set forth its

Page 90

1   noninfringement defenses in its interrogatory responses.
2           MR. MILLER:  He's been identified under 9 and
3   10 as it overlaps topic 1, which is the structure of the
4   products.
5           MR. AMBROZY:  Okay.  So --
6           MR. MILLER:  If there is some -- which, based
7   on our conversation last week, I did not believe that
8   there was any, nor did I understand you to assert that
9   there was any scope of 9 and 10 after the guidance we
10  got from the special master that was beyond the scope of
11  topic 1, which is the structure and assembly of the
12  products.
13          MR. AMBROZY:  Right.
14          MR. MILLER:  And so that's what he's here to
15  testify about, the facts concerning the structure and
16  assembly of the products.  I don't think you can fairly
17  transform that into a question about whether or not the
18  bases for the defense are set forth in the interrogatory
19  responses.
20          MR. AMBROZY:  Well, I think we can at least
21  determine whether there's any other infringement --
22  noninfringement defenses that are not listed in response
23  to interrogatory 14.  I think that's a fair question,
24  because he's being put up, or you can give us another
25  witness that wants to talk about the basis for each of

Page 91

1   the affirmative defenses in this regard, which -- the
2   basis for each of the affirmative defenses is topic 9 of
3   the 30(b)(6) notice. He's being put up in regard to
4   subpart 2, which is noninfringement.
5       ViewSonic responded to LPL's interrogatory
6   No. 14, which asked:
7           "Regarding your second offense,
8           noninfringement, set forth in detail
9           the entire basis for your defense,
10          including stating all relevant facts,
11          identifying all documents on which you
12          rely for this defense, and identifying
13          all persons with knowledge or
14          knowledge relevant to this defense,
15          summarizing each person's knowledge."
16      And ViewSonic set forth in a second supplement
17  certain facts responsive to that. And what I'm trying
18  to determine is, are there any other defenses that are
19  not listed in interrogatory 14 that ViewSonic is going
20  to claim?
21      And since this witness is being put up for the
22  fact basis of the affirmative defense, I think we're
23  entitled.
24      MR. MILLER: Well, first, I think the witness
25  was put up for the fact basis of the defense as it

Page 92

1  overlaps topic 1. That was our specific designation.
2         You and I had a conversation with Cormac on the
3  line last week where I thought -- and I don't want to
4  put words in your mouth, but I thought we had agreed, or
5  I didn't understand there was an objection from your
6  side that the scope of what, based on the guidance we
7  had from the special master, he was obligated to testify
8  about under 9 and 10, would be directed to the structure
9  of the products.
10         MR. AMBROZY: Uh-huh.
11         MR. MILLER: And so he can testify with regard
12  to the structure of the products. But how that
13  characterizes into an attribute identified in the patent
14  claim is not within the purview of what he would be able
15  to do.
16         He's not an expert. And as a result, his
17  testimony really, as I understand it, was intended to be
18  directed to -- again, I know it sounds like I'm
19  repeating myself, I'm not trying to, but it's really
20  directed to the structure of the products similar to
21  what you've done this morning, with VP2030b in terms of
22  what are the components, where are they, how are they
23  aligned. But as to how those components fit within the
24  scope of an argument of the defense to charge with
25  infringement is an expert part of the testimony. And

Page 93

1  that would be something that the expert would be
2  obligated to provide testimony about.
3          MR. AMBROZY:  All right.  So as long as we're
4  clear that we're going to get a witness on that topic, 9
5  and 10.  If it's the expert, it's the expert.
6          MR. MILLER:  My understanding is that was what
7  we talked about, are that those are the types of things
8  that were going to be left to expert testimony.  And if
9  we don't have an expert, then I guess we don't give you
10 a factual witness here, then we'll be in a different
11 situation than we'd like to be at trial.
12         MR. AMBROZY:  All right.  So just to be clear,
13 Mr. Jue is here to testify as to the structural aspects
14 as they overlap, but not infringement defenses, and
15 topics 9 and 10, but a witness will be provided to allow
16 us to question on the basis for the interrogatory
17 responses and so forth.
18         MR. MILLER:  So the contention with regard to
19 whether or not that structure meets the requirements of
20 the claim would be what we would expect to come through
21 expert testimony.
22         MR. AMBROZY:  Okay.
23         MR. MILLER:  The same was true in the validity
24 side, or the infringement side, from the LPL witnesses.
25 We were not going through and asking to correlate those

Page 94

1  things, and we're expecting an expert from LPL to
2  address those issues as well.
3      Q    BY MR. AMBROZY:  Does ViewSonic keep any
4  categorization of its mounting systems?
5      A
6
7      Q    So other than what we looked at before -- the
8  VT, the VE, the VA, VX, and VG -- is there any other
9  categorization of ViewSonic products that it keeps?
10     A
11     Q    So again, if ViewSonic comes up -- if your
12 marketing department comes up with some type of monitor
13 that would meet a customer demand, does ViewSonic then
14 communicate to its suppliers how best to build that
15 product?
16          MR. MILLER:  Objection.  Vague and ambiguous.
17          THE WITNESS:
18
19
20
21     Q    BY MR. AMBROZY:  Then why does the marketing
22 department at ViewSonic pass along its product ideas to
23 an engineering department?  Why don't they speak
24 directly with the supplier?
25          MR. MILLER:  Objection.  Calls for speculation,