# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

L.G. PHILLIPS LCD CO., LTD.,

          Plaintiff,

v.

TATUNG COMPANY; TATUNG
COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION,

          Defendants.

C. A. No. 04-343-JJF

**SPECIAL MASTER'S REPORT AND RECOMMENDATION
ON THE MOTION OF TATUNG COMPANY AND TATUNG COMPANY OF
AMERICA TO COMPEL THE DEPOSITION OF REBECCA RUDICH**

This matter comes before me, as Special Master,[1] on the motion of Defendants Tatung Company and Tatung Company of America (collectively, "Tatung") to compel the deposition of Rebecca Goldman Rudich, Esquire. In particular, Tatung seeks to depose Ms. Rudich regarding her representations to the U.S. Patent and Trademark Office in connection with the '079 Patent Application and the IBM prior art reference. (D.I. 728, 745, 748, 753, 768, 775) Plaintiff LG Philips LCD Co., Ltd. ("LPL") opposes Tatung's request. (D.I. 744, 769, 773).

Having read and considered the papers submitted by the parties, and having heard and considered the oral arguments made before the Special Master, the Special Master **RECOMMENDS** that Tatung's request to compel the deposition of Ms. Rudich be **GRANTED** for the reasons set forth herein and on the record.

---

[1] The Order Appointing Special Master, dated February 25, 2005 is docketed as item number 178 in the above-captioned case.

## BACKGROUND

1. On February 27, 2007 Tatung issued a subpoena to Ms. Rudich. Tatung then withdrew the subpoena to Ms. Rudich during a hearing before the Special Master on March 8, 2007. Counsel for the Tatung Defendants later attempted to revive its request for a subpoena limited to Ms. Rudich's response to a certain Office Action in the '079 Patent Application. Shortly thereafter, the Tatung Defendants offered that a declaration by Ms. Rudich might suffice in lieu of her deposition being taken. After months of negotiation regarding a proposed declaration, the parties were unable to reach an agreement on the wording of the declaration to be provided by Ms. Rudich. Tatung subsequently brought its motion to compel Ms. Rudich's deposition testimony and sought to expand the scope of the testimony (based on documents recently produced by LPL) to include alleged inequitable conduct.

2. LPL resists the motion to compel on the basis that Ms. Rudich's testimony regarding the '079 Patent Application is not relevant, she was not involved in prosecution of the patents-in-suit, and Ms. Rudich is not the most knowledgeable individual regarding Tatung's inequitable conduct defense. (D.I. 744, 769, 773)

3. Tatung posits that Ms. Rudich's testimony is necessary to address an apparent discrepancy between representations made by LPL in the course of the prosecution of the '079 Patent Application and LPL's litigation position on the patents-in-suit as related to the IBM prior art reference. The Tatung Defendants have withdrawn their request that Ms. Rudich testify regarding either the patents-in-suit and/or any alleged inequitable conduct based on LPL's clarification that she had no material role in connection with the patents-in-suit.

4. On August 27, 2007, the Special Master heard final oral argument from the parties on Tatung's motion.

## SPECIAL MASTER'S CONCLUSIONS

5.   As noted on the record, the Special Master concludes that Ms. Rudich's deposition should be required. In particular, Tatung should be permitted to question Ms. Rudich regarding prosecution of the '079 Patent Application limited to her representations to the Patent and Trademark office regarding the IBM prior art reference.

6.   Ms. Rudich's deposition has been narrowly tailored to address those topics she has knowledge about, namely prosecution of the '079 Patent application relating to the IBM prior art reference. Tatung has withdrawn its request to depose Ms. Rudich regarding the prior art recently produced by LPL and has instead requested a 30(b)(6) deposition of McKenna, Long & Aldridge, LLP, which request is the subject of a separate Report and Recommendation. In light of the foregoing limitations on the scope of the topics to be addressed during Ms. Rudich's deposition, the Special Master hereby determines that Tatung should be permitted to take Ms. Rudich's deposition.

**WHEREFORE**, for the foregoing reasons, the Special Master **RECOMMENDS** that Tatung's motion to compel the deposition of Ms. Rudich should be **GRANTED**.

**The Special Master's Report and Recommendation will become a final order of the Court unless objection is taken within ten calendar days from the date of this Order.**

ENTERED this 31st day of August, 2007.

Vincent J. Poppiti (DSBA #100614)
Special Master