# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; and VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 04-343-JJF |

## DECLARATION OF REBECCA G. RUDICH

I, Rebecca G. Rudich, declare under penalty of perjury as follows:

1. I am a Partner with the law firm of McKenna Long & Aldridge LLP, 1900 K Street, N.W., Washington, D.C. 20006. I am not admitted *pro hac vice* in this case. I am a registered patent attorney at McKenna Long & Aldridge LLP. I have not had access to any Highly Sensitive Confidential material of the Defendants in the referenced litigation, and I have not reviewed information or documents designated Highly Sensitive Confidential under the Protective Order in this litigation.

2. I am aware of the Protective Order entered in this case and fully understand that the Protective Order prohibits McKenna Long & Aldridge LLP ("MLA") attorneys from having access to Highly Sensitive Confidential information if such attorneys:

> (1) have participated in, directed or supervised any patent prosecution activity related to the patents-in-suit or currently participate in, direct or supervise any patent prosecution activity involving (i) flat panel or flat panel display technology or (ii) technology related or referring to or incorporating flat panels or flat panel displays.

3. I currently participate in, direct, and supervise patent prosecution activity related to the Patents-in-Suit and involving flat panel display technology. I have fully complied with

this Protective Order at all times and have not had access to Highly Sensitive Confidential materials produced in this case. I have not discussed with the litigators working on this case any documents or information produced by the Defendants that has been marked Highly Sensitive Confidential pursuant to the Protective Order. I have not used any Highly Sensitive Confidential information or documents produced by the Defendants in this case in connection with my prosecution of patents in the area of flat panel technology.

4. For the past several years, I have been the Senior Partner in charge of day to day activities for all of the patent prosecution work. I have and continue to supervise the patent associates in our Intellectual Property Department who also prosecute patents involving flat panel display technology and who work on patent prosecution activity related to the Patents-in-Suit. These associates do not work on this litigation or any litigation with a protective order like the one that has been entered in this case. At no time have these associates had access to any Highly Sensitive Confidential documents or information produced by the Defendants in this case. These associates also have not used any Highly Sensitive Confidential information or documents produced by the Defendants in this case in connection with their prosecution of patents in the area of flat panel technology.

5. It is the policy of our IP Department that the litigation files are kept in separate locations from the prosecution files. Further, it is well known among those attorneys working on patent prosecution matters in this office that this firm handles litigation cases with protective orders in place that prohibit those attorneys from seeing any Highly Sensitive Confidential litigation documents or from discussing these materials with the litigators. I have fully complied with the Protective Order in this case, and it is my belief that the attorneys conducting patent prosecution also have fully complied with the Protective Order.

2

6.     I understand that a separate concern has been raised with respect to Messrs. Michael Angert and Derek Auito and Ms. Jennifer Davis. Mr. Auito and Ms. Davis are associates in this Department, and they have not participated in, directed or supervised any patent prosecution activity related to the Patents-in-Suit. In accordance with the Protective Order, these attorneys also do not currently participate in, direct, or supervise patent prosecution activity involving (i) flat panel or flat panel display technology or (ii) technology related or referring to or incorporating flat panels or flat panel displays. If any of these attorneys were involved in such activity, I would know about it as a Partner in this Department, and I have further confirmed with each of these attorneys that they have complied with the Protective Order in this case.

7.     Mr. Angert is an associate in this Department, and he has not participated in, directed or supervised any patent prosecution activity related to the Patents-in-Suit. Unlike Mr. Auito and Ms. Davis, Mr. Angert has not access to and has not seen Highly Sensitive Confidential material of the Defendants in the referenced litigation. Although Mr. Angert inspected Tatung's monitors in California, these monitors are publicly available and not Highly Sensitive Confidential, and Mr. Angert did not review any Highly Sensitive Confidential Documents of Defendants in connection with the monitor inspection. At the time Mr. Angert signed his Declaration on February 2, 2007, Mr. Angert had not participated in, directed, or supervised any patent prosecution activity involving (i) flat panel or flat panel display technology or (ii) technology related or referring to or incorporating flat panels or flat panel displays. Since that time, we have learned through our investigation that Mr. Angert signed within the last three weeks certain filings with the PTO in connection with three pending patent applications related to plasma display apparatus. Mr. Angert had no substantive role in these filings and simply signed them for one of the other patent attorneys here. Mr. Angert did not use

3

any of the information he learned from his monitor inspections in connection with these filings, and in any event, the subject matter of the plasma display apparatus is completely unrelated to any material issue in this case. Despite having had no access to Highly Sensitive Confidential information in this case, Mr. Angert has been instructed that he is not to sign for other attorneys on these plasma display applications.

8. In connection with the opposition to the Tatung Defendants' motion, I have carefully reviewed the documents attached as Exhibits A and F to their motion. All appear to be documents retrieved by the Tatung Defendants from the website of the Patent and Trademark Office ("PTO"). The Tatung Defendants have misconstrued these documents and have made incorrect assumptions about these documents.

9. Exhibit A includes two patents and corresponding lists of attorneys associated with MLA's customer number at the PTO. The Tatung Defendants generated this latter document from the PTO website. Virtually every law firm that prosecutes patents has a customer number issued by the PTO. As is standard practice among law firms that prosecute patents, this law firm provides to the PTO a list of registered patent attorneys working for our firm, and the PTO associates this list with our firm's customer number for all pending applications involving our firm's customer number. We update this list with the PTO when attorneys leave our firm or registered patent attorneys join our firm. This is a master list that the PTO associates with our customer number, but in no way does this mean that every individual on the list prosecutes every patent application associated with our firm's customer number.

10. The customer numbers are simply used by the PTO for correspondence purposes. The PTO's system also enables firms like MLA to make an address change with one submission

4

of information, instead of by submitting change of address information for each of the several hundred cases being prosecuted by this firm.

11. Defendants must have generated the lists of attorneys in Exhibit A from the PTO website by clicking on Attorney/Agent field of the Patent Application Information Retrieval System for the records of the two patent applications in Exhibit A. It is incorrect for the Defendants to state that these PTO records "identified" Messrs. Bailey, Auito, Angert, and Davis as prosecuting LG Electronics, Inc. and/or LPL flat panel display device patents. These attorney lists associated with the customer numbers are not the Power of Attorney for these cases nor do they permit the Tatung Defendants (or anyone) to conclude that all attorneys listed have worked on the pending application.

12. I reviewed each of the patent application files for the patents referenced by the Tatung Defendants, and in each case, a separate Declaration, Power of Attorney, and Petition form was submitted with the application. First, for Patent No. 7,106,392 attached in Exhibit A to the Tatung Defendants' motion, the Tatung Defendants did not include in their filing the actual Declaration, Power of Attorney, and Petition that was submitted in September 2002. That document with the PTO receipt is attached hereto as Exhibit 1. Similarly, for Patent No. 7,170,741 also attached in Exhibit A to the Tatung Defendants' motion, the Tatung Defendants did not include in their filing the actual Declaration, Power of Attorney, and Petition that was submitted in September 2002. That document with the PTO receipt is attached hereto as Exhibit 2 hereto. These Exhibits attached hereto are the actual powers of attorney associated with these patents.

13. It is standard practice to simply reattach the original Declaration, Power of Attorney, and Petition forms signed by the inventors to any subsequent continuation or divisional

applications that are filed. To be clear, however, while attorneys listed on these forms are acknowledged by the PTO when signing filings on behalf of the client, <u>not all</u> attorneys listed either work on the patent application at issue or actually sign filings. Further, MLA attorneys involved in this litigation with access to Highly Sensitive Confidential information or documents of the Defendants do not work on patent prosecution matters involving flat panel display technology, including, but not limited to, the two patents attached as Exhibit A to the Tatung Defendants' motion.

14. I also have reviewed the documents attached as Exhibit F to the Tatung Defendants' motion. The Tatung Defendants argue in Footnote 1 to their motion that the patent applications attached are somehow different from the applications in Exhibit A. The Tatung Defendants suggest that with these patent applications attached as Exhibit F, MLA's attorneys "limited their disclosures to identifying only those attorneys involved in the prosecution of the patent at issue." The Tatung Defendants have made an incorrect assumption due to their confusion in understanding the PTO's procedures. These three patent applications in Exhibit F were handled no differently than the patent applications in Exhibit A in that all three have Declaration, Power of Attorney, and Petition forms that were submitted with the application, including a specific listing of registered patent attorneys without any association to a customer number. See Exhibit 3 hereto attaching the publicly filed form for Patent No. 7,022,199; Exhibit 4 hereto attaching the publicly filed form for Patent No. 7,123,315; and Exhibit 5 hereto attaching the publicly filed form for Patent No. 7,068,336. Apparently, the PTO has not yet associated MLA's customer number with these cases on its website (presumably because it has thousands of cases to update on its website) and has only listed on its attorney/agent field on its website certain attorneys that happened to have been listed on the Declaration, Power of

6

Attorney, and Petition forms originally filed. Nevertheless, even those attorneys listed on the Declaration, Power of Attorney, and Petition forms are not necessarily the attorneys who work on the patent application at issue or actually sign filings. MLA obviously has no control over whether the PTO properly lists the information on its website. Regardless, however, MLA attorneys involved in this litigation with access to Highly Sensitive Confidential Information do not work on patent prosecution matters involving flat panel display technology, including but not limited to, the three patents attached as Exhibit F to the Tatung Defendants' motion.

15.   Based on the foregoing, the Protective Order has been compiled with and no patent attorneys who prosecute patents involving flat panel display technology or who work on patent prosecution activity related to the Patents-in-Suit have used or reviewed any discovery designated by Defendants as Highly Sensitive Confidential in this case.

16.   I was served with a subpoena to appear for a deposition in this case on March 21, 2007. I am unavailable on that date as I will be out of state on a planned vacation with my family.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 6th day of March, 2007.

*Rebecca G. Rudich*
Rebecca G. Rudich

DC:50465056.2

7