# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG PHILIPS LCD CO., LTD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NEC CORPORATION, NEC USA, INC., ) | Civil Action No. 99    728 |
| NEC TECHNOLOGIES, INC., NEC ) | |
| ELECTRONICS, INC., and PACKARD ) | **JURY TRIAL DEMANDED** |
| BELL NEC, INC. ) | |
| ) | |
| Defendants ) | |

## COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGEMENT

Plaintiff LG PHILIPS LCD CO., LTD. ("LGP"), for its Complaint against defendants NEC CORPORATION, NEC USA INC., NEC TECHNOLOGIES, INC., NEC ELECTRONICS, INC. and PACKARD BELL NEC, INC. (collectively referred to herein as "NEC"), hereby alleges the following:

### SUBJECT MATTER JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*, and the Declaratory Judgement Act, 28 U.S.C. § 2201 *et seq.*, and is intended to redress NEC's infringement of United States patents owned by LGP and to obtain declaratory judgement that the named patents are invalid, unenforceable and/or not infringed by any act of LGP.

2. Exclusive jurisdiction over this matter is conferred upon the Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over each of the defendants; each of which is a Delaware corporate domiciliary and/or conducts business and/or is committing acts of patent infringement within the United States including, but not limited to, the State of Delaware.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), 28 U.S.C. § 1400(b) and the applicable law of this Court.

## THE PARTIES

5. Plaintiff LGP is a corporation organized under the laws of Korea with its principal place of business located in Seoul, Korea.

6. Defendant NEC CORPORATION is a corporation organized under the laws of Japan, with its principal place of business at 7-1, Shiba 5-chome, Minato-ku, Tokyo 108-01, Japan.

7. Defendant NEC USA, INC. is a wholly owned subsidiary of NEC CORPORATION, which functions as a holding company for NEC CORPORATION's subsidiaries in the United States. NEC USA, INC. is a corporation organized under the laws of the State of Delaware.

8. Defendant NEC TECHNOLOGIES, INC. is a wholly owned subsidiary of NEC USA, INC. NEC TECHNOLOGIES, INC. is a corporation organized under the laws of the State of Delaware.

9. Defendant NEC ELECTRONICS, INC. is a wholly owned subsidiary of NEC USA, INC. NEC ELECTRONICS, INC. is a corporation organized under the State of California and conducts business in the United States including, but not limited to, the State of Delaware.

10. Defendant PACKARD BELL NEC, INC. is a corporation organized under the laws of the State of Delaware.

## FACTUAL BACKGROUND

11. The technology at issue involves the design and manufacture of LIQUID CRYSTAL DISPLAYS ("LCDs") and related products. LCDs are a type of flat panel display widely used products such as notebook computers and other monitors.

12. LGP owns numerous United States patents relating to its LCD products including, but not limited to, those identified in this Complaint. LGP is a world-wide leader in LCD related products and technology.

13. LGP derives substantial benefit from the exploitation of its patented technology through sales of its own products in the United States and abroad. LGP's interests have been and continue to be harmed by NEC's infringement of LGP's patents.

14. NEC makes, uses, imports, offers for sale and/or sells in the United States, LCDs, computers, projectors and other electronic devices which are encompassed by LGP's patent claims.

## COUNT I -- PATENT INFRINGEMENT

15. United States Patent No. 4,624,737 ("the '737 patent"), entitled "Process for Producing Thin-Film Transistors" was duly and legally issued on November 25, 1986. The '737 patent names Masafumi Shimbo as the sole inventor. The entire right, title and interest in the '737 patent and any damages for past infringement thereof has been assigned to LGP. Pursuant to Local Rule 3.2, a copy of the '737 patent is appended hereto as Exhibit A.

3

16   NEC has infringed, actively induced and/or contributed to the infringement of the '737 patent by making, using, offering for sale, selling, importing and/or causing to be sold, computers, LCDs and other products that infringe one or more claims of the '737 patent.

17.   NEC has caused, and will continue to cause, harm to LGP unless and until NEC's infringement is enjoined by this Court. LGP is entitled to a preliminary and permanent injunction prohibiting NEC from making, using, importing, offering for sale, selling, and/or causing to be sold such NEC products. 35 U.S.C. § 283

18.   NEC's infringement of the '737 patent has caused, and will continue to cause, LGP to suffer damages in an amount that will be proven at trial.

19.   Upon information and belief, NEC's acts of infringement have been and continue to be made with full knowledge of LGP's rights in the '737 patent. Such acts constitute willful infringement, making this an exceptional case and entitling LGP to increased damages and reasonable attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285

## COUNT II – PATENT INFRINGEMENT

20.   United States Patent No. 5,012,002 ("the '002 patent"), entitled "Method of Manufacturing Flat Panel Backplanes Including Electrostatic Discharge Prevention and Displays Made Thereby" was duly and legally issued on May 28, 1991. The '002 patent names Scott H. Holmberg as the sole inventor. The entire right, title and interest in the '002 patent and any damages for past infringement thereof has been assigned to LGP Pursuant to Local Rule 3.2, a copy of the '002 patent is appended hereto as Exhibit B.

4

21. NEC has infringed, actively induced and/or contributed to the infringement of the '002 patent by making, using, offering for sale, selling, importing and/or causing to be sold, computers, LCDs and other products that infringe one or more claims of the '002 patent.

22. NEC has caused, and will continue to cause, harm to LGP unless and until NEC's infringement is enjoined by this Court. LGP is entitled to a preliminary and permanent injunction prohibiting NEC from making, using, importing, offering for sale, selling, and/or causing to be sold such NEC products. 35 U.S.C. § 283.

23. NEC's infringement of the '002 patent has caused, and will continue to cause, LGP to suffer damages in an amount that will be proven at trial.

24. Upon information and belief, NEC's acts of infringement have been and continue to be made with full knowledge of LGP's rights in the '002 patent. Such acts constitute willful infringement, making this an exceptional case and entitling LGP to increased damages and reasonable attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III - DECLARATORY JUDGEMENT

25. United States Patent No. 5,583,532 ("the '532 patent"), entitled "Active Matrix Liquid Crystal Display For Reproducing Images On Screen With Floating Image Signal" was issued on December 10, 1996. The '532 patent names Takahiko Watanabe as the sole inventor. The '532 patent indicates on its face that it has been assigned to NEC Corporation. Pursuant to Local Rule 3.2, a copy of the '532 patent is appended hereto as Exhibit C.

26. NEC has asserted that it is the owner of all rights, title and interest in and to the '532 patent.

5

27   NEC has asserted that LGP's LCD products have infringed at least one claim of the '532 patent. LGP had, and continues to have, a reasonable apprehension that it will be sued by NEC for infringement of the '532 patent.

28   LGP has not, and does not infringe any valid claim of the '532 patent.

29.   On information and belief, the claims of the '532 patent are invalid and/or unenforceable for failure to satisfy the statutory requirements for patentability as proscribed under 35 U.S.C. § 101 *et seq.*

30.   Thus, there exists an actual and justiciable controversy between the parties as to the issues of infringement, validity and enforceability of the claims of the '532 patent for which LGP is entitled to a declaratory judgment of non-infringement, invalidity and unenforceability with respect to said patent claims.

## COUNT IV - DECLARATORY JUDGEMENT

31.   United States Patent No. 5,311,342 ("the '342 patent"), entitled "Liquid Crystal Display Device With Particular Common Electrode Connector" was issued on May 10, 1994. The '532 patent names Takahiko Watanabe as the sole inventor. The '342 patent indicates on its face that it has been assigned to NEC Corporation. Pursuant to Local Rule 3.2, a copy of the '342 patent is appended hereto as Exhibit D.

32.   NEC has asserted that it is the owner of all rights, title and interest in and to the '342 patent.

33.   NEC has asserted that LGP's LCD products have infringed at least one claim of the '342 patent. LGP had, and continues to have, a reasonable apprehension that it will be sued by NEC for infringement of the '342 patent.

6

34. LGP has not, and does not infringe any valid claim of the '342 patent.

35. On information and belief, the claims of the '342 patent are invalid and/or unenforceable for failure to satisfy the statutory requirements for patentability as proscribed under 35 U.S.C. § 101 *et seq*.

36. Thus, there exists an actual and justiciable controversy between the parties as to the issues of infringement, validity and enforceability of the claims of the '342 patent for which LGP is entitled to a declaratory judgment of non-infringement, invalidity and unenforceability with respect to said patent claims.

## PRAYER FOR RELIEF

WHEREFORE, LGP respectfully requests the Court to grant:

 a. an injunction against NEC's continued infringement (35 U.S.C. §283);

 b. an award of its damages for NEC's past infringement (35 U.S.C. §284);

 c. an award of increased and trebled damages for NEC's willful infringement (35 U.S.C. §284);

 d. judgment that LGP has not infringed the '532 and '342 patent;

 e. judgment that the '532 and '342 patents are invalid and unenforceable;

 f. an award of its attorney fees (35 U.S.C. §285);

 g. an award of its costs (Rule 54(d), Fed.R.Civ.P.);

7

h.  such other and further relief as the Court deems appropriate under the circumstances.

                                           MORRIS, JAMES, HITCHENS & WILLIAMS LLP

                                           */s/ Richard D. Kirk*
                                           Richard D. Kirk (#922)
                                           Gretchen Ann Bender (#3073)
                                           222 Delaware Avenue - 10th Fl.
                                           P.O. Box 2306
                                           Wilmington, DE 19899
                                           302/888-6800
                                           Attorneys for Plaintiff
                                           LG.Philips LCD Co., Ltd.

Of Counsel:

LONG ALDRIDGE & NORMAN LLP
Marc R. Labgold
David L. Balser
Mark S. Kaufman
701 Pennsylvania Avenue, N.W., #600
Washington, DC 20004


DATE: October 28, 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| NEC CORPORATION, NEC USA, INC., NEC TECHNOLOGIES, INC., NEC ELECTRONICS, INC., and PACKARD BELL NEC, INC. | ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 99   680

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff LG.PHILIPS LCD CO., LTD. ("LGP"), for its Complaint against defendants NEC CORPORATION, NEC USA INC., NEC TECHNOLOGIES, INC., NEC ELECTRONICS, INC. and PACKARD BELL NEC, INC. (collectively referred to herein as "NEC"), hereby alleges the following:

### SUBJECT MATTER JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, 35 U.S.C.§ 1, *et seq*, and is intended to redress infringement, 35 U.S.C. § 271, of United States patents owned by LGP.

2. Exclusive jurisdiction over this matter is conferred upon the Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over each of the defendants; each of which is a Delaware corporate domiciliary and/or conducts business and/or is committing acts of patent

1

infringement, as defined by 35 U.S.C. § 271, within the United States including, but not limited to, the State of Delaware.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) and the applicable law of this Court.

## THE PARTIES

5. Plaintiff LGP is a corporation organized under the laws of Korea with its principal place of business located in Seoul, Korea.

6. Defendant NEC CORPORATION is a corporation organized under the laws of Japan, with its principal place of business at 7-1, Shiba 5-chome, Minato-ku, Tokyo 108-01, Japan.

7. Defendant NEC USA, INC. is a wholly owned subsidiary of NEC CORPORATION, which functions as a holding company for NEC CORPORATION's subsidiaries in the United States. NEC USA, INC. is a corporation organized under the laws of the State of Delaware.

8. Defendant NEC TECHNOLOGIES, INC. is a wholly owned subsidiary of NEC USA, INC. NEC TECHNOLOGIES, INC. is a corporation organized under the laws of the State of Delaware.

9. Defendant NEC ELECTRONICS, INC. is a wholly owned subsidiary of NEC USA, INC. NEC ELECTRONICS, INC. is a corporation organized under the State of California and conducts business in the United States including, but not limited to, the State of Delaware.

10. Defendant PACKARD BELL NEC, INC. is a corporation organized under the laws of the State of Delaware.

## FACTUAL BACKGROUND

11. The technology at issue involves the design and manufacture of LIQUID CRYSTAL DISPLAYS ("LCDs") and related products. LCDs are a type of flat panel display widely used in products such as notebook computers and other monitors.

12. LGP, through its predecessors-in-interest, has invested substantial time and money in designing, developing, and manufacturing its LCD products and methods for producing same. LGP owns numerous United States patents relating to its products including, but not limited to, those identified in this Complaint. LGP is a world-wide leader in LCD related products.

13. LGP derives substantial benefit from the exploitation of its patented technology through sales of its own products in the United States and abroad. LGP's interests including, but not limited to, said benefits have been and continue to be harmed by NEC's infringment of LGP's patents.

14. NEC makes, uses, imports, offers for sale and/or sells in the United States, LCDs, computers, projectors and other electronic devices which are encompassed by LGP's patent claims.

## COUNT I -- PATENT INFRINGEMENT

15. United States Patent No. 5,856,816 ("the '816 patent"), entitled "Data Driver for Liquid Crystal Display" was duly and legally issued on January 5, 1999. The '816 patent names Hee Gyung Youn as the sole inventor, and has been assigned to LGP. Pursuant to Local Rule 3.2, the '816 patent is appended hereto.

16. NEC has infringed, actively induced and/or contributed to the infringement of the '816 patent by making, using, offering for sale, selling, importing and/or causing to be sold, computers, LCDs and other products that infringe one or more claims of the '816 patent.

17. NEC has caused, and will continue to cause, harm to LGP unless and until NEC's infringement is enjoined by this Court. LGP is entitled to a preliminary and permanent injunction prohibiting NEC from making, using, importing, offering for sale, selling, and/or causing to be sold such NEC products. 35 U.S.C. § 283.

18. NEC's infringement of the '816 patent has caused, and will continue to cause, LGP to suffer damages in an amount that will be proven at trial.

19. Upon information and belief, NEC's acts of infringement have been and continue to be made with full knowledge of LGP's rights in the '816 patent. Such acts constitute willful infringement, making this an exceptional case and entitling LGP to increased damages and reasonable attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II – PATENT INFRINGEMENT

20. United States Patent No. 5,828,433 ("the '433 patent"), entitled "Liquid Crystal Display Device and a Method of Manufacturing the Same" was duly and legally issued on October 27, 1998. The '433 patent names Wuo Sup Shin as the sole inventor, and has been assigned to LGP. Pursuant to Local Rule 3.2, the '433 patent is appended hereto.

21. NEC has infringed, actively induced and/or contributed to the infringement of the '433 patent by making, using, offering for sale, selling, importing and/or causing to be sold, computers, LCDs and other products that infringe one or more claims of the '433 patent.

22. NEC has caused, and will continue to cause, harm to LGP unless and until NEC's infringement is enjoined by this Court. LGP is entitled to a preliminary and permanent injunction prohibiting NEC from making, using, importing, offering for sale, selling, and/or causing to be sold such NEC products. 35 U.S.C. § 283.

23. NEC's infringement of the '433 patent has caused, and will continue to cause, LGP to suffer damages in an amount that will be proven at trial.

24. Upon information and belief, NEC's acts of infringement have been and continue to be made with full knowledge of LGP's rights in the '433 patent. Such acts constitute willful infringement, making this an exceptional case and entitling LGP to increased damages and reasonable attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III -- PATENT INFRINGEMENT

25. United States Patent No. 5,825,449 ("the '449 patent"), entitled "Liquid Crystal Display Device and a Method of Manufacturing the Same" was duly and legally issued on October 20, 1998. The '449 patent names Wuo Sup Shin as the sole inventor, and has been assigned to LGP. Pursuant to Local Rule 3.2, the '449 patent is appended hereto.

26. NEC has infringed, actively induced and/or contributed to the infringement of the '449 patent by making, using, offering for sale, selling, importing and/or causing to be sold, computers, LCDs and other products that infringe one or more claims of the '449 patent.

27. NEC has caused, and will continue to cause, harm to LGP unless and until NEC's infringement is enjoined by this Court. LGP is entitled to a preliminary and permanent injunction prohibiting NEC from making, using, importing, offering for sale, selling, and/or causing to be sold such NEC products. 35 U.S.C. § 283.

28. NEC's infringement of the '449 patent has caused, and will continue to cause, LGP to suffer damages in an amount that will be proven at trial.

29. Upon information and belief, NEC's acts of infringement have been and continue to be made with full knowledge of LGP's rights in the '449 patent. Such acts constitute willful infringement, making this an exceptional case and entitling LGP to increased damages and reasonable attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV -- PATENT INFRINGEMENT

30. United States Patent No. 5,926,237 ("the '237 patent"), entitled "Computer Having Liquid Crystal Display" was duly and legally issued on July 20, 1999. The '237 patent names Hee Young Yun, Kyo Hun Moon, Byeoung Yun Lee, Yong Bum Kim and Young Un Bang as the joint inventors, and has been assigned to LGP. Pursuant to Local Rule 3.2, the '237 patent is appended hereto.

31. NEC has infringed, actively induced and/or contributed to the infringement of the '237 patent by making, using, offering for sale, selling, importing and/or causing to be sold, computers, LCDs and other products that infringe one or more claims of the '237 patent.

32. NEC has caused, and will continue to cause, harm to LGP unless and until NEC's infringement is enjoined by this Court. LGP is entitled to a preliminary and permanent injunction prohibiting NEC from making, using, importing, offering for sale, selling, and/or causing to be sold such NEC products. 35 U.S.C. § 283.

33. NEC's infringement of the '237 patent has caused, and will continue to cause, LGP to suffer damages in an amount that will be proven at trial.

34. Upon information and belief, NEC's acts of infringement have been and continue to be made with full knowledge of LGP's rights in the '237 patent. Such acts constitute willful infringement, making this an exceptional case and entitling LGP to increased damages and reasonable attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285.

## DEMAND FOR JURY TRIAL

LGP hereby demands a trial by jury pursuant to Rule 38, Fed.R.Civ.P.

## PRAYER FOR RELIEF

WHEREFORE, LGP respectfully requests:

a.  an injunction against NEC's continued infringement (35 U.S.C. §283);

b.  an award of its damages for NEC's past infringement (35 U.S.C. §284);

c.  an award of increased and trebled damages for NEC's willful infringement (35 U.S.C. §284);

d.  an award of its attorney fees (35 U.S.C. §285);

e.  an award of its costs (Rule 54(d), Fed.R.Civ.P.); and

f.  any other relief the Court deems appropriate under the circumstances.

October 15, 1999

                MORRIS, JAMES, HITCHENS & WILLIAMS LLP

                */s/ Richard D. Kirk*
                Richard D. Kirk (#922)
                Gretchen Ann Bender (#3073)
                222 Delaware Avenue - 10th Fl.
                P.O. Box 2306
                Wilmington, DE 19899
                302/888-6800

                Attorneys for Plaintiff
                LG.Philips LCD Co., Ltd.

Of Counsel:

LONG ALDRIDGE & NORMAN LLP
Marc R. Labgold
David L. Balser
Mark S. Kaufman
701 Pennsylvania Avenue, N.W., #600
Washington, DC 20004

RDK/99999-8888/599745/1                8