# EXHIBIT A

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

Scott R. Miller
Partner

TEL (213) 787-2510
EMAIL smiller@cblh.com
REPLY TO Los Angeles Office

*Via Email and U.S. Mail*

May 23, 2007

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006-1108

    Re:    *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*
           USDC Case No. 04-343 JJF

Dear Cass:

    Based upon discovery ViewSonic has obtained in the above-referenced action, ViewSonic now has evidentiary support to more clearly plead its inequitable conduct affirmative defense to LPL's infringement allegations that have been addressed in its recent interrogatory responses.  It is ViewSonic's position that an inequitable conduct defense to LPL's allegations is already at issue in the case via ViewSonic's interrogatory responses, the unclean hands affirmative defense pled by ViewSonic, as well as the inequitable conduct affirmative defense pled by the Tatung defendants.

    Enclosed for your review is ViewSonic's proposed Amended Answer more clearly pleading inequitable conduct as a separate affirmative defense.  Please advise by May 31 whether LPL will stipulate to ViewSonic's filing of the enclosed proposed Amended Answer.  If you believe that a telephonic meet and confer will be helpful, please advise us of same this week so that we can schedule it by the end of next week.  If LPL is unwilling to agree to allow ViewSonic to file the enclosed Amended Answer, ViewSonic will seek appropriate relief from the Court.

    We look forward to LPL's expected cooperation in this matter.

                                        Sincerely,

                                        Scott R. Miller

Enclosure
cc:    All counsel of record (w/encl.) (via email)

12188.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG CO.; <br> TATUNG COMPANY OF AMERICA, INC.; AND <br> VIEWSONIC CORPORATION <br><br> Defendants. | Civil Action No. 04-343 (JJF) |

## FIRST AMENDED ANSWER AND DEFENSES
## OF DEFENDANT VIEWSONIC CORPORATION

Defendant ViewSonic Corporation ("ViewSonic") hereby files its Answer, including

Defenses, in response to the Complaint of Plaintiff, LG. Philips LCD Co., Ltd. ("LPL"), in the

above-captioned action in accordance with the numbered paragraphs in the Complaint. Except to

the extent expressly and specifically admitted herein, ViewSonic denies each and every

allegation contained in the Complaint.

### ANSWER

1.     ViewSonic admits only that the Complaint purports to state a cause of action for

willful patent infringement of U.S. Patent No. 6,498,718 ("the '718 Patent") and U.S. Patent No.

6,501,641 ("the '641 Patent"), (collectively the "Patents-in-Suit") under the laws of the United

States. ViewSonic lacks knowledge or information sufficient to form a belief as to Plaintiff's

ownership of the '718 Patent and/or the '641 Patent.  ViewSonic denies the remaining

allegations contained in paragraph 1, if any.

2.     ViewSonic admits that a liquid crystal display ("LCD") is a type of flat panel

display that is used in certain products, such as certain computer monitors, and that flat panel

1

display devices are at issue in the case. ViewSonic denies the remaining allegations contained in paragraph 2 of the Complaint, if any.

3.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint, and on that basis, denies the allegations.

4.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, and on that basis, denies the allegations.

5.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, and on that basis, denies the allegations.

6.    ViewSonic admits that ViewSonic is a corporation existing under the laws of the State of Delaware, and has a place of business at 381 Brea Canyon Road, Walnut, California 91789.

7.    ViewSonic admits only that the Complaint purports to state a cause of action for infringement under the laws of the United States, Title 35, United States Code §§ 271, 281, 283, 284, and 285. ViewSonic denies the remaining allegations, if any, contained in paragraph 7 of the Complaint.

8.    ViewSonic admits that this Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code §§ 1331 and 1338(a). ViewSonic denies the remaining allegations, if any, contained in paragraph 8 of the Complaint.

9.    ViewSonic admits to having imported or caused to be imported; used or caused to be used; offered for sale or caused to be offered for sale; or sold or caused to be sold directly or

2

through intermediaries in the United States a variety of products that include an LCD and that it presently intends to continue to do so. ViewSonic denies each of the remaining allegations contained in paragraph 9 of the Complaint as directed to ViewSonic. For any allegations contained in paragraph 9 of the Complaint which are directed to defendants listed in the Complaint other than ViewSonic, ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and on that basis, denies the allegations.

10.    ViewSonic admits that this Court has personal jurisdiction over ViewSonic and venue is proper for ViewSonic. ViewSonic denies each of the remaining allegations contained in paragraph 10 of the Complaint as directed to ViewSonic. For any allegations contained in paragraph 10 of the Complaint which are directed to defendants listed in the Complaint other than ViewSonic, ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and on that basis, denies the allegations.

11.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, and on that basis, denies the allegations.

12.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint, and on that basis, denies the allegations.

13.    ViewSonic admits that the '718 Patent was issued by the U.S. Patent and Trademark Office on December 24, 2002, and that a copy of the '718 Patent was attached to the Complaint as Exhibit A. ViewSonic lacks sufficient information to admit or deny the remaining allegations of paragraph 13, including without limitation, that the '718 Patent was duly or legally

3

issued, listing LPL as assignee, and on that basis, denies the remaining allegations.

14.     ViewSonic admits that the '641 Patent was issued by the U.S. Patent and Trademark Office on December 31, 2002, and that a copy of the '641 Patent was attached to the Complaint as Exhibit B. ViewSonic lacks sufficient information to admit or deny the remaining allegations of paragraph 14, including without limitation, that the '641 Patent was duly or legally issued listing LPL as assignee, and on that basis, denies the remaining allegations.

15.     ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, and on that basis, denies the allegations.

16.     ViewSonic denies each of the allegations contained in paragraph 16 of the Complaint as directed to ViewSonic. For any allegations contained in paragraph 16 of the Complaint which are directed to defendants listed in the Complaint other than ViewSonic, ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and on that basis, denies the allegations.

17.     ViewSonic incorporates by reference its responses 1-16 to the allegations contained in paragraph 17 of the Complaint as if restated and set forth in full.

18.     ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, and on that basis, denies the allegations.

19.     ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, and on that basis, denies the allegations.

20.     ViewSonic lacks sufficient knowledge or information to form a belief as to the

4

truth or falsity of the allegations contained in paragraph 20 of the Complaint, and on that basis, denies the allegations.

 21. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint, and on that basis, denies the allegations.

 22. ViewSonic incorporates by reference its responses 1-21 to the allegations contained in paragraph 22 of the Complaint as if restated and set forth in full.

 23. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, and on that basis, denies the allegations.

 24. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, and on that basis, denies the allegations.

 25. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, and on that basis, denies the allegations.

 26. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, and on that basis, denies the allegations.

 27. ViewSonic incorporates by reference its responses 1-26 to the allegations contained in paragraph 27 of the Complaint as if restated and set forth in full.

 28. ViewSonic denies the allegations contained in paragraph 28 of the Complaint.

 29. ViewSonic denies the allegations contained in paragraph 29 of the Complaint.

30.     ViewSonic denies the allegations contained in paragraph 30 of the Complaint.

31.     ViewSonic denies the allegations contained in paragraph 31 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested against ViewSonic.

32.     ViewSonic incorporates by reference its responses 1-31 to the allegations contained in paragraph 32 of the Complaint as if restated and set forth in full.

33.     ViewSonic denies the allegations contained in paragraph 33 of the Complaint.

34.     ViewSonic denies the allegations contained in paragraph 34 of the Complaint.

35.     ViewSonic denies the allegations contained in paragraph 35 of the Complaint.

36.     ViewSonic denies the allegations contained in paragraph 36 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested against ViewSonic.

## DEFENSES

In further responding to LPL's claims contained in the Complaint, ViewSonic asserts the following defenses:

### First Defense (Failure to State a Claim)

37.     Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense (Non-Infringement)

38.     On information and belief, ViewSonic does not, willfully or otherwise, infringe, induce infringement, or contribute to the infringement of the '718 Patent or the '641 Patent, either literally or by the doctrine of equivalents, and at all times relevant to this Action, ViewSonic has not infringed, induced infringement, or contributed to the infringement of the '718 Patent or the '641 Patent, either literally or by the doctrine of equivalents.

### Third Defense (Invalidity)

39.     Through discovery and otherwise, ViewSonic intends to develop evidence, and on

that basis alleges, that the '718 and '641 Patents are invalid due to the failure of the specification

and/or claims of each the '718 and '641 Patents to comply with the statutory requirements of one

or more of the provisions of Title 35 of the United States Code, including Sections 102, 103, and

112.

### Fourth Defense (Laches and/or Estoppel)

40.     On information and belief, Plaintiffs claims are barred by the doctrines of laches,

waiver, acquiescence and/or estoppel.

### Fifth Defense (Unclean Hands)

41.     On information and belief, Plaintiffs claims are barred by reason of unclean hands.

### Sixth Defense (Marking)

42.     Through discovery and otherwise, ViewSonic intends to develop evidence that

some or all of Plaintiffs claims for damages and other remedies in the Complaint are barred by

the marking and notice requirements set forth in 35 U.S.C. § 287.

### Seventh Defense (Prosecution History Estoppel)

43.     Through discovery and otherwise, ViewSonic intends to develop evidence that

some or all of Plaintiffs claims are barred by the doctrine of prosecution history estoppel.

### Eighth Defense (Inequitable Conduct)

44.     LG.Philips LCD Co., Ltd.'s claims are barred and the patents in suit unenforceable

by reason of inequitable conduct before the patent office by LG.Philips LCD Co., Ltd. and its

predecessors, and their employees and agents, including the purported inventors and prosecuting

attorneys, during prosecution of the patents-in-suit, including misrepresentations of or failures to

disclose material information such as limitations of the foreign patent relied upon; failure to

disclose the existence of mounting holes/elements on the back of widely available LCD modules,

including LCD modules built by LPL or its predecessors including LG Electronics; failure to

disclose prior art believed to be known to plaintiff, its employees and agents, due to the wide

availability of various LCD monitors and devices sold, offered for sale, marketed and/or

manufactured by LG Electronics, including the 500LC monitor and the L700, and, on

information and belief, LCD monitors and devices sold, offered for sale, marketed and/or

manufactured by others, including products sold by Pixelvision, such as the SGT 115; CTX, such

as the Panoview 600; IBM, such as the 9052; Apple, such as the duo product line and flat panel

display for the Apple II; Tatung, such as L4KAS; Hewlett Packard, such as the s1010a; Sun,

such as the Voyager; Compaq, such as the 640; ViewSonic, such as the VP140; Sharp such as

the LQ4NC31, LQ4NC32, LQ4RA01, LQ4RA02, LQ5AW116, LQ4RA35, LQ4RB15,

LQ5AW136, LQ6MC01, LQ6MC02, LQ5RA01, LQ5RA02, LQ6RA52, LQ4RB17, LQ4RA31,

LQ4RA32, LQ0B01; Advantech, such as the PPC-140T and, Summitomo and LG Semicon; and

failure to disclose publications and patents including the November 13, 1997 VESA Flat Panel

Monitor Physical Mounting Interface (FPMPMI) Standard; "Cockpit Displays;" U.S. Pat. Nos.

5,041,965; 5,119,204; 5,570,267; 5,831,816; 5,844,772; and Japanese Patent Nos. 407020447A,

4091711358A, 4019190156A, 406214511A, and 410117313A. The failure to disclose this

information was knowing, willful, and done with an intent to deceive the PTO into issuing the

patents-in-suit.

### Ninth Defense (Discovery Continuing)

45.    With discovery still ongoing, ViewSonic has yet to complete its investigation.

ViewSonic reserves the right to assert any other defenses that discovery may reveal.

### PRAYER FOR RELIEF

WHEREFORE, ViewSonic respectfully requests that this Court enter ajudgment on the

8

Complaint granting the relief set forth below:

    a)     a dismissal with prejudice of Plaintiffs Complaint as against ViewSonic;

    b)     a denial of all relief sought by Plaintiff as against ViewSonic;

    c)     that this Court declare the '718 Patent invalid;

    d)     that this Court declare the '718 Patent uneforceable;

    e)     that this Court declare that ViewSonic has neither infringed nor actively induced nor contributed to any infringement of any claim of the '718 Patent;

    f)     that this Court declare the '641 Patent invalid;

    g)     that this Court declare the '641 Patent uneforceable;

    h)     that this Court declare that ViewSonic has neither infringed nor actively induced nor contributed to any infringement of any claim of the '641 Patent;

    i)     judgment in favor of ViewSonic and against Plaintiff;

    j)     adjudging this an exceptional case under 35 U.S.C. § 285 and awarding ViewSonic its reasonable attorneys' fees; and,

    k)     such other relief as this Court may deem just and proper.

Date: May ____, 2007                    Respectfully submitted,

                                        Connolly Bove Lodge & Hutz LLP


Of Counsel:                             By: _____
                                             Jeffrey B. Bove (#998)
Scott R. Miller  (CA Bar No. 112656)         James D. Heisman (# 2746)
Connolly Bove Lodge & Hutz LLP               Jaclyn M. Mason (#4737)
355 South Grand Avenue, Suite 3150           The Nemours Building, 8th floor
Los Angeles, CA  90071                       1007 North Orange Street
Telephone:  (213) 787-2500                   Wilmington, DE 19801
Facsimile:  (213) 687-0498                   Telephone:  (302) 658-9141
                                             Facsimile:  (302) 658-5614

Tracy R. Roman (CA Bar No. 199031)      *Attorneys for Defendant*
Raskin Peter Rubin & Simon LLP          *ViewSonic Corporation*
1801 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone: (310) 277-0010
Facsimile: (310) 277-1980

# EXHIBIT B

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

May 25, 2007

VIA E-MAIL AND U.S. MAIL

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz, LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071

> Re:  *LG.Philips LCD Co., Ltd. v. Tatung, et al.*,
> Civil Action No. 04-343 (JJF)

Dear Scott:

I write to respond to your May 23, 2007 letter proposing that we consent on behalf of LG.Philips LCD Co., Ltd. ("LPL") to ViewSonic's request to amend its pleadings and assert a new inequitable conduct defense.

We discussed this issue yesterday during the discovery teleconference with the Special Master. As I made clear, LPL will oppose any attempt by ViewSonic to amend its answer and allege an inequitable conduct defense. Asserting an inequitable conduct defense now would be untimely, unfair, and prejudicial to LPL. Discovery is closed. The deadline to amend pleadings has expired. ViewSonic has never pleaded an inequitable conduct defense in this case and cannot do so now after failing to act with diligence and unfairly delaying any attempt to raise this issue until after discovery. LPL has not had proper notice of such a defense, nor has LPL been provided with proper discovery. The proposed defense, moreover, is meritless and lacks a factual or legal basis, contrary to settled law and standards for pleading under Rule 9(b).

Further, your May 23 letter fails to provide important information. For example, the letter refers to undisclosed "discovery" on which ViewSonic purports to base its new inequitable conduct defense. Please identify specifically what discovery ViewSonic is relying on so that we may consider this and respond. In addition, your letter refers to unspecified "interrogatory responses" that purportedly address inequitable conduct. Please identify these interrogatory answers. Also, please explain when ViewSonic first learned of each fact and purported prior art reference identified in ViewSonic's proposed inequitable conduct defense.

Scott R. Miller, Esq.
May 25, 2007
Page 2

During the teleconference yesterday, you also indicated that ViewSonic might attempt to rely on a purported inequitable conduct defense in the Tatung Defendants' answer. As I responded, ViewSonic's expert witness cannot properly testify about a defense not pleaded by ViewSonic. Therefore, there is no basis for ViewSonic's expert to address any inequitable conduct defense. As set forth in LPL's reply, moreover, Tatung's purported inequitable conduct defense is fatally deficient and fails to comply with the applicable standards for pleading such a defense. Therefore, there is no basis for either ViewSonic or Tatung to offer any evidence, including expert testimony, in support of an inequitable conduct defense.

LPL will oppose as improper any attempt by ViewSonic or Tatung to inject into this case unwarranted evidence or issues related to inequitable conduct.

Sincerely,

Cass W. Christenson

cc:    Counsel of Record (via email)

# EXHIBIT C

## Kristen Rohrabaugh

**From:** Nancy Phillips
**Sent:** Monday, September 17, 2007 11:02 AM
**To:** 'Cass W. Christenson'
**Cc:** 'Rel S. Ambrozy'; 'Gaspare J. Bono'; Jeff Bove; 'Lora A. Brzezynski'; 'Cormac T. Connor';
'Frederick L. Cottrell III'; 'Christopher Darrow'; 'Anne Shea Gaza'; James Heisman; Jill J. Herr;
'Valerie Ho'; 'Allan Jansen'; 'Richard D. Kirk'; 'Klevens, Shari'; 'Mark Krietzman'; 'Cynthia Lees';
Julie Lorenzen; 'Frank Merideth'; Scott Miller; Manuel C. Nelson; 'Charlene Oh';
'PouratianD@gtlaw.com'; Kristen Rohrabaugh; 'Tracy Roman'; 'Michael Secondo'; 'Ashley
Stitzer'; Alesha Walker
**Subject:** LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.

**Attachments:** 2007.09.17 letter to C Christenson.pdf; Amended Answer.pdf

 

2007.09.17 letter    Amended
to C Christe...    Answer.pdf (33 KB)                    Mr. Christenson,

Please see the attached letter.

Nancy J. Phillips
Assistant to Scott R. Miller
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone:  213-787-2517
Facsimile:  213-687-0498
nphillips@cblh.com

1



# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

LOS ANGELES, CA

333 S. Grand Ave.
Suite 2300
Los Angeles, CA 90071-1504
TEL: (213) 787 2500
FAX: (213) 687 0498
WEB: www.cblh.com

Scott R. Miller
Partner

TEL (213) 787-2510
EMAIL smiller@cblh.com

*Via Email and U.S. Mail*

September 17, 2007

Cass W. Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006-1108

> Re: *LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.*
> USDC Case No. 04-343 JJF

Dear Cass:

Enclosed with this letter is the Amended Answer which ViewSonic seeks to file in the instant action. As you are aware, the evidence supporting the amendment was discovered long after the January 17, 2006 date for filing motions to amend the pleadings set in the original Scheduling Order. Indeed, much of the information is the direct result of LPL's belated production of documents starting in July, 2007 per the Order of the Special Master. As such, we hereby request that LPL agree to stipulate to the filing of the First Amended Answer without motion to the Court. Failing receipt of your agreement to this amendment by Wednesday, September 19, 2007, ViewSonic intends to proceed with the filing of a motion before Judge Farnan seeking leave to file this Amended Answer.

Please let me know if we can reach agreement on this issue.

Sincerely,

Scott R. Miller

Scott R. Miller

Enclosure

cc:    All counsel of record (w/encl.) (via email)

13646.1

WILMINGTON, DE                    WASHINGTON, DC                    LOS ANGELES, CA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION

Defendants.

Civil Action No. 04-343 (JJF)

## FIRST AMENDED ANSWER AND DEFENSES
## OF DEFENDANT VIEWSONIC CORPORATION

Defendant ViewSonic Corporation ("ViewSonic") hereby files its Answer, including

Defenses, in response to the Complaint of Plaintiff, LG. Philips LCD Co., Ltd. ("LPL"), in the

above-captioned action in accordance with the numbered paragraphs in the Complaint. Except to

the extent expressly and specifically admitted herein, ViewSonic denies each and every

allegation contained in the Complaint.

### ANSWER

1.    ViewSonic admits only that the Complaint purports to state a cause of action for

willful patent infringement of U.S. Patent No. 6,498,718 ("the '718 Patent") and U.S. Patent No.

6,501,641 ("the '641 Patent"), (collectively the "Patents-in-Suit") under the laws of the United

States. ViewSonic lacks knowledge or information sufficient to form a belief as to Plaintiff's

ownership of the '718 Patent and/or the '641 Patent. ViewSonic denies the remaining

allegations contained in paragraph 1, if any.

2.      ViewSonic admits that a liquid crystal display ("LCD") is a type of flat panel display that is used in certain products, such as certain computer monitors, and that flat panel display devices are at issue in the case. ViewSonic denies the remaining allegations contained in paragraph 2 of the Complaint, if any.

3.      ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint, and on that basis, denies the allegations.

4.      ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, and on that basis, denies the allegations.

5.      ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, and on that basis, denies the allegations.

6.      ViewSonic admits that ViewSonic is a corporation existing under the laws of the State of Delaware, and has a place of business at 381 Brea Canyon Road, Walnut, California 91789.

7.      ViewSonic admits only that the Complaint purports to state a cause of action for infringement under the laws of the United States, Title 35, United States Code §§ 271, 281, 283, 284, and 285. ViewSonic denies the remaining allegations, if any, contained in paragraph 7 of the Complaint.

8.      ViewSonic admits that this Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code §§ 1331 and 1338(a). ViewSonic denies the remaining allegations, if any, contained in paragraph 8 of the Complaint.

2

9.    ViewSonic admits to having imported or caused to be imported; used or caused to be used; offered for sale or caused to be offered for sale; or sold or caused to be sold directly or through intermediaries in the United States a variety of products that include an LCD and that it presently intends to continue to do so. ViewSonic denies each of the remaining allegations contained in paragraph 9 of the Complaint as directed to ViewSonic. For any allegations contained in paragraph 9 of the Complaint which are directed to defendants listed in the Complaint other than ViewSonic, ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and on that basis, denies the allegations.

10.    ViewSonic admits that this Court has personal jurisdiction over ViewSonic and venue is proper for ViewSonic. ViewSonic denies each of the remaining allegations contained in paragraph 10 of the Complaint as directed to ViewSonic. For any allegations contained in paragraph 10 of the Complaint which are directed to defendants listed in the Complaint other than ViewSonic, ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and on that basis, denies the allegations.

11.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, and on that basis, denies the allegations.

12.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint, and on that basis, denies the allegations.

13.    ViewSonic admits that the '718 Patent was issued by the U.S. Patent and Trademark Office on December 24, 2002, and that a copy of the '718 Patent was attached to the

3

Complaint as Exhibit A. ViewSonic lacks sufficient information to admit or deny the remaining allegations of paragraph 13, including without limitation, that the '718 Patent was duly or legally issued, listing LPL as assignee, and on that basis, denies the remaining allegations.

14.    ViewSonic admits that the '641 Patent was issued by the U.S. Patent and Trademark Office on December 31, 2002, and that a copy of the '641 Patent was attached to the Complaint as Exhibit B. ViewSonic lacks sufficient information to admit or deny the remaining allegations of paragraph 14, including without limitation, that the '641 Patent was duly or legally issued listing LPL as assignee, and on that basis, denies the remaining allegations.

15.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, and on that basis, denies the allegations.

16.    ViewSonic denies each of the allegations contained in paragraph 16 of the Complaint as directed to ViewSonic. For any allegations contained in paragraph 16 of the Complaint which are directed to defendants listed in the Complaint other than ViewSonic, ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and on that basis, denies the allegations.

17.    ViewSonic incorporates by reference its responses 1-16 to the allegations contained in paragraph 17 of the Complaint as if restated and set forth in full.

18.    ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, and on that basis, denies the allegations.

4