19. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, and on that basis, denies the allegations.

20. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, and on that basis, denies the allegations.

21. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint, and on that basis, denies the allegations.

22. ViewSonic incorporates by reference its responses 1-21 to the allegations contained in paragraph 22 of the Complaint as if restated and set forth in full.

23. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, and on that basis, denies the allegations.

24. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, and on that basis, denies the allegations.

25. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, and on that basis, denies the allegations.

26. ViewSonic lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, and on that basis, denies the allegations.

27. ViewSonic incorporates by reference its responses 1-26 to the allegations contained in paragraph 27 of the Complaint as if restated and set forth in full.

28. ViewSonic denies the allegations contained in paragraph 28 of the Complaint.

29. ViewSonic denies the allegations contained in paragraph 29 of the Complaint.

30. ViewSonic denies the allegations contained in paragraph 30 of the Complaint.

31. ViewSonic denies the allegations contained in paragraph 31 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested against ViewSonic.

32. ViewSonic incorporates by reference its responses 1-31 to the allegations contained in paragraph 32 of the Complaint as if restated and set forth in full.

33. ViewSonic denies the allegations contained in paragraph 33 of the Complaint.

34. ViewSonic denies the allegations contained in paragraph 34 of the Complaint.

35. ViewSonic denies the allegations contained in paragraph 35 of the Complaint.

36. ViewSonic denies the allegations contained in paragraph 36 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested against ViewSonic.

**DEFENSES**

In further responding to LPL's claims contained in the Complaint, ViewSonic asserts the following defenses:

First Defense (Failure to State a Claim)

37. Plaintiff has failed to state a claim upon which relief can be granted.

Second Defense (Non-Infringement)

38. On information and belief, ViewSonic does not, willfully or otherwise, infringe, induce infringement, or contribute to the infringement of the '718 Patent or the '641 Patent, either literally or by the doctrine of equivalents, and at all times relevant to this Action,

ViewSonic has not infringed, induced infringement, or contributed to the infringement of the '718 Patent or the '641 Patent, either literally or by the doctrine of equivalents.

### Third Defense (Invalidity)

39. Through discovery and otherwise, ViewSonic intends to develop evidence, and on that basis alleges, that the '718 and '641 Patents are invalid due to the failure of the specification and/or claims of each the '718 and '641 Patents to comply with the statutory requirements of one or more of the provisions of Title 35 of the United States Code, including Sections 102, 103, and 112.

### Fourth Defense (Laches and/or Estoppel)

40. On information and belief, Plaintiffs claims are barred by the doctrines of laches, waiver, acquiescence and/or estoppel.

### Fifth Defense (Unclean Hands)

41. On information and belief, Plaintiffs claims are barred by reason of unclean hands.

### Sixth Defense (Marking)

42. Through discovery and otherwise, ViewSonic intends to develop evidence that some or all of Plaintiffs claims for damages and other remedies in the Complaint are barred by the marking and notice requirements set forth in 35 U.S.C. § 287.

### Seventh Defense (Prosecution History Estoppel)

43. Through discovery and otherwise, ViewSonic intends to develop evidence that some or all of Plaintiffs claims are barred by the doctrine of prosecution history estoppel.

### Eighth Defense (Inequitable Conduct)

44. LG.Philips LCD Co., Ltd.'s claims are barred and the patents-in-suit are unenforceable by reason of inequitable conduct before the patent office by LG.Philips LCD Co.,

Ltd. and its predecessors, and their employees and agents, including the purported inventors and prosecuting attorneys, during prosecution of the patents-in-suit, including misrepresentations of or failures to disclose material information such as limitations of the foreign patent relied upon; failure to disclose the existence of mounting holes and/or fastening elements on the back of prior art LCD modules and/or LCD devices, including the LCD modules and/or LCD devices built, sold and/or offered for sale by LPL or its predecessor in interest LG Electronics, which models include, without limitation, the following products: LC056B1, LC056N1, LV56ND01A, LV56ND11A, LCA4SE13A, LCB3SE11A, LM151X1, LM151X2, LM181E1, LM220W1, LMEOXG01A, LP064V1, LC064N1, LC95VA01A, LME1XE11A, LP104V2, LP121SA-A2QT, LP121SP, LP133X1, LP150X1, LP104S3, LP121S4, LP121SB, LP121SL, LP133X2, LP133X3, LP133X4, LP133X6, LP141E1, LP141X1, LP141X2, LP141X3, LP141X4, LP141X5, LP141XA-A1, and also further including products with the same family model number but different suffix numbers having the same or substantially similar construction and/or mounting configurations; and, failure to disclose prior art believed to be known to plaintiff, its employees and agents or its predecessor in interest LG Electronic, of: (i) various LCD monitors and devices sold, offered for sale, marketed and/or manufactured by LG Electronics, including without limitation the 500LC monitor; and, (ii) prior art publications disclosing, discussing, leading up to, regarding and constituting the November 13, 1997 VESA Flat Panel Monitor Physical Mounting Interface (FPMPMI) Standard, in each case based on the understanding of the invention and claims which the patentee presented to, and which were allowed by, the PTO. The failure to disclose this information was knowing, willful, and done with an intent to deceive the PTO into issuing the patents-in-suit.

### Ninth Defense (Discovery Continuing)

45. With discovery still ongoing, ViewSonic has yet to complete its investigation. ViewSonic reserves the right to assert any other defenses that discovery may reveal.

**PRAYER FOR RELIEF**

WHEREFORE, ViewSonic respectfully requests that this Court enter a judgment on the Complaint granting the relief set forth below:

a) a dismissal with prejudice of Plaintiffs Complaint as against ViewSonic;

b) a denial of all relief sought by Plaintiff as against ViewSonic;

c) that this Court declare the '718 Patent invalid;

d) that this Court declare the '718 Patent unenforceable;

e) that this Court declare that ViewSonic has neither infringed nor actively induced nor contributed to any infringement of any claim of the '718 Patent;

f) that this Court declare the '641 Patent invalid;

g) that this Court declare the '641 Patent unenforceable;

h) that this Court declare that ViewSonic has neither infringed nor actively induced nor contributed to any infringement of any claim of the '641 Patent;

i) judgment in favor of ViewSonic and against Plaintiff;

j) adjudging this an exceptional case under 35 U.S.C. § 285 and awarding ViewSonic its reasonable attorneys' fees; and,

k) such other relief as this Court may deem just and proper.

Date: September ____, 2007                          Respectfully submitted,

                                                    Connolly Bove Lodge & Hutz LLP

Of Counsel:                                         By: _____
                                                    Jeffrey B. Bove (#998)
Scott R. Miller  (CA Bar No. 112656)                James D. Heisman (# 2746)
Connolly Bove Lodge & Hutz LLP                      The Nemours Building, 8th floor
333 South Grand Avenue, Suite 2300                  1007 North Orange Street
Los Angeles, CA  90071                              Wilmington, DE 19801
Telephone:  (213) 787-2500                          Telephone:  (302) 658-9141
Facsimile:  (213) 687-0498                          Facsimile:   (302) 658-5614

                                                    *Attorneys for Defendant*
Tracy R. Roman (CA Bar No. 199031)                  *ViewSonic Corporation*
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:  (310) 277-0010
Facsimile:   (310) 277-1980

# EXHIBIT D

**Scott Miller**

| | |
|---|---|
| From: | Christenson, Cass [cchristenson@mckennalong.com] |
| Sent: | Friday, September 21, 2007 8:40 AM |
| To: | Nancy Phillips; Scott Miller |
| Cc: | Ambrozy, Rel; Bono, Gaspare; Jeff Bove; Brzezynski, Lora; Connor, Cormac; Frederick L. Cottrell III; Christopher Darrow; Anne Shea Gaza; James Heisman; Jill J. Herr; Valerie Ho; Allan Jansen; Richard D. Kirk; Klevens, Shari; Mark Krietzman; Cynthia Lees; Julie Lorenzen; Frank Merideth; Scott Miller; Manuel C. Nelson; Charlene Oh; PouratianD@gtlaw.com; Kristen Rohrabaugh; Tracy Roman; Michael Secondo; Ashley Stitzer; Alesha Walker |
| Subject: | RE: LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al. |

Dear Scott:  As you know, we have been preparing for and attending ViewSonic's deposition of LPL this week.  We will review your September 17 correspondence and respond shortly. Regards, Cass

---

From: Nancy Phillips [mailto:NPhillips@cblh.com]
Sent: Monday, September 17, 2007 2:02 PM
To: Christenson, Cass
Cc: Ambrozy, Rel; Bono, Gaspare; Jeff Bove; Brzezynski, Lora; Connor, Cormac; Frederick L. Cottrell III; Christopher Darrow; Anne Shea Gaza; James Heisman; Jill J. Herr; Valerie Ho; Allan Jansen; Richard D. Kirk; Klevens, Shari; Mark Krietzman; Cynthia Lees; Julie Lorenzen; Frank Merideth; Scott Miller; Manuel C. Nelson; Charlene Oh; PouratianD@gtlaw.com; Kristen Rohrabaugh; Tracy Roman; Michael Secondo; Ashley Stitzer; Alesha Walker
Subject: LG.Philips LCD Co., Ltd. v. ViewSonic Corporation, et al.


Mr. Christenson,

Please see the attached letter.

Nancy J. Phillips
Assistant to Scott R. Miller
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone:  213-787-2517
Facsimile:   213-687-0498
nphillips@cblh.com

This e-mail and any attachment is intended only for use by the addressee(s) and may contain privileged and confidential information. Please email or call 302-658-9141 to advise the sender of a transmission error and delete the message and any attachments and any printouts. Any tax advice contained in this communication is not intended and cannot be used to avoid penalties under the Internal Revenue Code or to promote, market or recommend to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any

1

attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

# Exhibit E

# REDACTED IN ITS ENTIRETY