# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Jeffrey B. Bove
Partner

TEL (302) 888-6241
EMAIL jbove@cblh.com

*Via Hand Delivery*

October 5, 2007

The Honorable Vincent J. Poppiti         **FILED UNDER SEAL**
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   Opposition to LPL's Motion for Protective Order and
      Stay of Deposition of LPL
      *LG.Philips LCD Co., Ltd. v. ViewSonic Corp., et al.*
      USDC, Delaware, C.A. No. 04-343-JJF

Dear Special Master Poppiti:

I.     **Introduction**

Defendant ViewSonic Corporation ("ViewSonic") hereby opposes the motion of LG.Philips LCD Co., Ltd. ("LPL") for a protective order, including a stay of the twice-ordered 30(b)(6) deposition of LPL that is scheduled to begin in less than a week on October 10, 2007. In light of the circumstances, ViewSonic also renews at this time its request for evidentiary and monetary sanctions and further moves for leave to depose _____, either as LPL's representative under Rule 30(b)(6) or as an individual. _____ is the engineer at LPL who appears to have been responsible for the mechanical design of the most key prior art products which LPL suppressed during the fact discovery period.[1]

LPL's motion should be denied for at least three reasons. First, there is no legitimate reason – much less good cause – why LPL cannot present a witness who is prepared to testify other than it is simply ignoring the Court's September 21 Order. LPL's designation of another member of its patent team whose schedule precluded him from being prepared for the Court-ordered deposition is a problem of LPL's own making, and should be sanctioned rather than rewarded with more delay.

Second, there is no settlement between LPL and ViewSonic, and a vague assertion of _____ is not good cause to stop the case as to ViewSonic.

---

[1] See Deposition of LPL, Youngwoo Cho, September 20, 2007, at 55:2-58:10. (Ex. A hereto.)

10153.1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
October 5, 2007
Page 2

Even if it were a valid basis, the record strongly suggests that the requested stay is based on false representations regarding the status of settlement discussions. To ViewSonic's knowledge, [1]                                                    . In contrast, LPL has made a series of inaccurate representations regarding the status of its supposed settlements for the sole purpose of obtaining a stay of the applicable proceedings.

Third, the prejudice to ViewSonic is manifest were the Court to grant LPL's motion. The schedule will be altered, trial delayed, Court-ordered discovery that ViewSonic has been prepared to complete for weeks will again be thwarted, and ViewSonic's business will continue to be disrupted by this lawsuit. LPL's suggestion of judicial economy is illusory at best. In reality, this is nothing but a smokescreen for LPL to continue to do what it has done throughout this case – delay the proper and legitimate discovery into its wrongful and unlawful conduct associated with the prosecution and assertion of the patents in suit. Accordingly, ViewSonic respectfully requests that LPL's motion for protective order be denied, and that LPL be held accountable for its repeated flouting of this Court's Orders by imposing the requested evidentiary and monetary sanctions.

II.     **Choosing As Its Replacement Witness A Person Whom LPL Now Claims Is Too Busy With Settlement Discussions To Be Bothered To Comply With The Court's Ordered Deposition Is A Basis For Sanctions, Not Further Delay.**

LPL asserts the deposition should be stayed because the parties are close to settlement and the person it intends to present as its 30(b)(6) witness has been too busy during these past three weeks negotiating this and other settlements to be able to prepare for the Court-ordered deposition. According to its website, LPL has more than 23,000 employees from which to choose a 30(b)(6) witness. Apparently, LPL wants the Court to believe that the hand of fate has interceded such that, the one employee LPL selected to be its witness in response to this Court's *second* Order compelling the deposition, has unexpectedly been too busy to attend to his preparation obligations as required by the Court's Orders. If true, and if LPL believes this provides good cause for a protective order, then one must ask why LPL's motion does not even identify this supposed witness, notwithstanding the parties' preexisting agreement to identify corporate representative witnesses in writing not less than five Court days before the deposition.[2]

LPL's non-litigation counsel has orally indicated that the witness may be Won-Jun Choi, who attended the first LPL corporate deposition in February and who ViewSonic understands to be yet another member of LPL's patent department - just like Mr. Cho, the witness presented during the September 19-20, 2007 deposition. Tellingly, Mr. Choi has not participated in any of the settlement communications or discussions with ViewSonic.

---

[2] That written identification was due on Tuesday, October 2, 2007, since Monday, October 8, 2007, is a Federal holiday.

13894.1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
October 5, 2007
Page 3

Further, ViewSonic is advised that Mr. Choi did not participate in the settlement meetings between
or the other Delaware patent case pending before Judge Farnan.[3]

  LPL's motion is also curiously silent about when its unidentified designee first knew or should have known that he would not have the ability to adequately prepare for the Court-ordered deposition, nor why a different designee was not selected. As LPL's motion points out, the California Court entered Minute Orders on September 7, 2007, *two weeks before* this Court's September 21 Order for this deposition. ViewSonic is advised that the settlement meetings between LPL and Chunghwa Picture Tubes took place *during this two-week period* of time, *i.e.*, prior to the Court's second deposition Order. LPL must have known by September 21, 2007 that its chosen witness would not be capable of being prepared as ordered by the Court. Yet LPL did nothing to select a different witness.

  LPL is equally silent with regard to the identity of its counsel who has been prevented from attending to the prosecution of this action by settlement talks in other matters.[4] ViewSonic submits that LPL's silence as to these, and other matters, is not accidental. At the very least, LPL's presented facts to do not give rise to good cause sufficient to justify LPL's request for a stay.

### III. LPL Has Misrepresented The Status Of Settlement Discussions.

  LPL has embarked on a course of having preliminary settlement discussions with the parties in several of its cases, and seeking to leverage those discussions into an unwarranted stay of all pending litigation between the parties. LPL should not be permitted to obstruct Court-ordered depositions and to manipulate the schedule in this manner.

  It is uncontroverted that there is no agreement to settle any of the cases now pending between LPL and ViewSonic. LPL's motion confirms this fact. Yet, concurrent with that acknowledgement, LPL falsely represented to Judge Farnan that it has an "agreement in principal" with ViewSonic to settle the 292 case.[5] That representation also

[6]

  Also, in its motion LPL states,
    Just two days before, however, LPL advised ViewSonic that

---

[3] 05-cv-00292-JJF (hereafter, the "292 case").
[4] It is significant that no counsel appearing for LPL in this action have been involved in any settlement communications or discussions between ViewSonic and LPL.
[5] See Exhibit B hereto.
[6] See Exhibit C hereto.

13894.1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
October 5, 2007
Page 4

      In short, LPL is making conflicting statements to this Court and others regarding the status of its settlement negotiations, solely in order to get the stay of discovery it so desperately covets. The relevant facts, however, are plain and undisputed. There is no settlement of this or any other action between ViewSonic and LPL. Indeed, LPL broke off settlement communications with ViewSonic early on Wednesday, October 3, the same day it filed this motion. And LPL filed this motion after ViewSonic repeatedly rejected LPL's request to postpone the deposition in the hopes a settlement might result. In sum, this deposition can and should go forward[7]

### IV. ViewSonic Will Be Severely Prejudiced By The Protective Order.

      LPL seeks a four-week stay of all discovery in this action. Incredulously, it claims that the stay "will not impact the March 10, 2008 trial date scheduled for this litigation." Other than arguing that there will be less work to do since LPL has settled with Tatung – which it is established is untrue – LPL is again silent on how one can reconcile this assertion with the facts.

      As confirmed in correspondence to the Special Master dated September 27, 2007, the parties have already arrived at agreed-upon modified dates in the Scheduling Order necessary to accommodate LPL's last failure to produce a knowledgeable 30(b)(6) witness in violation of the Court's September 5, 2007 Order.[8] Apparently, LPL believes that the scheduled time for experts to analyze information, prepare reports, and be deposed, and for dispositive motions to be briefed, presented and decided by the Court – each of which are presently scheduled for periods of weeks – can each be reduced down to a few days. Neither ViewSonic nor its experts are capable of such prestidigitation with time, nor should ViewSonic be expected to sacrifice the propriety of its defense because LPL refuses to comply with this Court's numerous discovery orders. ViewSonic likewise does not expect the Court wishes to make decisions on case dispositive motions on an overnight basis. Yet, this is exactly what would need to occur to accommodate LPL's requested stay in this action without a corresponding delay in all of the other dates contained within the Scheduling Order, including the trial date.

      Such a compressed schedule would be highly prejudicial to ViewSonic, all but denying it basic due process. LPL's silence in proposing dates to meet its schedule of a four-week stay while retaining the trial date is again quite telling. It is simply not possible to put off the present deposition of LPL until the beginning of December (the likely first date by which an LPL witness could be "prepared"), complete expert discovery, prepare,

---

[7] LPL's tale is so riddled with inconsistencies, it seems the only way to separate fact from fiction is for the Court to schedule an in-person hearing with counsel *and* the person LPL designed to testify, who thus must be scheduled to be in the United States for this deposition  In the absence of the deposition going forward next week, ViewSonic respectfully requests such a hearing during that time frame.
[8] See Ex. D hereto.

13894.1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
October 5, 2007
Page 5

brief, present and allow for deliberate consideration of case dispositive motions, as well as all of the pretrial activities which must likewise occur, prior to the February 7, 2008 pretrial conference and the March 10, 2008 trial of this action.

Likewise, any delay in the trial schedule would be prejudicial to ViewSonic, and the Court's ability to control its own calendar. ViewSonic has already been forced to expend millions of dollars defending this case. It has had to live with the disruption of its business activities due to extended discovery. The litigation with LPL has affected its dealings with customers and suppliers, and it is entitled to present its defenses and hold LPL accountable for its wrongful actions. ViewSonic has experts in the throes of their analyses, and to bring that to a grinding halt only to have to ramp back up at a later date would impose significant unwarranted costs on ViewSonic. ViewSonic should not suffer such prejudice simply because LPL is desperate to forestall this critical pending discovery. LPL's motion for protective order should thus be denied.

V.  **LPL's Admission That           , In Knowing Violation Of The Court's Order, Justifies The Imposition Of Evidentiary And Monetary Sanctions.**

LPL's admission that                                                             on October 10, 2007 without any justification – much less substantial justification – mandates the imposition of the evidentiary sanctions previously sought by ViewSonic. There is no ambiguity in what the Court has ordered LPL to do. The Special Master's September 5, 2007 Order was adopted on October 3, 2007 as an Order of the District Court (D.I. 803). That Order requires LPL                                                  . LPL failed to do this on September 19, 2007. Generously, on September 21, the Special Master gave LPL a chance to correct this failing, ordering the parties                                                – starting on October 10, 2007. Today, LPL admits that                                , despite the Special Master's unequivocal Order to do so. LPL has offered no good cause for its repeated failure to comply with the Court's Orders. Thus, ViewSonic respectfully renews its request for evidentiary and monetary sanctions in light of these circumstances.

The Federal Rules of Civil Procedure makes mandatory the imposition of sanctions on a party who fails or refuses to participate in discovery without substantial justification. In addition, the Court has the inherent authority to levy sanctions to protect its integrity, and also retains the power of civil contempt. The facts here support a decision under each of these bases. Rather than comply with the Court's Orders, LPL filed the instant motion for protective order as a baseless stalling means to prevent the deposition from going forward under Delaware Local Rule 30.2.

13894.1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
October 5, 2007
Page 6

   Granting the requested evidentiary sanctions will reduce the prejudice to ViewSonic associated with the delay caused by the filing of the instant motion. It would also reduce the scope and duration of the present deposition to no more than one day of testimony from    Should the Court elect to again reserve judgment on the evidentiary sanctions, ViewSonic respectfully requests that it at least be permitted to simultaneously depose     as an individual in Washington, DC for deposition. Defendants must be permitted to obtain the discovery they seek in this case. This additional deposition will not delay the proceedings any further than is occasioned by LPL's recidivist flouting of this Court's Orders to provide the requested discovery. Accordingly, ViewSonic respectfully requests that the Court grant its renewed request for evidentiary sanctions and its request to permit Defendants to depose

   ViewSonic also respectfully requests that it be awarded its attorneys' fees and costs occasioned by the cancellation and/or postponement of the October 10, 2007 deposition of LPL as well as the costs and attorneys' fees incurred for its response to this motion.

**VI. Conclusion.**

   For these reasons, ViewSonic respectfully requests that LPL's motion be denied, and that evidentiary and monetary sanctions be issued.

                   Respectfully submitted,

                   /s/ *Jeffrey B. Bove*

                   Jeffrey B. Bove

cc:  All counsel of record

13894.1