# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com

302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS
(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
ORIGINAL BY HAND AND BY EMAIL

October 23, 2007

The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic*, C.A. No. 04-343 JJF

Dear Special Master Poppiti:

I write on behalf of Plaintiff LG.Philips LCD Co., Ltd. ("LPL") regarding Your Honor's request for submissions concerning how to structure briefing on ViewSonic's motion for attorneys' fees under 35 U.S.C. §285. LPL believes that two-step briefing would be consistent with the two-step analysis that applies to "exceptional case" motions, and would avoid or minimize burden or expense in resolving the motion. ViewSonic's motion for attorneys' fees triggers a "two step process." *eSpeed, Inc. v. Brokertec USA, L.L.C.*, 417 F. Supp. 2d 580, 599-600 (D. Del. 2006). First, ViewSonic must prove that the case is "exceptional", apparently based on an argument that LPL engaged in inequitable conduct and/or litigation misconduct. Second, if the case is "exceptional," the court considers whether attorneys' fees are appropriate by weighing "considerations such as the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." *Id.* (quoting *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003)). The first step, "exceptional case," focuses on LPL's patent prosecution and/or filing or prosecution of this case, whereas the discretionary determination involves various equitable considerations regarding the conduct of all parties relevant to this case. Thus, LPL suggests that the most efficient way to resolve the attorneys' fees motion is as follows:

(1) LPL and ViewSonic brief whether this is an "exceptional case" under 35 U.S.C. §285 (including issues as to ViewSonic's "prevailing party" status);
(2) Non-evidentiary hearing conducted and LPL and ViewSonic address any discovery sought on "exceptional case" issues;
(3) Your Honor determines whether to deny the "exceptional case" motion without discovery and/or an evidentiary hearing. If the motion is denied, then remaining issues are moot;
(4) If the "exceptional case" motion is not denied, Your Honor addresses discovery issues and any supplemental discovery is completed, followed by an evidentiary hearing.
(5) If this is not an "exceptional case," then the motion is denied. If this is an "exceptional case", then LPL and ViewSonic submit supplemental briefing concerning whether the relevant discretionary factors make a fee award inappropriate, followed by oral argument.

ViewSonic bears an extremely high burden to show fraud or other "exceptional case" grounds, and ViewSonic's motion is likely to be disposed of early for lack of exceptionality. *See, e.g., W.L. Gore & Assocs., Inc. v. Oak Materials Group, Inc.*, 424 F. Supp. 700, 703 (D. Del. 1976). "Where a case is dismissed prior to trial, an extremely heavy burden is placed on the moving party to establish entitlement

673796-1

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
October 23, 2007
Page 2

to attorneys' fees, in light of the extraordinary nature of the relief." *Id.* In *Gore*, the court opted to avoid the "expense and time of a lengthy evidentiary hearing" akin to an adjudication of the merits. Instead, the court denied the motion on the papers, without further discovery. *See id.* 702-03. Had the motion not been denied, then the court would have addressed discovery and taken evidence at an adversary hearing. *Id.* at 703.

Courts routinely seek to avoid protracted discovery in connection with "exceptional case" motions for attorneys' fees in patent cases.[1] An "exceptional case" motion should not be used as a venue to litigate the merits of the parties' claims and defenses. *See, e.g., Polarity, Inc. v. Diversified Techs., Inc.*, No. C-06-0646 EMC, 2006 WL 3456634, *2 (N.D. Cal. Nov. 29, 2006) ("Fee litigation is not to be used as a means to litigate the substantive merits of the case."). Discovery and evidentiary proceedings are disfavored, because extensive discovery "qualifies as a significant secondary litigation which would expend a great amount of the resources of all parties and the Court." *Aventis Cropscience, N.V. v. Pioneer Hi-Bred Int'l, Inc.*, 294 F. Supp. 2d 739, 743-45 (M.D.N.C. 2003) (based on intent of 35 U.S.C. §285, "the Court finds that fees litigation discovery may, and must, be appropriately confined so as not to allow fee litigation to be the tail that wags the dog."). Several courts, therefore, have rejected attempts to pursue discovery related to "exceptional case" motions. *See, e.g., id.* at 745-46 (denying requests for further discovery and ordering defendants to submit attorneys' fee motion within 60 days); *see also Digeo, Inc. v. Audible, Inc.*, No. C05-464JLR, 2006 WL 3486801, *4 (W.D. Wash. Dec. 1, 2006) (denying request for discovery, noting moving party's "heavy" burden of proof and need to avoid a "second litigation" on exceptionality) (citations omitted). Your Honor thus could address "exceptionality" issues without further discovery, or after limited supplemental discovery. *See Digeo*, 2006 WL 3486801 at *5 (finding case not exceptional and denying further discovery on exceptionality). If ViewSonic fails to prove any "exceptional case," then further proceedings will be unnecessary. Alternatively, if ViewSonic proves exceptionality, the parties could present briefing and argument as to whether it would be inappropriate to award fees, regardless of exceptionality.[2] *See, e.g., eSpeed, Inc.*, 417 F. Supp. 2d at 599-601 (declining to award fees despite inequitable conduct and finding of exceptionality); *Polarity, Inc.*, 2006 WL 3456634, *5 (noting that court would have denied fees even if movant had proved infringement claim was objectively baseless).

For the foregoing reasons, LPL respectfully submits that the most efficient way to proceed is to address first the "exceptional case" issue and, if necessary, any supplemental discovery requests. If not moot, Your Honor could then receive supplemental briefing on discretionary factors and make a final determination on ViewSonic's motion for attorneys' fees. Attached is a general timeline consistent with LPL's proposal for a briefing schedule.

---

[1] ViewSonic has obtained what it must deem sufficient discovery to allege inequitable conduct in its proposed amended defenses, and so further discovery on the merits is unwarranted. A defendant is not entitled to continue merits discovery that was pending at the time of termination as to the merits of the case. *See Aventis Cropscience*, 294 F. Supp. 2d at 745 (rejecting request for discovery on exceptionality issues that was the subject of motions to compel at time summary judgment was granted). To the contrary, fees discovery is strongly disfavored and should be strictly limited. *See id.* at 744. In any event, LPL and ViewSonic appear to agree that consideration of any supplemental discovery should be deferred and should be addressed at a specified time and not on multiple further occasions.

[2] LPL's claims will be dismissed and dismissal of claims without the need for trial is evidence of good faith by LPL. *Callaway Golf Co. v. Slazenger*, 384 F. Supp. 2d 735, 747 (D. Del. 2005); *see also W.L. Gore & Assocs.*, 424 F. Supp. at 702 ("Public policy favors voluntary dismissals of actions.").

THE BAYARD FIRM

The Honorable Vincent J. Poppiti
October 23, 2007
Page 3

        Respectfully submitted,

        */s/ Richard D. Kirk*
        Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

673796-1

<u>LPL'S PROPOSED BRIEFING CHRONOLOGY</u>

I. PROCEED WITH ISSUES ALREADY IN PROGRESS

    A. REPLY BRIEF ON VIEWSONIC'S MOTION TO AMEND

    B. BRIEFING AND HEARING ON DEPOSITION MOTIONS (FEES / COSTS)

II. BRIEFING ON MOTIONS TO DISMISS WITH / WITHOUT PREJUDICE

    A. SCHEDULE ORAL ARGUMENT ON MOTIONS TO DISMISS

    B. REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS

III. BRIEFING ON EXCEPTIONALITY AND PREVAILING PARTY ISSUES (VIEWSONIC'S MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. §285)

    A. AFTER DISMISSAL, VIEWSONIC FILES ITS FEES MOTION AND OPENING BRIEF ON EXCEPTIONALITY / PREVAILING PARTY ISSUES

    B. LPL FILES OPPOSITION BRIEF ON EXCEPTIONALITY / PREVAILING PARTY ISSUES.

    C. VIEWSONIC FILES REPLY BRIEF.

    D. LPL AND VIEWSONIC MEET AND CONFER REGARDING ANY SUPPLEMENTAL DISCOVERY AND SUBMIT POSITION PAPERS ON DISCOVERY.

    E. ORAL ARGUMENT ON EXCEPTIONALITY AND DISCOVERY ISSUES

        1. IF MOTION DENIED, THEN NO FURTHER PROCEEDINGS

        2. IF NOT DENIED, THEN COMPLETE ANY DISCOVERY

        3. CONDUCT EVIDENTIARY HEARING ON EXCEPTIONALITY

        4. IF NO EXCEPTIONAL CASE, THEN NO FURTHER PROCEEDINGS

    F. IF CASE IS EXCEPTIONAL, THEN BRIEF DISCRETIONARY FACTORS

        1. BRIEFING ON DISCRETIONARY FACTORS

        2. ORAL ARGUMENT AND FINAL REPORT ON FEES MOTION

IV. ESTABLISH TIMING FOR PARTIES TO FILE ANY OBJECTIONS / EXCEPTIONS REGARDING INTERIM AND/OR FINAL REPORTS AND RECOMMENDATIONS

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on October 23, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

| | |
|---|---|
| Jeffrey B Bove, Esq.<br>James D. Heisman, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899-2207 | Frederick L. Cottrell, III, Esq.<br>Anne Shea Gaza, Esq.<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 |

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand on October 23, 2007 to the above counsel and were sent by email and by U.S. Mail on October 23, 2007 to the following non-registered participants:

| | |
|---|---|
| Scott R. Miller, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>333 South Grand Avenue<br>Suite 2300<br>Los Angeles, CA 90071 | Valerie Ho, Esq.<br>Mark H. Krietzman, Esq.<br>Frank C. Merideth, Jr., Esq.<br>Greenberg Traurig LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA 90404 |

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

571447-1