# CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

**James D. Heisman**
Partner
TEL (302) 888-6216
EMAIL jheisman@cblh.com

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

October 23, 2007

*Via Email and Hand-Delivery*
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:   *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*, USDC, D. Del., No. 04-343-JJF
      **ViewSonic's Statement Re Prima Facie Hearing For Attorneys' Fee Motion**

Dear Special Master Poppiti:

The defendant is not required to first make a prima facie showing that the case is "exceptional" in order to obtain additional discovery or an evidentiary hearing in support of its motion for attorneys' fees under 35 U.S.C. § 285. Rather, it is within the Court's discretion whether to allow the additional discovery or an evidentiary hearing. *See Campbell v. Spectrum Automation Co.*, 601 F. 2d 246, 252 (6th Cir. 1979) (acknowledging that "disposition of a request for § 285 attorneys' fees where there has been less than a full trial ... may require the taking of additional evidence, including an adversary hearing.") Under the circumstances of this case, where LPL undermined ViewSonic's efforts to obtain Court-ordered discovery, further discovery or an evidentiary hearing would be warranted if and when requested by ViewSonic without any prima facie showing.

LPL relies upon the 1976 decision of *W.L. Gore and Assoc. v. Oak Materials Group*, 424 F. Supp. 700, 702 (D. Del. 1976) to argue that no further discovery or evidentiary hearings should be ordered unless ViewSonic can first make a prima facie showing that the case is exceptional based on the evidence it currently has. In *Gore*, the court was reluctant to require the parties to undergo a lengthy evidentiary hearing on issues that would have been brought out at trial if the case had not been dismissed. *Id.* at 702. Instead, the court reviewed the papers and the parties' evidence to determine if the defendant could first make a prima facie showing that the case was exceptional. *Id.*[1]

More recent decisions from the Federal Circuit and other jurisdictions have not adopted *Gore's* rigid approach. For example, in *Reactive Metals and Alloys Corp. v. ESM, Inc.*, 769 F. 2d 1578 (Fed. Cir. 1985) (*overruled on other grounds by Kingsdown Med. Consultants v. Hollister Inc.*, 863 F. 2d 867, 876 (Fed. Cir. 1988)), the parties stipulated to an order of dismissal after discovery revealed that the plaintiff had offered the patented subject matter for sale more than one year prior to seeking patent protection. Thereafter, the defendant brought a motion for attorneys' fees pursuant to 35 U.S.C. § 285 and requested additional discovery of the plaintiff's

---

[1] Notably, when making its determination the court explained that even if the defendant could have obtained and presented the necessary evidence, it still would not support an award of attorneys' fees. *Id.* at 708.

sales records to establish the "exceptional circumstances" of plaintiff's bad faith conduct. *Reactive Metals,* 769 F.2d at 1581. The trial court found that the defendant's evidence "did not support a prima facie case of fraud on the Patent Office during prosecution" *Id.* However, the court believed it was appropriate to grant the defendant's request for additional discovery. The court reasoned that "proof of sales might establish the 'exceptional circumstances' required by § 285 for an award of attorneys fees." *Id.* Relying on the sales documents the defendant discovered, the Court subsequently granted the fee motion. *Id.* While the Federal Circuit disagreed that the case was exceptional, it found no error in the trial court's decision to allow additional discovery despite the trial court's finding that defendant had not first made a prima facie showing that the case was exceptional. *Id.*[2]

More recently, in *Highway Equip. Co. Inc. v. FECO Ltd.*, 469 F.3d 1027 (Fed. Cir. 2006), the trial court ruled it had jurisdiction to hear the defendant's section 285 motion after the underlying patent infringement action was voluntarily dismissed. Upon dismissal, the court promptly ordered and conducted a four day evidentiary hearing on the section 285 motion. There was no indication that the court required a prima facie showing that the case was exceptional. The Federal Circuit affirmed, holding that the trial court properly asserted jurisdiction to rule on the motion.

While courts do not want to discourage voluntary dismissals by imposing attorneys' fees, courts must also balance a competing aim, *i.e.*, to prevent a "party that deserves to bear the burden of attorneys' fees incurred by his adversary to escape that consequence by the simple device of unilaterally mooting the controversy." *Chris-Craft Indus., Inc. v. Monsanto Co.*, 59 F.R.D. 282, 284 (C.D. Cal. 1971). Thus, a court has discretion to grant or deny a defendant's request for additional discovery or evidentiary hearing in support of an attorneys' fee motion without the defendant first making a prima facie showing that the case is exceptional. Exercising that discretion is particularly warranted in this case because any argument that ViewSonic lacks the evidence sufficient to make a prima facie showing would be a direct result of LPL's repeated violation of this Court's discovery orders. Specifically, LPL failed to present a prepared witness for its Court-ordered deposition on September 19th. The witness presented at that deposition was not even prepared to authenticate documents LPL produced in discovery. Even worse, LPL admitted in its October 3, 2007 motion for a protective order that it again ***would not*** present a prepared witness for deposition on October 10th, in blatant disregard of this Court's order.

LPL should not be allowed to violate Court orders, evade discovery, and then argue that ViewSonic lacks sufficient evidence to warrant further discovery. Instead, the parties should be allowed to brief the section 285 motion, and if during that process either party believes further discovery, an evidentiary hearing, or even evidentiary sanctions are warranted, the issue can be presented to the Court for determination.

ViewSonic files herewith its proposed schedule as requested by the Special Master.

---

[2] *Reactive Metals* acknowledged the holding of *W.L. Gore, supra,* but found that the trial court's decision to allow additional discovery was nevertheless proper. *Reactive Metals,* 769 F.2d at 1582, n.5.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Vincent J. Poppiti
October 23, 2007
Page 3

                Respectfully submitted,

                */s/ James D. Heisman*

                James D. Heisman

Enclosure
cc: All Counsel of Record (w/ enclosure via email only)
   571736/70104*4