IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>          Plaintiff,<br><br>v.<br><br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION,<br><br>          Defendants. | CIVIL ACTION NO. 04-343-JJF |

## REPLY BRIEF OF DEFENDANT VIEWSONIC CORPORATION IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED ANSWER

OF COUNSEL:
Connolly Bove Lodge & Hutz LLP
Scott R. Miller
Manuel Nelson
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
(213) 787-2500

Tracy R. Roman
Raskin Peter Rubin & Simon, LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 277-0010

Dated: November 9, 2007

CONNOLLY BOVE LODGE & HUTZ LLP

Jeffrey B. Bove (#998)
James D. Heisman (#2746)
The Nemours Building, 8th Floor
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141

*Attorneys for ViewSonic Corporation*

11984.1

## TABLE OF CONTENTS

PAGE

I. INTRODUCTION ...........................................................................................................1

II. THE SCOPE OF THE ANSWER EITHER HAS MEANING OR NOT; LPL CANNOT BE PERMITTED TO ARGUE THE INSTANT MOTION TO AMEND THE ANSWER IS MOOT AND LATER ARGUE THAT THE FAILURE TO PLEAD INEQUITABLE CONDUCT IMPACTS THE COURT'S CONSIDERATION OF A MOTION FOR AN EXCEPTIONAL CASE DETERMINATION ..............................................................................................................2

III. THE COURT HAS SUBJECT MATTER JURISDICTION TO CONSIDER VIEWSONIC'S MOTION TO AMEND ...........................................................................3

IV. LPL WILL NOT BE PREJUDICED BY THE GRANTING OF THE MOTION TO AMEND ...........................................................................................................................7

V. VIEWSONIC HAS BEEN DILIGENT .........................................................................8

VI. VIEWSONIC HAS PLED ITS AFFIRMATIVE DEFENSE WITH SUFFICIENT PARTICULARITY .......................................................................................................10

VII. CONCLUSION .............................................................................................................13

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Agere Sys. Guardian Corp. v. Proxim, Inc.*
190 F.Supp. 2d 726 (D. Del. 2002) .................................................................................. 11

*ASARCO, Inc. v. Kadish*,
490 U.S. 605 (1989) ............................................................................................................ 5

*Campbell v. Spectrum Automotive, Co.*,
601 F.2d. 246 (6th Cir. 1979) ............................................................................................. 5

*Central Admixture Pharmacy Servs., Inc., v. Advanced Cardiac Solutions, P.C.*,
482 F.3d 1347 (Fed. Cir. 2007) .................................................................................. 10, 11

*EMC Corp. v. Storage Tech. Corp.*,
921 F.Supp. 1261 (D. Del. 1996) ....................................................................................... 9

*Enzo Life Sciences, Inc. v. Digene Corp.*,
270 F.Supp. 2d 484 (D. Del. 2003) .................................................................................... 8

*FilmTec Corp. v. Hydranautics*,
67 F.3d 931 (Fed. Cir. 1995) .............................................................................................. 7

*FMC Corp. v. Manitowoc Co., Inc.*,
835 F.2d 1411 (Fed. Cir. 1987) ........................................................................................ 11

*H.R. Tech., Inc. v. Astechnologies, Inc.*,
275 F.3d 1378 (Fed. Cir. 2002) .......................................................................................... 4

*Highway Equip. Co., Inc., v. FECO, Ltd.*,
469 F.3d 1027 (Fed. Cir. 2006) ...................................................................................... 4, 6

*Imagineering Inc. v. Van Klassens, Inc.*,
53 F.3d 1260 (Fed. Cir. 1995) ............................................................................................ 4

*In re Westinghouse Sec. Litig.*,
90 F.3d 696 (3d Cir. 1996) ................................................................................................. 9

*Leonhart v. McCormick*,
395 F.Supp. 1073 (E.D. Pa 1975) ...................................................................................... 2

*Minnesota Mining and Mfg. Co. v. Barr Labs., Inc.*,
289 F.3d 775 .......................................................................................................................... 5

*Scripps Clinic & Research Found. v. Baxter Travenol Labs., Inc.*,
1988 WL 22602 (D. Del. March 9, 1988) ....................................................................... 10

*Seville Indus. Mach. v. Southmost Mach.*,
742 F.2d 786 (3d. Cir. 1984) ............................................................................................ 10

*Site Microsurgical Systems v. Cooper Cos., Inc.*,
797 F.Supp. 333 (D. Del. 1992) ......................................................................................... 4

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
   57 F.3d 1054 (Fed. Cir. 1995) ...........................................................................................6

*True Position v. Allen Telecom, Inc.*,
   2003 WL 151227 (D. Del., January 21, 2003) .............................................................9, 10

**Statutes**

35 U.S.C. § 285 .........................................................................................................1, 2, 6, 12

I.   **Introduction**

Shortly after ViewSonic filed its Opening Brief in Support of its Motion for Leave to File Amended Answer ("Motion to Amend"), LPL unilaterally decided to abandon its three-and-a-half year quest against ViewSonic by granting ViewSonic a comprehensive covenant not to sue (the "Covenant"). LPL argues that the Covenant moots the instant Motion for lack of subject matter jurisdiction. To be moot, however, the Motion must have no legal significance to any remaining issue before the Court. That is not the case here.

This Motion seeks to add the defense of inequitable conduct to ViewSonic's Answer. As the Court knows, ViewSonic intends to file an "exceptional case" motion under 35 U.S.C. § 285 ("§ 285 Motion"), based in part on the grounds of inequitable conduct. In opposition to the § 285 Motion, LPL intends to argue that it is limited by, or to, the scope of the defenses pled in the Answer. In other words, inequitable conduct cannot be a basis for the § 285 Motion unless it was expressly pled in the Answer. Thus, LPL's own assertions make this Motion to Amend the Answer legally significant to the § 285 Motion thereby contradicting its assertion that this Motion is moot.

LPL admits that the Covenant does not deprive the Court of jurisdiction to decide a § 285 Motion. And LPL has recently advised the Court in its motion to dismiss the Complaint without prejudice that it is reserving the right to argue that ViewSonic is prohibited from asserting inequitable conduct as a basis for ViewSonic's anticipated § 285 Motion because that defense was not pled in the Answer. If the Court should rule that LPL's assertion is wrong – and the scope of the Answer does not impact the scope of a § 285 Motion for an exceptional case determination – then this Motion to Amend would indeed be moot. Unless and until such a determination is made, however, the Court retains subject matter jurisdiction over this Motion. In either event, LPL should hereafter be estopped from challenging the scope of a § 285 Motion on any matter that this Motion to Amend would have resolved.

If not moot, the Motion to Amend should be granted because LPL has failed to identify any evidence of delay by ViewSonic, much less undue delay, or any prejudice to LPL flowing

from the proposed amendment. Motions to Amend pleadings are to be granted freely in the absence of undue delay or prejudice to the other parties. As neither of these conditions is present here, the Motion should be granted.

II. **The Scope Of The Answer Either Has Meaning Or Not; LPL Cannot Be Permitted To Argue The Instant Motion To Amend The Answer Is Moot And Later Argue That The Failure To Plead Inequitable Conduct Impacts The Court's Consideration Of A Motion For An Exceptional Case Determination**

The parties have submitted a briefing schedule which shows ViewSonic's intention to file a motion for an award of attorneys' fees pursuant to 35 U.S.C. § 285. One ground for that motion will be LPL's inequitable conduct which ViewSonic believes is shown by the recently-discovered prior art. LPL chose to withhold this prior art discovery until long after the discovery period closed. Then, faced with having to put forth a knowledgeable witness to testify on the issues raised by the newly produced prior art – after flouting the court's first order to do so – LPL instead granted the Covenant.

LPL contends that the instant Motion is moot because of the Covenant. An issue is moot when it has no impact on any future decision of the Court in any proceeding over which the Court has jurisdiction. *Leonhart v. McCormick*, 395 F.Supp. 1073, 1077 (E.D. Pa 1975). Yet, LPL refuses to acknowledge that the scope of the § 285 Motion is not limited by the defenses pled in the Answer. On the contrary, LPL has expressly reserved this argument in its correspondence and in other filings with this Court. [D.I. 821 and 822].[1] Thus, the Court should be concerned that LPL here argues that this Motion to add a defense is moot (*e.g.*, has no legal significance on later issues), and later intends to oppose a § 285 Motion by arguing that ViewSonic failed to assert inequitable conduct as a defense and therefore cannot raise it as a basis for an exceptional case determination.[2]

---

[1] *See e.g.*, letter from Scott R. Miller dated October 12, 2007, and response of Cass Christenson, dated October 15, 2007, attached hereto as Exhibits 1 and 2.

[2] Any such argument is without merit. ViewSonic has found no cases reaching this conclusion nor did LPL cite any such authority in its opposition. Instead, LPL declared the motion to be moot, knowing that the motion can only be moot if it has no bearing on the § 285 motion. LPL argues that the case law

Logically, since LPL here asserts that the Motion to Amend is moot, LPL should be barred from later asserting a contrary position, namely that the lack of an affirmative defense pleading inequitable conduct limits in any way the Court's consideration of a § 285 motion alleging inequitable conduct. Quite simply, LPL cannot have it both ways. If the Court were to issue an Order barring LPL from making such an assertion in opposition to the § 285 motion, then ViewSonic would accept denial of the instant Motion as moot. Absent such an Order or stipulation from LPL, the instant Motion cannot be deemed moot.

Accordingly, ViewSonic respectfully requests that the Court decide either: (i) that ViewSonic need not plead an affirmative defense of inequitable conduct before it can introduce evidence of inequitable conduct in support of its upcoming § 285 Motion, and thus deny this Motion as moot; or (ii) reject LPL's contention that this Motion is moot, and grant it based on the merits.

### III. The Court Has Subject Matter Jurisdiction to Consider ViewSonic's Motion to Amend

Notwithstanding LPL's Covenant, the court retains subject matter jurisdiction to consider this Motion to Amend because, as intimated above, it is directly tied to ViewSonic's § 285 Motion, over which LPL admits the Court retains subject matter jurisdiction.

LPL does not appear to contest that the Court retains jurisdiction to rule on a § 285 Motion.[3] This is consistent with the applicable case law. *See generally Highway Equip. Co.,*

---

provides that a covenant not to sue automatically moots the claims and defenses in a pending action. As an exceptional case determination necessarily comes *after* the patentee's issuance of a covenant not to sue, these same authorities thus confirm that a defendant is not required to have pled inequitable conduct as an affirmative defense in its answer in order for it to introduce evidence of inequitable conduct in support of a § 285 motion, or the claims and defenses could not automatically be mooted by a covenant not to sue.

[3] *See e.g.* transcript of hearing dated October 8, 2007, at pp. 7, lines 2-8, attached hereto as Exhibit 4. LPL has never advised the court that LPL contends it does not have jurisdiction to decide ViewSonic's § 285 motion, despite extensive discussions and invitations by the Court to propose schedules that would allow for threshold issues to be decided before the Court and parties expend resources addressing that motion. *See e.g.,* transcript of hearing of October 24, 2007, attached hereto as Exhibit 5, *passim*, but particularly at 17:14-24 where LPL appears to reaffirm that upon dismissal with prejudice, ViewSonic has satisfied the threshold issues for consideration of its § 285 Motion. *See also* fn. 2, *supra*.

14252.1                                                3

*Inc., v. FECO, Ltd.*, 469 F.3d 1027, 1032-33 (Fed. Cir. 2006) *citing H.R. Tech., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1386 (Fed. Cir. 2002) and *Imagineering Inc. v. Van Klassens, Inc.*, 53 F.3d 1260, 163 (Fed. Cir. 1995). The parties have filed competing motions to dismiss, and once ruled upon, ViewSonic will file its § 285 Motion unless not permitted by the court for reasons unrelated to subject matter jurisdiction. As already indicated, the § 285 Motion will be based on, among other things, LPL's inequitable conduct in prosecuting the patents-in-suit. The sole reason ViewSonic continues to pursue this motion to amend its answer is so that ViewSonic can introduce evidence of this inequitable conduct in support of its § 285 Motion. Because this Motion is ancillary, but directly related, to the § 285 Motion, the Court likewise retains jurisdiction to rule on it.

LPL cites *Site Microsurgical Systems v. Cooper Cos., Inc.*, 797 F.Supp. 333 (D. Del. 1992), for the proposition that an amendment should be denied as futile where there is no case or controversy or where the court has no subject matter jurisdiction. That case is not persuasive. Specifically, in *Site Microsurgical*, the plaintiff moved to amend its patent infringement complaint to add its parent company as a plaintiff. The Court found that the parent company lacked standing because it did not own the patents-in-suit. As such, there was no case or controversy regarding the parent company and the amendment would have been futile. *Id.* at 338.

Here, there is no issue regarding standing. Nor is ViewSonic attempting to amend the pleading to add a third party. Most importantly, the motion is not "futile." Rather, it is either directly related to issues to be raised in a § 285 Motion over which the court retains jurisdiction or it is moot as it has no bearing on the § 285 Motion contrary to LPL's assertions. There is no doubt that a court has the subject matter jurisdiction to decide issues that it deems are necessary or appropriate to the determination of matters that are still within its subject matter jurisdiction. Indeed, courts retain jurisdiction to allow discovery and to hold an evidentiary hearing for § 285 motions. *See, e.g., Campbell v. Spectrum Automotive, Co.*, 601 F.2d. 246, 252 (6th Cir. 1979) (holding that in ruling on a § 285 motion the Court retains jurisdiction to not only hear the

14252.1                                    4

motion, but also to allow the taking of additional evidence, including an adversary hearing. Likewise, in *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 618 (1989), the Supreme Court held that although an original controversy may be moot, where there is an ensuing controversy between the parties over the propriety of the relief awarded, such controversy is sufficient for the court to maintain subject matter jurisdiction to resolve the dispute.

In *Minnesota Mining and Mfg. Co. v. Barr Labs., Inc.*, 289 F.3d 775, 780-81, the Federal Circuit applied the holding of *ASARCO* to a patent infringement case that is factually similar to the instant case. In that case, the plaintiff agreed to dismiss its patent infringement claim. Thereafter, however, a dispute arose regarding the form of the dismissal. The plaintiff contended that its case should be dismissed without prejudice. The defendant sought to have the case dismissed with prejudice arguing that a dismissal without prejudice would result in defendant being prevented, by statute, from seeking approval of its new drug application. *Minnesota Mining*, 289 F.3d at 779-80. The court held "the underlying patent controversy ... may not have been sufficient for continuing federal jurisdiction, but the controversy over the form of dismissal was itself sufficient ..." *Id.* The Court further stated that "a court's interest in preventing litigants from attempting to manipulate the court's jurisdiction to achieve a favorable decision counsels against a finding of mootness." *Id.*

That same policy disfavoring manipulation of the court's jurisdiction counsels against a finding of mootness here. Notwithstanding the Covenant, disputes remain between the parties. One of them, *i.e.*, whether the dismissal should be with or without prejudice, is the same dispute found by the Federal Circuit in *Minnesota Mining* to be sufficient to overcome jurisdictional arguments. And LPL has voiced its opinion that both the dismissal and the defense sought to be added by this Motion to Amend are directly related to ViewSonic's impending § 285 Motion. In order to properly exercise its jurisdiction to hear ViewSonic's Motion for Attorneys' fees pursuant to 35 U.S.C. § 285, the Court must also retain jurisdiction to rule on any dispute between the parties which directly affect that motion, including the instant Motion to Amend. Otherwise, the Court's jurisdiction over the § 285 Motion would be without force and effect.

LPL's position that the court has no jurisdiction to decide the Motion to Amend is simply an improper attempt to manipulate the court's jurisdiction to achieve a favorable decision.

LPL's reliance on *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) is also misplaced. In *Super Sack*, the court dismissed a defendant's counterclaims and denied its motion to amend after the plaintiff gave defendant a covenant not to sue. The issue before the court was whether the terms of the covenant were sufficient to extinguish the entire case and controversy between the parties, including the defendant's counterclaims. The court held that it was and dismissed the case with prejudice. The court did not have to decide whether there were any subsequent motions or disputes existing between the parties upon which the counterclaims would bear. Thus, its holding has no bearing on a Court's jurisdiction to hear an attorneys' fee motion and the impact, if any, of the defenses pled on the scope of the motion under 35 U.S.C. § 285. In sum, none of LPL's cited cases contradict or undermine the recent decision of the Federal Circuit in *Highway Equipment* that this Court has jurisdiction to hear ViewSonic's Motion to Amend.

### IV.    LPL will not be Prejudiced by the Granting of the Motion to Amend

This Motion was pending when LPL elected to throw in the towel and abandon its case in the face of compelling adverse discovery and the threat of contempt sanctions for twice disobeying an Order of the Court. When it was first filed, the Motion sought to amend the Answer to ensure that ViewSonic would not be prevented from presenting evidence on the defense of inequitable conduct, an issue that the Court previously ruled was already in the case.[4] But now, the Motion does nothing to resurrect the litigation or to negate LPL's Covenant, and therefore it cannot prejudice LPL in that regard. Instead, the proposed amendment now only impacts ViewSonic's intended § 285 Motion. LPL will have a full opportunity to review the

---

[4] *See* transcript of June 28, 2007 hearing at 38:6-42:19, attached hereto as Exhibit 3.

14252.1                                6

evidence and argument submitted by ViewSonic in support of the § 285 Motion, and will be able to file an opposition. Thus, again, LPL will suffer no prejudice.

Furthermore, ViewSonic does not claim that it has a right to re-open discovery with respect to the Amended Answer and does not seek additional discovery because of the scope of its proposed Amended Answer. However, as set forth in ViewSonic's opening brief, LPL never completed its supplemental production nor did it ever comply with the Special Master's Order to produce a deposition witness. As a result, the parties and Court have discussed that it is *possible* that ViewSonic will seek additional discovery to support its § 285 Motion – just as LPL has indicated it may seek discovery to oppose that motion. Should such a need arise, it is these circumstances coupled with the pending § 285 Motion that would entitle ViewSonic to move for additional discovery regarding its § 285 Motion, not the Amended Answer. As with the § 285 Motion itself, any request for additional discovery and the scope of such discovery will be fully briefed by both parties before being decided upon by the Special Master.

Accordingly, LPL cannot claim that it will suffer undue prejudice or undue surprise with respect to ViewSonic's proposed Amended Answer. The only reason LPL opposes the Motion to Amend is not because there is undue prejudice or surprise, but rather because it seeks to later preclude ViewSonic from asserting a § 285 Motion. This is contrary to the underlying purpose of Rule 15 which provides that a court liberally grant leave to amend "to facilitate [a] decision on the merits rather than on the pleadings or technicalities." *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995). ViewSonic's Motion to Amend should be granted.

### V.    ViewSonic has been Diligent

As set forth in the Motion to Amend, the relevant issue is whether ViewSonic diligently conducted discovery and otherwise diligently moved to amend *after* discovery of facts sufficient to plead the inequitable conduct with particularity. It is uncontroverted that ViewSonic has diligently pursued discovery related to the affirmative defense of inequitable conduct. Nor can it be seriously challenged that ViewSonic was diligent in filing the instant Motion once it

discovered facts sufficient to plead the defense. Moreover, even if one were to assume *arguendo* that ViewSonic had not been diligent, which the facts do not support, the instant Motion should still be granted due to the lack of prejudice to LPL under the standard applicable to such motions.

LPL's argument that ViewSonic has not diligently moved to amend its answer is without merit. ViewSonic is required to plead inequitable conduct with particularity. As a result, it is generally required that a defendant confirm factual allegations through discovery before amending its answer to plead inequitable conduct. *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F.Supp. 2d 484, 487-90 (D. Del. 2003). As discussed in the June 28, 2007 hearing, ViewSonic has done just that. In its Opening Brief, ViewSonic cited several cases supporting its diligence, and LPL failed to address any of them.

Instead, LPL argues that ViewSonic has not been diligent because it knew about some of the products that form the basis of its inequitable conduct defense "long before" it filed the Motion to Amend. That, however, is not the relevant inquiry. Instead, the relevant issue is whether ViewSonic diligently conducted discovery and otherwise diligently moved to amend *after* discovery of facts sufficient to plead the inequitable conduct with particularity.

Thus, for example, ViewSonic may indeed have been aware of the LG 500LC product several months before filing its Motion to Amend. As set forth in its moving papers, though, ViewSonic did not have the necessary evidence to sufficiently plead inequitable conduct related to that prior art until July 2007. This is uncontroverted by LPL. Also uncontroverted is the fact that the sole reason ViewSonic did not obtain the discovery necessary to properly plead inequitable conduct until July 2007 is because LPL resisted providing it and in fact did not provide the requested discovery until after the Special Master ordered LPL to do so.

Similarly, it is irrelevant that a ViewSonic employee may have been aware of the 1997 VESA standard as early as 1997. What is relevant is that ViewSonic only just recently obtained LPL's post-Markman infringement contentions which, together with the 1997 VESA standard and the testimony of the third party Ergotron witnesses, evidence LPL's inequitable conduct.

LPL did not and cannot controvert these facts or contentions. ViewSonic has been diligent in bringing its Motion to Amend based on the requirement that ViewSonic discover sufficient facts to enable it to plead the elements of inequitable conduct with sufficient particularity. Thus, the instant motion should be granted. This result is particularly appropriate here given that LPL will not be prejudiced by the requested amendment.

### VI. ViewSonic Has Pled Its Affirmative Defense With Sufficient Particularity

ViewSonic's affirmative defense setting forth LPL's alleged inequitable conduct is pled with sufficient particularity. Rule 9 requires that all pleadings of fraud or mistake be stated with particularity. But particularity does not mean excruciating detail. "These averments, however, remain subject to the liberal pleading standard of Rule 8, which requires only a 'short and plain' statement of a claim or defense." *True Position v. Allen Telecom, Inc.*, 2003 WL 151227 *5 (D. Del., January 21, 2003), *citing In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996). "Pleadings that disclose the name of the [allegedly withheld] prior art and disclose the acts of the alleged fraud fulfill the requirements of Rule 9(b)." *True Position*, 2003 WL 151227 at *5, *quoting EMC Corp. v. Storage Tech. Corp.*, 921 F.Supp. 1261, 1263 (D. Del. 1996).

In *True Position*, the plaintiff moved to dismiss defendant's affirmative defense of inequitable conduct arguing that it was not pled with sufficient particularity. Defendant's affirmative defense there constituted "one paragraph which names the title and publication date of at least one allegedly withheld material prior art publication." *Id.* The court denied plaintiff's motion holding that the pleading was sufficient under Rule 9 to apprise plaintiff of what was being alleged. The court in *True Position* further reasoned: "[T]he third circuit has made clear that, although it is certainly true that allegations of date, place or time satisfy the pleading requirements, nothing in [Rule 9] requires them." *Id.*, quoting *Seville Indus. Mach. v. Southmost Mach.*, 742 F.2d 786, 791 (3d. Cir. 1984). The court in *True Position* also cited *Scripps Clinic & Research Found. v. Baxter Travenol Labs., Inc.*, 1988 WL 22602 *3 (D. Del. March 9, 1988), wherein the court held that a defense of inequitable conduct was sufficiently pled when

14252.1                                    9

defendants simply alleged that the plaintiff failed to identity to the PTO relevant prior art of which it was aware. *True Position,* 2003 WL 151227 at *6.

Here, LPL's assertion that ViewSonic's pleading is insufficient as a matter of law to apprise LPL of the conduct charged is without merit. ViewSonic's proposed Amended Answer sets forth the specific identity of numerous pieces of prior art and identifies the specific acts of inequitable conduct. For example, ViewSonic alleges that LPL failed "to disclose the existence of mounting holes and/or fastening elements on the back of prior art LCD modules and/or LCD devices ... sold and/or offered for sale by LPL ..." (First Amended Answer ¶ 45). ViewSonic further identified the specific prior art to which its allegations pertain, including product numbers LC056B1, LC056N1, LV56ND11A, and several others. (*Id.*). Accordingly, ViewSonic has identified the prior art and has alleged the specific acts of inequitable conduct. For purposes of Rule 9, this is sufficient to place LPL on notice of the complained of conduct.

The cases cited by LPL are not persuasive. Specifically, LPL cites to *Central Admixture Pharmacy Servs., Inc., v. Advanced Cardiac Solutions, P.C.,* 482 F.3d 1347 (Fed. Cir. 2007). In *Central Admixture*, the Federal Circuit affirmed a district court's dismissal of defendant's affirmative defense of inequitable conduct. However, the defendant in *Central Admixture* had merely alleged that "during prosecution of the ... patent, the patentee failed to disclose all of the relevant prior art known to it." *Central Admixture,* 482 F.3d at 1356. The defendant did not identify which prior art was undisclosed. *Id.*

By contrast, here ViewSonic has identified particular prior art identified in discovery that was wrongfully withheld from the PTO. ViewSonic also identified a statement to the PTO it contends to have been a compounding misrepresentation. *Central Admixture* is simply not this case. Similarly, LPL cites *Agere Sys. Guardian Corp. v. Proxim, Inc.* 190 F.Supp. 2d 726 (D. Del. 2002). The decision in *Agere Systems* however, actually <u>supports</u> a finding that ViewSonic has sufficiently pled its affirmative defense. Specifically, in *Agere Systems*, the court *granted* defendant's motion to amend its answer to add an inequitable conduct defense because the defendant had properly alleged the inequitable conduct when it alleged a failure to disclose

14252.1

10

certain prior art, and had properly identified the prior art. *Id.* at 735-36. Further, the court specifically rejected plaintiff's argument, also made by LPL here, that defendant was required to make a more specific allegation, including specifically identifying "other" unspecified items of prior art. *Id.* Thus, the instant Motion should be granted.

The remaining cases cited by LPL along with LPL's arguments regarding, among other things, the materiality of the prior art references, do not go to the sufficiency of the pleading. Rather, they go to the merits of ViewSonic's claim of inequitable conduct. For example, LPL variously argues that ViewSonic failed to identify which limitations of the foreign patent are material and/or failed to present evidence that LPL had knowledge of any alleged materiality of the prior art. The primary case cited by LPL in support of its argument, namely, *FMC Corp. v. Manitowoc Co., Inc.*, 835 F.2d 1411 (Fed. Cir. 1987), is inapplicable. *FMC Corp.* was a declaratory relief action wherein the defendant was alleged to have engaged in inequitable conduct during the prosecution of the patents-in-suit. After a six week trial, the district court found no inequitable conduct. *Id.* at 1412 -13. The plaintiff appealed and in *affirming* the decision, the Federal Circuit acknowledged that a party seeking to prove inequitable conduct must <u>ultimately</u> prove materiality and knowledge of materiality of the prior art. *Id.* at 1415. The sufficiency of the inequitable conduct allegations was not at issue in *FMC*. Rather, *FMC* simply considered the issue of the sufficiency of the proof of an inequitable conduct claim. LPL cites no case that supports its contention that the allegations of the Amended Answer are not adequate to satisfy the applicable burden for *pleading*. Instead, LPL proffers detailed arguments regarding ViewSonic's allegations which go only to the merits of ViewSonic's claims, an issue which ViewSonic has not addressed in the pleading. As they are not relevant to whether or not ViewSonic has sufficiently pled its inequitable conduct defense, LPL's assertions cannot be a basis to deny the instant Motion. Thus, ViewSonic respectfully requests that the Motion to Amend be granted.

14252.1

11

## VII. Conclusion

For the foregoing reasons, ViewSonic respectfully requests that the Court grant its Motion to Amend the Answer to allege the affirmative defense of inequitable conduct. Alternatively, ViewSonic requests that the Court determine that the scope of the Answer has no bearing of the evidence and issues a party may present for consideration by the Court as part of a motion for an exceptional case determination under 35 U.S.C. § 285 and/or an order precluding LPL from opposing ViewSonic's introduction of evidence of inequitable conduct in support of its § 285 Motion based on the absence of an affirmative defense of inequitable conduct, and thereafter dismiss the Motion as moot.

Respectfully submitted,

**CONNOLLY BOVE LODGE & HUTZ LLP**

Dated: November 9, 2007

/s/ James D. Heisman
Jeffrey B. Bove (# 998)
James D. Heisman (# 2746)
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for ViewSonic Corporation*

Connolly Bove Lodge & Hutz LLP
    Scott R. Miller, Esq.
    333 South Grand Avenue
    Suite 2300
    Los Angeles, CA 90071
    Telephone: (213) 787-2500
    Facsimile: (213) 687-0498

Raskin Peter Rubin & Simon LLP
    Tracy R. Roman, Esq.
    1801 Century Park East
    Suite 2300
    Los Angeles, CA 90067
    Telephone: (310) 277-0010
    Facsimile: (310) 277-1980

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2007, a true copy of the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19801

I hereby certify that on November 9, 2007, I have sent by email the foregoing document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006

Tracy R. Roman
Raskin Peter Rubin & Simon
1801 Century Park East 23rd Floor
Los Angeles, CA  90067

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404

By: /s/ *James D. Heisman*
James D. Heisman (#2746)
jheisman@cblh.com