IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

Plaintiff,

v.

TATUNG CO.;
TATUNG COMPANY OF AMERICA, INC.;
AND VIEWSONIC CORPORATION,

Defendants.

CIVIL ACTION NO. 04-343-JJF

**REDACTED – PUBLICLY FILED**

## DEFENDANT VIEWSONIC CORPORATION'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE

CONNOLLY BOVE LODGE & HUTZ LLP

Jeffrey B. Bove (#998)
James D. Heisman (# 2746)
The Nemours Building, 8th floor
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

*Attorneys for Defendant ViewSonic Corporation*

Of Counsel:

Scott R. Miller (CA Bar No. 112656)
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 787-2500
Facsimile: (213) 687-0498

Tracy R. Roman (CA Bar No. 199031)
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 277-0010
Facsimile: (310) 277-1980

Dated: November 5, 2007

14113.2

# TABLE OF CONTENTS

I.    Introduction ...................................................................................................1

II.   Summary Of Facts ...........................................................................................1

III.  The Court Has Jurisdiction To Dismiss LPL's Complaint Pursuant To Rule
41(a)(2) .................................................................................................................3

IV.   LPL's Complaint Should Be Dismissed With Prejudice ........................................4

    A.   The Complaint Should Be Dismissed With Prejudice Because ViewSonic Has
Expended Considerable Effort And Expense In Defending The Asserted Claims That
LPL Seeks To Dismiss ...........................................................................................6

    B.   There Is No Compelling Reason Why The Complaint Should Be Dismissed
Without Prejudice ..................................................................................................8

    C.   If The Complaint Is Dismissed Without Prejudice ViewSonic Will Suffer Undue
Harm ....................................................................................................................9

V.    ViewSonic Could Still Be Deemed A Prevailing Party Even If Dismissal Is Without
Prejudice ..............................................................................................................9

VI.   Conclusion ....................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Barrett v. McDanel,*
  2007 WL 1670121, at *3 (W.D. Pa. June 8, 2007) ............................................5, 6, 7, 8

*Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Heath and Human Res.,*
  532 U.S. 598 (2001) .................................................................................9, 10

*Cantrell v. Int'l Bhd. of Elec. Workers,*
  69 F.3d 456 (10th Cir. 1995) ....................................................................10

*Davis v. USX Corp.,*
  819 F.2d 1270 (4th Cir. 1987) ...................................................................5

*Highway Equip. Co. v. FECO, Ltd.,*
  469 F. 3d 1027 (Fed. Cir. 2006) ...........................................................passim

*Manildra Milling Corp. v. Ogilvie Mills, Inc.,*
  76 F.3d 1178 (Fed. Cir. 1996) ..................................................................10

*Maupin v. Yamamoto,*
  2000 WL 1861830, at *2 (W.D. Va. Dec. 19, 2000)........................................5

*Mobil Oil Corp. v. Advanced Envtl. Recycling Technologies, Inc.,*
  203 F.R.D. 156 (D. Del. 2001) ..................................................................4

*Power Mosfet Techs., L.L.C. v. Siemens AG,*
  378 F.3d 1396 (Fed. Cir. 2004) .................................................................9

*Super Sack Mfg. Corp. v. Chase Packaging Corp.,*
  57 F.3d 1054 (Fed. Cir. 1995) ..................................................................8

**Statutes**

35 U.S.C. § 285 ...........................................................................................9, 11

**Rules**

Federal Rule of Civil Procedure 41(a)(2) ......................................................1, 4

## I.    Introduction

Defendant ViewSonic Corporation ("ViewSonic") hereby moves to dismiss plaintiff LG Philips LCD Co., Ltd.'s ("LPL") complaint against ViewSonic with prejudice. On October 5, 2007, – with its Court-ordered deposition a mere 5 days away – LPL filed a ████████████████████████████ (D.I. 806, attached as Exhibit A.) It is undisputed that LPL intended this ████████████ ███████████████████████████████████████ as LPL confirmed in its opposition to the pending motion to amend. (D.I. 810.) ██████, the case law provides that the complaint should be dismissed with prejudice. Indeed, there is no legitimate reason why the complaint should not be dismissed with prejudice. Accordingly, ViewSonic requests that the Court dismiss LPL's complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

## II.    Summary Of Facts

As the Court is already well-versed in the facts, this section will only briefly summarize the key facts. LPL filed its complaint on May 27, 2004. (D.I. 1.) In it, LPL accused ViewSonic of infringing U.S. Patent No. 6,498,718 and U.S. Patent No. 6,501,641. *Id.* These patents are generally directed to a flat panel display device, such as a liquid crystal display (LCD) device. (D.I. 692, Special Master's Opinion Regarding Claim Construction.) The patent claims require that the flat panel display device be mounted from fastening elements located solely on the rear of the device, and that the device have no front or side mounting fastening elements. *Id.*

In November 2005, after the Court denied LPL's motion for a preliminary injunction, ViewSonic propounded written discovery seeking documents related to prior art and, in particular, to LPL's own prior art products. (D.I. 185.) LPL admits it could have produced these documents at any time, but instead delayed and resisted this discovery. (*See, e.g.*, D.I. 784, Sept. 5, 2007 Order; D.I. 770, Aug. 16, 2007 Transcript at 38:6-10.) ViewSonic was thus forced to engage in costly, drawn out discovery motion

practice before the Special Master ultimately granted ViewSonic's motion to compel the documents. (D.I. 696, June 20, 2007 Motion to Compel; D.I. 738, July 27, 2007 Status Report; D.I. 747, Aug. 3, 2007 Status Report; D.I. 755, Aug. 7, 2007 Hearing Transcript.) When these documents were finally produced in July 2007, they identified prior art ███████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████.

Similarly, LPL resisted discovery of its infringement contentions, even after the *Markman* ruling was issued. Thus, ViewSonic also was forced to engage in costly and extensive motion practice before the Special Master to obtain an order compelling LPL to provide responses to ViewSonic's interrogatories which sought LPL's infringement contentions. LPL's post-*Markman* infringement contentions applied the claims, as construed by the Special Master, ███████████████████████████ of LPL and LGE, each of whom owned the patents during prosecution.

Not by coincidence, in the weeks leading up to LPL's ██████████████████ ███████, LPL repeatedly thwarted ViewSonic's efforts to depose LPL regarding its late-produced documents and LPL's knowledge of its own prior art. (D.I. 784, Sept. 5, 2007 Order; D.I. 795, Sept. 21, 2007 Hearing Transcript.) Indeed, in September, when LPL finally produced a 30(b)(6) witness for deposition on these topics under court order, the witness was completely unprepared to answer questions. (D.I. 795.) ViewSonic was thus again required to seek an order from the Special Master to obtain critical discovery. LPL insisted it would need at least 3 more weeks to prepare a witness, so the deposition was scheduled to begin October 10, 2007. Rather than produce a witness to testify under a second court order, however, LPL instead ██████████████████████████ ██████████████████ and filed a motion for a stay to prevent the deposition from going forward. But before that motion could be decided, LPL – recognizing the weakness of its approach to stop the truth from coming to full light – instead raced into Court with ████ ███████████. (D.I. 806, attached as Exhibit A.) By so doing, LPL hopes to finally escape

testimony concerning its knowledge of known prior art and any associated inequitable conduct.

Since filing ████████████, LPL has asserted to this Court – both in written argument and oral presentations on the record – that ██████████████████████████ ████████████████████████████████████ (*see, e.g.* D.I. 807, Oct. 8, 2007 hearing at pp. 6:23-7:1; D.I. 810). ViewSonic neither solicited ███ ████████ from LPL nor did it provide LPL any consideration in exchange for ██ ███. Instead, the provision and submission of ████████████ was a unilateral act of LPL intended to prevent the litigation (and the discovery on inequitable conduct) from going forward, including any adjudication by the Court on the merits of LPL's claims. At this late date, the dismissal must be either by stipulation or by Order of the court on terms it deems just. ViewSonic offered to stipulate to a dismissal with prejudice, but LPL rejected that offer and counter-proposed a dismissal without prejudice. As a dismissal without prejudice would not reflect the change in the legal position occasioned by the litigation and ████████████, and as ViewSonic has been forced to incur great expense and hardship due to LPL's unfounded assertion of infringement, and as ViewSonic would be threatened with additional irreparable injury under a dismissal without prejudice, ViewSonic rejected LPL's counter-proposal, and files this motion to dismiss with prejudice.

## III.    The Court Has Jurisdiction To Dismiss LPL's Complaint Pursuant To Rule 41(a)(2)

The Court has subject matter jurisdiction to order a dismissal of LPL's complaint pursuant to Rule 41(a)(2). Specifically, "[a plaintiff's] covenant [not to sue] does not deprive the district court of jurisdiction to determine the disposition of the patent infringement claims raised in the Complaint under Rule 41...." *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006). Here, it is not in dispute that the sole reason LPL's claims against ViewSonic should be dismissed is ████████████.

Indeed, in first notifying the Special Master of ███████████, LPL stated that ████ 

████████[1] (D.I. 806, attached as Exhibit A.)

## IV.    LPL's Complaint Should Be Dismissed With Prejudice

The facts and the law make manifest that a dismissal with prejudice is the only proper result. LPL admits that ████████████████████████████ ██████████████. ViewSonic has expended substantial efforts and expense in litigating this case for trial. Disposing of the matter without a final resolution on the merits will only spawn future spurious litigation. Finally, and perhaps most significantly, if the dismissal is without prejudice, ViewSonic may suffer undue harm notwithstanding ████████.

Rule 41(a)(2) provides: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." In addition, "the district court has discretion to condition the plaintiff's voluntary dismissal on terms that would avert any prejudice to the defendant, including dismissing the case 'with prejudice.'" *Highway Equip.,* 469 F. 3d at 1034; *see also Mobil Oil Corp. v. Advanced Envtl. Recycling Technologies, Inc.,* 203 F.R.D. 156, 157 (D. Del. 2001). The facts in the *Highway Equipment* case ████████████ ████████████.

In *Highway Equipment*, the patent infringement plaintiff filed a "Declaration and Covenant Not to Sue" that stated the plaintiff "unconditionally and irrevocably covenants not to assert at any time any claim of patent infringement" against the defendant FECO under the patents in suit. 469 F.3d at 1030. The covenant was filed the day of the final

---

[1] While LPL admits that ██████████████████████████, LPL also appears to contend that ██████████ divests the Court of jurisdiction to rule on, or otherwise moots, ViewSonic's affirmative defenses, ViewSonic's pending motion to amend to add affirmative defenses, and ViewSonic's anticipated request for attorneys' fees. ViewSonic disagrees with this contention and these issues are to be briefed separately.

pre-trial conference. *Id.* One week later, FECO filed a motion for attorneys' fees under §
285. *Id.* at 1031. The plaintiff countered that FECO was not a prevailing party because
there had been no disposition of the claims on the merits. *Id.* To address that argument,
FECO filed a motion to dismiss the complaint with prejudice under Rule 41(a)(2). The
plaintiff opposed the motion despite simultaneously arguing that the covenant not to sue
"mooted" all issues between the parties. *Id.* The court granted the dismissal with
prejudice in light of the covenant not to sue. *Id.*

    The result should be the same here. LPL filed a ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (D.I. 806 (Ex. A); D.I. 810, LPL's
Opposition to Motion to Amend Answer.) In short, there is simply no reason why LPL's
complaint should not be dismissed with prejudice.

    When deciding to dismiss a complaint with prejudice, several factors can be
considered such as: (1) the defendant's efforts and expense in preparing for trial;
(2) excessive delay and lack of diligence on the part of movant; (3) insufficient
explanation of the need for a voluntary dismissal; and (4) excessive and duplicative
expense of a second litigation. *See Barrett v. McDanel*, 2007 WL 1670121, at *3 (W.D.
Pa. June 8, 2007); *see also Highway Equip.*, 469 F.3d at 1034. The district court also
should consider whether the motion to dismiss is presented at a late time in the
proceedings. *Highway Equipment* 469 F.3d at 1034. Finally, when exercising discretion
to dismiss a complaint, the interests of the defendant take precedence. *Maupin v.
Yamamoto*, 2000 WL 1861830, at *2 (W.D. Va. Dec. 19, 2000) (quoting *Davis v. USX
Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987)). Here, an analysis of these factors compels
the conclusion that LPL's complaint be dismissed with prejudice.

**A.**    **The Complaint Should Be Dismissed With Prejudice Because ViewSonic Has Expended Considerable Effort And Expense In Defending The Asserted Claims That LPL Seeks To Dismiss**

Through no fault of ViewSonic, this motion to dismiss comes late in the proceedings and only after ViewSonic has expended significant effort and incurred considerable expense. As set forth above, LPL filed its complaint in May 2004. Thereafter, ViewSonic was forced to successfully defend LPL's motion for preliminary injunction and to pursue extensive and costly discovery proceedings for over three years. Indeed, by the time LPL finally filed ████████, fact discovery was virtually complete. All that remains is the discovery relating to the prior art products of the patent owners and the completion of expert discovery. ViewSonic was forced to engage in extensive and costly discovery and trial preparation, which was protracted due in large measure to plaintiff's refusal to comply with ViewSonic's discovery efforts. This is ████████ ████████ *Highway Equipment* where the plaintiff filed its covenant not to sue after discovery was complete and on the eve of trial. ████████ ████████████████████. The Federal Circuit cited the late stage of the proceedings as a basis that supported the dismissal with prejudice. *Highway Equip.,* 469 F.3d at 1034. Since LPL gave ViewSonic ████████ only after litigating substantially the entire dispute, a dismissal with prejudice is likewise warranted here.

Discovery conduct that increases the cost of litigation is also a factor supporting dismissal with prejudice. *See Barrett,* 2007 WL 1670121, at *3. In *Barrett,* the plaintiff moved to dismiss its complaint without prejudice under Rule 41(a)(2) after plaintiff conceded that its claims would not survive a summary judgment motion. The district court instead dismissed the complaint with prejudice. The court cited plaintiff's conduct during discovery, which required the defendant to file numerous discovery motions and motions to compel. *Id.* at *3. The Court stated: "Had [plaintiff] fully engaged and

participated in the discovery process, as is contemplated by the Federal Rules of Civil Procedure, withdrawal at this point would be unnecessary." *Id.* at *4.

Likewise, but for LPL's discovery tactics, the dismissal of this action would not have been delayed as long as it has been and ViewSonic would not have been forced to expend unnecessary time and incur significant expense. It is irrefutable that the documents and facts underlying the circumstances giving rise to LPL's filing ███ ███████ are, and have been since the case first began, solely and exclusively in the control of the owners of the patents-in-suit – namely, LPL and its affiliate predecessor owner LG Electronics. LPL has previously acknowledged that it could have produced the documents it resisted producing until July 2007 at any earlier time during discovery in the litigation. (D.I. 770, Aug. 16, 2007 Hearing at 38:6-10.) Had LPL produced this prior art discovery in 2006 when first requested, a substantial amount of the expense ViewSonic incurred could have been avoided. Instead, LPL made the strategic decision to not produce the documents relating to its prior art products until after protracted proceedings were held before the Special Master and an order compelling production was entered by the Court. *Id.* Indeed, throughout discovery, LPL resisted every attempt by ViewSonic to discover relevant documents and information related to LPL's claims. ViewSonic was forced, time and time again, to seek orders from the Special Master to discover the information that precipitated LPL's decision to ██████████████. As a result, LPL's attempt to dispose of the action – shortly before trial – without an adjudication on the merits must be rejected.

Moreover, ViewSonic should not be forced to endure the possibility that LPL may seek to again assert these same claims in some future proceeding notwithstanding ███ ███████.[2] The only way to preclude such an attempt to end-run ████████ is for the Court to grant the requested dismissal with prejudice.

_____

[2] One example of this danger is the possibility that LPL seeks to set aside ██████████ on the basis that it was merely gratuitous as ViewSonic neither solicited it nor has it provided any

**B.    There Is No Compelling Reason Why The Complaint Should Be Dismissed Without Prejudice**

LPL can provide no satisfactory reason why its complaint should be dismissed

without prejudice. LPL's ███████ is unconditional and unambiguous. In it, LPL



(D.I. 806, Exhibit A). By its plain language,

████████████████. Absent an attempt by LPL to amend or

revoke ████████ based on its unilateral nature, there is – and can be – no further

dispute between the parties. Thus, a dismissal with prejudice is the only proper result.

██████████████████████ in *Super Sack Manufacturing Corp.*

*v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995). The plaintiff granted the

defendant an unconditional agreement "not to sue [defendant] for infringement as to any

claim of the patents-in-suit based on any products currently manufactured and sold by

[defendant]." *Super Sack,* 57 F.3d at 1056. The district court dismissed the plaintiff's

claims and the defendant's counter-claims with prejudice. The Federal Circuit affirmed

the dismissal with prejudice because the covenant not to sue was sufficient to establish

that no further controversy existed between the parties. *Id.* at 1059.

With ████████████████████████████,

a dismissal with prejudice is the only logical result. LPL can state no sufficient reason

for the court to fashion its dismissal as a dismissal without prejudice.[3]

---

consideration to LPL for ████████. Certainly, any such attempt would be resisted, *inter alia,*
on the basis of equitable and/or judicial estoppel. More importantly, neither ViewSonic nor the
courts should have to face the possibility of the claims resurfacing under any circumstances.

[3] There appears to be little danger of further or renewed litigation based on ████████
████. However, the fourth factor cited in *Barrett,* 2007 WL 1670121, at *3, set forth above,
namely, the excessive and duplicative expense of a second litigation, is nevertheless applicable
and dictates that the complaint be dismissed with prejudice. In light of the excessive expense
already incurred by ViewSonic in the instant litigation and the fact that the parties have fully
litigated the issues, any second litigation regarding these patents-in-suit would be duplicative and
excessive.

### C.    If The Complaint Is Dismissed Without Prejudice ViewSonic Will Suffer Undue Harm

Rule 41(a)(2) requires a court to fashion a dismissal for the purpose of avoiding "any prejudice to the defendant." *Highway Equip.*, 469 F.3d at 1034. As will be discussed in more detail below, LPL seeks dismissal *without prejudice* simply to try to preclude ViewSonic from seeking attorneys' fees under 35 U.S.C. § 285. In order to recover attorneys' fees under § 285, ViewSonic will first have to be deemed a "prevailing party." There is no disputing that a defendant can be deemed a prevailing party if the complaint is dismissed *with prejudice*. *Id.* at 1035 (citing *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004)). LPL argues, however, that a defendant can never be deemed a prevailing party if the dismissal is *without prejudice*. If LPL's analysis is correct and the case is dismissed without prejudice, ViewSonic would be precluded from seeking its attorneys' fees despite having litigated this case for over three years nearly to trial. That is precisely the type of prejudice Rule 41(a)(2) is intended to protect against. Accordingly, LPL's complaint should be dismissed with prejudice.[4]

### V.    ViewSonic Could Still Be Deemed A Prevailing Party Even If Dismissal Is Without Prejudice

ViewSonic can be deemed a prevailing party after entry of a dismissal pursuant to Rule 41(a)(2) – whether with or without prejudice – for purposes of determining whether ViewSonic is entitled to recover its attorneys' fees under 35 U.S.C. § 285. To be a prevailing party, there must be a "judicially sanctioned change in the legal status of the parties." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Heath and Human Res.*, 532 U.S. 598, 605 (2001). In cases where there is a settlement or dismissal, the court must determine whether the circumstances surrounding the dismissal or

---

[4] It is also possible that LPL seeks a dismissal without prejudice in order to allow it to preserve an attempt to set aside ██████████ at a later date. This too would greatly prejudice ViewSonic and impose undue harm from having to defend against the claims at a later date, be it in this forum or some other court. Again, this is contrary to the purpose of Rule 41(a)(2).

settlement provide a sufficient "judicial imprimatur" of the change in the parties' legal

status. *Id.* Contrary to LPL's assertion, although it might be more difficult to establish

that one is a prevailing party if the case is dismissed without prejudice, it is not

impossible.

The Federal Circuit's explanation for its holding in *Manildra Milling Corp. v.*

*Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996) illustrates this point:

> In essence, a patent inhibits those who would compete with its
> owner by warning them not to practice the invention.  A
> judicial declaration that one is free from another's right to
> exclude *alters the legal relationship between the parties*.  The
> patentee can no longer enforce his patent against the would-be
> infringer litigant. . . . *Blonder-Tongue Lab., Inc. v. University
> of Illinois Found.*, 402 U.S. 313, 349-50, 169 USPQ 513, 527-
> 28 (1971).  The freedom to practice an invention without fear
> of suit by the patentee is a valuable commercial benefit.  By
> removing the potential threat of the patentee instituting an
> infringement action, the competitor necessarily alters the
> patentee's subsequent behavior to his benefit.

*Id.* (emphasis added).

Thus, whether the dismissal is with or without prejudice is not the operative

determination of whether a defendant is a prevailing party.  *See Highway Equip.*, 469

F.3d at 1036 (citing *Cantrell v. International Bhd. of Elec. Workers*, 69 F.3d 456, 456

(10th Cir. 1995) (holding that "a defendant is a prevailing party under Rule 54 when, in

circumstances not involving settlement, the plaintiff dismisses its case against the

defendant, *whether the dismissal is with or without prejudice*.") (emphasis added)).

Rather, it is whether the legal status of the parties – as of the time of the dismissal – has

changed.  There is no question here that ████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████ [5]

---

[5]  While ViewSonic acknowledges that a few cases have held that a defendant is not a prevailing
party when a plaintiff voluntarily dismisses its claims without prejudice, those cases did not
involve ███████████████████████████████.  Thus, they are inapplicable to this case.

Applying the *Buckhannon* standard to the circumstances of this case, ViewSonic could establish it is a prevailing party even if the case is dismissed without prejudice. Because any dismissal would be under Rule 41(a)(2), it would constitute a judicial imprimatur of the change in the parties' legal relationship. *See Highway Equip.*, 469 F.3d at 1034. The sole basis for the dismissal is ██████████████████████████████. ViewSonic neither solicited ████████████ nor did it provide any consideration ██████████████████████████████. LPL asserts that ██████████████████████████. LPL ████████████████████ only after the case had been almost fully litigated and evidence was uncovered, despite LPL's attempts to avoid it, that called the validity of LPL's patents into significant question. In fact, the Court could easily conclude that LPL's granting of ████████████ solely to avoid being deposed on the issues of inequitable conduct signifies the merits of that assertion by the defendants. In sum, any dismissal – be it with or without prejudice – is a judicial imprimatur recognizing the changed legal relationship between the parties because the Court will rely – solely and exclusively – on ████████████ in granting the dismissal. This allows ViewSonic to establish itself as the prevailing party. Thus, even if the Court decides to dismiss the case without prejudice, ViewSonic should still be given an opportunity to file its motion for attorneys' fees under § 285 and to prove it is the prevailing party.

## VI.     Conclusion

For the foregoing reasons, ViewSonic respectfully requests that the Court dismiss Plaintiff's complaint with prejudice. If the Court decides, however, to dismiss the complaint without prejudice, ViewSonic should still be allowed to show it is a prevailing party and to seek an award of attorneys' fees pursuant to 35 U.S.C. § 285.

11

Date: November 5, 2007

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

Of Counsel:

Scott R. Miller  (CA Bar No. 112656)
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone:  (213) 787-2500
Facsimile:   (213) 687-0498


Tracy R. Roman (CA Bar No. 199031)
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:  (310) 277-0010
Facsimile:   (310) 277-1980

By: /s/ James D. Heisman
_____
    Jeffrey B. Bove (#998)
    James D. Heisman (# 2746)
    The Nemours Building, 8th floor
    1007 North Orange Street
    Wilmington, DE 19801
    Telephone:  (302) 658-9141
    Facsimile:   (302) 658-5614

*Attorneys for Defendant ViewSonic
Corporation*

# EXHIBIT A
# REDACTED IN ITS ENTIRETY

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2007, a true copy of the foregoing document was

hand delivered to the following persons and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification of such filing to the following and the document is

available for viewing and downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

I hereby certify that on November 13, 2007, I have sent by email the foregoing document

to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy R. Roman
Raskin Peter Rubin & Simon
1801 Century Park East 23rd Floor
Los Angeles, CA 90067

By: _/s/  James D. Heisman_
    James D. Heisman (#2746)
    jheisman@cblh.com

551871_1