IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TATUNG CO.; <br> TATUNG COMPANY OF AMERICA, INC.; AND <br> VIEWSONIC CORPORATION, <br><br> Defendants. | CIVIL ACTION NO. 04-343-JJF |

**DEFENDANT VIEWSONIC CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS WITH PREJUDICE**

OF COUNSEL:
Scott R. Miller
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
(213) 787-2500

Tracy R. Roman
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 277-0010

CONNOLLY BOVE LODGE & HUTZ LLP

Jeffrey B. Bove (#998)
James D. Heisman (#2746)
The Nemours Building, 8th Floor
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141

*Attorneys for Defendant ViewSonic Corporation*

Dated: November 15, 2007

14359-1

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................1

II. VIEWSONIC'S MOTION IS PROPER UNDER RULE 41(A)(2) ...........................1

III. THE *HIGHWAY EQUIPMENT* CASE IS CONTROLLING – RULE 41(A)(2), NOT ARTICLE III, GOVERNS DISMISSAL UNDER THE CIRCUMSTANCES PRESENTED HERE ..........................................................................................................................2

IV. THE RJR CASE DOES NOT PRECLUDE A FINDING THAT VIEWSONIC IS A PREVAILING PARTY IF DISMISSAL IS WITHOUT PREJUDICE ............................4

# TABLE OF AUTHORITIES

**Cases**

*ASARCO, Inc. v. Kadish*,
  490 U.S. 605 (1989) ..................................................................................................3

*Buse v. Vanguard Group of Inv. Cos.*,
  1994 WL 111359 (E.D. Pa. March 31, 1994) .........................................................3

*Highway Equipment v. FECO, Ltd.*,
  469 F.3d. 1027 (Fed. Cir. 2006) ...............................................................1, 2, 3, 5

*In re Fed. Election Campaign Act. Litig.*,
  474 F. Supp. 1051 (D.D.C. 1979)............................................................................3

*In re Rivastigmine Patent Litig.*,
  No. 05 MD 1661 (HB) (JCF), 2007 WL 1154000 (S.D.N.Y. Apr. 19, 2007) .........2

*Minnesota Mining Mfg. Co. v. Barr Labs., Inc.*,
  289 F. 3d 775 (Fed. Cir. 2002) ................................................................................3

*RFR Industries, Inc. v. Century Steps, Inc.*,
  477 F.3d 1348 (Fed. Cir. 2007) ...............................................................................4

*Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*,
  479 F.3d 1330 (Fed. Cir. 2007) ...............................................................................3

*Watson v. Clark*,
  716 F. Supp. 1354 (D. Nev. 1989) ..........................................................................3

*Weichman v. Northeast Inns of Meridian, Inc.*,
  125 F.R.D. 139 (S.D. Miss. 1989)...........................................................................3

**Rules**

Federal Rules of Civil Procedure Rule 41(a)(2) ..................................................1, 2, 3, 4

I.  **INTRODUCTION**

Given the extensive briefing the Court has now received on this dismissal issue, ViewSonic is loath to even file a reply brief. But there are a few assertions in LPL's Answering Brief that simply cannot go unchallenged. Those points are:

1. Rule 41(a)(2) requires the plaintiff to request dismissal with prejudice before the Court can grant it;

2. The Federal Circuit's opinion in *Highway Equipment* – which rejects LPL's argument that the Court has no authority to dismiss the case under Rule 41(a)(2) – is not controlling precedent; and,

3. The *RJR Industries v. Century Steps, Inc.* case precludes finding ViewSonic a prevailing party if dismissal is without prejudice.

LPL is wrong on every point.

II.  **VIEWSONIC'S MOTION IS PROPER UNDER RULE 41(A)(2)**

LPL first argues that only the plaintiff can file a motion to dismiss, not the defendant. Yet, in a recent case where <u>*the defendant*</u> filed a motion to dismiss under Rule 41(a)(2) – and the plaintiff fought it – the Federal Circuit upheld the dismissal with prejudice. *Highway Equipment v. FECO, Ltd.*, 469 F.3d. 1027, 1031 (Fed. Cir. 2006). If it were legally improper for a defendant to seek dismissal under Rule 41(a)(2), the Federal Circuit would have said so. LPL attempts to distinguish *Highway Equipment* arguing that it was a mere formality in that case because the court was simply enforcing the plaintiff's earlier agreement to dismiss its claims with prejudice, *i.e.*, that it was really the plaintiff who sought dismissal. (*See* LPL Answering Brief, fn.2.) The falsity of this distinction, however, is exposed by the fact that the plaintiff had revoked that agreement and <u>vigorously</u> <u>opposed</u> the motion to dismiss. *Highway Equipment*, 469 F.3d at 1031.

LPL's argument also seeks to ignore the fact that prior to ViewSonic filing its Motion to Dismiss, LPL agreed that the issue of dismissal was before the Court. Thus, any requirement

that the plaintiff must seek dismissal for the Court to apply Rule 41(a)(2) has been met. Indeed, LPL has expressly sought dismissal of its Complaint. It is beyond dispute that the *Plaintiff*, LPL, wishes to dismiss its case and that it knows dismissal is warranted in light the Covenant not to sue it unilaterally granted ViewSonic. The only issue to be resolved is whether LPL's case should be dismissed with or without prejudice. LPL's argument that the case cannot be dismissed with prejudice pursuant to Rule 41(a)(2) because ViewSonic is the moving party requires the Court to ignore the law and the facts, and must be rejected.

III.  **THE *HIGHWAY EQUIPMENT* CASE IS CONTROLLING – RULE 41(A)(2), NOT ARTICLE III, GOVERNS DISMISSAL UNDER THE CIRCUMSTANCES PRESENTED HERE**

The Federal Circuit has stated:

> While the covenant may have eliminated the case or controversy pled in the patent-related counterclaims and deprived the district court of Article III jurisdiction with respect to those counterclaims, *see Super Sack*, 57 F.3d at 1058-59 . . ., <u>the covenant does not deprive the district court of jurisdiction to determine the disposition of the patent infringement claims raised in the Complaint under Rule 41</u>.

LPL dismisses this footnote as mere dicta and argues that, as such, it is not controlling law. Noticeably, however, LPL points to no subsequent cases that contradict this holding. In fact, LPL concedes that at least two district courts have followed it. Hoping to dismantle the import of these other cases, LPL asserts that the courts "assumed – incorrectly – that the footnote is binding." (*See* LPL Answering Brief, p. 5.) The only authority for this brash conclusion, however, is LPL's hubris. If anyone has made incorrect assumptions here it is LPL, not two United States District Courts. Indeed, one of those courts expressly stated that when determining whether Rule 41(a)(2) or Article III governs dismissal of a patent infringement case accompanied by a covenant not to sue, *Highway Equipment* "is clearly the law of the Federal Circuit, and therefore this Court is bound to follow it."

14359-1                                    2

And as ViewSonic discussed in detail in its Answering Brief in opposition to LPL's Motion to Dismiss, it is not just the *Highway Equipment* footnote that establishes Rule 41(a)(2) as the proper dismissal standard. Rather, several courts, including the Supreme Court, the Federal Circuit and the Third Circuit, have all held that where a dispute remains between the parties regarding what form a plaintiff's dismissal should take, the Court has subject matter jurisdiction to determine the form of the dismissal *under Rule 41*. *See, e.g., Minnesota Mining Mfg. Co. v. Barr Labs., Inc.*, 289 F. 3d 775, 780-81 (Fed. Cir. 2002) (holding "the underlying patent controversy . . . may not have been sufficient for continuing federal jurisdiction, but the controversy over the form of dismissal was itself sufficient. . . ."); *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 618 (1989); *Buse v. Vanguard Group of Inv. Cos.*, 1994 WL 111359 *1, *2 (E.D. Pa. March 31, 1994), (Third Circuit remanded case holding it was legal error to dismiss claims without prejudice under Rule 12(h)(3) believing it lacked subject matter jurisdiction to do otherwise).

Furthermore, without repeating the arguments contained in ViewSonic's Answering Brief, the cases cited by LPL are likewise inapplicable. *Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1342-43 (Fed. Cir. 2007), simply stands for the proposition that a Court does not have discretion to grant or deny a motion to dismiss under Rule 41(a)(2) or otherwise impose conditions on the dismissal *when it does not have subject matter jurisdiction in the first instance*. Rather, it must dismiss the case.[1] These cases are inapplicable here because the Court indisputably has subject matter jurisdiction and therefore can exercise its discretion under Rule 41 to grant the dismissal "under such terms as the court deems proper." Fed. R. Civ. Proc. 41(a)(2). The only terms that are proper in this case is dismissal with prejudice.

---

[1] The other cases cited by LPL, namely, *Watson v. Clark*, 716 F. Supp. 1354 (D. Nev. 1989), *Weichman v. Northeast Inns of Meridian, Inc.*, 125 F.R.D. 139 (S.D. Miss. 1989), *In re Fed. Election Campaign Act. Litig.*, 474 F. Supp. 1051, 1053 (D.D.C. 1979), all stand for the same proposition as *Walter Kidde*, i.e., a Court cannot exercise its discretion under Rule 41 to grant or deny a motion to dismiss or otherwise fashion dismissal conditions where it lacks subject matter jurisdiction. Again, these cases are inapplicable because the Court does have jurisdiction.

IV. **THE RJR CASE DOES NOT PRECLUDE A FINDING THAT VIEWSONIC IS A PREVAILING PARTY IF DISMISSAL IS WITHOUT PREJUDICE**

ViewSonic has already explained in its moving papers how <u>under the circumstances presented here</u>, a dismissal without prejudice counts as a "judicially sanctioned change in the legal relationship of the parties." In its Answering Brief, however, LPL challenges ViewSonic's argument for not addressing the recent decision in *RFR Industries, Inc. v. Century Steps, Inc.*, 477 F.3d 1348 (Fed. Cir. 2007). The case requires little discussion because it is factually the polar opposite of the case *subjudice*. Although LPL correctly states that the court in *RFR* reversed an attorneys' fee award after a dismissal without prejudice, it again seeks to ignore the facts underlying that ruling. Specifically, in *RFR*, the dismissal without prejudice was made under Rule 41(a)(1)(i) – voluntarily and unilaterally by the plaintiff – not under Rule 41(a)(2). *Id.* at 1351-52. In other words, it did not require court approval, and therefore was not "judicially sanctioned." *Id.* at 1353. The court's holding was clearly limited, "We hold that a plaintiff's voluntary dismissal without prejudice pursuant to <u>Rule 41(a)(1)(i)</u> does not bestow 'prevailing party' status upon the defendant." *Id.* at 1353 (emphasis added). The court further explained that such a dismissal does not work a change in the parties' legal relationship because "the plaintiff is free to refile its action." *Id.*

Neither of these rationales applies here. First, this case has proceeded far beyond the mere filing of a complaint and answer, which is all that had occurred in *RFR*. Second, the dismissal here will be ordered by the Court under Rule 41(a)(2), thereby providing the requisite judicial sanction. Finally, LPL's ability to refile its action if the Court dismissed the case without prejudice is not automatic in light of the Covenant. Rather, LPL would first have to overcome arguments that the Covenant bars any future lawsuit and the issue of judicial estoppel resulting from this Court's reliance on the Covenant to enter its dismissal. Not surprisingly, LPL makes no effort to affirm that the Covenant bars any future litigation – apparently wishing to keep that door as open as possible – which only confirms the need for a dismissal with prejudice. *See Highway Equipment*, 469 F.3d at 1033. The existence of this dispute in and of itself satisfies the requisite change in legal relationship.

LPL does not address these facts. Rather, it continues to rely on its misguided argument that no subject matter jurisdiction exists and relies on cases that stand for the proposition that where a case is dismissed for lack of subject matter jurisdiction, it is not an adjudication on the merits. As previously explained, that legal proposition is irrelevant to the instant facts. In light of the circumstances surrounding LPL's granting the Covenant, the parties' legal status has changed and the Court can deem ViewSonic to be a prevailing party, regardless of whether the dismissal is with or without prejudice.

Dated: November 15, 2007

OF COUNSEL:
Scott R. Miller (CA Bar No. 112656)
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 787-2500
Facsimile: (213) 687-0498

Tracy R. Roman (CA Bar No. 199031)
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 277-0010
Facsimile: (310) 277-1980

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ James D. Heisman
Jeffrey B. Bove (#998)
James D. Heisman (#2746)
The Nemours Building, 8th Floor
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

*Attorneys for Defendant ViewSonic Corporation*

14359-1

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2007, a true copy of the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Richard D. Kirk<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801 | Anne Shea Gaza<br>Frederick L. Cottrell III<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>Wilmington, DE  19801 |

I hereby certify that on November 15, 2007, I have sent by email the foregoing document to the following non-registered participants:

| | |
|---|---|
| Cass W. Christenson<br>Lora A. Brzezynski<br>Rel S. Ambrozy<br>McKenna Long & Aldridge LLP<br>1900 K Street, NW<br>Washington, DC  20006<br><br>Tracy R. Roman<br>Raskin Peter Rubin & Simon<br>1801 Century Park East 23rd Floor<br>Los Angeles, CA  90067 | Mark H. Krietzman<br>Valerie W. Ho<br>Frank E. Merideth, Jr.<br>Steve P. Hassid<br>Greenberg Traurig, LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA  90404 |

By: /s/ *James D. Heisman*
James D. Heisman (#2746)
jheisman@cblh.com

551871_1