IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>       Plaintiff,<br><br>   v.<br><br>TATUNG CO.;<br>TATUNG COMPANY OF AMERICA, INC.; AND<br>VIEWSONIC CORPORATION,<br><br>       Defendants. | CIVIL ACTION NO. 04-343-JJF<br><br>**REDACTED – PUBLICLY FILED** |

**DEFENDANT VIEWSONIC CORPORATION'S ANSWERING BRIEF
IN OPPOSITION TO PLAINTIFF LG PHILIPS LCD CO., LTD.'S
MOTION TO DISMISS WITHOUT PREJUDICE**

CONNOLLY BOVE LODGE & HUTZ LLP

Jeffrey B. Bove (#998)
James D. Heisman (#2746)
The Nemours Building, 8th Floor
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141

*Attorneys for ViewSonic Corporation*

OF COUNSEL:
Connolly Bove Lodge & Hutz LLP
Scott R. Miller
Manuel Nelson
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
(213) 787-2500

Tracy R. Roman
Raskin Peter Rubin & Simon, LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 277-0010

Dated: November 13, 2007

11984.1

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................................1

II.   THE COURT HAS SUBJECT MATTER JURISDICTION TO DISMISS WITH
PREJUDICE ..................................................................................................................1

III.  LPL'S CLAIMS OF UNDUE PREJUDICE ARE WITHOUT MERIT .................5

IV.   CONCLUSION ..............................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Abbott Laboratories v. Baxter Healthcare Corp.*,
2007 WL 2875503 (N.D. Ill. September 28, 2007)...........................................................5

*ASARCO, Inc. v. Kadish*,
490 U.S. 605 (1989) ........................................................................................................3

*Buse v. Vanguard Group of Inv. Cos.*,
1994 WL 111359 (E.D. Pa. March 31, 1994) ............................................................2, 8

*Chris-Craft Ind., Inc., v. Monsanto Co.*
59 F.R.D. 282 (C.D. Cal. 1973)......................................................................................6

*Furminator, Inc., v. Onte Products Corp.*,
2007 WL 3072034 ......................................................................................................7, 8

*Highway Equipment Co. v. FECO, Ltd.*,
469 F.3d 1027 (Fed. Cir. 2006) .......................................................................................1

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*,
248 F. 3d 1333 (Fed. Cir. 2001) .....................................................................................4

*Larchmont Eng'g Inc. v. Toggenburg Ski Ctr., Inc.*,
444 F. 2d 490 (2d Cir. 1991) ..........................................................................................6

*Matsushita Battery Industrial Co. v. Energy Conversion Devices, Inc.*,
1997 WL 811563 (D. Del. December 23, 1997) ............................................................4

*Minnesota Mining Mfg. Co. v. Barr Labs., Inc.*,
289 F.3d 775 (Fed. Cir. 2002) ........................................................................................3

*Palucci v. City of Duluth*,
826 F. 2d 780 (8th Cir. 1987).........................................................................................8

*Super Sack  Mfg. Corp. v. Chase Packaging Corp.*,
57 F. 3d 1054 (Fed. Cir. 1995).......................................................................................4

**Rules**

Fed. R. Civ. P. 41(a)(2) ........................................................................................................2

Fed. R. Civ. Proc. 12(h)(3) ..................................................................................................1

## I.    INTRODUCTION

The parties' competing Motions to Dismiss present a single issue:  should this case be dismissed with or without prejudice?  A dismissal without prejudice – which LPL seeks – would allow LPL to someday refile these same claims against ViewSonic.  But the Court must ask itself, in what universe does it make sense to allow LPL to escape justice in this case by pledging to ███████████████ on the patents-in-suit, but to then leave open the judicial possibility that LPL could do just that?  LPL – and it alone – chose to abandon its case after more than 40 months of litigation by granting ViewSonic a ████████████ in order to elude its court-ordered deposition, and the additional adverse consequences sure to follow.  LPL – and it alone – should bear the consequences of its decisions associated with the present action.

LPL argues two reasons for dismissal *without* prejudice:  (1) it is appropriate because ██████████████████████ ends the dispute between the parties thereby divesting the Court of subject matter jurisdiction under Fed. R. of Civ. P. 12(h)(3)[1]; and (2) LPL will purportedly suffer undue prejudice if dismissal is with prejudice.  Neither reason advanced by LPL has merit.  LPL's motion should be denied and its complaint against ViewSonic should be dismissed with prejudice.

## II.    THE COURT HAS SUBJECT MATTER JURISDICTION TO DISMISS WITH PREJUDICE

Although LPL wishes it were otherwise, the Federal Circuit has made it abundantly clear that courts retain jurisdiction to grant dismissal with prejudice even, in cases like this, where the plaintiff grants a covenant not to sue.  Specifically, in *Highway Equipment Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033, n.1 (Fed. Cir. 2006), the Federal Circuit affirmed the trial court's dismissal with prejudice, concluding: "[a] covenant does

---

[1] Fed. R. Civ. Proc. 12(h)(3) states: "(h) Waiver or Preservation of Certain Defenses … (3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

not deprive the district court of jurisdiction to determine the disposition of the patent infringement claims raised in the Complaint under Rule 41. . . ." LPL wrongly characterizes this conclusion as Federal Circuit dicta, contending instead that "The Federal Circuit does not appear to have had occasion to rule that a covenant not to sue terminates jurisdiction over patent infringement claims." (*See* LPL's Motion, p. 10.) This contention merits no response.

Indeed, the Federal Circuit's decision in *Highway Equipment* is completely consistent with its own prior decisions, the case law of the Third Circuit as well as Supreme Court precedent, each involving the circumstances presented here – namely, the continued existence of jurisdiction where the parties are actively contesting the form of the dismissal to be entered.

LPL wrongly argues that ███████ divests the Court of subject matter jurisdiction, and as such, the dismissal must be without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). But Fed. R. Civ. P. 12(h)(3) does not control this case. Quite simply, a dismissal without prejudice under Fed. R. Civ. P. 12(h)(3) is not permitted where the parties disagree on whether the case should be dismissed with or without prejudice. *Buse v. Vanguard Group of Inv. Cos.*, 1994 WL 111359 *1 (E.D. Pa. March 31, 1994). Instead, Fed. R. Civ. P. 41(a)(2) governs this decision. *Id.*

In *Buse*, the parties disputed whether dismissal should be with or without prejudice. The plaintiff sought dismissal without prejudice under Fed. R. Civ. P. 12(h)(3) and the defendant sought dismissal with prejudice. *Id.* The district court granted dismissal without prejudice simply because it believed it lacked subject matter jurisdiction to do otherwise. *Id.* at *2. The Third Circuit disagreed, holding that under Fed. R. Civ. P. 41(a)(2) it was legal error to dismiss the action without prejudice based on

lack of subject matter jurisdiction where the parties disputed the form of dismissal. *Id.*
The existence of that very dispute provided the court jurisdiction to decide it. *Id.*[2]

The Federal Circuit reached the same conclusion in *Minnesota Mining Mfg. Co. v.
Barr Labs., Inc.*, 289 F.3d 775, 780-81 (Fed. Cir. 2002). In that case, after discovery
revealed that the defendant did not infringe, the plaintiff agreed to dismiss its patent
infringement claim. But it wanted the dismissal to be without prejudice while the
defendant sought dismissal with prejudice. *Id.* at 780. The plaintiff argued that since it
had admitted non-infringement, the court lacked subject matter jurisdiction to dismiss
with prejudice. Just as it concluded in the recent *Highway Equipment* case, the Federal
Circuit rejected the contention advanced by LPL here, holding that "the underlying patent
controversy . . . may not have been sufficient for continuing federal jurisdiction, but the
controversy over the form of dismissal was itself sufficient. . . ." *Id.*, citing *ASARCO,
Inc. v. Kadish*, 490 U.S. 605, 618 (1989) (holding an ensuing controversy between the
parties over the propriety of the relief awarded is sufficient for the court to retain subject
matter jurisdiction to resolve the dispute). These cases make it clear that the Court has
subject matter jurisdiction to issue a dismissal with prejudice under Fed. R. Civ. P.
41(a)(2).

The cases LPL relies upon to support its tenuous position are either inapplicable
to the facts or legal issues presented here, or otherwise fail to provide any guidance
regarding the issue of whether a case should be dismissed with or without prejudice.
Indeed, of the dismissals faced by the Courts in each of the cases cited and discussed by
LPL, all but one of them involved the court's dismissal of the case under Fed. R. Civ. P.

---

[2] On remand, the trial court in *Vanguard* ultimately dismissed the case without prejudice after
finding that, on the specific facts before it, a dismissal without prejudice would not prejudice the
defendant. In contrast, ViewSonic and the Courts are subjected to great potential harm by a
dismissal without prejudice, while LPL would suffer no judiciable harm from a dismissal with
prejudice.

12(h)(3), and are thus inapplicable to the instant case where a contested form of dismissal is at issue under Fed. R. Civ. P. 41(a)(2).[3]

LPL relies primarily on *Matsushita Battery Industrial Co. v. Energy Conversion Devices, Inc.*, 1997 WL 811563 (D. Del. December 23, 1997) because it dismissed a case without prejudice after a covenant not to sue was granted. The facts reveal several important distinctions between that case and the case at bar. First, there is no suggestion that the plaintiff there challenged the form of the dismissal. Instead, the sole challenge raised by the plaintiff was with respect to the propriety of a dismissal in any form. Such is not the case here, where all parties agree that a dismissal of some form is proper.

There, the plaintiff was an accused infringer who brought a declaratory judgment action seeking a declaration of patent invalidity and non-infringement. *Id.* at *1. The defendant responded by granting plaintiff a covenant not to sue and moved to dismiss the declaratory relief action pursuant to Fed. R. Civ. P. 12(h)(3). *Id.* The plaintiff opposed dismissal of the case arguing that the covenant was insufficient to release plaintiff from potential liability for infringement of defendant's patents. *Id.* at *4. Instead the plaintiff wanted the court to still hear plaintiff's declaratory relief claim. *Id.* Finding the covenant not to sue sufficient in breadth to cover the dispute raised by plaintiff's declaratory relief action, the court held that no further controversy remained between the parties and properly dismissed the case under Fed. R. Civ. P. 12. *Id.* at *6-*7. Accordingly, not only does *Matsushita* provide no guidance regarding the issue of whether LPL's claims should be dismissed with or without prejudice, its holding is inapplicable here because the present case involves a dispute between the parties as to the appropriate form of the

---

[3] The one case cited by LPL which did not involve a dismissal under Fed. R. Civ. P. 12 was *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F. 3d 1333 (Fed. Cir. 2001), which involved a motion to dismiss brought under Fed. R. Civ. P. 41(a). *See id.* at 1340. As acknowledged by LPL, the Court dismissed the *Intellectual Prop. Dev.* case *with* prejudice. Moreover, another of the cases relied on by LPL establishes that a dismissal *with* prejudice is appropriate on a motion to dismiss under Fed. R. Civ. P. 12. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F. 3d 1054, 1057 (Fed. Cir. 1995).

dismissal. LPL's ████████ does not remove that dispute, nor does it divest the Court of subject matter jurisdiction to resolve it.

*Abbott Laboratories v. Baxter Healthcare Corp.*, 2007 WL 2875503 (N.D. Ill. September 28, 2007), is similarly inapplicable. The issue in that case was the same as in *Matsushita*. Namely, the plaintiff had provided defendant with a covenant not to sue over the patents-in-issue. The plaintiff then moved to dismiss its infringement claim asserting that the covenant removed the controversy between the parties. *Id.* at *1. The defendant opposed dismissal, arguing, as in *Matsushita*, that the covenant was not broad enough to foreclose the plaintiff from still suing on the patents. *Id.* The court disagreed and dismissed the case. Again, the issue of whether the case should be dismissed with or without prejudice was not presented. In fact, the court did not even specify whether the claims were to be dismissed with or without prejudice. *Id.* at *2. Rather, it simply held that the covenant was sufficient to eliminate the controversy between the parties. The lack of a contest over the form of the dismissal made dismissal proper under Fed. R. Civ. P. 12. This is not the situation presently before the Court.

Because LPL can offer no facts or law to contradict the holdings of *Highway Equipment, Minnesota Mining, ASARCO* and *Buse* – each of which address the instant factual situation that actually exists between the parties, the Court should deny LPL's motion and dismiss the case *with prejudice* pursuant to Fed. R. Civ. P. 41(a)(2).

## III.    LPL'S CLAIMS OF UNDUE PREJUDICE ARE WITHOUT MERIT

LPL's second argument is equally unavailing. LPL contends that even if Rule 41(a)(2) does apply, a dismissal with prejudice would unduly prejudice LPL because it would expose it to a motion for attorneys' fees. LPL also argues that a dismissal without prejudice would not unduly prejudice ViewSonic because the loss of entitlement to attorneys' fees does not amount to substantial prejudice. LPL's two statements are glaringly inconsistent, not to mention incorrect.

14252.1                                          5

LPL cites *Larchmont Eng'g Inc. v. Toggenburg Ski Ctr., Inc.*, 444 F. 2d 490, 491 (2d Cir. 1991), for the proposition that a party should not be discouraged from dismissing claims by the threat of imposing attorneys' fees. While the concern is understandable, it is more important to note that the plaintiff in *Larchmont* actually dismissed its claims *with prejudice*. And as another court commenting upon *Larchmont* pointed out: "While this court does not desire to discourage voluntary dismissals by imposing attorneys' fees, it is equally unwilling to permit a party that deserves to bear the burden of attorneys' fees incurred by his adversary to escape that consequence by the simple device of unilaterally mooting the controversy." *Chris-Craft Ind., Inc., v. Monsanto Co.*, 59 F.R.D. 282, 284 (C.D. Cal. 1973).

In fact, "escape" is precisely what LPL sought to do with its Covenant – escape having to answer questions about inequitable conduct that ViewSonic believes would have confirmed the invalidation of LPL's patents and LPL's knowing bad faith in prosecuting the instant case. LPL contends that the primary reason it provided ViewSonic with the Covenant was to ███████████████████████████ ████████ and that it should not be penalized for promoting ██████. (LPL's Motion, p. 16.) While on the surface this argument might appear believable, one need barely scratch that surface to reveal the more likely truth. It is undisputed – and well documented in the record – that LPL granted ███████████ just five days before it was set to be deposed on issues of inequitable conduct raised primarily by its own documents, which damning documents were only produced after an order from the Court. LPL had resisted such discovery for several months – delaying production of the documents until after the close of fact discovery and twice flouting the Court's order to provide a properly prepared Rule 30(b)(6) deposition witness. LPL first tried to avoid the deposition by approaching ViewSonic with claims it wanted to settle. Interested in settlement, but not willing to be hoodwinked, ViewSonic refused to postpone the deposition unless a settlement of principle terms was reached. Inexplicably, after ViewSonic gave LPL its

comments on settlement documents, LPL's initial fervor to settle was quickly replaced with silence – and a motion for a protective order seeking to postpone the deposition. A few days later – recognizing the unlikelihood that its protective order would be granted – LPL unilaterally filed ██████████, narrowly escaping that 30(b)(6) deposition. Most noticeable was that with the pressure of that deposition removed, LPL was in no rush to complete settlement talks – waiting until November 1 before again contacting ViewSonic about settlement terms. LPL's ██████████████ was prompted by its fear of an adverse ruling, not in an effort to promote imminent settlement. This case must be dismissed with prejudice.

As the Court knows, ViewSonic has simultaneously filed a Motion to Dismiss with Prejudice. Without regurgitating in detail the arguments raised in that Motion, the factors to be weighed in determining the appropriate form of dismissal favor dismissal with prejudice. Specifically, LPL's Covenant comes very late in the day – after more than three and one half years of litigation and just a few months before trial (which would have occurred earlier but for LPL's discovery delays). As this Court is well aware, fact discovery in this case is near completion and LPL's contrary assertions are cut from the same fantasy cloth as its assertion that ██████████████████████ ██████. ViewSonic has incurred significant expense and devoted significant time to litigating this case nearly to completion. For all intents and purposes, all that remained in this litigation prior to LPL's granting of its Covenant was completing expert discovery and holding a trial on the merits.

Moreover, LPL's argument that ViewSonic's loss of entitlement to attorneys' fees does not amount to substantial prejudice pursuant to Fed. R. Civ. P. 41(a)(2), is simply an incorrect assertion of the law. The only support LPL cites for this contention is *Furminator, Inc. v. Ontel Products Corp.*, 2007 WL 3072034, at *17 (E.D. Mo. October 18, 2007). However, *Furminator* does not hold what LPL contends. Specifically, in *Furminator*, the defendants opposed a plaintiff's motion to dismiss and asked the court to

14252.1                                7

"exercise its discretion under Fed. R. Civ. P. 41(a)(2) to condition the dismissal on the payment by plaintiff to defendant of defendant's reasonable attorneys' fees." *Id.* at *15. The case had only been on file for six weeks before being stayed for nearly a year, after which the plaintiff moved to dismiss. *Id.* at 17. Also, there had been no discovery schedule in the case. *Id.* Accordingly, the court concluded that the "defendant's inability to pursue a claim for attorneys' fees … does not constitute legal prejudice ***under the circumstances present in this case***." *Id.* (emphasis added). Thus, *Furminator* does not set a standard that substantial prejudice does not result from the loss of entitlement to attorneys' fees.

In addition, *Furminator* is readily distinguishable on the facts and not applicable here. Contrary to *Furminator* where there had been no discovery, the parties have been forced to engage in years of discovery. LPL's assertion that ViewSonic would not be prejudiced if it is prevented from pursuing a claim for attorneys' fees flies in the face of the record as set forth above and in ViewSonic's Motion to Dismiss with Prejudice. Because LPL has failed to show it will suffer undue prejudice and ViewSonic will not, LPL's Motion to Dismiss without Prejudice should be denied.


IV.    **CONCLUSION**

"The underlying purpose of Fed. R. Civ. P. 41(a)(2), is to prevent voluntary dismissals which unfairly impact the defendant." *Buse v. Vanguard Group of Inv. Cos.,* 1994 WL 111359 at * 3 (citing *Palucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)). If that governing principle is to have any meaning, this case must be dismissed with prejudice. ViewSonic therefore respectfully requests that the Court deny LPL's Motion to Dismiss without Prejudice, and grant ViewSonic's co-pending Motion to Dismiss with Prejudice.

14252.1                                      8

Dated:  November 13, 2007

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By:  */s/ James D. Heisman*

Jeffrey B. Bove (#998)
James D. Heisman (#2746)
The Nemours Building, 8th Floor
1007 North Orange Street
Wilmington, DE  19801
(302) 658-9141

OF COUNSEL:
Connolly Bove Lodge & Hutz LLP
Scott R. Miller
Manuel Nelson
355 South Grand Avenue, Suite 3150
Los Angeles, CA  90071
(213) 787-2500

*Attorneys for ViewSonic Corporation*

Tracy R. Roman
Raskin Peter Rubin & Simon, LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 277-0010

14252.1                                    9

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2007, a true copy of the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

Anne Shea Gaza
Frederick L. Cottrell III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19801

I hereby certify that on November 20, 2007, I have sent by email the foregoing document to the following non-registered participants:

Cass W. Christenson
Lora A. Brzezynski
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006

Mark H. Krietzman
Valerie W. Ho
Frank E. Merideth, Jr.
Steve P. Hassid
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404

Tracy R. Roman
Raskin Peter Rubin & Simon
1801 Century Park East 23rd Floor
Los Angeles, CA  90067

By: /s/  James D. Heisman
    James D. Heisman (#2746)
    jheisman@cblh.com