

# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

**WILMINGTON, DE**

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

**JAMES D. HEISMAN**
Partner
**Tel** 658-9141
**Fax** 252-4208
**Email** jheisman@cblh.com
**Reply to** Wilmington Office

December 12, 2007

***Via email and hand-delivery***
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Center
1201 Market Street, Suite 800
Wilmington, DE  19801

      RE:     *LG.Philips LCD Co., Ltd. v. ViewSonic et al.*
                 D. Del., No. 04-343-JJF

Dear Special Master Poppiti:

    ViewSonic's view of the status of the settlement negotiations is much different than LPL's.  Rather than proffer generalizations, we simply present the details of what has transpired since the last hearing.  At the last hearing, LPL promised to provide ViewSonic with a revised draft of the settlement agreement by Monday, December 3 at the latest.  Despite this promise – and LPL's knowledge of the short timeframe in which we were all operating – no draft was received until Thursday, December 7.  To compound the issue, that revised draft was not sent to ViewSonic's litigation counsel, Mr. Miller, even though all previous drafts had been sent to him. Instead, it was sent only to ViewSonic's General Counsel, Mr. Ranucci, who was in Europe on business.  Notwithstanding his being outside the country, Mr. Ranucci carved time out of his schedule to have a teleconference with LPL's representative, Dr. Kim, the very next day, December 6.  They discussed substantive issues with the draft settlement agreement, and in accordance with Mr. Ranucci's instructions from that discussion, Mr. Miller prepared a revised draft of the agreement and sent it to LPL and its counsel on Saturday morning, December 8.

    ViewSonic's cover email noted, just as LPL has noted on prior drafts of the Settlement Agreement it has transmitted, that the revised document attempted to capture the substance of the last negotiations, but remained subject to comments from the client as it was being sent prior to approval by the client.  This reservation of possible additional comments did not prevent LPL from reviewing the proposed changes just as it did not prevent ViewSonic from reviewing and commenting upon prior drafts.  Yesterday, Mr. Christenson inquired if ViewSonic had any additional comments on the draft circulated last Saturday.  Mr. Miller advised him ViewSonic had no further substantive comments and conveyed ViewSonic's expectation that the parties would finalize the settlement before the Friday hearing.  LPL, however, seems to be in no hurry to finalize the settlement while simultaneously desperate to avoid the impending hearing and

The Honorable Vincent J. Poppiti
Status of Settlement
December 12, 2007
Page 2

submission of the draft report regarding its conduct at the September Rule 30(b)(6) deposition. ViewSonic's perception is bred from the months that these settlement discussions have already taken with a continual promise that settlement is just around the corner. That this is not a mistaken perception was revealed by a recent email from LPL's counsel. Specifically, in response to Mr. Christenson's email about whether ViewSonic had any additional comments, LPL's other counsel, Mr. Ambrozy, inadvertently replied to all with an instruction to Mr. Christenson that, "By end of Wednesday we should ping Scott to delay Friday's call." Not surprisingly, a short while later Mr. Christenson advised ViewSonic's counsel that Mr. Jung and Dr. Kim are out of the country attending to other matters and might not be able to provide comment back this week.

Despite LPL's repeated reassurances to the Court that significant progress is being made and that a settlement is near, there is simply no way for ViewSonic or the Court to know if or when a settlement will in fact be reached. Indeed, ViewSonic believes that continuing to delay the pending hearing, as LPL again requests, will only dim the prospects for settlement. Further, if the hearing is postponed until the middle of next week, depending on the availability of the Special Master, it is possible that no decision on the pending motions will be received before Christmas, and possibly not before the end of the year. Thus, consistent with the discussion with the Court on November 30, ViewSonic is constrained to oppose any further delay at this time. If, as LPL again suggests, a settlement is concluded by the middle of next week, the costs will be limited, and LPL will have no one but itself to blame for that expense.

Respectfully submitted,

James D. Heisman

xc:     All Counsel of Record (via email only)
581155/70104*4